**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of  New Jersey _____
                              (State)

Case number (*If known*):  __25-_____  Chapter __11__

☐ Check if this is an amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy      04/25

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document,** *Instructions for Bankruptcy Forms for Non-Individuals,* **is available.**

| | |
|---|---|
| 1. **Debtor's name** | Powin, LLC |
| 2. **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | |
| 3. **Debtor's federal Employer Identification Number (EIN)** | 8 6 – 2 2 7 0 5 0 4 |

4. **Debtor's address**

**Principal place of business**

20550 SW 115th Ave
Number    Street

_____

Tualatin          OR      97062
City              State   ZIP Code

Washington
County

**Mailing address, if different from principal place of business**

_____
Number      Street

_____
P.O. Box

_____
City              State    ZIP Code

**Location of principal assets, if different from principal place of business**

_____
Number      Street

_____

_____
City              State    ZIP Code

5. **Debtor's website (URL)**     https://powin.com

| Debtor | Powin, LLC | Case number *(if known)* | 25- |
|---|---|---|---|
| | Name | | |

**6.  Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding  LLP)

☐ Other. Specify: _____

**7.  Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C.  NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

335910

**8.  Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check **all** that apply:*

    ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,424,000 (amount subject to adjustment on 4/01/28 and every 3 years after that).

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

    ☐ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9.  Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No

☐ Yes.

| District | | When | | Case number | |
|---|---|---|---|---|---|
| District | _____ | When | _____ | Case number | _____ |
| | | | MM / DD / YYYY | | |
| District | _____ | When | _____ | Case number | _____ |
| | | | MM / DD / YYYY | | |

| Debtor | Powin, LLC | Case number *(if known)* | 25- |
|---|---|---|---|
| | Name | | |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☒ Yes. Debtor __See Rider 1, attached.__    Relationship __Affiliate__

District __New Jersey__    When _____

Case number, if known _____    MM / DD / YYYY

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____

Number        Street

_____

_____

City                                    State ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact name _____

Phone _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

☐ 1-49          ☒ 1,000-5,000          ☐ 25,001-50,000
☐ 50-99         ☐ 5,001-10,000         ☐ 50,001-100,000
☐ 100-199       ☐ 10,001-25,000        ☐ More than 100,000
☐ 200-999

| Debtor | Powin, LLC | Case number (if known) | 25- |
|---|---|---|---|
| | Name | | |

| | | $0-$50,000 | $1,000,001-$10 million | $500,000,001-$1 billion |
|---|---|---|---|---|
| **15.** | **Estimated assets** | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| | | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | | ☐ $500,001-$1 million | ☒ $100,000,001-$500 million | ☐ More than $50 billion |
| **16.** | **Estimated liabilities** | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| | | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | | ☐ $500,001-$1 million | ☒ $100,000,001-$500 million | ☐ More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  06/09/2025
　　　　　　　MM  / DD / YYYY

✗ _Chad Paulson_　　　　　　　　　Chad Paulson
DocuSigned by:
BB507BD3E626405...
Signature of authorized representative of debtor　　　Printed name

Title  Authorized Signatory

**18. Signature of attorney**

✗  /s/ Frank A. Oswald　　　　　　　Date  06/09/2025
Signature of attorney for debtor　　　　　　　　　　MM  / DD / YYYY

Frank A. Oswald
Printed name
Togut, Segal & Segal LLP
Firm name
550 Broad Street
Number        Street
Newark　　　　　　　　　　　　NJ　　　07102
City　　　　　　　　　　　　　　State　　ZIP Code
(212) 594-5000　　　　　　　　frankoswald@teamtogut.com
Contact phone　　　　　　　　　　Email address

028681986　　　　　　　　　　　NJ
Bar number　　　　　　　　　　　State

<table>
<tr><td colspan="2">**Fill in this information to identify the case:**</td></tr>
</table>

| **Fill in this information to identify the case:** |
| --- |
| United States Bankruptcy Court for the: <br><br> **District of New Jersey** |

United States Bankruptcy Court for the:

**District of New Jersey**

(State)

Case number *(if known)*:

Chapter  11

☐ Check if this is an
amended filing

## Rider 1

## Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the affiliated entities listed below (collectively,  the "Debtors"), filed a petition in the United States Bankruptcy Court for the District of New Jersey for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Powin, LLC.

| | DEBTOR NAME | EIN Number |
| --- | --- | --- |
| 1. | Powin, LLC | 86-2270504 |
| 2. | PEOS Holdings, LLC | 84-3515476 |
| 3. | Powin China Holdings 1, LLC | 82-4101422 |
| 4. | Powin China Holdings 2, LLC | 88-2699713 |
| 5. | Charger Holdings, LLC | 84-3515241 |
| 6. | Powin Energy Ontario Storage, LLC | 82-1358348 |
| 7. | Powin Energy Operating Holdings, LLC | 86-2322495 |
| 8. | Powin Energy Operating, LLC | 86-2256487 |
| 9. | Powin Project LLC | 39-2571583 |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| Powin, LLC *et al.*,[1] | Case No. _____ |
| Debtors. | (Joint Administration Requested) |

**LIST OF EQUITY HOLDERS[2]**

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Equity Holder | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| Powin Energy Intermediate, LLC | 20550 SW 115th Avenue Tualatin, OR 97062 | 100% |

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are:  (i) Powin Project LLC [1583]; (ii) Powin, LLC [0504], (iii) PEOS Holdings, LLC [5476], (iv) Powin China Holdings 1, LLC [1422], (v) Powin China Holdings 2, LLC [9713], (vi) Charger Holdings, LLC [15241], (vii) Powin Energy Ontario Storage, LLC [ 8348], (viii) Powin Energy Operating Holdings, LLC [22495], and (ix) Powin Energy Operating, LLC [6487]. The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR  97062.

[2] This list serves as the disclosure required to be made by the debtor pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure. All equity positions listed indicate the record holder of such equity as of the date of commencement of the chapter 11 case.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEW JERSEY

| In re: | Chapter 11 |
|---|---|
| Powin, LLC, *et al.*,[1] | Case No. _____ |
| Debtor. | (Joint Administration Requested) |

## CORPORATE OWNERSHIP STATEMENT

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| Powin Energy Intermediate, LLC | 100% |

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are:  (i) Powin Project LLC [1583]; (ii) Powin, LLC [0504], (iii) PEOS Holdings, LLC [5476], (iv) Powin China Holdings 1, LLC [1422], (v) Powin China Holdings 2, LLC [9713], (vi) Charger Holdings, LLC [15241], (vii) Powin Energy Ontario Storage, LLC [ 8348], (viii) Powin Energy Operating Holdings, LLC [22495], and (ix) Powin Energy Operating, LLC [6487]. The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR  97062.

Fill in this information to identify the case:

☐ Check if this is an amended filing

Debtor name **Powin, LLC**

United States Bankruptcy Court for the: _____ District of _____

(State)

Case number (If known): **25-**_____

## Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Consolidated Creditors Who Have the 50 Largest Unsecured Claims and Are Not Insiders

**12/15**

A list of creditors holding the 50 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 50 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1. | Ace Engineering & Co., Ltd. 80, Sapyong-daero, Seocho-gu Seoul 06575 Republic of Korea | Telephone: (822) 578 0491 Email: chloe@acecontainer.com | Trade | | | | $100,104,820.79 |
| 2. | Qingdao CIMC-POWIN New Energy Technology Co., Ltd No.1 Huanghedong Road, China (Shandong) Pilot Free Trade Zone, Qingdao, P.R. Qingdao 266500 China | Telephone: +86 532 8676 7675 Email: info@cimc-powin.com | Contract Manufacturer | Disputed | | | $49,068,210.40 |
| 3. | Contemporary Amperex Technology Co., Limited (CATL) No.2 Xingang Road Zhangwan Town, Jiaocheng District, Ningde City, Fujian 352100 China | Telephone: '+86 181 5087 9959 Email: RuanTF@catlbattery.com | Subsidiary/ Powin Owned Entity | CUD | | | $44,000,000.00 |
| 4. | Celestica LLC 11 Continental Blvd BLD 300 Suite 103 Merrimack NH 03054 | Telephone: (416) 448-5800 Email: petem@celestica.com | Contract Manufacturer | Disputed | | | $16,748,929.57 |

Debtor: ___Powin, LLC_____   Case number (*if known*) 25-_____
Name

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 5. | Clean Energy Services CES LLC 4201 Main Street Suite 299 Houston, TX 77002 | Telephone: (713) 714-0762 Email: accounts.receivable@cesrenewables.com | Professional Services | Unliquidated | | | $10,107,691.13 |
| 6. | Formosa Electronic Industries Inc. 5F., NO8, Aly.130, Minquan Rd., Xindian Dist., New Taipei City 231, Taibei 23141 Taiwan | Telephone: +886 2 2218 8888 Email: kelvin.chen@feii.com.tw;flora.zhang@feii.com.tw | Contract Manufacturer | Disputed | | | $9,180,133.58 |
| 7. | Rubicon Professional Services, LLC 3370 Chastain Gardens Drive Suite 220 Kennesaw, GA 30144 | Telephone: (770) 726-8975 Email: accounting@rubiconps.com | EPC / Contractor | | | | $8,453,344.50 |
| 8. | SMA America, LLC 3925 Atherton Road Rocklin, CA 95677 | Telephone: (916) 625-0870 Email: ordermgmt@sma-america.com | Contract Manufacturer | Disputed | | | $8,370,089.83 |
| 9. | Mainfreight Air & Ocean Pty Ltd 154 Melrose Drive Tullamarine Melbourne VIC 3043 Australia | Telephone: +61 (3) 9330 6000 Email: lorraine.govender@mainfreight.com | Logistics | Disputed | $6,696,844.71 | Collateral Amount Unknown | Collateral Amount Unknown |
| 10. | JMS Wind Energy, Inc. 8022 S Rainbow Blvd Ste 406 Las Vegas, NV 89139 | Telephone: (541) 483-0920 Email: julie@jmswindenergy.com | Professional Services | Unliquidated | | | $6,033.105.56 |
| 11. | Experience Knowledge Strategy, S.L. AVDA. CAMAS 26 Bollullos De La Mitacion Seville 41110 Spain | Telephone: 0034954181521 Email: fronquillo@eksenergy.com | Purchase/Sale Agreement | | | | $5,777,376.95 |
| 12. | EBARA Densan (Qingdao) Technology Co.,Ltd. No.216, Shuangyuan Road, Chengyang District, Qingdao Shandong Province 266111 China | Telephone: 053289653367628 Email: dong.jiakun@edg-ebara.com | Contract Manufacturer | | | | $5,297,762.07 |
| 13. | KPMG LLP 3 Chestnut Ridge Road Montvale, NJ 07645 | Telephone: (503) 820-6809 Email: us-bkrdasc-ar@kpmg.com | Professional Services | | | | $4,586,591.27 |
| 14. | Contemporary Nebula Technology Energy Co., Ltd. No. 33 Xingyexi Road Mawei District Fuzhou City Fujian Province China | Telephone: 8615924148801 Email: xuezhen.lin@cntepower.com | Contract Manufacturer | | | | $4,252,505.17 |
| 15. | GreEnergy Resources 108 Michelin Road Ardmore, OK 73401 | Telephone: (580) 68-9534 Email: adam.fenner@greenergyresources.com | Professional Services | Unliquidated | | | $3,522,202.06 |

Debtor:  Powin, LLC

Name

Case number (*if known*)  25-

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 16. | R.H. Shipping & Chartering S De RL De CV Av. Paseo De La Reforma No. 222 Piso 15 Col. Juarez Alcaldia Cuauhtemoc Ciudad De Mexico C.P. Cam 06600 Mexico | Telephone: +52 (55) 1328 4301 Email: cobranza@rh-shipping.com | Logistics | | | | $3,359,111.72 |
| 17. | Qingdao CIMC Container Manufacture Co., Ltd No.1, east Huanghe Road Economic & Technological Development ZonE Qingdao China | Telephone: +86-532-8693-5961 Email: yanfeng.yang@cimc.com | Contract Manufacturer | Disputed | | | $3,265,143.29 |
| 18. | Ultra Corpotech Private Limited Plot No-Pap-A-4 Chakan Industrial Area Phase IV Village Nighoje Opp M & M Gate No- 3 Tal-Khed Talwade Chakan Road Pune Maharashtra 410501 India | Telephone: 919922929251 Email: vgoykar@ultracorpotech.com | Trade Debt | | | | $3,215,744.53 |
| 19. | Envision AESC US LLC 500 Battery Plant Road Smyrna, TN 37167 | Telephone: (615) 751-3322 Email: ken.srebnik@envision-aesc.com | Trade Debt | | | | $2,901,664.21 |
| 20. | Pearce Services, LLC 1222 Vine Street Suite 301 Paso Robles, CA 93446 | Telephone: (805) 467-2528 Email: essnotifications@pearce-renewables.com | Professional Services | | | | $2,671,092.90 |
| 21. | Spark Power Renewables USA, Inc 4900 Diplomacy Road Fort Worth, TX 76155 | Telephone: (833) 775-7697 Email: AR@sparkpowercorp.com | Professional Services | | | | $2,486,017.08 |
| 22. | Sonic Systems International, LLC 1880 South Dairy Ashford Suite 207 Houston, TX 77077 | Telephone: (281) 531-7611 Email: ablock@sonicsystems.com | Professional Services | | | | $2,390,368.05 |
| 23. | McKinsey & Company, Inc. United States 175 Greenwich Street 3 World Trade Center FL 60-64 New York, NY 10007 | Telephone: Email: US_AR@mckinsey.com; mailto:info@mckinsey.com | Professional Services | | | | $1,600,000.00 |
| 24. | Bergstrom (Changzhou) Heat Exchangers Co., Ltd 28 AoYuan Road New District Changzhou, Jiangsu China, 213125 | Telephone: 8651968008000 Email: SShi@bergstrominc.com | Trade Debt | | | | $1,269,530.40 |
| 25. | Weifang Genius Electronics Co., Ltd. No. 37 Fangtai Road Fangzi District Weifang City Shandong Province 261206 China | Telephone: (756) 400-6201 Email: daisy.yang@genius-gp.com | Trade Debt | | | | $1,239,871.72 |

Debtor:  <u>Powin, LLC</u>                           Case number (*if known*) <u>25-</u>
                 Name

| 26. | Ashbaugh Energy Consulting<br>530 Lakeside Road<br>Fort Erie ON L2A 4Y1<br>Canada | Telephone: (905) 871-8000<br>Email: ashbaughenergy@gmail.com | Professional<br>Services | Unliquidated | | | $1,222,341.87 |
|---|---|---|---|---|---|---|---|
| 27. | Shanghai Hdmann Industry<br>Co., Ltd<br>Room 1-912<br>No388 Xinfu Rd.<br>Shanghai  201100<br>China | Telephone: 862133735789<br>Email: F5@hdmann.com | Trade Debt | | | | $1,093,534.82 |
| 28. | Crowe LLP<br>320 E Jefferson Blvd.<br>P.O. Box 7<br>South Bend, IN 46624-0007 | Telephone: (972) 365-3437<br>Email: arremitadv@crowe.com | Professional<br>Services | | | | $1,011,288.00 |
| 29. | Orr Protection Systems, Inc.<br>2100 Nelson Miller Pkwy<br>Louisville, KY 40223 | Name: Erica Khourjian<br>Telephone: (502) 244-4500<br>Email:<br>opsaccounting@orrprotection.com | Subsidiary/<br>Powin Owned<br>Entity | | | | $994,923.44 |
| 30. | Miller Nash Graham<br>& Dunn LLP<br>PO Box 3585<br>Portland, OR 97208 | Telephone: (503) 224-5858<br>Email: clientservices@millernash.com | Professional<br>Services | | | | $889,356.21 |
| 31. | Carel USA, INC<br>385 S Oak Street<br>Manheim, PA 17545 | Telephone: (717) 664-0500<br>Email:<br>accounts.receivable_usa@carel.com | Trade Debt | | | | $787,295.95 |
| 32. | Propeller Inc<br>PO Box 6860<br>Portland, OR 97228 | Telephone: (919) 699-0137<br>Email: lvillarreal@propellerpdx.com | Professional<br>Services | | | | $783,792.00 |
| 33. | Specified Technologies Inc.<br>210 Evans Way<br>Somerville, NJ 08876 | Telephone: (908) 526-8000<br>Email: AR@stifirestop.com | Trade Debt | | | | $777,062.30 |
| 34. | Building Automation<br>Products, Inc.<br>750 N. Royal Ave.<br>Gays Mills, WI 54631 | Telephone: (608) 735-4800<br>Email:<br>Accountsreceivable@bapisensors.com | Trade Debt | | | | $580,730.40 |
| 35. | Schneider Electric IT<br>Corporation<br>5081 Collections Center<br>Drive<br>Chicago, IL 60693-5081 | Telephone: (401) 789-5735<br>Email:<br>SEITUSACASH.APPLICATIONTEAM<br>@schneider-electric.com | Professional<br>Services | | | | $568,116.85 |
| 36. | RH Shipping & Chartering<br>(USA) LLC<br>400 N Sam Houston Pkwy<br>East, Suite 1010<br>Houston, TX 77060 | Telephone: +52 33 8851 3180 ext.<br>1408<br>Email: mplascencia@rh-shipping.com | Professional<br>Services | | | | $544,832.81 |
| 37. | Mainz Brady Group, Inc.<br>PO Box 620375<br>Woodside, CA 94062 | Telephone: +1 650-524-8840<br>Email: accounting@mbg.com | Professional<br>Services | | | | $500,900.41 |
| 38. | McGuireWoods Consulting<br>LLP<br>800 East Canal Street<br>Richmond, VA 23219 | Telephone: (804) 775-1000<br>Email:<br>artaskforce@mcguirewoods.com | Professional<br>Services | | | | $483,585.30 |
| 39. | CEVA Logistics US, Inc.<br>15350 Vickery Drive<br>Houston, TX 77032 | Telephone: 1-800-888-4949<br>Email:<br>juanfernando.aguilar@cevalogistics.com | Professional<br>Services | | | | $469,350.66 |

Debtor: <u>Powin, LLC</u>

Name

Case number (*if known*) <u>25-</u>

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 40. | SIBA LLC<br>29 Fairfield Place<br>Caldwell, NJ 07006 | Telephone: (973) 575-7422<br>Email: info@sibafuse.com | Trade Debt | Unliquidated | | | $420,987.58 |
| 41. | GLAS USA LLC<br>3 Second Street<br>Suite 206<br>Jersey City, NJ 07311 | Telephone: (212) 808-3050<br>Email:<br>clientservices.americas@glas.agency | Bank Loans | Unliquidated | | | $416,230.74 |
| 42. | Expeditors International of<br>Washington, Inc.<br>1015 Third Avenue<br>Seattle, WA 98104 | Telephone: (503) 863-2678<br>Email: remit@expeditors.com | Professional<br>Services | Unliquidated | | | $409,327.29 |
| 43. | Huizhou Topband Electrical<br>Technology Co., LTD<br>No. 113 Dongxin AVE,<br>Dongxin Block Dongjiang<br>Hi-Tech Industrial Park,<br>Zhongkai District Huizhou,<br>Dongguang, 516006<br>China | Telephone: 8675527651888<br>Email: wuxr@topband.com.cn | Contract<br>Manufacturer | Unliquidated | | | $405,884.78 |
| 44. | Build AppliedLogix, LLC<br>3495 Winton Place,<br>Building C Suite 2<br>Rochester, NY 14623 | Telephone: (585) 678-1027<br>Email: tduffy@appliedlogix.com | Trade Debt | Unliquidated | | | $400,756.56 |
| 45. | 8LOOP Logistics LLC<br>9432 Bradmore Lane<br>Suite 204<br>Ooltewah, TN 37363 | Telephone: (909) 671-9537<br>Email:<br>accounting@8looplogistics.com | Logistics | Unliquidated | | | $384,949.17 |
| 46. | Onshape A PTC Business<br>121 Seaport Boulevard<br>Boston, MA 0221 | Telephone: (650) 513-3500<br>Email: ar-credit@ptc.com | Professional<br>Services | Unliquidated | | | $377,301.71 |
| 47. | c3controls<br>664 State Street<br>Beaver, PA 15009 | Telephone: (724) 775-7926<br>Email: accounting@c3controls.com | Professional<br>Services | Unliquidated | | | $334,488.64 |
| 48. | Tech Heads Inc.<br>7070 SW Fir Loop<br>Portland, OR 97223 | Telephone: (503) 639-8542<br>Email: info@techheads.com | Professional<br>Services | Unliquidated | | | $320,155.17 |
| 49. | Kentec Electronics Limited<br>25 & 26 Fawkes Avenue,<br>Questor<br>Dartford Kent DA1 1JQ<br>United Kingdom | Telephone: +44 1322 222121<br>Email sales@kentec.co.uk | Trade Debt | | | | $304,071.97 |
| 50. | KELLER'S INC<br>6750 Gordon Road<br>Wilmington NC 28411<br>United States | Contact: Paul Tiso<br>Telephone: (910) 392-7011<br>Email bdixon@kellersinc.com | Trade Debt | | | | $278,208.23 |

**Fill in this information to identify the case and this filing:**

Debtor Name __Powin, LLC__

United States Bankruptcy Court for the: _____ District of __New Jersey__
(State)

Case number (*If known*): __25-_____

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors  12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* _____

☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☒ Other document that requires a declaration_List of Equity Security Holders and Corporate Ownership Statement_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __06/09/2025__     ✘ _____
  MM / DD / YYYY          Signature of individual signing on behalf of debtor

DocuSigned by:
*Chad Paulson*
BB507BD3E626405

  __Chad Paulson__
  Printed name

  __Authorized Signatory__
  Position or relationship to debtor

## RESOLUTIONS OF THE SOLE MANAGER
## OF
## POWIN, LLC

June 9, 2025

The undersigned, being the sole manager (the "Manager") of Powin, LLC, a Delaware limited liability company (the "Company"), hereby adopts the following resolutions as of the date stated above:

**A.    Appointment of Chief Executive Officer**:

WHEREAS, the Manager has determined, in the good-faith exercise of its reasonable business judgment, that it is desirable and in the best interests of the Company, and its creditors, shareholders, employees, and other interested parties, to appoint a new Chief Executive Officer ("CEO") following the resignation of the prior CEO to assist with management and operation of the Company; and

WHEREAS, the Manager has evaluated the capabilities of several candidates for the CEO appointment, and is prepared to make an appointment.

NOW, THEREFORE, BE IT RESOLVED, that effective as of the date hereof, the Manager hereby appoints and promotes Brian Kane from the Company's Chief Projects Officer to the new CEO for the Company;

BE IT FURTHER RESOLVED, that the rate of pay for the new CEO shall be the same as the rate of pay of the immediately preceding CEO, and the Company be, and it hereby is, authorized and directed to pay all fees and expenses incurred in connection with the appointment of the new CEO;

BE IT FURTHER RESOLVED, that the officers of the Company, including, without limitation, the CRO, CEO, the General Counsel and the Chief Restructuring Officer (each an "Authorized Officer" and together the "Authorized Officers") are, and each of them hereby is, authorized and directed, on behalf of and in the name of the Company, to take or cause to be taken any and all such other and further actions, and to execute, acknowledge, deliver, and file any and all such instruments as they, in their discretion, may deem necessary or advisable in order to carry out the purpose and intent of the foregoing resolutions; and

BE IT FURTHER RESOLVED, that all of the acts and transactions relating to matters contemplated by the foregoing resolutions of the Company's management, advisors and the Manager, in the name and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken prior to the execution of these resolutions, are hereby in all respects confirmed, approved and ratified.

1

B.      **Chapter 11 Case**:

WHEREAS, the Manager has considered the financial and operational aspects of the Company's business and the recommendations of the senior management of the Company and the Company's professionals and advisors;

WHEREAS, the Manager has reviewed the historical performance of the Company, the market for the Company's services, and the current and long-term liabilities of the Company; and

WHEREAS, the Manager has reviewed, considered, and received the recommendations of the senior management of the Company and the Company's professionals and advisors as to a case of the Company under chapter 11 of title 11 of the United States Code, §§ 101 *et seq.* (the "Bankruptcy Code").

NOW, THEREFORE, BE IT RESOLVED, that the Manager has determined, in the good-faith exercise of its reasonable business judgment, that it is desirable and in the best interests of the Company, and its creditors, shareholders, employees, and other interested parties, for the Company to file a voluntary petition under the provisions of chapter 11 the Bankruptcy Code and to take any related actions necessary to file for and effectuate bankruptcy protection and to take other actions in a bankruptcy case;

BE IT FURTHER RESOLVED, that the Authorized Officers of the Company are, and each of them hereby is, authorized and directed, on behalf of and in the name of the Company, to take all actions deemed necessary or appropriate to protect the assets of the Company and seek protection from creditors, including without limitation, if they deem it appropriate, to execute and verify or certify a voluntary petition under chapter 11 of the Bankruptcy Code and to sign or authorize any and all other pleadings, petitions, motions, schedules, lists, applications, affidavits, instruments, documents, or actions appropriate and desirable, as determined by them in the exercise of their discretion, prior to and throughout the course of the bankruptcy case and to take and perform any and all further acts and deeds, and pay such fees, that they deem necessary, proper or desirable in connection therewith or in furtherance of any such petition or the Company's case in chapter 11 of the Bankruptcy Code;

BE IT FURTHER RESOLVED, that the Authorized Officers are, and each of them hereby is, authorized and directed, on behalf of and in the name of the Company, to take or cause to be taken any and all such other and further actions, and to execute, acknowledge, deliver and file any and all such instruments, and pay such fees, as they, in their discretion, may deem necessary or advisable in order to carry out the purpose and intent of the foregoing resolutions; and

BE IT FURTHER RESOLVED, that all of the acts and transactions relating to matters contemplated by the foregoing resolutions of the Company's management, advisors and the Manager, in the name and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken prior to

the execution of these resolutions, are hereby in all respects confirmed, approved and ratified.

**C.**    **Retention of Advisors**:

WHEREAS, the Manager has determined, in the good-faith exercise of its reasonable business judgment, that it is desirable and in the best interests of the Company, and its creditors, shareholders, employees, and other interested parties to employ the law firm of Dentons US, LLP as general bankruptcy counsel to the Company to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights, including filing and pleading, and in connection therewith, the Company is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the chapter 11 case, and to cause to be filed an appropriate application for authority to retain the services of Dentons US, LLP;

WHEREAS, the Manager has determined, in the good-faith exercise of its reasonable business judgment, that is desirable and in the best interests of the Company and its creditors, shareholders, employees, and other interested parties to engage Togut, Segal & Segal LLP as conflict and efficiency counsel for the Company in connection with the chapter 11 case, subject to bankruptcy court approval;

WHEREAS, the Manager has determined, in the good-faith exercise of its reasonable business judgment, that it is desirable and in the best interests of the Company and its creditors, shareholders, employees, and other interested parties to engage Huron Transaction Advisory LLC as investment banker for the Company in connection with the chapter 11 case, subject to bankruptcy court approval; and

WHEREAS, the Manager has determined, in the good-faith exercise of its reasonable business judgment, that it is desirable and in the best interests of the Company and its creditors, shareholders, employees, and other interested parties to engage Kurtzman Carson Consultants LLC as claims agent for the Company in connection with the chapter 11 case, subject to bankruptcy court approval.

NOW, THEREFORE, BE IT RESOLVED, that the Authorized Officers are, and each of them hereby is, authorized and directed, on behalf of and in the name of the Company, to engage Dentons US LLP as general bankruptcy counsel for the Company in connection with the chapter 11 case, subject to bankruptcy court approval;

BE IT FURTHER RESOLVED, that the Authorized Officers are, and each of them hereby is, authorized and directed, on behalf of and in the name of the Company, authorized and directed to engage Togut, Segal & Segal LLP as conflict and efficiency counsel for the Company in connection with the chapter 11 case, subject to bankruptcy court approval;

BE IT FURTHER RESOLVED, that the Authorized Officers are, and each of them hereby is, authorized and directed, on behalf of and in the name of the Company, to

3

engage Huron Transaction Advisory LLC as investment banker for the Company in connection with the chapter 11 case, subject to bankruptcy court approval;

BE IT FURTHER RESOLVED, that the Authorized Officers are, and each of them hereby is, authorized and directed, on behalf of and in the name of the Company, authorized and directed to engage Kurtzman Carson Consultants LLC as claims agent for the Company in connection with the chapter 11 case, subject to bankruptcy court approval;

BE IT FURTHER RESOLVED, that the Authorized Officers are, and each of them hereby is, authorized and directed, on behalf of and in the name of the Company, to employ additional professionals as the Authorized Officers, in their reasonable discretion deem necessary to represent and assist the Company in carrying out its duties under the Bankruptcy Code or to carry out the purpose and intent of the foregoing resolutions;

BE IT FURTHER RESOLVED, that the Authorized Officers are, and each of them hereby is, authorized and directed, on behalf of and in the name of the Company, to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the chapter 11 case, and to cause to be filed an appropriate application for authority to retain the services of any additional professional;

BE IT FURTHER RESOLVED, that the Authorized Officers are, and each of them hereby is, authorized and directed, on behalf of and in the name of the Company, to engage and retain all assistance by legal counsel, accountants, investment banking advisors, financial advisors, and other professionals, subject to bankruptcy court approval, and to perform any and all further acts and deeds that the Authorized Officers deem necessary, proper, advisable, or desirable in furtherance thereof with a view to the successful prosecution of the Company's chapter 11 case;

BE IT FURTHER RESOLVED, that the Authorized Officers are, and each of them hereby is, authorized and directed, on behalf of and in the name of the Company, to take or cause to be taken any and all such other and further actions, and to execute, acknowledge, deliver and file any and all such instruments as they, in their discretion, may deem necessary or advisable in order to carry out the purpose and intent of the foregoing resolutions; and

BE IT FURTHER RESOLVED, that all of the acts and transactions relating to matters contemplated by the foregoing resolutions of the Company's management, advisors and the Manager, in the name and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken prior to the execution of these resolutions, are hereby in all respects confirmed, approved and ratified.

**D.**     **Use of Cash Collateral**:

WHEREAS, the Manager has determined, in the good-faith exercise of its reasonable business judgment, that it is desirable and in the best interests of the Company, and its creditors, shareholders, employees, and other interested parties, to

approve the use of cash collateral by the Company in the post-petition conduct of its business in accordance with any related orders of the bankruptcy court (the "Cash Collateral Use").

NOW, THEREFORE, BE IT RESOLVED, that the Cash Collateral Use is hereby adopted, approved and ratified in all respects, subject to bankruptcy court approval;

BE IT FURTHER RESOLVED, that the Authorized Officers are, and each of them hereby is, authorized and directed, on behalf of and in the name of the Company to do or cause to be done all such acts and things, and to take all actions deemed necessary or appropriate, to cause the bankruptcy court's approval of the Cash Collateral Use;

BE IT FURTHER RESOLVED, that the Authorized Officers are, and each of them hereby is, authorized and directed, on behalf of and in the name of the Company, to take or cause to be taken any and all such other and further actions, and to execute, acknowledge, deliver and file any and all such instruments as they, in their discretion, may deem necessary or advisable in order to carry out the purpose and intent of the foregoing resolutions; and

BE IT FURTHER RESOLVED, that all of the acts and transactions relating to matters contemplated by the foregoing resolutions of the Company's management, advisors and the Manager, in the name and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken prior to the execution of these resolutions, are hereby in all respects confirmed, approved and ratified.

E.    **Forbearance and Support Agreement**:

WHEREAS, the Manager has determined, in the good-faith exercise of its reasonable business judgment, that it is desirable and in the best interests of the Company, and each of the Company's creditors, shareholders, employees, and other interested parties, to enter into that certain Forbearance, Support and Joinder Agreement, with Powin Energy Intermediate, LLC, Powin Project, LLC, the subsidiary guarantors party thereto and GLAS USA LLC (the "Forbearance Agreement"); and

WHEREAS, all capitalized terms used herein but not otherwise defined herein shall have the meanings given to them in the Forbearance Agreement.

NOW, THEREFORE, BE IT RESOLVED, that the Forbearance Agreement and the Loan Documents be, and they hereby are, authorized and approved in all respects;

BE IT FURTHER RESOLVED, that Authorized Officers are, and each of them hereby is, authorized and directed, on behalf of and in the name of the Company, to take such actions as he or she may deem, in his or her sole discretion, to be necessary, appropriate, or advisable for the purpose of consummating the transactions contemplated by the Forbearance Agreement and the Loan Documents, and effectuation and carrying out the intents and purposes of these resolutions, including, without limitation, paying all fees and expenses in accordance with the terms of the Forbearance Agreement or the

5

Loan Documents, negotiating, executing, delivering, and performing, or causing the same, on behalf of the Company, the Loan Documents and any other agreements, amendments, instruments, financing statements, documents, notices, and certificates contemplated by or under the Forbearance Agreement or the Loan Documents;

BE IT FURTHER RESOLVED, that the Authorized Officers are, and each of them hereby is, authorized and directed, on behalf of and in the name of the Company,  to assign, transfer, pledge and grant liens and security interests in all or substantially all of the Company's assets, including intellectual property, inventory, chattel paper, accounts, equipment and general intangibles, as contemplated by the Forbearance Agreement or the Loan Documents, and the Authorized Officers of the Company are hereby authorized and directed, for and on behalf of the Company, to take such actions as he or she may deem, in his or her sole discretion, to be necessary, appropriate, or advisable for the purpose of granting or perfecting such liens and security interests;

BE IT FURTHER RESOLVED, the Authorized Officers are, and each of them hereby is, authorized and directed, on behalf of and in the name of the Company, to take or cause to be taken any and all such other and further actions, and to execute, acknowledge, deliver, and file any and all such instruments as they, in their discretion, may deem necessary or advisable in order to carry out the purpose and intent of the foregoing resolutions; and

BE IT FURTHER RESOLVED, that all of the acts and transactions relating to matters contemplated by the foregoing resolutions of the Company's management, advisors, the Authorized Officers and the Manager, in the name and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken prior to the execution of these resolutions, are hereby in all respects confirmed, approved and ratified.

**[SIGNATURES BEGIN ON THE FOLLOWING PAGE]**

US_ACTIVE\130481832\V-6

IN WITNESS WHEREOF, the undersigned Manager has signed these resolutions as of the date first written above.

**MANAGER:**

DocuSigned by:

14B506C37E95409...

_____
John Brecker

7

## RESOLUTIONS OF THE SOLE MANAGER
## OF
## POWIN, LLC

June 9, 2025

The undersigned, constituting the sole manager (the "Manager") of Powin, LLC, a Delaware limited liability company (the "Company"), hereby adopts the following resolutions as of the date stated above:

WHEREAS, the Manager has determined, in the good-faith exercise of its reasonable business judgment, that it is desirable and in the best interests of the Company and its creditors, shareholders, employees, and other interested parties to engage Uzzi & Lall as an advisor to the Company (with such advisory services to include, without limitation, making Gerard Uzzi available to the Company as a Chief Restructuring Officer), in connection with a potential chapter 11 bankruptcy case, subject to bankruptcy court approval (the "Engagement").

NOW, THEREFORE, BE IT RESOLVED, that the Engagement is adopted, approved and ratified, and the officers of the Company, including, without limitation, the Chief Executive Officer and the General Counsel (each an "Authorized Officer" and together the "Authorized Officers") are, and each of them hereby is, authorized and directed, on behalf of and in the name of the Company, to engage Uzzi & Lall as an Advisor to the Company in connection with a potential chapter 11 bankruptcy case, subject to bankruptcy court approval;

BE IT FURTHER RESOLVED, that the Authorized Officers are, and each of them hereby is, authorized and directed, on behalf of and in the name of the Company, to take or cause to be taken any and all such other and further actions, and to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of a chapter 11 case, and to cause to be filed an appropriate application for authority to retain the services of Uzzi & Lall;

BE IT FURTHER RESOLVED, that the Authorized Officers are, and each of them hereby is, authorized and directed, on behalf of and in the name of the Company, to take or cause to be taken any and all such other and further actions, and to execute, acknowledge, deliver and file any and all such instruments as they, in their discretion, may deem necessary or advisable in order to carry out the purpose and intent of the foregoing resolutions; and

BE IT FURTHER RESOLVED, that all of the acts and transactions relating to matters contemplated by the foregoing resolutions of the Company's management, advisors and the Manager, in the name and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken prior to the execution of these resolutions, are hereby in all respects confirmed, approved and ratified.

IN WITNESS WHEREOF, the undersigned Manager has signed these resolutions as of the date first written above.

**MANAGER:**

DocuSigned by:

14B506C37E95409...

John Brecker