**DENTONS US LLP**

Tania M. Moyron (*pro hac vice* forthcoming)
Van C. Durrer, II (*pro hac vice* forthcoming)
601 S. Figueroa Street #2500
Los Angeles, CA 90017
Telephone:  (213) 623-9300
Facsimile:  (213) 623-9924
Email:  tania.moyron@dentons.com
        van.durrer@dentons.com


John D. Beck (*pro hac vice* forthcoming)
Sarah M. Schrag (*pro hac vice* forthcoming)
1221 Avenue of the Americas
New York, NY 10020-1089
Telephone:  (212) 768-6700
Facsimile:  (212) 768-6800
Email:  john.beck@dentons.com
        sarah.schrag@dentons.com

*Proposed Counsel for Debtors and
Debtors in Possession*

**TOGUT, SEGAL & SEGAL LLP**

Frank A. Oswald (admitted)
550 Broad Street
Suite 1508
Newark, NJ 07102
Telephone:  (212) 594-5000
Facsimile:  (212) 967-4258
Email:  frankoswald@teamtogut.com


Albert Togut (*pro hac vice* forthcoming)
Amanda C. Glaubach (*pro hac vice*
forthcoming)
Eitan Blander (*pro hac vice* forthcoming)
One Penn Plaza, Suite 3335
New York, New York 10119
Telephone:  (212) 594-5000
Facsimile:  (212) 967-4258
Email:  altogut@teamtogut.com
        aglaubach@teamtogut.com
        eblander@teamtogut.com

*Proposed Counsel for Debtors and
Debtors in Possession*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br>Powin, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-16137 (MBK)<br><br>(Joint Administration Requested) |

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are:  (i) Powin Project LLC [1583], (ii) Powin, LLC [0504], (iii) PEOS Holdings, LLC [5476], (iv) Powin China Holdings 1, LLC [1422], (v) Powin China Holdings 2, LLC [9713], (vi) Charger Holdings, LLC [5241], (vii) Powin Energy Ontario Storage, LLC [8348], (viii) Powin Energy Operating Holdings, LLC [2495], (ix) Powin Energy Operating, LLC [6487]. The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR 97062.

**MOTION OF THE DEBTORS FOR
ENTRY OF INTERIM AND FINAL ORDERS (I) AUTHORIZING THE
DEBTORS TO (A) FILE A CONSOLIDATED LIST OF THE DEBTORS' FIFTY
LARGEST UNSECURED CREDITORS, (B) FILE A CONSOLIDATED LIST OF
CREDITORS IN LIEU OF SUBMITTING A SEPARATE MAILING MATRIX FOR
EACH DEBTOR, (C) REDACT CERTAIN PERSONALLY IDENTIFIABLE
INFORMATION OF NATURAL PERSONS, AND (II) GRANTING RELATED RELIEF**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Powin, LLC ("Powin") and the above-referenced affiliated debtors and debtors in possession (collectively, the "Debtors") under chapter 11 of title 11 of the United States Code, §§ 101 *et seq.* (the "Bankruptcy Code"), in these chapter 11 cases (the "Chapter 11 Cases"), by and through their undersigned counsel, hereby move (the "Motion")[2] this Court for entry of an interim order (substantially in the form attached hereto as **Exhibit A**, the "Interim Order") and final order (the "Final Order," and together with the Interim Order, the "Orders"): (i) authorizing, but not directing, the Debtors to (a) file a consolidated list of the Debtors' fifty (50) largest unsecured creditors in lieu of filing separate creditor lists for each Debtor, (b) file a consolidated list of creditors in lieu of submitting a separate mailing matrix for each Debtor, and (c) redact certain personally identifiable information of natural persons; (ii) scheduling a hearing (the "Final Hearing") to consider approval of this Motion on a final basis; and (iii) granting related relief.

In further support of the Motion, the Debtors respectfully state as follows:

## I.    JURISDICTION AND VENUE

1.    The United States Bankruptcy Court for the District of New Jersey (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of New Jersey dated as of September 18, 2012.  The Debtors confirm their consent, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent

---

[2] Capitalized terms used but not defined in this motion have the meanings ascribed to them in the First Day Declaration (as defined herein).

of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.     Venue of the Chapter 11 Cases and related proceedings is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.     The predicates for the relief requested herein are: sections 105(a), 107(c), and 521 of the Bankruptcy Code and Bankruptcy Rules 1002-2, 1007, 2002, 9007, and 9037 and rule 1007-1 of the Local Bankruptcy Rules for the District of New Jersey (the "Local Rules").

## II.     BACKGROUND

4.     On the date hereof (the "Petition Date"), the Debtors each commenced a voluntary case for relief under chapter 11 of the Bankruptcy Code.[3]  The Debtors are authorized to continue operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee, examiner, or statutory committee has been appointed in the Chapter 11 Cases.

5.     Additional information regarding the Debtors, including their businesses and the events leading to the commencement of these Chapter 11 Cases is set forth in the *Declaration of Gerard Uzzi In Support of Emergency First Day Motions of the Debtors* (the "First Day Declaration"), filed concurrently herewith.

## III.     RELIEF REQUESTED

6.     The Debtors seek entry of the Orders: (i) authorizing, but not directing, the Debtors to (a) file a consolidated list of the Debtors' fifty (50) largest unsecured creditors in lieu of filing separate creditor lists for each Debtor, (b) file a consolidated list of creditors in lieu of submitting a separate mailing matrix for each Debtor, and (c) redact certain personally identifiable information of natural persons; (ii) scheduling the Final Hearing to consider approval of this Motion on a final basis; and (iii) granting related relief .

---

[3] Lead Debtor Case No. 25-16137 (MBK) for Debtor Powin Project LLC was filed on June 9, 2025, and the remaining Debtors were filed shortly thereafter on June 10, 2025.

## IV.    BASIS FOR RELIEF

A. <u>Cause Exists to Authorize the Debtors to File a Single Consolidated List of the Top 50 Unsecured Creditors and Prepare a List of Creditors in Lieu of Filing a Separate Mailing Matrix for Each Debtors</u>

7.    Section 521(a) of the Bankruptcy Code and Bankruptcy Rule 1007(a)(1) require a debtor in a voluntary chapter 11 case to file a list containing the name and complete address of each of the debtors' creditors.  *See* 11 U.S.C. § 521(a); Fed. R. Bankr. P. 1007(a)(1).  Additionally, Bankruptcy Rule 1007(d) provides that a debtor shall file "a list containing the name, address and claim of the creditors that hold the 20 largest unsecured claims, excluding insiders."  Fed. R. Bank. P. 1007(d).  This list is primarily used by the United States Trustee for the District of New Jersey (the "<u>U.S. Trustee</u>") to evaluate the types and amounts of unsecured claims against a debtor and, thereby, identify potential candidates to serve on an official committee of unsecured creditors appointed in a debtor's case pursuant to section 1102 of the Bankruptcy Code.

8.    The Debtors request authority to file a single list of their fifty (50) largest general unsecured creditors on a consolidated basis (the "<u>Top 50 List</u>").  Because the top creditor list for each individual Debtor overlap, the Debtors submit that filing separate lists for each Debtor would be of limited utility.   In addition, the exercise of compiling separate top fifty (50) creditor lists for each individual Debtor could consume an excessive amount of the Debtors' and their advisors' limited time and resources.   The Debtors believe that the Top 50 List will better aid the U.S. Trustee in its efforts to communicate with these creditors.

9.    The Debtors also request permission to maintain a consolidated list of their creditors (the "<u>Consolidated Creditor Matrix</u>").  Allowing the Debtors to prepare and maintain the Consolidated Creditor Matrix in lieu of filing a separate creditor matrix for each Debtor is warranted under the circumstances as there are hundreds of creditors and parties in interest in these

4

Chapter 11 Cases.  Converting the Debtors' computerized information to a format compatible with the matrix requirements, as well as having the Debtors prepare separate lists of creditors for each Debtor entity would be expensive, time consuming, administratively burdensome, and increase the risk of error with respect to information already on computer systems maintained by the Debtors or their agents.   Accordingly, the Debtors respectfully request authority to file a single Consolidated Creditor Matrix for all Debtors.

10.     The Debtors, working together with Kurtzman Carson Consultants, LLC dba Verita Global ("Verita") as their proposed noticing and claims agent in these Chapter 11 Cases, have already prepared a Top 50 List of the Debtors' creditors in an electronic format.   The Debtors are prepared to make the Consolidated Creditor Matrix available in electronic form to any party in interest who so requests it (or in non-electronic form at such requesting party's sole cost and expense), and the Debtors intend to file a copy of the Consolidated Creditor Matrix on the docket of these Chapter 11 Cases.

11.     Courts in this jurisdiction have granted relief similar to the relief requested herein. *See, e.g.*, *In re New Rite Aid, LLC*, No. 25-14861 (MBK) (Bankr. D.N.J May 7, 2025) (authorizing a consolidated list of the debtors' fifty (50) largest unsecured creditors); *In re Sam Ash Music Corp.*, No. 24-14727 (SLM) (Bankr. D.N.J. June 5, 2024) (authorizing a consolidated list of the debtors' thirty (30) largest unsecured creditors); *In re Thrasio Holdings, Inc.*, No. 24-11840 (CMG) (same); *In re Invitae Corp.*, No. 24-11362 (MBK) (same); *In re Caresmatic Brands, LLC*, No. 24-10561 (VFP) (Bankr D.N.J. Feb. 29, 2024) (same); *In re WeWork Inc.*, No. 23-19865 (JKS) (Bankr. D.N.J. Dec. 20, 2023) (same).

12.     Accordingly, the Debtors submit that filing a Top 50 List and a Consolidated Creditor Matrix is necessary for the efficient and orderly administration of these Chapter 11 Cases, appropriate under the facts and circumstances, and in the best interests of the Debtors' estates.

B.   Redaction of Personally Identifiable Information of Natural Persons Is Warranted

13.     Section 107(c) of the Bankruptcy Code provide that the Court:

> [F]or cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property:
>
> (A) Any means of identification . . . contained in a paper filed, or to be filed in a case under [the Bankruptcy Code].
>
> (B)   Other information contained in a paper described in subparagraph (A).

11 U.S.C. § 107(c)(1).  Furthermore, Bankruptcy Rule 9037(a) authorizes the Debtors to redact certain personally identifiable information of minors.  *See* Fed. R. Bankr. P. 9037(a).

14.     Accordingly, the Debtors request authority, pursuant to section 107(c) of the Bankruptcy Code, to redact (i) the home, e-mail addresses and any other personally identifiable information, not including names of natural persons that the Debtors identified as employees, and (ii) the names, home addresses, and email addresses of natural persons that the Debtors identified as being customers of the Debtors, as known to the Debtors, unless such names have already been made public in litigation with the Debtors, from any paper filed or to be filed with the Court in these Chapter 11 Cases, including, without limitation, the Debtors' Consolidated Creditor Matrix and schedules of assets and liabilities, the schedules of executory contracts and unexpired leases, and statements of financial affairs (collectively, the "Schedules and Statements") and any affidavits

of service related to any of the foregoing because such information may otherwise be used to perpetrate identity theft[4] and phishing scams, or to locate survivors of domestic violence, harassment, or stalking. Accordingly, out of an abundance of caution, the Debtors seek authority to redact the names, home addresses, and email addresses of all natural persons in their pleadings and any other filings on the docket of these Chapter 11 Cases.

15. Redaction is necessary to protect personally identifiable information that would create "undue risk of identity theft or other unlawful injury to the individual or the individual's property." 11 U.S.C. § 107(c)(1). The risk in relation to 11 U.S.C. § 107(c)(1) is not merely speculative. In at least one chapter 11 case in Delaware, the abusive former partner of a debtor's employee used the publicly accessible creditor and employee information filed in the debtor's chapter 11 case to track down the employee at her new address that had not been publicly available until then, forcing the employee to change addresses again.[5] More recently, in a chapter 11 case in the Southern District of New York, at least nine phishing scams have been uncovered,[6] including one where scammers first posed as associates of the debtor's counsel using fake email

---

[4] *See In re Endo Int'l. PLC*, No. 22-22549 (JLG), 2022 WL 16640880 at *7, 10- 12 (Bankr. S.D.N.Y. Nov. 2, 2022) (taking "judicial notice of the fact that identity theft is a world-wide problem," recognizing that the right of public access to judicial records "is not absolute," and authorizing the debtors to redact the names, home addresses, and email addresses of certain litigation claimants located in the US, EU, UK, and Australia from any paper filed with that court and/or otherwise made publicly available by the debtors and the claims and noticing agent thereof); *see also In re Genesis Global Holdco, LLC*, 652 B.R. 618, 636-37 (Bankr. S.D.N.Y Aug. 4, 2023) (citing *Endo* and finding that "[h]ome addresses fall within that category of information, as it is taken as a 'given' that they constitute personally identifiable information that is vital information to perpetrators of identity theft, stalking and intimate partner violence alike, and that publishing such information facilitates an identity thief's search for data and a stalker's or abuser's ability to find his or her target" and that "an undue risk of identity theft of unlawful injury exists to the Individual [creditors] should their names, addresses, or other contact information be released in the bankruptcy cases. . . . redaction of the Individual [creditors] names is important because contact information—including home addresses—could easily be found on the internet through the use of their names.").

[5] The incident, which took place during the first Charming Charlie chapter 11 proceedings in 2017, is described in the "creditor matrix motion" filed in *In re Charming Charlie Holdings Inc.*, No. 19-11534 (CSS) (Bankr. D. Del. Jul. 11, 2019).

[6] *See In re Celsius Network, LLC*, Case No. 22-10964 (MG) (Bankr. D. S.D.N.Y.) [Docket Nos. 1527, 1681, 1904, 1992, 2082, 2896, 3121, 3251, and 3422].

accounts purportedly from such debtor's counsel and requested that individual creditors reply with their account and other personal information, and another where scammers posed as the debtor's claims agent and requested the same information from individual creditors.

16.     The Debtors propose to provide an unredacted version of the Consolidated Creditor Matrix, Schedules and Statements, and any other filings redacted pursuant to the Interim Order or Final Order (as applicable) to (a) the Court, (b) the U.S. Trustee, (c) counsel to any official committee appointed in these Chapter 11 Cases, (d) Verita, the Debtors' proposed claims noticing and claims agent, and (e) any other party in interest, upon a request to the Debtors (e-mail being sufficient) or to the Court that is reasonably related to these Chapter 11 Cases, provided that any receiving party shall not transfer or otherwise provide such unredacted document to any person or entity not party to the applicable request; *provided further,* that any such request would be subject to the Debtors' determination, made on a case-by-case basis, regarding whether such disclosure could cause the Debtors to violate any obligation it may be subject to pursuant to, among other things, the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other privacy or data protection law or regulation.   Nothing requested herein or in the proposed Interim Order or Final Order is intended to preclude any party in interest's right to file a motion requesting that the Court unseal any redacted information.   In addition, the Debtors will distribute, as applicable, any notices that are received at the Debtors' corporate headquarters and are intended for a current employee to such employee.

17.     Courts in this jurisdiction and within the Third Circuit have granted the relief requested herein in comparable chapter 11 cases.  *See, e.g.*, *In re New Rite Aid, LLC*, No. 25-14861 (MBK) (Bankr. D.N.J May 7, 2025) (authorizing the debtors to redact the names, home addresses, and email addresses of individual employees and individual customers listed on the creditor

matrix, schedules and statements, affidavits of service, or other documents filed with the court);
*see also In re Joann Inc.*, No. 25-10068 (CTG) (Bankr. D. Del. Feb. 10, 2025) (same); *In re PGX Holdings, Inc.*, No. 23-10719 (CTG) (Bankr. D. Del. July 19, 2023) (same); *In re SiO2 Medical Products, Inc.*, No. 23-10366 (JTD) (Bankr. D. Del. June 15, 2023) (same); *In re Cyxtera Technologies, Inc.*, No. 23-14853 (JKS) (Bankr. D.N.J. June 7, 2023 (same); *In re Rite Aid Corporation*, No. 23-18993 (MBK) (Bankr. D.N.J. Oct. 18, 2023) (same).

18.     In addition to granting the requested relief, bankruptcy courts in other districts within the Third Circuit have expounded on the importance of authorizing a debtor to redact individual creditors' personally identifiable information, including the home addresses in particular.   In overruling the United States Trustee for the District of Delaware's objection to the same redaction relief proposed here, Chief Judge Sontchi in *In re Art Van Furniture, LLC,* noted that the proposed redaction was not a "burden of proof" issue so "much as a common sense issue." Hr'g Tr. at 25:6–7, *In re Art Van Furniture, LLC*, No. 20-10533 (CSS) (Bankr. D. Del. Mar. 2020).[7]   Significantly, Judge Sontchi found that "at this point and given the risks associated with having any kind of private information out on the internet, [redaction] has really become routine [and] I think obvious relief."  *Id*. at 25:13–16.   Similarly, in *In re Clover Techs. Grp., LLC*, Judge Owens overruled the United States Trustee for the District of Delaware's objection, noting that "[t]o me it is common sense.   I don't need evidence that there is, at best, a risk of identity theft and worse a risk of personal injury from listing someone's name and address on the internet by way of the court's electronic case filing system and, of course, the claims agent's website.    .    .

---

[7] Similarly, Judge Sontchi previously overruled the United States Trustee for the District of Delaware's objection to the redaction of individuals' information and found that "it's just plain common sense . . . to put as little information out as possible about people's personal lives to present [sic] scam . . . [Identity theft] is a real-life issue, and, of course, the issue of domestic violence is extremely important."  Hr'g Tr. at 48:20–22, 49:3–5, *In re Anna Holdings*, No. 19-12551 (CSS) (Bankr. D. Del. Dec. 3, 2019).

The court can completely avoid contributing to the risk by redacting the addresses.   And while there is, of course, an important right of access we routinely redact sensitive and confidential information for corporate entities and redact individual's home addresses."   Hr'g Tr. at 24:21-25, 25:9-10, *In re Clover Techs. Grp., LLC*, No. 19-12680 (KBO) (Bankr. D. Del. Jan. 22, 2020). Finally, in *In re Forever 21*, *Inc.,* in overruling the United States Trustee for the District of Delaware's objection, Judge Gross found that "[w]e live in a new age in which the theft of personal identification is a real risk, as is injury to persons who, for personal reasons, seek to have their addresses withheld."   Hr'g Tr. at 60:22–25, *In re Forever 21, Inc.*, No. 19-12122 (KG) (Bankr. D. Del. Dec. 19, 2019).

19.    For these reasons, the Debtors respectfully submit that cause exists to authorize the Debtors to redact, pursuant to 11 U.S.C. § 107(c)(1), the names, home addresses, and e-mail addresses of individuals listed on any Consolidated Creditors Matrix, Schedules and Statements, affidavits of service, or other documents filed with this Court.   Absent such relief, the Debtors would run the risk of (a) unnecessarily rendering individuals more susceptible to identity theft and phishing scams or (b) jeopardizing the safety of their employees, customers, and other individual creditors who, unbeknownst to the Debtors, are survivors of domestic violence, harassment, or stalking by publishing their homes and e-mail addresses without any advance notice or opportunity to opt-out or take other protective measures.

## V.    REQUEST FOR SCHEDULING OF FINAL HEARING

20.    As set forth herein, the Debtors request that the Court hold a hearing and enter the Interim Order on an expedited basis.   The Debtors further request, pursuant to Bankruptcy Rule 4001(b)(2), that the Court hold a hearing and enter the Final Order at a time and date that is as soon as practicable, and in no event after twenty-one days from the Petition Date, and fix a time and date prior to the Final Hearing by which parties wishing to object to the Motion must do so.

## VI.    WAIVER OF MEMORANDUM OF LAW

21.    The Debtors respectfully request that the Court waive the requirement to file a separate memorandum of law pursuant to Local Rule 9013-1(a)(3) because the legal basis upon which the Debtors rely is set forth herein and the Motion does not raise any novel issues of law.

## VII.    NO PRIOR REQUEST

22.    No prior request for the relief sought in this Motion has been made to this or any other court.

## VIII.    NOTICE

23.    Pursuant to Local Rule 9013-5(c), notice of this Motion shall be given to the following parties: (a) the Office of the United States Trustee; (b) counsel for the Debtors' Prepetition Secured Parties; and (c) the Debtors' fifty largest unsecured creditors on a consolidated basis.  As this Motion is seeking "first day" relief, within 48 hours of the entry of the Interim Order on this Motion, the Debtors will serve copies of the Interim Order, as required by Local Rule 9013-5(f).  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## IX.    CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court (i) enter the Orders as set forth herein; and (ii) grant the Debtors such other and further relief as the Court deems just and proper.

*[Signature Page Follows]*

11

Dated: June 10, 2025

**TOGUT, SEGAL & SEGAL LLP**

*/s/ Frank A. Oswald*
Frank A. Oswald (admitted)
550 Broad Street
Suite 1508
Newark, NJ 07102
Telephone:  (212) 594-5000
Facsimile:  (212) 967-4258
Email:  frankoswald@teamtogut.com

Albert Togut (*pro hac vice* forthcoming)
Amanda C. Glaubach (*pro hac vice* forthcoming)
Eitan Blander (*pro hac vice* forthcoming)
One Penn Plaza, Suite 3335
New York, New York 10119
Telephone:  (212) 594-5000
Facsimile:  (212) 967-4258
Email:  altogut@teamtogut.com
        aglaubach@teamtogut.com
        eblander@teamtogut.com

- and -

**DENTONS US LLP**

Tania M. Moyron (*pro hac vice* forthcoming)
Van C. Durrer, II (*pro hac vice* forthcoming)
601 S. Figueroa Street #2500
Los Angeles, CA 90017
Telephone:  (213) 623-9300
Facsimile:  (213) 623-9924
Email:  tania.moyron@dentons.com
        van.durrer@dentons.com

John D. Beck (*pro hac vice* forthcoming)
Sarah M. Schrag (*pro hac vice* forthcoming)
1221 Avenue of the Americas
New York, NY 10020-1089
Telephone:  (212) 768-6700
Facsimile:  (212) 768-6800
Email:  john.beck@dentons.com
        sarah.schrag@dentons.com

*Proposed Counsel for Debtors and*
*Debtors in Possession*

12

**EXHIBIT A**

(Proposed Interim Order)

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| In re:<br>Powin, LLC, et al.,[1]<br><br>        Debtors. | Chapter 11<br><br>Case No. 25-16137 (MBK)<br><br>(Jointly Administered) |

**INTERIM ORDER GRANTING MOTION OF THE DEBTORS FOR ENTRY OF AN
ORDER (I) AUTHORIZING THE DEBTORS TO (A) FILE A CONSOLIDATED LIST OF THE
DEBTORS' FIFTY LARGEST UNSECURED CREDITORS, (B) FILE A CONSOLIDATED
LIST OF CREDITORS IN LIEU OF SUBMITTING A SEPARATE MAILING MATRIX FOR
EACH DEBTOR, (C) REDACT CERTAIN PERSONALLY IDENTIFIABLE
<u>INFORMATION OF NATURAL PERSONS, AND (II) GRANTING RELATED RELIEF</u>**

The relief set forth on the following pages, numbered three (3) through eight (8), is

**ORDERED.**

---

[1] The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR 97062. The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are:  (i) Powin Project LLC [1583], (ii) Powin, LLC [0504], (iii) PEOS Holdings, LLC [5476], (iv) Powin China Holdings 1, LLC [1422], (v) Powin China Holdings 2, LLC [9713], (vi) Charger Holdings, LLC [5241], (vii) Powin Energy Ontario Storage, LLC [8348], (viii) Powin Energy Operating Holdings, LLC [2495], (ix) Powin Energy Operating, LLC [6487]. The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR 97062.

(Page 2)

Debtors:              Powin, LLC, *et al.*
Case No.              25-16137
Caption of Order:     Interim Order Granting Motion of the Debtors for Entry of an Order (I)
                      Authorizing the Debtors to (a) File a Consolidated List of the Debtors' Fifty
                      Largest Unsecured Creditors, (b) File a Consolidated List of Creditors in
                      Lieu of Submitting a Separate Mailing Matrix For Each Debtor, (c) Redact
                      Certain Personally Identifiable Information of Natural Persons, and (II)
                      Granting Related Relief

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

| **DENTONS US LLP** | **TOGUT, SEGAL & SEGAL LLP** |
|---|---|
| Tania M. Moyron (*pro hac vice* forthcoming) | Frank A. Oswald (admitted) |
| Van C. Durrer, II (*pro hac vice* forthcoming) | 550 Broad Street |
| 601 S. Figueroa Street #2500 | Suite 1508 |
| Los Angeles, CA 90017 | Newark, NJ 07102 |
| Telephone:  (213) 623-9300 | Telephone:  (212) 594-5000 |
| Facsimile:  (213) 623-9924 | Facsimile:  (212) 967-4258 |
| Email:  tania.moyron@dentons.com | Email:  frankoswald@teamtogut.com |
| van.durrer@dentons.com | |
| | Albert Togut (*pro hac vice* forthcoming) |
| John D. Beck (*pro hac vice* forthcoming) | Amanda C. Glaubach (*pro hac vice* |
| Sarah M. Schrag (*pro hac vice* forthcoming) | forthcoming) |
| 1221 Avenue of the Americas | Eitan Blander (*pro hac vice* forthcoming) |
| New York, NY 10020-1089 | One Penn Plaza, Suite 3335 |
| Telephone:  (212) 768-6700 | New York, New York 10119 |
| Facsimile:  (212) 768-6800 | Telephone:  (212) 594-5000 |
| Email:  john.beck@dentons.com | Facsimile:  (212) 967-4258 |
| sarah.schrag@dentons.com | Email:  altogut@teamtogut.com |
| | aglaubach@teamtogut.com |
| | eblander@teamtogut.com |
| *Proposed Counsel for Debtors and* | |
| *Debtors in Possession* | *Proposed Counsel for Debtors and* |
| | *Debtors in Possession* |

(Page 3)

Debtors:          Powin, LLC, *et al.*

Case No.          25-16137

Caption of Order: Interim Order Granting Motion of the Debtors for Entry of an Order (I)
Authorizing the Debtors to (a) File a Consolidated List of the Debtors' Fifty
Largest Unsecured Creditors, (b) File a Consolidated List of Creditors in
Lieu of Submitting a Separate Mailing Matrix For Each Debtor, (c) Redact
Certain Personally Identifiable Information of Natural Persons, and (II)
Granting Related Relief

Upon consideration of the Motion[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Interim Order"): (i) authorizing, but not directing, the Debtors to (a) file a consolidated list of the Debtors' fifty (50) largest unsecured creditors in lieu of filing separate creditor lists for each Debtor, (b) file a consolidated list of creditors in lieu of submitting a separate mailing matrix for each Debtor, and (c) redact certain personally identifiable information of natural persons; (ii) scheduling a hearing (the "Final Hearing") to consider approval of this Motion on a final basis; and (iii) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of New Jersey dated as of September 18, 2012; and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for hearing on the Motion were appropriate under the circumstances and that no other notice be provided; and this Court having determined that the legal and factual bases set forth in the Motion and at the hearing thereon establish just cause for the relief granted herein;

---

[2]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

(Page 4)

| | |
|---|---|
| Debtors: | Powin, LLC, *et al.* |
| Case No. | 25-16137 |
| Caption of Order: | Interim Order Granting Motion of the Debtors for Entry of an Order (I) Authorizing the Debtors to (a) File a Consolidated List of the Debtors' Fifty Largest Unsecured Creditors, (b) File a Consolidated List of Creditors in Lieu of Submitting a Separate Mailing Matrix For Each Debtor, (c) Redact Certain Personally Identifiable Information of Natural Persons, and (II) Granting Related Relief |

and upon all of the proceedings before this Court; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

1. The Motion is **GRANTED** on an interim basis as set forth herein.

2. The Final Hearing on the Motion will be held on _____, **2025 at** _____ **(Eastern Time)**. Objections, if any, that relate to the Motion shall be filed and served so as to be actually received by the following parties on or before _____, 2025 at 4:00 p.m. (Eastern Time) on: (a) the Debtors, Powin, LLC, et al., (b) proposed co-counsel to the Debtors, Dentons US LLP, 601 S. Figueroa Street #2500, Los Angeles, CA 90017, Attn: Tania M. Moyron (tania.moyron@dentons.com), Van C. Durrer, II (van.durrer@dentons.com); Dentons US LLP, 1221 Avenue of the Americas, New York, NY 10020, Attn: John D. Beck (john.beck@dentons.com), Sarah M. Schrag (sarah.schrag@dentons.com); Togut Segal & Segal LLP, 550 Broad Street, Suite 1508, Newark, NJ 07102, Attn: Frank Oswald (frankoswald@teamtogut.com); Togut Segal & Segal LLP, One Penn Plaza, Suite 3335, New York, New York 10119, Attn: Albert Togut (altogut@teamtogut.com), Amanda C. Glaubach (aglaubach@teamtogut.com), Eitan Blander (eblander@teamtogut.com); (c) the United States Trustee for the District of New Jersey, Attn: Martha Hildebrandt, One Newark Center, Suite 2100, Newark, NJ 07102; and (d) counsel to any statutory committees appointed in these Chapter 11 Cases. If no objections are filed to the Motion, the Court may enter an order approving the relief requested in the Motion on a final basis without further notice or hearing.

(Page 5)
Debtors:           Powin, LLC, *et al.*
Case No.            25-16137
Caption of Order:  Interim Order Granting Motion of the Debtors for Entry of an Order (I)
                   Authorizing the Debtors to (a) File a Consolidated List of the Debtors' Fifty
                   Largest Unsecured Creditors, (b) File a Consolidated List of Creditors in
                   Lieu of Submitting a Separate Mailing Matrix For Each Debtor, (c) Redact
                   Certain Personally Identifiable Information of Natural Persons, and (II)
                   Granting Related Relief

3.     The Debtors are authorized, but not directed, pursuant to section 105(a) of the Bankruptcy Code, Bankruptcy Rule 1007(d), and Local Rule 1007-1 to submit a Consolidated Creditor Matrix; *provided* that if any of these Chapter 11 Cases convert to a case under chapter 7 of the Bankruptcy Code, each applicable Debtor shall file its own creditor mailing matrix within fourteen (14) calendar days of any such conversion.

4.     The Debtors are authorized, on an interim basis, to submit a single consolidated list of their fifty (50) largest unsecured creditors in lieu of a separate list for each Debtor.

5.     The Debtors are authorized, on an interim basis, pursuant to section 107(c) of the Bankruptcy Code, to redact from any Consolidated Creditor Matrix, Schedules and Statements, affidavits of service, or other documents filed with the Court, (i) the home, e-mail addresses and any other personally identifiable information, not including names of natural persons that the Debtors identified as employees, and (ii) the names, home addresses and email addresses of natural persons that the Debtors identified as being individual customers of the Debtors, as known to the Debtors, unless such names have already been made public in litigation with the Debtors, in which case the Debtors will not redact the names.  The Debtors shall provide an unredacted version of the Consolidated Creditor Matrix, Schedules and Statements, and any other filings redacted pursuant to this Interim Order to (a) the Court, (b) the U.S. Trustee, (c) counsel to any official committees appointed in these chapter 11 cases, (d) Verita, and (e) any party in interest, upon a request to the Debtors (e-mail being sufficient) or to the Court that is reasonably related to these chapter 11 cases; *provided* that any receiving party shall not transfer or otherwise provide such

(Page 6)
Debtors:            Powin, LLC, *et al.*
Case No.            25-16137
Caption of Order:   Interim Order Granting Motion of the Debtors for Entry of an Order (I)
                    Authorizing the Debtors to (a) File a Consolidated List of the Debtors' Fifty
                    Largest Unsecured Creditors, (b) File a Consolidated List of Creditors in
                    Lieu of Submitting a Separate Mailing Matrix For Each Debtor, (c) Redact
                    Certain Personally Identifiable Information of Natural Persons, and (II)
                    Granting Related Relief

unredacted document to any person or entity not party to the request; *provided further,* that any such request would be subject to the Debtors' determination, made on a case-by-case basis, regarding whether such disclosure could cause the Debtors to violate any obligation it may be subject to pursuant to, among other things, the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other privacy or data protection law or regulation. The Debtors shall inform the U.S. Trustee and counsel to any statutory committees promptly after denying any request for an unredacted document pursuant to this Interim Order.

6.      Nothing herein precludes any party in interest's right to file a motion requesting that the Court unseal information redacted pursuant to this Interim Order.

7.      The Debtors shall cause the Consolidated Creditor Matrix to be made available in readable electronic format upon reasonable request by any party in interest or in non-electronic format at such requesting party's sole cost and expense.

8.      The Debtors, through Verita, are authorized, on an interim basis, to serve all pleadings and papers, including the Notice of Commencement, on all parties listed on the Consolidated Creditor Matrix (including via e-mail if available).

9.      Nothing in this Interim Order shall waive or otherwise limit the service of any document upon or the provision of any notice to any individual, member, or customer whose personally identifiable information is sealed or redacted pursuant to this Interim Order.  Service of all documents and notices upon natural persons whose personally identifiable information is sealed

(Page 7)
Debtors:              Powin, LLC, *et al.*
Case No.              25-16137
Caption of Order:    Interim Order Granting Motion of the Debtors for Entry of an Order (I)
                     Authorizing the Debtors to (a) File a Consolidated List of the Debtors' Fifty
                     Largest Unsecured Creditors, (b) File a Consolidated List of Creditors in
                     Lieu of Submitting a Separate Mailing Matrix For Each Debtor, (c) Redact
                     Certain Personally Identifiable Information of Natural Persons, and (II)
                     Granting Related Relief

or redacted pursuant to this Interim Order shall be confirmed in the corresponding certificate

of service.

10.    To the extent a party in interest files a document on the docket of these Chapter 11

Cases that is required to be served on creditors whose information is redacted pursuant to this

Interim Order, such party in interest should contact the Debtors proposed co-counsel, who shall

work in good faith, and with the assistance of Verita, to effectuate service on such party's behalf.

11.    The Debtors are authorized to take all actions necessary to effectuate the relief

granted pursuant to this Interim Order in accordance with the Motion.

12.    Notice of the Motion as provided therein shall be deemed good and sufficient notice

of such Motion and the requirements of the Bankruptcy Rules and the Local Rules are satisfied by

such notice.

13.    The requirement set forth in Local Rule 9013-1(a)(3) that any motion be

accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion

or otherwise waived.

14.    Any party may move for modification of this Interim Order in accordance with

Local Rule 9013-5(e).

15.    The Debtors shall serve a copy of this Interim Order and the Motion on all parties

required to receive such service pursuant to Local Rule 9013-5(f).

16.    This Court retains exclusive jurisdiction with respect to all matters arising from or

related to the implementation, interpretation, and enforcement of this Interim Order.

**EXHIBIT B**

(Proposed Final Order)

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| In re:<br><br>Powin, LLC, *et al.*,[1]<br><br>　　　　　Debtors. | Chapter 11<br><br>Case No. 25-16137 (MBK)<br><br>(Jointly Administered) |

**FINAL ORDER GRANTING MOTION OF THE DEBTORS FOR
ENTRY OF AN ORDER (I) AUTHORIZING THE DEBTORS TO
(A) FILE A CONSOLIDATED LIST OF THE DEBTORS' FIFTY LARGEST
UNSECURED CREDITORS, (B) FILE A CONSOLIDATED LIST OF CREDITORS
IN LIEU OF SUBMITTING A SEPARATE MAILING MATRIX FOR EACH
DEBTOR, (C) REDACT CERTAIN PERSONALLY IDENTIFIABLE
INFORMATION OF NATURAL PERSONS, AND (II) GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered three (3) through seven (7), is

**ORDERED**.

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are:  (i) Powin Project LLC [1583], (ii) Powin, LLC [0504], (iii) PEOS Holdings, LLC [5476], (iv) Powin China Holdings 1, LLC [1422], (v) Powin China Holdings 2, LLC [9713], (vi) Charger Holdings, LLC [5241], (vii) Powin Energy Ontario Storage, LLC [8348], (viii) Powin Energy Operating Holdings, LLC [2495], (ix) Powin Energy Operating, LLC [6487]. The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR 97062.

(Page 2)
Debtors:            Powin, LLC, *et al.*
Case No.            25-16137
Caption of Order:   Final Order Granting Motion of the Debtors for Entry of an Order (I)
                    Authorizing the Debtors to (a) File a Consolidated List of the Debtors' Fifty
                    Largest Unsecured Creditors, (b) File a Consolidated List of Creditors in
                    Lieu of Submitting a Separate Mailing Matrix For Each Debtor, (c) Redact
                    Certain Personally Identifiable Information of Natural Persons, and (II)
                    Granting Related Relief

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

| **DENTONS US LLP** | **TOGUT, SEGAL & SEGAL LLP** |
|---|---|
| Tania M. Moyron (*pro hac vice* forthcoming) | Frank A. Oswald (admitted) |
| Van C. Durrer, II (*pro hac vice* forthcoming) | 550 Broad Street |
| 601 S. Figueroa Street #2500 | Suite 1508 |
| Los Angeles, CA 90017 | Newark, NJ 07102 |
| Telephone:  (213) 623-9300 | Telephone:  (212) 594-5000 |
| Facsimile:  (213) 623-9924 | Facsimile:  (212) 967-4258 |
| Email:  tania.moyron@dentons.com | Email:  frankoswald@teamtogut.com |
| van.durrer@dentons.com | |
| | Albert Togut (*pro hac vice* forthcoming) |
| John D. Beck (*pro hac vice* forthcoming) | Amanda C. Glaubach (*pro hac vice* |
| Sarah M. Schrag (*pro hac vice* forthcoming) | forthcoming) |
| 1221 Avenue of the Americas | Eitan Blander (*pro hac vice* forthcoming) |
| New York, NY 10020-1089 | One Penn Plaza, Suite 3335 |
| Telephone:  (212) 768-6700 | New York, New York 10119 |
| Facsimile:  (212) 768-6800 | Telephone:  (212) 594-5000 |
| Email:  john.beck@dentons.com | Facsimile:  (212) 967-4258 |
| sarah.schrag@dentons.com | Email:  altogut@teamtogut.com |
| | aglaubach@teamtogut.com |
| *Proposed Counsel for Debtors and* | eblander@teamtogut.com |
| *Debtors in Possession* | |
| | *Proposed Counsel for Debtors and* |
| | *Debtors in Possession* |

(Page 3)

Debtors:              Powin, LLC, *et al.*

Case No.              25-16137

Caption of Order:     Final Order Granting Motion of the Debtors for Entry of an Order (I)
                      Authorizing the Debtors to (a) File a Consolidated List of the Debtors' Fifty
                      Largest Unsecured Creditors, (b) File a Consolidated List of Creditors in
                      Lieu of Submitting a Separate Mailing Matrix For Each Debtor, (c) Redact
                      Certain Personally Identifiable Information of Natural Persons, and (II)
                      Granting Related Relief

Upon consideration of the Motion[2] of the above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") for entry of an order (this "<u>Final Order</u>"): (i) authorizing, but not directing, the Debtors to (a) file a consolidated list of the Debtors' fifty (50) largest unsecured creditors in lieu of filing separate creditor lists for each Debtor, (b) file a consolidated list of creditors in lieu of submitting a separate mailing matrix for each Debtor, and (c) redact certain personally identifiable information of natural persons; (ii) scheduling a hearing (the "<u>Final Hearing</u>") to consider approval of this Motion on a final basis; and (iii) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference from the United States District Court for the District of New Jersey dated as of September 18, 2012; and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for hearing on the Motion were appropriate under the circumstances and that no other notice be provided; and this Court having determined that the legal and factual bases set forth in the Motion and at the hearing thereon establish just cause for the relief granted herein;

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

(Page 4)

Debtors:              Powin, LLC, *et al.*

Case No.              25-16137

Caption of Order:     Final Order Granting Motion of the Debtors for Entry of an Order (I)
Authorizing the Debtors to (a) File a Consolidated List of the Debtors' Fifty
Largest Unsecured Creditors, (b) File a Consolidated List of Creditors in
Lieu of Submitting a Separate Mailing Matrix For Each Debtor, (c) Redact
Certain Personally Identifiable Information of Natural Persons, and (II)
Granting Related Relief

and upon all of the proceedings before this Court; and after due deliberation and sufficient cause

appearing therefor, it is **HEREBY ORDERED THAT**:

1.      The Motion is **GRANTED** on a final basis as set forth herein.

2.      The Debtors are authorized, but not directed, pursuant to section 105(a) of the
Bankruptcy Code, Bankruptcy Rule 1007(d), and Local Rule 1007-1, to submit a Consolidated
Creditor Matrix; *provided* that if any of these Chapter 11 Cases convert to a case under chapter 7
of the Bankruptcy Code, each applicable Debtor shall file its own creditor mailing matrix within
fourteen (14) calendar days of any such conversion.

3.      The Debtors are authorized to submit a single consolidated list of their fifty (50)
largest unsecured creditors in lieu of a separate list for each Debtor.

4.      The Debtors are authorized, on a final basis, pursuant to section 107(c) of the
Bankruptcy Code, to redact from any Consolidated Creditor Matrix, Schedules and Statements,
affidavits of service, or other documents filed with the Court, (i) the home addresses, e-
mail addresses and any other personally identifiable information, not including names, of natural
persons that the Debtors identified as employees, and (ii) the names, home addresses and email
addresses of natural persons that the Debtors identified as being individual customers of the
Debtors, as known to the Debtors, unless such names have already been made public in litigation
with the Debtors, in which case the Debtors will not redact the names.   The Debtors shall provide
an unredacted version of the Consolidated Creditor Matrix, Schedules and Statements, and any
other filings redacted pursuant to this Interim Order to (a) the Court, (b) the U.S. Trustee, (c)

(Page 5)
Debtors:          Powin, LLC, *et al.*
Case No.          25-16137
Caption of Order: Final Order Granting Motion of the Debtors for Entry of an Order (I)
                  Authorizing the Debtors to (a) File a Consolidated List of the Debtors' Fifty
                  Largest Unsecured Creditors, (b) File a Consolidated List of Creditors in
                  Lieu of Submitting a Separate Mailing Matrix For Each Debtor, (c) Redact
                  Certain Personally Identifiable Information of Natural Persons, and (II)
                  Granting Related Relief

counsel to any official committee appointed in these Chapter 11 Cases, (d) Verita, and (e) any party

in interest, upon a request to the Debtors (e-mail being sufficient) or to the Court that is reasonably

related to these Chapter 11 Cases; *provided* that any receiving party shall not transfer or otherwise

provide such unredacted document to any person or entity not party to the request; *provided further,*

that any such request would be subject to the Debtors' determination, made on a case-by-case

basis, regarding whether such disclosure could cause the Debtors to violate any obligation it may

be subject to pursuant to, among other things, the Bankruptcy Code, the Bankruptcy Rules, the

Local Rules, and any other privacy or data protection law or regulation.   The Debtors shall inform

the U.S. Trustee and counsel to any statutory committees promptly after denying any request for

an unredacted document pursuant to this Interim Order.

5.      Nothing herein precludes any party in interest's right to file a motion requesting

that the Court unseal the information redacted pursuant to this Final Order.

6.      The Debtors shall cause the Consolidated Creditor Matrix to be made available in

readable electronic format upon reasonable request by any party in interest or in non-electronic

format at such party's sole cost and expense.

7.      The Debtors, through Verita, are authorized, on a final basis, to serve all pleadings

and papers on all parties listed on the Consolidated Creditor Matrix (including via e-mail if

available).

8.      Nothing in this Final Order shall waive or otherwise limit the service of any

document upon or the provision of any notice to any individual, member, or customer whose

(Page 6)

| | |
|---|---|
| Debtors: | Powin, LLC, *et al.* |
| Case No. | 25-16137 |
| Caption of Order: | Final Order Granting Motion of the Debtors for Entry of an Order (I) Authorizing the Debtors to (a) File a Consolidated List of the Debtors' Fifty Largest Unsecured Creditors, (b) File a Consolidated List of Creditors in Lieu of Submitting a Separate Mailing Matrix For Each Debtor, (c) Redact Certain Personally Identifiable Information of Natural Persons, and (II) Granting Related Relief |

personally identifiable information is sealed or redacted pursuant to this Final Order.  Service of all documents and notices upon natural persons whose personally identifiable information is sealed or redacted pursuant to this Final Order shall be confirmed in the corresponding certificate of service.

9. To the extent a party in interest files a document on the docket of these Chapter 11 Cases that is required to be served on creditors whose information is redacted pursuant to this Final Order, such party in interest should contact the Debtors proposed co-counsel, who shall work in good faith, and with the assistance of Verita, to effectuate the service on such party's behalf.

10. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of the Bankruptcy Rules and the Local Rules are satisfied by such notice.

11. The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

12. Any party may move for modification of this Final Order in accordance with Local Rule 9013-5(e).

13. The Debtors shall serve a copy of this Final Order and the Motion on all parties required to receive such service pursuant to Local Rule 9013-5(f).

14. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

(Page 7)

Debtors:          Powin, LLC, *et al.*

Case No.         25-16137

Caption of Order:  Final Order Granting Motion of the Debtors for Entry of an Order (I) Authorizing the Debtors to (a) File a Consolidated List of the Debtors' Fifty Largest Unsecured Creditors, (b) File a Consolidated List of Creditors in Lieu of Submitting a Separate Mailing Matrix For Each Debtor, (c) Redact Certain Personally Identifiable Information of Natural Persons, and (II) Granting Related Relief

15.    This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.