**DENTONS US LLP**

Tania M. Moyron (*pro hac vice* forthcoming)
Van C. Durrer, II (*pro hac vice* forthcoming)
601 S. Figueroa Street #2500
Los Angeles, CA 90017
Telephone:  (213) 623-9300
Facsimile:  (213) 623-9924
Email:  tania.moyron@dentons.com
         van.durrer@dentons.com

John D. Beck (*pro hac vice* forthcoming)
Sarah M. Schrag (*pro hac vice* forthcoming)
1221 Avenue of the Americas
New York, NY 10020-1089
Telephone:  (212) 768-6700
Facsimile:  (212) 768-6800
Email:  john.beck@dentons.com
         sarah.schrag@dentons.com

*Proposed Counsel for Debtors and
Debtors in Possession*

**TOGUT, SEGAL & SEGAL LLP**

Frank A. Oswald (admitted)
550 Broad Street
Suite 1508
Newark, NJ 07102
Telephone:  (212) 594-5000
Facsimile:  (212) 967-4258
Email:  frankoswald@teamtogut.com

Albert Togut (*pro hac vice* forthcoming)
Amanda C. Glaubach (*pro hac vice*
forthcoming)
Eitan Blander (*pro hac vice* forthcoming)
One Penn Plaza, Suite 3335
New York, New York 10119
Telephone:  (212) 594-5000
Facsimile:  (212) 967-4258
Email:  altogut@teamtogut.com
         aglaubach@teamtogut.com
         eblander@teamtogut.com

*Proposed Counsel for Debtors and
Debtors in Possession*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>Powin, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-16137 (MBK)<br><br>(Joint Administration Requested) |

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are:  (i) Powin Project LLC [1583]; (ii) Powin, LLC [0504], (iii) PEOS Holdings, LLC [5476], (iv) Powin China Holdings 1, LLC [1422], (v) Powin China Holdings 2, LLC [9713], (vi) Charger Holdings, LLC [5241], (vii) Powin Energy Ontario Storage, LLC [8348], (viii) Powin Energy Operating Holdings, LLC [2495], and (ix) Powin Energy Operating, LLC [6487]. The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR 97062.

US_ACTIVE\130491799

**MOTION OF THE DEBTORS FOR**
**ENTRY OF AN ORDER (I) AUTHORIZING**
**THE DEBTORS TO ENTER INTO NEW CUSTOMER PROGRAM**
**WITH EXISTING CUSTOMERS AND (II) GRANTING RELATED RELIEF**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Powin, LLC and the above-referenced affiliated debtors and debtors in possession (collectively, the "Debtors") under chapter 11 of title 11 of the United States Code, §§ 101 *et seq.* (the "Bankruptcy Code"), in these chapter 11 cases (the "Chapter 11 Cases"), by and through their undersigned counsel, hereby move (the "Motion")[2] this Court for entry of an order (the "Order", a true and correct copy of which is attached hereto as **Exhibit A**): (i) authorizing the Debtors to enter into a new customer program with existing customers ("Customers") and (ii) granting related relief.

In further support of the Motion, the Debtors respectfully state as follows:

## PRELIMINARY STATEMENT

The Debtors commenced these Chapter 11 Cases to, among other things, reorganize their businesses around the Debtors' long term servicing line of business. Through this line of business, the Debtors provide their Customers with continuing maintenance and repair services with respect to previously installed Debtor battery systems at Customer sites. The Debtors' proprietary cloud-based technology and related servicing functionality is highly valuable to their Customers, and, in recent days, the Debtors have conducted in-depth discussions with Customers who have communicated a strong willingness to support the Debtors' efforts to continue this business line on a focused basis with pricing that is designed to allow the Debtors to continue this business. Successful implementation of this Customer program will enable the Debtors to pursue a sale process of its remaining assets and therefore represents the most viable way to maximize value in these Chapter 11 Cases.

Specifically, the Debtors have been working closely with Customers to develop a cost-plus, and cash flow positive, long term servicing program. Through such program, the Debtors

---

[2] Capitalized terms used but not defined in this motion have the meanings ascribed to them in the First Day Declaration (as defined herein).

US_ACTIVE\130491799

would provide Customers with an amended suite of battery warranty services at a modified price point.  Accordingly, the Debtors seek this Court's authority to implement the modified long term servicing program as applicable to consenting Customers.

## I.  JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the District of New Jersey (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of New Jersey dated as of September 18, 2012.  The Debtors confirm their consent, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue of the Chapter 11 Cases and related proceedings is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The predicates for the relief requested herein are: sections 105(a), 363(b), 1107(a), and 1108 of the Bankruptcy Code, Bankruptcy Rules 6003 and 6004, and rules 2002-1, 9013-1, and 9013-5 of the Local Bankruptcy Rules for the District of New Jersey (the "Local Rules").

## II.  BACKGROUND

A. General Background

4.      On June 9, 2025 (the "Petition Date"),[3] the Debtors each commenced a voluntary case for relief under chapter 11 of the Bankruptcy Code. The Debtors are authorized to continue operating their businesses and managing their properties as debtors in possession pursuant to

---

[3] Debtor Case No. 25-16137 (MBK) for Debtor Powin Project LLC was filed on June 9, 2025, and the remaining Debtors were filed shortly thereafter on June 10, 2025.

sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee, examiner, or statutory committee has been appointed in the Chapter 11 Cases.

5.      Additional information regarding the Debtors, including their businesses and the events leading to the commencement of these Chapter 11 Cases is set forth in the *Declaration of Gerard Uzzi In Support of Emergency First Day Motions of the Debtors* (the "First Day Declaration"), filed concurrently herewith, and incorporated herein by reference.

B.  Specific Background

6.      As more fully set forth in the First Day Declaration, the Debtors have historically operated two lines of business: (i) energy storage integration installation services, whereby the Debtors provide and install batteries at Customer sites pursuant to energy supply agreements ("ESA Line of Business"); and (ii) long term servicing, whereby the Debtors maintain and repair the previously installed batteries at Customer sites, as needed, pursuant to separate long term servicing agreements ("LTSA Line of Business").

7.      While the Debtors' ESA Line of Business has resulted in significant losses and liquidity issues for the Debtors, casting doubt on its future viability, the LTSA Line of Business represents a potentially viable and profitable line of business moving forward.

8.      Accordingly, the Debtors commenced these Chapter 11 Cases to maximize value and mitigate potential Customer claims.  To that end, the Debtors have already taken steps to maximize the profitability of the LTSA Line of Business, including right-sizing its work force and working closely with Customers to develop a cost-plus, and cash flow positive, model whereby the Debtors would provide Customers with an amended suite of battery warranty services (the "LTSA Program") at a modified price point.  A term sheet outlining the modified services provided by the Debtors to Customers under the LTSA Program is attached hereto as **Exhibit B**.

9.      To be clear, the LTSA Program is entirely consistent with the Debtors' prepetition ordinary course of business.  Under the proposed LTSA Program, the Debtors will be providing a reduced scope of service at pricing that is designed to be cash flow positive during the postpetition period.  As noted, Customers are very desirous of the Debtors' continuation of their cloud-based

4

proprietary technology and related servicing functionality.  The termination of the Debtors' LTSA

Line of Business would have a severely detrimental impact on Customers who are largely

incapable of replacing those functions without the Debtors' assistance.  In light of the

commencement of these Chapter 11 Cases, the Debtors are seeking the instant relief in an effort to

be transparent as well as assure Customers participating in the LTSA Program that it is fully

authorized and viable.

### III.    RELIEF REQUESTED

10.    The Debtors seek entry of the Order: (i) authorizing the Debtors to enter into the

LTSA Program with Customers and (ii) granting related relief.

11.    In support of the Motion, the Debtors further submit the previously filed First Day

Declaration.

### IV.    BASIS FOR RELIEF

A.    The LTSA Program Should be Approved as a Sound Exercise of the Debtors' Business
Judgment and is in the Best Interests of all Parties in Interest

12.    Section 1107(a) of the Bankruptcy Code: (i) grants a debtor in possession the

"rights . . . and powers. . . of a trustee[;]" and (ii) mandates a debtor in possession to perform "all

the functions and duties . . . of a trustee." 11 U.S.C. § 1107(a).  Section 1108 of the Bankruptcy

Code, in turn, authorizes a debtor in possession to "operate the debtor's business." 11 U.S.C. 1108.

13.    "In Chapter 11 cases where no trustee is appointed, § 1107(a) of the Bankruptcy

Code provides that the debtor-in-possession, and in practicality the debtor-in-possession's

management, enjoys the powers that would otherwise vest in the bankruptcy trustee." *In re G-I

Hldgs.*, 313 B.R. 612, 627 (Bankr. D. N.J. 2004) (citation omitted).  "[A]long with those powers

comes the trustee's fiduciary duty to maximize the value of the bankruptcy estate." *Id*. (internal

quotations omitted).  In carrying out these duties, "[a] debtor-in-possession's business decision

[and judgment] should be approved by the court unless it is shown to be so manifestly unreasonable

that it could not be based upon sound business judgment, but only on bad faith, or whim or

caprice." *Id*. at 657 (citations omitted).

US_ACTIVE\130491799

14.     Section 363(b) of the Bankruptcy Code permits a bankruptcy court, after notice and hearing, to authorize a debtor to "use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1).  Section 363 of the Bankruptcy Code addresses the debtor's use of property of the estate and similarly incorporates a business judgment standard.  *In re Montgomery Ward Hldg. Corp.*, 242 B.R. 147, 153 (Bankr. D. Del. 1999) ("In evaluating whether a sound business purpose justifies the use, sale or lease of property under Section 363(b), courts consider a variety of factors, which essentially represent a 'business judgment test.'") (citation omitted).

15.     Implementation of the LTSA Program reflects a sound exercise of the Debtors' business judgment.  The Debtors commenced these Chapter 11 Cases with the goal of maximizing value and mitigating potential claims, including from Customers.  However, the Debtors cannot continue to operate the LTSA Line of Business with sufficient profitability to successfully reorganize and emerge from these Chapter 11 Cases on the prepetition Customer LTSA contract terms.  The Debtors require the implementation of the LTSA Program, whereunder consenting Customers will agree to an amended long term servicing agreement program at a modified, cost-plus, price point that will result in a cash flow positive line of business.

16.     Importantly, the LTSA Program is only effective for those Customers that consent to the program.  Toward that end, the Debtors have been, and are currently, negotiating with each Customer, on a per Customer basis, to obtain such consent and participation.  Because the LTSA Program is only effective for consenting Customers, no party in interest is prejudiced by the relief requested herein.   In addition, the Debtors' Prepetition Secured Creditors support the relief requested, and the Debtors' proposed use of cash collateral is consistent with such relief.

B.     Failure to Immediately Implement the LTSA Program Would Cause Immediate and Irreparable Harm to the Debtors and Their Estates.

17.     The Debtors have an immediate postpetition need to implement the LTSA Program. The Debtors cannot maintain the value of their estates during the pendency of these Chapter 11 Cases absent immediate implementation of the LTSA Program.   Absent immediate

implementation of the LTSA Program, the Debtors will be forced to discontinue their LTSA functions, and Customers will be cut off from access to the Debtors' proprietary technology, including vital data regarding the performance of their battery systems. In such an event, Customers would likely suffer and assert substantial claims against the Debtors' estates. In short, implementation of the LTSA Program is vital to protect Customers and thereby preserve and maximize the value of their estates.

18.    The Debtors therefore seek immediate authority to implement the LTSA Program as forth in this Motion and Order.

## V.    COMPLIANCE WITH BANKRUPTCY RULE 6003 AND WAIVER OF BANKRUPTCY RULES 6004(a) AND (h)

19.    The Debtors request that the Court determine that the relief requested in this Motion complies with Bankruptcy Rule 6003 and that waiver of Bankruptcy Rules 6004(a) and (h) is appropriate.

20.    Bankruptcy Rule 6003 provides:

Except to the extent that relief is necessary to avoid immediate and irreparable harm, the court shall not, within 21 days after the filing of the petition, grant relief regarding the following: . . . (b) a motion to use, sell, lease, or otherwise incur an obligation regarding property of the estate, including a motion to pay all or part of a claim that arose before the filing of the petition, but not a motion under Rule 4001. . . .

21.    The Third Circuit Court of Appeals has interpreted language similar to that used in Bankruptcy Rule 6003 in the context of preliminary injunctions. In that context, irreparable harm has been interpreted as a continuing harm that cannot be adequately redressed by final relief on the merits and for which money damages cannot provide adequate compensation. *See, e.g., Norfolk S. Ry. Co. v. City of Pittsburgh*, 235 Fed.Appx. 907, 910 (3d Cir. 2007) (citing *Glasco v. Hills*, 558 F.2d 179, 181 (3d Cir. 1977)). Further, the harm must be shown to be actual and imminent, not speculative or unsubstantiated. *See, e.g., Acierno v. New Castle County*, 40 F.3d 645, 653-55 (3d Cir. 1994).

7

22.     As described in the Motion, and as supported by the First Day Declaration, failure to receive the requested relief during the first twenty-one (21) days of these Chapter 11 Cases would severely disrupt the Debtors' operations at this critical juncture.  Authorization to immediately implement the LTSA Program is vital to the Debtors' efforts in chapter 11. Accordingly, the Debtors have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 to support the relief requested herein.

23.     The Debtors further seek a waiver of any stay of the effectiveness of the Order. Pursuant to Bankruptcy Rule 6004(h), "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise."  As set forth above, the Debtors submit that granting this Motion such that it is effective immediately is essential to prevent irreparable damage to the Debtors and their estates.

24.     Accordingly, the Debtors respectfully submit that the relief requested herein is appropriate under the circumstances and under Bankruptcy Rules 6003 and 6004(h).

25.     Finally, should the Court be inclined to grant the Motion, the Debtors seek a waiver of the notice requirements under Bankruptcy Rule 6004(a).

## VI.    WAIVER OF MEMORANDUM OF LAW

26.     The Debtors respectfully request that the Court waive the requirement to file a separate memorandum of law pursuant to Local Rule 9013-1(a)(3) because the legal basis upon which the Debtors rely is set forth herein and the Motion does not raise any novel issues of law.

## VII.    RESERVATION OF RIGHTS

27.     Nothing contained in this Motion or any order granting the relief requested in this Motion, and no action taken pursuant to the relief requested or granted in connection with this Motion (including any payment made in accordance with any such order), is intended as or shall be construed or deemed to be: (a) an admission as to the amount of, basis for, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b)

8

a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in this Motion or any order granting the relief requested by this Motion; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) a waiver or limitation of any claims, causes of action or other rights of the Debtors or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law.

<h3 style="text-align:center">VIII.    <u>NO PRIOR REQUEST</u></h3>

28.    No prior request for the relief sought in this motion has been made to this or any other court.

<h3 style="text-align:center">IX.    <u>NOTICE</u></h3>

Pursuant to Local Rule 9013-5(c), notice of this Motion shall be given to the following parties: (a) the Office of the United States Trustee; (b) counsel for the Debtors' Prepetition Secured Parties; and (c) the Debtors' fifty largest unsecured creditors on a consolidated basis.  As this Motion is seeking "first day" relief, within 48 hours of the entry of the Order on this Motion, the Debtors will serve copies of the Order, as required by Local Rule 9013-5(f).  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

US_ACTIVE\130491799

## X.    <u>**CONCLUSION**</u>

WHEREFORE, the Debtors respectfully request that the Court (i) enter the Order as set forth herein; and (ii) grant the Debtors such other and further relief is just and proper under the circumstances.

[*Signature Page Follows*]

US_ACTIVE\130491799

Dated: June 10, 2025

**TOGUT, SEGAL & SEGAL LLP**

*/s/ Frank Oswald*
Frank A. Oswald (admitted)
550 Broad Street
Suite 1508
Newark, NJ 07102
Telephone:  (212) 594-5000
Facsimile:  (212) 967-4258
Email:  frankoswald@teamtogut.com

Albert Togut (*pro hac vice* forthcoming)
Amanda C. Glaubach (*pro hac vice* forthcoming)
Eitan Blander (*pro hac vice* forthcoming)
One Penn Plaza, Suite 3335
New York, New York 10119
Telephone:  (212) 594-5000
Facsimile:  (212) 967-4258
Email:  altogut@teamtogut.com
         aglaubach@teamtogut.com
         eblander@teamtogut.com

- and -

**DENTONS US LLP**

Tania M. Moyron (*pro hac vice* forthcoming)
Van C. Durrer, II (*pro hac vice* forthcoming)
601 S. Figueroa Street #2500
Los Angeles, CA 90017
Telephone:  (213) 623-9300
Facsimile:  (213) 623-9924
Email:  tania.moyron@dentons.com
         van.durrer@dentons.com

John D. Beck (*pro hac vice* forthcoming)
Sarah M. Schrag (*pro hac vice* forthcoming)
1221 Avenue of the Americas
New York, NY 10020-1089
Telephone:  (212) 768-6700
Facsimile:  (212) 768-6800
Email:  john.beck@dentons.com
         sarah.schrag@dentons.com

*Proposed Counsel for Debtors and
Debtors in Possession*

US_ACTIVE\130491799

**<u>EXHIBIT A</u>**

(Proposed Form of Order)

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>Powin, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-16137 (MBK)<br><br>(Jointly Administered) |

## ORDER GRANTING MOTION OF THE DEBTORS FOR
## ENTRY OF AN ORDER (I) AUTHORIZING
## THE DEBTORS TO ENTER INTO NEW CUSTOMER PROGRAM
## WITH EXISTING CUSTOMERS AND (II) GRANTING RELATED RELIEF

The relief set forth on the following pages, numbered 3 through 4, is **ORDERED**.

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are:  (i) Powin Project LLC [1583]; (ii) Powin, LLC [0504], (iii) PEOS Holdings, LLC [5476], (iv) Powin China Holdings 1, LLC [1422], (v) Powin China Holdings 2, LLC [9713], (vi) Charger Holdings, LLC [15241], (vii) Powin Energy Ontario Storage, LLC [8348], (viii) Powin Energy Operating Holdings, LLC [22495], and (ix) Powin Energy Operating, LLC [6487]. The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR 97062.

(Page 2)
Debtors:            Powin, LLC, *et al.*
Case No.            25-16137 (MBK)
Caption of Order: Order Granting Motion of the Debtors for Entry of an Order (I) Authorizing the Debtors to Enter Into New Customer Program With Existing Customers and (II) Granting Related Relief

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**DENTONS US LLP**

Tania M. Moyron (*pro hac vice* forthcoming)
Van C. Durrer, II (*pro hac vice* forthcoming)
601 S. Figueroa Street #2500
Los Angeles, CA 90017
Telephone:  (213) 623-9300
Facsimile:  (213) 623-9924
Email:  tania.moyron@dentons.com
          van.durrer@dentons.com

John D. Beck (*pro hac vice* forthcoming)
Sarah M. Schrag (*pro hac vice* forthcoming)
1221 Avenue of the Americas
New York, NY 10020-1089
Telephone:  (212) 768-6700
Facsimile:  (212) 768-6800
Email:  john.beck@dentons.com
          sarah.schrag@dentons.com

*Proposed Counsel for Debtors and Debtors in Possession*

**TOGUT, SEGAL & SEGAL LLP**

Frank A. Oswald (admitted)
550 Broad Street
Suite 1508
Newark, NJ 07102
Telephone:  (212) 594-5000
Facsimile:  (212) 967-4258
Email:  frankoswald@teamtogut.com

Albert Togut (*pro hac vice* forthcoming)
Amanda C. Glaubach (*pro hac vice* forthcoming)
Eitan Blander (*pro hac vice* forthcoming)
One Penn Plaza, Suite 3335
New York, New York 10119
Telephone:  (212) 594-5000
Facsimile:  (212) 967-4258
Email:  altogut@teamtogut.com
          aglaubach@teamtogut.com
          eblander@teamtogut.com

*Proposed Counsel for Debtors and Debtors in Possession*

(Page 3)
Debtors:            Powin, LLC, *et al.*
Case No.            25-16137 (MBK)
Caption of Order: Order Granting Motion of the Debtors for Entry of an Order (I) Authorizing
the Debtors to Enter Into New Customer Program With Existing Customers and (II) Granting
Related Relief

Upon consideration of the Motion[2] of the above-captioned debtors and debtors in possession
(collectively, the "Debtors") for entry of an order (this "Order"):  (i) authorizing the Debtors to enter into
a new customer program with existing customers ("Customers") and (ii) granting related relief, all
as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having
jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of
Reference* from the United States District Court for the District of New Jersey dated as of
September 18, 2012; and that this Court may enter a final order consistent with Article III of the
United States Constitution; and this Court having found that venue of this proceeding and the
Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having
found that the relief requested in the Motion is in the best interests of the Debtors' estates, their
creditors, and other parties in interest; and this Court having found that the Debtors' notice of the
Motion and opportunity for hearing on the Motion were appropriate under the circumstances and
that no other notice need be provided; and this Court having determined that the legal and factual
bases set forth in the Motion and at the hearing thereon establish just cause for the relief granted
herein; and upon all of the proceedings before this Court; and after due deliberation and sufficient
cause appearing therefor, it is **HEREBY ORDERED THAT**:

1.        The Motion is **GRANTED** as set forth herein.

2.        The Debtors are authorized to implement the LTSA Program.

3.        Notice of the Motion as provided therein shall be deemed good and sufficient notice of such
Motion and the requirements of the Local Rules are satisfied by such notice.

4.        To the extent applicable, the requirements set forth by Bankruptcy Rule 6003 are satisfied.

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

US_ACTIVE\130491799

(Page 4)
Debtors:                Powin, LLC, *et al.*
Case No.                25-16137 (MBK)
Caption of Order: Order Granting Motion of the Debtors for Entry of an Order (I) Authorizing
the Debtors to Enter Into New Customer Program With Existing Customers and (II) Granting
Related Relief

5.        Notwithstanding any Bankruptcy Rule to the contrary, the terms and conditions of this Order

are immediately effective and enforceable upon entry.

6.        The Debtors are authorized to take all actions necessary to effectuate the relief granted in this

Order in accordance with the Motion, and Customers are entitled to rely on this Order in connection with

participating in the LTSA Program.

7.        This Court retains exclusive jurisdiction with respect to all matters arising from or related to

the implementation, interpretation, and enforcement of this Order.

## **EXHIBIT  B**

(LTSA Program Term Sheet)

US_ACTIVE\130491799

**BINDING TERM SHEET**

June [•], 2025

This Binding Term Sheet (the "**Term Sheet**") constitutes a commitment by the customer party signatory hereto ("**Customer**") and Powin, LLC and its affiliates ("**Powin**") to negotiate in good faith and to enter into one or more definitive agreements as set forth herein. The terms and conditions of the potential transaction described below are not limited to those set forth herein. Matters that are not covered by the provisions hereof are subject to the approval and mutual agreement of the parties. Powin and Customer are referred to herein individually as a "**Party**" and collectively as the "**Parties**."

| | |
|---|---|
| **Purpose** | This Term Sheet sets forth service availability of services of Powin LLC ("**Powin**") applicable to all current and future transactions with customers, notwithstanding any conflicting terms in existing commercial agreements. Powin's goal is to provide its customers with the following specified services: (a) continuity of service with respect to intellectual property and cloud-based functionality, (b) direct access to necessary subcontractors, (c) access to key Supplier employees and (d) availability of parts inventory and field services, all as detailed below and on Schedule A. |
| | Powin will form a new wholly-owned subsidiary ("**IP Services Co**") as part of its reorganization strategy to maintain uninterrupted service delivery to Powin's existing and future customers. As part of the reorganization transaction, Powin shall transfer, assign, and convey to IP Services Co all intellectual property rights, assets, and licenses necessary for IP Services Co to provide ongoing services to Powin's existing and future customers, with IP Services Co assuming all of Powin's rights and obligations under any technology escrow agreements between Powin and its customers. |
| **Available Services & Pricing** | Powin is able to provide the specified services listed on **Schedule A** attached hereto for the corresponding pricing listed therein.  The pricing shall include a non-refundable up-front fee of 20% of the annual cost of the Project. |
| **Unavailable Services** | All other services not listed on Schedule A are unavailable until further notice, including, without limitation, those services set forth on **Schedule B**, notwithstanding any services customer may be entitled to under any existing commercial agreements. |
| **Accomodation Agreement** | Each customer shall enter into an accommodation agreement (the "**Accommodation Agreement**").  The Accommodation Agreement shall provide that customer agrees (a) to pay for the specified services per the pricing included in Schedule A; (b) to temporarily suspend any efforts to terminate or otherwise enforce existing commercial agreements with Powin while the Accommodation Agreement remains in effect and (c) to pay, as required, any amounts otherwise owing to Powin without any right of setoff, recoupment, counterclaim or other defense. |

| Registration Fee | In consideration of the formation of IP Services Co, customer shall pay IP Services Co an up-front non-refundable registration fee in the amount of 20% of the annual cost of the Project. |
|---|---|
| Exclusivity of Terms | The terms of the Accommodation Agreement will expressly supersede any inconsistent or conflicting provisions in prior agreements, including any Energy Supply Agreements or Long Term Services Agreements. No other terms or modifications shall apply unless agreed to in writing by Powin's authorized representative. |
| Term | The customer will be required to subscribe for the services and corresponding pricing under the Accommodation Agreement for a minimum period of one (1) year, and the Accommodation Agreement will remain effective thereafter unless and until terminated by customer on six (6) months prior written notice to Powin. At any time prior to the execution of an Accommodation Agreement, Powin reserves the right to update Schedules A and B from time to time based on operational capacity and resource availability. |
| Governing Law | This Term Sheet shall be governed by and construed in accordance with the internal laws of the State of Oregon, without regard to the choice of law provisions thereof. |

The Parties hereto acknowledge the binding nature of this Term Sheet and agree to be bound by the obligations set forth herein.  This Term Sheet shall remain in effect for 30 days from the date hereof (the "**Drop Dead Date**").  If the Accommodation Agreement has not been executed by the Drop Dead Date, then this Term Sheet shall be considered void and the Parties shall each be released of their obligations set forth herein.  Notwithstanding the foregoing, the Parties may extend the Drop Dead Date at any time by mutual agreement in writing.

**POWIN:**                                          **CUSTOMER:**

**POWIN, LLC**                                      [_____]

By:  _____

Name: _____            By:  _____

Title: _____           Name: _____

                                          Title: _____

<u>Schedule A</u>

| | Operations Support |
|---|---|
| **<u>SERVICE LABOR</u>** | |
| **Scheduled maintenance** | Time & Material |
| **Corrective maintenance** | Time & Material |
| **Spare Parts management** | Advisory only |
| **Annual Capacity** | Time & Material |
| **<u>SUPPORT SERVICES</u>** | |
| **24/7 ROC Monitoring** | Included |
| **StackOS & Cloud** | Regular SW updates and cloud maintenance |
| **Tech Support and RCA support** | Included |
| **Project manager (dispatch & maintenance facilitation)** | Included |
| **Training Materials** | Included |
| **<u>REPORTING</u>** | |
| **Data Warehousing & Support** | Included |

Schedule B

| | Scheduled Service | DC Full Scope | Full Coverage |
|---|---|---|---|
| **AVAILABILITY** | | | |
| **DC Availability Guarantee** | - | 96, 97, or 98% | |
| **AC Availability Guarantee** | - | - | 96, 97, or 98% |
| **SERVICE LABOR** | | | |
| **Scheduled maintenance** | Scheduled maintenance covered | Scheduled maintenance covered | Scheduled maintenance covered |
| **Corrective maintenance** | Time & Material | Corrective maintenance covered | Corrective maintenance covered |
| **Spare Parts management** | Advisory only | Full spare parts management to ensure DC availability guarantees | Full spare parts management to ensure DC/AC availability guarantees |
| **Annual Capacity** | Capacity Test | Capacity Test | Capacity Test |
| **SUPPORT SERVICES** | | | |
| **24/7 ROC Monitoring** | Included | Included | Included |
| **StackOS & Cloud** | Regular SW updates included Advanced apps – 5% discount | Regular SW updates included Advanced apps – 10% discount | Regular SW updates included Advanced apps – 10% discount |
| **Tech Support and RCA support** | Included | Included | Included |
| **LTSA Project manager (warranty & maintenance facilitation)** | - | Included | Included |
| **Training Materials** | Training for self-service | Day-to-day operations done by Powin | Day-to-day operations done by Powin |
| **REPORTING** | | | |
| **Performance Reporting and Data Warehousing** | Included | Included | Included |