| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** | |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>John W. Weiss<br>Leah M. Eisenberg<br>David E. Sklar<br>**PASHMAN STEIN WALDER & HAYDEN, P.C.**<br>21 Main Street, Suite 200<br>Hackensack, NJ 07601<br>Telephone: (201) 270-5477<br>Email: jweiss@pashmanstein.com<br>      leisenberg@pashmanstein.com<br>      dsklar@pashmanstein.com<br><br>-and-<br><br>Joaquin M. C de Baca<br>Richard A. Stieglitz<br>**MAYER BROWN LLP**<br>1221 Avenue of the Americas<br>New York, NY 10020-1001<br>Telephone: (212) 506-2500<br>Email: jcdebaca@mayerbrown.com<br>      rstieglitz@mayerbrown.com<br><br>*Co-counsel for (1) Leeward Renewable Energy, LLC, on behalf of Rabbitbrush Solar, LLC, Chaparral Springs, LLC, and Antelope Valley BESS, LLC, (2) Longroad Energy Partners, on behalf of Serrano Solar, LLC, Sun Streams PVS, LLC, and Sun Streams Expansion, LLC, and (3) DTE Electric Company* | |
| In Re:<br><br>POWIN, LLC, *et al*.,[1]<br><br>      Debtors. | Chapter 11<br><br>Case Number: 25-16137 (MBK)<br><br>(Joint Administration Requested) |

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin Project LLC [1583], (ii) Powin, LLC [0504], (iii) PEOS Holdings, LLC [5476], (iv) Powin China Holdings 1, LLC [1422], (v) Powin China Holdings 2, LLC [9713], (vi) Charger Holdings, LLC [5241], (vii) Powin Energy Ontario Storage, LLC [8348], (viii) Powin Energy Operating Holdings, LLC [2495], (ix) Powin Energy Operating, LLC [6487]. The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR 97062.

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF LICENSEES TO MOTION OF THE DEBTORS FOR ENTRY OF INTERIM AND FINAL ORDERS (I) AUTHORIZING POSTPETITION USE OF CASH COLLATERAL, (II) GRANTING ADEQUATE PROTECTION TO THE PREPETITION SECURED PARTIES, (III) SCHEDULING A FINAL HEARING, AND (IV) GRANTING RELATED RELIEF**

Leeward Renewable Energy, LLC on behalf of Rabbitbrush Solar, LLC, Chaparral Springs, LLC, and Antelope Valley BESS, LLC (collectively, the "Leeward Licensees"), Longroad Energy Partners on behalf of Serrano Solar, LLC, Sun Streams PVS, LLC, and Sun Streams Expansion, LLC (collectively, the "Longroad Licensees"), and DTE Electric Company ("DTE" and together with the Leeward Licensees and the Longroad Licensees, the "Licensees"), by and through their undersigned counsel, hereby file this limited objection and reservation of rights (the "Objection") to the *Motion of the Debtors for Entry of Interim and Final Orders (I) Authorizing Postpetition Use of Cash Collateral, (II) Granting Adequate Protection to the Prepetition Secured Parties, (III) Scheduling a Final Hearing, and (IV) Granting Related Relief* [Dkt. No. 11] (the "Cash Collateral Motion").[2] In support of the Objection, the Licensees respectfully submit as follows:

**OBJECTION**

1. The Licensees do not oppose the Debtors' use of cash collateral to stabilize their business and work toward a value-maximizing restructuring solution to these cases. The Licensees, however, do object to the extent the Cash Collateral Motion primes, impairs or otherwise adversely affects their contractual and statutory rights in the Debtors' intellectual property without their consent or appropriate safeguards.

2. The Licensees and Powin, LLC ("Powin") are parties to certain energy supply agreements (the "ESAs"), pursuant to which Powin agreed to provide an energy storage system for certain renewable energy storage projects developed by the Licensees.

---

[2] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Cash Collateral Motion.

2

3. In addition to the ESAs, certain Licensees entered into long-term services agreements (the "LTSAs") with Powin.

4. Pursuant to each respective ESA and LTSA, Powin granted each Licensee a license to use, among other things, any of Powin's intellectual property in and to the technology for certain energy storage system equipment.[3]

5. Certain ESAs also required Powin to enter into an escrow agreement, pursuant to which Powin agreed to hold in escrow important intellectual property necessary for the operation of the Licensees' project sites.

6. In furtherance of the foregoing, each of the applicable Licensees was added as a beneficiary under that certain PRAXIS US Two Party Master Escrow Agreement (PRAXIS Account Number 191112) (the "IP Escrow Agreement", together with the ESAs and the LTSAs the "Contracts"), dated as of December 17, 2019, by and between Powin Energy Corporation and PRAXIS Technology Escrow, LLC. Pursuant to the IP Escrow Agreement, the intellectual property license granted to the Licensees under the applicable ESAs was deposited into escrow.

7. The Licensees, as licensees of intellectual property, are afforded statutory protections under section 365(n) of the Bankruptcy Code. These protections entitle the Licensees either to the Debtors' continued performance of the intellectual property licenses, or for the Debtors to provide them with the intellectual property. 11. U.S.C. § 365(n)(4). Accordingly, the Licensees respectfully request that any orders entered in connection with the Cash Collateral Motion expressly confirm that the Licensees' rights to the intellectual property and related agreements remain unaffected and fully preserved. For the avoidance of doubt, the Licensees do not consent to any such alternations of their rights.

---

[3] By their own terms the ESAs and LTSAs are confidential. The Licensees can provide the ESAs and LTSAs to the Court and Powin in camera or subsequently file them with the Court subject to an order to seal.

8. Specifically, section 365(n)(4) of the Bankruptcy Code provides:

Unless and until [a debtor] rejects such contract, on the written request of the licensee [a debtor] *shall*—

(A) to the extent provided in such contract or any agreement supplementary to such contract—

(i) perform such contract; or

(ii) provide to the licensee such intellectual property (including any embodiment of such intellectual property to the extent protected by applicable nonbankruptcy law) held by [the debtor]; and

(B) not interfere with the rights of the licensee as provided in such contract, or any agreement supplementary to such contract, to such intellectual property (including such embodiment), including any right to obtain such intellectual property (or such embodiment) from another entity.

11 U.S.C. § 365(n)(4) (emphasis added).

9. Pursuant to section 365(n), then, as licensees, the Licensees are entitled to the continued enjoyment of the intellectual property license, or, alternatively, to the intellectual property itself, for so long as the ESAs and LTSAs remain in effect and are not rejected.

10. Through the Cash Collateral Motion, the Debtors seek to grant the Prepetition Agent the Adequate Protection Liens on all Collateral, which includes "patents, tradenames, trademarks, copyrights, licenses and all other intellectual property," without the consent of the Licensees. Interim Order, ¶ 7(c). The Licensees have not been asked to consent to these liens, and they seek to clarify that any such liens on and security interests in the Collateral, and any rights the Prepetition Agent may be granted as a result thereof, should be subject to the Licensees' rights under section 365(n).

11. Accordingly, any interim order granting the requested relief in any form should be revised to include a provision that states that:

4

*Nothing in this Order shall affect, impair, diminish, or otherwise alter the Licensees' current, existing, or future rights under the intellectual property license, including under the Contracts and section 365(n) of the Bankruptcy Code.*

## **RESERVATION OF RIGHTS**

12. The Licensees hereby reserve all of their rights, claims, defenses, and remedies under the Contracts and pursuant to applicable law, including without limitation, the right to amend, modify, or supplement this Objection and to raise additional objections during any final hearing on the Cash Collateral Motion.

## **CONCLUSION**

WHEREFORE, the Licensees respectfully request that this Court (i) grant the Licensees relief consistent with this Objection, (ii) to the extent necessary, deny or modify the relief requested in the Cash Collateral Motion and grant interim relief on the Cash Collateral Motion only to the extent consistent with this Objection and (iii) grant such other and further relief as the Court may deem necessary and proper.

[*Remainder of page intentionally left blank.*]

| | |
|---|---|
| Dated: June 12, 2025 | **PASHMAN STEIN WALDER & HAYDEN, P.C.**<br><br>*/s/ Leah M. Eisenberg*<br>John W. Weiss<br>Leah M. Eisenberg<br>David E. Sklar<br>21 Main Street, Suite 200<br>Hackensack, NJ 07601<br>Telephone: (201) 270-5477<br>Email: jweiss@pashmanstein.com<br>   leisenberg@pashmanstein.com<br>   dsklar@pashmanstein.com<br><br>-and-<br><br>Joaquin C de Baca (*pro hac vice* pending)<br>Richard A. Stieglitz (*pro hac vice* pending)<br>**MAYER BROWN LLP**<br>1221 Avenue of the Americas<br>New York, NY 10020<br>Telephone: (212) 506-2500<br>Facsimile: (212) 262-1910<br>Email: JCdeBaca@mayerbrown.com<br>   RStieglitz@mayerbrown.com<br><br>*Co-counsel for (1) Leeward Renewable Energy, LLC, on behalf of Rabbitbrush Solar, LLC, Chaparral Springs, LLC, and Antelope Valley BESS, LLC, (2) Longroad Energy Partners, on behalf of Serrano Solar, LLC, Sun Streams PVS, LLC, and Sun Streams Expansion, LLC, and (3) DTE Electric Company* |

**CERTIFICATE OF SERVICE**

      I certify that on June 12, 2025, I caused a true and correct copy of the foregoing document to be: (i) served by the Electronic Case Filing System for the United States Bankruptcy Court for the District of New Jersey on those parties registered to receive electronic notices, and (ii) served upon the United States Trustee for Region 3 – New Jersey Office.

                                          */s/ Leah M. Eisenberg*
                                           Leah M. Eisenberg