| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY (TRENTON) | |
| **Caption in Compliance with D.N.J. 9004-1(b)**<br>Gail C. Lin (Bar No. 036752001)<br>**RAISNER ROUPINIAN LLP**<br>270 Madison Avenue, Suite 1801<br>New York, NY 10016<br>Telephone: (212) 221-1747<br>Fax: (212) 221-1747<br>Email: gcl@raisnerroupinian.com<br><br>*Attorneys for Plaintiff and all others similarly situated* | |
| In Re:<br><br>POWIN, LLC, et al.[1]<br><br>                    Debtors. | Bankr. Case No.: 25-16137 (MBK)<br>Joint Administration Pending<br><br>Adv. Pro. No.: _____ |
| BRIAN PALOMINO, on behalf of himself and all others similarly situated,<br><br>                    Plaintiff,<br>     v.<br><br>POWIN, LLC, POWIN ENERGY OPERATING HOLDINGS, LLC, and POWIN ENERGY OPERATING, LLC,<br><br>                  Defendants. | Chapter: 11<br><br>Judge: Michael B. Kaplan |

**CLASS ACTION ADVERSARY PROCEEDING COMPLAINT FOR VIOLATION OF WARN ACT 29 U.S.C. § 2101, *ET SEQ.***

Plaintiff Brian Palomino ("Plaintiff"), individually and on behalf of a putative class of

similarly situated former employees of Defendants Powin, LLC, Powin Energy Operating

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin Project LLC [1583]; (ii) Powin, LLC [0504]; (iii) PEOS Holdings, LLC [5476]; (iv) Powin China Holdings 1, LLC [1422]; (v) Powin China Holdings 2, LLC [9713]; (vi) Charger Holdings, LLC [5241]; (vii) Powin Energy Ontario Storage, LLC [8348]; (viii) Powin Energy Operating Holdings, LLC [2495]; and (ix) Powin Energy Operating, LLC [6487]. The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR 97062.

Holdings, LLC, and Powin Energy Operating, LLC ("Defendants"), by way of this Class Action Adversary Proceeding Complaint against Defendants as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action individually and on behalf of other similarly situated former employees who worked for Defendants and who were terminated without cause as part of, or as the result of, mass layoffs or plant closings ordered by Defendants beginning on or about June 6, 2025, who were not provided 60 days advance written notice of their terminations by Defendants, as required by the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 *et seq*., ("WARN Act").

2. Plaintiff was terminated along with an estimated 200 other similarly situated employees as part of, or as the foreseeable result of mass layoffs or plant shutdowns ordered by Defendants. These terminations failed to give Plaintiff and other similarly situated employees of Defendants at least 60 days' advance notice of termination, as required by the WARN Act. As a consequence of the violation, Plaintiff and other similarly situated employees of Defendants seek their statutory remedies, pursuant to 29 U.S.C. § 2104.

3. Plaintiff's claims and the putative class members were terminated pre-petition and accordingly, Plaintiff's claims, as well as the claims of all similarly situated employees, are entitled to wage priority claim, under 11 U.S.C. § 507(a)(4) and (5) or alternatively administrative priority status pursuant to the United States Bankruptcy Code § 503 (b)(1)(A)).

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1334, and 29 U.S.C. § 2104(a)(5).

5. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B) and (O).

6. Venue is proper in this District pursuant to 28 U.S.C. § 1409 and 29 U.S.C. § 2104(a)(5).

## THE PARTIES

### *Plaintiff*

7. Plaintiff was employed by Defendants as a Senior Project Manager and worked at, reported to, and received assignments from the facility located at 20550 SW 115th Ave, Tualatin, Oregon (the "Facilities") from August 2023 until June 6, 2025.

8. Plaintiff is a resident of the state of Colorado.

9. On or about June 6, 2025 Defendants terminated Plaintiff's employment, effective that day.

10. Plaintiff was terminated without cause.

11. Plaintiff did not receive 60 days' written notice prior to being terminated.

12. Along with Plaintiff, other employees of Defendants who worked at, reported to, or received assignments from the Facilities were also terminated on or about June 6, 2025 without 60 days' advance written notice.

### *Defendants*

13. Upon information and belief and at all relevant times, Defendants and its affiliates operate a business that is among the world's largest grid-scale battery energy storage system suppliers under the umbrella name of "Powin".

14. Upon information and belief and at all relevant times, Defendants' operated facilities at 1414 NW Northrup St. Suite 900, Portland, Oregon and 20550 SW 115th Ave, Tualatin, Oregon (the "Facilities").

15. On or about May 29, 2025, Defendants notified some or all employees of a potential cessation of business operations of Powin LLC at the Facilities.

16. On or about June 6, 2025, Plaintiff and those similarly situated were terminated as a consequence of the mass layoff at or closing of the Facilities.

17. On June 10, 2025 (the "Petition Date"), Powin, LLC, Powin Energy Operating Holdings, LLC and Powin Energy Operating, LLC, along with its affiliated debtors and debtors in possession, each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. That same day, Defendants also filed a motion for joint administration of the Debtors' bankruptcy cases (Bankr. No. 25-16137-MBK 4-90621, ECF 3). That motion is pending.

18. Upon information and belief, and at all relevant times, Powin Energy Operating Holdings, LLC was the 2% owner of Powin Energy Operating, LLC and Powin, LLC owned the other 98% of Powin Energy Operating, LLC.

19. Upon information and belief, and at all relevant times, Powin, LLC owned 100% of Powin Energy Operating Holdings, LLC.

20. Upon information and belief, and at all relevant times, Defendants and its affiliates operated as a single employer.

21. Upon information and belief, Defendants, as a single employer, ordered and carried out the termination of employment of Plaintiff and other similarly situated employees on or about June 6, 2025 and within 30 days of that date.

22. The Defendants are sued under the WARN Act, 29 U.S.C. § 2101 *et seq*.

### FEDERAL WARN CLASS ALLEGATIONS

23. Plaintiff brings a Claim for Relief for violation of 29 U.S.C. § 2101 *et seq*., individually and on behalf of all other similarly situated former employees, pursuant to 29 U.S.C. § 2104(a)(5) and Federal Rules of Civil Procedure, Rule 23(a) and (b), who worked at, reported to or received assignments from Defendants' Facilities and were terminated without cause on or

about June 6, 2025 and within 30 days of that date, or was terminated without cause as the reasonably foreseeable consequence of the mass layoffs and/or plant closings ordered by Defendants on or about June 6, 2025 and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5) (the "WARN Class").

24. The persons in the WARN Class identified above ("WARN Class Members") are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, the calculation of that number is believed to be in Defendants business records, which is within the sole control of Defendants.

25. On information and belief, the identity of the members of the class and the recent residence address of each of the WARN Class Members is contained in Defendants' books and records.

26. On information and belief, the rate of pay and benefits that were being paid by Defendants to each WARN Class Member at the time of his/her termination is contained in Defendants' books and records.

27. Common questions of law and fact exist as to members of the WARN Class, including, but not limited to, the following:

(a) whether the members of the WARN Class were employees of Defendants who worked at, reported to, or received assignments from Defendants' Facilities;

(b) whether Defendants unlawfully terminated the employment of the members of the WARN Class without cause on their part and without giving them 60 days advance written notice in violation of the WARN Act; and

(c) whether Defendants unlawfully failed to pay the WARN Class members 60 days wages and benefits as required by the WARN Act.

28. Plaintiff's claims are typical of those of the WARN Class. Plaintiff, like other WARN Class members, worked at, reported to, or received assignments from Defendants' Facilities and was terminated without cause on or about June 6, 2025, due to the mass layoffs and/or plant closings ordered by Defendants.

29. At all relevant times, Defendants were an "employer," as that term is defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639(a) and continued to operate as a business until Defendants decided to order mass layoffs or plant closings at the Facilities.

30. Plaintiff will fairly and adequately protect the interests of the WARN Class. Plaintiff has retained counsel competent and experienced in complex class actions, including the WARN Act and employment litigation.

31. Class certification of these claims is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the WARN Class predominate over questions affecting only individual members of the WARN Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of WARN Act litigation, where individual plaintiff may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate Defendants, and damages suffered by individual WARN Class members are small compared to the expense and burden of individual prosecution of this litigation.

32. Concentrating all the potential litigation concerning the WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the WARN Act rights of all the members of the Class.

33. Plaintiff intends to send notice to all members of the WARN Class to the extent required by Rule 23.

## CLAIM FOR RELIEF
### Violation of the WARN Act, 29 U.S.C. § 2104

34. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

35. At all relevant times, Defendants employed more than 100 employees who in the aggregate worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States.

36. At all relevant times, Defendants were an "employer," as that term is defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639(a) and continued to operate as a business until it decided to order a mass layoffs or plant closings at the Facilities.

37. At all relevant times, Plaintiff and the other similarly situated former employees were employees of Defendants as that term is defined by 29 U.S.C. §2101.

38. On or about June 6, 2025, Defendants ordered mass layoffs or plant closings at the Facilities, as that term is defined by 29 U.S.C. § 210l(a)(2).

39. The mass layoffs or plant closings at the Facilities resulted in "employment losses," as that term is defined by 29 U.S.C. §2101(a)(2) for at least fifty of Defendants' employees as well as thirty-three percent of Defendants' workforce at the Facilities, excluding "part-time employees," as that term is defined by 29 U.S.C. § 2l01(a)(8).

40. Plaintiff and the Class Members were terminated by Defendants without cause on their part, as part of or as the reasonably foreseeable consequence of the mass layoffs or plant closings ordered by Defendants at the Facilities.

41. Plaintiff and the Class Members are "affected employees" of Defendants, within

the meaning of 29 U.S.C. § 2101(a)(5).

42. Defendants were required by the WARN Act to give Plaintiff and the Class Members at least 60 days advance written notice of their terminations.

43. Defendants failed to give Plaintiff and the Class members written notice that complied with the requirements of the WARN Act.

44. Plaintiff and each of the Class Members are "aggrieved employees" of the Defendants as that term is defined in 29 U.S.C. § 2104(a)(7).

45. Defendants failed to pay Plaintiff and each of the Class Members their respective wages, salary, commissions, bonuses, health and life insurance premiums, accrued holiday pay and accrued vacation for 60 days following their respective terminations, and failed to provide employee benefits including health insurance, for 60 days from and after the dates of their respective terminations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief as against Defendants:

A. Certification of this action as a class action;

B. Designation of Plaintiff as Class Representative;

C. Appointment of the undersigned attorneys as Class Counsel;

D. A judgment in favor of Plaintiff and the other similarly situated former employees equal to the sum of: their unpaid wages for the 60 days, that would have been covered and paid for that period, all determined in accordance with the WARN Act, 29 U.S.C. § 2104 (a)(1)(A),

E. Treatment of all damage claims as priority wages pursuant to 11 U.S.C. § 507(a)(4) or (5) and the remainder as a general unsecured claim, or alternatively as an administrative expense pursuant to 11 U.S.C. § 503(b)(l)(A);

F. Reasonable attorneys' fees and the costs and disbursements that Plaintiff will incur in prosecuting this action, as authorized by the federal WARN Act, 29 U.S.C. § 2104(a)(6);

G. Interest as allowed by law on the amounts owed under the preceding paragraphs; and

H. Such other and further relief as this Court may deem just and proper.

Dated: June 12, 2025

*Gail Lin*
Gail C. Lin, Esquire (Bar No. 036752001)
Jack A. Raisner
René S. Roupinian
**Raisner Roupinian LLP**
270 Madison Avenue, Suite 1801
New York, NY 10016
Telephone: (212) 221-1747
Fax: (212) 221-1747
Email: gcl@raisnerroupinian.com
Email: jar@raisnerroupinian.com
Email: rsr@raisnerroupinian.com

*Attorneys for Plaintiff and All Others Similarly Situated*