IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

Order Filed on June 13, 2025
by Clerk
U.S. Bankruptcy Court
District of New Jersey

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| POWIN, LLC, *et al.* [1] | ) | Case No. 25-16137 (MBK) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | (Emergency Hearing Requested) |

**INTERIM ORDER (I) AUTHORIZING POSTPETITION
USE OF CASH COLLATERAL, (II) GRANTING ADEQUATE
PROTECTION TO THE PREPETITION SECURED PARTIES,
(III) SCHEDULING A FINAL HEARING, AND (IV) GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered three (3) through forty (41), is

**ORDERED**.

**DATED: June 13, 2025**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are:  (i) Powin Project LLC [1583]; (ii) Powin, LLC [0504]; (iii) PEOS Holdings, LLC [5476]; (iv) Powin China Holdings 1, LLC [1422]; (v) Powin China Holdings 2, LLC [9713]; (vi) Charger Holdings, LLC [5241]; (vii) Powin Energy Ontario Storage, LLC [8348]; (viii) Powin Energy Operating Holdings, LLC [2495]; and (ix) Powin Energy Operating, LLC [6487]. The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR 97062.

(Page 2)
Debtors:              Powin, LLC, *et al.*
Case No.              25-16137 (MBK)
Caption of Order: *Interim Order (I) Authorizing Postpetition Use of Cash Collateral, (II) Granting Adequate Protection to the Prepetition Secured Parties, (III) Scheduling a Final Hearing, and (IV) Granting Related Relief*

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**DENTONS US LLP**

Tania M. Moyron (*pro hac vice* forthcoming)
Van C. Durrer, II (*pro hac vice* forthcoming)
601 S. Figueroa Street #2500
Los Angeles, CA 90017
Telephone:  (213) 623-9300
Facsimile:  (213) 623-9924
Email:  tania.moyron@dentons.com
          van.durrer@dentons.com


John D. Beck (*pro hac vice* forthcoming)
Sarah M. Schrag (*pro hac vice* forthcoming)
1221 Avenue of the Americas
New York, NY 10020-1089
Telephone:  (212) 768-6700
Facsimile:  (212) 768-6800
Email:  john.beck@dentons.com
          sarah.schrag@dentons.com

*Proposed Counsel for Debtors and
Debtors in Possession*

**TOGUT, SEGAL & SEGAL LLP**

Frank A. Oswald (admitted)
550 Broad Street
Suite 1508
Newark, NJ 07102
Telephone:  (212) 594-5000
Facsimile:  (212) 967-4258
Email:  frankoswald@teamtogut.com


Albert Togut (*pro hac vice* forthcoming)
Amanda C. Glaubach (*pro hac vice* forthcoming)
Eitan Blander (*pro hac vice* forthcoming)
One Penn Plaza, Suite 3335
New York, New York 10119
Telephone:  (212) 594-5000
Facsimile:  (212) 967-4258
Email:  altogut@teamtogut.com
          aglaubach@teamtogut.com
          eblander@teamtogut.com

*Proposed Counsel for Debtors and
Debtors in Possession*

(Page 3)
Debtors:          Powin, LLC, *et al.*
Case No.          25-16137 (MBK)
Caption of Order: *Interim Order (I) Authorizing Postpetition Use of Cash Collateral, (II) Granting Adequate Protection to the Prepetition Secured Parties, (III) Scheduling a Final Hearing, and (IV) Granting Related Relief*

Upon the motion (the "**Motion**")[1] of Powin, LLC and each of its affiliated debtors and debtors in possession (collectively, the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), pursuant to sections 105(a), 361, 362, 363, 503, 506, and 507 of title 11 of the United States Code (the "**Bankruptcy Code**"), rules 2002, 4001, 6003, 6004, and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and rules 4001-3 and 9013-5 of the Local Rules of the United States Bankruptcy Court for the District of New Jersey (the "**Bankruptcy Local Rules**"), seeking entry of an interim order (this "**Interim Order**") and a Final Order (as defined below), among other things:

(a)   authorizing the use of Cash Collateral (as defined below), pursuant to sections 105, 361, 362, 363, 503, and 507 of the Bankruptcy Code on the terms and conditions set forth in this Interim Order;

(b)   granting adequate protection, as and to the extent set forth herein, to the Prepetition Secured Parties (as defined below) to protect against any Diminution in Value (as defined below) of their interests in any Cash Collateral;

(c)   modifying the automatic stay imposed by section 362 of the Bankruptcy Code to the extent necessary to permit the Debtors and the Prepetition Secured Parties (as defined below) to implement and effectuate the terms and provisions of this Interim Order;

(d)   approving, subject to paragraph 20 hereof, certain stipulations, waivers, and releases by the Debtors with respect to, *inter alia*, the Prepetition Secured Parties, the Prepetition Loan Documents, the Prepetition Liens, and the Prepetition Secured Obligations (each as defined below);

(e)   subject to and effective upon entry of the Final Order granting such relief, and subject to the Carve-Out (as defined below), approving the waiver of the right to surcharge the Prepetition Collateral (as defined below) pursuant to section 506(c) of the Bankruptcy Code or otherwise as to any Prepetition Secured Parties;

---

[1]   Each capitalized term that is not defined herein shall have the meaning ascribed to such terms in the Motion.

(Page 4)
Debtors:        Powin, LLC, *et al.*
Case No.        25-16137 (MBK)
Caption of Order: *Interim Order (I) Authorizing Postpetition Use of Cash Collateral, (II) Granting Adequate Protection to the Prepetition Secured Parties, (III) Scheduling a Final Hearing, and (IV) Granting Related Relief*

(f)     subject to and effective upon entry of the Final Order granting such relief and to the extent set forth herein, approving the waiver of the equitable doctrine of "marshaling" and other similar doctrines with respect to the Prepetition Collateral as to the Prepetition Secured Parties;

(g)     subject to and effective upon entry of the Final Order granting such relief and to the extent set forth herein, approving the Debtors' waiver of any "equities of the case" exception under section 552(b) of the Bankruptcy Code with respect to proceeds, products, offspring, or profits of any of the Prepetition Collateral as to any of the Prepetition Secured Parties;

(h)     scheduling a final hearing (the "**Final Hearing**") to consider entry of a final order granting the relief requested in the Motion on a final basis (the "**Final Order**") and approving the form of notice with respect to the Final Hearing;

(i)     waiving any applicable stay (including under Bankruptcy Rule 6004) with respect to the effectiveness and enforceability of this Interim Order; and

(j)     granting related relief;

all as more fully set forth in the Motion; and an interim hearing with respect to the Motion having been held on June 12, 2025 (the "**Interim Hearing**"); and notice of the Interim Hearing having been given in accordance with Bankruptcy Rules 4001(b) and 9014 and Bankruptcy Local Rule 9013-5 and it appearing that no other or further notice need be provided; and the Court having considered the Declaration of *Gerard Uzzi In Support of Emergency First Day Motions of the Debtors* (the "**First Day Declaration**"), the Approved Budget (as defined below) filed and served by the Debtors, the evidence submitted or adduced, and the statements of counsel made at the Interim Hearing; and the Court having considered the interim relief requested in the Motion; and the Court having determined that the relief requested in the Motion on an interim basis is necessary to avoid immediate and irreparable harm to the Debtors and their estates; and that the legal and factual bases set forth in the Motion and at the Interim Hearing establish just cause for the relief granted herein; and all objections, if any, to the relief requested in the Motion on an interim basis

(Page 5)
Debtors:          Powin, LLC, *et al.*
Case No.          25-16137 (MBK)
Caption of Order: *Interim Order (I) Authorizing Postpetition Use of Cash Collateral, (II) Granting Adequate Protection to the Prepetition Secured Parties, (III) Scheduling a Final Hearing, and (IV) Granting Related Relief*

having been withdrawn, resolved, or overruled by the Court; and upon all of the proceedings had

before the Court and after due deliberation and sufficient cause appearing therefor,

**THE COURT HEREBY MAKES THE FOLLOWING FINDINGS OF FACT AND CONCLUSIONS OF LAW:[2]**

A.      ***Petition Date.***  On June 9, 2025 (the "**Petition Date**"),[3] each of the Debtors filed a

voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States

Bankruptcy Court for the District of New Jersey (this "**Court**") commencing these Chapter 11

Cases.

B.      ***Debtors in Possession.***  The Debtors continue to manage and operate their

businesses and properties as debtors in possession pursuant to sections 1107 and 1108 of the

Bankruptcy Code.  No trustee or examiner has been appointed in any of the Chapter 11 Cases.

C.      ***Committee Formation.***  As of the date hereof, the United States Trustee for the

District of New Jersey (the "**U.S. Trustee**") has not appointed an official committee of unsecured

creditors in the Chapter 11 Cases pursuant to section 1102 of the Bankruptcy Code (the "**Official

Committee**").

D.      ***Jurisdiction and Venue.***  This Court has jurisdiction over the Chapter 11 Cases,

the Motion, and the parties and property affected hereby pursuant to 28 U.S.C. § 1334.

---

[2]   The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.  To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

[3]   Lead Debtor Case No. 25-16137 (MBK) for Debtor Powin LLC was filed on June 10, 2025, and the remaining Debtors were also filed on June 10, 2025 with the exception of Case No. 25-16136 (MBK), which was filed on June 9, 2025.

(Page 6)
Debtors:          Powin, LLC, *et al.*
Case No.          25-16137 (MBK)
Caption of Order: *Interim Order (I) Authorizing Postpetition Use of Cash Collateral, (II) Granting Adequate Protection to the Prepetition Secured Parties, (III) Scheduling a Final Hearing, and (IV) Granting Related Relief*

Consideration of the Motion constitutes a core proceeding pursuant to 28 U.S.C. § 157(b).  The Debtors assert that venue for the Chapter 11 Cases and the proceedings on the Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.  The predicates for the relief set forth herein are sections 105(a), 361, 362, 363, 503, 506, 507 and 552 of the Bankruptcy Code, Bankruptcy Rules 2002, 4001, 6003, 6004, and 9014, and Bankruptcy Local Rules 4001-3 and 9013-5.

E.     ***Notice.***  Notice of the Motion and the Interim Hearing constitutes due, sufficient, and appropriate notice and complies with Bankruptcy Rules 4001(b) and 9014 and the Bankruptcy Local Rules, and no other or further notice of the Motion with respect to the relief requested at the Interim Hearing or the entry of this Interim Order shall be required.

F.     ***Debtors' Stipulations***.  In requesting the use of Cash Collateral, and in exchange for, and as a material inducement to, the consent of the Prepetition Secured Parties to the use of their Cash Collateral, each of the Debtors, for itself and its estate, admits, stipulates, acknowledges and agrees as follows, in each case, without prejudice to the rights of a Chapter 7 trustee, any statutory committees appointed in these cases or any other party in interest to the extent set forth in paragraph 20 of this Interim Order (subject to the limitations set forth therein):

(1)     *Prepetition Credit Agreement.*  Pursuant to that certain Loan Agreement, dated as of October 1, 2024 (as amended, restated, amended and restated, supplemented, or otherwise modified from time to time, the "**Prepetition Credit Agreement**," and together with all other agreements, documents, instruments and certificates executed or delivered in connection therewith, including, without limitation, the Loan Documents (as defined in the Prepetition Credit Agreement), collectively, the "**Prepetition Loan Documents**"), by and among Powin Energy Intermediate LLC, as the Parent Pledgor (the "**Parent Pledgor**"), Powin, LLC, as the Borrower (the "**Prepetition Borrower**"), the subsidiary guarantors party thereto (the "**Subsidiary Guarantors**" and, together with the Parent Pledgor and Prepetition Borrower, the "**Prepetition Loan Parties**"), GLAS USA LLC,

(Page 7)
Debtors:          Powin, LLC, *et al.*
Case No.          25-16137 (MBK)
Caption of Order: *Interim Order (I) Authorizing Postpetition Use of Cash Collateral, (II) Granting Adequate Protection to the Prepetition Secured Parties, (III) Scheduling a Final Hearing, and (IV) Granting Related Relief*

as the administrative agent and collateral agent (in such capacity, the "**Prepetition Agent**"), and the lenders party thereto (collectively, the "**Prepetition Lenders**" and, together with the Prepetition Agent, the "**Prepetition Secured Parties**), the Prepetition Lenders provided Loans (as defined in the Prepetition Credit Agreement) to the Prepetition Borrower.

(2)      *Prepetition Guaranty*.  Pursuant to Section 10 of the Prepetition Credit Agreement, the Parent Pledgor and the Subsidiary Guarantors guaranteed, on a joint and several basis, all of the Prepetition Secured Obligations (as defined below).

(3)      *Prepetition Loan Obligations.*  As of the Petition Date, the Prepetition Loan Parties were justly and lawfully indebted and liable to the Prepetition Secured Parties, without defense, counterclaim, or offset of any kind, in the outstanding principal amount of not less than $25,612,281.51 *plus* certain reimbursement obligations, fees, costs, expenses (including, without limitation, certain attorneys' fees and related fees, charges and disbursements), indemnification obligations, and any other amounts, contingent or otherwise, whenever arising or accruing, that may be due, owing or chargeable in respect thereof, in each case, to the extent provided in the Prepetition Loan Documents (collectively, the "**Prepetition Secured Obligations**"); provided that, for purposes of this Interim Order, Prepetition Secured Obligations shall also include postpetition fees (including attorneys' fees), costs, or charges to the extent provided in the Prepetition Loan Documents and to the extent allowed pursuant to Section 506(b) of the Bankruptcy Code.

(4)      *Prepetition Liens.*  Pursuant to the Security Documents (as defined in the Prepetition Credit Agreement), each of the Prepetition Loan Parties granted to the Prepetition Agent, for the benefit of itself and the Prepetition Lenders, valid and properly perfected continuing liens on and security interests (the "**Prepetition Liens**") in all Collateral (as defined in the Prepetition Credit Agreement) (collectively, the "**Prepetition Collateral**").

(5)      *Validity and Enforceability of Prepetition Secured Obligations.*  As of the Petition Date, the Prepetition Secured Obligations constitute the legal, valid, non-avoidable and binding obligations of each of the Debtors, enforceable in accordance with the terms of the Prepetition Loan Documents and (i) no portion of the Prepetition Secured Obligations and no amounts paid or payments made at any time by the Debtors to the Prepetition Secured Parties in respect of or applied to, as applicable, the Prepetition Secured Obligations, the Prepetition Loan Documents, and the transactions contemplated thereby is subject to contest, attack, objection, recoupment,

(Page 8)
Debtors:           Powin, LLC, *et al.*
Case No.           25-16137 (MBK)
Caption of Order: *Interim Order (I) Authorizing Postpetition Use of Cash Collateral, (II) Granting
Adequate Protection to the Prepetition Secured Parties, (III) Scheduling a Final Hearing, and (IV)
Granting Related Relief*

defense, setoff, counterclaim, avoidance, recharacterization, reclassification, disgorgement, reduction, disallowance, recovery or subordination, challenge or any other Cause of Action[4] of any kind or nature whatsoever, whether pursuant to the Bankruptcy Code, applicable non-bankruptcy law or otherwise, (ii) the Debtors do not have any claims, counterclaims, Causes of Action, defenses or setoff rights related to the Prepetition Secured Obligations or the Prepetition Loan Documents, whether arising on or prior to the date hereof, under the Bankruptcy Code or applicable non-bankruptcy law against the Prepetition Secured Parties, and each of their respective affiliates, agents, attorneys, advisors, professionals, officers, directors and employees (in their respective capacities as such), and (iii) the Prepetition Secured Obligations constitute allowed, secured claims within the meaning of sections 502 and 506 of the Bankruptcy Code.

(6)    *Validity and Enforceability of Prepetition Liens*.  As of the Petition Date, the Prepetition Liens (i) have been properly recorded and are valid, binding, enforceable, non-avoidable and fully perfected liens and security interests in the Prepetition Collateral, (ii) are not subject to any offset, contest, objection, recovery, recoupment, reduction, defense, counterclaim, subordination, recharacterization, disgorgement, disallowance, avoidance, challenge or any other claim or Cause of Action of any kind or nature whatsoever, whether under the Bankruptcy Code, applicable non-bankruptcy law or other applicable law, (iii) were granted to or for the benefit of the Prepetition Secured Parties for fair consideration and reasonably equivalent value, and were granted contemporaneously with, or covenanted to be provided as inducement for, the making of the loans and/or the commitments and other financial accommodations or consideration secured or obtained thereby, and (iv) without giving effect to this Interim Order, are senior with priority over any and all other liens on or security interests in the Prepetition Collateral.  The Adequate Protection Liens are subject and subordinate only to those valid, enforceable, and non-avoidable liens that are (1) in existence on the Petition Date, (2) either perfected as of the Petition Date or perfected subsequent to the Petition Date solely to the extent permitted by section 546(b) of the Bankruptcy Code, and (3) senior

---

[4]    As used in this Interim Order, "**Causes of Action**" means any action, claim, cause of action, controversy, demand, right, action, lien, indemnity, interest, guaranty, suit, obligation, liability, damage, judgment, account, defense, or offset of any kind or character whatsoever, whether known, unknown, contingent or non-contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether arising before, on, or after the entry of this Interim Order, in contract or in tort, in law (whether local, state, or federal U.S. or non-U.S. law) or in equity, or pursuant to any other theory of local, state, or federal U.S. or non-U.S. law.

(Page 9)
Debtors:          Powin, LLC, *et al.*
Case No.          25-16137 (MBK)
Caption of Order: *Interim Order (I) Authorizing Postpetition Use of Cash Collateral, (II) Granting Adequate Protection to the Prepetition Secured Parties, (III) Scheduling a Final Hearing, and (IV) Granting Related Relief*

in priority to the Prepetition Liens as of the Petition Date in accordance with applicable law (the "**Permitted Prior Liens**").[5]

(7)    *No Claims, Defenses, or Causes of Action.*  As of the date hereof, no claims, cross-claims, counterclaims, defenses or Causes of Action exist, including claims and Causes of Action arising under chapter 5 of the Bankruptcy Code or applicable state law equivalents (the "**Avoidance Actions**") or actions for recovery, recoupment, offset, setoff, disallowance, recharacterization, subordination (whether equitable, contractual, or otherwise), or disgorgement, against any of the Prepetition Secured Parties or any of their respective affiliates, agents, attorneys, advisors, professionals, officers, directors and employees (in their respective capacities as such) with respect to, in connection with, related to, or arising from the Prepetition Secured Obligations or any of the Prepetition Loan Documents, any action or conduct of any Prepetition Secured Party in respect thereof, or any of the transactions contemplated thereunder, that may be asserted by the Debtors, their respective estates, or any other person or entity.

(8)    *Cash Collateral.*  The Debtors admit, stipulate, acknowledge and agree that any and all of the Debtors' cash, whether existing as of the Petition Date or thereafter, wherever located (including, without limitation, all cash or cash equivalents in the control of or on deposit or maintained by the Debtors in any account or accounts, any amounts generated by the sale or other disposition of Prepetition Collateral, and all income, proceeds, products, rents or profits of any Prepetition Collateral), constitutes "cash collateral" of the Prepetition Secured Parties within the meaning of section 363(a) of the Bankruptcy Code (such cash and cash equivalents, the "**Cash Collateral**").

(9)    *Releases.*  Subject to the rights and limitations set forth in paragraph 20 of this Interim Order, each of the Debtors, on behalf of itself and its estate, hereby absolutely, unconditionally and irrevocably releases and forever discharges and acquits the Prepetition Secured Parties and each of their respective former, current, and future officers, directors, employees,

---

[5]    Nothing contained herein shall constitute a finding or ruling by this Court that any alleged Permitted Prior Lien is valid, senior, enforceable, prior, perfected, or non-avoidable.  Moreover, nothing contained herein shall prejudice the rights of any party-in-interest, including, but not limited to the Debtors, the Prepetition Secured Parties, and the Official Committee (if any), in each case to the extent such party has standing to challenge the validity, priority, enforceability, seniority, avoidability, perfection or extent of any alleged Permitted Prior Lien (subject to the terms of this Interim Order).  For the purposes hereof, any alleged claim arising or asserted as a right of reclamation or return (whether asserted under section 546(c) of the Bankruptcy Code or otherwise) is not a Permitted Prior Lien.

(Page 10)
Debtors:          Powin, LLC, *et al.*
Case No.          25-16137 (MBK)
Caption of Order: *Interim Order (I) Authorizing Postpetition Use of Cash Collateral, (II) Granting Adequate Protection to the Prepetition Secured Parties, (III) Scheduling a Final Hearing, and (IV) Granting Related Relief*

shareholders, stockholders, equity holders, owners, members, managers, partners, principals, subsidiaries, affiliates, funds or managed accounts, agents, advisors, attorneys, accountants, investment bankers, consultants, other professionals and representatives, together with the respective successors and assigns thereof, in each case, in their respective capacities as such (collectively, the "**Representatives**"), from any and all claims, offsets, defenses, counterclaims, set off rights, objections, challenges, Causes of Action and/or choses in action, liabilities, losses, damages, responsibilities, disputes, remedies, actions, suits, controversies, reimbursement obligations (including, attorneys' fees), premiums, fees, costs, expenses, or judgments of every type, whether known or unknown, asserted or unasserted, fixed or contingent, pending or threatened, of any kind or nature whatsoever, whether arising at law or in equity (including, without limitation, any theory of so called "lender liability" or equitable subordination or any claim or defense asserting recharacterization, subordination, or avoidance, any claim arising under or pursuant to section 105 or chapter 5 of the Bankruptcy Code or any other provision of the Bankruptcy Code or of applicable state or federal law, or any other claim, Cause of Action, or defense arising under the Bankruptcy Code or applicable non-bankruptcy law), in each case, arising under, in connection with, or related to the Debtors or their estates, the extent, amount, validity, enforceability, priority, security, and perfection of the Prepetition Secured Obligations, the Prepetition Liens, the Prepetition Loan Documents, and/or the transactions contemplated thereunder or hereunder, in each case, arising at any time prior to entry of this Interim Order.

G.     ***Need for Use of Cash Collateral.***  The Debtors have an immediate and critical need to use Cash Collateral on an interim basis to permit the orderly continuation of the operation of their businesses, maintain business relationships with customers, vendors, and suppliers, make payroll, pay the costs of administering the Chapter 11 Cases, and satisfy other working capital and operational needs (in each case, in accordance with and subject to this Interim Order) for the benefit of the estates and the Debtors' creditors and stakeholders, including the Prepetition Secured Parties. The access of the Debtors to sufficient working capital and liquidity through the use of Cash Collateral and other Prepetition Collateral is necessary and vital to the preservation and

(Page 11)
Debtors:            Powin, LLC, *et al.*
Case No.            25-16137 (MBK)
Caption of Order: *Interim Order (I) Authorizing Postpetition Use of Cash Collateral, (II) Granting Adequate Protection to the Prepetition Secured Parties, (III) Scheduling a Final Hearing, and (IV) Granting Related Relief*

maintenance of the going concern value of the Debtors and their successful reorganization. The Debtors do not have sufficient sources of working capital and financing to operate their business in the ordinary course of business without the use of Cash Collateral. Absent the ability to use Cash Collateral and the other Prepetition Collateral, the continued operation of the Debtors' businesses would not be possible, and immediate and irreparable harm to the Debtors and their estates would be inevitable.

H.      ***Use of Cash Collateral.***   As a condition to their consent to the use of Cash Collateral, the Prepetition Secured Parties require, and the Debtors have agreed, that all Cash Collateral shall be used and/or applied solely for the purposes permitted in the Approved Budget (as defined below), including, without limitation, (i) to pay the costs of administration of the Chapter 11 Cases, (ii) for general corporate and working capital purposes, and (iii) to pay adequate protection payments to the extent set forth herein, in each case, in accordance with the terms and conditions of this Interim Order.

I.      ***Adequate Protection.***   The Prepetition Secured Parties have agreed to permit the Debtors to use the Prepetition Collateral, including the Cash Collateral, subject to the terms and conditions set forth herein. The Prepetition Secured Parties are entitled to adequate protection as set forth herein pursuant to sections 361, 362, and 363 of the Bankruptcy Code for the Debtors' use of the Prepetition Collateral, including Cash Collateral, and the imposition of the automatic stay, in the case of the Adequate Protection Liens and Adequate Protection Superpriority Claims (each, as defined below), solely to the extent of any postpetition Diminution in Value (as defined below).  The Prepetition Lenders have expressly consented to the entry of this Interim Order and

(Page 12)

Debtors:           Powin, LLC, *et al.*

Case No.          25-16137 (MBK)

Caption of Order: *Interim Order (I) Authorizing Postpetition Use of Cash Collateral, (II) Granting Adequate Protection to the Prepetition Secured Parties, (III) Scheduling a Final Hearing, and (IV) Granting Related Relief*

relief provided herein and pursuant to the terms of the Prepetition Loan Documents.  As adequate protection against any postpetition aggregate Diminution in Value of the Prepetition Secured Parties' respective liens and security interests in the Prepetition Collateral (including Cash Collateral) from and after the Petition Date resulting from, among other things, (i) the use, sale, or lease by the Debtors of such collateral, (ii) the use of Cash Collateral by each of the Debtors on a dollar-for-dollar basis, (iii) the imposition of the automatic stay, and (iv) the imposition of the Carve-Out (as defined below) (collectively, and to the fullest extent permitted under the Bankruptcy Code or other applicable law, the "**Diminution in Value**"), the Prepetition Secured Parties are entitled to adequate protection, pursuant to sections 361, 362, and 363 of the Bankruptcy Code, as set forth in this Interim Order; *provided, however*, that nothing in this Interim Order shall (x) be construed as the affirmative consent by any of the Prepetition Secured Parties for the use of Cash Collateral or other Prepetition Collateral other than on the terms expressly set forth in this Interim Order, or (y) prejudice, limit or otherwise impair the rights of any of the Prepetition Secured Parties to seek new, different or additional adequate protection after the date hereof.

J.        ***Consent***.  The Prepetition Lenders have consented to the Debtors' use of Prepetition Collateral (including Cash Collateral) in accordance with and subject to the terms and conditions set forth in this Interim Order and the Approved Budget, and the terms of the adequate protection provided for in this Interim Order, including that the Adequate Protection Liens and Adequate Protection Superpriority Claims (and all other liens and claims of the Prepetition Secured Parties) are subject and subordinate to the Carve-Out.

(Page 13)
Debtors:            Powin, LLC, *et al.*
Case No.            25-16137 (MBK)
Caption of Order: *Interim Order (I) Authorizing Postpetition Use of Cash Collateral, (II) Granting Adequate Protection to the Prepetition Secured Parties, (III) Scheduling a Final Hearing, and (IV) Granting Related Relief*

K.      ***Limitation on Charging Expenses Against Collateral***.  In light of the Prepetition Secured Parties' agreement to subordinate their liens and claims to the Carve-Out, to consent to the ProjectCo Contribution (as defined below), and to permit the use of their Cash Collateral as set forth herein and in the Final Order, subject to and effective upon entry of the Final Order granting such relief, no costs or expenses of administration of the Chapter 11 Cases, any case under chapter 7 of the Bankruptcy Code upon the conversion of any of the Chapter 11 Cases, or in any other proceedings superseding or relating to any of the foregoing and/or upon the dismissal of any of the Chapter 11 Cases or any such successor cases (collectively, the "**Successor Cases**") shall be charged against or recovered from any Prepetition Collateral (including Cash Collateral) pursuant to sections 105 or 506(c) of the Bankruptcy Code or any similar principle of law, as against the Prepetition Secured Parties, without the prior written consent of the requisite Prepetition Secured Parties (which may be evidenced by electronic mail from counsel to the Prepetition Agent), and no such consent shall be implied from any other action, inaction, or acquiescence by any of the Prepetition Secured Parties.

L.      ***No Marshaling; 552(b) Waiver.***   In light of the Prepetition Secured Parties' agreement to subordinate their liens and superpriority claims to the Carve-Out, to consent to the ProjectCo Contribution, and to permit the use of their Cash Collateral as set forth herein and in the Final Order, and subject to and effective upon entry of the Final Order granting such relief, (i) in no event shall the Prepetition Secured Parties be subject to the equitable doctrine of "marshaling" or any similar doctrine with respect to the Prepetition Collateral or the Prepetition Secured Obligations and (ii) each of the Prepetition Secured Parties shall be entitled to all of the rights and

(Page 14)
Debtors:         Powin, LLC, *et al.*
Case No.         25-16137 (MBK)
Caption of Order: *Interim Order (I) Authorizing Postpetition Use of Cash Collateral, (II) Granting Adequate Protection to the Prepetition Secured Parties, (III) Scheduling a Final Hearing, and (IV) Granting Related Relief*

benefits of section 552(b) of the Bankruptcy Code, and, subject to and effective upon entry of the Final Order granting such relief, in no event shall the "equities of the case" exception in section 552(b) of the Bankruptcy Code apply to the Prepetition Secured Parties or the Prepetition Collateral.

M.     ***Proper Exercise of Business Judgment***.   Based on the Motion, the First Day Declaration, and the record presented to the Court at the Interim Hearing, (i) the terms of adequate protection granted to the Prepetition Secured Parties, (ii) the terms on which the Debtors may continue to use Prepetition Collateral (including Cash Collateral), and (iii) the Cash Collateral arrangements described herein, (a) were negotiated in good faith and at arm's length among the Prepetition Loan Parties and the Prepetition Lenders and (b) reflect the Debtors' exercise of prudent business judgment.  Absent the ability to continue to use Cash Collateral upon the terms set forth herein, the Debtors, their estates, their creditors, and other parties-in-interest will be seriously and irreparably harmed.

N.     ***Initial Budget***.  The Debtors have prepared the itemized cash flow forecast set forth on **Exhibit 1** attached hereto (the "**Initial Budget**," as updated by the Debtors and acceptable to the Prepetition Lenders from time to time in accordance with the terms of this Interim Order, the "**Approved Budget**").  The Initial Budget is an integral part of this Interim Order, and the Prepetition Lenders are relying, in part, upon the Debtors' agreement to comply, subject to Permitted Variance (as defined below), with the Initial Budget, in determining to allow the Debtors' use of Cash Collateral in accordance with the terms of this Interim Order.

(Page 15)

Debtors:           Powin, LLC, *et al.*

Case No.           25-16137 (MBK)

Caption of Order: *Interim Order (I) Authorizing Postpetition Use of Cash Collateral, (II) Granting Adequate Protection to the Prepetition Secured Parties, (III) Scheduling a Final Hearing, and (IV) Granting Related Relief*

O.    ***Good Faith***.  The parties herein have acted in good faith, at arm's length, and with sound business judgment in connection with this Interim Order.

P.    ***Need for Immediate Entry of this Interim Order***.  The Debtors have requested immediate entry of this Interim Order pursuant to Bankruptcy Rule 4001(b)(2).  The permission granted herein to use Cash Collateral (and provide adequate protection therefor) is necessary, essential, and appropriate to avoid immediate and irreparable harm to the Debtors and their estates and creditors.

**NOW THEREFORE**, based upon the foregoing findings and conclusions, the Motion, the First Day Declaration, and the record before the Court, and after due consideration, and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.    ***Motion Granted.***  The use of Cash Collateral is hereby authorized and approved on an interim basis and the Motion is hereby **GRANTED** in accordance with and subject to the terms and conditions of this Interim Order.  Any objections or other statements with respect to any of the relief set forth in this Interim Order that have not been withdrawn, waived, or settled, and all reservation of rights inconsistent with this Interim Order, are hereby denied and overruled.

2.    ***Authorization to Use Cash Collateral***.  Subject to the provisions of this Interim Order (including the Carve-Out), the Debtors are authorized to use Cash Collateral during the period from the Petition Date through and including a Termination Date (as defined below) to operate the Debtors' businesses in the ordinary course and pay certain costs, fees, and expenses related to the Chapter 11 Cases, in accordance with the Approved Budget as provided herein, and

(Page 16)
Debtors:          Powin, LLC, *et al.*
Case No.          25-16137 (MBK)
Caption of Order: *Interim Order (I) Authorizing Postpetition Use of Cash Collateral, (II) Granting Adequate Protection to the Prepetition Secured Parties, (III) Scheduling a Final Hearing, and (IV) Granting Related Relief*

as approved by any order of this Court.

3.      ***Approved Budget.***  Subject to the provisions of this Interim Order (including the Carve-Out), the Debtors are authorized to use Cash Collateral in accordance with the Approved Budget (subject to Permitted Variance) through June 30, 2025 (the "**Expiration Date**") as may be amended, replaced, extended, supplemented, or otherwise modified in accordance with the terms of this Interim Order with the consent of the Prepetition Lenders (in their sole discretion).  On the Friday of each week, the Debtors shall deliver a reconciliation report (the "**Variance Report**") to the Prepetition Lenders and any statutory committees appointed in these cases, in form reasonably satisfactory to the Prepetition Lenders, showing variances of budget amounts to actual amounts on a line-item basis for the period for the prior week (the "**Testing Period**").  The Variance Report will include (i) the variance (as compared to the applicable Approved Budget) of actual cash receipts of the Debtors for Testing Period (as defined below), (ii) the variance (as compared to the applicable Approved Budget) of the operating disbursements made by the Debtors set forth in the Approved Budget for the Testing Period, and (iii) an explanation, in reasonable detail, for any material variances set forth in such Variance Report.

4.      The Debtors shall not permit a total operating disbursement variance for any prior week to have a negative variance in excess of 15% (with negative variance meaning, for the avoidance of doubt, that actual operating disbursements are greater than the projected operating disbursements) (the variance otherwise permitted by this covenant, the "**Permitted Variance**").

5.      On or before June 27, 2025, the Debtors shall deliver to the Prepetition Agent, the U.S. Trustee, and any statutory committees appointed in these cases, a revised cash flow forecast

(Page 17)
Debtors:          Powin, LLC, *et al.*
Case No.          25-16137 (MBK)
Caption of Order: *Interim Order (I) Authorizing Postpetition Use of Cash Collateral, (II) Granting Adequate Protection to the Prepetition Secured Parties, (III) Scheduling a Final Hearing, and (IV) Granting Related Relief*

substantially in the format of the Initial Budget (the "**Revised Budget**") for a time period to be agreed between the Debtors and the Prepetition Lenders from and after the Expiration Date.  If the Prepetition Lenders agree to the proposed Revised Budget, the Revised Budget will become the Approved Budget and the Debtors will be authorized to continue to use Cash Collateral in accordance with the Revised Budget and this Interim Order through a date to be agreed by the Debtors and the Prepetition Lenders subject to the review and opportunity to object by the U.S. Trustee and any statutory committees appointed in these cases.  If the Prepetition Lenders (in their sole discretion) do not agree to the proposed Revised Budget, the Debtors' consensual use of Cash Collateral shall terminate on the Expiration Date.

6.     ***Limitations on Use of Cash Collateral.***  The Debtors shall not be permitted to make any payments on account of any prepetition debt or obligation before the effective date of a confirmed chapter 11 plan or plans with respect to any of the Debtors, except: (i) with respect to the Prepetition Secured Obligations as set forth in this Interim Order; (ii) as provided in any order in connection with any relief requested by the Debtors at the commencement of these Chapter 11 Cases, each in form and substance reasonably acceptable to the Prepetition Lenders; or (iii) any payment made in accordance with the Approved Budget, subject to Permitted Variance.  The use of Cash Collateral pursuant to the terms and conditions of this Interim Order and in accordance with the Approved Budget shall not be deemed to be consent by the Prepetition Lenders to any other or future use of Cash Collateral or to use any Cash Collateral in any amount or for any purpose in excess of the amount set forth in the Approved Budget, subject to the Permitted Variance.  The Debtors are expressly authorized to reserve amounts for sales taxes and other

(Page 18)
Debtors:            Powin, LLC, *et al.*
Case No.            25-16137 (MBK)
Caption of Order: *Interim Order (I) Authorizing Postpetition Use of Cash Collateral, (II) Granting Adequate Protection to the Prepetition Secured Parties, (III) Scheduling a Final Hearing, and (IV) Granting Related Relief*

similar taxes in accordance with applicable non-bankruptcy law as reasonably estimated by the Debtors in consultation with the Prepetition Lenders.  To the extent such reserve amounts are reasonable estimates of such tax obligations, the Prepetition Secured Parties hereby consent to the Debtors' reservation of such amounts.  If such reserved amounts are not ultimately used to pay sales taxes and other similar taxes, they shall be released from such reserves.

      7.    ***Adequate Protection for the Prepetition Secured Parties.***  Subject only to the Carve-Out and the terms of this Interim Order, pursuant to sections 361 and 363 of the Bankruptcy Code, as adequate protection of the interests of the Prepetition Secured Parties in the Prepetition Collateral (including Cash Collateral), in each case, for the potential Diminution in Value of the Prepetition Collateral (including Cash Collateral), the Prepetition Agent, for the benefit of itself and the other Prepetition Secured Parties, is hereby granted the following (the liens, security interests, payments, and other obligations set forth in this paragraph 7, collectively, the "**Adequate Protection Obligations**"):

      (a)    *Adequate Protection Payments*.  As adequate protection for the potential Diminution of Value of the Prepetition Secured Parties' interests in the Prepetition Collateral, the Debtors shall make two (2) payments of $4,000,000 each, totaling $8,000,000 in the aggregate, to the Prepetition Agent on account of the Prepetition Secured Obligations as follows: (i) first, by June 13, 2025; and second, by June 20, 2025; *provided* that the Prepetition Lenders may (in their sole discretion) waive or defer, in whole or in part, the right to receive such payment and elect instead for the Debtors to retain and use such Cash Collateral subject to the terms of this Interim Order or make such payment on a later date as agreed by the Prepetition Lenders (in their sole discretion); *provided*, *further*, that during the period from the entry of the Interim Order through the Expiration Date, Powin Project LLC ("**ProjectCo**") shall not be obligated to make such adequate protection payments (but, for the avoidance of doubt, the other Debtors shall).

(Page 19)
Debtors:            Powin, LLC, *et al.*
Case No.            25-16137 (MBK)
Caption of Order: *Interim Order (I) Authorizing Postpetition Use of Cash Collateral, (II) Granting Adequate Protection to the Prepetition Secured Parties, (III) Scheduling a Final Hearing, and (IV) Granting Related Relief*

    (b)    *Adequate Protection Liens*. As security for and solely to the extent of any Diminution in Value of the Prepetition Secured Parties' interests in the Prepetition Collateral and subject in all respects to payment of the Carve-Out, the Prepetition Agent, for the benefit of itself and the other Prepetition Secured Parties, is hereby granted (effective and perfected as of the entry of this Interim Order and without the necessity of the execution by the Debtors of any security agreements, control agreements, pledge agreements, financing statements, mortgages or other similar documents, or the possession or control by the Prepetition Agent of any Collateral (as defined below)) valid, binding, continuing, enforceable, fully-perfected, nonavoidable, additional and replacement liens (the "**Adequate Protection Liens**") in all Collateral, which Adequate Protection Liens shall be subject only to any Permitted Prior Liens, but shall be senior to any and all other liens and security interests in the Collateral. For the avoidance of doubt, if the Prepetition Liens are determined to be junior to any Permitted Prior Lien, the Adequate Protection Liens shall also be junior to such Permitted Prior Lien to the same extent and in the same relative priority. Furthermore, the Adequate Protection Liens shall not attach to any assets that are not or do not become property of the Debtors' estates. Nothing herein shall alter the rights of any party under section 365(n) of the Bankruptcy Code.

    (c)    *Collateral*. The term "**Collateral**" means all assets and properties of each of the Debtors of any kind or nature whatsoever, whether tangible or intangible, real, personal or mixed, including, without limitation, any and all cash and cash equivalents of the Debtors, deposit, securities and other accounts (together with all cash and cash equivalents, instruments and other property deposited therein or credited thereto), accounts receivables and other receivables (including those generated by intercompany transactions), rights to payment, contracts and contract rights, goods, inventory, plants, fixtures, machinery, equipment, vehicles, real property and leasehold interests, general intangibles, documents, instruments, securities, capital stock of subsidiaries, investment property, chattel paper, franchise rights, patents, tradenames, trademarks, copyrights, licenses and all other intellectual property, tax and other refunds, insurance proceeds, books and records, Causes of Action (other than Avoidance Actions), and commercial tort claims, in the case of each of the foregoing, whether now owned by or owing to, or hereafter acquired by, or arising in favor of, any of the Debtors, whether prior to or after the Petition Date, whether owned or consigned by or to, or leased from or to, the Debtors, and wherever located, including, without limitation, each of the Debtors' rights, title and interests in (i) all Prepetition Collateral and (ii) all "Collateral" (as defined in the Prepetition Loan Documents), and all proceeds, products, offspring, and profits of each

(Page 20)
Debtors:          Powin, LLC, *et al.*
Case No.          25-16137 (MBK)
Caption of Order: *Interim Order (I) Authorizing Postpetition Use of Cash Collateral, (II) Granting Adequate Protection to the Prepetition Secured Parties, (III) Scheduling a Final Hearing, and (IV) Granting Related Relief*

of the foregoing and all accessions to, substitutions, and replacements for, each of the foregoing, excluding Avoidance Actions but including any proceeds or property recovered, whether by judgment, settlement or otherwise, of the Debtors' Avoidance Actions (collectively, the "**Avoidance Action Proceeds**") during the Interim Period; *provided* that all parties' in interest rights are reserved to object to attachment of the Adequate Protection Liens on Avoidance Action Proceeds at the hearing on a Final Order on a go-forward basis, but, for the avoidance of doubt, not with respect to the Adequate Protection Liens granted herein on Avoidance Action Proceeds during the period from entry of this Interim Order through entry of a Final Order.  For the avoidance of doubt, Collateral shall include commercial tort claims, other Causes of Action and Avoidance Action Proceeds with respect to Causes of Action against current and former equity holders, officers and directors.

(d)     *Adequate Protection Superpriority Claims.*  As further adequate protection, and to the extent provided by sections 503(b) and 507(b) of the Bankruptcy Code, including subject to the priorities set forth therein, the Prepetition Agent, for the benefit of itself and the other Prepetition Secured Parties, is hereby granted allowed superpriority administrative expense claims ahead of and senior to any and all other administrative expense claims solely to the extent of, and in an aggregate amount equal to, any postpetition Diminution in Value and subject in all respects to payment of the Carve-Out (the "**Adequate Protection Superpriority Claims**").  Subject to the Carve-Out in all respects, to the extent of any Diminution in Value, the Adequate Protection Superpriority Claims will not be junior to any claims and shall have priority over all administrative expense claims and other claims against each of the Debtors, now existing or hereinafter arising, of any kind or nature whatsoever, including, without limitation, all administrative expense claims of the kinds specified in section 507(b) of the Bankruptcy Code provided that such claims shall not have priority over claims of the type specified in section 507(a)(1) of the Bankruptcy Code solely to the extent of, and in an aggregate amount equal to, any postpetition Diminution in Value.

(e)     *Status of Adequate Protection Liens.*  Except for the Carve-Out and as otherwise expressly permitted hereunder, the Adequate Protection Liens shall not be subject or junior to any lien or security interest that is avoided and preserved for the benefit of the Debtors' estates under section 551 of the Bankruptcy Code and shall not be subordinated to or made *pari passu* with any lien, security interest, or administrative claim under section 364 of the Bankruptcy Code or otherwise.

(Page 21)
Debtors:          Powin, LLC, *et al.*
Case No.          25-16137 (MBK)
Caption of Order: *Interim Order (I) Authorizing Postpetition Use of Cash Collateral, (II) Granting Adequate Protection to the Prepetition Secured Parties, (III) Scheduling a Final Hearing, and (IV) Granting Related Relief*

(f)      *Right to Seek Additional Adequate Protection.*  This Interim Order is without prejudice to, and does not constitute a waiver of, expressly or implicitly, the rights of any of the Prepetition Secured Parties to request further or alternative forms of adequate protection at any time or the rights of the Debtors or any other party to contest such request.

(g)      *Cash Management Covenant*.  The Debtors shall maintain their cash management arrangements in a manner consistent with those described in the applicable "first day" order.  Except as necessary to fund the Carve-Out after delivery of a Remedies Notice (which must be provided to the Debtors, any statutory committee appointed in these cases, and the U.S. Trustee), the Debtors shall be prohibited from transferring any cash out of the Core Controlled Account (as defined in the Prepetition Credit Agreement) without the consent of the Prepetition Lenders.

(h)      *Reporting*.  Upon reasonable advance written notice, the Debtors shall provide the Prepetition Agent and any statutory committees appointed in these cases with reasonable access during business hours to the Debtors' facilities, management, books, and records required under the Prepetition Loan Documents.  The Debtors shall also provide the Prepetition Agent and any statutory committees appointed in these cases with such other and further financial and operational reporting as the parties have agreed or may agree in writing (for which writing email shall suffice).  The Debtors will also have telephonic meetings with the Prepetition Lenders on request on reasonable notice.

8.      ***Access and Information***.  Without limitation of the requirements contained in the Prepetition Loan Documents, upon reasonable prior written notice (including via acknowledged electronic mail) during normal business hours, the Debtors shall permit the Prepetition Lenders and their Representatives (each of which is bound by obligations of confidentiality pursuant to a separate confidentiality agreement entered into with the Debtors) to have reasonable access to such information regarding the operations, business affairs, and financial condition of the Debtors or any of their subsidiaries, or compliance with the terms of the Prepetition Credit Agreement as the Prepetition Lenders may reasonably request, and it being understood that nothing in this paragraph

(Page 22)
Debtors:                Powin, LLC, *et al.*
Case No.                25-16137 (MBK)
Caption of Order: *Interim Order (I) Authorizing Postpetition Use of Cash Collateral, (II) Granting Adequate Protection to the Prepetition Secured Parties, (III) Scheduling a Final Hearing, and (IV) Granting Related Relief*

8 shall require the Debtors (or any of their advisors) to take any action that would conflict with any applicable requirements of law or any binding agreement, or that would waive any attorney-client or similar privilege.

9.      ***ProjectCo Contribution***.  Subject to and effective upon entry of the Final Order, and the terms and conditions of the Forbearance Agreement (as defined in the Motion), the Debtors (other than ProjectCo) are hereby authorized to transfer, assign and convey to ProjectCo all intellectual property, rights, assets and licenses necessary for ProjectCo to provide ongoing service to the Debtors' existing and future customers. In connection therewith, ProjectCo shall assume all of the other Debtors' rights and obligations under any technology escrow agreements between any other Debtor and the Debtors' customers and the applicable Debtors other than ProjectCo shall enter into a services agreement with ProjectCo to provide necessary employees and related support to ProjectCo in pursuing service contracts with customers.  Upon any such transfer, assignment and/or conveyance, the Debtors shall provide prompt written notice to the Prepetition Lenders, and the Prepetition Liens shall hereby be deemed to automatically continue to be valid, binding, continuing, perfected, and enforceable against ProjectCo with respect to such transferred, assigned and/or conveyed assets, in each case automatically and without the need for the execution, delivery, filing or recordation of any document or instrument of any kind whatsoever. Notwithstanding the foregoing, and without limiting the obligations of the Debtors and ProjectCo as set forth in the Forbearance Agreement, the Debtors shall be authorized and required, as of the entry of this Interim Order, to enter into, execute and deliver any security documentation as reasonably requested by the Prepetition Lenders with respect to ProjectCo (including as described

(Page 23)
Debtors:          Powin, LLC, *et al.*
Case No.          25-16137 (MBK)
Caption of Order: *Interim Order (I) Authorizing Postpetition Use of Cash Collateral, (II) Granting Adequate Protection to the Prepetition Secured Parties, (III) Scheduling a Final Hearing, and (IV) Granting Related Relief*

in the Forbearance Agreement) and the Prepetition Secured Parties are authorized to make any

associated public filings.  Further, as of the Petition Date and thereafter, the Prepetition Secured

Parties shall be deemed to have valid, binding, continuing, perfected and enforceable liens over all

equity interests of ProjectCo and all assets of ProjectCo that qualify as Collateral.  ProjectCo shall

be precluded from incurring any indebtedness other than the Prepetition Secured Obligations and

shall not issue any equity interests other than common equity interests issued to Powin, LLC.

10.   ***Payment of Professionals; Carve-Out; Funding Thereof***.

(a)   *Payments of Professional Fees*. The Debtors shall be permitted to pay (x) statutory fees payable to the U.S. Trustee pursuant to 28 U.S.C. § 1930(a)(6), together with the statutory rate of interest, which shall not be limited by any budget ("**Statutory Fees**") and any fees payable to the Clerk of the Court and (y) prior to the delivery of the Remedies Notice (as defined below) under this Interim Order, professional fees and expenses incurred by attorneys, accountants and other professionals, including ordinary course professionals, retained by the Debtors and any Committee under sections 327 or 1103(a) of the Bankruptcy Code (together, the "**Professionals**" and each, a "**Professional**"), including any expenses of the members of such Committee, (the "**Professional Fees**") solely (i) to the extent allowed by Court order and payable under sections 326, 328, 330 and 331 of the Bankruptcy Code and any interim procedures order and (ii) in amounts not exceeding the amounts set forth in the Approved Budget for each such Professional's Professional Fee; *provided* that any fees, expenses or costs incurred by the  Committee in excess of the Investigation Budget (as defined below) shall not constitute an allowable administrative expense claim, including for purposes of section 1129(a)(9)(A) of the Bankruptcy Code. For the avoidance of doubt, if a Professional's Professional Fees for a given period is less than the amount set forth in the Budget for such period, then the excess of amount under the Budget shall carry over to be included in the following period's cap.

(b)   *Carve-Out*. Payment of any amounts on account of the Prepetition Secured Obligations, the Prepetition Liens, the Adequate Protection Liens, and the Adequate Protection Superpriority Claims shall be subject and subordinate in all respects to the payment of the following (collectively, the "**Carve-Out**"): (i) Statutory Fees (without regard to the Remedies Notice); (ii) all

(Page 24)
Debtors:                Powin, LLC, *et al.*
Case No.                25-16137 (MBK)
Caption of Order: *Interim Order (I) Authorizing Postpetition Use of Cash Collateral, (II) Granting Adequate Protection to the Prepetition Secured Parties, (III) Scheduling a Final Hearing, and (IV) Granting Related Relief*

reasonable fees and expenses up to $25,000 incurred by a trustee under section 726(b) of the Bankruptcy Code (without regard to the Remedies Notice); (iii) the unpaid and outstanding reasonable fees and expenses actually incurred by Professionals on or after the Petition Date and through the day of delivery of a Remedies Notice under this Interim Order, up to the amounts set forth for each Professional in the Approved Budget for such period, to the extent allowed by Court order and payable under sections 326, 328, 330 and 331 of the Bankruptcy Code and any interim procedures order; and (iiv) the unpaid and outstanding reasonable fees and expenses actually incurred by the Professionals from or after the day following the delivery of a Remedies Notice under this Interim Order, to the extent allowed by Court order and payable under sections 326, 328, 330, and 331 of the Bankruptcy Code and any interim procedures order, in an aggregate amount not to exceed $250,000 (the "**Post-Termination Carve-Out Cap**").

(c)     *Funding of Carve-Out Prior to Delivery of Remedies Notice.*  Within five (5) business days of entry of this Interim Order,  the Debtors shall fund into the trust account for the Debtors' general bankruptcy counsel or other segregated reserve or escrow account not subject to the control of the Prepetition Secured Parties (the "**Carve-Out Account**") an amount equal to the total budgeted Debtor Professionals fees, respectively, for the first two (2) weeks set forth in the Approved Budget and, thereafter, the Debtors are authorized to transfer into the Carve-Out Account on a weekly basis cash in an amount equal to the estimated Professionals fees (excluding any restructuring, sale, success or other transaction fee of any investment bankers or financial advisors) for the next unfunded week set forth in the Approved Budget.  Thereafter, the Debtors shall use such funds held in the Carve-Out Account solely to pay Professionals fees as they become allowed and payable pursuant to interim or final orders of the Court; *provided* that in no way shall the Budget, the Carve-Out, the Carve-Out Account, the Post-Termination Carve-Out Cap, or any other provision of this Interim Order be or shall be deemed to be construed as a cap or limitation on the amount of Professional Fees due and payable by the Debtors or their estates as an administrative expense under the Bankruptcy Code.

(d)     *Funding of Carve-Out Upon Delivery of Remedies Notice.*  Upon delivery of a Remedies Notice, the Debtors shall deposit into the Carve-Out Account an aggregate amount equal to the sum of the Post-Termination Carve-Out Cap plus (solely to the extent not already deposited) all unpaid and outstanding reasonable fees and expenses actually incurred by all of the Professionals prior to the delivery of the Remedies Notice in an amount not to exceed the amounts set forth in the Approved Budget for the payment of

(Page 25)
Debtors:          Powin, LLC, *et al.*
Case No.          25-16137 (MBK)
Caption of Order: *Interim Order (I) Authorizing Postpetition Use of Cash Collateral, (II) Granting
Adequate Protection to the Prepetition Secured Parties, (III) Scheduling a Final Hearing, and (IV)
Granting Related Relief*

such Professionals through the date of delivery of the Remedies Notice. The funds in the Carve-Out Account shall be used solely to pay Professional Fees as and when allowed by order of the Court in accordance with paragraph 10(b) above. To the extent the Court does not approve any of the Professional Fees that were to be paid from funds segregated in the Carve-Out Account, or any amounts in the Carve-Out Account are ultimately not used for such purposes, such unused amounts shall be returned to the Debtors, subject to the rights, liens and claims of the Prepetition Secured Parties under this Interim Order and the Prepetition Loan Documents.

(e)     Notwithstanding the provisions of this Interim Order (including this paragraph 10), the Prepetition Secured Parties reserve the right to object to the allowance of any fees and expenses, whether or not such fees and expenses were incurred in accordance with the Approved Budget. The Prepetition Secured Parties shall not be responsible for the direct payment or reimbursement of any Professional Fees, any Statutory Fees or the fees or expenses of any other party incurred in connection with these Chapter 11 Cases or any Successor Case. The appearance of any Professional Fees in the Budget are for purposes of estimated accruals only and (x) shall not be deemed an authorization for the Debtors to pay any Professional Fees absent a Court order authorizing such payment and (y) shall not, in any way, be probative (or otherwise have any impact) with respect to the allowance of the payment of any such Professional Fees or any party's right to object to the payment of such Professional Fees. This Interim Order does not, and shall not be deemed to, itself authorize the payment of any Professional Fees.

11.     **Termination Events**.  Subject to the Remedies Notice Period (as defined herein), and subject to paragraph 11 herein, the Debtors' right to use the Cash Collateral pursuant to this Interim Order shall cease on the Termination Date (as defined herein).  As used herein "**Termination Events**" means any of the events set forth in clauses (a) through (t) below (each such events a "**Termination Event**," and the date upon which such Termination Event occurs, the "**Termination Date**"):

(a)     a Final Order acceptable to the Debtors and the Prepetition Agent is not entered by the Court by 11:59 p.m. on the date that is 35 days after the Petition Date;

(Page 26)
Debtors:            Powin, LLC, *et al.*
Case No.            25-16137 (MBK)
Caption of Order: *Interim Order (I) Authorizing Postpetition Use of Cash Collateral, (II) Granting Adequate Protection to the Prepetition Secured Parties, (III) Scheduling a Final Hearing, and (IV) Granting Related Relief*

(b)      the effective date of a chapter 11 plan of one or more of the Debtors;

(c)      the violation of any term of this Interim Order by the Debtors (other than as described in clause (m) below) that is not cured within five (5) business days of receipt by the Debtors, counsel for any statutory committees appointed in these cases, and the U.S. Trustee of notice of such default, violation, or breach (which may be provided to the Debtors, counsel for the Official Committee, and the U.S. Trustee by email);

(d)      the entry of any order modifying, reversing, revoking, staying for a period in excess of five (5) business days, rescinding, vacating, or amending this Interim Order without the express written consent of the Prepetition Lenders;

(e)      the filing by the Debtors of motion to dismiss any of the Chapter 11 Cases, or the entry of any order dismissing any of these Chapter 11 Cases (other than following the effective date of a chapter 11 plan) without the express written consent of the Prepetition Lenders, or a trustee under chapter 11 of the Bankruptcy Code or an examiner is appointed in any of the Chapter 11 Cases;

(f)      the filing by the Debtors of a motion to convert any of these Chapter 11 Cases to a case under chapter 7 or the entry of order converting any of these Chapter 11 Cases to a case under chapter 7 of the Bankruptcy Code, without the express written consent of the Prepetition Lenders;

(g)      the entry of an order appointing a chapter 11 trustee or an examiner with enlarged powers relating to the operation of the business of any Debtor (powers beyond those set forth in sections 1106(a)(3) and (a)(4) of the Bankruptcy Code) unless consented to by the Prepetition Lenders in writing;

(h)      the filing by the Debtors of any application, motion, or borrowing request seeking to use Cash Collateral on a non-consensual basis;

(i)      the entry of an order granting another claim or lien (except for the Permitted Prior Liens) *pari passu* with or senior to (except as provided under this Interim Order) the Prepetition Liens, Adequate Protection Liens, or Adequate Protection Superpriority Claims;

(j)      any motion, pleading, or proceeding is filed or is commenced by any Debtor seeking, or otherwise consenting to or supporting, (i) the invalidation, subordination, or other challenge to the Prepetition Secured Obligations, the

(Page 27)
Debtors:            Powin, LLC, *et al.*
Case No.            25-16137 (MBK)
Caption of Order: *Interim Order (I) Authorizing Postpetition Use of Cash Collateral, (II) Granting Adequate Protection to the Prepetition Secured Parties, (III) Scheduling a Final Hearing, and (IV) Granting Related Relief*

Prepetition Liens, the Adequate Protection Liens, or the Adequate Protection Superpriority Claims or (ii) any relief under section 506(c) of the Bankruptcy Code with respect to any Prepetition Collateral or any Collateral, including the Cash Collateral, or against any of the Prepetition Secured Parties;

(k)      any Debtor files a motion, pleading, or proceeding that would, if the relief sought therein were granted, result in a Termination Event, and such motion, pleading, or proceeding is not dismissed or withdrawn (as applicable) within five (5) business days after receipt by the Debtors, counsel to any statutory committees appointed in these cases, and the U.S. Trustee of notice (which may be by email) that the Prepetition Agent has determined that such motion, pleading, or proceeding, if the relief sought therein were granted, would give rise to such a Termination Event; provided that if the Debtors receive the written consent of the Prepetition Agent to file such a motion, pleading, or proceeding than such action shall not be a violation of this clause (k);

(l)      the entry by this Court of an order granting relief from or modifying the automatic stay imposed by section 362 of the Bankruptcy Code to any entities other than the Prepetition Secured Parties with respect to the Prepetition Collateral or the Collateral with a value in excess of $1,000,000 or without which the Debtors' ability to operate their business in the ordinary course would be materially and adversely affected, in either case without the written consent of the Prepetition Lenders;

(m)      the failure by the Debtors to make any payment required pursuant to this Interim Order when due and such failure shall remain unremedied for more than three (3) business days after receipt by the Debtors, any statutory committees appointed in these cases, and the U.S. Trustee of written notice thereof from the Prepetition Agent;

(n)      the failure by the Debtors to deliver to any of the Notice Parties any of the documents or other information reasonably required to be delivered to such applicable party pursuant to this Interim Order within five (5) business days following a request therefor from any of the Notice Parties pursuant to the terms of this Interim Order; or any such documents or other information shall contain a material misrepresentation; provided that, such misrepresentation remains uncured for at least five (5) business days following written notice thereof from the Prepetition Agent;

(o)      the Debtors' failure to comply with an Approved Budget except with respect to Permitted Variance;

(Page 28)
Debtors:            Powin, LLC, *et al.*
Case No.            25-16137 (MBK)
Caption of Order: *Interim Order (I) Authorizing Postpetition Use of Cash Collateral, (II) Granting Adequate Protection to the Prepetition Secured Parties, (III) Scheduling a Final Hearing, and (IV) Granting Related Relief*

    (p)    the failure of the Debtors to observe or perform any of the material terms or material provisions contained herein (other than as set forth in clause (m) above); *provided* that such failure remains uncured for at least five (5) business days following written notice thereof from the Prepetition Agent;

    (q)    the filing by the Debtors of a plan of liquidation or a plan of reorganization that is not conditioned upon the payment of the Prepetition Secured Obligations and the Debtors' obligations with respect to the Adequate Protection granted hereunder, in full in cash, no later than the effective date of such chapter 11 plan (unless a chapter 11 plan is filed that provides for alternative treatment with the written consent of the Prepetition Secured Parties);

    (r)    the Debtors sell, transfer, lease, encumber, or otherwise dispose of any portion of the Prepetition Collateral or Cash Collateral outside the ordinary course of business, other than the use of Cash Collateral pursuant to the terms of the Approved Budget (subject to the Permitted Variance) and the terms of this Interim Order, without the prior written consent of the Prepetition Lenders (and no such consent shall be implied, from any other action, inaction or acquiescence by the Prepetition Lenders);

    (s)    the entry of an order pursuant to which the Prepetition Secured Parties cease to have a valid and perfected first priority security interest in and lien on any Prepetition Collateral, junior only to any Permitted Prior Liens; or

    (t)    this Interim Order has been reversed, vacated, stayed, appealed or is subject to a request for re-argument, or rehearing in a way that, if granted, would be adverse to the Prepetition Secured Parties, without the express written consent (which consent may be documented by e-mail) of the Prepetition Lenders.

12.    ***Remedies Upon Termination Event***.  Upon the occurrence or during the continuation of a Termination Event, the Prepetition Lenders may send written notice (the "**Remedies Notice**"), email being sufficient, to counsel to the Debtors, counsel to any statutory committees appointed in these cases, and the U.S. Trustee (the "**Remedies Notice Parties**") that a Termination Event has occurred, and, prior to taking any enforcement action, the Prepetition Lenders shall file with the Court and seek an emergency hearing (the "**Stay Relief**

(Page 29)
Debtors:            Powin, LLC, *et al.*
Case No.            25-16137 (MBK)
Caption of Order: *Interim Order (I) Authorizing Postpetition Use of Cash Collateral, (II) Granting*
*Adequate Protection to the Prepetition Secured Parties, (III) Scheduling a Final Hearing, and (IV)*
*Granting Related Relief*

**Hearing**") upon no less than three (3) business days' notice (unless the Debtors, any statutory

committees appointed in these cases, the U.S. Trustee, and the Prepetition Lenders agree to request

that the Court conduct the Stay Relief Hearing on shorter notice) to the Remedies Notice Parties

(the "**Remedies Notice Period**") to determine whether a Termination Event has occurred.

The Debtors shall not object to the Stay Relief Hearing being held on such shortened notice.

During the Remedies Notice Period, the Debtors may object to the termination of the consensual

use of Cash Collateral on any basis and may seek the non-consensual use of Cash Collateral,

subject to the Prepetition Secured Parties' rights to object to, or otherwise oppose, any such non-

consensual use and to seek adequate protection in connection therewith.  Notwithstanding anything

to the contrary in the foregoing or otherwise in this Interim Order, during the Remedies Notice

Period, the Debtors may use Cash Collateral to pay only such amounts set forth in the Approved

Budget that the Debtors have determined in good faith are in the ordinary course and are critical

to the preservation of the Debtors and their estates or are otherwise approved in advance in writing

by the Prepetition Lenders.  Following the Stay Relief Hearing, and upon the Court's determination

that a Termination Event has occurred, the Court may fashion an appropriate remedy.  Prior to

entry of the relevant order, the Prepetition Lenders shall not (i) terminate, restrict and/or revoke

the Debtors' right under this Interim Order to use any Cash Collateral, (ii) freeze monies or

balances in the Debtors' accounts, (iii) otherwise enforce any and all rights against the Prepetition

Collateral, and (iv) take any other actions or exercise any other rights or remedies permitted under

this Interim Order or applicable law.  For the avoidance of doubt, during the Remedies Notice

(Page 30)
Debtors:            Powin, LLC, *et al.*
Case No.            25-16137 (MBK)
Caption of Order: *Interim Order (I) Authorizing Postpetition Use of Cash Collateral, (II) Granting Adequate Protection to the Prepetition Secured Parties, (III) Scheduling a Final Hearing, and (IV) Granting Related Relief*

Period, unless otherwise ordered by the Court, the Automatic Stay under section 362 of the

Bankruptcy Code shall remain in effect.

13.      ***Payments Free and Clear***.   Pursuant to the provisions of this Interim Order

(including the Carve-Out), any and all payments or proceeds remitted to the Prepetition Secured

Parties, pursuant to the provisions of this Interim Order or any subsequent order of this Court, shall

be irrevocable, received free and clear of any claim, charge, assessment or other liability, including

without limitation, subject to and effective upon entry of the Final Order granting such relief, any

such claim or charge arising out of or based on, directly or indirectly, section 506(c) of the

Bankruptcy Code (whether asserted or assessed by, through or on behalf of the Debtor) or section

552(b) of the Bankruptcy Code.

14.      ***Limitation on Charging Expenses Against Collateral***.   Subject to and effective

upon entry of the Final Order granting such relief, all rights to surcharge the interests of the

Prepetition Secured Parties in any Prepetition Collateral or any Collateral under section 506(c) of

the Bankruptcy Code or any other applicable principle or equity or law shall be and are hereby

finally and irrevocably waived, and such waiver shall be binding upon the Debtors and all parties

in interest in the Chapter 11 Cases.

15.      ***No Marshalling; 552(b) Waiver***.   Subject to and effective upon entry of the Final

Order granting such relief, the Prepetition Secured Parties shall not be subject to the equitable

doctrine of "marshaling" or any other similar doctrine with respect to any of the Prepetition

Collateral or the Collateral, as the case may be.   The Prepetition Secured Parties shall each be

entitled to all of the rights and benefits of section 552(b) of the Bankruptcy Code, and, subject to

(Page 31)
Debtors:          Powin, LLC, *et al.*
Case No.          25-16137 (MBK)
Caption of Order: *Interim Order (I) Authorizing Postpetition Use of Cash Collateral, (II) Granting
Adequate Protection to the Prepetition Secured Parties, (III) Scheduling a Final Hearing, and (IV)
Granting Related Relief*

and effective upon entry of the Final Order granting such relief, the "equities of the case" exception

under section 552(b) of the Bankruptcy Code shall not apply to the Prepetition Secured Parties

with respect to proceeds, products, offspring, or profits of any of the Prepetition Collateral or the

Collateral.

16.      ***Reservation of Rights of the Prepetition Secured Parties***.  Notwithstanding any

other provision hereof, the grant of adequate protection to the Prepetition Secured Parties pursuant

to this Interim Order shall not be deemed an admission that the interests of such Prepetition

Secured Parties are indeed adequately protected, and is without prejudice to the right of the

Prepetition Secured Parties to seek additional relief with respect to the use of Prepetition Collateral

(including Cash Collateral), or to seek modification of the grant of adequate protection provided

hereby so as to provide different or additional adequate protection.  Nothing herein shall be deemed

to waive, modify, or otherwise impair the respective rights of the Prepetition Secured Parties under

the Prepetition Loan Documents or under applicable law, and the Prepetition Secured Parties

expressly reserve all of their respective rights and remedies whether now existing or hereafter

arising under the Prepetition Loan Documents and/or applicable law.   Without limiting the

foregoing, nothing contained in this Interim Order shall impair or modify the application of section

507(b) of the Bankruptcy Code in the event that the adequate protection provided hereunder is

insufficient to compensate the Prepetition Secured Parties for any Diminution in Value during the

Chapter 11 Cases.

17.      ***Rights Preserved***.  Notwithstanding anything herein to the contrary, the entry of

this Interim Order is without prejudice to, and does not constitute a waiver of, expressly or

(Page 32)
Debtors:          Powin, LLC, *et al.*
Case No.          25-16137 (MBK)
Caption of Order: *Interim Order (I) Authorizing Postpetition Use of Cash Collateral, (II) Granting Adequate Protection to the Prepetition Secured Parties, (III) Scheduling a Final Hearing, and (IV) Granting Related Relief*

implicitly: (a) the rights of the Prepetition Secured Parties to seek any other or supplemental relief in respect of the Debtors; (b) the rights of the Prepetition Secured Parties under the Prepetition Loan Documents, the Bankruptcy Code or applicable non-bankruptcy law, including, without limitation, the right to (i) request modification of the automatic stay of section 362 of the Bankruptcy Code, (ii) request dismissal of any of the Chapter 11 Cases, conversion of any or all of the Chapter 11 Cases to a case under chapter 7, or appointment of a chapter 11 trustee or examiner with expanded powers, or (iii) propose, subject to the provisions of section 1121 of the Bankruptcy Code, a chapter 11 plan or plans; or (c) any other rights, claims, or privileges (whether legal, equitable or otherwise) of the Prepetition Secured Parties.  Notwithstanding anything herein to the contrary, the entry of this Interim Order is without prejudice to, and does not constitute a waiver of, expressly or implicitly, the Debtors' or any party in interest's right to oppose any of the relief requested in accordance with the immediately preceding sentence, except as expressly set forth in this Interim Order.

18.      ***Modification of Automatic Stay***.  The Debtors are authorized to perform all acts and to make, execute, and deliver any and all instruments as may be reasonably necessary to implement the terms and conditions of this Interim Order and the transactions contemplated hereby.  The stay of section 362 of the Bankruptcy Code is hereby modified to permit the parties to accomplish the transactions contemplated by this Interim Order.

19.      ***Survival***.  The provisions of this Interim Order shall be binding upon any trustee appointed during the Chapter 11 Cases or upon a conversion to cases under chapter 7 of the Bankruptcy Code, and any actions taken pursuant hereto shall survive entry of any order which

(Page 33)
Debtors:          Powin, LLC, *et al.*
Case No.          25-16137 (MBK)
Caption of Order: *Interim Order (I) Authorizing Postpetition Use of Cash Collateral, (II) Granting Adequate Protection to the Prepetition Secured Parties, (III) Scheduling a Final Hearing, and (IV) Granting Related Relief*

may be entered converting the Chapter 11 Cases to chapter 7 cases, dismissing the Chapter 11 Cases under section 1112 of the Bankruptcy Code or otherwise.  The terms and provisions of and the priorities in payments, liens, and security interests granted pursuant to, this Interim Order, shall continue notwithstanding any conversion of any of the Chapter 11 Cases to a case under chapter 7 of the Bankruptcy Code, or the dismissal of any of the Chapter 11 Cases.  Payments made pursuant to this Interim Order shall not be subject to counterclaim, setoff, subordination, recharacterization, defense or avoidance in any of the Chapter 11 Cases or any Successor Case.

20.       ***Effect of Stipulations on Third Parties***.  The Debtors' stipulations, admissions, agreements, and releases contained in paragraph F of this Interim Order (collectively, the "**Stipulations**") shall be immediately binding upon the Debtors and their estates in all circumstances and for all purposes.  The Debtors' Stipulations shall be binding upon all other creditors, parties in interest and all of their respective successors and assigns (including without limitation, any statutory committees appointed in the Chapter 11 Cases) and any other person or entity acting or seeking to act on behalf of the Debtors' estates, in all circumstances and for all purposes, unless: (a) such committee or any other party in interest, in each case with requisite standing (subject in all respects to any agreement or applicable law that may limit or affect such entity's right or ability to do so) has timely filed an adversary proceeding or contested matter (subject to the limitations contained herein, including, *inter alia*, in this paragraph) by no later than (i) (x) 75 calendar days after entry of this Interim Order, (y) solely for any statutory committees appointed in these Chapter 11 Cases, 60 calendar days after their appointment; and (z) if the Chapter 11 Cases convert to chapter 7, solely for a Chapter 7 trustee, and solely in the event that

(Page 34)
Debtors:            Powin, LLC, *et al.*
Case No.            25-16137 (MBK)
Caption of Order: *Interim Order (I) Authorizing Postpetition Use of Cash Collateral, (II) Granting Adequate Protection to the Prepetition Secured Parties, (III) Scheduling a Final Hearing, and (IV) Granting Related Relief*

the Challenge Period for all other parties has not yet expired, 15 calendar days from the date of

such Chapter 7 trustee's appointment, or (ii) any such later date as has been agreed to, in writing,

by the requisite Prepetition Secured Parties under the applicable Prepetition Loan Documents, or

(iii) any such later date as has been ordered by the Court for cause upon a motion filed and served

within the time period set forth in this paragraph (the time period established by the foregoing

clauses (i), (ii), and (iii), the "**Challenge Period**") (A) objecting to or challenging the amount,

validity, perfection, enforceability, priority or extent of the Prepetition Loan Documents, the

Prepetition Secured Obligations, or the Prepetition Liens, or (B) otherwise asserting or prosecuting

any claim or Cause of Action, including any action for preferences, fraudulent transfers or

conveyances, recharacterization, subordination, disgorgement, offset, objections, contests,

defenses, or other challenges (collectively, the "**Challenges**") against any of the Prepetition

Secured Parties or any of their Representatives (in each case, in their respective capacities as such)

arising under, in connection with, or related to the Prepetition Loan Documents, the Prepetition

Secured Obligations, the Prepetition Liens, or the Prepetition Collateral, and (b) there is a final

non-appealable order in favor of the plaintiff sustaining any such Challenge in any such timely

filed adversary proceeding or contested matter; *provided, however*, as to the Debtors, any and all

such Challenges are hereby irrevocably waived and relinquished; *provided, further*, that any

pleadings filed in connection with any Challenge shall set forth with specificity the basis for such

Challenge or claim and any Challenges or claims not so specified prior to the expiration of the

Challenge Period shall be deemed forever, waived, released, and barred; *provided, further*, that

any motion filed with the Court seeking requisite standing and authority to pursue a Challenge

(Page 35)
Debtors:          Powin, LLC, *et al.*
Case No.          25-16137 (MBK)
Caption of Order: *Interim Order (I) Authorizing Postpetition Use of Cash Collateral, (II) Granting Adequate Protection to the Prepetition Secured Parties, (III) Scheduling a Final Hearing, and (IV) Granting Related Relief*

must include a draft complaint attached thereto. If no such Challenge is timely and properly filed during the Challenge Period or if the Court does not rule in favor of the plaintiff in any such proceeding then: (a) the Debtors' Stipulations contained in this Interim Order shall be binding on all parties in interest, including, without limitation, any statutory committees appointed in these Chapter 11 Cases, any non-statutory committees appointed or formed in the Chapter 11 Cases, or any other party in interest, whether acting or seeking to act on behalf of the Debtors' estates or otherwise, including, without limitation, any chapter 7 trustee or chapter 11 trustee or examiner appointed or elected for any of the Debtors in the Chapter 11 Cases or any Successor Cases, (b) the Prepetition Secured Obligations shall constitute allowed claims, the Prepetition Loan Documents shall be deemed valid and enforceable, and the Prepetition Liens shall be deemed to be legal, valid, binding, continuing, perfected, and enforceable, in each case, against each of the Debtors in the Chapter 11 Cases and any Successor Cases, and (c) the Prepetition Secured Obligations, the Prepetition Liens, and the Prepetition Loan Documents shall not be subject to any other or further claim, Cause of Action, or Challenge, whether arising under the Bankruptcy Code or otherwise, by any statutory committees appointed in these cases, any non-statutory committees appointed or formed in the Chapter 11 Cases, or any other party in interest, whether acting or seeking to act on behalf of the Debtors' estates or otherwise, including, without limitation, any chapter 7 trustee or chapter 11 trustee or examiner appointed or elected for any of the Debtors in the Chapter 11 Cases or any Successor Cases, against any of the Prepetition Secured Parties or any of their Representatives (in each case, in their respective capacities as such) arising under, in connection with, or relating to the Prepetition Loan Documents, the Prepetition Liens, or the Prepetition

(Page 36)
Debtors:          Powin, LLC, *et al.*
Case No.          25-16137 (MBK)
Caption of Order: *Interim Order (I) Authorizing Postpetition Use of Cash Collateral, (II) Granting Adequate Protection to the Prepetition Secured Parties, (III) Scheduling a Final Hearing, and (IV) Granting Related Relief*

Secured Obligations, and each such claim, Cause of Action, or Challenge shall be deemed forever waived, released and barred.  If any such Challenge is timely filed during the Challenge Period, the Stipulations shall nonetheless remain binding and preclusive (as provided in the second sentence of this paragraph) on any statutory committees appointed in these Chapter 11 Cases, and on any other person or entity, except to the extent that such Stipulations were expressly and successfully challenged in such Challenge as set forth in a final, non-appealable order of court of competent jurisdiction.  Nothing in this Interim Order vests or confers on any Person (as defined in the Bankruptcy Code), including any statutory committees appointed in these Chapter 11 Cases or any other person or entity, standing or authority to pursue any claim or Cause of Action belonging to the Debtors or their estates and all rights to object to such standing are expressly reserved.   The filing of a motion seeking standing to file a Challenge action before expiration of the Challenge Period, which attaches a proposed complaint, shall extend the Challenge Period with respect to that party until two (2) business days after the Court approves the standing motion, or such other time period ordered by the Court in approving the standing motion.  The Prepetition Secured Lenders stipulate and agree that each of the Prepetition Secured Lenders will not raise as a defense in connection with any Challenge the inability of creditors to file derivative suits on behalf of limited liability companies.

21.      ***Limitations on Use of Cash Collateral or Other Funds***.  Notwithstanding anything contained in this Interim Order or any other order of the Court to the contrary, no Prepetition Collateral, Cash Collateral, proceeds of any of the foregoing, or any other amounts may be used (nor shall any professional fees or expenses be applied, financed, or paid in connection with),

(Page 37)
Debtors:              Powin, LLC, *et al.*
Case No.              25-16137 (MBK)
Caption of Order: *Interim Order (I) Authorizing Postpetition Use of Cash Collateral, (II) Granting Adequate Protection to the Prepetition Secured Parties, (III) Scheduling a Final Hearing, and (IV) Granting Related Relief*

directly or indirectly, by any of the Debtors, any statutory committees appointed in these cases, or any trustee or other estate representative (including a chapter 11 or chapter 7 trustee) appointed or elected in the Chapter 11 Cases or any Successor Cases, or any other person or entity, in connection with: (a) any investigation (including by way of examinations or discovery proceedings, whether formal or informal), initiation, preparation, assertion, initiation, joining or prosecution of any claims, Causes of Action, challenges defenses, suits, counterclaims, contested matters, adversary proceedings or other litigation (whether in law or equity, for monetary, injunctive or other affirmative relief) against any of the Prepetition Secured Parties or their Representatives with respect to any transaction, occurrence, omission, action or other matter arising under, in connection with or related to this Interim Order, the Adequate Protection Liens, the Adequate Protection Claims, the Adequate Protection Obligations, the Prepetition Liens, the Prepetition Secured Obligations, the Prepetition Loan Documents, or the transactions contemplated herein or therein, including, without limitation, challenging the amount, validity, perfection, priority or enforceability of, or asserting any defense, counterclaim or offset to, or seeking to avoid, marshal, subordinate or recharacterize, in whole or in part, any of the Adequate Protection Liens, the Adequate Protection Claims, the Adequate Protection Obligations, the Prepetition Liens, or the Prepetition Secured Obligations or any of the obligations, liens, security interests, claims, rights granted hereunder or under the Prepetition Loan Documents, including, in each case, without limitation, any claim or Cause of Action seeking or asserting (i) so-called "lender liability", (ii) Avoidance Actions, or (iii) the modification of any of the rights, remedies, priorities, privileges, protections or benefits granted to the Prepetition Secured Parties under this Interim Order or under

(Page 38)
Debtors:          Powin, LLC, *et al.*
Case No.          25-16137 (MBK)
Caption of Order: *Interim Order (I) Authorizing Postpetition Use of Cash Collateral, (II) Granting Adequate Protection to the Prepetition Secured Parties, (III) Scheduling a Final Hearing, and (IV) Granting Related Relief*

any of the Prepetition Loan Documents, (b) objecting to or seeking to prevent, hinder or otherwise delay any of the Prepetition Secured Parties' assertion, enforcement, exercise of remedies or realization upon any Prepetition Collateral in accordance with this Interim Order or the Prepetition Loan Documents, (c) seeking or applying to the Court for authority to approve superpriority claims or grant liens or security interests in any portion of the Prepetition Collateral that are senior to or *pari passu* with the Adequate Protection Liens, the Adequate Protection Claims, or the Prepetition Liens, unless all Prepetition Secured Obligations have been paid in full or as otherwise agreed in writing by the Prepetition Agent, or (d) seeking to pay any amount on account of any claims arising before the commencement of these Chapter 11 Cases, unless such payments are agreed to in writing by the Prepetition Agent (or are otherwise included in the Approved Budget); *provided, however*, that no more than $25,000 (the "**Investigation Budget**") in the aggregate may be used for fees and expenses incurred (to the extent allowed by the Court at any time) by any statutory committees appointed in these cases to investigate, but not object to, challenge, prosecute or litigate (including by way of formal discovery), the validity, enforceability, perfection and priority of the Prepetition Liens, the Prepetition Secured Obligations, and the Prepetition Loan Documents during the Challenge Period.

22.    ***No Third-Party Rights.***  Except as explicitly provided for herein, this Interim Order does not create any rights for the benefit of any third party, creditor, equity holder, or any direct, indirect, or incidental beneficiary.

23.    ***Binding Effect.***  From and after entry of this Interim Order by the Court, the provisions of this Interim Order, including all findings and conclusions of law herein (subject to

(Page 39)
Debtors:            Powin, LLC, *et al.*
Case No.            25-16137 (MBK)
Caption of Order: *Interim Order (I) Authorizing Postpetition Use of Cash Collateral, (II) Granting Adequate Protection to the Prepetition Secured Parties, (III) Scheduling a Final Hearing, and (IV) Granting Related Relief*

paragraph 20 of this Interim Order), shall be binding upon the Debtors, all creditors of the Debtors, and all parties in interest in the Chapter 11 Cases and any Successor Cases, including without limitation, the Prepetition Secured Parties, any statutory committee appointed in the Chapter 11 Cases, and their respective successors and assigns, including any chapter 11 trustee or chapter 7 trustee hereinafter appointed or elected for the estate of any Debtor, an examiner appointed pursuant to section 1104 of the Bankruptcy Code, or any other fiduciary appointed as a legal representative of any of the Debtor or with respect to the property of the estate of any of the Debtors, and shall inure to the benefit of the each of the Debtors, the Prepetition Secured Parties, and their respective successors and assigns; *provided* that, except to the extent expressly set forth in this Interim Order, the Prepetition Secured Parties shall have no obligation to permit the use of Prepetition Collateral (including Cash Collateral) by any chapter 11 trustee or chapter 7 trustee or similar responsible person appointed for the estate of any Debtor in the Chapter 11 Cases or any Successor Cases.

24.     ***Proofs of Claim***.  The Prepetition Secured Parties shall not be required to file proofs of claim in any of the Chapter 11 Cases or any of the Successors Cases in order to assert claims for payment in respect of the Adequate Protection Obligations or Prepetition Secured Obligations. The Stipulations, acknowledgments, and provisions of this Interim Order are deemed sufficient to and do constitute timely filed proofs of claim in respect of such claims arising under the Adequate Protection Obligations or Prepetition Secured Obligations against each of the applicable Debtors. Any order entered by the Court establishing a bar date in any of the Chapter 11 Cases or any Successor Chapter 11 Cases shall not apply to the Prepetition Secured Parties or the Prepetition

(Page 40)
Debtors:           Powin, LLC, *et al.*
Case No.           25-16137 (MBK)
Caption of Order: *Interim Order (I) Authorizing Postpetition Use of Cash Collateral, (II) Granting Adequate Protection to the Prepetition Secured Parties, (III) Scheduling a Final Hearing, and (IV) Granting Related Relief*

Secured Obligations; *provided* that, notwithstanding any order entered by the Court establishing a bar date in any of the Chapter 11 Cases or any Successor Cases to the contrary, the Prepetition Agent (on behalf of itself and the other Prepetition Secured Parties), may (but is not required to) in its discretion file (and amend and/or supplement) a proof of claim and/or aggregate proofs of claim in each of the Chapter 11 Cases or any Successor Cases, and any such proof of claim may (but is not required to be) filed as one consolidated master proof of claim in the Debtors' lead Chapter 11 Case against all of the Debtors, which shall be deemed to have been filed against each and every Debtor.  Such consolidated or master proofs of claim shall not be required to attach any instruments, agreements or other documents evidencing the obligations owing by each of the Debtors to the applicable party, which instruments, agreements, or other documents will be provided upon reasonable written request to the Prepetition Agent.  Any proof of claim filed by or on behalf of any of the Prepetition Secured Parties shall be deemed to be in addition to (and not in lieu of) any other proof of claim that may be filed by any such persons.  The provisions set forth in this paragraph are intended solely for the purpose of administrative convenience and shall not affect the substantive rights of any party-in-interest or their respective successors-in-interest.

25.    ***Effectiveness***.  This Interim Order shall be immediately effective and enforceable upon its entry and there shall be no stay of execution or effectiveness of this Interim Order.

26.    ***Headings***.  The headings in this Interim Order are for purposes of reference only and shall not limit or otherwise affect the meaning of this Interim Order.

(Page 41)
Debtors:            Powin, LLC, *et al.*
Case No.            25-16137 (MBK)
Caption of Order: *Interim Order (I) Authorizing Postpetition Use of Cash Collateral, (II) Granting Adequate Protection to the Prepetition Secured Parties, (III) Scheduling a Final Hearing, and (IV) Granting Related Relief*

27.     ***Retention of Jurisdiction.***  The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

28.     ***Final Hearing.***  The Final Hearing shall be held on July 8, 2025 at 1:30 pm (prevailing Eastern Time), and any objections to the final relief sought in the Motion shall be filed with the Court no later than July 1, 2025.

29.     ***Notice of Entry of Interim Order.***  The Debtors shall promptly serve copies of this Interim Order to the parties have been given notice of the Interim Hearing, to any party that has filed a request for notices with this Court and to any Official Committee (if appointed).

## Exhibit 1

**Initial Budget**

# Illustrative Six Week Cash Flow Model

| Week #<br>Week End | 1<br>06/13 | 2<br>06/20 | 3<br>06/27 | 4<br>07/04 | 5<br>07/11 | 6<br>07/18 | Total |
|---|---|---|---|---|---|---|---|
| *Amounts in $'000s* | | | | | | | |
| **Servicing Receipts** | | 9,212 | - | - | - | 1,919 | **11,131** |
| **Non- Servicing Receipts** | 5,000 | - | - | 10,000 | 4,000 | - | **19,000** |
| | | | | | | | |
| Payroll & Benefits | (293) | (504) | (60) | (504) | (60) | (504) | (1,925) |
| Accrued PTO | - | - | - | - | - | - | - |
| Rent/Utilities | (252) | - | - | (328) | - | - | (581) |
| Software & IT | (322) | - | (147) | - | (304) | - | (773) |
| Miscellaneous | (400) | (500) | (375) | (375) | (375) | (375) | (2,400) |
| **Total Operating Expenses** | **(1,267)** | **(1,004)** | **(582)** | **(1,207)** | **(739)** | **(879)** | **(5,679)** |
| | | | | | | | |
| Professional Fees | (1,020) | (1,354) | (1,020) | (1,250) | (1,100) | (1,208) | (6,953) |
| Non-Operating Expenses | (190) | - | - | - | (189) | - | (379) |
| US Trustee Fees | (50) | - | - | (50) | - | - | (100) |
| **Total Non-Operating Expenses** | **(1,260)** | **(1,354)** | **(1,020)** | **(1,300)** | **(1,289)** | **(1,208)** | **(7,432)** |
| | | | | | | | |
| **Total Expenses** | **(2,527)** | **(2,358)** | **(1,602)** | **(2,507)** | **(2,028)** | **(2,087)** | **(13,110)** |
| | | | | | | | |
| **Net Cash Flow** | **2,473** | **6,854** | **(1,602)** | **7,493** | **1,972** | **(168)** | **17,021** |
| | | | | | | | |
| **Total Beginning Cash Balance** | 20,488 | 22,961 | 29,815 | 28,213 | 35,705 | 37,677 | 20,488 |
| Net Cash Flow | 2,473 | 6,854 | (1,602) | 7,493 | 1,972 | (168) | 17,021 |
| Total Ending Cash Balance | 22,961 | 29,815 | 28,213 | 35,705 | 37,677 | 37,509 | 37,509 |
| Less Restricted Cash (AR Control) | 10,499 | 10,499 | 10,499 | 19,749 | 23,449 | 23,449 | 23,449 |
| **Total Unrestricted Cash** | 12,462 | 19,316 | 17,714 | 15,956 | 14,228 | 14,060 | 14,060 |
| Less Reserves | 8,307 | 8,998 | 8,998 | 9,748 | 10,048 | 10,192 | 10,192 |
| **Total Available Cash** | **4,155** | **10,318** | **8,716** | **6,209** | **4,180** | **3,868** | **3,868** |
| | | | | | | | |
| **Reserves** | | | | | | | |
| Payroll | 1,100 | 1,100 | 1,100 | 1,100 | 1,100 | 1,100 | 1,100 |
| Insurance | 500 | 500 | 500 | 500 | 500 | 500 | 500 |
| Sales Tax | 5,707 | 6,398 | 6,398 | 7,148 | 7,448 | 7,592 | 7,592 |
| Minimum Cash Balance | 1,000 | 1,000 | 1,000 | 1,000 | 1,000 | 1,000 | 1,000 |
| **Total Reserves** | **8,307** | **8,998** | **8,998** | **9,748** | **10,048** | **10,192** | **10,192** |

NOTE: Section 7(a) of the Interim Order authorizes the Debtors to make two (2) adequate protection payments of $4,000,000 each, totaling $8,000,000 in the aggregate, during the Interim Period.