**DENTONS US LLP**

Tania M. Moyron (*pro hac vice* pending)
Van C. Durrer, II (*pro hac vice* pending)
601 S. Figueroa Street #2500
Los Angeles, CA 90017
Telephone:  (213) 623-9300
Facsimile:  (213) 623-9924
Email:  tania.moyron@dentons.com
        van.durrer@dentons.com

John D. Beck (*pro hac vice* pending)
Sarah M. Schrag (*pro hac vice* pending)
1221 Avenue of the Americas
New York, NY 10020-1089
Telephone:  (212) 768-6700
Facsimile:  (212) 768-6800
Email:  john.beck@dentons.com
        sarah.schrag@dentons.com

*Proposed Counsel for Debtors and
Debtors in Possession*

**TOGUT, SEGAL & SEGAL LLP**

Frank A. Oswald (admitted)
550 Broad Street
Suite 1508
Newark, NJ 07102
Telephone:  (212) 594-5000
Facsimile:  (212) 967-4258
Email:  frankoswald@teamtogut.com

Albert Togut (admitted *pro hac vice*)
Amanda C. Glaubach (admitted *pro hac vice*)
Eitan Blander (admitted *pro hac vice*)
One Penn Plaza, Suite 3335
New York, New York 10119
Telephone:  (212) 594-5000
Facsimile:  (212) 967-4258
Email:  altogut@teamtogut.com
        aglaubach@teamtogut.com
        eblander@teamtogut.com

*Proposed Counsel for Debtors and
Debtors in Possession*

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br>Powin, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-16137 (MBK)<br><br>(Jointly Administered) |

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are:  (i) Powin Project LLC [1583]; (ii) Powin, LLC [0504], (iii) PEOS Holdings, LLC [5476], (iv) Powin China Holdings 1, LLC [1422], (v) Powin China Holdings 2, LLC [9713], (vi) Charger Holdings, LLC [15241], (vii) Powin Energy Ontario Storage, LLC [8348], (viii) Powin Energy Operating Holdings, LLC [2495], and (ix) Powin Energy Operating, LLC [6487]. The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR 97062.

**DEBTORS' OBJECTION TO APPLICATION FOR ORDER SHORTENING TIME FOR
NOTICE OF (A) EMERGENCY MOTION OF LICENSEES FOR ENTRY OF AN
ORDER (I) COMPELLING THE DEBTORS TO COMPLY WITH SECTION
365(N)(4) OF THE BANKRUPTCY CODE, (II) GRANTING ADEQUATE
PROTECTION UNDER SECTION 363(E) OF THE BANKRUPTCY CODE AND (B)
MOTION FOR ENTRY OF AN ORDER AUTHORIZING LICENSEES TO REDACT
AND FILE UNDER SEAL CONFIDENTIAL INFORMATION CONTAINED IN THE
ENERGY SUPPLY AGREEMENTS AND LONG TERM SERVICES AGREEMENTS
IN CONNECTION WITH LICENSEES' MOTION TO COMPEL**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Powin, LLC and the affiliated debtors and debtors in possession (collectively, the
"Debtors") under chapter 11 of title 11 of the United States Code §§ 101 et seq. (the "Bankruptcy
Code"),[2] in the above-referenced chapter 11 cases (the "Chapter 11 Cases"), object to the
*Application for Order Shortening Time …* [Docket No. 119] (the "Application") concerning the
*Emergency Motion of Licensees for Entry of an Order (I) Compelling the Debtors to Comply
with Section 365(n)(4) of the Bankruptcy Code, (II) Granting Adequate Protection Under
Section 363(e) of the Bankruptcy Code, and (III) Granting Other Appropriate Relief* [Docket No.
117] (the "Motion")[3] filed by certain of the Debtors' Licensees.[4]

## OBJECTION

1.      The relief sought in the Motion should be denied, as it is admittedly untimely, based
on false and disingenuous allegations and represents a bad faith effort by certain customers to
extract an advantage in ongoing negotiations with a debtor.  First, the Motion is untimely, as it
concedes that the relief requested under sections 363(e) and 365(n) is only available with respect
to contracts that have not been rejected.  On June 16, the Debtors advised all of their customers
that the Debtors were "suspending all service to all Customers … in order to preserve resources
for continuing Customers," effective immediately.  The Debtors afforded this notice to Customers
in connection with a two-day summit (the "Summit") requested by the Debtors and at which over

---

[2] All references to "§" and "section" are to sections of the Bankruptcy Code unless otherwise specified herein.

[3] Unless otherwise defined all capitalized terms shall have the same meaning as in the Motion.

[4] The Application also seeks an emergency hearing for a motion to seal certain information under seal [Docket No.
118], and the Debtors take no position on  the sealing of this information by the Licensees.

100 Customer representatives participated last week in an effort to avoid the harm which the Licensees misleadingly allege in the Motion. On the following day, the Debtors filed their *nunc pro tunc* Rejection Motion,[5] rendering the instant Motion moot.

2.      Second, the Motion contains false misrepresentations and disingenuous allegations. For instance, the Motion misrepresents that the Debtors have not "released the intellectual property to the Licensees." Motion at ¶3. To the contrary, on June 17 and 18, the Debtors issued letters to PRAXIS Technology Escrow ("PRAXIS"), its vendor for intellectual property escrows ("IP Escrows") with Customers, instructing PRAXIS to release intellectual property to Customers. Copies of such letters are attached to this Objection as **Exhibits A and B**, respectively. In addition, the Licensees contend that they have "broad licenses," but fail to advise the Court that such licenses are, in fact, limited to their own projects, and do not permit reverse engineering of the Debtors' intellectual property. Indeed, certain of the Licensees proudly revealed to other Customers at the Summit that they were engaged in a covert, illegal effort to reverse engineer the Debtors' intellectual property, making this alleged emergency relief requested in the Motion unnecessary for another reason.[6]

3.      Finally, as described in the Customer Motion and the evidence adduced in support thereof at the first day hearing on June 12, the Debtors have developed a business model to continue the services requested by Customers. As noted above, the Debtors invited Customers to a Summit, which was widely attended, for the purposes of negotiating participation in the new LTSA Program. The Licensees who filed the Motion all participated and made proposals in response to the LTSA Program. But for the Motion, the parties are engaged in productive negotiations. The Court should not countenance a group of counterparties seeking to utilize the Bankruptcy Code to change the balance of power in such negotiations.

---

[5] *Omnibus Motion of the Debtors for Entry of an Order (I) Authorizing the Rejection of Legacy Customer Contracts and (II) Granting Related Relief* [Docket No. 88] (the "Rejection Motion").

[6] The Debtors intend to serve subpoenas to preserve testimony to this effect in advance of any hearing. This is an independent reason to deny the application to shorten time so that such discovery can take place.

A. <u>The Rejection Motion Moots the Motion to Compel, and there is no Emergency.</u>

4.      The Application's request for the Motion to be heard two weeks before the July 15 setting for the Rejection Motion is untimely and inappropriate.  In the Rejection Motion, the Debtors contend that the LTSAs and ESAs are burdensome to the estates and need to be rejected or modified consensually.  Therefore, the Debtors seek to reject the Licensees' contracts, effective June 17, 2025 – thirteen days before the hearing sought in the Application.

5.      Other than "reserving rights" in a footnote,[7] The Motion is conspicuously silent with respect to the fact that, unless agreement is reached otherwise, the LTSAs and ESAs are dead-men-walking.  This is because the Motion relies on sections 363(e) and 365(n)(4), and, with rejection, the Licensees will not be entitled to the protections under these sections for contracts the estates will not be using and will have rejected.  The Debtors filed their Rejection Motion on regular notice and to provide an orderly path for negotiation.  In contrast, the Licensees sat on their motion, and, through their Application, are seeking to cut in front of the Rejection Motion to pressure the Debtors and interfere with the Debtors' exercise of business judgment.  There is no emergency, and Motion should be heard on the same date as the Rejection Motion, if at all.

B. <u>The Licensees' Have Created their Own "Emergency."</u>

6.      Where an "application reflects a self-created emergency," expedited relief should be denied.  *See Edwin M.-N. v. Green*, No. CV 19-6096 (KM), 2019 WL 13299141, at *1 (D.N.J. Feb. 19, 2019).  Here, the Licensees self-created their alleged "emergency," because they have known that the Debtors would be reducing service and moving to reject the contracts for weeks.

7.      On June 10, 2025, the Debtors filed their customer program motion[8] seeking approval of the LTSA Program in which they proposed a "reduced scope of service" "at pricing that is designed to be cash flow positive."  Customer Program Motion at ¶ 9.  On June 13, 2025,

---

[7] Motion at ¶8, n. 7.

[8] *Motion of the Debtors for Entry of an Order (I) Authorizing the Debtors to Enter Into New Customer Program With Existing Customers and (II) Granting Related Relief* [Docket No. 15] ("<u>Customer Program Motion</u>").

the Court approved the Customer Program Motion.  Docket No. 62.  The Licensees did not object, nor did they seek different or alternative relief.

8.      On June 16, 2025, the Debtors sent a notice to customers, including the Licensees, confirming that the Debtors would be "implement[ing] a new Customer program" as approved by the Court and that the Debtors were "suspending services" under the existing contracts.  *See* **Exhibit C**.  In this notice, the Debtors advised the Licensees that the Summit would be held on Tuesday, June 17 and Wednesday, June 18, 2025, in Dallas, Texas (both in person and virtual) and, with approximately 100 other representatives, the Licensees attended.  On both days of the Summit, the Debtors told the Licensees that the Debtors could not fully perform under the LTSAs. The Licensees did not protest nor seek relief from the Court.

9.      On the morning of June 17, 2025, the Debtors filed their Rejection Motion and identified the Licensees' contracts as too burdensome and expensive for the estates.  Docket No. 88 at Schedule 1.  The Debtors were clear that there were two paths, either a re-negotiation or a rejection.  The Licensees again did not protest.

10.      On Thursday, June 19, 2025, the Debtors presented the Licensees with an offer regarding their agreements.  In response to the Debtors' proposal, the Licensees participated in counter-proposal for a consensual resolution.  The Debtors are not revealing the details of such proposal, because they are protected by Federal Rule of Evidence 408.  On Friday, June 20, 2025, the Debtors advised Customers, including the Licensees, that they had obtained access to capital as described in the Debtors' most recent post-petition financing motion, and that Customer services would continue, consistent with the LTSA Program, while the Debtors pursued Court approval of such financing.

11.      The Licensees then waited until Saturday June 21, 2025 to file (without consulting with the Debtors as required by the local bankruptcy rules).  The filing of the Motion and the application to shorten time is a litigation tactic that the Court should not countenance.

C. The Licensees are Protected.

12.    There is also no emergency, because the Debtors have already provided the Licenses with their intellectual property, and the Debtors are seeking financing for the Chapter 11 Cases.  As the Motion admits, the Debtors' intellectual property allegedly "necessary for the operation" of the projects was deposited into escrow before the cases were filed.  Motion at ¶ 11.  The Debtors have done all they can to give the Licensees access to this escrow, instructing their escrow agent Praxis to release what is in escrow to customers.  *See* **Exhibit D** – June 19, 2025 email to Longroad Energy Holdings, LLC ("We are delivering letters to PRAXIS authorizing the release of IP escrows and waiver of any 30 day hold.  Some letters have already issued.").[9]  The Motion also does not specifically allege any *interference* of the Debtors regarding the IP, only alleged non-performance concerning services.  Therefore, the Debtors have fulfilled, and are continuing to fulfill, any duties under section 365(n)(A)(4).

13.    Further, shortly after the Motion was filed, the Debtors filed with the Court a debtor-in-possession financing motion, which will allow the Debtors to continue as a going-concern.  Docket No. 120  With this financing, there is also no "emergency" for any financial concern of the Licensees.

## **CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court (i) deny the relief requested by the Licensees as set forth herein; and (ii) grant the Debtors such other and further relief is just and proper under the circumstances.

*[Signature Page Follows]*

---

[9] The attachments to this email reflect confidential settlement communications and are not included in the Exhibit.

Dated: June 23, 2025

**TOGUT, SEGAL & SEGAL LLP**

*/s/ Frank A. Oswald*
Frank A. Oswald (admitted)
550 Broad Street
Suite 1508
Newark, NJ 07102
Telephone:  (212) 594-5000
Facsimile:  (212) 967-4258
Email:  frankoswald@teamtogut.com

Albert Togut (admitted *pro hac vice*)
Amanda C. Glaubach (admitted *pro hac vice*)
Eitan Blander (admitted *pro hac vice*)
One Penn Plaza, Suite 3335
New York, New York 10119
Telephone:  (212) 594-5000
Facsimile:  (212) 967-4258
Email:  altogut@teamtogut.com
        aglaubach@teamtogut.com
        eblander@teamtogut.com

- and -

**DENTONS US LLP**

Tania M. Moyron (*pro hac vice* pending)
Van C. Durrer, II (*pro hac vice* pending)
601 S. Figueroa Street #2500
Los Angeles, CA 90017
Telephone:  (213) 623-9300
Facsimile:  (213) 623-9924
Email:  tania.moyron@dentons.com
        van.durrer@dentons.com

John D. Beck (*pro hac vice* pending)
Sarah M. Schrag (*pro hac vice* pending)
1221 Avenue of the Americas
New York, NY 10020-1089
Telephone:  (212) 768-6700
Facsimile:  (212) 768-6800
Email:  john.beck@dentons.com
        sarah.schrag@dentons.com

*Proposed Counsel for Debtors and
Debtors in Possession*

# EXHIBIT "A"



VIA EMAIL to:

**PRAXIS Technology Escrow**
12540 Broadwell Road Suite 2201
Milton, GA 30004
Email: support@praxisescrow.com; csmith@praxisescrow.com

AND:

**Sun Streams PVS, LLC**
125 High Street
17th Floor High Street Tower, Suite 1705
Boston, MA 02110
Email: contracts@longroadenergy.com

**Sun Streams Expansion, LLC**
125 High Street
17th Floor High Street Tower, Suite 1705
Boston, MA 02110
Email: contracts@longroadenergy.com

**Serrano Solar, LLC**
125 High Street
17th Floor High Street Tower, Suite 1705
Boston, MA 02110
Email: contracts@longroadenergy.com

June 17, 2025

Dear Praxis,

**RE: Release of Deposit Materials**

**Reference:** PRAXIS US Two Party Master Escrow Agreement effective as of December 17, 2019 by and between Powin Energy Corporation, predecessor-in-interest to Powin, LLC ("Powin") and PRAXIS Technology Escrow, LLC ("Praxis") (the "Escrow Agreement") and the subsequent Riders C – Signature Beneficiary Enrollment Forms (collectively, the "Riders C"), which added Sun Streams PVS LLC, Sun Streams Expansion, LLC and Serrano Solar, LLC (each, a "Beneficiary", and collectively, the "Beneficiaries") as Signature Beneficiaries



under the Escrow Agreement. Capitalized terms used but not defined in this letter shall have the meanings set forth in the Escrow Agreement.

We confirm receipt of your notice regarding Beneficiaries' requests for the release of the Deposit Materials under Section 9 of the Escrow Agreement.

Powin does not object to this request. Please proceed with the release of the Deposit Materials, including those held in the subaccount "Powin191112-SS3SS4Serrano", to the Beneficiaries in accordance with the Escrow Agreement.

Please contact the undersigned should you have any questions.

Sincerely,

DocuSigned by:

*Chad Paulson*

BB507BD3E626405...

Chad Paulson,

General Counsel

Powin, LLC

# EXHIBIT "B"



VIA EMAIL to:

**PRAXIS Technology Escrow**

12540 Broadwell Road Suite 2201

Milton, GA 30004

Email: support@praxisescrow.com; csmith@praxisescrow.com

June 18, 2025

Dear Praxis,

**RE: Release of Deposit Materials**

**References:**

1. PRAXIS US Two Party Master Escrow Agreement effective as of December 17, 2019 by and between Powin Energy Corporation, predecessor-in-interest to Powin, LLC ("Powin") and PRAXIS Technology Escrow, LLC ("Praxis") (the "191112 Escrow Agreement") and the subsequent Riders C – Signature Beneficiary Enrollment Forms (collectively, the "Riders C"), which added numerous beneficiaries as Signature Beneficiaries under the 191112 Escrow Agreement;

2. PRAXIS US Two Party Master Escrow Agreement effective as of March 22, 2024 by and between Powin, LLC ("Powin") and PRAXIS Technology Escrow, LLC ("Praxis") (the "240325 Escrow Agreement") and the subsequent Riders C – Signature Beneficiary Enrollment Forms (collectively, the "Riders C"), which added numerous beneficiaries as Signature Beneficiaries under the 240325 Escrow Agreement;

3. PRAXIS US Two Party Master Escrow Agreement effective as of June 21, 2018 by and between Powin Energy Corporation, predecessor-in-interest to Powin, LLC ("Powin") and PRAXIS Technology Escrow, LLC ("Praxis") (the "180612 Escrow Agreement") and the subsequent Riders C – Signature Beneficiary Enrollment Forms (collectively, the "Riders C"), which added numerous beneficiaries as Signature Beneficiaries under the 180612 Escrow Agreement;

4. Three Party Tech Escrow Agreement effective as of September 9, 2019 by and between Powin Energy Corporation, predecessor-in-interest to Powin, LLC ("Powin"), PRAXIS Technology Escrow, LLC ("Praxis") and West Columbia Storage LLC ("West Columbia") (the "190823 Escrow Agreement");

Docusign Envelope ID: 042E2643-C3B4-4EC2-B488-C80AA1567571



Powin acknowledges receipt of your notices concerning multiple beneficiaries' requests for the release of Deposit Materials under their respective Escrow Agreements.

Powin has no objection to these requests. Furthermore, Powin confirms that it does not object to the release of Deposit Materials to any other beneficiaries who have not yet submitted such requests.

A list of beneficiaries authorized by Powin for release of the Deposit Materials is attached hereto as **Exhibit 1**.

Please contact the undersigned should you have any questions.

Sincerely,

DocuSigned by:

*Chad Paulson*

BB507BD3E626405...

Chad Paulson,

General Counsel

Powin, LLC



**Exhibit 1**

1. Key Capture Energy, LLC
2. KCE Texas Holdings 2020, LLC
3. SP Garland Storage LLC;
4. Mitsubishi Power Americas (Prevalon Energy LLC)
5. SP Tranquility Solar Storage LLC
6. Rabbitbrush Solar, LLC
7. Arrow Canyon Solar, LLC
8. Flower Valley LLC
9. Triple Butte LLC
10. Swoose LLC
11. West Warwick Energy Storage I, LLC
12. Chaparral Springs, LLC
13. Great Kiskadee Storage, LLC
14. Angelo Storage, LLC
15. Desert Quartzite, LLC
16. Sun Streams PVS
17. Serrano Solar, LLC
18. Sun Streams Expansion, LLC
19. Idaho Power Company
20. Poblano Energy Storage LLC
21. EPC Services Company
22. Yuma Solar Energy LLC
23. El Sol Energy Storage LLC
24. DTE Electric Company
25. Cameron Wind 1, LLC
26. Wildcat I Energy Storage LLC
27. Acorn I Energy Storage LLC
28. Santa Paula Energy Storage LLC
29. Hummingbird Energy Storage, LLC
30. West Columbia Storage LLC

# EXHIBIT "C"

**DENTONS US LLP**

Tania M. Moyron (*pro hac vice* forthcoming)
Van C. Durrer, II (*pro hac vice* forthcoming)
601 S. Figueroa Street #2500
Los Angeles, CA 90017
Telephone:  (213) 623-9300
Facsimile:  (213) 623-9924
Email:  tania.moyron@dentons.com
            van.durrer@dentons.com

John D. Beck (*pro hac vice* forthcoming)
Sarah M. Schrag (*pro hac vice* forthcoming)
1221 Avenue of the Americas
New York, NY 10020-1089
Telephone:  (212) 768-6700
Facsimile:  (212) 768-6800
Email:  john.beck@dentons.com
            sarah.schrag@dentons.com

*Proposed Counsel for Debtors and
Debtors in Possession*

**TOGUT, SEGAL & SEGAL LLP**

Frank A. Oswald (admitted)
550 Broad Street
Suite 1508
Newark, NJ 07102
Telephone:  (212) 594-5000
Facsimile:  (212) 967-4258
Email:  frankoswald@teamtogut.com

Albert Togut (*pro hac vice* forthcoming)
Amanda C. Glaubach (*pro hac vice*
forthcoming)
Eitan Blander (*pro hac vice* forthcoming)
One Penn Plaza, Suite 3335
New York, New York 10119
Telephone:  (212) 594-5000
Facsimile:  (212) 967-4258
Email:  altogut@teamtogut.com
            aglaubach@teamtogut.com
            eblander@teamtogut.com

*Proposed Counsel for Debtors and
Debtors in Possession*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| In re:<br><br>Powin, LLC, *et al.*,[1]<br><br>  Debtors. | Chapter 11<br><br>Case No. 25-16137 (MBK)<br><br>(Joint Administration Requested) |

**NOTICE OF  COURT APPROVAL OF LTSA CUSTOMER PROGRAM
AND IMPLEMENTATION OF RELATED CUSTOMER INITIATIVES**

---

[1]  The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin Project LLC [1583], (ii) Powin, LLC [0504], (iii) PEOS Holdings, LLC [5476], (iv) Powin China Holdings 1, LLC [1422], (v) Powin China Holdings 2, LLC [9713], (vi) Charger Holdings, LLC [5241], (vii) Powin Energy Ontario Storage, LLC [ 8348], (viii) Powin Energy Operating Holdings, LLC [2495], and (ix) Powin Energy Operating, LLC [6487]. The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR  97062.

**PLEASE TAKE NOTICE** that at a hearing on June 12, 2025, the United States

Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court") entered the *Order (i)*

*Authorizing the Debtors to Enter into New Customer Program with Existing Customers and (II)*

*Granting Related Relief* [Docket No. [62], a copy of which is attached to this Notice, including

the term sheet (the "Term Sheet") approved by the Bankruptcy Court.  You are receiving this

Notice because you are a customer (a "Customer") of Powin LLC ("Powin") with respect to a

Long Term Service Agreement ("LTSA").  As authorized by the Bankruptcy Court, Powin has

developed a new Customer program (the "LTSA Program").  You have separately received a

copy of the pricing schedule for the LTSA Program.  If you have signed and returned the Term

Sheet, you will also receive the proposed form of Accommodation Agreement memorializing

your participation in the LTSA Program.

**PLEASE TAKE FURTHER NOTICE** that, effective immediately, the Debtors are

suspending all service to all Customers who are party to an Energy Supply Agreement (an "ESA")

or an LTSA with Powin in order to preserve resources for continuing Customers ("Continuing

Customers").  Continuing Customers include Customers who have negotiated a consensual

amendment to an ESA on or after June 10, 2025 or have agreed to participate in the LTSA Program.

In connection with this decision, the Debtors have also filed with the Bankruptcy Court the *Motion*

*of the Debtors for Entry of an Order (I) Authorizing the Rejection of Legacy Customer Contracts*

*and (II) Granting Related Relief.*  You or your counsel will receive a copy of this motion in due

course.  The Debtors continue to encourage Customers to engage with Powin to become a

Continuing Customer in order to avoid unnecessary disruption at the Customer's project.

The successful launch of the LTSA Program will provide a platform on which Powin can

continue to provide Customers with critical data, functionality and services on which their projects

rely.  Absent confirmation that the LTSA Program is sustainable due to material Customer

participation, Powin will be forced to repurpose resources for a liquidating transaction which will

have a severe negative impact on value.

**TO THAT END, THE DEBTORS WILL BE HOSTING A SUMMIT (THE "SUMMIT") OF ALL CUSTOMERS WISHING TO ATTEND IN DALLAS THIS WEEK.  CUSTOMERS ARE INVITED TO PARTICIPATE IN ONE OF TWO SESSIONS WHICH WILL COMMENCE AT 2:00PM CENTRAL TIME ON JUNE 17, 2025 AND JUNE 18, 2025.  THE PURPOSE OF THE SUMMIT IS TO PROVIDE UPDATED INFORMATION REGARDING THE LTSA PROGRAM, DISCUSS OTHER OPPORTUNITIES FOR ESA CUSTOMERS TO BECOME CONTINUING CUSTOMERS AND ALSO SHARE CONFIDENTIAL INFORMATION REGARDING A RECENT THIRD PARTY PROPOSAL TO ACQUIRE POWIN AND THE LTSA BUSINESS LINE.**

*The Summit will take place at the Dentons office located at 100 Crescent Court, Suite 900, Dallas, Texas 75201.  Please contact Mitchener Turnipseed at mturnipseed@hcg.com to confirm whether you will be participating in person or by virtual Zoom link.*  Customer participation in the

Summit is critical to Powin's decision-making in this area which the Debtors need to finalize by

the end of this week.

Dated: June [●], 2025

**TOGUT, SEGAL & SEGAL LLP**

*/s/*

Frank A. Oswald (admitted)
550 Broad Street
Suite 1508
Newark, NJ 07102
Telephone:  (212) 594-5000
Facsimile:  (212) 967-4258
Email:  frankoswald@teamtogut.com

Albert Togut (*pro hac vice* pending)
Amanda C. Glaubach (*pro hac* pending)
Eitan Blander (*pro hac vice* pending)
One Penn Plaza, Suite 3335
New York, New York 10119
Telephone:  (212) 594-5000
Facsimile:  (212) 967-4258

Email:  altogut@teamtogut.com
aglaubach@teamtogut.com
eblander@teamtogut.com

- and -

**DENTONS US LLP**

Tania M. Moyron (*pro hac vice* forthcoming)
Van C. Durrer, II (*pro hac vice* forthcoming)
601 S. Figueroa Street #2500
Los Angeles, CA 90017
Telephone:  (213) 623-9300
Facsimile:  (213) 623-9924
Email:  tania.moyron@dentons.com
van.durrer@dentons.com

John D. Beck (*pro hac vice* pending)
Sarah M. Schrag (*pro hac vice* pending)
1221 Avenue of the Americas
New York, NY 10020-1089
Telephone:  (212) 768-6700
Facsimile:  (212) 768-6800
Email:  john.beck@dentons.com
sarah.schrag@dentons.com

*Proposed Counsel for Debtors and
Debtors in Possession*

# EXHIBIT "D"

**Doherty, Casey W.**

| | |
|---|---|
| **From:** | Quinn Connolly <qconnolly@hcg.com> |
| **Sent:** | Tuesday, June 17, 2025 9:30 PM |
| **To:** | michael.alvarez@longroadenergy.com |
| **Cc:** | Project_Prisco_HTA |
| **Subject:** | Powin Customer Summit Follow-up |
| **Attachments:** | Powin Binding Term Sheet.docx; Powin Customer Contacts_vSend.xlsx |

Michael,

Thank you for the productive time today.  We look forward to reconvening tomorrow.

As requested, Powin and its advisors have done the following:

1.  We are delivering letters to PRAXIS authorizing the release of IP escrows and waiver of any 30 day hold.  Some letters have already issued.

2.  Attached is a contact list of customers so that you can communicate with each other.  Powin consents to such communication for the express purpose of transacting with Powin.  For those who have executed NDAs, you should remain mindful of your obligations.  Powin does not consent to communications among customers with respect to circumventing obligations owed to Powin or Powin's intellectual property rights.  All rights are reserved in that regard.

3.  Attached is a redline of the proposed Term Sheet showing changes from the version filed with the Court last week.  We believe this captures the discussion during the course of the day.  We also included changes submitted by various customers in writing which we found agreeable.

We look forward to speaking with you again in the **morning at 10AM CT**.  We will also make Uzzi & Lall available to walk through the cash collateral budget.

Best,

The Huron Investment Banking Team