UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Order Filed on June 25, 2025
by Clerk
U.S. Bankruptcy Court
District of New Jersey

| | |
|---|---|
| In Re: | Case No.: _25-16137_ |
| Powin, LLC, et al. | Jointly Administered |
| | Chapter: _11_ |
| | Judge: _Michael B. Kaplan_ |

CHAPTER 11 COMPLEX CASE MANAGEMENT ORDER

**DATED: June 25, 2025**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

(Page 2)

| | |
|---|---|
| Debtors: | Powin, LLC, *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Chapter 11 Complex Case Management Order |

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**DENTONS US LLP**

Tania M. Moyron (*pro hac vice* forthcoming)
Van C. Durrer (*pro hac vice* forthcoming)
601 S. Figueroa Street #2500
Los Angeles, CA 90017
Telephone:  (213) 623-9300
Facsimile:  (213) 623-9924
Email:  tania.moyron@dentons.com
           van.durrer@dentons.com

John D. Beck (*pro hac vice* forthcoming)
Sarah M. Schrag (*pro hac vice* forthcoming)
1221 Avenue of the Americas
New York, NY 10020-1089
Telephone:  (212) 768-6700
Facsimile:  (212) 768-6800
Email:  john.beck@dentons.com
           sarah.schrag@dentons.com

*Proposed Counsel for Debtors and
Debtors in Possession*

**TOGUT, SEGAL & SEGAL LLP**

Frank A. Oswald (admitted)
550 Broad Street
Suite 1508
Newark, NJ 07102
Telephone:  (212) 594-5000
Facsimile:  (212) 967-4258
Email:  frankoswald@teamtogut.com

Albert Togut (admitted *pro hac vice*)
Amanda C. Glaubach (admitted *pro hac vice*)
Eitan Blander (admitted *pro hac vice*)
One Penn Plaza, Suite 3335
New York, New York 10119
Telephone:  (212) 594-5000
Facsimile:  (212) 967-4258
Email:  altogut@teamtogut.com
           aglaubach@teamtogut.com
           eblander@teamtogut.com

*Proposed Counsel for Debtors and
Debtors in Possession*

(Page 3)
Debtors:            Powin, LLC, *et al.*
Case No.            25-16137 (MBK)
Caption of Order:   Chapter 11 Complex Case Management Order

Upon entry of the Court's *Order Granting Chapter 11 Complex Case Designation*, dated

June 13, 2025, directing the parties to submit a proposed Chapter 11 Complex Case Management

Order,

**IT IS HEREBY ORDERED THAT**:

1.      The Court's *Chapter 11 Complex Case Procedures*, annexed hereto, apply in this

Chapter 11 Case, except as otherwise ordered by the Court and specifically set forth below.

2.      The next three omnibus hearings are scheduled as follows:

a.   11:30 a.m., prevailing Eastern Time, on July 15, 2025;  and

b.   11:30 a.m., prevailing Eastern Time, on August 6, 2025;  and

c.   11:30 a.m., prevailing Eastern Time, on September 3, 2025.

3.      This Order shall be effective immediately upon entry, and the Debtors are

authorized and empowered to take all actions necessary to implement the relief granted in this

Order.

4.      A true copy of this Order shall be served on all required parties pursuant to the

*General Order Governing Chapter 11 Complex Case Procedures*.

5.      Any party may move for modification of this Order.

6.      This Court shall retain exclusive jurisdiction over any and all matters arising from

or related to the implementation, interpretation, or enforcement of this Order.

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**GENERAL ORDER GOVERNING**
**CHAPTER 11 COMPLEX CASE PROCEDURES**

**UPON CONSIDERATION** of the recommendations of the Chapter 11 Local Rules Committee established by *General Order Regarding Chapter 11 Case Administration*, dated January 3, 2024, the Court finds a need to implement procedures to better serve the bench, bar and public in Chapter 11 Complex Cases under D.N.J. LBR 1002-2.  Accordingly, by resolution of the Board of Judges of the United States Bankruptcy Court for the District of New Jersey,

**IT IS ORDERED** that the *Chapter 11 Complex Case Procedures*, annexed as an exhibit hereto, govern cases eligible for treatment as Chapter 11 Complex Cases.

Dated: August 1, 2024

Michael B. Kaplan, Chief Judge
U.S. Bankruptcy Court
District of New Jersey

Amended August 1, 2024

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

## CHAPTER 11 COMPLEX CASE PROCEDURES

### I.   APPLICATION FOR DESIGNATION AS A CHAPTER 11 COMPLEX CASE

A Chapter 11 debtor whose case meets the eligibility requirements under D.N.J LBR 1002-2, and who is seeking designation as a Complex Case, must file, concurrently with the order for relief, Local Form *Application for Designation as a Chapter 11 Complex Case* and proposed Local Form *Order Granting Chapter 11 Complex Case Designation*.  The *Order Granting Chapter 11 Complex Case Designation* may be entered without notice and a hearing, and directs the debtor to submit a proposed Local Form *Chapter 11 Complex Case Management Order* to the chambers's email of the presiding judge. The Case Management Order must attach as an exhibit, the *General Order Governing Chapter 11 Complex Case Procedures*. Provisions outside the scope of the General Order must be highlighted for the Court's review.

If multiple, affiliated Complex Cases are filed, the *Application for Designation as a Chapter 11 Complex Case* need only be filed in the lead case.

### II.   ADVANCED NOTICE TO UNITED STATES TRUSTEE AND CLERK OF THE COURT OF FILING OF A COMPLEX CASE

Unless there are exigent circumstances, the debtor's attorney, as applicable, must contact the United States Trustee and the Clerk of the Court as early as practicable but no later than three (3) business days prior to the filing of a petition for a case that may be designated as a Complex Case. The debtor's attorney must identify all matters that require consideration on or near the first day of the case.

### III.   JOINT ADMINISTRATION

a.   <u>Order Required</u>.   A proposed order granting a motion for joint administration may be entered without notice and a hearing, at the Court's discretion.

b.   <u>Schedules and Statements of Financial Affairs</u>. Notwithstanding the entry of an order for joint administration and unless the Court orders otherwise, schedules and statements of financial affairs and any amendments thereto must be filed for each debtor and docketed in the lead case only.

c.   <u>List of Unsecured Creditors</u>.  If joint administration is sought, the debtors may file a consolidated list of unsecured creditors of no less than 30 and no more than 50 largest unsecured creditors (the "<u>Unsecured Creditor List</u>"). The Unsecured Creditor List must be filed in the proposed lead case.

Amended August 1, 2024

## IV.    MASTER SERVICE LIST

a. <u>Required Parties</u>. The debtor(s) must maintain a master service list (the "<u>Master Service List</u>") identifying the parties to be served whenever a motion, pleading, or other document requires notice. Unless otherwise required by the Bankruptcy Code or Bankruptcy Rules, notices of motions and other matters must be limited to the parties on the Master Service List and parties directly affected by such notices of motion. The Master Service List must initially include the following parties and their attorney (if any): (i) the debtor(s); (ii) the United States Trustee; (iii) any pre-petition secured creditor; (iv) any post-petition secured creditor; (v) creditors listed on the unsecured creditor list (until an official committee of unsecured creditors is formed); (vi) any committee appointed under the Bankruptcy Code; (vii) any party who has filed a pleading requesting notice; (viii) any applicable government agencies to the extent required by the Federal Rules of Bankruptcy Procedure or Local Bankruptcy Rules; (ix) any local, state, and federal governmental units known by the debtor to have regulatory authority over the debtor or the debtor's activities; (x) any indenture trustee; and (xi) any petitioning creditors.

b. <u>Method of Notice and Service</u>.

  i. <u>Adversary Proceedings.</u> A summons and complaint in an adversary proceeding must be served under Federal Bankruptcy Rule 7004.

  ii. <u>Initiating Motion in a Contested Matter.</u> Upon a showing of just cause, the Court may relax the requirements of service for contested matters under Federal Bankruptcy Rule 9014 to permit the Notice of Electronic Filing ("NEF") to constitute proper service by email for those parties on the Master Service List who are, or whose agents are, registered attorney users of the CM/ECF System (collectively, the "ECF System Users").

  iii. <u>Notice and Service by Electronic Transmission.</u> In accordance with Federal Bankruptcy Rule 9036, the Notice of Electronic Filing constitutes proper, sufficient, and effective service by email for those parties on the Master Service List who are, or whose agents are, ECF System Users. All other parties on the Master Service List must be served by e-mail, if available, or by regular mail.

  iv. <u>Certificate of Service.</u> Local Form *Certification of Service* must be filed under D.NJ. LBR 2002-1. Certificates of service may be filed separately from the served document and, if separately filed, need not be served. A certificate of service generally should be filed within three (3) business days of the service date of the filed document. If a document requests expedited relief or a hearing on shortened notice, the certificate of service must be filed in advance of the hearing.

c. <u>Updates</u>. The initial Master Service List must be filed as soon as possible and, in any event, no later than within three (3) days of the petition date. The debtor or its claims

2

Amended August 1, 2024

and noticing agent must file an updated Master Service List at least every seven (7) days during the first thirty (30) days of the case and at least every thirty (30) days thereafter throughout the case; provided, if there are no changes to the list, an updated master service list need not be filed.

## V.  HEARING PROCEDURES

a.  <u>First Day Hearings</u>.

    i.  <u>Request</u>. If the debtor files motions, pleadings, or other documents that require consideration on or near the first day of the case (the "<u>First Day Matters</u>"), the debtor must file Local Form *Application for Expedited Consideration of First Day Matters* under D.N.J. LBR 9013-5.

    ii.  <u>Hearing Format</u>. First Day Matters will be conducted in-person and attendance by the debtor, debtor's counsel and any declarants in-person is required unless otherwise expressly authorized by the Court; however, virtual participation for other parties-in-interest may be permitted. Information for virtual participation is available on the Court's website, www.njb.uscourts.gov.

    iii.  <u>Notice of Hearing</u>. Upon the entry of an order granting the request for expedited consideration of certain First Day Matters (the "<u>First Day Order and Notice</u>"), the debtor's attorney must promptly serve a copy of the First Day Order and Notice by hand delivery, facsimile, electronic mail, overnight mail, or next day United States mail on the parties on the Master Service List, any party whose interest is adversely affected by the relief sought in a First Day Matter, and any other party asserting a security interest in the assets of the debtor(s) that are the subject of a First Day Matter.

    iv.  <u>Service of Documents</u>. The debtor must post the First Day Matters conspicuously on the <u>noticing</u> agent's website. Such a posting, together with service of the First Day Order and Notice as set forth in (iii) above, constitutes sufficient notice of the First Day Matters and the hearing to consider those matters, provided the First Day Order and Notice includes a website URL to the documents on the website and the contact information, including the name, telephone number, and email address of the person or persons whom a party may contact to obtain a copy of the First Day Matters in another format. If service is not made as set forth in this paragraph, service must be made in the same manner as set forth in the paragraph (iii) above.

    v.  <u>Paper Copies to Chambers</u>. Unless instructed otherwise by the Court, the debtor's attorney must provide two (2) paper copies of all First Day Matters and proposed agenda to chambers as soon as practicable following the filing.  Additionally, upon request, the U.S. Trustee must be provided paper copies of the First Day Matters as soon as practicable following the filing of the petition.

Amended August 1, 2024

b. <u>Omnibus Hearings</u>.

    i. <u>Request</u>. The debtor may request that the Court establish periodic dates and times for omnibus hearings (the "<u>Omnibus Hearings</u>"). This may be a First Day Matter. The Court may adjust the frequency of the dates as necessary based on the progress of the case.

    ii. <u>Matters to Be Heard</u>. After the Omnibus Hearing dates are established, any matter in the case, whether initiated by the debtor or another party, must be set for hearing on an Omnibus Hearing date, unless the Court orders otherwise. A party may contact the Court if it believes a matter should be set for hearing on a date and time other than an Omnibus Hearing date. A hearing may not be set by a party on less than twenty-one (21) days' notice prior to the next scheduled Omnibus Hearing date unless the Court grants an application to shorten time pursuant to D.N.J. LBR 9013-2(c).

    iii. <u>Adversary Proceedings</u>. Unless the Court orders otherwise, a hearing in an adversary proceeding must be heard on an Omnibus Hearing date.

    iv. <u>Notice of Omnibus Hearing Dates</u>.  Notice of Omnibus Hearing dates and times must be filed on the docket and served on the parties on the Master Service List.

c. <u>General</u>.

    i. <u>Exhibit and Witness Lists</u>. Unless the Court orders otherwise, exhibit and witness lists, including any witnesses to be called by proffer, must be filed at least three (3) business days before any evidentiary hearing date unless the matter is set on an expedited basis pursuant to D.N.J. LBR 9013-2. In addition to the requirements of D.N.J. LBR 9013-2, exhibits must be filed on CM/ECF in advance of the hearing. Each exhibit must be filed as a separate attachment to an Exhibit List. The Court will review the exhibits from CM/ECF. Exhibits must be offered into evidence by reference to the CM/ECF docket number of the filed exhibit.

    ii. <u>Telephonic or Virtual Appearances</u>. A motion for a telephonic or virtual appearance is not necessary. Information for telephonic or virtual participation is available on the Court's website, www.njb.uscourts.gov. Unless otherwise ordered, testimony (direct or cross) and exhibits may not be taken or offered by an attorney appearing telephonically.

    iii. <u>Electronic Devices</u>. Use of cellular telephones, laptops and other electronic devices in the courtroom by attorneys and parties must be permitted, except recording devices, and subject to any restrictions placed by the Court, District Court, Circuit Court of Appeals, or United States Marshal Service.  All devices must be set to silent.

Amended August 1, 2024

    iv.  <u>Audio Recordings</u>**.** Audio recordings of hearings will, as a matter of course, be made available on CM/ECF upon completion of a hearing. The audio file will be reflected on the docket as an .mp3 file embedded within a .pdf document. The .pdf document will contain basic instructions for accessing the audio file.

## VI.   OMNIBUS HEARINGS

a.  <u>Filing and Service</u>. No later than 12:00 p.m. (noon) Eastern Time, one (1) business day before the scheduled hearing, the attorney for the debtor or trustee must file an agenda (the "<u>Agenda</u>") and serve it on the Master Service List and any party whose interest is directly affected by the relief sought in a filed document.

b.  <u>Sequence of Matters</u>. Uncontested matters must be listed before contested matters. Pursuant to D.N.J. LBR 9013-3(d)(1), uncontested motions will be decided without oral argument.

c.  <u>Contents</u>. For each matter, the Agenda must indicate the following:

    i.  moving party's name;

    ii.  docket number of the initiating document;

    iii.  status, e.g., settled, going forward, continuance requested, continuance opposed, continued by consent; and

    iv.  instructions for obtaining virtual hearing information, if applicable.

d.  <u>Contested Matters</u>. For each matter going forward or where a request for continuance is opposed, the Agenda must also include the following:

    i.  docket number of any objections, responses, replies, and documents in support; and

    ii.  filing party's name.

e.  <u>Settlements</u>. Chambers must be promptly notified of a settlement. Parties should be guided by D.N.J. LBR 9019-3 and 9019-4.

f.  <u>Omnibus Objections to Claims</u>. The Agenda may list responses that debtors have agreed to continue by <u>consent</u> collectively.

g.  <u>Expedited and Evidentiary Hearings</u>. The Agenda must clearly denote any expedited hearings and evidentiary hearings.

h.  <u>Amended Agendas</u>. Amendments to an Agenda must be highlighted in bold.

Amended August 1, 2024

    i.   <u>Cancellation of Omnibus Hearing</u>. A request by the debtor to cancel an omnibus hearing must be made to chambers and on notice to the U.S. Trustee, any statutory committee, and any party whose interests are directly affected by a matter set forth on the agenda.  If a request to cancel an omnibus hearing is granted, the debtor's counsel must file a notice of cancellation of hearing and (i) cause the claims and noticing agent to post such notice conspicuously on the main page of the case website and (ii) serve a copy on the Master Service list.

## VII.   CLAIMS AND NOTICING AGENTS

    a.   <u>General</u>. Unless the Court orders otherwise, a claims agent and noticing agent (a "<u>Claims Agent</u>") must be retained in a Complex Case. This must be a First Day Matter. The Court may waive this requirement at the first day hearing upon motion for cause.

## VIII.   PROOFS OF CLAIM AND OMNIBUS CLAIM OBJECTION PROCEDURES

    a.   <u>Claims Bar Deadlines</u>. D.N.J. LBR 3003-1 does not apply in a Complex Case.  The debtor must file a motion requesting a bar date for the filing of proofs of claim or interest.

    b.   <u>Omnibus Claim Objections</u>.

        i.   Except as set forth herein, omnibus claims objections must conform with Fed. R. Bank. P. 3007 and D.N.J. LBR 3007-1 absent further order.  The requirement in D.N.J. LBR 3007-2 to file and serve on each claimant Local Form *Notice of Objection to Your Claim* does not apply in a Complex Case.

       ii.   In a Complex Case, parties are authorized to file omnibus objections to no more than 250 claims at a time on the following additional permitted grounds: (i) the amount claimed contradicts the debtor's books and records; (ii) the claims were incorrectly or improperly classified; (iii) the claims seek recovery of amounts for which the debtors are not liable; (iv) the claims do not include sufficient documentation to ascertain the validity of the claims or the claims fail to sufficiently specify the basis for the claims; (v) the Claims are filed against non-debtors, the wrong debtor or are filed against multiple debtors, except to the extent permitted under any bar date order entered in the applicable case, (vi) the claims are disallowed under section 502 of the Bankruptcy Code and (vii) the claimant has withdrawn the claim formally pursuant to either a pleading or the entry of a Court order.

       iii.   In a Complex Case, parties are authorized to file and serve notices in lieu of omnibus objection with respect to certain claims subject to proofs of claim or on the debtor's schedules.  A notice of satisfaction may be sent on the grounds that such claims have been satisfied in full according to the debtor's books and records, including pursuant to any confirmed Chapter 11 plan or an order of the

Amended August 1, 2024

Court.  Additionally, a notice (in lieu of an objection) may be sent on the basis that a claim is a duplicate claim or that a claim was amended and superseded.

iv. Parties may file a motion to approve procedures for handling omnibus claims objections. Unless otherwise ordered, such procedures may not shift the burden of proof, discovery rights or burdens, or pleadings requirements.

## IX.  CASH COLLATERAL/OBTAINING CREDIT

a. <u>Motion Required</u>. Except as provided herein and elsewhere in the Local Bankruptcy Rules, all cash collateral and financing requests under §§ 363 and 364 of the Bankruptcy Code must be by motion filed pursuant to Federal Rules Bankruptcy Procedure 2002, 4001, and 9014 as well as D.N.J. LBR 4001-3. Stipulations or agreed orders regarding the use of cash collateral or financing requests are subject to these procedures.

b. <u>Initial Financing Hearing</u>.

i. On motion by the debtors, a hearing (the "<u>Initial Financing Hearing</u>") will routinely be conducted as part of the first day hearing to consider either cash collateral use and/or interim debtor-in-possession financing (the "<u>Initial Financing</u>").

ii. At the Initial Financing Hearing, the debtors must introduce a cash flow projection showing sources and uses of cash necessary for ongoing operations on a weekly basis for not less than the first (4) weeks of the case (a "<u>First Budget</u>").

iii. The First Budget must be filed with the Court and be served no later than noon on the first business day after the filing, or on the date of the filing if the Initial Financing Hearing is to occur before the second business day after the Petition Date.

iv. The debtors must provide a copy of the First Day Budget in native file format upon request by any estate fiduciary or other party-in-interest subject to appropriate confidentiality agreements, if deemed necessary.

v. At the Initial Financing Hearing, the Court will consider the Initial Financing pursuant to 11 U.S.C. §§ 363, 364, and Fed. R. Bank. P. 4001, subject to the following:

1. The Court will set a hearing to consider permanent financing through use of cash collateral and/or debtor-in-possession financing in accordance with 11 U.S.C. §§ 363, 364, and Fed. R. Bankr. P. 4001 (a "<u>Final Hearing</u>").

2. If further interim financing relief is sought prior to a Final Hearing, notice of a Final Hearing is adequate notice of a request for further interim relief on the pending motion.

Amended August 1, 2024

3. At a Final Hearing, the debtors must introduce a cash flow projection for sources and uses of cash for the period of cash collateral use or debtor-in-possession financing that is proposed (a "Final Financing Budget").

4. The Final Financing Budget must be filed at the same time as the agenda for the Final Hearing as required under VI, as may be supplemented in advance of the Final Hearing.  If a Final Financing Budget is not available by the deadline, the debtor must provide an explanation as to why the Final Financing Budget is not yet available. The debtor must provide a copy of the Final Financing Budget in native file format upon request by any party-in-interest.

## X.    SALE OF SUBSTANTIALLY ALL ASSETS

A motion to sell substantially all the debtor's assets may be considered on an expedited basis in accordance with D.N.J. LBR 9013-2. Unless the Court orders otherwise, any motion to sell assets or set sale procedures must comply with D.N.J. LBR 6004-1.

## XI.   UNSECURED CREDITORS' COMMITTEE

a. The United States Trustee must use best efforts to file a notice of appointment (the "Notice of Appointment") of an unsecured creditors' committee, or any other committee, within fourteen (14) days of the petition date if possible.

b. In the event a committee will not be formed, the United States Trustee must file a notice of no appointment as soon as practicable.

c. The committee must have fourteen (14) days from the date of the Notice of Appointment to seek an order for relief from or to amend an order entered by the Court prior to or on the date of the Notice of Appointment, which time may be shortened or extended by the Court for cause.

d. The committee must have at least fourteen (14) days from the date of the Notice of Appointment to object to any motion pending on the date of the Notice of Appointment, which time may be shortened or extended by the Court for cause on notice to the committee and the movant.

## XII.   PRO HAC VICE ADMISSION

Applications for admission *pro hac vice* may be considered *ex parte* pursuant to D.N.J. LBR 9010-1. Attorneys should file *pro hac vice* applications only if they intend to make an appearance on the record. To the extent an attorney plans to simply attend/observe (and not officially "make an appearance" or present argument), no *pro hac vice* motion is necessary.

Amended August 1, 2024

## XIII.    EXTENSIONS OF TIME

Unless otherwise provided in the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules or Court order, if a motion to extend the time to take any action is filed before the expiration of the period prescribed by the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the Federal Rules of Civil Procedure, a confirmed plan or Court order, the time must be automatically extended until the Court rules on the motion, without the necessity of a bridge order. For the avoidance of doubt, there is a presumption that the matter will be heard at the next available omnibus hearing date. If the Court denies the motion to extend, then the applicable action must be completed no later than 5:00 p.m., prevailing Eastern Time, on the third business day after the Court enters such order.

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**GENERAL ORDER GOVERNING**
**CHAPTER 11 COMPLEX CASE PROCEDURES**

**UPON CONSIDERATION** of the recommendations of the Chapter 11 Local Rules Committee established by *General Order Regarding Chapter 11 Case Administration*, dated January 3, 2024, the Court finds a need to implement procedures to better serve the bench, bar and public in Chapter 11 Complex Cases under D.N.J. LBR 1002-2. Accordingly, by resolution of the Board of Judges of the United States Bankruptcy Court for the District of New Jersey,

**IT IS ORDERED** that the *Chapter 11 Complex Case Procedures*, annexed as an exhibit hereto, govern cases eligible for treatment as Chapter 11 Complex Cases.

Dated: August 1, 2024

Michael B. Kaplan, Chief Judge
U.S. Bankruptcy Court
District of New Jersey

Amended August 1, 2024

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

## <u>CHAPTER 11 COMPLEX CASE PROCEDURES</u>

## I.    APPLICATION FOR DESIGNATION AS A CHAPTER 11 COMPLEX CASE

A Chapter 11 debtor whose case meets the eligibility requirements under D.N.J LBR 1002-2, and who is seeking designation as a Complex Case, must file, concurrently with the order for relief, Local Form *Application for Designation as a Chapter 11 Complex Case* and proposed Local Form *Order Granting Chapter 11 Complex Case Designation*.  The *Order Granting Chapter 11 Complex Case Designation* may be entered without notice and a hearing, and directs the debtor to submit a proposed Local Form *Chapter 11 Complex Case Management Order* to the chambers's email of the presiding judge. The Case Management Order must attach as an exhibit, the *General Order Governing Chapter 11 Complex Case Procedures*. Provisions outside the scope of the General Order must be highlighted for the Court's review.

If multiple, affiliated Complex Cases are filed, the *Application for Designation as a Chapter 11 Complex Case* need only be filed in the lead case.

## II.   ADVANCED NOTICE TO UNITED STATES TRUSTEE AND CLERK OF THE COURT OF FILING OF A COMPLEX CASE

Unless there are exigent circumstances, the debtor's attorney, as applicable, must contact the United States Trustee and the Clerk of the Court as early as practicable but no later than three (3) business days prior to the filing of a petition for a case that may be designated as a Complex Case. The debtor's attorney must identify all matters that require consideration on or near the first day of the case.

## III.  JOINT ADMINISTRATION

a.  <u>Order Required</u>.   A proposed order granting a motion for joint administration may be entered without notice and a hearing, at the Court's discretion.

b.  <u>Schedules and Statements of Financial Affairs</u>. Notwithstanding the entry of an order for joint administration and unless the Court orders otherwise, schedules and statements of financial affairs and any amendments thereto must be filed for each debtor and docketed in the lead case only.

c.  <u>List of Unsecured Creditors</u>.  If joint administration is sought, the debtors may file a consolidated list of unsecured creditors of no less than 30 and no more than 50 largest unsecured creditors (the "<u>Unsecured Creditor List</u>"). The Unsecured Creditor List must be filed in the proposed lead case.

Amended August 1, 2024

## IV.    MASTER SERVICE LIST

a.  <u>Required Parties</u>. The debtor(s) must maintain a master service list (the "<u>Master Service List</u>") identifying the parties to be served whenever a motion, pleading, or other document requires notice. Unless otherwise required by the Bankruptcy Code or Bankruptcy Rules, notices of motions and other matters must be limited to the parties on the Master Service List and parties directly affected by such notices of motion. The Master Service List must initially include the following parties and their attorney (if any): (i) the debtor(s); (ii) the United States Trustee; (iii) any pre-petition secured creditor; (iv) any post-petition secured creditor; (v) creditors listed on the unsecured creditor list (until an official committee of unsecured creditors is formed); (vi) any committee appointed under the Bankruptcy Code; (vii) any party who has filed a pleading requesting notice; (viii) any applicable government agencies to the extent required by the Federal Rules of Bankruptcy Procedure or Local Bankruptcy Rules; (ix) any local, state, and federal governmental units known by the debtor to have regulatory authority over the debtor or the debtor's activities; (x) any indenture trustee; and (xi) any petitioning creditors.

b.  <u>Method of Notice and Service</u>.

   i.   <u>Adversary Proceedings.</u> A summons and complaint in an adversary proceeding must be served under Federal Bankruptcy Rule 7004.

   ii.  <u>Initiating Motion in a Contested Matter.</u> Upon a showing of just cause, the Court may relax the requirements of service for contested matters under Federal Bankruptcy Rule 9014 to permit the Notice of Electronic Filing ("NEF") to constitute proper service by email for those parties on the Master Service List who are, or whose agents are, registered attorney users of the CM/ECF System (collectively, the "ECF System Users").

   iii. <u>Notice and Service by Electronic Transmission.</u> In accordance with Federal Bankruptcy Rule 9036, the Notice of Electronic Filing constitutes proper, sufficient, and effective service by email for those parties on the Master Service List who are, or whose agents are, ECF System Users. All other parties on the Master Service List must be served by e-mail, if available, or by regular mail.

   iv.  <u>Certificate of Service.</u> Local Form *Certification of Service* must be filed under D.NJ. LBR 2002-1. Certificates of service may be filed separately from the served document and, if separately filed, need not be served. A certificate of service generally should be filed within three (3) business days of the service date of the filed document. If a document requests expedited relief or a hearing on shortened notice, the certificate of service must be filed in advance of the hearing.

c.  <u>Updates</u>. The initial Master Service List must be filed as soon as possible and, in any event, no later than within three (3) days of the petition date. The debtor or its claims

Amended August 1, 2024

and noticing agent must file an updated Master Service List at least every seven (7) days during the first thirty (30) days of the case and at least every thirty (30) days thereafter throughout the case; provided, if there are no changes to the list, an updated master service list need not be filed.

## V.   HEARING PROCEDURES

a.   <u>First Day Hearings</u>.

    i.   <u>Request</u>. If the debtor files motions, pleadings, or other documents that require consideration on or near the first day of the case (the "<u>First Day Matters</u>"), the debtor must file Local Form *Application for Expedited Consideration of First Day Matters* under D.N.J. LBR 9013-5.

    ii.   <u>Hearing Format</u>. First Day Matters will be conducted in-person and attendance by the debtor, debtor's counsel and any declarants in-person is required unless otherwise expressly authorized by the Court; however, virtual participation for other parties-in-interest may be permitted. Information for virtual participation is available on the Court's website, www.njb.uscourts.gov.

    iii.   <u>Notice of Hearing</u>. Upon the entry of an order granting the request for expedited consideration of certain First Day Matters (the "<u>First Day Order and Notice</u>"), the debtor's attorney must promptly serve a copy of the First Day Order and Notice by hand delivery, facsimile, electronic mail, overnight mail, or next day United States mail on the parties on the Master Service List, any party whose interest is adversely affected by the relief sought in a First Day Matter, and any other party asserting a security interest in the assets of the debtor(s) that are the subject of a First Day Matter.

    iv.   <u>Service of Documents</u>. The debtor must post the First Day Matters conspicuously on the <u>noticing</u> agent's website. Such a posting, together with service of the First Day Order and Notice as set forth in (iii) above, constitutes sufficient notice of the First Day Matters and the hearing to consider those matters, provided the First Day Order and Notice includes a website URL to the documents on the website and the contact information, including the name, telephone number, and email address of the person or persons whom a party may contact to obtain a copy of the First Day Matters in another format. If service is not made as set forth in this paragraph, service must be made in the same manner as set forth in the paragraph (iii) above.

    v.   <u>Paper Copies to Chambers</u>. Unless instructed otherwise by the Court, the debtor's attorney must provide two (2) paper copies of all First Day Matters and proposed agenda to chambers as soon as practicable following the filing.  Additionally, upon request, the U.S. Trustee must be provided paper copies of the First Day Matters as soon as practicable following the filing of the petition.

Amended August 1, 2024

b. <u>Omnibus Hearings</u>.

    i. <u>Request</u>. The debtor may request that the Court establish periodic dates and times for omnibus hearings (the "<u>Omnibus Hearings</u>"). This may be a First Day Matter. The Court may adjust the frequency of the dates as necessary based on the progress of the case.

    ii. <u>Matters to Be Heard</u>. After the Omnibus Hearing dates are established, any matter in the case, whether initiated by the debtor or another party, must be set for hearing on an Omnibus Hearing date, unless the Court orders otherwise. A party may contact the Court if it believes a matter should be set for hearing on a date and time other than an Omnibus Hearing date. A hearing may not be set by a party on less than twenty-one (21) days' notice prior to the next scheduled Omnibus Hearing date unless the Court grants an application to shorten time pursuant to D.N.J. LBR 9013-2(c).

    iii. <u>Adversary Proceedings</u>. Unless the Court orders otherwise, a hearing in an adversary proceeding must be heard on an Omnibus Hearing date.

    iv. <u>Notice of Omnibus Hearing Dates</u>.  Notice of Omnibus Hearing dates and times must be filed on the docket and served on the parties on the Master Service List.

c. <u>General</u>.

    i. <u>Exhibit and Witness Lists</u>. Unless the Court orders otherwise, exhibit and witness lists, including any witnesses to be called by proffer, must be filed at least three (3) business days before any evidentiary hearing date unless the matter is set on an expedited basis pursuant to D.N.J. LBR 9013-2. In addition to the requirements of D.N.J. LBR 9013-2, exhibits must be filed on CM/ECF in advance of the hearing. Each exhibit must be filed as a separate attachment to an Exhibit List. The Court will review the exhibits from CM/ECF. Exhibits must be offered into evidence by reference to the CM/ECF docket number of the filed exhibit.

    ii. <u>Telephonic or Virtual Appearances</u>. A motion for a telephonic or virtual appearance is not necessary. Information for telephonic or virtual participation is available on the Court's website, www.njb.uscourts.gov. Unless otherwise ordered, testimony (direct or cross) and exhibits may not be taken or offered by an attorney appearing telephonically.

    iii. <u>Electronic Devices</u>. Use of cellular telephones, laptops and other electronic devices in the courtroom by attorneys and parties must be permitted, except recording devices, and subject to any restrictions placed by the Court, District Court, Circuit Court of Appeals, or United States Marshal Service.  All devices must be set to silent.

Amended August 1, 2024

    iv.  <u>Audio Recordings</u>**.** Audio recordings of hearings will, as a matter of course, be made available on CM/ECF upon completion of a hearing. The audio file will be reflected on the docket as an .mp3 file embedded within a .pdf document. The .pdf document will contain basic instructions for accessing the audio file.

## VI.   OMNIBUS HEARINGS

a.  <u>Filing and Service</u>. No later than 12:00 p.m. (noon) Eastern Time, one (1) business day before the scheduled hearing, the attorney for the debtor or trustee must file an agenda (the "<u>Agenda</u>") and serve it on the Master Service List and any party whose interest is directly affected by the relief sought in a filed document.

b.  <u>Sequence of Matters</u>. Uncontested matters must be listed before contested matters. Pursuant to D.N.J. LBR 9013-3(d)(1), uncontested motions will be decided without oral argument.

c.  <u>Contents</u>. For each matter, the Agenda must indicate the following:

    i.  moving party's name;

    ii.  docket number of the initiating document;

    iii.  status, e.g., settled, going forward, continuance requested, continuance opposed, continued by consent; and

    iv.  instructions for obtaining virtual hearing information, if applicable.

d.  <u>Contested Matters</u>. For each matter going forward or where a request for continuance is opposed, the Agenda must also include the following:

    i.  docket number of any objections, responses, replies, and documents in support; and

    ii.  filing party's name.

e.  <u>Settlements</u>. Chambers must be promptly notified of a settlement. Parties should be guided by D.N.J. LBR 9019-3 and 9019-4.

f.  <u>Omnibus Objections to Claims</u>. The Agenda may list responses that debtors have agreed to continue by <u>consent</u> collectively.

g.  <u>Expedited and Evidentiary Hearings</u>. The Agenda must clearly denote any expedited hearings and evidentiary hearings.

h.  <u>Amended Agendas</u>. Amendments to an Agenda must be highlighted in bold.

Amended August 1, 2024

    i. <u>Cancellation of Omnibus Hearing</u>. A request by the debtor to cancel an omnibus hearing must be made to chambers and on notice to the U.S. Trustee, any statutory committee, and any party whose interests are directly affected by a matter set forth on the agenda.  If a request to cancel an omnibus hearing is granted, the debtor's counsel must file a notice of cancellation of hearing and (i) cause the claims and noticing agent to post such notice conspicuously on the main page of the case website and (ii) serve a copy on the Master Service list.

## VII.    CLAIMS AND NOTICING AGENTS

    a. <u>General</u>. Unless the Court orders otherwise, a claims agent and noticing agent (a "<u>Claims Agent</u>") must be retained in a Complex Case. This must be a First Day Matter. The Court may waive this requirement at the first day hearing upon motion for cause.

## VIII.    PROOFS OF CLAIM AND OMNIBUS CLAIM OBJECTION PROCEDURES

    a. <u>Claims Bar Deadlines</u>. D.N.J. LBR 3003-1 does not apply in a Complex Case.  The debtor must file a motion requesting a bar date for the filing of proofs of claim or interest.

    b. <u>Omnibus Claim Objections</u>.

        i. Except as set forth herein, omnibus claims objections must conform with Fed. R. Bank. P. 3007 and D.N.J. LBR 3007-1 absent further order.  The requirement in D.N.J. LBR 3007-2 to file and serve on each claimant Local Form *Notice of Objection to Your Claim* does not apply in a Complex Case.

       ii. In a Complex Case, parties are authorized to file omnibus objections to no more than 250 claims at a time on the following additional permitted grounds: (i) the amount claimed contradicts the debtor's books and records; (ii) the claims were incorrectly or improperly classified; (iii) the claims seek recovery of amounts for which the debtors are not liable; (iv) the claims do not include sufficient documentation to ascertain the validity of the claims or the claims fail to sufficiently specify the basis for the claims; (v) the Claims are filed against non-debtors, the wrong debtor or are filed against multiple debtors, except to the extent permitted under any bar date order entered in the applicable case, (vi) the claims are disallowed under section 502 of the Bankruptcy Code and (vii) the claimant has withdrawn the claim formally pursuant to either a pleading or the entry of a Court order.

      iii. In a Complex Case, parties are authorized to file and serve notices in lieu of omnibus objection with respect to certain claims subject to proofs of claim or on the debtor's schedules.  A notice of satisfaction may be sent on the grounds that such claims have been satisfied in full according to the debtor's books and records, including pursuant to any confirmed Chapter 11 plan or an order of the

Amended August 1, 2024

Court.  Additionally, a notice (in lieu of an objection) may be sent on the basis that a claim is a duplicate claim or that a claim was amended and superseded.

iv.  Parties may file a motion to approve procedures for handling omnibus claims objections. Unless otherwise ordered, such procedures may not shift the burden of proof, discovery rights or burdens, or pleadings requirements.

## IX.   CASH COLLATERAL/OBTAINING CREDIT

a.  <u>Motion Required</u>. Except as provided herein and elsewhere in the Local Bankruptcy Rules, all cash collateral and financing requests under §§ 363 and 364 of the Bankruptcy Code must be by motion filed pursuant to Federal Rules Bankruptcy Procedure 2002, 4001, and 9014 as well as D.N.J. LBR 4001-3. Stipulations or agreed orders regarding the use of cash collateral or financing requests are subject to these procedures.

b.  <u>Initial Financing Hearing</u>.

i.  On motion by the debtors, a hearing (the "<u>Initial Financing Hearing</u>") will routinely be conducted as part of the first day hearing to consider either cash collateral use and/or interim debtor-in-possession financing (the "<u>Initial Financing</u>").

ii.  At the Initial Financing Hearing, the debtors must introduce a cash flow projection showing sources and uses of cash necessary for ongoing operations on a weekly basis for not less than the first (4) weeks of the case (a "<u>First Budget</u>").

iii.  The First Budget must be filed with the Court and be served no later than noon on the first business day after the filing, or on the date of the filing if the Initial Financing Hearing is to occur before the second business day after the Petition Date.

iv.  The debtors must provide a copy of the First Day Budget in native file format upon request by any estate fiduciary or other party-in-interest subject to appropriate confidentiality agreements, if deemed necessary.

v.  At the Initial Financing Hearing, the Court will consider the Initial Financing pursuant to 11 U.S.C. §§ 363, 364, and Fed. R. Bank. P. 4001, subject to the following:

1.  The Court will set a hearing to consider permanent financing through use of cash collateral and/or debtor-in-possession financing in accordance with 11 U.S.C. §§ 363, 364, and Fed. R. Bankr. P. 4001 (a "<u>Final Hearing</u>").

2.  If further interim financing relief is sought prior to a Final Hearing, notice of a Final Hearing is adequate notice of a request for further interim relief on the pending motion.

Amended August 1, 2024

3. At a Final Hearing, the debtors must introduce a cash flow projection for sources and uses of cash for the period of cash collateral use or debtor-in-possession financing that is proposed (a "<u>Final Financing Budget</u>").

4. The Final Financing Budget must be filed at the same time as the agenda for the Final Hearing as required under VI, as may be supplemented in advance of the Final Hearing. If a Final Financing Budget is not available by the deadline, the debtor must provide an explanation as to why the Final Financing Budget is not yet available. The debtor must provide a copy of the Final Financing Budget in native file format upon request by any party-in-interest.

## X.    SALE OF SUBSTANTIALLY ALL ASSETS

A motion to sell substantially all the debtor's assets may be considered on an expedited basis in accordance with D.N.J. LBR 9013-2. Unless the Court orders otherwise, any motion to sell assets or set sale procedures must comply with D.N.J. LBR 6004-1.

## XI.    UNSECURED CREDITORS' COMMITTEE

a. The United States Trustee must use best efforts to file a notice of appointment (the "<u>Notice of Appointment</u>") of an unsecured creditors' committee, or any other committee, within fourteen (14) days of the petition date if possible.

b. In the event a committee will not be formed, the United States Trustee must file a notice of no appointment as soon as practicable.

c. The committee must have fourteen (14) days from the date of the Notice of Appointment to seek an order for relief from or to amend an order entered by the Court prior to or on the date of the Notice of Appointment, which time may be shortened or extended by the Court for cause.

d. The committee must have at least fourteen (14) days from the date of the Notice of Appointment to object to any motion pending on the date of the Notice of Appointment, which time may be shortened or extended by the Court for cause on notice to the committee and the movant.

## XII.    PRO HAC VICE ADMISSION

Applications for admission *pro hac vice* may be considered *ex parte* pursuant to D.N.J. LBR 9010-1. Attorneys should file *pro hac vice* applications only if they intend to make an appearance on the record. To the extent an attorney plans to simply attend/observe (and not officially "make an appearance" or present argument), no *pro hac vice* motion is necessary.

Amended August 1, 2024

## XIII.   EXTENSIONS OF TIME

Unless otherwise provided in the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules or Court order, if a motion to extend the time to take any action is filed before the expiration of the period prescribed by the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the Federal Rules of Civil Procedure, a confirmed plan or Court order, the time must be automatically extended until the Court rules on the motion, without the necessity of a bridge order. For the avoidance of doubt, there is a presumption that the matter will be heard at the next available omnibus hearing date. If the Court denies the motion to extend, then the applicable action must be completed no later than 5:00 p.m., prevailing Eastern Time, on the third business day after the Court enters such order.