**DENTONS US LLP**

Tania M. Moyron (admitted *pro hac vice*)
Van C. Durrer (admitted *pro hac vice*)
601 S. Figueroa Street #2500
Los Angeles, CA 90017
Telephone: (213) 623-9300
Facsimile: (213) 623-9924
Email: tania.moyron@dentons.com
       van.durrer@dentons.com

John D. Beck (admitted *pro hac vice*)
Sarah M. Schrag (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020-1089
Telephone: (212) 768-6700
Facsimile: (212) 768-6800
Email: john.beck@dentons.com
       sarah.schrag@dentons.com

*Proposed Counsel for Debtors and Debtors in Possession*

**TOGUT, SEGAL & SEGAL LLP**

Frank A. Oswald (admitted)
550 Broad Street
Suite 1508
Newark, NJ 07102
Telephone: (212) 594-5000
Facsimile: (212) 967-4258
Email: frankoswald@teamtogut.com

Albert Togut (admitted *pro hac vice*)
Amanda C. Glaubach (admitted *pro hac vice*)
Eitan Blander (admitted *pro hac vice*)
One Penn Plaza, Suite 3335
New York, New York 10119
Telephone: (212) 594-5000
Facsimile: (212) 967-4258
Email: altogut@teamtogut.com
       aglaubach@teamtogut.com
       eblander@teamtogut.com

*Proposed Counsel for Debtors and Debtors in Possession*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br>Powin, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-16137 (MBK)<br><br>(Jointly Administered)<br><br>**Hearing Date: August 6, 2025 at 11:30 a.m.**<br><br>**(Via Zoom)** |

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin Project LLC [1583]; (ii) Powin, LLC [0504], (iii) PEOS Holdings, LLC [5476], (iv) Powin China Holdings 1, LLC [1422], (v) Powin China Holdings 2, LLC [9713], (vi) Charger Holdings, LLC [15241], (vii) Powin Energy Ontario Storage, LLC [8348], (viii) Powin Energy Operating Holdings, LLC [2495], and (ix) Powin Energy Operating, LLC [6487]. The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR 97062.

**NOTICE OF HEARING OF DEBTORS' MOTION FOR AN ORDER AUTHORIZING (I) REJECTION OF THE LEASE OF NON-RESIDENTIAL REAL PROPERTY LOCATED AT 1414 NW NORTHRUP STREET EFFECTIVE AS OF JUNE 30, 2025 AND (II) ABANDONMENT OF PERSONAL PROPERTY TO THE LANDLORD**

**PLEASE TAKE NOTICE** that on June 9, 2025 and June 10, 2025 (collectively, the "Petition Date"), the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court").

**PLEASE TAKE FURTHER NOTICE** that on June 30, 2025, the Debtors filed a Motion for Entry of an Order Authorizing (I) Rejection of the Lease of Non-Residential Real Property Located at 1414 NW Northrup Street Effective as of June 30, 2025 and (II) Abandonment of Personal Property to the Landlord (the "Motion"). A hearing to consider approval of the Motion has been scheduled for August 6, 2025, at 11:30 a.m. (the "Hearing") Via Zoom, or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that, parties wishing to appear at the Hearing must register with the Court by submitting an e-mail to Chambers (chambers_of_mbk@njb.uscourts.gov) indicating the name of the person appearing, their e-mail address, their affiliation, and whom they represent/interest in this case. If the request is approved, the participant will receive appropriate credentials and further instruction. Telephonic information for observational purposes can be found on the page on the Court's website devoted to the *Powin, LLC, et al.,* bankruptcy case: https://www.njb.uscourts.gov/powin.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the relief requested in the Motion shall: (a) be in writing; (b) state with particularity the basis of the objection; and (c) be filed with the Clerk of the Bankruptcy Court electronically by attorneys who regularly practice before the Bankruptcy Court in accordance with the General Order Regarding Electronic Means for Filing, Signing, and Verification of Documents dated March 27, 2002 (the "General Order") and the Commentary Supplementing Administrative Procedures dated as of March 2004(the "Supplemental Commentary") (the General Order, the Supplemental Commentary and the User's Manual for the Electronic Case Filing System can be found at www.njb.uscourts.gov, the official website for the Bankruptcy Court) and, by all other parties-in-interest, on CD-ROM in Portable Document Format (PDF), and shall be served on such parties in accordance with the General Order and the Supplemental Commentary, so as to be actually received no later than **July 30, 2025 at 4:00 p.m. (prevailing Eastern Time) ("the Objection Deadline").**

**PLEASE TAKE FURTHER NOTICE THAT YOUR RIGHTS MAY BE AFFECTED. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one).**

*[Concluded on the following page]*

**PLEASE TAKE FURTHER NOTICE** that a copy of the Motion, and any related filings, can be viewed and/or obtained by: (i) accessing the Bankruptcy Court's Website for a fee, (ii) visiting the website for the Debtors' chapter 11 cases at: https://www.veritaglobal.net/powin or (iii) by contacting the Office of the Clerk of the United States Bankruptcy Court, District of New Jersey. Please note that a PACER password is required to access documents on the Bankruptcy Court's Website.

Dated: June 30, 2025

**TOGUT, SEGAL & SEGAL LLP**

*/s/ Frank A. Oswald*
Frank A. Oswald (admitted)
550 Broad Street
Suite 1508
Newark, NJ 07102
Telephone: (212) 594-5000
Facsimile: (212) 967-4258
Email: frankoswald@teamtogut.com

Albert Togut (admitted *pro hac vice*)
Amanda C. Glaubach (admitted *pro hac vice*)
Eitan Blander (admitted *pro hac vice*)
One Penn Plaza, Suite 3335
New York, New York 10119
Telephone: (212) 594-5000
Facsimile: (212) 967-4258
Email: altogut@teamtogut.com
       aglaubach@teamtogut.com
       eblander@teamtogut.com

- and -

**DENTONS US LLP**

Tania M. Moyron (admitted *pro hac vice*)
Van C. Durrer, II (admitted *pro hac vice*)
601 S. Figueroa Street #2500
Los Angeles, CA 90017
Telephone: (213) 623-9300
Facsimile: (213) 623-9924
Email: tania.moyron@dentons.com
       van.durrer@dentons.com

John D. Beck (admitted *pro hac vice*)
Sarah M. Schrag (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020-1089
Telephone: (212) 768-6700
Facsimile: (212) 768-6800
Email: john.beck@dentons.com
       sarah.schrag@dentons.com

*Proposed Counsel for Debtors and Debtors in Possession*

| **DENTONS US LLP** | **TOGUT, SEGAL & SEGAL LLP** |
|---|---|
| Tania M. Moyron (admitted *pro hac vice*)<br>Van C. Durrer, II (admitted *pro hac vice*)<br>601 S. Figueroa Street #2500<br>Los Angeles, CA 90017<br>Telephone: (213) 623-9300<br>Facsimile: (213) 623-9924<br>Email: tania.moyron@dentons.com<br>van.durrer@dentons.com | Frank A. Oswald (admitted)<br>550 Broad Street<br>Suite 1508<br>Newark, NJ 07102<br>Telephone: (212) 594-5000<br>Facsimile: (212) 967-4258<br>Email: frankoswald@teamtogut.com |
| John D. Beck (admitted *pro hac vice*)<br>Sarah M. Schrag (admitted *pro hac vice*)<br>1221 Avenue of the Americas<br>New York, NY 10020-1089<br>Telephone: (212) 768-6700<br>Facsimile: (212) 768-6800<br>Email: john.beck@dentons.com<br>sarah.schrag@dentons.com | Albert Togut (admitted *pro hac vice*)<br>Amanda C. Glaubach (admitted *pro hac vice*)<br>Eitan Blander (admitted *pro hac vice*)<br>One Penn Plaza, Suite 3335<br>New York, New York 10119<br>Telephone: (212) 594-5000<br>Facsimile: (212) 967-4258<br>Email: altogut@teamtogut.com<br>aglaubach@teamtogut.com<br>eblander@teamtogut.com |
| *Proposed Counsel for Debtors and Debtors in Possession* | *Proposed Counsel for Debtors and Debtors in Possession* |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br>Powin, LLC, *et al.*,[1]<br>　　　　Debtors. | Chapter 11<br>Case No. 25-16137 (MBK)<br>(Jointly Administered) |

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin Project LLC [1583]; (ii) Powin, LLC [0504]; (iii) PEOS Holdings, LLC [5476]; (iv) Powin China Holdings 1, LLC [1422]; (v) Powin China Holdings 2, LLC [9713]; (vi) Charger Holdings, LLC [5241]; (vii) Powin Energy Ontario Storage, LLC [8348]; (viii) Powin Energy Operating Holdings, LLC [2495]; (ix) Powin Energy Operating, LLC [6487]; (x) Powin Energy Storage 2, Inc., [9926]; (xi) Powin Energy Ontario Storage II LP, [5787]; and (xii) Powin Canada B.C. Ltd. [2239]. The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR 97062.

**DEBTORS' MOTION FOR AN ORDER AUTHORIZING
(I) REJECTION OF THE LEASE OF NON-RESIDENTIAL REAL PROPERTY
LOCATED AT 1414 NW NORTHRUP STREET EFFECTIVE AS OF JUNE 30, 2025
AND (II) ABANDONMENT OF PERSONAL PROPERTY TO THE LANDLORD**

TO THE HONORABLE MICHAEL B. KAPLAN, UNITED STATES BANKRUPTCY JUDGE:

Powin, LLC and the above-referenced affiliated debtors and debtors in possession (collectively, the "Debtors") in these chapter 11 cases (the "Chapter 11 Cases") hereby submit this motion (this "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), authorizing (a) the rejection of that certain unexpired lease, including any guaranties thereof and any amendments, modifications, supplements, or subleases thereto (the "Lease") between NP Machineworks, LLC (the "Landlord") and Debtor Powin, LLC (the "Tenant") for the premises located at 1414 NW Northrup Street, Portland, Oregon 97209 (the "Premises") and (b) the abandonment of any remaining fixtures, furniture, or other personal property located in the Premises (collectively, the "Personal Property"), effective as of June 30, 2025 (the "Rejection Date").

In support of this Motion, the Debtors respectfully state as follows:

### I.     JURISDICTION AND VENUE

1.     The United States Bankruptcy Court for the District of New Jersey (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of New Jersey dated as of September 18, 2012.  The Debtors confirm their consent, pursuant to Bankruptcy Rule 7008, to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2

2.  Venue of the Chapter 11 Cases and related proceedings is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.  The predicates for the relief requested herein are sections 105(a), 365(a), and 554(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rule 9013-1 of the Local Rules of the United States Bankruptcy Court for the District of New Jersey (the "Local Rules").

## II.  BACKGROUND

4.  On June 9, 2025 (the "Petition Date"),[2] the Debtors each commenced a voluntary case for relief under chapter 11 of the Bankruptcy Code. The Debtors are authorized to continue operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On June 13, 2025, the Court entered an order [Docket No. 58] authorizing procedural consolidation and joint administration of these Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b). On June 27, 2025 the United States Trustee for the District of New Jersey (the "U.S. Trustee") appointed an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Committee") [Docket No. 174]. No request for the appointment of a trustee or examiner has been appointed in these Chapter 11 Cases.

5.  Additional information regarding the Debtors, including their business and the events leading to the commencement of these Chapter 11 Cases is set forth in the *Declaration of Gerard Uzzi in Support of Emergency First Day Motions of the Debtors* [Docket No. 13] (the "First Day Declaration").

---

[2] Lead Debtor Case No. 25-16137 (MBK) for Debtor Powin Project LLC was filed on June 9, 2025, and the remaining Debtors were filed shortly thereafter on June 10, 2025.

3

### III. LEASE TO BE REJECTED

6. Prior to the Petition Date, the Tenant ceased utilizing the Premises and thereafter, have determined that the Premises are no longer needed by the Debtors in these Chapter 11 Case. The Debtors have determined in their business judgment to reject and terminate the Lease as the costs and obligations under the Lease constitute an unnecessary burden on the Debtors and their estates.

7. With the consent of the Landlord, which has possession of the Premises as of June 30, 2025, the Debtors seek entry of the Proposed Order deeming the Lease rejected and terminated as of the Rejection Date.

8. The rejection of the Lease will help the Debtors to efficiently administer their estates by eliminating the administrative costs attendant to the Lease. Absent rejection, the Debtors would be obligated to pay rent under the Lease even though they will have ceased operations at, and will no longer be in possession of, the Premises.

9. By rejecting the Lease, the Debtors anticipate that they will save approximately $840,000 in anticipated go-forward base rent over the remaining term of the Lease, plus associated maintenance costs and taxes, thereby preserving significant value for the Debtors' estates.

### IV. PERSONAL PROPERTY TO BE ABANDONED

10. To the extent that any Personal Property remains at the Premises, the Debtors believe that it is of inconsequential value and the cost of removing, transporting, and storing the Personal Property exceeds its value to the Debtors' estates.

11. Accordingly, in the exercise of the Debtors' sound business judgment, they seek to abandon the Personal Property to the Landlord and for the automatic stay to be deemed modified,

4

to the extend needed, to allow the Landlord to enter the Premises, re-let the Premises, and otherwise control the disposition of any Personal Property remaining therein.

## V. BASIS FOR RELIEF

### A. Rejection of the Lease Reflects the Debtors' Sound Business Judgement and Is in the Best Interest of the Debtors' Estates.

12. Section 365(a) of the Bankruptcy Code provides that a debtor in possession, "subject to the court's approval, may . . . reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). The decision to assume or reject executory contracts or unexpired leases is a matter within the "business judgment" of the debtor. *See NLRB v. Bildisco & Bildisco (In re Bildisco)*, 682 F.2d 72, 79 (3d Cir. 1982) aff'd, 465 U.S. 513 (1984) ("The usual test for rejection of an executory contract is simply whether rejection would benefit the estate, the 'business judgment' test." (citation omitted)); *see also Glenstone Lodge, Inc. v. Buckhead Am. Corp. (In re Buckhead Am. Corp.)*, 180 B.R. 83, 88 (D. Del. 1995). Application of the business judgment standard requires a court to approve a debtor's business decision unless the decision is the product of bad faith, whim, or caprice. *See, e.g., In re HQ Glob. Holdings, Inc.*, 290 B.R. 507, 511–12 (Bankr. D. Del. 2003). Further, "[t]his provision allows a trustee to relieve the bankruptcy estate of burdensome agreements which have not been completely performed." *Stewart Title Guar. Co. v. Old Republic Nat'l Title Ins. Co.*, 83 F.3d 735, 741 (5th Cir. 1996) (citation omitted).

13. Rejection of a contract or unexpired lease is appropriate where such rejection would benefit the estate. *See Sharon Steel Corp. v. Nat'l Fuel Gas Distrib. Corp. (In re Sharon Steel Corp.)*, 872 F.2d 36, 39–40 (3d Cir. 1989). Upon finding that a debtor has exercised its sound business judgment in determining that rejection of certain contracts or leases is in the best interests of its creditors and all parties in interest, a court should approve the rejection under section 365(a). *See In re Fed. Mogul Glob., Inc.*, 293 B.R. 124, 126 (D. Del. 2003); *In re Bradlees Stores, Inc.*,

5

194 B.R. 555, 558 n.1 (Bankr. S.D.N.Y. 1996), appeal dismissed, 210 B.R. 506 (S.D.N.Y. 1997); *In re Summit Land Co.*, 13 B.R. 310, 315 (Bankr. D. Utah 1981) (holding that absent extraordinary circumstances, court approval of a debtor's decision to assume or reject an executory contract "should be granted as a matter of course").

14. Rejection of the Lease is well within the Debtors' business judgment and is in the best interest of their estates and the Landlord has consented to the same. For the reasons stated above, the Debtors seek to reject the Lease, pursuant to section 365(a) of the Bankruptcy Code, effective as of the Rejection Date.

### B. Rejection of the Leases as of the Rejection Date is Appropriate.

15. Section 365 of the Bankruptcy Code does not specifically address whether the Bankruptcy Court may order rejection to be applied retroactively. *See In re Chi-Chi's*, Inc., 305 B.R. 396, 399 (Bankr. D. Del. 2004) (stating that section 365 allows for retroactive rejection of nonresidential leases where the principles of equity dictate); *see also In re CCI Wireless, LLC*, 297 B.R. 133, 138 (D. Colo. 2003) (noting that section 365 "does not prohibit the bankruptcy court from allowing the rejection of leases to apply retroactively"). Many courts have held that bankruptcy courts may, in their discretion, authorize rejection retroactively to a date prior to entry of the order authorizing such rejection where the balance of equities favor such relief. *See, e.g., In re Virginia Packaging Supply Co., Inc.*, 122 B.R. 491, 493 (Bankr. E.D. Va. 1990) (allowing retroactive rejection of a lease where the debtor timely filed a motion for rejection); *see also, e.g., In re Philadelphia Newspapers, LLC*, 424 B.R. 178, 185 (Bankr. E.D. Pa. 2010) (granting retroactive rejection where equitable considerations did not weigh against it); *BP Energy Co. v. Bethlehem Steel Corp.*, 2002 WL 31548723, at *3 (S.D.N.Y. Nov. 15, 2002) ("[W]e cannot conclude . . . that a bankruptcy court's assignment of a retroactive rejection date falls outside of

6

its authority when the balance of the equities favors this solution."); *In re At Home Corp.*, 392 F.3d 1064, 1065–66 (9th Cir. 2004) cert. denied sub nom., 546 U.S. 814 (2005) (affirming bankruptcy court's approval of retroactive rejection); *In re Thinking Machs., Corp.*, 67 F.3d 1021, 1028 (1st. Cir. 1995) ("[B]ankruptcy courts may enter retroactive orders of approval, and should do so when the balance of equities preponderates in favor of such remediation."). In considering whether to approve retroactive rejection, courts examine a number of factors and generally approve retroactive rejection where it promotes the purposes of section 365(a) of the Bankruptcy Code. *See In re Chi-Chi's, Inc*., 305 B.R. at 339.

16.    In this instance, the Landlord has consented to the rejection and has taken possession of the Premises. Pursuant to section 365 of the Bankruptcy Code, the Debtors seek to effectuate rejection of the Lease as of the Rejection Date, which may in some cases occur before an order approving rejection of the Lease has been entered by the Court. For the reasons set forth above, permitting rejection of the Lease to occur as of the Rejection Date is fair and equitable to all parties in interest, especially where the counterparty to the Lease has consented and will not be prejudiced thereby. Permitting rejection to occur as of the Rejection Date is consistent with prior rulings in this jurisdiction. *See, e.g., In re WeWork, Inc., No. 23-19865 (JKS) (Bankr. D.N.J. Nov. 6, 2023) (authorizing rejection of unexpired leases effective as of a specified date); In re Rite Aid Corp., No. 23-18993 (MBK) (Bankr. D. N.J. Oct. 15, 2023) (same); In re David's Bridal, LLC*, No. 23-13131 (CMG) (Bankr. D. N.J. May 18, 2023) (same); *In re Bed Bath & Beyond Inc.*, No. 23-13359 (VFP) (Bankr. D. N.J. May 17, 2023) (same); *In re L'Occitane, Inc*., No. 21-10632 (MBK) (Bankr. D. N.J. Jan. 28, 2021) (same); *In re SLT Holdco, Inc.*, No. 20-18368 (MBK) (Bankr. D. N.J. July 10, 2020) (same); *In re Modell's Sporting Goods, Inc.*, No. 20-12179 (VFP) (Bankr. D. N.J. Mar. 13, 2020) (same).

7

17. A court may permit such retroactive rejection to avoid unduly exposing a debtor's estate to unwarranted postpetition administrative or other expenses. If the relief requested is not granted, the Debtors and their creditors will be burdened with unnecessary expenses. Moreover, the counterparty to the Lease will not be unduly prejudiced, because (a) the counterparty has sufficient notice of the Debtors' intent to reject the applicable Leases; (b) the landlord has specifically requested the Debtors reject the Lease; and (c) the Debtors will have relinquished control of the premises by notifying the landlord in writing, with email being sufficient, of the Debtors' surrender of the premises and (i) turning over keys, key codes, and security codes, if any, to the affected landlord or (ii) notifying the affected landlord in writing, with email being sufficient, that the keys, key codes, and security codes, if any, are not available, but that the landlord may rekey the leased premises. *See, e.g., Bildisco & Bildisco*, 465 U.S. at 523 (stating that rejection relates back to the petition date); *In re Thinking Machs. Corp.*, 67 F.3d at 1028 ("In the section 365 context . . . bankruptcy courts may enter retroactive orders of approval, and should do so when the balance of equities preponderates in favor of such remediation."); *In re CCI Wireless, LLC*, 297 B.R. 133, 140 (D. Col. 2003) (holding that a bankruptcy court "has authority under section 365(d)(3) to set the effective date of rejection at least as early as the filing date of the motion to reject").

### C. Abandonment of Any Personal Property is Authorized by Section 554(a) of the Bankruptcy Code.

18. The abandonment of the Personal Property to the Landlord is appropriate for the reasons stated above and authorized by the Bankruptcy Code. *See* 11 U.S.C. § 554(a). Section 554(a) of the Bankruptcy Code provides that "[a]fter notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." Courts generally give a debtor in possession great deference to its decision

to abandon property. *See, e.g., In re Vel Rey Props., Inc.*, 174 B.R. 859, 867 (Bankr. D.D.C. 1994) ("Clearly, the court should give deference to the trustee's judgment in such matters."). The right to abandon property is virtually unfettered, unless: (a) abandonment of the property will contravene laws designed to protect public health and safety; or (b) the property poses an imminent threat to the public's welfare. *See In re Midlantic Nat'l Bank*, 474 U.S. 494, 501 (1986). Neither of these limitations are relevant under the instant facts.

19. Accordingly, it is in the best interest of the Debtors and their estates for the Debtors to abandon Personal Property located at the Premises.

### VI. WAIVER OF BANKRUPTCY RULE 6004(A) AND (H)

20. To implement the foregoing successfully, the Debtors seek a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the 14-day stay of an order authorizing the use, sale, or lease or property under Bankruptcy Rule 6004(h).

### VII. WAIVER OF MEMORANDUM OF LAW

21. The Debtors respectfully request that the Court waive the requirement to file a separate memorandum of law pursuant to Local Rule 9013-1(a)(3) because the legal basis upon which the Debtors rely is set forth herein and the Motion does not raise any novel issues of law.

### VIII. NO PRIOR REQUEST

22. No prior request for the relief sought in this Motion has been made to this Court or any other court.

### IX. RESERVATION OF RIGHTS

23. Nothing contained in this Motion or any order granting the relief requested in this Motion, and no action taken pursuant to the relief requested or granted (including any payment made in accordance with any such order), is intended as or shall be construed or deemed to be: (a) an admission as to the amount of, basis for, or validity of any claim against the Debtors under the

Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in this motion or any order granting the relief requested by this motion; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) a waiver or limitation of any claims, causes of action or other rights of the Debtors or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law.

## X.  NOTICE

24.   Pursuant to Local Rule 9013-5(c), notice of this Motion shall be given to the following parties: (a) the Office of the United States Trustee; (b) counsel for the Prepetition Secured Lenders; and (c) proposed counsel to the Committee; (d) the Landlord, by its counsel, and (e) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## XI.  CONCLUSION

WHEREFORE, the Debtors respectfully request entry of the Proposed Order (i) granting the relief requested herein; and (ii) granting the Debtors such other and further relief as the Court deems just and proper.

| | |
|---|---|
| Dated: June 30, 2025 | **TOGUT, SEGAL & SEGAL LLP** |
| | */s/ Frank A. Oswald* |
| | Frank A. Oswald (admitted) |
| | 550 Broad Street |
| | Suite 1508 |
| | Newark, NJ 07102 |
| | Telephone: (212) 594-5000 |
| | Facsimile: (212) 967-4258 |
| | Email: frankoswald@teamtogut.com |
| | |
| | Albert Togut (admitted *pro hac vice*) |
| | Amanda C. Glaubach (admitted *pro hac vice*) |
| | Eitan Blander (admitted *pro hac vice*) |
| | One Penn Plaza, Suite 3335 |
| | New York, New York 10119 |
| | Telephone: (212) 594-5000 |
| | Facsimile: (212) 967-4258 |
| | Email: altogut@teamtogut.com |
| | aglaubach@teamtogut.com |
| | eblander@teamtogut.com |
| | |
| | - and - |
| | |
| | **DENTONS US LLP** |
| | |
| | Tania M. Moyron (admitted *pro hac vice*) |
| | Van C. Durrer, II (admitted *pro hac vice*) |
| | 601 S. Figueroa Street #2500 |
| | Los Angeles, CA 90017 |
| | Telephone: (213) 623-9300 |
| | Facsimile: (213) 623-9924 |
| | Email: tania.moyron@dentons.com |
| | van.durrer@dentons.com |
| | |
| | John D. Beck (admitted *pro hac vice*) |
| | Sarah M. Schrag (admitted *pro hac vice*) |
| | 1221 Avenue of the Americas |
| | New York, NY 10020-1089 |
| | Telephone: (212) 768-6700 |
| | Facsimile: (212) 768-6800 |
| | Email: john.beck@dentons.com |
| | sarah.schrag@dentons.com |
| | |
| | *Proposed Counsel for Debtors and Debtors in Possession* |

# **EXHIBIT A**

(Proposed Order)

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br>Powin, LLC, *et al.*,[1]<br>　　　　　　Debtors. | Chapter 11<br><br>Case No. 25-16137 (MBK)<br><br>(Jointly Administered) |

**ORDER AUTHORIZING**
**(I) REJECTION OF THE LEASE OF NON-RESIDENTIAL REAL PROPERTY**
**LOCATED AT 1414 NW NORTHRUP STREET EFFECTIVE AS OF JUNE 30, 2025**
**AND (II) ABANDONMENT OF PERSONAL PROPERTY TO THE LANDLORD**

The relief set forth on the following pages, numbered (3) through (5), is **ORDERED.**

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin Project LLC [1583]; (ii) Powin, LLC [0504]; (iii) PEOS Holdings, LLC [5476]; (iv) Powin China Holdings 1, LLC [1422]; (v) Powin China Holdings 2, LLC [9713]; (vi) Charger Holdings, LLC [5241]; (vii) Powin Energy Ontario Storage, LLC [8348]; (viii) Powin Energy Operating Holdings, LLC [2495]; (ix) Powin Energy Operating, LLC [6487]; (x) Powin Energy Storage 2, Inc., [9926]; (xi) Powin Energy Ontario Storage II LP, [5787]; and (xii) Powin Canada B.C. Ltd. [2239]. The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR 97062.

| | |
|---|---|
| (Page \| 2) | |
| Debtors: | Powin, LLC, *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Order Authorizing (I) Rejection of The Lease of Non-Residential Real Property Located at 1414 NW Northrup Street Effective as of June 30, 2025 and (II) Abandonment of Personal Property to the Landlord |

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

| **DENTONS US LLP** | **TOGUT, SEGAL & SEGAL LLP** |
|---|---|
| Tania M. Moyron (admitted *pro hac vice*) | Frank A. Oswald (admitted) |
| Van C. Durrer, II (admitted *pro hac vice*) | 550 Broad Street |
| 601 S. Figueroa Street #2500 | Suite 1508 |
| Los Angeles, CA 90017 | Newark, NJ 07102 |
| Telephone: (213) 623-9300 | Telephone: (212) 594-5000 |
| Facsimile: (213) 623-9924 | Facsimile: (212) 967-4258 |
| Email: tania.moyron@dentons.com | Email: frankoswald@teamtogut.com |
| van.durrer@dentons.com | |
| | Albert Togut (admitted *pro hac vice*) |
| John D. Beck (admitted *pro hac vice*) | Amanda C. Glaubach (admitted *pro hac vice*) |
| Sarah M. Schrag (admitted *pro hac vice*) | Eitan Blander (admitted *pro hac vice*) |
| 1221 Avenue of the Americas | One Penn Plaza, Suite 3335 |
| New York, NY 10020-1089 | New York, New York 10119 |
| Telephone: (212) 768-6700 | Telephone: (212) 594-5000 |
| Facsimile: (212) 768-6800 | Facsimile: (212) 967-4258 |
| Email: john.beck@dentons.com | Email: altogut@teamtogut.com |
| sarah.schrag@dentons.com | aglaubach@teamtogut.com |
| | eblander@teamtogut.com |
| *Proposed Counsel for Debtors and Debtors in Possession* | *Proposed Counsel for Debtors and Debtors in Possession* |

(Page | 3)
Debtors:          Powin, LLC, *et al.*
Case No.          25-16137 (MBK)
Caption of Order: Order Authorizing (I) Rejection of The Lease of Non-Residential Real Property Located at 1414 NW Northrup Street Effective as of June 30, 2025 and (II) Abandonment of Personal Property to the Landlord

Upon consideration of the application (the "Motion"),[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order") authorizing (a) the rejection of that certain unexpired lease, including any guaranties thereof and any amendments, modifications, supplements, or subleases thereto (the "Lease") between NP Machineworks, LLC (the "Landlord") and Debtor Powin, LLC (the "Tenant") for the premises located at 1414 NW Northrup Street, Portland, Oregon 97209 (the "Premises") and (b) the abandonment of any remaining fixtures, furniture, or other personal property located in the Premises (collectively, the "Personal Property"), effective as of June 30, 2025 (the "Rejection Date"), all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference to the Bankruptcy Court Under Title 11 of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.) and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found sufficient cause exists for the relief set forth herein; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing, if any, before this Court; and this Court having determined that the legal and factual bases set forth in the Motion

(Page | 4)

| | |
|---|---|
| Debtors: | Powin, LLC, *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Order Authorizing (I) Rejection of The Lease of Non-Residential Real Property Located at 1414 NW Northrup Street Effective as of June 30, 2025 and (II) Abandonment of Personal Property to the Landlord |

establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1. The Motion is **GRANTED** as set forth herein.

2. Pursuant to section 365 of the Bankruptcy Code, the Lease is hereby rejected, to be effective as of the Rejection Date.

3. The Debtors shall not be liable for any additional administrative rent or other expenses arising after the Rejection Date..

4. The Debtors are authorized to abandon any Personal Property located at the Premises and all such property is deemed abandoned to the Landlord as of the Rejection Date. The Landlord may utilize or dispose of such Personal Property without liability to any third parties, and without further notice to any party claiming an interest in such abandoned Personal Property. The automatic stay, to the extent applicable, is modified in favor of the Landlord to allow for such utilization or disposition.

5. Nothing contained in the Motion or this Order, and no action taken pursuant to the relief requested or granted (including any payment made in accordance with this Order), is intended as or shall be construed or deemed to be: (a) an admission as to the amount of, basis for, priority of, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to

---

[2] Capitalized terms used but not otherwise defined herein have the meaning ascribed to them in the Motion.

(Page | 5)
Debtors:            Powin, LLC, *et al.*
Case No.            25-16137 (MBK)
Caption of Order:   Order Authorizing (I) Rejection of The Lease of Non-Residential Real Property Located at 1414 NW Northrup Street Effective as of June 30, 2025 and (II) Abandonment of Personal Property to the Landlord

dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in the Motion or this Order; (e) an admission as to the validity, priority, enforceability or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (f) a waiver or limitation of any claims, causes of action or other rights of the Debtors or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law.

6. Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Order shall be effective and enforceable immediately upon entry hereof.

7. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

8. The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

9. The Debtors shall serve a copy of this Order on all required parties pursuant to Local Rule 9013-5(f).

10. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.