**DENTONS US LLP**

Tania M. Moyron (*admitted pro hac vice*)
Van C. Durrer (admitted *pro hac vice*)
601 S. Figueroa Street #2500
Los Angeles, CA 90017
Telephone:  (213) 623-9300
Facsimile:  (213) 623-9924
Email:  tania.moyron@dentons.com
            van.durrer@dentons.com

John D. Beck (admitted *pro hac vice*)
Sarah M. Schrag (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020-1089
Telephone:  (212) 768-6700
Facsimile:  (212) 768-6800
Email:  john.beck@dentons.com
            sarah.schrag@dentons.com

*Proposed Counsel for Debtors and*
*Debtors in Possession*

**TOGUT, SEGAL & SEGAL LLP**

Frank A. Oswald (admitted)
550 Broad Street
Suite 1508
Newark, NJ 07102
Telephone:  (212) 594-5000
Facsimile:  (212) 967-4258
Email:  frankoswald@teamtogut.com

Albert Togut (admitted *pro hac vice*)
Amanda C. Glaubach (admitted *pro hac vice*)
Eitan Blander (admitted *pro hac vice*)
One Penn Plaza, Suite 3335
New York, New York 10119
Telephone:  (212) 594-5000
Facsimile:  (212) 967-4258
Email:  altogut@teamtogut.com
            aglaubach@teamtogut.com
            eblander@teamtogut.com

*Proposed Counsel for Debtors and*
*Debtors in Possession*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| In re:<br><br>Powin, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-16137 (MBK)<br><br>(Jointly Administered)<br><br>**Hearing Date: July 24, 2025 at 11:30 a.m.** |

---

[1]  The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin Project LLC [1583]; (ii) Powin, LLC [0504]; (iii) PEOS Holdings, LLC [5476]; (iv) Powin China Holdings 1, LLC [1422]; (v) Powin China Holdings 2, LLC [9713]; (vi) Charger Holdings, LLC [5241]; (vii) Powin Energy Ontario Storage, LLC [8348]; (viii) Powin Energy Operating Holdings, LLC [2495]; (ix) Powin Energy Operating, LLC [6487]; (x) Powin Energy Storage 2, Inc., [9926]; (xi) Powin Energy Ontario Storage II LP, [5787]; and (xii) Powin Canada B.C. Ltd. [2239]. The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR 97062.

## NOTICE OF HEARING OF DEBTORS' MOTION
## FOR ENTRY OF AN ADMINISTRATIVE FEE ORDER
## ESTABLISHING PROCEDURES FOR THE ALLOWANCE AND
## PAYMENT OF INTERIM COMPENSATION AND REIMBURSEMENT OF
## EXPENSES OF PROFESSIONALS RETAINED BY ORDER OF THIS COURT

**PLEASE TAKE NOTICE** that on June 9, 2025 and June 10, 2025 (collectively, the "Petition Date"), the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court").

**PLEASE TAKE FURTHER NOTICE** that on July 2, 2025**,** the Debtors filed a Motion for Entry of an Administrative Fee Order Establishing Procedures for the Allowance and Payment of Interim Compensation and Reimbursement of Expenses of Professionals Retained by This Court (the "Motion").  A hearing to consider approval of the Motion has been scheduled for July 24, 2025, at 11:30 a.m. (the "Hearing"), or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that parties wishing to appear at the Hearing must register with the Court by submitting an e-mail to Chambers (chambers_of_mbk@njb.uscourts.gov) indicating the name of the person appearing, their e-mail address, their affiliation, and whom they represent/interest in this case.  If the request is approved, the participant will receive appropriate credentials and further instruction. Telephonic information for observational purposes can be found on the page on the Court's website devoted to the *Powin, LLC, et al.,* bankruptcy case:  https://www.njb.uscourts.gov/powin.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the relief requested in the Motion shall:  (a) be in writing; (b) state with particularity the basis of the objection; and (c) be filed with the Clerk of the Bankruptcy Court electronically by attorneys who regularly practice before the Bankruptcy Court in accordance with the General Order Regarding Electronic Means for Filing, Signing, and Verification of Documents dated March 27, 2002 (the "General Order") and the Commentary Supplementing Administrative Procedures dated as of March 2004(the "Supplemental Commentary") (the General Order, the Supplemental Commentary and the User's Manual for the Electronic Case Filing System can be found at www.njb.uscourts.gov, the official website for the Bankruptcy Court) and, by all other parties-in-interest, on CD-ROM in Portable Document Format (PDF), and shall be served on such parties in accordance with the General Order and the Supplemental Commentary, so as to be actually received no later than **July 21, 2025 at 4:00 p.m. (prevailing Eastern Time) ("the Objection Deadline").**

**PLEASE TAKE FURTHER NOTICE** that if any party fails to file an objection by the Objection Deadline, the Court may enter the relief requested in the Motion without a hearing.

**PLEASE TAKE FURTHER NOTICE THAT YOUR RIGHTS MAY BE AFFECTED. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one).**

*[Concluded on the following page]*

**PLEASE TAKE FURTHER NOTICE** that a copy of the Motion, and any related filings, can be viewed and/or obtained by:  (i) accessing the Bankruptcy Court's Website for a fee, (ii)  visiting the website for the Debtors' chapter 11 cases at: https://www.veritaglobal.net/powin or (iii)  by contacting the Office of the Clerk of the United States Bankruptcy Court, District of New Jersey. Please note that a PACER password is required to access documents on the Bankruptcy Court's Website.

Dated: July 2, 2025

**TOGUT, SEGAL & SEGAL LLP**

*/s/ Frank A. Oswald*
Frank A. Oswald (admitted)
550 Broad Street
Suite 1508
Newark, NJ 07102
Telephone:  (212) 594-5000
Facsimile:  (212) 967-4258
Email:  frankoswald@teamtogut.com

Albert Togut (admitted *pro hac vice*)
Amanda C. Glaubach (admitted *pro hac vice*)
Eitan Blander (admitted *pro hac vice*)
One Penn Plaza, Suite 3335
New York, New York 10119
Telephone:  (212) 594-5000
Facsimile:  (212) 967-4258
Email:  altogut@teamtogut.com
       aglaubach@teamtogut.com
       eblander@teamtogut.com

- and -

**DENTONS US LLP**

Tania M. Moyron (admitted *pro hac vice*)
Van C. Durrer, II (admitted *pro hac vice*)
601 S. Figueroa Street #2500
Los Angeles, CA 90017
Telephone:  (213) 623-9300
Facsimile:  (213) 623-9924
Email:  tania.moyron@dentons.com
       van.durrer@dentons.com

John D. Beck (admitted *pro hac vice*)
Sarah M. Schrag (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020-1089
Telephone:  (212) 768-6700
Facsimile:  (212) 768-6800
Email:  john.beck@dentons.com
       sarah.schrag@dentons.com

*Proposed Counsel for Debtors and Debtors in Possession*

**DENTONS US LLP**

Tania M. Moyron (admitted *pro hac vice*)
Van C. Durrer, II (admitted *pro hac vice*)
601 S. Figueroa Street #2500
Los Angeles, CA 90017
Telephone:  (213) 623-9300
Facsimile:  (213) 623-9924
Email:  tania.moyron@dentons.com
        van.durrer@dentons.com

John D. Beck (admitted *pro hac vice*)
Sarah M. Schrag (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020-1089
Telephone:  (212) 768-6700
Facsimile:  (212) 768-6800
Email:  john.beck@dentons.com
        sarah.schrag@dentons.com

*Proposed Counsel for Debtors and
Debtors in Possession*

**TOGUT, SEGAL & SEGAL LLP**

Frank A. Oswald (admitted)
550 Broad Street
Suite 1508
Newark, NJ 07102
Telephone:  (212) 594-5000
Facsimile:  (212) 967-4258
Email:  frankoswald@teamtogut.com

Albert Togut (admitted *pro hac vice*)
Amanda C. Glaubach (admitted *pro hac vice*)
Eitan Blander (admitted *pro hac vice*)
One Penn Plaza, Suite 3335
New York, New York 10119
Telephone:  (212) 594-5000
Facsimile:  (212) 967-4258
Email:  altogut@teamtogut.com
        aglaubach@teamtogut.com
        eblander@teamtogut.com

*Proposed Counsel for Debtors and
Debtors in Possession*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| In re:<br><br>Powin, LLC, *et al.*,[1]<br><br>            Debtors. | Chapter 11<br><br>Case No. 25-16137 (MBK)<br><br>(Jointly Administered) |

### DEBTORS' MOTION FOR ENTRY OF AN ADMINISTRATIVE FEE ORDER ESTABLISHING PROCEDURES FOR THE ALLOWANCE AND PAYMENT OF INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS RETAINED BY ORDER OF THIS COURT

---

[1]   The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin Project LLC [1583]; (ii) Powin, LLC [0504]; (iii) PEOS Holdings, LLC [5476]; (iv) Powin China Holdings 1, LLC [1422]; (v) Powin China Holdings 2, LLC [9713]; (vi) Charger Holdings, LLC [5241]; (vii) Powin Energy Ontario Storage, LLC [8348]; (viii) Powin Energy Operating Holdings, LLC [2495]; (ix) Powin Energy Operating, LLC [6487]; (x) Powin Energy Storage 2, Inc., [9926]; (xi) Powin Energy Ontario Storage II LP, [5787]; and (xii) Powin Canada B.C. Ltd. [2239]. The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR 97062.

TO THE HONORABLE MICHAEL B. KAPLAN, UNITED STATES BANKRUPTCY JUDGE:

Powin, LLC and the above-referenced affiliated debtors and debtors in possession (collectively, the "Debtors") in these chapter 11 cases (the "Chapter 11 Cases") hereby submit this motion (this "Motion") for entry of an administrative fee order (the "Proposed Order"), attached hereto as **Exhibit A**, authorizing an orderly, regular process for allowance and payment of interim compensation for services rendered and reimbursement of expenses incurred by attorneys and other professionals retained by the Debtors and the Committee (collectively, the "Professionals"), whose services are authorized by this Court and who are required to file applications for the allowance of compensation and reimbursement of expenses pursuant to sections 105(a), 330, and 331 of title 11 of title 11 of the United States Code (the "Bankruptcy Code"), rule 2016-3 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 2016-3 of the Local Rules of the United States Bankruptcy Court for the District of New Jersey (the "Local Rules").  In support of this Motion, the Debtors respectfully state the following:

## I.    JURISDICTION AND VENUE

1.    The United States Bankruptcy Court for the District of New Jersey (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of New Jersey dated as of September 18, 2012.  The Debtors confirm their consent, pursuant to Bankruptcy Rule 7008, to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue of the Chapter 11 Cases and related proceedings is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The predicates for the relief requested herein are sections 105(a), 330, and 331 of the Bankruptcy Code, Bankruptcy Rule 2016-3, and Local Rule 2016-3.

## II.  **BACKGROUND**

4.      On June 9, 2025 (the "Petition Date"),[2] the Debtors each commenced a voluntary case for relief under chapter 11 of the Bankruptcy Code.  The Debtors are authorized to continue operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On June 13, 2025, the Court entered an order [Docket No. 58] authorizing procedural consolidation and joint administration of these Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b).  On June 27, 2025 the United States Trustee for the District of New Jersey (the "U.S. Trustee") appointed an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Committee") [Docket No. 174].  No request for the appointment of a trustee or examiner has been appointed in these Chapter 11 Cases.

5.      Additional information regarding the Debtors, including their business and the events leading to the commencement of these Chapter 11 Cases is set forth in the *Declaration of Gerard Uzzi in Support of Emergency First Day Motions of the Debtors* [Docket No. 13] (the "First Day Declaration").

---

[2]    Lead Debtor Case No. 25-16137 (MBK) for Debtor Powin Project LLC was filed on June 9, 2025, and the remaining Debtors were filed shortly thereafter on June 10, 2025 and June 22, 2025.

### III. **RETENTION OF PROFESSIONALS**

6.      The Debtors have filed or will be filing applications for authority to retain and employ: (i) Dentons US LLP as their counsel, (ii) Togut, Segal & Segal LLP as their co-counsel, (iii) Huron Transaction Advisory LLC as investment banker, and (iv) and Kurtzman Carson Consultants, LLC dba Verita Global ("<u>Verita</u>") as claims and noticing agent.  The Committee will also be filing applications to retain and employ certain professionals.  Debtors and the Committee may seek to retain additional professionals to render services in connection with these Chapter 11 Cases.[3]

### IV. **RELIEF REQUESTED**

7.      By this Motion, and as is customary in large chapter 11 cases in this Court, the Debtors request the entry of the Proposed Order, pursuant to sections 105(a) , 330, and 331 of the Bankruptcy Code, Bankruptcy Rule 2016-3, and Local Rule 2016-3, authorizing an orderly, regular process for allowance and payment of interim compensation for services rendered and reimbursement of expenses incurred by attorneys and other professionals retained by the Debtors and the Committee (collectively, the "<u>Professionals</u>"), whose services are authorized by this Court and who are required to file applications for the allowance of compensation and reimbursement of expenses pursuant to sections 330 and 331 of the Bankruptcy Code and Local Rule 2016-1.

8.      More specifically, the Debtors request that procedures for compensating and reimbursing the Professionals retained under section 327 of the Bankruptcy Code and, to the extent applicable, sections 328(a) and 1103 of the Bankruptcy Code, be established comparable

---

[3]    For the avoidance of doubt, the Debtors submit that any professionals they elect to employ and retain in the ordinary course of business should not be subject to the Proposed Order, or any order, granting the relief requested in this Motion.

to those approved in other chapter 11 cases in this district and in accordance with the guidelines

set forth in Local Rule 2016-3.

9.      The requested procedures would require the presentation of monthly fee statements

to the parties described below for interim payment of compensation for professional services

rendered and reimbursement of expenses incurred by each such Professional during the

immediately preceding month.  The Debtors submit that the proposed procedures for compensating

and reimbursing the Professionals will enable the Court and all parties in interest to monitor

professional fees and costs effectively and in a timely manner.  In accordance with Local Rule

2016-3, the proposed procedures (the "Compensation Procedures") are as follows:

(A)      Monthly Fee Statements.

1.      Not later than the 25th day of the month following the month for
which compensation is sought, each Professional seeking
compensation under the Order must file and serve, by electronic
transmission, hand delivery, or overnight delivery, or by any means
directed by the Court, a monthly fee and expense statement (a
"Monthly Fee Statement") on the following parties:

A.      Powin, LLC, 20550 SW 115th Avenue Tualatin, OR 97062,
Attn: Chad Paulson (chad.paulson@powin.com) and
Gerard Uzzi (guzzi@uzzilall.com);

B.      The United States Trustee for the District of New Jersey,
One Newark Center, Suite 2100, Newark, New Jersey
07102, Attn: Jeffrey M. Sponder, Esq.
(Jeffrey.m.sponder@usdoj.gov) and Lauren Bielskie, Esq.
(lauren.bielskie@usdoj.gov);

C.      Proposed counsel to the Debtors, Dentons US LLP, 602 S.
Figueroa Street #2500, Los Angeles, CA 90017 Attn: Van
C. Durrer II, Esq. (van.durrer@dentons.com) and Tania M.
Moyron, Esq. (tanya.moyron@dentons.com);

D.      Proposed co-counsel to the Debtors, Togut, Segal & Segal
LLP, One Penn Plaza, Suite 3335, New York, NY
10119, Attn: Frank A. Oswald, Esq.
(foswald@teamtogut.com);

5

E.   Proposed counsel to the Committee, Brown Rudnick LLP, (i) Seven Times Square, New York, NY 10036, Attn: Robert J. Stark, Esq. (rstark@brownrudnick.com) and Kenneth J. Aulet, Esq. (kaulet@brownrudnick.com), (ii) 601 Thirteenth Street, NW Suite 600, Washington, DC 20005, Attn: Eric R. Goodman, Esq. (egoodman@brownrudnick.com);

F.   Proposed local counsel to the Committee, Genova Burns LLC, 110 Allen Road, Suite 304, Basking Ridge, NJ 07920, Attn: Daniel M. Stolz, Esq. (dstolz@genovaburns.com) and Donald W. Clarke, Esq. (dclarke@genovaburns.com);

G.   Proposed financial advisor to the Committee, Alvarez & Marsal North America, LLC, 540 W. Madison St., Suite 1800, Chicago, IL, 60661, Attn: Seth A. Waschitz and Rich Newman;

G.   any other secured creditor and counsel, to the extent known;

H.   any party requesting notice of all proceedings; and

I.   any other party designated by the Court.

2.   Unless otherwise provided in the order authorizing the Professional's retention, each Professional's Monthly Fee Statement, in accordance with Local Rules 2016-1 and 2016-3, shall include a monthly invoice with fee and expense detail that describes the fees and expenses incurred by such Professional in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Guidelines established by the Office of the United States Trustee (the "UST Guidelines").

3.   Time spent travelling without actively working on the Chapter 11 Cases shall be billed at 50% of the Professional's normal hourly rate.

4.   Except as otherwise provided in the Professional's specific retention orders, all timekeepers must maintain time entries, in increments of tenths (1/10th) of an hour, for each individual.

5.   All Monthly Fee Statements shall comply with the Bankruptcy Code, the Bankruptcy Rules, the UST Guidelines, and applicable law.

6.   If a Professional fails to file a Monthly Fee Statement for any month or period of months, such Professional may later file a consolidated Monthly Fee Statement including all months not previously filed.

(B)   <u>Objections</u>.

An objection to a Monthly Fee Statement must be filed and served on the applicable Professional and the parties listed in subdivision (A)(1) not later than fourteen (14) days after service of the statement.  The objection must set forth the nature of the objection and the amount of fees and expenses at issue.  Grounds for objection include: (i) the Debtors' failure to timely file monthly operating reports; and (ii) the Debtors' failure to remain current with administrative expenses and fees under 28 U.S.C. § 1930.

(C)   <u>Payments</u>.

   1.   On the expiration of the objection deadline under subdivision (B), a Professional may file and serve on the parties listed in subdivision (A)(1) Local Form Certification of No Objection or Local Form Certification of Partial Objection, and then receive 80 percent of the fees and 100 percent of the expenses not subject to an objection.  No payments shall be made to a Professional until the Professional's retention is approved by the Court.  A Professional may seek authorization as part of its next interim or final fee application to receive the remaining 20 percent of fees not subject to an objection.  If a Professional or the Debtors receive an objection to a particular Monthly Fee Statement, the Debtors shall withhold payment of that portion of the Monthly Fee Statement to which the objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth in this subdivision.

   2.   If the parties resolve an objection and if the applicable Professional files and serves on the parties listed in subdivision (A)(1) a statement indicating that the objection is withdrawn and describing the terms of the resolution, the Debtors may pay in accordance with subdivision (C)(1) that portion of the Monthly Fee Statement which is no longer subject to an objection.

   3.   If the parties are unable to resolve an objection not later than fourteen (14) days after the deadline for filing an objection under subdivision (B), the Professional may either (i) file a response to the objection together with a request for payment of the fees and expenses to which the objection applies and schedule a hearing on at least fourteen (14) days' notice; or (ii) forgo payment of those fees and expenses until the next interim or final fee application or another date directed by the Court.

(D)   <u>Fee Applications</u>

   1.   A Professional who has received monthly payments under the Proposed Order must, at four-month intervals (the "<u>Interim Fee</u>

7

Period") or such other intervals directed by the Court, file and serve on the parties listed in subdivision (A)(1) an interim application under section 331 of the Bankruptcy Code for allowance of the compensation and reimbursement of the expenses sought in the monthly statements issued during the applicable period (an "Interim Fee Application"), unless otherwise agreed between such professional and the UST.

2. Interim Fee Applications must be filed and served on or before the 45th day after the end of the Interim Fee Period for which the application seeks allowance of fees and reimbursement of expenses. The Interim Fee Application must include a summary of the Monthly Fee Statements that are the subject of the request and any other information requested by the Court or required by the Bankruptcy Code, the Bankruptcy Rules, applicable Third Circuit law, the Local Rules, and the UST Guidelines.

3. The service of an objection to a Monthly Fee Statement shall not prejudice the objecting party's right to object to any fee application made to the Court in accordance with the Bankruptcy Code on any ground whether raised in the objection or not. The decision by any party not to object to a Monthly Fee Statement shall not be a waiver of any kind or prejudice that party's right to object to any fee application subsequently made to the Court in accordance with the Bankruptcy Code and applicable rules.

4. The pendency of an objection or the entry of a Court order holding that the prior payment of compensation or the reimbursement of expenses was improper as to a particular Monthly Fee Statement will not disqualify a Professional from the future payment of compensation or reimbursement of expenses as set forth above unless the Court orders otherwise.

5. Any Professional who fails to file an Interim Fee Application when due will be ineligible to receive further interim payments of fees or expenses under the Compensation Procedures until such time as the Interim Fee Application is submitted.

6. Neither (i) the payment of or the failure to pay, in whole or in part, interim compensation and reimbursement of expenses under the Compensation Procedures, nor (ii) the filing of, or failure to file, an objection to any Monthly Fee Statement to any Interim Fee Application will bind any party in interest or the Court with respect to the final applications for allowance of compensation and reimbursement of expenses of Professionals.

7. Any party under section (A)(1) may request that a Professional

> deliver a Monthly Fee Statement or an Interim Fee Application in an electronically searchable format mutually acceptable to the parties.

10.     The Debtors respectfully submit that the Compensation Procedures will enable the Debtors to closely monitor the costs of administration of these Chapter 11 Cases, maintain a level cash flow, and implement efficient cash management procedures.  Moreover, the Compensation Procedures will also enable the Court and parties-in-interest to ensure the reasonableness of the compensation and reimbursement sought by Professionals on a regular basis.

## V.  BASIS FOR RELIEF

11.     A professional's right to seek interim payments from a debtor's estate is governed by section 331 of the Bankruptcy Code, which authorizes professionals to submit applications for interim compensation and reimbursement of expenses every 120 days or more often, if the court permits.  It provides, in relevant part:

> A trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title.

11  U.S.C. § 331.

12.     In addition, section 105(a) of the Bankruptcy Code provides, in relevant part, that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title," thereby codifying the bankruptcy courts' inherent equitable powers.  11 U.S.C. § 105(a).

13.     Courts in this district have recognized that the permissive language of section 331 of the Bankruptcy Code, coupled with the court's inherent power under section 105(a) of the

Bankruptcy Code, provide authority for the entry of orders establishing procedures for monthly compensation and reimbursement of expenses of professionals. *See, e.g.*, *In re New Rite Aid, LLC, et al.,* No. 25-14861 (MBK) (Bankr. D.N.J. June 9, 2025) (authorizing payment of professional fees pursuant to interim compensation procedures); *In re CCA Construction, Inc.,* No. 24-22548 (CMG) (Bankr. D.N.J. Feb. 18, 2025) (same); *In re Sam Ash Music Corporation*, No. 24- 14727 (SLM) (Bankr. D.N.J. June 5, 2024) (same); *In re Thrasio Holdings, Inc.*, No. 24-11840 (CMG) (Bankr. D.N.J. Apr. 4, 2024) (same); *In re Invitae Corporation*, No. 24-11362 (MBK) (Bankr. D.N.J. Mar. 18, 2024) (same); *In re Careismatic Brands, LLC*, No. 24-10561 (VFP) (Bankr. D.N.J. Feb. 29, 2024) (same); *In re Rite Aid Corp.*, No. 23-18993 (MBK) (Bankr. D.N.J. Nov. 20, 2023) (same). Such procedures are needed not only to encourage professionals to provide services in connection with chapter 11 cases, but also to avoid having professionals fund the cases. *See In re Int'l Horizons, Inc.*, 10 B.R. 895, 897-98 (Bankr. N.D. Ga. 1981) (establishing procedures for monthly interim compensation). Appropriate factors to consider include "the size of [the] reorganization cases, the complexity of the issues involved, and the time required on the part of the attorneys for the debtors in providing services necessary to achieve a successful reorganization of the debtors." *Id*. at 897.

14.    The Debtors submit that the Compensation Procedures are appropriate in light of the facts described above. Indeed, such procedures are necessary to ensure that the Professionals are compensated fairly and timely for their services in these Chapter 11 Cases and are not forced to bear undue financial burden or risk caused by delays in payment. Moreover, the Compensation Procedures will enable the Debtors to closely monitor the costs of administration of their Chapter 11 Cases and avoid large spikes in their cash outlays. Finally, the Compensation Procedures will allow the Court and key parties in interest to ensure the reasonableness and necessity of the compensation and reimbursement sought.

## VI. WAIVER OF MEMORANDUM OF LAW

15.    The Debtors respectfully request that the Court waive the requirement to file a

separate memorandum of law pursuant to Local Rule 9013-1(a)(3) because the legal basis upon

which the Debtors rely is set forth herein and the Motion does not raise any novel issues of law.

## VII.        NO PRIOR REQUEST

16.    No prior request for the relief sought in this Motion has been made to this Court or

any other court.

## VIII.        NOTICE

17.    Pursuant to Local Rule 9013-5(c), notice of this Motion shall be given to the

following parties: (a) the Office of the United States Trustee; (b) counsel for the Prepetition and

postpetition Secured Lenders; and (c) counsel to the Committee; and (d) any party that has

requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the

nature of the relief requested, no other or further notice need be given.  If no objection(s) are

timely filed to the relief requested herein, the Debtors respectfully request that the Proposed

Order be entered without a hearing.

## IX. CONCLUSION

**WHEREFORE**, the Debtors respectfully request that the Court enter the Proposed

granting (a) the relief requested herein and (b) such other relief as is just and proper.

*[Remainder of page intentionally left blank]*

Dated: July 2, 2025

**TOGUT, SEGAL & SEGAL LLP**
*/s/ Frank A. Oswald*
Frank A. Oswald (admitted)
550 Broad Street
Suite 1508
Newark, NJ 07102
Telephone:  (212) 594-5000
Facsimile:  (212) 967-4258
Email:  frankoswald@teamtogut.com

Albert Togut (admitted *pro hac vice*)
Amanda C. Glaubach (admitted *pro hac vice*)
Eitan Blander (admitted *pro hac vice*)
One Penn Plaza, Suite 3335
New York, New York 10119
Telephone:  (212) 594-5000
Facsimile:  (212) 967-4258
Email:  altogut@teamtogut.com
        aglaubach@teamtogut.com
        eblander@teamtogut.com

- and -

**DENTONS US LLP**

Tania M. Moyron (admitted *pro hac vice*)
Van C. Durrer, II (admitted *pro hac vice*)
601 S. Figueroa Street #2500
Los Angeles, CA 90017
Telephone:  (213) 623-9300
Facsimile:  (213) 623-9924
Email:  tania.moyron@dentons.com
        van.durrer@dentons.com

John D. Beck (admitted *pro hac vice*)
Sarah M. Schrag (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020-1089
Telephone:  (212) 768-6700
Facsimile:  (212) 768-6800
Email:  john.beck@dentons.com
        sarah.schrag@dentons.com

*Proposed Counsel for the Debtors and Debtors in
Possession*

## EXHIBIT A

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>Powin, LLC, *et al.*,[1]<br><br>　　　　　Debtors. | Chapter 11<br><br>Case No. 25-16137 (MBK)<br><br>(Jointly Administered) |

**ADMINISTRATIVE FEE ORDER ESTABLISHING
PROCEDURES FOR ALLOWANCE AND PAYMENT OF
INTERIM COMPENSATION AND REIMBURSEMENT OF
EXPRENSES OF PROFESSIONALS RETAINED BY ORDER OF THIS COURT**

The relief set forth on the following pages, numbered (3) through (9), is **ORDERED.**

---

[1]　The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin Project LLC [1583]; (ii) Powin, LLC [0504]; (iii) PEOS Holdings, LLC [5476]; (iv) Powin China Holdings 1, LLC [1422]; (v) Powin China Holdings 2, LLC [9713]; (vi) Charger Holdings, LLC [5241]; (vii) Powin Energy Ontario Storage, LLC [8348]; (viii) Powin Energy Operating Holdings, LLC [2495]; (ix) Powin Energy Operating, LLC [6487]; (x) Powin Energy Storage 2, Inc., [9926]; (xi) Powin Energy Ontario Storage II LP, [5787]; and (xii) Powin Canada B.C. Ltd. [2239]. The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR 97062.

(Page | 2)

| | |
|---|---|
| Debtors: | Powin, LLC, *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Administrative Fee Order Establishing Procedures for Allowance and Payment of Interim Compensation and Reimbursement of Expenses of Professionals Retained by Order of This Court |

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**DENTONS US LLP**

Tania M. Moyron (admitted *pro hac vice*)
Van C. Durrer, II (admitted *pro hac vice*)
601 S. Figueroa Street #2500
Los Angeles, CA 90017
Telephone:  (213) 623-9300
Facsimile:  (213) 623-9924
Email:  tania.moyron@dentons.com
           van.durrer@dentons.com

John D. Beck (admitted *pro hac vice*)
Sarah M. Schrag (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020-1089
Telephone:  (212) 768-6700
Facsimile:  (212) 768-6800
Email:  john.beck@dentons.com
           sarah.schrag@dentons.com

*Proposed Counsel for Debtors and
Debtors in Possession*

**TOGUT, SEGAL & SEGAL LLP**

Frank A. Oswald (admitted)
550 Broad Street
Suite 1508
Newark, NJ 07102
Telephone:  (212) 594-5000
Facsimile:  (212) 967-4258
Email:  frankoswald@teamtogut.com

Albert Togut (admitted *pro hac vice*)
Amanda C. Glaubach (admitted *pro hac vice*)
Eitan Blander (admitted *pro hac vice*)
One Penn Plaza, Suite 3335
New York, New York 10119
Telephone:  (212) 594-5000
Facsimile:  (212) 967-4258
Email:  altogut@teamtogut.com
           aglaubach@teamtogut.com
           eblander@teamtogut.com

*Proposed Counsel for Debtors and
Debtors in Possession*

(Page | 3)

| | |
|---|---|
| Debtors: | Powin, LLC, *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Administrative Fee Order Establishing Procedures for Allowance and Payment of Interim Compensation and Reimbursement of Expenses of Professionals Retained by Order of This Court |

Upon consideration of the motion (the "Motion"),[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an administrative order (this "Order") establishing procedures for the allowance and payment of interim compensation and reimbursement of expenses of certain professionals retained by Order of this Court pursuant to sections 105(a) and 331 of the Bankruptcy Code and Local Rule 2016-3, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference to the Bankruptcy Court Under Title 11 of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.) and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found sufficient cause exists for the relief set forth herein; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing, if any, before this Court; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

---

[2]    Capitalized terms used but not otherwise defined herein have the meaning ascribed to them in the Motion.

(Page | 4)

| | |
|---|---|
| Debtors: | Powin, LLC, *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Administrative Fee Order Establishing Procedures for Allowance and Payment of Interim Compensation and Reimbursement of Expenses of Professionals Retained by Order of This Court |

**IT IS HEREBY ORDERED THAT**:

1.    The Motion is **GRANTED** as set forth herein

2.    Except as may otherwise be provided in Court orders authorizing the retention of specific Professionals, all Professionals retained in these Chapter 11 Cases pursuant to section 327 and, to the extent applicable, sections 328(a) and 1103 of the Bankruptcy Code, may seek monthly compensation in accordance with the following procedures (the "Compensation Procedures"):

   (A)    Monthly Fee Statements.

      1.    Not later than the 25th day of the month following the month for which compensation is sought, each Professional seeking compensation under the Order must file and serve, by electronic transmission, hand delivery, or overnight delivery, or by any means directed by the Court, a monthly fee and expense statement (a "Monthly Fee Statement") on the following parties:

         A.    Powin, LLC, 20550 SW 115th Avenue Tualatin, OR 97062, Attn: Chad Paulson (chad.paulson@powin.com) and Gerard Uzzi (guzzi@uzzilall.com);

         B.    The United States Trustee for the District of New Jersey, One Newark Center, Suite 2100, Newark, New Jersey 07102, Attn: Jeffrey M. Sponder, Esq. (Jeffrey.m.sponder@usdoj.gov) and Lauren Bielskie, Esq. (lauren.bielskie@usdoj.gov);

         C.    Proposed counsel to the Debtors, Dentons US LLP, 602 S. Figueroa Street #2500, Los Angeles, CA 90017 Attn: Van C. Durrer II, Esq. (van.durrer@dentons.com). Tania M. Moyron, Esq. (tanya.moyron@dentons.com);

         D.    Proposed co-counsel to the Debtors, Togut, Segal & Segal LLP, One Penn Plaza, Suite 3335, New York, NY 10119, Attn: Frank A. Oswald, Esq. (foswald@teamtogut.com);

         E.    Proposed counsel to the Committee, Brown Rudnick LLP, (i)

| | |
|---|---|
| (Page \| 5) | |
| Debtors: | Powin, LLC, *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Administrative Fee Order Establishing Procedures for Allowance and Payment of Interim Compensation and Reimbursement of Expenses of Professionals Retained by Order of This Court |

Seven Times Square, New York, NY 10036, Attn: Robert J. Stark, Esq. (rstark@brownrudnick.com) and Kenneth J. Aulet, Esq. (kaulet@brownrudnick.com), (ii) 601 Thirteenth Street, NW Suite 600, Washington, DC 20005, Attn: Eric R. Goodman, Esq. (egoodman@brownrudnick.com);

F.  Proposed local counsel to the Committee, Genova Burns LLC, 110 Allen Road, Suite 304, Basking Ridge, NJ 07920, Attn: Daniel M. Stolz, Esq. (dstolz@genovaburns.com) and Donald W. Clarke, Esq. (dclarke@genovaburns.com);

G.  Proposed financial advisor to the Committee, Alvarez & Marsal North America, LLC, 540 W. Madison St., Suite 1800, Chicago, IL, 60661, Attn: Seth A. Waschitz and Rich Newman;

H.  any other secured creditor and counsel, to the extent known;

I.  any party requesting notice of all proceedings; and

J.  any other party designated by the Court.

2.  Unless otherwise provided in the order authorizing the Professional's retention, each Professional's Monthly Fee Statement, in accordance with Local Rules 2016-1 and 2016-3, shall include a monthly invoice with fee and expense detail that describes the fees and expenses incurred by such Professional in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Guidelines established by the Office of the United States Trustee (the "UST Guidelines").

3.  Time spent travelling without actively working on the Chapter 11 Cases shall be billed at 50% of the Professional's normal hourly rate.

4.  Except as otherwise provided in the Professional's specific retention orders, all timekeepers must maintain time entries, in increments of tenths (1/10th) of an hour, for each individual.

5.  All Monthly Fee Statements shall comply with the Bankruptcy Code, the Bankruptcy Rules, the UST Guidelines, and applicable law.

6.  If a Professional fails to file a Monthly Fee Statement for any month or period of months, such Professional may later file a consolidated Monthly Fee Statement including all months not previously filed.

(Page | 6)

| | |
|---|---|
| Debtors: | Powin, LLC, *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Administrative Fee Order Establishing Procedures for Allowance and Payment of Interim Compensation and Reimbursement of Expenses of Professionals Retained by Order of This Court |

(B)     Objections.

An objection to a Monthly Fee Statement must be filed and served on the applicable Professional and the parties listed in subdivision (A)(1) not later than fourteen (14) days after service of the statement.  The objection must set forth the nature of the objection and the amount of fees and expenses at issue.  Grounds for objection include: (i) the Debtors' failure to timely file monthly operating reports; and (ii) the Debtors' failure to remain current with administrative expenses and fees under 28 U.S.C. § 1930.

(C)     Payments.

1.  On the expiration of the objection deadline under subdivision (B), a Professional may file and serve on the parties listed in subdivision (A)(1) Local Form Certification of No Objection or Local Form Certification of Partial Objection, and then receive 80 percent of the fees and 100 percent of the expenses not subject to an objection.  No payments shall be made to a Professional until the Professional's retention is approved by the Court.  A Professional may seek authorization as part of its next interim or final fee application to receive the remaining 20 percent of fees not subject to an objection.  If a Professional or the Debtors receive an objection to a particular Monthly Fee Statement, the Debtors shall withhold payment of that portion of the Monthly Fee Statement to which the objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth in this subdivision.

2.  If the parties resolve an objection and if the applicable Professional files and serves on the parties listed in subdivision (A)(1) a statement indicating that the objection is withdrawn and describing the terms of the resolution, the Debtors may pay in accordance with subdivision (C)(1) that portion of the Monthly Fee Statement which is no longer subject to an objection.

3.  If the parties are unable to resolve an objection not later than fourteen (14) days after the deadline for filing an objection under subdivision (B), the Professional may either (i) file a response to the objection together with a request for payment of the fees and expenses to which the objection applies and schedule a hearing on at least fourteen (14) days' notice; or (ii) forgo payment of those fees and expenses until the next interim or final fee application or another date directed by the Court.

(D)     Fee Applications.

(Page | 7)

| Debtors: | Powin, LLC, *et al.* |
|---|---|
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Administrative Fee Order Establishing Procedures for Allowance and Payment of Interim Compensation and Reimbursement of Expenses of Professionals Retained by Order of This Court |

1. A Professional who has received monthly payments under the Order must, at four-month intervals (the "<u>Interim Fee Period</u>") or such other intervals directed by the Court, file and serve on the parties listed in subdivision (A)(1) an interim application under section 331 of the Bankruptcy Code for allowance of the compensation and reimbursement of the expenses sought in the monthly statements issued during the applicable period (an "<u>Interim Fee Application</u>"), unless otherwise agreed between such professional and the UST.

2. Interim Fee Applications must be filed and served on or before the 45th day after the end of the Interim Fee Period for which the application seeks allowance of fees and reimbursement of expenses. The Interim Fee Application must include a summary of the Monthly Fee Statements that are the subject of the request and any other information requested by the Court or required by the Bankruptcy Code, the Bankruptcy Rules, applicable Third Circuit law, the Local Rules, and the UST Guidelines.

3. The service of an objection to a Monthly Fee Statement shall not prejudice the objecting party's right to object to any fee application made to the Court in accordance with the Bankruptcy Code on any ground whether raised in the objection or not. The decision by any party not to object to a Monthly Fee Statement shall not be a waiver of any kind or prejudice that party's right to object to any fee application subsequently made to the Court in accordance with the Bankruptcy Code and applicable rules.

4. The pendency of an objection or the entry of a Court order holding that the prior payment of compensation or the reimbursement of expenses was improper as to a particular Monthly Fee Statement will not disqualify a Professional from the future payment of compensation or reimbursement of expenses as set forth above unless the Court orders otherwise.

5. Any Professional who fails to file an Interim Fee Application when due will be ineligible to receive further interim payments of fees or expenses under the Compensation Procedures until such time as the Interim Fee Application is submitted.

6. Neither (i) the payment of or the failure to pay, in whole or in part, interim compensation and reimbursement of expenses under the Compensation Procedures, nor (ii) the filing of, or failure to file, an objection to any Monthly Fee Statement to any Interim Fee Application will bind any party in interest or the Court with respect to the final applications for allowance

| Debtors: | Powin, LLC, *et al.* |
|---|---|
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Administrative Fee Order Establishing Procedures for Allowance and Payment of Interim Compensation and Reimbursement of Expenses of Professionals Retained by Order of This Court |

of compensation and reimbursement of expenses of Professionals.

7. Any party under section (A)(1) may request that a Professional deliver a Monthly Fee Statement or an Interim Fee Application in an electronically searchable format mutually acceptable to the parties.

3. The Debtors shall include all payments to Professionals on their monthly operating reports, detailed to state the amount paid to each Professional.

4. All Professionals that are law firms shall make a reasonable effort to comply with the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. Section 330 by Attorneys in Larger Chapter 11 Cases*, effective as of November 1, 2013, in connection with any Monthly Fee Statements, Interim Fee Applications and final fee applications to be filed in these Chapter 11 Cases. All professionals that are law firms shall provide any and all Monthly Fee Statements, Interim Fee Applications, and final fee applications in "LEDES" format to the U.S. Trustee.

5. Each member of the Committee shall be permitted to submit statements of expenses (excluding third-party counsel expenses of individual Committee members) and supporting vouchers to the Committee's counsel, which counsel will collect and submit the Committee members' requests for reimbursement; *provided*, that such reimbursement requests must comply with the Compensation Procedures. For the avoidance of doubt, this provision only permits the Committee member to request reimbursement and does not extend to any representative purporting to act on behalf of the Committee member.

6. Time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

(Page | 9)

| | |
|---|---|
| Debtors: | Powin, LLC, *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Administrative Fee Order Establishing Procedures for Allowance and Payment of Interim Compensation and Reimbursement of Expenses of Professionals Retained by Order of This Court |

7.    All fees and expenses paid to Professionals are subject to disgorgement until such time as they are allowed pursuant to a final order of this Court.

8.    The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

9.    Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

10.    The Debtors are authorized to take all actions necessary to carry out this Order.

11.    This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.