# DECLARATION OF GERARD UZZI IN SUPPORT OF SUPPLEMENT TO DEBTORS' MOTION TO APPROVE SETTLEMENT AND RELEASE AGREEMENT

I, Gerard Uzzi, hereby state and declare as follows:

1. I am the Chief Restructuring Officer (the "CRO") of Powin, LLC ("Powin"). I was appointed as CRO of Powin and the above-referenced affiliated debtors and debtors in possession (collectively, the "Debtors") effective on June 9, 2025.

2. I am also a Managing Partner and Founder of CBMN Advisors LLC d/b/a Uzzi & Lall ("Uzzi & Lall"). I have extensive experience advising companies, boards of directors, senior management, creditors, equity holders, and investors in stressed and distressed situations, including chapter 11, out-of-court work outs, and rescue financings across industries and jurisdictions. I also serve in a number of fiduciary capacities, including presently as the Chairman of the Celsius Litigation Oversight Committee.

3. Prior to co-founding Uzzi & Lall, I was a senior restructuring partner at Milbank LLP and White & Case LLP for over 18 years in the aggregate. During that time, I was personally involved in senior roles in some of the nation's largest and most complex chapter 11 cases, including Lehman Brothers, Washington Mutual, American Airlines, Rescap, Charter Communications, Mirant, Adelphia Communications, Purdue Pharma, and ZAIS. I have been recognized for my work in Chambers, Euromoney's IFLR, The Legal 500, and Expert Guides as one of the World's Leading Insolvency and Restructuring Professionals.

4. On June 28, 2025, I submitted the declaration (the "Declaration") in support of the *Expedited Motion of the Debtors for Entry of an Order (I) Authorizing and Approving Settlement and Release Agreement; and (II) Granting Related Relief* [Docket No. 191] (the "Motion").[1]

5. I fully incorporate the contents of the Declaration herein by reference.

6. I further submit this supplemental declaration ("Supplemental Declaration") in support of the Motion.

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

1

7. Except as otherwise indicated herein, this Supplemental Declaration is based upon my personal knowledge, my review of relevant documents, information provided to me by employees of the Debtors or the Debtors' advisors, my opinion based upon my experience, knowledge, and information concerning the Debtors' operations and this industry. If called upon to testify, I would testify competently to the facts set forth in this Supplemental Declaration.

8. Since the Motion was filed, I have learned that the Foreign Testing Houses are refusing to release the test reports required under section 1(s) of the Settlement Agreement, until their prepetition claims are paid in full, such prepetition claims totaling approximately $8,900 and $245,000, respectively (together, the "Prepetition Amounts"). The Foreign Testing Houses are foreign entities, with little contacts with the United States.

9. I have determined that the Foreign Testing Houses will not produce the test reports required by section 1(s) of the Settlement Agreement absent payment of the Prepetition Amounts and there is no viable alternative to compel the release of the reports in the time frame required under the Settlement Agreement.

10. Absent performance by the Foreign Testing Houses, the Debtors are incapable of satisfying the test reporting requirements under section 1(s) of the Settlement Agreement. The satisfaction of such requirements by the Debtors is a condition precedent to the effectuation of the Settlement Agreement, and the cash transfer to the Debtors contemplated thereunder.

11. The Testing Reports are also independently essential to the Debtors' ordinary course operations and are necessary to provide support services for all customers, not just those covered by the Settlement Agreement, and therefore represent a potentially separately monetizable asset for the Debtors' estates. Accordingly, payment of the Prepetition Amounts benefits the Debtors by enabling them to consummate the Settlement Agreement and, equally important, by securing critical data and testing information to the broader customer base.

12. Accordingly, I have determined that payment of the Prepetition Amounts to the Foreign Testing Houses is necessary to effectuate the Settlement Agreement, and contemplated cash transfer thereunder.

I declare under penalty of perjury that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct.

Executed this 4th day of July 2025, at Sea Bright, New Jersey in Monmouth County.

/s/ *Gerard Uzzi*
Gerard Uzzi