**DENTONS US LLP**

Tania M. Moyron (admitted *pro hac vice*)
Van C. Durrer, II (admitted *pro hac vice*)
601 S. Figueroa Street #2500
Los Angeles, CA 90017
Telephone:  (213) 623-9300
Facsimile:  (213) 623-9924
Email:  tania.moyron@dentons.com
          van.durrer@dentons.com

John D. Beck (admitted *pro hac vice*)
Sarah M. Schrag (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020-1089
Telephone:  (212) 768-6700
Facsimile:  (212) 768-6800
Email:  john.beck@dentons.com
          sarah.schrag@dentons.com

*Proposed Counsel for Debtors and*
*Debtors in Possession*

**TOGUT, SEGAL & SEGAL LLP**

Frank A. Oswald (admitted)
550 Broad Street
Suite 1508
Newark, NJ 07102
Telephone:  (212) 594-5000
Facsimile:  (212) 967-4258
Email:  frankoswald@teamtogut.com

Albert Togut (admitted *pro hac vice*)
Amanda C. Glaubach (admitted *pro hac vice*)
Eitan Blander (admitted *pro hac vice*)
One Penn Plaza, Suite 3335
New York, New York 10119
Telephone:  (212) 594-5000
Facsimile:  (212) 967-4258
Email:  altogut@teamtogut.com
          aglaubach@teamtogut.com
          eblander@teamtogut.com

*Proposed Counsel for Debtors and*
*Debtors in Possession*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>Powin, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-16137 (MBK)<br><br>(Jointly Administered) |

---

[1]   The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin Project LLC [1583]; (ii) Powin, LLC [0504]; (iii) PEOS Holdings, LLC [5476]; (iv) Powin China Holdings 1, LLC [1422]; (v) Powin China Holdings 2, LLC [9713]; (vi) Charger Holdings, LLC [5241]; (vii) Powin Energy Ontario Storage, LLC [8348]; (viii) Powin Energy Operating Holdings, LLC [2495]; (ix) Powin Energy Operating, LLC [6487]; (x) Powin Energy Storage 2, Inc., [9926]; (xi) Powin Energy Ontario Storage II LP, [5787]; and (xii) Powin Canada B.C. Ltd. [2239]. The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR 97062.

**DEBTORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE
EMPLOYMENT AND RETENTION OF TOGUT, SEGAL & SEGAL LLP AS
CO-COUNSEL TO THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE**

TO THE HONORABLE MICHAEL B. KAPLAN, UNITED STATES BANKRUPTCY JUDGE:

Powin, LLC ("Powin") and its above-referenced affiliated debtors and debtors in
possession (collectively, the "Debtors") in these chapter 11 cases (the "Chapter 11 Cases"),,
hereby make this application (the "Application") for entry of an order substantially in the form
attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to sections 327(a) and 328 of title
11 of the United States Code (the "Bankruptcy Code"), Rules 2014(a) and 2016 of the Federal
Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local
Bankruptcy Rules for the United States Bankruptcy Court for the District of New Jersey
(the "Local Rules"), and in accordance with the terms and conditions set forth in the Engagement
Letter dated as of June 5, 2025 between the Togut Firm (defined below) and the Debtors, a copy
of which is attached to the Togut Declaration (defined below) as **Exhibit 1** to **Exhibit B**,
authorizing the employment and retention of Togut, Segal & Segal LLP (the "Togut Firm") as
co-counsel, including as local counsel, for the Debtors in the above-captioned Chapter 11 Cases
effective as of the Petition Date (as defined herein).

In support of the Application, the Debtors rely upon and incorporate by reference
the declaration of Albert Togut, a senior member of the Togut Firm (the "Togut Declaration"), a
copy of which is attached hereto as **Exhibit B**;  the Declaration of Gerard Uzzi, the Debtors'
Chief Restructuring Officer (the "Uzzi Declaration"), a copy of which is attached hereto as
**Exhibit C**;  and the *Declaration of Gerard Uzzi in Support of Emergency First Day Motions of*

the Debtors [Docket No. 13] (the "First Day Declaration").[2]  In further support of the

Application, the Debtors respectfully state as follows:

## I.      JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the District of New Jersey (the "Court")

has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of*

*Reference* from the United States District Court for the District of New Jersey dated as of

September 18, 2012.  The Debtors confirm their consent, pursuant to Rule 7008 of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court

in connection with this Motion to the extent that it is later determined that the Court, absent consent

of the parties, cannot enter final orders or judgments in connection herewith consistent with Article

III of the United States Constitution.

2.      Venue of the Chapter 11 Cases and related proceedings is proper pursuant to 28

U.S.C. §§ 1408 and 1409.

3.      The predicates for the relief requested herein are: sections 327(a) and 328 of the

Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rule 2014-1.

## II.      BACKGROUND

4.      Beginning on June 9, 2025 (the "Petition Date"),[3] the Debtors each commenced a

voluntary case for relief under chapter 11 of the Bankruptcy Code.  The Debtors are authorized to

continue operating their businesses and managing their properties as debtors in possession

pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  The Court has entered orders

[Docket Nos. 58, 173, 211] authorizing procedural consolidation and joint administration of these

Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b).  On June 27, 2025 the United States

Trustee for the District of New Jersey (the "U.S. Trustee") appointed an official committee of

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the First
Day Declaration.

[3] Lead Debtor Case No. 25-16137 (MBK) for Debtor Powin Project LLC was filed on June 9, 2025, and the
remaining Debtors were filed shortly thereafter on June 10, 2025 and June 22, 2025.

unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Committee") [Docket No. 174]. No request for the appointment of a trustee or examiner has been appointed in these Chapter 11 Cases.

5.     Additional information regarding the Debtors, including their businesses and the events leading to the commencement of these Chapter 11 Cases is set forth in the First Day Declaration.

### III.    RELIEF REQUESTED

6.     The Debtors have filed an application to retain Dentons US LLP ("Dentons") to represent them in these Chapter 11 Cases as general restructuring counsel, subject to Bankruptcy Court approval. Dentons is lead counsel and will have the primary responsibility for advising and representing the Debtors. By this Application, under sections 327(a) and 328 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rule 2014-1, the Debtors request entry of the Proposed Order, authorizing the Debtors to employ and retain the Togut Firm, consistent with Part F of the *Appendix B Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* (the "Appendix B Guidelines"), as the Debtors' co-counsel, including as local counsel, *nun pro tunc* to the Petition Date, to handle matters that the Debtors may encounter which are not appropriately handled by Dentons due to a potential or actual conflict of interest with certain creditors of the Debtors, and to perform such other discrete duties, as may be requested by the Debtors, related to the administration of these Chapter 11 Cases. The Togut Firm has worked hard to develop and perfect the co-counsel business model so that it best serves the interests of the estates.

7.     The Debtors, the Togut Firm, and Dentons are mindful of the need to avoid duplication of services, and appropriate procedures will be implemented to ensure that there is no unnecessary duplication of effort.

## IV.    THE TOGUT FIRM'S QUALIFICATIONS

8.      The Togut Firm has extensive specialized expertise in supplementing the work of lead counsel in a case and indeed has previously worked closely with Dentons as co and conflicts counsel in another chapter 11 case, namely, *In re Global Wound Care Medical Group*, Case No. 24-34908 (CML), a chapter 11 case pending in the Southern District of Texas.  The professionals at the Togut Firm are already well-acquainted with the personnel, practices, and procedures of Dentons, and are well-positioned to provide the Debtors with any necessary legal services in a complementary, non-duplicative, and efficient manner.

9.      The members of the Togut Firm, as well as counsel to and associates of the Togut Firm, who will be employed in these Chapter 11 Cases, are members in good standing of the Bar of the State of New Jersey and / or have been admitted *pro hac vice* in the District of New Jersey.

10.     The Debtors have selected the Togut Firm because the firm's practice is highly specialized and is limited, almost exclusively, to restructuring matters in and out of the Bankruptcy Courts.  The Togut Firm's experience in representing debtors is of particular relevance.

11.     For 45 years, the Togut Firm has actively been involved in numerous major bankruptcy cases, and has represented debtors, official committees, trustees, creditors and other parties in interest in many cases as lead counsel, co-counsel, or conflicts counsel, including, without limitation:  *In re Acorda Therapeutics, Inc.*, Case No. 24-22284 (DSJ);  *In re JTRE 14 Vesey LLC*, Case No. 24-12087 (MBK);  *In re Benitago Inc.,* Case No. 23-11394 (SHL);  *In re Vice Media Group Holding Inc.,* Case No. 23-10738 (JPM);  *In re Endo International plc,* Case No. 22-22549 (JLG);  *In re Pareteum Corp.*, Case No. 22-10615 (LGB);  *In re: LATAM Airlines Group S.A.,* Case No. 20-11254 (JLG);  *In re The McClatchy Co.*, Case No. 20-10418 (MEW);  *In re Aurora Commercial Corp.*, Case No. 19-10843 (SCC);  *In re Trident Holding Co., LLC*, Case

No. 19-10384 (SHL);  *In re Synergy Pharm. Inc.*, Case No. 18-14010 (JLG);  *In re Pacific Drilling S.A.*, Case No. 17-13193 (MEW);  *In re Westinghouse Elec. Co. LLC*, Case No. 17-10751 (MEW);  *In re Toisa Ltd.*, Case No. 17-10184 (SCC);  *In re Avaya Inc.*, Case No. 17-10089 (SMB);  *In re SunEdison, Inc.*, Case No. 16-10992 (SMB);  *In re Aéropostale, Inc.*, Case No. 16-11275 (SHL);  *In re Dewey & LeBoeuf, LLP*, Case No. 12-12321 (MG);  *In re AMR Corp.*, Case No. 11-15463 (SHL);  *In re Eastman Kodak Co.*, Case No. 12-10202 (ALG);  *In re Grubb & Ellis Co.*, Case No. 12-10685 (MG);  *In re The Great Atlantic & Pacific Tea Co., Inc. (A&P)*, Case No. 10-24549 (RDD); *In re Loehmann's Holdings, Inc.*, Case No. 10-16077 (REG);  *In re GSC Grp., Inc.,* Case No. 10-14653 (AJG);  *In re St. Vincent's Catholic Med. Ctrs. of N.Y.*, Case No. 10-11963 (CGM);  *In re AbitibiBowater Inc.*, Case No. 09-11296 (KJC);  *In re Neff Corp.*, Case No. 10-12610 (SCC);  *In re Motors Liquidation Co. (f/k/a General Motors Corp.)*, Case No. 09-50026 (REG);  *In re Charter Commc'ns, Inc.*, Case No. 09-11435 (JMP);  *In re Frontier Airlines Holdings, Inc.*, Case No. 08-11298 (RDD);  *In re Old Carco LLC (f/k/a Chrysler LLC)*, Case No. 09-50002 (AJG);  *In re Tronox Inc.*, Case No. 09-10156 (ALG).

## V.   <u>SERVICES TO BE RENDERED</u>

12.     As set forth in the Declaration of Van C. Durrer, II, Esq. in support of the Debtors' application for an order authorizing the retention of Dentons (as may be supplemented from time to time, the "<u>Durrer Declaration</u>"), Dentons is the world's largest law firm with more than 160 offices in more than 80 countries.  There are parties in these Chapter 11 Cases that Dentons has represented, currently represents, or in the future likely will represent in matters wholly unrelated to the Debtors and the Chapter 11 Cases.  In the event that the Debtors are pursuing a position that would cause a connection with a client of Dentons that has the potential to mature into and become a conflict of interest (a "<u>Conflict Matter</u>"), the Togut Firm shall become involved in such matter so that the Togut Firm can advise the Debtors in such Conflict Matter.  If such Conflict Matter becomes an actual conflict, the Togut Firm shall take over such matter.

13.     The Togut Firm's billing rates are lower than those of Dentons.  The Togut Firm's hourly rates are $1,190 to $1,830 for partners, $1,140 to $1,375 for counsel, and $535 to $1,225 for associates.  Dentons' hourly rates are $620 to $2,295 for partners, special counsel, counsel and principals and $430 to $1,280 for associates.

14.     During the course of the case, there will be numerous bankruptcy administration tasks, many of them routine and "commoditized," that can be efficiently handled by the Togut Firm at a lower cost to the estates.  Co-counsel is best utilized when it offers an independent benefit to the estates rather than serving as lead counsel's "shadow," standing behind the lead counsel and billing with no direct benefit to the estates.  To avoid such a result, co-counsel is utilized to efficiently—and less expensively—perform routine services that do not require the breadth and depth of main counsel but that nonetheless need to be performed as part of every chapter 11 case.  These are discrete bankruptcy projects such as issues relating to claims objections, certain professional retentions, stay enforcement, and certain executory contract and lease assumptions and rejections, schedules of assets and liabilities and statements of financial affairs (the "Schedules and Statements"), just to name a few.  These are the sort of services that require the sophisticated bankruptcy expertise possessed by the Togut Firm that has been obtained from having done every part of a complex reorganization case.

15.     Thus, the estates benefit from the smaller firm's efficiencies in handling special projects involving bankruptcy administration.  Rather than duplicate lead counsel's work, co-counsel does its own work.  Not only does this result in cost savings to the estates, but it addresses the need of keeping co-counsel up to speed, which is essential for it to handle conflict matters.  It is impossible to do the conflicts work without being fully familiar with everything in the case, including the client's strategy.  As co-counsel, we are fully involved in the case and we know what is going on without duplicating the work of lead counsel.

16.     There is a direct benefit to the estates from this approach.  The lead firm does the most complex work that demands the many practice groups and global reach of Dentons, while its co-counsel does certain of the routine tasks more economically.  This results in lowering overall

costs to the estates.  Not only are co-counsel's costs not duplicative, but they have the effect of reducing overall total fees.

17.    The Debtors have determined that in addition to Conflict Matters, the tasks identified below are well-suited for the Togut Firm to handle efficiently (collectively, the "Assigned Matters"):

- Acting as local counsel;

- assisting the Debtors with the retention of their case professionals and their ordinary course professionals ("OCP") and the filing of verified as well as their statements of fees and disbursements;

- assisting certain of the Debtors' professionals with preparing monthly fee statements and interim fee applications in accordance with the Appendix B Guidelines;

- assisting with certain landlord related issues for premises where the Debtors are tenants;

- assisting the Debtors with preparing their Schedules and Statements;

- advising the Debtors regarding their powers and duties as debtors in possession for the tasks assigned;

- preparing and filing on the Debtors' behalf motions, applications, answers, proposed orders, reports, and papers necessary for the Assigned Matters;

- attending meetings and negotiations with representatives of creditors and other parties in interest that affect the Assigned Matters;

- appearing before this Court and any appellate courts, if necessary, to protect the interests of the Debtors' estates in connection with the Assigned Matters;

- responding to inquiries and calls from creditors and counsel to interested parties regarding pending Assigned Matters;  and

- performing other necessary legal services for assigned matters, or any other discrete matters assigned to the Togut Firm, and providing other necessary legal advice to the Debtors in connection with these Chapter 11 Cases.

18.     As these Chapter 11 Cases unfold, there will be other tasks that will be best suited to the Togut Firm's skills.  As matters are identified that are not generally described herein, the Togut Firm will file a supplemental declaration in accordance with Bankruptcy Rule 2014 and provide notice of the filing sufficient to afford parties in interest an opportunity to object.  The timeliness of a disclosure will be assessed based on the facts and circumstance of the situation, including whether earlier disclosure would reveal privileged information or compromise the Debtors' abilities to perform their statutory responsibilities under the Bankruptcy Code.

## VI.    THE TOGUT FIRM'S DISINTERESTEDNESS

19.     To the best of the Debtors' knowledge, and based upon the Togut Declaration, the Togut Firm does not represent or hold any interest adverse to the Debtors or their estates with respect to the matters on which the firm is to be employed.  Further, to the best of the Debtors' knowledge and based on the Togut Declaration, the Togut Firm does not have any connection with any creditors or other parties in interest, or their respective attorneys or accountants, or the U.S. Trustee or any of its employees, except as set forth in the Togut Declaration.

20.     Section 327(a) of the Bankruptcy Code provides that a debtor, subject to Court approval:

> Except as otherwise provided in this section, the trustee, with the Court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a).

21.     For the reasons stated herein, the Debtors seek to employ and retain the Togut Firm as co-counsel pursuant to section 327(a) of the Bankruptcy Code.  As discussed herein, the Debtors believe that the retention of the Togut Firm as co-counsel is necessary, is in the best interests of

the Debtors' estates, and that the Togut Firm neither holds nor represents interests adverse to the Debtors or their estates.

## VII.    PROFESSIONAL COMPENSATION

22.    During these Chapter 11 Cases, the Togut Firm will file applications for allowance of compensation and reimbursement of actual and necessary expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any orders of this Court, and, to the extent required by the foregoing, the Appendix B Guidelines, for all services performed and expenses incurred as attorneys for the Debtors.

23.    The Debtors and the Togut Firm have agreed that the Togut Firm will be paid its customary hourly rates for services rendered that are in effect from time to time, as set forth in the Togut Declaration and the Engagement Letter, and that it will be reimbursed according to the Togut Firm's customary reimbursement policies.

24.    Pursuant to section 330(a)(1) of the Bankruptcy Code, the Court may award reasonable compensation for actual and necessary expenses and services rendered in conjunction with these Chapter 11 Cases. The Togut Firm's current hourly rates and reimbursement policies are what the general marketplace for legal services pays the Togut Firm in other matters every day and are reasonable. The 2025 hourly rate for Mr. Togut is $1,830 (the firm's other partner rates range from $1,190 to $1,830 per hour). The Togut Firm's current rates for associates are $535 to $1,225 per hour, $1,140 to $1,375 per hour for counsel, and $315 to $560 per hour for paralegals and law clerks. The Togut Firm will also seek reimbursement for actual, necessary expenses pursuant to section 330(a)(1)(B) of the Bankruptcy Code.

25.    Prior to applying any increases in its hourly rates beyond the rates set forth in this Application, the Togut Firm shall provide ten (10) days' prior notice of any such increases to the Debtors, the U.S. Trustee, and the Committee.

## VIII.    <u>COMPENSATION RECEIVED FROM THE DEBTORS</u>

26.    As set forth in the Togut Declaration, during the ninety days prior to the Petition Date, the Debtors paid the Togut Firm a retainer in the amount of $90,000 (the "<u>Retainer</u>") in connection with these Chapter 11 Cases.  The Retainer was used to pay filing fees for nine (9) of the Debtors aggregating $1,738.  All remaining amounts of the Retainer will first be applied to the Togut Firm's pre-petition fees and expenses and thereafter to post-petition fees and expenses pursuant to the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the orders of this Court.  Any remaining balance from the Retainer at the conclusion of its services will be returned to the Debtors by the Togut Firm.

## IX.    <u>STATEMENT REGARDING U.S. TRUSTEE GUIDELINES</u>

27.    The Togut Firm shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' Chapter 11 Cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Rules, and any other application procedures and orders of the Court.  The Debtors and the Togut Firm also intend to make reasonable efforts to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the Appendix B Guidelines, both in connection with this Application and the interim and final fee applications to be filed by the Togut Firm in the course of its engagement.

28.    The applicant statement referenced in Part D.1 of the Appendix B Guidelines is addressed in the Togut Declaration, annexed as **<u>Exhibit B</u>** in support of this Application.  The verified client statement referenced in Part D.2 of the Appendix B Guidelines is addressed in the Uzzi Declaration, annexed as **<u>Exhibit C</u>** in support of this Application.

29.    As these Chapter 11 Cases continue to develop, the Togut Firm will formulate a budget and staffing plan for this proposed engagement, which it will review with the Debtors as contemplated by Part E of the Appendix B Guidelines (which budget and staffing plan may be amended as necessary to reflect changed circumstances or unanticipated developments).  Any

disclosure of such budget and staffing plan will be retrospective only in conjunction with the filing
of fee applications by the Togut Firm.

30.    It is the Debtors' and the Togut Firm's intention to work cooperatively with the
U.S. Trustee to address the concerns that prompted the Executive Office for United States Trustees
("EOUST") to adopt the Appendix B Guidelines.

## X.    BASIS FOR RELIEF REQUESTED

31.    Section 327(a) of the Bankruptcy Code authorizes a debtor in possession, with the
court's approval, to "employ one or more attorneys, accountants, appraisers, auctioneers, or other
professional persons, that do not hold or represent an interest adverse to the estate, and that are
disinterested persons, to represent or assist the [debtor in possession] in carrying out the [debtor in
possession's] duties under this title."  11 U.S.C. § 327(a).

32.    Bankruptcy Rule 2014(a) requires that an application for retention include:

> Specific facts showing the necessity for the employment, the name
> of the [firm] to be employed, the reasons for the selection, the
> professional services to be rendered, any proposed arrangement for
> compensation, and, to the best of the applicant's knowledge, all of
> the [firm's] connections with the debtor, creditors, any other party
> in interest, their respective attorneys and accountants, the United
> States trustee, or any person employed in the office of the United
> States trustee.

Fed. R. Bankr 2014(a).

33.    The Debtors request approval of the employment of the Togut Firm *nunc pro tunc*
to the Petition Date.  Such relief is warranted by the circumstances presented by these Chapter 11
Cases.  The Third Circuit has identified "time pressure to begin service" and absence of prejudice
as factors favoring *nunc pro tunc* retention.  *See, e.g., Matter of Arkansas Co., Inc.*, 798 F.2d 645,
650 (3d Cir. 1986); *Indian River Homes, Inc. v. Sussex Trust Co.*, 108 B.R. 46, 52 (D. Del. 1989),
*app. dismissed,* 909 F.2d 1476 (3d Cir. 1990).  The Debtors' selection of the Togut Firm as their
bankruptcy co-counsel necessitated that the Togut Firm immediately commence work on time-
sensitive matters and promptly devote resources to the Debtors' cases pending submission and

approval of this Application.  The Togut Firm's services on the Debtors' behalf have not prejudiced any creditor or party-in-interest in these cases, but rather, have served their best interests.

34.     The Debtors submit that, for the reasons stated above and in the Togut and Uzzi Declarations, the retention of the Togut Firm as their bankruptcy co-counsel, as described herein, is warranted and should be approved.

## XI.     NO PRIOR REQUEST

35.     No prior request for the relief sought in this Application has been made to this Court or any other court.

## XII.     NOTICE

36.     Pursuant to Local Rule 9013-5(c), notice of this Application shall be given to the following parties: (a) the Office of the United States Trustee;  (b) counsel to Debtors' Prepetition Secured Parties;  (c) counsel to the Committee;  and (d) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## XIII.     CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court (i) enter the Proposed Order; and (ii) grant the Debtors such other and further relief as the Court deems just and proper.

Dated: July 7, 2025                              Respectfully submitted,

*/s/ Brian Kane*
Brian Kane
Chief Executive Officer
Powin, LLC, *et al*., Debtors and Debtors in Possession

## **EXHIBIT A**

(Proposed Order)

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| In re: | Chapter 11 |
| Powin, LLC, *et al.*,[1] | Case No. 25-16137 (MBK) |
| Debtors. | (Jointly Administered) |

**ORDER AUTHORZING EMPLOYMENT AND RETENTION OF
TOGUT, SEGAL & SEGAL LLP AS CO-COUNSEL TO THE
DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE**

The relief set forth on the following pages, numbered three (3) through five (5), is

**ORDERED.**

---

[1]     The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin Project LLC [1583]; (ii) Powin, LLC [0504]; (iii) PEOS Holdings, LLC [5476]; (iv) Powin China Holdings 1, LLC [1422]; (v) Powin China Holdings 2, LLC [9713]; (vi) Charger Holdings, LLC [5241]; (vii) Powin Energy Ontario Storage, LLC [8348]; (viii) Powin Energy Operating Holdings, LLC [2495]; (ix) Powin Energy Operating, LLC [6487]; (x) Powin Energy Storage 2, Inc., [9926]; (xi) Powin Energy Ontario Storage II LP, [5787]; and (xii) Powin Canada B.C. Ltd. [2239]. The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR 97062.

(Page 2)

Debtors:              Powin, LLC, *et al.*

Case No.              25-16137

Caption of Order:     Order Authorizing the Retention of Togut, Segal & Segal LLP as Co-
                      Counsel to the Debtors Nunc Pro Tunc to the Petition Date

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

| **DENTONS US LLP** | **TOGUT, SEGAL & SEGAL LLP** |
|---|---|
| Tania M. Moyron (admitted *pro hac vice*) | Frank A. Oswald (admitted) |
| Van C. Durrer, II (admitted *pro hac vice*) | 550 Broad Street |
| 601 S. Figueroa Street #2500 | Suite 1508 |
| Los Angeles, CA 90017 | Newark, NJ 07102 |
| Telephone:  (213) 623-9300 | Telephone:  (212) 594-5000 |
| Facsimile:  (213) 623-9924 | Facsimile:  (212) 967-4258 |
| Email:  tania.moyron@dentons.com | Email:  frankoswald@teamtogut.com |
|        van.durrer@dentons.com | |
| | Albert Togut (admitted *pro hac vice*) |
| John D. Beck (admitted *pro hac vice*) | Amanda C. Glaubach (admitted *pro hac vice*) |
| Sarah M. Schrag (admitted *pro hac vice*) | Eitan Blander (admitted *pro hac vice*) |
| 1221 Avenue of the Americas | One Penn Plaza, Suite 3335 |
| New York, NY 10020-1089 | New York, New York 10119 |
| Telephone:  (212) 768-6700 | Telephone:  (212) 594-5000 |
| Facsimile:  (212) 768-6800 | Facsimile:  (212) 967-4258 |
| Email:  john.beck@dentons.com | Email:  altogut@teamtogut.com |
|        sarah.schrag@dentons.com |        aglaubach@teamtogut.com |
| |        eblander@teamtogut.com |
| *Proposed Counsel for Debtors and* | |
| *Debtors in Possession* | *Proposed Counsel for Debtors and* |
| | *Debtors in Possession* |

2

(Page 3)
Debtors:             Powin, LLC, *et al.*
Case No.             25-16137
Caption of Order:    Order Authorizing the Retention of Togut, Segal & Segal LLP as Co-
                     Counsel to the Debtors Nunc Pro Tunc to the Petition Date

Upon consideration of the Application[2] of the above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") for entry of an order (this "<u>Order</u>") authorizing the employment and retention of the Togut Firm as co-counsel to the Debtors *nunc pro tunc* to the Petition Date, pursuant to the terms set forth in the Engagement Letter and the Application to provide services related to Conflict Matters and Assigned Matters (both, as defined below), as modified herein, all as more fully set forth in the Application; and the Court having reviewed the Togut Declaration, the Uzzi Declaration, and the First Day Declaration; and the Court being satisfied with the representations made in the Togut Declaration and the Uzzi Declaration that the Togut Firm represents no interest adverse to the estates, that it is a "disinterested person" as that term is defined under section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and as required under section 327(a) of the Bankruptcy Code; and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the *Standing Order of Reference to the Bankruptcy Court Under Title 11*, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and consideration of the Application and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided pursuant to the Local Rules; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having reviewed the Application; and objections (if any) to the Application having been withdrawn, resolved or

---

[2]      Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application.

(Page 4)
Debtors:                    Powin, LLC, *et al.*
Case No.                    25-16137
Caption of Order:    Order Authorizing the Retention of Togut, Segal & Segal LLP as Co-
                          Counsel to the Debtors Nunc Pro Tunc to the Petition Date

overruled on the merits; and the Court having determined that the legal and factual bases set forth

in the Application establish just cause for the relief granted herein; and this Court having found

that sufficient cause exists for the relief set forth herein; and upon all of the proceedings had before

the Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1.      The Application is **GRANTED** as set forth herein.

2.      Pursuant to sections 327(a) and 328(a), and 330 of the Bankruptcy Code,

Bankruptcy Rules 2014(a) and 2016, and Local Rules 2014-1 and 2016-1, the Debtors, as debtors

and debtors in possession, are authorized to employ and retain the Togut Firm, effective as of the

Petition Date, to serve as the Debtors' co-counsel in these Chapter 11 Cases for the Conflict

Matters and Assigned Matters and pursuant to the terms and conditions set forth in the Application

and Engagement Letter, to the extent approved herein.

3.      Any and all compensation to be paid to the Togut Firm for services rendered on the

Debtors' behalf, including compensation for services rendered in connection with the preparation of

the petition and accompanying papers, shall be fixed by application to this Court in accordance with

sections 330 and 331 of the Bankruptcy Code, such Federal Rules and Local Rules as may then be

applicable, and any orders entered in these cases governing the compensation and reimbursement of

professionals for services rendered and charges and disbursements incurred.  The Togut Firm also shall

make a reasonable effort to comply with the Appendix B Guidelines, both in connection with the

Application and the interim and final fee applications to be filed by the Togut Firm in the Chapter 11

Cases.

(Page 5)
Debtors:                Powin, LLC, *et al.*
Case No.                25-16137
Caption of Order:       Order Authorizing the Retention of Togut, Segal & Segal LLP as Co-
                        Counsel to the Debtors Nunc Pro Tunc to the Petition Date

4.      In order to avoid any duplication of effort and provide services to the Debtors in the most efficient and cost-effective manner, the Togut Firm shall coordinate with Dentons and any additional firms the Debtors retain regarding their respective responsibilities in these Chapter 11 Cases. As such, the Togut Firm shall use its best efforts to avoid the duplication of services provided by any of the Debtors' other retained professionals in these Chapter 11 Cases.

5.      Prior to applying any increases in its hourly rates beyond the rates set forth in the Application, the Togut Firm shall provide ten (10) days' notice of any such increases to the Debtors, the U.S. Trustee, and the Committee, and shall file such notice with the Court.  All parties in interest retain rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

6.      To the extent the Application or Engagement Letter is inconsistent with this Order, the terms of this Order shall govern.

7.      Notice of this Application as provided therein shall be deemed good and sufficient notice of such Application and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

8.      Notwithstanding the possible applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

9.      The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order.

10.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

# **EXHIBIT B**

(Togut Declaration)

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| Powin, LLC, *et al.*,[1] | Case No. 25-16137 (MBK) |
| Debtors. | (Jointly Administered) |

**DECLARATION OF ALBERT TOGUT IN SUPPORT OF
DEBTORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE
EMPLOYMENT AND RETENTION OF TOGUT, SEGAL & SEGAL LLP AS
CO-COUNSEL TO THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE**

I, Albert Togut, being duly sworn, declare the following under penalty of

perjury:

1.        I am the Founder and senior member of Togut, Segal & Segal LLP (the

"Togut Firm") located at One Penn Plaza, New York, New York, 10119.  I am a member in good

standing of the Bar of New York, and am admitted to practice *pro hac vice* before this Court.

2.        I am in all respects competent to make this declaration (the "Declaration")

in support of the Application (the "Application")[2] to retain the Togut Firm as co-counsel, inclusing

as local counsel, to the Debtors pursuant to sections 327(a) and 328 of the Bankruptcy Code,

Bankruptcy Rules 2014 and 2016, Local Rule 2014-1, and the Appendix B Guidelines, to provide

---

[1]      The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin Project LLC [1583]; (ii) Powin, LLC [0504]; (iii) PEOS Holdings, LLC [5476]; (iv) Powin China Holdings 1, LLC [1422]; (v) Powin China Holdings 2, LLC [9713]; (vi) Charger Holdings, LLC [5241]; (vii) Powin Energy Ontario Storage, LLC [8348]; (viii) Powin Energy Operating Holdings, LLC [2495]; (ix) Powin Energy Operating, LLC [6487]; (x) Powin Energy Storage 2, Inc., [9926]; (xi) Powin Energy Ontario Storage II LP, [5787]; and (xii) Powin Canada B.C. Ltd. [2239]. The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR 97062.

[2]      Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

services related to Conflict Matters and Assigned Matters (as more fully described in the Application). Unless otherwise stated in this Declaration, I have personal knowledge of the facts set forth herein.

## **QUALIFICATIONS AND DISINTERESTEDNESS**

3. The Togut Firm's practice is highly specialized and is limited, almost exclusively, to restructuring matters in and out of bankruptcy courts. The Togut Firm has had considerable experience in matters of this nature, and has served as lead counsel, co-counsel, or as conflicts counsel in many chapter 11 cases including, without limitation: *In re Acorda Therapeutics, Inc.*, Case No. 24-22284 (DSJ); *In re JTRE 14 Vesey LLC*, Case No. 24-12087 (MBK); *In re Benitago Inc.*, Case No. 23-11394 (SHL); *In re Vice Media Group Holding Inc.*, Case No. 23-10738 (JPM); *In re Endo International plc*, Case No. 22-22549 (JLG); *In re Pareteum Corp.*, Case No. 22-10615 (LGB); *In re: LATAM Airlines Group S.A.*, Case No. 20-11254 (JLG); *In re The McClatchy Co.*, Case No. 20-10418 (MEW); *In re Aurora Commercial Corp.*, Case No. 19-10843 (SCC); *In re Trident Holding Co., LLC*, Case No. 19-10384 (SHL); *In re Synergy Pharm. Inc.*, Case No. 18-14010 (JLG); *In re Pacific Drilling S.A.*, Case No. 17-13193 (MEW); *In re Westinghouse Elec. Co. LLC*, Case No. 17-10751 (MEW); *In re Toisa Ltd.*, Case No. 17-10184 (SCC); *In re Avaya Inc.*, Case No. 17-10089 (SMB); *In re SunEdison, Inc.*, Case No. 16-10992 (SMB); *In re Aéropostale, Inc.*, Case No. 16-11275 (SHL; *In re Dewey & LeBoeuf, LLP*, Case No. 12-12321 (MG); *In re AMR Corp.*, Case No. 11-15463 (SHL); *In re Eastman Kodak Co.*, Case No. 12-10202 (ALG); *In re Grubb & Ellis Co.*, Case No. 12-10685 (MG); *In re The Great Atlantic & Pacific Tea Co., Inc. (A&P)*, Case No. 10-24549 (RDD); *In re Loehmann's Holdings, Inc.*, Case No. 10-16077 (REG); *In re GSC Grp., Inc.*, Case No. 10-14653 (AJG); *In re St. Vincent's Catholic Med. Ctrs. of N.Y.*, Case No. 10-11963 (CGM); *In re AbitibiBowater*

2

*Inc.*, Case No. 09-11296 (KJC);  *In re Neff Corp.*, Case No. 10-12610 (SCC);  *In re Motors Liquidation Co. (f/k/a General Motors Corp.)*, Case No. 09-50026 (REG);  *In re Charter Commc'ns, Inc.*, Case No. 09-11435 (JMP);  *In re Frontier Airlines Holdings, Inc.*, Case No. 08-11298 (RDD);  *In re Old Carco LLC (f/k/a Chrysler LLC)*, Case No. 09-50002 (AJG);  *In re Tronox Inc.*, Case No. 09-10156 (ALG).

4.     During the course of the case, there will be numerous bankruptcy administration tasks, many of them routine and "commoditized," that can be efficiently handled by the Togut Firm at a lower cost to the estates.  Co-counsel is best utilized when it offers an independent benefit to the estates rather than serving as lead counsel's "shadow," standing behind the lead counsel and billing with no direct benefit to the estates.  To avoid such a result, co-counsel is utilized to efficiently—and less expensively—perform routine services that do not require the breadth and depth of main counsel but that nonetheless need to be performed as part of every chapter 11 case.  These are discrete bankruptcy projects such as issues relating to claims objections, professional retentions, stay enforcement, executory contract and lease assumptions and rejections, and Schedules and Statements, just to name a few.  These are the sort of services that require the sophisticated bankruptcy expertise possessed by the Togut Firm obtained from having done every part of a complex reorganization case.

5.     Thus, the estates benefit from the smaller firm's efficiencies in handling special projects involving bankruptcy administration.  Rather than duplicate lead counsel's work, co-counsel does its own work.  Not only does this result in cost savings to the estates, but it addresses the need of keeping co-counsel up to speed, which is essential for it to handle conflict matters.  It is impossible to do the conflicts work without being fully familiar with everything in

3

the case, including the client's strategy.  Because as co-counsel, we are fully involved in the case, we know what is going on without duplicating the work of lead counsel.

6.       There is a direct benefit to the estates from this approach.  The lead firm does the most complex work that demands the many practice groups of Dentons, while its co-counsel does the routine tasks more economically.  This results in lowering overall costs to the estates.  Not only are co-counsel's costs not duplicative, but they reduce total fees.

7.       Our rates are lower than those of Dentons.  The Togut Firm's hourly rates are $1,190 to $1,830 for partners, $1,140 to $1,375 for counsel, and $535 to $1,225 for associates. Dentons' hourly rates are $620 to $2,295 for partners, special counsel, counsel and principals and $430 to $1,280 for associates.

8.       Having been involved in many cases where it has previously served as conflicts counsel, the Togut Firm has found that the relationship works best when lead counsel has a duty to immediately inform us of any bankruptcy-related matter where there is any involvement of another client of lead counsel's firm, even if the debtor is not adverse to that client.  In that way and in this case, lead counsel is free to advise the Debtors without any appearance of bias.  As soon as the Togut Firm is notified of a transaction affecting a Dentons or another counsel's client, it becomes our responsibility to advise the Debtors on any aspect of the bankruptcy-related transaction, motion, or litigation as it affects such other client.  This best serves the Debtors' fiduciary obligation to all creditors.  For those matters in which the Debtors are clearly adverse to any Dentons' or other counsel's client, the Togut Firm will be responsible for handling the matter.

9.       The Togut Firm has earned a reputation for efficiency and has worked hard to develop and perfect the co-counsel business model so that it best serves the interests of the estates, while comporting with the Appendix B Guidelines.

4

10.     The Togut Firm has previously worked closely with Dentons as conflicts counsel in another chapter 11 case, namely, *In re Global Wound Care Medical Group*, Case No. 24-34908 (CML), a chapter 11 case pending in the Southern District of Texas.  The professionals at the Togut Firm are already well acquainted with the personnel, practices, and procedures of Dentons, and are well-positioned to provide any necessary legal services.

11.     My firm has reviewed:  the Debtors' chapter 11 petitions, the First Day Declaration, the Uzzi Declaration, and the list of the names of individual and entities that may be parties in interest in these Chapter 11 Cases (the "Potential Parties in Interest").  A list of the Potential Parties in Interest is attached hereto as **Exhibit 2**.

12.     To the best of my knowledge, information, and belief, with respect to the Debtors' Chapter 11 Cases, except as set forth herein, neither I nor any member, attorney, or employee of the Togut Firm has any current connection with:

- the directors and officers of the Debtors;

- the Debtors' lenders and lienholders;  or

- the Debtors' twenty largest unsecured creditors (on a consolidated basis).

13.     Other than as set forth herein, neither I nor any member, attorney, or employee of the Togut Firm has ever been a member, officer, or employee of the Debtors or had an interest materially adverse to the interests of the Debtors' estates or any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason.

14.     The Togut Firm is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, in that the Togut Firm, its partners, counsel, and associates, except as disclosed herein:

5

a.      are not creditors, equity holders, or insiders of the Debtors;

b.      are not and were not, within two years before the Petition Date, directors, officers, or employees of the Debtors;  and

c.      do not have an interest materially adverse to the interest of the Debtors' estates or of any class of creditors or equity holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason.

15.     I am not related, and to the best of my knowledge, no attorney at the Togut Firm is related to any United States Bankruptcy Judge in the District of New Jersey or to the U.S. Trustee or any employee thereof.

16.     The Togut Firm will periodically review its files during the pendency of these Chapter 11 Cases to ensure that no conflicts or other disqualifying circumstances exist or arise.  If any new relevant facts or relationships are discovered or arise, the Togut Firm will use its reasonable efforts to identify any such further developments and will promptly file a supplemental affidavit as required by Bankruptcy Rule 2014(a).

## **PROFESSIONAL COMPENSATION**

17.     As set forth in the Engagement Agreement attached hereto as **Exhibit 1**, subject to annual adjustment, in accordance with the firm's billing practices, the rates to be charged by the Togut Firm for services to be rendered to the Debtors shall be the same rates charged to other clients.  My current hourly rate is $1,830 (the firm's other partner rates range from $1,190 to $1,830 per hour).  The rest of our rates are set forth in paragraph 7 of this Declaration.  Prior to applying any increases in its hourly rates beyond the rates set forth herein, the Togut Firm shall provide ten (10) days' notice of any such increases to the Debtors, the U.S. Trustee, and any official committee appointed in these Chapter 11 Cases.

6

18.    The Togut Firm intends to apply for compensation for professional services rendered in connection with these Chapter 11 Cases, subject to this Court's approval and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, further orders of this Court, and the Appendix B Guidelines on an hourly basis, plus reimbursement of actual and necessary expenses and other charges that the Togut Firm incurs. The Togut Firm will charge the Debtors' estates hourly rates consistent with the rates it charges in other matters of this type.

19.    It is the Togut Firm's policy to charge its clients for all other expenses incurred in connection with the client's case.  The expenses charged to clients include, among other things, photocopying, witness fees, business travel expenses, certain necessary secretarial and other overtime expenses, filing and recordation fees, long distance telephone calls, postage, express mail and messenger charges, computerized legal research charges and other computer services, expenses for "working meals," and telecopier charges.  The Togut Firm will charge the Debtors' estates for these expenses in a manner and at rates consistent with those it generally charges its other clients and in accordance with the Local Rules and Appendix B Guidelines.

20.    No promises have been received by the Togut Firm nor by any partner, counsel, or associate thereof as to compensation in connection with these Chapter 11 Cases other than in accordance with the provisions of the Bankruptcy Code.  The Togut Firm has no agreement with any other entity to share with such entity any compensation received by the Togut Firm in connection with these Chapter 11 Cases.

## COMPENSATION RECEIVED FROM THE DEBTORS

21.    During the ninety days prior to the Petition Date, the Debtors paid the Togut Firm a retainer in the amount of $90,000 (the "Retainer") in connection with these Chapter 11

7

Cases.  The Retainer was used to pay filing fees of nine of the Debtors aggregating $1,738.  All

remaining amounts of the Retainer will first be applied to the Togut Firm's pre-petition fees and

expenses and thereafter to post-petition fees and expenses pursuant to the applicable provisions of

the Bankruptcy Code, the Bankruptcy Rules and the orders of this Court.  Any remaining balance

from the Retainer at the conclusion of its services will be returned to the Debtors by the Togut

Firm.

## STATEMENT REGARDING U.S. TRUSTEE GUIDELINES

22.    The Togut Firm shall apply for compensation for professional services

rendered and reimbursement of expenses incurred in connection with the Debtors' Chapter 11

Cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions

of the Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of the Court.

The Togut Firm also intends to make a reasonable effort to comply with the U.S. Trustee's requests

for information and additional disclosures as set forth in the Appendix B Guidelines, both in

connection with the Application and the interim and final fee applications to be filed by the Togut

Firm in the course of its engagement.

## ATTORNEY STATEMENT PURSUANT TO APPENDIX B GUIDELINES

23.    The following is provided in response to the request for additional

information set forth in Paragraph D.1. of the Appendix B Guidelines.

Question:    Did you agree to any variations from, or alternatives to, your

standard or customary billing arrangements for this engagement?

Response:    No.

Question:    Do any of the professionals included in this engagement vary their

rate based on the geographic location of the bankruptcy case?

Response:    No.

Question:    If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition.  If your billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference.

Response:    The Togut Firm did not represent the Debtors prior to their engagement of the Togut Firm in connection with the commencement of these Chapter 11 Cases.

Question:    Has your client approved your prospective budget and staffing plan, and, if so, for what budget period?

Response:    The Debtors expect to develop a specific prospective budget and staffing plan to comply with the U.S. Trustee's requests for information and additional disclosures, and any orders of this Court.  As these Chapter 11 Cases continue to develop, the Togut Firm will formulate a budget and staffing plan for this proposed retention, which it will review with the Debtors as contemplated by Part E of the Appendix B Guidelines (which budget and staffing plan may be amended as necessary to reflect changed circumstances or unanticipated developments). Any disclosure of such budget and staffing plan will be retrospective only in conjunction with the filing of fee applications by the Togut Firm.

24.    The Togut Firm is willing to act as co-counsel to the Debtors in these cases, and to render the necessary professional services described in the Application.  As additional tasks are identified that are not generally described in the Application, the Togut Firm will file a supplemental declaration in accordance with Bankruptcy Rule 2014 and Part F of the Appendix B Guidelines and provide notice of the filing sufficient to afford parties in interest an opportunity to object.  The timeliness of a disclosure will be assessed based on the facts and circumstance of the

9

situation, including whether earlier disclosure would reveal privileged information or compromise the Debtors' abilities to perform their statutory responsibilities under the Bankruptcy Code.

25.     Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States, that the foregoing statements are true and correct.

DATED:   New York, New York
         July 7, 2025

                                          */s/ Albert Togut*
                                          Albert Togut

## **Exhibit 1**

(Engagement Letter)

TOGUT, SEGAL & SEGAL LLP

ATTORNEYS AT LAW

ONE PENN PLAZA                    550 BROAD STREET
NEW YORK, NEW YORK 10119      NEWARK, NEW JERSEY 07102

——

(212) 594-5000

INTERNET
eMail@TeamTogut.com

June 5, 2025

# PERSONAL AND CONFIDENTIAL

Via E-mail

Powin, LLC
20550 SW 115th Ave.
Tualatin, OR 97062
Attn:  John Brecker, Independent Manager

Re:     Powin, LLC

Dear Mr. Brecker:

Thank you for choosing our firm to represent you.  We understand that Powin, LLC and certain of its affiliates (collectively, the "Company") are preparing for the possibility of voluntary Chapter 11 proceedings in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court").  We understand that the Company is represented by Dentons US LLP ("Dentons") as general restructuring counsel.  Accordingly, and subject to necessary Bankruptcy Court approval, this letter confirms our willingness to serve as the Company's local counsel and to perform restructuring legal services for the matters which Dentons cannot appropriately handle involving clients of Dentons and such other discrete matters as are assigned to us by the Company and Dentons that we are uniquely qualified to handle efficiently.  We have worked with attorneys at Dentons as their co-counsel and conflicts counsel many times in the past.  We know them well and they know us.  This allows us to avoid any missteps and allows for tremendous efficiencies.

As part of our routine in opening new files, we provide an engagement letter to all clients.  Subject to Bankruptcy Court approval, the purpose of this letter is to generally set forth our understanding of the legal services to be performed and the basis on which our firm will be paid for those services.

Our firm is a specialty "boutique";  our practice is strictly limited to corporate restructurings and bankruptcy matters, particularly under Chapter 11.  To the extent the Company requests or desires other services, including nonbankruptcy-related legal advice or legal services (*e.g.*, real estate, tax and other non-bankruptcy-related matters), we presume Dentons or other counsel will perform such services.

Togut, Segal & Segal llp

June 5, 2025
Page 2

We will of course work closely with the Dentons and the Company's other professionals during our engagement.

As to our firm's charges, our beginning point for determining a fee is actual time spent.  For that reason, we have established bookkeeping rates for each of our lawyers and legal assistants.  Our current hourly rates are $1,575 to $1,830 for partners, $1,140 to $1,375 for counsel, $535 to $1,225 for associates, and $315 to $560 for paralegals and law clerks.  Our rates are reviewed, and subject to adjustment, on an annual basis each January.  We are mindful of the cost of legal services and will attempt to use legal assistants and law clerks wherever appropriate to keep the cost of our firm's services as low as possible.  In addition to fees for legal services rendered, we expect to be reimbursed for our expenses, including business travel, photocopies, postage, fax transmissions, telephone, computer-assisted legal research, overtime for secretarial staff, late meals, outside technical/computer support, etc.

We have requested an initial retainer of $90,000 (the "Retainer").  We will render statements to the Company on a monthly basis for our actual fees and expenses, and we will deduct such fees and expenses from the Retainer on a current basis.  In the event of a Chapter 11 case, we will submit monthly statements to the Company and all fees and expenses incurred in the Chapter 11 case will be subject to Bankruptcy Court approval.  We will hold any unused portion of the Retainer until the conclusion of the case to be applied against our final unpaid fees and expenses.  We will return the unused portion of the Retainer, if any, at the conclusion of our services.

The Retainer may be paid by way of wire transfer to:

| | |
|---|---|
| Bank: | JP Morgan Chase |
| | 635 South Clinton Avenue |
| | Trenton, NJ 06811 |
| ABA/Routing No: | 021000021 |
| Account Name: | Togut, Segal & Segal LLP |
| Account No.: | 720339665 |

As noted, all fees and expenses incurred in the Company's Chapter 11 case will be subject to Bankruptcy Court approval.  As with any Chapter 11 case, there is a risk to us and if we achieve an extraordinary result for you, we reserve the right to seek additional fees, subject to the Independent Manager's and Bankruptcy Court approval.  We will seek allowance for interim compensation and reimbursement for reasonable and necessary expenses at various intervals during the case, pursuant to the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and orders entered by the Bankruptcy Court.

TOGUT, SEGAL & SEGAL LLP

June 5, 2025
Page 3

Our firm may only represent the interests of the Company.  It is clearly improper for our firm to represent the interests of any creditor of the Company or any of the Company's individual officers, directors, attorneys or other employees, as their interests may be colorably, if not actually, adverse to the Company.  To the extent any such parties require legal advice, they will have to use other counsel, with whom we will be more than happy to work.

We are not aware of any conflict of interest that would prevent us from acting for the Company in respect of the matter that is the subject of this letter.  Our firm represents many other companies and individuals, and it is possible that during the time that we are representing you, some of our present or future clients will have transactions or disputes with them.  You acknowledge that the firm is a bankruptcy boutique with a regular practice of representing companies in connection with out-of-court restructurings and in-court proceedings, including under Chapter 11 of the Bankruptcy Code.  In connection with representing debtors in bankruptcy proceedings, you acknowledge that we may be required to disclose our representation of you in connection with this engagement.  You further acknowledge and agree that, to the extent that the firm undertakes any future representation that would create a conflict of interest with you as it relates to such future matter, the firm may terminate its engagement with you, and you will not seek to disqualify or oppose the firm on such other matter.

You agree that we may continue to represent or may undertake in the future to represent existing or new clients in any matter that is not substantially related to the work for you described in this letter ("Unrelated Matters"), and that you will not oppose or seek to oppose or disqualify the firm from representing any new clients in connection with any new matters (including bankruptcy proceedings) so long as such representation of such new clients is not substantially related to our engagement set forth in this letter.  We agree, however, that your prospective consent to conflicting representation contained in the preceding sentence with respect to Unrelated Matters shall not apply in any instance where, because of our representation of you, we have obtained proprietary or other confidential information of a non-public nature, that if known to such other client, could be used in any such other matter by such client to your material disadvantage.

We are under a strict duty of confidentiality to you.  We shall keep strictly confidential all confidential or proprietary information obtained from you or from any representatives, affiliates, financing sources, or agents during the performance of our services hereunder ("Confidential Information"), and we, our personnel, and anyone else working on our behalf will not disclose or use any Confidential Information other than in the ordinary course of providing services to you pursuant to this engagement.  "Confidential Information" includes, without limitation, non-public confidential and proprietary data, plans, reports, schedules, drawings, accounts, records, calculations, specifications, flow sheets, computer programs, source or object codes, results, models or any work product relating to the client or any of its subsidiaries, distributors, affiliates, vendors, customers, employees, contractors or consultants, or otherwise

Togut, Segal & Segal llp

June 5, 2025
Page 4

related to the engagement. Upon completion of the services, and at your request, we will promptly return or destroy all Confidential Information (without retaining any copies). For the avoidance of doubt, "Confidential Information" shall not include information which (i) is or becomes publicly available other than as a result of a disclosure by us in violation of this agreement, (ii) is or becomes available to us on a non-confidential basis from a source (other than you or your affiliates) which is not prohibited from disclosing such information to us by a legal contractual or fiduciary obligation with respect to such information, or (iii) is independently developed by us without the use of Confidential Information.

The foregoing is not intended to prohibit, nor shall it be construed as prohibiting, us from disclosure required by applicable law or legal, administrative, or judicial process, but we shall not encourage, suggest, invite, or request, or assist in securing, any such disclosure. We will immediately inform you in advance (unless prohibited by law), of any such disclosure, will only disclose that portion of the Confidential Information permitted by law to be disclosed, and will use its best efforts to ensure confidential treatment is afforded to such Confidential Information.

If the foregoing is acceptable, kindly countersign a copy of this letter at the space provided below and return to me by e-mail. Should you have any questions regarding the above, please do not hesitate to call me.

We look forward to working with the Company to the successful conclusion of this matter.

Very truly yours,

TOGUT, SEGAL & SEGAL LLP
By:

/s/ *Albert Togut*
Albert Togut

cc:  Van C. Durrer II, Esq. (*via* e-mail)

ACCEPTED AND AGREED BY:

By:

DocuSigned by:

14B506C37E95409...

John Brecker , Independent Manager

## **Exhibit 2**

(Parties in Interest List)

## Schedule 1

## Potential Parties in Interest List[1]

### 1.    Debtors, Subsidiaries, and Affiliated Entities

**Debtors:**

- Powin Project LLC (New Jersey)
- Powin, LLC (Delaware)
- PEOS Holdings, LLC (Oregon)
- Powin China Holdings 1, LLC (Oregon)
- Powin China Holdings 2, LLC (Oregon)
- Charger Holdings, LLC (Oregon)
- Powin Energy Ontario Storage, LLC (Oregon)
- Powin Energy Operating Holdings, LLC (Delaware)
- Powin Energy Operating, LLC (Delaware)
- Powin Canada B.C., Ltd. (Canada)
- Powin Energy Storage 2, Inc. (Canada)
- Powin Energy Ontario Storage II, LP (Canada)

**Non-Debtor Powin Entities:**

- Powin Energy Holdings, LLC (Delaware)
- Powin Energy Intermediate, LLC (Delaware)
- Powin Australia Pty Ltd. (Australia)
- Powin Netherlands B.V. (The Netherlands)
- Powin Energy Spain S.L. (Spain)
- Powin UK Ltd. (United Kingdom)
- Yangzhou Finway Energy Tech Co., Ltd. (China)
- Qingdao CIMC-Powin New Energy Technology Co., Ltd. (China)
- Powin (Qingdao) New Energy Co., Ltd. (China)
- Powin EKS SellCo, LLC (Delaware)
- EKS HoldCo, LLC (Delaware)

### 2.    Current & Former Managers and Officers of the Debtors

- Andrew Skrilow
- Arielle Pacheco
- Brian J. Kane
- Chad E. Paulson
- Danny Lu
- Geoffrey Brown
- Gerard Uzzi
- Glenn Jacobson
- Himanshu Khurana
- Jeff Waters
- John Brecker

- Joseph Lu
- Kevin Paprzycki
- Kirk Fleishhauer
- Mark Babcock
- Michael Bennett
- Rachel Livek
- Ryan Gray
- Sameer Reddy
- Samuel Graham
- Scott Getman
- Stuart Bolland

---

[1] This list (and the categories contained herein) are for purposes of a conflicts check only and should not be relied upon by any party as a list of creditors or for any other purpose. As listing a party once allows our conflicts specialists to run a check on such party, we have attempted to remove duplicate entries where possible. Accordingly, a party that otherwise may fall under multiple categories is likely to be listed under only one category.

- Tim Healy

3. **Current & Former Managers and Officers of Powin Energy Holdings, LLC**

- Andrew Skrilow
- Chad E. Paulson
- Danny Lu
- Geoffrey Brown
- Glenn Jacobson
- Jeff Waters
- Sameer Reddy
- Samuel Graham
- Tim Healy

4. **List of Equity Holders**

- Arroyo Energy Investment Partners
- Danny Lu
- EIF II PWE Holdings LLC
- Energy Impact Partners
- Esquarre IOT Landing Fund L.P.
- Evergy Ventures, Inc.
- Geoffrey Brown
- GIC
- Green Power Technologies, SL
- Jeff Waters
- Joseph Lu
- Jospeh Lu (II)
- LU Pacific Properties Llc
- Meadowlark Energy Finance, LLC
- Mei Yi Lu Ttee
- Mike Wietecki
- Outcome Energy, LLC
- Parthian Holdings
- Peter Lu
- Powin Energy Corporation
- Powin Energy Holdings, LLC (Delaware)
- Powin Energy Intermediate, LLC
- Quidnick Energy Development Llc
- Samsung Venture Investment Corporation
- Single Element LLC
- Stuart Statman
- SVIC No. 53 New Technologies Business Investment L.L.P.
- Tim Healy
- TPC Powin SPV LLC
- Trilantic Capital Partners
- Trilantic Energy Partners II (North America) L.P.
- Trilantic Energy Partners II (North America) Mini-Master L.P.
- William Penn
- William Penn Foundation

5. **Insurers**

- AIG Specialty Insurance Company
- Admiral Insurance Company – Mt. Laurel
- Aspen Specialty Insurance Company
- Illinois Union Insurance Company
- Zurich American Insurance Company
- The Insurance Company of the State of Pennsylvania
- Lloyd's of London

- At-Bay Specialty Insurance Company
- Federal Insurance Company
- Allianz Global Risks US Insurance Company

- Argonaut Insurance Company
- North River Insurance Company
- USI Insurance Services

**6.    Restructuring Professionals**

- Alvarez and Marsal
- Brown Rudnick LLP
- CBMN Advisors LLC d/b/a/ Uzzi & Lall
- Dentons US LLC
- Faegre Drinker Biddle & Reath LLP

- Genova Burns LLC
- Huron Transaction Advisory LLC
- Latham & Watkins LLP
- Togut, Segal & Segal LLP
- White & Case, LLP

**7.    United States Bankruptcy Judges in the District of New Jersey**

- Christine M. Gravelle, Chief Judge
- Michael B. Kaplan
- Andrew B. Altenburg, Jr.
- Vincent F. Papalia

- John K. Sherwood
- Jerrold N. Poslusny, Jr.
- Stacey L. Meisel
- Mark E. Hall

**8.    Clerk of the Court for the District of New Jersey**

- Michael Tedesco, Clerk to J. Gravelle
- Rebecca A. Earl, Clerk to J. Kaplan
- Cisse Diawara, Clerk to J. Kaplan
- Travis Graga, Clerk to J. Kaplan
- Suzanne Sweeney, Clerk to J. Altenburg Jr.
- Brooks West, Clerk to J. Altenburg, Jr.
- Christy McDonald, Clerk to J. Papalia
- Sydney Chapman, Clerk to J. Papalia

- Angela Pattison, Clerk to J. Sherwood
- Timothy Dumbroff, Clerk to J. Sherwood
- Kevin Holden, Clerk to J. Poslusny
- Kimberly Barbour, Clerk to J. Poslusny
- Juliana Diamond, Clerk to J. Meisel
- Amanda Simone, Clerk to J. Meisel
- Krista Shaheen, Clerk to J. Hall

**9.    United States Trustees for the District of New Jersey**

- Martha Hildebrandt
- Adela Alfaro
- Kirsten K. Ardelean
- Francyne D. Arendas
- Michael Artis
- Lauren Bielskie
- Savanna Cruz

- Peter J. D'Auria
- David Gerardi
- Tia Green
- Daniel C. Kropiewnicki
- Samantha Lieb
- Tina L. Oppelt
- Angeliza Ortiz-Ng

- Robert J. Schneider, Jr.
- Jeffery Sponder
- Fran B. Steele
- James Stives
- Rachel Wolf
- William J. Ziemer

## 10.    **Government Authorities**

- Alabama Department of Revenue
- Arizona Department of Revenue
- California Franchise Tax Board
- Colorado Department of Revenue
- Delaware Department of Revenue
- Florida Department of Revenue
- Georgia Department of Revenue
- Hawaii Department of Revenue
- Idaho Department of Revenue
- Illinois Department of Revenue
- Indiana Department of Revenue
- Kansas Department of Revenue
- Louisiana Department of Revenue
- Comptroller of Maryland
- Massachusetts Department of Revenue
- Minnesota Department of Revenue
- Montana Department of Revenue
- New Hampshire Department of Revenue Administration
- State of New Jersey/Division of Taxation
- New Mexico Taxation and Revenue Department
- New York State Dept. of Taxation and Finance
- North Carolina Department of Revenue
- North Dakota Office of State Tax Commissioner
- Ohio Department of Taxation
- Oregon Department of Revenue
- Oregon Revenue Division Customer Service Center
- Pennsylvania Department of Revenue
- South Carolina Department of Revenue
- Tennessee Department of Revenue
- Texas Comptroller of Public Accounts
- Virginia Department of Taxation
- West Virginia Tax Division
- Attorney General of Arizona
- Attorney General of Delaware
- Attorney General of New Jersey
- Attorney General of Oregon
- Department of the Treasury/Internal Revenue Service

4

11. **Utilities**

- Portland General Electric Company
- Republic Services
- Waste Management of Arizona, Inc.
- Festival Hydro Inc.
- SRP
- City of Mesa
- Independent Electricity System Operator
- Northwest Natural

12. **Secured Creditors**
- KKR Credit Advisors (US) LLC
- GLAS USA LLC

13. **Unsecured Creditors**

- 218 Events LLC
- 3 Point Brand Management
- 3D Crane Service, LLC
- 3D Engineered Solutions, Inc.
- 3Drivers, Engenharia, Inovacao E Ambiente, LDA
- 8LOOP Logistics LLC
- 8Loop Trans Inc.
- A Plus Finish Roofing LLC
- A&D Fire
- Abacus Industries, Inc
- ABM
- AC Squared Consulting LLC
- Accuenergy (Canada) Inc.
- Accurate Employment Screening LLC
- ACCURE Battery Intelligence Inc.
- Ace Engineering & Co., Ltd.
- Ace Parking Management, Inc.
- activpayroll Ltd
- Acutran
- ADERO Scottsdale
- ADMET, Inc.
- ADT Commercial
- Advantech Corporation

- AFCODirect
- AgileBits Inc dba 1Password
- Agora Refreshments
- AirSea USA
- Airway Services LLC
- AKA Energy Systems
- Akaysha
- Alegeus Technologies LLC dba WealthCare Saver
- Alexander Fattal
- Alliant Insurance Services, Inc
- Alliant Systems, LLC
- Allied High Tech Products, Inc.
- Allium US Holding LLC
- Alorair Solutions Inc.
- Altium Inc.
- Alvarez & Marsal Corporate Performance Improvement, LLC
- Amazon Web Services, Inc.
- Ameresco, Inc.
- American Arbitration Association, Inc.
- American Clean Power Association
- American Fire Technologies
- American Lamprecht Transport Inc.
- Ampere Computing LLC
- Amphenol Industrial Operations
- Antenna Group Inc.
- Anxin Testing Technology (Jiangsu) Co., Ltd
- Aon Consulting, Inc.
- Aon Risk Services Central, Inc.
- APEX Clean Energy
- Aramark Refreshment Services, LLC
- Arbin Instruments
- ArentFox Schiff LLP
- Arizona Foundation Services, LLC
- Arm Inc.
- Arnold Machinery Company
- ARRGH Manufacturing INC
- As You Wish All Around Services
- Ascendia Group LLC
- Ashbaugh Energy Consulting
- Asheville Humane Society, Inc

- Ashok Kulkarni
- AT&T Corp
- Atlantic Training, LLC
- ATS Specialized Inc
- Auto Chen Ltd.
- AutomationDirect.com Inc
- Avalon Risk Management Insurance Agency LLC
- Axelliant LLC
- AYNA.AI LLC
- Backer Asia Limited
- BairesDev LLC
- Baker & Hostetler LLP
- Barco Rent A Truck
- Battery Innovation Center Institute, Inc.
- BBC Global News Limited
- BBC Steel Corporation
- BC Dimerco Logistics Corporation
- Beard Winter LLP
- BELFOR Property Restoration
- Bender Electronics Inc.
- Ben-X, LLC
- Bergstrom (Changzhou) Heat Exchangers Co., Ltd
- Berkshire Hathaway
- BeyondTrust Corporation
- BIAC Broadband USA Inc.
- Billion Electric Co., Ltd.
- Bitwarden, Inc.
- Black & McDonald
- Black Duck Software, Inc.
- Blackhawk Supply
- Blank Rome LLP
- Blomquist Consulting LLC
- Bluewater Battery Logistics, LLC
- BMO Bank N.A.
- BNSF Logistics, LLC
- Bock Trade Law
- Brady Worldwide Inc.
- Brian Palomino
- Brian Wiebe
- Bridge House Advisors Corp
- Briggs Service, Inc.
- Build AppliedLogix, LLC
- Building Automation Products, Inc.
- Building Champions Inc.
- Bull Mountain Heating & Cooling
- Business Talent Group, LLC
- Byron E Boone
- C.I. Services, Inc.
- C.L. Smith Co.
- c3controls
- California Department of Tax and Fee Administration
- Canary Marketing
- Canusa Logistics Inc.
- CapGemini America Inc.
- Capital Edge Construction
- Capitol Electric Co., Inc.
- Cardinal Utility Construction, Inc
- Career Partners, Inc.
- Carel USA, INC
- Cathleen Busha
- Caylent, Inc.
- CBMN Advisors LLC
- CCIC-CSA International Certification Co., Ltd
- Celestica (Thailand) Limited
- Celestica LLC
- Celigo, Inc.
- Centerline Communications
- CEP Portfolio 1A LLC
- CEVA Freight, LLC
- CEVA Logistics US, Inc.
- ChartHop, Inc.
- Christopher D Garza
- Chuweineng Testing Technology (Shanghai) Co., Ltd.
- Cintas Fire Protection
- Circulor Inc
- Citrin Cooperman Advisors LLC
- City of Portland
- City of Portland (Portland Fire & Rescue)
- City of Tualatin
- City Wide Facility Solutions
- CJC Transport LLC

- Clarion Safety Systems, LLC
- Clean Energy Services CES LLC
- CleanPeak Energy
- Clyde and Co
- CODE UNLIMITED LLC
- Codibly Inc.
- Cogent Communications, Inc.
- Cogent Renewables LLC
- Collins Construction Project Specialists Inc.
- Colvin Steel Inc
- Commercial Contractors, Inc.
- Commercial Relocation Group, Inc.
- Compensation Advisory Partners, LLC
- Concur Technologies, Inc.
- ConductorOne, Inc.
- CONSOLIDATED ELECTRICAL DIST.
- Construction Specialties, Inc.
- ContactMonkey Inc.
- Contemporary Amperex Technology Co., Limited (CATL)
- Contemporary Nebula Technology Energy Co., Ltd.
- Control Fire Systems
- Control Source Inc
- Convergent
- Copper State Bolt & Nut Co.
- Copytronix
- Cornerstone Web Studio LLC.
- Corrs Chambers Westgarth
- Cosco Shipping Project Logistics (Qingdao) Co., Ltd.
- Countryside
- Cousins USA Moving & Storage
- Crane Solutions LLC
- Crane Worldwide Logistics LLC
- Crating Technology, Inc
- Crescent Electric Supply Company
- Crowd Culture Pty Ltd
- Crowe LLP
- CSA America Testing & Certification LLC
- CSA Group Testing & Certification Inc.
- CSA Group Testing UK Limited
- CT Corporation
- CUATRECASAS GONÇALVES PEREIRA, S.L.P.
- Custom Air Products & Services, Inc
- D'Amico Catering
- Daniel Laurent
- Datanab
- David H Schroeder
- Davis Polk & Wardell LLP
- Davis Wright Tremaine LLP
- Dayton T. Brown, Inc.
- Deel Inc.
- Deep Sky Studios, LLC
- Dell Australia Pty Limited
- Delphi Precision Imaging Corporation
- Delta Dental Plan of Oregon
- Delta Systems Integration, Inc.
- Dentons US LLP
- Department of the Treasury
- Descartes Systems (USA) LLC
- DG Plus Design LLC
- Digi-Key Electronics
- Digital Third Coast Internet Marketing, Inc.
- DNV Energy USA, Inc.
- DNV Maritime and Energy S.L.U.
- DNV SERVICES UK LIMITED
- DNV Singapore Pte. Ltd.
- Doble Engineering Company
- DocuSign, Inc.
- Dometic Corporation
- Dong Fang International Container (Qingdao) Co., Ltd
- Douglas Stotland
- DTE Energy
- Dual Sea LLC
- Dynaco Testing LLC.
- Dynalectric Oregon
- Dynapower Company, LLC
- E.ON Interactive Design, Inc.

- East West Container Line Inc.
- EBARA Densan (Qingdao) Technology Co.,Ltd.
- EDF
- Edge Construction Supply LLC
- Edge2Cloud IoT, LLC
- EHS Insight
- Electrao - Associacao de Gestao de Residuos
- Ellis Creek LLC dba Ellis Creek Photography
- Emdoor Electronic Technology Co., Limited
- Encore Holdings LLC dba Encore Fire Protection
- Energy Security Agency
- Energy Storage Response Group LLC
- Energyear, S.L.
- EnergyRE
- Engineered Process Controls LLC
- Enrique C Mondragon
- Enterprise Holdings, Inc.
- Envision AESC US LLC
- Envoy, Inc.
- EPC Power Corp
- EPSoft® (AKA Aiotal Inc.)
- Erin Eisinger
- ESI, Inc. of Tennessee
- Estefania Ramirez
- esVolta
- ET Global
- ET Global GmbH
- ETAP
- Eurogility SL
- EVE POWER CO.,LTD.
- Everon, LLC
- Everstream Analytics
- Expeditors Canada, Inc
- Expeditors International de Mexico, S.A. de C.V.
- Expeditors International of Washington, Inc.
- Expeditors Tradewin, LLC
- Experience Knowledge Strategy, S.L.

- Export Internet Trade Systems, Inc.
- Express Employment Professionals
- Expresso Building Services LLC
- FAMCO
- FCD Labels
- Fedex
- FERASCO, LLC.
- Festival Chorale Oregon
- Field Office Property Owner LLC
- Fireaway Inc.
- FireSense Pty Ltd
- First Signal Fire Alarm Inc.
- FLEXOO GmbH
- Fluid Topics, Inc
- FMG Leading, LLC
- FMT Consultants, LLC
- Fobox Tecnologia Sustentable SA de CV
- FORA
- Forethought Life Insurance Company
- Formosa Electronic Industries Inc.
- Franchise Tax Board
- Freeths LLP
- FreeVoice Telecom
- FTI Consulting Inc.
- Functional Devices Inc.
- G&T Tax Advisers BV
- GALP
- Gamry Instruments, Inc.
- Gary Golden
- Gearcor LLC
- Geoffrey L Brown
- Georgian Bay Fire & Safety Ltd.
- Gerber Electronics
- GIC (New York) Inc.
- Gisi Marketing Group
- GLAS USA LLC
- Glidepath
- Global Mobility Solutions, LLC
- Go Firefly, Inc
- GoEngineer, LLC
- Golden Bridge International Inc
- Gomathi Parasuram
- Gotion, Inc.

8

- Grace Hughes
- Grainger
- Grand Prix Tickets GmbH
- Graybar Electronic Company Inc.
- GreEnergy Resources
- GRID Alternatives, Inc.
- Grid-Scale Advisors, LLC
- Grupo Gestiona-T Gestores, S.L.
- GTI Energy
- GTI Fabrication
- Guangdong Eugard Co, Ltd.
- Guangdong Gangjing Electric Heating Technology CO.LTD
- Guggenheim Securities, LLC
- Gurock Software GmbH
- H&E Equipment Services, Inc.
- H2 Oregon Bottled Water
- Hawaii Department of Taxation
- Haynes and Boone LLP
- HDS Marketing, Inc.
- Hecate
- Hefei Ecriee-Tamura Electric Co., LTD
- HELM LIFE
- Henan SEMI Science & Technology Co., Ltd.
- Hentzen Coatings Inc.
- Herc Rentals Inc.
- Hermans & Schuttevaer Notarissen Adviseurs Mediators
- Hitachi Energy USA Inc.
- Hithium Energy Storage Technology USA, Inc.
- HOF Equipment Company
- Hofy Inc
- Hofy Ltd
- Holger Teichgraeber
- Holland & Knight LLP
- Honeywell
- Hong Kong International Arbitration Centre
- Hottinger Bruel & Kjaer Inc.
- HR Partners Pte Ltd
- HSBC Bank USA, National Association
- Hsianglan  Eschenbrenner
- Hub @ 202 Ownco, LLC
- HubSpot Inc.
- Hui Zhong Law Firm
- Huizhou Desay Battery Co., Ltd.
- Huizhou Topband Electrical Technology Co., LTD
- Hunt Energy Solutions
- Hunter-Davisson, Inc.
- Huron Transaction Advisory LLC
- I S Systems Pty Limited
- I&E Advisors LLC
- IANS
- IBASE SOLUTION CO., LTD
- IBE Electronics, Inc
- Idaho Power
- Idaho Specialized Transportation, Inc
- Idaho State Tax Commission
- IHS Global Inc.
- IMCO General Construction, Inc.
- Import Genius
- Incite Fire Pty Ltd
- Indeed, Inc.
- Industrial Automation and Enclosures Inc
- Industrial Climate Engineering
- Industrial Fans Direct
- Industrial Inspection Group Inc.
- Industrial Networking Solutions
- Industrial Painter LLC
- Industrial Rigging Service of Central Texas, Inc.
- Informa UK Limited
- Ingeteam Inc.
- Integrity Electrical Services Company, LLC
- Intelex Technologies ,ULC
- International SOS Assistance, Inc.
- Intertek Testing Services Ltd Shanghai
- Intertek Testing Services, N.A.
- Intralinks, Inc.

- Intro Messebau GmbH
- Invenergy
- IO HVAC Controls
- IOActive, Inc.
- IPFS Corporation
- ISN Software Corporation
- ITC Services Inc
- J.P. Morgan Chase Bank NA
- Jabil Inc.
- James T Dufour
- JAMF Software LLC
- Jason Bignall
- Jason Harbour
- JC Licht LLC
- JDM Legal & Consulting Services LLC
- Jensen Hughes, Inc.
- JHI ENGINEERING INC
- Jiaxing Lizi Electrical Co., LTD
- JMS Wind Energy, Inc.
- Job Mobz
- Joel A Snair
- John C Clapp
- John Paul Bogan
- Johnson Controls, Inc.
- Jonathan Moraglia
- Joral Technologies
- Julie J Stiglish
- Jupiter Power
- JYT Shipping LLC
- Kaiser Permanente
- Kaori Guymon
- Karbo Communications, Inc.
- KBF CPAs LLP
- KCE
- KELLER'S INC
- Kentec Electronics Limited
- Keysight Technologies, Inc.
- Kia Energy
- Kirkland & Ellis LLP
- KKR Credit Advisors (US) LLC
- Klarquist Sparkman, LLP
- Klautemis S.L.
- KLH Electrical Inc.
- KMC (project Brandywine Onward Energy)
- KnowBe4 Inc.
- Korn Ferry (US)
- KPC Power Electrical Ltd.
- KPMG LLP
- KPMG LLP (UK)
- Kroll, LLC
- Krue Industrial, LLC
- Kuehne + Nagel Inc.
- Kupono Solar, LLC
- Lance M Brown
- LandCare USA L.L.C
- Larson Electronics LLC
- Lateralworks
- Latest Craze Productions Inc
- Latitude Media
- Lawrence A Whittet
- Leader
- LeadFar Technologies Co., Ltd.
- Lee and Li, Attorneys-at-Law
- Leeward
- Legal Management Advisory, S.L.
- Level 4 Consulting, LLC
- LHH and LHH Recruitment Solutions
- Libess Service
- Li-Cycle Inc.
- Lifelines Counseling Services
- LingPerfect Translations, Inc.
- Linkedin Corp
- Live Nation Worldwide Inc.
- Loadmaster Crane, Inc.
- Logicalis Shanghai Limited
- LONG Building Technologies, Inc
- Longroad
- Lovelytics Data LLC
- Lu Pacific Properties, LLC
- Maanshan Hongming Electrical Equipment Trading Co. LTD
- Mackenzie
- Madison OFC Brickell FL LLC
- Mainfreight Air & Ocean Pty Ltd
- Mainfreight Inc.

- Mainz Brady Group, Inc.
- Malta Dynamics, LLC
- MAMAC Systems, Inc.
- Map Your Show, LLC
- Marc Vadillo Aguilar
- Marine Lumber CO Corp
- Markowitz Herbold PC
- Marriott Scottsdale Old Town
- Marterra Properties
- Marvair
- Masof, Inc
- Matrix Networks
- Maximum Machinery Moving, LLC
- Mayer Brown LLP
- McCarthy Tetrault LLP
- McGuireWoods Consulting LLP
- McKinsey & Company, Inc. United States
- McMASTER-CARR SUPPLY COMPANY
- MCPc, Inc.
- Meadowlark Mechanical LLC
- MECOP Inc.
- Megan Beatty
- Melissa Schwartz
- Mesa
- MESA Standards Alliance
- Messe Freiburg
- Messe Munchen GmbH
- Metaview Global Ltd
- Metro Access Control
- MG HR, S. de R.L. de C.V.
- MHPS
- Michael A McHargue
- Micro Epsilon America, LP
- Millennium Building Services, Inc
- Miller Nash Graham & Dunn LLP
- MinterEllison
- MMI-Machineworks LLC
- Mobile Mini, Inc.
- Mobile Modular Portable Storage
- Modelon Inc.
- monday.com Ltd
- Morgan Stanley & Co. LLC

- MotoGFX, LLC
- Mountain Alarm
- Mouser Electronics, Inc.
- Moxa Americas Inc.
- MSC Mediterranean Shipping Company S.A.
- Mulberry Talent Partners
- Muza Metal Products, LLC
- Nanjing HeBen M&E Equipment Technology Co., Ltd.
- National Fire & Safety Solutions, Inc.
- National Service Alliance – Houston LLC
- Nationwide Mutual Insurance Company
- Nationwide Transport Services LLC
- Naturgy Renewables USA Corp dba Front Range Midway Solar Project, LLC
- Navex
- Navis International Trade & Consulting Ltd
- Networkia Cuzco SL
- New York City Department of Finance
- New York State Corporation Tax
- New York State Department of Taxation
- New York State Unemployment Insurance
- Next Security LLC
- Nicholas Boxwell
- Nicholas V Escobar
- Nickalus Johnson
- Nidec
- Nippon Express (China) Co., Ltd. Guangzhou Branch
- Nippon Express USA Inc.
- NoBlue SaaS Limited
- Nomura Corporate Funding Americas, LLC
- North Coast Electric Company
- North Star Imaging, Inc.
- Northstock, Inc

- Norton Rose Fulbright US LLP
- NP Machineworks LLC
- N-Sci Technologies Inc.
- NW Facility Solutions, Inc
- O'Reilly Media, Inc.
- OfficeSpace Software Inc
- Oliver Rokoff
- Olori Crane Service, Inc.
- Omega Morgan Rigging - OR, Inc.
- Omni Logistics
- One Source Freight, LLC
- O'Neill Transfer & Storage Co., Inc.
- Onlinecomponents.com
- OnLogic, Inc.
- Onshape A PTC Business
- OPALCO
- Oracle America, Inc.
- Ormat
- Orr Protection Systems, Inc.
- OT Technology, Inc.
- OTIS Elevator Company
- Outcome Energy, LLC (Tim Healy)
- Pacific Customs Brokers Ltd.
- Pacific Fence & Wire Co.
- Paligo AB
- PAN Communications Inc.
- Panel Specialists, Inc.
- Pape' Material Handling, Inc.
- Parking NW, LLC
- PARS International Corp.
- Partners in Diversity
- PayCargo LLC
- PCdisposal.com LLC
- Pearce Services, LLC
- People 2.0 Industrial, LLC
- People 2.0 North America, LLC
- Perfect Meeting GmbH
- Perixx Computer GmbH
- Perkins Coie LLP
- Permian Energy Services
- Pioneer Packaging
- Platt Electric Supply
- PMC Treasury Inc
- PNM
- Poly Performance, Inc.
- Portland Marriott Downtown Waterfront
- Potter Anderson & Corroon LLP
- Power Electronics USA Inc.
- Powerflex
- PowerSecure
- PRAXIS Technology Escrow, LLC
- Premier Press
- Prevalon (Mitsubishi Power)
- PricewaterhouseCoopers Advisory Services LLC
- PriceWaterHouseCoopers Asesores De Negocios, S.L.
- PRIME AGENCY
- Principal Life Insurance Company
- Priority-1 Inc.
- Pristine Plumbing Inc.
- Procore Technologies, Inc.
- Procurement Inc. DBA: Pack-n-Tape
- Professional Plastics Inc
- Prolamsa
- Prolift Rigging Company, LLC
- Propeller Inc
- ProWireandCable LLC
- Pulse Clean Energy
- Pure Power Solutions
- PureSky
- PV Trade Media LLC
- PVM PRODUCTION JULIA MALCHER
- Qingdao CIMC Container Manufacture Co., Ltd
- Qingdao CIMC-POWIN New Energy Technology Co., Ltd
- QINGDAO HARVEST TRADING CO., LTD
- Qingdao Henka Precision Technology CO., Ltd
- Qingdao Sensnow Software Co., Ltd.
- Qingdao Sheng yuan lin Electric Co.,Ltd
- Quadro Communications
- Quailhurst Vineyard Estates

12

- Quality Water Financial, LLC
- Questyme USA
- R.H. Shipping & Chartering S De RL De CV
- R.S. Hughes Co., Inc.
- Radiate Holdings, LP
- Raindrop Supply Inc.
- Rand Worldwide Subsidiary Inc.
- Rapid7 LLC
- Reed Exhibitions Australia Pty Limited
- Reed Smith LLP
- Regence BlueCross BlueShield of Oregon
- Renew Energy Electrical LLC
- Renewable Energy Tax Advisors LLC
- Renewable Northwest Project
- Renewance, Inc.
- Repario Data LLC
- REPT BATTERO Energy Co., Ltd
- RES Energy Global Services, SLU
- RESA Service, LLC
- Residence Inn by Marriott LLC
- Resideo Singapore Pte Ltd
- Responsive
- Returning Veterans Project
- Reuters News & Media Limited
- Rexel USA, Inc.
- Rexgear. Inc.
- RH Shipping & Chartering (USA) LLC
- Richards, Layton & Finger, P.A.
- Robert Half International, Inc
- Robert Won
- Rocky Mountain Reserve, LLC
- Roland Berger LP
- Rose City Moving & Storage
- RRC Power & Energy, LLC
- RS
- Rubicon Professional Services, LLC
- Rubicon Technical Services, LLC
- Rudd & Company, PLLC
- Russell Reynolds Associates, Inc.
- Ryan Electric, Inc.
- S&P Global Inc.
- S.A.A. Logistics Inc
- S2 Imaging
- Saber Power Services, LLC
- SAFE Laboratories and Engineering Corp.
- Salary.com LLC
- Salesforce, Inc.
- SAS Institute Inc.
- Schneider Electric IT Corporation
- Schwartz Levitsky Feldman, LLP
- Scottsdale Marriott at McDowell Mountains
- SE Recycling Limited
- Security Packaging
- Senva, Inc.
- SGS-CSTC Standards Technical Services (Shanghai) Co., Ltd.
- Shanghai Shengrun Int'l Transport Co.,LTD
- Shanghai Hdmann Industry Co., Ltd
- SHANGHAI NINE HONESTY INTERNATIONAL CARGO AGENT CO.,LTD
- Sharpe & Abel Pty Ltd
- Sheldon Manufacturing, Inc.
- ShelterPoint Life Insurance Company
- Shenzhen Ace Battery Co., Ltd
- Shenzhen Baiqiancheng Electronic Co.,Ltd
- Shenzhen Envicool Technology Co., Ltd.
- Shenzhen TOPOS Sensor Technology Co., Ltd
- Sheraton Grand at Wild Horse Pass
- Shift Space, LLC
- Shimshi Inc.
- SIBA LLC
- Sigma Corporation
- Sigma Design Inc.
- Signtastic
- Siltherm Advanced Materials PTE LTD

- Slalom, Inc.
- SMA America, LLC
- SMA SOLAR TECHNOLOGY AG
- Smartsheet Inc.
- SMM Information & Technology Co., Ltd
- Social Inertia, Inc.
- Socomec, Inc.
- SOL Systems
- Solar Art
- Solar Energy Trade Shows, LLC dba RE+ Events, LLC
- Solar Media Limited
- Solas Energy Consulting U.S. Inc.
- Solution 7 Ltd
- SOLV Energy, LLC
- Solvida
- Sonic Systems International, LLC
- SourceOne Transportation
- Southco, Inc
- Southern Company
- Southwest Mobile Storage Inc.
- SP Garland Solar Storage, LLC
- SPAIN-US CHAMBER OF COMMERCE, INC.
- Spark Power Renewables Canada Inc.
- Spark Power Renewables USA, Inc
- Specified Technologies Inc.
- SPECTRUM FIRE PROTECTION
- Speedrack West
- Spencer Stuart
- Sphera Solutions, Inc.
- Spico Solutions, Inc.
- Stamford Language and Communication
- Standard Security Life Insurance Company of New York
- Stanley J Stevenson
- Star Incorporated
- State of New Jersey Department of Labor and Workforce Development
- Stem
- Step Function I-O LLC
- Stout Risius Ross, LLC
- Strata
- Strata Solar, LLC
- Strategy Learning Center LLC dba Outthinker
- Stuart H Statman
- Studio Legale Bird & Bird
- Summit EHSQ Inc.
- Sunbelt Rentals, Inc
- Sunbelt Solomon Services, LLC
- SunGrid Corp
- SunGrid Solutions
- Sunshine Middle East SL
- SuZhou Pioneer NewEnergy Testing Technology CO., LTD
- Syarikat Lan-Ric Industries Sdn. Bhd.
- Synopsys, Inc.
- T.N. DIRECT LIMITED
- Taiyuan Weiyang Testing Technology Service Co., Ltd
- Tarek Kanso dba Poler Werks LLC dba PolarX
- Tarlow Naito & Summers, LLP
- Tax Collector, Multnomah County
- Taylor Stewart
- Taylor's Technical Triage, Inc.
- Tech Heads Inc.
- Tech Talent Link, Inc.
- Tekscan Inc
- TEquipment/Touchboards
- TestEquity LLC
- The Boston Consulting Group, Inc.
- The City of Glenwood Springs
- The Contingent
- The EMC Shop
- The LRE Foundation
- The MIACON Group
- The Prudential Insurance Company of America
- The Prudential Insurance Company of America VB
- The Richardson Company
- The Sleeper Group LLC
- Thomson Reuters - West

14

- Thomson Reuters (Tax & Accounting) Inc.
- ThrivePass, Inc.
- Thyssenkrupp Materials NA, Inc.
- TLD Logistics Services, Inc.
- TMEIC Corporation
- Tomedes LLC
- Tonkon Torp LLP
- Topband Mexico S de RL de CV.
- TOPBAND SMART DONG NAI (VIET NAM) COMPANY LIMITED
- Total Quality Logistics, LLC
- Toyota Industries Commercial Finance, Inc.
- TPE Energy
- Trail Blazers Inc.
- TrailB Technologies LLC
- Trans Wagon Int'l Co., Ltd (Taichung Office)
- Transperfect International, LLC
- Transport Continental Inc
- Travel Incorporated
- Tricor Direct Inc DBA Emedco
- Trilantic Capital Management L.P.
- TRIM-LOK, INC
- Triple P RTS LLC
- Trivergix Group
- True Capital Partners LLC
- True Seals LLC
- Trullion (www.Trullion.com)
- Trumony Aluminum Limited
- TTI, Inc.
- Tube Art Group
- TUV Rheinland (Shanghai) Co., Ltd
- TUV Rheinland of North America, Inc.
- TUV Rheinland/CCIC (Qingdao) Co. Ltd
- TUV SUD America, INC.
- U.S. Customs and Border Protection
- U.S. Nameplate Co. Inc.
- Udemy, Inc
- UKG Inc.
- ULINE
- Ultra Corpotech Private Limited
- Unishippers
- United Rental
- United Site Services Northeast, Inc.
- United Site Services of California, Inc.
- United Site Services of Florida, LLC
- United Site Services of Nevada, Inc.
- United Way of Asheville and Buncombe County
- University of North Carolina at Chapel Hill
- US Bank Equipment Finance
- USI Insurance Services LLC
- VanderHouwen & Associates, Inc.
- VDE Americas, Inc.
- Vector Renewables Japan Kabushiki Kaisha
- Velocity EHS
- Veris Industries LLC
- Verizon
- Vision Service Plan
- Visual Aid Inc
- Voltility Group
- Vortex Industries, LLC
- Warwick Valley BBA, LLC
- Washington Consular Services, Inc
- Washington County - Property Tax Payment Center
- Washington County Dept. of Assessment & Taxation
- Weifang Genius Electronics Co., Ltd.
- Weiss Technik North America, Inc.
- Wesco Distribution, Inc
- Westin Riverfront Hotel
- White & Case LLP
- Williams Scotsman, Inc (dba WillScot)
- Willis Towers Watson Northeast, Inc.
- Willis Towers Watson West Insurance Services, Inc
- Wilson Fire Equipment & Service Company, Inc.

- Wilson Sonsini Goodrich & Rosati, P.C.
- Windy City Wire Cable & Technology Products, LLC
- Winthrop & Weinstine, P.A.
- Women in Cleantech and Sustainability
- Wood Mackenzie Inc
- Workbench Corp
- Worldwide Insurance Services, LLC
- WWR International Recruitment and Consulting Group SA DE CV

- Wynn Las Vegas, LLC
- Xenium Resources, Inc.
- Xerox Financial Services LLC
- XPLM Solution, Inc.
- Xuzhou G Battery International, Trade Co., Ltd.
- Yubico Inc
- Ziply Fiber
- Zitara Technologies, Inc.
- ZONE & COMPANY SOFTWARE CONSULTING, LLC
- Zuper, Inc.

## 14. **Others**

- FlexGen Power Systems, LLC
- Keyframe Capital Partners, L.P.

## Exhibit C

(Uzzi Declaration)

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| Powin, LLC, *et al.*,[1] | Case No. 25-16137 (MBK) |
| Debtors. | (Jointly Administered) |

## DECLARATION OF GERARD UZZI IN SUPPORT OF
## DEBTORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE
## EMPLOYMENT AND RETENTION OF TOGUT, SEGAL & SEGAL LLP AS
## CO-COUNSEL TO THE DEBTORS NUNC PRO TUNC TO THE PETITION DATE

I, Gerard Uzzi, being duly sworn, declare the following under penalty of perjury:

1.     I am the Chief Restructuring Officer (the "CRO") of the above-captioned debtors and debtors in possession (collectively, the "Debtors"). I was appointed as CRO of Powin and the above-referenced affiliated debtors and debtors in possession (collectively, the "Debtors") effective on June 9, 2025.

2.     I am also a Managing Partner and Founder of CBMN Advisors LLC d/b/a Uzzi & Lall ("Uzzi & Lall"). I have extensive experience advising companies, boards of directors, senior management, creditors, equity holders, and investors in stressed and distressed situations, including chapter 11, out-of-court work outs, and rescue financings across industries and

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin Project LLC [1583]; (ii) Powin, LLC [0504]; (iii) PEOS Holdings, LLC [5476]; (iv) Powin China Holdings 1, LLC [1422]; (v) Powin China Holdings 2, LLC [9713]; (vi) Charger Holdings, LLC [5241]; (vii) Powin Energy Ontario Storage, LLC [8348]; (viii) Powin Energy Operating Holdings, LLC [2495]; (ix) Powin Energy Operating, LLC [6487]; (x) Powin Energy Storage 2, Inc., [9926]; (xi) Powin Energy Ontario Storage II LP, [5787]; and (xii) Powin Canada B.C. Ltd. [2239]. The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR 97062.

jurisdictions.  I also serve in a number of fiduciary capacities, including presently as the Chairman of the Celsius Litigation Oversight Committee.

3.        Prior to co-founding Uzzi & Lall, I was a senior restructuring partner at Milbank LLP and White & Case LLP for over 18 years in the aggregate.  During that time, I was personally involved in senior roles in some of the nation's largest and most complex chapter 11 cases, including Lehman Brothers, Washington Mutual, American Airlines, Rescap, Charter Communications, Mirant, Adelphia Communications, Purdue Pharma, and ZAIS.  I have been recognized for my work in Chambers, Euromoney's IFLR, The Legal 500, and Expert Guides as one of the World's Leading Insolvency and Restructuring Professionals.

4.        Except as otherwise indicated herein, the facts set forth in this declaration (the "Declaration") are based upon my personal knowledge, my review of relevant documents, information provided to me by the Togut Firm and/or employees working under my supervision, or my opinion based upon my experience, knowledge, and information concerning the Debtors' operations.  I am authorized to submit this Declaration on the Debtors' behalf.  If called upon to testify, I would testify competently to the facts set forth in this Declaration.

5.        This Declaration is submitted in support of the *Debtors' Application For Entry of An Order Authorizing the Retention and Employment of Togut, Segal & Segal LLP as Co-Counsel to the Debtors Nunc Pro Tunc to the Petition Date* (the "Application"),[2] filed concurrently herewith.

6.        This Declaration also is submitted provided pursuant to Section D.2 of the *Appendix B Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* (the "Appendix

---

[2]      Capitalized terms used but not defined herein shall have the meaning ascribe to such term in the Application.

B Guidelines"), promulgated by the Office of the United States Trustee (the "U.S. Trustee").  I am

informed by the Togut Firm that the U.S. Trustee Guidelines require that any application for

employment of an attorney under section 327 or 1103 of the Bankruptcy Code be accompanied by

a verified statement from the client that addresses the following:

  a. The identity and position of the person making the verification.  The person
     ordinarily should be the general counsel of the debtor or another officer
     responsible for supervising outside counsel and monitoring and controlling
     legal costs.

  b. The steps taken by the client to ensure that the applicant's billing rates and
     material terms for the engagement are comparable to the applicant's billing
     rates and terms for other non-bankruptcy engagements and to the billing
     rates and terms of other comparably skilled professionals.

  c. The number of firms the client interviewed.

  d. If the billing rates are not comparable to the applicant's billing rates for
     other non-bankruptcy engagements and to the billing rates of other
     comparably skilled professionals, the circumstances warranting the
     retention of that firm.

  e. The procedures the client has established to supervise the applicant's fees
     and expenses and to manage costs.  If the procedure for the budgeting,
     review and approval of fees and expenses differ from those the client
     regularly employs in nonbankruptcy cases to supervise outside general
     counsel, explain how and why.  In addition, describe any efforts to negotiate
     rates including rates for routing matters, or in the alternative to delegate
     such matters to less expensive counsel.

### IDENTITY OF DECLARANT

7.     As noted, as CRO, among other duties, I am directly responsible for

supervising outside counsel and monitoring and controlling legal costs.  In that capacity, I was

directly involved in the Debtors' decision to retain the Togut Firm to serve as the Debtors' co-

counsel in these Chapter 11 Cases, and actively participated in negotiating the terms of the Togut

Firm's employment on behalf of the Debtors.

## STEPS TAKEN TO ENSURE COMPARABILTY OF ENGAGEMENT TERMS

8.      I have confirmed with the Togut Firm that while the Togut Firm's billing rates vary from attorney to attorney based on such factors as the individual attorney's rank (*e.g.*, partner, associate), years of experience, and the demand for services in the attorney's particular area of expertise, their billing rates do not vary as a function of whether the services performed relate to a bankruptcy engagement or a non-bankruptcy engagement.

9.      In addition, I have been informed by the Togut Firm that its hourly rates are set annually by reference to various annual market surveys and other sources of market information.  I have been further informed by the Togut Firm that based on these and other sources, including reviews of contemporaneous time records and fee applications filed in other bankruptcy cases, the Togut Firm endeavors to set the hourly rates for its attorneys and paraprofessionals at levels below those of its principal competitor firms.

## CIRUMSTANCES WARRANTING RETENTION OF THE TOGUT FIRM

10.      As disclosed in my declaration in support of the Debtors' application to retain Dentons as the Debtors' restructuring counsel in these Chapter 11 Cases, when the Debtors determined that it was appropriate to retain Dentons as its restructuring counsel, it was also recognized at the time of such retention that certain conflicts could arise due to Dentons' other client relationships and that it might be necessary to retain separate counsel to represent the Debtors with respect to matters involving other Dentons' clients.  Further, I understand that, under the Appendix B Guidelines, the U.S. Trustee encourages debtors to retain co-counsel when doing so will assist them in avoiding litigation over potential conflicts or when certain matters can be handled more efficiently by co-counsel.

11.      Based upon my interview of the Togut Firm, I understand that the Togut Firm has earned a reputation for efficiently handling such conflicts and other matters that can be

handled more efficiently by co-counsel, and has developed the co-counsel and conflicts business model so that it best serves the interests of its clients' estates, while comporting with the Appendix B Guidelines, and that it has very specialized expertise in supplementing the work of lead counsel in a bankruptcy case without any unnecessary duplication of effort.  The Debtors have concluded that the retention of the Togut Firm as co-counsel for the Debtors will assist the Debtors in avoiding unnecessary litigation and achieving efficiencies in the administration of its chapter 11 estates. The Togut Firm will supplement, rather than duplicate, the services of Dentons in these cases, and the Debtors will actively supervise the performance of services by Dentons and the Togut Firm to avoid any duplication of efforts.

## OTHER CIRCUMSTANCES
## WARRANTING THE RETENTION OF THE TOGUT FIRM

12.    I am informed by the Togut Firm that their attorneys' billing rates are set each year by reference to various sources to ensure that their rates are lower than the billing rates of other comparably skilled professionals at law firms.  I believe that the Togut Firm's retention by the Debtors is warranted in these cases for the reasons set forth above.

## PROCEDURES ESTABLISHED TO
## SUPERVISE FEES AND EXPENSES AND MANAGE COSTS

13.    I understand the Togut Firm's fees and expenses will be subject to periodic review on a monthly, interim, and final basis during the course of these Chapter 11 Cases by the U.S. Trustee and parties in interest as well as by the Debtors.

14.    Additionally, as the Debtors' CRO, I monitor legal fees and expenses incurred by the Debtors in order to ensure the reasonableness of such fees and expenses.  Any issues are typically then addressed informally between the Debtors and the applicable law firm. During these Chapter 11 Cases, I and those within the Debtors' legal department will monitor the

Togut Firm's invoices to ensure that the fees and expenses requested are reasonable in nature and correspond to necessary or beneficial services rendered on behalf of the Debtors and their estates.

15.     Nothing contained in the foregoing is intended to limit the Togut Firm's ability to request allowance and payment of fees and expenses pursuant to 11 U.S.C. §§ 330 and 331, nor to restrict the Togut Firm's right to contest any objection raised to the allowance or payment of such fees, nor to restrict the Debtors' right to prosecute any such fee objection to the extent it is not resolved informally by the parties or raised by another party in interest (*e.g.*, the U.S. Trustee).

16.     Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States, that the foregoing statements are true and correct.

Dated:  July 7, 2025                                Respectfully submitted,

                                                    */s/ Gerard Uzzi*
                                                    Gerard Uzzi
                                                    Chief Restructuring Officer
                                                    Powin, LLC