**DENTONS US LLP**

Tania M. Moyron (admitted *pro hac vice*)
Van C. Durrer, II (admitted *pro hac vice*)
601 S. Figueroa Street #2500
Los Angeles, CA 90017
Telephone:  (213) 623-9300
Facsimile:  (213) 623-9924
Email:  tania.moyron@dentons.com
          van.durrer@dentons.com

John D. Beck (admitted *pro hac vice*)
Sarah M. Schrag (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020-1089
Telephone:  (212) 768-6700
Facsimile:  (212) 768-6800
Email:  john.beck@dentons.com
          sarah.schrag@dentons.com

*Proposed Counsel for Debtors and
Debtors in Possession*

**TOGUT, SEGAL & SEGAL LLP**

Frank A. Oswald (admitted)
550 Broad Street
Suite 1508
Newark, NJ 07102
Telephone:  (212) 594-5000
Facsimile:  (212) 967-4258
Email:  frankoswald@teamtogut.com

Albert Togut (admitted *pro hac vice*)
Amanda C. Glaubach (admitted *pro hac vice*)
Eitan Blander (admitted *pro hac vice*)
One Penn Plaza, Suite 3335
New York, New York 10119
Telephone:  (212) 594-5000
Facsimile:  (212) 967-4258
Email:  altogut@teamtogut.com
          aglaubach@teamtogut.com
          eblander@teamtogut.com

*Proposed Counsel for Debtors and
Debtors in Possession*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>Powin, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-16137 (MBK)<br><br>(Jointly Administered) |

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are:  (i) Powin Project LLC [1583]; (ii) Powin, LLC [0504]; (iii) PEOS Holdings, LLC [5476], (iv) Powin China Holdings 1, LLC [1422], (v) Powin China Holdings 2, LLC [9713], (vi) Charger Holdings, LLC [5241], (vii) Powin Energy Ontario Storage, LLC [8348], (viii) Powin Energy Operating Holdings, LLC [22495], (ix) Powin Energy Operating, LLC [6487]. (x) Powin Energy Storage 2, Inc., [9926], (xi) Powin Energy Ontario Storage II LP, [5787], and (xii) Powin Canada B.C. Ltd. [2239]. The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR  97062.

**DEBTORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE
EMPLOYMENT AND RETENTION OF DENTONS US LLP AS COUNSEL FOR THE
DEBTORS AND DEBTORS IN POSSESSION, EFFECTIVE AS OF THE PETITION DATE**

TO THE HONORABLE MICHAEL B. KAPLAN, UNITED STATES BANKRUPTCY JUDGE:

Powin, LLC and the above-referenced affiliated debtors and debtors in possession (collectively, the "Debtors") under chapter 11 of title 11 of the United States Code, §§ 101 *et seq.* (the "Bankruptcy Code"), in these chapter 11 cases (the "Chapter 11 Cases"), file this application (the "Application") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), to employ Dentons US LLP ("Dentons US") as counsel to the Debtors. In support of this Application, the Debtors rely on and incorporate by reference the (i) *Declaration of Gerard Uzzi in Support of Emergency First Day Motions of the Debtors* [Docket No. 13] (the "First Day Declaration"); (ii) the declaration of Van Durrer II (the "Durrer Declaration"), attached hereto as **Exhibit B**; and (iii) the declaration of Gerald Uzzi, the Debtors' Chief Restructuring Officer (the "Uzzi Declaration" and, together with the Durrer Declaration, the "Declarations"), attached hereto as **Exhibit C**. In further support of this Application, the Debtors state the following:

## I.    JURISDICTION AND VENUE

1.    The United States Bankruptcy Court for the District of New Jersey (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of New Jersey dated as of September 18, 2012.  The Debtors confirm their consent, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue of the Chapter 11 Cases and related proceedings is proper pursuant to 28

U.S.C. §§ 1408 and 1409.

3.      The bases for the relief requested herein are §§ 327(a), 329, and 330 of the

Bankruptcy Code, Rule 2014(a) of the Bankruptcy Rules, and Rule 2014-1 of the Local

Bankruptcy Rules for the United States Bankruptcy Court for the District of New Jersey (the

"Local Rules").

## II.      BACKGROUND

4.      On June 9, 2025 (the "Petition Date"),[2] the Debtors each commenced a voluntary

case for relief under chapter 11 of the Bankruptcy Code. The Debtors are authorized to continue

operating their businesses and managing their properties as debtors in possession pursuant to

§§ 1107(a) and 1108 of the Bankruptcy Code.  No trustee, examiner, or statutory committee has

been appointed in the Chapter 11 Cases.

5.      Additional information regarding the Debtors, including their business and the

events leading to the commencement of these Chapter 11 Cases is set forth in the First Day

Declaration.

## III.      RELIEF REQUESTED

6.      By this Application, pursuant to §§ 327(a), 329, and 330 of the Bankruptcy Code,

Rules 2014(a) and 2016 of the Bankruptcy Rules, and Local Rule 2014-1, the Debtors request

entry of the Proposed Order, authorizing the retention and employment of Dentons US as counsel

to the Debtors on the terms and conditions of the engagement agreement, dated June 9, 2025, (the

"Engagement Letter"), a copy of which is attached hereto as **Exhibit D**, effective as of the Petition

---

[2] Lead Debtor Case No. 25-16137 (MBK) for Debtor Powin Project LLC was filed on June 9, 2025, and the remaining Debtors were filed thereafter on June 10, 2025, and June 22, 2025.

Date.[3] Dentons US is a member of the US Region of Dentons Group (a Swiss Verein) ("Dentons").

Dentons US and other members of Dentons, including within the United States ("Member Firms"),

are collectively referred to herein as "Dentons Member Firms".

## IV.    DENTONS US'S QUALIFICATIONS

7.      Dentons is the world's largest global law firm with more than 160 offices in more

than 80 countries. As set forth in the Durrer Declaration, Dentons US is well-qualified to serve as

the Debtors' counsel in these Chapter 11 Cases. Dentons US is a full-service law firm with

attorneys who regularly advise debtors, creditors' committees and other parties-in-interest in

complex chapter 11 cases and related litigation. The firm's professionals have substantial

experience in virtually all legal issues that may arise in these Chapter 11 Cases. Dentons US

routinely represents corporate debtors, creditors' committees, court-appointed fiduciaries, banks

and other secured creditors, trade creditors, asset purchasers, and other parties in interest as well

as their transactional, and bond expertise as well as their existing knowledge of the Debtors.

8.      Dentons has extensive expertise in chapter 11 bankruptcies. For example, Dentons

had represented debtors in: *Global Wound Care Medical Group, a Professional Corporation*, Case

No. 24-34908 (CML) (Bankr. S.D. Tex. Oct. 21, 2024); *Midwest Christian Villages, Inc.*, Case

No. 24-42473-659 (Bankr. E.D. Mo. July 16, 2024); *First Guaranty Mortgage Corp.*, Case No.

22-10584 (CTG) (Bankr. D. Del. June 30, 2022); *Borrego Community Health Foundation*, Case

No. 22-02384 (LST) (Bankr. S.D. Cal. Sept. 12, 2022); *Air Force Village West, Inc.*, Case No. 19-

11920 (SCC) (Bankr. C.D. Cal. Mar. 10, 2019); *Astria Health*, Case No. 19- 01189 (WLH) (Bankr.

E.D. Wash. May 6. 2019); *Verity Health System of California, Inc.* Case No. 18-20151 (EMR)

---

[3] Dentons was originally engaged by the Debtors pursuant to an engagement letter dated as of May 2, 2025.  That engagement letter was superseded by the Engagement Letter.

(Bankr. C.D. Cal. Aug. 31. 2018); *American Hospice Management Holdings, LLC*, Case No. 16-10670 (LSS) (Bankr. D. Del. Mar. 20, 2016); *Gardens Regional Hospital and Medical Center, Inc.*, Case No. 16-17463 (EMR) (Bankr. C.D. Cal. June 6, 2016); and *West Contra Costa Healthcare District*, Case No. 16-42917 (RLE) (Bankr. N.D. Cal. Oct. 20, 2016).

9.      As set forth in the Durrer Declaration, Dentons US is familiar with the Debtors' business, the nature of certain of the claims asserted against the Debtors and the posture of these Chapter 11 Cases. Immediately after the Debtors requested that Dentons US represent it, Dentons US spent significant amounts of time to familiarize itself with all aspects of the Debtors' business. If the Debtors were to retain new counsel, considerable time and effort would need to be spent by that new counsel so that it was familiar with the Debtors' business and these Chapter 11 Cases.

10.     For the foregoing reasons, the Debtors believe that Dentons US is particularly well-situated and well-qualified to represent the Debtors in these Chapter 11 Cases in an effective, efficient, and timely manner in both transactional and any litigation oriented matters. Accordingly, the retention of Dentons US is necessary and in the best interests of the Debtors, their estates and their creditors.

## V.      SERVICES TO BE PROVIDED

11.     The Debtors anticipate that Dentons US will render general legal services to the Debtors throughout the course of these Chapter 11 Cases, including, but not limited to:

     a.      advise the Debtors with respect to their powers and duties as debtors and debtors in possession in the continued management and operation of their businesses and property;

     b.      represent the Debtors and take all necessary actions with regard to obtaining the use of cash collateral and DIP Financing and administration of the same;

     c.      advise, consult with, and assist the Debtors with regard to any asset sale, any plan of reorganization or liquidation, if necessary, or any other means

of satisfying creditors' claims, including filing a motion under § 363 of the Bankruptcy Code to sell the Debtor's assets;

d.     respond to due diligence requests from potential buyers and aid in finalizing stalking-horse bids for the Debtors' assets;

e.     evaluate, object to, or otherwise resolve claims against the Debtors' estates;

f.     advise the Debtors with respect to executory contracts and unexpired leases and, where appropriate, to assist the Debtors to assume or reject such executory contracts and unexpired leases;

g.     represent the Debtors in hearings and all contested matters before this Court;

h.     assist in and render advice with respect to the preparation of contracts, monthly operating reports, accounts, applications, and orders;

i.     advise the Debtors with respect to the requirements of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Court, and the Office of the United States Trustee, as they pertain to the Debtors; and

j.     advise, consult with, and otherwise represent the Debtors in connection with such other matters as may be necessary for the duration of these Chapter 11 Cases.

12.     The Debtors require knowledgeable counsel to render it the essential professional services it requires in these Chapter 11 Cases. As noted above, Dentons US has substantial expertise in all of the relevant areas described above. Accordingly, the Debtors respectfully submit that Dentons US is well qualified to perform these services and represent the Debtors' interests in these Chapter 11 Cases.

## VI.    PROFESSIONAL COMPENSATION

13.     As set forth in the Durrer Declaration, prior to the Petition Date, Dentons US received advance payment retainers totaling $825,000.00 in the aggregate. Dentons US applied these retainer funds to pay prepetition fees and expenses and wrote off and waived prepetition fees in the approximate amount of $305,000. There are no remaining amounts held on retainer. Other

than as set forth herein, Dentons US did not receive any other payments from the Debtors during the ninety days immediately preceding the Petition Date.

14.      Pursuant to Bankruptcy Rule 2016(b), Dentons US has neither shared nor agreed to share (a) any compensation it has received or may receive with another party or person, other than with the partners, associates and contract attorneys (if applicable) associated with Dentons US, or (b) any compensation another person or party has received or may receive.

15.      The Debtors understand that Dentons US intends to seek compensation for professional services rendered in connection with these Chapter 11 Cases, subject to this Court's approval, and in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the fee guidelines established by the Office of the United States Trustee (the "U.S. Trustee"), and the orders of the Court.  The Debtors also understands that Dentons US intends to seek reimbursement of actual, necessary expenses that Dentons US incurs.

16.      Dentons US has proposed to charge the Debtors for its legal services primarily on an hourly basis in accordance with its ordinary and customary rates that are in effect on the date the services are rendered.  Factors relevant to Dentons US' compensation will also include the overall benefit to the Debtors of transactions that where Dentons US provides legal services, the contribution of Dentons US to the success of such transactions, the efficiency with which Dentons US approaches such transactions and related legal services, the contribution of Dentons US personnel in the execution of the Dentons US engagement for the Debtors and the success of Dentons US' collaboration with the Debtors' management and other advisors.  The names, positions, and current hourly rates of the Dentons US lawyers and paraprofessionals currently expected to have primary responsibility for providing services to the Debtors are set forth in the Durrer Declaration. The hourly rates charged by the Dentons US professionals differ based on,

among other things, the professional's level of experience and the rates normally charged in the location of the office in which the professional is a resident.

17.    Dentons US will maintain detailed, contemporaneous records of time and any actual and necessary expenses incurred in connection with rendering the legal services described above.  Dentons US has agreed to accept as compensation such sums as may be allowed by the Court.  Dentons US understands that fee awards are subject to approval by the Court.

18.    Dentons US agrees to charge, subject to this Court's review and approval under §§ 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, and the Local Rules, Dentons US's hourly rates, which are adjusted from time to time, and currently range as follows:

| Classification | Dentons US Standard Rate (USD) | |
| --- | --- | --- |
| | Low Range | High Range |
| Partners, Special Counsels, Counsels and Principals | $620 | $2,295 |
| Associates | $430 | $1,280 |
| Professionals/Paralegals | $240 | $650 |

19.    The Debtors are informed that Dentons US sets its hourly rates on an annual basis. These hourly rates are subject to periodic adjustments (typically on January 1st of each year) to reflect economic and other conditions.  Dentons US will provide ten (10) business days' notice of any rate increases to the Debtors, U.S. Trustee, and any official committee appointed in these Chapter 11 Cases.

20.    As noted in the Durrer Declaration, Dentons US's rate structure is appropriate and commensurate with the rates that Dentons US charges for other representations and the rates that other comparable counsel would charge to perform substantially similar services.

21.     Additionally, pursuant to the terms of the Engagement Letter, Dentons US involves

other lawyers and professionals from its Member Firms to assist, as necessary, in providing legal

advice and representation to the Debtors and its present and former employees on behalf of the

Debtors.

22.     In addition, Dentons US customarily charges its clients for all costs and expenses

incurred, including, among other things, telephone and telecopier toll and other charges, mail and

express mail charges, special or hand delivery charges, document processing, photocopying

charges, travel expenses, expenses for "working meals," computerized research, transcription

costs, as well as non-ordinary overhead expenses approved by the client such as secretarial and

other overtime. Dentons US will charge the Debtors for these expenses in a manner and at rates

consistent with charges made generally to Dentons US's other clients.

## VII.     EFFORTS TO AVOID DUPLICATION OF SERVICES

23.     The Debtors are also seeking or will seek to retain (among others): (i) Togut, Segal

& Segal LLC (the "Togut Firm"), as co-bankruptcy counsel, who will also serve as conflicts

counsel with respect to any matters in which Dentons US has an actual or perceived conflict of

interest; (ii) Kurtzman Carson Consultants, LLC d/b/a Verita Global ("Verita") as claims and

noticing agent and, separately, as administrative advisor; (iii) Huron Consulting Services LLC as

financial advisor; and (iv) CBNM Advisors LLC d/b/a Uzzi & Lall as Chief Restructuring Officer

(collectively, the "Chapter 11 Professionals") to provide professional services in these chapter 11

cases.

24.     The Togut Firm will handle certain matters that the Debtors may encounter that

involve claim objections or other direct adversity to a creditor who is a client of Dentons US in

matters unrelated to the Debtors.  The retention of the Togut Firm is intended to complement, and

not duplicate, the services to be rendered by Dentons US. Moreover, the responsibilities of the

Togut Firm will generally be focused on legal matters that are distinct from the matters handled

by Dentons US. The Togut Firm will act on its own and will not act under the direct supervision

of Dentons US. The Debtors are mindful of the need to minimize duplication of services and

appropriate procedures will be implemented to ensure that there is minimal overlap and that, where

appropriate, ethical walls are erected to screen Dentons US from the work of the Togut Firm.

25.    The Debtors may also file applications to employ additional professionals. Dentons

US will work closely with the Chapter 11 Professionals retained by the Debtors to delineate their

respective duties to prevent duplication of services to the furthest extent possible. It is anticipated

that the coordination of efforts of these professionals will greatly aid in the efficient and effective

administration of these chapter 11 cases. Specifically, the retention of the Togut Firm as co-counsel

to the Debtors will allow for an efficient division of work related to the chapter 11 cases, preventing

duplicative efforts and resulting in cost-savings to the Debtors' estates.

## VIII.    DENTONS US'S DISINTERESTEDNESS

26.    Dentons US is a limited partnership. To the best of the Debtors' knowledge,

information, and belief, and except to the extent otherwise indicated in the Durrer Declaration, (a)

Dentons US is a "disinterested person" as that term is defined in § 101(14) of the Bankruptcy

Code, as modified by § 1107(b) of the Bankruptcy Code, and (b) neither Dentons US nor any of

its partners, counsel, associates, or paralegals have any connection with or any adverse interest to

any of the Debtors, their affiliates, their creditors, or any other parties in interest, or their respective

attorneys and accountants.

27.    Dentons will review its files periodically during the pendency of these Chapter 11

Cases to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new

relevant facts or relationships are discovered, Dentons US will use reasonable efforts to identify such developments and to promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

28.    The Debtors submit that for all the reasons stated above and in the Durrer Declaration, the retention and employment of Dentons US as counsel to the Debtors is warranted. Further, as stated in the Durrer Declaration, Dentons US is a "disinterested person" within the meaning of § 101(14) of the Bankruptcy Code, as required by § 327(a) of the Bankruptcy Code, and does not hold or represent any interest adverse to the Debtors' estates and has no connection to the Debtors, their creditors, or other parties in interest, except as is disclosed in the Durrer Declaration.

## IX.    <u>SUPPORTING AUTHORITY</u>

29.    The Debtors request authority to retain and employ Dentons US as their attorneys pursuant to § 327(a) of the Bankruptcy Code, which provides that a debtor, subject to court approval, may employ one or more attorneys "that do not hold or represent an interest adverse to the estate," and that are "disinterested persons." 11 U.S.C. § 327(a). A "disinterested person" is a person that (a) is not a creditor, an equity security holder, or an insider of the debtor; (b) is not and was not, within two years before the date of the filing of the petition, a director, officer, or employee of the debtor; and (c) does not have an interest materially adverse to the interest of the estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason. 11 U.S.C. § 101(14).

30.    Bankruptcy Rule 2014(a) requires that a retention application state the following:

> [T]he specific facts showing the necessity for the employment, the
> name of the [firm] to be employed, the reasons for the selection, the

professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm]'s connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014.

31.    In general, subject to the requirements of § 327(a) of the Bankruptcy Code, a debtor in possession is entitled to the counsel of its choosing. *See, e.g.*, *In re Smith (Smith v. Geltzer)*, 507 F.3d 64, 71 (2d Cir. 2007) ("[T]he bankruptcy court should interfere with the trustee's choice of counsel '[o]nly in the rarest cases,' such as when the proposed attorney has a conflict of interest, or when it is clear that 'the best interest of the estate' would not be served by the trustee's choice.") (citations omitted); *In re Southampton Brick & Tile, LLC*, Case No. 11- 75928, 2012 WL 4850048, at *5 (Bankr. E.D.N.Y. Oct. 11, 2012) (finding "the Court should afford some deference to the Debtor's choice of counsel") (citations omitted); *see also In re Huntco, Inc.*, 288 B.R. 229, 232 (Bankr. E.D. Mo. 2002) ("A bankruptcy court . . . should give the debtor in possession significant deference in its selection of counsel to represent it under § 327(a)."). Courts give "great deference" to the debtor in possession's choice of counsel. See *In re Enron Corp.*, Case No. 01-16034, 2002 WL 32034346, at *5 (Bankr. S.D.N.Y. May 23, 2002); see also *In re Huntco, Inc.*, 288 B.R. at 232 ("A bankruptcy court […] should give the debtor in possession significant deference in its selection of counsel to represent it under § 327(a).").

32.    The Debtors submit that for all the reasons stated above and in the Declarations, the retention and employment of Dentons US as counsel for the Debtors is warranted. Dentons US is a "disinterested person" as required by § 327(a) of the Bankruptcy Code, does not hold or represent an adverse interest to the Debtors' estates, and has no connection to the Debtors, their creditors, or other parties in interest, except as may be disclosed in the Durrer Declaration.

## X.    <u>NO PRIOR REQUEST</u>

33.    No prior request for the relief sought in this Application has been made to this or any other court.

## XI.    <u>NOTICE</u>

Pursuant to Local Rule 9013-5(c), notice of this Application shall be given to the following parties: (a) the Office of the United States Trustee; (b) counsel for the Debtors' Prepetition Secured Parties; and (c) counsel for the Official Committee of Unsecured Creditors. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## XII.    <u>CONCLUSION</u>

WHEREFORE, the Debtors respectfully request entry of the Proposed Order (i) granting the relief requested herein; and (ii) granting the Debtors such other and further relief as the Court deems just and proper.

Dated: July 7, 2025            Respectfully submitted,

<u>*/s/ Brian Kane*</u>
Brian Kane
Chief Executive Officer
Powin, LLC, *et al*., Debtors and Debtors in Possession

## **EXHIBIT A**

(Proposed Order)

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>Powin, LLC, et al.,1<br><br>        Debtors. | Chapter 11<br><br>Case No. 25-16137 (MBK)<br><br>(Jointly Administered) |

**ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF DENTONS US LLP**
**AS COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION,**
**EFFECTIVE AS OF THE PETITION DATE**

The relief set forth on the following pages, numbered three (3) through five (5), is

**ORDERED.**

---

1 The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are:  (i) Powin Project LLC [1583]; (ii) Powin, LLC [0504], (iii) PEOS Holdings, LLC [5476], (iv) Powin China Holdings 1, LLC [1422], (v) Powin China Holdings 2, LLC [9713], (vi) Charger Holdings, LLC [5241], (vii) Powin Energy Ontario Storage, LLC [8348], (viii) Powin Energy Operating Holdings, LLC [22495], and (ix) Powin Energy Operating, LLC [6487]. The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR  97062.

1

(Page 2)

| | |
|---|---|
| Debtors: | Powin, LLC, *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Order Authorizing the Employment and Retention of Dentons US LLP as Counsel for the Debtors and Debtors in Possession, Effective as of the Petition Date |

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**DENTONS US LLP**

Tania M. Moyron (admitted *pro hac vice*)
Van C. Durrer, II (admitted *pro hac vice*)
601 S. Figueroa Street #2500
Los Angeles, CA 90017
Telephone: (213) 623-9300
Facsimile: (213) 623-9924
Email:  tania.moyron@dentons.com
           van.durrer@dentons.com

John D. Beck (admitted *pro hac vice*)
Sarah M. Schrag (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020-1089
Telephone: (212) 768-6700
Facsimile: (212) 768-6800
Email:  john.beck@dentons.com
           sarah.schrag@dentons.com

*Proposed Counsel for Debtors and
Debtors in Possession*

**TOGUT, SEGAL & SEGAL LLP**

Frank A. Oswald (admitted)
550 Broad Street
Suite 1508
Newark, NJ 07102
Telephone: (212) 594-5000
Facsimile: (212) 967-4258
Email:  frankoswald@teamtogut.com

Albert Togut (admitted *pro hac vice*)
Amanda C. Glaubach (admitted *pro hac vice*)
Eitan Blander (admitted *pro hac vice*)
One Penn Plaza, Suite 3335
New York, New York 10119
Telephone: (212) 594-5000
Facsimile: (212) 967-4258
Email:  altogut@teamtogut.com
           aglaubach@teamtogut.com
           eblander@teamtogut.com

*Proposed Counsel for Debtors and
Debtors in Possession*

(Page 3)

Debtors:                    Powin, LLC, *et al.*
Case No.                    25-16137 (MBK)
Caption of Order:    Order Authorizing the Employment and Retention of Dentons US LLP as
                            Counsel for the Debtors and Debtors in Possession, Effective as of the Petition
                            Date

Upon the application ("Application")[2] of Powin, LLC and its debtor affiliates, as debtors and debtors in possession in the above-captioned Chapter 11 Cases (the "Debtors"), for entry of an order authorizing the Debtors to retain and employ requesting entry of an order authorizing the retention and employment of Dentons US LLP ("Dentons US")[3] as counsel for the Debtors, effective as of the Petition Date, as more fully set forth in the Application; and upon consideration of the Declarations; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and *Standing Order of Reference to the Bankruptcy Court Under Title 11*, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and the Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of this proceeding and the Application in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and appropriate notice of and opportunity for hearing on the Application having been given; and the relief requested in the Application being in the best interests of the Debtors' estate, their creditors, and other parties in interest; and the Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor; it is **HEREBY ORDERED THAT**:

1.    The Application is **GRANTED** as set forth herein.

---

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to them in the Application.

[3] Dentons US is a member of the US Region of Dentons Group (a Swiss Verein) ("Dentons"). Dentons US and other members of Dentons, including within the United States ("Member Firms"), are collectively referred to herein as "Dentons Member Firms."

(Page 4)
Debtors:            Powin, LLC, *et al.*
Case No.            25-16137 (MBK)
Caption of Order:   Order Authorizing the Employment and Retention of Dentons US LLP as
                    Counsel for the Debtors and Debtors in Possession, Effective as of the Petition
                    Date

2.      The Debtors are authorized to retain and employ Dentons US as their counsel effective as of the Petition Date, in accordance with the terms and conditions set forth in the Application and in the Engagement Letter attached to the Application as **Exhibit D**.

3.      Dentons US is authorized to provide the Debtors with the professional services as described in the Application and the Engagement Letter.

4.      Dentons US shall apply for compensation earned for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in compliance with §§ 330 and 331 of the Bankruptcy Code and the applicable provisions of the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of the Court. Dentons US shall also make a reasonable effort to comply with the requests for information and additional disclosures as set forth in the U.S. Trustee Guidelines, both in connection with the Application and all applications for compensation and reimbursement of expenses filed by Dentons US in these Chapter 11 Cases.

5.      Prior to any increases in Dentons US's rates, Dentons US shall file a supplemental affidavit with the Court and provide ten business days' notice to the Debtors, the United States Trustee for the District of New Jersey ("U.S. Trustee"), and any official committee, which supplemental affidavit shall explain the basis for the requested rate increases in accordance with § 330(a)(3)(F) of the Bankruptcy Code and state whether the Debtors have consented to the rate increase. The U.S. Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in § 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to § 330 of the Bankruptcy Code.

4

(Page 5)

| | |
|---|---|
| Debtors: | Powin, LLC, *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Order Authorizing the Employment and Retention of Dentons US LLP as Counsel for the Debtors and Debtors in Possession, Effective as of the Petition Date |

6.       The Debtors and Dentons US are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

7.       To the extent the Application, the Declarations, or the Engagement Letter is inconsistent with this order, the terms of this order shall govern. Notwithstanding any provision to the contrary in the Engagement Letter, any dispute relating to the services provided by Dentons US shall be referred to arbitration consistent with the terms of the Engagement Letter only to the extent that this Court does not have, retain, or exercise jurisdiction over the dispute.

8.       The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9.       This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation and enforcement of this order.

## **EXHIBIT B**

(Durrer Declaration)

**DENTONS US LLP**

Tania M. Moyron (admitted *pro hac vice*)
Van C. Durrer, II (admitted *pro hac vice*)
601 S. Figueroa Street #2500
Los Angeles, CA 90017
Telephone:  (213) 623-9300
Facsimile:  (213) 623-9924
Email:  tania.moyron@dentons.com
          van.durrer@dentons.com

John D. Beck (admitted *pro hac vice*)
Sarah M. Schrag (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020-1089
Telephone:  (212) 768-6700
Facsimile:  (212) 768-6800
Email:  john.beck@dentons.com
          sarah.schrag@dentons.com

*Proposed Counsel for Debtors and
Debtors in Possession*

**TOGUT, SEGAL & SEGAL LLP**

Frank A. Oswald (admitted)
550 Broad Street
Suite 1508
Newark, NJ 07102
Telephone:  (212) 594-5000
Facsimile:  (212) 967-4258
Email:  frankoswald@teamtogut.com

Albert Togut (admitted *pro hac vice*)
Amanda C. Glaubach (admitted *pro hac vice*)
Eitan Blander (admitted *pro hac vice*)
One Penn Plaza, Suite 3335
New York, New York 10119
Telephone:  (212) 594-5000
Facsimile:  (212) 967-4258
Email:  altogut@teamtogut.com
          aglaubach@teamtogut.com
          eblander@teamtogut.com

*Proposed Counsel for Debtors and
Debtors in Possession*

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br>Powin, LLC, *et al.*,[1]<br><br>    Debtors. | Chapter 11<br><br>Case No. 25-16137 (MBK)<br><br>(Jointly Administered) |

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are:  (i) Powin Project LLC [1583]; (ii) Powin, LLC [0504], (iii) PEOS Holdings, LLC [5476], (iv) Powin China Holdings 1, LLC [1422], (v) Powin China Holdings 2, LLC [9713], (vi) Charger Holdings, LLC [5241], (vii) Powin Energy Ontario Storage, LLC [8348], (viii) Powin Energy Operating Holdings, LLC [22495], (ix) Powin Energy Operating, LLC [6487], ], (x) Powin Energy Storage 2, Inc., [9926], (xi) Powin Energy Ontario Storage II LP, [5787]; and (xii) Powin Canada B.C. Ltd. [2239]. The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR  97062.

**DECLARATION OF VAN DURRER II IN SUPPORT OF THE DEBTORS'
APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND
EMPLOYMENT OF DENTONS US LLP AS COUNSEL FOR THE DEBTORS AND
<u>DEBTORS IN POSSESSION, EFFECTIVE AS OF THE PETITION DATE</u>**

I, Van Durrer II, being duly sworn, state the following under penalty of perjury:

1.      I am a partner in the law firm of Dentons US LLP ("<u>Dentons US</u>"), located at 601

S. Figueroa Street Suite 2500 Los Angeles, CA 90017, and have been duly admitted to practice

law in Maryland, Delaware, California, New York, and the District of Columbia.  Dentons US is

a member of the US Region of Dentons Group (a Swiss Verein) ("<u>Dentons</u>"). Dentons US and

other members of Dentons, including within the United States ("<u>Member Firms</u>"), are collectively

referred to herein as "<u>Dentons Member Firms</u>."

2.      I submit this declaration (the "<u>Declaration</u>") in connection with the application (the

"<u>Application</u>")[2] of the above-captioned debtors and debtors in possession (the "<u>Debtors</u>"),

pursuant to § 327(a) of title 11 of the United States Code, §§ 101 et seq. (the "<u>Bankruptcy Code</u>"),

Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and

Rule 2014-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District

of New Jersey (the "<u>Local Rules</u>"), requesting entry of an order authorizing the retention and

employment of Dentons US as counsel to the Debtors effective as of the Petition Date.

3.      Unless otherwise stated in this Declaration, I have personal knowledge of the facts

hereinafter set forth. If any information disclosed requires amendment or modification upon

Dentons US's completion of further analysis or as additional creditor information becomes

available to Dentons US, a supplemental declaration will be submitted to this Court.

4.      I have been admitted *pro hac vice* in these Chapter 11 Cases.

---

[2] Capitalized terms used but not otherwise defined herein have the meaning ascribed to them in the Application.

5.      I am authorized to make this Declaration on Dentons US's behalf.

6.      Prior to the commencement of these Chapter 11 Cases, the Debtors retained Dentons US to advise them in connection with their financial condition, including a potential chapter 11 filing.  Pursuant to § 327 of the Bankruptcy Code, the Debtors desire that Dentons US continue representing them in these Chapter 11 Cases as general bankruptcy counsel.  The Debtors require the continued services of general chapter 11 bankruptcy counsel in order to satisfy the requirements of the Bankruptcy Code and the requirements set by the Office of the United States Trustee while operating in chapter 11.  A true and correct copy of the engagement agreement by and between the Debtors and Dentons US is attached to the Application as **Exhibit D** (the "Engagement Letter").

## Dentons US's Qualifications

7.      Dentons is the world's largest global law firm with more than 160 offices in more than 80 countries. Dentons US is well-qualified to serve as the Debtors' counsel in these Chapter 11 Cases. Dentons US is a full-service law firm with attorneys who regularly advise debtors, creditors' committees and other parties-in-interest in complex chapter 11 cases and related litigation. The firm's professionals have substantial experience in virtually all legal issues that may arise in these Chapter 11 Cases. Dentons US routinely represents corporate debtors, creditors' committees, court-appointed fiduciaries, banks and other secured creditors, trade creditors, asset purchasers, and other parties in interest as well as their transactional, and bond expertise as well as their existing knowledge of the Debtors.

8.      Dentons US is familiar with the Debtors' business, the nature of certain of the claims asserted against the Debtors and the posture of these Chapter 11 Cases. Immediately after the Debtors requested that Dentons US represent it, Dentons US spent significant amounts of time

3

to familiarize itself with all aspects of the Debtors' business. If the Debtors were to retain new counsel, considerable time and effort would need to be spent by that new counsel so that it was familiar with the Debtors' business and these Chapter 11 Cases.

9.      For the foregoing reasons, I believe that Dentons US is particularly well-situated and well-qualified to represent the Debtors in these Chapter 11 Cases in an effective, efficient, and timely manner. Accordingly, the retention of Dentons US is necessary and in the best interests of the Debtors, their estates, and their creditors.

### Services to be Rendered; Compensation Arrangements

10.     Subject to further order of the Court, the Debtors have requested that Dentons US render services including, but not limited to, the following:

a.      advise the Debtors with respect to their powers and duties as debtors and debtors in possession in the continued management and operation of their businesses and property;

b.      represent the Debtors and take all necessary actions with regard to obtaining the use of cash collateral and DIP Financing and administration of the same;

c.      advise, consult with, and assist the Debtors with regard to any asset sale, plan of reorganization or liquidation, if necessary, or any other means of satisfying creditors' claims, including to bring and prosecute a motion under § 363 of the Bankruptcy Code to sell the Debtor's assets;

d.      respond to due diligence requests from potential buyers and aid in finalizing stalking horse bids for the Debtors' assets;

e.      evaluate, object to, or otherwise resolve claims against the Debtors' estates;

f.      advise the Debtors with respect to executory contracts and unexpired leases and, where appropriate, to assist the Debtors to assume or reject such executory contracts and unexpired leases;

g.      represent the Debtors in hearings and all contested matters before this Court;

h.      advise the Debtors with respect to the requirements of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Court, and the Office of the United States Trustee, as they pertain to the Debtors;

i.     assist in and render advice with respect to the preparation of contracts, monthly operating reports, accounts, applications, and orders; and

j.     advise, consult with, and otherwise represent the Debtors in connection with such other matters as may be necessary for the duration of these Chapter 11 Cases.

11.    The current hourly rates of Dentons US professionals who may work on this matter are as follows:

| Classification | Dentons US Standard Rate (USD) | |
|---|---|---|
| | Low Range | High Range |
| Partners, Special Counsels, Counsels and Principals | $620 | $2,295 |
| Associates | $430 | $1,280 |
| Professionals/Paralegals | $240 | $650 |

12.    Consistent with the Engagement Letter, Dentons US will provide the foregoing services, and, as needed, may involve other lawyers and professionals from Dentons. Under standard engagement terms, clients that initially engage attorneys in one member of Dentons (such as Dentons US) agree that lawyers and professionals from its Member Firms of Dentons may be involved to provide services as needed or appropriate without the need for any separate or additional engagement letter.

13.    Prior to the Petition Date, Dentons US received advance payment retainers totaling $825,000.00 in the aggregate. Dentons US applied these retainer funds to pay prepetition fees and expenses and wrote off and waived prepetition fees in the approximate amount of $305,000. There are no remaining amounts held on retainer.  Other than as set forth herein, Dentons US, did not receive any other payments from the Debtors during the ninety days immediately preceding the Petition Date.

5

14.     Dentons US will seek reimbursement of all costs and expenses incurred by Dentons US in connection with these Chapter 11 Cases, and the Debtors have proposed to pay Dentons US at such rates and to reimburse it for such costs and expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the Fee Guidelines, and the Orders.

15.     Dentons US's rate structure is appropriate and commensurate with the rates that Dentons US charges for other representations and the rates that other comparable counsel would charge to perform substantially similar services.

16.     To confirm that Dentons US did not have any conflicts or other relationships that might preclude its representation of the Debtors with respect to the matters upon which it is being employed, I caused Dentons US attorneys under my supervision to conduct a review of potential connections and relationships between Dentons US and parties in interest in these Chapter 11 Cases within the following categories as set forth in **Schedule 1** hereto (the "Potential Parties in Interest"):

    a.      Debtors, Subsidiaries, and Affiliated Entities;

    b.      Current and Former Directors and Officers;

    c.      Current Directors and Officers – Powin, LLC

    d.      List of Equity Holders;

    e.      Insurers;

    f.      Restructuring Professionals;

    g.      United States Bankruptcy Judges in the District of New Jersey;

    h.      Clerk of the Court for the District of New Jersey;

    i.      United States Trustees for the District of New Jersey;

    j.      Government Authorities;

6

k.      Utilities;

l.      Secured Creditors;

m.     Unsecured Creditors;

n.     Unsecured Creditors (Trade Vendors, etc.); and

o.     Others.

17.     Dentons US has searched and continues to search its electronic database for its connections to the Potential Parties in Interest. The records upon which this investigation is based are maintained by Dentons US in the ordinary course of business and are believed to be accurate. To the extent that I become aware hereafter that any such records or other information contained herein is not accurate, I will promptly apprise the Court.

18.     Based upon a review of the foregoing information, neither I, Dentons US, nor any member of, counsel to, or associate of Dentons US represents any entity other than the Debtors, as applicable, in connection with these Chapter 11 Cases. In addition, to the best of my knowledge after due inquiry, and except as otherwise disclosed herein, neither I, Dentons US, nor any member of, counsel to, or associate of the firm represents any party in interest in these chapter 11 cases in matters related to these Chapter 11 Cases.

19.     Dentons US, and the partners, counsel, and associates of Dentons US, presently represent, may have represented in the past, and may represent in the future, entities (or affiliates of entities) that are claimants of and/or interest holders in the Debtors, and/or are parties in interest in these Chapter 11 Cases, in matters unrelated to these Chapter 11 Cases. To the best of my knowledge, all such parties identified in the conflicts search to date are specifically described in this Declaration and/or listed on the schedule attached hereto as **Schedule 2** (the "Disclosure Schedule").

20.    Dentons US is a limited liability law partnership. Based on my review of the Disclosure Schedule, to the best of my knowledge, Dentons US does not hold or represent an interest adverse to the estates as a result of its representation of parties in interest in matters that are unrelated to these chapter 11 cases. Pursuant to § 327(c) of the Bankruptcy Code, Dentons US is not disqualified from acting as the Debtors' counsel merely because it represents certain of the Debtors' creditors, equity security holders, or other entities that may be parties in interest in matters that are unrelated to the Debtors or these Chapter 11 Cases. Other than as set forth below and on the Disclosure Schedule, Dentons US has not represented, does not represent, and will not represent any of the Potential Parties in Interest in matters directly related to the Debtors or these chapter 11 cases.

21.    From time to time, attorneys at Dentons US have represented parties in unrelated matters who also have claims against the Debtors. In any case where a Dentons US attorney currently is representing a party, in an unrelated matter, who also asserts a claim against the Debtors, if legal representation is required, that matter shall be referred to an outside attorney who shall represent the Debtors.

22.    In any case where a Dentons US attorney previously has represented a party who is asserting a claim against the Debtors, a waiver from both the Debtors and the claimant shall be sought.  If obtained, Dentons US attorneys will represent the Debtors. If waivers are not obtained, the Togut Firm or another counsel shall be obtained who shall represent the Debtors.

23.    In no case will a Dentons US attorney represent anyone against the Debtors.

24.    The Togut Firm will represent the Debtors with respect to any work related to these entities, if any such work occurs during the pendency of these Chapter 11 Cases.

25.    Dentons US has not received any lien or other interest in property of the Debtor or of any third party to secure payment of Dentons' fees or expenses in this Case.

26.    Dentons US has no prepetition claim against the Debtors.

27.    Dentons US has neither shared nor agreed to share any of the compensation it receives from this case with any person other than to share this compensation among its partners, associates and employees.

28.    Dentons US is not a creditor, an equity security holder or an insider of the Debtors.

29.    Neither Dentons US nor any member of Dentons has ever been a director, officer or employee of the Debtors or of any investment banker for any security of the Debtors.

30.    To the best of Dentons US's knowledge, except as set forth herein, Dentons US does not hold or represent any interest materially adverse to any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors or an investment banker for any security of the Debtors, or for any other reason.

31.    In light of the extensive number of the Debtors' creditors and parties in interest and because definitive lists of all such creditors and other parties have not yet been obtained, neither I nor the Firm are able to conclusively identify all potential relationships at this time, and we reserve the right to supplement this disclosure as, and to the extent, additional relationships come to our attention. To the extent that I become aware of any additional relationships that may be relevant to Dentons US's representation of the Debtors, I will promptly file a supplemental declaration.

32.    The Debtors are also seeking to retain (among others): (i) Togut, Segal & Segal LLC, as co-bankruptcy counsel, who will also serve as conflicts counsel with respect to any matters in which Dentons US has an actual or perceived conflict of interest; (ii) Kurtzman Carson Consultants, LLC d/b/a Verita Global ("Verita") as claims and noticing agent and, separately, as

administrative advisor; (iii) Huron Consulting Services LLC as financial advisor; and (iv) CBNM Advisors LLC d/b/a Uzzi & Lall as Chief Restructuring Officer (collectively, the "Chapter 11 Professionals") to provide professional services in these chapter 11 cases. Dentons US has worked with certain of the Chapter 11 Professionals in connection with preparation for the filing of these Chapter 11 Cases, and may have in the past worked for, with, or against the Chapter 11 Professionals in matters wholly unrelated to these Chapter 11 Cases.  In addition, my spouse is employed by Verita, which the Debtors have retained to perform chapter 11 administrative and noticing services in these Chapter 11 Cases. Togut negotiated Verita's services agreement directly with Verita and reviewed alternative proposals.

33.     To the best of my knowledge and insofar as I have been able to ascertain after due inquiry, neither Dentons US nor any of its partners, counsel, or associates has any connection with the Debtors or their affiliates, the Debtors' creditors, any party in interest, or their respective attorneys or accountants, any person employed in the Office of the United States Trustee for Region 13 (the "U.S. Trustee"), any Bankruptcy Judge currently serving on the Court, or any clerk, deputy, or personnel working in the Court, except (i) to the extent any partner, counsel, or associate (a) may have appeared in the past and may appear in the future in cases where one or more of such parties may be involved; and (b) may have represented or may represent one or more of such parties in interest in matters unrelated to these Chapter 11 Cases.

34.     Accordingly, based on information available to date, I believe that Dentons US is a "disinterested person" as that term is defined in § 101(14) of the Bankruptcy Code, to the extent applicable to the Case in that Dentons US and its lawyers:

    a.     Are not creditors (except to the extent permitted under the Bankruptcy Code and established precedent), equity security holders, or insiders of the Debtors;

10

b.      Are not and were not, within two (2) years before the Petition Date directors, officers, or employees of the Debtors; and

c.      Do not have any interest materially adverse to the interest of the Debtor's estate or creditors by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor or for any other reason.

35.     In addition, no shareholder or employee of Dentons US holds or represents any interest adverse to the Debtors' estates, and Dentons US is "disinterested" within the meaning of § 327(a) of the Bankruptcy Code.

**Attorney Statement Pursuant to the U.S. Trustee Guidelines**

36.     The following is provided in response to the request for additional information set forth in Paragraph D.1 of the Fee Guidelines.

**Question:    Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement?**

Response:    No.

**Question:    Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case?**

Response:    No.

**Question:    If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments or discounts offered during the 12 months prepetition. If your billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference.**

Response:    No changes other than annual adjustment in rates effective January 1, 2025.

**Question:    Has your client approved your prospective budget and staffing plan, and, if so, for what budget period?**

Response:    The Debtors expect to develop a specific prospective budget and staffing plan to comply with the U.S. Trustee's requests for information and additional disclosures, and any orders of this Court.  As these Chapter 11 Cases continue to develop, Dentons US will formulate a budget and staffing plan for this proposed retention, which it will review with the Debtors as contemplated by Part E of the Appendix B Guidelines (which budget and staffing plan may be amended as necessary to reflect changed circumstances or unanticipated developments).  Any

11

disclosure of such budget and staffing plan will be retrospective only in conjunction with the filing of fee applications by Dentons US.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: July 7, 2025                    */s/ Van C. Durrer, II*
                                       Van C. Durrer, II
                                       Partner of Dentons US LLP

### Schedule 1

### Potential Parties in Interest List[1]

### Debtors, Subsidiaries, and Affiliated Entities

**Debtors:**
- Powin Project LLC (New Jersey)
- Powin, LLC (Delaware)
- PEOS Holdings, LLC (Oregon)
- Powin China Holdings 1, LLC (Oregon)
- Powin China Holdings 2, LLC (Oregon)
- Charger Holdings, LLC (Oregon)
- Powin Energy Ontario Storage, LLC (Oregon)
- Powin Energy Operating Holdings, LLC (Delaware)
- Powin Energy Operating, LLC (Delaware)
- Powin Canada B.C., Ltd. (Canada)
- Powin Energy Storage 2, Inc. (Canada)
- Powin Energy Ontario Storage II, LP (Canada)

**Non-Debtor Powin Entities:**
- Powin Energy Holdings, LLC (Delaware)
- Powin Energy Intermediate, LLC (Delaware)
- Powin Australia Pty Ltd. (Australia)
- Powin Netherlands B.V. (The Netherlands)
- Powin Energy Spain S.L. (Spain)
- Powin UK Ltd. (United Kingdom)
- Yangzhou Finway Energy Tech Co., Ltd. (China)
- Qingdao CIMC-Powin New Energy Technology Co., Ltd. (China)
- Powin (Qingdao) New Energy Co., Ltd. (China)
- Powin EKS SellCo, LLC (Delaware)
- EKS HoldCo, LLC (Delaware)

### Current & Former Managers and Officers of the Debtors

- Andrew Skrilow
- Arielle Pacheco
- Brian J. Kane
- Chad E. Paulson
- Danny Lu
- Geoffrey Brown
- Gerard Uzzi
- Glenn Jacobson
- Himanshu Khurana
- Jeff Waters
- John Brecker
- Joseph Lu

- Kevin Paprzycki
- Kirk Fleishhauer
- Mark Babcock
- Michael Bennett
- Rachel Livek
- Ryan Gray
- Sameer Reddy
- Samuel Graham
- Scott Getman
- Stuart Bolland
- Tim Healy

---

[1] This list (and the categories contained herein) are for purposes of a conflicts check only and should not be relied upon by any party as a list of creditors or for any other purpose. As listing a party once allows our conflicts specialists to run a check on such party, we have attempted to remove duplicate entries where possible. Accordingly, a party that otherwise may fall under multiple categories is likely to be listed under only one category.

**Current & Former Managers and Officers of Powin Energy Holdings, LLC**

- Andrew Skrilow
- Chad E. Paulson
- Danny Lu
- Geoffrey Brown
- Glenn Jacobson
- Jeff Waters
- Sameer Reddy
- Samuel Graham
- Tim Healy

**List of Equity Holders**

- Arroyo Energy Investment Partners
- Danny Lu
- EIF II PWE Holdings LLC
- Energy Impact Partners
- Esquarre IOT Landing Fund L.P.
- Evergy Ventures, Inc.
- Geoffrey Brown
- GIC
- Green Power Technologies, SL
- Jeff Waters
- Joseph Lu
- Jospeh Lu (II)
- LU Pacific Properties Llc
- Meadowlark Energy Finance, LLC
- Mei Yi Lu Ttee
- Mike Wietecki
- Outcome Energy, LLC
- Parthian Holdings
- Peter Lu
- Powin Energy Corporation
- Powin Energy Holdings, LLC (Delaware)
- Powin Energy Intermediate, LLC
- Quidnick Energy Development Llc
- Samsung Venture Investment Corporation
- Single Element LLC
- Stuart Statman
- SVIC No. 53 New Technologies Business Investment L.L.P.
- Tim Healy
- TPC Powin SPV LLC
- Trilantic Capital Partners
- Trilantic Energy Partners II (North America) L.P.
- Trilantic Energy Partners II (North America) Mini-Master L.P.
- William Penn
- William Penn Foundation

**Insurers**

- AIG Specialty Insurance Company
- Admiral Insurance Company – Mt. Laurel
- Aspen Specialty Insurance Company
- Illinois Union Insurance Company
- Zurich American Insurance Company
- The Insurance Company of the State of Pennsylvania
- Lloyd's of London
- At-Bay Specialty Insurance Company
- Federal Insurance Company

- Allianz Global Risks US Insurance Company
- Argonaut Insurance Company

- North River Insurance Company
- USI Insurance Services

**Restructuring Professionals**

- Alvarez and Marsal
- Brown Rudnick LLP
- CBMN Advisors LLC d/b/a/ Uzzi & Lall
- Dentons US LLC
- Faegre Drinker Biddle & Reath LLP

- Genova Burns LLC
- Huron Transaction Advisory LLC
- Latham & Watkins LLP
- Togut, Segal & Segal LLP
- White & Case, LLP

**United States Bankruptcy Judges in the District of New Jersey**

- Christine M. Gravelle, Chief Judge
- Michael B. Kaplan
- Andrew B. Altenburg, Jr.
- Vincent F. Papalia

- John K. Sherwood
- Jerrold N. Poslusny, Jr.
- Stacey L. Meisel
- Mark E. Hall

**Clerk of the Court for the District of New Jersey**

- Michael Tedesco, Clerk to J. Gravelle
- Rebecca A. Earl, Clerk to J. Kaplan
- Cisse Diawara, Clerk to J. Kaplan
- Travis Graga, Clerk to J. Kaplan
- Suzanne Sweeney, Clerk to J. Altenburg Jr.
- Brooks West, Clerk to J. Altenburg, Jr.
- Christy McDonald, Clerk to J. Papalia
- Sydney Chapman, Clerk to J. Papalia

- Angela Pattison, Clerk to J. Sherwood
- Timothy Dumbroff, Clerk to J. Sherwood
- Kevin Holden, Clerk to J. Poslusny
- Kimberly Barbour, Clerk to J. Poslusny
- Juliana Diamond, Clerk to J. Meisel
- Amanda Simone, Clerk to J. Meisel
- Krista Shaheen, Clerk to J. Hall

**United States Trustees for the District of New Jersey**

- Martha Hildebrandt
- Adela Alfaro
- Kirsten K. Ardelean
- Francyne D. Arendas
- Michael Artis
- Lauren Bielskie
- Savanna Cruz
- Peter J. D'Auria

- David Gerardi
- Tia Green
- Daniel C. Kropiewnicki
- Samantha Lieb
- Tina L. Oppelt
- Angeliza Ortiz-Ng
- Robert J. Schneider, Jr.
- Jeffery Sponder

- Fran B. Steele
- James Stives
- Rachel Wolf

- William J. Ziemer

### Government Authorities

- Alabama Department of Revenue
- Arizona Department of Revenue
- California Franchise Tax Board
- Colorado Department of Revenue
- Delaware Department of Revenue
- Florida Department of Revenue
- Georgia Department of Revenue
- Hawaii Department of Revenue
- Idaho Department of Revenue
- Illinois Department of Revenue
- Indiana Department of Revenue
- Kansas Department of Revenue
- Louisiana Department of Revenue
- Comptroller of Maryland
- Massachusetts Department of Revenue
- Minnesota Department of Revenue
- Montana Department of Revenue
- New Hampshire Department of Revenue Administration
- State of New Jersey/Division of Taxation
- New Mexico Taxation and Revenue Department

- New York State Dept. of Taxation and Finance
- North Carolina Department of Revenue
- North Dakota Office of State Tax Commissioner
- Ohio Department of Taxation
- Oregon Department of Revenue
- Oregon Revenue Division Customer Service Center
- Pennsylvania Department of Revenue
- South Carolina Department of Revenue
- Tennessee Department of Revenue
- Texas Comptroller of Public Accounts
- Virginia Department of Taxation
- West Virginia Tax Division
- Attorney General of Arizona
- Attorney General of Delaware
- Attorney General of New Jersey
- Attorney General of Oregon
- Department of the Treasury/Internal Revenue Service

**Utilities**

- Portland General Electric Company
- Republic Services
- Waste Management of Arizona, Inc.
- Festival Hydro Inc.
- SRP
- City of Mesa
- Independent Electricity System Operator
- Northwest Natural

**Secured Creditors**
- KKR Credit Advisors (US) LLC
- GLAS USA LLC

**Unsecured Creditors**

- 218 Events LLC
- 3 Point Brand Management
- 3D Crane Service, LLC
- 3D Engineered Solutions, Inc.
- 3Drivers, Engenharia, Inovacao E Ambiente, LDA
- 8LOOP Logistics LLC
- 8Loop Trans Inc.
- A Plus Finish Roofing LLC
- A&D Fire
- Abacus Industries, Inc
- ABM
- AC Squared Consulting LLC
- Accuenergy (Canada) Inc.
- Accurate Employment Screening LLC
- ACCURE Battery Intelligence Inc.
- Ace Engineering & Co., Ltd.
- Ace Parking Management, Inc.
- activpayroll Ltd
- Acutran
- ADERO Scottsdale
- ADMET, Inc.
- ADT Commercial
- Advantech Corporation

- AFCODirect
- AgileBits Inc dba 1Password
- Agora Refreshments
- AirSea USA
- Airway Services LLC
- AKA Energy Systems
- Akaysha
- Alegeus Technologies LLC dba WealthCare Saver
- Alexander Fattal
- Alliant Insurance Services, Inc
- Alliant Systems, LLC
- Allied High Tech Products, Inc.
- Allium US Holding LLC
- Alorair Solutions Inc.
- Altium Inc.
- Alvarez & Marsal Corporate Performance Improvement, LLC
- Amazon Web Services, Inc.
- Ameresco, Inc.
- American Arbitration Association, Inc.
- American Clean Power Association
- American Fire Technologies
- American Lamprecht Transport Inc.
- Ampere Computing LLC
- Amphenol Industrial Operations
- Antenna Group Inc.
- Anxin Testing Technology (Jiangsu) Co., Ltd
- Aon Consulting, Inc.
- Aon Risk Services Central, Inc.
- APEX Clean Energy
- Aramark Refreshment Services, LLC
- Arbin Instruments
- ArentFox Schiff LLP
- Arizona Foundation Services, LLC
- Arm Inc.
- Arnold Machinery Company
- ARRGH Manufacturing INC
- As You Wish All Around Services
- Ascendia Group LLC
- Ashbaugh Energy Consulting
- Asheville Humane Society, Inc

- Ashok Kulkarni
- AT&T Corp
- Atlantic Training, LLC
- ATS Specialized Inc
- Auto Chen Ltd.
- AutomationDirect.com Inc
- Avalon Risk Management Insurance Agency LLC
- Axelliant LLC
- AYNA.AI LLC
- Backer Asia Limited
- BairesDev LLC
- Baker & Hostetler LLP
- Barco Rent A Truck
- Battery Innovation Center Institute, Inc.
- BBC Global News Limited
- BBC Steel Corporation
- BC Dimerco Logistics Corporation
- Beard Winter LLP
- BELFOR Property Restoration
- Bender Electronics Inc.
- Ben-X, LLC
- Bergstrom (Changzhou) Heat Exchangers Co., Ltd
- Berkshire Hathaway
- BeyondTrust Corporation
- BIAC Broadband USA Inc.
- Billion Electric Co., Ltd.
- Bitwarden, Inc.
- Black & McDonald
- Black Duck Software, Inc.
- Blackhawk Supply
- Blank Rome LLP
- Blomquist Consulting LLC
- Bluewater Battery Logistics, LLC
- BMO Bank N.A.
- BNSF Logistics, LLC
- Bock Trade Law
- Brady Worldwide Inc.
- Brian Palomino
- Brian Wiebe
- Bridge House Advisors Corp
- Briggs Service, Inc.
- Build AppliedLogix, LLC
- Building Automation Products, Inc.
- Building Champions Inc.
- Bull Mountain Heating & Cooling
- Business Talent Group, LLC
- Byron E Boone
- C.I. Services, Inc.
- C.L. Smith Co.
- c3controls
- California Department of Tax and Fee Administration
- Canary Marketing
- Canusa Logistics Inc.
- CapGemini America Inc.
- Capital Edge Construction
- Capitol Electric Co., Inc.
- Cardinal Utility Construction, Inc
- Career Partners, Inc.
- Carel USA, INC
- Cathleen Busha
- Caylent, Inc.
- CBMN Advisors LLC
- CCIC-CSA International Certification Co., Ltd
- Celestica (Thailand) Limited
- Celestica LLC
- Celigo, Inc.
- Centerline Communications
- CEP Portfolio 1A LLC
- CEVA Freight, LLC
- CEVA Logistics US, Inc.
- ChartHop, Inc.
- Christopher D Garza
- Chuweineng Testing Technology (Shanghai) Co., Ltd.
- Cintas Fire Protection
- Circulor Inc
- Citrin Cooperman Advisors LLC
- City of Portland
- City of Portland (Portland Fire & Rescue)
- City of Tualatin
- City Wide Facility Solutions
- CJC Transport LLC

- Clarion Safety Systems, LLC
- Clean Energy Services CES LLC
- CleanPeak Energy
- Clyde and Co
- CODE UNLIMITED LLC
- Codibly Inc.
- Cogent Communications, Inc.
- Cogent Renewables LLC
- Collins Construction Project Specialists Inc.
- Colvin Steel Inc
- Commercial Contractors, Inc.
- Commercial Relocation Group, Inc.
- Compensation Advisory Partners, LLC
- Concur Technologies, Inc.
- ConductorOne, Inc.
- CONSOLIDATED ELECTRICAL DIST.
- Construction Specialties, Inc.
- ContactMonkey Inc.
- Contemporary Amperex Technology Co., Limited (CATL)
- Contemporary Nebula Technology Energy Co., Ltd.
- Control Fire Systems
- Control Source Inc
- Convergent
- Copper State Bolt & Nut Co.
- Copytronix
- Cornerstone Web Studio LLC.
- Corrs Chambers Westgarth
- Cosco Shipping Project Logistics (Qingdao) Co., Ltd.
- Countryside
- Cousins USA Moving & Storage
- Crane Solutions LLC
- Crane Worldwide Logistics LLC
- Crating Technology, Inc
- Crescent Electric Supply Company
- Crowd Culture Pty Ltd
- Crowe LLP
- CSA America Testing & Certification LLC
- CSA Group Testing & Certification Inc.
- CSA Group Testing UK Limited
- CT Corporation
- CUATRECASAS GONÇALVES PEREIRA, S.L.P.
- Custom Air Products & Services, Inc
- D'Amico Catering
- Daniel Laurent
- Datanab
- David H Schroeder
- Davis Polk & Wardell LLP
- Davis Wright Tremaine LLP
- Dayton T. Brown, Inc.
- Deel Inc.
- Deep Sky Studios, LLC
- Dell Australia Pty Limited
- Delphi Precision Imaging Corporation
- Delta Dental Plan of Oregon
- Delta Systems Integration, Inc.
- Dentons US LLP
- Department of the Treasury
- Descartes Systems (USA) LLC
- DG Plus Design LLC
- Digi-Key Electronics
- Digital Third Coast Internet Marketing, Inc.
- DNV Energy USA, Inc.
- DNV Maritime and Energy S.L.U.
- DNV SERVICES UK LIMITED
- DNV Singapore Pte. Ltd.
- Doble Engineering Company
- DocuSign, Inc.
- Dometic Corporation
- Dong Fang International Container (Qingdao) Co., Ltd
- Douglas Stotland
- DTE Energy
- Dual Sea LLC
- Dynaco Testing LLC.
- Dynalectric Oregon
- Dynapower Company, LLC
- E.ON Interactive Design, Inc.

- East West Container Line Inc.
- EBARA Densan (Qingdao) Technology Co.,Ltd.
- EDF
- Edge Construction Supply LLC
- Edge2Cloud IoT, LLC
- EHS Insight
- Electrao - Associacao de Gestao de Residuos
- Ellis Creek LLC dba Ellis Creek Photography
- Emdoor Electronic Technology Co., Limited
- Encore Holdings LLC dba Encore Fire Protection
- Energy Security Agency
- Energy Storage Response Group LLC
- Energyear, S.L.
- EnergyRE
- Engineered Process Controls LLC
- Enrique C Mondragon
- Enterprise Holdings, Inc.
- Envision AESC US LLC
- Envoy, Inc.
- EPC Power Corp
- EPSoft® (AKA Aiotal Inc.)
- Erin Eisinger
- ESI, Inc. of Tennessee
- Estefania Ramirez
- esVolta
- ET Global
- ET Global GmbH
- ETAP
- Eurogility SL
- EVE POWER CO.,LTD.
- Everon, LLC
- Everstream Analytics
- Expeditors Canada, Inc
- Expeditors International de Mexico, S.A. de C.V.
- Expeditors International of Washington, Inc.
- Expeditors Tradewin, LLC
- Experience Knowledge Strategy, S.L.
- Export Internet Trade Systems, Inc.
- Express Employment Professionals
- Expresso Building Services LLC
- FAMCO
- FCD Labels
- Fedex
- FERASCO, LLC.
- Festival Chorale Oregon
- Field Office Property Owner LLC
- Fireaway Inc.
- FireSense Pty Ltd
- First Signal Fire Alarm Inc.
- FLEXOO GmbH
- Fluid Topics, Inc
- FMG Leading, LLC
- FMT Consultants, LLC
- Fobox Tecnologia Sustentable SA de CV
- FORA
- Forethought Life Insurance Company
- Formosa Electronic Industries Inc.
- Franchise Tax Board
- Freeths LLP
- FreeVoice Telecom
- FTI Consulting Inc.
- Functional Devices Inc.
- G&T Tax Advisers BV
- GALP
- Gamry Instruments, Inc.
- Gary Golden
- Gearcor LLC
- Geoffrey L Brown
- Georgian Bay Fire & Safety Ltd.
- Gerber Electronics
- GIC (New York) Inc.
- Gisi Marketing Group
- GLAS USA LLC
- Glidepath
- Global Mobility Solutions, LLC
- Go Firefly, Inc
- GoEngineer, LLC
- Golden Bridge International Inc
- Gomathi Parasuram
- Gotion, Inc.

- Grace Hughes
- Grainger
- Grand Prix Tickets GmbH
- Graybar Electronic Company Inc.
- GreEnergy Resources
- GRID Alternatives, Inc.
- Grid-Scale Advisors, LLC
- Grupo Gestiona-T Gestores, S.L.
- GTI Energy
- GTI Fabrication
- Guangdong Eugard Co, Ltd.
- Guangdong Gangjing Electric Heating Technology CO.LTD
- Guggenheim Securities, LLC
- Gurock Software GmbH
- H&E Equipment Services, Inc.
- H2 Oregon Bottled Water
- Hawaii Department of Taxation
- Haynes and Boone LLP
- HDS Marketing, Inc.
- Hecate
- Hefei Ecriee-Tamura Electric Co., LTD
- HELM LIFE
- Henan SEMI Science & Technology Co., Ltd.
- Hentzen Coatings Inc.
- Herc Rentals Inc.
- Hermans & Schuttevaer Notarissen Adviseurs Mediators
- Hitachi Energy USA Inc.
- Hithium Energy Storage Technology USA, Inc.
- HOF Equipment Company
- Hofy Inc
- Hofy Ltd
- Holger Teichgraeber
- Holland & Knight LLP
- Honeywell
- Hong Kong International Arbitration Centre
- Hottinger Bruel & Kjaer Inc.
- HR Partners Pte Ltd
- HSBC Bank USA, National Association
- Hsianglan Eschenbrenner
- Hub @ 202 Ownco, LLC
- HubSpot Inc.
- Hui Zhong Law Firm
- Huizhou Desay Battery Co., Ltd.
- Huizhou Topband Electrical Technology Co., LTD
- Hunt Energy Solutions
- Hunter-Davisson, Inc.
- Huron Transaction Advisory LLC
- I S Systems Pty Limited
- I&E Advisors LLC
- IANS
- IBASE SOLUTION CO., LTD
- IBE Electronics, Inc
- Idaho Power
- Idaho Specialized Transportation, Inc
- Idaho State Tax Commission
- IHS Global Inc.
- IMCO General Construction, Inc.
- Import Genius
- Incite Fire Pty Ltd
- Indeed, Inc.
- Industrial Automation and Enclosures Inc
- Industrial Climate Engineering
- Industrial Fans Direct
- Industrial Inspection Group Inc.
- Industrial Networking Solutions
- Industrial Painter LLC
- Industrial Rigging Service of Central Texas, Inc.
- Informa UK Limited
- Ingeteam Inc.
- Integrity Electrical Services Company, LLC
- Intelex Technologies ,ULC
- International SOS Assistance, Inc.
- Intertek Testing Services Ltd Shanghai
- Intertek Testing Services, N.A.
- Intralinks, Inc.

- Intro Messebau GmbH
- Invenergy
- IO HVAC Controls
- IOActive, Inc.
- IPFS Corporation
- ISN Software Corporation
- ITC Services Inc
- J.P. Morgan Chase Bank NA
- Jabil Inc.
- James T Dufour
- JAMF Software LLC
- Jason Bignall
- Jason Harbour
- JC Licht LLC
- JDM Legal & Consulting Services LLC
- Jensen Hughes, Inc.
- JHI ENGINEERING INC
- Jiaxing Lizi Electrical Co., LTD
- JMS Wind Energy, Inc.
- Job Mobz
- Joel A Snair
- John C Clapp
- John Paul Bogan
- Johnson Controls, Inc.
- Jonathan Moraglia
- Joral Technologies
- Julie J Stiglish
- Jupiter Power
- JYT Shipping LLC
- Kaiser Permanente
- Kaori Guymon
- Karbo Communications, Inc.
- KBF CPAs LLP
- KCE
- KELLER'S INC
- Kentec Electronics Limited
- Keysight Technologies, Inc.
- Kia Energy
- Kirkland & Ellis LLP
- KKR Credit Advisors (US) LLC
- Klarquist Sparkman, LLP
- Klautemis S.L.
- KLH Electrical Inc.
- KMC (project Brandywine Onward Energy)
- KnowBe4 Inc.
- Korn Ferry (US)
- KPC Power Electrical Ltd.
- KPMG LLP
- KPMG LLP (UK)
- Kroll, LLC
- Krue Industrial, LLC
- Kuehne + Nagel Inc.
- Kupono Solar, LLC
- Lance M Brown
- LandCare USA L.L.C
- Larson Electronics LLC
- Lateralworks
- Latest Craze Productions Inc
- Latitude Media
- Lawrence A Whittet
- Leader
- LeadFar Technologies Co., Ltd.
- Lee and Li, Attorneys-at-Law
- Leeward
- Legal Management Advisory, S.L.
- Level 4 Consulting, LLC
- LHH and LHH Recruitment Solutions
- Libess Service
- Li-Cycle Inc.
- Lifelines Counseling Services
- LingPerfect Translations, Inc.
- Linkedin Corp
- Live Nation Worldwide Inc.
- Loadmaster Crane, Inc.
- Logicalis Shanghai Limited
- LONG Building Technologies, Inc
- Longroad
- Lovelytics Data LLC
- Lu Pacific Properties, LLC
- Maanshan Hongming Electrical Equipment Trading Co. LTD
- Mackenzie
- Madison OFC Brickell FL LLC
- Mainfreight Air & Ocean Pty Ltd
- Mainfreight Inc.

- Mainz Brady Group, Inc.
- Malta Dynamics, LLC
- MAMAC Systems, Inc.
- Map Your Show, LLC
- Marc Vadillo Aguilar
- Marine Lumber CO Corp
- Markowitz Herbold PC
- Marriott Scottsdale Old Town
- Marterra Properties
- Marvair
- Masof, Inc
- Matrix Networks
- Maximum Machinery Moving, LLC
- Mayer Brown LLP
- McCarthy Tetrault LLP
- McGuireWoods Consulting LLP
- McKinsey & Company, Inc. United States
- McMASTER-CARR SUPPLY COMPANY
- MCPc, Inc.
- Meadowlark Mechanical LLC
- MECOP Inc.
- Megan Beatty
- Melissa Schwartz
- Mesa
- MESA Standards Alliance
- Messe Freiburg
- Messe Munchen GmbH
- Metaview Global Ltd
- Metro Access Control
- MG HR, S. de R.L. de C.V.
- MHPS
- Michael A McHargue
- Micro Epsilon America, LP
- Millennium Building Services, Inc
- Miller Nash Graham & Dunn LLP
- MinterEllison
- MMI-Machineworks LLC
- Mobile Mini, Inc.
- Mobile Modular Portable Storage
- Modelon Inc.
- monday.com Ltd
- Morgan Stanley & Co. LLC
- MotoGFX, LLC
- Mountain Alarm
- Mouser Electronics, Inc.
- Moxa Americas Inc.
- MSC Mediterranean Shipping Company S.A.
- Mulberry Talent Partners
- Muza Metal Products, LLC
- Nanjing HeBen M&E Equipment Technology Co., Ltd.
- National Fire & Safety Solutions, Inc.
- National Service Alliance – Houston LLC
- Nationwide Mutual Insurance Company
- Nationwide Transport Services LLC
- Naturgy Renewables USA Corp dba Front Range Midway Solar Project, LLC
- Navex
- Navis International Trade & Consulting Ltd
- Networkia Cuzco SL
- New York City Department of Finance
- New York State Corporation Tax
- New York State Department of Taxation
- New York State Unemployment Insurance
- Next Security LLC
- Nicholas Boxwell
- Nicholas V Escobar
- Nickalus Johnson
- Nidec
- Nippon Express (China) Co., Ltd. Guangzhou Branch
- Nippon Express USA Inc.
- NoBlue SaaS Limited
- Nomura Corporate Funding Americas, LLC
- North Coast Electric Company
- North Star Imaging, Inc.
- Northstock, Inc

- Norton Rose Fulbright US LLP
- NP Machineworks LLC
- N-Sci Technologies Inc.
- NW Facility Solutions, Inc
- O'Reilly Media, Inc.
- OfficeSpace Software Inc
- Oliver Rokoff
- Olori Crane Service, Inc.
- Omega Morgan Rigging - OR, Inc.
- Omni Logistics
- One Source Freight, LLC
- O'Neill Transfer & Storage Co., Inc.
- Onlinecomponents.com
- OnLogic, Inc.
- Onshape A PTC Business
- OPALCO
- Oracle America, Inc.
- Ormat
- Orr Protection Systems, Inc.
- OT Technology, Inc.
- OTIS Elevator Company
- Outcome Energy, LLC (Tim Healy)
- Pacific Customs Brokers Ltd.
- Pacific Fence & Wire Co.
- Paligo AB
- PAN Communications Inc.
- Panel Specialists, Inc.
- Pape' Material Handling, Inc.
- Parking NW, LLC
- PARS International Corp.
- Partners in Diversity
- PayCargo LLC
- PCdisposal.com LLC
- Pearce Services, LLC
- People 2.0 Industrial, LLC
- People 2.0 North America, LLC
- Perfect Meeting GmbH
- Perixx Computer GmbH
- Perkins Coie LLP
- Permian Energy Services
- Pioneer Packaging
- Platt Electric Supply
- PMC Treasury Inc
- PNM

- Poly Performance, Inc.
- Portland Marriott Downtown Waterfront
- Potter Anderson & Corroon LLP
- Power Electronics USA Inc.
- Powerflex
- PowerSecure
- PRAXIS Technology Escrow, LLC
- Premier Press
- Prevalon (Mitsubishi Power)
- PricewaterhouseCoopers Advisory Services LLC
- PriceWaterHouseCoopers Asesores De Negocios, S.L.
- PRIME AGENCY
- Principal Life Insurance Company
- Priority-1 Inc.
- Pristine Plumbing Inc.
- Procore Technologies, Inc.
- Procurement Inc. DBA: Pack-n-Tape
- Professional Plastics Inc
- Prolamsa
- Prolift Rigging Company, LLC
- Propeller Inc
- ProWireandCable LLC
- Pulse Clean Energy
- Pure Power Solutions
- PureSky
- PV Trade Media LLC
- PVM PRODUCTION JULIA MALCHER
- Qingdao CIMC Container Manufacture Co., Ltd
- Qingdao CIMC-POWIN New Energy Technology Co., Ltd
- QINGDAO HARVEST TRADING CO., LTD
- Qingdao Henka Precision Technology CO., Ltd
- Qingdao Sensnow Software Co., Ltd.
- Qingdao Sheng yuan lin Electric Co.,Ltd
- Quadro Communications
- Quailhurst Vineyard Estates

- Quality Water Financial, LLC
- Questyme USA
- R.H. Shipping & Chartering S De RL De CV
- R.S. Hughes Co., Inc.
- Radiate Holdings, LP
- Raindrop Supply Inc.
- Rand Worldwide Subsidiary Inc.
- Rapid7 LLC
- Reed Exhibitions Australia Pty Limited
- Reed Smith LLP
- Regence BlueCross BlueShield of Oregon
- Renew Energy Electrical LLC
- Renewable Energy Tax Advisors LLC
- Renewable Northwest Project
- Renewance, Inc.
- Repario Data LLC
- REPT BATTERO Energy Co., Ltd
- RES Energy Global Services, SLU
- RESA Service, LLC
- Residence Inn by Marriott LLC
- Resideo Singapore Pte Ltd
- Responsive
- Returning Veterans Project
- Reuters News & Media Limited
- Rexel USA, Inc.
- Rexgear. Inc.
- RH Shipping & Chartering (USA) LLC
- Richards, Layton & Finger, P.A.
- Robert Half International, Inc
- Robert Won
- Rocky Mountain Reserve, LLC
- Roland Berger LP
- Rose City Moving & Storage
- RRC Power & Energy, LLC
- RS
- Rubicon Professional Services, LLC
- Rubicon Technical Services, LLC
- Rudd & Company, PLLC
- Russell Reynolds Associates, Inc.
- Ryan Electric, Inc.
- S&P Global Inc.
- S.A.A. Logistics Inc
- S2 Imaging
- Saber Power Services, LLC
- SAFE Laboratories and Engineering Corp.
- Salary.com LLC
- Salesforce, Inc.
- SAS Institute Inc.
- Schneider Electric IT Corporation
- Schwartz Levitsky Feldman, LLP
- Scottsdale Marriott at McDowell Mountains
- SE Recycling Limited
- Security Packaging
- Senva, Inc.
- SGS-CSTC Standards Technical Services (Shanghai) Co., Ltd.
- Shanghai Shengrun Int'l Transport Co.,LTD
- Shanghai Hdmann Industry Co., Ltd
- SHANGHAI NINE HONESTY INTERNATIONAL CARGO AGENT CO.,LTD
- Sharpe & Abel Pty Lrd
- Sheldon Manufacturing, Inc.
- ShelterPoint Life Insurance Company
- Shenzhen Ace Battery Co., Ltd
- Shenzhen Baiqiancheng Electronic Co.,Ltd
- Shenzhen Envicool Technology Co., Ltd.
- Shenzhen TOPOS Sensor Technology Co., Ltd
- Sheraton Grand at Wild Horse Pass
- Shift Space, LLC
- Shimshi Inc.
- SIBA LLC
- Sigma Corporation
- Sigma Design Inc.
- Signtastic
- Siltherm Advanced Materials PTE LTD

- Slalom, Inc.
- SMA America, LLC
- SMA SOLAR TECHNOLOGY AG
- Smartsheet Inc.
- SMM Information & Technology Co., Ltd
- Social Inertia, Inc.
- Socomec, Inc.
- SOL Systems
- Solar Art
- Solar Energy Trade Shows, LLC dba RE+ Events, LLC
- Solar Media Limited
- Solas Energy Consulting U.S. Inc.
- Solution 7 Ltd
- SOLV Energy, LLC
- Solvida
- Sonic Systems International, LLC
- SourceOne Transportation
- Southco, Inc
- Southern Company
- Southwest Mobile Storage Inc.
- SP Garland Solar Storage, LLC
- SPAIN-US CHAMBER OF COMMERCE, INC.
- Spark Power Renewables Canada Inc.
- Spark Power Renewables USA, Inc
- Specified Technologies Inc.
- SPECTRUM FIRE PROTECTION
- Speedrack West
- Spencer Stuart
- Sphera Solutions, Inc.
- Spico Solutions, Inc.
- Stamford Language and Communication
- Standard Security Life Insurance Company of New York
- Stanley J Stevenson
- Star Incorporated
- State of New Jersey Department of Labor and Workforce Development
- Stem
- Step Function I-O LLC
- Stout Risius Ross, LLC
- Strata
- Strata Solar, LLC
- Strategy Learning Center LLC dba Outthinker
- Stuart H Statman
- Studio Legale Bird & Bird
- Summit EHSQ Inc.
- Sunbelt Rentals, Inc
- Sunbelt Solomon Services, LLC
- SunGrid Corp
- SunGrid Solutions
- Sunshine Middle East SL
- SuZhou Pioneer NewEnergy Testing Technology CO., LTD
- Syarikat Lan-Ric Industries Sdn. Bhd.
- Synopsys, Inc.
- T.N. DIRECT LIMITED
- Taiyuan Weiyang Testing Technology Service Co., Ltd
- Tarek Kanso dba Poler Werks LLC dba PolarX
- Tarlow Naito & Summers, LLP
- Tax Collector, Multnomah County
- Taylor Stewart
- Taylor's Technical Triage, Inc.
- Tech Heads Inc.
- Tech Talent Link, Inc.
- Tekscan Inc
- TEquipment/Touchboards
- TestEquity LLC
- The Boston Consulting Group, Inc.
- The City of Glenwood Springs
- The Contingent
- The EMC Shop
- The LRE Foundation
- The MIACON Group
- The Prudential Insurance Company of America
- The Prudential Insurance Company of America VB
- The Richardson Company
- The Sleeper Group LLC
- Thomson Reuters - West

- Thomson Reuters (Tax & Accounting) Inc.
- ThrivePass, Inc.
- Thyssenkrupp Materials NA, Inc.
- TLD Logistics Services, Inc.
- TMEIC Corporation
- Tomedes LLC
- Tonkon Torp LLP
- Topband Mexico S de RL de CV.
- TOPBAND SMART DONG NAI (VIET NAM) COMPANY LIMITED
- Total Quality Logistics, LLC
- Toyota Industries Commercial Finance, Inc.
- TPE Energy
- Trail Blazers Inc.
- TrailB Technologies LLC
- Trans Wagon Int'l Co., Ltd (Taichung Office)
- Transperfect International, LLC
- Transport Continental Inc
- Travel Incorporated
- Tricor Direct Inc DBA Emedco
- Trilantic Capital Management L.P.
- TRIM-LOK, INC
- Triple P RTS LLC
- Trivergix Group
- True Capital Partners LLC
- True Seals LLC
- Trullion (www.Trullion.com)
- Trumony Aluminum Limited
- TTI, Inc.
- Tube Art Group
- TUV Rheinland (Shanghai) Co., Ltd
- TUV Rheinland of North America, Inc.
- TUV Rheinland/CCIC (Qingdao) Co. Ltd
- TUV SUD America, INC.
- U.S. Customs and Border Protection
- U.S. Nameplate Co. Inc.
- Udemy, Inc
- UKG Inc.
- ULINE
- Ultra Corpotech Private Limited
- Unishippers
- United Rental
- United Site Services Northeast, Inc.
- United Site Services of California, Inc.
- United Site Services of Florida, LLC
- United Site Services of Nevada, Inc.
- United Way of Asheville and Buncombe County
- University of North Carolina at Chapel Hill
- US Bank Equipment Finance
- USI Insurance Services LLC
- VanderHouwen & Associates, Inc.
- VDE Americas, Inc.
- Vector Renewables Japan Kabushiki Kaisha
- Velocity EHS
- Veris Industries LLC
- Verizon
- Vision Service Plan
- Visual Aid Inc
- Voltility Group
- Vortex Industries, LLC
- Warwick Valley BBA, LLC
- Washington Consular Services, Inc
- Washington County - Property Tax Payment Center
- Washington County Dept. of Assessment & Taxation
- Weifang Genius Electronics Co., Ltd.
- Weiss Technik North America, Inc.
- Wesco Distribution, Inc
- Westin Riverfront Hotel
- White & Case LLP
- Williams Scotsman, Inc (dba WillScot)
- Willis Towers Watson Northeast, Inc.
- Willis Towers Watson West Insurance Services, Inc
- Wilson Fire Equipment & Service Company, Inc.

- Wilson Sonsini Goodrich & Rosati, P.C.
- Windy City Wire Cable & Technology Products, LLC
- Winthrop & Weinstine, P.A.
- Women in Cleantech and Sustainability
- Wood Mackenzie Inc
- Workbench Corp
- Worldwide Insurance Services, LLC
- WWR International Recruitment and Consulting Group SA DE CV
- Wynn Las Vegas, LLC
- Xenium Resources, Inc.

- Xerox Financial Services LLC
- XPLM Solution, Inc.
- Xuzhou G Battery International, Trade Co., Ltd.
- Yubico Inc
- Ziply Fiber
- Zitara Technologies, Inc.
- ZONE & COMPANY SOFTWARE CONSULTING, LLC
- Zuper, Inc.

**Others**
- FlexGen Power Systems, LLC
- Keyframe Capital Partners, L.P.

**Schedule 2**

**Disclosure Schedule**

Admiral Insurance Company - Mt. Laurel
AIG Specialty Insurance Company
Allianz Global Risks US Insurance Company
Ameresco, Inc.
Argonaut Insurance Company
Barco Rent A Truck (d/b/a Bott Enterprises, Inc.)
c3controls
Clean Energy Services CES LLC
Contemporary Amperex Technology Co., Limited
Crowe LLP
EnergyRE
Federal Insurance Company
Grainger
Illinois Union Insurance Company
Intertek Testing Services, N.A.
KPMG LLP
Li-Cycle Inc.
Lloyd's of London
McKinsey & Company, Inc.
North River Insurance Company
Orr Protection Systems, Inc.
Schneider Electric IT Corporation
The Insurance Company of the State of Pennsylvania
United Rental
Williams Scotsman, Inc (dba WillScot)
Zurich American Insurance Company

# **EXHIBIT C**

(Gerard Uzzi Declaration)

**DENTONS US LLP**

Tania M. Moyron (admitted *pro hac vice*)
Van C. Durrer, II (admitted *pro hac vice*)
601 S. Figueroa Street #2500
Los Angeles, CA 90017
Telephone:  (213) 623-9300
Facsimile:  (213) 623-9924
Email:  tania.moyron@dentons.com
             van.durrer@dentons.com

John D. Beck (admitted *pro hac vice*)
Sarah M. Schrag (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020-1089
Telephone:  (212) 768-6700
Facsimile:  (212) 768-6800
Email:  john.beck@dentons.com
             sarah.schrag@dentons.com

*Proposed Counsel for Debtors and
Debtors in Possession*

**TOGUT, SEGAL & SEGAL LLP**

Frank A. Oswald (admitted)
550 Broad Street
Suite 1508
Newark, NJ 07102
Telephone:  (212) 594-5000
Facsimile:  (212) 967-4258
Email:  frankoswald@teamtogut.com

Albert Togut (admitted *pro hac vice*)
Amanda C. Glaubach (admitted *pro hac vice*)
Eitan Blander (admitted *pro hac vice*)
One Penn Plaza, Suite 3335
New York, New York 10119
Telephone:  (212) 594-5000
Facsimile:  (212) 967-4258
Email:  altogut@teamtogut.com
             aglaubach@teamtogut.com
             eblander@teamtogut.com

*Proposed Counsel for Debtors and
Debtors in Possession*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>Powin, LLC, *et al.*,[1]<br><br>        Debtors. | Chapter 11<br><br>Case No. 25-16137 (MBK)<br><br>(Jointly Administered) |

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are:  (i) Powin Project LLC [1583]; (ii) Powin, LLC [0504], (iii) PEOS Holdings, LLC [5476], (iv) Powin China Holdings 1, LLC [1422], (v) Powin China Holdings 2, LLC [9713], (vi) Charger Holdings, LLC [5241], (vii) Powin Energy Ontario Storage, LLC [8348], (viii) Powin Energy Operating Holdings, LLC [22495], and (ix) Powin Energy Operating, LLC [6487]. The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR  97062.

**DECLARATION OF GERARD UZZI IN SUPPORT OF THE DEBTORS'
APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND
EMPLOYMENT OF DENTONS US LLP AS COUNSEL FOR THE DEBTORS AND
DEBTORS IN <u>POSSESSION, EFFECTIVE AS OF THE PETITION DATE</u>**

I, Gerard Uzzi, being duly sworn, state the following under penalty of perjury:

1.      I am the Chief Restructuring Officer of the above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>"). I submit this declaration (this "<u>Declaration</u>") on behalf of Dentons US in support of the *Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Dentons US LLP as Attorneys for the Debtors and Debtors in Possession, Effective as of the Petition Date* (the "<u>Application</u>").[2]

2.      On June 9, 2025 (the "<u>Petition Date</u>"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") in the United States Bankruptcy Court for the District of New Jersey (the "<u>Court</u>"). I am knowledgeable and familiar with the Debtors' day-to-day operations, business and financial affairs, and the circumstances leading to the commencement of these Chapter 11 Cases.

3.      My background is set forth in the *Declaration of Gerard Uzzi in Support of Emergency First Day Motions of the Debtors* [Docket No. 13] (the "<u>First Day Declaration</u>"). After explaining my background and experience, section I of my First Day Declaration provides an overview of the Debtor, section II describes the Debtor's corporate background and business, and section III describes the circumstances that compelled the commencement of these Chapter 11 Cases. Section IV describes the capital structure of the Debtors and section V provides a summary of the first day pleadings and factual basis for the relief requested therein.

---

[2] Capitalized terms used but not defined herein will have the meaning ascribed to such terms in the Application.

4.      This Declaration is provided pursuant to Appendix B, Paragraph D.2 of the U.S.

*Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses*

*Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1,

2013 (the "Fee Guidelines"). Except as otherwise indicated herein, the facts set forth in this

Declaration are based upon my personal knowledge, information provided to me by the Debtors'

advisors, or my opinion based upon knowledge and experience as the Chief Restructuring Officer

("CRO") for the Debtors. I am authorized to submit this Declaration on behalf of the Debtors.

5.      The Debtors recognize that a comprehensive process is necessary when selecting

and managing chapter 11 counsel to ensure that bankruptcy professionals are subject to the same

client-driven market scrutiny and accountability as professionals in non-bankruptcy engagements.

6.      To that end, the review process utilized by the Debtors here assessed potential

counsel based on their expertise in the relevant legal issues and their level of knowledge with

respect to the Debtors' business operations. Dentons US was counsel to the Debtors prepetition,

and by virtue of an engagement letter executed May 2,2025, Dentons US was retained specifically

to act as restructuring counsel. Accordingly, Dentons US has become familiar with the Debtors'

business, financial affairs, restructuring objectives, and many of the potential legal issues that may

arise in the context of these chapter 11 cases.

7.      The Debtors retained Dentons US as restructuring counsel because of, among other

factors, its extensive restructuring expertise and its institutional knowledge of the Debtors. More

specifically, Dentons US is familiar with the Debtors' business operations and many of the

potential legal issues that may arise in the context of these chapter 11 cases. I believe that Dentons

US is both well qualified and uniquely able to represent the Debtors in these chapter 11 cases in

an efficient and expert manner.

8.      In my capacity as CRO, I have supervised Dentons US's engagement. Dentons US has confirmed to me that Dentons US does not vary its billing rates or the material terms of an engagement depending on whether such engagement is a bankruptcy or a non-bankruptcy engagement. Dentons US has advised me that its current customary U.S. hourly rates are $620 to $2,295 for partners, $430 to $1,280 for associates, and $240 to $650 for paraprofessionals. It is my understanding that Dentons US reviews and adjusts its billing rates annually. Dentons US has advised me that it will inform the Debtor of any adjustment to its existing rate structure.

9.      I am informed by Dentons US that its attorney billing rates are aligned each year to ensure that those rates are comparable to the billing rates of its peer firms. To the extent that there is any disparity in such rates, however, I nevertheless believe that retention of Dentons US by the Debtors is warranted in this case for the reasons set forth in the Application.

10.     I understand that Dentons US's fees and expenses will be subject to periodic review during the pendency of this chapter 11 case by, among other parties, the Office of the U.S. Trustee and the Debtors, in accordance with the terms of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, and any orders of the Court governing the procedures for approval of interim compensation of professionals retained in chapter 11 cases.

11.     I will review the invoices submitted to the Debtors and, together with Dentons US, amend such invoices as necessary.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true

and correct to the best of my knowledge and belief.

Dated: July 7, 2025                          */s/Gerard Uzzi*
                                             Gerard Uzzi
                                             Chief Restructuring Officer
                                             Powin, LLC

## **EXHIBIT D**

(Engagement Letter)

**DENTONS**

Van C. Durrer, II
van.durrer@dentons.com
D   +1 213-243-6050

Dentons US LLP
601 South Figueroa Street
Suite 2500
Los Angeles, CA  90017-5704
United States

dentons.com

As of June 9, 2025

John Brecker, Independent Manager
Powin, LLC
20550 SW 115th Avenue
Tualatin, OR  97062

Re:      *Updated Engagement Agreement*

Dear John:

Thank you for choosing Dentons US LLP to represent Powin, LLC, including you, in your capacity as the Independent Manager of Powin, LLC (collectively, the "**Client**") in the matter described below.

**Our Client.** The purpose of this Engagement Letter, as well as the associated Terms of Business, is to set forth the Engagement Agreement by which Dentons US LLP will represent the Client.

**Scope of Representation.** We have agreed to provide legal services in connection with the recapitalization of the Client and/or the restructuring of the Client's existing obligations including through a bankruptcy case under chapter 11 of title 11 of the United States Code (the "**Chapter 11 Case**") for the Client and certain affiliates (the "**Restructuring Process**").

**Terms of Business.** Attached is a copy of our Terms.

**Our Team and Charges.** Although I will be principally responsible for this engagement, it is anticipated that other lawyers and professionals will be involved. Our fees will be based primarily on the time devoted to the representation, and the billing rates charged by each timekeeper. Currently, our standard hourly charges range from $210 to $1,800 per hour depending on the lawyer's or professional's experience. For example, my time is billed at $1,800 per hour.  If this engagement results in one or more transactions or a direct economic benefit to the Client, with your concurrence as provided below, our fee would reflect a variety of factors.  These factors include our hourly time charges, as noted above, the overall benefit to the Client of such transactions, the Client's subjective appraisal of our contribution to such transactions, the cost-control and efficiency exercised in our execution of the engagement, the personal contribution of our partners coordinating and managing the engagement, our success in collaboration with the Client's management and integration with the Client's legal staff and co-counsel and the view of the Client.  As to each of these factors, we consider it very important and would not submit a final statement for services rendered in excess of our hourly time charges without having discussed our fee in advance with the Client based on the factors mentioned above and obtaining your concurrence.  Our representation of you also will involve costs, which are reviewed in the Terms.  Of course, all fees and expenses incurred in connection with any Chapter 11 Case will also be subject to approval of the United States Bankruptcy Court.

dentons.com

**Conflicts.** Our Terms include provisions regarding conflicts.  For example, from time to time, we represent KKR & Co. Inc. and BHE Renewables, LLC in matters unrelated to the Client.  Although we do not believe any existing other representations will interfere with our ability to represent you, this other work may create a conflict of interest.  Based on our discussions, this Letter will confirm in writing your informed consent to and waiver of any such conflict. We would ask you to further memorialize your consent by signing and returning a copy of this Letter.

**Right to Arbitration.** You have the right to elect arbitration under the procedures set out in the California Business and Professions Code section 6200, *et seq*. Those procedures permit a trial after arbitration, unless the parties agree in writing after the dispute has arisen to be bound by the arbitration award.

* * *

Please indicate your agreement to the Letter and Terms by executing a copy of this Letter in the space provided below and returning it. A facsimile or scanned copy delivered via email are as acceptable as an original. We appreciate prompt receipt of an executed copy, but will commence work based on the understandings contained in this letter prior to our receipt of your signature. Of course, please contact me if you have any questions about anything in this Letter or the Terms, or with respect to any aspect of our representation of you.

Again, we are very pleased to have this opportunity to be of service and to work with you.

Sincerely,

Dentons US LLP

Van C. Durrer, II

Enclosures:      Terms of Business

**DENTONS**

John Brecker, Independent Manager
As of June 9, 2025
Page 3

dentons.com

### Agreement and Acceptance

The undersigned hereby acknowledges and agrees that he or she has reviewed and understands the terms and conditions of this Letter and the Terms. The undersigned further agrees and accepts these provisions, including, but not limited to, all disclosures regarding conflicts of interest, and hereby waives any conflict or potential conflict of interest as set forth therein.

6/9/2025 | 4:14 PM CDT

Date: _____

Powin LLC

DocuSigned by:

14D506C37E95469...

By: John Brecker

Its: Independent Manager

130165037

# Terms of Business

## Dentons US LLP

**DENTONS**

January 2024

## Welcome to Dentons.

### Dentons and You

1. The accompanying Engagement Letter ("Letter") identifies our only client(s) in this matter ("you" and "your"), as well as any specific limitations on those that may instruct us, and the scope of our representation of you. Except as provided in the Letter, we do not represent any other persons or entities, including any of your owners, subsidiaries, or other affiliates. Our advice and work are provided solely for the benefit of our client(s) identified in the Letter which, together with these Terms, form our Engagement Agreement ("Agreement") with you, and applies as soon as we start acting on your instruction, regardless of when and whether you sign the Letter.

2. The partners of Dentons US LLP also are partners of Dentons United States LLP, which is the US Region member of Dentons Group (a Swiss Verein), whose members and their respective subsidiaries, affiliates and related entities (each, a "Dentons Legal Practice," and, collectively, "Dentons") provide legal and related services around the world. The identity of each Dentons Legal Practice providing legal services in a particular location may be found at dentons.com/legal-notices.

3. The Agreement is between you and the specific Dentons Legal Practice named in the Letter only ("we", "us", or "our") and not with any other Dentons Legal Practice; any individual partner, employee, or agent; or any other Dentons entity.

4. Other Dentons Legal Practices outside the US Region represent clients, including entities and individuals that may enter into transactions or have disputes with you or your related entities. Unless otherwise agreed in writing, you agree that Dentons' representations in other countries do not conflict with our representation of you in this country, and that you will not assert that Dentons Legal Practices in other countries are precluded from representing those entities and individuals.

5. We may involve different Dentons Legal Practices, within or outside the US Region, or others to help with your matter. Unless we state otherwise, we will do so by subcontract and we will remain responsible for reporting to you and invoicing for all the work performed on the matter. In such circumstances, you agree to your data and documents being disclosed and that we may pay or apportion part of our fees and costs for the work in a manner that may be considered a referral fee in some jurisdictions.

### Our Working Relationship

6. Effective representation requires open and honest communication throughout our relationship. We need you to give clear and timely instructions, provide relevant information and documents, and make yourself available for consultation.

7. Generally, communications between a lawyer and client regarding legal advice are privileged and confidential. You may jeopardize these protections by disclosing our communications to others. You agree we are under no duty to disclose to you or use any information that is confidential to another client or any other person.

8. We may communicate with you through various forms of electronic communications. While we take great care to protect our communications from unauthorized access, viruses and other associated risks, we cannot guarantee their safety and security. We recommend that you use secure platforms for communication and collaboration with us, and we discourage use of unsecure third-party services. Where you choose to use such services, you accept the risks of unauthorized access and indemnify and hold us harmless if the security of such communications are breached.

9. You should carefully check for any insurance policies that might relate to the work we do for you, and notify your insurers promptly to protect your rights. Unless you provide copies of these policies to us and we commit to advise on them in the Letter, you agree we are not responsible for advising you about the existence or applicability of any insurance coverage.

### Advance Clearance of Conflicts

10. We represent a wide variety of entities and individuals, some of whom may be in your sector or industry or, for instance, may be your borrowers, investors, shareholders, creditors, or other parties with interests in a business transaction (e.g., mergers and acquisitions, financings, investments and negotiation of commercial agreements), litigation, bankruptcy, insolvency, administrative or regulatory proceedings, lobbying or other matters, which may conflict with yours. As a condition of our representation of you, you agree that, without further consent or notice, we may represent other clients in such matters, and you will not seek to disqualify us from such matters, even if they are directly adverse to you, as long as: (1) those matters are not

substantially related to our representation of you; (2) we screen our lawyers and professionals who have your confidential information that may be relevant to such matters from any involvement in the adverse representation; and (3) we conclude that such other representation will not conflict with our professional responsibilities to you. Of course, we will not use any confidential information received from you in any way inconsistent with our professional responsibilities. By signing the Letter, you consent that we may be adverse to you on behalf of other clients as described herein, and acknowledge that you had the opportunity to seek the advice of independent counsel. If this waiver is not effective for any reason, you agree that we may withdraw from our representation of you and you will not oppose such withdrawal.  In such event, you would need to retain new counsel at your expense.

### Fees and Costs

11. Our billing rates are set out in the Letter, but may be adjusted from time to time. You will be charged the rates in effect at the time services are performed.

12. We may charge and you agree to pay for costs including travel, delivery services, imaging, printing, court fees, auditing and assurance services, and other expenses. For items we purchase in bulk or through fixed fee arrangements, such as computerized research, technology and support services, we will charge you a rate reasonably apportioned to you. You agree to pay costs to any third parties retained by us on your behalf, including experts, consultants and local counsel. In some circumstances, we may advance costs on your behalf and you agree to reimburse us within 30 days. We may not hold originals of receipts for costs, which may be available only in electronic form.

13. Any estimate creates neither a floor nor a ceiling on your obligation to pay. Actual fees and costs may deviate significantly. We undertake no obligation to update a prior estimate.

14. Our fees and costs, as well as those from any other Dentons Legal Practice or third parties, exclude any sales, services, use, excise, transfer, value-added or similar taxes. Those taxes will be included in our invoices and are payable by you. If you or another payor is required to make any deduction when paying our invoices, you must increase

the overall payment so that we receive a net sum equal to our full invoiced amount.

15. Our policy is to bill monthly, except that we reserve the right to issue an interim bill and to change the frequency of billing and the time for payment. If you disagree with any invoice, please contact us immediately; otherwise we will understand that the invoice is agreeable to you. Our invoices are payable when delivered on the terms set forth therein, and you remain responsible for paying them even if you have an arrangement with a third party payor for payment. If full payment is not received when due, we reserve the right to suspend services, terminate our representation, withdraw, charge reasonable interest, and hold you responsible for any collection costs, including reasonable attorneys' fees.

16. In adversarial proceedings, you agree that as of 90 days before any scheduled trial or arbitration date (or a later time that we may make such request), all fees and costs incurred up to that point will be paid and you will either provide us with a deposit (or augment any existing deposit) or make another satisfactory arrangement to ensure payment of all fees and costs estimated to be incurred from that point through the end of trial or arbitration.

### Privacy and Data Protection

17. Anti-money laundering, anti-bribery, antiterrorist and similar laws require compliance with client identification, verification, and other rules. We may not be able to represent you until we have all the information we need for these purposes.

18.  Dentons is committed to ensuring the privacy and confidentiality of personal data disclosed to us in the course of our work for you. We will handle personal data you send to us about you, your employees, agents, contractors or other individuals in accordance with data protection and privacy standards equivalent to or higher than those required by law. We may transfer such data between locations in order to provide legal services to you.

19.  Where we process personal data as provided above we do so as a data controller and we ultimately take responsibility for carrying out the data processing in compliance with applicable data protection and privacy laws. An overview of the categories of personal data we collect and how we

use it is provided in the Privacy Policy that you may find at www.dentons.com/en/privacy-policy. You confirm to us that, to the extent reasonable, you will communicate this Privacy Policy to any individuals whose personal data you provide to us. Any personal data supplied by us to you about our employees and/or any other individuals may only be used for the expressed purposes for which that information is provided to you.

### Financial Crime and Regulations

20. Under the Corporate Transparency Act (and similar state laws), certain corporations, limited liability companies and other entities may be required to file reports with the government concerning their beneficial owners and other related information regarding the entity. While this reporting obligation may apply either to you (as an existing entity) or to an entity formed or qualified to do business in the United States in connection with our representation of you, you agree that we will have no obligation to prepare or file such reports on your behalf unless we specifically agree to do so. In addition, we shall have no obligation to update any such reports, even if we agreed to file the initial report, unless we specifically agree to do so. If we agree to update the required report, you will remain responsible for promptly informing us of any changes that require updated reporting. If we agree to file reports on your behalf, you represent that all information you provide to us for filing shall be accurate in all respects and you acknowledge that we will have no obligation to verify such information independently.

21. We do not tolerate bribery or corruption.  In some jurisdictions, the law may require reporting of knowledge or suspicion that certain criminal offenses have been committed, regardless of whether a client or third party committed the offence. In these circumstances, we may not be able to discuss these reports with you because of those restrictions and we may have to stop acting for you. You agree that Dentons is not responsible for any adverse impact you may suffer as a result of compliance with these laws and regulations.

22. Our anti-money laundering, anti-bribery, anti-terrorism and sanctions policies may require us to carry out due diligence on our clients and, where applicable, anyone who instructs us on the client's behalf, and review that due diligence on an ongoing basis. These policies are in compliance with the

various laws and rules applicable in the locations in which we operate and also based on our risk assessment. These policies may apply to you and any individuals who instruct us on your behalf and we may not be able to represent you (or continue to represent you) until we have all of the information we need for these purposes. We will process any such information in accordance with any applicable laws.

23. We follow all applicable governmental sanctions requirements. We may not be able to receive payments from certain countries or may be required to make report of such payments.  You agree to inform us immediately if you or your directors, officers, shareholders or beneficial owners are, or become, subject to sanctions or are located or resident in a sanctioned location, and agree that in such a case we may terminate our representation of you without liability.

## Files and Documents

24. We may maintain a client file relating to our representation of you. Absent legal requirements or written agreement with you to the contrary, we may dispose of the client file and other records relating to our representation of you seven years after we last performed work on the matter without further notice to you.  Documents containing our work product, mental impressions, notes, drafts, and emails will not be considered part of the client file.  Following written request and payment for involved costs, we may provide a copy of the client file to you.

25. If we use or prepare a translation, you should be aware that words and legal concepts used in one language may not have equivalents in another. You should not assume that any translation exactly replicates the original text.

## General

26. While we will exercise reasonable care and skill in all matters undertaken by us, we do not guarantee any particular outcome. Our professional fees and your obligation to pay for them in full are not dependent or contingent upon the business or commercial outcome of your matter. We shall not be providing, obtaining or reviewing on your behalf any non-legal advice (such as business, commercial, financial, technical, insurance, accounting, broking, actuarial, environmental, or information technology) or technical matters (such as engineering

specifications or financial calculations), except where we expressly agree to do so. Where documents that we draft, or on which we comment, include provisions covering such matters, you should review those provisions, or arrange for other qualified advisers to do so, to satisfy yourself that they meet your commercial objectives.

27. Any advice provided by us is our opinion only, based on the facts known to us and on our professional judgment, and is subject to any changes in the law after the date on which the advice is given.  We are not liable for errors in, or omissions from, any information provided by third parties.

28. Our advice relates only to each particular matter on which you engage us. Once that matter has concluded, we will not owe you any duty or liability with respect to any related or other matters unless you specifically instruct us in those related or other matters.

29. If we act for more than one person or entity on your matters, you agree that we can accept instructions from any of you, unless otherwise agreed in writing. We may terminate the Engagement Agreement where, in our sole opinion, there is or may be a conflict of interest between any of you, or if we would otherwise be obliged to act in a manner contrary to the interests of one of you. By entering into the Engagement Agreement, you each agree to immediately notify us if there is any dispute or a conflict of interest which arises between you while we act for you. Your liability to us under our Engagement Agreement is joint and several.  You may request us to apportion any bill between you, but this will not affect your joint and several liability to us.

30. We are often asked for information about our experience. You consent to our disclosure that you are a client, as well as a general description of our work for you.

31. You will not refer to our advice in connection with any financial statement or public document unless otherwise agreed in writing.

32. The Engagement Agreement cannot be modified by any policies, procedures, guidelines, correspondence, or other document from you unless otherwise agreed to in writing by a partner of this Dentons Legal Practice. If there is a conflict between these Terms and the Letter, the provisions of the Letter control. If any part of the Engagement

Agreement is held to be illegal, invalid or unenforceable, it shall not form part of the agreement and the balance shall remain enforceable and shall not be affected.

33. We do not intend any of the Terms to be enforceable by any person who is not a party to the Engagement Agreement. We do not require consent from third parties to rescind, vary, waive, assign, novate or otherwise dispose of all or any of our respective rights or obligations under the Engagement Agreement.

## Conclusion of Representation

34. You may terminate our representation of you at any time for any reason.  We may terminate our representation of you at any time, consistent with our ethical obligations. We expressly reserve the right to stop acting for you, and you expressly consent to our right to terminate, if you fail to pay for amounts invoiced or requested on account for prospective fees and costs.  You remain responsible for paying fees and costs related to work performed before the end of the representation, and we will not be liable for any resulting loss.

35. If not terminated otherwise, our representation of you will end when we have completed the services described in the Letter; send our final invoice; or, unless otherwise agreed in writing, after six months of furnishing no billable services to you, whichever occurs sooner without further written confirmation. Any new representation will require a new signed Engagement Letter, notwithstanding any communications or administrative actions after that period.