|  |  |
|---|---|
| **UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY** <br><br> **Caption in Compliance with D.N.J. LBR 9004-1(b)** <br><br>Kyriaki Christodoulou, Esq. <br>Michelle McMahon, Esq. (pro hac vice *forthcoming*) <br>One Battery Park Plaza, 34th Fl. <br>New York, New York 10004 <br>(212) 510-2296 <br>Email: mmcmahon@cullenllp.com <br>           kchristodoulou@cullenllp.com <br>-and- <br><br>Molly J. Kjartanson (pro hac vice *forthcoming*) <br>Hannah-Kaye Fleming (pro hac vice *forthcoming*) <br>SNELL & WILMER L.L.P. <br>One East Washington Street, Suite 2700 <br>Phoenix, Arizona 85004-2556 <br>Telephone:   602.382.6000 <br>Facsimile:    602.382.6070 <br>Email:       hkfleming@swlaw.com <br>                 mkjartanson@swlaw.com <br><br>*Attorneys for Arevon Energy, Inc.* |  |
| In re: <br><br> POWIN, LLC, *et al.*,[1] <br><br>                Debtors. | CHAPTER 11 <br><br> Case Number: 25-16137 (MBK) |

## AREVON ENERGY, INC.'S RESERVATION OF RIGHTS RE: OMNIBUS MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER (I) AUTHORIZING THE REJECTION OF LEGACY CUSTOMER CONTRACTS AND (II) GRANTING RELATED RELIF

Arevon Energy, Inc. ("Arevon"), by and through its undersigned counsel, hereby files this reservation of rights (the "Reservation") to the *Omnibus Motion of the Debtors for Entry of an*

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin Project LLC [1583], (ii) Powin, LLC [0504], (iii) PEOS Holdings, LLC [5476], (iv) Powin China Holdings 1, LLC [1422], (v) Powin China Holdings 2, LLC [9713], (vi) Charger Holdings, LLC [5241], (vii) Powin Energy Ontario Storage, LLC [8348], (viii) Powin Energy Operating Holdings, LLC [2495], (ix) Powin Energy Operating, LLC [6487]. The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR 97062.

*Order (I) Authorizing the Rejection of Legacy Customer Contracts and (II) Granting Related Relief* (the "Rejection Motion").[2] In support of the Reservation, Arevon respectfully submits as follows:

1. Arevon manages and is under common control with SCS Van Wyck 012823 Croton On Hudson, LLC ("Croton Harmon"). Arevon, through an affiliate, acquired Croton Harmon from Sol Systems, LLC ("Sol Systems") on March 4, 2022.

2. Croton Harmon and Powin, LLC ("Powin") are parties to a certain energy supply agreement (the "ESA"), dated November 23, 2021, pursuant to which Powin agreed to provide an energy storage system for a certain renewable energy storage project developed by Sol Systems and subsequently acquired by Arevon's affiliate, who Arevon also manages and is under common control with.

3. In addition to the ESA, Croton Harmon entered into a long-term service agreement (the "LTSA") with Powin on February 10, 2025.

4. Under the ESA and LTSA (collectively, the "Agreements"), Powin granted Croton Harmon a license to use, among other things, any of Powin's intellectual property in and to the technology for certain energy storage system equipment.[3]

5. On June 9 and 10, 2025 (the "Petition Date"), the Debtors commenced the above captioned bankruptcy cases (the "Bankruptcy Cases") by filing voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey (the "Court").

6. On June 17, 2025, Debtors filed the Rejection Motion seeking to reject certain customer contracts as of the Petition Date [Docket No. 88]. Specifically, through the Rejection

---

[2]  Capitalized terms not defined herein have the meaning set forth in Debtors' Rejection Motion.
[3]  By their own terms the Agreements are confidential. If necessary, Arevon can provide the Agreements to the Court and Powin in camera or subsequently file them with the Court subject to an order to seal.

Motion, the Debtors seek to reject the Agreements.

7.      Arevon does not oppose the Debtors' Rejection Motion. As a licensee of intellectual property, however, Arevon is entitled under Section 365(n) of the Bankruptcy Code to elect either:

> (A) to treat such contract as terminated by such rejection if such rejection by the trustee amounts to such a breach as would entitle the licensee to treat such contract as terminated by virtue of its own terms, applicable nonbankruptcy law, or an agreement made by the licensee with another entity; or
>
> (B) to retain its rights (including a right to enforce any exclusivity provision of such contract, but excluding any other right under applicable nonbankruptcy law to specific performance of such contract) under such contract and under any agreement supplementary to such contract, to such intellectual property (including any embodiment of such intellectual property to the extent protected by applicable nonbankruptcy law), as such rights existed immediately before the case commenced, for—
>
> (i) the duration of such contract; and
> (ii) any period for which such contract may be extended by the licensee as of right under applicable nonbankruptcy law.

11 U.S.C. § 365(n)(1).[4]

8.      On July 3, 2025, undersigned counsel sent Debtors' counsel notice of Arevon's 365(n) election ("365(n) Election Notice") and reservation of Arevons' rights under 365(g) with respect to trademarks.[5] A true and correct copy of the 365(n) Election Notice is attached as **Exhibit A**.

9.      In the event the Court grants the Rejection Motion, Arevon hereby reserves all its rights and interest in intellectual property, including trademarks, under the Agreements, as

---

[4]     Unless otherwise stated herein, all Chapter and Section references are to Title 11 of the U.S. Code (the "Bankruptcy Code").

[5]     While trademark licenses are expressly excluded from the definition of "intellectual property" subject to Section 365(n), the Supreme Court in *Mission Product Holdings, Inc. v. Tempnology* confirmed rejection does not terminate a trademark licensee's right to use a licensed trademark. 139 S. Ct. 1652, 1662-66 (2019) ("A debtor's rejection of an executory contract in bankruptcy has the same effect as a breach of that contract outside of bankruptcy. Such an act cannot rescind rights that the contract previously granted.")

provided under Sections 365(n)(1)(B) and 365(g) of the Bankruptcy Code.

10. To the extent the Rejection Motion seeks to limit, modify, eviscerate, or affect Arevon's rights under Bankruptcy Code Section 365(n) it is objectionable as a matter of law.

11. Nothing herein shall be construed as a waiver of any of Arevon's rights under the Agreements or applicable law, including but not limited to Arevon's right to assert a claim for rejection damages against Powin.

Dated: July 8, 2025                          CULLEN AND DYKMAN LLP


By: */s/ Kyriaki Christodoulou*

    Kyriaki Christodoulou, Esq.
    Michelle McMahon, Esq. (pro hac vice *forthcoming*)
    One Battery Park Plaza, 34th Fl.
    New York, New York 10004
    (212) 510-2296
    Email: mmcmahon@cullenllp.com
     kchristodoulou@cullenllp.com

    -and-

    SNELL & WILMER L.L.P.

    Molly J. Kjartanson (pro hac vice *forthcoming*)
    Hannah K. Fleming (pro hac vice *forthcoming*)
    One East Washington Street, Suite 2700
    Phoenix, Arizona 85004-2556
    Telephone:     602.382.6000
    Facsimile:      602.382.6070
    Email:   hkfleming@swlaw.com
         mkjartanson@swlaw.com

    *Attorneys for Arevon Energy, Inc.*

## **CERTIFICATE OF SERVICE**

      I certify that on July 8, 2025, I caused a true and correct copy of the foregoing document to be: (i) served by the Electronic Case Filing System for the United States Bankruptcy Court for the District of New Jersey on those parties registered to receive electronic notices, and (ii) served upon the United States Trustee for Region 3 – New Jersey Office at the address below.

U.S. Trustee
US Dept of Justice
Office of the US Trustee
Attn: Lauren Bielskie and
Jeffrey M. Sponder
One Newark Center Ste 2100
Newark, NJ 07102

                                                      /s/  Kyriaki Christodoulou
                                                      Kyriaki Christodoulou, Esq.