| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** | |
| Caption in Compliance with D.N.J. LBR 9004-1(b) <br> **SHERMAN, SILVERSTEIN, KOHL, ROSE & PODOLSKY, P.A.** <br> Arthur J. Abramowitz <br> Ross J. Switkes <br> 308 Harper Drive, Suite 200 <br> Moorestown, NJ 08057 <br> Tel: (856) 662-0700 <br> Email:  aabramowitz@shermansilverstein.com <br>         rswitkes@shermansilverstein.com <br><br> *Co-Counsel to Ace Engineering* | **STEPTOE** <br> Timothy W. Walsh (admitted *pro hac vice*) <br> Steven Davidson (admitted *pro hac vice*) <br> Zach Song <br> 114 Avenue of the Americas <br> New York, NY 10036 <br> Tel: (212) 506-3900 <br> Email:  twwalsh@steptoe.com <br>         sdavidson@steptoe.com <br>         zsong@steptoe.com <br><br> *Co-Counsel to Ace Engineering* |

| | |
|---|---|
| In re: <br><br> POWIN, LLC, *et al.*, <br><br>      Debtors. | Chapter 11 <br><br> Case No. 25-16137 (MBK) <br><br> (Jointly Administered) <br><br> Honorable Michael B. Kaplan, U.S.B.J. |

### LIMITED OBJECTION OF CREDITOR ACE ENGINEERING & CO., LTD. TO MAINFREIGHT INC.'S MOTION TO CONFIRM THAT THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(A) DOES NOT APPLY TO CERTAIN GOODS IN ITS POSSESSION

Ace Engineering & Co., Ltd. ("Ace"), by their undersigned counsel Steptoe LLP, file this *Limited Objection to Mainfreight Inc.'s Motion to Confirm that the Automatic Stay Pursuant to 11 U.S.C. § 362(a) Does Not Apply to Certain Goods in its Possession* (the "Objection"), stating the following:

### BACKGROUND

1.       On June 10, 2025 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

2.      The Debtors and Ace entered into that certain *Manufacturing Services Agreement* dated December 12, 2022 (the "MSA"), pursuant to which Ace supplied Debtors with shipments primarily composed of power units and electric components.

3.      Debtors missed several payments scheduled by the MSA, accumulating at least $100,104,820.79 in unsecured debt to Ace, as scheduled. *Chapter 11 Voluntary Petition* [Docket No. 1] at p. 8. In addition, Ace is owed at least another $10,232,822.69 in unsecured debt not scheduled by the Debtors. This claim may be supplemented as Ace develops and files its proof of claim. In light of Debtors' breach, Debtors and Ace entered into that certain *Settlement Agreement* dated March 1, 2025 (the "Settlement Agreement"). Ace executed the Settlement Agreement, continuing shipments, in reliance on the Debtors' repeated assurances of financial health, explained further below.

4.      In accordance with the MSA, Ace sent its last Shipment[1] to the Debtors, which the Debtors  received on or about May 30, 2025. Ace has reason to believe that Debtors were insolvent upon the May 30, 2025 delivery, and remain so at the time of filing this Objection.

5.      The Shipment is being held by Mainfreight Air & Ocean Pty. Ltd. ("Mainfreight") at its Norfolk, Virginia facility. *Mainfreight Inc.'s Motion to Confirm that the Automatic Stay Pursuant to 11 U.S.C. Section 362(a) Does Not Apply to Certain Goods in its Possession* [Docket No. 180], ¶ 11 (the "Motion") ("Between April 4, 2025 and April 11, 2025, the Debtor purchased various electrical components … from ACE Engineering & Co. Ltd."). Mainfreight alleges that it holds the Shipment pursuant to a maritime lien due to Debtors' nonpayment. *Id*. at ¶ 1. Mainfreight

---

[1] The Shipment pertains to invoices 319-1319-0021-01; 319-1319-0021-OUT001; 319-1319-0021-02; 319-1319-0021-OUT002; 319-1319-0018-01; 319-1319-0018-OUT001; 319-1319-0018-02; and 319-1319-0018-OUT002, attached as **Exhibit A**.

further alleges that Debtors owed Mainfreight $11,068,660.44 USD for transportation and logistics services rendered as of the Petition Date, which grew to $13.1 million as of June 27, 2025.

6.    The Debtors allegedly transferred title to some or all of the contents of the Shipment (the "Goods") to BHER Ravenswood Solar 1, LLC ("BHER") on June 8, 2025, on the eve of the Petition Date. *Id*. at ¶ 17, Exhibit F.

*7.*    On June 30, 2025, 20 days after the Petition Date, Ace sent the Debtors' counsel the *Demand Letter Re: Reclamation of Shipment Pursuant to Section 546(C)(1) of the Bankruptcy Code* (the "Demand Letter"), attached hereto as **Exhibit B**.

## JURISDICTION AND VENUE

8.    This Court has jurisdiction over this Motion pursuant to 28 U.S.C. Sections 157 and 1334 and Standing Order of Reference 12-1 from the United States District Court for the District of New Jersey, dated as of September 18, 2012. This is a core proceeding under 28 U.S.C. Section 157(b).

9.    Venue is proper in this district under 28 U.S.C. Sections 1408 and 1409. Mainfreight consents to the entry of a final order on this Motion if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

10.    The statutory predicates for the relief sought herein are sections 105 and 362 of title 11 of the United States Code, Sections 101 et seq. (the "Bankruptcy Code"), and Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

11.    The MSA is governed by Delaware law. *See* MSA at §13.1.

## <u>LIMITED OBJECTION</u>

12.     Generally, Ace agrees with Mainfreight's contention that the automatic stay does not apply to the Goods. Ace objects to Mainfreight's assertion that the Goods belong to BHER.

13.     The Goods belong to Ace, pursuant to Delaware law and Section 546(C)(1) of the Bankruptcy Code. Ace has protected and exercised its right to reclamation, and thus the transfer of the Goods from the Debtors to BHER should be unwound,  returning title to the Goods to Ace.

14.     Delaware law gives suppliers such as Ace the right to reclaim the Shipment under certain conditions.

> Where the seller discovers that the buyer has received goods on credit while insolvent he or she may reclaim the goods upon demand made within ten days after the receipt, but if misrepresentation of solvency has been made to the particular seller in writing within three months before delivery the ten day limitation does not apply.

<u>Del. Code.</u> tit. 6, § 2-702.

15.     Here, Ace sent the Shipment on April 12, 2025. The Shipment did not arrive until May 30, 2025. The Shipment was sold on credit, in accordance with the MSA.

16.     Ace is entitled to reclamation because the Debtors made written representations of solvency in connection with the Settlement Agreement within three months of receiving the Shipment. <u>Id</u>. Kevin Paprzycki, the Debtors' chief financial officer, made frequent written representations that the Debtors were not only solvent, but would be able to make frequent payments in order to "eliminate [the Debtors'] overdue balance with Ace by end of Q3". A copy of the email in question is attached as **<u>Exhibit C</u>**.

17.     These representations were bolstered on December 20, 2024, when the Debtors' board of directors resolved to enter into the *Powin Payment Plan*, attached as **<u>Exhibit D</u>**, assuring

Ace that the Debtors were "able to make significant progress in the energy storage market,"

enabling the Debtors to pay off $119.73 million in past due debt on or before June 30, 2025.

18.     Section 546 further protects that right, stating that:

… a seller of goods that has sold goods to the debtor, in the ordinary course of such
seller's business, to reclaim such goods if the debtor has received such goods while
insolvent, within 45 days before the date of the commencement of a case under this
title, but such seller may not reclaim such goods unless such seller demands in
writing reclamation of such goods--
    (A) not later than 45 days after the date of receipt of such goods by the
debtor; or
    (B) not later than 20 days after the date of commencement of the case, if the
45-day period expires after the commencement of the case.

§ 546(c)(1) of the Bankruptcy Code.

19.     Here, Ace sold goods to the Debtors pursuant to the MSA, in the ordinary course

of business. The Shipment was the last of hundreds similar shipments, dating back to 2022, when

the MSA took effect.

20.     The Third Circuit has lamented that "[t]here is no definition of 'receipt' in the

Bankruptcy Code, but U.C.C. [Section] 2–103(1)(c) defines receipt of goods as 'taking physical

possession of them.' Matter of Marin Motor Oil, Inc., 740 F.2d 220, 224–25 (3d Cir. 1984).

21.     The Shipment was delivered on May 30, 2025, well within 45 days of the Petition

Date. Demand was furnished in writing on June 30, exactly 20 days after the Petition Date, in the

form of the Demand Letter.

22.     Under the Bankruptcy Code, a corporation is insolvent if its liabilities are greater

than its assets, exclusive of property fraudulently transferred. 11 U.S.C. § 101(31)(A). Matter of

Cont'l Airlines, Inc., 125 B.R. 415, 417 (Bankr. D. Del. 1991).

23.    The Debtors were insolvent on May 30, 2025, when they received the Goods. The Debtors owe at least $110,337,643.48 to Ace for unsecured debts alone. *Chapter 11 Voluntary Petition* [Docket No. 1] at p. 8.

24.    While it might be difficult to unwind the transfer of the goods from the Debtors to BHER, it is not impossible. All of the Goods are in one location, where they are in ostensibly the same condition that they were when they were delivered. Unwinding the transfer of title from the Debtors to BHER would be a manageable feat.

25.    At minimum, Ace is entitled to an administrative claim under Section 503(b)(9) for the value of the Goods. Section 546(c)(2) "allows the court to deny repossession in favor of granting the seller an administrative expense claim under § 503(b)". Id. at 237–38. In the event that the court refuses to unwind the transfer of the Goods from the Debtors to BEHR, Ace should at least be granted and administrative claim against the Debtors for $13,520,599.26.

26.    The Goods were sold to Powin for $13,520,599.26. See Exhibit A. The Goods have not been opened and have been stored in Mainfreight's warehouse since delivery.

27.    The transfer of the Goods from the Debtors to BHER should be unwound, and the Goods returned to Ace. Alternatively, the value of the Goods should be granted to Ace as an administrative claim.

**{Remainder of page intentionally left blank}**

## **CONCLUSION**

Wherefore, Ace respectfully requests that the Court (i) confirm the Motion in part, holding that the automatic stay pursuant to 11 U.S.C. Section 362 does not apply to certain goods in Mainfreight's possession; (ii) deny the Motion to the extent that it claims that the goods belong to BHER; (iii) either (a) unwind the transfer of title to the Goods from the Debtors to BHER and confirm that the Goods must be returned to Ace; or (b) award Ace an administrative claim in the amount of $13,520,599.26 for the value of the Goods unable to be reclaimed; and (iv) and any other relief that the Court sees as proper.

Dated: July 9, 2025

<div style="margin-left: 40%;">

By: */s/ Arthur J. Abramowitz*

Arthur J. Abramowitz
Ross J. Switkes
**SHERMAN, SILVERSTEIN,**
**KOHL, ROSE & PODOLSKY, P.A.**
308 Harper Drive, Suite 200
Moorestown, NJ 08057
Tel: (856) 662-0700
Email: aabramowitz@shermansilverstein.com
      rswitkes@shermansilverstein.com

-and-

Timothy W. Walsh
**STEPTOE LLP**
1114 Avenue of the Americas
New York, NY  10036
Telephone: (212) 957-3085
Email: twwalsh@steptoe.com

*Co-Counsel for Ace Engineering & Co., Ltd.*

</div>

## **Exhibit A**

| No | Project Name | PO# | SO# (Invoice#) | Amount |
|----|--------------|-----|----------------|--------|
| 211 | Ravenswood ES Project | PO-14573 | 319-1319-0021-01 | $3,456,936.00 |
| 212 | Ravenswood ES - Trans | PO-15413 | 319-1319-0021-OUT001 | $54,010.00 |
| 213 | Ravenswood ES Project | PO-14573 | 319-1319-0021-02 | $2,350,716.48 |
| 214 | Ravenswood ES - Trans | PO-15413 | 319-1319-0021-OUT002 | $36,726.80 |
| 215 | Trenton CS Project | PO-17601 | 319-1319-0018-01 | $3,451,848.00 |
| 216 | Trenton CS - Trans | PO-15405 | 319-1319-0018-OUT001 | $12,792.90 |
| 217 | Trenton CS Project | PO-17601 | 319-1319-0018-02 | $4,142,217.60 |
| 218 | Trenton CS - Trans | PO-15405 | 319-1319-0018-OUT002 | $15,351.48 |

**Exhibit B**

Timothy Walsh
1114 Avenue of the Americas
New York, NY 10036
TwWalsh@Steptoe.com
212.957.3085

Joseph Archambeau
1114 Avenue of the Americas
New York, NY 10036
JArchambeau@Steptoe.com
212.378.7525

Steven Davidson
1330 Connecticut Avenue NW
Washington, DC 20036
SDavidson@Steptoe.com
202.429.8077

**Steptoe**

## Demand Letter

June 30, 2025

### By E-mail and Federal Express

TOGUT, SEGAL & SEGAL LLP
Frank Oswald
550 Broad St
Suite 1508
Newark, NJ 07102
FrankOswald@teamtogut.com

DENTONS US LLP
Van C. Durrer
601 S. Figuero St. Suite 2500
Los Angeles, CA 90017
Van.Durrer@dentons.com

### Re: Reclamation of Shipment Pursuant to Section 546(C)(1) of the Bankruptcy Code

Messrs. Oswald and Durrer:

We represent Ace Engineering & Co., Ltd. ("Ace") in connection with its claims against Powin, LLC (the "Debtor"). Pursuant to 11 U.S.C. Section 546(C)(1),

> … a seller of goods that has sold goods to the debtor, in the ordinary course of such seller's business, to reclaim such goods if the debtor has received such goods while insolvent, within 45 days before the date of the commencement of a case under this title, but such seller may not reclaim such goods unless such seller demands in writing reclamation of such goods--
> (A) not later than 45 days after the date of receipt of such goods by the debtor; or
> (B) not later than 20 days after the date of commencement of the case, if the 45-day period expires after the commencement of the case.

Ace sent frequent shipments to Debtor pursuant to that certain *Manufacturing Services Agreement* dated December 12, 2022 (the "MSA"). Ace has sold to Debtor for several years, at agreed upon terms. The "Shipment"[1] was the most recent such shipment in the ordinary course of business, at the terms agreed upon in the MSA. Upon information and belief, Debtor is insolvent and has been since at least the time of delivery. On or about May 30, 2025, Debtor received the Shipment. Thus, Debtor received the Shipment within 45 days of Debtor's petition for bankruptcy on June 10, 2025 (the "Petition Date").

The Shipment is currently being held by Mainfreight Air & Ocean Pty. Ltd. (the "Freighter") pursuant to a maritime lien due to Debtor's nonpayment. *See Mainfreight Inc.'s Motion to Confirm that the Automatic Stay Pursuant to 11 U.S.C. Section 362(a) Does Not Apply to Certain Goods in its Possession* [Docket No. 180] (the "Motion"). Per the Motion, Debtors transferred title of a large portion of the Shipment to BHER Ravenswood Solar 1, LLC ("BHER") on the day before the Petition Date. Debtors do not, however, have the authority to transfer title to goods that are not theirs. Ace is exercising its right to reclaim the Shipment, eliminating Debtors' ownership of title to the Shipment. Thus, the Shipment, part of which is defined in the Motion as the "BHER Goods", must be returned to Ace immediately, regardless of which party currently holds title to them.

This letter is a demand pursuant to 11 U.S.C. Section 546(C)(1). Ace demands that Debtor return the Shipment to Ace immediately.

Ace reserves all rights.

*(Signature Page to Follow)*

---

[1] The Shipment pertains to invoices 319-1319-0021-01; 319-1319-0021-OUT001; 319-1319-0021-02; 319-1319-0021-OUT002; 319-1319-0018-01; 319-1319-0018-OUT001; 319-1319-0018-02; and 319-1319-0018-OUT002, attached as **Exhibit A**.

Sincerely,


/s/ Timothy Walsh

Timothy Walsh
1114 Avenue of the Americas
New York, NY 10036
TwWalsh@Steptoe.com
212.957.3085

Joseph Archambeau
1114 Avenue of the Americas
New York, NY 10036
JArchambeau@Steptoe.com
212.378.7525

Steven Davidson
1330 Connecticut Avenue NW
Washington, DC 20036
SDavidson@Steptoe.com
202.429.8077

**Exhibit C**

| | |
|---|---|
| **From:** | Kevin Paprzycki <kevin.paprzycki@powin.com> |
| **Sent:** | Monday, April 14, 2025 11:15 AM |
| **To:** | 이호용 |
| **Subject:** | RE: Re: [EXTERNAL] RE: ACE payment plan |

Hey Val – hope your travels are going well this week.  Just wanted to make sure we are on for Wednesday, 3PM MT.

Kevin

---

**From:** 이호용 <val.lee@aceengineering.com>
**Sent:** Wednesday, April 9, 2025 9:27 AM
**To:** Kevin Paprzycki <kevin.paprzycki@powin.com>
**Subject:** RE: Re: [EXTERNAL] RE: ACE payment plan


Great, let's fix it for 3pm, I will send you the location.


------------Original Message------------

**Subject :** Re: [EXTERNAL] RE: ACE payment plan


**Date :** 2025-04-10 00:26


**From :** Kevin Paprzycki <kevin.paprzycki@powin.com>


**To :** 이호용 <val.lee@aceengineering.com>


**Cc :**

Thx.  If you can make that work, go ahead and pick the place and I will meet you up there.  Can meet anytime after 3PM so an early dinner works best.

kp

Get Outlook for iOS

---

**From:** 이호용 <val.lee@aceengineering.com>
**Sent:** Wednesday, April 9, 2025 8:19:48 AM
**To:** Kevin Paprzycki <kevin.paprzycki@powin.com>
**Subject:** RE: Re: [EXTERNAL] RE: ACE payment plan


I can do a late afternoon meeting & a dinner - would that work for you too?

1

Best regards


Val


------------Original Message------------

**Subject :** Re: [EXTERNAL] RE: ACE payment plan

**Date :** 2025-04-09 23:44

**From :** Kevin Paprzycki <kevin.paprzycki@powin.com>

**To :** val.lee@aceengineering.com

**Cc :**

Val - sorry.  I have a lunchtime board meeting i cannot change.  Could you do a late lunch - like 3PM?  I need an hour to drive up to Denver.

Kp

Get Outlook for iOS

**From:** val.lee@aceengineering.com <val.lee@aceengineering.com>
**Sent:** Tuesday, April 8, 2025 7:03:27 PM
**To:** Kevin Paprzycki <kevin.paprzycki@powin.com>
**Subject:** RE: [EXTERNAL] RE: ACE payment plan

Hi Kevin – could you confirm on the schedule so that I can book travels accordingly?

Best regards

Val



**From:** val.lee@aceengineering.com <val.lee@aceengineering.com>
**Sent:** Tuesday, April 8, 2025 1:53 PM

**To:** 'Kevin Paprzycki <kevin.paprzycki@powin.com>
**Subject:** RE: [EXTERNAL] RE: ACE payment plan

I mean Wednesday 4/16 at Denver – a lunch & meeting. Apologies for the confusion.



**From:** val.lee@aceengineering.com <val.lee@aceengineering.com>
**Sent:** Tuesday, April 8, 2025 1:52 PM
**To:** 'Kevin Paprzycki' <kevin.paprzycki@powin.com>
**Subject:** RE: [EXTERNAL] RE: ACE payment plan

Would Wednesday work for you? I am looking at the flight schedule right now, probably we can do lunch & meeting then I fly out.

Best regards

Val



**From:** Kevin Paprzycki <kevin.paprzycki@powin.com>
**Sent:** Monday, April 7, 2025 10:59 PM
**To:** val.lee@aceengineering.com
**Subject:** RE: [EXTERNAL] RE: ACE payment plan

Hey Val – I am in Portland this week in meetings (8th-11th) and pretty tied up. Next week 14th-18th I am back at home. Denver or Colorado Springs could work. Could probably meet for dinner one night if you are in town.

kp

**From:** val.lee@aceengineering.com <val.lee@aceengineering.com>
**Sent:** Sunday, April 6, 2025 11:49 PM
**To:** Kevin Paprzycki <kevin.paprzycki@powin.com>
**Subject:** RE: [EXTERNAL] RE: ACE payment plan

Hi Kevin, one question – I will be in the US next week, would there be any chance we can meet F2F to discuss on this?

Let me know if it works, and let me know your preferred location so that I can arrange my schedule as necessary.

Best regards

Val



**From:** val.lee@aceengineering.com <val.lee@aceengineering.com>
**Sent:** Wednesday, April 2, 2025 10:30 PM
**To:** 'Kevin Paprzycki' <kevin.paprzycki@powin.com>
**Cc:** 'Kirk Fleischhauer' <kirk.fleischhauer@powin.com>; 'Jeff Waters' <jeff.waters@powin.com>; '유대연' <danny@aceengineering.com>
**Subject:** RE: [EXTERNAL] RE: ACE payment plan

I can do anytime after 10pm-12am in Vietnam (9-11am Mountain / 10am-12pm Central). Please send me an invite based on your availability.

Best regards

Val



**From:** Kevin Paprzycki <kevin.paprzycki@powin.com>
**Sent:** Wednesday, April 2, 2025 10:26 PM
**To:** val.lee@aceengineering.com
**Cc:** Kirk Fleischhauer <kirk.fleischhauer@powin.com>; Jeff Waters <jeff.waters@powin.com>; 유대연 <danny@aceengineering.com>
**Subject:** RE: [EXTERNAL] RE: ACE payment plan

Val – apologies.  Was tied up and could not chat yesterday.  Wondering if we can set up another time for a group call – let us know some options.

Kevin

**From:** val.lee@aceengineering.com <val.lee@aceengineering.com>
**Sent:** Tuesday, April 1, 2025 7:37 PM
**To:** Kevin Paprzycki <kevin.paprzycki@powin.com>
**Cc:** Kirk Fleischhauer <kirk.fleischhauer@powin.com>; Jeff Waters <jeff.waters@powin.com>; 유대연 <danny@aceengineering.com>
**Subject:** [EXTERNAL] RE: ACE payment plan

Hi Kevin,

Thank you for providing the payment plan.
At a glance, it does not look like a satisfactory plan from our board's perspective, especially given that around $71m of overdue amount still remains uncovered.

I have couple of questions to fully understand the plan before presenting it to the board.
So could we have a ==quick call this evening your time (& morning Korea time), probably within an hour==?
Please let me know what time works for you.

Best regards

Val



**From:** Kevin Paprzycki <kevin.paprzycki@powin.com>
**Sent:** Wednesday, April 2, 2025 12:02 AM
**To:** 이호용 <val.lee@aceengineering.com>
**Cc:** Kirk Fleischhauer <kirk.fleischhauer@powin.com>; Jeff Waters <jeff.waters@powin.com>
**Subject:** FW: ACE payment plan


Val - as discussed, we wanted to shoot over a proposed payment plan.

We have developed a new cash flow model based around a smaller equity injection from our key investors in mid-April.  It also factors in the acceleration plan we have proposed to DTE (which allows us to pay all primary project vendors pro rata as the equipment is being built - instead of after it is delivered).  We feel this plan provides solid repayment progress and is also achievable as it keeps DTE and other programs mobilized.

Specifically, the plan would result in the following payments to ACE:

- Tues, April 1 - $2M (payment in cue to go through mid-day today, it was stopped as the wire did not include a beneficiary address)
- April 6 -  $2M
- April 13 - $2.6M
- April 20 -  $14.7M (coming from first DTE pullin payment and our equity injection)

- April 27-June 30th - approximately $22M over next 11 weeks ($2.3M per week)

This plan allows us to pay ACE another $44M before the end of Q2. We then expect to eliminate our overdue balance with ACE by end of Q3. We will also look to accelerate the plan in the event additional capital becomes available in our larger equity raise.

Detailed Q3 timing can be provided as we get finalize our plan and timing with DTE and the larger equity raise. Payments that we pass down from DTE could change if the timing or amount of product varies.

Happy to discuss - Kevin



**Kevin Paprzycki**
CFO
c: 719.660.6779
www.powin.com

This email message, including all attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information of Powin Corporation. Any unauthorized use, disclosure or distribution is prohibited. If this email has reached you in error, please contact the sender by return email and destroy all copies of the original message

Get Outlook for iOS





**Exhibit D**



# Powin Payment Plan

**December 20, 2024**


ACE Engineering Management and Board,

First, we would like to thank you for your strong partnership with Powin over the last several years.  Together, we have been able to make significant progress in the energy storage market.  We have successfully penetrated a large and growing market and, in doing so, generated significant growth for both of our businesses.  We understand Powin's account balance is expected to be $119.73M by year end, with a large portion significantly past due.

After reviewing with our executive team, we support the payment plan outlined below:

-        $15M on or before December 31, 2024

-        $50M on or before March 31, 2025

-        $54.73M on or before June 30, 2025

We hope you find this acceptable and we thank you in advance for your support and partnership.


Sincerely,


Glenn Jacobson

Chairman of the Board – Powin

On behalf of the Powin Board