| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>*Caption in Compliance with D.N.J. LBR 9004-1(b)*<br>**SAUL EWING LLP**<br>Turner N. Falk<br>1500 Market Street, 38th Floor<br>Philadelphia, PA 19102<br>Telephone: (215) 972-7777<br>turner.falk@saul.com<br><br>-and-<br><br>Lucian B. Murley<br>1201 N. Market Street, Suite 2300<br>Wilmington, DE 19801<br>Telephone: (302) 421-6800<br>luke.murley@saul.com<br><br>-and-<br><br>**PORTER HEDGES LLP**<br>Eric M. English (*pro hac vice* pending)<br>James A. Keefe (*pro hac vice* pending)<br>1000 Main St., 36th Floor<br>Houston, TX 77002<br>Tel: (713) 226-6000<br>Fax: (713) 226-6248<br>eenglish@porterhedges.com<br>jkeefe@porterhedges.com<br>*Counsel to KCE NY 3, LLC, KCE TX 2, LLC, KCE TX 7, LLC, KCE TX 8, LLC, and Key Capture Energy, LLC* | |
| In re:<br><br>POWIN, LLC, *et al.*,[1]<br><br>                       Debtors. | Chapter 11<br><br>Case No. 25-16137 (MBK)<br><br>(Jointly Administered) |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin Project LLC [1583]; (ii) Powin, LLC [0504]; (iii) PEOS Holdings, LLC [5476]; (iv) Powin China Holdings 1, LLC [1422]; (v) Powin China Holdings 2, LLC [9713]; (vi) Charger Holdings, LLC [5241]; (vii) Powin Energy Ontario Storage, LLC [8348]; (viii) Powin Energy Operating Holdings, LLC [2495]; and (ix) Powin Energy Operating, LLC [6487]. The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR 97062.

**LIMITED OBJECTION OF KEY CAPTURE ENERGY, LLC, KCE NY 3, LLC, KCE TX 2, LLC, KCE TX 7, LLC, AND KCE TX 8, LLC TO THE OMNIBUS MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER (I) AUTHORIZING THE REJECTION OF LEGACY CUSTOMER CONTRACTS AND <u>(II) GRANTING RELATED RELIEF</u>**

KCE NY 3, LLC, KCE TX 2, LLC, KCE TX 7, LLC, KCE TX 8, LLC, and Key Capture Energy, LLC (together, the "<u>KCE Companies</u>" or "<u>KCE</u>") file this limited objection (the "<u>Objection</u>") to the *Omnibus Motion of the Debtors for Entry of an Order (I) Authorizing the Rejection of Legacy Customer Contracts and (II) Granting Related Relief* [D.I. 88] (the "<u>Motion</u>").[2]

KCE files this limited objection to preserve their rights under section 365(n) of chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") with respect to the Contracts to which KCE is a party, which are identified in <u>Schedule 1</u> to the Motion, Contract Nos. 153-160 (collectively, the "<u>KCE Contracts</u>"). Among other things, the KCE Contracts contain a license given to KCE of certain of the Debtors' intellectual property (the "<u>Licensed IP</u>"). The Motion and the proposed order that accompanies it fail to address the rights of customers, including KCE, pursuant to section 365(n) to continue to use the Licensed IP following rejection of the Contracts and the Debtors' obligations to satisfy certain contractual obligations prior to such rejection.

To resolve this Objection and to avoid any potential interference with KCE's rights with respect to the Licensed IP, KCE requests that any order granting the Motion include language clarifying that such rejection is subject to the preservation of rights under section 365(n) of the Bankruptcy Code. In support of this Objection, KCE respectfully states as follows:

---

[2] Capitalized terms used but not defined herein shall have the meaning given to them in the Motion.

2

## I. RELEVANT BACKGROUND

1. The KCE Companies were customers of the pre-petition Debtors for the supply of utility scale power storage products and equipment and for the provision of critical infrastructure monitoring, maintenance, repair, and support services. All equipment purchased under the relevant supply agreements with the Debtors was delivered and installed prior to the Petition Date. However, the relevant supply agreements and their corresponding long-term support services agreements have warranty and performance obligations that continue for several years beyond the delivery and installation of the relevant equipment.

2. With the Motion, the Debtors seek to reject the KCE Contracts, as identified in Schedule 1 to the Motion, Contract Nos. 153-160.

3. The KCE Contracts contain, among other things, grants of licenses from the pre-petition Debtors to KCE to use the Licensed IP. Specifically, each of Contracts 154, 156, 157, and 160 is a purchase order issued pursuant to a master supply agreement which states as follows:

> **Representations and Grant of License Regarding Intellectual Property Rights**. Supplier represents and warrants to Buyer and each Project Company that (a) Supplier has fully investigated all Specifications relating to the Equipment (including any Equipment furnished by Supplier to Project Company), and based on such investigation and its past experience and superior knowledge with respect to the Equipment, has determined that the production, sale and use thereof will not infringe or misappropriate any patent, published patent application, trademark, trade secret, proprietary information, know-how, copyright, un-patented invention or any other intellectual property rights or other proprietary interests and (b) Project Company's or Owner's use of the Equipment will not infringe upon any such interests. Upon Delivery of the Equipment, Supplier hereby grants to Project Company and Owner an irrevocable, royalty-free license to use the intellectual property rights (and any other proprietary interests) in respect of the Equipment for the purpose of owning, installing, commissioning and operating the Equipment, conditioned only upon Project Company's non-default of its payment obligations under the applicable Purchase Order. Upon full payment of the applicable PO Equipment Price, Supplier hereby grants to Project Company and Owner a worldwide, perpetual, non-exclusive, royalty-free, transferable right and license to use the intellectual property rights (and any other proprietary interests) in respect of the Equipment for the purpose of importing, purchasing, installing, using, operating, maintaining, repairing, and selling the Equipment.

\*\*\*

> **Technology Escrow Agreement**. At Buyer's option, the Parties agree to establish a three-party Technology Escrow Agreement including Praxis Technology, LLC in the form attached as <u>Exhibit E</u>, to provide Buyer and an affected Project Company with conditional access to the escrow deposit materials ("<u>Deposit Materials</u>") including, but not limited to, the source code and any revisions, corrections, enhancements, upgrades, updates, modifications, new releases, supplements or other changes thereto, a comprehensive description of the build environment, hardware requirements, build instructions, a comprehensive list of software tools required and other components an d instructions necessary for a reasonably skilled software and / or hardware engineer(s) to compile, replicate or otherwise reproduce and maintain the Equipment and related software, hardware and other technology in accordance with this Agreement.

Sections 14.2 and 5.4 of that certain *Master Equipment Supply Agreement* dated as of January 15, 2019, between Key Capture Energy, LLC as Buyer and Powin, LLC (as successor in interest to Powin Energy Corporation) as Supplier, incorporated into each of Contracts 154, 156, 157, and 160.

4.      Pursuant to the KCE Contracts, the KCE Companies (and/or their customers) receive services from the Debtors. Continued access to the Licensed IP was a critical part of the bargain between KCE and the Debtors, as reflected in the KCE Contracts, and is essential for the continued operation of the critical infrastructure facilities to which the KCE Contracts relate.

5.      KCE therefore, if the Motion is granted, elects under section 365(n) of the Bankruptcy Code to continue to use the Licensed IP as provided for in that section.

## II.      LIMITED OBJECTION

### A.      Applicable Law

6.      Section 365(a) of the Bankruptcy Code permits a trustee or debtor-in-possession, subject to court approval, to assume or reject any executory contract of the debtor. The rejection of an executory contract constitutes a breach of the contract as of the bankruptcy petition filing date, entitling the counterparty to damages. 11 U.S.C. § 365(g). Section 365(n) of the Bankruptcy Code allows a counterparty who is the licensee under an intellectual property license to elect to retain certain rights under the contract notwithstanding the debtor's rejection as follows:

> (n)(1)  If the trustee rejects an executory contract under which the debtor is a licensor of a right to intellectual property, the licensee under such contract may elect—
>
> . . .
>
> (B) to retain its rights (including a right to enforce any exclusivity provision of such contract, but excluding any other right under applicable nonbankruptcy law to specific performance of such contract) under such contract and under any agreement supplementary to such contract, to such intellectual property (including any embodiment of such intellectual property to the extent protected by applicable nonbankruptcy law), as such rights existed immediately before the case commenced, for—
>
>> (i) the duration of such contract; and
>>
>> (ii) any period for which such contract may be extended by the licensee as of right under applicable nonbankruptcy law.
>
> (2) If the licensee elects to retain its rights, as described in paragraph (1)(B) of this subsection, under such contract—
>
>> (A) the trustee shall allow the licensee to exercise such rights;
>>
>> (B) the licensee shall make all royalty payments due under such contract for the duration of such contract and for any period described in paragraph (1)(B) of this subsection for which the licensee extends such contract; and
>>
>> (C) the licensee shall be deemed to waive—
>>
>>> (i) any right of setoff it may have with respect to such contract under this title or applicable nonbankruptcy law; and
>>>
>>> (ii) any claim allowable under section 503(b) of this title arising from the performance of such contract.

11 U.S.C. § 365(n)(1), (2).

7. The law is clear that as a result of their election to retain their rights with respect to the Licensed IP, the KCE Companies retain those rights, together with any duties imposed on them by the KCE Contracts with respect to the Licensed IP. *In re Exide Techs.*, 607 F.3d 957, 966 (3d Cir. 2010) ("Thus, in the event that a bankrupt licensor rejects an intellectual property license,

§ 365(n) allows a licensee to retain its licensed rights—along with its duties—absent any obligations owed by the debtor-licensor."). The KCE Companies retain their rights to the Licensed IP free from any interference with those rights under the KCE Contracts or any supplemental agreements. 11 U.S.C. § 365(n)(2), (3).

      **B.**    **Any Order Granting the Motion Should Address Rights Retained Under Section 365(n)**

8. The KCE Contracts clearly provide the KCE Companies with licenses of the Licensed IP, yet the Motion and the proposed order that accompanies it fail to address the KCE Companies' rights with respect to the Licensed IP following rejection of the KCE Contracts.

9. Given that the KCE Companies have elected to retain their rights to the Licensed IP, any order granting the Motion must include language acknowledging those rights. KCE suggests that paragraph 2 of the proposed order submitted with the Motion be revised as follows:

> To the extent that they are executory, the Contracts are deemed rejected effective as of the Rejection Date, subject to the KCE Companies' election to preserve their rights under 11 U.S.C. § 365(n).

10. To be clear, the KCE Companies do not, in principle, oppose the Debtors' rejection of the KCE Contracts as contemplated in the Motion. However, KCE objects to any effort by the Debtors to terminate the KCE Companies' rights to the Licensed IP under the KCE Contracts or increase the potential for interference with the KCE Companies' rights to the Licensed IP. Accordingly, KCE requests that any order granting the Motion appropriately include language clarifying that such rejection is subject to the retention of rights under section 365(n) of the Bankruptcy Code so that disruptions to KCE's business is minimized.

11. KCE further objects to paragraph 2 of the proposed order to the extent that it purports to allow the Debtors to de-designate or 'unreject' certain KCE Contracts.

12. Since the Debtors' bankruptcy filing, the Debtors have failed to perform their required services under the KCE Contracts, and KCE has been compelled to cause these services to be performed itself to maintain uninterrupted facility operations. As a direct result of the Debtors' non-performance, KCE has had to cause all reactive maintenance at the facilities (including repair/replacement of equipment as necessary) and remote monitoring (including correction/clearing of equipment faults and routine balancing of equipment to ensure proper operation) to occur. KCE further anticipates performing, or causing to be performed, all planned maintenance services to ensure proper operation of the equipment at the sites (for example, checking equipment, resetting breakers, cleaning inverters). To perform the planned and reactive maintenance services—services the Debtors are contractually required to provide—KCE must deploy its own employees and third-party vendors on-site. These efforts are critical to ensuring operational continuity and minimizing risk of service disruption.

13. Having failed to perform under the KCE Contracts, forcing KCE to step in to fulfill the Debtors' obligations at considerable expense and in reliance on the Debtors' stated intent to reject the KCE Contracts, it would be unfair and improper for the Debtors to be allowed to reverse course and undo their rejection of the KCE Contracts. KCE has had to make strategic and financial decisions—including assuming operational responsibility and allocating personnel and resources—based on the reasonable expectation that the KCE Contracts were being rejected. Any attempt to "unreject" would not only undermine the protections afforded to licensees under section 365(n), but would also impose further disruption and risk to critical energy infrastructure, to the detriment of all stakeholders involved. Nor could the Debtors "cure" these post-petition breaches of the KCE Contracts.

### III.     RESERVATION OF RIGHTS

14.     Nothing in this Objection is intended to be, or should be construed as, a waiver by the KCE Companies of any of their rights under the KCE Contracts, the Bankruptcy Code, or applicable law.  KCE expressly reserves all such rights, including, without limitation, its right to: (a) all intellectual property under the KCE Contracts; (b) supplement and/or amend this Objection and to assert any additional objections at any hearing concerning the Motion; (c) assert any nonmonetary defaults under the KCE Contracts; (d) assert any rights for indemnification or contribution arising under the KCE Contracts; and (e) assert any further objections as they deem necessary or appropriate.

WHEREFORE, KCE respectfully requests (i) that any Court order granting the Motion include either general language that the rejections of any and all KCE Contracts specified in Schedule 1 to the Motion are subject to any and all elections made pursuant to section 365(n) of the Bankruptcy Code *or* specific language that the rejection of Contract Nos. 153 through 160 in Schedule 1 to the Motion is subject to KCE's election to preserve their rights under section 365(n) of the Bankruptcy Code; (ii) that notwithstanding any rejection of the KCE Contracts, the Debtors are not relieved of their obligation to deliver to KCE all intellectual property they are entitled to under the KCE Contracts; and (iii) such other and further relief as the Court deems just and proper.

| | |
|---|---|
| Dated: July 8, 2025 | Respectfully submitted, |

**SAUL EWING LLP**

*/s/ Turner N. Falk*
Turner N. Falk
1500 Market Street, 38th Floor
Philadelphia, PA 19102
Telephone: (215) 972-7777
turner.falk@saul.com

-and-

Lucian B. Murley
1201 N. Market Street, Suite 2300
Wilmington, DE 19801
Telephone: (302) 421-6800
luke.murley@saul.com

-and-

**PORTER HEDGES LLP**

Eric M. English (*pro hac vice* pending)
James A. Keefe (*pro hac vice* pending)
1000 Main St., 36th Floor
Houston, TX 77002
Tel: (713) 226-6000
Fax: (713) 226-6248
eenglish@porterhedges.com
jkeefe@porterhedges.com

*Counsel to Key Capture Energy, LLC; KCE NY 3, LLC; KCE TX 2, LLC; KCE TX 7, LLC; and KCE TX 8, LLC*