**DENTONS US LLP**

Lauren Macksoud (admitted)
101 JFK Parkway
Short Hills, NJ 07078
Telephone: (973) 912-7100
Facsimile: (973) 912-7199
Email: lauren.macksoud@dentons.com

Tania M. Moyron (admitted *pro hac vice*)
Van C. Durrer, II (admitted *pro hac vice*)
601 S. Figueroa Street #2500
Los Angeles, CA 90017
Telephone: (213) 623-9300
Facsimile: (213) 623-9924
Email: tania.moyron@dentons.com
       van.durrer@dentons.com

John D. Beck (admitted *pro hac vice*)
Sarah M. Schrag (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020-1089
Telephone: (212) 768-6700
Facsimile: (212) 768-6800
Email: john.beck@dentons.com
       sarah.schrag@dentons.com

*Proposed Counsel for Debtors and
Debtors in Possession*

**TOGUT, SEGAL & SEGAL LLP**

Frank A. Oswald (admitted)
550 Broad Street
Suite 1508
Newark, NJ 07102
Telephone: (212) 594-5000
Facsimile: (212) 967-4258
Email: frankoswald@teamtogut.com

Albert Togut (admitted *pro hac vice*)
Amanda C. Glaubach (admitted *pro hac vice*)
Eitan Blander (admitted *pro hac vice*)
One Penn Plaza, Suite 3335
New York, New York 10119
Telephone: (212) 594-5000
Facsimile: (212) 967-4258
Email: altogut@teamtogut.com
       aglaubach@teamtogut.com
       eblander@teamtogut.com

*Proposed Counsel for Debtors and
Debtors in Possession*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br>Powin, LLC, *et al.*,[1]<br>Debtors. | Chapter 11<br><br>Case No. 25-16137 (MBK)<br><br>(Jointly Administered) |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin Project LLC [1583]; (ii) Powin, LLC [0504]; (iii) PEOS Holdings, LLC [5476]; (iv) Powin China Holdings 1, LLC [1422]; (v) Powin China Holdings 2, LLC [9713]; (vi) Charger Holdings, LLC [5241]; (vii) Powin Energy Ontario Storage, LLC [8348]; (viii) Powin Energy Operating Holdings, LLC [2495]; (ix) Powin Energy Operating, LLC [6487]; (x) Powin Energy Storage 2, Inc. [9926]; (xi) Powin Energy Ontario Storage II LP [5787];

**DEBTORS' OBJECTION TO MAINFREIGHT INC.'S MOTION TO CONFIRM
THAT THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(A)
DOES NOT APPLY TO CERTAIN GOODS IN ITS POSSESSION**

Powin, LLC and the above-referenced affiliated debtors and debtors-in-possession (collectively, the "Debtors"), by and through their undersigned counsel, hereby file this objection (this "Objection") to the *Motion to Confirm that the Automatic Stay Pursuant to 11 U.S.C. § 362(a) Does not Apply to Certain Goods in its Possession* (the "Motion") filed by Mainfreight Inc. ("Mainfreight") on June 27, 2025 [Docket No. 180]. In support of this Objection, the Debtors respectfully state as follows:

## I.
## PRELIMINARY STATEMENT

1.  For the reasons stated in more detail below, the Motion should be denied as premature for at least two reasons. First, the Debtors' chapter 11 cases are less than thirty days old, and Mainfreight does not articulate any prejudice from the continuation of the automatic stay (other than desiring to use warehouse space for "paying customers"). In fact, the value of the inventory possessed by Mainfreight far exceeds Mainfreight's claims (and in this regard, the Debtors are motivated to pay off Mainfreight's claims and have already obtained Court approval to reduce Mainfreight's claims in part). Second, while Mainfreight focuses on the inventory it possesses in Virginia, Mainfreight possesses certain of the Debtors' inventory at multiple locations around the globe. As a consequence, the Debtors prefer (and are actively working on) a comprehensive, consensual resolution that will retire Mainfreight's claims and mitigate potential customer claims against the estate by allowing them to retrieve inventory otherwise destined for them. Accordingly, the Motion should be denied without prejudice to renew after sixty days to

---

and (xii) Powin Canada B.C. Ltd. [2239]. The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR 97062.

allow the Debtors to focus on their pending sale process and continue to develop a comprehensive solution here.

## II.
## ARGUMENT

2.    In the Motion, Mainfreight attempts to convey that this is a simple matter. Mainfreight focuses on one set of assets in one location (Norfolk, Virginia) owned by one customer, BHER Ravenswood Solar 1, LLC ("BHER"). While Mainfreight plays an important role in the Debtors' business, it is but one actor across the Debtors' enterprises. Other customers are impacted by Mainfreight's asserted liens and are also interested in receiving their goods.

3.    Given the early stages of these cases, allowing Mainfreight to exercise its lien rights would be detrimental to other customers, creditors and parties in interest in these cases. The primary chapter 11 cases were recently filed on June 9, 2025 and June 10, 2025,[2] and the Official Committee of Unsecured Creditors (the "Committee") was only appointed on June 27, 2025 [Docket No. 174]. The Motion depends almost entirely for its rationale on a transaction that allegedly occurred shortly before the petitions were filed, and the Committee has not had adequate time to review the transaction, although the Committee has already made inquiry.

4.    Furthermore, the Debtors have only recently put DIP financing in place and obtained a stalking-horse bidder, and are moving forwards towards a sale transaction. The Debtors and their advisors have made progress in negotiating with key customers and other parties in interest towards a viable path forward, and should not be distracted from those pursuits by the goals of a single alleged lienholder.

---

[2] Lead Debtor Case No. 25-16137 (MBK) for Debtor Powin Project LLC was filed on June 9, 2025, certain other Debtors were filed shortly thereafter on June 10, 2025, and the remaining Debtors were filed on June 22, 2025.

3

5. In the Motion, Mainfreight does not describe any prejudice aside from the desire to use warehouse space for "paying customers." To the contrary, BEHR's assets held by Mainfreight exceed what Mainfreight is owed by approximately $2.7 million. In addition, the Debtors understand that Mainfreight is holding upwards of $7 million of other customers' assets. The Debtors are aligned on getting Mainfreight paid because Mainfreight has in its possession inventory that is destined for customers and when customers receive that inventory that will mitigate claims against the estates.

6. Indeed, the Debtors have already taken steps to reduce Mainfreight's balance owed. Additionally, Mainfreight may already be paid down certain amounts in contrast to what they have alleged. As shown by these actions, the Debtors continue to believe that collective action across the Debtors' customer base is best way to resolve claims and mitigate claims against the estates.

7. To that end, the Debtors are actively working to negotiate a collective solution that will ultimately be better for all customers, including BHER. It is important that Mainfreight also asserts rights and claims across the globe beyond Virginia, related to the Debtors' other projects and other customers. Allowing Mainfreight to exercise its lien rights at this time against a single customer would interfere with the Debtors' ability to create a comprehensive solution for *all* customers and diverts attention away from the team working to resolve these issues.

8. Under the Debtors' envisioned payment scheme, all customers impacted by Mainfreight's alleged liens would make payments to reduce or retire the obligations to Mainfreight. Thus, customers would each pay less than if only one customer was forced to make payments. Granting Mainfreight's relief now would thus harm customers and increase potential claims in these chapter 11 cases. The provisions of the Bankruptcy Code are intended to help marshal and protect assets and the property of the estate throughout the administration of a

4

bankruptcy case. *See e.g.,* 11 U.S.C. § 541; *see also* 5 COLLIER ON BANKRUPTCY ¶ 541.01 (Alan N. Resnick & Henry J. Sommer, eds. 16th rev. ed. 2012) ("Property belonging to the estate is protected from piecemeal dismantling by creditors by the automatic stay of section 362. It is this central aggregation of property that promotes the fundamental purposes of the Bankruptcy Code: the breathing room given to a debtor that attempts to make a fresh start, and the equality of distribution of assets among similarly situated creditors, according to the priorities set forth within the Code. It is from this central core of estate property that the debtor's creditors will be paid."); *see also In re Casner*, 302 B.R. 695, 700 (Bankr. E.D. Cal. 2003) ("Section 105(a) enables a bankruptcy court in appropriate circumstances to enjoin actions not covered by the automatic stay and actions that are excepted from the automatic stay."). The Debtors request that the Motion be denied to provide the Debtors with the necessary time to focus on including negotiating with key constituents (including Mainfreight) to resolve this matter globally and consensually. *See e.g., Stoller v. Baldwin-United Corp.*, 41 B.R. 884 (S.D. Ohio 1984) (imposing a limited 6-month stay during a defendant's bankruptcy under the court's "inherent power to control its' docket" to permit some reorganization proceedings to complete during stay period).

## III.
## CONCLUSION

For the reasons stated above, the Debtors request that the Court (i) deny the Motion without prejudice to Mainfreight later seeking an order that the automatic stay does not apply to certain goods in its possession, or (ii) alternatively, maintain the automatic stay for at least two months to allow the Debtors to negotiate a collective solution with Mainfreight, BHER, and the Debtors' other customers.

Dated: July 8, 2025

**DENTONS US LLP**

*/s/ Lauren Macksoud*
Lauren Macksoud (admitted)
101 JFK Parkway
Short Hills, NJ 07078
Telephone: (973) 912-7100
Email: lauren.macksoud@dentons.com

Tania M. Moyron (admitted *pro hac vice*)
Van C. Durrer, II (admitted *pro hac vice*)
601 S. Figueroa Street #2500
Los Angeles, CA 90017
Telephone: (213) 623-9300
Email: tania.moyron@dentons.com
    van.durrer@dentons.com

John D. Beck (admitted *pro hac vice*)
Sarah M. Schrag (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020-1089
Telephone: (212) 768-6700
Email: john.beck@dentons.com
    sarah.schrag@dentons.com

- and -

**TOGUT, SEGAL & SEGAL LLP**

Frank A. Oswald (admitted)
550 Broad Street
Suite 1508
Newark, NJ 07102
Telephone: (212) 594-5000
Email: frankoswald@teamtogut.com

Albert Togut (admitted *pro hac vice*)
Amanda C. Glaubach (admitted *pro hac vice*)
Eitan Blander (admitted *pro hac vice*)
One Penn Plaza, Suite 3335
New York, New York 10119
Telephone: (212) 594-5000
Email: altogut@teamtogut.com
    aglaubach@teamtogut.com
    eblander@teamtogut.com

*Proposed Counsel for the Debtors and Debtors in Possession*