| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br>**VINSON & ELKINS LLP**<br><br>Steven M. Abramowitz (NJ Bar No 043641990)<br>David S. Meyer (admitted *pro hac vice*)<br>Lauren R. Kanzer (admitted *pro hac vice*)<br>The Grace Building<br>1114 Avenue of the Americas, 32nd Floor<br>New York, New York 10036-7708<br>Tel: (212) 237-0000<br>Fax: (212) 237-0100<br>Email: sabramowitz@velaw.com<br>         dmeyer@velaw.com<br>         lkanzer@velaw.com<br><br>-and-<br><br>William L. Wallander (*pro hac vice* forthcoming)<br>Matthew D. Struble (*pro hac vice* forthcoming)<br>2001 Ross Avenue, Suite 3900<br>Dallas, Texas 75201<br>Tel: (214) 220-7700<br>Fax: (214) 220-7716<br>Email: bwallander@velaw.com<br>         mstruble@velaw.com<br><br>*Counsel for Ad Hoc Group of Customers of Powin, LLC* | |
| In re:<br><br>Powin, LLC, *et al.*,[1]<br><br>         Debtors. | Case No. 25 – 16137 (MBK)<br><br>Chapter 11<br><br>Hearing Date: TBD |

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin, LLC [0504], (ii) PEOS Holdings, LLC [5476], (iii) Powin Project LLC [1583], (iv) Powin China Holdings 1, LLC [1422], (v) Powin China Holdings 2, LLC [9713], (vi) Charger Holdings, LLC [5241], (vii) Powin Energy Ontario Storage, LLC [8348], (viii) Powin Energy Operating Holdings, LLC [2495], (ix) Powin Energy Operating, LLC [6487]. The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR 97062.

(Page 2)

| | |
|---|---|
| Debtors: | Powin, LLC, *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Order Granting Expedited Motion of Lone Star Solar, LLC for Adequate Protection |

# ORDER GRANTING
# EMERGENCY MOTION OF AD HOC
# CUSTOMER GROUP FOR ENTRY OF AN ORDER
# (I) GRANTING ADEQUATE PROTECTION UNDER SECTION 363(e)
# OF THE BANKRUPTCY CODE AND (II) GRANTING RELATED RELIEF

The relief set forth on the following pages, numbered 3 through 4, is **ORDERED.**

Upon consideration of the *Emergency Motion of Ad Hoc Customer Group for Entry of an Order (I) Granting Adequate Protection Under Section 363(e) of the Bankruptcy Code, and (II) Granting Related Relief* (the "**Motion**")[2] filed by Lone Star Solar, LLC, Idaho Power Company, West Warwick Energy Storage 1, LLC, West Warwick Energy Storage 2, LLC, and West Warwick Energy Storage 3, LLC (each a "**Customer**," and collectively, the "**Ad Hoc Customer Group**"); and this Court having reviewed the Motion, any responses to the Motion, and any exhibits and testimony admitted into evidence; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and the *Standing Order of Reference* from the United States District Court for the District of New Jersey dated as of September 18, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b) and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings before this Court; and after due deliberation and sufficient cause appearing therefor, it is hereby

---

[2] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Motion.

2

(Page 3)
Debtors:            Powin, LLC, *et al.*
Case No.            25-16137 (MBK)
Caption of Order:   Order Granting Expedited Motion of Lone Star Solar, LLC for Adequate Protection

**ORDERED, ADJUDGED, AND DECREED THAT**:

1. The Motion is **GRANTED** as set forth herein.

2. All objections to the entry of this Order, to the extent not withdrawn or settled, are overruled.

3. Each Customer is entitled to its rights under section 365(n) of the Bankruptcy Code with respect to any Contracts under which one or more of the Debtors granted a license to such Customer.

4. Each Customer shall be permitted to elect to retain any and all of its respective rights under the applicable Contracts as a licensee of intellectual property to the fullest extent permitted by section 365(n) of the Bankruptcy Code.

5. The Debtors shall provide the following to the Customers as adequate protection (collectively, the "***IP Adequate Protection***"):

    i. immediate turnover to the Customers of the Licensed IP upon Court approval of the rejection of any Contract or the sale of any Licensed IP, including, without limitation, any and all data (including Customer historical data for, without limitation, StackOS and Kobold), source code, object code, protocol information, data points, SCADA for software installations, software, firmware, applications, standard operating procedures, backup data, administrative-level read/write access credentials, and any and all other documentation and information used or related to current and historical operations, maintenance, and management of the BESS;

    ii. such other related documentation, information, and data as the applicable Customer may request; and

    iii. training, access to personnel, other support, and maintenance of all cloud services (including AWS), servers and related equipment, software, and applications operating properly in place for an adequate period of time as is necessary for the seamless transition of 24/7 operational and maintenance control of the BESS consistent with the Customers' respective rights and interests under the Contracts and Licensed IP.

3

(Page 4)
Debtors:           Powin, LLC, *et al.*
Case No.           25-16137 (MBK)
Caption of Order:  Order Granting Expedited Motion of Lone Star Solar, LLC for Adequate Protection

6. To the extent the Contracts are not expressly assumed, assumed and assigned, or rejected in these Chapter 11 Cases, the Contracts shall be deemed rejected as of the earlier of the closing of a sale of all or substantially all of the Debtors' assets, the effective date of a confirmed chapter 11 plan of the Debtors, or the conversion of the Chapter 11 Cases to cases under chapter 7 of the Bankruptcy Code.

7. Upon rejection of the Contracts or entry of any order of the Court approving a sale of all or substantially all of the Debtors' assets, any Licensed IP and other items remaining in any escrow (as applicable) shall be released from escrow or otherwise transferred to the applicable Customer and may be utilized by such Customer as necessary for the seamless transition of 24/7 operational and maintenance control of the applicable BESS consistent with such Customer's interests and rights under the Contracts.

8. The Debtors and the Customers, as applicable, are authorized and empowered to take any and all actions necessary to implement the terms of this Order.

9. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

10. The terms and conditions of this Order shall become immediately effective and enforceable upon its entry.