**ORRICK, HERRINGTON & SUTCLIFFE LLP**
Lorraine McGowen, Esq. (admitted *pro hac vice*)
Michael Trentin, Esq.
Jenna MacDonald Busche, Esq. (admitted *pro hac vice*)
51 West 52nd Street
New York, NY 10019-6142
Telephone: (212) 506-5000
Facsimile: (212) 506-5151
Email:  lmcgowen@orrick.com
            mtrentin@orrick.com
            jmacdonaldbusche@orrick.com

*Counsel to EDF power solutions, Inc. (f/k/a EDF Renewables, Inc.)*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| POWIN, LLC, *et al.*,[1] | Case No. 25-16137 (MBK) |
| Debtors. | (Jointly Administered) |

**MOTION OF EDF POWER SOLUTIONS, INC. FOR ENTRY OF
AN ORDER AUTHORIZING REDACTION AND
FILING UNDER SEAL OF CONFIDENTIAL INFORMATION**

EDF power solutions, Inc. (f/k/a EDF Renewables, Inc.) ("EDF"), by and through its undersigned counsel, hereby submits this motion (the "Motion to Seal") requesting entry of an order authorizing the redaction and filing under seal of certain confidential information (the "Confidential Information") contained in exhibits to *EDF power solutions, Inc.'s Limited Objection to and Reservation of Rights Regarding Omnibus Motion of the Debtors for Entry of an Order (I) Authorizing the Rejection of Legacy Customer Contracts and (II) Granting Related*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin Project LLC [1583]; (ii) Powin, LLC [0504]; (iii) PEOS Holdings, LLC [5476]; (iv) Powin China Holdings 1, LLC [1422]; (v) Powin China Holdings 2, LLC [9713]; (vi) Charger Holdings, LLC [5241]; (vii) Powin Energy Ontario Storage, LLC [8348]; (viii) Powin Energy Operating Holdings, LLC [2495]; and (ix) Powin Energy Operating, LLC [6487]. The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR 97062.

1

*Relief* (the "Limited Objection") filed contemporaneously herewith.[2] In support of this Motion to Seal, EDF respectfully states as follows:

## JURISDICTION, VENUE, AND BASIS FOR RELIEF

1. This Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).

2. Venue is property in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested herein are section 105(a) and 107(b) of the United States Bankruptcy Code and Rule 9018 of the Federal Rules of Bankruptcy Procedure.

## RELIEF REQUESTED

4. EDF requests entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), (a) authorizing EDF to redact and file the Confidential Information under seal; (b) directing that the Confidential Information shall remain under seal and confidential and not be required to be made available to anyone, except to (i) the Court, (ii) the Office of the United States Trustee (the "U.S. Trustee"); and (iii) any other party as may be ordered by the Court or agreed to by EDF; and (b) granting related relief.

## RELEVANT BACKGROUND

1. On June 9, 2025 (the "Petition Date")[3], the Debtors each commenced a voluntary case for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases") in the United States Bankruptcy Court for the District of New Jersey (the "Court").

2. No trustee or examiner has been appointed in these Chapter 11 Cases as of the date hereof.

---

[2] Capitalized terms used by not defined herein shall have the meaning ascribed to such terms in the Limited Objection.
[3] Debtor Case No. 25-16137 (MBK) for Debtor Powin Project LLC was filed on June 9, 2025, and the remaining Debtors were filed shortly thereafter on June 10, 2025.

3. On June 17, 2025, the Debtors filed the *Omnibus Motion of the Debtors for Entry of an Order (I) Authorizing the Rejection of Legacy Customer Contracts and (II) Granting Related Relief* [Dkt. No. 88] seeking authority to reject over 380 executory contracts, including many of the Contracts between Powin and the Licensees.

4. On the date hereof, EDF filed the Limited Objection to which the exhibits containing the Confidential Information are attached.

5. The Confidential Information includes certain terms of the Licensees' Contracts with Powin.

## ARGUMENT

6. Section 107(b)(1) of the Bankruptcy Code provides that a bankruptcy court may "protect an entity with respect to . . . commercial information." *See also* Fed. R. Bankr. P. 9018 ("On motion, or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret . . . or commercial information . . . .").

7. Unlike its counterpart in Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require an entity seeking such protection to demonstrate "good cause." *See, e.g.*, *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 28 (2d Cir. 1994) (analyzing the differences in language between Federal Rule of Civil Procedure 26 and section 107 of the Bankruptcy Code, and determining that section 107 is more liberal, finding that Congress "imposed no requirement to show 'good cause' as a condition to sealing confidential commercial information"). Rather, if the material sought to be protected satisfies one of the categories identified in section 107(b), "the court is *required* to protect a requesting interested party and has no discretion to deny the

3

application." *Id.* at 27 (citing 2 Collier on Bankruptcy ¶ 107.01 (15th ed. 1993)) (emphasis in original). The resulting order should be broad (*i.e.*, "any order which justice requires"). *See In re Global Crossing, Ltd.,* 295 B.R. 720, 724 (Bankr. S.D.N.Y. 2003); Fed. R. Bankr. P. 9018. Courts are required to provide such protections "generally where open inspection may be used as a vehicle for improper purposes." *Orion Pictures,* 21 F.3d at 27. Indeed, the "authority goes not just to the protection of confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice." *Global Crossing,* 295 B.R. 724.

8. Courts have also found that such relief should be granted if the information sought to be protected is "commercial information," which is defined as "information which would result in 'an unfair advantage to competitors by providing them information as to the commercial operations...'" *In re Alterra Healthcare Corp.,* 353 B.R. 66, 75 (Bankr. D. Del. 2006) (quoting *Orion Pictures*, 21 F.3d at 27–28). However, commercial information does not have to rise to the level of a trade secret to be protected under section 107(b) of the Bankruptcy Code. *See Orion Pictures,* 21 F.3d at 28 (finding that the use of the disjunctive "or" in Bankruptcy Rule 9018 "neither equates 'trade secret' with 'commercial information' nor requires the latter to reflect the same level of confidentiality as the former," meaning "courts interpreting § 107(b) need not require that commercial information be the equivalent of a trade secret before protecting such information").

9. Here, the Confidential Information includes the terms of commercial contracts between the Licensees and Powin, some of which are expressly confidential by their terms, and all of which contain sensitive information about EDF's operations and assets and the terms of the parties' business arrangement and trade practices.

10. This information falls within the protections of section 107(b) of the Bankruptcy Code and must be kept confidential and under seal as disclosure could materially harm EDF and the Debtors and their estates.

11. Accordingly, EDF submits that it is appropriate for the Court to grant the requested relief.

## NO PRIOR REQUEST

12. No prior request for the relief sough in this Motion to Seal has been made to this or any other court.

WHEREFORE, for the reasons set forth herein, EDF respectfully requests that the Court (i) enter the Proposed Order, substantially in the form attached hereto at **Exhibit A**, and (ii) grant EDF such other and further relief as is just and proper under the circumstances.

*[Remainder of Page Intentionally Left Blank]*

| | |
|---|---|
| Dated: New York, NY<br>July 8, 2025 | **ORRICK, HERRINGTON & SUTCLIFFE LLP**<br><br>*/s/ Michael Trentin*<br>Michael Trentin, Esq.<br>Lorraine McGowen, Esq. (admitted *pro hac vice*)<br>Jenna MacDonald Busche, Esq. (admitted *pro hac vice*)<br>51 West 52nd Street<br>New York, New York 10019-6142<br>Telephone: (212) 506-5000<br>Facsimile: (212) 506-5151<br>Email:   mtrentin@orrick.com<br>            lmcgowen@orrick.com<br>            jmacdonaldbusche@orrick.com<br><br>*Counsel to EDF power solutions, Inc. (f/k/a EDF Renewables, Inc.)* |

**EXHIBIT A**

**Proposed Order**

**ORRICK, HERRINGTON & SUTCLIFFE LLP**
Lorraine McGowen, Esq. (admitted *pro hac vice*)
Michael Trentin, Esq.
Jenna MacDonald Busche, Esq. (admitted *pro hac vice*)
51 West 52nd Street
New York, NY 10019-6142
Telephone: (212) 506-5000
Facsimile: (212) 506-5151
Email:  lmcgowen@orrick.com
          mtrentin@orrick.com
          jmacdonaldbusche@orrick.com

*Counsel to EDF power solutions, Inc. (f/k/a EDF Renewables, Inc.)*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| POWIN, LLC, *et al.*,[4] | Case No. 25-16137 (MBK) |
| Debtors. | (Jointly Administered) |

**ORDER AUTHORIZING EDF POWER SOLUTIONS, INC.**
**TO REDACT AND FILE UNDER SEAL CONFIDENTIAL INFORMATION**

The relief set forth on the following pages, numbered (2) through (3), is hereby **ORDERED**.

---

[4] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin Project LLC [1583]; (ii) Powin, LLC [0504]; (iii) PEOS Holdings, LLC [5476]; (iv) Powin China Holdings 1, LLC [1422]; (v) Powin China Holdings 2, LLC [9713]; (vi) Charger Holdings, LLC [5241]; (vii) Powin Energy Ontario Storage, LLC [8348]; (viii) Powin Energy Operating Holdings, LLC [2495]; and (ix) Powin Energy Operating, LLC [6487]. The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR 97062.

Upon the *Motion of EDF power solutions, Inc. for Entry of an Order Authorizing Redaction and Filing Under Seal of Confidential Information* (the "Motion to Seal")[5] filed by EDF power solutions, Inc. ("EDF") for entry of an order (this "Order"): (a) authorizing EDF to redact and file the Confidential Information under seal; (b) directing that the Confidential Information shall remain under seal and confidential and not be required to be made available to anyone, except to (i) the Court, (ii) the Office of the United States Trustee (the "U.S. Trustee"); and (iii) any other party as may be ordered by the Court or agreed to by EDF; and (b) granting related relief, as more fully set forth in the Motion to Seal; and the Court having jurisdiction to consider the Motion to Seal and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference from the United States District Court for the District of new Jersey dated September 18, 2012, as amended on June 6, 2025; and this Court having found that venue of this proceeding and the Motion to Seal in this district is proper pursuant to 28 U.S.C. §§1409 and 1409; and this Court having found that sufficient cause exists for the relief set forth herein; and this Court having found that EDF's notice of the Motion to Seal was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion to Seal and having heard the statements in support of the relief requested therein at a hearing before this Court; and this Court having determined that the legal and factual bases set forth in the Motion to Seal establish just caused for the relief granted herein; and this Court having considered the request and any objection thereto, it is **HEREBY ORDERED THAT**:

1.  The Motion to Seal is **GRANTED** as set forth herein.

---

[5] Capitalized terms used but not otherwise defined herein have the meanings given to them in the Motion to Seal.

2.       The Court finds that the Confidential Information is "commercial information" as set forth in section 107(b)(1) of the Bankruptcy Code and information protected by section 107(c) of the Bankruptcy Code.

3.       Pursuant to sections 107(b) and 107(c) of the Bankruptcy Code, EDF is authorized to redact and file the Confidential Information under seal.

4.       EDF is authorized to make the Confidential Information in unredacted form available to (i) the Court; (ii) the U.S. Trustee; and (iii) any other party as may be ordered by the Court or agreed to by EDF (collectively, the "Authorized Parties").

5.       Except as otherwise provided by a further order of this Court, the Confidential Information shall remain under seal and confidential and not made available without the prior written consent of EDF and the other parties thereto to any party other than the Authorized Parties.

6.       EDF is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion to Seal.

7.       This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.