**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

John W. Weiss
Leah M. Eisenberg
David E. Sklar
**PASHMAN STEIN WALDER HAYDEN, P.C.**
21 Main Street, Suite 200
Hackensack, New Jersey 07601
Telephone: (201) 270-5477
Email: jweiss@pashmanstein.com
         leisenberg@pashmanstein.com
         dsklar@pashmanstein.com

-and-

Joaquin M. C de Baca (admitted *pro hac vice*)
Richard A. Stieglitz (admitted *pro hac vice*)
Youmi Kim (admitted *pro hac vice*)
**MAYER BROWN LLP**
1221 Avenue of the Americas
New York, New York 10020-1001
Telephone: (212) 506-2500
Email: jcdebaca@mayerbrown.com
         rstieglitz@mayerbrown.com
         ykim@mayerbrown.com

*Counsel for (1) Leeward Renewable Energy, LLC, on behalf of Rabbitbrush Solar, LLC, Chaparral Springs, LLC, and Antelope Valley BESS, LLC, (2) Longroad Development Company, LLC, on behalf of Serrano Solar, LLC, Sun Streams PVS, LLC, and Sun Streams Expansion, LLC, and (3) DTE Electric Company*

Chapter 11

Case Number: 25-16137 (MBK)

Jointly Administered

In Re:

POWIN, LLC, *et al.*,[1]

        Debtors.

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin Project LLC [1583], (ii) Powin, LLC [0504], (iii) PEOS Holdings, LLC [5476], (iv) Powin China Holdings 1, LLC [1422], (v) Powin China Holdings 2, LLC [9713], (vi) Charger Holdings, LLC [5241], (vii) Powin Energy Ontario Storage, LLC [8348], (viii) Powin Energy Operating Holdings, LLC [2495], and (ix) Powin Energy Operating, LLC [6487]. The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR 97062.

**DECLARATION OF DUSTIN WAMBEKE IN SUPPORT OF OBJECTION OF
LICENSEES TO OMNIBUS MOTION OF THE DEBTORS FOR ENTRY OF AN
ORDER (I) AUTHORIZING THE REJECTION OF LEGACY CUSTOMER
CONTRACTS AND (II) GRANTING RELATED RELIEF[2]**

I, Dustin Wambeke, declare and state as follows:

1.      I am the Vice President, Technical Services of Leeward Renewable Energy, LLC

("Leeward").  This declaration is based upon my personal knowledge, review of the relevant

documents, or information provided to me by employees of Leeward.  I could and would testify

competently to them under oath if called on to do so.

2.      Each of Rabbitbrush Solar, LLC, Chaparral Springs, LLC, and Antelope Valley

BESS, LLC (collectively, the "Leeward Licensees") are affiliates of Leeward.

**A.  The Licenses.**

3.      The Leeward Licensees are the owners and operators of renewable energy and

stand-alone battery projects in California, each of which rely on large-scale battery energy storage

systems supplied and supported by one of the Debtors, Powin, LLC ("Powin").

4.      Prior to the Petition Date, each of the Leeward Licensees and Powin entered into

an energy supply agreement (collectively, the "ESAs"), pursuant to which Powin agreed to provide

an energy storage system for certain solar plus energy storage projects developed by the respective

Leeward Licensees (the "Projects").  In addition to the ESAs, the Leeward Licensees entered into

long-term services agreements (the "LTSAs" and together with the ESAs the "Contracts") with

Powin.

---

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Motion.

5.       Pursuant to each respective ESA and LTSA, Powin granted each applicable Leeward Licensee a broad license to use, among other things, any of Powin's intellectual property in and to the technology for certain energy storage system equipment (collectively, the "Licenses"). Motion to Compel, Ex. A.

6.       The ESAs also required Powin to enter into an escrow agreement, pursuant to which Powin agreed to deposit into escrow important intellectual property and other materials necessary for the operation of the applicable Leeward Licensee's Projects. *Id.*

7.       In furtherance of the foregoing, the Leeward Licensees were added as beneficiaries under a two-party master escrow agreement (the "IP Escrow Agreement"), by and between Powin Energy Corporation and an escrow agent ("Escrow Agent"). Pursuant to the IP Escrow Agreement, tangible embodiments of the intellectual property licensed to the Leeward Licensees under the applicable ESAs were deposited into escrow along with other related materials, including software code. Under the IP Escrow Agreement, Powin warranted that all relevant passwords or other access methods were deposited into escrow or provided separately. IP Escrow Agreement, 3C. The Debtors instructed the Escrow Agent to release the deposit materials to the Leeward Licensees, but the deposit materials did not contain everything the Leeward Licensees need to operate their Projects independently if the Debtors successfully reject the Contracts, nor do they contain everything the Leeward Licensees are entitled to under the Licenses or the Contracts. The Leeward Licensees have received some of the requested intellectual property as a result of this escrow release, but they are still verifying whether those escrowed materials contain the licensed intellectual property that is needed to operate their Projects effectively, including all passwords and encryption keys.

**A. Powin's Failures to Perform Under the Licenses and the Resulting Harm to the Leeward Licensees and the Safe Operations of Their Projects.**

3

8.      The Leeward Licensees rely on the licensed intellectual property as part of a number of safeguards to ensure safe operation of their energy storage systems.  To maintain a safe environment, preserve grid reliability, and comply with other applicable standards, the Leeward Licensees need continuous access to Powin's cloud-based services in order to use certain online software platforms and services currently provided by the Debtors under the Contracts they seek to reject.  Absent that, the Leeward Licensees would require complete intellectual property packages, appropriate time for transition away from Powin online services, and related passwords and credentials required to run unique instances of computer software, to maintain source code, to access related instructions, and to obtain vendor support.  The Leeward Licensees are contractually entitled to such intellectual property packages.

9.      Among other things, the Projects cannot operate at peak efficiency, nor can they operate with optimal safety protocols, without full access to key cloud software tools, such as Kobold, CCUI, and the EMS software, StackOS. The Leeward Licensees are committed to preserving operational safety, and access to these materials would allow them to maintain all safeguards.  Powin has not provided the requisite credentials, such as encryption keys, or passwords to other key software, that would enable parties to take those protective steps, appearing to levy these services as supposed motivation to join its new customer program or a future program with it or a potential purchaser of the Debtors' assets. *See* Motion, Preliminary Statement ("[T]he Debtors seek to reject their existing Customer Contracts…to make clear to customers that the only way to utilize the Debtors' technology and services is in connection with the new LTSA Program.").

10.     As part of the Contracts and Licenses, Powin is contractually obligated to maintain the health and proper functioning of the batteries at the Projects.  To fulfill this obligation, upon

4

information and belief, Powin relies primarily on Powin StackOS and other key software for the
continued operation of the machinery at the Projects and to ensure that the batteries receive
necessary maintenance. These batteries are essential to the Projects' operations and require
consistent and attentive care to perform at the levels contractually mandated and necessary to meet
the energy output and charging commitments the Leeward Licensees have made to third parties.

11.     The Leeward Licensees' concerns are not hypothetical.  Powin has already failed
to perform critical maintenance and troubleshooting, as required by the Contracts.  In response,
the Leeward Licensees have made diligent efforts to mitigate Powin's failures by attempting to
perform the necessary battery maintenance themselves.  Despite these efforts, though, the Leeward
Licensees are unable to adequately maintain the batteries without the continued access to Powin's
cloud-based tools, such as Kobold and CCUI, or to the extent such access is affected upon rejection
of the Contracts, the requisite passwords to independently operate critical software.

12.     In addition, the Leeward Licensees are contractually entitled to the monitoring
services provided by the ROC, which is meant to operate around the clock to respond to any
systems issues as they arise.  Rejection of the Contracts would remove this key safety protocol.
As a consequence, the Leeward Licensees are currently unable to troubleshoot effectively key and
critical issues on the Projects.

13.     Furthermore, Powin has acknowledged that its intellectual property is important to
ensure safe operation of its battery energy storage systems.  *See* First Day Declaration 6 ("[w]ithout
Powin's Stack OS™, these [battery energy storage systems] cannot operate safely").  The Debtors'
ongoing failure to provide the passwords necessary for the Leeward Licensees to independently
operate their Projects, particularly in light of the threatened cessation of access to Powin's cloud,
which is necessary to run Kobold and other critical intellectual property, upon rejection of the

Contracts, exposes the Projects to imminent risks.  Lack of sufficient access to the intellectual property hinders the Leeward Licensees' ability to prevent safety incidents and magnifies the potential for irreparable damage to property, public safety, and the Leeward Licensees' business interests.

I declare under penalty of perjury that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct.

Executed this 8th day of July, 2025 at Dallas, Texas in Dallas County.

By: _____