| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** | |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>John W. Weiss<br>Leah M. Eisenberg<br>David E. Sklar<br>**PASHMAN STEIN WALDER HAYDEN, P.C.**<br>21 Main Street, Suite 200<br>Hackensack, New Jersey 07601<br>Telephone: (201) 270-5477<br>Email: jweiss@pashmanstein.com<br>        leisenberg@pashmanstein.com<br>        dsklar@pashmanstein.com<br><br>-and-<br><br>Joaquin M. C de Baca (admitted *pro hac vice*)<br>Richard A. Stieglitz (admitted *pro hac vice*)<br>Youmi Kim (admitted *pro hac vice*)<br>**MAYER BROWN LLP**<br>1221 Avenue of the Americas<br>New York, New York 10020-1001<br>Telephone: (212) 506-2500<br>Email: jcdebaca@mayerbrown.com<br>        rstieglitz@mayerbrown.com<br>        ykim@mayerbrown.com<br><br>*Counsel for (1) Leeward Renewable Energy, LLC, on behalf of Rabbitbrush Solar, LLC, Chaparral Springs, LLC, and AVEP BESS, LLC, (2) Longroad Development Company, LLC, on behalf of Serrano Solar, LLC, Sun Streams PVS, LLC, and Sun Streams Expansion, LLC, and (3) DTE Electric Company* | Chapter 11<br><br>Case Number: 25-16137 (MBK)<br><br>Jointly Administered |
| In Re:<br><br>POWIN, LLC, *et al.*,[1]<br><br>        Debtors. | |

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin Project LLC [1583], (ii) Powin, LLC [0504], (iii) PEOS Holdings, LLC [5476], (iv) Powin China Holdings 1, LLC [1422], (v) Powin China Holdings 2, LLC [9713], (vi) Charger Holdings, LLC [5241], (vii) Powin Energy Ontario Storage, LLC [8348], (viii) Powin Energy Operating Holdings, LLC [2495], and (ix) Powin Energy Operating, LLC [6487]. The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR 97062.

**DECLARATION OF FRED IHIMODU IN SUPPORT OF OBJECTION OF LICENSEES TO OMNIBUS MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER (I) AUTHORIZING THE REJECTION OF LEGACY CUSTOMER CONTRACTS AND (II) GRANTING RELATED RELIEF[2]**

I, Fred Ihimodu, declare and state as follows:

1. I am a Manager of Strategy and Special Projects for DTE Electric Company ("DTE"). This declaration is based upon my personal knowledge, review of the relevant documents, or information provided to me by employees of DTE. I could and would testify competently to them under oath if called on to do so.

A. **The Licenses.**

2. DTE is the owner and operator of a stand-alone battery project in Michigan, which relies on large-scale battery energy storage systems supplied and supported by one of the Debtors, Powin, LLC ("Powin").

3. Prior to the Petition Date, DTE and Powin entered into an energy supply agreement (the "ESA"), pursuant to which Powin agreed to provide an energy storage system for an energy storage project developed by DTE (the "Project"). In addition to the ESA, DTE entered into a long-term services agreement (the "LTSA" and together with the ESA the "Contracts") with Powin.

4. Pursuant to the ESA and LTSA, Powin granted DTE a broad license to use, among other things, any of Powin's intellectual property in and to the technology for certain energy storage system equipment (the "License"). Motion to Compel, Ex. A.

A. **Powin's Failures to Perform Under the Licenses and the Resulting Harm to DTE and the Safe Operations of Its Project.**

5. DTE relies on the licensed intellectual property as part of a number of safeguards to ensure safe operation of its energy storage systems. To maintain a safe environment, preserve

---

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Motion.

2

grid reliability, and comply with other applicable standards, DTE needs continuous access to Powin's cloud-based services in order to use certain online software platforms and services currently provided by the Debtors under the Contracts they seek to reject. Absent that, DTE would require complete intellectual property packages, appropriate time for transition away from Powin online services, and related passwords and credentials required to run unique instances of computer software, to maintain source code, to access related instructions, and to obtain vendor support. DTE is contractually entitled to such intellectual property packages.

6. Among other things, the Project cannot operate at peak efficiency, nor can it operate with optimal safety protocols, without full access to key software tools, such as Kobold, Command Center UI (CCUI), and the StackOS IP (including Powin's Firmware, Battery Management System, Energy Management System, and Thermal Management System). DTE is committed to preserving operational safety, and access to these materials would allow it to maintain all safeguards. Powin has not provided the requisite credentials, such as encryption keys, or passwords to other key software, that would enable parties to take those protective steps, appearing to levy these services as supposed motivation to join its new customer program or a future program with it or a potential purchaser of the Debtors' assets. *See* Motion, Preliminary Statement ("[T]he Debtors seek to reject their existing Customer Contracts…to make clear to customers that the only way to utilize the Debtors' technology and services is in connection with the new LTSA Program.").

7. As part of the Contracts and License, Powin is contractually obligated to maintain the health and proper functioning of the batteries at the Project. To fulfill this obligation, upon information and belief, Powin relies primarily on Powin StackOS and other key software for the continued operation of the machinery at the Project and to ensure that the batteries receive

3

necessary maintenance. These batteries are essential to the Project's operations and require consistent and attentive care to perform at the levels contractually mandated and necessary to meet DTE's energy output and charging commitments.

8. DTE's concerns are not hypothetical. Powin has already failed to perform critical maintenance and troubleshooting, as required by the Contracts. In response, DTE has made diligent efforts to mitigate Powin's failures by attempting to perform the necessary battery maintenance itself. Despite these efforts, though, DTE is unable to adequately maintain the batteries without continued access to Powin's cloud-based tools, such as Kobold and CCUI, or to the extent such access is affected upon rejection of the Contracts, the requisite passwords to independently operate critical software.

9. In addition, DTE is contractually entitled to the monitoring services provided by Powin's Remote Operation Center (ROC), which is meant to operate around the clock to respond to any systems issues as they arise. Rejection of the Contracts would remove this key aspect required to effectively troubleshoot critical issues and identify and prevent safety issues.

10. Furthermore, Powin has acknowledged that its intellectual property is important to ensure safe operation of its battery energy storage systems. *See* First Day Declaration 6 ("[w]ithout Powin's Stack OS™, these [battery energy storage systems] cannot operate safely"). The Debtors' ongoing failure to provide all necessary IP including, but not limited to the passwords , credentials, instructions, manuals, and other software packages and related items necessary for DTE to independently operate its Project, particularly in light of the threatened cessation of access to Powin's IP, which is necessary to run Kobold and other critical functions, upon rejection of the Contracts, exposes the Project to imminent risks. Lack of sufficient access to the intellectual

4

property hinders DTE's ability to prevent certain safety incidents and magnifies the potential for irreparable damage to property, public safety, and DTE's business interests.

I declare under penalty of perjury that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct.

Executed this 8th day of July, 2025 at Detroit, Michigan in Wayne County.

By: *[signature]*