| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** | |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>John W. Weiss<br>Leah M. Eisenberg<br>David E. Sklar<br>**PASHMAN STEIN WALDER HAYDEN, P.C.**<br>21 Main Street, Suite 200<br>Hackensack, New Jersey 07601<br>Telephone: (201) 270-5477<br>Email: jweiss@pashmanstein.com<br>       leisenberg@pashmanstein.com<br>       dsklar@pashmanstein.com<br><br>-and-<br><br>Joaquin M. C de Baca (admitted *pro hac vice*)<br>Richard A. Stieglitz (admitted *pro hac vice*)<br>Youmi Kim (admitted *pro hac vice*)<br>**MAYER BROWN LLP**<br>1221 Avenue of the Americas<br>New York, New York 10020-1001<br>Telephone: (212) 506-2500<br>Email: jcdebaca@mayerbrown.com<br>       rstieglitz@mayerbrown.com<br>       ykim@mayerbrown.com<br><br>*Counsel for (1) Leeward Renewable Energy, LLC, on behalf of Rabbitbrush Solar, LLC, Chaparral Springs, LLC, and Antelope Valley BESS, LLC, (2) Longroad Development Company, LLC, on behalf of Serrano Solar, LLC, Sun Streams PVS, LLC, and Sun Streams Expansion, LLC, and (3) DTE Electric Company* | Chapter 11<br><br>Case Number: 25-16137 (MBK)<br><br>Jointly Administered |
| In Re:<br><br>POWIN, LLC, *et al.*,[1]<br><br>       Debtors. | |

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin Project LLC [1583], (ii) Powin, LLC [0504], (iii) PEOS Holdings, LLC [5476], (iv) Powin China Holdings 1, LLC [1422], (v) Powin China Holdings 2, LLC [9713], (vi) Charger Holdings, LLC [5241], (vii) Powin Energy Ontario Storage, LLC [8348], (viii) Powin Energy Operating Holdings, LLC [2495], and (ix) Powin Energy Operating, LLC [6487]. The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR 97062.

# DECLARATION OF RYAN FONBUENA IN SUPPORT OF OBJECTION OF LICENSEES TO OMNIBUS MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER (I) AUTHORIZING THE REJECTION OF LEGACY CUSTOMER CONTRACTS AND (II) GRANTING RELATED RELIEF[2]

I, Ryan Fonbuena, declare and state as follows:

1. I am the Vice President, EHS of Longroad Development Company, LLC ("Longroad"). This declaration is based upon my personal knowledge, review of the relevant documents, or information provided to me by employees of Longroad. I could and would testify competently to them under oath if called on to do so.

2. Each of Serrano Solar, LLC, Sun Streams PVS, LLC, and Sun Streams Expansion, LLC (collectively, the "Longroad Licensees") are affiliates of Longroad.

**A. The Licenses.**

3. The Longroad Licensees are the owners and operators of renewable energy and stand-alone battery projects in Arizona, each of which rely on large-scale battery energy storage systems supplied and supported by one of the Debtors, Powin, LLC ("Powin").

4. Prior to the Petition Date, each of the Longroad Licensees and Powin entered into an energy supply agreement (collectively, the "ESAs"), pursuant to which Powin agreed to provide an energy storage system for certain solar plus energy storage projects developed by the respective Longroad Licensees (the "Projects").

5. Pursuant to each respective ESA, Powin granted each applicable Longroad Licensee a broad license to use, among other things, any of Powin's intellectual property in and to

---

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Motion.

2

the technology for certain energy storage system equipment (collectively, the "Licenses").  Motion to Compel, Ex. A.

6. The ESAs also required Powin to enter into an escrow agreement, pursuant to which Powin agreed to deposit into escrow important intellectual property and other materials necessary for the operation of the applicable Longroad Licensee's Projects.  *Id.*

7. In furtherance of the foregoing, the Longroad Licensees were added as beneficiaries under a two-party master escrow agreement (the "IP Escrow Agreement"), by and between Powin Energy Corporation and an escrow agent ("Escrow Agent").  Pursuant to the IP Escrow Agreement, tangible embodiments of the intellectual property licensed to the Longroad Licensees under the applicable ESAs were deposited into escrow along with other related materials, including software code.  Under the IP Escrow Agreement, Powin warranted that all relevant passwords or other access methods were deposited into escrow or provided separately.  IP Escrow Agreement, 3C. The Debtors instructed the Escrow Agent to release the deposit materials to the Longroad Licensees, but the deposit materials did not contain everything the Longroad Licensees need to operate their Projects independently if the Debtors successfully reject the ESAs, nor do they contain everything the Longroad Licensees are entitled to under the Licenses or the ESAs.  The Longroad Licensees have received some of the requested intellectual property as a result of this escrow release, but they are still verifying whether those escrowed materials contain the licensed intellectual property that is needed to operate their Projects effectively, including all passwords and encryption keys.

### A. Powin's Failures to Perform Under the Licenses and the Resulting Harm to the Longroad Licensees and the Safe Operations of Their Projects.

8. The Longroad Licensees rely on the licensed intellectual property as part of a number of safeguards to ensure safe operation of their energy storage systems.  To maintain a safe

3

environment, preserve grid reliability, and comply with other applicable standards, the Longroad Licensees need continuous access to Powin's cloud-based services in order to use certain online software platforms and services currently provided by the Debtors under the ESAs they seek to reject. Absent that, the Longroad Licensees would require complete intellectual property packages, appropriate time for transition away from Powin online services, and related passwords and credentials required to run unique instances of computer software, to maintain source code, to access related instructions, and to obtain vendor support. The Longroad Licensees are contractually entitled to such intellectual property packages.

9. Among other things, the Projects cannot operate at peak efficiency, nor can they operate with optimal safety protocols, without full access to key cloud software tools, such as Kobold, CCUI, and the EMS software, StackOS. The Longroad Licensees are committed to preserving operational safety, and access to these materials would allow them to maintain all safeguards. Powin has not provided the requisite credentials, such as encryption keys, or passwords to other key software, that would enable parties to take those protective steps, appearing to levy these services as supposed motivation to join its new customer program or a future program with it or a potential purchaser of the Debtors' assets. *See* Motion, Preliminary Statement ("[T]he Debtors seek to reject their existing Customer Contracts…to make clear to customers that the only way to utilize the Debtors' technology and services is in connection with the new LTSA Program.").

10. As part of the ESAs and Licenses, Powin is contractually obligated to maintain the health and proper functioning of the batteries at the Projects. To fulfill this obligation, upon information and belief, Powin relies primarily on Powin StackOS and other key software for the continued operation of the machinery at the Projects and to ensure that the batteries receive

4

necessary maintenance. These batteries are essential to the Projects' operations and require consistent and attentive care to perform at the levels contractually mandated and necessary to meet the energy output and charging commitments the Longroad Licensees have made to third parties.

11. The Longroad Licensees' concerns are not hypothetical. Powin has already failed to perform critical maintenance and troubleshooting, as required by the ESAs. In response, the Longroad Licensees have made diligent efforts to mitigate Powin's failures by attempting to perform the necessary battery maintenance themselves. Despite these efforts, though, the Longroad Licensees are unable to adequately maintain the batteries without the continued access to Powin's cloud-based tools, such as Kobold and CCUI, or to the extent such access is affected upon rejection of the ESAs, the requisite passwords to independently operate critical software.

12. In addition, the Longroad Licensees are contractually entitled to the monitoring services provided by the ROC, which is meant to operate around the clock to respond to any systems issues as they arise. Rejection of the ESAs would remove this key safety protocol. As a consequence, the Longroad Licensees are currently unable to troubleshoot effectively key and critical issues on the Projects.

13. Furthermore, Powin has acknowledged that its intellectual property is important to ensure safe operation of its battery energy storage systems. *See* First Day Declaration 6 ("[w]ithout Powin's Stack OS™, these [battery energy storage systems] cannot operate safely"). The Debtors' ongoing failure to provide the passwords necessary for the Longroad Licensees to independently operate their Projects, particularly in light of the threatened cessation of access to Powin's cloud, which is necessary to run Kobold and other critical intellectual property, upon rejection of the ESAs, exposes the Projects to imminent risks. Lack of sufficient access to the intellectual property

hinders the Longroad Licensees' ability to prevent safety incidents and magnifies the potential for irreparable damage to property, public safety, and the Longroad Licensees' business interests.

I declare under penalty of perjury that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct.

Executed this 8th day of July, 2025 at Smartsville, California in Yuba County.

By: _____