**Order Filed on July 8, 2025
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

In re:

Powin, LLC, *et al.*,[1]

Debtors.

Chapter 11

Case No. 25-16137 (MBK)(Jointly Administered)

**ORDER GRANTING EXPEDITED MOTION OF THE DEBTORS FOR
ENTRY OF AN ORDER (I) AUTHORIZING AND APPROVING
SETTLEMENT AND RELEASE AGREEMENT; AND (II) GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered three [3] through thirteen [13], is

**ORDERED**.

**DATED: July 8, 2025**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin Project LLC [1583]; (ii) Powin, LLC [0504], (iii) PEOS Holdings, LLC [5476], (iv) Powin China Holdings 1, LLC [1422], (v) Powin China Holdings 2, LLC [9713], (vi) Charger Holdings, LLC [15241], (vii) Powin Energy Ontario Storage, LLC [8348], (viii) Powin Energy Operating Holdings, LLC [2495], (ix) Powin Energy Operating, LLC [6487] (x) Powin Energy Storage 2, Inc. [9926]; (xi) Powin Energy Ontario Storage II LP [5787]; and (xii) Powin Canada B.C. Ltd. [2239]. The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR 97062.

(Page 2)
Debtors:                    Powin, LLC, *et al.*
Case No.                 25-16137 (MBK)
Caption of Order: Order Granting Expedited Motion of the Debtors for Entry of an Order
(I) Authorizing and Approving Settlement and Release Agreement; and (II) Granting Related
Relief

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**DENTONS US LLP**

Lauren Macksoud (admitted)
101 JFK Parkway
Short Hills, NJ 07078
Telephone: (973) 912-7100
Facsimile: (973) 912-7199
Email: lauren.macksoud@dentons.com

Tania M. Moyron (admitted *pro hac vice*)
Van C. Durrer, II (admitted *pro hac vice*)
601 S. Figueroa Street #2500
Los Angeles, CA 90017
Telephone: (213) 623-9300
Facsimile: (213) 623-9924
Email: tania.moyron@dentons.com
          van.durrer@dentons.com

John D. Beck (*pro hac vice* pending)
Sarah M. Schrag (*pro hac vice* pending)
1221 Avenue of the Americas
New York, NY 10020-1089
Telephone: (212) 768-6700
Facsimile: (212) 768-6800
Email: john.beck@dentons.com
          sarah.schrag@dentons.com

*Proposed Counsel for Debtors and
Debtors in Possession*

**TOGUT, SEGAL & SEGAL LLP**

Frank A. Oswald (admitted)
550 Broad Street
Suite 1508
Newark, NJ 07102
Telephone: (212) 594-5000
Facsimile: (212) 967-4258
Email: frankoswald@teamtogut.com

Albert Togut (admitted *pro hac vice*)
Amanda C. Glaubach (admitted *pro hac vice*)
Eitan Blander (admitted *pro hac vice*)
One Penn Plaza, Suite 3335
New York, New York 10119
Telephone: (212) 594-5000
Facsimile: (212) 967-4258
Email: altogut@teamtogut.com
          aglaubach@teamtogut.com
          eblander@teamtogut.com

*Proposed Counsel for Debtors and
Debtors in Possession*

(Page 3)

Debtors:                    Powin, LLC, *et al.*

Case No.                    25-16137 (MBK)

Caption of Order: Order Granting Expedited Motion of the Debtors for Entry of an Order (I) Authorizing and Approving Settlement and Release Agreement; and (II) Granting Related Relief

Upon consideration of the Motion[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"):  (i) authorizing and approving that certain Settlement and Release Agreement (the "Settlement Agreement")[3] under Rules 2002, 6004, 6006, and 9019 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") and sections 105, 362, 363, and 365 of title 11 of the United States Code, §§ 101 *et seq.* (the "Bankruptcy Code") by and among Powin, Munmorah Battery ProjectCo Pty Ltd, ACN 662 894 699, an Australian corporation ("Munmorah"), Ulinda Park ProjectCo Pty Ltd, ACN 659 144 484, an Australian corporation ("Ulinda", and together with Munmorah, the "Project Group"), FS KKR Capital Corp., a Maryland corporation, KKR FS Income Trust, a Delaware statutory trust, KKR FS Income Trust Select, a Delaware statutory trust, Forethought Life Insurance Company, an Indiana domestic insurance corporation, Commonwealth Annuity and Life Insurance Company, a Massachusetts insurance corporation, and First Allmerica Financial Life Insurance Company, a Massachusetts insurance corporation (together with FS KKR Capital Corp., KKR FS Income Trust, KKR FS Income Trust Select, Forethought Life Insurance Company and Commonwealth Annuity and Life Insurance Company, each a "KKR Party" and collectively, "KKR");[4] (ii) authorizing the transfer of certain of the Debtors' assets (including certain parts, equipment, materials, consumables, supplies, contracts, purchase orders, and warranties) set forth in the Settlement Agreement and the Designation Rights (as defined in the Settlement Agreement) (collectively, the "Assets"); (iii) approving the Designation Procedures (as defined below); and (iv) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration and the Uzzi Declaration; and this Court having jurisdiction over this matter pursuant

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

[3] A true and correct copy of the Settlement Agreement is attached to the Order as Exhibit 1. Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Settlement Agreement.

[4] Each of Powin, the Project Group and KKR are sometimes referred to herein individual as a "Party", and collectively as the "Parties".

(Page 4)
Debtors:                Powin, LLC, *et al.*
Case No.                25-16137 (MBK)
Caption of Order: Order Granting Expedited Motion of the Debtors for Entry of an Order
(I) Authorizing and Approving Settlement and Release Agreement; and (II) Granting Related
Relief

to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District

Court for the District of New Jersey dated as of September 18, 2012, as amended on June 6, 2025;

and this Court having found that consideration of the Motion and the relief requested therein is a

core proceeding pursuant to 28 U.S.C. § 157(b) and this Order is a final order within the meaning

of 28 U.S.C. § 158(a); and the Debtors having consented to the entry of a final order with respect

to the Motion; and the Debtors having consented to the entry of a final order with respect to the

Motion; and the Debtors having asserted that venue of this proceeding and the Motion in this

district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the

relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and

other parties in interest; and this Court having found that the Debtors' notice of the Motion,

opportunity to object, and opportunity for a hearing on the Motion were appropriate under the

circumstances and that no other notice need be provided; and this Court having determined that

the legal and factual bases set forth in the Motion, the First Day Declaration, and the Uzzi

Declaration, and at the hearing thereon establish just cause for the relief granted herein; and all

objections, responses, or reservation of rights filed or asserted in response to the Motion or the

relief granted herein, if any, having been withdrawn, resolved, or overruled on their merits in their

entirety; and after due deliberation and sufficient cause appearing therefor; and this Court having

determined that the legal and factual bases set forth in the Motion and at the hearing thereon (the

"Hearing") establish just cause for the relief granted herein; and upon all of the proceedings before

this Court; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY**

**ORDERED THAT**:[5]

---

[5] The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy
Rule 7052 made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact
constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of
fact, they are adopted as such. The Court's findings shall also include any oral findings of fact and conclusions of law made by the
Court during or at the conclusion of the Hearing. This Order shall constitute the findings of fact and conclusions of law and shall take
immediate effect upon execution hereof.

(Page 5)

Debtors:                Powin, LLC, *et al.*

Case No.              25-16137 (MBK)

Caption of Order: Order Granting Expedited Motion of the Debtors for Entry of an Order
(I) Authorizing and Approving Settlement and Release Agreement; and (II) Granting Related
Relief

1.      The Motion is granted on a final basis to the extent set forth herein.  Pursuant to sections

363(b) and 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019, the Settlement Agreement attached

as **Exhibit 1** is approved in its entirety as entirely fair, equitable, and reasonable, and the terms and conditions

of the Settlement Agreement are incorporated into this Order as if fully set forth herein.

2.      The Debtors and the Project Group are authorized to enter into, perform, execute,

and deliver all documents, and take all actions necessary to timely and fully implement and

consummate the Settlement Agreement and the relief granted in this Order.

3.      The releases contemplated under the Settlement Agreement are hereby approved and shall

be effective upon the Effective Date without further order of the Court or action of the Parties.

4.      Subject to paragraph 5 below, and except as expressly provided for in this Order or

in the Settlement Agreement, pursuant to sections 105(a), 363(b), 363(f), 365(b), and 365(f) of the

Bankruptcy Code, the Debtors are authorized to transfer the Assets to the Project Group, and the

Project Group shall have and take title to and possession of the Assets free and clear of, and shall

have no obligation with respect to, all liens, claims, and other encumbrances ("Claims") of any

kind or nature whatsoever, including, without limitation, rights or claims based on any successor,

transferee, derivative, or vicarious liabilities; de facto merger, continuation or continuity, or any

similar theories under applicable state or federal law or otherwise; provided, however, that title

shall remain subject to (and not free or clear of) the Lien (as defined below) and possession of the

Lienholder's Collateral (as defined below) shall remain with the Lienholder (as defined below)

pending complete satisfaction of the Lien or the separate written agreement between the

Lienholder and the Project Group.

(Page 6)
Debtors:                 Powin, LLC, *et al.*
Case No.                 25-16137 (MBK)
Caption of Order: Order Granting Expedited Motion of the Debtors for Entry of an Order
(I) Authorizing and Approving Settlement and Release Agreement; and (II) Granting Related
Relief

5.      The Assets which are located in any facility, warehouse, or other storage location owned, operated, or controlled by the party defined in section 1(c)(ii) of the Settlement Agreement (together with its parent, subsidiary, or any other affiliate entities, the "Lienholder") in Australia or elsewhere (collectively, the "Lienholder Collateral") are subject to any lien held by the Lienholder, including, without limitation, the perfected, senior, maritime, and/or other possessory liens (collectively, the "Lien").  To the extent that title to any portion of the Assets which constitutes the Lienholder Collateral is transferred from the Debtors to the Project Group, except as otherwise agreed by the Project Group and the Lienholder, said transfer remains subject to (and is not free or clear of) the Lien.   Nothing in this Order or the Settlement Agreement shall be construed to compel the Lienholder to relinquish possession of the Lienholder Collateral.   Nothing in this Order or the Settlement Agreement shall be construed to compel the Lienholder to release or modify the Lien. Moreover, nothing in this Order or the Settlement Agreement shall be construed to waive the Lienholder's position that the Lien attaches to any and all goods in its control or possession, wherever located.  No rights or claims of the Lienholder are being released, waived, or otherwise modified by this Order or the Settlement Agreement, and the Lienholder expressly reserves all rights with respect to its claims against the Debtors. Nothing in this Order shall alter the Debtors' rights vis-à-vis the Lienholder, including any right to contend the Lienholder's receipt of cash or other consideration from the Project Group or any other party on account of the Assets reduces, offsets, or satisfies the Debtors' obligations to the Lienholder, and nothing in the Order shall alter the Lienholder's rights to argue otherwise and the Lienholder reserves all rights with respect to the Lien and its claims against the Debtors.

6.      This Order:  (a) is and shall be effective as a determination that upon the Effective Date (as defined in the Settlement Agreement) all Claims of any kind or nature whatsoever existing

6

(Page 7)

Debtors:               Powin, LLC, *et al.*

Case No.               25-16137 (MBK)

Caption of Order: Order Granting Expedited Motion of the Debtors for Entry of an Order (I) Authorizing and Approving Settlement and Release Agreement; and (II) Granting Related Relief

as to the Assets, have been unconditionally released, discharged, and terminated, and that the conveyances described herein have been effected; and (b) is and shall be binding upon and shall authorize all entities, including without limitation all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies or units, governmental departments or units, secretaries of state, federal, state and local officials and all other persons and entities, who may be required by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to the Assets conveyed to the Project Group.  For the avoidance of doubt, the Lien shall not be released by this Order or the Settlement Agreement.

7.     The total consideration provided by all parties pursuant to the Settlement Agreement constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code, the Uniform Voidable Transactions Act, the Uniform Fraudulent Transfer Act, the Uniform Fraudulent Conveyance Act, and any other applicable law, and may not be avoided under section 363(n) of the Bankruptcy Code or any other applicable law and no party shall be entitled to any damages or other recovery pursuant to section 363(n) of the Bankruptcy Code in respect of the Settlement Agreement.  Effective from and after the Effective Date, each of the Parties hereby release any claims they may have relating to the transfers contemplated by the Settlement Agreement.

8.     The Settlement Agreement was entered into without collusion or fraud, in good faith, and at arm's length and was not entered into for the purpose of hindering, delaying, or

7

(Page 8)
Debtors:                    Powin, LLC, *et al.*
Case No.                    25-16137 (MBK)
Caption of Order: Order Granting Expedited Motion of the Debtors for Entry of an Order
(I) Authorizing and Approving Settlement and Release Agreement; and (II) Granting Related
Relief

defrauding creditors of the Debtors under the Bankruptcy Code or under the laws of the United

States, any state, territory, possession thereof, or the District of Columbia, or any other applicable

law.  None of the Settlement Parties entered into the Settlement Agreement with any fraudulent or

otherwise improper purpose.

9.      The Project Group is a good faith purchaser within the meaning of Bankruptcy

Code section 363(m) and otherwise has proceeded in good faith in all respects in connection with

this proceeding, and is therefore entitled to the full protection of that provision with respect to the

Settlement Agreement, each term of the Settlement Agreement (and any ancillary documents

executed in connection therewith) and each term of this Order.

10.     The following Designation Procedures comply with section 365 of the Bankruptcy

Code and Bankruptcy Rule 6006 and are hereby approved:

a.      Effective as of the Execution Date (as defined in the Settlement
Agreement), subject to the entry of this Order, Powin shall irrevocably and
unconditionally assign, convey, and transfer to Munmorah, free and clear
of all liens, claims, and encumbrances (except the Lien) to the fullest extent
permitted by section 363(f) of the Bankruptcy Code, the exclusive right to
irrevocably, subject to the express provisions set forth in the Settlement
Agreement, select, identify, and designate (on one or more occasions) (such
rights, the "Designation Rights") the Munmorah subcontracts (including the
purchase orders related to the Munmorah Project) listed on Exhibit E-1 of
the Settlement Agreement between Powin or its affiliates and a person or
entity that furnishes labor, services, material or equipment to Powin for the
purposes of the Munmorah Project (collectively, the "Munmorah
Subcontracts") in respect of which Munmorah, or its assignee, will acquire
all of Powin's rights, title and interest in and to the applicable Munmorah
Subcontracts.

b.      Effective as of the Execution Date, subject to the entry of this Order, Powin
shall irrevocably and unconditionally assign, convey and transfer to Ulinda,
free and clear of all liens, claims, and encumbrances (except the Lien) to the

(Page 9)

Debtors:  Powin, LLC, *et al.*

Case No.  25-16137 (MBK)

Caption of Order: Order Granting Expedited Motion of the Debtors for Entry of an Order (I) Authorizing and Approving Settlement and Release Agreement; and (II) Granting Related Relief

fullest extent permitted by section 363(f) of the Bankruptcy Code, the Designation Rights in respect of the Ulinda subcontracts (including the purchase orders related to the Ulinda Project) listed on Exhibit E-2 of the Settlement Agreement between Powin or its affiliates and a person or entity that furnishes labor, services, material or equipment to Powin for the purposes of the Ulinda Project (collectively, the "Ulinda Subcontracts", and together with the Munmorah Subcontracts, the "Project Subcontracts").

c.  Effective as of the Execution Date, subject to the terms and conditions of the Settlement Agreement, this Order, and the requirements of section 365(b) of the Bankruptcy Code, by no later than 5:00 p.m. on the date that is 60 days after the date the Court enters this Order (the "Expiration Date" and such hearing the "Approval Hearing", and the period between the Execution Date and the Expiration Date, the "Designation Rights Period"), the Project Group may by written notice substantially in the form attached hereto as **Exhibit 3** (such notice an "Assignment Notice") to Powin designate one or more of the Project Subcontracts for assumption and assignment, in the Project Group's sole and absolute discretion, which can be exercised with respect to any number, or none, of the Project Subcontracts prior to the Expiration Date. Such notice shall provide the following information: (i) the Project Subcontract proposed to be assumed and assigned, (ii) the identity of the assignee, if any, (iii) the identity of the subcontractor with respect to the applicable Project Subcontract, and (iv) the Cure Costs[6] associated with the applicable Project Subcontract. The Project Group (or its assignee(s)), at the Project Group's sole cost and expense, shall have the exclusive right to take an assignment of any Project Subcontract and to negotiate with the subcontractor with respect thereto (it being understood that upon written notification by the Project Group to Powin that the Project Group will not elect to have a Project Subcontract assigned to it or its assignee, in which case Powin shall have the right to then reject or assign such Project Subcontract to another party in Powin's sole and absolute discretion). The Designation Rights set forth herein shall terminate on the Expiration Date. Within one (1) Business Day following the date of Powin's receipt of a Project Group Assumption Notice, Powin shall file with the Court and serve by overnight mail and email (in each case, where available) on the applicable subcontractor(s) and other appropriate notice parties an Assignment Notice in respect of the designated Project Subcontracts (the "Designated Project Subcontracts") subject to such

---

[6] With respect to each Designated Project Subcontract, on the Contract Assignment Closing Date (as defined below) relating to such Designated Project Subcontract, the Project Group shall pay to Powin for further payment to the applicable subcontractor for such Designated Project Subcontract an amount equal to the cure costs approved by the Bankruptcy Court for such Designated Project Subcontract (the "Cure Costs").

(Page 10)

Debtors:              Powin, LLC, *et al.*

Case No.              25-16137 (MBK)

Caption of Order: Order Granting Expedited Motion of the Debtors for Entry of an Order (I) Authorizing and Approving Settlement and Release Agreement; and (II) Granting Related Relief

Assignment Notice. The Assignment Notice shall contain (i) the Project Subcontract proposed to be assumed and assigned, (ii) the identity of the assignee, if any, (iii) the identity of the subcontractor with respect to the applicable Project Subcontract, and (iv) the Cure Costs associated with the applicable Project Subcontract. Unless otherwise agreed by the Parties, the Assignment Notice shall provide the applicable subcontractor(s) no more than seven (7) days following service of such notice (the "Response Deadline") to object to the proposed Cure Costs and/or assumption of the applicable Project Subcontract, and such objection shall be heard at the later of (i) the Approval Hearing and (ii) a hearing before the Court no later than thirty (30) days after service of the Assignment Notice. The Parties shall close the assumption and assignment of any designated Project Subcontracts, as applicable, on the later of (i) the Response Deadline, if no objection is filed and served by a contract counterparty in accordance with the procedures in the Assignment Notice prior to such date, (ii) prior to such Response Deadline on a date agreed between the contract counterparty and the Project Group if such objection is resolved prior to the Response Deadline, (iii) the first (1st) Business Day after the Court enters an order overruling or resolving any objection lodged by the contract counterparty, and (iv) such other date as the Project Group and the contract counterparty agrees (each, as applicable, a "Contract Assignment Closing Date"). Notwithstanding the foregoing, effective as of the applicable Contract Assignment Closing Date, Powin shall assign to the Project Group all of Powin's rights, titles, and interests in any and all Avoidance Actions (as defined below) relating to or arising from the Project Subcontracts assumed and assigned to the Project Group pursuant to Section 4 of the Settlement Agreement; provided, for the avoidance of doubt, Powin shall retain all Avoidance Actions relating to or arising from Project Subcontracts not assumed and assigned under the Settlement Agreement. For purposes of the Settlement Agreement, "Avoidance Actions" means any and all actual or potential avoidance, recovery, subordination, or other claims, causes of action, or remedies that may be brought by or on behalf of Powin, its affiliates, or their successors or assigns or other authorized parties in interest under the Bankruptcy Code or applicable non-bankruptcy law, including claims, causes of action, or remedies arising under chapter 5 of the Bankruptcy Code or under similar or related local, state, federal, or foreign statutes or common law, including fraudulent transfer laws.

d.   With respect to any Designated Project Subcontract, the Project Group and Powin shall each use commercially reasonable efforts to accomplish, and shall fully cooperate with each other in, the resolution of any objections to the proposed assumption and assignment of such Project Subcontract,

10

(Page 11)
Debtors:                   Powin, LLC, *et al.*
Case No.                   25-16137 (MBK)
Caption of Order: Order Granting Expedited Motion of the Debtors for Entry of an Order
(I) Authorizing and Approving Settlement and Release Agreement; and (II) Granting Related
Relief

> provided that Powin shall have no requirement to contribute to any Cure
> Costs.  Furthermore, unless otherwise agreed upon by the Project Group and
> Powin, the Project Group shall have no liability or obligations, other than
> for the payment of Cure Costs, with respect to any liabilities, claims,
> damages or other obligations of Powin under such Project Subcontract to
> the extent arising through and including the Contract Assignment Closing
> Date.

11.     Any party seeking to object to the assumption and assignment of any Designated Project

Subcontract (an "Assumption and Assignment Objection") must do so in accordance with the procedures

outlined in the Assignment Notice.  If no Assignment and Assumption Objection is filed by the Assumption

Objection Deadline, the Debtors may submit to the Court an order approving the assumption and assignment

of such Designated Project Subcontract(s) substantially in the form attached to this Order as **Exhibit 2** under

certification of counsel and without further notice or hearing.  If an Assumption and Assignment Objection is

timely filed and not withdrawn, the Debtors, the Project Group and the objecting counterparty shall have

authority to compromise, settle or otherwise resolve any objections without further order of the Court.  If the

Debtors, the Project Group and the objecting counterparty determine that the objection cannot be resolved

without judicial intervention, then the Debtors, with the consent of the Project Group and in consultation with

the objecting counterparty as to the date and time of the hearing, shall schedule a hearing on such objection.

The Assignee can determine in its sole discretion prior to the Expiration Date to remove a

Designated Project Subcontract from the list of Designated Project Subcontracts to be assumed

and assigned to the Assignee pursuant to an Assignment Notice; *provided* that the Debtors provide

notice of such removal to the relevant Designated Project Subcontract counterparty as soon as

practicable thereafter.

11

(Page 12)
Debtors:              Powin, LLC, *et al.*
Case No.              25-16137 (MBK)
Caption of Order: Order Granting Expedited Motion of the Debtors for Entry of an Order
(I) Authorizing and Approving Settlement and Release Agreement; and (II) Granting Related
Relief

12.    In exchange for, and as a material inducement to, the consent of the Prepetition Secured

Parties to release their liens on and security interests in the Assets, each of the Debtors, for itself and its estates,

stipulates, acknowledges, and agrees that all payments to be made to the Debtors pursuant to the Settlement

Agreement and this Order shall constitute proceeds of the Prepetition Collateral, and Cash Collateral of the

Prepetition Secured Parties, and such stipulation, acknowledgment, and agreement shall be binding upon the

Debtors, their estates, and all other creditors, parties in interest, and all of their respective successors

and assigns (including without limitation, all statutory committees appointed in these Chapter 11

Cases) subject only to Challenges brought during the Challenge Period, and the terms and

conditions with respect thereto, as set forth in the *Interim Order (I) Authorizing Postpetition Use*

*of Cash Collateral, (II) Granting Adequate Protection to the Prepetition Secured Parties, and (III)*

*Granting Related Relief* [Docket No. 68] and any final order in respect thereof (the "Cash

Collateral Orders").[7]

13.    The automatic stay pursuant to section 362 of the Bankruptcy Code is hereby

modified to the extent necessary, without further order of the Court, (i) to allow the Project Group

to give the Debtors any notice provided for in the Settlement Agreement, (ii) to allow the Project

Group to take any and all actions permitted by the Settlement Agreement in accordance with the

terms and conditions thereof, including, without limitation, effectuating the Transaction and (iii) to

otherwise implement the terms and provisions of the Settlement Agreement and this Order.

---

[7] Capitalized terms used in this paragraph 12 but not otherwise defined in this Order shall have the meanings ascribed to such terms
in the Cash Collateral Orders.

(Page 13)
Debtors:                Powin, LLC, *et al.*
Case No.               25-16137 (MBK)
Caption of Order: Order Granting Expedited Motion of the Debtors for Entry of an Order (I) Authorizing and Approving Settlement and Release Agreement; and (II) Granting Related Relief

14.    This Order shall be fully enforceable against each of the Debtors, their estates, and any successors thereto, including, without limitation, any estate representative or trustee appointed in any of the Chapter 11 Cases, or in any case under chapter 7 of the Bankruptcy Code upon conversion of any of the Chapter 11 Cases, or in any other proceedings superseding or relating to any of the foregoing and/or upon the dismissal of any of the Chapter 11 Cases or any such successor cases, in each case, in accordance with the terms of this Order.

15.    Notwithstanding the provisions of Bankruptcy Rules 6004(h), 6006(d) or 7062 or any applicable provisions of the Local Rules, this Order shall not be stayed after the entry hereof, but shall be effective and enforceable immediately upon entry, and the fourteen (14) day stay provided in Bankruptcy Rules 6004(h) and 6006(d) is hereby expressly waived and shall not apply.  Time is of the essence in closing the Transaction and the Debtors and the Project Group intend to close the Transaction as soon as practicable.

16.    In the event that there is a direct conflict between the terms of this Order, the Settlement Agreement, and any documents executed in connection therewith, the provisions contained in this Order, the Settlement Agreement, and any documents executed in connection therewith shall govern, in that order.

17.    This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order; provided, however, that the Lienholder does not consent to the Court's jurisdiction over any issues regarding the Lienholder, the Lienholder's Collateral, or the Lien.

18.    All time periods set forth in this Order and the Settlement Agreement shall be calculated in accordance with Bankruptcy Rule 9006(a).

**Exhibit 1**

(Settlement Agreement)

**OMITTED**

**FILED UNDER SEAL**

**Exhibit 2**

(Proposed Assignment Order)

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>Powin, LLC, *et al.*,[1]<br><br>              Debtors. | Chapter 11<br><br>Case No. 25-16137 (MBK)<br><br>(Jointly Administered)<br><br>(Emergency Hearing Requested) |

**ORDER (I) AUTHORIZING AND APPROVING**
**ASSUMPTION AND ASSIGNMENT OF EXECUTORY**
**CONTRACTS DESIGNATED IN DEBTORS' NOTICE OF CURE COSTS AND**
**ASSUMPTION AND ASSIGNMENT; AND (II) GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered [3] through [7], is **ORDERED.**

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin Project LLC [1583]; (ii) Powin, LLC [0504], (iii) PEOS Holdings, LLC [5476], (iv) Powin China Holdings 1, LLC [1422], (v) Powin China Holdings 2, LLC [9713], (vi) Charger Holdings, LLC [15241], (vii) Powin Energy Ontario Storage, LLC [8348], (viii) Powin Energy Operating Holdings, LLC [2495], (ix) Powin Energy Operating, LLC [6487] (x) Powin Energy Storage 2, Inc. [9926]; (xi) Powin Energy Ontario Storage II LP [5787]; and (xii) Powin Canada B.C. Ltd. [2239]. The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR 97062.

(Page 2)
Debtors:                Powin, LLC, *et al.*
Case No.                25-16137 (MBK)
Caption of Order: Order (I) Authorizing and Approving Assumption and Assignment of Executory Contracts Designated in Debtors' Notice of Cure Costs and Assumption and Assignment; and (II) Granting Related Relief

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**DENTONS US LLP**

Lauren Macksoud (admitted)
101 JFK Parkway
Short Hills, NJ 07078
Telephone: (973) 912-7100
Facsimile: (973) 912-7199
Email: lauren.macksoud@dentons.com

Tania M. Moyron (admitted *pro hac vice*)
Van C. Durrer, II (admitted *pro hac vice*)
601 S. Figueroa Street #2500
Los Angeles, CA 90017
Telephone:  (213) 623-9300
Facsimile:  (213) 623-9924
Email:  tania.moyron@dentons.com
            van.durrer@dentons.com

John D. Beck (*pro hac vice* pending)
Sarah M. Schrag (*pro hac vice* pending)
1221 Avenue of the Americas
New York, NY 10020-1089
Telephone:  (212) 768-6700
Facsimile:  (212) 768-6800
Email:  john.beck@dentons.com
            sarah.schrag@dentons.com

*Proposed Counsel for Debtors and
Debtors in Possession*

**TOGUT, SEGAL & SEGAL LLP**

Frank A. Oswald (admitted)
550 Broad Street
Suite 1508
Newark, NJ 07102
Telephone:  (212) 594-5000
Facsimile:  (212) 967-4258
Email:  frankoswald@teamtogut.com

Albert Togut (admitted *pro hac vice*)
Amanda C. Glaubach (admitted *pro hac vice*)
Eitan Blander (admitted *pro hac vice*)
One Penn Plaza, Suite 3335
New York, New York 10119
Telephone:  (212) 594-5000
Facsimile:  (212) 967-4258
Email:  altogut@teamtogut.com
            aglaubach@teamtogut.com
            eblander@teamtogut.com

*Proposed Counsel for Debtors and
Debtors in Possession*

(Page 3)

Debtors:               Powin, LLC, *et al.*

Case No.               25-16137 (MBK)

Caption of Order: Order (I) Authorizing and Approving Assumption and Assignment of Executory Contracts Designated in Debtors' Notice of Cure Costs and Assumption and Assignment; and (II) Granting Related Relief

Pursuant to the *Order (I) Authorizing and Approving Settlement and Release Agreement; and (II) Granting Related Relief* [Docket No. [●]] (the "Settlement Order"); and this Court having jurisdiction and authority to consider this matter pursuant to 28 U.S.C. §§ 157(a)-(b) and § 1334(b); and this Court having found that this is a core proceeding under 28 U.S.C. § 157(b) and that this Court may enter a final order consistent with Article III of the United States Constitution; and the Debtors having asserted that venue of this proceeding in this district is proper under 28 U.S.C. §§ 1408 and 1409; and the Debtors having properly filed and served the *Notice of Cure Costs and Assumption and Assignment of Executory Contracts in Connection with Settlement Agreement* (the "Assignment and Assumption Notice")[2] to each applicable party, including those parties set forth in Schedule 1 attached hereto (the "Assignment Schedule"), in accordance with the terms of the Settlement Order; and due and proper notice of the Assignment and Assumption Notice having been provided to each applicable counterparty, and such notice having been adequate and appropriate under the circumstances, and it appearing that no other notice need be provided; and this Court having reviewed the Assignment and Assumption Notice; and upon any hearing held on the Assignment and Assumption Notice; and the Court having found that the Debtors have satisfied section 365 of the Bankruptcy Code with respect to the assumption and assignment of the Contracts to the Assignee, as applicable; and all objections, if any, to the Assignment and Assumption Notice having been withdrawn, resolved, or overruled; and this Court having determined that the legal and factual bases for the assumption and assignment of the Contracts pursuant to the Assumption Notice establish just cause for the relief granted herein; and this Court having found that the relief requested is in the best interests of the Debtors' estates, their

---

[2] Capitalized terms used but not defined herein have the meaning ascribed to such terms in the Assignment and Assumption Notice.

(Page 4)

Debtors:                Powin, LLC, *et al.*

Case No.                25-16137 (MBK)

Caption of Order: Order (I) Authorizing and Approving Assumption and Assignment of Executory Contracts Designated in Debtors' Notice of Cure Costs and Assumption and Assignment; and (II) Granting Related Relief

creditors, and other parties in interest; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

1.      The Contracts listed on **Exhibit A** to the Assignment and Assumption Notice (the "Assignment Schedule") are assumed and assigned to the Assignee set forth in the Assignment Schedule effective as of the Assignment Date.

2.      Pursuant to sections 105(a) and 363(f) of the Bankruptcy Code, the assignment of any Contract (i) shall be free and clear of all interests including liens, claims, and encumbrances (except the Lien), (ii) constitutes a legal, valid, and effective transfer of such Contract, and (iii) vests the Assignee with all rights, title, and interests to the applicable Contract.

3.      Pursuant to sections 365(b)(1)(A) and (B) of the Bankruptcy Code, within seven (7) days following the Assignment Date for any Contract, the Assignee shall pay to the Debtors all undisputed cure amounts set forth in the Assignment Schedule (the "Cure Costs") with respect to each Contract, which the Debtors shall pay within three (3) days of receipt thereof directly to the applicable counterparty by wire transfer.  The Cure Costs represent the only amounts necessary under sections 365(b) and 365(f) of the Bankruptcy Code to cure all defaults under such Contract through the Assignment Date.

4.      If a Contract counterparty has objected solely to the proposed Cure Costs, the Debtors or the Assignee, as applicable, may pay the undisputed portion of such Cure Costs in accordance with preceding paragraph and place the disputed amount in a segregated account pending further order of the Court or mutual agreement of the parties.  Under such circumstances, the objecting Contract counterparty's recourse is limited to the funds held in such segregated account.

5.      From and after the Assignment Date, except for the Assignee's obligation to pay

(Page 5)
Debtors:                    Powin, LLC, *et al.*
Case No.                   25-16137 (MBK)
Caption of Order: Order (I) Authorizing and Approving Assumption and Assignment of Executory Contracts Designated in Debtors' Notice of Cure Costs and Assumption and Assignment; and (II) Granting Related Relief

Cure Costs, (i) the Assignee shall have no liability for claims, causes of action, breaches, defaults, or other liabilities, including successor liability, transferee liability, derivative liability, vicarious liability, *de facto* merger, continuation, or continuity, or any similar theories under applicable state, federal, or foreign law or otherwise, arising from or related to the Contract (whether known or unknown, monetary or non-monetary, or existing or accrued) for the period prior to the Assignment Date, and (ii) all other persons and entities holding such claims attributable to the period prior to the Assignment Date, including the Contract counterparties, are hereby forever barred, estopped, and permanently enjoined from asserting or pursuing such claims against the Assignee, its affiliates, successors, or assigns, its or their property, or the applicable Contract, including any objections to the assumption and assignment of such Contract, whether or not such non-debtor party filed a proof of claim.

6.      Any provision in any Contract that purports to declare a breach or default as a result of a change or transfer of control or as a result of any interest of or in respect of the Debtors is unenforceable (in connection with the assignment of a Contract to the Assignee), and all Contracts shall remain in full force and effect notwithstanding assignment thereof to Assignee. No sections or provisions of any Contract, that in any way purport to,

   a.   prohibit, restrict or condition the Debtors' assignment of such Contract (including, but not limited to, continuous operation covenants, use restrictions or the conditioning of such assignment on the consent of the non-debtor party to such Contract);
   b.   provide for the cancellation or modification of the terms of the Contract based on the filing of a bankruptcy case, the financial condition of the Debtors or similar circumstances, such as those prohibited by section 365(e) of the Bankruptcy Code;
   c.   provide for additional payments (*e.g.*, so called "profit" sharing/splitting), penalties, fees, charges or other financial accommodations in favor of the non-debtor third party to such Contract upon assignment thereof; or

(Page 6)

Debtors:                  Powin, LLC, *et al.*

Case No.              25-16137 (MBK)

Caption of Order: Order (I) Authorizing and Approving Assumption and Assignment of Executory Contracts Designated in Debtors' Notice of Cure Costs and Assumption and Assignment; and (II) Granting Related Relief

        d.   provide for any rights of first refusal on a counterparty's part, or any recapture or termination rights in favor of a counterparty,

shall have any force or effect with respect to the Designation Rights provided pursuant to the Settlement Agreement (each, as defined in the Settlement Order) or the assignment of the Contracts because they constitute unenforceable anti-assignment provisions under section 365(f) of the Bankruptcy Code and/or are otherwise unenforceable under section 365(e) of the Bankruptcy Code.

7.      As of the Assignment Date, no default shall exist under the Contract, and no counterparty to the Contract shall be permitted to declare a default by any Debtor or otherwise take action against Assignee or the Debtors as a result of any Debtor's financial condition, bankruptcy, or failure to perform any of its obligations under the Contract. Upon assumption and assignment of any Contract pursuant to this Order, the Assignee shall enjoy all of the rights and benefits under each such Contract as of the applicable Assignment Date.

8.      The Debtors are authorized to take any action necessary to implement the terms of this Order and the assumption and assignment without further order from this Court.

9.      All recording officers are authorized to strike recorded encumbrances, claims, liens, and other interests against the Contract recorded prior to the date of this Order (except the Lien). To the extent permitted by applicable law, a certified copy of this Order may be filed with the appropriate recording officers to evidence cancellation of any recorded encumbrances, claims, liens, and other interests against the Contract recorded prior to the date of this Order. All recording officers are hereby authorized to accept for filing any and all of the documents and instruments necessary and appropriate to consummate the transactions contemplated by this Order. For the avoidance of doubt, the Lien shall not be released.

(Page 7)
Debtors:                Powin, LLC, *et al.*
Case No.                25-16137 (MBK)
Caption of Order: Order (I) Authorizing and Approving Assumption and Assignment of Executory Contracts Designated in Debtors' Notice of Cure Costs and Assumption and Assignment; and (II) Granting Related Relief

10.     Notwithstanding any subsequent appointment of any trustee(s) under any chapter of the Bankruptcy Code, this Order shall be binding in all respects upon, and shall inure to the benefit of, the Debtors, their estates and their creditors, their respective affiliates, successors, assigns, and any affected third parties.

11.     In the event that there is a direct conflict between the terms of this Order and the Assignment Notice, the provisions contained in this Order shall govern.

12.     Notwithstanding Bankruptcy Rules 6004(h) and 6006(d), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

13.     This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order; provided, however, that the Lienholder does not consent to the Court's jurisdiction over any issues regarding the Lienholder, the Lienholder's Collateral, or the Lien.

**Exhibit 3**

(Proposed Assignment Notice)

**DENTONS US LLP**

Lauren Macksoud (admitted)
101 JFK Parkway
Short Hills, NJ 07078
Telephone: (973) 912-7100
Facsimile: (973) 912-7199
Email: lauren.macksoud@dentons.com

Tania M. Moyron (admitted *pro hac vice*)
Van C. Durrer, II (admitted *pro hac vice*)
601 S. Figueroa Street #2500
Los Angeles, CA 90017
Telephone: (213) 623-9300
Facsimile: (213) 623-9924
Email: tania.moyron@dentons.com
        van.durrer@dentons.com

John D. Beck (*pro hac vice* pending)
Sarah M. Schrag (*pro hac vice* pending)
1221 Avenue of the Americas
New York, NY 10020-1089
Telephone: (212) 768-6700
Facsimile: (212) 768-6800
Email: john.beck@dentons.com
        sarah.schrag@dentons.com

*Proposed Counsel for Debtors and*
*Debtors in Possession*

**TOGUT, SEGAL & SEGAL LLP**

Frank A. Oswald (admitted)
550 Broad Street
Suite 1508
Newark, NJ 07102
Telephone: (212) 594-5000
Facsimile: (212) 967-4258
Email: frankoswald@teamtogut.com

Albert Togut (admitted *pro hac vice*)
Amanda C. Glaubach (admitted *pro hac vice*)
Eitan Blander (admitted *pro hac vice*)
One Penn Plaza, Suite 3335
New York, New York 10119
Telephone: (212) 594-5000
Facsimile: (212) 967-4258
Email: altogut@teamtogut.com
        aglaubach@teamtogut.com
        eblander@teamtogut.com

*Proposed Counsel for Debtors and*
*Debtors in Possession*

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br>Powin, LLC, *et al.*,[1]<br>　　　　　　　Debtors. | Chapter 11<br>Case No. 25-16137 (MBK)<br>(Jointly Administered) |

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are:  (i) Powin Project LLC [1583]; (ii) Powin, LLC [0504], (iii) PEOS Holdings, LLC [5476], (iv) Powin China Holdings 1, LLC [1422], (v) Powin China Holdings 2, LLC [9713], (vi) Charger Holdings, LLC [15241], (vii) Powin Energy Ontario Storage, LLC [8348], (viii) Powin Energy Operating Holdings, LLC [2495], (ix) Powin Energy Operating, LLC [6487] (x) Powin Energy Storage 2, Inc. [9926]; (xi) Powin Energy Ontario Storage II LP [5787]; and (xii) Powin Canada B.C. Ltd. [2239]. The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR 97062.

**NOTICE OF CURE COSTS AND ASSUMPTION AND ASSIGNMENT OF
EXECUTORY CONTRACTS IN CONNECTION WITH SETTLEMENT AGREEMENT**

> **PARTIES RECEIVING THIS NOTICE SHOULD LOCATE THEIR CONTRACTS
> ON EXHIBIT A ATTACHED HERETO AND READ THE CONTENTS OF THIS
> NOTICE CAREFULLY.**

On [●], 2025, the United States Bankruptcy Court for the District of New Jersey (the "Court") entered an order on the *Expedited Motion of the Debtors for Entry of an Order (I) Authorizing and Approving Settlement and Release Agreement and (II) Granting Related Relief* [Docket No. [●]] (the "Motion")[2] of the debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), approving the Designation Procedures (as defined in the Motion) described therein for the assumption and assignment of certain executory contracts to Munmorah Battery ProjectCo Pty Ltd, ACN 662 894 699, an Australian corporation ("Munmorah") and Ulinda Park ProjectCo Pty Ltd, ACN 659 144 484, an Australian corporation ("Ulinda," and each of Munmorah and Ulinda, an "Assignee," or their designee and Ulinda together with Munmorah, the "Project Group"), and granting related relief [Docket No. [●]] (the "Designation Procedures Order").

Pursuant to the Designation Procedures Order and by this written notice (this "Assignment and Assumption Notice"), the Debtors hereby notify you that they are seeking to assume and assign, in the exercise of their business judgment, each executory contract (including as amended outside of the ordinary course of business by mutual agreement of the parties thereto and the Assignee, as applicable) set forth on **Exhibit A** attached hereto (each, a "Contract" and, collectively, the "Contracts") to the Assignee, as applicable, effective as of the later of (i) the Response Deadline (as defined below), if no objection is filed and served by a Contract counterparty (a "Contract Counterparty") in accordance with the procedures herein prior to such date, (ii) prior to such Response Deadline on a date agreed between the Contract Counterparty and the Assignee, as applicable, if such objection is resolved prior to the Response Deadline, and (iii) the first (1st) business day after the Court enters an order overruling or resolving any objection filed and served by the Contract Counterparty, or (iv) such other date as the Assignee, as applicable, and the Contract Counterparty agrees (each, as applicable, the "Assignment Date"), or such other date as the Assignee, as applicable, and the Contract Counterparty agrees; *provided, however*, that no Contract shall be deemed assumed or assumed and assigned absent entry of an applicable Assignment Order, the form of which was annexed to the Designation Procedures Order as Exhibit 2.

The Assignee, as applicable, has the financial wherewithal to meet all future obligations under the Contract, which may be evidenced by the adequate assurance information, thereby demonstrating that the Debtor or Assignee, as applicable, has the ability to comply with the requirements of adequate assurance of future performance.[3]

The Debtors request that if you object to the assumption and assignment of any Contract, including a Cure Objection or an Adequate Assurance Objection (each, as defined below), that you contact the Debtors (with a copy to the Assignee) prior to objecting to attempt to resolve such

---

[2] Capitalized terms used but not defined herein have the meanings ascribed to them in Motion.

[3] The Debtors will cause evidence of adequate assurance of future performance to be served with the Assignment and Assumption Notice upon the Contract Counterparties affected by the Assignment and Assumption Notice (and their counsel, if known) by electronic mail.

dispute consensually. The Debtors' contact for such matters is John D. Beck, Esq., at (212) 768-6700, or john.beck@dentons.com. The Assignee's contact for such matters is Alejandro Bascoy, Esq., at (212)-310-8927, or alejandro.bascoy@weil.com. If such dispute cannot be resolved consensually, you must file and serve an objection by the deadlines set forth below and in accordance with the procedures set forth in this Assumption Notice to preserve your right to object.

If an objection to the assumption of any Contract is timely filed and not withdrawn or resolved, the Debtors shall provide at least seven (7) days' notice of such hearing to the applicable Contract Counterparty and the Notice Parties (as defined below). The Assignee can determine in its sole discretion prior to the Expiration Date to remove a Contract from the list of Contracts to be assumed and assigned to the Assignee pursuant to an Assignment Notice; *provided* that the Debtors provide notice of such removal to the relevant Contract Counterparty as soon as practicable thereafter.

### Cure Cost Objections

Objections to the proposed amount necessary to cure any defaults under any Contract listed on **Exhibit A** (the "Cure Costs" and such objection, a "Cure Objection"), must (a) be in writing; (b) state, with specificity, the legal and factual basis thereof, including what Cure Costs the objecting party believes are required; (c) include any supporting documentation thereof; and (d) be filed with the Court and served on the Notice Parties (as defined below) so that such objection is *actually received* by them no later than seven (7) days after the date that the Debtors filed and served this Assignment and Assumption Notice (via overnight mail and/or email) (the "Response Deadline"). The Cure Costs are the only amounts proposed to be paid upon the assumption and assignment of the Contracts. If you have more than one Contract identified on **Exhibit A**, an objection with respect to one Contract shall have no impact on the other Contract(s) to which you are a party for which no objection has been filed and served.

The Notice Parties are: (i) counsel to the Project Group (A) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn.: Andriana Georgallas (andriana.georgallas@weil.com), Kevin H. Bostel (Kevin.Bostel@weil.com), and Alejandro Bascoy (alejandro.bascoy@weil.com), and (B) Wollmuth Maher & Deutsch LLP, 500 Fifth Avenue, New York, New York 10110, Attn.: Paul R. DeFilippo (pdefilippo@wmd-law.com), James N. Lawlor (jlawlor@wmd-law.com), Joseph F. Pacelli (jpacelli@wmd-law.com) and Nicholas. Servider (nservider@wmd-law.com); (ii) counsel to the Debtors (A) Dentons US LLP, 1221 Avenue of the Americas, New York, NY 10020-1089, Attn.: Tania M. Moyron (tania.moyron@dentons.com), Van C. Durrer, II (van.durrer@dentons.com), John D. Beck (john.beck@dentons.com), and Sarah M. Schrag (sarah.schrag@dentons.com) and (B) Togut, Segal & Segal LLP, 550 Broad Street, Suite 1508, Newark, NJ 07102, Attn.: Frank A. Oswald (frankoswald@teamtogut.com), Albert Togut (altogut@teamtogut.com), Amanda C. Glaubach (aglaubach@teamtogut.com), and Eitan Blander (eblander@teamtogut.com); (iii) the Office of the United States Trustee, One Newark Center, Suite 2100 Newark, NJ 07102, Attn.: Lauren Bielskie; and (iv) any counsel to any statutory committee appointed in the Debtors' chapter 11 cases (the "Notice Parties").

**If a Contract Counterparty fails to file with the Court and serve on the Notice Parties a timely Cure Objection, the Contract Counterparty shall be forever barred from asserting any objection with regard to the amount to cure any default under the applicable Contract.**

**The Cure Costs set forth on** Exhibit A **hereto shall be controlling and will be the only amount necessary to cure outstanding defaults under the applicable transferred contract under Bankruptcy Code section 365(b), notwithstanding anything to the contrary in the Contract or any other document, and the applicable counterparty shall be forever barred from asserting any additional cure or other amounts with respect to such transferred contract against the Debtors, the Assignee, or the property of any of them.**

### Adequate Assurance Objections

Objections to the adequate assurance of future performance of any Contract listed on **Exhibit A** (an "Adequate Assurance Objection") must (a) be in writing; (b) state, with specificity, the legal and factual basis thereof, including what Cure Costs the objecting party believes are required; (c) include any supporting documentation thereof; and (d) be filed with the Court and served on the Notice Parties (as defined below) so that such objection is ***actually received*** by them no later than seven (7) days after the date that the Debtors filed and served this Assignment and Assumption Notice (via overnight mail and/or email). If you have more than one Contract identified on **Exhibit A**, an objection with respect to one Contract shall have no impact on the other Contract(s) to which you are a party for which no objection has been filed and served.

**If a Contract Counterparty fails to file with the Court and serve on the Notice Parties a timely Adequate Assurance Objection, the Contract Counterparty shall be forever barred from asserting any objection with regard to adequate assurance of future performance of the applicable Contract. The Assignee shall be deemed to have provided adequate assurance of future performance with respect to the applicable Contract in accordance with Bankruptcy Code section 365(f)(2)(B), notwithstanding anything to the contrary in the Contract or any other document.**

### Additional Information

Copies of the Motion, which includes a description of the Designation Procedures, and the form of Assignment Order, as well as all related exhibits and all other agreements filed with the Court, may be obtained free of charge at the website dedicated to the Debtors' chapter 11 cases maintained by their claims and noticing agent, Verita Global, located at https://www.veritaglobal.net/powin.

*[Remainder of Page Intentionally Left Blank]*

Dated: June [•], 2025

**DENTONS US LLP**

*/s/ DRAFT*
Lauren Macsoud (admitted)
101 JFK Parkway
Short Hills, NJ 07078
Telephone: (973) 912-7100
Facsimile: (973) 912-7199
Email: lauren.macsoud@dentons.com

Tania M. Moyron (admitted *pro hac vice*)
Van C. Durrer, II (admitted *pro hac vice*)
601 S. Figueroa Street #2500
Los Angeles, CA 90017
Telephone:  (213) 623-9300
Facsimile:  (213) 623-9924
Email:  tania.moyron@dentons.com
           van.durrer@dentons.com

John D. Beck (*pro hac vice* pending)
Sarah M. Schrag (*pro hac vice* pending)
1221 Avenue of the Americas
New York, NY 10020-1089
Telephone:  (212) 768-6700
Facsimile:  (212) 768-6800
Email:  john.beck@dentons.com
           sarah.schrag@dentons.com

-and-

**TOGUT, SEGAL & SEGAL LLP**

Frank A. Oswald (admitted)
550 Broad Street
Suite 1508
Newark, NJ 07102
Telephone:  (212) 594-5000
Facsimile:  (212) 967-4258
Email:  frankoswald@teamtogut.com

Albert Togut (admitted *pro hac vice*)
Amanda C. Glaubach (admitted *pro hac vice*)
Eitan Blander (admitted *pro hac vice*)
One Penn Plaza, Suite 3335
New York, New York 10119
Telephone:  (212) 594-5000
Facsimile:  (212) 967-4258
Email:  altogut@teamtogut.com
           aglaubach@teamtogut.com
           eblander@teamtogut.com

*Proposed Counsel for Debtors and
Debtors in Possession*

**<u>Exhibit A</u>**

(Cure Costs)

United States Bankruptcy Court
District of New Jersey

In re:                                                                Case No. 25-16137-MBK

Powin, LLC                                                            Chapter 11

    Debtor

# CERTIFICATE OF NOTICE

| District/off: 0312-3 | User: admin | Page 1 of 4 |
|---|---|---|
| Date Rcvd: Jul 08, 2025 | Form ID: pdf903 | Total Noticed: 1 |

The following symbols are used throughout this certificate:

**Symbol**    **Definition**

+    Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jul 10, 2025:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | + Powin, LLC, 20550 SW 115th Avenue, Tualatin, OR 97062-6857 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).
NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**
NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 10, 2025        Signature:      /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on July 8, 2025 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Arthur Abramowitz | on behalf of Creditor Ace Engineering aabramowitz@shermansilverstein.com  jbaugh@shermansilverstein.com |
| Barbra Rachel Parlin | on behalf of Creditor Invenergy  LLC barbra.parlin@hklaw.com, elvin.ramos@hklaw.com;glenn.huzinec@hklaw.com,HAPI@HKLAW.COM;hapi@hklaw.com;jjalemany@hklaw.com |
| Brett S. Theisen | on behalf of Creditor GLAS USA LLC btheisen@gibbonslaw.com  nmitchell@gibbonslaw.com |
| Daniel Stolz | on behalf of Creditor Committee Official Committee of Unsecured Creditors dstolz@genovaburns.com dstolz@ecf.inforuptcy.com;msousa@genovaburns.com |
| David A. Pisciotta | on behalf of Creditor GLAS USA LLC dpisciotta@reedsmith.com david-pisciotta-4680@ecf.pacerpro.com;docketingecfnyc@reedsmith.com |

David E. Sklar

on behalf of Interested Party Poblano Energy Storage LLC dsklar@pashmanstein.com, lsalcedo@pashmanstein.com;gkarnick@pashmanstein.com

David E. Sklar

on behalf of Interested Party Longroad Development Company LLC, on behalf of Serrano Solar, LLC, Sun Streams PVS, LLC, and Sun Streams Expansion, LLC dsklar@pashmanstein.com, lsalcedo@pashmanstein.com;gkarnick@pashmanstein.com

David E. Sklar

on behalf of Interested Party Leeward Renewable Energy LLC, on behalf of Rabbitbrush Solar, LLC, Chaparral Springs, LLC, and Antelope Valley BESS, LLC dsklar@pashmanstein.com, lsalcedo@pashmanstein.com;gkarnick@pashmanstein.com

David E. Sklar

on behalf of Interested Party DTE Electric Company dsklar@pashmanstein.com lsalcedo@pashmanstein.com;gkarnick@pashmanstein.com

David E. Sklar

on behalf of Interested Party Longroad Energy Partners on behalf of Serrano Solar, LLC, Sun Streams PVS, LLC, and Sun Streams Expansion, LLC dsklar@pashmanstein.com, lsalcedo@pashmanstein.com;gkarnick@pashmanstein.com

Donald W Clarke

on behalf of Creditor Committee Official Committee of Unsecured Creditors dclarke@genovaburns.com dclarke@ecf.inforuptcy.com;dclarke@ecfalerts.com

Frank A. Oswald

on behalf of Defendant Powin Energy Operating LLC frankoswald@teamtogut.com, seratner@teamtogut.com;dperson@teamtogut.com;bshaughnessy@teamtogut.com;altogut@teamtogut.com;jcohen@teamtogut.com;gquist@teamtogut.com;bkotliar@teamtogut.com;acarlin@teamtogut.com;eblander@teamtogut.com

Frank A. Oswald

on behalf of Debtor PEOS Holdings LLC frankoswald@teamtogut.com, seratner@teamtogut.com;dperson@teamtogut.com;bshaughnessy@teamtogut.com;altogut@teamtogut.com;jcohen@teamtogut.com;gquist@teamtogut.com;bkotliar@teamtogut.com;acarlin@teamtogut.com;eblander@teamtogut.com

Frank A. Oswald

on behalf of Defendant Powin LLC frankoswald@teamtogut.com, seratner@teamtogut.com;dperson@teamtogut.com;bshaughnessy@teamtogut.com;altogut@teamtogut.com;jcohen@teamtogut.com;gquist@teamtogut.com;bkotliar@teamtogut.com;acarlin@teamtogut.com;eblander@teamtogut.com

Frank A. Oswald

on behalf of Debtor Charger Holdings LLC frankoswald@teamtogut.com, seratner@teamtogut.com;dperson@teamtogut.com;bshaughnessy@teamtogut.com;altogut@teamtogut.com;jcohen@teamtogut.com;gquist@teamtogut.com;bkotliar@teamtogut.com;acarlin@teamtogut.com;eblander@teamtogut.com

Frank A. Oswald

on behalf of Defendant Powin Energy Operating Holdings LLC frankoswald@teamtogut.com, seratner@teamtogut.com;dperson@teamtogut.com;bshaughnessy@teamtogut.com;altogut@teamtogut.com;jcohen@teamtogut.com;gquist@teamtogut.com;bkotliar@teamtogut.com;acarlin@teamtogut.com;eblander@teamtogut.com

Frank A. Oswald

on behalf of Debtor Powin Project LLC frankoswald@teamtogut.com seratner@teamtogut.com;dperson@teamtogut.com;bshaughnessy@teamtogut.com;altogut@teamtogut.com;jcohen@teamtogut.com;gquist@teamtogut.com;bkotliar@teamtogut.com;acarlin@teamtogut.com;eblander@teamtogut.com

Frank A. Oswald

on behalf of Debtor Powin China Holdings 2 LLC frankoswald@teamtogut.com, seratner@teamtogut.com;dperson@teamtogut.com;bshaughnessy@teamtogut.com;altogut@teamtogut.com;jcohen@teamtogut.com;gquist@teamtogut.com;bkotliar@teamtogut.com;acarlin@teamtogut.com;eblander@teamtogut.com

Frank A. Oswald

on behalf of Debtor Powin Energy Ontario Storage LLC frankoswald@teamtogut.com, seratner@teamtogut.com;dperson@teamtogut.com;bshaughnessy@teamtogut.com;altogut@teamtogut.com;jcohen@teamtogut.com;gquist@teamtogut.com;bkotliar@teamtogut.com;acarlin@teamtogut.com;eblander@teamtogut.com

Frank A. Oswald

on behalf of Debtor Powin China Holdings 1 LLC frankoswald@teamtogut.com, seratner@teamtogut.com;dperson@teamtogut.com;bshaughnessy@teamtogut.com;altogut@teamtogut.com;jcohen@teamtogut.com;gquist@teamtogut.com;bkotliar@teamtogut.com;acarlin@teamtogut.com;eblander@teamtogut.com

Frank A. Oswald

on behalf of Debtor Powin Energy Operating Holdings LLC frankoswald@teamtogut.com, seratner@teamtogut.com;dperson@teamtogut.com;bshaughnessy@teamtogut.com;altogut@teamtogut.com;jcohen@teamtogut.com;gquist@teamtogut.com;bkotliar@teamtogut.com;acarlin@teamtogut.com;eblander@teamtogut.com

Frank A. Oswald

on behalf of Debtor Powin LLC frankoswald@teamtogut.com, seratner@teamtogut.com;dperson@teamtogut.com;bshaughnessy@teamtogut.com;altogut@teamtogut.com;jcohen@teamtogut.com;gquist@teamtogut.com;bkotliar@teamtogut.com;acarlin@teamtogut.com;eblander@teamtogut.com

Frank A. Oswald

on behalf of Debtor Powin Energy Operating LLC frankoswald@teamtogut.com, seratner@teamtogut.com;dperson@teamtogut.com;bshaughnessy@teamtogut.com;altogut@teamtogut.com;jcohen@teamtogut.com;gquist@teamtogut.com;bkotliar@teamtogut.com;acarlin@teamtogut.com;eblander@teamtogut.com

Gail C. Lin
on behalf of Plaintiff Brian Palomino gcl@raisnerroupinian.com
rsr@raisnerroupinian.com;jar@raisnerroupinian.com;warnlawyers@raisnerroupinian.com;rrllp@ecf.courtdrive.com

Jaclynn McDonnell
on behalf of Creditor Committee Official Committee of Unsecured Creditors jmcdonnell@genovaburns.com
dmendez@genovaburns.com

James N. Lawlor
on behalf of Creditor Ulinda Park ProjectCo Pty Ltd jlawlor@wmd-law.com

James N. Lawlor
on behalf of Creditor Munmorah Battery ProjectCo Pty Ltd jlawlor@wmd-law.com

Jeffrey M. Sponder
on behalf of U.S. Trustee U.S. Trustee jeffrey.m.sponder@usdoj.gov  jeffrey.m.sponder@usdoj.gov

Jennifer Hoover
on behalf of Creditor EPC Services Company jhoover@beneschlaw.com  docket2@beneschlaw.com;lmolinaro@beneschlaw.com

John Pintarelli
on behalf of Creditor Prevalon Energy LLC john.pintarelli@pillsburylaw.com

John Pintarelli
on behalf of Creditor Mitsubishi Power Americas  Inc. john.pintarelli@pillsburylaw.com

John S. Mairo
on behalf of Creditor Certain Funds and Accounts Managed by KKR Credit Advisors (US) LLC jmairo@gibbonslaw.com
pnbalala@pbnlaw.com;mpdermatis@pbnlaw.com;jmoconnor@pbnlaw.com

Kevin J. Mangan
on behalf of Interested Party Applied Surety Underwriters kevin.mangan@wbd-us.com
Heidi.sasso@wbd-us.com;cindy.giobbe@wbd-us.com;nichole.wilcher@wbd-us.com

Kevin J. Mangan
on behalf of Interested Party Pennsylvania Insurance Company kevin.mangan@wbd-us.com
Heidi.sasso@wbd-us.com;cindy.giobbe@wbd-us.com;nichole.wilcher@wbd-us.com

Kevin J. Mangan
on behalf of Interested Party SiriusPoint America Insurance Company kevin.mangan@wbd-us.com
Heidi.sasso@wbd-us.com;cindy.giobbe@wbd-us.com;nichole.wilcher@wbd-us.com

Kevin M. Capuzzi
on behalf of Creditor Mesa Logistics Group  LLC d/b/a Trivergix Group kcapuzzi@beneschlaw.com,
docket2@beneschlaw.com;lmolinaro@beneschlaw.com

Kevin M. Capuzzi
on behalf of Creditor Mainfreight Inc. kcapuzzi@beneschlaw.com  docket2@beneschlaw.com;lmolinaro@beneschlaw.com

Kyriaki Christodoulou
on behalf of Creditor Arevon Energy  Inc. kchristodoulou@cullenllp.com

Lauren Bielskie
on behalf of U.S. Trustee U.S. Trustee lauren.bielskie@usdoj.gov

Lauren M. Macksoud
on behalf of Debtor Powin Energy Ontario Storage II LP lauren.macksoud@dentons.com  docket.general.lit.nyc@dentons.com

Lauren M. Macksoud
on behalf of Debtor Powin Canada B.C. Ltd. lauren.macksoud@dentons.com  docket.general.lit.nyc@dentons.com

Lauren M. Macksoud
on behalf of Debtor Powin  LLC lauren.macksoud@dentons.com, docket.general.lit.nyc@dentons.com

Lauren M. Macksoud
on behalf of Debtor Powin Energy Storage 2  Inc. lauren.macksoud@dentons.com, docket.general.lit.nyc@dentons.com

Leah Eisenberg
on behalf of Interested Party Longroad Energy Partners  on behalf of Serrano Solar, LLC, Sun Streams PVS, LLC, and Sun
Streams Expansion, LLC leisenberg@pashmanstein.com,
ekhatchatourian@foley.com;msmall@foley.com;leah-eisenberg-0344@ecf.pacerpro.com

Leah Eisenberg
on behalf of Interested Party Leeward Renewable Energy  LLC, on behalf of Rabbitbrush Solar, LLC, Chaparral Springs, LLC,
and Antelope Valley BESS, LLC leisenberg@pashmanstein.com,
ekhatchatourian@foley.com;msmall@foley.com;leah-eisenberg-0344@ecf.pacerpro.com

Leah Eisenberg
on behalf of Interested Party DTE Electric Company leisenberg@pashmanstein.com
ekhatchatourian@foley.com;msmall@foley.com;leah-eisenberg-0344@ecf.pacerpro.com

Leah Eisenberg
on behalf of Interested Party Longroad Development Company  LLC, on behalf of Serrano Solar, LLC, Sun Streams PVS, LLC,

District/off: 0312-3                            User: admin                            Page 4 of 4
Date Rcvd: Jul 08, 2025                        Form ID: pdf903                        Total Noticed: 1

and Sun Streams Expansion, LLC leisenberg@pashmanstein.com,
ekhatchatourian@foley.com;msmall@foley.com;leah-eisenberg-0344@ecf.pacerpro.com

Leah Eisenberg

on behalf of Interested Party Poblano Energy Storage  LLC leisenberg@pashmanstein.com,
ekhatchatourian@foley.com;msmall@foley.com;leah-eisenberg-0344@ecf.pacerpro.com

Lee M. Cortes, Jr

on behalf of Interested Party Celestica LLC lee.cortes@arnoldporter.com

Mark S. Lichtenstein

on behalf of Creditor Sonic Systems International  LLC mark.lichtenstein@akerman.com, Reyko.delpino@akerman.com

Michael Trentin

on behalf of Creditor EDF Power Solutions  Inc. mtrentin@orrick.com, ssallie@coleschotz.com;dcarnie@orrick.com

Michael Trentin

on behalf of Creditor EsVolta  L.P. mtrentin@orrick.com, ssallie@coleschotz.com;dcarnie@orrick.com

Michael P. Pompeo

on behalf of Creditor Keyframe Capital Partners  L.P. michael.pompeo@faegredrinker.com, cathy.greer@faegredrinker.com

Nicholas Blaine Vislocky

on behalf of Creditor GLAS USA LLC nvislocky@reedsmith.com

Paul R. DeFilippo

on behalf of Creditor Munmorah Battery ProjectCo Pty Ltd pdefilippo@wmd-law.com

Paul R. DeFilippo

on behalf of Creditor Ulinda Park ProjectCo Pty Ltd pdefilippo@wmd-law.com

Richard Solow

on behalf of Creditor GLAS USA LLC rsolow@reedsmith.com  rich-solow-3519@ecf.pacerpro.com

Richard B Harper

on behalf of Creditor Idaho Power Company richard.harper@bakerbotts.com  john.mitchell@bakerbotts.com

Ross J. Switkes

on behalf of Creditor Ace Engineering rswitkes@shermansilverstein.com

Sameer Alifarag

on behalf of Creditor Pulse Clean Energy SPV Watt Limited sameeralifarag@eversheds-sutherland.com

Sameer Alifarag

on behalf of Creditor JMS Wind Energy  LLC sameeralifarag@eversheds-sutherland.com

Steven Abramowitz

on behalf of Creditor Lone Star Solar  LLC sabramowitz@velaw.com,
mmoran@velaw.com;kgrissel@velaw.com;tmitsch@velaw.com;kduchesne@velaw.com

Susan Long

on behalf of Creditor Committee Official Committee of Unsecured Creditors slong@genovaburns.com

Turner Falk

on behalf of Creditor Key Capture Energy  LLC turner.falk@saul.com, catherine.santangelo@saul.com;tnfalk@recap.email

U.S. Trustee

USTPRegion03.NE.ECF@usdoj.gov


TOTAL: 65