| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br>**VINSON & ELKINS LLP**<br><br>Steven M. Abramowitz (No. 043641990)<br>David S. Meyer (admitted *pro hac vice*)<br>Lauren R. Kanzer (admitted *pro hac vice*)<br>The Grace Building<br>1114 Avenue of the Americas, 32nd Floor<br>New York, New York 10036-7708<br>Tel: (212) 237-0000<br>Fax: (212) 237-0100<br>Email: sabramowitz@velaw.com<br>       dmeyer@velaw.com<br>       lkanzer@velaw.com<br><br>-and-<br><br>William L. Wallander (*pro hac vice* pending)<br>Matthew D. Struble (*pro hac vice* pending)<br>2001 Ross Avenue, Suite 3900<br>Dallas, Texas 75201<br>Tel: (214) 220-7700<br>Fax: (214) 220-7716<br>Email: bwallander@velaw.com<br>       mstruble@velaw.com<br><br>*Counsel for Ad Hoc Group of Customers of Powin, LLC* | |
| In re:<br><br>Powin, LLC, *et al.*,[1]<br><br>                Debtors. | Case No. 25 – 16137 (MBK)<br><br>Chapter 11<br><br>(Jointly Administered)<br><br>Hearing Date: Time and Date to be set by the Court in accordance with the Order Shortening Time.<br><br>Objection Deadline: Time and Date to be set by the Court in accordance with the Order Shortening Time. |

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin, LLC [0504], (ii) PEOS Holdings, LLC [5476], (iii) Powin Project LLC [1583], (iv) Powin China Holdings 1, LLC [1422], (v) Powin China Holdings 2, LLC [9713], (vi) Charger Holdings, LLC [5241], (vii) Powin Energy Ontario Storage, LLC [8348], (viii) Powin Energy Operating Holdings, LLC [2495], (ix) Powin Energy Operating, LLC [6487]. The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR 97062.

**NOTICE OF MOTION FOR ENTRY OF AN ORDER
AUTHORIZING AD HOC CUSTOMER GROUP TO REDACT
AND FILE UNDER SEAL CONFIDENTIAL INFORMATION
CONTAINED IN EXHIBITS IN CONNECTION WITH AD HOC
CUSTOMER GROUP'S DECLARATIONS AND WITNESS AND EXHIBIT LIST**

**PLEASE TAKE NOTICE,** that Lone Star Solar, LLC,[2] Idaho Power Company, West Warwick Energy Storage 1, LLC, West Warwick Energy Storage 2, LLC, and West Warwick Energy Storage 3, LLC[3] (each a "***Customer***," and collectively, the "***Ad Hoc Customer Group***"), each a creditor, customer, and party in interest, by and through their undersigned counsel, hereby file this *Motion for Entry of an Order Authorizing Ad Hoc Customer Group to Redact and File Under Seal Confidential Information Contained in Exhibits in Connection with Ad Hoc Customer Group's Declarations and Witness and Exhibit List* (the "***Motion to Seal***").

**PLEASE TAKE FURTHER NOTICE** that contemporaneously with the filing of the Motion to Seal, the Ad Hoc Customer Group will be filing a witness and exhibit list for the hearing to be held on July 15, 2025 at 11:30 a.m. (ET) (the "***Witness and Exhibit List***"). In connection with the Hearing Witness and Exhibit List, the Ad Hoc Customer Group will attach exhibits containing confidential information.

**PLEASE TAKE FURTHER NOTICE** that contemporaneously with the filing of the Motion to Seal, the Ad Hoc Customer Group will be filing declarations in support of the *Emergency Motion of Ad Hoc Customer Group for Entry of an Order (I) Granting Adequate Protection Under Section 363(e) of the Bankruptcy Code and (II) Granting Related Relief* [Docket No. 297] (the "***Declarations***").

---

[2] Lone Star Solar, LLC is a subsidiary of energyRe, LLC.

[3] West Warwick Energy Storage 1, LLC, West Warwick Energy Storage 2, LLC, and West Warwick Energy Storage 3, LLC are direct subsidiaries of Convergent West Warwick, LLC and indirect subsidiaries of Convergent Energy and Power LP.

2

**PLEASE TAKE FURTHER NOTICE** that contemporaneously with the filing of the Motion to Seal, the Ad Hoc Customer Group will also be filing an *Application for Order Shortening Time for Notice of the Motion to Seal* (the "**Application for Shortened Time**").

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the relief requested in the Motion to Seal shall: (i) be in writing; (ii) state with particularity the basis of the objection; and (iii) be filed with the Clerk of the United States Bankruptcy Court in accordance with D.N.J. LBR 9013-1. If you do not want the Court to enter an order granting the relief requested in the Motion to Seal, or if you want the Court to consider your views on an objection, then you or your attorney must file with the Court a written request for a hearing or response or answer explaining your position on or before the objection deadline to be set by the Court in connection with the order on the Application for Shortened Time. You must also mail a copy of the objection to:

> **VINSON & ELKINS LLP**
> Steven M. Abramowitz (No. 043641990)
> David S. Meyer (admitted *pro hac vice*)
> Lauren R. Kanzer (admitted *pro hac vice*)
> The Grace Building
> 1114 Avenue of the Americas, 32nd Floor
> New York, New York 10036-7708
> Tel: (212) 237-0000
> Fax: (212) 237-0100
> Email: sabramowitz@velaw.com
>         dmeyer@velaw.com
>         lkanzer@velaw.com
>
> -and-
>
> William L. Wallander (*pro hac vice* pending)
> Matthew D. Struble (*pro hac vice* pending)
> 2001 Ross Avenue, Suite 3900
> Dallas, Texas 75201
> Tel: (214) 220-7700
> Fax: (214) 220-7716
> Email:
>         bwallander@velaw.com
>         mstruble@velaw.com

3

**PLEASE TAKE FURTHER NOTICE** you must attend the hearing scheduled to be held on **the date and time established in the order on the Application for Shortened Time** before the Honorable Chief Judge Michael B. Kaplan, 402 East State Street, Trenton, New Jersey 08608, Courtroom #8 via Zoom.  If you do not take these steps, the Court may decide that you do not oppose the relief in the Motion to Seal and may enter an order granting the Motion to Seal.

Dated: July 11, 2025

New York, NY

      */s/ Steven M. Abramowitz*
**VINSON & ELKINS LLP**
Steven M. Abramowitz (NJ Bar No. 043641990)
David S. Meyer (admitted *pro hac vice*)
Lauren R. Kanzer (admitted *pro hac vice*)
The Grace Building
1114 Avenue of the Americas, 32nd Floor
New York, New York 10036-7708
Tel: (212) 237-0000
Fax: (212) 237-0100
Email: sabramowitz@velaw.com
      dmeyer@velaw.com
      lkanzer@velaw.com

-and-

William L. Wallander (*pro hac vice* pending)
Matthew D. Struble (*pro hac vice* pending)
2001 Ross Avenue, Suite 3900
Dallas, Texas 75201
Tel: (214) 220-7700
Fax: (214) 220-7716
Email: bwallander@velaw.com
      mstruble@velaw.com

*Counsel for Ad Hoc Group of Customers of Powin, LLC*

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br>**VINSON & ELKINS LLP**<br><br>Steven M. Abramowitz (No. 043641990)<br>David S. Meyer (admitted *pro hac vice*)<br>Lauren R. Kanzer (admitted *pro hac vice*)<br>The Grace Building<br>1114 Avenue of the Americas, 32nd Floor<br>New York, New York 10036-7708<br>Tel: (212) 237-0000<br>Fax: (212) 237-0100<br>Email: sabramowitz@velaw.com<br>         dmeyer@velaw.com<br>         lkanzer@velaw.com<br><br>-and-<br><br>William L. Wallander (*pro hac vice* pending)<br>Matthew D. Struble (*pro hac vice* pending)<br>2001 Ross Avenue, Suite 3900<br>Dallas, Texas 75201<br>Tel: (214) 220-7700<br>Fax: (214) 220-7716<br>Email: bwallander@velaw.com<br>         mstruble@velaw.com<br><br>*Counsel for Ad Hoc Group of Customers of Powin, LLC* | |
| In re:<br><br>Powin, LLC, *et al.*,[1]<br><br>            Debtors. | Case No. 25 – 16137 (MBK)<br><br>Chapter 11<br><br>(Jointly Administered)<br><br>Hearing Date: Time and Date to be set by the Court in accordance with the Order Shortening Time.<br><br>Objection Deadline: Time and Date to be set by the Court in accordance with the Order Shortening Time. |

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin, LLC [0504], (ii) PEOS Holdings, LLC [5476], (iii) Powin Project LLC [1583], (iv) Powin China Holdings 1, LLC [1422], (v) Powin China Holdings 2, LLC [9713], (vi) Charger Holdings, LLC [5241], (vii) Powin Energy Ontario Storage, LLC [8348], (viii) Powin Energy Operating Holdings, LLC [2495], (ix) Powin Energy Operating, LLC [6487]. The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR 97062.

# MOTION FOR ENTRY OF AN ORDER
# AUTHORIZING AD HOC CUSTOMER GROUP TO REDACT
# AND FILE UNDER SEAL CONFIDENTIAL INFORMATION
# CONTAINED IN EXHIBITS IN CONNECTION WITH AD HOC
# CUSTOMER GROUP'S DECLARATIONS AND WITNESS AND EXHIBIT LIST

Lone Star Solar, LLC,[2] Idaho Power Company, West Warwick Energy Storage 1, LLC, West Warwick Energy Storage 2, LLC, and West Warwick Energy Storage 3, LLC[3] (each a "***Customer***," and collectively, the "***Ad Hoc Customer Group***"), each a creditor, customer, and party in interest, by and through their undersigned counsel, move under section 105(a) and 107(b)(1) of title 11 of the United States Code (the "***Bankruptcy Code***"), rule 9018 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"), and rules 9013-1 and 9018-1 of the Local Bankruptcy Rules for the District of New Jersey (the "***Local Rules***") to permit the Ad Hoc Customer Group to redact and file under seal the confidential information (the "***Motion to Seal***") contained in exhibits in connection with the Ad Hoc Customer Group's Declarations and Witness and Exhibit List (each as defined below).

## RELIEF REQUESTED

1. The Ad Hoc Customer Group seeks entry of an order, substantially in the form attached hereto as **Exhibit A** (the "***Order***"): (a) authorizing the Ad Hoc Customer Group to redact and file under seal certain (i) confidential information contained in exhibits within the Ad Hoc Customer Group's witness and exhibit list for the hearing to be held on July 15, 2025 at 11:30 a.m. (ET) (the "***Witness and Exhibit List***") and (ii) confidential contracts contained in exhibits within the Ad Hoc Customer Group's declarations in support of the Adequate Protection Motion (defined

---

[2]  Lone Star Solar, LLC is a subsidiary of energyRe, LLC.

[3]  West Warwick Energy Storage 1, LLC, West Warwick Energy Storage 2, LLC, and West Warwick Energy Storage 3, LLC are direct subsidiaries of Convergent West Warwick, LLC and indirect subsidiaries of Convergent Energy and Power LP.

2

below) (the "***Declarations***"); (b) directing the exhibits and contracts containing confidential information to remain under seal and confidential and not be required to be made available to anyone, except to (i) the Court, (ii) the U.S. Trustee, (iii) counsel to the Debtors, and (iv) any other party as may be ordered by the Court or agreed to by the Ad Hoc Customer Group; and (c) granting related relief.

2. In support of this Motion to Seal, the Ad Hoc Customer Group respectfully submits the (a) Certification of Rocio Mendoza in Support of Entry of an Order Authorizing Ad Hoc Customer Group to Redact and File Under Seal Confidential Information Contained in Exhibits in Connection With Ad Hoc Customer Group's Declarations and Witness and Exhibit List (the "***Lone Star Certification***"); (b) Certification of Shelli Reinhard in Support of Entry of an Order Authorizing Ad Hoc Customer Group to Redact and File Under Seal Confidential Information Contained in Exhibits in Connection With Ad Hoc Customer Group's Declarations and Witness and Exhibit List (the "***Idaho Power Certification***"); and (c) Certification of Miranda Morton in Support of Entry of an Order Authorizing Ad Hoc Customer Group to Redact and File Under Seal Confidential Information Contained in Exhibits in Connection With Ad Hoc Customer Group's Declarations and Witness and Exhibit List (the "***Convergent Certification***," and collectively with the Lone Star Certification and the Idaho Power Certification, the "***Certifications***"), each filed contemporaneously herewith.

**JURISDICTION AND VENUE**

3. The United States Bankruptcy Court for the District of New Jersey (the "***Court***") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b) and the Standing Order of Reference to the Bankruptcy Court Under Title 11, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.). The Ad Hoc Customer Group confirms their consent to the

Court entering a final order in connection with this Motion to Seal to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

4. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The statutory and legal predicates for the relief requested herein are sections 105(a) and 107(b)(1) of the Bankruptcy Code, Bankruptcy Rule 9018 and Local Rules 9013-1 and 9018-1.

## BACKGROUND

6. On June 9 and 10, 2025 (as applicable, the "***Petition Date***"), the above-captioned debtors and debtors in possession (collectively, the "***Debtors***") each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code commencing these chapter 11 cases (the "***Chapter 11 Cases***").

7. On June 17, 2025, the Debtors filed the *Omnibus Motion of the Debtors for Entry of an Order (I) Authorizing the Rejection of Legacy Customer Contracts and (II) Granting Related Relief* [Docket No. 88] (the "***Rejection Motion***").

8. On June 27, 2025, the Office of the United States Trustee for the District of New Jersey appointed an Official Committee of Unsecured Creditors in these Chapter 11 Cases.[4]

9. No trustee or examiner has been appointed in these Chapter 11 Cases as of the date hereof.

10. On July 8, 2025, the Ad Hoc Customer Group filed the *Emergency Motion of Ad Hoc Customer Group for Entry of an Order (I) Granting Adequate Protection Under Section*

---

[4] *See Notice of Appointment of Official Committee of Unsecured Creditors* [Docket No. 174].

4

*363(e) of the Bankruptcy Code and (II) Granting Related Relief* [Docket No. 297] (the "***Adequate Protection Motion***").

11. In addition to the Adequate Protection Motion, the Ad Hoc Customer Group also filed on July 8, 2025 the *Limited Objection and Reservation of Rights of Ad Hoc Customer Group to Omnibus Motion of the Debtors for Entry of an Order (I) Authorizing the Rejection of Legacy Customer Contracts and (II) Granting Related Relief* [Docket No. 296] (the "***Limited Objection***").

12. As set forth further in the Adequate Protection Motion, the members of the Ad Hoc Customer Group each own and operate large, industrial-scale lithium ion battery energy storage systems ("***BESS***") that were designed and provided by the Debtors and for which the Debtors are responsible for ongoing maintenance and other services. Each Customer entered into various executory contracts with certain of the Debtors to install, maintain, and service the BESS.[5] Under these contracts, the Debtors granted, among other things, broad, perpetual licenses of intellectual property (the "***Licenses***," and such intellectual property, the "***Licensed IP***") necessary to support the operation of the BESS.

13. The Ad Hoc Customer Group filed the Adequate Protection Motion to seek adequate protection of their respective interests in the Licensed IP and preservation of their rights under section 365(n) of the Bankruptcy Code. In support of the Adequate Protection Motion, the members of the Ad Hoc Customer Group will be filing the Witness and Exhibit List with exhibits containing confidential information, including, but not limited to, certain energy supply agreements and battery energy supply agreements (the "***ESAs***"), long-term services agreements (the "***LTSAs***"), intellectual property escrow agreements, and change orders.

---

[5] The executory contracts are described in greater detail in the Adequate Protection Motion, including in Exhibit A thereto.

14. As set forth below, these exhibits contain confidential and commercially sensitive information, which are subject to confidentiality requirements set forth in the ESAs and LTSAs, and the disclosure of such information could substantially harm the Ad Hoc Customer Group, the Debtors, and the Debtors' estates.

## RELIEF REQUESTED

15. The Ad Hoc Customer Group seeks entry of an order, substantially in the form attached hereto (the "**Proposed Order**"), allowing the Ad Hoc Customer Group to file exhibits containing confidential information in the Witness and Exhibit List under seal.

## BASIS FOR RELIEF

16. Section 107(b)(1) of the Bankruptcy Code provides bankruptcy courts with the power to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential commercial information. This section provides, in relevant part: "[o]n request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may protect an entity with respect to a trade secret or confidential research, development, or commercial information." 11 U.S.C. § 107(b)(1).

17. Bankruptcy Rule 9018(a)(1) echoes section 107(b) of the Bankruptcy Code and states that "[o]n motion or on its own, the court may make any order which justice requires to (1) protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . ." Fed. R. Bankr. P. 9018(a)(1); *see also* Local Rule 9018-1 (setting out the procedure for obtaining a sealing order by filing a motion to seal and proposed form of order).

18. Protections under section 107(b) extend to commercial information that, if disclosed to the public, could be used by parties or competitors for an unfair advantage. *See In re*

6

*OneJet, Inc.*, 613 B.R. 841, 848 (Bankr. W.D. Pa. 2020) (*citing Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27-28 (2d Cir. 1994)).

19. Once it is established that information sought to be protected can be categorized as confidential commercial information, section 107(b) does not require a party seeking protection to demonstrate "good cause." *In re Orion Pictures Corp.*, 21 F.3d at 28. Instead, if the Court determines that the information sought to be protected from disclosure falls within one of the categories enumerated in section 107(b), "the court is required to protect a requested interested party and has no discretion to deny the application." *Id*. at 27 (emphasis in original). Thus, a party in interest must only demonstrate that the information it wishes to seal is "confidential" in nature. *Id*. at 28; *see also In re Altegrity, Inc.*, 2015 WL 10963572, *3 (Bankr. D. Del. July 6, 2015) (noting that once it has been established that the documents sought to be sealed are within section 107(b)'s scope, the court "must grant the requested relief").

20. In *In re A C & S, Inc.*, Case No. 18-1951, 775 Fed. Appx. 78, (3d Cir. Aug. 19, 2019), the Third Circuit affirmed a lower court opinion sealing exhibits that, if published, would be an easy mark for identity theft. The Third Circuit held that the right to information is not absolute and that the court has the power to prevent access to documents where the files might "become a vehicle for improper purposes." *Id*. at *80. *See also Video Software Dealers Ass'n*, 21 F.3d at 27-28 (affirming the bankruptcy court's order to seal a commercial agreement of the debtors in that case and stating an interested party has to show only that the information it wishes to seal is "'confidential' and 'commercial' in nature").

21. As explained in the Certifications, the ESAs and LTSAs attached as exhibits to the Declarations are subject to confidentiality requirements set forth therein, and other exhibits included in the Witness and Exhibit List contain confidential information regarding the terms of

7

the parties' business arrangements and confidential trade practices, which fall well within the scope of section 107(b) of the Bankruptcy Code. This information must be kept confidential and under seal, as such confidential information is critical commercial information and disclosure thereof could materially harm the Ad Hoc Customer Group, the Debtors, and the Debtors' estates.

22. Accordingly, good cause exists to authorize the Ad Hoc Customer Group to redact the confidential information and file the unredacted exhibits under seal.

## WAIVER OF MEMORANDUM OF LAW

23. The Ad Hoc Customer Group respectfully requests that the Court waive the requirement to file a separate memorandum of law pursuant to Local Rule 9013-1(a)(3) because the legal basis upon which the Ad Hoc Customer Group relies is set forth herein, and the Motion to Seal does not raise any novel issues of law.

## NO PRIOR REQUEST

24. No prior request for the relief sought in this Motion to Seal has been made to this Court or any other court.

## RESERVATION OF RIGHTS

25. This Motion to Seal is submitted without prejudice to, and with a full reservation of the Ad Hoc Customer Group's rights to supplement the Motion to Seal prior to or at the hearing to consider approval of the Motion to Seal.

## CONCLUSION

**WHEREFORE**, for the reasons set forth herein, Ad Hoc Customer Group respectfully requests that the Court enter the Proposed Order submitted herewith, granting the relief requested herein and granting such other relief as is just and proper.

Dated: July 11, 2025
New York, NY

*/s/ Steven M. Abramowitz*
**VINSON & ELKINS LLP**
Steven M. Abramowitz (NJ Bar No. 043641990)
David S. Meyer (admitted *pro hac vice*)
Lauren R. Kanzer (admitted *pro hac vice*)
The Grace Building
1114 Avenue of the Americas, 32nd Floor
New York, New York 10036-7708
Tel: (212) 237-0000
Fax: (212) 237-0100
Email: sabramowitz@velaw.com
  dmeyer@velaw.com
  lkanzer@velaw.com

-and-

William L. Wallander (*pro hac vice* pending)
Matthew D. Struble (*pro hac vice* pending)
2001 Ross Avenue, Suite 3900
Dallas, Texas 75201
Tel: (214) 220-7700
Fax: (214) 220-7716
Email: bwallander@velaw.com
  mstruble@velaw.com

*Counsel for Ad Hoc Group of
Customers of Powin, LLC*

9