# EXHIBIT A

<table>
<tr><td>

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**
Caption in Compliance with D.N.J. LBR 9004-1(a)

**BENESCH, FRIEDLANDER, COPLAN &**
**ARONOFF LLP**
Kevin M. Capuzzi (NJ No. 173442015)
John C. Gentile, Esq.
Noelle B. Torrice (NJ No. 79132013)
Continental Plaza II
411 Hackensack Ave., 3rd Floor
Hackensack, NJ 07601-6323
Telephone: (302) 442-7010
Facsimile: (302) 442-7012
kcapuzzi@beneschlaw.com
jgentile@beneschlaw.com
ntorrice@beneschlaw.com

*Counsel to Mainfreight Distribution Pty Ltd, et al.*

</td></tr>
</table>

In re:

Powin, LLC, *et al.*,[1]

      Debtors.

Chapter 11

Case No. 25-16137 (MBK)

Judge: Michael B. Kaplan

(Jointly Administered)

**SUPPLEMENTAL DECLARATION OF**
**JAMES MCCRONE IN SUPPORT OF MAINFREIGHT INC.'S**
**MOTION TO CONFIRM THAT THE AUTOMATIC STAY PURSUANT TO**
**11 U.S.C. § 362(A) DOES NOT APPLY TO CERTAIN GOODS IN ITS POSSESSION**

I, James McCrone, hereby declare as follows:

1.     I am a Branch Manager for Mainfreight Air and Ocean Pty Ltd ("Mainfreight Air and Ocean"), an affiliate company of Mainfreight, Inc. (together, Mainfreight Air and Ocean;

---

[1]  The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin Project LLC [1583], (ii) Powin, LLC [0504], (iii) PEOS Holdings, LLC [5476], (iv) Powin China Holdings 1, LLC [1422], (v) Powin China Holdings 2, LLC [9713], (vi) Charger Holdings, LLC [5241], (vii) Powin Energy Ontario Storage, LLC [8348], (viii) Powin Energy Operating Holdings, LLC [2495], (ix) Powin Energy Operating, LLC [6487]. The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR 97062.

27241503 v1

Mainfreight, Inc.; Mainfreight Distribution Pty Ltd; and their affiliates are referred to as "Mainfreight"). In that capacity, I have personal knowledge of the facts set forth herein and, if sworn, could testify competently to the matters affirmed in this declaration.

2.      The Declaration supplements the declaration that I submitted in connection with Mainfreight's *Motion to Confirm that the Automatic Stay Pursuant to 11 U.S.C. § 362(a) Does Not Apply to Certain Goods in Its Possession* [D.I. 180] (the "Non-Stay Motion"). That prior declaration was filed on June 27, 2025, also at Docket No. 180 (the "Original Declaration").[2]

3.      I submit this Supplemental Declaration to correct one statement in my Original Declaration and provide the Court with additional details establishing that Mainfreight has maintained possession of all of the BHER Goods, including those involved in an incident involving Mainfreight's agent. This correction and the additional information set forth in Paragraph 8, below, do not affect the substantive relief sought in the Non-Stay Motion.

4.      Specifically, at paragraph 16 of the Original Declaration, I stated that the "BHER Goods are in storage at Mainfreight's facilities at the Port of Norfolk, Virginia."

5.      In fact, however, consistent with the Change Order, and to mitigate its damages from $756,000 per month in storage costs in Virginia, to $3,450 per month in West Virginia, Mainfreight moved the BHER Goods from the Port of Norfolk, Virginia, to a laydown yard in Millwood, West Virginia. This relocation of the BHER Goods began on or about June 16, 2025, and was completed on or about June 25, 2025. At all relevant times, including while in transport from Virginia to West Virginia, the BHER Goods remained under the possession, custody, and control of Mainfreight, and were moved by an agent of Mainfreight at Mainfreight's sole direction and instruction. The BHER Goods remain under the possession, custody, and control of

---

[2] All capitalized terms used, but not otherwise defined herein, shall have the meaning ascribed to them in the Non-Stay Motion or the Original Declaration.

Mainfreight at the West Virgina laydown yard at Mainfreight's sole direction and instruction. No other property, other than the BHER Goods, were relocated from Virginia to West Virginia.

6.      Mainfreight confirms that two units were damaged in transit to West Virginia. Claims have already been submitted by Mainfreight for such damage. Mainfreight also possesses insurance coverage for these shipments.

7.      As of the date hereof, and since the filing of the Non-Stay Motion, the unpaid balance due from Powin to Mainfreight is not less than $13,114,707.46 USD.

8.      Mainfreight confirms that it will not exercise its lien rights against the BHER Goods unless either (1) its claims are paid in full, or (2) it reaches a consensual agreement with BHER.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: July 11, 2025                    By:    /s/ James McCrone
Perth, Western Australia                       James McCrone
                                               Branch Manager for Mainfreight
                                               Air and Ocean Pty Ltd

3