# EXHIBIT C

| |
|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**FOR THE DISTRICT OF NEW JERSEY**<br>**Caption in Compliance with D.N.J. LBR 9004-1(a)**<br><br>**BENESCH, FRIEDLANDER, COPLAN &**<br>**ARONOFF LLP**<br>Kevin M. Capuzzi (NJ No. 173442015)<br>John C. Gentile, Esq.<br>Noelle B. Torrice (NJ No. 79132013)<br>Continental Plaza II<br>411 Hackensack Ave., 3rd Floor<br>Hackensack, NJ 07601-6323<br>Telephone: (302) 442-7010<br>Facsimile: (302) 442-7012<br>kcapuzzi@beneschlaw.com<br>jgentile@beneschlaw.com<br>ntorrice@beneschlaw.com<br><br>*Counsel to Mainfreight ~~Inc~~Distribution Pty Ltd, et al*. |
| In re:<br><br>Powin, LLC, *et al.*,[1]<br><br>    Debtors. |

Chapter 11

Case No. 25-16137 (MBK)

Judge: Michael B. Kaplan

(Jointly Administered)

**[PROPOSED] <u>AMENDED</u> ORDER GRANTING MAINFREIGHT, INC.'S MOTION TO CONFIRM THAT THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(A) DOES NOT APPLY TO CERTAIN GOODS IN ITS POSSESSION**

   The relief set forth on the following pages, numbered two (2) through three (3), is **ORDERED**.

DATED: _____, 2025

                                _____
                                 Honorable Michael B. Kaplan
                                 United States Bankruptcy Judge

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin Project LLC [1583], (ii) Powin, LLC [0504], (iii) PEOS Holdings, LLC [5476], (iv) Powin China Holdings 1, LLC [1422], (v) Powin China Holdings 2, LLC [9713], (vi) Charger Holdings, LLC [5241], (vii) Powin Energy Ontario Storage, LLC [8348], (viii) Powin Energy Operating Holdings, LLC [2495], (ix) Powin Energy Operating, LLC [6487]. The Debtors' mailing address is 20550 SW 115th Avenue, Tualatin, OR 97062.

27145251 v6

Upon the motion (the "Motion")[2] of Mainfreight to confirm that the automatic stay under 11 U.S.C. § 362(a) does not apply to the Goods; and this Court having jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334 and *Standing Order of Reference 12-1* from the United States District Court for the District of New Jersey, dated as of September 18, 2012; and consideration of the Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b); and venue being proper in this district under 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Motion having been given; and no other or further notice being necessary; and the Court having considered the Motion and any objections or responses thereto; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED** that

1. The Motion is **GRANTED** as set forth herein.

2. The automatic stay imposed under section 362(a) of the Bankruptcy Code does not apply to the BHER Goods.

3. Mainfreight may take all actions permitted under applicable law (including maritime law) and the Terms and Conditions, including, but not limited to, sale of the BHER Goods.

4. Nothing in this Order modifies the Application, Account Form, or the Terms and Conditions, including, but not limited to, the enforcement provisions therein. All parties reserve their rights under the Application, the Account Form, and Terms and Conditions.

5. Mainfreight is entitled to adequate protection in the form of monthly prepayments from the Debtors in the amount of $_____.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Motion.

6. ~~5.~~ The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or is otherwise waived.

7. ~~6.~~ Under the circumstances of this Chapter 11 Case, notice of the Motion is adequate under Bankruptcy Rule 6004(a), or Bankruptcy Rule 6004(a) does not apply to the relief sought by the Motion.

8. ~~7.~~ Notwithstanding the provisions of Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

9. ~~8.~~ This Order controls over all contrary provisions, if any, under any automatic stay or previous order entered by this, or any other, Court.

10. ~~9.~~ The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

3