# EXHIBIT A



USA Headquarters
1400 Glenn Curtiss Street
Carson, CA 90746
310-900-1974

## Business Credit Application

Return to: CreditApps@mainfreightusa.com

**Business Contact Information**

| | |
|---|---|
| Business Legal Name: | Powin LLC |
| Other Names/Owner: | |
| Business Tax ID Number / Business Number: | [REDACTED] |
| Phone Number: 503-598-6659 | Fax Number: |
| Registered Company Address: | 20550 SW 115th Ave |
| City: Tualatin | State: OR  Zip: 97062 |
| Expected Monthly Spend: | |

**Billing Contact Information**

| | |
|---|---|
| Accounts Payable Contact: Sean Campbell | Phone Number: 503-598-6659 |
| A/P Contact Email Address: accounting@powin.com | |
| Preference in communication: | ✓ Email    ☐ Phone |
| Billing Address (if different from above): | |
| City: | State:   Zip: |

**Business & Credit Information**

Type of Business: ☐ Corporation   ✓ Partnership   ☐ Proprietorship   ☐ Other

Bank Name: JP Morgan Chase

Bank Address: 888 SW 5th Avenue Suite 1070, Floor 10, Portland, OR 97204

Contact: Bryant Villalobos    Phone Number: 503-382-1608

| Type of Account | Account Number |
|---|---|
| Checking | [REDACTED] |
| Savings | |
| Other | |

In consideration of credit extension, the Customer agrees that payments will be made within 15 days from the invoice date. Customer hereby warrants that it has reviewed and agrees to be bound by the Mainfreight, Inc., service terms which are incorporated herein by reference and can be found either on the next page or at
https://www.mainfreight.com/getmedia/902f7fa4-c341-4d69-b56e-21d06c0696c6/Terms-and-Conditions-of-Service_23-JUN-2020.pdf
Customer further agrees that a service charge of 1.5% per month shall accrue on all invoices not paid per these terms. This application is for the acceptance of Mainfreight in Los Angeles, California, and will be bound there. Customer hereby authorizes its bank (named above) to release credit information to review by Mainfreight, Inc., with this application.

Certification of credit information, terms and conditions:

| Sean Campbell | *Sean Campbell* | Staff Accountant | 5/17/2021 |
|---|---|---|---|
| Print Name | Signature | Title | Date |

**Mainfreight Office Use Only**

| Submitted by: | Branch: |
|---|---|
| Sales Representative: | |
| Completed by: | ORG: |

# TERMS & CONDITIONS OF SERVICE

These terms and conditions of service constitute a legally binding contract between the "Company" and the "Customer". In the event the Company renders services and issues a document containing Terms and Conditions governing such services, the Terms and Conditions set forth in such other documents(s) shall govern those services.

**1. Definitions.**
(a) "Company" shall mean **MAINFREIGHT, INC.**, its subsidiaries, related companies, agents and/or representatives;
(b) "Customer" shall mean the person for which the Company is rendering service, as well as its agents and/or representatives, including, but not limited to, shippers, importers, exporters, carriers, secured parties, warehousemen, buyers and/or sellers, shipper's agents, insurers and underwriters, break-bulk agents, consignees, etc. It is the responsibility of the Customer to provide notice and copy(s) of these terms and conditions of service to all such agents or representatives;
(c) "Documentation" shall mean all information received directly or indirectly from Customer, whether in paper or electronic form;
(d) "Ocean Transportation Intermediaries" ("OTI") shall include an "ocean freight forwarder" and a "non-vessel operating carrier";
(e) "Third parties" shall include, but not be limited to, the following: "carriers, truckmen, cartmen, lightermen, forwarders, OTIs, customs brokers, agents, warehousemen and others to which the goods are entrusted for transportation, cartage, handling and/or delivery and/or storage or otherwise".

**2. Company as agent.**
The Company acts as the "agent" of the Customer for the purpose of performing duties in connection with the entry and release of goods, post entry services, the securing of export licenses, the filing of export and security documentation on behalf of the Customer and other dealings with Government Agencies, or for arranging transportation services, both domestically and internationally, or other logistics services in any capacity other than as carrier.

**3. Limitation of Actions.**
(a) Unless subject to a specific statute or international convention, all claims against the Company for a potential or actual loss, must be made in writing and received by the Company, within ninety (90) days of the event giving rise to claim; the failure to give the Company timely notice shall be a complete defense to any suit or action commenced by Customer.
(b) All suits against Company must be filed and properly served on Company as follows:
  (i) For claims arising out of ocean transportation, within one (1) year from the date of the loss;
  (ii) For claims arising out of brokering ground transportation, within two (2) years from the date of loss;
  (iii) For claims arising out of air transportation, within two (2) years from the date of the loss;
  (iv) For claims arising out of the preparation and/or submission of an import entry(s), within seventy-five (75) days from the date of liquidation of the entry(s);
  (v) For any and all other claims, within two (2) years from the date of the loss or damage.

**4. No Liability for the Selection or Services of Third Parties and/or Routes.**
Unless services are performed by persons or firms engaged pursuant to express written instructions from the Customer, Company shall use reasonable care in its selection of third parties, or in selecting the means, route and procedure to be followed in the handling, transportation, clearance and delivery of the shipment; advice by the Company that a particular person or firm has been selected to render services with respect to the goods, shall not be construed to mean that the Company warrants or represents that such person or firm will render such services nor does Company assume responsibility or liability for any action(s) and/or inaction(s) of such third parties and/or its agents, and shall not be liable for any delay or loss of any kind, which occurs while a shipment is in the custody or control of a third party or the agent of a third party; all claims in connection with the Act of a third party shall be brought solely against such party and/or its agents; in connection with any such claim, the Company shall reasonably cooperate with the Customer, which shall be liable for any charges or costs incurred by the Company.

**5. Quotations Not Binding.**
Quotations as to fees, rates of duty, freight charges, insurance premiums or other charges given by the Company to the Customer are for informational purposes only and are subject to change without notice; no quotation shall be binding upon the Company unless the Company in writing agrees to undertake the handling or transportation of the shipment at a specific rate or amount set forth in the quotation and payment arrangements are agreed to between the Company and the Customer.

**6. Reliance on Information Furnished.**
(a) Customer acknowledges that it is required to review all documents and declarations prepared and/or filed with U.S. Customs and Border Protection and/or other Government Agency and/or third parties, and will immediately advise the Company of any errors, discrepancies, incorrect statements, or omissions on any declaration filed on Customer's behalf;
(b) In preparing and submitting customs entries, export declarations, applications, security filings, delivery orders, documentation and/or export data to the United States and/or a third party, the Company relies on the correctness and completeness of all documentation, whether in written or electronic format, and Customer shall indemnify and hold the Company harmless from any and all claims asserted and/or liability or losses suffered by reason of the Customer's failure to disclose information or any incorrect or false statement by the Customer or any agent of Customer upon which the Company reasonably relied. The Customer agrees that the Customer has an affirmative non-delegable duty to disclose any and all information required to import, export or enter the goods.
(c) Customer warrants that the description, marks, numbers and quantities of the goods are accurate, complete and comply with all regulations. Customer shall have the exclusive burden to provide verified gross mass (VGM) of Goods as obtained on calibrated and certified equipment. Company shall be entitled to rely on the accuracy of the weight information provided by Customer for all purposes, including compliance with the VGM requirement under the Safety of Life at Sea Convention (SOLAS). Company shall be entitled to tender, counter-sign or endorse such certificates, weight tickets or other weight data provided by Customer as Company's own VGM to subcontractors, including any vessel operator.
(d) Customer shall not tender hazardous goods absent advance notice and consent of Company and shall in all events be responsible for compliance with all applicable hazardous material regulations.

**7. Declaring Higher Value to Third Parties.**
Third parties to whom the goods are entrusted may limit liability for loss or damage; the Company will request excess valuation coverage only upon specific written instructions from the Customer, which must agree to pay any charges therefor; in the absence of written instructions or the refusal of the third party to agree to a higher declared value, at Company's discretion, the goods may be tendered to the third party, subject to the terms of the third party's limitations of liability and/or terms and conditions of service.

**8. Insurance.**
Unless requested to do so in writing and confirmed to Customer in writing, Company is under no obligation to procure insurance on Customer's behalf; in all cases, Customer shall pay all premiums and costs in connection with procuring requested insurance.

**9. Disclaimers; Limitation of Liability.**
(a) Except as stated herein, Company makes no express or implied warranties relating to its services;
(b) Subject to (d) below, Customer agrees that in connection with any and all services performed by the Company, the Company shall only be liable for its negligent acts, which are the direct and proximate cause of any injury to Customer, including loss or damage to Customer's goods, and the Company shall in no event be liable for the acts of third parties;
(c) In connection with all services performed by the Company, Customer may obtain additional liability coverage, up to the actual or declared value of the shipment or transaction, by requesting such coverage and agreeing to make payment therefor, which request must be confirmed in writing by the Company prior to rendering services for the covered transaction(s).
(d) Without additional coverage under (c) above, the Company's liability shall be limited to the following:
  (i) where the claim arises from activities other than those relating to customs brokerage, $50.00 per shipment or transaction, or
  (ii) where the claim arises from activities relating to "Customs business", $50.00 per entry or the amount of brokerage fees paid to Company for the entry, whichever is less.

(e) In no event shall Company be liable or responsible for consequential, indirect, incidental, statutory or punitive damages even if it has been put on notice of the possibility of such damages.
(f) In no event shall Company be liable or responsible for damages attributable to circumstances of Force Majeure. For purposes of these Terms and Conditions, Force Majeure includes, but is not limited to, natural disasters, acts of the public enemy, assailing thieves, Laws and Regulations, wars or warlike action (whether actual or impending) arrests and other restraints of government (civil or military), blockades, insurrections, riots, epidemics or other severe health crisis and associated containment efforts, landslides, lightning, earthquakes, fires, sabotage, tropical storms and hurricanes, civil disturbances, tidal waves, explosions, confiscation or seizure by any government or other public authority, and any other causes, whether of the kind herein enumerated or otherwise, that are not reasonably within the control of Company and that could not have been overcome by the exercise of ordinary diligence. Company shall notify Customer with reasonable promptness of the existence of any such Force Majeure and the probable duration thereof, and shall provide Customer from time to time with correct information concerning same.

**10. Advancing Money.**
All charges must be paid by Customer in advance unless the Company agrees in writing to extend credit to Customer; the granting of credit to a Customer in connection with a particular transaction shall not be considered a waiver of this provision by the Company.

**11. Indemnification/Hold Harmless.**
The Customer agrees to indemnify, defend, and hold the Company harmless from any claims and/or liability arising from the importation or exportation of Customer's merchandise and/or any conduct of the Customer, which violates any Federal, State and/or other laws, and further agrees to indemnify and hold the Company harmless against any and all liability, loss, damages, costs, claims and/or expenses, including but not limited to reasonable attorney's fees, which the Company may hereafter incur, suffer or be required to pay by reason of such claims; in the event that any claim, suit or proceeding is brought against the Company, it shall give notice in writing to the Customer by mail at its address on file with the Company.

**12. Inspection Consent.**
Company may, but shall not be obligated to, inspect any shipment. Cargo items tendered for transportation may be subject to security controls by carriers and to other government regulations. The customer expressly agrees and consents to searches / inspections / screenings of all cargo in accordance with applicable security controls, initiatives and regulations, including, but not limited to, the regulations of the U.S. Transportation and Security Administration.

**13. C.O.D. or Cash Collect Shipments.**
Company shall use reasonable care regarding written instructions relating to "Cash/Collect" or "Deliver (C.O.D.)" shipments, bank drafts, cashier's and/or certified checks, letter(s) of credit and other similar payment documents and/or instructions regarding collection of monies but shall not have liability if the bank or consignee refuses to pay for the shipment.

**14. Forfeiture of Discounts and Costs of Collection.**
All discounts offered, as indicated on the invoice faces, are forfeited should Customer fail to comply in all respects with payment terms. In any dispute involving monies owed to Company, the Company shall be entitled to all costs of collection, including reasonable attorney's fees and interest at 15% per annum or the highest rate allowed by law, whichever is less, unless a lower amount is agreed to by Company.

**15. General Lien and Right to Sell Customer's Property.**
(a) Company shall have a general and continuing lien on any and all property coming into Company's actual or constructive possession or control for any monies owed to Company, including but not limited to moneys owing relating to the shipment on which the lien is claimed, a prior shipment(s) and/or both.
(b) Company shall provide written notice to Customer of its intent to exercise such lien, the exact amount of monies due and owing, as well as any on-going storage or other charges; Customer shall notify all parties having an interest in its shipment(s) of Company's rights and/or the exercise of such lien.
(c) Unless, within thirty days of receiving notice of lien, Customer posts cash or letter of credit at sight, or, if the amount due is in dispute, an acceptable bond equal to 110% of the value of the total amount due, in favor of Company, guaranteeing payment of the monies owed, plus all storage charges accrued or to be accrued, Company shall have the right to sell such shipment(s) at public or private sale or auction and any net proceeds remaining thereafter shall be refunded to Customer.

**16. No Duty to Maintain Records for Customer.**
Customer acknowledges that pursuant to Sections 508 and 509 of the Tariff Act, as amended, (19 USC §§1508 and 1509) it has the duty and is solely liable for maintaining all records required under the Customs and/or other Laws and Regulations of the United States; unless otherwise agreed to in writing, the Company shall only keep such records that it is required to maintain by Statute(s) and/or Regulation(s), but not act as a "recordkeeper" or "recordkeeping agent" for Customer.

**17. Obtaining Binding Rulings, Filing Protests, etc.**
Unless requested by Customer in writing and agreed to by Company in writing, Company shall be under no obligation to undertake any pre- or post Customs release action, including, but not limited to, obtaining binding rulings, advising of liquidations, filing of petition(s) and/or protests, etc.

**18. Preparation and Issuance of Bills of Lading.**
Where Company prepares and/or issues a bill of lading, Company shall be under no obligation to specify thereon the number of pieces, packages and/or cartons, etc.; unless specifically requested to do so in writing by Customer or its agent and Customer agrees to pay for same, Company shall rely upon and use the cargo weight supplied by Customer.

**19. No Modification or Amendment Unless Written.**
These terms and conditions of service may only be modified, altered or amended in writing signed by both Customer and Company; any attempt to unilaterally modify, alter or amend same shall be null and void.

**20. Compensation of Company.**
Customer, shippers, consignees, and bill-to parties are jointly and severally liable for the compensation of the Company for its services. The Company's charges may be reversed to the responsible parties if a shipment is refused or payment is not made by the original bill-to party. The compensation of the Company for its services shall be included with and is in addition to the rates and charges of all carriers and other agencies selected by the Company to transport and deal with the goods and such compensation shall be exclusive of any brokerage, commissions, dividends, or other revenue received by the Company from carriers, insurers and others in connection with the shipment. On ocean exports, upon request, the Company shall provide a detailed breakout of the components of all charges assessed and a true copy of each pertinent document relating to these charges. In any referral for collection or action against the Customer for monies due the Company, upon recovery by the Company, the Customer shall pay the expenses of collection and/or litigation, including a reasonable attorney fee.

**21. Severability.**
In the event any Paragraph(s) and/or portion(s) hereof is found to be invalid and/or unenforceable, then in such event the remainder hereof shall remain in full force and effect.

**22. Governing Law; Consent to Jurisdiction and Venue.**
These terms and conditions of service and the relationship of the parties shall be construed according to the laws of the State of California without consideration to principles of conflict of law. All disputes arising hereunder shall be resolved at Los Angeles, California and at no other place. Customer and Company:
(a) irrevocably consent to the jurisdiction of the State and Federal courts located in the County of Los Angeles, State of California.
(b) agree that any action relating to the services performed by Company, shall only be brought in said courts;
(c) consent to the exercise of *in personam* jurisdiction by said courts over it, and
(d) further agree that any action to enforce a judgment may be instituted in any jurisdiction.