| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br>**VINSON & ELKINS LLP**<br><br>Steven M. Abramowitz (No. 043641990)<br>David S. Meyer (admitted *pro hac vice*)<br>Lauren R. Kanzer (admitted *pro hac vice*)<br>The Grace Building<br>1114 Avenue of the Americas, 32nd Floor<br>New York, New York 10036-7708<br>Tel: (212) 237-0000<br>Fax: (212) 237-0100<br>Email: sabramowitz@velaw.com<br>      dmeyer@velaw.com<br>      lkanzer@velaw.com<br><br>-and-<br><br>William L. Wallander (*pro hac vice* pending)<br>Matthew D. Struble (*pro hac vice* pending)<br>2001 Ross Avenue, Suite 3900<br>Dallas, Texas 75201<br>Tel: (214) 220-7700<br>Fax: (214) 220-7716<br>Email: bwallander@velaw.com<br>      mstruble@velaw.com<br><br>*Counsel for Ad Hoc Group of Customers of Powin, LLC* | |
| In re:<br><br>Powin, LLC, *et al.*,[1]<br><br>            Debtors. | Case No. 25 – 16137 (MBK)<br><br>Chapter 11<br><br>(Jointly Administered) |

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin, LLC [0504], (ii) PEOS Holdings, LLC [5476], (iii) Powin Project LLC [1583], (iv) Powin China Holdings 1, LLC [1422], (v) Powin China Holdings 2, LLC [9713], (vi) Charger Holdings, LLC [5241], (vii) Powin Energy Ontario Storage, LLC [8348], (viii) Powin Energy Operating Holdings, LLC [2495], (ix) Powin Energy Operating, LLC [6487]. The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR 97062.

**AD HOC CUSTOMER GROUP'S LIMITED OBJECTION AND RESERVATION OF RIGHTS TO MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER (I) DESIGNATING A STALKING HORSE BIDDER AND APPROVING STALKING HORSE BIDDER PROTECTIONS (II) APPROVING BIDDING PROCEDURES BY WHICH INTERESTED PARTIES MAY BID AND AN AUCTION SALE FORMAT IN CONNECTION WITH THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS, (III) APPROVING FORM OF ASSET PURCHASE AGREEMENT, (IV) APPROVING FORM OF NOTICE TO BE PROVIDED TO INTERESTED PARTIES, (V) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF ASSUMED CONTRACTS AND NOTICE PROCEDURES THERETO, (VI) SCHEDULING A COURT HEARING TO CONSIDER APPROVAL OF THE SALE TO THE HIGHEST AND BEST BIDDER, AND (VII) AUTHORIZING THE SALE OF DEBTORS' PROPERTY FREE AND CLEAR OF ALL CAUSES OF ACTION AND CLAIMS**

Lone Star Solar, LLC,[2] Idaho Power Company, West Warwick Energy Storage 1, LLC, West Warwick Energy Storage 2, LLC, and West Warwick Energy Storage 3, LLC[3] (each a "**Customer**," and collectively, the "**Ad Hoc Customer Group**"), each a creditor, customer, and party in interest, by and through their undersigned counsel, hereby file this reservation of rights (the "**Reservation of Rights**") with respect to the *Motion of the Debtors for Entry of an Order (I) Designating a Stalking Horse Bidder and Approving Stalking Horse Bidder Protections (II) Approving Bidding Procedures By Which Interested Parties May Bid and an Auction Sale Format in Connection with the Sale of Substantially All of the Debtors' Assets, (III) Approving Form of Asset Purchase Agreement, (IV) Approving Form of Notice to be Provided to Interested Parties, (V) Authorizing the Assumption and Assignment of Assumed Contracts and Notice Procedures Thereto, (VI) Scheduling a Court Hearing to Consider Approval of the Sale to the Highest and Best Bidder, and (VII) Authorizing the Sale of Debtors' Property Free and Clear of All Causes of Action and Claims* [Docket No. 228] (the "**Bidding Procedures Motion**") and the related *Notice of Filing of Stalking Horse APA, Amended Order Approving Bidding Procedures Order, and Amended Bidding Procedures* [Docket No. 271].[4]

4924-5717-3333

## **LIMITED OBJECTION AND RESERVATION OF RIGHTS**

1. The Ad Hoc Customer Group is supportive of the Debtors' sale process and is not opposed to the Bidding Procedures or designation of FlexGen Power Systems, LLC as the Stalking Horse Bidder. However, none of the Debtors' filings—including the Bidding Procedures Motion and subsequent notices of amended Bidding Procedures and the proposed Stalking Horse APA—provide clarity for customers regarding which intellectual property assets are being sold, which legacy customer contracts are being assumed and assigned to a buyer, and how customers' rights under section 365(n) of the Bankruptcy Code will be preserved.

2. The Ad Hoc Customer Group therefore objects to the extent any of the relief requested in the Bidding Procedures Motion or included in the proposed order approving the Bidding Procedures Motion would impair, infringe upon, or otherwise adversely affects the Customers' respective rights in the Debtors' intellectual property granted pursuant to certain executory contracts between the Debtors and the Customers (the "***Contracts***") or under applicable law.[5] Furthermore, the Ad Hoc Customer Group reserves all rights to object to any future proposed sale of the Debtors' assets.

3. As discussed in greater detail in the Adequate Protection Motion, the Customers, as licensees of intellectual property of the Debtors, are afforded statutory protections under section

---

[2] Lone Star Solar, LLC is a subsidiary of energyRe, LLC.

[3] West Warwick Energy Storage 1, LLC, West Warwick Energy Storage 2, LLC, and West Warwick Energy Storage 3, LLC are direct subsidiaries of Convergent West Warwick, LLC and indirect subsidiaries of Convergent Energy and Power LP.

[4] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Bidding Procedures Motion.

[5] The Ad Hoc Customer Group filed the *Emergency Motion of Ad Hoc Customer Group for Entry of an Order (I) Granting Adequate Protection Under Section 363(e) of the Bankruptcy Code and (II) Granting Related Relief* [Docket No. 297] (the "***Adequate Protection Motion***"). The Customers' relationships with the Debtors, including the contracts between the Debtors and the Customers, are described in greater detail in the Adequate Protection Motion, which descriptions are incorporated herein by reference.

4924-5717-3333

365(n) of title 11 of the United States Code (the "**Bankruptcy Code**"), including, among other things, the right, at each Customer's election, to continue using the licensed intellectual property pursuant to certain conditions set forth in section 365(n) of the Bankruptcy Code.

4. Section 365(n)(1) of the Bankruptcy Code protects a licensee when an executory contract is rejected. Specifically, section 365(n)(1) provides that,

> If the trustee rejects an executory contract under which the debtor is a licensor of a right to intellectual property, the licensee under such contract may elect—
>
> (A) to treat such contract as terminated by such rejection if such rejection by the trustee amounts to such a breach as would entitle the licensee to treat such contract as terminated by virtue of its own terms, applicable nonbankruptcy law, or an agreement made by the licensee with another entity; or
>
> (B) to retain its rights (including a right to enforce any exclusivity provision of such contract, but excluding any other right under applicable nonbankruptcy law to specific performance of such contract) under such contract and under any agreement supplementary to such contract, to such intellectual property (including any embodiment of such intellectual property to the extent protected by applicable nonbankruptcy law), as such rights existed immediately before the case commenced, for—
>
> > (i) the duration of such contract; and
> >
> > (ii) any period for which such contract may be extended by the licensee as of right under applicable nonbankruptcy law.[6]

5. In addition, because the Customers each have interests in the Debtors' intellectual property pursuant to the licenses, the Customers are entitled to adequate protection under section 363(e) of the Bankruptcy Code, which provides that:

> Notwithstanding any other provision of this section, at any time, on request of an entity that has an interest in property used, sold, or leased, or proposed to be used, sold, or leased, by the trustee, the court, with or without a hearing, shall prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest.[7]

---

[6] 11 U.S.C. § 365(n)(1).

[7] 11 U.S.C. § 363(e).

4924-5717-3333

6. The Ad Hoc Customer Group objects to the relief requested in the Bidding Procedures Motion to the extent it would strip the Customers of their respective rights under the Contracts or applicable law, including but not limited to their rights under sections 365(n) and 363(e) of the Bankruptcy Code.

7. To resolve their limited objection, the Ad Hoc Customer Group requests that any order granting the relief requested in the Bidding Procedures Motion should include a provision that states that:

> *Notwithstanding anything to the contrary in this Order, nothing in this Order limits or otherwise affects, or shall be construed as limiting or affecting, any intellectual property licensee's rights under sections 365(n) or 363(e) of the Bankruptcy Code or excuses the Debtors from performance of their obligations under executory contracts for which rejection has not yet been approved by an order of this Court.*

## RESERVATION OF RIGHTS

8. The Customers hereby reserve all of their rights, claims, defenses, and remedies, including under any license of intellectual property with the Debtors or agreements supplementary thereto, including the Contracts, and any rights under sections 365(n) and 363(e) of the Bankruptcy Code and pursuant to applicable law. Further, the Customers hereby reserve all of their rights to object to the sale, the Winning Bidder, and the assumption and assignment of any of the Customers' contracts.

## CONCLUSION

WHEREFORE, the Ad Hoc Customer Group respectfully requests that the Court (i) grant the Customers relief consistent with this Reservation of Rights, (ii) to the extent necessary, deny or modify the relief requested in the Bidding Procedures Motion and grant relief thereunder only to the extent consistent with this Reservation of Rights, and (iii) grant such other and further relief as the Court may deem necessary and proper.

[*The remainder of this page is intentionally left blank*]

Dated: July 11, 2025
New York, NY

/s/ Steven M. Abramowitz
**VINSON & ELKINS LLP**
Steven M. Abramowitz (NJ Bar No. 043641990)
David S. Meyer (admitted *pro hac vice*)
Lauren R. Kanzer (admitted *pro hac vice*)
The Grace Building
1114 Avenue of the Americas, 32nd Floor
New York, New York 10036-7708
Tel: (212) 237-0000
Fax: (212) 237-0100
Email: sabramowitz@velaw.com
    dmeyer@velaw.com
    lkanzer@velaw.com

-and-

William L. Wallander (*pro hac vice* pending)
Matthew D. Struble (*pro hac vice* pending)
2001 Ross Avenue, Suite 3900
Dallas, Texas 75201
Tel: (214) 220-7700
Fax: (214) 220-7716
Email: bwallander@velaw.com
    mstruble@velaw.com

*Counsel for Ad Hoc Group of
Customers of Powin, LLC*

4924-5717-3333

**CERTIFICATE OF SERVICE**

      I certify that on July 11, 2025, I or another member of my firm caused a true and correct copy of the foregoing document to be: (i) served by the Electronic Case Filing System for the United States Bankruptcy Court for the District of New Jersey on those parties registered to receive electronic notices, and (ii) served upon the United States Trustee for Region 3 – New Jersey Office.

      */s/ Steven M. Abramowitz*
      Steven M. Abramowitz