Exhibit 2

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**VINSON & ELKINS LLP**

Steven M. Abramowitz (No. 043641990)
David S. Meyer (admitted *pro hac vice*)
Lauren R. Kanzer (admitted *pro hac vice*)
The Grace Building
1114 Avenue of the Americas, 32nd Floor
New York, New York 10036-7708
Tel: (212) 237-0000
Fax: (212) 237-0100
Email: sabramowitz@velaw.com
        dmeyer@velaw.com
        lkanzer@velaw.com

-and-

William L. Wallander (*pro hac vice* forthcoming)
Matthew D. Struble (*pro hac vice* forthcoming)
2001 Ross Avenue, Suite 3900
Dallas, Texas 75201
Tel: (214) 220-7700
Fax: (214) 220-7716
Email: bwallander@velaw.com
        mstruble@velaw.com

*Counsel for Ad Hoc Group of Customers of Powin, LLC*

| | |
|---|---|
| In re:<br><br>Powin, LLC, *et al.*,[1]<br><br>              Debtors. | Case No. 25 – 16137 (MBK)<br><br>Chapter 11<br><br>(Jointly Administered) |

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin, LLC [0504], (ii) PEOS Holdings, LLC [5476], (iii) Powin Project LLC [1583], (iv) Powin China Holdings 1, LLC [1422], (v) Powin China Holdings 2, LLC [9713], (vi) Charger Holdings, LLC [5241], (vii) Powin Energy Ontario Storage, LLC [8348], (viii) Powin Energy Operating Holdings, LLC [2495], (ix) Powin Energy Operating, LLC [6487].  The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR 97062.

**LIMITED OBJECTION AND
RESERVATION OF RIGHTS OF AD HOC
CUSTOMER GROUP TO OMNIBUS MOTION OF THE DEBTORS
FOR ENTRY OF AN ORDER (I) AUTHORIZING THE REJECTION OF
LEGACY CUSTOMER CONTRACTS AND (II) GRANTING RELATED RELIEF**

Lone Star Solar, LLC,[2] Idaho Power Company, West Warwick Energy Storage 1, LLC, West

Warwick Energy Storage 2, LLC, and West Warwick Energy Storage 3, LLC[3] (each a "***Customer***,"

and collectively, the "***Ad Hoc Customer Group***"), each a creditor, customer, and party in interest,

by and through their undersigned counsel, hereby file this limited objection and reservation of

rights (the "***Limited Objection***") to the *Omnibus Motion of the Debtors for Entry of an Order*

*(I) Authorizing the Rejection of Legacy Customer Contracts and (II) Granting Related Relief*

[Docket No. 88] (the "***Rejection Motion***").

## LIMITED OBJECTION

1.      Given the Debtors' changed circumstances since the Rejection Motion was filed

and set for hearing—namely, the Debtors' receipt of postpetition debtor-in-possession financing

and announcement of their intention to run a competitive sale process with a stalking horse bidder

in place—the hearing on the Rejection Motion should be adjourned until a winning bidder for the

Debtors' assets has been selected and that bidder has had the opportunity to determine whether to

acquire any of the Debtors' existing customer contracts.

2.      Alternatively, if the hearing on the Rejection Motion goes forward as currently

scheduled (or at any other time before a winning bidder is identified), any order granting the

Rejection Motion should include appropriate adequate protection for non-debtor counterparty

---

[2]     Lone Star Solar, LLC is a subsidiary of energyRe, LLC.

[3]     West Warwick Energy Storage 1, LLC, West Warwick Energy Storage 2, LLC, and West Warwick Energy Storage 3, LLC are direct subsidiaries of Convergent West Warwick, LLC and indirect subsidiaries of Convergent Energy and Power LP.

licensees under any rejected contracts to ensure such counterparties are afforded the ability to fully

exercise and realize their statutory rights under section 365(n) of the Bankruptcy Code. The Ad

Hoc Customer Group filed their *Emergency Motion of Ad Hoc Customer Group for Entry of an*

*Order (I) Granting Adequate Protection Under Section 363(e) of the Bankruptcy Code, and*

*(II) Granting Related Relief* (the "***Adequate Protection Motion***")[4] substantially

contemporaneously with this Limited Objection and submit that if their respective Contracts (as

defined below) are rejected, the Court should require the Debtors to provide the adequate

protection described in the Adequate Protection Motion to the Customers.

## A.    Background.

3.      As described in the Adequate Protection Motion, the members of the Ad Hoc

Customer Group each own and operate large, industrial-scale and utility-scale lithium ion battery

energy storage systems ("***BESS***") that were designed and provided by the Debtors, and for which

the Debtors are responsible for ongoing maintenance and other services. Each Customer entered

into various executory contracts with certain of the Debtors (collectively, the "***Contracts***") to

install, maintain, and service the BESS.[5] Under the Contracts, the Debtors granted, among other

things, broad, perpetual licenses of intellectual property (the "***Licenses***," and such intellectual

property, the "***Licensed IP***") necessary to support the operation of the BESS.

4.      The Licensed IP and the other support services required under the Contracts are

critical for the BESS to remain "online" and to operate safely and effectively. Without a plan in

place to ensure the Customers are able to fully retain their contractual rights to the Licensed IP

---

[4]     The factual statements and descriptions in the Adequate Protection Motion are incorporated herein by reference. Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Adequate Protection Motion.

[5]     The Contracts are described in greater detail in the Adequate Protection Motion, including in Exhibit A thereto.

upon rejection of the Contracts as required under section 365(n)(1)(B) of the Bankruptcy Code, the Customers will be unable to safely maintain and operate the BESS. The Debtors acknowledge as much in their "Customer Program" motion, stating that "[t]he termination of the Debtors' LTSA Line of Business would have a severely detrimental impact on Customers who are largely incapable of replacing those functions without the Debtors' assistance."[6]

**B.      The Hearing on the Rejection Motion Should be Adjourned Indefinitely to Allow the Sale Process to Play Out.**

5.       The Rejection Motion was filed approximately one week into these chapter 11 cases at a time when the Debtors did not have access to DIP financing and the outlook of the cases was anything but certain. Subsequently, the Debtors circumstances materially changed for the better as they (i) sought and received interim approval to obtain postpetition financing[7] and (ii) filed a motion seeking approval of bidding procedures and approval of their DIP lender as the stalking horse bidder for the sale of all or substantially all of their assets.[8]

6.       The Ad Hoc Customer Group is supportive of the Debtors' sale process, but submits it is entirely reasonable and potentially value-maximizing for the Rejection Motion to be adjourned until the sale process has run its course. It is highly unusual for a debtor to unilaterally reject all

---

[6]   *See Motion of the Debtors For Entry of an Order (I) Authorizing the Debtors to Enter Into New Customer Program with Existing Customers and (II) Granting Related Relief* [Docket No. 15] (the "**Customer Program Motion**"), at ¶ 9.

[7]   *See Interim Order (I) Authorizing the Debtors to Obtain Postpetition Operational Cash Flow Financing; (II) Granting Liens and Providing Superpriority Administrative Expense Claims; (III) Modifying the Automatic Stay; (IV) Scheduling a Final DIP Hearing; and (V) Granting Related Relief* [Docket No. 169] (the "**Interim DIP Order**").

[8]   *See Motion of the Debtors for Entry of an Order (I) Designating a Stalking Horse Bidder and Approving Stalking Horse Bidder Protections (II) Approving Bidding Procedures By Which Interested Parties May Bid and an Auction Sale Format in Connection with the Sale of Substantially All of the Debtors' Assets, (III) Approving Form of Asset Purchase Agreement, (IV) Approving Form of Notice to be Provided to Interested Parties, (V) Authorizing the Assumption and Assignment of Assumed Contracts and Notice Procedures Thereto, (VI) Scheduling a Court Hearing to Consider Approval of the Sale to the Highest and Best Bidder, and (VII) Authorizing the Sale of Debtors' Property Free and Clear of All Causes of Action and Claims* [Docket No. 228] (the "**Sale Motion**").

of its customer contracts *before* conducting a sale process. To the contrary, debtors typically wait

to see what assets and contracts bidders are interested in acquiring to ensure they maximize the

value ultimately received by their estates. The Ad Hoc Customer Group submits that adjourning

the hearing on the Rejection Motion until after bidders have had an opportunity to fully evaluate

the legacy customer contracts is, similarly, appropriate and would be a reasonable exercise of the

Debtors' business judgment.

7. Additionally, now that the Debtors have obtained DIP financing, their previously-

stated need to quickly reject customer contracts to preserve liquidity no longer carries the same

urgency. Furthermore, the Debtors note in the Rejection Motion that it was filed, in part, as a stick

to push customers to sign up to the Debtors' proposed new LTSA customer program, which was

the Debtors' focus prior to obtaining DIP financing. *See* Rejection Motion at p. 2 (noting that the

motion was filed "to make clear to customers that the only way to utilize the Debtors' technology

and services is in connection with the new LTSA Program"). While the Debtors have not formally

abandoned their efforts to implement the new LTSA customer program, they have clearly shifted

their focus to the impending sale process, seemingly mooting one of the original purposes of filing

the Rejection Motion early in these cases.[9]

**C.      Alternatively, the Court Should Grant Adequate Protection of the Customers'
         Interests in the Licensed IP and Expressly Preserve 365(n) Rights in Any Order
         Granting the Rejection Motion.**

8. The Customers object to the Rejection Motion to the extent the Debtors do not have

a concrete plan in place to ensure the Customers receive immediate access to the Licensed IP

(including any embodiments thereof) if and when they elect to retain their rights to such Licensed

---

[9]     Neither the Debtors nor their advisors have provided the Customers with any updated proposals related to the
        new LTSA customer program or any similar "newco" structure since the DIP Motion was filed.

Case 25-16137-MBK Doc 295-1 Filed 07/08/25 Entered 07/08/25 22:32:41 Desc Exhibit Page 7 of 10

IP under section 365(n)(1)(B) of the Bankruptcy Code following rejection of the Contracts. If the Debtors and the Court are inclined to move forward with the Rejection Motion prior to a winning bidder being selected, and if the Court determines to grant such motion, the Court should include appropriate provisions to adequately protect the Customers, and other similarly situated, in its order (which the Customers submit should be in the form of the IP Adequate Protection described in the Adequate Protection Motion).

9.       Section 365(n)(1)(B) of the Bankruptcy Code protects licensee counterparties after a debtor rejects an executory contract that grants a license to intellectual property (and any embodiment thereof) by providing that such a licensee is entitled—at its election—to retain its rights to such intellectual property for the duration of the contract.[10] Without adequate protection, the Customers face the risk that they will be unable to effectively retain their rights to the Licensed IP following rejection of the Contracts notwithstanding their statutory entitlement thereto under section 365(n). Accordingly, for the reasons described herein and in the Adequate Protection Motion, the Customers submit that any order approving the rejection of the Contracts should require the Debtors to provide the IP Adequate Protection and should acknowledge and preserve licensees' rights under section 365(n) of the Bankruptcy Code.[11]

## **RESERVATION OF RIGHTS**

10.       The Customers hereby reserve all of their rights, claims, defenses, and remedies, including under any license of intellectual property with the Debtors or agreements supplementary thereto, including the Contracts, and any rights under section 365(n) and 363(e) of the Bankruptcy Code and pursuant to applicable law.

---

[10]    11 U.S.C. § 365(n)(1)(B).

[11]    *See* 11 U.S.C. § 363(e); *see also* Adequate Protection Motion, at ¶¶ 26-35.

## **CONCLUSION**

WHEREFORE, the Ad Hoc Customer Group respectfully requests that the Court (i) adjourn the hearing on the Rejection Motion until a winning bidder for the sale of the Debtors' assets has been identified or, alternatively, (ii) include in any order granting the Rejection Motion adequate protection of the Customers' respective interests in the Licensed IP consistent with that requested in the Adequate Protection Motion and an acknowledgment and reservation of licensees' rights under section 365(n) of the Bankruptcy Code.

[*Remainder of page intentionally left blank.*]

Dated: July 8, 2025
New York, NY

/s/ Steven M. Abramowitz
**VINSON & ELKINS LLP**
Steven M. Abramowitz (NJ Bar No. 043641990)
David S. Meyer (admitted *pro hac vice*)
Lauren R. Kanzer (admitted *pro hac vice*)
The Grace Building
1114 Avenue of the Americas, 32nd Floor
New York, New York 10036-7708
Tel: (212) 237-0000
Fax: (212) 237-0100
Email: sabramowitz@velaw.com
     dmeyer@velaw.com
     lkanzer@velaw.com

-and-

William L. Wallander (*pro hac vice* forthcoming)
Matthew D. Struble (*pro hac vice* forthcoming)
2001 Ross Avenue, Suite 3900
Dallas, Texas 75201
Tel: (214) 220-7700
Fax: (214) 220-7716
Email: bwallander@velaw.com
     mstruble@velaw.com

*Counsel for Ad Hoc Group of*
*Customers of Powin, LLC*

## CERTIFICATE OF SERVICE

I certify that on July 8, 2025, I or another member of my firm caused a true and correct copy of the foregoing document to be: (i) served by the Electronic Case Filing System for the United States Bankruptcy Court for the District of New Jersey on those parties registered to receive electronic notices, and (ii) served upon the United States Trustee for Region 3 – New Jersey Office.

*/s/ Steven M. Abramowitz*
Steven M. Abramowitz