**DENTONS US LLP**

Lauren Macksoud (admitted)
101 JFK Parkway
Short Hills, NJ 07078
Telephone: (973) 912-7100
Facsimile: (973) 912-7199
Email: lauren.macksoud@dentons.com

Tania M. Moyron (admitted *pro hac vice*)
Van C. Durrer, II (admitted *pro hac vice*)
601 S. Figueroa Street #2500
Los Angeles, CA 90017
Telephone:  (213) 623-9300
Facsimile:  (213) 623-9924
Email:  tania.moyron@dentons.com
            van.durrer@dentons.com

John D. Beck (admitted *pro hac vice*)
Sarah M. Schrag (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020-1089
Telephone:  (212) 768-6700
Facsimile:  (212) 768-6800
Email:  john.beck@dentons.com
            sarah.schrag@dentons.com

*Proposed Counsel for Debtors and
Debtors in Possession*

**TOGUT, SEGAL & SEGAL LLP**

Frank A. Oswald (admitted)
550 Broad Street
Suite 1508
Newark, NJ 07102
Telephone:  (212) 594-5000
Facsimile:  (212) 967-4258
Email:  frankoswald@teamtogut.com

Albert Togut (admitted *pro hac vice*)
Amanda C. Glaubach (admitted *pro hac vice*)
Eitan Blander (admitted *pro hac vice*)
One Penn Plaza, Suite 3335
New York, New York 10119
Telephone:  (212) 594-5000
Facsimile:  (212) 967-4258
Email:  altogut@teamtogut.com
            aglaubach@teamtogut.com
            eblander@teamtogut.com

*Proposed Counsel for Debtors and
Debtors in Possession*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>Powin, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-16137 (MBK)<br><br>(Jointly Administered) |

---

[1]  The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are:  (i) Powin Project LLC [1583]; (ii) Powin, LLC [0504]; (iii) PEOS Holdings, LLC [5476], (iv) Powin China Holdings 1, LLC [1422], (v) Powin China Holdings 2, LLC [9713], (vi) Charger Holdings, LLC [15241], (vii) Powin Energy Ontario Storage, LLC [8348], (viii) Powin Energy Operating Holdings, LLC [2495], (ix) Powin Energy Operating, LLC [6487] (x) Powin Energy Storage 2, Inc. [9926]; (xi) Powin Energy Ontario

**DEBTORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING
THE DEBTORS TO REDACT AND FILE UNDER SEAL CONFIDENTIAL
INFORMATION CONTAINED IN SETTLEMENT AGREEMENT**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Powin, LLC ("Powin") and the above-referenced affiliated debtors and debtors in possession (collectively, the "Debtors") in these chapter 11 cases (the "Chapter 11 Cases"), by and through their undersigned counsel, submit this application (the "Motion to Seal") to request the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"): (a) authorizing the Debtors to redact and file under seal that certain Settlement Agreement by and between Powin and Idaho Power Company ("Idaho Power",[2] such agreement, the "Settlement Agreement"), dated as of June 19, 2025, by and among the Parties,[3] attached with redactions as **Exhibit 1** to the proposed order for the *Motion of the Debtors for Entry of an Order (I) Authorizing and Approving Settlement Agreement; and (II) Granting Related Relief* (the "Settlement Motion") filed concurrently herewith; (b) directing that portions of the Settlement Agreement containing Confidential Information (as defined below) shall remain under seal and confidential and not be required to be made available to anyone, except to (i) the United States Bankruptcy Court for the District of New Jersey (the "Court"), (ii) the Office of the United States Trustee, (iii) the parties to the Settlement Agreement, (iv) on a confidential, professionals' eyes only basis, the professionals retained by the Committee (as defined below), and (v) any other party as may be ordered by the

---

[2]    Storage II LP [5787]; and (xii) Powin Canada B.C. Ltd. [2239]. The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR 97062.

[2]    Each of Powin and Idaho Power are sometimes referred to herein individual as a "Party", and, collectively as the "Parties."

[3]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the First Day Declaration (as defined below) or in the Settlement Agreement, as applicable.

Court or agreed to by the parties to the Settlement Agreement, according to its terms; and (c) granting related relief.

In support of this Motion to Seal, the Debtors respectfully submit the *Declaration of Gerard Uzzi in Support of Entry of an Order Authorizing the Debtors to Redact and File Under Seal Confidential Information Contained in Settlement Agreement* (the "Uzzi Sealing Declaration"), annexed hereto as **Exhibit B**.

## I.    JURISDICTION AND VENUE

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference from the United States District Court for the District of New Jersey dated as of September 18, 2012, as amended on June 6, 2025.  The Debtors confirm their consent, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court in connection with this Motion to Seal to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue of the Chapter 11 Cases and related proceedings is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The bases for the relief requested herein are sections 105(a) and 107(b) of title 11 of the United States Code, §§ 101 *et seq.* (the "Bankruptcy Code"), Bankruptcy Rule 9018, and rules 9013–1 and 9018–1 of the Local Bankruptcy Rules for the District of New Jersey (the "Local Rules").

## II.   **BACKGROUND**

### A.  **General Background**

4.      On June 9, 2025 (the "<u>Petition Date</u>"),[4] the Debtors each commenced a voluntary case for relief under chapter 11 of the Bankruptcy Code.  The Debtors are authorized to continue operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in the Chapter 11 Cases.

5.      On June 26, 2025, the Office of the United States Trustee (the "<u>U.S. Trustee</u>") appointed an official committee of unsecured creditors (the "<u>Committee</u>").  [Docket No. 174].

6.      Additional information regarding the Debtors, including their businesses and the events leading to the commencement of these Chapter 11 Cases is set forth in the *Declaration of Gerard Uzzi In Support of Emergency First Day Motions of the Debtors* incorporated herein by reference [Docket No. 13] (the "<u>First Day Declaration</u>"), the contents of which are incorporated herein by reference.

### B.  **Specific Background**

7.      Pursuant to the Settlement Motion, the Debtors announced their intention to seek entry of an order authorizing the Debtors' entry into and performance under the Settlement Agreement.   Additional information concerning the specific background of the Settlement Agreement is set forth in the Settlement Motion and the *Declaration of Gerard Uzzi in Support of Debtors' Motion to Approve Settlement Agreement,* which is annexed to the Settlement Motion (the "<u>Uzzi Declaration</u>"), the contents of each of which are incorporated herein by reference.

---

[4]     Lead Debtor Case No. 25-16137 (MBK) for Debtor Powin Project LLC was filed on June 9, 2025, and the majority of Debtors were filed shortly thereafter on June 10, 2025, *except that*, three additional Debtor-affiliates (Powin Energy Storage 2, Inc., Powin Energy Ontario Storage II LP, and Powin Canada B.C. Ltd.) filed for petitions on June 22, 2025.

8.      The Settlement Agreement provides significant benefits to, and is in the best interests of, the Debtors and their estates, namely because the Settlement Agreement avoids the (likely significant) cost, delay, and uncertainty associated with potential litigation over the disputed damages amount; yields a reasonable amount of cash to the Debtors in light of such considerations; and addresses an urgent need that the Debtors have for the Settlement Agreement proceeds.  The Settlement Agreement will provide the Debtors with a material influx of funds that the Debtors need to continue to administer these Chapter 11 Cases and achieve their proposed sales and marketing timeline (the "Settlement").

9.      The Settlement Agreement contains commercially sensitive information related to the Parties and the Settlement contemplated thereunder (collectively, the "Confidential Information"), the disclosure of which could substantially harm the Debtors, their estates (the "Estates") and Idaho Power.  In particular, the Settlement Agreement contains specific information about economic terms under which the Parties entered into two energy supply agreements (the "Idaho Power ESAs"), which terms include the respective contract prices, formulas for calculating liquidated damages, the terms for calculating incentives, and the amounts actually paid under the Idaho Power ESAs.  As described in the Debtors' *Omnibus Motion of the Debtors for Entry of an Order (I) Authorizing the Rejection of Legacy Customer Contracts; and (II) Granting Related Relief*, the Debtors continue to work with customers under their ESA Line of Business to seek alternative arrangements for resolution, and they continue to discuss the LTSA Line of Business[5] with customers.  [Docket No. 88, ¶¶ 9-10].  However, discussions are ongoing, and disclosure of the contractual terms of past and current transactions (including those with the Debtors'

---

[5]     In general, the ESA Line of Business involves energy storage integration installation services, whereby the Debtors provide and install batteries at customer sites pursuant to energy supply agreements, and the LTSA Line of Business involves long term servicing, whereby the Debtors maintain and repair the previously installed batteries at customer sites, as needed, pursuant to separate long term servicing agreements.

subcontractors and customers) could undermine those discussions and materially impair the Debtors' efforts to further monetize their assets, transact new business, and settle disputes, including with respect to certain competitors of the Debtors that may be purchasers of the Debtors' assets in future sales.

10.    With respect to Idaho Power, it is a purchaser of energy. The disclosure of terms under which it entered into the Idaho Power ESAs could harm its business relationships going forward, including by placing it at a disadvantage when negotiating the terms of comparable agreements with other parties. Any such weakening in Idaho Power's negotiating position would give an unfair advantage to Idaho Power's competitors.

11.    Disclosure of the redacted Confidential Information "would have a chilling effect on business negotiations, ultimately affecting the viability of [the] Debtors." *In re Genesis Glob. Holdco, LLC*, 652 B.R. 618, 632 (Bankr. S.D.N.Y. 2023) (citations omitted). Moreover, the disclosure of the redacted Confidential Information would also materially disadvantage Idaho Power and give an unfair advantage to competitors of both Idaho Power and the Debtors. Accordingly, the Debtors seek entry of an order authorizing the Debtors to redact the Confidential Information and file under seal the unredacted Settlement Agreement.

### III.    RELIEF REQUESTED

12.    The Debtors seek entry of the Proposed Order (a) authorizing the Debtors to redact and file under seal the Settlement Agreement; (b) directing that portions of the Settlement Agreement containing Confidential Information shall remain under seal and confidential and not be required to be made available to anyone, except to (i) the Court, (ii) the U.S. Trustee, (iii) the Parties, (iv) on a confidential, professionals' eyes only basis, the professionals retained by the

Committee, and (v) any other party as may be ordered by the Court or agreed to by the Parties,

according to its terms; and (c) granting related relief.

## IV.   BASIS FOR RELIEF

13.    Section 105(a) of the Bankruptcy Code codifies the inherent equitable powers of

the bankruptcy court and empowers the bankruptcy court to "issue any order, process, or judgment

that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

14.    "Confidential information is information that is meant to be kept secret." *In re FTX

Trading Ltd.*, No. 22-11068 (KBO), 2025 WL 1600618, at *1 (Bankr. D. Del. May 21, 2025).

Sections 105(a) and 107(b), and Bankruptcy Rule 9018, and Local Rule 9018–1 authorize this

Court to limit public access under the circumstances present in this matter.  *See In re Kaiser

Aluminum Corp.*, 327 B.R. 554, 560 (D. Del. 2005) ("Courts have supervisory powers over their

records and files and may deny access to those records and files to prevent them from being used

for an improper purpose.").

15.    Bankruptcy Rule 9018 defines the procedures by which a party may move for relief

under section 107(b) of the Bankruptcy Code.  Bankruptcy Rule 9018 provides, in relevant part,

that on motion "the court may . . . issue any order that justice requires to . . . protect the estate or

any entity regarding a trade secret or other confidential research, development, or commercial

information . . ." Bankruptcy Rule 9018.

16.    Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the power

to issue orders that will protect entities from potential harm that may result from the disclosure of

certain confidential commercial information.  11 U.S.C. § 107(b)(1).  This section provides, in

relevant part: "[o]n request of a party in interest, the bankruptcy court shall, and on the bankruptcy

court's own motion, the bankruptcy court may—protect an entity with respect to a trade secret or

confidential research, development, or commercial information." *Id.*

17.    Courts have held that the sealing order under section 107(b) should be as broad as

"justice requires." *In re Glob. Crossing, Ltd.*, 295 B.R. 720, 724 (Bankr. S.D.N.Y. 2003).  Indeed,

a court's "authority goes not just to the protection of confidential documents, but to other

confidentiality restrictions that are warranted in the interests of justice." *Id.*

18.    "Commercial information is information which would result in an unfair advantage

to competitors by providing them information as to the commercial operations of the movant."

*FTX Trading Ltd.*, 2025 WL 1600618, at *1; *In re Alterra Healthcare Corp.*, 353 B.R 66, 75

(Bankr. D. Del. 2006).  The Third Circuit held that the right to information is not absolute and that

the court has the power to prevent access to documents where the files might "become a vehicle

for improper purposes." *In re A C & S, Inc.*, Case No. 18-1951, 775 Fed. Appx. 78, 80 (3d Cir.

Aug. 19, 2019); *see also In re Georgetown Steel Co., LLC*, 306 B.R. 542, 546 (Bankr. D.S.C.

2004) (recognizing that "the public right to access is not absolute"); *see also Glob. Crossing, Ltd.*,

295 B.R. at 725 (holding that the purpose of Bankruptcy Rule 9018 is to "protect business entities

from disclosure of information that could reasonably be expected to cause the entity commercial

injury").

19.    Commercial information need not rise to the level of a "trade secret" to be protected

under section 107(b) of the Bankruptcy Code. *In re Orion Pictures*, 21 F.3d 24, 28 (2d Cir. 1994).

"Commercial information . . . includes situations where a bankruptcy court may reasonably

determine that allowing such disclosure would have a chilling effect on [business] negotiations,

ultimately affecting the viability of Debtors." *Genesis Glob. Holdco, LLC*, 652 B.R at 632

(citations and quotation marks omitted).  A court may seal commercial information if its disclosure

may threaten the value of estate assets.  *See, e.g.*, *In re Farmland Indus., Inc.*, 290 B.R. 364, 369

(Bankr. W.D. Mo. 2003) (approving debtors' request to seal portions of DIP agreement addressing

asset sale timelines because sealing would help debtors obtain the best price possible for their

assets and otherwise protect the bankruptcy estate); *In re Kwok*, No. 22-50073 (JAM), 2025 WL

368519, at *5–6 (Bankr. D. Conn. Feb. 3, 2025) (approving chapter 11 trustee's request to seal

terms of settlement agreement with defendant where public disclosure would permit similarly

situated defendants to use the agreement's terms as leverage in negotiations with the trustee).

20.     Once a court determines that a party in interest is seeking to protect "commercial

information," the court "is required to protect a requesting interested party and has no discretion

to deny the application." *Orion Pictures*, 21 F.3d at 27.  Instead, if the Court determines that the

information sought to be protected from disclosure falls within one of the categories enumerated

in section 107(b), "the court is *required* to protect a requested interested party and has no discretion

to deny the application." *Id.* at 27; *see also In re Altegrity, Inc.*, 2015 WL 10963572, *3 (Bankr.

D. Del. July 6, 2015) (noting that once it has been established that the documents sought to be

sealed are within section 107(b)'s scope, the court "must grant the requested relief"). Thus, a party

in interest must only demonstrate that the information it wishes to seal is "confidential" in nature.

*Orion Pictures*, 21 F.3d at 28.

21.     As discussed above, the Confidential Information includes sensitive information

about the terms under which the Parties conducted business, which include contract prices,

formulas for calculating liquidated damages, the terms for calculating incentives, and the amounts

actually paid under the Idaho Power ESAs.  The disclosure of this Confidential Information would

give the Parties' competitors an unfair advantage and otherwise materially harm the Debtors, their

Estates, and Idaho Power in ongoing and future commercial negotiations.  Accordingly, the Court

should authorize the Debtors to redact the Confidential Information and file the unredacted Settlement Agreement under seal.

## V.      WAIVER OF MEMORANDUM OF LAW

22.     The Debtors respectfully request that the Court waive the requirement to file a separate memorandum of law pursuant to Local Rule 9013-1(a)(3) because the legal basis upon which the Debtors rely is set forth herein and the Motion to Seal does not raise any novel issues of law.

## VI.      NO PRIOR REQUEST

23.     No prior request for the relief sought in this Motion to Seal has been made to this or any other court.

## VII.      NOTICE

24.     Notice of this Motion shall be given to the following parties: (a) the U.S. Trustee; (b) counsel to Idaho Power; (c) counsel for the Debtors' Prepetition Secured Parties; (d) the Debtors' fifty largest unsecured creditors on a consolidated basis; (e) counsel to the Committee; (f) counsel for the DIP Lender; and (g) all parties entitled to service under Rule 2002 or who have requested notice in these Chapter 11 Cases.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## VIII.      CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court (i) enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, and (ii) grant the Debtors such other and further relief is just and proper under the circumstances.

Dated: July 11, 2025

**DENTONS US LLP**

*/s/ Lauren Macksoud*
Lauren Macksoud (admitted)
101 JFK Parkway
Short Hills, NJ 07078
Telephone: (973) 912-7100
Facsimile: (973) 912-7199
Email: lauren.macksoud@dentons.com

Tania M. Moyron (admitted *pro hac vice*)
Van C. Durrer, II (admitted *pro hac vice*)
601 S. Figueroa Street #2500
Los Angeles, CA 90017
Telephone:  (213) 623-9300
Facsimile:  (213) 623-9924
Email:  tania.moyron@dentons.com
            van.durrer@dentons.com

John D. Beck (admitted *pro hac vice*)
Sarah M. Schrag (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020-1089
Telephone:  (212) 768-6700
Facsimile:  (212) 768-6800
Email:  john.beck@dentons.com
            sarah.schrag@dentons.com

-and-

**TOGUT, SEGAL & SEGAL LLP**

Frank A. Oswald (admitted)
550 Broad Street
Suite 1508
Newark, NJ 07102
Telephone:  (212) 594-5000
Facsimile:  (212) 967-4258
Email:  frankoswald@teamtogut.com

Albert Togut (admitted *pro hac vice*)
Amanda C. Glaubach (admitted *pro hac vice*)
Eitan Blander (admitted *pro hac vice*)
One Penn Plaza, Suite 3335
New York, New York 10119
Telephone:  (212) 594-5000
Facsimile:  (212) 967-4258
Email:  altogut@teamtogut.com
            aglaubach@teamtogut.com
            eblander@teamtogut.com

*Proposed Counsel for Debtors and
Debtors in Possession*

## **<u>EXHIBIT A</u>**

**(Proposed Form of Order)**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>Powin, LLC, *et al.*,[1]<br><br>        Debtors. | Chapter 11<br><br>Case No. 25-16137 (MBK)<br><br>(Jointly Administered) |

**ORDER AUTHORIZING THE DEBTORS TO**
**REDACT AND FILE UNDER SEAL CONFIDENTIAL**
**INFORMATION CONTAINED IN SETTLEMENT AGREEMENT**

The relief set forth on the following pages, numbered three (3) through five (5), is **ORDERED.**

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin Project LLC [1583]; (ii) Powin, LLC [0504], (iii) PEOS Holdings, LLC [5476], (iv) Powin China Holdings 1, LLC [1422], (v) Powin China Holdings 2, LLC [9713], (vi) Charger Holdings, LLC [15241], (vii) Powin Energy Ontario Storage, LLC [8348], (viii) Powin Energy Operating Holdings, LLC [2495], (ix) Powin Energy Operating, LLC [6487] (x) Powin Energy Storage 2, Inc. [9926]; (xi) Powin Energy Ontario Storage II LP [5787]; and (xii) Powin Canada B.C. Ltd. [2239]. The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR 97062.

(page 2)

Debtors:        Powin, LLC, et al.
Case No.        25-16137 (MBK)
Caption of Order: Order Authorizing the Debtors to Redact and File Under Seal Confidential
Information Contained in Settlement Agreement

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**DENTONS US LLP**

Lauren Macksoud (admitted)
101 JFK Parkway
Short Hills, NJ 07078
Telephone: (973) 912-7100
Facsimile: (973) 912-7199
Email: lauren.macksoud@dentons.com

Tania M. Moyron (admitted *pro hac vice*)
Van C. Durrer, II (admitted *pro hac vice*)
601 S. Figueroa Street #2500
Los Angeles, CA 90017
Telephone: (213) 623-9300
Facsimile: (213) 623-9924
Email: tania.moyron@dentons.com
        van.durrer@dentons.com

John D. Beck (admitted *pro hac vice*)
Sarah M. Schrag (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020-1089
Telephone: (212) 768-6700
Facsimile: (212) 768-6800
Email: john.beck@dentons.com
        sarah.schrag@dentons.com

*Proposed Counsel for Debtors and
Debtors in Possession*

**TOGUT, SEGAL & SEGAL LLP**

Frank A. Oswald (admitted)
550 Broad Street
Suite 1508
Newark, NJ 07102
Telephone:  (212) 594-5000
Facsimile:  (212) 967-4258
Email:  frankoswald@teamtogut.com

Albert Togut (admitted *pro hac vice*)
Amanda C. Glaubach (admitted *pro hac vice*)
Eitan Blander (admitted *pro hac vice*)
One Penn Plaza, Suite 3335
New York, New York 10119
Telephone:  (212) 594-5000
Facsimile:  (212) 967-4258
Email:  altogut@teamtogut.com
        aglaubach@teamtogut.com
        eblander@teamtogut.com

*Proposed Counsel for Debtors and
Debtors in Possession*

(page 3)
Debtors:        Powin, LLC, et al.
Case No.        25-16137 (MBK)
Caption of Order: Order Authorizing the Debtors to Redact and File Under Seal Confidential
Information Contained in Settlement Agreement

Upon the *Debtors' Application for Entry of an Order Authorizing the Debtors to Redact and File Under Seal Confidential Information Contained in Settlement Agreement* (the "Motion to Seal")[1] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"):  (a) authorizing the Debtors to redact and file under seal the Settlement Agreement; (b) directing that portions of the Settlement Agreement containing Confidential Information shall remain under seal and confidential and not be required to be made available to anyone, except to (i) the Court, (ii) the U.S. Trustee, (iii) the parties to the Settlement Agreement, (iv) on a confidential, professionals' eyes only basis, the professionals retained by the Committee, and (v) any other party as may be ordered by the Court or agreed to by the parties to the Settlement Agreement, according to its terms; and (c) granting related relief, all as more fully set forth in the Motion to Seal; and upon the First Day Declaration, the Uzzi Declaration, and the Uzzi Sealing Declaration; and the Court having jurisdiction to consider the Motion to Seal and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference from the United States District Court for the District of New Jersey dated as of September 18, 2012, as amended on June 6, 2025; and the Debtors having asserted that venue of this proceeding and the Motion to Seal in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that sufficient cause exists for the relief set forth herein; and this Court having found that the Debtors' notice of the Motion to Seal was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion

---

[1]    Capitalized terms used but not otherwise defined herein have the meanings given to them in the Motion to Seal.

(page 4)
Debtors:      Powin, LLC, et al.
Case No.      25-16137 (MBK)
Caption of Order: Order Authorizing the Debtors to Redact and File Under Seal Confidential
Information Contained in Settlement Agreement

to Seal and having heard the statements in support of the relief requested therein at a hearing before

this Court; and this Court having determined that the legal and factual bases set forth in the Motion

to Seal establish just cause for the relief granted herein; and this Court having considered the

request and any objection thereto, it is **HEREBY ORDERED THAT**:

1.      The Motion to Seal is **GRANTED** as set forth herein.

2.      The Court finds that the Confidential Information is "commercial information" as

set forth in section 107(b)(1) of the Bankruptcy Code.

3.      Pursuant to section 107(b) of the Bankruptcy Code, the Debtors are authorized to

redact the Confidential Information contained in the Settlement Agreement, and the Debtors and

any party authorized to receive the Confidential Information pursuant to this Order is authorized

to redact references to the Confidential Information in any other documents filed with this Court

in the Chapter 11 Cases.

4.      The Debtors are authorized to make the Settlement Agreement in unredacted form

available to (i) the Court, (ii) the U.S. Trustee, (iii) the parties to the Settlement Agreement, (iv) on

a confidential, professionals' eyes only basis, the professionals retained by the Committee, and

(v) any other party as may be ordered by the Court or agreed to by the parties to the Settlement

Agreement, according to its terms (collectively, the "Authorized Parties").

5.      Except as otherwise provided by a further order of this Court, the Confidential

Information shall remain redacted and confidential and not be made available without the prior

written consent of the Debtors and Idaho Power to any party other than the Authorized Parties.

(page 5)
Debtors:        Powin, LLC, et al.
Case No.        25-16137 (MBK)
Caption of Order: Order Authorizing the Debtors to Redact and File Under Seal Confidential
Information Contained in Settlement Agreement

6.      The Debtors are authorized to take all actions necessary to effectuate the relief

granted in this Order in accordance with the Motion to Seal.

7.      The U.S. Trustee's rights to seek additional reasonable information in connection

with the Confidential Information are expressly reserved and preserved.

8.      This Court shall retain jurisdiction to hear and determine all matters arising from

or related to the implementation, interpretation, or enforcement of this Order.

## **EXHIBIT B**

**Uzzi Sealing Declaration**

**DENTONS US LLP**

Lauren Macsoud (admitted)
101 JFK Parkway
Short Hills, NJ 07078
Telephone: (973) 912-7100
Facsimile: (973) 912-7199
Email: lauren.macsoud@dentons.com

Tania M. Moyron (admitted *pro hac vice*)
Van C. Durrer, II (admitted *pro hac vice*)
601 S. Figueroa Street #2500
Los Angeles, CA 90017
Telephone:  (213) 623-9300
Facsimile:  (213) 623-9924
Email:  tania.moyron@dentons.com
            van.durrer@dentons.com

John D. Beck (admitted *pro hac vice*)
Sarah M. Schrag (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020-1089
Telephone:  (212) 768-6700
Facsimile:  (212) 768-6800
Email:  john.beck@dentons.com
            sarah.schrag@dentons.com

*Proposed Counsel for Debtors and
Debtors in Possession*

**TOGUT, SEGAL & SEGAL LLP**

Frank A. Oswald (admitted)
550 Broad Street
Suite 1508
Newark, NJ 07102
Telephone:  (212) 594-5000
Facsimile:  (212) 967-4258
Email:  frankoswald@teamtogut.com

Albert Togut (admitted *pro hac vice*)
Amanda C. Glaubach (admitted *pro hac vice*)
Eitan Blander (admitted *pro hac vice*)
One Penn Plaza, Suite 3335
New York, New York 10119
Telephone:  (212) 594-5000
Facsimile:  (212) 967-4258
Email:  altogut@teamtogut.com
            aglaubach@teamtogut.com
            eblander@teamtogut.com

*Proposed Counsel for Debtors and
Debtors in Possession*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>Powin, LLC, *et al.*,[1]<br><br>        Debtors. | Chapter 11<br><br>Case No. 25-16137 (MBK)<br><br>(Jointly Administered) |

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are:  (i) Powin Project LLC [1583]; (ii) Powin, LLC [0504]; (iii) PEOS Holdings, LLC [5476], (iv) Powin China Holdings 1, LLC [1422], (v) Powin China Holdings 2, LLC [9713], (vi) Charger Holdings, LLC [15241], (vii) Powin Energy Ontario Storage, LLC [8348], (viii) Powin Energy Operating Holdings, LLC [2495], (ix) Powin Energy Operating, LLC [6487] (x) Powin Energy Storage 2, Inc. [9926]; (xi) Powin Energy Ontario

**DECLARATION OF GERARD UZZI IN SUPPORT OF ENTRY OF AN ORDER
AUTHORIZING THE DEBTORS TO REDACT AND FILE UNDER SEAL
CONFIDENTIAL INFORMATION CONTAINED IN SETTLEMENT AGREEMENT**

I, Gerard Uzzi, hereby state and declare as follows:

1.        I am the Chief Restructuring Officer of Powin, LLC ("Powin") and the above-referenced affiliated debtors and debtors in possession (collectively, the "Debtors").

2.        I submit this declaration (the "Declaration") in support of the relief requested in the *Debtors' Application for Entry of an Order Authorizing the Debtors to Redact and File Under Seal Confidential Information Contained in Settlement Agreement* (the "Motion to Seal"), filed contemporaneously herewith.[2]  The Motion to Seal seeks approval of an order (a) authorizing the Debtors to redact and file under seal the Settlement Agreement; (b) directing that portions of the Settlement Agreement containing Confidential Information shall remain under seal and confidential and not be required to be made available to anyone, except to (i) the Court, (ii) the U.S. Trustee, (iii) the parties to the Settlement Agreement, (iv) on a confidential, professionals' eyes only basis, the professionals retained by the Committee, and (v) any other party as may be ordered by the Court or agreed to by the parties to the Settlement Agreement, according to its terms; and (c) granting related relief, all as more fully set forth in the Motion to Seal.

3.        Except as otherwise indicated herein, this Declaration is based upon my personal knowledge, my review of relevant documents, information provided to me by employees of the Debtors or the Debtors' advisors, and my opinion based upon my experience, knowledge, and

---

Storage II LP [5787]; and (xii) Powin Canada B.C. Ltd. [2239]. The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR 97062.

[2]        Capitalized terms used but not otherwise defined herein have the meanings given to them in the Motion to Seal.

information concerning the Debtors' operations and this industry.  If called upon to testify, I would testify competently to the facts set forth in this Declaration.

4.    I incorporate my testimony in (i) the First Day Declaration and (ii) the Uzzi Declaration.

### The ESA and LTSA Lines of Business

5.    The Debtors have historically operated two lines of business: (i) energy storage integration installation services (the "ESA Line of Business"), whereby the Debtors provide and install batteries at customer sites pursuant to energy supply agreements (each, an "ESA"); and (ii) long term servicing (the "LTSA Line of Business"), whereby the Debtors maintain and repair the previously installed batteries at customer sites, as needed, pursuant to separate long term servicing agreements (each, an "LTSA").

6.    While the Debtors' ESA Line of Business has resulted in significant losses and liquidity issues for the Debtors, casting doubt on its future viability, the LTSA Line of Business represents a potentially viable and profitable line of business moving forward.

7.    The Debtors commenced these Chapter 11 Cases to, among other things, reorganize their businesses around the Debtors' LTSA Line of Business.  In furtherance of the Debtors' reorganization, the Debtors have developed a cost-plus, and cash flow positive, model whereby the Debtors would provide its customers with an amended suite of battery warranty services (the "LTSA Program") at a modified price point.

8.    The Debtors' reorganization strategy has involved working with customers under the ESA Line of Business to seek alternative arrangements for resolution.  The Debtors are seeking the rejection of those ESAs for which they are unable to reach such a resolution.  The Debtors are also seeking to reject LTSAs for customers who have not opted-in to the LTSA Program.

9.     Among the ESAs and LTSAs that the Debtors are seeking to reject are those between Powin and Idaho Power, which include the ESAs that are the subject of the Settlement Motion.

**The Motion to Seal**

10.     In furtherance of the Debtors' reorganization strategy, the Settlement Agreement contemplates the terms under which the Debtors' ESAs with Idaho Power shall be terminated.  The Settlement Agreement, if approved, will provide significant benefits to, and will be in the best interests of, the Debtors and their estates, namely because the Settlement Agreement avoids the (likely significant) cost, delay, and uncertainty associated with potential litigation over the disputed damages amount; yields a reasonable amount of cash to the Debtors in light of such considerations; and addresses an urgent need that the Debtors have for the Settlement Agreement proceeds.  The Settlement Agreement will provide the Debtors with a material influx of funds that the Debtors need to continue to administer these Chapter 11 Cases and achieve their proposed sales and marketing timeline.

11.     The Settlement Agreement contains commercially sensitive information related to the Parties and the Settlement contemplated thereunder (collectively, the "Confidential Information"), the disclosure of which could substantially harm the Debtors, their estates (the "Estates") and Idaho Power.  In particular, the Settlement Agreement contains specific information about economic terms under which the Parties entered into two energy supply agreements (the "Idaho Power ESAs"), which terms include the respective contract prices, formulas for calculating liquidated damages, the terms for calculating incentives, and the amounts actually paid under the Idaho Power ESAs.  As described in the Debtors' *Omnibus Motion of the Debtors for Entry of an Order (I) Authorizing the Rejection of Legacy Customer Contracts; and (II) Granting Related*

*Relief*, the Debtors continue to work with customers under their ESA Line of Business to seek alternative arrangements for resolution, and they continue to discuss the LTSA Line of Business[3] with customers.  [Docket No. 88, ¶¶ 9-10].  However, discussions are ongoing, and disclosure of the contractual terms of past and current transactions (including those with the Debtors' subcontractors and customers) could undermine those discussions and materially impair the Debtors' efforts to further monetize their assets, transact new business, and settle disputes, including with respect to certain competitors of the Debtors that may be purchasers of the Debtors' assets in future sales.

12.    With respect to Idaho Power, it is a purchaser of energy.  The disclosure of terms under which it entered into the Idaho Power ESAs could harm its business relationships going forward, including by placing it at a disadvantage when negotiating the terms of comparable agreements with other parties.  Any such weakening in Idaho Power's negotiating position would give an unfair advantage to Idaho Power's competitors.

13.    As the energy storage industry is highly competitive, disclosure of the terms of the current transactions and the consideration for the settlement and compromises set forth in the Settlement Agreement could harm the Parties and place them at a disadvantage when negotiating the terms of comparable agreements with customers and other parties in the future.

14.    For these reasons, I believe the redaction of the Confidential Information is necessary to maximize the value of the Debtors' Estates and protect the Parties, and that the Motion to Seal is warranted under the circumstances and should be approved.

---

[3]    In general, the ESA Line of Business involves energy storage integration installation services, whereby the Debtors provide and install batteries at customer sites pursuant to energy supply agreements, and the LTSA Line of Business involves long term servicing, whereby the Debtors maintain and repair the previously installed batteries at customer sites, as needed, pursuant to separate long term servicing agreements.

I declare under penalty of perjury that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct.

Executed this 11th day of July 2025, at Sea Bright, New Jersey in Monmouth County.


_/s/ Gerard Uzzi_____
Gerard Uzzi

**DENTONS US LLP**

Lauren Macksoud (admitted)
101 JFK Parkway
Short Hills, NJ 07078
Telephone: (973) 912-7100
Facsimile: (973) 912-7199
Email: lauren.macksoud@dentons.com

Tania M. Moyron (admitted *pro hac vice*)
Van C. Durrer, II (admitted *pro hac vice*)
601 S. Figueroa Street #2500
Los Angeles, CA 90017
Telephone:  (213) 623-9300
Facsimile:  (213) 623-9924
Email:  tania.moyron@dentons.com
            van.durrer@dentons.com

John D. Beck (admitted *pro hac vice*)
Sarah M. Schrag (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020-1089
Telephone:  (212) 768-6700
Facsimile:  (212) 768-6800
Email:  john.beck@dentons.com
            sarah.schrag@dentons.com

*Proposed Counsel for Debtors and
Debtors in Possession*

**TOGUT, SEGAL & SEGAL LLP**

Frank A. Oswald (admitted)
550 Broad Street
Suite 1508
Newark, NJ 07102
Telephone:  (212) 594-5000
Facsimile:  (212) 967-4258
Email:  frankoswald@teamtogut.com

Albert Togut (admitted *pro hac vice*)
Amanda C. Glaubach (admitted *pro hac vice*)
Eitan Blander (admitted *pro hac vice*)
One Penn Plaza, Suite 3335
New York, New York 10119
Telephone:  (212) 594-5000
Facsimile:  (212) 967-4258
Email:  altogut@teamtogut.com
            aglaubach@teamtogut.com
            eblander@teamtogut.com

*Proposed Counsel for Debtors and
Debtors in Possession*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| In re:<br><br>Powin, LLC, *et al.*,[1]<br><br>                    Debtors. | Chapter 11<br>Case No. 25-16137 (MBK)<br>(Jointly Administered)<br>Hearing Date: [TBD]<br>Judge: Hon. Micheal B. Kaplan |

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are:  (i) Powin Project LLC [1583]; (ii) Powin, LLC [0504], (iii) PEOS Holdings, LLC [5476], (iv) Powin China Holdings 1, LLC [1422], (v) Powin China Holdings 2, LLC [9713], (vi) Charger Holdings, LLC [15241], (vii) Powin Energy Ontario Storage, LLC [8348], (viii) Powin Energy Operating Holdings, LLC [2495], (ix) Powin Energy Operating, LLC [6487] (x) Powin Energy Storage 2, Inc. [9926]; (xi) Powin Energy Ontario Storage II LP [5787]; and (xii) Powin Canada B.C. Ltd. [2239]. The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR 97062.

**NOTICE OF DEBTORS' APPLICATION FOR ENTRY OF AN ORDER
AUTHORIZING THE DEBTORS TO REDACT AND FILE UNDER SEAL
CONFIDENTIAL INFORMATION CONTAINED IN SETTLEMENT AGREEMENT**

**PLEASE TAKE NOTICE** that on August 6, 2025 at 11:30 am (Prevailing Eastern Time), or as soon thereafter as counsel may be heard, Powin, LLC ("Powin"), and the affiliated debtors and debtors in possession (collectively, the "Debtors"), in the above-referenced chapter 11 cases (the "Chapter 11 Cases"), will seek approval of the relief requested in their filed application (the "Sealing Motion") for entry of an order, substantially in the form attached thereto as **Exhibit A** (the "Proposed Order"): (a) authorizing the Debtors to redact and file under seal that certain Settlement Agreement,[2] by and between Powin and Idaho Power Company; (b) directing that portions of the Settlement Agreement containing Confidential Information shall remain under seal and confidential and not be required to be made available to anyone, except to (i) the United States Bankruptcy Court for the District of New Jersey (the "Court"), (ii) the Office of the United States Trustee, (iii) the parties to the Settlement Agreement, (iv) on a confidential, professionals' eyes only basis, the professionals retained by the official committee of unsecured creditors appointed in the Chapter 11 Cases, and (v) any other party as may be ordered by the Court or agreed to by the parties to the Settlement Agreement, according to its terms; and (c) granting related relief.

**PLEASE TAKE FURTHER NOTICE** that, in support of the Sealing Motion, the Debtors shall rely on the accompanying *Declaration of Gerard Uzzi in Support of Entry of an Order Authorizing the Debtors to Redact and File Under Seal Confidential Information Contained in Settlement Agreement* filed with the Sealing Motion, the *Declaration of Gerard Uzzi in Support of Debtors' Motion to Approve Settlement Agreement* filed contemporaneously therewith, and the

---

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Sealing Motion.

*Declaration of Gerard Uzzi in Support of Emergency First Day Motions of the Debtors* [Docket No. 13], which set forth the relevant factual bases upon which the relief requested should be granted.

**PLEASE TAKE FURTHER NOTICE THAT YOUR RIGHTS MAY BE AFFECTED. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.**

**PLEASE TAKE FURTHER NOTICE** that if you do not want the Court to grant the Sealing Motion, or if you want the Court to consider your views, you or your attorney must file with the clerk at the address listed below, a written response explaining your position no later than seven (7) days prior to the hearing date.

| | |
|---|---|
| **Hearing Date:** | August 6, 2025 |
| **Hearing Time:** | 11:30 am (Prevailing Eastern Time) |
| **Hearing Location:** | United States Bankruptcy Court<br>402 East State Street, Trenton, NJ 08608 |
| **Courtroom Number:** | 8 |

**PLEASE TAKE FURTHER NOTICE** that copies of all documents filed in these Chapter 11 Cases may be obtained free of charge by visiting the website of Verita Global at https://www.veritaglobal.net/powin. You may also obtain copies of any pleadings by visiting the Court's website at https://www.njb.uscourts.gov in accordance with the procedures and fees set forth therein.