## Exhibit B

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| In re:<br>Powin, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-16137 (MBK)<br><br>(Jointly Administered) |

**ORDER (I) DESIGNATING A STALKING HORSE BIDDER AND APPROVING STALKING HORSE BIDDER PROTECTIONS, (II) APPROVING BIDDING PROCEDURES BY WHICH INTERESTED PARTIES MAY BID AND AN AUCTION SALE FORMAT IN CONNECTION WITH THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS, (III) APPROVING FORM OF ASSET PURCHASE AGREEMENT, (IV) APPROVING FORM OF NOTICE TO BE PROVIDED TO INTERESTED PARTIES, (V) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF ASSUMED CONTRACTS AND NOTICE PROCEDURES THERETO, (VI) SCHEDULING A COURT HEARING TO CONSIDER APPROVAL OF THE SALE TO THE HIGHEST AND BEST BIDDER, AND (VII) AUTHORIZING THE SALE OF THE DEBTORS' PROPERTY FREE AND CLEAR OF ALL CAUSES OF <u>ACTION AND CLAIMS</u>**

The relief set forth on the following pages, numbered three (3) through twenty (20), is

**ORDERED.**

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are:  (i) Powin Project LLC [1583]; (ii) Powin, LLC [0504]; (iii) PEOS Holdings, LLC [5476]; (iv) Powin China Holdings 1, LLC [1422]; (v) Powin China Holdings 2, LLC [9713]; (vi) Charger Holdings, LLC [5241]; (vii) Powin Energy Ontario Storage, LLC [ 8348]; (viii) Powin Energy Operating Holdings, LLC [22495]; and (ix) Powin Energy Operating, LLC [6487]. The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR  97062.

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**DENTONS US LLP**

Lauren Macksoud (admitted)
101 JFK Parkway
Short Hills, NJ 07078
Telephone: (973) 912-7100
Facsimile: (973) 912-7199
Email:lauren.macksoud@dentons.com

Tania M. Moyron (admitted *pro hac vice*)
Van C. Durrer, II (admitted *pro hac vice*)
601 S. Figueroa Street #2500
Los Angeles, CA 90017
Telephone: (213) 623-9300
Facsimile: (213) 623-9924
Email: tania.moyron@dentons.com
        van.durrer@dentons.com

John D. Beck (admitted *pro hac vice*)
Sarah M. Schrag (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020-1089
Telephone: (212) 768-6700
Facsimile: (212) 768-6800
Email: john.beck@dentons.com
        sarah.schrag@dentons.com

*Proposed Counsel for Debtors and
Debtors in Possession*

**TOGUT, SEGAL & SEGAL LLP**

Frank A. Oswald (admitted)
550 Broad Street
Suite 1508
Newark, NJ 07102
Telephone: (212) 594-5000
Facsimile: (212) 967-4258
Email: frankoswald@teamtogut.com

Albert Togut (admitted *pro hac vice*)
Amanda C. Glaubach (admitted *pro hac vice*)
Eitan Blander (admitted *pro hac vice*)
One Penn Plaza, Suite 3335
New York, New York 10119
Telephone: (212) 594-5000
Facsimile: (212) 967-4258
Email: altogut@teamtogut.com
        aglaubach@teamtogut.com
        eblander@teamtogut.com

*Proposed Counsel for Debtors and
Debtors in Possession*

(Page 3)

| | |
|---|---|
| Debtors: | Powin, LLC, *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Order (I) Designating a Stalking Horse Bidder and Approving Stalking Horse Bidder Protections, (II) Approving Bidding Procedures by Which Interested Parties May Bid and an Auction Sale Format in Connection With the Sale of Substantially All of the Debtors' Assets, (III) Approving Form of Asset Purchase Agreement, (IV) Approving Form of Notice to be Provided to Interested Parties, (V) Authorizing the Assumption and Assignment of Assumed Contracts and Notice Procedures Thereto, (VI) Scheduling a Court Hearing to Consider Approval of the Sale to the Highest and Best Bidder, and (VII) Authorizing the Sale of the Debtors' Property Free and Clear of All Causes of Action and Claims |

Upon consideration of the Debtors' *Motion for Entry of an Order (I) Designating a Stalking Horse Bidder and Approving Stalking Horse Bidder Protections, (II) Approving Bidding Procedures by Which Interested Parties May Bid and an Auction Sale Format in Connection With the Sale of Substantially All of the Debtors' Assets, (III) Approving Form of Asset Purchase Agreement, (IV) Approving Form of Notice to be Provided to Interested Parties, (V) Authorizing the Assumption and Assignment of Assumed Contracts and Notice Procedures Thereto, (VI) Scheduling a Court Hearing to Consider Approval of the Sale to the Highest and Best Bidder, and (VII) Authorizing the Sale of the Debtors' Property Free and Clear of All Causes of Action and Claims Motion* (the Motion")[1] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"): (i) designating a stalking horse bidder and approving stalking horse bidder protections; (ii) approving bidding procedures by which interested parties may bid and an auction sale format in connection with the sale of substantially all of the Debtors' assets; (iii) approving form of Asset Purchase Agreement; (iv) approving form of notice to be provided to interested parties; (v) authorizing the assumption and assignment of assumed contracts and notice procedures thereto; (vi) scheduling a court hearing to consider approval of the sale to the highest and best bidder; and (vii) authorizing the sale of

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

(Page 4)

| | |
|---|---|
| Debtors: | Powin, LLC, *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Order (I) Designating a Stalking Horse Bidder and Approving Stalking Horse Bidder Protections, (II) Approving Bidding Procedures by Which Interested Parties May Bid and an Auction Sale Format in Connection With the Sale of Substantially All of the Debtors' Assets, (III) Approving Form of Asset Purchase Agreement, (IV) Approving Form of Notice to be Provided to Interested Parties, (V) Authorizing the Assumption and Assignment of Assumed Contracts and Notice Procedures Thereto, (VI) Scheduling a Court Hearing to Consider Approval of the Sale to the Highest and Best Bidder, and (VII) Authorizing the Sale of the Debtors' Property Free and Clear of All Causes of Action and Claims |

the Debtors' property free and clear of all causes of action and claims; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11 of the United States District Court for the District of New Jersey*, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest, and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and the Declaration and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY DETERMINED THAT**:

A.    The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this

(Page 5)

| | |
|---|---|
| Debtors: | Powin, LLC, *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Order (I) Designating a Stalking Horse Bidder and Approving Stalking Horse Bidder Protections, (II) Approving Bidding Procedures by Which Interested Parties May Bid and an Auction Sale Format in Connection With the Sale of Substantially All of the Debtors' Assets, (III) Approving Form of Asset Purchase Agreement, (IV) Approving Form of Notice to be Provided to Interested Parties, (V) Authorizing the Assumption and Assignment of Assumed Contracts and Notice Procedures Thereto, (VI) Scheduling a Court Hearing to Consider Approval of the Sale to the Highest and Best Bidder, and (VII) Authorizing the Sale of the Debtors' Property Free and Clear of All Causes of Action and Claims |

proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B.    The proposed Auction and Sale Hearing Notice and the Assumption and Assignment Notice, as set forth in the Motion and this Order, are appropriate, sufficient, and reasonably calculated to provide all interested parties with timely and proper notice of the Auction, the Stalking Horse APA, the Sale Hearing, the Bidding Procedures, and the assumption and assignment of the Assumed Contracts, and no other or further notice shall be required for the Sale or the assumption and assignment of the Assumed Contracts.

C.    The Debtors have articulated good and sufficient reasons for this Court to grant the relief requested in the Motion, including (i) approving the Bid Procedures; (ii) scheduling the Auction and the Sale Hearing; (iii) approving the Sale Notice; (iv) authorizing the Debtors to enter into the Stalking Horse APA and approving the related Bid Protections, in the exercise of the Debtors' reasonable business judgment; and (v) approving procedures for the assumption and assignment of the Assigned Contracts, including the Assumption Notice. The entry of this Order is in the best interests of the Debtors, their estates, creditors, and other parties in interest.

(Page 6)

| | |
|---|---|
| Debtors: | Powin, LLC, *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Order (I) Designating a Stalking Horse Bidder and Approving Stalking Horse Bidder Protections, (II) Approving Bidding Procedures by Which Interested Parties May Bid and an Auction Sale Format in Connection With the Sale of Substantially All of the Debtors' Assets, (III) Approving Form of Asset Purchase Agreement, (IV) Approving Form of Notice to be Provided to Interested Parties, (V) Authorizing the Assumption and Assignment of Assumed Contracts and Notice Procedures Thereto, (VI) Scheduling a Court Hearing to Consider Approval of the Sale to the Highest and Best Bidder, and (VII) Authorizing the Sale of the Debtors' Property Free and Clear of All Causes of Action and Claims |

D.      The Bid Procedures attached hereto as Exhibit 1 are reasonable, appropriate and represent the best method for maximizing value for the benefit of the Debtors, their estates, and their creditors. The Bid Procedures were negotiated at arm's length, in good faith, and without collusion. The Bid Procedures are reasonably designed to attract value-maximizing proposals beneficial to the Debtors, their estates, their creditors, and other parties in interest.

E.      The Debtors have demonstrated compelling and sound business justifications for approval of, and authorization to perform under, that certain Asset Purchase Agreement ~~acceptable to the Debtors~~ (the "Stalking Horse APA") by and among the Debtors and the Stalking Horse Bidder.  The Stalking Horse APA, including the Break-up Fee and Expense Reimbursement (the "Bid Protections"), represents the highest or otherwise best offer the Debtors have received to date as a result of their efforts to market the Purchased Assets for sale. The approval of the relief requested is a necessary constructive step toward completion of the sale process. The Stalking Horse APA and the Bid Protections allow the Debtors to solicit the highest or otherwise best bid for their assets through the Bid Procedures.

F.      The Stalking Horse Bidder is not an "insider" or "affiliate" of any of the Debtors, as those terms are defined in section 101 of the Bankruptcy Code, and no common identity of incorporators, directors, or controlling stockholders exists between the Stalking Horse Bidder

(Page 7)

| | |
|---|---|
| Debtors: | Powin, LLC, *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Order (I) Designating a Stalking Horse Bidder and Approving Stalking Horse Bidder Protections, (II) Approving Bidding Procedures by Which Interested Parties May Bid and an Auction Sale Format in Connection With the Sale of Substantially All of the Debtors' Assets, (III) Approving Form of Asset Purchase Agreement, (IV) Approving Form of Notice to be Provided to Interested Parties, (V) Authorizing the Assumption and Assignment of Assumed Contracts and Notice Procedures Thereto, (VI) Scheduling a Court Hearing to Consider Approval of the Sale to the Highest and Best Bidder, and (VII) Authorizing the Sale of the Debtors' Property Free and Clear of All Causes of Action and Claims |

and the Debtors. The Stalking Horse Bidder and its counsel and advisors have acted in "good faith" within the meaning of section 363(m) of the Bankruptcy Code in connection with the Stalking Horse Bidder's negotiation of the Stalking Horse APA, subject to (i) compliance with the Bid Procedures and (ii) entry of the Sale Order.

G.    The Bid Protections, as set forth in the Stalking Horse APA, are: (i) an actual and necessary cost of preserving the Debtors' estates within the meaning of sections 503(b)(1)(A) and 507(a)(2) of the Bankruptcy Code; (ii) fair, reasonable and appropriate and designed to maximize the value of the Purchased Assets for the benefit of the Debtors' estate by, among other things, facilitating further competitive bidding for same; (iii) commensurate to the real and substantial benefits conferred upon the Debtors' estates by the Stalking Horse Bidder; (iv) reasonable and appropriate in light of the size and nature of the proposed sale contemplated by the Stalking Horse APA, the commitments that have been made by the Stalking Horse Bidder, and the efforts that have been and will be expended by the Stalking Horse Bidder; and (v) necessary to induce the Stalking Horse Bidder to continue to pursue such sale and continue to be bound by the Stalking Horse APA and a condition of the Stalking Horse Bidder's execution of the Stalking Horse APA.

(Page 8)

| | |
|---|---|
| Debtors: | Powin, LLC, *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Order (I) Designating a Stalking Horse Bidder and Approving Stalking Horse Bidder Protections, (II) Approving Bidding Procedures by Which Interested Parties May Bid and an Auction Sale Format in Connection With the Sale of Substantially All of the Debtors' Assets, (III) Approving Form of Asset Purchase Agreement, (IV) Approving Form of Notice to be Provided to Interested Parties, (V) Authorizing the Assumption and Assignment of Assumed Contracts and Notice Procedures Thereto, (VI) Scheduling a Court Hearing to Consider Approval of the Sale to the Highest and Best Bidder, and (VII) Authorizing the Sale of the Debtors' Property Free and Clear of All Causes of Action and Claims |

H.     The Bid Protections, to the extent payable under the Stalking Horse APA, pursuant to sections 105(a), 365(c)(1), 503(b), and 507(a)(2) of the Bankruptcy Code, are an administrative expense claim against each of the Debtors' estates.

I.     The Debtors have articulated good and sufficient reasons for authorizing and approving the Bidding Procedures, which are fair, reasonable, and appropriate under the circumstances and in the best interests of the Debtors' estates.

J.     The Debtors' notice of the Motion and the Hearing was adequate and sufficient under the circumstances of these chapter 11 cases, and no other or further notice is required. A reasonable opportunity to object or be heard regarding the relief provided in this Order has been afforded to all parties in interest.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.     The Motion is **GRANTED** as set forth herein.

2.     The following sale dates and deadlines are approved:

| Date | Event | Description |
|---|---|---|
| July 16, 2025 at 5:00 p.m. (EST) | Deadline to Submit Non-Binding Indications of Interest | The deadline for submitting non-binding indications of interest to the proposed counsel for the Debtors for the Assets. |
| July 18, 2025 | Assumption and Assignment | Deadline to file notice of potential assumed contracts. |

(Page 9)

| | | |
|---|---|---|
| Debtors: | Powin, LLC, *et al.* | |
| Case No. | 25-16137 (MBK) | |
| Caption of Order: | Order (I) Designating a Stalking Horse Bidder and Approving Stalking Horse Bidder Protections, (II) Approving Bidding Procedures by Which Interested Parties May Bid and an Auction Sale Format in Connection With the Sale of Substantially All of the Debtors' Assets, (III) Approving Form of Asset Purchase Agreement, (IV) Approving Form of Notice to be Provided to Interested Parties, (V) Authorizing the Assumption and Assignment of Assumed Contracts and Notice Procedures Thereto, (VI) Scheduling a Court Hearing to Consider Approval of the Sale to the Highest and Best Bidder, and (VII) Authorizing the Sale of the Debtors' Property Free and Clear of All Causes of Action and Claims | |

| | Service Deadline | |
|---|---|---|
| July 28, 2025 | Deadline for Objections to Cure Amounts and Assignment to Stalking Horse Bidder | Deadline to file objections to proposed Cure Amounts, the proposed assumption or assignment of contracts to Stalking Horse Bidder, or adequate assurance of Stalking Horse Bidder's ability to perform. |
| July 28, 2025 | Bid Deadline for Qualified Bids | The deadline by which all binding Bids shall be submitted. Such binding Bids must include a deposit equal to 10% of the purchase price and a signed form of asset purchase agreement and blackline of any changes to the Stalking Horse APA. Such Bids must also be binding and not subject to any approvals or finance or diligence contingencies. |
| 4:00 p.m. (EST) on the day before the Auction | Baseline Bid Deadline | The deadline for the Debtors to identify the Qualified Bid that is, in the Debtors' reasonable business judgment, the highest or otherwise best bid. |
| July 30, 2025 at 9:00 a.m. (EST) | Auction | The date and time of the Auction for the Assets, if one is needed. The Auction shall be held at the offices of Dentons US LLP, 1221 Avenue of the Americas, New York, NY 10020. |
| As soon as practicable after the Auction. | Notice of Winning Bidder and Back-Up Bidder | As soon as reasonably practicable after the conclusion (or cancellation) of the Auction, the Debtors will file on the docket a notice identifying the Winning Bidder and Back-Up Bidder (the "Notice of Winning Bidder"). |
| August 4, 2025 at 12:00 pm (EST). | Sale Order Deadline | The deadline by which a proposed Sale Order must be filed with the Court and served. |
| August 4, 2025 | Deadline to file | |

(Page 10)

| Debtors: | Powin, LLC, *et al.* |
|---|---|
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Order (I) Designating a Stalking Horse Bidder and Approving Stalking Horse Bidder Protections, (II) Approving Bidding Procedures by Which Interested Parties May Bid and an Auction Sale Format in Connection With the Sale of Substantially All of the Debtors' Assets, (III) Approving Form of Asset Purchase Agreement, (IV) Approving Form of Notice to be Provided to Interested Parties, (V) Authorizing the Assumption and Assignment of Assumed Contracts and Notice Procedures Thereto, (VI) Scheduling a Court Hearing to Consider Approval of the Sale to the Highest and Best Bidder, and (VII) Authorizing the Sale of the Debtors' Property Free and Clear of All Causes of Action and Claims |

| | | |
|---|---|---|
| at 12:00 p.m. (EST) | Objections to Sale | Deadline to file objections to Sale. |
| August 5, 2025 | Deadlines for Objection to Assignment to Winning Bidder (other than Stalking Horse Bidder) | Deadline to file objections to the proposed assumption or assignment of contracts to Winning Bidder (other than Stalking Horse Bidder), or adequate assurance of such Winning Bidder's ability to perform. |
| August 6, 2025, at 9:30 a.m. (EST). | Sale Hearing | The hearing before the Court to consider approval of the Winning Bid (as defined below). |

2~~3~~.     All objections to the relief requested in the Motion that have not been withdrawn, waived, or settled prior to or at the Hearing are overruled.

3~~4~~.     FlexGen Power Systems, LLC shall be deemed the "Stalking Horse Bidder" and its APA shall be the "Stalking Horse APA."  The Stalking Horse Bidder shall be deemed a Qualified Bidder and the Stalking Horse APA shall be deemed a Qualified Bid pursuant to the Bid Procedures for all purposes. The Stalking Horse Bidder's status as a Qualified Bidder cannot be abrogated by subsequent amendment or modification of the Bid Procedures.  The Stalking Horse Bidder is granted a Break-Up Fee of $1,100,000 and an Expense Reimbursement up to $500,000.

(Page 11)

| | |
|---|---|
| Debtors: | Powin, LLC, *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Order (I) Designating a Stalking Horse Bidder and Approving Stalking Horse Bidder Protections, (II) Approving Bidding Procedures by Which Interested Parties May Bid and an Auction Sale Format in Connection With the Sale of Substantially All of the Debtors' Assets, (III) Approving Form of Asset Purchase Agreement, (IV) Approving Form of Notice to be Provided to Interested Parties, (V) Authorizing the Assumption and Assignment of Assumed Contracts and Notice Procedures Thereto, (VI) Scheduling a Court Hearing to Consider Approval of the Sale to the Highest and Best Bidder, and (VII) Authorizing the Sale of the Debtors' Property Free and Clear of All Causes of Action and Claims |

45. The proposed Bid Protections are hereby approved in their entirety and shall be payable by the Debtors in accordance with, and subject to, the terms of the Stalking Horse APA without further order of the Court.

56. The Bid Protections, to the extent payable under the Stalking Horse APA, pursuant to sections 105(a), 365(c)(1), 503(b), and 507(a)(2) of the Bankruptcy Code, shall constitute an administrative expense claim against each of the Debtors' estates. Any overbid alternative transaction (including, for the avoidance of doubt, any credit-bid transaction) shall be required to include a cash component satisfactory to pay the Bid Protections in full, and the Bid Protections shall be paid in cash directly from the proceeds of any such overbid alternative transaction.

**I. Important Dates and Deadlines**

67. **Deadline to Submit Indications of Interest**. July 16, 2025, at 5:00 p.m. (EST) is the deadline for submitting non-binding indications of interest to the proposed counsel for the Debtors for the Assets.

78. **Bid Deadline for Qualified Bids**. July 28, 2025 is the deadline for the submission of Qualified Bids.

(Page 12)

| | |
|---|---|
| Debtors: | Powin, LLC, *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Order (I) Designating a Stalking Horse Bidder and Approving Stalking Horse Bidder Protections, (II) Approving Bidding Procedures by Which Interested Parties May Bid and an Auction Sale Format in Connection With the Sale of Substantially All of the Debtors' Assets, (III) Approving Form of Asset Purchase Agreement, (IV) Approving Form of Notice to be Provided to Interested Parties, (V) Authorizing the Assumption and Assignment of Assumed Contracts and Notice Procedures Thereto, (VI) Scheduling a Court Hearing to Consider Approval of the Sale to the Highest and Best Bidder, and (VII) Authorizing the Sale of the Debtors' Property Free and Clear of All Causes of Action and Claims |

8̶9.    **Auction**.  The Auction is to be held at the offices of Dentons US LLP, 1221 Avenue of the Americas, New York, NY 10020 on July 30, 2025 at 9:00 a.m. (EST).

9̶10.    The Debtors may determine to cancel the Auction for reasons consistent with their fiduciary obligations; *provided* that the Debtors shall provide all Qualified Bidders with advance notice of cancellation of the Auction by the later of (a) one (1) business day prior to the Auction or (b) the Baseline Bid Deadline.  If no Qualified Bids other than the Stalking Horse Bid are received prior to the Bid Deadline, then the Debtors may determine to cancel the Auction and declare the Stalking Horse Bid as the Winning Bid.

1̶0̶11.    Except as otherwise determined by the Debtors, only the Debtors, the U.S. Trustee, the Committee, and Qualified Bidders, and, in each case, the respective representatives and professionals of the foregoing parties, shall be entitled to participate in the Auction.  The Debtors shall send written notice of the date, time, and place of the Auction to all Qualified Bidders and the U.S. Trustee no later than one business day before the Auction.

1̶1̶12.    Prior to 4:00 p.m. (prevailing Eastern Time) on the day before the Auction (the "Baseline Bid Deadline"), the Debtors and their advisors will evaluate Qualified Bids and identify the Qualified Bid that is, in the Debtors' reasonable business judgment, the highest or otherwise best bid (the "Baseline Bid" and the Bidder making such Baseline Bid, the "Baseline

(Page 13)

| | |
|---|---|
| Debtors: | Powin, LLC, *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Order (I) Designating a Stalking Horse Bidder and Approving Stalking Horse Bidder Protections, (II) Approving Bidding Procedures by Which Interested Parties May Bid and an Auction Sale Format in Connection With the Sale of Substantially All of the Debtors' Assets, (III) Approving Form of Asset Purchase Agreement, (IV) Approving Form of Notice to be Provided to Interested Parties, (V) Authorizing the Assumption and Assignment of Assumed Contracts and Notice Procedures Thereto, (VI) Scheduling a Court Hearing to Consider Approval of the Sale to the Highest and Best Bidder, and (VII) Authorizing the Sale of the Debtors' Property Free and Clear of All Causes of Action and Claims |

Bidder"), and shall notify the Stalking Horse Bidder and all Qualifying Bidders of the Baseline

Bid no later than the Baseline Bid Deadline.

1213.    At or following an Auction, the Debtors may, in consultation with the

Committee: (a) select, in their business judgment, pursuant to the Bidding Procedures, the

highest or otherwise best Qualified Bid as the Winning Bid; and (b) reject any Bid (other than the

Stalking Horse Bid) (regardless of whether such Bid is a Qualified Bid) that, in their business

judgment, is (i) inadequate, insufficient, or not the highest or otherwise best Bid, (ii) not in

conformity with the requirements of the Bankruptcy Code, the Bankruptcy Rules, or the Bidding

Procedures, or (iii) contrary to, or otherwise not in the best interests of the Debtors' estates,

affected stakeholders, or other parties in interest, in each case subject to and in accordance with

the Bidding Procedures.

1314.    **Notice of Winning Bidder**.  If any Winning Bidder and Back-Up Bidder is

identified at the Auction, as soon as is reasonably practicable upon the conclusion of the

Auction, the Debtors shall file with the Court and serve upon the Notice Parties (as defined

below) a Notice of Winning Bidder.

1415.    **Sale Objections Deadline**. August 14, 2025, at 5:00 p.m12:00 p.m. (EST) is the

deadline by which objections to the sale, that are unrelated to the identity or consideration

(Page 14)

| | |
|---|---|
| Debtors: | Powin, LLC, *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Order (I) Designating a Stalking Horse Bidder and Approving Stalking Horse Bidder Protections, (II) Approving Bidding Procedures by Which Interested Parties May Bid and an Auction Sale Format in Connection With the Sale of Substantially All of the Debtors' Assets, (III) Approving Form of Asset Purchase Agreement, (IV) Approving Form of Notice to be Provided to Interested Parties, (V) Authorizing the Assumption and Assignment of Assumed Contracts and Notice Procedures Thereto, (VI) Scheduling a Court Hearing to Consider Approval of the Sale to the Highest and Best Bidder, and (VII) Authorizing the Sale of the Debtors' Property Free and Clear of All Causes of Action and Claims |

~~offered by a bidder,~~ must be filed with the Court and served~~.~~; provided, however, that the deadline to file objections to the proposed assumption and assignment of any Contract, adequate assurance of the Stalking Bidder's or other Winning Bidder's ability to perform under any Contract, or the Cure Payment proposed with respect thereto shall be as set forth in paragraph 23(d) hereof.

~~15~~16.   **Sale Order Deadline**.  August 4, 2025 is the deadline by which the proposed Sale Order must be filed with the Court and served.

~~16.   Deadline to file Objections to the Sale to Bidder.  August 5, 2025 at 5:00 p.m. (EST) is the deadline by which objections to the sale to the Winning Bidder must be filed with the Court and served, other than objections subject to the August 1, 2025 objection deadline. .~~

17.   **Sale Hearing**.  The hearing before the Court to consider approval of the Winning Bid shall be held on August 6, 2025 at 9:30 a.m. (EST).

## II.   Auction, Bidding Procedures, Auction and Sale Hearing Notice, and Related Relief.

18.   The Bidding Procedures, substantially in the form attached hereto as **Exhibit 1**, are incorporated herein and are hereby approved in their entirety, and the Bidding Procedures shall govern the submission, receipt, and analysis of all Bids relating to the Sale Transaction.

(Page 15)

| | |
|---|---|
| Debtors: | Powin, LLC, *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Order (I) Designating a Stalking Horse Bidder and Approving Stalking Horse Bidder Protections, (II) Approving Bidding Procedures by Which Interested Parties May Bid and an Auction Sale Format in Connection With the Sale of Substantially All of the Debtors' Assets, (III) Approving Form of Asset Purchase Agreement, (IV) Approving Form of Notice to be Provided to Interested Parties, (V) Authorizing the Assumption and Assignment of Assumed Contracts and Notice Procedures Thereto, (VI) Scheduling a Court Hearing to Consider Approval of the Sale to the Highest and Best Bidder, and (VII) Authorizing the Sale of the Debtors' Property Free and Clear of All Causes of Action and Claims |

Any party desiring to submit a Bid shall comply with the Bidding Procedures and this Bidding Procedures Order.  The Debtors are authorized to take any and all actions necessary to implement the Bidding Procedures.  Subject to the terms of the Bidding Procedures, the Debtors may modify the Bidding Procedures or waive any provision or requirement therein as necessary or appropriate to maximize value for their estates.

19.    Any deposit provided by a Qualified Bidder shall be held in escrow by the Debtors or their agent, and shall not become property of the Debtors' bankruptcy estates absent further order of the Bankruptcy Court.

20.    The Auction and Sale Hearing Notice, substantially in the form attached as Schedule 1 to the Bidding Procedures, is hereby approved.  The form and manner of the notice of Auction and Sale Hearing Notice constitutes good and adequate notice of the Auction and the Sale Hearing, and the proceedings with respect thereto.  The applicable requirements of Bankruptcy Rule 2002 are satisfied by such notice or otherwise waived.

21.    As soon as reasonably practicable following entry of the Order, the Debtors will cause the Auction and Sale Hearing Notice to be served upon the Notice Parties.[2]

---

[2] "Notice Parties" means (a) the office of the United States Trustee for the District of New Jersey; (b) the Debtors' 50 largest unsecured creditors (on a consolidated basis); (c) the United States Attorney's Office for the District of New Jersey; (d) the Internal Revenue Service; (e) the U.S. Securities and Exchange Commission; (f) the attorneys general in the states where the Debtors conduct their business operations; (g) all parties who have expressed a written interest in purchasing some or all of the Assets; (h) any known Assumed Contract Counterparties; (i) any party that has requested notice pursuant to Bankruptcy Rule 2002.

(Page 16)

| | |
|---|---|
| Debtors: | Powin, LLC, *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Order (I) Designating a Stalking Horse Bidder and Approving Stalking Horse Bidder Protections, (II) Approving Bidding Procedures by Which Interested Parties May Bid and an Auction Sale Format in Connection With the Sale of Substantially All of the Debtors' Assets, (III) Approving Form of Asset Purchase Agreement, (IV) Approving Form of Notice to be Provided to Interested Parties, (V) Authorizing the Assumption and Assignment of Assumed Contracts and Notice Procedures Thereto, (VI) Scheduling a Court Hearing to Consider Approval of the Sale to the Highest and Best Bidder, and (VII) Authorizing the Sale of the Debtors' Property Free and Clear of All Causes of Action and Claims |

22.      Pursuant to Local Rule 6004-2(c)(2): (a) each bidder participating at an Auction shall be required to confirm that it has not engaged in any collusion with respect to the bidding or the Sale, as set forth in the Bidding Procedures; (b) the Auction shall be conducted openly; and (c) the Auction shall be documented, recorded, or videotaped.

### III.    Assumption and Assignment Procedures.

23.      The procedures set forth below regarding the assumption and assignment of the Contracts proposed to be assumed by the Debtors pursuant to section 365(b) of the Bankruptcy Code and assigned to the Winning Bidder pursuant to section 365(f) of the Bankruptcy Code in connection with the Sale Transaction are hereby approved to the extent set forth herein.

a.  **Contract Assumption Notice**.  No later than July ~~14~~18, 2025 (the "<u>Assumption and Assignment Service Deadline</u>"), the Debtors shall serve a notice of the Assumed Contracts (as defined in the Stalking Horse APA) (the "<u>Contract Assumption Notice</u>"), in substantially the form attached to the Bidding Procedures as Schedule 2 via first class mail on each applicable Assumed Contract Counterparty at the notice addresses set forth in the applicable Contract and on their counsel of record via email, each to the extent known.  The Contract Assumption Notice, with respect to the assumption and assignment of contracts, shall inform each recipient of the timing and procedures relating to such assumption and assignment, and, to the extent applicable, (i) the title of the Contract, (ii) the name of the counterparty to the Contract, (iii) the Debtors' good faith estimates of the Cure Payments, if any, required in connection with the Contract, and (iv) the applicable objection deadline; provided, however, that service of a Contract Assumption Notice does not constitute an admission that any Contract listed thereon is an executory contract or that such stated Cure Payment constitutes a claim against the Debtors or a right against the Winning Bidder, all rights with respect thereto being expressly reserved.  Further, the

Debtors:              Powin, LLC, *et al.*
Case No.              25-16137 (MBK)
Caption of Order:     Order (I) Designating a Stalking Horse Bidder and Approving Stalking
                      Horse Bidder Protections, (II) Approving Bidding Procedures by Which
                      Interested Parties May Bid and an Auction Sale Format in Connection With
                      the Sale of Substantially All of the Debtors' Assets, (III) Approving Form of
                      Asset Purchase Agreement, (IV) Approving Form of Notice to be Provided
                      to Interested Parties, (V) Authorizing the Assumption and Assignment of
                      Assumed Contracts and Notice Procedures Thereto, (VI) Scheduling a Court
                      Hearing to Consider Approval of the Sale to the Highest and Best Bidder,
                      and (VII) Authorizing the Sale of the Debtors' Property Free and Clear of
                      All Causes of Action and Claims

inclusion of a contract on the Contract Assumption Notice is not a guarantee that such contract will ultimately be assumed and assigned.

b. **Cure Payments**.  The payment of the applicable Cure Payments by the Debtors and/or the Winning Bidder shall (i) effect a cure of all defaults existing thereunder, (ii) compensate for any actual pecuniary loss to such counterparty resulting from such default, and (iii) together with the assumption of the ultimately assumed Contract by the Debtors and the assignment of such Contract by the Winning Bidder, constitute adequate assurance of future performance thereof.

c. **Supplemental Contract Assumption Notice**.  To the extent the Debtors, at any time after the Assumption and Assignment Service Deadline (i) identify additional Contracts that may be assumed by and assigned to the Winning Bidder, (ii) remove any Contracts from the list attached to the Contract Assumption Notice, (iii) and/or modify the previously stated Cure Payment associated with any Contract, the Debtors will promptly file with this Court and serve by first-class mail a supplemental notice of contract assumption (a "Supplemental Assumption Notice") on each of the Assumed Contract Counterparties affected by the Supplemental Assumption Notice.  Each Supplemental Assumption Notice will include the same information with respect to listed Contracts as was included in the Contract Assumption Notice.  The Winning Bidder may designate additional Contracts to be assumed and assigned and may remove Contracts from the list of Contracts, in each case prior to closing, or otherwise in accordance with the Winning Bid.

d. **Objections**.

~~d~~i. Objections~~, Objections~~, if any, to the proposed assumption and assignment of any Contract~~,~~ to the Stalking Horse Bidder, adequate assurance of the Stalking Horse Bidder's ability to perform under any Contract, or the Cure Payment proposed with respect thereto, must (i) be in writing, (ii) comply with the applicable provisions of the Bankruptcy

(Page 18)

| | |
|---|---|
| Debtors: | Powin, LLC, *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Order (I) Designating a Stalking Horse Bidder and Approving Stalking Horse Bidder Protections, (II) Approving Bidding Procedures by Which Interested Parties May Bid and an Auction Sale Format in Connection With the Sale of Substantially All of the Debtors' Assets, (III) Approving Form of Asset Purchase Agreement, (IV) Approving Form of Notice to be Provided to Interested Parties, (V) Authorizing the Assumption and Assignment of Assumed Contracts and Notice Procedures Thereto, (VI) Scheduling a Court Hearing to Consider Approval of the Sale to the Highest and Best Bidder, and (VII) Authorizing the Sale of the Debtors' Property Free and Clear of All Causes of Action and Claims |

Rules and the Local Rules, (iii) state with specificity the nature of the objection and, if the objection pertains to the proposed Cure Payment, state the correct Cure Payment alleged by the objecting counterparty, together with any applicable and appropriate documentation in support thereof, and (iv) be filed with the Court and served upon (collectively, the "Objection Notice Parties") (a) the Bid Notice Parties (defined in the Bidding Procedures), (b) the Office of the United States Trustee for the District of New Jersey, (c) counsel to the Committee, (d) the Stalking Horse Bidder, and (e) any other party that has filed a notice of appearance in these chapter 11 cases, so as actually to be received on or before the objection deadline set forth in the Contract Assumption Notice or Supplemental Assumption Notice, as applicable, which such objection deadline shall be no less than ten calendar days after the Contract Assumption Notice or Supplemental Assumption Notice, as applicable, is served.

ii.   If a bidder other than the Stalking Horse Bidder is deemed the Winning Bidder, objections, if any, to the proposed assumption and assignment of any Contract to such Winning Bidder or adequate assurance of the Winning Bidder's ability to perform under any Contract must (i) be in writing, (ii) comply with the applicable provisions of the Bankruptcy Rules and the Local Rules, (iii) state with specificity the nature of the objection, and (iv) be filed with the Court and served upon the Objection Notice Parties, so as actually to be received on or before August 5, 2025 or the objection deadline set forth in any Supplemental Assumption Notice, which such objection deadline shall be no less than ten calendar days after the Supplemental Assumption Notice is served.

e.   **No Objection:**  Unless a non-Debtor party to an Assumed Contract has timely and properly filed and served a Cure Objection or to the sufficiency of Adequate Assurance Information provided in accordance with this Order, such non-Debtor counterparty shall (i) be forever barred from objecting to the Cure Costs and from asserting any additional cure or other amounts with respect to the Assumed Contract, and the Debtors and the Winning Bidder shall be entitled to rely solely

(Page 19)

| | |
|---|---|
| Debtors: | Powin, LLC, *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Order (I) Designating a Stalking Horse Bidder and Approving Stalking Horse Bidder Protections, (II) Approving Bidding Procedures by Which Interested Parties May Bid and an Auction Sale Format in Connection With the Sale of Substantially All of the Debtors' Assets, (III) Approving Form of Asset Purchase Agreement, (IV) Approving Form of Notice to be Provided to Interested Parties, (V) Authorizing the Assumption and Assignment of Assumed Contracts and Notice Procedures Thereto, (VI) Scheduling a Court Hearing to Consider Approval of the Sale to the Highest and Best Bidder, and (VII) Authorizing the Sale of the Debtors' Property Free and Clear of All Causes of Action and Claims |

upon the Cure Costs set forth in the Cure Schedule; (ii) be deemed to have consented to the assumption and assignment to the Winning Bidder of such Assumed Contract; and (iii) be forever barred, estopped, and permanently enjoined from asserting or claiming against the Debtors, the Winning Bidder or their respective property that any additional prepetition amounts are due or other prepetition defaults exist, that conditions to assignment must be satisfied under such Assumed Contract or that there is any objection or defense to the assumption and assignment of such Assumed Contract. In addition, the Cure Costs set forth in the Cure Schedule shall constitute a final determination of the total Cure Costs required to be paid by the Debtors in connection with the assumption and assignment of the Assumed Contracts.

f. **Dispute Resolution**.  In the event that the Debtors and Assumed Contract Counterparty cannot resolve an objection to a Cure Payment, the Contract at issue may be assumed by the Debtors and assigned to the Winning Bidder, provided that the Debtors shall segregate the Cure Payment that the Assumed Contract Counterparty asserts is required to be paid, pending a resolution of the dispute by the Court or mutual agreement by the parties. Any objection to the proposed assumption and assignment of a Contract or related Cure Payment proposed in connection with the Sale Transaction that remains unresolved as of the Sale Hearing, shall be heard at such Sale Hearing (or at a later date as fixed by the Court).

g. **Contract Assumption**.  Except as set forth pursuant to subparagraph (f) above, no Contract shall be deemed assumed and assigned pursuant to section 365 of the Bankruptcy Code until the date the Sale Transaction has closed or, if later, the date the Court has entered an order assuming and assigning such Contract.

24.     Any party failing to timely file an objection to the Cure Payments, adequate assurance of future performance, or the proposed assumption and assignment of a Contract is deemed to have consented to (a) such Cure Payment, (b) the assumption and assignment of such

(Page 20)

| | |
|---|---|
| Debtors: | Powin, LLC, *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Order (I) Designating a Stalking Horse Bidder and Approving Stalking Horse Bidder Protections, (II) Approving Bidding Procedures by Which Interested Parties May Bid and an Auction Sale Format in Connection With the Sale of Substantially All of the Debtors' Assets, (III) Approving Form of Asset Purchase Agreement, (IV) Approving Form of Notice to be Provided to Interested Parties, (V) Authorizing the Assumption and Assignment of Assumed Contracts and Notice Procedures Thereto, (VI) Scheduling a Court Hearing to Consider Approval of the Sale to the Highest and Best Bidder, and (VII) Authorizing the Sale of the Debtors' Property Free and Clear of All Causes of Action and Claims |

Contract, (c) the related relief requested in the Motion, (d) adequate assurance of future performance, and (e) the Sale Transaction. Such party shall be forever barred and estopped from objecting to the Cure Payments, the assumption and assignment of the Contract, adequate assurance of future performance, the relief requested in the Motion, whether or not applicable law excuses such counterparty from accepting performance by, or rendering performance to, the Winning Bidder for purposes of section 365(c)(1) of the Bankruptcy Code and from asserting any additional cure or other amounts against the Debtors and the Winning Bidder with respect to such party's Contract.

**IV.    Miscellaneous.**

25.    Subject to final approval at the Sale Hearing, the Debtors are authorized, pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, to enter into and perform the Stalking Horse APA, subject to the solicitation of higher or otherwise better bids at the Auction.

26.    The Stalking Horse APA, acceptable to the Debtors, shall be binding and enforceable on the parties thereto in accordance with its terms. The failure to describe specifically or include any provision of the Stalking Horse APA or related documents in the Motion or herein shall not diminish or impair the effectiveness of such provision. The Stalking Horse APA and any related agreements, documents or other instruments may be modified,

(Page 21)

| | |
|---|---|
| Debtors: | Powin, LLC, *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Order (I) Designating a Stalking Horse Bidder and Approving Stalking Horse Bidder Protections, (II) Approving Bidding Procedures by Which Interested Parties May Bid and an Auction Sale Format in Connection With the Sale of Substantially All of the Debtors' Assets, (III) Approving Form of Asset Purchase Agreement, (IV) Approving Form of Notice to be Provided to Interested Parties, (V) Authorizing the Assumption and Assignment of Assumed Contracts and Notice Procedures Thereto, (VI) Scheduling a Court Hearing to Consider Approval of the Sale to the Highest and Best Bidder, and (VII) Authorizing the Sale of the Debtors' Property Free and Clear of All Causes of Action and Claims |

amended or supplemented by the parties thereto, solely in accordance with the terms thereof, without further order of the Court; provided, however, the parties may not amend the Purchase Price, Bid Protections, or make any other changes to the Stalking Horse APA which are materially adverse to the Debtors without further order of this Court.

27.    For the avoidance of doubt and notwithstanding anything to the contrary contained in this Order, this Order does not approve the Sale of the Purchased Assets under the Stalking Horse APA or authorize the consummation of the Sale, such approval and authorization (if any) to be considered only at the Sale Hearing and all rights of all parties in interest to object to such approval and authorization are reserved.

28.    No person or entity, other than the Stalking Horse Bidder, shall be entitled to any expense reimbursement, break-up fee, topping or termination fee, or other similar fee or payment, and, by submitting a Bid, such person or entity is deemed to have waived its right to request or file with this Court any request for expense reimbursement or any other fee of any nature in connection with the Auction and the Sale, whether by virtue of Bankruptcy Code § 503(b) or otherwise.

(Page 22)

| | |
|---|---|
| Debtors: | Powin, LLC, *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Order (I) Designating a Stalking Horse Bidder and Approving Stalking Horse Bidder Protections, (II) Approving Bidding Procedures by Which Interested Parties May Bid and an Auction Sale Format in Connection With the Sale of Substantially All of the Debtors' Assets, (III) Approving Form of Asset Purchase Agreement, (IV) Approving Form of Notice to be Provided to Interested Parties, (V) Authorizing the Assumption and Assignment of Assumed Contracts and Notice Procedures Thereto, (VI) Scheduling a Court Hearing to Consider Approval of the Sale to the Highest and Best Bidder, and (VII) Authorizing the Sale of the Debtors' Property Free and Clear of All Causes of Action and Claims |

29.     The failure to include or reference a particular provision of the Bidding Procedures in this Bidding Procedures Order shall not diminish or impair the effectiveness or enforceability of such a provision in the Bidding Procedures.

30.     The Court, at the request of the Debtors and subject to the Court's availability, may modify the dates of and adjourn any hearing set by this Order without further order of this Court, provided that the Debtors will serve notice to all requisite parties informing them of such modification.

31.     Notwithstanding anything to the contrary in the Motion or this Order, any payment made by the Debtors pursuant to the authority granted in this Order (other than the Break-Up Fee and Expense Reimbursement) must be in compliance with and any authorization of the Debtors contained herein is subject to: (a) the interim order [Docket No. 169] and any final order entered by the Court approving the Debtors' entry into any postpetition debtor-in-possession financing facility (in each case, the "DIP Order"); (b) the interim [Docket No. 68] and any final order entered by the Court authorizing the use of cash collateral (in each case, the "Cash Collateral Order"); (c) the documentation in respect of any such debtor-in-possession financing or use of cash collateral; and (d) any budget or cash flow forecasts in connection therewith.  To the extent there is any inconsistency between the terms of

(Page 23)

| | |
|---|---|
| Debtors: | Powin, LLC, *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Order (I) Designating a Stalking Horse Bidder and Approving Stalking Horse Bidder Protections, (II) Approving Bidding Procedures by Which Interested Parties May Bid and an Auction Sale Format in Connection With the Sale of Substantially All of the Debtors' Assets, (III) Approving Form of Asset Purchase Agreement, (IV) Approving Form of Notice to be Provided to Interested Parties, (V) Authorizing the Assumption and Assignment of Assumed Contracts and Notice Procedures Thereto, (VI) Scheduling a Court Hearing to Consider Approval of the Sale to the Highest and Best Bidder, and (VII) Authorizing the Sale of the Debtors' Property Free and Clear of All Causes of Action and Claims |

the DIP Order or Cash Collateral Order and this Order, the terms of the DIP Order or Cash Collateral Order shall control.

32.     In the event of any inconsistencies between this Order and the Motion and/or the Bidding Procedures, this Order shall govern in all respects.

33.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

34.     The Debtors have demonstrated that without the approval of the Bidding Procedures and the timelines contemplated therein, the Debtors' businesses will deteriorate to the detriment of all stakeholders, including the Debtors' creditors and its customers. Further, such harm cannot not be redressed by a legal or equity remedy. Accordingly, the Debtors have demonstrated that the requested relief is "necessary to avoid immediate and irreparable harm," as contemplated by Bankruptcy Rule 6003(a).

35.     Notwithstanding Bankruptcy Rule 6004(h) and 6006(d), to the extent applicable, this Order shall be effective and enforceable immediately upon entry hereof.

36.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

(Page 24)

| | |
|---|---|
| Debtors: | Powin, LLC, *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Order (I) Designating a Stalking Horse Bidder and Approving Stalking Horse Bidder Protections, (II) Approving Bidding Procedures by Which Interested Parties May Bid and an Auction Sale Format in Connection With the Sale of Substantially All of the Debtors' Assets, (III) Approving Form of Asset Purchase Agreement, (IV) Approving Form of Notice to be Provided to Interested Parties, (V) Authorizing the Assumption and Assignment of Assumed Contracts and Notice Procedures Thereto, (VI) Scheduling a Court Hearing to Consider Approval of the Sale to the Highest and Best Bidder, and (VII) Authorizing the Sale of the Debtors' Property Free and Clear of All Causes of Action and Claims |

37.     The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

38.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**<u>EXHIBIT 1</u>**

Bidding Procedures

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| In re:<br>Powin, LLC, *et al.*,[1]<br><br>        Debtors. | Chapter 11<br><br>Case No. 25-16137 (MBK)<br><br>(Jointly Administered) |

**BIDDING PROCEDURES FOR THE SUBMISSION, RECEIPT, AND ANALYSIS OF**
**BIDS IN CONNECTION WITH THE SALE OF THE DEBTORS' ASSETS**

On June 9, 2025 (the "Petition Date"), each of the above-captioned debtors and debtors-in-possession (the "Debtors") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of New Jersey (the "Court").

On July 1, 2025 the Debtors filed the *Motion for Entry of an Order (I) Designating a Stalking Horse Bidder and Stalking Horse Bidder Protections, (II) Approving Bidding Procedures by Which Interested Parties May Bid and an Auction Sale Format in Connection With the Sale of Substantially All of the Debtors' Assets, (III) Approving Form of Asset Purchase Agreement, (IV) Approving Form of Notice to be Provided to Interested Parties, (V) Authorizing the Assumption and Assignment of Assumed Contracts and Notice Procedures Thereto, (VI) Scheduling a Court Hearing to Consider Approval of the Sale to the Highest and Best Bidder, and (VII) Authorizing the Sale of the Debtors' Property Free and Clear of All Causes of Action and Claims*[2] [ECF No. 228] (the "Motion"), seeking approval of, among other things, the procedures contained herein (the "Bidding Procedures").

On [●], 2025, the Court entered the *Order (I) Designating a Stalking Horse Bidder and Stalking Horse Bidder Protections, (II) Approving Bidding Procedures by Which Interested Parties May Bid and an Auction Sale Format in Connection With the Sale of Substantially All of the Debtors' Assets, (III) Approving Form of Asset Purchase Agreement, (IV) Approving Form of Notice to be Provided to Interested Parties, (V) Authorizing the Assumption and Assignment of Assumed Contracts and Notice Procedures Thereto, (VI) Scheduling a Court Hearing to Consider Approval of the Sale to the Highest and Best Bidder, and (VII) Authorizing the Sale of*

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are:  (i) Powin Project LLC [1583]; (ii) Powin, LLC [0504]; (iii) PEOS Holdings, LLC [5476]; (iv) Powin China Holdings 1, LLC [1422]; (v) Powin China Holdings 2, LLC [9713]; (vi) Charger Holdings, LLC [5241]; (vii) Powin Energy Ontario Storage, LLC [ 8348]; (viii) Powin Energy Operating Holdings, LLC [22495]; and (ix) Powin Energy Operating, LLC [6487]. The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR  97062.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion or Order (as defined below), as applicable.

*the Debtors' Property Free and Clear of All Causes of Action and Claims* [ECF No. [●]] (the "Order"), by which the court approved these Bidding Procedures. These Bidding Procedures set forth the process by which the Debtors are authorized to solicit bids for and conduct an auction (the "Auction") for a sale (the "Sale") of substantially all of their Assets.

In the exercise of their good faith reasonable business judgment, the Debtors have executed an Asset Purchase Agreement ~~that is acceptable to the Debtors~~ (including all exhibits, schedules, and addenda thereto, the "Stalking Horse APA"), with FlexGen Power Systems, LLC ("FlexGen" or "the "Stalking Horse Bidder"). Under the Stalking Horse APA, the Stalking Horse Bidder proposes to (i) purchase, acquire, and take assignment and delivery of the Purchased Assets (as defined in the Stalking Horse APA) and (ii) assume certain Assumed Liabilities (as defined in the Stalking Horse APA), each as specifically enumerated in the Stalking Horse APA and subject to the terms and conditions set forth therein.

The Sale will be implemented pursuant to section 363 of the Bankruptcy Code.

> Copies of the Order or any other documents in the Debtors' Chapter 11 Cases are available upon request to Verita Global by calling (866) 507-8031 (U.S./Canada) or (781) 575-2122 (international) or by visiting the Debtors' restructuring website at: https://www.veritaglobal.net/powin.

## I.      Assets to be Auctioned.

1.      The Debtors are seeking to sell all of their Assets, either as a going-concern or otherwise. Pursuant to these Bidding Procedures, the Debtors will determine the highest or otherwise best offer for the sale of the Purchased Assets and, if applicable, other of the Debtors' assets. The Debtors reserve the right to sell their Assets to multiple Qualified Bidders in separate lots and the right to link Qualified Bids together.

2.      These Assets are being sold free and clear of all liens, claims, interests, or other encumbrances to the greatest extent permitted by the Bankruptcy Code and applicable non-bankruptcy law.

## II.      Stalking Horse Bidder.

3.      FlexGen shall be deemed the Stalking Horse Bidder in accordance with the terms of the Stalking Horse APA, which conditions FlexGen's Bid upon it being deemed the Stalking Horse Bidder. Under the Stalking Horse APA, the price ("Purchase Price") for the sale of the Assets to the Stalking Horse Bidder is $36,000,000.00 in cash, $3,600,000 of which is to be deposited in an escrow account upon the signing of the Stalking Horse APA.

US_ACTIVE\130696146

4.      The Stalking Horse Bidder will be granted certain bidding protections, including a breakup fee (the "<u>Break-Up Fee</u>") of $1,100,000 and an Expense Reimbursement of up to $500,000.

## III.    Public Announcement of Auction and Sale Hearing.

5.      As soon as practicable after entry of the Order, the Debtors shall (a) serve on the Notice Parties[3] (i) notices setting forth the (1) date, time, and place of the (A) Auction and (B) Sale Hearing, and (2) the deadlines and procedures for objecting to the Sale Transaction, and (ii) the Order, and (iii) the Bidding Procedures.

## IV.    Potential Bidder Requirements.

6.      To participate in the bidding process or otherwise be considered for any purpose hereunder, including to receive access to due diligence materials, a person or entity interested in purchasing the Assets or part of the Assets (a "<u>Potential Bidder</u>") (other than the Stalking Horse Bidder) must deliver or have previously delivered to proposed counsel to the Debtors:

    a.  An executed confidentiality agreement (a "<u>Confidentiality Agreement</u>") in form and substance acceptable to the Debtors;

    b.  Sufficient information that the Potential Bidder has sufficient cash on hand or has received sufficient non-contingent debt and/or equity funding commitments to consummate a purchase of the Assets subject to the contemplated Bid; *provided* that this and any other consultation rights provided to the Committee in these Bidding Procedures shall exclude any member of the Committee that is actively participating in the bidding process and any such Committee member shall not receive any information on account of its membership in the Committee that it would not otherwise be entitled to receive as a Potential Bidder;

    c.  A statement detailing whether the Potential Bidder is partnering with or otherwise working with any other interested party in connection with the potential submission of a joint Bid, the identity of any such party or parties, and a concise description of the nature of such partnership or joint Bid to the extent reasonably practicable; and

---

[3] "<u>Notice Parties</u>" means (a) the office of the United States Trustee for the District of New Jersey; (b) the Debtors' 50 largest unsecured creditors (on a consolidated basis); (c) the United States Attorney's Office for the District of New Jersey; (d) the Internal Revenue Service; (e) the U.S. Securities and Exchange Commission; (f) the attorneys general in the states where the Debtors conduct their business operations; (g) all parties who have expressed a written interest in purchasing some or all of the Assets; (h) any known Assumed Contract Counterparties; and (i) any party that has requested notice pursuant to Bankruptcy Rule 2002.

3

d. On or before **July 16, 2025**, parties must submit a non-binding Indication of Interest to proposed counsel for the Debtors for the Assets. An Indication of Interest must include (1) the proposed structure of the transaction and assets to be purchased, purchase price and any material terms; (2) a description of the acquiring entity and relevant experience; (3) disclosure of any of the potential bidder's connections with the debtors, the debtors' officers and directors, or other potential bidders; (4) disclosure of the identity of any entity that holds a "substantial interest" in the potential bidder (as defined in 31 CFR § 800.244); (5) evidence of financial capacity to complete the transaction; (6) authority and approval to complete the transaction; (7) a detailed description of the due diligence information and / or investigation you may require to submit a Bid; (8) a proposed timetable for consummating the transaction; and (9) contact information for the Potential Bidder.

7.     Any bidder that is a party to a confidentiality agreement with the Debtors as of the Petition Date must submit a Qualified Bid for the Assets by the Bid Deadline for Qualified Bids.

8.     The Debtors will determine and notify each Potential Bidder whether the Potential Bidder has submitted adequate documents so that such Potential Bidder may proceed to conduct due diligence and submit a bid (such Potential Bidder an "<u>Acceptable Bidder</u>").

## V.    Qualified Bid Requirements.

9.     To participate in the Auction, each Acceptable Bidder must deliver to the Debtors and their above-referenced proposed counsel an irrevocable offer for the purchase of some or all of the Assets *provided that such offer will be either higher or better than the bid submitted by the Stalking Horse Bidder and must provide consideration to the Debtors of at least $38.32 million (the sum of (i) the Stalking Horse Bidder Purchase Price, (ii) the Bid Protections; and (iii) the Minimum Overbid Increment (as defined below))..*

a. Each Bid must clearly state: (i) the particular Assets to be purchased (ii) the liabilities and obligations to be assumed, including any debt and cure costs to be assumed, and (iii) the Contracts to be assumed by the bidder;

b. Provide a clean and marked-up copy of the proposed asset purchase agreement against the Stalking Horse APA;

c. Provide a copy of the draft Sale Order marked-up to reflect any amendments and modifications compared to the form of the Sale Order posted in the Debtors' on-line data room;

4

d. Each Bid by an Acceptable Bidder must clearly set forth the purchase price to be paid ("Purchase Price") and identify the cash and/or non-cash components of the Purchase Price. The Purchase Price should be a single point value in U.S. Dollars for the applicable Assets on a cash-free, debt-free basis. Any bid for substantially all of the Assets must also include a statement as to whether the bid is conditioned on purchasing all Assets or whether the Qualified Bid should be viewed as separate bid for one or more sets of Assets. The Debtors reserve the right to ask any Acceptable Bidder to further allocate the value ascribed to a bid for any particular Asset and to inquire about any significant assumptions on which such valuations are based beyond information provided in the applicable bid;

e. Each Bid must include a proposed Purchase Price of at least $38,320,000 for the Assets;

f. A good faith deposit ("Deposit") by wire transfer in an amount equal in an amount equal to 10% of the proposed Purchase Price;

g. A Qualified Bid, other than the Stalking Horse Bidder's bid, must include a statement that the bid does not entitle the bidding party to a break-up fee, termination fee, expense reimbursement, or similar type of payment or reimbursement and a waiver of any substantial contribution administrative expense claim under section 503(b) of the Bankruptcy Code related to bidding for the applicable Assets;

h. Bids may not be conditioned on the obtaining or sufficiency of financing or the completion of due diligence. Only financially qualified parties will be eligible to participate in the Auction – with financially qualified parties to mean parties who have demonstrated that they have financial means to consummate their purchase of the Assets without financing unless the financing to be used by them is already committed (meaning that any Overbid may not contain any financing contingency). All diligence must be completed before the Bid Deadline;

i. Each bid must include a statement that the Bid is formal, binding, and unconditional, is not subject to any further due diligence or financing contingency, and is irrevocable until the Debtors notify the Potential Bidder that such Bid is not the Winning Bid or a Back-Up Bid, or with respect to a Back-Up Bid until the earlier of (a) the first business day after the closing of the Sale with the Winning Bidder for the Assets bid upon by such Back-up Bidder or (b) 60 days after entry of an order approving the Sale with the Winning Bidder for the Assets bid upon by such Back-Up Bidder;

j. Each bid must contain evidence that the Acceptable Bidder has obtained the necessary authorizations or approvals, as required by that Acceptable Bidder's governing documents, with respect to the submission of the bid and the consummation of the Sale Transaction;

5

k. Each bid must include a statement or evidence reflecting (i) that the Bidder is prepared to consummate the transaction upon entry of an order of the Bankruptcy Court approving the Sale to the Winning Bidder (the "Sale Order") and consummation shall not be contingent on obtaining requisite government, regulatory, or other third-party approvals, (ii) the government, regulatory, or other third-party approvals that will be required for the Bidder to consummate the Sale; (iii) that the Bidder has made or will make as soon as reasonably practicable all necessary filings, if any, with respect to any regulatory, antitrust and other laws and pay the fees associated therewith; and (iv) the Bidder's plan and ability to obtain all requisite governmental, regulatory, or other third party approvals (including, without limitation, CFIUS approvals), and the proposed timing for the Bidder to undertake the actions required to obtain such approvals, if any;

l. Each bid must include written evidence that demonstrates that the Bidder has the necessary financial ability to consummate the contemplated Sale and comply with section 365 of the Bankruptcy Code, including providing adequate assurance of future performance under all contracts to be assumed and assigned in such Sale, including that such Bidder has all authorizations and registrations necessary to perform the Contracts to be assumed by the Bidder, as well as a confirmation that the Bidder is in compliance with any applicable NERC requirements necessary to perform the Contracts to be assumed by the Bidder. Such information must include, *inter alia*, the following:

   i. Contact names and information for verification of financing sources;

   ii. Evidence of Bidder's internal resources and proof of unconditional debt funding commitments from a recognized banking institution and, if applicable, equity commitments in an aggregate amount equal to the cash portion of such bid or the posting of an irrevocable letter of credit from a recognized banking institution issued in favor of the Debtors in the amount of the cash portion of such bid, in each case, as are needed to consummate such Sale;

   iii. The Bidder's current financial statements (audited if they exist) or other similar financial information reasonably acceptable to the Debtors;

   iv. A description of the Bidder's pro forma capital structure; and

   v. Any such other form of financial disclosure or credit-quality support information or enhancement demonstrating that such Bidder has the ability to consummate the contemplated Sale.

m. Each bid must contain an acknowledgement in writing that the bidder (a) has not engaged in any collusion with respect to any bids or the Sale, specifying that it did

6

not agree with any Qualified Bidders or Potential Bidders to control price, (b) agrees not to engage in any collusion with respect to any bids, the Auction, or the Sale, and (c) by submitting a bid is agreeing, and shall be deemed to have agreed, (i) to abide by and honor the terms of these Bidding Procedures, and (ii) after the conclusion of the Auction, if any, not to submit a bid, or seek to reopen the Auction.

n.  Each Bid must include a statement that, in the event the Debtors select the Bidder to serve as the Winning Bidder or the Back-Up Bidder (as defined below), such Qualified Bidder's offer is irrevocable until two (2) business days after the closing of the Transaction. Each Bidder must acknowledge that by submitting a Bid, the Bidder agrees to be a Back-Up Bidder in accordance with the terms of these Bid Procedures, should the Bid be so selected.

o.  Each Bid must provide that the Debtors have the right to pursue all available damages in the event of the Bidder's breach of, or failure to perform under, the Proposed Agreement.

p.  Each Bid shall be based on the Stalking Horse Bid and must exceed, either on its own terms or, in the case of a Bid for a portion or subset of the Debtors' assets, in combination with another Qualified Bid(s) (which combination shall be done by the Debtors), the Stalking Horse Bid in relation to the Purchased Assets. For the avoidance of doubt, joint Bids submitted by multiple Bidders will not be considered.

q.  A Bid by a Bidder must be reasonably likely to be consummated, if selected as the Winning Bid, within a time frame acceptable to the Debtors.

r.  Acceptable Bidders must only submit bids in good faith and as bona fide offers to consummate the Sale Transaction.

10.  Other than the Stalking Horse Bid, only Bids fulfilling all of the preceding requirements contained in this section may, unless otherwise determined in the Debtors' reasonable business judgment, in consultation with the Committee, be deemed to be "Qualified Bids," and only those parties submitting Qualified Bids shall be deemed to be "Qualified Bidders."

11.  For the avoidance of doubt, and notwithstanding anything herein to the contrary, the Stalking Horse Bidder shall be deemed to be a Qualified Bidder and the Stalking Horse APA shall be deemed to be a Qualified Bid.

**12.  The Debtors reserve the right to exclude any party (other than the Stalking Horse Bidder)** *from the Auction if the Debtors determine, in their reasonable*

7

***business judgment that such party did not submit a Qualified Bid (including solely because such party did not put forward a good faith Bid).***

13.     In advance of the commencement of the Auction, as is reasonably practicable, the Debtors shall determine, in consultation with the Committee, which Acceptable Bidders are Qualified Bidders and will notify the Acceptable Bidders whether bids submitted constitute Qualified Bids, which will enable such Qualified Bidders to participate in such Auction. Any bid that is not deemed a Qualified Bid shall not be considered by the Debtors; provided that if the Debtors receive a bid prior to the applicable Bid Deadline that does not satisfy the requirements of a Qualified Bid, the Debtors may provide the Acceptable Bidder with the opportunity to remedy any deficiencies prior to the applicable Auction.

14.     Nothing in these Bidding Procedures shall impair or otherwise affect the rights of any secured creditor that is an Acceptable Bidder to credit bid all or any portion of such secured creditor's secured claims subject to the provisions of section 363(k) of the Bankruptcy Code; provided that any such Bid is submitted in accordance with these Bidding Procedures.

## VI.     Right to Credit Bid.

15.     Any Qualified Bidder who has a valid, undisputed, and perfected lien on any Assets (a "Secured Creditor") shall have the right, if any, to credit bid all or a portion of such Secured Creditor's allowed secured claims subject to the provisions of section 363(k) of the Bankruptcy Code; provided that a credit bid shall not constitute a Qualified Bid if the bid does not include a cash component sufficient to pay in full, in cash, all claims for which there are valid, perfected, and unavoidable liens on any of the Assets included in such bid that are senior in priority to those of the party seeking to credit bid (unless such senior lien holder consents to alternative treatment). All rights to credit bid shall be subject to the terms of the DIP Orders and the provisions of section 363(k) of the Bankruptcy Code.  For the avoidance of doubt, a Secured Creditor shall be required to provide cash consideration in respect of any assets to be acquired but that do not constitute collateral securing such Secured Creditor's claim(s), if any.

16.     In the event of a competing Qualified Bid, the Stalking Horse Bidder will be entitled, but not obligated, to submit overbids and will have the right, if any, in any such overbids to credit bid subject to the provisions of section 363(k) of the Bankruptcy Code: (a) all or a portion of the value of the secured portion of its claims subject to the provisions of section 363(k) of the Bankruptcy Code; and (b) the value of the Bid Protections.

## VII.     Obtaining Due Diligence Access.

17.     Only Acceptable Bidders shall be eligible to receive due diligence information.  No Acceptable Bidder shall be permitted to conduct any due diligence without entry into a Confidentiality Agreement.  If an Acceptable Bidder was already subject to a Confidentiality Agreement with the Debtors as of the Petition Date, that Confidentiality Agreement shall remain in effect in accordance with its terms.

18.     Beginning on the date the Debtors enter into a Confidentiality Agreement with an Acceptable Bidder, the Debtors may provide such Acceptable Bidder with access to an electronic data room and reasonable due diligence information, as requested by such Acceptable Bidder, as soon as reasonably practicable after such request. The Debtors shall post substantially all written due diligence provided to any Acceptable Bidder to the Debtors' electronic dataroom for the benefit of all applicable bidders.

19.     The Debtors shall provide the Stalking Horse Bidder with access to all written due diligence materials, written management presentations, and other written information provided to any Potential Bidder or Qualified Bidder that were not previously made available to the Stalking Horse Bidder promptly with the provision of such information or materials to such Potential Bidder or Qualified Bidder, as applicable.

20.     Potential Bidders will not, directly or indirectly, contact or initiate or engage in discussions in respect of matters relating to the Debtors or a potential transaction with any customer, employee, supplier, or other contractual counterparty of the Debtors without the prior written consent of the Debtors. The due diligence period will end on the applicable Bid Deadline and subsequent to the applicable Bid Deadline the Debtors shall have no obligation to furnish any due diligence information; *provided* that the Debtors may continue to furnish any due diligence information with respect to the Assets after the Bid Deadline.

21.     In connection with the provision of due diligence information to Acceptable Bidders, the Debtors shall not furnish any confidential information relating to the Debtors or a potential transaction to any person except an Acceptable Bidder or such Acceptable Bidder's duly authorized representatives to the extent provided in an applicable Confidentiality Agreement.

22.     The Debtors and their advisors shall make reasonable efforts to coordinate all reasonable requests for additional information and due diligence access from Acceptable Bidders; provided that the Debtors, in consultation with the Committee, may decline to provide such information to Acceptable Bidders who, in the Debtors' reasonable business judgment have not established, or who have raised doubt, that such Acceptable Bidders intend in good faith to, or have the capacity to, consummate the Sale Transaction. For any bidder who is a competitor, customer or supplier of the Debtors, is affiliated with any competitor, customer, or supplier of the Debtors, or otherwise has a business relationship with any competitor, customer or supplier of the Debtors, the

Debtors, in consultation with the Committee, reserve the right to withhold or modify any diligence materials that the Debtors determine are business-sensitive or otherwise inappropriate for disclosure to such bidder.

23.     None of the Debtors or the Debtors' professionals or other advisors make any representations, promises, warranties, or guaranties whatsoever, whether express, implied, by operation of law, or otherwise regarding the any information provided in connection with due diligence, except, solely with respect to the Debtors, and solely to the extent that expressly stated in a definitive executed purchase agreement related to any Assets.

24.     Each Acceptable Bidder shall comply with all reasonable requests for additional information and due diligence access requested by the Debtors or their advisors or professionals regarding the ability of such Acceptable Bidder to consummate its contemplated transaction.  Failure to comply with such a request may be a basis for the Debtors to determine that such bidder is no longer an Acceptable Bidder or that a bid made by such party is not a Qualified Bid.

25.     Each Potential Bidder shall comply with all reasonable requests for additional information and due diligence access by the Debtors or their advisors regarding such Potential Bidder and its contemplated Transaction.

## VIII.   Bid Deadline.

26.     Binding bids must be submitted in writing to the above-referenced proposed counsel for the Debtors, either via email or by mail, by **July 28, 2025** at **5:00 p.m. (EST)**.

27.     The Debtors may extend the Bid Deadline for any reason whatsoever in their reasonable business judgment for all or certain Acceptable Bidders.

## IX.    Cancellation of Auction.

28.     The Debtors may determine to cancel the Auction for reasons consistent with their fiduciary obligations; *provided* that the Debtors shall provide all Qualified Bidders with advance notice of cancellation of the Auction by the later of (a) one (1) business day prior to the Auction or (b) the Baseline Bid Deadline.  If no Qualified Bids other than the Stalking Horse Bid are received prior to the Bid Deadline, then the Debtors may determine to cancel the Auction and declare the Stalking Horse Bid as the Winning Bid.

29.     The Debtors additionally reserve the right to adjourn the Auction at any time.

10

## X.      Auction.

30.      If the Debtors receive a Qualified Bid (in addition to the Stalking Horse Bid) on or before the Bid Deadline, the Debtors may hold an Auction for the Assets.  In that case, the Debtors shall cause a notice of confirming the receipt of the Qualified Bid(s) (which shall not list the Qualified Bids or identity of any Qualified Bidders) to be filed on the docket of these Chapter 11 Cases and may conduct the Auction in accordance with the Auction Procedures (as defined below) to determine the Winning Bidder in their reasonable business judgment with respect to the Assets.

31.      The Auction will be conducted by the Debtors, in consultation with the Committee, in accordance with the following procedures (the "Auction Procedures"):

a.   The Auction will take place **on July 30, 2025, at the offices of Dentons US LLP, 1221 Avenue of the Americas, New York, NY 10020, commencing at 9:00 a.m. Eastern Time**.

b.   Except as otherwise determined by the Debtors in their business judgment, only the Debtors, the U.S. Trustee, any Qualified Bidders, the Committee, and, in each case, the respective representatives and professionals of the foregoing parties, shall be entitled to attend the Auction.

c.   Except as otherwise provided herein, only Qualified Bidders shall be entitled to bid at the Auction.

d.   The Qualified Bidders may appear virtually themselves or through duly-authorized representatives at the Auction.

e.   At the commencement of the Auction, the Debtors may announce additional procedural and related rules governing the Auction, including time periods available to all Qualified Bidders to submit successive bid(s).

f.   Bidding shall begin at the amount of the best or highest Qualified Bid (that Qualified Bid being the "Starting Bid").  Subsequent bids (each an "Overbid") shall be an increase over the Starting Bid or previous Overbid, as applicable. Each Overbid shall provide net value to the estates in an amount equal to or greater than $720,000 more than the Starting Bid, and each subsequent Overbid must provide net value to the estates in an amount equal to or greater than $720,000 more than the previous Overbid (each, a "Minimum Overbid Increment").  The Debtors reserve the right to reduce or increase the Minimum Overbid Increments in their discretion, after consultation with the Committee. To the extent the Stalking Horse Bidder submits higher bids, the Stalking Horse Bidder shall have the right (but not the obligation) to increase its bid by using, as

11

a credit, the amount of the Bid Protections when determining whether the Stalking Horse Bidder has topped the previous bid by the required amount.

g.  Any Overbid made from time to time by a Qualified Bidder must remain open and binding on the Qualified Bidder until and unless (i) the Debtors accept a Bid submitted by another Qualified Bidder during the Auction as an Overbid and (ii) such prior Overbid is not selected as the Back-Up Bid. To the extent not previously provided (which will be determined by the Debtors in consultation with the Committee), a Qualified Bidder submitting an Overbid must submit at the Debtors' request (in consultation with the Committee), as part of its Overbid, written evidence that such Qualified Bidder has sufficient cash on hand or has received sufficient non-contingent debt and/or equity funding commitments to consummate the proposed transaction at the purchase price contemplated by such Overbid.

h.  Each Qualified Bidder will be permitted a reasonable time to respond to previous Bids at the Auction, as determined by the Debtors.

i.  During the course of the Auction, the Debtors shall, after submission of each Overbid, promptly inform each Qualified Bidder of the terms of the previous Bids and inform each Qualified Bidder which Overbid(s) reflect, in the Debtors' view, the highest or otherwise best Bid(s) for the applicable Assets.

j.  To remain eligible to participate in the Auction, in each round of bidding, (i) each Qualified Bidder must submit a Bid in such round of bidding that is a higher or otherwise better offer than the immediately preceding Bid submitted by a Qualified Bidder in such round of bidding and (ii) to the extent a Qualified Bidder fails to bid in such round of bidding or to submit a Bid in such round of bidding that is a higher or otherwise better offer than the immediately preceding Bid submitted by a Qualified Bidder in such round of bidding, as determined by the Debtors in their reasonable business judgment, following consultation with the Committee, such Qualified Bidder shall be disqualified from continuing to participate in the Auction.

k.  The Auction will be transcribed to ensure an accurate recording of the bidding at the Auction.

l.  Each Qualified Bidder will be required to confirm on the record that it has not engaged, and will not engage, in any collusion with respect to the bidding or the Sale Transaction.

m. Each Qualified Bidder will be required to confirm that its Bid is a good faith, bona fide offer and it intends to consummate the Sale Transaction if selected as the Winning Bidder.

n. The Debtors will not consider bids made after the Auction has been closed.

o. The Debtors, in their reasonable business judgment and consistent with the Debtors' fiduciary obligations to maximize the value of their estates and to consider the interests of their stakeholders may reject, at any time before entry of an order of the Court approving a Winning Bid, any Bid (other than the Stalking Horse Bid) that the Debtors determine is (i) inadequate or insufficient, (ii) not in conformity with the requirements of the Bankruptcy Code, the Bidding Procedures, or the terms and conditions of the Sale Transaction, (iii) contrary to the best interests of the Debtors, their estates, their creditors, and other stakeholders, (iv) likely to lack the support of its stakeholders in seeking Court approval thereof, or (v) otherwise violative of any of the Debtors' fiduciary obligations.

p. The Debtors have the right to request any additional information that will allow the Debtors to make a reasonable determination as to a Qualified Bidder's financial and other capabilities to consummate the transactions contemplated by their proposal and any further information that the Debtors believe is reasonably necessary to clarify and evaluate any Bid made by a Qualified Bidder during the applicable Auction.

q. The Debtors reserve the right, in their reasonable business judgment, in consultation with the Committee, to adjourn the Auction one or more times to, among other things, (i) facilitate discussions between the Debtors and Qualified Bidders, (ii) allow Qualified Bidders to consider how they wish to proceed, and (iii) provide Qualified Bidders the opportunity to provide the Debtors with such additional evidence as the Debtors, in their reasonable business judgment, may require that the Qualified Bidder has sufficient cash on hand or has received sufficient non-contingent debt and/or equity funding commitments to consummate the proposed transaction at the prevailing amount. The Debtors shall promptly file notice of such adjournment with the Court.

r. The Debtors, in their business judgment and after consultation with the Committee, reserve the right to amend, waive, or otherwise modify the Auction Procedures at any time, including without limitation, the time, place, attendance, and format of the Auction in a manner that they determine will maximize value.

32.    Nothing in the Auction Procedures will prevent the Debtors from exercising their respective fiduciary duties under applicable law.

US_ACTIVE\130696146

**XI.    Acceptance of the Winning Bid and Approval of Sale Transaction.**

33.    The Auction shall continue until there is only one Qualified Bid that the Debtors determine, in their reasonable business judgment and in a manner consistent with the exercise of their fiduciary duties and outlined below in further detail, is the highest or otherwise best bid to purchase the Assets and the Debtors determine that further bidding is unlikely to result in a higher or better Qualified Bid.  At that point, the Auction shall close.

34.    When determining the highest or otherwise best Qualified Bid, as compared to other Qualified Bids, the Debtors may consider the following factors in addition to any other factors that the Debtors deem appropriate in in their business judgment: (i) the amount and nature of the total consideration to be paid by the Qualified Bidder, which includes but is not limited to, assumed liabilities (including administrative liabilities and cure payments), the amount of executory contracts and leased locations being assumed, and the types, amounts, and timing and other terms of the consideration to be paid by the Qualified Bidder; (ii) the likelihood of the Qualified Bidder's ability to close a transaction and the timing thereof; (iii) whether the Debtors' employees will be retained by the Qualified Bidder; (iv) the impact of the proposed Sale Transaction contemplated by the Qualified Bid on the Debtors' creditors or contract counterparties; (v) the net economic effect of any changes to the value to be received by each of the Debtors' estates from the transaction contemplated by the Bid Documents; (vi) the changes, if any, to the form purchase agreement provided by the Debtors (with fewer changes being viewed more favorably); and (vii) any other factors that may impact the Debtors' stakeholders.

35.    The Winning Bidder, Back-Up Bidder, and the Debtors shall, as soon as commercially reasonable and practicable, complete and sign all agreements, contracts, instruments, or other documents evidencing and containing the terms upon which the Winning Bid and Back-Up Bid were made.

36.    The Back-Up Bid, if any, will remain open and binding on the Back-Up Bidder until the first business day after the closing of the Sale with the Winning Bidder for the Assets bid upon by such Back-up Bidder; provided, that if the Stalking Horse Bid is selected as the Back-Up Bid, it must remain irrevocable only for so long as is required under the Stalking Horse APA. If the Winning Bidder fails to consummate the Winning Bid within the time set forth therein, the Debtors will be authorized, but not required, in consultation with the Committee, to select the Back-Up Bidder, if any, as the new Winning Bidder, in which case the Debtors shall proceed to consummate the Winning Bid of the new Winning Bidder.

37.    The Qualified Bidder submitting the highest or best offer (the "Winning Bid") shall be deemed the "Winning Bidder."  The Qualified Bidder submitting the next highest or best offer (the "Back-Up Bid") shall be deemed the "Back-Up Bidder."  The

US_ACTIVE\130696146

Debtors shall file notice of the Winning Bid and Winning Bidder and Back-Up Bid and Back-Up Bidder with the Court as soon as reasonably practicable after the closing of the Auction. The Debtors shall also present the results of the Auction at the Sale Hearing, to be held on **August 6, 2025** at **9:30 a.m. (EST)**. Objections to the Sale ~~which are unrelated to the identity or consideration offered by a bidder,~~ must be in writing and will spell out the nature of such objection, comply with the Bankruptcy Code, Bankruptcy Rules, and Local Rules and are due by **August ~~1~~4, 2025** at ~~5:00 p.m. (EST). Objections to the Sale to the Winning Bidder, other than objections subject to the August 1, 2025 objection deadline, must be in writing and will spell out the nature of such objection, comply with the Bankruptcy Code, Bankruptcy Rules, and Local Rules and are due by~~ **August 5, 2025** at ~~5:00 p.m.~~12:00 p.m. **(EST)**. At the Sale Hearing, the Debtors shall seek entry of the Sale Order (which will have been filed on **August 4, 2025**, in advance of the hearing).

38.     The Sale Hearing may be continued to a later date by the Debtors by sending notice to creditors or other parties in interest prior to, or making an announcement at, such Sale Hearing. No further notice of any such continuance will be required to be provided to any party.

## XII.    Return of Good Faith Deposit.

39.     The Deposit of the Winning Bidder will, upon consummation of the Winning Bid, become property of the Debtors' estates and be credited to the portion of such Winning Bidder's Purchase Price.

40.     If the Winning Bidder, if any, fails to consummate the Sale Transaction, then the Winning Bidder's Deposit will be irrevocably forfeited to the Debtors and may be retained by the Debtors as liquidated damages, in addition to any and all rights, remedies, or causes of action that may be available to the Debtors, pursuant to the applicable asset purchase agreement. Notwithstanding anything to the contrary herein, for the avoidance of doubt, the Deposit submitted by the Stalking Horse Bidder pursuant to the Stalking Horse APA shall be treated, returned to the Stalking Horse Bidder, or forfeited to the Debtors' estates solely in accordance with the terms of the Stalking Horse APA.

41.     The Deposits of any unsuccessful Qualified Bidders, including the Back-Up Bidder, will be promptly returned following the closing of the Sale.

42.     All such deposits shall be held in escrow and at no time shall be deemed property of the Debtors' estates absent further order of the Court.

## XIII.    Reservation of Rights

43.     The Debtors reserve their rights, in consultation with the Committee, to modify these Bidding Procedures or to waive any provision or requirement herein in their

15

reasonable business judgment and in a manner consistent with the maximization of their estates in any manner that will best promote the goals of the bidding process, or impose, at or before the Auction, additional customary terms and conditions on the sale of the Assets, including, without limitation: (a) extending the deadlines set forth in the Bidding Procedures; (b) adjourning the Auction at or prior to the Auction and/or adjourning the Sale Hearing prior to such hearing or in open Court without further notice; (c) adding procedural rules that are reasonably necessary or advisable under the circumstances for conducting the Auction; (d) canceling the Auction; (e) rejecting any or all bids or Qualified Bids if, in the Debtors' reasonable, good-faith business judgment, following consultation with the Committee, the Debtors determine that such Qualified Bid is (i) inadequate or insufficient, (ii) not in conformity with the requirements of the Bankruptcy Code or related rules or the terms set forth herein, or (iii) contrary to the best interests of the Debtors; and (f) adjusting the applicable Minimum Overbid Increments.  The Debtors further reserve the right, at any time, and in consultation with the Committee, for any reason, in their reasonable business judgment and consistent with their fiduciary duties, to decline to pursue the sale contemplated by these Bidding Procedures.  Notwithstanding the foregoing, (x) any modification to these Bidding Procedures which extends the timelines included herein shall be subject to the consent of the DIP Lender and the Stalking Horse Bidder, each of whose consent shall not be unreasonably withheld; (y) any such modification shall treat the Stalking Horse Bidder as a Qualified Bidder; and (z) any modification to these Bidding Procedures shall not be inconsistent with the terms of the Bidding Procedures Order, the Bankruptcy Code, or the Bankruptcy Rules. The Debtors shall provide written notice of any such modification to the Stalking Horse Bidder and each Qualified Bidder (and their respective counsel) as soon as reasonably practicable (email shall suffice).

## XIV.    Consent to Jurisdiction

44.    All Qualified Bidders at the Auction shall be deemed to have consented to the core jurisdiction of the Court and waived any right to a jury trial in connection with any disputes relating to the Auction, Sale Transaction, the construction and enforcement of these Bidding Procedures or the Order, and any other agreement entered into in connection with any proposed Sale Transaction, as applicable.

45.    Any parties raising a dispute relating to these Bidding Procedures must request that such dispute by heard by the Court on an expedited basis.

## Schedule 1

**Notice of Auction and Sale Hearing**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br>Powin, LLC, *et al.*,[1]<br><br>       Debtors. | Chapter 11<br><br>Case No. 25-16137 (MBK)<br><br>(Jointly Administered) |

**<u>NOTICE OF SALE BY AUCTION AND SALE HEARING</u>**

**PLEASE TAKE NOTICE** that on [●], 2025, the United States Bankruptcy Court for the District of New Jersey (the "<u>Court</u>") entered the *Order (I) Designating a Stalking Horse Bidder and Approving Stalking Horse Bidder Protections, (II) Approving Bidding Procedures by Which Interested Parties May Bid and an Auction Sale Format in Connection With the Sale of Substantially All of the Debtors' Assets, (III) Approving Form of Asset Purchase Agreement, (IV) Approving Form of Notice to be Provided to Interested Parties, (V) Authorizing the Assumption and Assignment of Assumed Contracts and Notice Procedures Thereto, (VI) Scheduling a Court Hearing to Consider Approval of the Sale to the Highest and Best Bidder, and (VII) Authorizing the Sale of the Debtors' Property Free and Clear of All Causes of Action and Claims* [Docket No. [●]] (the "<u>Order</u>")[2] in the chapter 11 cases of the above-captioned debtors and debtors-in-possession (collectively, the "<u>Debtors</u>").

**PLEASE TAKE FURTHER NOTICE** that the Debtors are soliciting offers for the purchase of substantially all of their Assets consistent with the Bidding Procedures approved by the Court pursuant to the Order.

**PLEASE TAKE FURTHER NOTICE** that the deadline by which parties must submit a non-binding indication of interest for some or all of the Assets, is **July 16, 2025 at 5:00 p.m. (EST)**.

**PLEASE TAKE FURTHER NOTICE** that all interested bidders should carefully read the Bidding Procedures and Order. To the extent that there are any inconsistencies between this notice and the Bidding Procedures or Order, the Bidding Procedures or Order, as applicable, shall govern in all respects.

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin Project LLC [1583]; (ii) Powin, LLC [0504], (iii) PEOS Holdings, LLC [5476], (iv) Powin China Holdings 1, LLC [1422], (v) Powin China Holdings 2, LLC [9713], (vi) Charger Holdings LLC [5241], (vii) Powin Energy Ontario Storage, LLC [ 8348], (viii) Powin Energy Operating Holdings, LLC [22495], and (ix) Powin Energy Operating, LLC [6487]. The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR 97062.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Order.

**PLEASE TAKE FURTHER NOTICE** that in accordance with the Bidding Procedures and the Order, the deadline by which all Qualified Bids must be submitted is **July 28, 2025**.

**PLEASE TAKE FURTHER NOTICE** that, in accordance with the Bidding Procedures, the Debtors may conduct the Auction of the Assets on **July 30, 2025, at 9:00 a.m. (EST)** at the offices of Dentons US LLP, 1221 6th Ave, New York, NY 10020.

**PLEASE TAKE FURTHER NOTICE** that, except as otherwise determined by the Debtors, only the Debtors, the U.S. Trustee, any Qualified Bidders, the official committee of unsecured creditors appointed in these Chapter 11 Cases (the "Committee"), and, in each case, the respective representatives and professionals of the foregoing parties, shall be entitled to attend the Auction, and only Qualified Bidders will be entitled to make Overbids at the Auction. All interested or potentially affected parties should carefully read the Bidding Procedures and the Order.

**PLEASE TAKE FURTHER NOTICE** that, except as otherwise set forth in the Order, objections to consummation or approval of the Sale Transaction must (a) be in writing; (b) conform to the applicable provisions of the Bankruptcy Rules and the Local Rules; (c) state with particularity the legal and factual bases for the objection and the specific grounds therefor; and (d) be filed with the Court and served so as to be actually received on or before **August 5~~4~~, 2025, at ~~5:00 p.m~~12:00 p.m. (EST)** by (i) the Debtors, (ii) the Office of the United States Trustee for the District of New Jersey, (iii) counsel to the Committee, (iv) the Winning Bidder, and (v) any other party that has filed a notice of appearance in these chapter 11 cases.

**PLEASE TAKE FURTHER NOTICE** that the Debtors may seek approval of the Sale of the Assets at a hearing scheduled to commence on **August 6, 2025, 9:30 a.m. (EST)**, before the Honorable Chief Judge Michael B. Kaplan, at the United States Bankruptcy Court for the District of New Jersey, 402 East State Street, Courtroom 8, Trenton, New Jersey 08608.

<u>**CONSEQUENCES OF FAILING TO TIMELY MAKE AN OBJECTION**</u>

**ANY PARTY OR ENTITY WHO FAILS TO TIMELY MAKE AN OBJECTION TO THE SALE TRANSACTION ON OR BEFORE THE SALE OBJECTION DEADLINE IN ACCORDANCE WITH THE ORDER SHALL BE FOREVER BARRED FROM ASSERTING ANY OBJECTION TO THE SALE TRANSACTION, INCLUDING WITH RESPECT TO THE TRANSFER OF THE DEBTORS' ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS, EXCEPT AS MAY BE SET FORTH IN THE APPLICABLE PURCHASE AGREEMENT OR THE PLAN, AS APPLICABLE.**

**PLEASE TAKE FURTHER NOTICE** that copies of the Order or any other documents in the Debtors' Chapter 11 Cases are available upon request to Verita Global by calling (866) 507-8031 (U.S./Canada) or (781) 575-2122 (international); (b) by visiting the Debtors restructuring website at https://www.veritaglobal.net/powin; or (c) for a fee via PACER by visiting http://www.njd.uscourts.gov.

Dated: July ~~1~~[_], 2025

**TOGUT, SEGAL & SEGAL LLP**

*/s/ Frank A. Oswald*
Frank A. Oswald (admitted)
550 Broad Street
Suite 1508
Newark, NJ 07102
Telephone:  (212) 594-5000
Facsimile:  (212) 967-4258
Email: frankoswald@teamtogut.com

Albert Togut (admitted *pro hac vice*)
Amanda C. Glaubach (admitted *pro hac vice*)
Eitan Blander (admitted *pro hac vice*)
One Penn Plaza, Suite 3335
New York, New York 10119
Telephone:  (212) 594-5000
Facsimile:  (212) 967-4258
Email: altogut@teamtogut.com
        aglaubach@teamtogut.com
        eblander@teamtogut.com

- and -

**DENTONS US LLP**

Tania M. Moyron (admitted *pro hac vice*)
Van C. Durrer, II (admitted *pro hac vice*)
601 S. Figueroa Street #2500
Los Angeles, CA 90017
Telephone:  (213) 623-9300
Facsimile:  (213) 623-9924
Email: tania.moyron@dentons.com
        van.durrer@dentons.com

John D. Beck (admitted *pro hac vice*)
Sarah M. Schrag (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020-1089
Telephone:  (212) 768-6700
Facsimile:  (212) 768-6800
Email: john.beck@dentons.com
        sarah.schrag@dentons.com

*Proposed Counsel for the Debtors and
Debtors-in-Possession*

## Schedule 2

**Notice of Potential Assumption of Contracts and Unexpired Leases**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br>Powin, LLC, *et al.*,[1]<br><br>    Debtors. | Chapter 11<br><br>Case No. 25-16137 (MBK)<br><br>(Jointly Administered) |

**NOTICE OF POTENTIALLY**
**ASSUMED EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

> YOU ARE RECEIVING THIS NOTICE BECAUSE YOU
> OR ONE OF YOUR AFFILIATES ARE A COUNTERPARTY TO AN
> EXECUTORY CONTRACT OR UNEXPIRED LEASE WITH ONE OR MORE
> OF THE DEBTORS AS SET FORTH ON **EXHIBIT A** ATTACHED HERETO.

**PLEASE TAKE NOTICE** that on [●], 2025, the United States Bankruptcy Court for the District of New Jersey (the "Court") entered the *Order (I) Designating a Stalking Horse Bidder and Approving Stalking Horse Bidder Protections, (II) Approving Bidding Procedures by Which Interested Parties May Bid and an Auction Sale Format in Connection With the Sale of Substantially All of the Debtors' Assets, (III) Approving Form of Asset Purchase Agreement, (IV) Approving Form of Notice to be Provided to Interested Parties, (V) Authorizing the Assumption and Assignment of Assumed Contracts and Notice Procedures Thereto, (VI) Scheduling a Court Hearing to Consider Approval of the Sale to the Highest and Best Bidder, and (VII) Authorizing the Sale of the Debtors' Property Free and Clear of All Causes of Action and Claims* [Docket No. [●]] (the "Order")[2] in the chapter 11 cases of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors").

**PLEASE TAKE FURTHER NOTICE** that the Order designates FlexGen Power Systems, LLC as the Stalking Horse Bidder and schedules an Auction on July 30, 2025, ~~the Debtors conducted an Auction~~ for the sale of substantially all of ~~their Assets, pursuant to the Order, and thereafter filed the~~ the Debtors' Assets.  The Debtors will file a Notice of Winning Bidder following the Auction, declaring ~~[●] as~~ the Winning Bidder for the Assets.

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin Project LLC [1583]; (ii) Powin, LLC [0504], (iii) PEOS Holdings, LLC [5476], (iv) Powin China Holdings 1, LLC [1422], (v) Powin China Holdings 2, LLC [9713], (vi) Charger Holdings, LLC [5241], (vii) Powin Energy Ontario Storage, LLC [ 8348], (viii) Powin Energy Operating Holdings, LLC [22495], and (ix) Powin Energy Operating, LLC [6487]. The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR  97062.

[2] Capitalized terms used but not defined in this notice have the meanings given to them in the ~~Order or~~ Motion~~, as applicable~~.

**PLEASE TAKE FURTHER NOTICE** that ~~pursuant to~~ the Order~~, the applicable~~ sets a Sale Hearing to consider approval of the Sale Transaction to the Winning Bidder ~~is currently scheduled~~ to take place on **August 6, 2025 at 9:30 a.m. (EST)** before the Honorable Chief Judge Michael B. Kaplan, at the United States Bankruptcy Court for the District of New Jersey, 402 East State Street, Courtroom 8, Trenton, NJ 08608.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Bidding Procedures and the terms of any Winning Bid, the Debtors may assume and assign to the Winning Bidder the contract(s) or agreement(s) listed on **Exhibit A** to which you are a counterparty, upon approval of the Sale Transaction.  The Debtors have conducted a review of their books and records and have determined that the cure payments ("Cure Payments") for unpaid monetary obligations under such contract(s) is as set forth on **Exhibit A**.

**PLEASE TAKE FURTHER NOTICE** that if you disagree with the proposed Cure Payments, object to a proposed assignment to the ~~Winning~~Stalking Horse Bidder of any Contract, or dispute the ability of the ~~Winning~~Stalking Horse Bidder to provide adequate assurance of future performance with respect to any Contract~~, or otherwise object to the applicable Sale Transaction~~, your objection must: (a) be in writing; (b) comply with the applicable provisions of the Bankruptcy Rules, Local Bankruptcy Rules, and any order governing the administration of these chapter 11 cases; (c) state with specificity the nature of the objection and, if the objection pertains to the proposed Cure Payments, state the correct Cure Payments alleged to be owed to the objecting contract counterparty, together with any applicable and appropriate documentation in support thereof; and (d) be filed with the Court and served and actually received no later than **~~August 5~~July 28, 2025 at 5:00 p.m. (EST)** (the "Stalking Horse Objection Deadline") by (i) the Debtors, (ii) the Office of the United States Trustee for the District of New Jersey, (iii) counsel to the official committee of unsecured creditors appointed in these chapter 11 cases, (iv) the ~~Winning~~Stalking Horse Bidder and (v) any other party that has filed a notice of appearance in these chapter 11 cases.

**PLEASE TAKE FURTHER NOTICE** that if the Winning Bidder is not the Stalking Horse Bidder and you object to a proposed assignment to such Winning Bidder of any Contract or dispute the ability of the Winning Bidder to provide adequate assurance of future performance with respect to any Contract, your objection must: (a) be in writing; (b) comply with the applicable provisions of the Bankruptcy Rules, Local Bankruptcy Rules, and any order governing the administration of these chapter 11 cases; (c) state with specificity the nature of the objection; and (d) be filed with the Court and served and actually received no later than **August 5, 2025 at 5:00 p.m. (EST)** (the "Other Winning Bidder Objection Deadline") by (i) the Debtors, (ii) the Office of the United States Trustee for the District of New Jersey, (iii) counsel to the official committee of unsecured creditors appointed in these chapter 11 cases, (iv) the Winning Bidder and (v) any other party that has filed a notice of appearance in these chapter 11 cases.

**PLEASE TAKE FURTHER NOTICE** that if no objection to (a) the Cure Payments, (b) the proposed assignment and assumption of any Contract, or (c) adequate assurance of the Stalking Horse Bidder's or Winning Bidder's ability to perform is filed by the applicable Stalking Horse Objection Deadline or Other Winning Bidder Objection Deadline, then (i) you will be deemed to have stipulated that the Cure Payments as determined by the Debtors are

correct, (ii) you will be forever barred, estopped, and enjoined from asserting any additional Cure Payments are due under the Contract, and (iii) you will be forever barred, estopped, and enjoined from objecting to such proposed assignment to the Stalking Horse Bidder or Winning Bidder on the grounds that the Stalking Horse Bidder or Winning Bidder has not provided adequate assurance of future performance as of the closing date of the Sale Transaction.

**PLEASE TAKE FURTHER NOTICE** that any objection to the proposed assumption and assignment of a Contract or related Cure Payments in connection with the Winning Bid that otherwise complies with these procedures yet remains unresolved as of the commencement of the Sale Hearing, shall be heard at a later date as may be fixed by the Court.

**PLEASE THAT FURTHER NOTICE** that, notwithstanding anything herein, the mere listing of any Contract on this Contract Assumption Notice or any Supplemental Assumption Notice does not require or guarantee that such Contract will be assumed by the Debtors at any time or assumed and assigned, and all rights of the Debtors and the Stalking Horse Bidder or Winning Bidder with respect to such Contracts are reserved. Moreover, the Debtors explicitly reserve the right, in their reasonable discretion, to seek to reject or assume each Contract pursuant to section 365(a) of the Bankruptcy Code and in accordance with the procedures allowing the Debtors and/or the Winning Bidder or Stalking Horse Bidder, as applicable, to designate any Contract as either rejected or assumed on a post-closing basis.

**PLEASE TAKE FURTHER NOTICE** that, nothing herein (a) alters in any way the prepetition nature of the Contracts or the validity, priority, or amount of any claims of a counterparty to any Contract against the Debtors that may arise under such Contract, (b) creates a postpetition contract or agreement, or (c) elevates to administrative expense priority any claims of a counterparty to any Contract against the Debtors that may arise under such Contract.

**PLEASE TAKE FURTHER NOTICE** that copies of the Order or any other documents in the Debtors' Chapter 11 Cases are available upon request to Verita Global by calling (866) 507-8031 (U.S./Canada) or (781) 575-2122 (international); (b) by visiting the Debtors restructuring website at https://www.veritaglobal.net/powin; or (c) for a fee via PACER by visiting http://www.njd.uscourts.gov.

*[Signature page to follow]*

Dated: July 1[_], 2025

**TOGUT, SEGAL & SEGAL LLP**

*/s/ Frank A. Oswald*
Frank A. Oswald (admitted)
550 Broad Street
Suite 1508
Newark, NJ 07102
Telephone:  (212) 594-5000
Facsimile:  (212) 967-4258
Email:  frankoswald@teamtogut.com

Albert Togut (admitted *pro hac vice*)
Amanda C. Glaubach (admitted *pro hac vice*)
Eitan Blander (admitted *pro hac vice*)
One Penn Plaza, Suite 3335
New York, New York 10119
Telephone:  (212) 594-5000
Facsimile:  (212) 967-4258
Email:  altogut@teamtogut.com
         aglaubach@teamtogut.com
         eblander@teamtogut.com

- and -

**DENTONS US LLP**

Tania M. Moyron (admitted *pro hac vice*)
Van C. Durrer, II (admitted *pro hac vice*)
601 S. Figueroa Street #2500
Los Angeles, CA 90017
Telephone:  (213) 623-9300
Facsimile:  (213) 623-9924
Email:  tania.moyron@dentons.com
         van.durrer@dentons.com

John D. Beck (admitted *pro hac vice*)
Sarah M. Schrag (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020-1089
Telephone:  (212) 768-6700
Facsimile:  (212) 768-6800
Email:  john.beck@dentons.com
         sarah.schrag@dentons.com

*Proposed Counsel for the Debtors and Debtors-in-Possession*

| | |
|---|---|
| **Summary report:**<br>**Litera Compare for Word 11.4.0.111 Document comparison done on**<br>**7/13/2025 8:49:26 AM** | |
| **Style name:** Underline Strikethrough | |
| **Intelligent Table Comparison:** Active | |
| **Original DMS:** iw://worksite.us.dentons.com/US_ACTIVE/130696146/5 | |
| **Modified DMS:** iw://worksite.us.dentons.com/US_ACTIVE/130696146/9 | |
| **Changes:** | |
| Add | 61 |
| Delete | 49 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 1 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 111 |