| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY** | |
| **STARK & STARK, PC**<br>Timothy P. Duggan, Esq.<br>Joseph H. Lemkin, Esq.<br>100 American Metro Blvd.<br>Hamilton, NJ 08619<br>Telephone (609) 791-7022<br>*Attorneys for Spark Power Renewables USA Inc.* | |
| In re:<br><br>POWIN, LLC, et. al.,<br><br>    Debtor. | Chapter 11<br><br>Case Nos. 25-16127 (MBK)<br><br>Hearing Date: 7/15/2025 @ 11:30 am |

**SPARK POWER RENEWABLES USA INC. RESPONSE AND RESERVATION OF RIGHTS REGARDING OMNIBUS MOTION OF THE DEBTORS FOR ENTRY OF ORDER (I) AUTHORIZING THE REJECTION OF LEGACY CUSTOMER CONTRACTS AND (II) GRANTING RELATED RELIEF**

Spark Power Renewables USA Inc. ("Spark") submits this Response and Reservation of Rights Regarding Omnibus Motion of the Debtors for Entry of Order (I) Authorizing the Rejection of Legacy Customer Contracts and (II) Granting Related Relief (the "Motion").

**PRELIMINARY STATEMENT**

1.    Spark is a contractor that provides preventative maintenance, corrective maintenance, emergency work and augmentation services to Powin, LLC (the "Debtor"). Spark's contract is not subject to the Motion and Spark does not take a position regarding the relief requested in the Motion. Spark's concern relates to the limited objections to the Motion filed by EDF power solutions, Inc. ("EDF") [Doc. 295] and by esVolta, LP ("esVolta") [Doc. 300] (the "Objections").

1

2. In the Objections, EDF and esVolta (collectively, the "Objecting Parties") seek the transfer and assignment of certain unidentified subcontractor warranties ("Subcontractor Warranties"). This request for the assignment of unidentified Subcontractor Warranties is not the subject of a cross-motion filed by either of the Objecting Parties. Even if the Objections were considered to be cross-motions, no certification or evidentiary support has been submitted in support of the requested relief. Hence the request for relief is fatally defective.

3. Further, the Objecting Parties have not alleged that they have any contractual relationship with Spark. To the extent Objecting Parties are seeking to enforce warranty claims and/or indemnity claims as a third-party beneficiary of Spark's contract with the Debtor, they have failed to allege, no less satisfy the elements for such relief. Finally, even if the Objecting Parties are intended third party beneficiaries, until such time as Spark's contract with the Debtor is assumed or rejected, the relief requested is premature.

4. The Objecting Parties requested relief vis-à-vis Subcontractor Warranties should be denied.

## FACTUAL BACKGROUND

5. On June 10, 2025, along with three other entities, (the "Petition Date") the Debtor commenced its bankruptcy case by filing a voluntary petition for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). Powin Project LLC had filed its bankruptcy case one day earlier (Case No. 25-16127).

6. No trustee or examiner has been appointed in these Chapter 11 Cases.

7. A Committee of Unsecured Creditors (the "Committee") was appointed by the United States Trustee on June 27, 2025.

4916-4709-3589, v. 1

8.	On or about May 20, 2024, the Debtor entered a Master Services Agreement-Approved Service Provider (the "MSA") with Spark. Pursuant to the MSA, Spark provide certain preventative maintenance, corrective maintenance, emergency work, and augmentation services for the Debtor.

9.	As of the Petition-Date, Debtor was delinquent with its obligations to Spark in an amount of approximately $2,477,430,94 (the "Arrears").

## LEGAL ARGUMENT

### A. Objecting Parties Requested Relief Is Procedurally Defective

10.	Local Bankruptcy Rule 9013-1 mandates that cross-motions must contain, among other things, the following documents:

1. a notice of motion stating the date, time, and place of the hearing;
2. a certification containing the facts supporting the relief request in compliance with Local Bankruptcy Rule 7007-1;
3. a memorandum of law stating the legal basis for the relief requested, or a statement why a memorandum of law is unnecessary.

D.N.J. LBR 9013-1.

11.	Here, Objecting Parties' request for the assignment of certain Subcontractor Warranties is premised on conclusory statements set forth in the Objections. No notice of motion, supporting certification or memorandum of law has been filed. Accordingly, the requested relief is fatally defective and must be denied.

### B. The Request for Assignment of Subcontractor Warranties Is Premature

12.	Only parties to a contract or intended third-party beneficiaries have standing to enforce its provisions. *See Restatement (Second) of Contracts* § 302). In general, a party cannot enforce the provisions of a contract to which it is not a privy, unless the parties to the contract

3

clearly intended to confer upon the third party to enforce it. *G&S Livingston Realty, Inc. v. CVS Pharm., Inc.*, 506 Fed. Appx. 182 (3d. Cir. 2012) (citations omitted). Here, Objecting Parties have not identified any contracts in which they are in privity with Spark and have not produced any evidence to establish that they are third party beneficiaries to the MSA. Until such time as Objecting Parties' status vis-à-vis the MSA is established, there is no basis for allowance of assignment of warranty or indemnification obligations that may exist under the MSA, if any.

13. Further, even if Objecting Parties can establish that they are beneficiaries entitled to enforce the MSA, they cannot do so unless and until the MSA is assumed in its entirety. Pursuant to section 365(b)(1) of the Bankruptcy Code, the potential assumption and assignment of a contract may not be consummated unless all defaults under the agreement have been cured as of the effective date of the assignment. The Debtor must also assume a contract in its entirety, subject to the terms and conditions thereof *cum onere*. *See N.L.R.B. v. Bildisco & Bildisco*, 465 U.S. 513, 531, 104 S. Ct. 1188, 1199, 79 L. Ed. 2d 482 (1984) ("Should the debtor-in-possession elect to assume the executory contract, however, it assumes the contract cum onere."); *In re MF Glob. Holdings Ltd.*, 466 B.R. 239, 241 (Bankr. S.D.N.Y. 2012) ("An executory contract may not be assumed in part and rejected in part . . . The trustee must either assume the entire contract, cum onere, or reject the entire contract, shedding obligations as well as benefits.").

14. Here the Objecting Parties cannot have any warranty/indemnity obligations assigned to them, unless and until the Debtor decides to assume and assign the MSA in its entirety. And then, such assumption and assignment cannot be effectuated without full cure of the Arrears and Objection Parties providing adequate assurance of future performance to Spark.

4916-4709-3589, v. 1

## **CONCLUSION**

For the foregoing reasons Spark requests that the Court deny the requested relief by the Objecting Parties regarding assignment of Subcontractor Warranties and grant such other and further relief as the Court deems appropriate.

                                        Respectfully submitted,

                                        STARK & STARK
                                        A Professional Corporation

                                        By:/s/ *Joseph H. Lemkin*
                                        JOSEPH H. LEMKIN, ESQ.
                                        TIMOTHY P. DUGGAN, ESQ.
                                         100 American Metro Blvd.
                                         Hamilton, NJ 08619
                                         (609) 791-7922 (direct)
                                         (609) 896-9060 (main)
                                         (609) 895-7395 (facsimile)