**DENTONS US LLP**
Tania M. Moyron (admitted *pro hac vice*)
Van C. Durrer, II (admitted *pro hac vice*)
601 S. Figueroa Street #2500
Los Angeles, CA 90017
Telephone:  (213) 623-9300
Facsimile:  (213) 623-9924
Email:  tania.moyron@dentons.com
        van.durrer@dentons.com

John D. Beck (admitted *pro hac vice*)
Sarah M. Schrag (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020-1089
Telephone:  (212) 768-6700
Facsimile:  (212) 768-6800
Email:  john.beck@dentons.com
        sarah.schrag@dentons.com

*Proposed Counsel for Debtors and
Debtors in Possession*

**TOGUT, SEGAL & SEGAL LLP**
Frank A. Oswald (admitted)
550 Broad Street
Suite 1508
Newark, NJ 07102
Telephone:  (212) 594-5000
Facsimile:  (212) 967-4258
Email:  frankoswald@teamtogut.com

Albert Togut (admitted *pro hac vice*)
Amanda C. Glaubach (admitted *pro hac vice*)
Eitan Blander (admitted *pro hac vice*)
One Penn Plaza, Suite 3335
New York, New York 10119
Telephone:  (212) 594-5000
Facsimile:  (212) 967-4258
Email:  altogut@teamtogut.com
        aglaubach@teamtogut.com
        eblander@teamtogut.com

*Proposed Counsel for Debtors and
Debtors in Possession*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>Powin, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-16137 (MBK)<br><br>(Jointly Administered) |

## CERTIFICATE OF NO OBJECTION WITH RESPECT TO MOTION OF THE DEBTORS FOR ENTRY OF INTERIM AND FINAL ORDERS: (I) AUTHORIZING USE OF CASH MANAGEMENT PROCEDURES, BANK ACCOUNTS, AND EXISTING BUSINESS FORMS: (II) PROHIBITING SETOFFS AND FREEZING OF BANK ACCOUNTS; (III) MODIFYING REQUIREMENTS OF SECTION 345(B) OF THE BANKRUPTCY CODE; AND (IV) FOR RELATED RELIEF

---

[1]  The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are:  (i) Powin Project LLC [1583], (ii) Powin, LLC [0504], (iii) PEOS Holdings, LLC [5476], (iv) Powin China Holdings 1, LLC [1422], (v) Powin China Holdings 2, LLC [9713], (vi) Charger Holdings, LLC [5241], (vii) Powin Energy Ontario Storage, LLC [ 8348], (viii) Powin Energy Operating Holdings, LLC [2495], and (ix) Powin Energy Operating, LLC [6487] (x) Powin Energy Storage 2, Inc. [9926]; (xi) Powin Energy Ontario Storage II LP [5787]; and (xii) Powin Canada B.C. Ltd. [2239]. The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR 97062.

**PLEASE TAKE NOTICE** that, in connection with the *Motion of the Debtors for Entry of Interim and Final Orders: (I) Authorizing Use of Cash Management Procedures, Bank Accounts, and Existing Business Forms; (II) Prohibiting Setoffs and Freezing of Bank Accounts; (III) Modifying Requirements of Section 345(b) of the Bankruptcy Code; and (IV) for Related Relief* [ECF No. 12] (the "Motion"), and the *Interim Order: (I) Authorizing Use of Cash Management Procedures, Bank Accounts, and Existing Business Forms: (II) Prohibiting Setoffs and Freezing of Bank Accounts; (III) Modifying Requirements of Section 345(b) of the Bankruptcy Code; and (IV) for Related Relief* [Docket No. 60] (the "Interim Order"), the above-captioned debtors and debtors in possession (collectively, the "Debtors"), by and through their undersigned counsel, hereby file this certificate of no objection.

**PLEASE TAKE FURTHER NOTICE** that the deadline for parties to file objections to approval of the Motion on a final basis was July 1, 2025 at 4:00 p.m. (prevailing Eastern Time) (the "Objection Deadline").    No objections or responses to the Motion were filed on the docket on or before the Objection Deadline.

**PLEASE TAKE FURTHER NOTICE** that a clean version of the proposed order approving the relief requested in the Motion on a final basis (the "Proposed Final Order") is attached hereto as **Exhibit A**.    A redline comparing the Proposed Final Order to the Interim Order is attached hereto as **Exhibit B**.    The Debtors respectfully request that the Court enter the Proposed Final Order.

*[Remainder of page intentionally left blank]*

Dated: July 14, 2025

**TOGUT, SEGAL & SEGAL LLP**

*/s/ Frank A. Oswald*
Frank A. Oswald (admitted)
550 Broad Street
Suite 1508
Newark, NJ 07102
Telephone:  (212) 594-5000
Facsimile:  (212) 967-4258
Email:  frankoswald@teamtogut.com

Albert Togut (admitted *pro hac vice*)
Amanda C. Glaubach (admitted *pro hac vice*)
Eitan Blander (admitted *pro hac vice*)
One Penn Plaza, Suite 3335
New York, New York 10119
Telephone:  (212) 594-5000
Facsimile:  (212) 967-4258
Email:  altogut@teamtogut.com
        aglaubach@teamtogut.com
        eblander@teamtogut.com

- and -

**DENTONS US LLP**

Tania M. Moyron (admitted *pro hac vice*)
Van C. Durrer, II (admitted *pro hac vice*)
601 S. Figueroa Street #2500
Los Angeles, CA 90017
Telephone:  (213) 623-9300
Facsimile:  (213) 623-9924
Email:  tania.moyron@dentons.com
        van.durrer@dentons.com

John D. Beck (admitted *pro hac vice*)
Sarah M. Schrag (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020-1089
Telephone:  (212) 768-6700
Facsimile:  (212) 768-6800
Email:  john.beck@dentons.com
        sarah.schrag@dentons.com

*Proposed Counsel for Debtors and Debtors in Possession*

## Exhibit A

**Proposed Final Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br>Powin, LLC, *et al.*,[1]<br><br>          Debtors. | Chapter 11<br><br>Case No. 25-16137 (MBK)<br><br>(Jointly Administered) |

**FINAL ORDER: (I) AUTHORIZING USE OF CASH MANAGEMENT**
**PROCEDURES, BANK ACCOUNTS, AND EXISTING BUSINESS FORMS; (II)**
**PROHIBITING SETOFFS AND FREEZING OF BANK ACCOUNTS; (III)**
**MODIFYING REQUIREMENTS OF SECTION 345(b) OF THE BANKRUPTCY**
**CODE; AND (IV) FOR RELATED RELIEF**

The relief set forth on the following pages, numbered two (2) through eleven (11), is

**ORDERED**.

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are:  (i) Powin Project LLC [1583], (ii) Powin, LLC [0504], (iii) PEOS Holdings, LLC [5476], (iv) Powin China Holdings 1, LLC [1422], (v) Powin China Holdings 2, LLC [9713], (vi) Charger Holdings, LLC [5241], (vii) Powin Energy Ontario Storage, LLC [ 8348], (viii) Powin Energy Operating Holdings, LLC [22495], and (ix) Powin Energy Operating, LLC [6487]. The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR  97062.

(Page 1)

Debtors:            Powin, LLC, *et al.*

Case No.            25-16137 (MBK)

Caption of Order:   *Final Order: (I) Authorizing Use of Cash Management Procedures, Bank Accounts, and Existing Business Forms; (II) Prohibiting Setoffs and Freezing of Bank Accounts; (III) Modifying the Requirements of Section 345(b) of the Bankruptcy Code; and (IV) For Related Relief*

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**DENTONS US LLP**

Tania M. Moyron (admitted *pro hac vice*)
Van C. Durrer, II (admitted *pro hac vice*)
601 S. Figueroa Street #2500
Los Angeles, CA 90017
Telephone:  (213) 623-9300
Facsimile:  (213) 623-9924
Email:  tania.moyron@dentons.com
            van.durrer@dentons.com


John D. Beck (admitted *pro hac vice*)
Sarah M. Schrag (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020-1089
Telephone:  (212) 768-6700
Facsimile:  (212) 768-6800
Email:  john.beck@dentons.com
            sarah.schrag@dentons.com


*Proposed Counsel for Debtors and Debtors in Possession*

**TOGUT, SEGAL & SEGAL LLP**

Frank A. Oswald (admitted)
550 Broad Street
Suite 1508
Newark, NJ 07102
Telephone:  (212) 594-5000
Facsimile:  (212) 967-4258
Email:  frankoswald@teamtogut.com


Albert Togut (admitted *pro hac vice*)
Amanda C. Glaubach (admitted *pro hac vice*)
Eitan Blander (*pro hac vice* )
One Penn Plaza, Suite 3335
New York, New York 10119
Telephone:  (212) 594-5000
Facsimile:  (212) 967-4258
Email:  altogut@teamtogut.com

            aglaubach@teamtogut.com
            eblander@teamtogut.com


*Proposed Counsel for Debtors and Debtors in Possession*

(Page 2)
Debtors:              Powin, LLC, *et al.*
Case No.              25-16137 (MBK)
Caption of Order:     *Final Order: (I) Authorizing Use of Cash Management Procedures, Bank*
                      *Accounts, and Existing Business Forms; (II) Prohibiting Setoffs and*
                      *Freezing of Bank Accounts; (III) Modifying the Requirements of Section*
                      *345(b) of the Bankruptcy Code; and (IV) For Related Relief*

Upon consideration of the Motion[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of a final order (this "Final Order"): (i) authorizing the Debtors to continue to use their existing Cash Management System, Bank Accounts, and existing Business Forms in the ordinary course of business; (ii) authorizing the Debtors to open or close Bank Accounts in the ordinary course of business; (iii) prohibiting applicable banks from offsetting against or freezing any of the Debtors' deposit accounts; (iv) modifying the requirements of § 345(b) of the Bankruptcy Code; and (v) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of New Jersey dated as of September 18, 2012; and that this Court may enter a final order consistent with Article III of the United States Constitution; and the Debtors asserting that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for hearing on the Motion were appropriate under the circumstances and that no other notice be provided; and this Court having determined that the legal and factual bases set forth in the Motion and at the hearing thereon establish just cause for the relief granted herein; and upon all of the proceedings before this Court; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

1.      The Motion is **GRANTED** on a final basis as set forth herein.

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

(Page 3)

| | |
|---|---|
| Debtors: | Powin, LLC, *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | *Final Order: (I) Authorizing Use of Cash Management Procedures, Bank Accounts, and Existing Business Forms; (II) Prohibiting Setoffs and Freezing of Bank Accounts; (III) Modifying the Requirements of Section 345(b) of the Bankruptcy Code; and (IV) For Related Relief* |

2.    The Debtors are authorized, but not directed, in the reasonable exercise of their business judgment, on a final basis, to: (i) continue the Cash Management System and related practices as used in the ordinary course prior to the Petition Date as described in the Motion in accordance with the prepetition agreements governing the Bank Accounts; (ii) utilize their existing Cash Management System and to designate, maintain, and continue to use the Bank Accounts, including the Restricted Accounts, with the same account numbers; (iii) use, in their present form, all preprinted correspondence and Business Forms (including letterhead) without reference to the Debtors' status as debtors in possession, though the Debtors, as of the date of this Final Order, shall, to the extent practicable, modify or cause to be modified such Business Forms with a notation bearing a designation of "Debtor-in-Possession" with the above-captioned case number; and (iv) treat such Bank Accounts, including the Restricted Accounts, for all purposes as accounts of the Debtors as debtors-in-possession and to maintain and continue using these accounts in the same manner and with the same account numbers, styles, and document forms as those employed prior to the Petition Date; *provided that*, with respect to intercompany transactions and transfers, including with any non-Debtor affiliates, the Debtors shall consult with the Official Committee of Unsecured Creditors (the "Committee") and FlexGen Power Systems, LLC (the "DIP Lender") two (2) business days prior to (i) making any transfer or combination of transfers of cash of more than $250,000 to non-Debtor affiliates in the aggregate, or (ii) reducing any intercompany receivables of more than $250,000 of non-Debtors.   Notwithstanding the foregoing, once the Debtors have exhausted their existing supply of correspondence, Business Forms stock and checks with respect to the Bank Accounts at the Banks, the Debtors will obtain new Business Forms stock

(Page 4)
Debtors:              Powin, LLC, *et al.*
Case No.              25-16137 (MBK)
Caption of Order:     *Final Order: (I) Authorizing Use of Cash Management Procedures, Bank*
                      *Accounts, and Existing Business Forms; (II) Prohibiting Setoffs and*
                      *Freezing of Bank Accounts; (III) Modifying the Requirements of Section*
                      *345(b) of the Bankruptcy Code; and (IV) For Related Relief*

and checks reflecting their status as "Debtors in Possession" and include the above-captioned case

number on all checks. Any and all postpetition checks as of the date of this Final Order shall bear

either a "DIP" or "Debtor in Possession" designation and case number. The Debtors shall further

immediately advise the Banks to restyle the bank accounts at the Banks as "Debtor-in-Possession

Accounts."

3.       The Debtors shall provide the U.S. Trustee, the Committee and the DIP Lender

with weekly reporting of intercompany balances.

4.       The Banks are hereby authorized on a final basis to continue to service and

administer all Bank Accounts and Restricted Accounts as accounts of the Debtors as debtors-in-

possession without interruption and in the ordinary course in a manner consistent with such

practices prior to the Petition Date, and to receive, process, honor, and pay, to the extent of

available funds, any and all checks, drafts, wires, or other electronic transfer requests issued,

payable through, or drawn on such Bank Accounts or Restricted Accounts prior to, on, or after the

Petition Date by the holders or makers thereof or other parties entitled to issue instructions with

respect thereto, as the case may be; provided, however, that any such checks, drafts, wires, or other

electronic transfer requests issued by the Debtors before the Petition Date shall not be honored

absent direction of the Debtors and a separate order of the Court authorizing such prepetition

payment; provided further, that any funds drawn from such Bank Accounts or Restricted Accounts

shall be subject to the terms of any interim or final orders authorizing the Debtors to use cash

collateral.

5.       Further, the Banks may rely on the representations of the Debtors with respect to

(Page 5)
Debtors:           Powin, LLC, *et al.*
Case No.           25-16137 (MBK)
Caption of Order:  *Final Order: (I) Authorizing Use of Cash Management Procedures, Bank
                   Accounts, and Existing Business Forms; (II) Prohibiting Setoffs and
                   Freezing of Bank Accounts; (III) Modifying the Requirements of Section
                   345(b) of the Bankruptcy Code; and (IV) For Related Relief*

whether any check, item, or other payment order drawn or issued by the Debtors prior to, on, or

after the Petition Date should be honored pursuant to this or any other order of this Court, and such

Bank shall not have any liability to any party for relying on such representations by the Debtors

pursuant to this Order.

6.       Notwithstanding anything to the contrary herein, with respect to the account ending

in x1172 at JPMorgan Chase Bank, N.A. ("Chase Bank"), for any withdrawal, payment, transfer,

fund disposition, or any other instructions (as defined in the Blocked Account Control Agreement,

dated November 12, 2024, by and among Glas USA LLC, Powin LLC, and Chase Bank, the

"Instructions") concerning such account, the Debtors and Glas USA LLC must issue joint written

instructions to Chase Bank. Upon receipt of such joint written instruction, Chase Bank shall be

authorized and directed to comply with such joint instruction.

7.       The Debtors are authorized on a final basis to make disbursements from the Bank

Accounts, including the Restricted Accounts, other than by check, including, without limitation,

via wire transfer, debit card, or other forms of electronic transfer, to the extent consistent with the

Debtors' existing cash management practices.

8.       The Debtors are authorized on a final basis to open any new bank accounts or close

any Bank Accounts as the Debtors may deem necessary and appropriate; provided, however, that

any such new bank account shall be established at an institution that is (a) a party to a Uniform

Depository Agreement ("UDA") with the U.S. Trustee for the District of New Jersey or is willing

to immediately execute a UDA and (b) agrees to be bound by the terms of this Final Order. The

Debtors shall provide notice within one (1) business day to the U.S. Trustee, the DIP Lender, and

(Page 6)

| | |
|---|---|
| Debtors: | Powin, LLC, *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | *Final Order: (I) Authorizing Use of Cash Management Procedures, Bank Accounts, and Existing Business Forms; (II) Prohibiting Setoffs and Freezing of Bank Accounts; (III) Modifying the Requirements of Section 345(b) of the Bankruptcy Code; and (IV) For Related Relief* |

the Committee of the opening of a new bank account or closing of an existing Bank Account. In addition, the opening or closing of a Bank Account shall be timely indicated on the Debtors' monthly operating reports. The U.S. Trustee, the DIP Lender, and the Committee will have fourteen (14) calendar days from receipt of such notice to file any objection with regard to opening or closing of a bank account, or such later date as may be extended by the Court or agreed to between the Debtors, the U.S. Trustee, the DIP Lender and/or the Committee. The relief granted in this Final Order is extended to any new bank account opened by the Debtors in the ordinary course of business and consistent with historical practices after the date hereof, which account shall be deemed a "Bank Account" and to the bank at which such account is opened, which bank shall be deemed a "Bank." Any new account must bear the designation "Debtor in Possession" and be designated as a "Debtor in Possession" account with the case number.

9.      The Banks are authorized on a final basis to charge and the Debtors are authorized to pay and honor, or allow to be deducted from the applicable Bank Account or Restricted Account, both pre-petition and post-petition service and other fees, costs, charges, and expenses to which the Banks may be entitled under the terms of and in accordance with their contractual arrangements with the Debtors (collectively, the "Bank Fees") provided that, in each case, such action is taken in the ordinary course of business and consistent with historical practices.  Claims on account of postpetition Bank Fees shall be entitled to administrative expense priority pursuant to section 503(b) of the Bankruptcy Code.

10.      To the extent any Bank Account is not in compliance with section 345(b) of the Bankruptcy Code or any of the U.S. Trustee's requirements or guidelines, the Debtors shall have

(Page 7)
Debtors:            Powin, LLC, *et al.*
Case No.            25-16137 (MBK)
Caption of Order:   *Final Order: (I) Authorizing Use of Cash Management Procedures, Bank Accounts, and Existing Business Forms; (II) Prohibiting Setoffs and Freezing of Bank Accounts; (III) Modifying the Requirements of Section 345(b) of the Bankruptcy Code; and (IV) For Related Relief*

until a date that is thirty (30) days from the date of this Final Order, without prejudice to seeking additional extensions, to either come into compliance with or to make such other arrangements as are agreed to by the U.S. Trustee or approved by the Court. The Debtors may obtain a further extension of the thirty (30) day period referenced above by written agreement of the U.S. Trustee and filing such agreement on the Court's docket without the need for further Court order.

11.    The Debtors and the Banks may, without further order of this Court, agree to and implement changes to the Cash Management System and procedures related thereto in the ordinary course of business and consistent with historical practices, including, without limitation, the opening of any new accounts, the closing of existing accounts, and entrance into ancillary agreements, including new deposit account control agreements related to the foregoing, as the Debtors and the Banks may deem necessary and appropriate, subject to paragraph 6 above. The Debtors shall provide notice within five (5) business days to the U.S. Trustee, the DIP Lender, and the Committee prior to making any material changes to the Cash Management System.

12.    For Banks at which the Debtors hold Bank Accounts that are not party to a UDA with the U.S. Trustee, the Debtors shall use their good-faith efforts to cause the Banks to execute a UDA in a form prescribed by the U.S. Trustee within thirty (30) days of the date of this Final Order. The U.S. Trustee's rights to seek further relief from this Court on notice in the event that the aforementioned banks are unwilling to execute a UDA in a form prescribed by the U.S. Trustee are fully preserved.

13.    To the extent that it is provided with notice of this Final Order, each Bank shall not honor or pay any bank payment drawn on the Bank Accounts listed in the Motion for which the

(Page 8)
Debtors:              Powin, LLC, *et al.*
Case No.              25-16137 (MBK)
Caption of Order:     *Final Order: (I) Authorizing Use of Cash Management Procedures, Bank*
                      *Accounts, and Existing Business Forms; (II) Prohibiting Setoffs and*
                      *Freezing of Bank Accounts; (III) Modifying the Requirements of Section*
                      *345(b) of the Bankruptcy Code; and (IV) For Related Relief*

Debtors specifically issue a timely stop payment order in accordance with the documents governing such accounts.

14.     The Debtors shall maintain records of all transfers within the Cash Management System, so that all transfers and transactions shall be adequately and promptly documented in, and ascertainable from, the Debtors' books and records to the same extent as maintained prior to the commencement of these chapter 11 cases. The Debtors are also directed to maintain their books and records so as to provide a clear line of demarcation between prepetition and postpetition transactions.

15.     Nothing in this Final Order shall prejudice the Debtors' right to seek recovery of any payments from any payee of a check as permitted under sections 544, 547, 548, 549, 550, or any other applicable provision of the Bankruptcy Code or applicable non-bankruptcy law.

16.     Nothing in this Final Order authorizes the Debtors to accelerate any payments not otherwise payable under applicable law.

17.     Subject to the terms set forth herein, any bank, including the Banks, may rely upon the representations of the Debtors, without any duty to inquire otherwise, with respect to whether any check, draft, wire, or other transfer drawn or issued by the Debtors prior to, on or, after the Petition Date should be honored pursuant to any order of this Court, of which items the Debtors shall promptly notify the Bank, and no Bank that honors a prepetition or postpetition check or other item drawn on any Bank Account that is the subject of this Final Order (a) at the direction of the Debtors, (b) in a good-faith belief that this Court has authorized such prepetition or postpetition check or item to be honored, or (c) as a result of a mistake made despite implementation of

(Page 9)
Debtors:            Powin, LLC, *et al.*
Case No.            25-16137 (MBK)
Caption of Order:   *Final Order: (I) Authorizing Use of Cash Management Procedures, Bank
                    Accounts, and Existing Business Forms; (II) Prohibiting Setoffs and
                    Freezing of Bank Accounts; (III) Modifying the Requirements of Section
                    345(b) of the Bankruptcy Code; and (IV) For Related Relief*

reasonable customary handling procedures, shall be deemed to be nor shall be liable to the Debtors,
the estates, or any other party on account of such prepetition or postpetition check or other item
being honored postpetition, or otherwise deemed to be in violation of this Final Order.

18.    Subject to § 553 of the Bankruptcy Code, the Banks are prohibited from offsetting,
affecting, freezing, or otherwise impeding the Debtors' use of any funds deposited in the Bank
Accounts or Restricted Accounts on account of, or by reason of, any claim (as defined in § 101(5))
of any such Bank against the Debtors that arose before the Petition Date, absent further order of
the Court.

19.    Notwithstanding the relief granted herein and any actions taken hereunder, nothing
contained in this Order, not any payment made pursuant to this Order, shall constitute, or is
intended to constitute, an admission as to the validity or priority of any claim against the Debtors,
a waiver of the Debtors' rights to subsequently dispute such claim, or the assumption or adoption
of any agreement, contract, or lease under § 365 of the Bankruptcy Code.

20.    Notwithstanding anything contained in the Motion or this Final Order, any payment
to be made, and any relief or authorization granted herein, shall be subject to, and must be in
compliance with, the terms and conditions in any orders authorizing the Debtors to use cash
collateral or obtain postpetition financing (collectively, the "Financing Orders"), including any
budgets in connection therewith as may be updated and approved from time to time in accordance
with the terms of the Financing Orders.  To the extent there is any inconsistency between the terms
of the Financing Orders and any action taken or proposed to be taken hereunder, the terms of the
Financing Orders shall control.

(Page 10)
Debtors:                 Powin, LLC, *et al.*
Case No.                 25-16137 (MBK)
Caption of Order:        *Final Order: (I) Authorizing Use of Cash Management Procedures, Bank*
                         *Accounts, and Existing Business Forms; (II) Prohibiting Setoffs and*
                         *Freezing of Bank Accounts; (III) Modifying the Requirements of Section*
                         *345(b) of the Bankruptcy Code; and (IV) For Related Relief*

21.     Despite the use of a consolidated cash management system, the Debtors shall calculate quarterly fees under 28 U.S.C. § 1930(a)(6) based on the disbursements of each Debtor, regardless of who pays those disbursements.

22.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

23.     Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

24.     The Debtors shall serve a copy of this Final Order on all required parties pursuant to Local Rule 9013-5(f).

25.     This Court shall retain jurisdiction to hear and determine all matters arising from the implementation, interpretation, and enforcement of this Final Order.

**<u>Exhibit B</u>**

**Redline**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br>Powin, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-16137 (MBK)<br><br>(Jointly Administered) |

### ~~INTERIM~~FINAL ORDER: (I) AUTHORIZING USE OF CASH MANAGEMENT PROCEDURES, BANK ACCOUNTS, AND EXISTING BUSINESS FORMS; (II) PROHIBITING SETOFFS AND FREEZING OF BANK ACCOUNTS; (III) MODIFYING REQUIREMENTS OF SECTION 345(b) OF THE BANKRUPTCY CODE; AND (IV) FOR RELATED RELIEF

The relief set forth on the following pages, numbered two (2) through eleven (11), is

**ORDERED**.

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are:  (i) Powin Project LLC [1583], (ii) Powin, LLC [0504], (iii) PEOS Holdings, LLC [5476], (iv) Powin China Holdings 1, LLC [1422], (v) Powin China Holdings 2, LLC [9713], (vi) Charger Holdings, LLC [5241], (vii) Powin Energy Ontario Storage, LLC [ 8348], (viii) Powin Energy Operating Holdings, LLC [22495], and (ix) Powin Energy Operating, LLC [6487]. The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR  97062.

(Page 1)

Debtors:               Powin, LLC, *et al.*
Case No.               25-16137 (MBK)
Caption of Order:      ~~*Interim*~~*Final* Order: (I) Authorizing Use of Cash Management
                       Procedures, Bank Accounts, and Existing Business Forms; (II)
                       Prohibiting Setoffs and Freezing of Bank Accounts; (III) Modifying the
                       Requirements of Section 345(b) of the Bankruptcy Code; and (IV) For
                       Related Relief

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**DENTONS US LLP**

Tania M. Moyron (admitted *pro hac vice*
~~forthcoming~~)
Van C. Durrer, II (admitted *pro hac vice*
~~forthcoming~~)
601 S. Figueroa Street #2500
Los Angeles, CA 90017
Telephone:  (213) 623-9300
Facsimile:  (213) 623-9924
Email:  tania.moyron@dentons.com
        van.durrer@dentons.com

John D. Beck (*pro hac vice* forthcoming)
Sarah M. Schrag (*pro hac vice* forthcoming)
1221 Avenue of the Americas
New York, NY 10020-1089
Telephone:  (212) 768-6700
Facsimile:  (212) 768-6800
Email:  john.beck@dentons.com
        sarah.schrag@dentons.com

*Proposed Counsel for Debtors and
Debtors in Possession*

**TOGUT, SEGAL & SEGAL LLP**

Frank A. Oswald (admitted)
550 Broad Street
Suite 1508
Newark, NJ 07102
Telephone:  (212) 594-5000
Facsimile:  (212) 967-4258
Email:  frankoswald@teamtogut.com

Albert Togut (*pro hac vice* forthcoming)
Amanda C. Glaubach (*pro hac vice*
forthcoming)
Eitan Blander (*pro hac vice* forthcoming)
One Penn Plaza, Suite 3335
New York, New York 10119
Telephone:  (212) 594-5000
Facsimile:  (212) 967-4258
Email:  altogut@teamtogut.com
        aglaubach@teamtogut.com
        eblander@teamtogut.com

*Proposed Counsel for Debtors and
Debtors in Possession*

(Page 2)

Debtors:            Powin, LLC, *et al.*
Case No.            25-16137 (MBK)
Caption of Order:   ~~*Interim*~~*Final* Order: (I) Authorizing Use of Cash Management
                    *Procedures, Bank Accounts, and Existing Business Forms; (II)*
                    *Prohibiting Setoffs and Freezing of Bank Accounts; (III) Modifying the*
                    *Requirements of Section 345(b) of the Bankruptcy Code; and (IV) For*
                    *Related Relief*

Upon consideration of the Motion[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of ~~an interim~~a final order (this "~~Interim~~Final Order"): (i) authorizing the Debtors to continue to use their existing Cash Management System, Bank Accounts, and existing Business Forms in the ordinary course of business; (ii) authorizing the Debtors to open or close Bank Accounts in the ordinary course of business; (iii) prohibiting applicable banks from offsetting against or freezing any of the Debtors' deposit accounts; (iv) modifying the requirements of § 345(b) of the Bankruptcy Code; and (v~~) scheduling a final hearing (the "Final Hearing"); and (vi~~) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of New Jersey dated as of September 18, 2012; and that this Court may enter a final order consistent with Article III of the United States Constitution; and the Debtors asserting that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for hearing on the Motion were appropriate under the circumstances and that no other notice be provided; and this Court having determined that the legal and factual bases set forth in the Motion and at the hearing thereon establish just cause for the relief granted

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

(Page 3)
Debtors:            Powin, LLC, *et al.*
Case No.            25-16137 (MBK)
Caption of Order:   ~~Interim~~Final Order: (I) Authorizing Use of Cash Management
                    *Procedures, Bank Accounts, and Existing Business Forms; (II)*
                    *Prohibiting Setoffs and Freezing of Bank Accounts; (III) Modifying the*
                    *Requirements of Section 345(b) of the Bankruptcy Code; and (IV) For*
                    *Related Relief*

herein; and upon all of the proceedings before this Court; and after due deliberation and

sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

1.      1.      The Motion is **GRANTED** on ~~an interim~~a final basis as set forth herein.

2.      2.      The Debtors are authorized, but not directed, in the reasonable exercise of

their business judgment, on ~~an interim~~a final basis, to: (i) continue the Cash Management System

and related practices as used in the ordinary course prior to the Petition Date as described in the

Motion in accordance with the prepetition agreements governing the Bank Accounts; (ii) utilize

their existing Cash Management System and to designate, maintain, and continue to use the

Bank Accounts, including the Restricted Accounts, with the same account numbers; (iii) use, in

their present form, all preprinted correspondence and Business Forms (including letterhead)

without reference to the Debtors' status as debtors in possession, though the Debtors, as of the

date of this ~~Interim~~Final Order, shall, to the extent practicable, modify or cause to be modified

such Business Forms with a notation bearing a designation of "Debtor-in-Possession" with the

above-captioned case number; and (iv) treat such Bank Accounts, including the Restricted

Accounts, for all purposes as accounts of the Debtors as debtors-in-possession and to maintain

and continue using these accounts in the same manner and with the same account numbers,

styles, and document forms as those employed prior to the Petition Date; *provided that*, with

respect to intercompany transactions and transfers, including with any non-Debtor affiliates, the

Debtors shall consult with the Official Committee of Unsecured Creditors (the "Committee")

and FlexGen Power Systems, LLC (the "DIP Lender") two (2) business days prior to (i) making

(Page 4)

| | |
|---|---|
| Debtors: | Powin, LLC, *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | ~~Interim~~<u>Final</u> Order: (I) Authorizing Use of Cash Management Procedures, Bank Accounts, and Existing Business Forms; (II) Prohibiting Setoffs and Freezing of Bank Accounts; (III) Modifying the Requirements of Section 345(b) of the Bankruptcy Code; and (IV) For Related Relief |

<u>any transfer or combination of transfers of cash of more than $250,000 to non-Debtor affiliates in the aggregate, or (ii) reducing any intercompany receivables of more than $250,000 of non-Debtors.</u>  Notwithstanding the foregoing, once the Debtors have exhausted their existing supply of correspondence, Business Forms stock and checks with respect to the Bank Accounts at the Banks, the Debtors will obtain new Business Forms stock and checks reflecting their status as "Debtors in Possession" and include the above-captioned case number on all checks. ~~Further, within fourteen calendar (14) days of entry of this Interim Order, the Debtors shall update any electronically produced checks to reflect their status as "Debtors in Possession" and to include the above-captioned case number.~~ Any and all postpetition checks as of the date of this ~~Interim~~<u>Final</u> Order shall bear either a "DIP" or "Debtor in Possession" designation and case number. The Debtors shall further immediately advise the Banks to restyle the bank accounts at the Banks as "Debtor-in-Possession Accounts."

3.        <u>3.</u>        <u>The Debtors shall provide the U.S. Trustee, the Committee and the DIP Lender with weekly reporting of intercompany balances.</u>

4.        ~~3~~<u>4</u>.        The Banks are hereby authorized on ~~an interim~~<u>a final</u> basis to continue to service and administer all Bank Accounts and Restricted Accounts as accounts of the Debtors as debtors-in-possession without interruption and in the ordinary course in a manner consistent with such practices prior to the Petition Date, and to receive, process, honor, and pay, to the extent of available funds, any and all checks, drafts, wires, or other electronic transfer requests issued, payable through, or drawn on such Bank Accounts or Restricted Accounts <u>prior to, on, or</u> after

(Page 5)

| | |
|---|---|
| Debtors: | Powin, LLC, *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | ~~*Interim*~~*Final* Order: (I) Authorizing Use of Cash Management Procedures, Bank Accounts, and Existing Business Forms; (II) Prohibiting Setoffs and Freezing of Bank Accounts; (III) Modifying the Requirements of Section 345(b) of the Bankruptcy Code; and (IV) For Related Relief |

the Petition Date by the holders or makers thereof or other parties entitled to issue instructions with respect thereto, as the case may be; provided, however, that any such checks, drafts, wires, or other electronic transfer requests issued by the Debtors before the Petition Date shall not be honored absent direction of the Debtors and a separate order of the Court authorizing such prepetition payment; provided further, that any funds drawn from such Bank Accounts or Restricted Accounts shall be subject to the terms of any interim or final orders authorizing the Debtors to use cash collateral.

5.    ~~4~~5.    Further, the Banks may rely on the representations of the Debtors with respect to whether any check, item, or other payment order drawn or issued by the Debtors prior to, on, or after the Petition Date should be honored pursuant to this or any other order of this Court, and such Bank shall not have any liability to any party for relying on such representations by the ~~Debtor~~Debtors pursuant to this Order.

6.    6.    Notwithstanding anything to the contrary herein, with respect to the account ending in x1172 at JPMorgan Chase Bank, N.A. ("Chase Bank"), for any withdrawal, payment, transfer, fund disposition, or any other instructions (as defined in the Blocked Account Control Agreement, dated November 12, 2024, by and among Glas USA LLC, Powin LLC, and Chase Bank, the "Instructions") concerning such account, the Debtors and Glas USA LLC must issue joint written instructions to Chase Bank. Upon receipt of such joint written instruction, Chase Bank shall be authorized and directed to comply with such joint instruction.

7.    ~~5~~7.    The Debtors are authorized on ~~an interim~~a final basis to make

(Page 6)

| | |
|---|---|
| Debtors: | Powin, LLC, *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | ~~Interim~~Final Order: (I) Authorizing Use of Cash Management Procedures, Bank Accounts, and Existing Business Forms; (II) Prohibiting Setoffs and Freezing of Bank Accounts; (III) Modifying the Requirements of Section 345(b) of the Bankruptcy Code; and (IV) For Related Relief |

disbursements from the Bank Accounts, including the Restricted Accounts, other than by check, including, without limitation, via wire transfer, debit card, or other forms of electronic transfer, to the extent consistent with the Debtors' existing cash management practices.

8.    ~~68~~.    The Debtors are authorized on ~~an interim~~a final basis to open any new bank accounts or close any Bank Accounts as the Debtors may deem necessary and appropriate; provided, however, that any such new bank account shall be established at an institution that is (a) a party to a Uniform Depository Agreement ("UDA") with the U.S. Trustee for the District of New Jersey or is willing to immediately execute a UDA and (b) agrees to be bound by the terms of this ~~Interim~~Final Order. The Debtors shall provide notice within one (1) business day to the U.S. Trustee ~~and counsel to any statutory committees that may be appointed in these chapter 11 cases~~, the DIP Lender, and the Committee of the opening of a new bank account or closing of an existing Bank Account. In addition, the opening or closing of a Bank Account shall be timely indicated on the Debtors' monthly operating reports. The U.S. Trustee ~~and any statutory committee appointed in these chapter 11 cases~~, the DIP Lender, and the Committee will have fourteen (14) calendar days from receipt of such notice to file any objection with regard to opening or closing of a bank account, or such later date as may be extended by the Court or agreed to between the Debtors, the U.S. Trustee, ~~and/or any statutory committees appointed in these chapter 11 cases~~the DIP Lender and/or the Committee. The relief granted in this ~~Interim~~Final Order is extended to any new bank account opened by the Debtors in the ordinary course of business and consistent with historical practices after the date hereof, which account

(Page 7)
Debtors:            Powin, LLC, *et al.*
Case No.            25-16137 (MBK)
Caption of Order:   ~~Interim~~*Final* Order: (I) Authorizing Use of Cash Management
                    Procedures, Bank Accounts, and Existing Business Forms; (II)
                    Prohibiting Setoffs and Freezing of Bank Accounts; (III) Modifying the
                    Requirements of Section 345(b) of the Bankruptcy Code; and (IV) For
                    Related Relief

shall be deemed a "Bank Account" and to the bank at which such account is opened, which bank

shall be deemed a "Bank." Any new account must bear the designation "Debtor in Possession"

and be designated as a "Debtor in Possession" account with the case number.

9.   ~~79~~.   The Banks are authorized on ~~an interim~~a final basis to charge and the

Debtors are authorized to pay and honor, or allow to be deducted from the applicable Bank

Account or Restricted Account, both pre-petition and post-petition service and other fees, costs,

charges, and expenses to which the Banks may be entitled under the terms of and in accordance

with their contractual arrangements with the Debtors (collectively, the "Bank Fees") provided

that, in each case, such action is taken in the ordinary course of business and consistent with

historical practices.   Claims on account of postpetition Bank Fees shall be entitled to

administrative expense priority pursuant to section 503(b) of the Bankruptcy Code.

10.   ~~8~~10.   To the extent any Bank Account is not in compliance with section 345(b)

of the Bankruptcy Code or any of the U.S. Trustee's requirements or guidelines, the Debtors

shall have until a date that is thirty (30) days from the date of this ~~Interim~~Final Order, without

prejudice to seeking additional extensions, to either come into compliance with or to make such

other arrangements as are agreed to by the U.S. Trustee or approved by the Court.  The Debtors

may obtain a further extension of the thirty (30) day period referenced above by written

agreement of the U.S. Trustee and filing such agreement on the Court's docket without the need

for further Court order.

11.   ~~9~~11.   The Debtors and the Banks may, without further order of this Court, agree

US_ACTIVE\~~130525203~~130666931

(Page 8)
Debtors:          Powin, LLC, *et al.*
Case No.          25-16137 (MBK)
Caption of Order:  ~~*Interim*~~*Final* Order: (I) Authorizing Use of Cash Management
                   Procedures, Bank Accounts, and Existing Business Forms; (II)
                   Prohibiting Setoffs and Freezing of Bank Accounts; (III) Modifying the
                   Requirements of Section 345(b) of the Bankruptcy Code; and (IV) For
                   Related Relief

to and implement changes to the Cash Management System and procedures related thereto in the

ordinary course of business and consistent with historical practices, including, without limitation,

the opening of any new accounts, the closing of existing accounts, and entrance into ancillary

agreements, including new deposit account control agreements related to the foregoing, as the

Debtors and the Banks may deem necessary and appropriate, subject to paragraph 6 above. The

Debtors shall provide notice within five (5) business days to the U.S. Trustee ~~and counsel to any~~

~~statutory committee appointed in these chapter 11 cases~~, the DIP Lender, and the Committee

prior to making any material changes to the Cash Management System.

~~12.      10.    For Banks at which the Debtors hold Bank Accounts that are not party to a~~

~~UDA with the U.S. Trustee for the District of New Jersey, within five (5) days of the date of~~

~~entry of this Interim Order, the Debtors shall (a) contact each Bank, (b) provide the Banks with~~

~~each of the Debtors' employer identification numbers, and (c) identify each of the bank accounts~~

~~held at such Banks as being held by a debtor in possession in the Debtors' bankruptcy case, and~~

~~provide the case number.~~

13.      ~~11~~12.    For Banks at which the Debtors hold Bank Accounts that are not party to a

UDA with the U.S. Trustee, the Debtors shall use their good-faith efforts to cause the Banks to

execute a UDA in a form prescribed by the U.S. Trustee within thirty (30) days of the date of this

~~Interim~~Final Order. The U.S. Trustee's rights to seek further relief from this Court on notice in

the event that the aforementioned banks are unwilling to execute a UDA in a form prescribed by

the U.S. Trustee are fully preserved.

(Page 9)
Debtors:           Powin, LLC, *et al.*
Case No.           25-16137 (MBK)
Caption of Order:  ~~Interim~~Final Order: (I) Authorizing Use of Cash Management
                   Procedures, Bank Accounts, and Existing Business Forms; (II)
                   Prohibiting Setoffs and Freezing of Bank Accounts; (III) Modifying the
                   Requirements of Section 345(b) of the Bankruptcy Code; and (IV) For
                   Related Relief

14.    ~~12~~13.  To the extent that it is provided with notice of this ~~Interim~~Final Order, each Bank shall not honor or pay any bank payment drawn on the Bank Accounts listed in the Motion for which the Debtors specifically issue a timely stop payment order in accordance with the documents governing such accounts.

15.    ~~13~~14.  The Debtors shall maintain records of all transfers within the Cash Management System, so that all transfers and transactions shall be adequately and promptly documented in, and ascertainable from, the Debtors' books and records to the same extent as maintained prior to the commencement of these chapter 11 cases. The Debtors are also directed to maintain their books and records so as to provide a clear line of demarcation between prepetition and postpetition transactions.

16.    ~~14~~15.  Nothing in this ~~Interim~~Final Order shall prejudice the Debtors' right to seek recovery of any payments from any payee of a check as permitted under sections 544, 547, 548, 549, 550, or any other applicable provision of the Bankruptcy Code or applicable non-bankruptcy law.

17.    ~~15~~16.  Nothing in this ~~Interim~~Final Order authorizes the Debtors to accelerate any payments not otherwise payable under applicable law.

18.    ~~16~~17.  Subject to the terms set forth herein, any bank, including the Banks, may rely upon the representations of the Debtors, without any duty to inquire otherwise, with respect to whether any check, draft, wire, or other transfer drawn or issued by the Debtors prior to, on or, after the Petition Date should be honored pursuant to any order of this Court, of which items the

(Page 10)
Debtors:            Powin, LLC, *et al.*
Case No.            25-16137 (MBK)
Caption of Order:   ~~Interim~~*Final* Order: (I) Authorizing Use of Cash Management
                    *Procedures, Bank Accounts, and Existing Business Forms; (II)*
                    *Prohibiting Setoffs and Freezing of Bank Accounts; (III) Modifying the*
                    *Requirements of Section 345(b) of the Bankruptcy Code; and (IV) For*
                    *Related Relief*

Debtors shall promptly notify the Bank, and no Bank that honors a prepetition or postpetition check or other item drawn on any Bank Account that is the subject of this ~~Interim~~Final Order (a) at the direction of the Debtors, (b) in a good-faith belief that this Court has authorized such prepetition or postpetition check or item to be honored, or (c) as a result of a mistake made despite implementation of reasonable customary handling procedures, shall be deemed to be nor shall be liable to the Debtors, the estates, or any other party on account of such prepetition or postpetition check or other item being honored postpetition, or otherwise deemed to be in violation of this ~~Interim~~Final Order.

19.    ~~17~~18.    Subject to § 553 of the Bankruptcy Code, the Banks are prohibited from offsetting, affecting, freezing, or otherwise impeding the Debtors' use of any funds deposited in the Bank Accounts or Restricted Accounts on account of, or by reason of, any claim (as defined in § 101(5)) of any such Bank against the Debtors that arose before the Petition Date, absent further order of the Court.

~~20.    18.    This Order shall be without prejudice to the Debtors' rights to seek a further interim waiver from this Court of such requirements or to seek approval from this Court to deviate from such requirements on a final basis.~~

21.    19.    Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained in this Order, not any payment made pursuant to this Order, shall constitute, or is intended to constitute, an admission as to the validity or priority of any claim against the Debtors, a waiver of the Debtors' rights to subsequently dispute such claim, or the assumption or

(Page 11)
Debtors:           Powin, LLC, *et al.*
Case No.           25-16137 (MBK)
Caption of Order:  ~~*Interim*~~*Final* Order: (I) Authorizing Use of Cash Management
                   *Procedures, Bank Accounts, and Existing Business Forms; (II)*
                   *Prohibiting Setoffs and Freezing of Bank Accounts; (III) Modifying the*
                   *Requirements of Section 345(b) of the Bankruptcy Code; and (IV) For*
                   *Related Relief*

adoption of any agreement, contract, or lease under § 365 of the Bankruptcy Code.

22.   20.   Notwithstanding anything contained in the Motion or this Final Order, any payment to be made, and any relief or authorization granted herein, shall be subject to, and must be in compliance with, the terms and conditions in any orders authorizing the Debtors to use cash collateral or obtain postpetition financing (collectively, the "Financing Orders"), including any budgets in connection therewith as may be updated and approved from time to time in accordance with the terms of the Financing Orders.  To the extent there is any inconsistency between the terms of the Financing Orders and any action taken or proposed to be taken hereunder, the terms of the Financing Orders shall control.

23.   ~~20~~21.   Despite the use of a consolidated cash management system, the Debtors shall calculate quarterly fees under 28 U.S.C. § 1930(a)(6) based on the disbursements of each Debtor, regardless of who pays those disbursements.

~~24.   21.   To the extent applicable, the requirements set forth in Bankruptcy Rule 6003(b) are satisfied.~~

25.   22.   Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

26.   23.   Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

~~27.   24.   The final hearing (the "Final Hearing") to consider the entry of a final~~

(Page 12)

| | |
|---|---|
| Debtors: | Powin, LLC, *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | ~~*Interim*~~*Final* Order: (I) Authorizing Use of Cash Management Procedures, Bank Accounts, and Existing Business Forms; (II) Prohibiting Setoffs and Freezing of Bank Accounts; (III) Modifying the Requirements of Section 345(b) of the Bankruptcy Code; and (IV) For Related Relief |

~~order granting the relief requested in the Motion shall be held on~~

~~_____ at _____.m. prevailing Eastern Time.~~

~~28.~~    ~~25.~~    ~~Objections, if any, that relate to the Motion shall be filed and served so as to be actually received by the following parties on or before _____, 2025 at 4:00 p.m. (Eastern Time) on: (a) the Debtors, Powin, LLC, et al., (b) proposed co-counsel to the Debtors, Dentons US LLP, 601 S. Figueroa Street #2500, Los Angeles, CA 90017, Attn: Tania M. Moyron (tania.moyron@dentons.com), Van C. Durrer, II (van.durrer@dentons.com); Dentons US LLP, 1221 Avenue of the Americas, New York, NY 10020, Attn: John D. Beck (john.beck@dentons.com), Sarah M. Schrag (sarah.schrag@dentons.com); Togut Segal & Segal LLP, 550 Broad Street, Suite 1508, Newark, NJ 07102, Attn: Frank Oswald (frankoswald@teamtogut.com); Togut Segal & Segal LLP, One Penn Plaza, Suite 3335, New York, New York 10119, Attn: Albert Togut (altogut@teamtogut.com), Amanda C. Glaubach (aglaubach@teamtogut.com), Eitan Blander (eblander@teamtogut.com); (c) the United States Trustee for the District of New Jersey, One Newark Center, Suite 2100, Newark, NJ 07102, Attn: Jeffrey M. Sponder (Jeffrey.m.sponder@usdoj.gov) and Lauren Bielskie (Lauren.bielskie@usdoj.gov); and (d) counsel to any statutory committees appointed in these chapter 11 cases. If no objections are filed to the Motion, the Court may enter an order approving the relief requested in the Motion on a final basis without further notice or hearing.~~

29.    ~~26~~24.    The Debtors shall serve a copy of this ~~Interim~~*Final* Order on all required parties pursuant to Local Rule 9013-5(f).

(Page 13)
Debtors:            Powin, LLC, *et al.*
Case No.            25-16137 (MBK)
Caption of Order:   ~~*Interim*~~*Final* Order: (I) Authorizing Use of Cash Management
                    *Procedures, Bank Accounts, and Existing Business Forms; (II)*
                    *Prohibiting Setoffs and Freezing of Bank Accounts; (III) Modifying the*
                    *Requirements of Section 345(b) of the Bankruptcy Code; and (IV) For*
                    *Related Relief*

~~30.~~   ~~27.~~   ~~Any party may move for modification of this Interim Order in accordance~~

~~with Local Rule 9013-5(e).~~

31.   ~~28~~25.   This Court shall retain jurisdiction to hear and determine all matters

arising from

the implementation, interpretation, and enforcement of this ~~Interim~~Final Order.

| Summary report: Litera Compare for Word 11.4.0.111 Document comparison done on 7/14/2025 5:30:38 PM | |
|---|---|
| **Style name:** Underline Strikethrough | |
| **Intelligent Table Comparison:** Active | |
| **Original DMS:** iw://worksite.us.dentons.com/US_ACTIVE/130525203/3 | |
| **Modified DMS:** iw://worksite.us.dentons.com/US_ACTIVE/130666931/3 | |
| **Changes:** | |
| Add | 65 |
| Delete | 59 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 124 |