**DENTONS US LLP**

Lauren Macksoud (admitted)
101 JFK Parkway
Short Hills, NJ 07078
Telephone: (973) 912-7100
Facsimile: (973) 912-7199
Email: lauren.macksoud@dentons.com

**DENTONS US LLP**

Tania M. Moyron (admitted *pro hac vice*)
Van C. Durrer, II (admitted *pro hac vice*)
601 S. Figueroa Street #2500
Los Angeles, CA 90017
Telephone: (213) 623-9300
Facsimile: (213) 623-9924
Email: tania.moyron@dentons.com
          van.durrer@dentons.com

John D. Beck (admitted *pro hac vice*)
Sarah M. Schrag (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020-1089
Telephone: (212) 768-6700
Facsimile: (212) 768-6800
Email: john.beck@dentons.com
          sarah.schrag@dentons.com

*Proposed Counsel for Debtors and
Debtors in Possession*

**TOGUT, SEGAL & SEGAL LLP**

Frank A. Oswald (admitted)
550 Broad Street
Suite 1508
Newark, NJ 07102
Telephone: (212) 594-5000
Facsimile: (212) 967-4258
Email: frankoswald@teamtogut.com

Albert Togut (admitted *pro hac vice*)
Amanda C. Glaubach (admitted *pro hac vice*)
Eitan Blander (admitted *pro hac vice*)
One Penn Plaza, Suite 3335
New York, New York 10119
Telephone: (212) 594-5000
Facsimile: (212) 967-4258
Email: altogut@teamtogut.com
          aglaubach@teamtogut.com
          eblander@teamtogut.com

*Proposed Counsel for Debtors and
Debtors in Possession*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br>Powin, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-16137 (MBK)<br><br>(Jointly Administered) |

---

[1]   The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin Project LLC [1583], (ii) Powin, LLC [0504], (iii) PEOS Holdings, LLC [5476], (iv) Powin China Holdings 1, LLC [1422], (v) Powin China Holdings 2, LLC [9713], (vi) Charger Holdings, LLC [5241], (vii) Powin Energy Ontario Storage, LLC [ 8348], (viii) Powin Energy Operating Holdings, LLC [2495], and (ix) Powin Energy Operating, LLC [6487] (x) Powin Energy Storage 2, Inc. [9926]; (xi) Powin Energy Ontario

**CERTIFICATE OF NO OBJECTION WITH RESPECT TO MOTION OF THE
DEBTORS PURSUANT TO 11 U.S.C. §§ 105(A) AND 366 AND FED. R. BANKR. P. 6003
AND 6004 FOR ENTRY OF AN ORDER (I) APPROVING DEBTORS' PROPOSED
FORM OF ADEQUATE ASSURANCE OF PAYMENT TO UTILITY COMPANIES,
(II) ESTABLISHING PROCEDURES FOR RESOLVING OBJECTIONS BY
UTILITY COMPANIES, (III) PROHIBITING UTILITY COMPANIES
FROM ALTERING, REFUSING, OR DISCONTINUING SERVICE,
AND (IV) GRANTING RELATED RELIEF**

**PLEASE TAKE NOTICE** that, in connection with the *Motion of the Debtors Pursuant
to 11 U.S.C. §§ 105(a) and 366 and Fed. R. Bankr. P. 6003 and 6004 for Entry of an Order (I)
Approving Debtors' Proposed Form of Adequate Assurance of Payment to Utility Companies, (II)
Establishing Procedures for Resolving Objections by Utility Companies, (III) Prohibiting Utility
Companies from Altering, Refusing, or Discontinuing Service, and (IV) Granting Related Relief*
[ECF No. 112] (the "Motion"), and the *Order Granting Motion of the Debtors for Entry of Order
(I) Approving Debtors' Proposed Form of Adequate Assurance of Payment to Utility Companies,
(II) Establishing Procedures for Resolving Objections by Utility Companies, (III) Prohibiting
Utility Companies from Altering, Refusing, or Discontinuing Service, and (IV) Granting Related
Relief* (the "Interim Order"), the above-captioned debtors and debtors in possession (collectively,
the "Debtors"), by and through their undersigned counsel, hereby file this certificate of no
objection.

**PLEASE TAKE FURTHER NOTICE** that the deadline for parties to file objections to
approval of the Motion on a final basis was July 8, 2025 at 4:00 p.m. (prevailing Eastern Time)
(the "Objection Deadline").    No objections or responses to the Motion were filed on the docket
on or before the Objection Deadline.

---

Storage II LP [5787]; and (xii) Powin Canada B.C. Ltd. [2239]. The Debtors' mailing address is 20550 SW 115th
Avenue Tualatin, OR 97062.

**PLEASE TAKE FURTHER NOTICE** that a clean version of the proposed order approving the relief requested in the Motion on a final basis (the "Proposed Final Order") is attached hereto as **Exhibit A**.   A redline comparing the Proposed Final Order to the Interim Order is attached hereto as **Exhibit B**.   The Debtors respectfully request that the Court enter the Proposed Final Order.

Dated: July 14, 2025

**DENTONS US LLP**

*/s/ Lauren Macksoud*
Lauren Macksoud (admitted)
101 JFK Parkway
Short Hills, NJ 07078
Telephone: (973) 912-7100
Facsimile: (973) 912-7199
Email: lauren.macksoud@dentons.com

Tania M. Moyron (admitted pro hac vice)
Van C. Durrer, II (admitted pro hac vice)
601 S. Figueroa Street #2500
Los Angeles, CA 90017
Telephone:  (213) 623-9300
Facsimile:  (213) 623-9924
Email: tania.moyron@dentons.com
        van.durrer@dentons.com

John D. Beck (pro hac vice pending)
Sarah M. Schrag (pro hac vice pending)
1221 Avenue of the Americas
New York, NY 10020-1089
Telephone:  (212) 768-6700
Facsimile:  (212) 768-6800
Email: john.beck@dentons.com
        sarah.schrag@dentons.com

- and –

**TOGUT, SEGAL & SEGAL LLP**
Frank A. Oswald (admitted)
550 Broad Street, Suite 1508
Newark, NJ 07102
Telephone:  (212) 594-5000
Facsimile:  (212) 967-4258

Email:  frankoswald@teamtogut.com

Albert Togut (admitted pro hac vice)
Amanda C. Glaubach (admitted pro hac vice)
Eitan Blander (admitted pro hac vice)
One Penn Plaza, Suite 3335
New York, New York 10119
Telephone:  (212) 594-5000
Facsimile:  (212) 967-4258
Email:  altogut@teamtogut.com
        aglaubach@teamtogut.com
        eblander@teamtogut.com

*Proposed Counsel for Debtors and Debtors-in-Possession*

# EXHIBIT "A"

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| POWIN, LLC, *et al.*,[1] | Case No. 25-16137 (MBK) |
| Debtors. | (Jointly Administered) |

**INTERIM ORDER GRANTING MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER (I) APPROVING DEBTORS' PROPOSED FORM OF ADEQUATE ASSURANCE OF PAYMENT TO UTILITY COMPANIES, (II) ESTABLISHING PROCEDURES FOR RESOLVING OBJECTIONS BY UTILITY COMPANIES, (III) PROHIBITING UTILITY COMPANIES FROM ALTERING, REFUSING, OR DISCONTINUING SERVICE, AND (IV) GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered three (3) through eleven (11), is

**ORDERED**.

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin Project LLC [1583]; (ii) Powin, LLC [0504]; (iii) PEOS Holdings, LLC [5476]; (iv) Powin China Holdings 1, LLC [1422]; (v) Powin China Holdings 2, LLC [9713]; (vi) Charger Holdings, LLC [5241]; (vii) Powin Energy Ontario Storage, LLC [8348]; (viii) Powin Energy Operating Holdings, LLC [2495]; and (ix) Powin Energy Operating, LLC [6487]. The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR 97062.

(Page 2)

| | |
|---|---|
| Debtors: | Powin, LLC, *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Interim Order Granting Motion of the Debtors for Entry of Order (I) Approving Debtors' Proposed Form of Adequate Assurance of Payment to Utility Companies, (II) Establishing Procedures for Resolving Objections by Utility Companies, (III) Prohibiting Utility Companies From Altering, Refusing, or Discontinuing Service, and (IV) Granting Related Relief |

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**DENTONS US LLP**

Lauren Macksoud (admitted)
101 JFK Parkway
Short Hills, NJ 07078
Telephone: (973) 912-7100
Facsimile: (973) 912-7199
Email: lauren.macksoud@dentons.com

Tania M. Moyron (admitted *pro hac vice*)
Van C. Durrer, II admitted (*pro hac vice*)
601 S. Figueroa Street #2500
Los Angeles, CA 90017
Telephone: (213) 623-9300
Facsimile: (213) 623-9924
Email: tania.moyron@dentons.com
         van.durrer@dentons.com

John D. Beck (admitted *pro hac vice*)
Sarah M. Schrag (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020-1089
Telephone: (212) 768-6700
Facsimile: (212) 768-6800
Email: john.beck@dentons.com
         sarah.schrag@dentons.com

*Proposed Counsel for Debtors and Debtors in Possession*

**TOGUT, SEGAL & SEGAL LLP**

Frank A. Oswald (admitted)
550 Broad Street
Suite 1508
Newark, NJ 07102
Telephone: (212) 594-5000
Facsimile: (212) 967-4258
Email: frankoswald@teamtogut.com

Albert Togut (admitted *pro hac vice*)
Amanda C. Glaubach (admitted *pro hac vice*)
Eitan Blander (admitted *pro hac vice*)
One Penn Plaza, Suite 3335
New York, New York 10119
Telephone: (212) 594-5000
Facsimile: (212) 967-4258
Email: altogut@teamtogut.com
         aglaubach@teamtogut.com
         eblander@teamtogut.com

*Proposed Counsel for Debtors and Debtors in Possession*

(Page 3)
Debtors:              Powin, LLC, *et al.*
Case No.              25-16137 (MBK)
Caption of Order:     Interim Order Granting Motion of the Debtors for Entry of Order (I)
                      Approving Debtors' Proposed Form of Adequate Assurance of Payment to
                      Utility Companies, (II) Establishing Procedures for Resolving Objections by
                      Utility Companies, (III) Prohibiting Utility Companies From Altering,
                      Refusing, or Discontinuing Service, and (IV) Granting Related Relief

Upon consideration of the motion (the "Motion")[2] of the Debtors for entry of an order (this "Interim Order"), pursuant to §§ 105(a) and 366 of the Bankruptcy Code, and Bankruptcy Rules 6003 and 6004:  (i) approving the Debtors' proposed form of adequate assurance of payment to the Utility Companies; (ii) establishing procedures for resolving objections by Utility Companies relating to the adequacy of the proposed adequate assurance provided by the Debtors; (iii) prohibiting the Utility Companies from altering, refusing, or discontinuing service to, or discriminating against, the Debtors on the basis of the commencement of these Chapter 11 Cases and/or any outstanding prepetition debts; and (iv) granting related relief, all as more fully set forth in the Motion; and upon consideration of the First Day Declaration, and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b) and the *Standing Order of Reference from the United States District Court for the District of New Jersey* dated as of September 19, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), that the Debtors consent to entry of a final order under Article III of the United States Constitution, and the Debtors having asserted that venue of this case and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for hearing on the Motion were appropriate under the circumstances and that no other notice be provided; and this Court having determined that the legal and factual bases set forth in the Motion and at the hearing thereon

---

[2] Capitalized terms not otherwise defined herein have the meaning ascribed to them in the Motion.

(Page 4)
Debtors:            Powin, LLC, *et al.*
Case No.            25-16137 (MBK)
Caption of Order:   Interim Order Granting Motion of the Debtors for Entry of Order (I)
                    Approving Debtors' Proposed Form of Adequate Assurance of Payment to
                    Utility Companies, (II) Establishing Procedures for Resolving Objections by
                    Utility Companies, (III) Prohibiting Utility Companies From Altering,
                    Refusing, or Discontinuing Service, and (IV) Granting Related Relief

establish just cause for the relief granted herein; and upon all of the proceedings before this Court;

and after due deliberation and sufficient cause appearing therefore, it is **HEREBY ORDERED**

**THAT:**

1.    The Motion is **GRANTED** on an interim basis, as set forth herein.

2.    All objections to the Motion or the relief requested therein that have not been

withdrawn, waived, or settled, and all reservations of rights included therein, hereby are overruled

on the merits.

3.    The Proposed Adequate Assurance shall constitute adequate assurance of future

payment as required by § 366.

4.    The Debtors shall deposit the Adequate Assurance Deposit in the amount of

$13,734.00 in a newly created, segregated account for the benefit of the Utility Companies within

twenty (20) days after the Petition Date.

5.    Subject to compliance with the procedures set forth in the Motion and this Interim

Order, and until such time as the Court enters a final order on the Motion or the Court orders

otherwise, all Utility Companies are prohibited from altering, refusing, or discontinuing Utility

Services, or otherwise discriminating against the Debtors, on account of any unpaid prepetition

charges or any perceived inadequacy of the Debtors' Proposed Adequate Assurance, and are

deemed to have received adequate assurance of payment in accordance with § 366.

US_ACTIVE\130770544

(Page 5)
Debtors:            Powin, LLC, *et al.*
Case No.            25-16137 (MBK)
Caption of Order:   Interim Order Granting Motion of the Debtors for Entry of Order (I)
                    Approving Debtors' Proposed Form of Adequate Assurance of Payment to
                    Utility Companies, (II) Establishing Procedures for Resolving Objections by
                    Utility Companies, (III) Prohibiting Utility Companies From Altering,
                    Refusing, or Discontinuing Service, and (IV) Granting Related Relief

6.      The following Adequate Assurance Procedures are hereby approved:

a)      The Debtors will serve a copy of the Motion and this Order on the Utility
        Companies on the Utility Services List, attached to the Motion as Exhibit B,
        within three (3) calendar days after entry of this Order.

b)      The Debtors will deposit the Utility Deposit, in the aggregate amount of
        $13,734.00, in the Utility Deposit Account within three (3) calendar days
        after entry of this Interim Order.

c)      The portion of the Utility Deposit attributable to each Utility Company will
        be returned to the Debtors on the earlier of (i) reconciliation and payment
        by Debtors of the Utility Company's final invoice in accordance with
        applicable nonbankruptcy law following the Debtors' termination of
        Utility Services from such Utility Company and (ii) the earlier of (a) the
        effective date of any chapter 11 plan confirmed in these Chapter 11 Cases
        and (b) the closure of these Chapter 11 Cases; provided that there are no
        outstanding disputes related to post-petition payments due to the affected
        Utility Companies.

d)      Any Utility Company desiring additional assurances of payment in the
        form of deposits, prepayments, or otherwise must serve a request for
        additional assurance (an "Additional Assurance Request") on the following
        parties: (i) proposed counsel to the Debtors, (w) Dentons US LLP, 601
        South Figueroa Street, Suite 2500, Los Angeles, California 90017-5704,
        Attn: Tania M. Moyron (tania.moyron@dentons.com) and Van C. Durrer,
        II (van.durrer@dentons.com); (x) Dentons US LLP, 1221 Avenue of the
        Americas, New York, NY 10020-1089, Attn: John D. Beck
        (john.beck@dentons.com) and Sarah M. Schrag
        (sarah.schrag@dentons.com); (y) Togut, Segal, & Segal LLP, 550 Broad
        Street, Suite 1508, Newark, NJ 07102, Attn: Frank A. Oswald
        (frankoswald@teamtogut.com); and (z) Togut, Segal & Segal LLP, One
        Penn Plaza, Suite 3335, New York, New York 10119, Attn: Albert Togut
        (altogut@teamtogut.com), Amanda C. Glaubach
        (aglaubach@teamtogut.com), and Eitan Blander
        (eblander@teamtogut.com); (ii) counsel for the Official Committee of
        Unsecured Creditors (the "Committee") appointed in these Chapter 11
        Cases; and (iii) the U.S. Trustee, One Newark Center, Suite 2100, Newark,
        NJ 07102, Attn: Jeffrey M. Sponder (jeffrey.m.sponder@usdoj.gov) and
        Lauren Bielskie (lauren.beileskie@usdoj.gov).

(Page 6)

| | |
|---|---|
| Debtors: | Powin, LLC, *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Interim Order Granting Motion of the Debtors for Entry of Order (I) Approving Debtors' Proposed Form of Adequate Assurance of Payment to Utility Companies, (II) Establishing Procedures for Resolving Objections by Utility Companies, (III) Prohibiting Utility Companies From Altering, Refusing, or Discontinuing Service, and (IV) Granting Related Relief |

e)   The Additional Assurance Request must:  (i) be made in writing; (ii) set forth the location(s) for which Utility Services are provided, the account number(s) for those location(s), and the outstanding balance for each account; (iii) explain why the Utility Company believes the Utility Deposit is not adequate assurance of payment; and (iv)  certify that the Utility Company does not already hold a deposit equal to or greater than two weeks of Utility Services provided by such Utility Company.

f)   An Additional Assurance Request may be made at any time.  If a Utility Company does not serve an Additional Assurance Request, the Utility Company will be (i) deemed to have received "satisfactory" adequate assurance of payment in compliance with § 366, and (ii) forbidden from discontinuing, altering, or refusing Utility Services to, or discriminating against, the Debtors on account of any unpaid prepetition charges or requiring additional assurance of payment other than the Proposed Adequate Assurance.

g)   Upon the Debtors' receipt of an Additional Assurance Request, the Debtors will negotiate with the Utility Company to resolve the Utility Company's Additional Assurance Request.

h)   The Debtors may, without further order from the Court, resolve an Additional Assurance Request by mutual agreement with a Utility Company, and the Debtors may, in connection with any such agreement, provide a Utility Company with additional adequate assurance of payment, including cash deposits, payments of any outstanding prepetition balance due to the Utility Company, prepayments, or other forms of security if the Debtors believe that such adequate assurance is reasonable *provided, however*, that the Debtors shall maintain a summary record of such agreements and their respective terms, and such summary record and the agreements themselves shall be available to the Committee and the U.S. Trustee, upon request.

i)   If the Debtors and the Utility Company are not able to reach an alternative resolution within fourteen (14) days of receipt of the Additional Assurance Request, the Debtors will request a hearing before the Court at the next regularly scheduled omnibus hearing to determine the adequacy of assurance of payment with respect to the particular Utility Company (the "Determination Hearing") pursuant to § 366(c)(3), unless the Debtors and the Utility Company agree in writing to extend the period.

(Page 7)

| | |
|---|---|
| Debtors: | Powin, LLC, *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Interim Order Granting Motion of the Debtors for Entry of Order (I) Approving Debtors' Proposed Form of Adequate Assurance of Payment to Utility Companies, (II) Establishing Procedures for Resolving Objections by Utility Companies, (III) Prohibiting Utility Companies From Altering, Refusing, or Discontinuing Service, and (IV) Granting Related Relief |

> j)   Pending resolution of the Additional Assurance Request and Determination Hearing, the Utility Company making the Additional Assurance Request will be prohibited from altering, refusing, or discontinuing Utility Services to the Debtors on account of unpaid charges for prepetition services or on account of any objections to the Proposed Adequate Assurance.

7.    The Utility Companies are prohibited from requiring additional adequate assurance of payment other than pursuant to the Adequate Assurance Procedures.

8.    The inclusion of any entity in, as well as any omission of any entity from, the Utility Services List shall not be deemed an admission by the Debtors that such entity is, or is not, a utility within the meaning of § 366, and the Debtors reserve all rights and defenses with respect thereto.

9.    The Debtors are authorized to amend the Utility Services List to the extent the Debtors terminate the services of any Utility Company or identify additional Utility Companies and this Order shall apply to any Utility Company that is added to the Utility Services List; *provided* that the Debtors shall seek authority under a separate order of the Court to add any Utility Company to the Utility Services List; *provided, further*, that, if a Utility Company is removed from the Utility Services List, the Debtors shall provide the applicable Utility Company with fourteen (14) calendar days' notice thereof and the opportunity to respond to such removal.  To the extent that there is any dispute as to the postpetition amounts owed to a Utility Company or such Utility Company's removal, such Utility Company shall not be removed from the Utility Services List, and no funds shall be removed from the Adequate Assurance Deposit, until such dispute has been resolved.  To the extent the Debtors and the Utility Company are unable to reach a consensual resolution within fourteen (14) calendar days of the Debtors' receipt of notice of such dispute, the

(Page 8)
Debtors:                Powin, LLC, *et al.*
Case No.                25-16137 (MBK)
Caption of Order:    Interim Order Granting Motion of the Debtors for Entry of Order (I)
                         Approving Debtors' Proposed Form of Adequate Assurance of Payment to
                         Utility Companies, (II) Establishing Procedures for Resolving Objections by
                         Utility Companies, (III) Prohibiting Utility Companies From Altering,
                         Refusing, or Discontinuing Service, and (IV) Granting Related Relief

Debtors shall request a hearing before this Court at the next omnibus hearing date or such other

date that the Debtor and the Utility Company may agree. Notice shall be provided to the Committee

and the U.S. Trustee.

10.    For any Utility Company that is subsequently added to the Utility Services List

under separate order of the Court (each, a "Subsequently Identified Utility Provider"), the Debtors

shall serve a copy of this Interim Order, including the Adequate Assurance Procedures within three

(3) business days of such Utility Company added to the Utility Services List allocate additional

amounts to the Adequate Assurance Deposit by an amount equal to two weeks of Utility Services

provided by such additional Utility Company, calculated using the historical average for such

payments during the twelve months prior to the Petition Date, and provide such Utility Company

notice to object to the Proposed Adequate Assurance.  If an objection is received, to the extent the

Debtors and the Utility Company are unable to reach a consensual resolution within fourteen (14)

calendar days of the Debtors' receipt of such objection, the Debtors shall request a hearing before

this Court at the next omnibus hearing date or such other date that the Debtor and the Utility

Company may agree.  The terms of this Interim Order and the Adequate Assurance Procedures

shall apply to any subsequently identified Utility Provider.  Notice shall be provided to the

Committee and the U.S. Trustee.

11.    The Debtors may terminate the services of any Utility Company and amend the

Utility Services List to reflect such termination.  The Debtors are authorized to reduce the Utility

Deposit by the amount held on account of such terminated Utility Company upon seven (7)

US_ACTIVE\130770544

(Page 9)

| | |
|---|---|
| Debtors: | Powin, LLC, *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Interim Order Granting Motion of the Debtors for Entry of Order (I) Approving Debtors' Proposed Form of Adequate Assurance of Payment to Utility Companies, (II) Establishing Procedures for Resolving Objections by Utility Companies, (III) Prohibiting Utility Companies From Altering, Refusing, or Discontinuing Service, and (IV) Granting Related Relief |

calendar days' notice of such reduction and having not received a response thereto by such deadline.

12.     The relief granted herein is applicable to all Utility Companies providing Utility Services to the Debtors and is not limited to those parties or entities listed on the Utility Services List.

13.     Notwithstanding anything contained in the Motion or this Order, any payment to be made, and any relief or authorization granted herein, shall be subject to, and must be in compliance with, the terms and conditions in any orders authorizing the Debtors to use cash collateral or obtain postpetition financing (collectively, the "Financing Orders"), including any budgets in connection therewith as may be updated and approved from time to time in accordance with the terms of the Financing Orders.  To the extent there is any inconsistency between the terms of the Financing Orders and any action taken or proposed to be taken hereunder, the terms of the Financing Orders shall control.

14.     Nothing contained in the Motion or this Order, nor any payment made pursuant to the authority granted by this Order, is intended to be or shall be construed as (a) an admission as to the validity of any claim against the Debtors, (b) a waiver of the Debtors' or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtors, (c) a waiver of any claims or causes of action which may exist against any creditor or interest holder, or (d) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy between the Debtors and any third party under § 365.

(Page 10)

| | |
|---|---|
| Debtors: | Powin, LLC, *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Interim Order Granting Motion of the Debtors for Entry of Order (I) Approving Debtors' Proposed Form of Adequate Assurance of Payment to Utility Companies, (II) Establishing Procedures for Resolving Objections by Utility Companies, (III) Prohibiting Utility Companies From Altering, Refusing, or Discontinuing Service, and (IV) Granting Related Relief |

15.     The Final Hearing on the Motion shall be held on _____, 2025, at _____

**(Eastern Time)** and any objections or responses to the Motion shall be in writing, filed with the

Court, with a copy to chambers, and served upon (a) the Debtors, Powin, LLC, et al., (b) proposed

co-counsel to the Debtors, Dentons US LLP, 601 S. Figueroa Street #2500, Los Angeles, CA

90017, Attn: Tania M. Moyron (tania.moyron@dentons.com), Van C. Durrer, II

(van.durrer@dentons.com); Dentons US LLP, 1221 Avenue of the Americas, New York, NY

10020, Attn: John D. Beck (john.beck@dentons.com), Sarah M. Schrag

(sarah.schrag@dentons.com); Togut Segal & Segal LLP, 550 Broad Street, Suite 1508, Newark,

NJ 07102, Attn: Frank Oswald (frankoswald@teamtogut.com); Togut Segal & Segal LLP, One

Penn Plaza, Suite 3335, New York, New York 10119, Attn: Albert Togut

(altogut@teamtogut.com), Amanda C. Glaubach (aglaubach@teamtogut.com), Eitan Blander

(eblander@teamtogut.com); (c)  the United States Trustee for the District of New Jersey, One

Newark Center, Suite 2100, Newark, NJ 07102; and (d) counsel to the Committee.

16.     Under the circumstances of these Chapter 11 Cases, notice of the Motion is adequate

under Bankruptcy Rule 6004(a) and the Local Rules.

17.     Notwithstanding Bankruptcy Rule 6004(h), or any Bankruptcy Rule to the contrary,

the terms and conditions of this Order are immediately effective and enforceable upon its entry.

18.     This Court retains exclusive jurisdiction with respect to all matters arising from or

related to the implementation, interpretation, and enforcement of this Order and the Adequate

Assurance Procedures.

(Page 11)

Debtors:              Powin, LLC, *et al.*

Case No.              25-16137 (MBK)

Caption of Order:     Interim Order Granting Motion of the Debtors for Entry of Order (I)
                      Approving Debtors' Proposed Form of Adequate Assurance of Payment to
                      Utility Companies, (II) Establishing Procedures for Resolving Objections by
                      Utility Companies, (III) Prohibiting Utility Companies From Altering,
                      Refusing, or Discontinuing Service, and (IV) Granting Related Relief

19.     Any party may move for modification of this Interim Order in accordance with
Local Rule 9013-5(e).

20.     The Debtors shall serve a copy of this Interim Order on all required parties pursuant
to Local Rule 9013-5(f).

21.     The Debtors are authorized to take any and all actions that are necessary to carry
out the provisions of this Order.

11

# EXHIBIT "B"

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>POWIN, LLC, *et al.*,[1]<br><br>        Debtors. | Chapter 11<br><br>Case No. 25-16137 (MBK)<br><br>(Jointly Administered) |

**INTERIM ORDER GRANTING MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER (I) APPROVING DEBTORS' PROPOSED FORM OF ADEQUATE ASSURANCE OF PAYMENT TO UTILITY COMPANIES, (II) ESTABLISHING PROCEDURES FOR RESOLVING OBJECTIONS BY UTILITY COMPANIES, (III) PROHIBITING UTILITY COMPANIES FROM ALTERING, REFUSING, OR DISCONTINUING SERVICE, AND (IV) GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered ~~four~~three (~~4~~3) through ~~nine~~eleven (~~9~~11), is **ORDERED**.

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin Project LLC [1583]; (ii) Powin, LLC [0504]; (iii) PEOS Holdings, LLC [5476]; (iv) Powin China Holdings 1, LLC [1422]; (v) Powin China Holdings 2, LLC [9713]; (vi) Charger Holdings, LLC [5241]; (vii) Powin Energy Ontario Storage, LLC [8348]; (viii) Powin Energy Operating Holdings, LLC [2495]; and (ix) Powin Energy Operating, LLC [6487]. The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR 97062.

(Page 2)

| | |
|---|---|
| Debtors: | Powin, LLC, *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Interim Order Granting Motion of the Debtors for Entry of Order (I) Approving Debtors' Proposed Form of Adequate Assurance of Payment to Utility Companies, (II) Establishing Procedures for Resolving Objections by Utility Companies, (III) Prohibiting Utility Companies From Altering, Refusing, or Discontinuing Service, and (IV) Granting Related Relief |

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**DENTONS US LLP**

Lauren Macksoud (admitted)
101 JFK Parkway
Short Hills, NJ 07078
Telephone: (973) 912-7100
Facsimile: (973) 912-7199
Email:  lauren.macksoud@dentons.com

Tania M. Moyron (admitted *pro hac vice*)
Van C. Durrer, II admitted (*pro hac vice*)
601 S. Figueroa Street #2500
Los Angeles, CA 90017
Telephone:  (213) 623-9300
Facsimile:  (213) 623-9924
Email:  tania.moyron@dentons.com
         van.durrer@dentons.com

John D. Beck (admitted *pro hac vice*)
Sarah M. Schrag (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020-1089
Telephone:  (212) 768-6700
Facsimile:  (212) 768-6800
Email:  john.beck@dentons.com
         sarah.schrag@dentons.com

*Proposed Counsel for Debtors and
Debtors in Possession*

**TOGUT, SEGAL & SEGAL LLP**

Frank A. Oswald (admitted)
550 Broad Street
Suite 1508
Newark, NJ 07102
Telephone:  (212) 594-5000
Facsimile:  (212) 967-4258
Email:  frankoswald@teamtogut.com

Albert Togut (admitted *pro hac vice*)
Amanda C. Glaubach (admitted *pro hac vice*)
Eitan Blander (admitted *pro hac vice*)
One Penn Plaza, Suite 3335
New York, New York 10119
Telephone:  (212) 594-5000
Facsimile:  (212) 967-4258
Email:  altogut@teamtogut.com
         aglaubach@teamtogut.com
         eblander@teamtogut.com

*Proposed Counsel for Debtors and
Debtors in Possession*

(Page 3)

| | |
|---|---|
| Debtors: | Powin, LLC, *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Interim Order Granting Motion of the Debtors for Entry of Order (I) Approving Debtors' Proposed Form of Adequate Assurance of Payment to Utility Companies, (II) Establishing Procedures for Resolving Objections by Utility Companies, (III) Prohibiting Utility Companies From Altering, Refusing, or Discontinuing Service, and (IV) Granting Related Relief |

(Page | 3)
Debtors:            POWIN, LLC, *et al.*
Case No.:           25-16137 (MBK)
Caption of Order:   Order Granting Motion of the Debtors for Entry of Order (I)
                    Approving Debtors' Proposed Form of Adequate Assurance of Payment to
                    Utility Companies, (II) Establishing Procedures for Resolving Objections
                    by Utility Companies, (III) Prohibiting Utility Companies From Altering,
                    Refusing, or Discontinuing Service, and (IV) Granting Related Relief

Upon consideration of the motion (the "<u>Motion</u>")[1] of the Debtors for entry of an order (this "<u>Interim</u> Order"), pursuant to §§ 105(a) and 366 of the Bankruptcy Code, and Bankruptcy Rules 6003 and 6004:  (i) approving the Debtors' proposed form of adequate assurance of payment to the Utility Companies; (ii) establishing procedures for resolving objections by Utility Companies relating to the adequacy of the proposed adequate assurance provided by the Debtors; (iii) prohibiting the Utility Companies from altering, refusing, or discontinuing service to, or discriminating against, the Debtors on the basis of the commencement of these Chapter 11 Cases and/or any outstanding prepetition debts; and (iv) granting related relief, all as more fully set forth in the Motion; and the Court having determined that the remaining relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, and other parties in interest; and upon consideration of the First Day Declaration, and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b) and the *Standing Order of Reference from the United States District Court for the District of New Jersey* dated as of September 19, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), that the Debtors consent to entry of a final order under Article III of the United States Constitution, and the Debtors having asserted that venue of this case and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having

---

[1] Capitalized terms not otherwise defined herein have the meaning ascribed to them in the Motion.

US_ACTIVE\130770544

(Page | 4)
Debtors:                POWIN, LLC, *et al.*
Case No.:               25-16137 (MBK)
Caption of Order:       Order Granting Motion of the Debtors for Entry of Order (I)
                        Approving Debtors' Proposed Form of Adequate Assurance of Payment to
                        Utility Companies, (II) Establishing Procedures for Resolving Objections
                        by Utility Companies, (III) Prohibiting Utility Companies From Altering,
                        Refusing, or Discontinuing Service, and (IV) Granting Related Relief

found that the Debtors' notice of the Motion and opportunity for hearing on the Motion were

appropriate under the circumstances and that no other notice be provided; and this Court having

determined that the legal and factual bases set forth in the Motion and at the hearing thereon

establish just cause for the relief granted herein; and upon all of the proceedings before this

Court; and after due deliberation and sufficient cause appearing therefore, it is **HEREBY**

**ORDERED THAT:**

1.      The Motion is **GRANTED** on an interim basis, as set forth herein.

2.      All objections to the Motion or the relief requested therein that have not been

withdrawn, waived, or settled, and all reservations of rights included therein, hereby are

overruled on the merits.

3.      The Proposed Adequate Assurance shall constitute adequate assurance of future

payment as required by § 366.

4.      The Debtors shall deposit the Adequate Assurance Deposit in the amount of

$13,734.00 in a newly created, segregated account for the benefit of the Utility Companies

within twenty (20) days after the Petition Date.

5.      Subject to compliance with the procedures set forth in the Motion and this Interim

Order, and until such time as the Court enters a final order on the Motion or the Court orders

otherwise, all Utility Companies are prohibited from altering, refusing, or discontinuing Utility

(Page | 5)
Debtors:              POWIN, LLC, *et al.*
Case No.:             25-16137 (MBK)
Caption of Order:     Order Granting Motion of the Debtors for Entry of Order (I)
                      Approving Debtors' Proposed Form of Adequate Assurance of Payment to
                      Utility Companies, (II) Establishing Procedures for Resolving Objections
                      by Utility Companies, (III) Prohibiting Utility Companies From Altering,
                      Refusing, or Discontinuing Service, and (IV) Granting Related Relief

Services, or otherwise discriminating against the Debtors, on account of any unpaid prepetition charges or any perceived inadequacy of the Debtors' Proposed Adequate Assurance, and are deemed to have received adequate assurance of payment in accordance with § 366.

6.      The following Adequate Assurance Procedures are hereby approved:

a)      The Debtors will serve a copy of the Motion and this Order on the Utility Companies on the Utility Services List, attached to the Motion as Exhibit B, within three (3) ~~business~~calendar days after entry of this Order.

b)      The Debtors will deposit the Utility Deposit, in the aggregate amount of $13,734.00, in the Utility Deposit Account within ~~twenty~~three (~~20~~3) calendar days after ~~the Petition Date~~entry of this Interim Order.

c)      The portion of the Utility Deposit attributable to each Utility Company will be returned to the Debtors on the earlier of (i) reconciliation and payment by Debtors of the Utility Company's final invoice in accordance with applicable nonbankruptcy law following the Debtors' termination of Utility Services from such Utility Company and (ii) the earlier of (a) the effective date of any chapter 11 plan confirmed in these Chapter 11 Cases and (b) the closure of these Chapter 11 Cases; provided that there are no outstanding disputes related to post-petition payments due to the affected Utility Companies.

d)      Any Utility Company desiring additional assurances of payment in the form of deposits, prepayments, or otherwise must serve a request for additional assurance (an "Additional Assurance Request") on the following parties: (i) proposed counsel to the Debtors, (w) Dentons US LLP, 601 South Figueroa Street, Suite 2500, Los Angeles, California 90017-5704, Attn: Tania M. Moyron (tania.moyron@dentons.com) and Van C. Durrer, II (van.durrer@dentons.com); (x) Dentons US LLP, 1221 Avenue of the Americas, New York, NY 10020-1089, Attn: John D. Beck (john.beck@dentons.com) and Sarah M. Schrag (sarah.schrag@dentons.com); (y) Togut, Segal, & Segal LLP, 550 Broad Street, Suite 1508, Newark, NJ 07102, Attn: Frank A. Oswald

(Page | 6)
Debtors:             POWIN, LLC, *et al.*
Case No.:            25-16137 (MBK)
Caption of Order:    Order Granting Motion of the Debtors for Entry of Order (I)
                     Approving Debtors' Proposed Form of Adequate Assurance of Payment to
                     Utility Companies, (II) Establishing Procedures for Resolving Objections
                     by Utility Companies, (III) Prohibiting Utility Companies From Altering,
                     Refusing, or Discontinuing Service, and (IV) Granting Related Relief

(frankoswald@teamtogut.com); and  (z) Togut, Segal & Segal LLP, One Penn Plaza, Suite 3335, New York, New York 10119, Attn: Albert Togut (altogut@teamtogut.com), Amanda C. Glaubach (aglaubach@teamtogut.com), and Eitan Blander (eblander@teamtogut.com); and (ii) counsel for any official committee of unsecured creditors the Official Committee of Unsecured Creditors (the "Committee") appointed in these Chapter 11 Cases.; and (iii) the U.S. Trustee, One Newark Center, Suite 2100, Newark, NJ 07102, Attn: Jeffrey M. Sponder (jeffrey.m.sponder@usdoj.gov) and Lauren Bielskie (lauren.beileskie@usdoj.gov).

e)      The Additional Assurance Request must:  (i) be made in writing; (ii) set forth the location(s) for which Utility Services are provided, the account number(s) for those location(s), and the outstanding balance for each account; (iii) explain why the Utility Company believes the Utility Deposit is not adequate assurance of payment; and (iv)  certify that the Utility Company does not already hold a deposit equal to or greater than two weeks of Utility Services provided by such Utility Company.

f)      An Additional Assurance Request may be made at any time.  If a Utility Company does not serve an Additional Assurance Request, the Utility Company will be (i) deemed to have received "satisfactory" adequate assurance of payment in compliance with § 366, and (ii) forbidden from discontinuing, altering, or refusing Utility Services to, or discriminating against, the Debtors on account of any unpaid prepetition charges or requiring additional assurance of payment other than the Proposed Adequate Assurance.

g)      Upon the Debtors' receipt of an Additional Assurance Request, the Debtors will negotiate with the Utility Company to resolve the Utility Company's Additional Assurance Request.

h)      The Debtors may, without further order from the Court, resolve an Additional Assurance Request by mutual agreement with a Utility Company, and the Debtors may, in connection with any such agreement, provide a Utility Company with additional adequate assurance of payment, including cash deposits, payments of any outstanding prepetition balance due to the Utility Company, prepayments, or other

(Page | 7)
Debtors:                POWIN, LLC, *et al.*
Case No.:               25-16137 (MBK)
Caption of Order:       Order Granting Motion of the Debtors for Entry of Order (I)
Approving Debtors' Proposed Form of Adequate Assurance of Payment to
Utility Companies, (II) Establishing Procedures for Resolving Objections
by Utility Companies, (III) Prohibiting Utility Companies From Altering,
Refusing, or Discontinuing Service, and (IV) Granting Related Relief

forms of security if the Debtors believe that such adequate assurance is reasonable, *provided, however*, that the Debtors shall maintain a summary record of such agreements and their respective terms, and such summary record and the agreements themselves shall be available to the Committee and the U.S. Trustee, upon request.

i)  If the Debtors and the Utility Company are not able to reach an alternative resolution within ~~thirty~~fourteen (~~30~~14) days of receipt of the Additional Assurance Request, the Debtors will request a hearing before the Court at the next regularly scheduled omnibus hearing to determine the adequacy of assurance of payment with respect to the particular Utility Company (the "Determination Hearing") pursuant to § 366(c)(3), unless the Debtors and the Utility Company agree in writing to extend the period.

j)  Pending resolution of the Additional Assurance Request and Determination Hearing, the Utility Company making the Additional Assurance Request will be prohibited from altering, refusing, or discontinuing Utility Services to the Debtors on account of unpaid charges for prepetition services or on account of any objections to the Proposed Adequate Assurance.

7.  The Utility Companies are prohibited from requiring additional adequate assurance of payment other than pursuant to the Adequate Assurance Procedures.

8.  The inclusion of any entity in, as well as any omission of any entity from, the Utility Services List shall not be deemed an admission by the Debtors that such entity is, or is not, a utility within the meaning of § 366, and the Debtors reserve all rights and defenses with respect thereto.

9.  The Debtors are authorized to amend the Utility Services List to the extent the Debtors terminate the services of any Utility Company or identify additional Utility Companies

(Page | 8)
Debtors:            POWIN, LLC, *et al.*
Case No.:           25-16137 (MBK)
Caption of Order:   Order Granting Motion of the Debtors for Entry of Order (I)
                    Approving Debtors' Proposed Form of Adequate Assurance of Payment to
                    Utility Companies, (II) Establishing Procedures for Resolving Objections
                    by Utility Companies, (III) Prohibiting Utility Companies From Altering,
                    Refusing, or Discontinuing Service, and (IV) Granting Related Relief

and this Order shall apply to any Utility Company that is added to the Utility Services List. The; *provided that the* Debtors shall serve a copy of this Order upon seek authority under a separate order of the Court to add any Utility Company added to the Utility Services List.; *provided, further*, that, if a Utility Company is removed from the Utility Services List, the Debtors shall provide the applicable Utility Company with fourteen (14) calendar days' notice thereof and the opportunity to respond to such removal.  To the extent that there is any dispute as to the postpetition amounts owed to a Utility Company or such Utility Company's removal, such Utility Company shall not be removed from the Utility Services List, and no funds shall be removed from the Adequate Assurance Deposit, until such dispute has been resolved.  To the extent the Debtors and the Utility Company are unable to reach a consensual resolution within fourteen (14) calendar days of the Debtors' receipt of notice of such dispute, the Debtors shall request a hearing before this Court at the next omnibus hearing date or such other date that the Debtor and the Utility Company may agree. Notice shall be provided to the Committee and the U.S. Trustee.

10.     The Debtors shall increase the amount of the Adequate Assurance Deposit if an additional For any Utility Company is that is subsequently added to the Utility Services List under separate order of the Court (each, a "Subsequently Identified Utility Provider"), the Debtors shall serve a copy of this Interim Order, including the Adequate Assurance Procedures within three (3)

(Page | 9)
Debtors:          POWIN, LLC, *et al.*
Case No.:         25-16137 (MBK)
Caption of Order: Order Granting Motion of the Debtors for Entry of Order (I)
                  Approving Debtors' Proposed Form of Adequate Assurance of Payment to
                  Utility Companies, (II) Establishing Procedures for Resolving Objections
                  by Utility Companies, (III) Prohibiting Utility Companies From Altering,
                  Refusing, or Discontinuing Service, and (IV) Granting Related Relief

business days of such Utility Company added to the Utility Services List allocate additional amounts to the Adequate Assurance Deposit by an amount equal to two weeks of Utility Services provided by such additional Utility Company, calculated using the historical average for such payments during the twelve months prior to the Petition Date, and provide such Utility Company notice to object to the Proposed Adequate Assurance.  If an objection is received, to the extent the Debtors and the Utility Company are unable to reach a consensual resolution within fourteen (14) calendar days of the Debtors' receipt of such objection, the Debtors shall request a hearing before this Court at the next omnibus hearing date or such other date that the Debtor and the Utility Company may agree.  The terms of this Interim Order and the Adequate Assurance Procedures shall apply to any subsequently identified Utility Provider.  Notice shall be provided to the Committee and the U.S. Trustee.

11.    The Debtors may terminate the services of any Utility Company and amend the Utility Services List to reflect such termination.  The Debtors are authorized to reduce the Utility Deposit by the amount held on account of such terminated Utility Company upon seven (7) calendar days' notice of such reduction and having not received a response thereto by such deadline.

(Page | 10)
Debtors:              POWIN, LLC, *et al.*
Case No.:             25-16137 (MBK)
Caption of Order:     Order Granting Motion of the Debtors for Entry of Order (I)
                      Approving Debtors' Proposed Form of Adequate Assurance of Payment to
                      Utility Companies, (II) Establishing Procedures for Resolving Objections
                      by Utility Companies, (III) Prohibiting Utility Companies From Altering,
                      Refusing, or Discontinuing Service, and (IV) Granting Related Relief

12.     The relief granted herein is applicable to all Utility Companies providing Utility Services to the Debtors and is not limited to those parties or entities listed on the Utility Services List.

13.     Notwithstanding anything contained in the Motion or this Order, any payment to be made, and any relief or authorization granted herein, shall be subject to, and must be in compliance with, the terms and conditions in any orders authorizing the Debtors to use cash collateral or obtain postpetition financing (collectively, the "Financing Orders"), including any budgets in connection therewith as may be updated and approved from time to time in accordance with the terms of the Financing Orders.  To the extent there is any inconsistency between the terms of the Financing Orders and any action taken or proposed to be taken hereunder, the terms of the Financing Orders shall control.

14.     Nothing contained in the Motion or this Order, nor any payment made pursuant to the authority granted by this Order, is intended to be or shall be construed as (a) an admission as to the validity of any claim against the Debtors, (b) a waiver of the Debtors' or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtors, (c) a waiver of any claims or causes of action which may exist against any creditor or interest holder, or (d) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy between the Debtors and any third party under § 365.

~~(Page | 11)~~
~~Debtors:~~          ~~POWIN, LLC, *et al.*~~
~~Case No.:~~         ~~25-16137 (MBK)~~
~~Caption of Order:~~  ~~Order Granting Motion of the Debtors for Entry of Order (I)~~
~~Approving Debtors' Proposed Form of Adequate Assurance of Payment to~~
~~Utility Companies, (II) Establishing Procedures for Resolving Objections~~
~~by Utility Companies, (III) Prohibiting Utility Companies From Altering,~~
~~Refusing, or Discontinuing Service, and (IV) Granting Related Relief~~

15.    The Final Hearing on the Motion shall be held on _____, 2025, at _____ (Eastern Time) and any objections or responses to the Motion shall be in writing, filed with the Court, with a copy to chambers, and served upon (a) the Debtors, Powin, LLC, et al., (b) proposed co-counsel to the Debtors, Dentons US LLP, 601 S. Figueroa Street #2500, Los Angeles, CA 90017, Attn: Tania M. Moyron (tania.moyron@dentons.com), Van C. Durrer, II (van.durrer@dentons.com); Dentons US LLP, 1221 Avenue of the Americas, New York, NY 10020, Attn: John D. Beck (john.beck@dentons.com), Sarah M. Schrag (sarah.schrag@dentons.com); Togut Segal & Segal LLP, 550 Broad Street, Suite 1508, Newark, NJ 07102, Attn: Frank Oswald (frankoswald@teamtogut.com); Togut Segal & Segal LLP, One Penn Plaza, Suite 3335, New York, New York 10119, Attn: Albert Togut (altogut@teamtogut.com), Amanda C. Glaubach (aglaubach@teamtogut.com), Eitan Blander (eblander@teamtogut.com); (c) the United States Trustee for the District of New Jersey, One Newark Center, Suite 2100, Newark, NJ 07102; and (d) counsel to the Committee.

~~15~~16.    Under the circumstances of these Chapter 11 Cases, notice of the Motion is adequate under Bankruptcy Rule 6004(a) and the Local Rules.

~~16~~17.    Notwithstanding Bankruptcy Rule 6004(h), or any Bankruptcy Rule to the contrary, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

(Page | 12)
Debtors:                POWIN, LLC, *et al.*
Case No.:               25-16137 (MBK)
Caption of Order:       Order Granting Motion of the Debtors for Entry of Order (I)
                        Approving Debtors' Proposed Form of Adequate Assurance of Payment to
                        Utility Companies, (II) Establishing Procedures for Resolving Objections
                        by Utility Companies, (III) Prohibiting Utility Companies From Altering,
                        Refusing, or Discontinuing Service, and (IV) Granting Related Relief

1718.    This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order and the Adequate Assurance Procedures.

19.    Any party may move for modification of this Interim Order in accordance with Local Rule 9013-5(e).

20.    The Debtors shall serve a copy of this Interim Order on all required parties pursuant to Local Rule 9013-5(f).

1821.    The Debtors are authorized to take any and all actions that are necessary to carry out the provisions of this Order.

(Page 13)

| | |
|---|---|
| Debtors: | Powin, LLC, *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Interim Order Granting Motion of the Debtors for Entry of Order (I) Approving Debtors' Proposed Form of Adequate Assurance of Payment to Utility Companies, (II) Establishing Procedures for Resolving Objections by Utility Companies, (III) Prohibiting Utility Companies From Altering, Refusing, or Discontinuing Service, and (IV) Granting Related Relief |

US_ACTIVE\130770544

| Summary report: Litera Compare for Word 11.4.0.111 Document comparison done on 7/14/2025 11:43:25 PM | |
|---|---|
| **Style name:** Underline Strikethrough | |
| **Intelligent Table Comparison:** Active | |
| **Original DMS:** iw://worksite.us.dentons.com/US_ACTIVE/130770544/1 | |
| **Modified DMS:** iw://worksite.us.dentons.com/US_ACTIVE/130770544/2 | |
| **Changes:** | |
| Add | 54 |
| Delete | 39 |
| Move From | 1 |
| Move To | 1 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 95 |