Order Filed on July 15, 2025
by Clerk
U.S. Bankruptcy Court
District of New Jersey

In re:

Powin, LLC, et al.,[1]

               Debtors.

Chapter 11

Case No. 25-16137 (MBK)

(Jointly Administered)

## FINAL ORDER GRANTING MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER (I) AUTHORIZING THE DEBTORS TO MAINTAIN AND RENEW INSURANCE PROGRAMS AND PAY OBLIGATIONS THEREUNDER; AND (II) GRANTING RELATED RELIEF

The relief set forth on the following pages, numbered three (3) through seven (7), is

**ORDERED.**

**DATED: July 15, 2025**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are:  (i) Powin Project LLC [1583]; (ii) Powin, LLC [0504], (iii) PEOS Holdings, LLC [5476], (iv) Powin China Holdings 1, LLC [1422], (v) Powin China Holdings 2, LLC [9713], (vi) Charger Holdings, LLC [5241], (vii) Powin Energy Ontario Storage, LLC [ 8348], (viii) Powin Energy Operating Holdings, LLC [22495], and (ix) Powin Energy Operating, LLC [6487]. The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR  97062.

(Page 2)

Debtors:            Powin, LLC, *et al.*

Case No.            25-16137 (MBK)

Caption of Order:    Final Order Granting Motion of the Debtors for Entry of an Order (I) Authorizing the Debtors to Continue Insurance Programs and Pay Obligations Thereunder; and (II) Granting Related Relief

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**DENTONS US LLP**

Tania M. Moyron (admitted *pro hac vice*)
Van C. Durrer, II (admitted *pro hac vice*)
601 S. Figueroa Street #2500
Los Angeles, CA 90017
Telephone:  (213) 623-9300
Facsimile:  (213) 623-9924
Email:  tania.moyron@dentons.com
        van.durrer@dentons.com

John D. Beck (admitted *pro hac vice*)
Sarah M. Schrag (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020-1089
Telephone:  (212) 768-6700
Facsimile:  (212) 768-6800
Email:  john.beck@dentons.com
        sarah.schrag@dentons.com

*Proposed Counsel for Debtors and Debtors in Possession*

**TOGUT, SEGAL & SEGAL LLP**

Frank A. Oswald (admitted)
550 Broad Street
Suite 1508
Newark, NJ 07102
Telephone:  (212) 594-5000
Facsimile:  (212) 967-4258
Email:  frankoswald@teamtogut.com

Albert Togut (admitted *pro hac vice* )
Amanda C. Glaubach (admitted *pro hac vice*)
Eitan Blander (admitted *pro hac vice* )
One Penn Plaza, Suite 3335
New York, New York 10119 Telephone: (212) 594-5000
Facsimile:  (212) 967-4258
Email:  altogut@teamtogut.com

        aglaubach@teamtogut.com
        eblander@teamtogut.com

*Proposed Counsel for Debtors and Debtors in Possession*

(Page 3)

| | |
|---|---|
| Debtors: | Powin, LLC, *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Final Order Granting Motion of the Debtors for Entry of an Order (I) Authorizing the Debtors to Continue Insurance Programs and Pay Obligations Thereunder; and (II) Granting Related Relief |

Upon consideration of the Motion[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Final Order"): (i) authorizing the Debtors to maintain and renew, amend, supplement, extend, or modify insurance programs and pay obligations thereunder; and (ii) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of New Jersey dated as of September 18, 2012; and that this Court may enter a final order consistent with Article III of the United States Constitution; and the Debtors asserting that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for hearing on the Motion were appropriate under the circumstances and that no other notice be provided; and this Court having determined that the legal and factual bases set forth in the Motion and at the hearing thereon establish just cause for the relief granted herein; and upon all of the proceedings before this Court; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

1.     The Motion is **GRANTED** on a final basis as set forth herein.

2.     The Debtors shall serve a copy of the Motion and this Final Order on each Insurance Carrier that manages a policy listed on Exhibit C to the Motion within two (2) business days from the date this Final Order is entered.

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

(Page 4)

Debtors:          Powin, LLC, *et al.*

Case No.         25-16137 (MBK)

Caption of Order:   Final Order Granting Motion of the Debtors for Entry of an Order (I)
Authorizing the Debtors to Continue Insurance Programs and Pay
Obligations Thereunder; and (II) Granting Related Relief

3. The Debtors are hereby authorized, but not directed, to pay, in their sole discretion, and in the ordinary course of business, all premiums, premium finance payments, claims, deductibles, retrospective adjustments, administrative and broker's fees and all other obligations arising under the Insurance Programs on account of such prepetition obligations without further order of this Court, in accordance with the same practices and procedures as were in effect prior to the commencement of these cases; *provided that*, the Debtors shall provide notice to the Official Committee of Unsecured Creditors (the "Committee") and FlexGen Power Systems, LLC (the "DIP Lender") prior to entering to any premium financing arrangement not in existence as of the Petition Date.  In addition, if the Debtors seek to enter into any insurance premium financing agreements/arrangements not in the existence as of the Petition Date, such insurance premium financing agreements/arrangements must be brought pursuant to section 364 of the Bankruptcy Code and separately approved by the Court.

4. The Debtors are hereby authorized, but not directed, to maintain their Insurance Programs without interruption, on the same basis and in accordance with the same practices and procedures that were in effect prior to the Petition Date, in their business judgment and at their sole discretion, without further application to this Court.

5. The Debtors are hereby authorized, but not directed, to renew, amend, supplement, extend, or modify their Insurance Programs and or obtain replacement or tail coverage, as needed, at their sole discretion, without further application to this Court, in accordance with the same practice and procedures were in effect prior to commencement of these cases; *provided that*, the Debtors provide notice to the U.S. Trustee, Committee, and the DIP Lender prior to renewing,

(Page 5)
Debtors:            Powin, LLC, *et al.*
Case No.            25-16137 (MBK)
Caption of Order:   Final Order Granting Motion of the Debtors for Entry of an Order (I)
                    Authorizing the Debtors to Continue Insurance Programs and Pay
                    Obligations Thereunder; and (II) Granting Related Relief

amending, supplementing, extending, or modifying their Insurance Programs and or obtaining

replacement or tail coverage.

6.      To the extent the Debtors subsequently become aware of additional Insurance

Programs that have not previously been disclosed, or to the extent the Debtors enter into new

Insurance Programs or renew any Insurance Programs, the Debtors shall disclose the Insurance

Programs to the counsel to the Committee, the DIP Lender, and the U.S. Trustee, no later than two

(2) business days after discovery, entry into, or renewal of such Insurance Programs.

7.      The Debtors will provide notice of any material changes to its Insurance Programs

or policies, to counsel for: (a) the Prepetition Lenders, (b) the DIP Lender, (b) the Committee, and

(c) the U.S. Trustee, within five (5) calendar days before such changes take effect.

8.      Nothing in this Order or the Motion is intended or should be construed as (a) an

admission as to the validity or priority of any claim against the Debtors, (b) a waiver of the

Debtors' rights to dispute any claim, including the validity or priority thereof, or (c) an approval,

assumption, or reaffirmation of any agreement, contract, or lease whether under section 365(a) of

the Bankruptcy Code or otherwise. Likewise, any payment made pursuant to this Order is not

intended and should not be construed as an admission as to the validity or priority of any claim or

a waiver of the Debtors' rights to subsequently dispute such claim.

9.      Notwithstanding anything contained in the Motion or this Final Order, any payment

to be made, and any relief or authorization granted herein, shall be subject to, and must be in

compliance with, the terms and conditions in any orders authorizing the Debtors to use cash

collateral or obtain postpetition financing (collectively, the "Financing Orders"), including any

(Page 6)
Debtors:            Powin, LLC, *et al.*
Case No.            25-16137 (MBK)
Caption of Order:   Final Order Granting Motion of the Debtors for Entry of an Order (I)
                    Authorizing the Debtors to Continue Insurance Programs and Pay
                    Obligations Thereunder; and (II) Granting Related Relief

budgets in connection therewith as may be updated and approved from time to time in accordance

with the terms of the Financing Orders.  To the extent there is any inconsistency between the terms

of the Financing Orders and any action taken or proposed to be taken hereunder, the terms of the

Financing Orders shall control.

10.     Notice of the Motion as provided therein shall be deemed good and sufficient notice

of such Motion and the requirements of the Local Rules are satisfied by such notice.

11.     Nothing in this Final Order authorizes the Debtors to accelerate any payments not

otherwise due.

12.     Nothing in this Final Order or the Motion: (a) alters, amends or modifies the terms

and conditions of any of the Insurance Policies; (b) relieves the Debtors of any of their obligations

under the Insurance Policies; (c) creates a direct right of action against an Insurance Carrier; or (d)

precludes or limits, in any way, the rights of any Insurance Carrier to contest and/or litigate the

existence, primacy and/or scope of available coverage under any of the Insurance Policies.

13.     Notice of the Motion as provided therein shall be deemed good and sufficient notice

of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied

by such notice.

14.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final

Order are immediately effective and enforceable upon its entry.

15.     The requirement set forth in Local Rule 9013-1(a)(3) that any motion be

accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion

or otherwise waived.

(Page 7)

| | |
|---|---|
| Debtors: | Powin, LLC, *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Final Order Granting Motion of the Debtors for Entry of an Order (I) Authorizing the Debtors to Continue Insurance Programs and Pay Obligations Thereunder; and (II) Granting Related Relief |

16.     The Debtors shall serve a copy of this Interim Order and the Motion on all parties required to receive such service pursuant to Local Rule 9013-5(f).

17.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

18.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.