**DENTONS US LLP**

Tania M. Moyron (admitted *pro hac vice*)
Van C. Durrer, II (admitted *pro hac vice*)
601 S. Figueroa Street #2500
Los Angeles, CA 90017
Telephone:  (213) 623-9300
Facsimile:  (213) 623-9924
Email:  tania.moyron@dentons.com
          van.durrer@dentons.com

John D. Beck (admitted *pro hac vice*)
Sarah M. Schrag (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020-1089
Telephone:  (212) 768-6700
Facsimile:  (212) 768-6800
Email:  john.beck@dentons.com
          sarah.schrag@dentons.com

*Proposed Counsel for Debtors and
Debtors in Possession*

**TOGUT, SEGAL & SEGAL LLP**

Frank A. Oswald (admitted)
550 Broad Street
Suite 1508
Newark, NJ 07102
Telephone:  (212) 594-5000
Facsimile:  (212) 967-4258
Email:  frankoswald@teamtogut.com

Albert Togut (admitted *pro hac vice* )
Amanda C. Glaubach (admitted *pro hac vice*)
Eitan Blander (admitted *pro hac vice*)
One Penn Plaza, Suite 3335
New York, New York 10119
Telephone:  (212) 594-5000
Facsimile:  (212) 967-4258
Email:  altogut@teamtogut.com
          aglaubach@teamtogut.com
          eblander@teamtogut.com

*Proposed Counsel for Debtors and
Debtors in Possession*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| In re:<br><br>Powin, LLC, *et al.*,[1]<br><br>　　　　Debtors. | Chapter 11<br><br>Case No. 25-16137 (MBK)<br><br>(Jointly Administered) |

**DEBTORS' APPLICATION FOR ENTRY OF AN ORDER**

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin Project LLC [1583]; (ii) Powin, LLC [0504]; (iii) PEOS Holdings, LLC [5476]; (iv) Powin China Holdings 1, LLC [1422]; (v) Powin China Holdings 2, LLC [9713]; (vi) Charger Holdings, LLC [5241]; (vii) Powin Energy Ontario Storage, LLC [8348]; (viii) Powin Energy Operating Holdings, LLC [2495]; (ix) Powin Energy Operating, LLC [6487]; (x) Powin Energy Storage 2, Inc. [9926]; (xi) Powin Energy Ontario Storage II LP [5787]; and (xii) Powin Canada B.C. Ltd. [2239]. The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR 97062

**AUTHORIZING THE EMPLOYMENT AND RETENTION OF
KURTZMAN CARSON CONSULTANTS, LLC DBA VERITA GLOBAL AS
ADMINISTRATIVE ADVISOR EFFECTIVE AS OF THE PETITION DATE**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Powin, LLC and the above-referenced affiliated debtors and debtors in possession (collectively, the "Debtors") under chapter 11 of title 11 of the United States Code, §§ 101 *et seq.* (the "Bankruptcy Code"), in these chapter 11 cases (the "Chapter 11 Cases"), by and through their undersigned counsel, hereby file this application (the "Application") for entry of an order (substantially in the form attached hereto as **Exhibit A**, the "Proposed Order") authorizing the Debtors to employ and retain Kurtzman Carson Consultants, LLC dba Verita Global ("Verita") as the Debtors' administrative advisor (the "Administrative Advisor") effective as of the Petition Date (as defined below).  In further support of this Application, the Debtors respectfully state as follows:

## I.      RELIEF REQUESTED

1.      The Debtors previously filed an application (the "Claims Agent Application") for an order appointing Verita as claims and noticing agent pursuant to 28 U.S.C. § 156(c), which was granted by this Court on June 13, 2025 [Docket No. 66].  The Debtors believe that administration of these Chapter 11 Cases will require Verita to perform services arguably outside the scope of the order approving the Claims Agent Application, including assisting the Debtors with the preparation of their schedules of assets and liabilities and statements of financial affairs (collectively, the "Schedules and Statements") as well as with the plan solicitation and confirmation process.

## II.    JURISDICTION AND VENUE

2.      The United States Bankruptcy Court for the District of New Jersey (the "Court")

has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Standing Order of Reference*

to the Bankruptcy Court Under Title 11 of the United States District Court for the District of New

Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.).  This matter

is a core proceeding under 28 U.S.C. § 157(b).  The Debtors confirm their consent, pursuant to

Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry

of a final order by the Court in connection with this Application to the extent that it is later

determined that the Court, absent consent of the parties, cannot enter final orders or judgments in

connection herewith consistent with Article III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The predicates for the relief requested herein are sections 327(a) of the Bankruptcy

Code, Bankruptcy Rules 2014(a) and 2016(a), and rules 2014-1 and 2016-1 of the Local

Bankruptcy Rules of the United States Bankruptcy Court for the District of New Jersey (the "Local

Rules").

## III.    BACKGROUND

5.      On the June 9, 2025 (the "Petition Date")[2], the Debtors filed voluntary petitions for

relief under chapter 11 of the Bankruptcy Code.  The Debtors are authorized to continue operating

their businesses and managing their properties as debtors in possession pursuant to sections

1107(a) and 1108 of the Bankruptcy Code.  On June 13, 2025, the Court entered an order [Docket

No. 58] authorizing procedural consolidation and joint administration of these Chapter 11 Cases

---

[2]    Lead Debtor Case No. 25-16137 (MBK) for Debtor Powin Project LLC was filed on June 9, 2025, and the
remaining Debtors were filed shortly thereafter on June 10, 2025 and June 22, 2025.

pursuant to Bankruptcy Rule 1015(b).  No trustee or examiner has been appointed in these Chapter 11 Cases.

6.      On June 26, 2025, the Office of the United States Trustee (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Committee").  [Docket No. 174].

7.      Additional information regarding the Debtors, including their business and the events leading to the commencement of these Chapter 11 Cases is set forth in the *Declaration of Gerard Uzzi in Support of Emergency First Day Motions of the Debtors* [Docket No. 13] (the "First Day Declaration").

## IV.      VERITA'S QUALIFICATIONS

8.      Verita is a bankruptcy administrator that specializes in providing comprehensive chapter 11 administrative services including noticing, claims processing, assisting with preparation of schedules of assets and liabilities and statements of financial affairs, solicitation, balloting, and other related services critical to the effective administration of chapter 11 cases.  As a specialist in claims management and legal administration services, Verita provides comprehensive services in chapter 11 cases.  Verita has substantial experience in matters of all sizes and levels of complexity, including many bankruptcy cases filed in this district and the Third Circuit.  *See, e.g., In re Thrasio Holdings, Inc., et al.*, Case No. 24-11840 (CMG) (Bankr. D.N.J. May 13, 2024); *In re Invitae Corp.*, No. 24-11362 (MBK) (Bankr. D.N.J. Feb. 16, 2024); *In re Cyxtera Techs., Inc.*, No. 23-14853 (JKS) (Bankr. D.N.J. July 18, 2023); *In re PGX Holdings, Inc.*, No. 23-10718 (CTG) (Bankr. D. Del. June 6, 2023); *In re Carestream Health, Inc.*, No. 22- 10778 (JKS) (Bankr. D. Del. Oct. 7, 2022); *In re First Guar. Mortg. Corp.*, No. 22-10584 (CTG) (Bankr. D. Del. Jul. 28, 2022); *In re Zosana Pharma Corp.*, No. 22-10506 (JKS) (Bankr. D. Del. Jun. 30, 2022); *In re Sequential Brands Grp., Inc.*, No. 21-11194 (JTD) (Bankr. D. Del. Oct. 4, 2021); *In re Alex and Ani, LLC.*,

No. 21-10746 (CTG) (Bankr. D. Del. Jul 15, 2021); *In re TECT Aerospace Grp. Holdings, Inc.*, No. 21-10670 (KBO) (Bankr. D. Del. May 5, 2021); *In re Medley LLC*, No. 21-10525 (KBO) (Bankr. D. Del. Apr. 1, 2021); *In re Extraction Oil & Gas, Inc.*, No. 20- 11548 (CSS) (Bankr. D. Del. Aug. 11, 2020); *In re Akorn, Inc.*, No. 20-11177 (KBO) (Bankr. D. Del. Jun. 23, 2020); *In re Pace Indus., LLC*, No. 20-10927 (MFW) (Bankr. D. Del. May 7, 2020); *In re TZEW Holdco LLC*, No. 20-10910 (CSS) (Bankr. D. Del. Jun. 2, 2020); *In re Melinta Therapeutics, Inc.*, No. 19-12748 (LSS) (Bankr. D. Del. Dec. 27, 2019); *In re Celadon Grp., Inc.*, No. 19-12606 (KBO) (Bankr. D. Del. Dec. 8, 2019); *In re HRI Holding Corp.*, No. 19-12415 (MFW) (Bankr. D. Del. Nov. 14, 2019).

9.      The Debtors chose Verita to perform the Administrative Services (as defined herein) because of Verita's experience, reputation, familiarity with these Chapter 11 Cases, and the competitiveness of its fees.  The Debtors submit that using Verita to provide the Administrative Services has provided, and will continue to provide, the most cost-effective and efficient administration of these Chapter 11 Cases.  Further, retaining Verita as Administrative Advisor has allowed, and will continue to allow, the Debtors and their other professionals to focus on key aspects of the Debtors' restructuring efforts.  Accordingly, the Debtors believe that Verita is qualified to provide the Administrative Services and that Verita's retention in such capacity is in the best interests of the Debtors' estate and creditors.

## V.      SERVICES TO BE PROVIDED BY VERITA

10.     Pursuant to the services agreement (the "Services Agreement"), attached to the Proposed Order as **Exhibit 1**, the Debtors seek to retain Verita as Administrative Advisor to

provide, among other things, the following bankruptcy administration services (collectively, the

"Administrative Services"), if and to the extent requested:[3]

   (a)   assist with among other things, the preparation of confidential online workspaces and data rooms;

   (b)   assist with, among other things, the preparation of the Debtors' Schedules and Statements and the gathering of data in conjunction therewith;

   (c)   assist with, among other things, solicitation, balloting and tabulation of votes, and prepare any related reports, as required in support of confirmation of a chapter 11 plan, and in connection with such services, process requests for documents from parties-in-interest, including, if applicable, brokerage firms, bank back-offices, and institutional holders;

   (d)   prepare an official ballot certification and, if necessary, testify in support of the ballot tabulation results;

   (e)   manage and coordinate any distributions pursuant to a chapter 11 plan; and

   (f)   provide such other processing, solicitation, balloting and other administrative services described in the Services Agreement, but not included in the Claims Agent Application, as may be requested from time to time by the Debtors or the Court.

## VI.   PROFESSIONAL COMPENSATION

11.   The fees Verita will charge in connection with providing services to the Debtors are set forth in the Services Agreement. The Debtors respectfully submit that Verita's rates are competitive and comparable to the rates its competitors charge for similar services. Indeed, the Debtors conducted a competitive comparison of other firms and reviewed their rates before selecting Verita as Administrative Advisor and the rates are reasonable given the quality of

---

[3]   The summary provided herein is for illustrative purposes only and is subject to the Services Agreement in all respects. In the event of any inconsistency between the Administrative Services as set forth herein and the Services Agreement, the Services Agreement will control. Capitalized terms used in this section have the meaning ascribed to them in the Services Agreement.

Verita's services and its professionals' bankruptcy expertise.  Additionally, Verita will seek reimbursement from the Debtors for reasonable and documented expenses in accordance with the terms of the Services Agreement.

12.    Verita intends to apply to the Court for allowance of compensation and reimbursement of expenses incurred in connection with the services it provides as Administrative Advisor pursuant to and consistent with the Services Agreement.  Verita will comply with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and orders of the Court entered in these Chapter 11 Cases regarding professional compensation and reimbursement of expenses.

13.    Additionally, under the terms of and in accordance with the Services Agreement, the Debtors have agreed to indemnify, defend, and hold harmless Verita and its affiliates, members, directors, officers, employees, consultants, subcontractors, representatives, and agents under certain circumstances specified in the Services Agreement, except in circumstances resulting solely from Verita's gross negligence or willful misconduct or as otherwise provided in the Services Agreement or Proposed Order.  The Debtors believe that such an indemnification obligation is customary, reasonable, and necessary to retain the services of an Administrative Advisor in these Chapter 11 Cases.

## VII.    VERITA'S DISINTERESTEDNESS

14.    Verita has reviewed its electronic database to determine whether it has any relationships with the creditors and parties-in-interest provided by the Debtors.  Verita has represented to the Debtors that, to the best of its knowledge, and except as set forth in the *Declaration of Evan Gershbein in Support of Debtors' Application for Entry of an Order Authorizing the Employment and Retention of Kurtzman Carson Consultants, LLC dba Verita Globa as Administrative Advisor Effective as of the Petition Date* (the "Gershbein Declaration"),

attached hereto as **Exhibit B**, neither Verita nor any of its professional personnel have any relationship with the Debtors that would impair Verita's ability to serve as Administrative Advisor. To the extent that Verita or its personnel have, or may have had, relationships with certain of the Debtors' creditors, as described in the Gershbein Declaration, Verita has represented to the Debtors that those matters are completely unrelated to the Debtors' Chapter 11 Cases.  To the best of the Debtors' knowledge, Verita is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent any interest materially adverse to the Debtors' estates in connection with any matter on which it would be employed.

15. Verita believes that it does not have any relationships with creditors or parties-in-interest that would present a disqualifying conflict of interest.

16. Verita will supplement its disclosure to the Court if any facts or circumstances are discovered that would require such additional disclosure.

## VIII.   BASIS FOR RELIEF

17. Section 327(a) of the Bankruptcy Code provides that a debtor, subject to Court approval:

> [M]ay employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor]'s duties under this title.

11 U.S.C. § 327(a).

18. Bankruptcy Rule 2014(a) requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014.

19.    The Debtors seek entry of an order authorizing the retention and employment of Verita as Administrative Advisor in order to help manage certain administrative tasks involved in these Chapter 11 Cases, including the preparation of the Schedules and Statements and the chapter 11 plan solicitation process.  In light of the numerous creditors and other parties-in-interest that are involved in these Chapter 11 Cases, the Debtors submit that Verita's retention as Administrative Advisor is in the best interest of the Debtors' estates and their creditors, and that the terms set forth in the Services Agreement are fair and reasonable.

## IX.    WAIVER OF BANKRUPTCY RULES 6004(A) AND (H)

20.    To implement the foregoing successfully, the Debtors seek a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the fourteen (14)-day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h).

## X.    NO PRIOR REQUEST

21.    No prior request for the relief sought in this Application has been made to this Court or any other court.

## XI.    NOTICE

22.    The Debtors will provide notice of this Application to the following parties and / or their respective counsel, as applicable: (a) the U.S. Trustee; (b) counsel for the Debtors' Prepetition Secured Parties; (c) the Committee; (d) counsel for the DIP Lender; (e) all parties entitled to service under Bankruptcy Rule 2002 or who have requested notice in these Chapter 11 Cases.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

9

## XII.    <u>CONCLUSION</u>

**WHEREFORE**, the Debtors respectfully request entry of the Proposed Order (i) granting

the relief requested herein; and (ii) granting the Debtors such other and further relief as the Court

deems just and proper.

Dated: July 17, 2025

**TOGUT, SEGAL & SEGAL LLP**

*/s/ Frank A. Oswald*
Frank A. Oswald (admitted)
550 Broad Street
Suite 1508
Newark, NJ 07102
Telephone:  (212) 594-5000
Facsimile:  (212) 967-4258
Email:  frankoswald@teamtogut.com

Albert Togut (admitted *pro hac vice*)
Amanda C. Glaubach (admitted *pro hac vice*)
Eitan Blander (admitted *pro hac vice* )
One Penn Plaza, Suite 3335
New York, New York 10119
Telephone:  (212) 594-5000
Facsimile:  (212) 967-4258
Email:  altogut@teamtogut.com
         aglaubach@teamtogut.com
         eblander@teamtogut.com

- and -

**DENTONS US LLP**

Tania M. Moyron (admitted *pro hac vice*)
Van C. Durrer, II (admitted *pro hac vice*)
601 S. Figueroa Street #2500
Los Angeles, CA 90017
Telephone:  (213) 623-9300
Facsimile:  (213) 623-9924
Email:  tania.moyron@dentons.com
         van.durrer@dentons.com

John D. Beck (admitted *pro hac vice*)
Sarah M. Schrag (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020-1089
Telephone:  (212) 768-6700
Facsimile:  (212) 768-6800
Email:  john.beck@dentons.com
         sarah.schrag@dentons.com

*Proposed Counsel for Debtors and
Debtors in Possession*

## **<u>EXHIBIT A</u>**

Proposed Order

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| In re:<br><br>Powin, LLC, *et al.*,[1]<br><br>           Debtors. | Chapter 11<br><br>Case No. 25-16137 (MBK)<br><br>(Jointly Administered) |

**ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF
KURTZMAN CARSON CONSULTANTS, LLC DBA VERITA GLOBAL
AS ADMINISTRATIVE ADVISOR EFFECTIVE AS OF THE PETITION DATE**

The relief set forth on the following pages, numbered three (3) through six (6), is **ORDERED**.

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin Project LLC [1583]; (ii) Powin, LLC [0504]; (iii) PEOS Holdings, LLC [5476]; (iv) Powin China Holdings 1, LLC [1422]; (v) Powin China Holdings 2, LLC [9713]; (vi) Charger Holdings, LLC [5241]; (vii) Powin Energy Ontario Storage, LLC [8348]; (viii) Powin Energy Operating Holdings, LLC [2495]; (ix) Powin Energy Operating, LLC [6487]; (x) Powin Energy Storage 2, Inc. [9926]; (xi) Powin Energy Ontario Storage II LP [5787]; and (xii) Powin Canada B.C. Ltd. [2239]. The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR 97062

(Page | 2)

| | |
|---|---|
| Debtors: | Powin, LLC, *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Order Authorizing the Employment and Retention of Kurtzman Carson Consultants, LLC dba Verita Global as Administrative Advisor Effective as of the Petition Date |

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**DENTONS US LLP**

Tania M. Moyron (admitted *pro hac vice*)
Van C. Durrer, II (admitted *pro hac vice*)
601 S. Figueroa Street #2500
Los Angeles, CA 90017
Telephone:  (213) 623-9300
Facsimile:  (213) 623-9924
Email:  tania.moyron@dentons.com
           van.durrer@dentons.com

John D. Beck (*pro hac vice* pending)
Sarah M. Schrag (*pro hac vice* pending)
1221 Avenue of the Americas
New York, NY 10020-1089
Telephone:  (212) 768-6700
Facsimile:  (212) 768-6800
Email:  john.beck@dentons.com
           sarah.schrag@dentons.com

*Proposed Counsel for Debtors and
Debtors in Possession*

**TOGUT, SEGAL & SEGAL LLP**

Frank A. Oswald (admitted)
550 Broad Street
Suite 1508
Newark, NJ 07102
Telephone:  (212) 594-5000
Facsimile:  (212) 967-4258
Email:  frankoswald@teamtogut.com

Albert Togut (admitted *pro hac vice*)
Amanda C. Glaubach (admitted *pro hac vice*)
Eitan Blander (admitted *pro hac vice*)
One Penn Plaza, Suite 3335
New York, New York 10119
Telephone:  (212) 594-5000
Facsimile:  (212) 967-4258
Email:  altogut@teamtogut.com
           aglaubach@teamtogut.com
           eblander@teamtogut.com

*Proposed Counsel for Debtors and
Debtors in Possession*

(Page | 3)

| | |
|---|---|
| Debtors: | Powin, LLC, *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Order Authorizing the Employment and Retention of Kurtzman Carson Consultants, LLC dba Verita Global as Administrative Advisor Effective as of the Petition Date |

Upon consideration of the application (the "Application")[1], of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order") authorizing the Debtors to employ and retain Kurtzman Carson Consultants, LLC dba Verita Global ("Verita") as administrative advisor in the Debtors' Chapter 11 Cases (the "Administrative Advisor"), effective as of the Petition Date, pursuant to section 327(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1, all as more fully described in the Application; and upon the Gershbein Declaration; and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. § 1334 and the Standing Order of Reference to the Bankruptcy Court Under Title 11 of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.) and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Application was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Application and having heard the statements in support of the relief requested therein at a hearing before this Court; and this Court being satisfied, based on the representations made in the Application and the Gershbein Declaration, that (a) Verita does not hold or represent an interest adverse to the Debtors' estates and (b) Verita is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code as required by section 327(a) of the Bankruptcy Code; and this Court having determined that the legal and factual bases set forth in the Application establish just

(Page | 4)

| Debtors: | Powin, LLC, *et al.* |
|---|---|
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Order Authorizing the Employment and Retention of Kurtzman Carson Consultants, LLC dba Verita Global as Administrative Advisor Effective as of the Petition Date |

cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor

**IT IS HEREBY ORDERED THAT**:

1.      The Application is **GRANTED** as set forth herein.

2.      The Debtors are authorized to retain Verita as Administrative Advisor pursuant to section 327(a) of the Bankruptcy Code effective as of the Petition Date under the terms of the Services Agreement attached hereto as **Exhibit 1**, and Verita is authorized to perform the bankruptcy administration services described in the Application and set forth in the Services Agreement.

3.      Any services Verita will provide relating to the Debtors' schedules of assets and liabilities and statements of financial affairs shall be limited to administrative and ministerial services. The Debtors shall remain responsible for the content and accuracy of their schedules of assets and liabilities and statements of financial affairs.

4.      Verita is authorized to take all actions necessary to comply with its duties as Administrative Advisor as described in the Application and set forth in the Services Agreement.

5.      Verita shall apply to the Court for allowance of compensation and reimbursement of expenses incurred in its capacity as Administrative Advisor in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any orders entered in these cases regarding professional compensation and reimbursement of expenses. The

---
1

(Page | 5)

| | |
|---|---|
| Debtors: | Powin, LLC, *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Order Authorizing the Employment and Retention of Kurtzman Carson Consultants, LLC dba Verita Global as Administrative Advisor Effective as of the Petition Date |

indemnification, contribution and reimbursement provisions in the Services Agreement are

approved, subject to the following modifications, applicable during the pendency of these Chapter

11 Cases:

(a)     Verita shall not be entitled to indemnification, contribution, or reimbursement pursuant to the Services Agreement unless the indemnification, contribution, or reimbursement is approved by the Court.

(b)     Notwithstanding anything to the contrary in the Services Agreement, the Debtors shall have no obligation to indemnify Verita, or provide contribution or reimbursement to Verita, for any claim or expense that is either: (i) judicially determined (that determination having become final) to have arisen from Verita's gross negligence, willful misconduct, bad faith, self-dealing, or fraud; (ii) for a contractual dispute in which the Debtors allege the breach of Verita's obligations under the Services Agreement, unless the Court determines that indemnification, contribution, or reimbursement would be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003); or (iii) settled without the Debtors' consent prior to a judicial determination as to subclauses (i) or (ii) above, but determined by this Court, after notice and a hearing, to be a claim or expense for which Verita should not receive indemnity, contribution, or reimbursement under the terms of the Services Agreement, as modified by this Order.

(c)     If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these Chapter 11 Cases (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing these Chapter 11 Cases, Verita believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, and/or reimbursement obligations under the Services Agreement, as modified by this Order, including, without limitation, the advancement of defense costs, Verita must file an application therefor in this Court, and the Debtors may not pay any such amounts to Verita before the entry of an order of this Court approving the payment.   This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by Verita for indemnification contribution, and/or reimbursement and not a provision limiting the duration of the Debtors' obligation to indemnify or make contributions or reimbursements to Verita.   All parties in interest shall retain the right to object to any demand by Verita for indemnification, contribution, or reimbursement.

(Page | 6)

| | |
|---|---|
| Debtors: | Powin, LLC, *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Order Authorizing the Employment and Retention of Kurtzman Carson Consultants, LLC dba Verita Global as Administrative Advisor Effective as of the Petition Date |

6.      Notwithstanding anything to the contrary contained in the Application, Gershbein Declaration, or the Services Agreement, including paragraph II(A) thereof, Verita shall provide at least thirty (30) days' notice of any increases in its billing rates, subject to the parties-in-interest's right to object to any such increases.

7.      Notwithstanding anything to the contrary in the Application, Gershbein Declaration, or the Services Agreement, in the event that any of these Chapter 11 Cases convert to a case under chapter 7 of the Bankruptcy Code, the chapter 7 trustee appointed to such case or cases shall have no obligation to continue the engagement of Verita.

8.      Notwithstanding anything in the Application or Services Agreement, Verita shall seek reimbursement from the Debtors' estates for its engagement-related expenses at the firm's actual costs paid.

9.      Verita shall not seek reimbursement of any fees or costs arising from the defense of its fee applications in the above-captioned cases.

10.     The Debtors and Verita are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

11.     In the event of any inconsistency between the Services Agreement and this Order, this Order shall govern.

12.     Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Order shall be effective and enforceable immediately upon entry hereof.

(Page | 7)

| | |
|---|---|
| Debtors: | Powin, LLC, *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Order Authorizing the Employment and Retention of Kurtzman Carson Consultants, LLC dba Verita Global as Administrative Advisor Effective as of the Petition Date |

13.     Notice of the Application as provided therein shall be deemed good and sufficient notice of such Application and the requirements of the Bankruptcy Rules and the Local Rules are satisfied by such notice.

14.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

# **EXHIBIT 1**

Services Agreement

# VERITA AGREEMENT FOR SERVICES

This Agreement is entered into as of the <u>8</u> day of June 2025, between Powin, LLC (together with its affiliates and subsidiaries, the "Company"),[1] and Kurtzman Carson Consultants, LLC dba Verita Global (together with its affiliates and subcontractors, "Verita"). In consideration of the premises set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

## Terms and Conditions

I.    SERVICES

A.    Verita agrees to provide the Company with consulting services regarding noticing, claims management and reconciliation, plan solicitation, balloting, disbursements and any other services agreed upon by the parties or otherwise required by applicable law, government regulations or court rules or orders.

B.    Verita further agrees to provide (i) computer software support and training in the use of the support software, (ii) Verita's standard reports as well as consulting and programming support for the Company requested reports, (iii) program modifications, (iv) data base modifications, and/or (v) other features and services in accordance with the fees outlined in a pricing schedule provided to the Company (the "Verita Fee Structure").

C.    Without limiting the generality of the foregoing, Verita may, upon request by the Company, (i) provide a communications plan including, but not limited to, preparation of communications materials, dissemination of information and a call center staffed by Verita and/or (ii) provide confidential on-line workspaces or virtual data rooms and publish documents to such workspaces or data rooms (which publication shall not be deemed to violate the confidentiality provisions of this Agreement).

D.    The price listed for each service in the Verita Fee Structure represents a bona fide proposal for such services, which may be accepted in whole or in part.  Services will be provided when requested by the Company or required by applicable law, government regulations or court rules or orders.  Services are mutually exclusive and are deemed delivered and accepted by the Company when provided by Verita.

E.    The Company acknowledges and agrees that Verita will often take direction from the Company's representatives, employees, agents and/or professionals (collectively, the "Company Parties") with respect to the services being provided under this Agreement.  The parties agree that Verita may rely upon, and the Company agrees to be bound by, any requests, advice or information provided by the Company Parties to the same extent as if such requests, advice or information were provided by the Company.  The Company agrees and understands that Verita shall not provide the Company or any other party with any legal advice.

II.    PRICES, CHARGES AND PAYMENT

A.    Verita agrees to charge and the Company agrees to pay Verita for its services at the rates and prices set by Verita that are in effect as of the date of this Agreement and in accordance with the Verita Fee Structure.  Verita's prices are generally adjusted periodically to reflect changes in the business and economic environment and are inclusive of all charges.  Verita reserves the right to reasonably increase its

---

[1]    The term Company shall include, to the extent applicable, the Company, as debtor and debtor in possession in its chapter 11 case, together with any affiliated debtors and debtors in possession whose chapter 11 cases are jointly administered with the Company's chapter 11 case.

## VERITA AGREEMENT FOR SERVICES

prices, charges and rates; provided, however, that if any such increase exceeds 15%, Verita will give thirty (30) days written notice to the Company.

B.    In addition to fees and charges for services, the Company agrees to pay Verita's reasonable transportation, lodging, and meal expenses incurred in connection with services provided under this Agreement.

C.    In addition to all fees for services and expenses hereunder, the Company shall pay to Verita (i) any fees and charges related to, arising out of, or as a result of any error or omission made by the Company or the Company Parties, as mutually determined by Verita and the Company, and (ii) all taxes that are applicable to this Agreement or that are measured by payments made under this Agreement and are required to be collected by Verita or paid by Verita to a taxing authority.

D.    Where the Company requires services that are unusual or beyond the normal business practices of Verita, or are otherwise not provided for in the Verita Fee Structure, the cost of such services shall be charged to the Company at a competitive rate.

E.    Verita agrees to submit its invoices to the Company monthly and the Company agrees that the amount invoiced is due and payable upon the Company's receipt of the invoice. Verita's invoices will contain reasonably detailed descriptions of charges for both hourly (fees) and non-hourly (expenses) case specific charges. Where total invoice amounts are expected to exceed $10,000 in any single month and Verita reasonably believes it will not be paid, Verita may require advance payment from the Company due and payable upon demand and prior to the performance of services hereunder. If any amount is unpaid as of thirty (30) days from the receipt of the invoice, the Company further agrees to pay a late charge, calculated as two and one-half percent (2-1/2%) of the total amount unpaid every thirty (30) days. In the case of a dispute in the invoice amount, the Company shall give written notice to Verita within ten (10) days of receipt of the invoice by the Company. The undisputed portion of the invoice will remain due and payable immediately upon receipt of the invoice. Late charges shall not accrue on any amounts in dispute or any amounts unable to be paid due to Court order or applicable law. Unless otherwise agreed to in writing, the fees for print notice and media publication (including commissions) must be paid at least three (3) days in advance of those fees and expenses being incurred.

F.    In the event that the Company files for protection pursuant to chapter 11 of the United States Bankruptcy Code (a "Chapter 11 Filing"), the parties intend that Verita shall be employed pursuant to 28 U.S.C. § 156(c) to the extent possible and otherwise in accordance with applicable Bankruptcy law and that all amounts due under this Agreement shall, to the extent possible, be paid as administrative expenses of the Company's chapter 11 estate. As soon as practicable following a Chapter 11 Filing (and otherwise in accordance with applicable law and rules and orders of the Bankruptcy Court), the Company shall cause pleadings to be filed with the Bankruptcy Court seeking entry of an order or orders approving this Agreement (the "Retention Order"). The form and substance of the pleadings and the Retention Order shall be reasonably acceptable to Verita. If any Company chapter 11 case converts to a case under chapter 7 of the Bankruptcy Code, Verita will continue to be paid for its services in accordance with the terms of this Agreement. The parties recognize and agree that if there is a conflict between the terms of this Agreement and the terms of the Retention Order, the terms of the Retention Order shall govern during the chapter 11 or other proceeding.

G.    To the extent permitted by applicable law, Verita shall receive a retainer in the amount of $0.00 (the "Retainer") that may be held by Verita as security for the Company's payment obligations under the Agreement. The Retainer is due upon execution of this Agreement. In the event of a Chapter 11 Filing,



## VERITA AGREEMENT FOR SERVICES

Verita will first apply the Retainer to all pre-petition invoices, and thereafter, will have the Retainer replenished to the original amount. Verita shall be entitled to hold the Retainer until the termination of the Agreement. Following termination of the Agreement, Verita shall return to the Company any amount of the Retainer that remains following application of the Retainer to the payment of unpaid invoices.

III.     RIGHTS OF OWNERSHIP

A.     The parties understand that the software programs and other materials furnished by Verita pursuant to this Agreement and/or developed during the course of this Agreement by Verita are the sole property of Verita. The term "program" shall include, without limitation, data processing programs, specifications, applications, routines, and documentation. The Company agrees not to copy or permit others to copy the source code from the support software or any other programs or materials furnished pursuant to this Agreement.

B.     The Company further agrees that any ideas, concepts, know-how or techniques relating to data processing or Verita's performance of its services developed or utilized during the term of this Agreement by Verita shall be the exclusive property of Verita. Fees and expenses paid by the Company do not vest in the Company any rights in such property, it being understood that such property is only being made available for the Company's use during and in connection with the services provided by Verita under this Agreement.

IV.     NON-SOLICITATION

The Company agrees that neither it nor its subsidiaries or other affiliated companies shall directly or indirectly solicit for employment, employ or otherwise retain employees of Verita during the term of this Agreement and for a period of twelve (12) months after termination of this Agreement unless Verita provides prior written consent to such solicitation or retention.

V.     CONFIDENTIALITY

Each of Verita and the Company, on behalf of themselves and their respective employees, agents, professionals and representatives, agrees to keep confidential all non-public records, systems, procedures, software and other information received from the other party in connection with the services provided under this Agreement; provided, however, that if either party reasonably believes that it is required to produce any such information by order of any governmental agency or other regulatory body it may, upon not less than five (5) business days' written notice to the other party, release the required information.

VI.     SUSPENSION OF SERVICE AND TERMINATION

A.     This Agreement shall remain in force until terminated or suspended by either party (i) upon thirty (30) days' written notice to the other party or (ii) immediately upon written notice for Cause (defined herein). As used herein, the term "Cause" means (i) gross negligence or willful misconduct of Verita that causes serious and material harm to the Company's reorganization under chapter 11 of the Bankruptcy Code, (ii) the failure of the Company to pay Verita invoices for more than sixty (60) days from the date of invoice, or (iii) the accrual of invoices or unpaid services in excess of the retainer held by Verita where Verita reasonably believes it will not be paid.

B.     In the event that this contract is terminated, regardless of the reason for such termination, Verita shall coordinate with the Company and, to the extent applicable, the clerk of the Bankruptcy Court, to

## VERITA AGREEMENT FOR SERVICES

maintain an orderly transfer of record keeping functions and Verita shall provide all necessary staff, services and assistance required for an orderly transfer. The Company agrees to pay for such services in accordance with Verita's then existing prices for such services. If such termination occurs following entry of the Retention Order, the Company shall immediately seek entry of an order (in form and substance reasonably acceptable to Verita) that discharges Verita from service and responsibility in the Company's bankruptcy case.

C.       Any data, programs, storage media or other materials furnished by the Company to Verita or received by Verita in connection with the services provided under the terms of this Agreement may be retained by Verita until the services provided are paid for, or until this Agreement is terminated with the services paid in full. The Company shall remain liable for all fees and expenses imposed under this Agreement as a result of data or physical media maintained or stored by Verita. Verita shall dispose of the data and media in the manner requested by the Company. The Company agrees to pay Verita for reasonable expenses incurred as a result of the disposition of data or media. If the Company has not utilized Verita's services under this Agreement for a period of at least ninety (90) days, Verita may dispose of the data or media, and be reimbursed by the Company for the expense of such disposition, after giving the Company thirty (30) days' notice. Notwithstanding any term herein to the contrary, following entry of the Retention Order, the disposition of any data or media by Verita shall be in accordance with any applicable instructions from the clerk of the Bankruptcy Court, local Bankruptcy Court rules and orders of the Bankruptcy Court.

## VII.    SYSTEM IMPROVEMENTS

Verita strives to provide continuous improvements in the quality of service to its clients. Verita, therefore, reserves the right to make changes in operating procedure, operating systems, programming languages, general purpose library programs, application programs, time period of accessibility, types of terminal and other equipment and the Verita data center serving the Company, so long as any such changes do not materially interfere with ongoing services provided to the Company in connection with the Company's chapter 11 case.

## VIII.    BANK ACCOUNTS

At the Company's request and subject to Court approval following any chapter 11 filing, Verita may be authorized to establish accounts with financial institutions in the name of and as agent for the Company. To the extent that certain financial products are provided to the Company pursuant to Verita's agreement with financial institutions, Verita may receive compensation from such financial institutions for the services Verita provides pursuant to such agreement.

## IX.    LIMITATIONS OF LIABILITY AND INDEMNIFICATION

A.       The Company shall indemnify and hold Verita, its affiliates, members, directors, officers, employees, consultants, subcontractors and agents (collectively, the "Indemnified Parties") harmless, to the fullest extent permitted by applicable law, from and against any and all losses, claims, damages, judgments, liabilities and expenses (including reasonable counsel fees and expenses) (collectively, "Losses") resulting from, arising out of or related to Verita's performance under this Agreement. Such indemnification shall exclude Losses resulting from Verita's gross negligence or willful misconduct. Without limiting the generality of the foregoing, Losses include any liabilities resulting from claims by any third-parties against any Indemnified Party. The Company shall notify Verita in writing promptly upon the assertion, threat or commencement of any claim, action, investigation or proceeding that the Company becomes aware of with

**VERITA AGREEMENT FOR SERVICES**

respect to the services provided by Verita under this Agreement. The Company's indemnification obligations hereunder shall survive the termination of this Agreement.

B.      Except as provided herein, Verita's liability to the Company or any person making a claim through or under the Company for any Losses of any kind, even if Verita has been advised of the possibility of such Losses, whether direct or indirect and unless due to gross negligence or willful misconduct of Verita, shall be limited to the total amount billed or billable to the Company for the portion of the particular work which gave rise to the alleged Loss. In no event shall Verita be liable for any indirect, special or consequential damages such as loss of anticipated profits or other economic loss in connection with or arising out of the services provided for in this Agreement. In no event shall Verita's liability to the Company for any Losses, whether direct or indirect, arising out of this Agreement exceed the total amount billed to the Company and actually paid to Verita for the services contemplated under the Agreement; provided, however, that this limitation shall not apply to the Company during any chapter 11 case in which the Company is a debtor.

C.      The Company is responsible for the accuracy of the programs, data and information it or any Company Party submits for processing to Verita and for the output of such information. Verita does not verify information provided by the Company and, with respect to the preparation of schedules and statements, all decisions are at the sole discretion and direction of the Company. The Company reviews and approves all schedules and statements filed on behalf of, or by, the Company; Verita bears no responsibility for the accuracy or contents therein. The Company agrees to initiate and maintain backup files that would allow the Company to regenerate or duplicate all programs and data submitted by the Company to Verita.

D.      The Company agrees that except as expressly set forth herein, Verita makes no representations or warranties, express or implied, including, but not limited to, any implied or express warranty of merchantability, fitness or adequacy for a particular purpose or use, quality, productiveness or capacity.

X.      FORCE MAJEURE

Verita will not be liable for any delay or failure in performance when such delay or failure arises from circumstances beyond its reasonable control, including without limitation acts of God, acts of government in its sovereign or contractual capacity, acts of public enemy or terrorists, acts of civil or military authority, war, riots, civil strife, terrorism, blockades, sabotage, rationing, embargoes, epidemics, pandemics, outbreaks of infectious diseases or any other public health crises, earthquakes, fire, flood, other natural disaster, quarantine or any other employee restrictions, power shortages or failures, utility or communication failure or delays, labor disputes, strikes, or shortages, supply shortages, equipment failures, or software malfunctions.

XI.     INDEPENDENT CONTRACTORS

The Company and Verita are and shall be independent contractors of each other and no agency, partnership, joint venture or employment relationship shall arise, directly or indirectly, as a result of this Agreement.

XII.    NOTICES

All notices and requests in connection with this Agreement shall be given or made upon the respective parties in writing and shall be deemed as given as of the third day following the day it is deposited in the U.S. Mail, postage pre-paid or on the day it is given if sent by facsimile or electronic mail or on the day after the day it is sent if sent by overnight courier to the appropriate address set forth below:

**verita**

## VERITA AGREEMENT FOR SERVICES

KCC/Verita Global, LLC
222 N. Pacific Coast Highway, 3rd Floor
El Segundo, CA 90245
Attn: Drake D. Foster
Tel: (310) 823-9000
Fax: (310) 823-9133
E-Mail: dfoster@veritaglobal.com

Togut Segal & Segal LLP
One Penn Plaza
New York, NY 10119
Attn: Frank Oswald
Tel: (212) 594-5000
Fax: (212) 967-4258
E-Mail: foswald@teamtogut.com

Or to such other address as the party to receive the notice or request so designates by written notice to the other.

XIII.   APPLICABLE LAW

The validity, enforceability, and performance of this Agreement shall be governed by and construed in accordance with the laws of the State of California.

XIV.   ENTIRE AGREEMENT/ MODIFICATIONS

Each party acknowledges that it has read this Agreement, understands it, and agrees to be bound by its terms and further agrees that it is the complete and exclusive statement of the agreement between the parties, which supersedes and merges all prior proposals, understandings, other agreements, and communications oral and written between the parties relating to the subject matter of this Agreement. The Company represents that it has the authority to enter into this Agreement, and the Agreement is non-dischargeable under any applicable statute or law. If any provision of this Agreement shall be held to be invalid, illegal or unenforceable, the validity, legality and enforceability of the remaining provisions shall in no way be affected or impaired thereby. This Agreement may be modified only by a written instrument duly executed by an authorized representative of the Company and an officer of Verita.

XV.   COUNTERPARTS; EFFECTIVENESS

This Agreement may be executed in two or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument. This Agreement will become effective when one or more counterparts have been signed by each of the parties and delivered to the other parties, which delivery may be made by exchange of copies of the signature page by facsimile or electronic mail.

XVI.   ASSIGNMENT

This Agreement and the rights and duties hereunder shall not be assignable by the parties hereto except upon written consent of the other, with the exception that this Agreement can be assigned without written consent by Verita to a wholly-owned subsidiary or affiliate of Verita.



## VERITA AGREEMENT FOR SERVICES

XVII.   ATTORNEYS' FEES

In the event that any legal action, including an action for declaratory relief, is brought to enforce the performance or interpret the provisions of this Agreement, the parties agree to reimburse the prevailing party's reasonable attorneys' fees, court costs, and all other related expenses, which may be set by the court in the same action or in a separate action brought for that purpose, in addition to any other relief to which the prevailing party may be entitled.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement effective as of the first date mentioned above.

Kurtzman Carson Consultants, LLC dba Verita Global

*Evan J. Gershbein*

BY:  Evan Gershbein              DATE: 08-Jun-2025 | 11:36:36 AM EDT
TITLE:  EVP, Corporate Restructuring Services

Powin, LLC

BY: Gerard Uzzi              DATE: 6/7/25
TITLE: Chief Restructuring Officer

## VERITA AGREEMENT FOR SERVICES

This Agreement is entered into as of the __8__ day of June 2025, between Powin, LLC (together with its affiliates and subsidiaries, the "Company"),[1] and Kurtzman Carson Consultants, LLC dba Verita Global (together with its affiliates and subcontractors, "Verita"). In consideration of the premises set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

**Terms and Conditions**

I.      SERVICES

A.      Verita agrees to provide the Company with consulting services regarding noticing, claims management and reconciliation, plan solicitation, balloting, disbursements and any other services agreed upon by the parties or otherwise required by applicable law, government regulations or court rules or orders.

B.      Verita further agrees to provide (i) computer software support and training in the use of the support software, (ii) Verita's standard reports as well as consulting and programming support for the Company requested reports, (iii) program modifications, (iv) data base modifications, and/or (v) other features and services in accordance with the fees outlined in a pricing schedule provided to the Company (the "Verita Fee Structure").

C.      Without limiting the generality of the foregoing, Verita may, upon request by the Company, (i) provide a communications plan including, but not limited to, preparation of communications materials, dissemination of information and a call center staffed by Verita and/or (ii) provide confidential on-line workspaces or virtual data rooms and publish documents to such workspaces or data rooms (which publication shall not be deemed to violate the confidentiality provisions of this Agreement).

D.      The price listed for each service in the Verita Fee Structure represents a bona fide proposal for such services, which may be accepted in whole or in part.  Services will be provided when requested by the Company or required by applicable law, government regulations or court rules or orders.  Services are mutually exclusive and are deemed delivered and accepted by the Company when provided by Verita.

E.      The Company acknowledges and agrees that Verita will often take direction from the Company's representatives, employees, agents and/or professionals (collectively, the "Company Parties") with respect to the services being provided under this Agreement.  The parties agree that Verita may rely upon, and the Company agrees to be bound by, any requests, advice or information provided by the Company Parties to the same extent as if such requests, advice or information were provided by the Company.  The Company agrees and understands that Verita shall not provide the Company or any other party with any legal advice.

II.     PRICES, CHARGES AND PAYMENT

A.      Verita agrees to charge and the Company agrees to pay Verita for its services at the rates and prices set by Verita that are in effect as of the date of this Agreement and in accordance with the Verita Fee Structure.  Verita's prices are generally adjusted periodically to reflect changes in the business and economic environment and are inclusive of all charges.  Verita reserves the right to reasonably increase its

---

[1]      The term Company shall include, to the extent applicable, the Company, as debtor and debtor in possession in its chapter 11 case, together with any affiliated debtors and debtors in possession whose chapter 11 cases are jointly administered with the Company's chapter 11 case.

**VERITA AGREEMENT FOR SERVICES**

prices, charges and rates; provided, however, that if any such increase exceeds 15%, Verita will give thirty (30) days written notice to the Company.

B.      In addition to fees and charges for services, the Company agrees to pay Verita's reasonable transportation, lodging, and meal expenses incurred in connection with services provided under this Agreement.

C.      In addition to all fees for services and expenses hereunder, the Company shall pay to Verita (i) any fees and charges related to, arising out of, or as a result of any error or omission made by the Company or the Company Parties, as mutually determined by Verita and the Company, and (ii) all taxes that are applicable to this Agreement or that are measured by payments made under this Agreement and are required to be collected by Verita or paid by Verita to a taxing authority.

D.      Where the Company requires services that are unusual or beyond the normal business practices of Verita, or are otherwise not provided for in the Verita Fee Structure, the cost of such services shall be charged to the Company at a competitive rate.

E.      Verita agrees to submit its invoices to the Company monthly and the Company agrees that the amount invoiced is due and payable upon the Company's receipt of the invoice. Verita's invoices will contain reasonably detailed descriptions of charges for both hourly (fees) and non-hourly (expenses) case specific charges. Where total invoice amounts are expected to exceed $10,000 in any single month and Verita reasonably believes it will not be paid, Verita may require advance payment from the Company due and payable upon demand and prior to the performance of services hereunder. If any amount is unpaid as of thirty (30) days from the receipt of the invoice, the Company further agrees to pay a late charge, calculated as two and one-half percent (2-1/2%) of the total amount unpaid every thirty (30) days. In the case of a dispute in the invoice amount, the Company shall give written notice to Verita within ten (10) days of receipt of the invoice by the Company. The undisputed portion of the invoice will remain due and payable immediately upon receipt of the invoice. Late charges shall not accrue on any amounts in dispute or any amounts unable to be paid due to Court order or applicable law. Unless otherwise agreed to in writing, the fees for print notice and media publication (including commissions) must be paid at least three (3) days in advance of those fees and expenses being incurred.

F.      In the event that the Company files for protection pursuant to chapter 11 of the United States Bankruptcy Code (a "Chapter 11 Filing"), the parties intend that Verita shall be employed pursuant to 28 U.S.C. § 156(c) to the extent possible and otherwise in accordance with applicable Bankruptcy law and that all amounts due under this Agreement shall, to the extent possible, be paid as administrative expenses of the Company's chapter 11 estate. As soon as practicable following a Chapter 11 Filing (and otherwise in accordance with applicable law and rules and orders of the Bankruptcy Court), the Company shall cause pleadings to be filed with the Bankruptcy Court seeking entry of an order or orders approving this Agreement (the "Retention Order"). The form and substance of the pleadings and the Retention Order shall be reasonably acceptable to Verita. If any Company chapter 11 case converts to a case under chapter 7 of the Bankruptcy Code, Verita will continue to be paid for its services in accordance with the terms of this Agreement. The parties recognize and agree that if there is a conflict between the terms of this Agreement and the terms of the Retention Order, the terms of the Retention Order shall govern during the chapter 11 or other proceeding.

G.      To the extent permitted by applicable law, Verita shall receive a retainer in the amount of $0.00 (the "Retainer") that may be held by Verita as security for the Company's payment obligations under the Agreement. The Retainer is due upon execution of this Agreement. In the event of a Chapter 11 Filing,



## VERITA AGREEMENT FOR SERVICES

Verita will first apply the Retainer to all pre-petition invoices, and thereafter, will have the Retainer replenished to the original amount. Verita shall be entitled to hold the Retainer until the termination of the Agreement. Following termination of the Agreement, Verita shall return to the Company any amount of the Retainer that remains following application of the Retainer to the payment of unpaid invoices.

III.     RIGHTS OF OWNERSHIP

A.     The parties understand that the software programs and other materials furnished by Verita pursuant to this Agreement and/or developed during the course of this Agreement by Verita are the sole property of Verita. The term "program" shall include, without limitation, data processing programs, specifications, applications, routines, and documentation. The Company agrees not to copy or permit others to copy the source code from the support software or any other programs or materials furnished pursuant to this Agreement.

B.     The Company further agrees that any ideas, concepts, know-how or techniques relating to data processing or Verita's performance of its services developed or utilized during the term of this Agreement by Verita shall be the exclusive property of Verita. Fees and expenses paid by the Company do not vest in the Company any rights in such property, it being understood that such property is only being made available for the Company's use during and in connection with the services provided by Verita under this Agreement.

IV.     NON-SOLICITATION

The Company agrees that neither it nor its subsidiaries or other affiliated companies shall directly or indirectly solicit for employment, employ or otherwise retain employees of Verita during the term of this Agreement and for a period of twelve (12) months after termination of this Agreement unless Verita provides prior written consent to such solicitation or retention.

V.     CONFIDENTIALITY

Each of Verita and the Company, on behalf of themselves and their respective employees, agents, professionals and representatives, agrees to keep confidential all non-public records, systems, procedures, software and other information received from the other party in connection with the services provided under this Agreement; provided, however, that if either party reasonably believes that it is required to produce any such information by order of any governmental agency or other regulatory body it may, upon not less than five (5) business days' written notice to the other party, release the required information.

VI.     SUSPENSION OF SERVICE AND TERMINATION

A.     This Agreement shall remain in force until terminated or suspended by either party (i) upon thirty (30) days' written notice to the other party or (ii) immediately upon written notice for Cause (defined herein). As used herein, the term "Cause" means (i) gross negligence or willful misconduct of Verita that causes serious and material harm to the Company's reorganization under chapter 11 of the Bankruptcy Code, (ii) the failure of the Company to pay Verita invoices for more than sixty (60) days from the date of invoice, or (iii) the accrual of invoices or unpaid services in excess of the retainer held by Verita where Verita reasonably believes it will not be paid.

B.     In the event that this contract is terminated, regardless of the reason for such termination, Verita shall coordinate with the Company and, to the extent applicable, the clerk of the Bankruptcy Court, to

## VERITA AGREEMENT FOR SERVICES

maintain an orderly transfer of record keeping functions and Verita shall provide all necessary staff, services and assistance required for an orderly transfer. The Company agrees to pay for such services in accordance with Verita's then existing prices for such services. If such termination occurs following entry of the Retention Order, the Company shall immediately seek entry of an order (in form and substance reasonably acceptable to Verita) that discharges Verita from service and responsibility in the Company's bankruptcy case.

C.      Any data, programs, storage media or other materials furnished by the Company to Verita or received by Verita in connection with the services provided under the terms of this Agreement may be retained by Verita until the services provided are paid for, or until this Agreement is terminated with the services paid in full. The Company shall remain liable for all fees and expenses imposed under this Agreement as a result of data or physical media maintained or stored by Verita. Verita shall dispose of the data and media in the manner requested by the Company. The Company agrees to pay Verita for reasonable expenses incurred as a result of the disposition of data or media. If the Company has not utilized Verita's services under this Agreement for a period of at least ninety (90) days, Verita may dispose of the data or media, and be reimbursed by the Company for the expense of such disposition, after giving the Company thirty (30) days' notice. Notwithstanding any term herein to the contrary, following entry of the Retention Order, the disposition of any data or media by Verita shall be in accordance with any applicable instructions from the clerk of the Bankruptcy Court, local Bankruptcy Court rules and orders of the Bankruptcy Court.

## VII.    SYSTEM IMPROVEMENTS

Verita strives to provide continuous improvements in the quality of service to its clients. Verita, therefore, reserves the right to make changes in operating procedure, operating systems, programming languages, general purpose library programs, application programs, time period of accessibility, types of terminal and other equipment and the Verita data center serving the Company, so long as any such changes do not materially interfere with ongoing services provided to the Company in connection with the Company's chapter 11 case.

## VIII.   BANK ACCOUNTS

At the Company's request and subject to Court approval following any chapter 11 filing, Verita may be authorized to establish accounts with financial institutions in the name of and as agent for the Company. To the extent that certain financial products are provided to the Company pursuant to Verita's agreement with financial institutions, Verita may receive compensation from such financial institutions for the services Verita provides pursuant to such agreement.

## IX.     LIMITATIONS OF LIABILITY AND INDEMNIFICATION

A.      The Company shall indemnify and hold Verita, its affiliates, members, directors, officers, employees, consultants, subcontractors and agents (collectively, the "Indemnified Parties") harmless, to the fullest extent permitted by applicable law, from and against any and all losses, claims, damages, judgments, liabilities and expenses (including reasonable counsel fees and expenses) (collectively, "Losses") resulting from, arising out of or related to Verita's performance under this Agreement. Such indemnification shall exclude Losses resulting from Verita's gross negligence or willful misconduct. Without limiting the generality of the foregoing, Losses include any liabilities resulting from claims by any third-parties against any Indemnified Party. The Company shall notify Verita in writing promptly upon the assertion, threat or commencement of any claim, action, investigation or proceeding that the Company becomes aware of with

## VERITA AGREEMENT FOR SERVICES

respect to the services provided by Verita under this Agreement.  The Company's indemnification obligations hereunder shall survive the termination of this Agreement.

B.      Except as provided herein, Verita's liability to the Company or any person making a claim through or under the Company for any Losses of any kind, even if Verita has been advised of the possibility of such Losses, whether direct or indirect and unless due to gross negligence or willful misconduct of Verita, shall be limited to the total amount billed or billable to the Company for the portion of the particular work which gave rise to the alleged Loss. In no event shall Verita be liable for any indirect, special or consequential damages such as loss of anticipated profits or other economic loss in connection with or arising out of the services provided for in this Agreement. In no event shall Verita's liability to the Company for any Losses, whether direct or indirect, arising out of this Agreement exceed the total amount billed to the Company and actually paid to Verita for the services contemplated under the Agreement; provided, however, that this limitation shall not apply to the Company during any chapter 11 case in which the Company is a debtor.

C.      The Company is responsible for the accuracy of the programs, data and information it or any Company Party submits for processing to Verita and for the output of such information.  Verita does not verify information provided by the Company and, with respect to the preparation of schedules and statements, all decisions are at the sole discretion and direction of the Company.  The Company reviews and approves all schedules and statements filed on behalf of, or by, the Company; Verita bears no responsibility for the accuracy or contents therein.  The Company agrees to initiate and maintain backup files that would allow the Company to regenerate or duplicate all programs and data submitted by the Company to Verita.

D.      The Company agrees that except as expressly set forth herein, Verita makes no representations or warranties, express or implied, including, but not limited to, any implied or express warranty of merchantability, fitness or adequacy for a particular purpose or use, quality, productiveness or capacity.

X.      FORCE MAJEURE

Verita will not be liable for any delay or failure in performance when such delay or failure arises from circumstances beyond its reasonable control, including without limitation acts of God, acts of government in its sovereign or contractual capacity, acts of public enemy or terrorists, acts of civil or military authority, war, riots, civil strife, terrorism, blockades, sabotage, rationing, embargoes, epidemics, pandemics, outbreaks of infectious diseases or any other public health crises, earthquakes, fire, flood, other natural disaster, quarantine or any other employee restrictions, power shortages or failures, utility or communication failure or delays, labor disputes, strikes, or shortages, supply shortages, equipment failures, or software malfunctions.

XI.     INDEPENDENT CONTRACTORS

The Company and Verita are and shall be independent contractors of each other and no agency, partnership, joint venture or employment relationship shall arise, directly or indirectly, as a result of this Agreement.

XII.    NOTICES

All notices and requests in connection with this Agreement shall be given or made upon the respective parties in writing and shall be deemed as given as of the third day following the day it is deposited in the U.S. Mail, postage pre-paid or on the day it is given if sent by facsimile or electronic mail or on the day after the day it is sent if sent by overnight courier to the appropriate address set forth below:

## VERITA AGREEMENT FOR SERVICES

KCC/Verita Global, LLC
222 N. Pacific Coast Highway, 3rd Floor
El Segundo, CA 90245
Attn: Drake D. Foster
Tel: (310) 823-9000
Fax: (310) 823-9133
E-Mail: dfoster@veritaglobal.com

Togut Segal & Segal LLP
One Penn Plaza
New York, NY 10119
Attn: Frank Oswald
Tel: (212) 594-5000
Fax: (212) 967-4258
E-Mail: foswald@teamtogut.com

Or to such other address as the party to receive the notice or request so designates by written notice to the other.

XIII.   APPLICABLE LAW

The validity, enforceability, and performance of this Agreement shall be governed by and construed in accordance with the laws of the State of California.

XIV.   ENTIRE AGREEMENT/ MODIFICATIONS

Each party acknowledges that it has read this Agreement, understands it, and agrees to be bound by its terms and further agrees that it is the complete and exclusive statement of the agreement between the parties, which supersedes and merges all prior proposals, understandings, other agreements, and communications oral and written between the parties relating to the subject matter of this Agreement. The Company represents that it has the authority to enter into this Agreement, and the Agreement is non-dischargeable under any applicable statute or law. If any provision of this Agreement shall be held to be invalid, illegal or unenforceable, the validity, legality and enforceability of the remaining provisions shall in no way be affected or impaired thereby. This Agreement may be modified only by a written instrument duly executed by an authorized representative of the Company and an officer of Verita.

XV.   COUNTERPARTS; EFFECTIVENESS

This Agreement may be executed in two or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument. This Agreement will become effective when one or more counterparts have been signed by each of the parties and delivered to the other parties, which delivery may be made by exchange of copies of the signature page by facsimile or electronic mail.

XVI.   ASSIGNMENT

This Agreement and the rights and duties hereunder shall not be assignable by the parties hereto except upon written consent of the other, with the exception that this Agreement can be assigned without written consent by Verita to a wholly-owned subsidiary or affiliate of Verita.



## VERITA AGREEMENT FOR SERVICES

XVII.   ATTORNEYS' FEES

In the event that any legal action, including an action for declaratory relief, is brought to enforce the performance or interpret the provisions of this Agreement, the parties agree to reimburse the prevailing party's reasonable attorneys' fees, court costs, and all other related expenses, which may be set by the court in the same action or in a separate action brought for that purpose, in addition to any other relief to which the prevailing party may be entitled.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement effective as of the first date mentioned above.

Kurtzman Carson Consultants, LLC dba Verita Global

*Evan J. Gershbein*

BY:  Evan Gershbein            DATE: 08-Jun-2025 | 11:36:36 AM EDT
TITLE:  EVP, Corporate Restructuring Services

Powin, LLC

BY: Gerard Uzzi            DATE: 6/7/25
TITLE: Chief Restructuring Officer

# **EXHIBIT B**

Gershbein Declaration

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>Powin, LLC, *et al.*,[1]<br><br>　　　　　　Debtors. | Chapter 11<br><br>Case No. 25-16137 (MBK)<br><br>(Jointly Administered) |

**DECLARATION OF EVAN GERSHBEIN IN SUPPORT OF DEBTORS'**
**APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE**
**EMPLOYMENT AND RETENTION OF KURTZMAN CARSON**
**CONSULTANTS, LLC DBA VERITA GLOBAL AS**
**ADMINISTRATIVE ADVISOR EFFECTIVE AS OF THE PETITION DATE**

I, Evan Gershbein, being duly sworn, state the following under penalty of perjury:

1.      I am an Executive Vice President of Kurtzman Carson Consultants, LLC dba Verita Global ("Verita"), whose offices are located at 222 N. Pacific Coast Hwy, 3rd Floor, El Segundo, CA 90245.  Except as otherwise noted, I have personal knowledge of the matters set forth herein, and if called and sworn as a witness, I could and would testify competently thereto.

2.      This declaration (this "Declaration") is made in support of the *Debtors' Application for Entry of an Order Authorizing the Employment and Retention of Kurtzman Carson*

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin Project LLC [1583]; (ii) Powin, LLC [0504]; (iii) PEOS Holdings, LLC [5476]; (iv) Powin China Holdings 1, LLC [1422]; (v) Powin China Holdings 2, LLC [9713]; (vi) Charger Holdings, LLC [5241]; (vii) Powin Energy Ontario Storage, LLC [8348]; (viii) Powin Energy Operating Holdings, LLC [2495]; (ix) Powin Energy Operating, LLC [6487]; (x) Powin Energy Storage 2, Inc. [9926]; (xi) Powin Energy Ontario Storage II LP [5787]; and (xii) Powin Canada B.C. Ltd. [2239]. The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR 97062

*Consultants, LLC dba Verita Global as Administrative Advisor Effective as of the Petition Date*
(the "Application").[2]

3.      This Declaration incorporates the *Declaration of Evan Gershbein in Support of
Debtors' Application for Entry of an Order Authorizing the Appointment of Kurtzman Carson
Consultants, LLC dba Verita Global as Claims and Noticing Agent Effective as of the Petition
Date* [Docket No. 9, Ex. B].

4.      As Administrative Advisor, Verita will perform the Administrative Services
specified in the Application and Services Agreement.

5.      Verita is a leading chapter 11 administrator and comprises industry professionals
with significant experience in both the legal and administrative aspects of large, complex
chapter 11 cases.  Verita's professionals have experience in noticing, claims administration,
solicitation, balloting, and facilitating other administrative aspects of chapter 11 cases and
experience in matters of this size and complexity.  Verita's professionals have acted as official
claims and noticing agent and administrative advisor in many large bankruptcy cases in this district
and others.  *See, e.g.*, *In re CBRM Realty Inc., et al.,* No. 25-15343 (MBK) (Bankr. D.N.J. June
20, 2025); *In re Thrasio Holdings, Inc.*, No. 24-11840 (CMG) (Bankr. D.N.J May 13, 2024); *In re
Invitae Corp.*, No. 24- 11362 (MBK) (Bankr. D.N.J. Feb. 16, 2024); *In re Cyxtera Techs., Inc.*,
No. 23-14853 (JKS) (Bankr. D.N.J. July 18, 2023); *In re PGX Holdings, Inc.*, No. 23-10718 (CTG)
(Bankr. D. Del. June 6, 2023); *In re Carestream Health, Inc.*, No. 22-10778 (JKS) (Bankr. D. Del.
Oct. 7, 2022); *In re First Guar. Mortg. Corp.*, No. 22-10584 (CTG) (Bankr. D. Del. Jul. 28, 2022);
*In re Zosana Pharma Corp.*, No. 22-10506 (JKS) (Bankr. D. Del. Jun. 30, 2022); *In re Sequential*

---

[2]     Capitalized terms used herein but not otherwise defined herein shall have the meaning ascribed to them in
the Application.

*Brands Grp., Inc.*, No. 21-11194 (JTD) (Bankr. D. Del. Oct. 4, 2021); *In re Alex and Ani, LLC*,

No. 21-10746 (CTG) (Bankr. D. Del. Jul 15, 2021); *In re TECT Aerospace Grp. Holdings, Inc.*,

No. 21-10670 (KBO) (Bankr. D. Del. May 5, 2021); *In re Medley LLC*, No. 21-10525 (KBO)

(Bankr. D. Del. Apr. 1, 2021); *In re Extraction Oil & Gas, Inc.*, No. 20-11548 (CSS) (Bankr. D.

Del. Aug. 11, 2020); *In re Akorn, Inc.*, No. 20-11177 (KBO) (Bankr. D. Del. Jun. 23, 2020); *In re*

*Pace Indus., LLC*, No. 20-10927 (MFW) (Bankr. D. Del. May 7, 2020); *In re TZEW Holdco LLC*,

No. 20- 10910 (CSS) (Bankr. D. Del. Jun. 2, 2020); *In re Melinta Therapeutics, Inc.*, No. 19-12748

(LSS) (Bankr. D. Del. Dec. 27, 2019); *In re Celadon Grp., Inc.*, No. 19-12606 (KBO) (Bankr. D.

Del. Dec. 8, 2019); *In re HRI Holding Corp.*, No. 19-12415 (MFW) (Bankr. D. Del. Nov. 14,

2019).

6.      I caused to be submitted for review by our conflicts system the names of all known

potential parties-in-interest (the "Potential Parties in Interest") in these Chapter 11 Cases.

The results of the conflict check were compiled and reviewed by Verita professionals under my

supervision.  At this time and to the best of my knowledge, and as set forth in further detail herein,

Verita is not aware of any relationship that would present a disqualifying conflict of interest.

7.      Should Verita discover any new relevant facts or relationships bearing on the

matters described herein during the period of its retention, Verita will use reasonable efforts to

promptly file a supplemental declaration.

8.      Verita is a "disinterested person" as that term is defined in section 101(14) of the

Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, in that Verita and its

professional personnel:

      a) are not creditors, equity security holders or insiders of the Debtors;

      b) are not and were not, within two years before the date of the filing of the chapter
      11 cases, directors, officers, or employees of the Debtors; and

      c) do not have an interest materially adverse to the interest of the Debtors' estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with or interest in the, the Debtors.

    9.     To the best of my knowledge, and based solely on the information provided by the Debtors, and except as disclosed herein and in the Claims Agent Application, Verita neither holds nor represents any interest materially adverse to the Debtors' estates in connection with any matter on which it would be employed and that it is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as would be required by section 327(a) of the Bankruptcy Code. Verita has performed a comprehensive conflicts check in connection with the Claims Agent Application and this Application and will continue to supplement its disclosure to this Court if any facts or circumstances are discovered that would require disclosure.

    10.    On May 1, 2023, funds affiliated with GCP Capital Partners LLC ("GCP") indirectly acquired a controlling equity interest in Verita (the "Acquisition"). Pursuant to the Acquisition, an indirect, non-controlling, beneficial minority interest in Verita was acquired by funds affiliated with J.P. Morgan Investment Management Inc. ("JPMIM"). GCP is a middle-market private equity investment firm based in New York. GCP has made investments in a number of industries, including tech-enabled business services, payments, and select financials. JPMIM is a U.S. registered investment adviser. Designees of GCP are members of the Board of Managers (the "Board") of Verita's ultimate parent company, KCC Parent LLC dba Verita Parent ("Parent"). Parent wholly owns Verita Intermediate, LLC, which in turn wholly owns Verita Global, LLC, which in turn wholly owns Verita Global Services, LLC, which in turn wholly owns Verita. One representative of JPMIM is entitled to attend and observe (but not vote) at all meetings of the Board, but no designee of JPMIM is a member of the Board.

11.     Verita searched all entities listed in the list of Potential Parties in Interest against an internal database that includes (i) Verita's parent entities, affiliates, and subsidiaries and (ii) GCP, GCP's funds, and each such fund's respective portfolio companies and investments as set forth in the list most recently provided to Verita by GCP.  Based solely on the foregoing search, Verita has determined, to the best of its knowledge, that there are no material connections.

12.     To the extent Verita learns of any other material connections between the funds or investments included in the above-described conflicts search and the Debtors, Verita will promptly file a supplemental disclosure.  In addition, Verita may have had, may currently have, or may in the future have business relationships unrelated to the Debtors with one or more GCP or JPMIM entities including, among others, portfolio companies of GCP.

13.     The Debtors have many creditors and, accordingly, Verita may have rendered and may continue to render services to certain of these creditors in matters unrelated to the Chapter 11 Cases, either as vendors or in cases where Verita serves in a neutral capacity as a bankruptcy claims and noticing agent or class action settlement administrator.  Verita has not and will not represent the separate interests of any such creditor in these Chapter 11 Cases.  To the best of my knowledge, neither Verita, nor any of its employees, has any relationship with the Debtors that would impair Verita's ability to serve as Administrative Advisor.  Verita has working relationships with certain of the professionals retained by the Debtors and other parties herein, but such relationships, except to the extent that Verita and counsel to the Debtors have communicated concerning the preparations for these Chapter 11 Cases, are unrelated to these Chapter 11 Cases.  Francine Gordon Durrer, a Senior Managing Director of Corporate Restructuring Services at Verita, is married to Van C. Durrer, II, a partner with the law firm of Dentons, proposed counsel to the Debtors.  Ms. Durrer will not be utilized by Verita to perform services for the Debtors.  In addition, Verita's

5

employees may have relationships with some of the Debtors' creditors.  Such relationships are, however, of a personal or financial nature and are unrelated to these Chapter 11 Cases.  Verita has and will continue to represent clients in matters unrelated to these Chapter 11 Cases and has and will continue to have relationships in the ordinary course of its business with certain vendors and professionals in connection with matters unrelated to these Chapter 11 Cases.

14.    Verita has informed the Debtors that, subject to Court approval, it will invoice the Debtors at its standard hourly rates, which are set forth in the Services Agreement.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my information, knowledge, and belief

Respectfully submitted,

Dated: July 17, 2025                    */s/ Evan J. Gershbein*

Evan J. Gershbein
Executive Vice President
Kurtzman Carson Consultants, LLC dba Verita Global

*Proposed Claims and Noticing Agent of the Debtors and Debtors in Possession*

## Exhibit 1

Potential-Parties-in-Interest

## Schedule 1

## Potential Parties in Interest List[1]

### 1.    Debtors, Subsidiaries, and Affiliated Entities

**Debtors:**
- Powin Project LLC (New Jersey)
- Powin, LLC (Delaware)
- PEOS Holdings, LLC (Oregon)
- Powin China Holdings 1, LLC (Oregon)
- Powin China Holdings 2, LLC (Oregon)
- Charger Holdings, LLC (Oregon)
- Powin Energy Ontario Storage, LLC (Oregon)
- Powin Energy Operating Holdings, LLC (Delaware)
- Powin Energy Operating, LLC (Delaware)
- Powin Canada B.C., Ltd. (Canada)
- Powin Energy Storage 2, Inc. (Canada)
- Powin Energy Ontario Storage II, LP (Canada)

**Non-Debtor Powin Entities:**
- Powin Energy Holdings, LLC (Delaware)
- Powin Energy Intermediate, LLC (Delaware)
- Powin Australia Pty Ltd. (Australia)
- Powin Netherlands B.V. (The Netherlands)
- Powin Energy Spain S.L. (Spain)
- Powin UK Ltd. (United Kingdom)
- Yangzhou Finway Energy Tech Co., Ltd. (China)
- Qingdao CIMC-Powin New Energy Technology Co., Ltd. (China)
- Powin (Qingdao) New Energy Co., Ltd. (China)
- Powin EKS SellCo, LLC (Delaware)
- EKS HoldCo, LLC (Delaware)

### 2.    Current & Former Managers and Officers of the Debtors

- Andrew Skrilow
- Arielle Pacheco
- Brian J. Kane
- Chad E. Paulson
- Danny Lu
- Geoffrey Brown
- Gerard Uzzi
- Glenn Jacobson
- Himanshu Khurana
- Jeff Waters
- John Brecker

- Joseph Lu
- Kevin Paprzycki
- Kirk Fleishhauer
- Mark Babcock
- Michael Bennett
- Rachel Livek
- Ryan Gray
- Sameer Reddy
- Samuel Graham
- Scott Getman
- Stuart Bolland

---

[1] This list (and the categories contained herein) are for purposes of a conflicts check only and should not be relied upon by any party as a list of creditors or for any other purpose. As listing a party once allows our conflicts specialists to run a check on such party, we have attempted to remove duplicate entries where possible. Accordingly, a party that otherwise may fall under multiple categories is likely to be listed under only one category.

- Tim Healy

**3.    Current & Former Managers and Officers of Powin Energy Holdings, LLC**

- Andrew Skrilow
- Chad E. Paulson
- Danny Lu
- Geoffrey Brown
- Glenn Jacobson
- Jeff Waters
- Sameer Reddy
- Samuel Graham
- Tim Healy

**4.    List of Equity Holders**

- Arroyo Energy Investment Partners
- Danny Lu
- EIF II PWE Holdings LLC
- Energy Impact Partners
- Esquarre IOT Landing Fund L.P.
- Evergy Ventures, Inc.
- Geoffrey Brown
- GIC
- Green Power Technologies, SL
- Jeff Waters
- Joseph Lu
- Jospeh Lu (II)
- LU Pacific Properties Llc
- Meadowlark Energy Finance, LLC
- Mei Yi Lu Ttee
- Mike Wietecki
- Outcome Energy, LLC
- Parthian Holdings
- Peter Lu
- Powin Energy Corporation
- Powin Energy Holdings, LLC (Delaware)
- Powin Energy Intermediate, LLC
- Quidnick Energy Development Llc
- Samsung Venture Investment Corporation
- Single Element LLC
- Stuart Statman
- SVIC No. 53 New Technologies Business Investment L.L.P.
- Tim Healy
- TPC Powin SPV LLC
- Trilantic Capital Partners
- Trilantic Energy Partners II (North America) L.P.
- Trilantic Energy Partners II (North America) Mini-Master L.P.
- William Penn
- William Penn Foundation

**5.    Insurers**

- AIG Specialty Insurance Company
- Admiral Insurance Company – Mt. Laurel
- Aspen Specialty Insurance Company
- Illinois Union Insurance Company
- Zurich American Insurance Company
- The Insurance Company of the State of Pennsylvania
- Lloyd's of London

- At-Bay Specialty Insurance Company
- Federal Insurance Company
- Allianz Global Risks US Insurance Company

- Argonaut Insurance Company
- North River Insurance Company
- USI Insurance Services

**6.    Restructuring Professionals**

- Alvarez and Marsal
- Brown Rudnick LLP
- CBMN Advisors LLC d/b/a/ Uzzi & Lall
- Dentons US LLC
- Faegre Drinker Biddle & Reath LLP

- Genova Burns LLC
- Huron Transaction Advisory LLC
- Latham & Watkins LLP
- Togut, Segal & Segal LLP
- White & Case, LLP

**7.    United States Bankruptcy Judges in the District of New Jersey**

- Christine M. Gravelle, Chief Judge
- Michael B. Kaplan
- Andrew B. Altenburg, Jr.
- Vincent F. Papalia

- John K. Sherwood
- Jerrold N. Poslusny, Jr.
- Stacey L. Meisel
- Mark E. Hall

**8.    Clerk of the Court for the District of New Jersey**

- Michael Tedesco, Clerk to J. Gravelle
- Rebecca A. Earl, Clerk to J. Kaplan
- Cisse Diawara, Clerk to J. Kaplan
- Travis Graga, Clerk to J. Kaplan
- Suzanne Sweeney, Clerk to J. Altenburg Jr.
- Brooks West, Clerk to J. Altenburg, Jr.
- Christy McDonald, Clerk to J. Papalia
- Sydney Chapman, Clerk to J. Papalia

- Angela Pattison, Clerk to J. Sherwood
- Timothy Dumbroff, Clerk to J. Sherwood
- Kevin Holden, Clerk to J. Poslusny
- Kimberly Barbour, Clerk to J. Poslusny
- Juliana Diamond, Clerk to J. Meisel
- Amanda Simone, Clerk to J. Meisel
- Krista Shaheen, Clerk to J. Hall

**9.    United States Trustees for the District of New Jersey**

- Martha Hildebrandt
- Adela Alfaro
- Kirsten K. Ardelean
- Francyne D. Arendas
- Michael Artis
- Lauren Bielskie
- Savanna Cruz

- Peter J. D'Auria
- David Gerardi
- Tia Green
- Daniel C. Kropiewnicki
- Samantha Lieb
- Tina L. Oppelt
- Angeliza Ortiz-Ng

- Robert J. Schneider, Jr.
- Jeffery Sponder
- Fran B. Steele
- James Stives

- Rachel Wolf
- William J. Ziemer

## 10.  **Government Authorities**

- Alabama Department of Revenue
- Arizona Department of Revenue
- California Franchise Tax Board
- Colorado Department of Revenue
- Delaware Department of Revenue
- Florida Department of Revenue
- Georgia Department of Revenue
- Hawaii Department of Revenue
- Idaho Department of Revenue
- Illinois Department of Revenue
- Indiana Department of Revenue
- Kansas Department of Revenue
- Louisiana Department of Revenue
- Comptroller of Maryland
- Massachusetts Department of Revenue
- Minnesota Department of Revenue
- Montana Department of Revenue
- New Hampshire Department of Revenue Administration
- State of New Jersey/Division of Taxation
- New Mexico Taxation and Revenue Department

- New York State Dept. of Taxation and Finance
- North Carolina Department of Revenue
- North Dakota Office of State Tax Commissioner
- Ohio Department of Taxation
- Oregon Department of Revenue
- Oregon Revenue Division Customer Service Center
- Pennsylvania Department of Revenue
- South Carolina Department of Revenue
- Tennessee Department of Revenue
- Texas Comptroller of Public Accounts
- Virginia Department of Taxation
- West Virginia Tax Division
- Attorney General of Arizona
- Attorney General of Delaware
- Attorney General of New Jersey
- Attorney General of Oregon
- Department of the Treasury/Internal Revenue Service

4

11.    **Utilities**

- Portland General Electric Company
- Republic Services
- Waste Management of Arizona, Inc.
- Festival Hydro Inc.
- SRP
- City of Mesa
- Independent Electricity System Operator
- Northwest Natural

12.    **Secured Creditors**
- KKR Credit Advisors (US) LLC
- GLAS USA LLC

13.    **Unsecured Creditors**

- 218 Events LLC
- 3 Point Brand Management
- 3D Crane Service, LLC
- 3D Engineered Solutions, Inc.
- 3Drivers, Engenharia, Inovacao E Ambiente, LDA
- 8LOOP Logistics LLC
- 8Loop Trans Inc.
- A Plus Finish Roofing LLC
- A&D Fire
- Abacus Industries, Inc
- ABM
- AC Squared Consulting LLC
- Accuenergy (Canada) Inc.
- Accurate Employment Screening LLC
- ACCURE Battery Intelligence Inc.
- Ace Engineering & Co., Ltd.
- Ace Parking Management, Inc.
- activpayroll Ltd
- Acutran
- ADERO Scottsdale
- ADMET, Inc.
- ADT Commercial
- Advantech Corporation

- AFCODirect
- AgileBits Inc dba 1Password
- Agora Refreshments
- AirSea USA
- Airway Services LLC
- AKA Energy Systems
- Akaysha
- Alegeus Technologies LLC dba WealthCare Saver
- Alexander Fattal
- Alliant Insurance Services, Inc
- Alliant Systems, LLC
- Allied High Tech Products, Inc.
- Allium US Holding LLC
- Alorair Solutions Inc.
- Altium Inc.
- Alvarez & Marsal Corporate Performance Improvement, LLC
- Amazon Web Services, Inc.
- Ameresco, Inc.
- American Arbitration Association, Inc.
- American Clean Power Association
- American Fire Technologies
- American Lamprecht Transport Inc.
- Ampere Computing LLC
- Amphenol Industrial Operations
- Antenna Group Inc.
- Anxin Testing Technology (Jiangsu) Co., Ltd
- Aon Consulting, Inc.
- Aon Risk Services Central, Inc.
- APEX Clean Energy
- Aramark Refreshment Services, LLC
- Arbin Instruments
- ArentFox Schiff LLP
- Arizona Foundation Services, LLC
- Arm Inc.
- Arnold Machinery Company
- ARRGH Manufacturing INC
- As You Wish All Around Services
- Ascendia Group LLC
- Ashbaugh Energy Consulting
- Asheville Humane Society, Inc

- Ashok Kulkarni
- AT&T Corp
- Atlantic Training, LLC
- ATS Specialized Inc
- Auto Chen Ltd.
- AutomationDirect.com Inc
- Avalon Risk Management Insurance Agency LLC
- Axelliant LLC
- AYNA.AI LLC
- Backer Asia Limited
- BairesDev LLC
- Baker & Hostetler LLP
- Barco Rent A Truck
- Battery Innovation Center Institute, Inc.
- BBC Global News Limited
- BBC Steel Corporation
- BC Dimerco Logistics Corporation
- Beard Winter LLP
- BELFOR Property Restoration
- Bender Electronics Inc.
- Ben-X, LLC
- Bergstrom (Changzhou) Heat Exchangers Co., Ltd
- Berkshire Hathaway
- BeyondTrust Corporation
- BIAC Broadband USA Inc.
- Billion Electric Co., Ltd.
- Bitwarden, Inc.
- Black & McDonald
- Black Duck Software, Inc.
- Blackhawk Supply
- Blank Rome LLP
- Blomquist Consulting LLC
- Bluewater Battery Logistics, LLC
- BMO Bank N.A.
- BNSF Logistics, LLC
- Bock Trade Law
- Brady Worldwide Inc.
- Brian Palomino
- Brian Wiebe
- Bridge House Advisors Corp
- Briggs Service, Inc.
- Build AppliedLogix, LLC
- Building Automation Products, Inc.
- Building Champions Inc.
- Bull Mountain Heating & Cooling
- Business Talent Group, LLC
- Byron E Boone
- C.I. Services, Inc.
- C.L. Smith Co.
- c3controls
- California Department of Tax and Fee Administration
- Canary Marketing
- Canusa Logistics Inc.
- CapGemini America Inc.
- Capital Edge Construction
- Capitol Electric Co., Inc.
- Cardinal Utility Construction, Inc
- Career Partners, Inc.
- Carel USA, INC
- Cathleen Busha
- Caylent, Inc.
- CBMN Advisors LLC
- CCIC-CSA International Certification Co., Ltd
- Celestica (Thailand) Limited
- Celestica LLC
- Celigo, Inc.
- Centerline Communications
- CEP Portfolio 1A LLC
- CEVA Freight, LLC
- CEVA Logistics US, Inc.
- ChartHop, Inc.
- Christopher D Garza
- Chuweineng Testing Technology (Shanghai) Co., Ltd.
- Cintas Fire Protection
- Circulor Inc
- Citrin Cooperman Advisors LLC
- City of Portland
- City of Portland (Portland Fire & Rescue)
- City of Tualatin
- City Wide Facility Solutions
- CJC Transport LLC

- Clarion Safety Systems, LLC
- Clean Energy Services CES LLC
- CleanPeak Energy
- Clyde and Co
- CODE UNLIMITED LLC
- Codibly Inc.
- Cogent Communications, Inc.
- Cogent Renewables LLC
- Collins Construction Project Specialists Inc.
- Colvin Steel Inc
- Commercial Contractors, Inc.
- Commercial Relocation Group, Inc.
- Compensation Advisory Partners, LLC
- Concur Technologies, Inc.
- ConductorOne, Inc.
- CONSOLIDATED ELECTRICAL DIST.
- Construction Specialties, Inc.
- ContactMonkey Inc.
- Contemporary Amperex Technology Co., Limited (CATL)
- Contemporary Nebula Technology Energy Co., Ltd.
- Control Fire Systems
- Control Source Inc
- Convergent
- Copper State Bolt & Nut Co.
- Copytronix
- Cornerstone Web Studio LLC.
- Corrs Chambers Westgarth
- Cosco Shipping Project Logistics (Qingdao) Co., Ltd.
- Countryside
- Cousins USA Moving & Storage
- Crane Solutions LLC
- Crane Worldwide Logistics LLC
- Crating Technology, Inc
- Crescent Electric Supply Company
- Crowd Culture Pty Ltd
- Crowe LLP
- CSA America Testing & Certification LLC
- CSA Group Testing & Certification Inc.
- CSA Group Testing UK Limited
- CT Corporation
- CUATRECASAS GONÇALVES PEREIRA, S.L.P.
- Custom Air Products & Services, Inc
- D'Amico Catering
- Daniel Laurent
- Datanab
- David H Schroeder
- Davis Polk & Wardell LLP
- Davis Wright Tremaine LLP
- Dayton T. Brown, Inc.
- Deel Inc.
- Deep Sky Studios, LLC
- Dell Australia Pty Limited
- Delphi Precision Imaging Corporation
- Delta Dental Plan of Oregon
- Delta Systems Integration, Inc.
- Dentons US LLP
- Department of the Treasury
- Descartes Systems (USA) LLC
- DG Plus Design LLC
- Digi-Key Electronics
- Digital Third Coast Internet Marketing, Inc.
- DNV Energy USA, Inc.
- DNV Maritime and Energy S.L.U.
- DNV SERVICES UK LIMITED
- DNV Singapore Pte. Ltd.
- Doble Engineering Company
- DocuSign, Inc.
- Dometic Corporation
- Dong Fang International Container (Qingdao) Co., Ltd
- Douglas Stotland
- DTE Energy
- Dual Sea LLC
- Dynaco Testing LLC.
- Dynalectric Oregon
- Dynapower Company, LLC
- E.ON Interactive Design, Inc.

- East West Container Line Inc.
- EBARA Densan (Qingdao) Technology Co.,Ltd.
- EDF
- Edge Construction Supply LLC
- Edge2Cloud IoT, LLC
- EHS Insight
- Electrao - Associacao de Gestao de Residuos
- Ellis Creek LLC dba Ellis Creek Photography
- Emdoor Electronic Technology Co., Limited
- Encore Holdings LLC dba Encore Fire Protection
- Energy Security Agency
- Energy Storage Response Group LLC
- Energyear, S.L.
- EnergyRE
- Engineered Process Controls LLC
- Enrique C Mondragon
- Enterprise Holdings, Inc.
- Envision AESC US LLC
- Envoy, Inc.
- EPC Power Corp
- EPSoft® (AKA Aiotal Inc.)
- Erin Eisinger
- ESI, Inc. of Tennessee
- Estefania Ramirez
- esVolta
- ET Global
- ET Global GmbH
- ETAP
- Eurogility SL
- EVE POWER CO.,LTD.
- Everon, LLC
- Everstream Analytics
- Expeditors Canada, Inc
- Expeditors International de Mexico, S.A. de C.V.
- Expeditors International of Washington, Inc.
- Expeditors Tradewin, LLC
- Experience Knowledge Strategy, S.L.
- Export Internet Trade Systems, Inc.
- Express Employment Professionals
- Expresso Building Services LLC
- FAMCO
- FCD Labels
- Fedex
- FERASCO, LLC.
- Festival Chorale Oregon
- Field Office Property Owner LLC
- Fireaway Inc.
- FireSense Pty Ltd
- First Signal Fire Alarm Inc.
- FLEXOO GmbH
- Fluid Topics, Inc
- FMG Leading, LLC
- FMT Consultants, LLC
- Fobox Tecnologia Sustentable SA de CV
- FORA
- Forethought Life Insurance Company
- Formosa Electronic Industries Inc.
- Franchise Tax Board
- Freeths LLP
- FreeVoice Telecom
- FTI Consulting Inc.
- Functional Devices Inc.
- G&T Tax Advisers BV
- GALP
- Gamry Instruments, Inc.
- Gary Golden
- Gearcor LLC
- Geoffrey L Brown
- Georgian Bay Fire & Safety Ltd.
- Gerber Electronics
- GIC (New York) Inc.
- Gisi Marketing Group
- GLAS USA LLC
- Glidepath
- Global Mobility Solutions, LLC
- Go Firefly, Inc
- GoEngineer, LLC
- Golden Bridge International Inc
- Gomathi Parasuram
- Gotion, Inc.

- Grace Hughes
- Grainger
- Grand Prix Tickets GmbH
- Graybar Electronic Company Inc.
- GreEnergy Resources
- GRID Alternatives, Inc.
- Grid-Scale Advisors, LLC
- Grupo Gestiona-T Gestores, S.L.
- GTI Energy
- GTI Fabrication
- Guangdong Eugard Co, Ltd.
- Guangdong Gangjing Electric Heating Technology CO.LTD
- Guggenheim Securities, LLC
- Gurock Software GmbH
- H&E Equipment Services, Inc.
- H2 Oregon Bottled Water
- Hawaii Department of Taxation
- Haynes and Boone LLP
- HDS Marketing, Inc.
- Hecate
- Hefei Ecriee-Tamura Electric Co., LTD
- HELM LIFE
- Henan SEMI Science & Technology Co., Ltd.
- Hentzen Coatings Inc.
- Herc Rentals Inc.
- Hermans & Schuttevaer Notarissen Adviseurs Mediators
- Hitachi Energy USA Inc.
- Hithium Energy Storage Technology USA, Inc.
- HOF Equipment Company
- Hofy Inc
- Hofy Ltd
- Holger Teichgraeber
- Holland & Knight LLP
- Honeywell
- Hong Kong International Arbitration Centre
- Hottinger Bruel & Kjaer Inc.
- HR Partners Pte Ltd

- HSBC Bank USA, National Association
- Hsianglan Eschenbrenner
- Hub @ 202 Ownco, LLC
- HubSpot Inc.
- Hui Zhong Law Firm
- Huizhou Desay Battery Co., Ltd.
- Huizhou Topband Electrical Technology Co., LTD
- Hunt Energy Solutions
- Hunter-Davisson, Inc.
- Huron Transaction Advisory LLC
- I S Systems Pty Limited
- I&E Advisors LLC
- IANS
- IBASE SOLUTION CO., LTD
- IBE Electronics, Inc
- Idaho Power
- Idaho Specialized Transportation, Inc
- Idaho State Tax Commission
- IHS Global Inc.
- IMCO General Construction, Inc.
- Import Genius
- Incite Fire Pty Ltd
- Indeed, Inc.
- Industrial Automation and Enclosures Inc
- Industrial Climate Engineering
- Industrial Fans Direct
- Industrial Inspection Group Inc.
- Industrial Networking Solutions
- Industrial Painter LLC
- Industrial Rigging Service of Central Texas, Inc.
- Informa UK Limited
- Ingeteam Inc.
- Integrity Electrical Services Company, LLC
- Intelex Technologies ,ULC
- International SOS Assistance, Inc.
- Intertek Testing Services Ltd Shanghai
- Intertek Testing Services, N.A.
- Intralinks, Inc.

- Intro Messebau GmbH
- Invenergy
- IO HVAC Controls
- IOActive, Inc.
- IPFS Corporation
- ISN Software Corporation
- ITC Services Inc
- J.P. Morgan Chase Bank NA
- Jabil Inc.
- James T Dufour
- JAMF Software LLC
- Jason Bignall
- Jason Harbour
- JC Licht LLC
- JDM Legal & Consulting Services LLC
- Jensen Hughes, Inc.
- JHI ENGINEERING INC
- Jiaxing Lizi Electrical Co., LTD
- JMS Wind Energy, Inc.
- Job Mobz
- Joel A Snair
- John C Clapp
- John Paul Bogan
- Johnson Controls, Inc.
- Jonathan Moraglia
- Joral Technologies
- Julie J Stiglish
- Jupiter Power
- JYT Shipping LLC
- Kaiser Permanente
- Kaori Guymon
- Karbo Communications, Inc.
- KBF CPAs LLP
- KCE
- KELLER'S INC
- Kentec Electronics Limited
- Keysight Technologies, Inc.
- Kia Energy
- Kirkland & Ellis LLP
- KKR Credit Advisors (US) LLC
- Klarquist Sparkman, LLP
- Klautemis S.L.
- KLH Electrical Inc.
- KMC (project Brandywine Onward Energy)
- KnowBe4 Inc.
- Korn Ferry (US)
- KPC Power Electrical Ltd.
- KPMG LLP
- KPMG LLP (UK)
- Kroll, LLC
- Krue Industrial, LLC
- Kuehne + Nagel Inc.
- Kupono Solar, LLC
- Lance M Brown
- LandCare USA L.L.C
- Larson Electronics LLC
- Lateralworks
- Latest Craze Productions Inc
- Latitude Media
- Lawrence A Whittet
- Leader
- LeadFar Technologies Co., Ltd.
- Lee and Li, Attorneys-at-Law
- Leeward
- Legal Management Advisory, S.L.
- Level 4 Consulting, LLC
- LHH and LHH Recruitment Solutions
- Libess Service
- Li-Cycle Inc.
- Lifelines Counseling Services
- LingPerfect Translations, Inc.
- Linkedin Corp
- Live Nation Worldwide Inc.
- Loadmaster Crane, Inc.
- Logicalis Shanghai Limited
- LONG Building Technologies, Inc
- Longroad
- Lovelytics Data LLC
- Lu Pacific Properties, LLC
- Maanshan Hongming Electrical Equipment Trading Co. LTD
- Mackenzie
- Madison OFC Brickell FL LLC
- Mainfreight Air & Ocean Pty Ltd
- Mainfreight Inc.

- Mainz Brady Group, Inc.
- Malta Dynamics, LLC
- MAMAC Systems, Inc.
- Map Your Show, LLC
- Marc Vadillo Aguilar
- Marine Lumber CO Corp
- Markowitz Herbold PC
- Marriott Scottsdale Old Town
- Marterra Properties
- Marvair
- Masof, Inc
- Matrix Networks
- Maximum Machinery Moving, LLC
- Mayer Brown LLP
- McCarthy Tetrault LLP
- McGuireWoods Consulting LLP
- McKinsey & Company, Inc. United States
- McMASTER-CARR SUPPLY COMPANY
- MCPc, Inc.
- Meadowlark Mechanical LLC
- MECOP Inc.
- Megan Beatty
- Melissa Schwartz
- Mesa
- MESA Standards Alliance
- Messe Freiburg
- Messe Munchen GmbH
- Metaview Global Ltd
- Metro Access Control
- MG HR, S. de R.L. de C.V.
- MHPS
- Michael A McHargue
- Micro Epsilon America, LP
- Millennium Building Services, Inc
- Miller Nash Graham & Dunn LLP
- MinterEllison
- MMI-Machineworks LLC
- Mobile Mini, Inc.
- Mobile Modular Portable Storage
- Modelon Inc.
- monday.com Ltd
- Morgan Stanley & Co. LLC
- MotoGFX, LLC
- Mountain Alarm
- Mouser Electronics, Inc.
- Moxa Americas Inc.
- MSC Mediterranean Shipping Company S.A.
- Mulberry Talent Partners
- Muza Metal Products, LLC
- Nanjing HeBen M&E Equipment Technology Co., Ltd.
- National Fire & Safety Solutions, Inc.
- National Service Alliance – Houston LLC
- Nationwide Mutual Insurance Company
- Nationwide Transport Services LLC
- Naturgy Renewables USA Corp dba Front Range Midway Solar Project, LLC
- Navex
- Navis International Trade & Consulting Ltd
- Networkia Cuzco SL
- New York City Department of Finance
- New York State Corporation Tax
- New York State Department of Taxation
- New York State Unemployment Insurance
- Next Security LLC
- Nicholas Boxwell
- Nicholas V Escobar
- Nickalus Johnson
- Nidec
- Nippon Express (China) Co., Ltd. Guangzhou Branch
- Nippon Express USA Inc.
- NoBlue SaaS Limited
- Nomura Corporate Funding Americas, LLC
- North Coast Electric Company
- North Star Imaging, Inc.
- Northstock, Inc

11

- Norton Rose Fulbright US LLP
- NP Machineworks LLC
- N-Sci Technologies Inc.
- NW Facility Solutions, Inc
- O'Reilly Media, Inc.
- OfficeSpace Software Inc
- Oliver Rokoff
- Olori Crane Service, Inc.
- Omega Morgan Rigging - OR, Inc.
- Omni Logistics
- One Source Freight, LLC
- O'Neill Transfer & Storage Co., Inc.
- Onlinecomponents.com
- OnLogic, Inc.
- Onshape A PTC Business
- OPALCO
- Oracle America, Inc.
- Ormat
- Orr Protection Systems, Inc.
- OT Technology, Inc.
- OTIS Elevator Company
- Outcome Energy, LLC (Tim Healy)
- Pacific Customs Brokers Ltd.
- Pacific Fence & Wire Co.
- Paligo AB
- PAN Communications Inc.
- Panel Specialists, Inc.
- Pape' Material Handling, Inc.
- Parking NW, LLC
- PARS International Corp.
- Partners in Diversity
- PayCargo LLC
- PCdisposal.com LLC
- Pearce Services, LLC
- People 2.0 Industrial, LLC
- People 2.0 North America, LLC
- Perfect Meeting GmbH
- Perixx Computer GmbH
- Perkins Coie LLP
- Permian Energy Services
- Pioneer Packaging
- Platt Electric Supply
- PMC Treasury Inc
- PNM
- Poly Performance, Inc.
- Portland Marriott Downtown Waterfront
- Potter Anderson & Corroon LLP
- Power Electronics USA Inc.
- Powerflex
- PowerSecure
- PRAXIS Technology Escrow, LLC
- Premier Press
- Prevalon (Mitsubishi Power)
- PricewaterhouseCoopers Advisory Services LLC
- PriceWaterHouseCoopers Asesores De Negocios, S.L.
- PRIME AGENCY
- Principal Life Insurance Company
- Priority-1 Inc.
- Pristine Plumbing Inc.
- Procore Technologies, Inc.
- Procurement Inc. DBA: Pack-n-Tape
- Professional Plastics Inc
- Prolamsa
- Prolift Rigging Company, LLC
- Propeller Inc
- ProWireandCable LLC
- Pulse Clean Energy
- Pure Power Solutions
- PureSky
- PV Trade Media LLC
- PVM PRODUCTION JULIA MALCHER
- Qingdao CIMC Container Manufacture Co., Ltd
- Qingdao CIMC-POWIN New Energy Technology Co., Ltd
- QINGDAO HARVEST TRADING CO., LTD
- Qingdao Henka Precision Technology CO., Ltd
- Qingdao Sensnow Software Co., Ltd.
- Qingdao Sheng yuan lin Electric Co.,Ltd
- Quadro Communications
- Quailhurst Vineyard Estates

- Quality Water Financial, LLC
- Questyme USA
- R.H. Shipping & Chartering S De RL De CV
- R.S. Hughes Co., Inc.
- Radiate Holdings, LP
- Raindrop Supply Inc.
- Rand Worldwide Subsidiary Inc.
- Rapid7 LLC
- Reed Exhibitions Australia Pty Limited
- Reed Smith LLP
- Regence BlueCross BlueShield of Oregon
- Renew Energy Electrical LLC
- Renewable Energy Tax Advisors LLC
- Renewable Northwest Project
- Renewance, Inc.
- Repario Data LLC
- REPT BATTERO Energy Co., Ltd
- RES Energy Global Services, SLU
- RESA Service, LLC
- Residence Inn by Marriott LLC
- Resideo Singapore Pte Ltd
- Responsive
- Returning Veterans Project
- Reuters News & Media Limited
- Rexel USA, Inc.
- Rexgear. Inc.
- RH Shipping & Chartering (USA) LLC
- Richards, Layton & Finger, P.A.
- Robert Half International, Inc
- Robert Won
- Rocky Mountain Reserve, LLC
- Roland Berger LP
- Rose City Moving & Storage
- RRC Power & Energy, LLC
- RS
- Rubicon Professional Services, LLC
- Rubicon Technical Services, LLC
- Rudd & Company, PLLC
- Russell Reynolds Associates, Inc.
- Ryan Electric, Inc.
- S&P Global Inc.
- S.A.A. Logistics Inc
- S2 Imaging
- Saber Power Services, LLC
- SAFE Laboratories and Engineering Corp.
- Salary.com LLC
- Salesforce, Inc.
- SAS Institute Inc.
- Schneider Electric IT Corporation
- Schwartz Levitsky Feldman, LLP
- Scottsdale Marriott at McDowell Mountains
- SE Recycling Limited
- Security Packaging
- Senva, Inc.
- SGS-CSTC Standards Technical Services (Shanghai) Co., Ltd.
- Shanghai Shengrun Int'l Transport Co.,LTD
- Shanghai Hdmann Industry Co., Ltd
- SHANGHAI NINE HONESTY INTERNATIONAL CARGO AGENT CO.,LTD
- Sharpe & Abel Pty Lrd
- Sheldon Manufacturing, Inc.
- ShelterPoint Life Insurance Company
- Shenzhen Ace Battery Co., Ltd
- Shenzhen Baiqiancheng Electronic Co.,Ltd
- Shenzhen Envicool Technology Co., Ltd.
- Shenzhen TOPOS Sensor Technology Co., Ltd
- Sheraton Grand at Wild Horse Pass
- Shift Space, LLC
- Shimshi Inc.
- SIBA LLC
- Sigma Corporation
- Sigma Design Inc.
- Signtastic
- Siltherm Advanced Materials PTE LTD

- Slalom, Inc.
- SMA America, LLC
- SMA SOLAR TECHNOLOGY AG
- Smartsheet Inc.
- SMM Information & Technology Co., Ltd
- Social Inertia, Inc.
- Socomec, Inc.
- SOL Systems
- Solar Art
- Solar Energy Trade Shows, LLC dba RE+ Events, LLC
- Solar Media Limited
- Solas Energy Consulting U.S. Inc.
- Solution 7 Ltd
- SOLV Energy, LLC
- Solvida
- Sonic Systems International, LLC
- SourceOne Transportation
- Southco, Inc
- Southern Company
- Southwest Mobile Storage Inc.
- SP Garland Solar Storage, LLC
- SPAIN-US CHAMBER OF COMMERCE, INC.
- Spark Power Renewables Canada Inc.
- Spark Power Renewables USA, Inc
- Specified Technologies Inc.
- SPECTRUM FIRE PROTECTION
- Speedrack West
- Spencer Stuart
- Sphera Solutions, Inc.
- Spico Solutions, Inc.
- Stamford Language and Communication
- Standard Security Life Insurance Company of New York
- Stanley J Stevenson
- Star Incorporated
- State of New Jersey Department of Labor and Workforce Development
- Stem
- Step Function I-O LLC
- Stout Risius Ross, LLC
- Strata
- Strata Solar, LLC
- Strategy Learning Center LLC dba Outthinker
- Stuart H Statman
- Studio Legale Bird & Bird
- Summit EHSQ Inc.
- Sunbelt Rentals, Inc
- Sunbelt Solomon Services, LLC
- SunGrid Corp
- SunGrid Solutions
- Sunshine Middle East SL
- SuZhou Pioneer NewEnergy Testing Technology CO., LTD
- Syarikat Lan-Ric Industries Sdn. Bhd.
- Synopsys, Inc.
- T.N. DIRECT LIMITED
- Taiyuan Weiyang Testing Technology Service Co., Ltd
- Tarek Kanso dba Poler Werks LLC dba PolarX
- Tarlow Naito & Summers, LLP
- Tax Collector, Multnomah County
- Taylor Stewart
- Taylor's Technical Triage, Inc.
- Tech Heads Inc.
- Tech Talent Link, Inc.
- Tekscan Inc
- TEquipment/Touchboards
- TestEquity LLC
- The Boston Consulting Group, Inc.
- The City of Glenwood Springs
- The Contingent
- The EMC Shop
- The LRE Foundation
- The MIACON Group
- The Prudential Insurance Company of America
- The Prudential Insurance Company of America VB
- The Richardson Company
- The Sleeper Group LLC
- Thomson Reuters - West

- Thomson Reuters (Tax & Accounting) Inc.
- ThrivePass, Inc.
- Thyssenkrupp Materials NA, Inc.
- TLD Logistics Services, Inc.
- TMEIC Corporation
- Tomedes LLC
- Tonkon Torp LLP
- Topband Mexico S de RL de CV.
- TOPBAND SMART DONG NAI (VIET NAM) COMPANY LIMITED
- Total Quality Logistics, LLC
- Toyota Industries Commercial Finance, Inc.
- TPE Energy
- Trail Blazers Inc.
- TrailB Technologies LLC
- Trans Wagon Int'l Co., Ltd (Taichung Office)
- Transperfect International, LLC
- Transport Continental Inc
- Travel Incorporated
- Tricor Direct Inc DBA Emedco
- Trilantic Capital Management L.P.
- TRIM-LOK, INC
- Triple P RTS LLC
- Trivergix Group
- True Capital Partners LLC
- True Seals LLC
- Trullion (www.Trullion.com)
- Trumony Aluminum Limited
- TTI, Inc.
- Tube Art Group
- TUV Rheinland (Shanghai) Co., Ltd
- TUV Rheinland of North America, Inc.
- TUV Rheinland/CCIC (Qingdao) Co. Ltd
- TUV SUD America, INC.
- U.S. Customs and Border Protection
- U.S. Nameplate Co. Inc.
- Udemy, Inc
- UKG Inc.
- ULINE
- Ultra Corpotech Private Limited
- Unishippers
- United Rental
- United Site Services Northeast, Inc.
- United Site Services of California, Inc.
- United Site Services of Florida, LLC
- United Site Services of Nevada, Inc.
- United Way of Asheville and Buncombe County
- University of North Carolina at Chapel Hill
- US Bank Equipment Finance
- USI Insurance Services LLC
- VanderHouwen & Associates, Inc.
- VDE Americas, Inc.
- Vector Renewables Japan Kabushiki Kaisha
- Velocity EHS
- Veris Industries LLC
- Verizon
- Vision Service Plan
- Visual Aid Inc
- Voltility Group
- Vortex Industries, LLC
- Warwick Valley BBA, LLC
- Washington Consular Services, Inc
- Washington County - Property Tax Payment Center
- Washington County Dept. of Assessment & Taxation
- Weifang Genius Electronics Co., Ltd.
- Weiss Technik North America, Inc.
- Wesco Distribution, Inc
- Westin Riverfront Hotel
- White & Case LLP
- Williams Scotsman, Inc (dba WillScot)
- Willis Towers Watson Northeast, Inc.
- Willis Towers Watson West Insurance Services, Inc
- Wilson Fire Equipment & Service Company, Inc.

15

- Wilson Sonsini Goodrich & Rosati, P.C.
- Windy City Wire Cable & Technology Products, LLC
- Winthrop & Weinstine, P.A.
- Women in Cleantech and Sustainability
- Wood Mackenzie Inc
- Workbench Corp
- Worldwide Insurance Services, LLC
- WWR International Recruitment and Consulting Group SA DE CV
- Wynn Las Vegas, LLC
- Xenium Resources, Inc.
- Xerox Financial Services LLC
- XPLM Solution, Inc.
- Xuzhou G Battery International, Trade Co., Ltd.
- Yubico Inc
- Ziply Fiber
- Zitara Technologies, Inc.
- ZONE & COMPANY SOFTWARE CONSULTING, LLC
- Zuper, Inc.

**14.** **Others**

- FlexGen Power Systems, LLC
- Keyframe Capital Partners, L.P.