**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>Powin, LLC, *et al.*,[1]<br><br>        Debtors. | Chapter 11<br><br>Case No. 25-16137 (MBK)<br><br>(Jointly Administered) |

**STATEMENT OF FINANCIAL AFFAIRS FOR
CHARGER HOLDINGS, LLC  (CASE NO. 25-16140)**

---

[1]   The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin Project LLC [1583]; (ii) Powin, LLC [0504]; (iii) PEOS Holdings, LLC [5476]; (iv) Powin China Holdings 1, LLC [1422]; (v) Powin China Holdings 2, LLC [9713]; (vi) Charger Holdings, LLC [5241]; (vii) Powin Energy Ontario Storage, LLC [8348]; (viii) Powin Energy Operating Holdings, LLC [2495]; (ix) Powin Energy Operating, LLC [6487]; (x) Powin Energy Storage 2, Inc., [9926]; (xi) Powin Energy Ontario Storage II LP, [5787]; and (xii) Powin Canada B.C. Ltd. [2239]. The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR 97062.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>Powin, LLC, *et al.*,[1]<br><br>                  Debtors. | Chapter 11<br><br>Case No. 25-16137 (MBK)<br><br>(Jointly Administered) |

**GENERAL GLOBAL NOTES AND STATEMENT OF LIMITATIONS,
METHODOLOGY AND DISCLAIMERS REGARDING THE DEBTORS'
SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF
FINANCIAL AFFAIRS**

Powin LLC and its debtor affiliates, as debtors and debtors in possession (collectively, the "Debtors"), in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), filed voluntary petitions under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code")[2] on the following respective dates (each, the "Petition Date"):

June 9, 2025:

- Powin Project LLC

June 10, 2025:

- Powin, LLC;
- Powin China Holdings 1, LLC;
- Powin China Holdings 2, LLC;
- Charger Holdings, LLC;
- Powin Energy Ontario Storage, LLC;
- Powin Energy Operating Holdings, LLC;
- Powin Energy Operating, LLC; and
- PEOS Holdings, LLC

June 22, 2025:

- Powin Energy Storage 2, Inc.;
- Powin Energy Ontario Storage II LP, and
- Powin Canada B.C. Ltd.

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin Project LLC [1583]; (ii) Powin, LLC [0504]; (iii) PEOS Holdings, LLC [5476]; (iv) Powin China Holdings 1, LLC [1422]; (v) Powin China Holdings 2, LLC [9713]; (vi) Charger Holdings, LLC [5241]; (vii) Powin Energy Ontario Storage, LLC [8348]; (viii) Powin Energy Operating Holdings, LLC [2495]; (ix) Powin Energy Operating, LLC [6487]; (x) Powin Energy Storage 2, Inc. [9926]; (xi) Powin Energy Ontario Storage II LP, [5787]; and (xii) Powin Canada B.C. Ltd. [2239]. The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR  97062.

[2] All references to "§" or "section" herein are to sections of the Bankruptcy Code.

1

The Debtors continue to operate their businesses as debtors and debtors in possession, pursuant to §§ 1107(a) and 1108. The Chapter 11 Cases are pending in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court").

The Schedules of Assets and Liabilities (collectively, the "Schedules") and Statements of Financial Affairs (collectively, the "Statements," and together with the Schedules, collectively, the "Schedules and Statements") filed by the Debtors in the Bankruptcy Court were prepared with the assistance of their professional advisors, with unaudited information as of the Petition Date, in accordance with § 521 of the Bankruptcy Code and Rule 1007 of the Federal Rules of Bankruptcy Procedure.

These *General Global Notes and Statement of Limitations, Methodology and Disclaimer Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs* (collectively, the "Global Notes") pertain to, are incorporated by reference in, and compose an integral part of, all of the Schedules and Statements. These Global Notes should be referred to as part of, and reviewed in connection with, the Schedules and Statements.

The Schedules and Statements have been prepared based on information provided by the Debtors' management personnel and their professional advisors. Additionally, the Schedules and Statements contain unaudited information that is subject to further review and potential adjustment and reflect the Debtors' reasonable efforts to report the assets and liabilities of each Debtor on an unconsolidated basis. In preparing the Schedules and Statements, the Debtors relied on financial data derived from their books and records that was available at the time of preparation. The Debtors have used reasonable efforts to ensure the accuracy and completeness of such information and data; however, subsequent information, data, or discovery may result in material changes to the Schedules and Statements and inadvertent errors, omissions, or inaccuracies may exist. The Debtors reserve all rights to amend or supplement the Schedules and Statements as may be necessary and appropriate.

In reviewing and signing the Schedules and Statements, Brian Kane, the Debtors' Chief Executive Officer, has necessarily relied upon the reasonable efforts, statements, and representations of the Debtors' employees, personnel, and professionals. Mr. Kane has not (and could not have) personally verified the accuracy of each such statement and representation that collectively provide the information presented in the Schedules and Statements, including, but not limited to, statements and representations concerning amounts owed to creditors and their addresses.

The Debtors and their past or present directors, officers, employees, attorneys, professionals and agents (including, but not limited to, Mr. Kane), do not guarantee or warrant the accuracy or completeness of the data that is provided herein and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors, or omissions whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating or delivering the information contained herein. The Debtors and their past or present officers, employees, attorneys, professionals and agents (including, but not limited to, Mr. Kane) expressly do not undertake any obligation to update, modify, revise or re-categorize the information provided herein or to notify any third party should the information be updated, modified, revised or recategorized. While reasonable efforts have been made to provide accurate and complete information herein, inadvertent errors or omissions may exist. In no event shall the Debtors or their past or present directors, officers, employees, attorneys, professionals and/or agents (including, but not limited to, Mr. Kane) be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including, but not limited to, damages arising from the disallowance of any potential claim against the Debtors or damages to business reputation, lost business, or lost profits), whether foreseeable or not and however caused arising from or related to any information provided herein or

2

omitted herein.

# I.    <u>GENERAL NOTES</u>

1.    **<u>Limitations on Financial Reporting</u>**. KPMG has historically served as the Debtors' primary external accounting advisor, and without KPMG's support the Debtors cannot prepare an accurate set of monthly financial statements for fiscal year ("<u>FY</u>") 2025.  More specifically, the Debtors' Enterprise Resource Planning ("<u>ERP</u>") system does not record revenue or cost-of-goods-sold transactions in an automated manner. As a result, critical components such as revenue recognition and the corresponding cost of goods sold require significant manual intervention.  This manual process is highly complex, time-consuming, and resource intensive, making the production of a monthly financial statement challenging to complete within normal reporting timelines—especially without dedicated external support. Consequently, the Debtors previously engaged KPMG to assist with preparing the necessary manual entries for both revenue and cost of goods sold needed for financial reporting. For 2025, the manual entries to record revenue and cost of goods sold have not been produced because the Debtors are not currently working with KPMG given the financial circumstances.  Notwithstanding the forgoing, the Debtors have made a good faith attempt to reconcile financial activity in 2025 through the Petition Date in connection with preparing the Schedules and the Statements.

**Financial Reporting Processes.**  The Debtors' historical financial reporting processes have been shaped by a combination of ERP system limitations, manual updates and corrections, and significant dependency on external bookkeeping support from KPMG.

- <u>ERP System</u>: NetSuite is used as the core accounting system, but as exists today, it lacks the complete functionality to support the Debtors' project-based manufacturing and delivery model.

- <u>Supplemental Workflows</u>: Key accounting outputs—particularly around inventory, revenue recognition, and cost of goods sold—are driven by manual Excel-based models maintained by the accounting team and supported by KPMG.

- <u>Cross-functional Gaps</u>: Upstream data (e.g., procurement, logistics, project operations) is often incomplete or incorrect, requiring accounting to manually fill and correct entries, leading to material delays and risk of misstatement.

As set forth above, KPMG has historically served as the Debtors' primary external accounting advisor, engaged to fill major process and systems gaps. Their support included:

- Manual preparation of revenue and cost of goods sold (COGS) journal entries due to NetSuite's inability to automate these areas.

- Development and maintenance of complex Excel workbooks—over 50 per quarter—to handle project-based revenue recognition under ASC 606.

- Compilation of financial statements and reporting packages to support U.S. and international tax filings.

- Work performed on a quarterly basis, effectively acting as a de facto close process for the Debtors.

3

Revenue and COGS Recognition: (i) Revenue is tracked manually at the project and customer level using complex Excel models; and (ii) COGS must be manually layered into each revenue workbook due to lack of automated inventory flow or assembly logic.

Inventory Tracking and Valuation:

- Inventory is not tied to projects in NetSuite. Movements between locations are recorded, but not between projects, leading to risk of misstatement unless manually corrected.

- NetSuite lacks capabilities for project-specific tracking, finished goods assembly, or bill of materials (BOM) logic.

- Documentation is fragmented across SharePoint, email, and Slack, making validation and tie-out highly inefficient.

- Inventory valuation and project alignment are based on manual reconciliation files like the "Total Project Cost File" and "Inventory by Project by Location."

- Physical counts, delivery reports, and CM (contract manufacturer) data must be manually cross-referenced across multiple sources.

2.    **Reservation of Rights**. The Debtors' Chapter 11 Cases are large and complex. Although management of the Debtors, with the assistance of their advisors and professionals, have made reasonable efforts to ensure that the Schedules and Statements are as accurate and complete as possible, based on the information that was available to them at the time of preparation, subsequent information or discovery may result in material changes to these Schedules and Statements, and inadvertent errors or omissions may have occurred.  Because the Schedules and Statements contain unaudited information, which is subject to further review, verification, and potential adjustment, and because of the limitations set forth in General Note 1 above, these Schedules and Statements may be inaccurate and/or incomplete.

3.    **No Waiver**. Nothing contained in the Schedules and Statements or these Global Notes shall constitute a waiver of any rights of the Debtors and their estates or an admission with respect to the Debtors' Chapter 11 Cases, including, but not limited to, any issues involving objections to claims, setoff or recoupment, equitable subordination or recharacterization of debt, defenses, characterization or re-characterization of contracts, leases and claims, assumption or rejection of contracts and leases and/or causes of action arising under the Bankruptcy Code or any other applicable laws.

4.    **Description of the Cases and "As of" Information Date**. Unless otherwise indicated herein or in the Schedules and Statements, all financial information for the Debtors included in the Schedules and Statements and these Global Notes is provided as of the Petition Date for each respective Debtor or as close thereto as reasonably practicable under the circumstances. Additional information about these chapter 11 cases, court filings, and claims information is available on the Debtors' restructuring website: https://www.veritaglobal.net/powin/document/list/6337.

5.    **Basis of Presentation**. The Debtors prepared consolidated financial statements, which were audited for fiscal year 2023, but not audited for fiscal year 2024. The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles ("GAAP"), nor are they intended to fully reconcile to any financial statements prepared by the Debtors. Information contained in the Schedules and Statements has been derived from the Debtors' books

4

and records. Unlike the consolidated financial statements, these Schedules and Statements reflect the assets and liabilities of each separate Debtor, except where otherwise indicated. Therefore, combining the assets and liabilities set forth in the Schedules and Statements could result in amounts that could be substantially different from any financial information regarding the Debtors prepared on a consolidated basis under GAAP. As of the Petition Date, the Debtors did not conduct their normal accounting close process, including their normal procedures for reconciling accounts, recording and/or adjusting entries, and preparing financial statements (for the period ending as of the Petition Date). As such, the Debtors developed the information presented in the Schedules and Statements as of the Petition Date based on presently available and accessible information, and in certain instances, amounts may reflect estimates. The subsequent receipt of additional data and information, including but not limited to vendor invoices, could be material. Moreover, because the Debtors' accounting systems, policies, and practices were developed for consolidated reporting purposes, rather than reporting by legal entity, it is possible that not all assets, liabilities or amounts of cash disbursements have been recorded with the correct legal entity on the Schedules and Statements. Given, among other things, the uncertainty surrounding the collection and ownership of certain assets and the valuation and nature of certain liabilities, to the extent a Debtor shows more assets than liabilities, it is not an admission that the Debtor was solvent as of the Petition Date or at any time prior thereto. Likewise, to the extent a Debtor shows more liabilities than assets, it is not an admission that the Debtor was insolvent at the Petition Date or any time prior thereto.

6.    **Recharacterization**. Classification of claims as "secured," "priority," or "unsecured," or a contract as "executory" or "unexpired," does not constitute an admission by the Debtors of the legal rights of the claimant or contract counterparty, or a waiver of the Debtors' rights to recharacterize or reclassify such claim or contract. Notwithstanding, although the Debtors used reasonable efforts to characterize, classify, categorize, or designate certain claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements, the Debtors may nevertheless seek to recharacterize, reclassify, recategorize, redesignate, add, or delete items included in the Schedules and Statements.

7.    **Undetermined or Unknown Amounts**. The description of an amount as "Undetermined" or "Unknown" is not intended to reflect upon the materiality of such amount. Certain amounts may be clarified over the period of the bankruptcy proceedings and certain amounts may depend on contractual obligations to be assumed or rejected as part of a sale in a bankruptcy proceeding under § 363.

8.    **Unknown Addresses**. The Debtors have made and continue to make reasonable efforts to collect all addresses for all parties in interest; not all addresses for parties on these Schedules and Statements have been obtained. The Debtors continue to pursue complete notice information and will provide updated information as reasonably practicable.

9.    **Intellectual Property Rights and Other Intangibles.** Exclusion of certain intellectual property from the Schedules and Statements should not be construed as an admission that such intellectual property rights have been abandoned, have been terminated or otherwise expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition or other transaction. Conversely, inclusion of certain intellectual property rights in the Schedules and Statements should not be construed as an admission that such intellectual property rights have not been abandoned, have not been terminated or otherwise expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. The value of the Debtors' intellectual property and license agreements are contingent and unliquidated. The Debtors' intellectual property is listed on Schedule A/B, Question No. 60; the current value for these assets is listed as undetermined.

5

10.    **Insiders**.  For purposes of the Schedules and Statements, the Debtors define "insiders" pursuant to § 101(31) as:  (a) current or former directors, officers, or persons in control of the Debtors; (b) relatives of current or former directors, officers, or persons in control of the Debtors; (c) a partnership in which any of the Debtors is a general partner; or (d) an affiliate of the Debtors.  Except as otherwise disclosed herein or in the Statements, payments to insiders listed in (a) through (d) above are set forth on Statement 4.  Persons listed as "insiders" have been included for informational purposes only, and such listing is not intended to be, nor should it be construed as, a legal characterization of such person as an insider, nor does it serve as an admission of any fact, claim, right, or defense, and all such claims, rights, and defenses with respect thereto are hereby expressly reserved.  Further, the Debtors and their estates do not take any position with respect to: (a) any such person's influence over the control of the Debtors; (b) the management responsibilities or functions of any such individual; (c) the decision-making or corporate authority of any such individual; or (d) whether any such individual could successfully argue that he or she is not an "insider" under applicable law, including, without limitation, the federal securities laws, or with respect to any theories of liability or for any other purpose.

11.    **Summary of Significant Reporting Policies**.  The following is a summary of certain significant reporting policies:

a.    **Current Market Value – Net Book Value**.  The Debtors do not have current market valuations for all of their assets.  It would be prohibitively expensive, unduly burdensome, and an inefficient use of resources for the Debtors to obtain current market valuations for all of the assets of their estates.  Additionally, such an exercise may impede the Debtors' ongoing marketing and sale process. Accordingly, unless otherwise indicated herein or in the Schedules and Statements, the Schedules and Statements reflect the net book values, rather than current market values, of the Debtors' assets as of the Petition Date (unless another date is indicated herein or in the Schedules and Statements), and may not reflect the net realizable value of such assets. When necessary, the Debtors have indicated that the value of certain assets is "Unknown" or "Undetermined."  Accordingly, the Debtors reserve all of their rights to amend, supplement, or adjust the value of each asset set forth herein.  Also, goods received by the Debtors within 20 days of the Petition Date are subject to use and depletion and may not have been on hand on the Petition Date.

b.    **Setoffs**.  To the extent the Debtors have incurred or effectuated any ordinary course setoffs with third parties (including, without limitation, customers and vendors) prior to the Petition Date, or are subject to the occurrence of, or maintain the right to effectuate, ordinary course setoffs on account of activities occurring prior to the Petition Date, such setoffs are excluded from the Schedules and Statements.  The Debtors and their estates reserve all rights with respect to any such setoffs.

c.    **Credits and Adjustments**.  Claims of creditors are listed in the amounts entered on the Debtors' books and records, and may not reflect certain credits, allowances or other adjustments due from such creditors to the Debtors.  The Debtors and their estates reserve all rights with regard to any such credits, allowances, and other adjustments, including, without limitation, the right to assert claims, objections, setoffs, and recoupments with respect to the same.

d.    **Equipment Leases**.  Prior to the Petition Date, the Debtors leased certain equipment from certain third-party lessors for use in the maintenance of their business.  Nothing in the Schedules and Statements is, or shall be construed as, an admission as to the determination of the legal status of any lease (including, without limitation, whether any lease is a true lease or

6

a financing arrangement, and whether such lease is unexpired), and the Debtors and their estates reserve all rights with respect to such issues.

e. **Executory Contracts and Unexpired Leases**. The Debtors have not set forth executory contracts and unexpired leases as assets in the Schedules and Statements, even though these contracts and leases may have some value to the Debtors' estates.  Rather, executory contracts and unexpired leases have been set forth solely on Schedule G.  While reasonable efforts have been made to ensure the accuracy of Schedule G, inadvertent errors or omissions may have occurred. The Debtors hereby reserve all of their rights to (i) dispute the validity, status or enforceability of any contracts, agreements or leases set forth in Schedule G, and (ii) amend or supplement such Schedule as necessary. Furthermore, the Debtors reserve all of their rights, claims, and causes of action with respect to the contracts and agreements listed on the Schedules, including the right to dispute or challenge the characterization or the structure of any transaction, document, or instrument, including, but not limited to, whether such contracts are in fact executory or unexpired.

f. **Inventory.** Inventory balances are presented based on information from the Debtors' stock ledger and third-party reports (collectively, the "Stock Ledger"), where available, with certain adjustments made based on updated information that management believes presents a more accurate representation of the Debtor's inventory as of the Petition Date. The Debtors did not complete a physical audit or a formal financial close process for 2025 prior to the Petition Date. Accordingly, inventory values are reported at net book value, based on the Debtors' books and records. The fair value of inventory is listed as "Unknown." Additionally, certain of the Debtors' inventory is in the possession of third parties who may assert rights with respect to such inventory.

Inventory that has been delivered to customers this year (totaling $10,221,878 on the Debtors' Stock Ledger) are not included in Schedule A/B because this inventory did not yet have a journal entry to recognize the cost of the sales as the 2025 financials did not close prior to the Petition Date.

Also, the following off-premise inventory is not included in Schedule A/B because the value of this inventory is unknown:

- Mobile Mini Inventory – As a normal course of business, the Debtors stored inventory to be used in the commissioning process in containers rented from a vendor (Mobile Mini) at several customer sites. It is unclear if the containers are still at these sites as the Debtors received repossession notices prior to the Petition Date. The quantities and value of these items are not known so no value has been reported on Schedule A/B.

- Field Service Storage – As a normal course of business, the Debtors stored parts to be used by its service teams. These parts were stored in various rented containers/ storage units not tracked on the Stock Ledger.  The Debtors consider these parts as expenses incurred.  However, the Debtors may still have claims to these items.

*See* Notes for Schedules - Schedule A/B, Questions Nos. 19 to 22 for further details.

12. **Accounts Receivable**. The Debtors' total receivables reflect the Debtors' books and records based upon the Debtors' prepetition methodology for determining when to deliver invoices to

customers. The Debtors' receivables remain subject to several contingencies that may impact enforceability and collectability as set forth in more detail below. Specifically, (a) certain customers have asserted disputes regarding the Debtors' receivables and underlying contracts, including due to alleged liquidated damages; (b) certain customers have purported to terminate their existing contracts; (c) the Debtors have ceased performing certain customer contracts; (d) the Debtors have sought court approval to reject customer contracts, which, under the Bankruptcy Code, gives rise to a material breach by the Debtors of the underlying customer contracts [*see* Docket No. 88]; (e) the Debtors have reached settlements with certain customers which compromise certain receivables, which settlements have been approved by the Bankruptcy Court or are pending approval [*see* Docket Nos. 191, 355]; (f) certain ordinary course adjustments could change the amount of the Debtors' billed and unbilled receivables; and (g) certain receivables may not reflect recent and long-standing realized offsets and deductions. There may also be other barriers to collection of the Debtors' customer receivables. The Debtors' receivables have not been adjusted for these contingencies or barriers.

*See* Notes for Schedules - Schedule A/B, Question No. 11(b) for further details.

13. **Liabilities**. The Debtors have sought to allocate liabilities between the prepetition and post- petition periods based on the information available at the time of filing the Schedules and Statements. If additional information becomes available or further research is conducted, the allocation of liabilities between the prepetition and post-petition periods may change materially. Accordingly, the Debtors and their estates reserve all rights to amend, supplement, or otherwise modify the Schedules and Statements as is necessary or appropriate.

14. **Estimates**. The Debtors were required to make certain estimates and assumptions that affect the reported amounts of assets and liabilities, the disclosure of contingent assets and liabilities and reported amounts of revenue and expenses. The Debtors and their estates reserve all rights to amend the reported amounts of assets, liabilities, revenue, and expenses to reflect changes in those estimates and assumptions.

15. **Classifications**. Listing a claim (a) on Schedule D as "secured," (b) on Schedule E/F as "unsecured priority," or "unsecured nonpriority," or (c) listing a contract or lease on Schedule G as "executory" or "expired," does not constitute an admission by the Debtors and their estates of the legal rights of any claimant, or a waiver of the rights of the Debtors and their estates to amend these Schedules and Statements to recharacterize or reclassify any claim or contract. Moreover, although the Debtors may have scheduled claims of various creditors as secured claims for informational purposes, no current valuation of the Debtors' assets in which such creditors may have a security interest has been undertaken. Except as provided in an order of the Bankruptcy Court, the Debtors reserve all rights to dispute and challenge the secured nature, priority, or amount of any such creditor's claims or the characterization or the structure of any transaction, or any document or instrument related to such creditor's claim.

16. **Claims Description**. The Debtors and their estates reserve all rights to dispute, and to assert any offsets or defenses to, any claim reflected on the applicable Schedule on any grounds, including, without limitation, amount, liability, validity, priority, or classification, and to subsequently designate any claim as "disputed," "contingent," or "unliquidated." Any failure to designate a claim set forth on the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such amount is not "disputed," "contingent," or "unliquidated." The Debtors reserve the right to dispute and to assert setoff rights, counterclaims, and defenses to any claim reflected on the Schedules and Statements on any grounds, including, but not limited to, amount, liability, priority, status, and classification, and to otherwise subsequently designate any claim as "disputed," "contingent," or

8

"unliquidated." The Debtors reserve all of their rights to amend their Schedules and Statements as necessary and appropriate, including, but not limited to, with respect to claim description and designation.

17.    **Guaranties and Other Secondary Liability Claims**.  Guaranties and other secondary liability claims (collectively, the "Guaranties") with respect to the Debtors' contracts and leases may not be included on Schedule H.  Therefore, the Debtors and their estates reserve all rights to amend the Schedules to the extent additional Guaranties are identified.

18.    **Court Orders**. Pursuant to certain final "first day" orders entered by the Bankruptcy Court (the "First Day Orders"), the Debtors were authorized (but not directed) to pay or satisfy, among other things, certain prepetition obligations owing to employees, independent contractors, employment vendors, taxing authorities, and banks. [*See, e.g.* Docket Nos. 60, 61, 63, 68, 394, 395, 397, 400]. Any wages owed to employees as of the Petition Date were paid postpetition pursuant to the *Final Order Granting Motion of the Debtors for Entry of an Order Authorizing Debtors to (A) Pay Employee Obligations and (B) Continue Employee Benefit Programs, and (II) Granting Related Relief* [Docket No. 395], and are not reflected in Schedule E/F.  Accordingly, these liabilities may have been or may be satisfied in accordance with such First Day Orders and therefore generally are not listed in the Schedules and Statements. Regardless of whether such claims are listed in the Schedules and Statements, to the extent such claims are satisfied pursuant to an order of the Bankruptcy Court (including the First Day Orders), the Debtors reserve all rights to amend or supplement their Schedules and Statements as is necessary or appropriate.

19.    **Personally Identifiable Information**. In accordance with the relief granted in the *Interim Order Granting Motion of the Debtors for Entry of an Order (A) Authorizing the Debtors to (A) File a Consolidated List of the Debtors' Fifty Largest Unsecured Creditors, (B) File a Consolidated List of Creditors in Lieu of Submitting a Separate Mailing Matrix for Each Debtor, (C) Redact Certain Personally Identifiable Information of Natural Persons, and (II) Granting Related Relief* [Docket No. 64] and due to the need to protect confidential information and individual privacy, the names and home addresses of individuals have been redacted from the Schedules and Statements.

20.    **Contingent Assets**. The Debtors believe that they may possess certain claims and causes of action against various parties. The Debtors may also possess contingent claims in the form of various avoidance actions they could commence under the provisions of chapter 5 of the Bankruptcy Code, claims for violation of the automatic stay under § 362 of the Bankruptcy Code, and other relevant non-bankruptcy laws. The Debtors, despite reasonable efforts, may not have set forth all of their causes of action against third parties as assets in their Schedules and Statements. The Debtors reserve all of their rights with respect to any claims, causes of action, or avoidance actions they may have and nothing contained in these Global Notes or the Schedules and Statements shall be deemed a waiver of any such claims, avoidance actions, or causes of action or in any way prejudice or impair the assertion of such claims. The value of any claim held by the Debtors against a collection party is only an estimate.  Additionally, prior to the Petition Date, any of the Debtors, as plaintiff, may have commenced various lawsuits in the ordinary course of its business against third parties seeking monetary damages for business-related losses and/or other forms of relief. Refer to each Statement Question No. 7, for lawsuits commenced prior to the relevant Petition Date in which a Debtor was a plaintiff.  The Debtors reserve the right, but do not undertake any obligation, to update such list.

21.    **Interest in Subsidiaries and Affiliates**. Each Debtor's Schedule, A/B Question No. 15 and Statement, Question No. 25 schedules its ownership interests, if any, in its subsidiaries and affiliates. The value of assets, such as investments in subsidiaries, are listed as "Undetermined" as of the Petition Date because the book values may materially differ from fair market values.

9

22.    **Payments**. The financial affairs and businesses of the Debtors are complex. Prior to the Petition Date, the Debtors maintained a cash management and disbursement system in the ordinary course of their businesses (the "Cash Management System") (as described in greater detail in the *Debtors' Motion for Entry of Interim and Final Orders: (I) Authorizing Use of Cash Management Procedures, Bank Accounts, and Changing Business Forms; (II) Prohibiting Setoffs and Freezing of Bank Accounts; (III) Modifying Requirements of Section 345(b) of the Bankruptcy Code; and (IV) for Related Relief* (the "Cash Management Motion") [Docket No. 12]). Although reasonable efforts have been made to attribute open payable amounts to the correct legal entity, the Debtors reserve the right to modify or amend their Schedules and Statements to attribute such payment to a different legal entity, as is necessary or appropriate. Payments made are listed by the legal entity making such payment, notwithstanding that many such payments may have been made on behalf of another legal entity.

23.    **Duplication**. Certain of the Debtors' assets, liabilities, and prepetition payments may properly be disclosed in response to multiple parts of the Statements and Schedules.

24.    **Tax Matters**. As of the Petition Date, the Debtors had not completed the reconciliation or finalization of certain tax obligations, including sales and use tax obligations relating to prepetition business operations across multiple jurisdictions. Amounts may be subject to audit or adjustment by the respective taxing authorities, and in certain cases, the Debtors' records may not fully reflect all accrued or assessable obligations as of the Petition Date.

25.    **General Conventions Relating to the Schedules.** The Debtors adopted the following conventions in connection with the preparation of the Schedules:

a.   **Schedule A/B**. The Debtors' assets on Schedule A/B are listed at book value based on the Debtors' reasonable efforts as of the Petition Date, and may not necessarily reflect the market or recoverable value of these assets as of the Petition Date. As such, the balances presented in Schedule A/B are subject to further revision and change.

b.   **Schedule D**.  Except as otherwise agreed pursuant to a stipulation, agreed order, or general order entered by the Court that is or becomes final, the Debtors and their estates reserve all rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a creditor listed on Schedule D of any of the Debtors.  Moreover, although the Debtors may have scheduled claims of various creditors as secured claims for informational purposes, no current valuation of the Debtors' assets in which such creditors may have a lien has been undertaken. Except as otherwise agreed pursuant to a stipulation, agreed order, or general order entered by the Court that is or becomes final, the Debtors and their estates reserve all rights to dispute or challenge the secured nature of any such claim or the characterization of the structure of any transaction, document, or instrument related to any such claim.  The descriptions provided in Schedule D are intended only to be a summary.  Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent, and priority of any liens.  Nothing in these Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements.

In certain instances, a Debtor may be a co-obligor with respect to scheduled claims of other Debtors.  No claim set forth on the Schedule D of any Debtor is intended to acknowledge claims of creditors that are or may be otherwise satisfied or discharged.

The Debtors have not included on Schedule D all parties that may believe their claims are secured through setoff rights, deposits posted by, or on behalf of, the Debtors, inchoate statutory lien rights, or real property lessors, utility companies, and other parties that may hold security deposits.

Certain of the amounts listed for parties on Schedule D may not be reflective of any accrued and unpaid interest, prepayment premiums, and other similar fees or expenses that such parties may be entitled to.

c.  **Schedule E/F**. The Debtors have made reasonable efforts to report all priority and general unsecured claims against the Debtors on Schedule E/F based on the Debtors' books and records as of the Petition Date. The claims listed on Schedule E/F arose or were incurred on various dates. In certain instances, the date on which a claim arose may be unknown or subject to dispute. Although reasonable efforts have been made to determine the date upon which claims listed on Schedule E/F were incurred or arose, fixing that date for each claim on Schedule E/F would be unduly burdensome and cost prohibitive and, therefore, the Debtors have not listed a date for each claim listed on Schedule E/F.

The Debtors reserve all rights to dispute the amount and/or the priority status of any claim on Schedule E/F on any basis at any time. Claims owing to various taxing authorities to which the Debtors potentially may be liable are included on the Debtors' Schedule E/F. Certain of such claims, however, may be subject to ongoing audits and/or the Debtors otherwise are unable to determine with certainty the amount of the remaining claims listed on Schedule E/F. Therefore, the Debtors have listed all such claims as "Undetermined" in amount, pending final resolution of ongoing audits or other outstanding issues.

Certain creditors listed on Part 2 of Schedule E/F may owe amounts to the Debtors; accordingly, the Debtors and their estates may have valid setoff and recoupment rights with respect to such amounts. Also, the amounts listed on Part 2 of Schedule E/F reflect known prepetition claims as of the Petition Date. Such amounts do not reflect any rights of setoff or recoupment that may be asserted by any creditors listed on Part 2 of Schedule E/F, and the Debtors and their estates reserve all rights to challenge any setoff and recoupment rights that may be asserted against them. The Debtors and their estates reserve all rights to dispute or challenge the validity, perfection, priority, or immunity from avoidance of any lien purported to be perfected by a creditor listed on Part 2 of Schedule E/F.

The Debtors have used reasonable efforts to include all creditors on Part 2 of Schedule E/F. The amounts listed for liabilities on Schedule E/F may be exclusive of certain contingent and unliquidated amounts.

Third parties should not anticipate that the relationship of aggregate asset values and aggregate liabilities set forth in the Schedules will reflect their ultimate recoveries in these Chapter 11 Cases. Actual assets and liabilities may deviate from the amounts shown in the Schedules due to various events that occur throughout the duration of these Chapter 11 Cases.

Schedule E/F also contains the information available to the Debtors as of the Petition Date regarding pending litigation involving the Debtors. In certain instances, the Debtor that is the subject of the litigation is unclear or undetermined. To the extent that litigation involving a particular Debtor has been identified, however, such information is contained in the Schedule for that Debtor (even though the litigation may actually impact another Debtor or non-Debtor affiliate). The inclusion of any legal action in the Schedules and Statements does not constitute an admission by the Debtors of any liability, the validity of any litigation, the amount of any potential claim that may result with respect to any legal action, or the amount and treatment of any potential claim resulting from any legal action currently pending or that may arise in the future.

11

Schedule E/F does not include certain deferred liabilities, accruals, or general reserves. Such amounts are general estimates and do not represent specific claims as of the Petition Date for the Debtors.

In the ordinary course of business, the Debtors generally receive invoices for goods and services after the delivery of such goods or services. As of the filing of the Schedules and Statements, the Debtors have not received all invoices for payables, expenses, or liabilities that may have accrued before the Petition Date. Accordingly, the information contained in Schedules E/F may be incomplete. The Debtors reserve the right, but are not required, to amend Schedule E/F if and as they receive such invoices. The claims of individual creditors are generally listed at the amounts recorded on the Debtors' books and records and may not reflect credits or allowances due from the creditor. The Debtors reserve all of their rights concerning credits or allowances.

d. **Schedule G**. Although reasonable efforts have been made to ensure the accuracy of Schedule G regarding executory contracts and unexpired leases, inadvertent errors, omissions, or over-inclusion may have occurred in preparing Schedule G. Omission of a contract, lease, or other agreement from Schedule G does not constitute an admission that such omitted contract, lease, or other agreement is not an executory contract or unexpired lease. Schedule G may be amended at any time to add any omitted executory contracts, unexpired leases, and other agreements to which the Debtors are a party, including, without limitation, to add any that the Debtors did not list on Schedule G at this time. Likewise, the listing of an agreement on Schedule G does not constitute an admission that such agreement is an executory contract or unexpired lease, or that such agreement was in effect or unexpired on the Petition Date, or is valid or enforceable. The agreements listed on Schedule G may have expired, or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters and other documents, instruments, and agreements that may not be listed on Schedule G.

Certain confidentiality, non-disclosure, and non-compete agreements may not be listed on Schedule G. Certain of the contracts and agreements listed on Schedule G may consist of several parts, including purchase orders, amendments, restatements, waivers, letters and other documents that may not be listed on Schedule G or that may be listed as a single entry. Agreements titled as "purchase orders" may be executory and are listed on Schedule G due to the totality of the terms and conditions in such agreements.

The listing of any contract on Schedule G does not constitute an admission by the Debtors as to the validity of any such contract. All rights, claims, and causes of action of the Debtors and their estates with respect to the agreements listed on Schedule G are hereby reserved and preserved. The Debtors and their estates hereby reserve all rights to: (a) dispute the validity, status, or enforceability of any agreements set forth on Schedule G; (b) dispute or challenge the characterization of the structure of any transaction, document, or instrument related to a creditor's claim, including, but not limited to, the agreements listed on Schedule G; and (c) amend or supplement Schedule G, as necessary.

e. **Schedule H.** Although reasonable efforts have been made to ensure the accuracy of Schedule H regarding executory contracts under which multiple Debtors have obligations, inadvertent errors, omissions, or over-inclusion may have occurred in preparing Schedule H. Omission of a contract, lease, or other agreement from Schedule H does not constitute an admission that such omitted contract, lease, or other agreement is not an obligation of multiple Debtors in these chapter 11 cases.  Schedule H may be amended at any time to add any omitted executory contracts, unexpired leases, and other agreements to which multiple of the Debtors are a party, including, without limitation, to add any that the Debtors did not list on Schedule H at this time.

12

## II.    NOTES FOR SCHEDULES

26.    **Schedule A/B, Question 7 – Deposits**. Information in this Schedule is presented as of the Petition Date. The Debtors were required to make deposits from time to time with various vendors, landlords, utilities, and service providers in the ordinary course of business. Any cash collateral securing letters of credit, customer obligations, or credit cards is reflected as a security deposit in this Schedule A/B. The Debtors reserve all rights with respect to the characterization and treatment of such instruments. The Debtors have exercised reasonable efforts to report the current value of any deposits. The Debtors may have inadvertently omitted deposits and conversely may have reported deposits that are no longer outstanding. The Debtors reserve their rights, but are not required, to amend the Schedules and Statements if deposits are incorrectly identified. The deposits shown are estimates as of the Petition Date.

27.    **Schedule A/B, Question 8 – Prepayments.**  The Debtors' books and records reflect that certain prepayments were made in the ordinary course of business to various vendors and service providers.  Most of these prepayments, however, do not reflect the Debtors' ability to recover an asset or reduce the Debtors' liability.  Also, these prepayment amounts have not been reconciled with amounts otherwise owed to these parties.  The Debtors may have inadvertently omitted certain prepayments and conversely may have reported prepayments for which services have already been provided. The Debtors reserve their rights, but are not required, to amend the Schedules and Statements if prepayments are incorrectly identified.

The Debtors maintain their books and records on an accrual basis.  Accordingly, certain terms listed in Schedule A/B, Part 2, are listed in the Debtors' books and records as prepayments or deposits, but are, in fact, payments made for certain future expenses or invoices.

28.    **Schedule A/B, Question 11(b) – Accounts Receivable**. Powin, LLC's total receivables, that have been outstanding for more than 90 days, includes $1,089,350.98 of "doubtful or uncollectible" accounts comprised of two balances: (i) a $1,054,000 receivable from supplier "Airway Services LLC", due to damaged "enclosers 9 & 10 at Gila Bend 2" in 2022; and (ii) a $35,000 unpaid rent receivable from prior sublessor Sierra Bio Laboratory, Inc. in 2024, who has vacated the property.

Unbilled receivables of $10,751,957.80 have been included in the total amount of Powin, LLC's receivables. These unbilled receivables represent a contractual right to bill a customer, for which Powin, LLC has not formally billed the customer. The Debtors calculated these balances by taking the work performed as of December 31, 2024, to identify these cases, and removing any instance in which Powin, LLC had formally invoiced the customer in 2025. There may have been more instances of unbilled receivables  incurred in 2025, but due to the expertise, information, and man hours required, the Debtors are unable to determine that value.  Accordingly, the Debtors are only including a value for those unbilled receivables that have been rolled forward from December 31, 2024.

29.    **Schedule A/B, Question Nos. 19 to 22 – Raw Materials, Work in Progress, Finished Goods and Other Inventory and Supplies**.  Inventory classifications were assigned based on the nature and location of materials, as the Debtors presently do not utilize inventory GL accounts to track transitions from raw materials to finished goods within their ERP system due to system limitations.

- **Finished Goods** include Collection Segments, Energy Segments, Enclosures, Stacks, and PCS/Inverters.
- **Work in Progress** includes materials located at contract manufacturer facilities, designated as

WIP in third-party sublocation reports.
- **Raw Materials** include all other stock ledger items not otherwise categorized.
- **Other Inventory** includes items subject to additional considerations such as title transfer agreements, in-transit discrepancies, or stock ledger reconciliation issues.

Certain locations and inventory items may have been excluded or classified as "Other Inventory" due to open questions regarding ownership, valuation accuracy, or physical status as of the Petition Date. These include:

- Customer-delivered goods not yet recognized as cost of sales;
- In-transit goods and third-party warehousing discrepancies;
- Inventory potentially transferred to customers pursuant to pre- or post-petition agreements; and
- Items in quarantine or off-premise service containers not tracked in the ledger.

Adjustments from stock ledger balances may reflect estimated manufacturing costs, third-party confirmations, or management judgment in the absence of finalized transactional data.

The inclusion, exclusion, or categorization of inventory items does not constitute an admission as to title, ownership, or realizable value, and shall not be deemed a waiver of the Debtors' rights with respect to such inventory or any related claims or defenses.

30.     **Schedule A/B, Questions 28 to 35 – Crops, Farm Animals, Farm Machinery and Equipment, Farm Supplies.** The Debtors' do not have crops, farming operations, or livestock.

31.     **Schedule A/B, Questions 39 and 41 – Office Furniture, Furnishings, and Equipment**. The Debtors' office equipment, furnishings, and supplies are depreciated based on their accounting policies and procedures as of the Petition Date. The asset values are listed at fair value for Debtor Powin LLC, resulting in an "Undetermined" current value for such assets. The Debtors record office furniture and fixtures together and are therefore both listed in Schedule A/B Question 39.

32.     **Schedule A/B, Questions 60 and 61 – Patents, Copyrights, Trademarks, Trade Secrets, Internet Domain Names and Websites**. The Debtors' ownership interests in their intellectual property are shown with an "Undetermined" value. The Debtors do not list such assets on their books and records and have not performed a valuation analysis regarding such assets. IP noted to be "Expired PCT, Expired Provisional, Abandoned and Unfiled – Not Proceeding" and Trademarks noted to be "Abandoned and Unfiled – Not Proceeding" are not included in Schedule A/B 60.

33.     **Schedule A/B, Question 63 – Customer Lists, Mailing Lists and Other Compilations.** The Debtors maintain customer and mailing lists but do not sell or otherwise monetize such lists. Accordingly, the Debtors have presented the net book value, valuation method, and current value of such lists as undetermined.

34.     **Schedule A/B, Question 72 – Tax Refunds and Unused Net Operating Losses (NOLs).** For the past several years, the Debtors have incurred Non-Capital Losses ("NCLs") in Canada. These losses may generally be carried forward for up to 20 years from the year they arise to offset future taxable income, or carried back up to 3 years to recover previously paid taxes. However, due to various uncertainties—including the Debtors' future income position, ongoing restructuring efforts, and potential limitations under applicable tax laws—it is not currently possible to determine whether these NCLs will ultimately be realized or utilized to offset future tax liabilities or claimed through carryback provisions.

14

Accordingly, these NCLs have been disclosed in the accompanying Schedules and Statements with the current value of the Debtors' interest indicated as "Undetermined."

35.     **Schedule A/B, Question 74 – Causes of Action Against Third Parties.** Despite their reasonable efforts to identify all known assets, the Debtors may not have listed all of their respective causes of action or potential causes of action against third parties as assets in Schedule A/B, Part 11, Question 74, including, but not limited to, causes of action arising under the Bankruptcy Code for violation of the automatic stay under § 362 or any other applicable laws.  The Debtors and their estates reserve all rights with respect to any claims and causes of action that they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such claims and causes of actions, or in any way waive, prejudice, impair, or otherwise affect the assertion of such claims and causes of action.

36.     **Schedule A/B, Question 77 – Other Property of Any Kind Not Already Listed**. Contract Assets (Earned Revenue before Billing Milestone) represent inventory deliveries, or commissioning work completed, in advance of contractual billing milestones. Due to the expertise, information, and man hours required, the Debtors' have provided the current value as of their latest reporting period December 31, 2024. As a result, these Contract Assets have been disclosed with the current value of the Debtors' interest indicated as "Undetermined."

### III.   <u>NOTES FOR STATEMENTS</u>

37.     <u>**Statement 1**</u>. The information provided in response to this Statement reflects Gross Revenue by the Debtors in fiscal year 2023, fiscal year 2024, and year-to-date for fiscal year 2025 as of the Petition Date. The Debtors' revenue for 2025 was calculated based on actual invoicing activity less invoices created in 2025 that relate to unbilled receivables as of December 31, 2024 (*see* Schedule A/B, Part 5, Question 11(b) for details related to unbilled receivables). Deferred revenue and unbilled contract assets recorded on the Debtors' December 31, 2024 balance sheet were not recognized as revenue in 2025, and final revenue amounts may be adjusted upon resolution of outstanding customer settlements. The negative fiscal year 2024 revenue reported for Debtor Powin Energy Ontario Storage, LLC reflects prior-period adjustments associated with energy storage agreements (ESAs) completed in 2023; in 2024, Powin Energy Ontario Storage, LLC settled liquidated damages claims with certain ESA customers. Ongoing revenue from long-term service agreements (LTSAs) was insufficient to offset these reductions.

38.     <u>**Statement 3**</u>. Statement No. 3 includes any disbursement or other transfer made by the Debtors within ninety (90) days prior to filing, except for those made to insiders or in connection with the bankruptcy, which are reflected on Statements Nos. 4 and 11, respectively. To avoid unnecessary duplication, payments made to the Debtors' professionals are not listed in Statement 3, but are instead only reflected in Statement 11.

39.     <u>**Statement 4**</u>. Statement No. 4 wages have been presented on a gross payment basis.  Actual amounts received by the parties listed on Statement No. 4 may differ based upon withholding and other tax obligations.

40.     <u>**Statement 6**</u>. In the ordinary course of business, the Debtors have, from time to time, deposited funds into escrow accounts maintained with or related to certain vendors. As creditor motions are filed and reviewed, it may be determined that some vendors applied funds or issued credits without the Debtor's authorization or consent. The Debtors reserve all rights as to whether any such funds or accounts constitute validly designated escrows.

US_ACTIVE\130722515

41.    **Statement 7**.  The Debtors and their estates reserve all rights, claims, and defenses with respect to all listed lawsuits and administrative proceedings (or potential lawsuits and administrative proceedings).  The listing of any such lawsuits and proceedings shall not constitute an admission by the Debtors and their estates of any liabilities.

42.    **Statement 11.** All payments made to any entities that provided services in the one (1) year-period prior to the Petition Date to the Debtors related to consultation concerning debt counseling or restructuring services, relief under the Bankruptcy Code, or preparation of a petition in bankruptcy are listed on that Debtor's response to Statement No. 11. Statement No. 11 also includes payments remitted to White & Case LLP for services provided to the Debtors' prepetition lenders prior to the filing of these chapter 11 cases. Additional information regarding the Debtors' retention of professional service firms will be more fully described in individual retention applications and related orders.

43.    **Statement 25**. Schedule No. 25 lists other businesses where the Debtors hold an interest. For purposes of completeness, as of the Petition Date, Debtor Powin, LLC, through Non-Debtor entity Powin EKS SellCo, LLC, presently holds an indirect 20% equity stake in EKS HoldCo, LLC, a JV with Hitachi, Ltd.

44.    **Statement 26d**. The Debtors provided financial statements in the ordinary course of their businesses to various parties upon request within two (2) years immediately before the Petition Date but did not regularly maintain records of when such financials were provided or who made the request. Out of an abundance of caution, all Class A Common Shareholders and Series A Preferred Shareholders of the Debtors' indirect parent are listed in this Statement. Additionally, from time to time, the Debtors provided financial statements in the ordinary course of business to certain parties for business, statutory, credit, financing, and other reasons. Recipients have included regulatory agencies, financial institutions, investment banks, vendors and landlords and their legal and financial advisors. The Debtors do not maintain complete lists or other records tracking such disclosures. Therefore, the Debtors used reasonable efforts to list in Statement, Question No. 26 each party that the Debtors are aware received financial statements within two (2) years before the Petition Date, but cannot represent that such list is complete.

45.    **Statement 27.** The Debtors perform physical inventories at the end of each fiscal year and similarly receive notice of physical inventory from 3rd party warehousing providers which are noted as "Location Owner" in this Statement. The most recent physical inventories by the Debtors and their 3rd party warehousing providers were conducted in December 2024.

46.    **Statement 30.** Information provided in response to this Statement No. 30 may be found in Statement 4.

47.    **Statement 31.** Although Debtors' Powin Energy Operating Holdings LLC, Powin Energy Operating LLC, Powin Energy Storage 2 Inc, Powin Energy Ontario Storage II LP, and Powin Canada B.C. Ltd have a direct parent entity for tax purposes, they are not considered to be within a consolidated group. Debtors' Charger Holdings, LLC, PEOS Holdings, LLC, Powin China Holdings 1, LLC, Powin China Holdings 2, LLC, Powin Energy Ontario Storage, LLC, Powin Project LLC, and Powin, LLC combines taxable activity under one federal return for Powin Energy Holdings LLC, due to disregarded entity status.

**These Global Notes are in addition to the specific notes set forth in the Schedules and Statements of the Debtors. The fact that the Debtors have prepared a Global Note with respect to a particular Schedule or Statement and not as to others does not reflect and should not be interpreted**

16

**as a decision by the Debtors to exclude the applicability of such Global Note in any or all of the Debtors' remaining Schedules or Statements, as appropriate. Disclosure of information in one Schedule, one Statement, or an exhibit or attachment to a Schedule or Statement, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedule, Statement, exhibit, or attachment.**

17

**Fill in this information to identify the case:**

Debtor Name: In re : Charger Holdings, LLC

United States Bankruptcy Court for the:  District Of New Jersey

Case number (if known): 25-16140 (MBK)

☐ Check if this is an amended filing

## Official Form 207

# Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy  04/25

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

| Part 1: | Income |
|---|---|

**1. Gross revenue from business**

☑ None

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | | | | Sources of revenue Check all that apply | Gross revenue (before deductions and exclusions) |
|---|---|---|---|---|---|
| **From the beginning of the fiscal year to filing date:** | From _____ MM / DD / YYYY | to | Filing date | ☐ Operating a business ☐ Other _____ | $ _____ |
| **For prior year:** | From _____ MM / DD / YYYY | to | _____ MM / DD / YYYY | ☐ Operating a business ☐ Other _____ | $ _____ |
| **For the year before that:** | From _____ MM / DD / YYYY | to | _____ MM / DD / YYYY | ☐ Operating a business ☐ Other _____ | $ _____ |

Debtor:    Charger Holdings, LLC

Case number *(if known):*    25-16140

Name

## 2. Non-business revenue

Include revenue regardless of whether that revenue is taxable. Non-business income may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

☑ None

| | | | Description of sources of revenue | Gross revenue from each source (before deductions and exclusions) |
|---|---|---|---|---|
| **From the beginning of the fiscal year to filing date:** | From _____ MM / DD / YYYY | to    Filing date | _____ | $ _____ |
| **For prior year:** | From _____ MM / DD / YYYY | to _____ MM / DD / YYYY | _____ | $ _____ |
| **For the year before that:** | From _____ MM / DD / YYYY | to _____ MM / DD / YYYY | _____ | $ _____ |

Debtor:  Charger Holdings, LLC _____    Case number *(if known):* _____ 25-16140

Name

| Part 2: | List Certain Transfers Made Before Filing for Bankruptcy |
|---|---|

3. **Certain payments or transfers to creditors within 90 days before filing this case**

List payments or transfers-including expense reimbursements-to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $8,575 . (This amount may be adjusted on 4/01/28 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☒ None

| | Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer<br>Check all that apply |
|---|---|---|---|---|
| 3.1 | | | $ | ☐  Secured debt |
| | Creditor's Name | | | ☐  Unsecured loan repayments |
| | | | | ☐  Suppliers or vendors |
| | Street | | | ☐  Services |
| | | | | ☐  Other |
| | City          State          ZIP Code | | | |
| | Country | | | |

4. **Payments or other transfers of property made within 1 year before filing this case that benefited any insider**

List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $8,575. (This amount may be adjusted on 4/01/28 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. Insiders include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☒ None

| | Insider's Name and Address | Dates | Total amount or value | Reason for payment or transfer |
|---|---|---|---|---|
| 4.1 | | | $ | |
| | Insider's Name | | | |
| | Street | | | |
| | City          State          ZIP Code | | | |
| | Country | | | |
| | **Relationship to Debtor** | | | |

Debtor:     Charger Holdings, LLC                                    Case number *(if known)*:     25-16140

_____
Name

**5.    Repossessions, foreclosures, and returns**

List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

☑ None

| Creditor's Name and Address | Description of the Property | Date | Value of property |
|---|---|---|---|
| 5.1 _____ | _____ | _____ | $ _____ |
| Creditor's Name | | | |
| _____ | | | |
| Street | | | |
| _____ | | | |
| _____ | | | |
| City          State          ZIP Code | | | |
| _____ | | | |
| Country | | | |

**6.    Setoffs**

List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

☑ None

| Creditor's Name and Address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|
| 6.1 _____ | _____ | _____ | $ _____ |
| Creditor's Name | | | |
| _____ | | | |
| Street | | | |
| _____ | Last 4 digits of account number: XXXX–_____ | | |
| _____ | | | |
| City          State          ZIP Code | | | |
| _____ | | | |
| Country | | | |

Debtor: Charger Holdings, LLC

Name

Case number *(if known)*    25-16140

| Part 3: | Legal Actions or Assignments |
|---|---|

**7.  Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**

List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

☑ None

| | Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|---|
| 7.1 | | | Name | ☐ Pending |
| | | | | ☐ On appeal |
| | | | Street | ☐ Concluded |
| | **Case number** | | | |
| | | | City     State     ZIP Code | |
| | | | Country | |

**8.  Assignments and receivership**

List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

☑ None

| | Custodian's name and address | Description of the Property | Value |
|---|---|---|---|
| 8.1 | | | $ |
| | Custodian's name | | **Court name and address** |
| | | **Case title** | Name |
| | Street | | |
| | | | Street |
| | City     State     ZIP Code | **Case number** | |
| | | | City     State     ZIP Code |
| | Country | **Date of order or assignment** | Country |

Debtor:  Charger Holdings, LLC                                           Case number *(if known)*:   25-16140

Name

| Part 4: | Certain Gifts and Charitable Contributions |
|---|---|

9. List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000

☑ None

| | Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|---|
| 9.1 | | | | $ |
| | Creditor's Name | | | |
| | Street | | | |
| | City            State            ZIP Code | | | |
| | Country | | | |
| | **Recipient's relationship to debtor** | | | |

Debtor: Charger Holdings, LLC

Name

Case number *(if known):*    25-16140

---

| Part 5: | Certain Losses |
| --- | --- |

**10.    All losses from fire, theft, or other casualty within 1 year before filing this case.**

☑ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss<br>If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.<br>List unpaid claims on Official Form 106A/B (*Schedule A/B: Assets – Real and Personal Property*). | Date of loss | Value of property lost |
| --- | --- | --- | --- |
| 10.1 _____ | _____ | _____ | $ _____ |

Debtor:  Charger Holdings, LLC

Case number *(if known):*    25-16140

Name

| Part 6: | Certain Payments or Transfers |
|---|---|

**11.  Payments related to bankruptcy**

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☑  None

| | Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11.1 | | | | $ |

| | Address | | | |
|---|---|---|---|---|
| | Street | | | |
| | City          State          ZIP Code | | | |
| | Country | | | |

**Email or website address**

**Who made the payment, if not debtor?**

**12.  Self-settled trusts of which the debtor is a beneficiary**

List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

☑  None

| | Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|---|
| 12.1 | | | | $ |

| | Trustee | | | |
|---|---|---|---|---|

Debtor: Charger Holdings, LLC
Name

Case number *(if known)*:    25-16140

**13. Transfers not already listed on this statement**

List any transfers of money or other property - by sale, trade, or any other means - made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☑ None

| | Who received transfer? | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|---|
| 13.1 | | | | $ |

**Address**

Street

City                State         ZIP Code

Country

**Relationship to Debtor**

Debtor:  Charger Holdings, LLC                          Case number *(if known):*        25-16140

_____
Name

| Part 7: | Previous Locations |
|---------|--------------------|

**14.  Previous addresses**

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☑ Does not apply

| Address | Dates of occupancy |
|---------|--------------------|

14.1    _____        From _____    To _____
        Street

        _____

        _____
        City              State        ZIP Code

        _____
        Country

Debtor: Charger Holdings, LLC

Name

Case number *(if known)*: 25-16140

| Part 8: | Health Care Bankruptcies |
|---------|--------------------------|

**15. Health Care bankruptcies**

Is the debtor primarily engaged in offering services and facilities for:
— diagnosing or treating injury, deformity, or disease, or
— providing any surgical, psychiatric, drug treatment, or obstetric care?

☑ No. Go to Part 9.

☐ Yes. Fill in the information below.

| | **Facility Name and Address** | **Nature of the business operation, including type of services the debtor provides** | **If debtor provides meals and housing, number of patients in debtor's care** |
|---|---|---|---|
| 15.1 | | | |
| | Facility Name | | |
| | | | |
| | Street | **Location where patient records are maintained** (if different from facility address). If electronic, identify any service provider. | How are records kept? |
| | | | Check all that apply: |
| | | | ☐ Electronically |
| | City       State       ZIP Code | | ☐ Paper |
| | Country | | |

Debtor:    Charger Holdings, LLC _____    Case number *(if known)*    25-16140 _____
          Name

| Part 9: | Personally Identifiable Information |
|---|---|

**16. Does the debtor collect and retain personally identifiable information of customers?**

☒ No.

☐ Yes. State the nature of the information collected and retained. _____

    Does the debtor have a privacy policy about that information?

    ☐ No

    ☐ Yes

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☒ No. Go to Part 10.

☐ Yes. Does the debtor serve as plan administrator?

    ☐ No. Go to Part 10.

    ☐ Yes. Fill in below:

| | Name of plan | Employer identification number of the plan |
|---|---|---|
| 17.1 | _____ | EIN: _____ |

    Has the plan been terminated?

    ☐ No

    ☐ Yes

Debtor:   Charger Holdings, LLC                                    Case number *(if known)*:    25-16140
          Name

| Part 10: | Certain Financial Accounts, Safe Deposit Boxes, and Storage Units |
|---|---|

### 18. Closed financial accounts

Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☑ None

| | Financial institution name and address | Last 4 digits of account number | Type of account | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|---|
| 18.1 | Name _____ Street _____ _____ City  State  ZIP Code _____ Country | XXXX- ___ | ☐ Checking ☐ Savings ☐ Money market ☐ Brokerage ☐ Other _____ | _____ | $ _____ |

### 19. Safe deposit boxes

List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☑ None

| | Depository institution name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|---|
| 19.1 | Name _____ Street _____ City  State  ZIP Code _____ Country | _____ Address _____ | _____ | ☐ No ☐ Yes |
| 19.2 | Name _____ Street _____ City  State  ZIP Code _____ Country | _____ Address _____ | 0 | ☐ No ☐ Yes |

Debtor:   Charger Holdings, LLC                                     Case number *(if known):*      25-16140
     Name

### 20. Off-premises storage

List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☑ None

| | Facility name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|---|
| 20.1 | | | | ☐ No |
| | Name | | | |
| | Street | | | ☐ Yes |
| | | | | |
| | | **Address** | | |
| | City       State       ZIP Code | | | |
| | Country | | | |

Debtor: Charger Holdings, LLC

Name

Case number *(if known)*:    25-16140

| Part 11: | Property the Debtor Holds or Controls That the Debtor Does Not Own |
|---|---|

**21. Property held for another**

List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

☑ None

| Owner's name and address | Location of the property | Description of the property | Value |
|---|---|---|---|
| 21.1 | | | $            0.00 |

Name

Street

City        State        ZIP Code

Country

Debtor: Charger Holdings, LLC
Name

Case number *(if known):*    25-16140

---

| **Part 12:** | **Details About Environmental Information** |
| --- | --- |

For the purpose of Part 12, the following definitions apply:

- *Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

- *Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

- *Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

22. **Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders.

☒ No

☐ Yes. Provide details below.

| | Case title | Court or agency name and address | Nature of the case | Status of case |
| --- | --- | --- | --- | --- |
| 22.1 | | Name | | ☐ Pending |
| | | | | ☐ On appeal |
| | | Street | | ☐ Concluded |
| | Case Number | | | |
| | | City       State       ZIP Code | | |
| | | Country | | |

23. **Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

☒ No

☐ Yes. Provide details below.

| | Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
| --- | --- | --- | --- | --- |
| 23.1 | Name | Name | | |
| | Street | Street | | |
| | City       State       ZIP Code | City       State       ZIP Code | | |
| | Country | Country | | |

---

Debtor:    Charger Holdings, LLC
_____
Name

Case number *(if known)*:    25-16140
_____

**24.    Has the debtor notified any governmental unit of any release of hazardous material?**

☑  No

☐  Yes. Provide details below.

| | Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|---|
| 24.1 | Name | Name | | |
| | Street | Street | | |
| | | | | |
| | City          State          ZIP Code | City          State          ZIP Code | | |
| | Country | Country | | |

Debtor: Charger Holdings, LLC
Name

Case number *(if known)*:    25-16140

| Part 13: | Details About the Debtor's Business or Connections to Any Business |
|---|---|

**25. Other businesses in which the debtor has or has had an interest**

List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case.Include this information even if already listed in the Schedules.

☐ None

| Business name and address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN. |
|---|---|---|
| 25.1 esVolta GP, LLC (General Partner)<br>Name | Owner-operator of utility scale BESS | EIN: 82-3083011 |
| 65 Enterprise, 3rd Floor<br>Street | | **Dates business existed**<br>From _____  To  4/18/2022 |
| Aliso Viejo          CA          92656<br>City          State          ZIP Code | | |
| Country | | |

| Business name and address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN. |
|---|---|---|
| 25.2 esVolta LP<br>Name | Owner-operator of utility scale BESS | EIN: 82-3083326 |
| 65 Enterprise, 3rd Floor<br>Street | | **Dates business existed**<br>From _____  To  4/18/2022 |
| Aliso Viejo          CA          92656<br>City          State          ZIP Code | | |
| Country | | |

**26. Books, records, and financial statements**

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☐ None

| Name and Address | Dates of service |
|---|---|
| 26a.1 Amber Scott - SVP, Accounting & Finance<br>Name | From  1/30/2023          To  11/1/2024 |
| 20550 SW 115th Ave<br>Street | |
| Tualatin          OR          97062<br>City          State          ZIP Code | |
| Country | |

Debtor:  Charger Holdings, LLC

Case number *(if known)*:    25-16140

| | |
|---|---|
| Name | |

**26a.2** Amy Ard - CFO

From 2/23/2023    To 9/22/2023

Name

20550 SW 115th Ave

Street



| Tualatin | OR | 97062 |
|---|---|---|
| City | State | ZIP Code |

Country

**26a.3** Colin Hutchinson - Mgr, Accounting

From 4/29/2024    To Present

Name

20550 SW 115th Ave

Street



| Tualatin | OR | 97062 |
|---|---|---|
| City | State | ZIP Code |

Country

**26a.4** Kevin Paprzycki - CFO

From 1/21/2025    To Present

Name

20550 SW 115th Ave

Street



| Tualatin | OR | 97062 |
|---|---|---|
| City | State | ZIP Code |

Country

**26a.5** KPMG LLP - Consultants

From 3/21/2023    To 6/9/2025

Name

3 Chestnut Ridge Road

Street



| Montvale | NJ | 07645 |
|---|---|---|
| City | State | ZIP Code |

Country

**26a.6** Kristen Newcomer - Dir, Rev & Cost Acctg

From 7/22/2024    To 6/6/2025

Name

20550 SW 115th Ave

Street



| Tualatin | OR | 97062 |
|---|---|---|
| City | State | ZIP Code |

Country

Debtor:  Charger Holdings, LLC                                                                    Case number *(if known):*    25-16140

Name

| 26a.7 | Mary Kahl - VP Accounting | | | From | 1/21/2025 | To | Present |
| | Name | | | | | | |

20550 SW 115th Ave
Street

| Tualatin | OR | 97062 |
| City | State | ZIP Code |

Country

| 26a.8 | Rafael Martinez - VP Controller | | | From | 8/21/2023 | To | 4/4/2024 |
| | Name | | | | | | |

20550 SW 115th Ave
Street

| Tualatin | OR | 97062 |
| City | State | ZIP Code |

Country

| 26a.9 | Ryan Gray - CFO | | | From | 9/23/2023 | To | 1/17/2025 |
| | Name | | | | | | |

20550 SW 115th Ave
Street

| Tualatin | OR | 97062 |
| City | State | ZIP Code |

Country

| 26a.10 | Stout Risius Ross, LLC - Consultants | | | From | 4/10/2023 | To | 4/30/2025 |
| | Name | | | | | | |

150 W Second Street
Street

Suite 400

| Royal Oak | MI | 48067 |
| City | State | ZIP Code |

Country

**26b.**   List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared  a financial statement within 2 years before filing this case.

☐ None

| Name and Address | | | Dates of service | | | |
|---|---|---|---|---|---|---|
| 26b.1 | PricewaterhouseCoopers LLP (PWC) | | From | 2022 | To | 2024 |
| | Name | | | | | |

4040 W Boy Scout Blvd
Street

| Tampa | FL | 33607 |
| City | State | ZIP Code |

Country

Debtor:  Charger Holdings, LLC
Name

Case number *(if known):*    25-16140

26c.  List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐  None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.1  Colin Hutchinson | |
| Name | |
| 20550 SW 115th Ave | |
| Street | |
| | |
| Tualatin                     OR          97062 | |
| City                         State       ZIP Code | |
| | |
| Country | |

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.2  Kevin Paprzycki | |
| Name | |
| 20550 SW 115th Ave | |
| Street | |
| | |
| Tualatin                     OR          97062 | |
| City                         State       ZIP Code | |
| | |
| Country | |

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.3  KPMG LLP | |
| Name | |
| 3 Chestnut Ridge Road | |
| Street | |
| | |
| Montvale                     NJ          07645 | |
| City                         State       ZIP Code | |
| | |
| Country | |

Debtor:  Charger Holdings, LLC

Case number *(if known):*    25-16140

Name

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.4  Mary Kahl | |
| Name | |
| 20550 SW 115th Ave | |
| Street | |
| | |
| Tualatin                    OR           97062 | |
| City                    State         ZIP Code | |
| | |
| Country | |

26d.  List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☐ None

| Name and address |
|---|
| 26d.1  See SOFA 26d Attachment |
| Name |
| |
| Street |
| |
| |
| City                    State         ZIP Code |
| |
| Country |

**27. Inventories**

Have any inventories of the debtor's property been taken within 2 years before filing this case?

☒ No

☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of Inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|
| | | $ |
| **Name and address of the person who has possession of inventory records** | | |
| 27.1 | | |
| Name | | |
| | | |
| Street | | |
| | | |
| | | |
| City          State          ZIP Code | | |
| | | |
| Country | | |

Debtor:  Charger Holdings, LLC                                                    Case number *(if known)*:    25-16140

Name

**28.  List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

|      | Name | Address | Position and Nature of any interest | % of interest, if any |
|------|------|---------|-------------------------------------|-----------------------|
| 28.1 | Chad Paulson | 20550 SW 115th Ave, Tualatin, OR  97062 | Senior Vice President and Secretary | 0% |
| 28.2 | Powin, LLC | 20550 SW 115th Ave, Tualatin, OR  97062 | Sole Member | 100% |

**29.  Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners,   members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

☒ No

☐ Yes. Identify below.

|      | Name | Address | Position and Nature of any interest | Period during which position or interest was held |
|------|------|---------|-------------------------------------|---------------------------------------------------|
| 29.1 |      |         |                                     | From          To                                  |

**30.  Payments, distributions, or withdrawals credited or given to insiders**

Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans,credits on loans, stock redemptions, and options exercised?

☒ No

☐ Yes. Identify below.

|      | Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|------|-------------------------------|------------------------------------------------------|-------|--------------------------------|
| 30.1 |                               |                                                      |       |                                |
|      | Name                          |                                                      |       |                                |
|      | Street                        |                                                      |       |                                |
|      | City          State          ZIP Code |                                             |       |                                |
|      | Country                       |                                                      |       |                                |
|      | **Relationship to debtor**    |                                                      |       |                                |

**31.  Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☐ No

☒ Yes. Identify below.

|      | Name of the parent corporation | Employer Identification number of the parent corporation |
|------|-------------------------------|----------------------------------------------------------|
| 31.1 | Powin Energy Holdings, LLC    | EIN:  86-2365199                                         |

**32.  Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☒ No

☐ Yes. Identify below.

|      | Name of the pension fund | Employer Identification number of the pension fund |
|------|--------------------------|----------------------------------------------------|
| 32.1 |                          | EIN:                                               |

**Part 14:** **Signature and Declaration**

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.

18 U.S.C.§§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on      07/17/2025
            _____
            MM / DD / YYYY

✖   / s / Brian Kane                                          Printed name   Brian Kane
   _____                        _____
   Signature of individual signing on behalf of the debtor

   Position or relationship to debtor    Chief Executive Officer
                                        _____

**Are additional pages to** *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* **(Official Form 207) attached?**

☐    No

☑    Yes

**In re: Charger Holdings, LLC**
**Case No. 25-16140**
Attachment 26d
Books, records and financial statements - Financial institution to whom financial statement was issued

| Name | Address 1 | Address 2 | City | State | Zip | Country |
|------|-----------|-----------|------|-------|-----|---------|
| Brown, Geoffrey | Address on file | | | | | |
| EIF II PWE Holdings LLC | 600 3rd Ave | | New York | NY | 10016 | |
| Esquarre IOT Landing Fund L.P. | 4, THEMIS COURT | Floor 2 3030 | Limassol | | | Cyprus |
| Evergy Ventures, Inc. | 1200 Main St | Suite 2000 | Kansas City | MO | 64105 | |
| Green Power Technologies, SL | Av. de Camas 28, Poligono Industrial PIBO | 41110 Bollullos de la Mitación | Seville | | | Spain |
| Guggenheim Securities, LLC | 330 Madison Avenue | 8th Floor | New York | NY | 10017 | |
| Jeff Waters | Address on file | | | | | |
| Joseph Lu | Address on file | | | | | |
| Jospeh Lu (II) | Address on file | | | | | |
| KKR Credit Advisors LLC | 30 Hudson Yards | Suite 7500 | New York | NY | 10001 | |
| LU Pacific Properties LLC | 11325 SW Tualatin-Sherwood Rd | | Tulatin | OR | 97062 | |
| Lu, Danny | Address on file | | | | | |
| Meadowlark Energy Finance, LLC | 1700 City Plaza Drive | Suite 400 | Spring | TX | 77389 | |
| Mei Yi Lu Ttee | Address on file | | | | | |
| Outcome Energy, LLC | 191 Musterfield Road | | Concord | MA | 01742 | |
| Peter Lu | Address on file | | | | | |
| Quidnick Energy Development LLC | 2000 Chapel View Blvd | | Cranston | RI | 2920 | |
| Single Element LLC | 168 Robinson Road | #37-01 Capital Tower | | | 68912 | Singapore |
| Statman, Stu | Address on file | | | | | |
| SVIC No. 53 New Technologies Business Inv | Seocho-daero 74-gil | Seocho-gu | Seoul | | 6620 | South Korea |
| Tim Healy | Address on file | | | | | |
| TPC Powin SPV LLC | 399 Park Avenue | 39th Floor | New York | NY | 10022 | |
| Wietecki, Mike | Address on file | | | | | |
| William Penn Foundation | Two Logan Square, 100 N 18th St | | Philadelphia | PA | 19103 | |