

**Order Filed on July 15, 2025
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

| | |
|---|---|
| In re:<br>Powin, LLC, *et al.*,[1]<br><br>        Debtors. | Chapter 11<br><br>Case No. 25-16137 (MBK)<br><br>(Jointly Administered) |

**FINAL ORDER GRANTING MOTION OF THE DEBTORS FOR
ENTRY OF AN ORDER AUTHORIZING DEBTORS TO (A) PAY EMPLOYEE
OBLIGATIONS AND (B) CONTINUE EMPLOYEE BENEFIT PROGRAMS, AND (II)
<u>GRANTING RELATED RELIEF</u>**

The relief set forth on the following pages, numbered [•] ([•]) through [•] ([•]), is ORDERED.

**DATED: July 15, 2025**

*/s/ Michael B. Kaplan*
Honorable Michael B. Kaplan
United States Bankruptcy Judge

1

(Page 2)

| | |
|---|---|
| Debtors: | Powin, LLC, et al. |
| Case No. | 25-16137-MBK |
| Caption of Order | Final Order Granting Motion of the Debtors for Entry of an Order (I) Authorizing Debtors to (A) Pay Employee Obligations and (B) Continue Employee Benefits Programs and (II) Granting Related Relief |

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

| **DENTONS US LLP** | **TOGUT, SEGAL & SEGAL LLP** |
|---|---|
| Tania M. Moyron (admitted *pro hac vice*) | Frank A. Oswald (admitted) |
| Van C. Durrer, II (admitted *pro hac vice*) | 550 Broad Street |
| 601 S. Figueroa Street #2500 | Suite 1508 |
| Los Angeles, CA 90017 | Newark, NJ 07102 |
| Telephone: (213) 623-9300 | Telephone: (212) 594-5000 |
| Facsimile: (213) 623-9924 | Facsimile: (212) 967-4258 |
| Email: tania.moyron@dentons.com | Email: frankoswald@teamtogut.com |
| van.durrer@dentons.com | |
| | Albert Togut (admitted *pro hac vice*) |
| John D. Beck (admitted *pro hac vice*) | Amanda C. Glaubach (admitted *pro hac vice*) |
| Sarah M. Schrag (admitted *pro hac vice*) | Eitan Blander (admitted *pro hac vice*) |
| 1221 Avenue of the Americas | One Penn Plaza, Suite 3335 |
| New York, NY 10020-1089 | New York, New York 10119 |
| Telephone: (212) 768-6700 | Telephone: (212) 594-5000 |
| Facsimile: (212) 768-6800 | Facsimile: (212) 967-4258 |
| Email: john.beck@dentons.com | Email: altogut@teamtogut.com |
| sarah.schrag@dentons.com | aglaubach@teamtogut.com |
| | eblander@teamtogut.com |
| *Proposed Counsel for Debtors and Debtors in Possession* | *Proposed Counsel for Debtors and Debtors in Possession* |

(Page 3)

| | |
|---|---|
| Debtors: | Powin, LLC, et al. |
| Case No. | 25-16137-MBK |
| Caption of Order | Final Order Granting Motion of the Debtors for Entry of an Order (I) Authorizing Debtors to (A) Pay Employee Obligations and (B) Continue Employee Benefits Programs and (II) Granting Related Relief |

Upon consideration of the Motion[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of a final order (this "Order"): (i) authorizing, but not directing, the Debtors to (a) pay prepetition wages, salaries, other compensation, and reimbursable expenses, and costs related to these items, and (b) continue employee benefits programs in the ordinary course of business, including payment of certain prepetition obligations related thereto; and (ii) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of New Jersey dated as of September 18, 2012; and that this Court may enter a final order consistent with Article III of the United States Constitution; and the Debtors having asserting that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for hearing on the Motion were appropriate under the circumstances and that no other notice be provided; and this Court having determined that the legal and factual bases set forth in the Motion and at the hearing thereon establish just cause for the relief granted herein; and upon all of the proceedings before this Court; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

1. The Motion is **GRANTED** as set forth herein.

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

(Page 4)

| | |
|---|---|
| Debtors: | Powin, LLC, et al. |
| Case No. | 25-16137-MBK |
| Caption of Order | Final Order Granting Motion of the Debtors for Entry of an Order (I) Authorizing Debtors to (A) Pay Employee Obligations and (B) Continue Employee Benefits Programs and (II) Granting Related Relief |

2. The Debtors are authorized, but not directed, to continue and/or modify, change, and discontinue the Employee Compensation & Benefits and to implement new programs, policies, and benefits in the ordinary course of business, and consistent with the Debtors' prepetition policies and practices, during these Chapter 11 Cases and without the need for further Court approval, subject to applicable law; *provided that* the Debtor shall provide three (3) days' notice of any material changes to the Employee Compensation & Benefits, and any other programs described in the Motion, to the Office of the United States Trustee, counsel to any statutory committees appointed in this case, and the DIP Lender (as defined in Docket No. 169) ; *provided further that*, the Debtors shall consult with the Official Committee of Unsecured Creditors (the "Committee") and the DIP Lender prior to modifying the Employee Compensation & Benefits, and will provide bi-weekly reporting to the Committee and DIP Lender of any payments made under this Order; *provided further that*, the Debtors will not make any payments: (i) to "insiders," as that terms is defined in 11 U.S.C. § 101(31), pursuant to this Order, except for ordinary course payments to officers of the Debtors, or (ii) in excess of the Statutory Cap, unless, (a) agreed to by the Committee or (b) applicable non-bankruptcy law requires payment of accrued but unpaid PTO upon termination of an Employee that would exceed the limits of §§ 507(a)(4) and 507(a)(5) of the Bankruptcy Code.

3. The Debtors are authorized, but not directed, to pay or honor prepetition and postpetition amounts related to the Employee Compensation & Benefits programs and related incidental costs in an absent further order of this Court. For the avoidance of doubt, the Debtors may reimburse expenses to all Employees, including the authorization to pay the remaining

(Page 5)
Debtors:         Powin, LLC, et al.
Case No.         25-16137-MBK
Caption of Order    Final Order Granting Motion of the Debtors for Entry of an Order (I) Authorizing Debtors to (A) Pay Employee Obligations and (B) Continue Employee Benefits Programs and (II) Granting Related Relief

employee of Powin Canada B.C. Ltd. wages and up to the total amount of $22,292.31 (CAD) upon termination.

4. Nothing herein shall be deemed to authorize the payment of any amounts which violate, implicate, or are otherwise subject to § 503(c). The Debtors will seek approval of any insider bonus or incentive programs, if any, under separate motion under § 503(c) and nothing herein shall prejudice the Debtors' ability to seek such relief pursuant to § 503(c) at a later time.

5. Notwithstanding the relief granted in this Final Order and any actions taken pursuant to such relief, nothing in this Final Order shall be deemed: (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the Debtors' rights to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Final Order, or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to § 365; (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the Debtors expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of any or all such liens.

6. The Debtors' banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized and directed to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized

US_ACTIVE\130666663\V-6

(Page 6)

| | |
|---|---|
| Debtors: | Powin, LLC, et al. |
| Case No. | 25-16137-MBK |
| Caption of Order | Final Order Granting Motion of the Debtors for Entry of an Order (I) Authorizing Debtors to (A) Pay Employee Obligations and (B) Continue Employee Benefits Programs and (II) Granting Related Relief |

to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Final Order.

7.  The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these Chapter 11 Cases with respect to prepetition amounts owed in connection with the relief granted herein.

8.  Pursuant to section 362(d) of the Bankruptcy Code, the automatic stay is modified solely to the extent necessary to allow Employees to proceed with their claims under the Workers' Compensation Program in the appropriate judicial or administrative forum, and Employees are authorized to so proceed. The Debtors are authorized, but not directed, to continue the Workers' Compensation Program and pay all prepetition amounts relating thereto in the ordinary course of business, consistent with prepetition practices. The modification of the automatic stay set forth in this paragraph pertains solely to claims under the Workers' Compensation Program.

9.  Notwithstanding anything contained in the Motion or this Order, any payment to be made, and any relief or authorization granted herein, shall be subject to, and must be in compliance with, the terms and conditions in any orders authorizing the Debtors to use cash collateral or obtain postpetition financing (collectively, the "<u>Financing Orders</u>"), including any budgets in connection therewith as may be updated and approved from time to time in accordance with the terms of the Financing Orders.  To the extent there is any inconsistency between the terms of the Financing Orders and any action taken or proposed to be taken hereunder, the terms of the Financing Orders shall control.

(Page 7)

Debtors: Powin, LLC, et al.
Case No. 25-16137-MBK
Caption of Order    Final Order Granting Motion of the Debtors for Entry of an Order (I) Authorizing Debtors to (A) Pay Employee Obligations and (B) Continue Employee Benefits Programs and (II) Granting Related Relief

10. Nothing in this Final Order or any action taken by the Debtors in furtherance of the implementation hereof shall be deemed to constitute an assumption or rejection of any executory contract or unexpired lease pursuant to § 365, and all of the Debtors' rights with respect to such matters are expressly reserved.

11. Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained herein shall (a) create, nor is it intended to create, any rights in favor of, or enhance the status of any claim held by, any person or entity, or (b) be deemed to convert the priority of any claim from a prepetition claim into an administrative expense claim.

12. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of the Local Rules are satisfied by such notice.

13. To the extent applicable, the requirements set forth by Bankruptcy Rule 6003 are satisfied.

14. Notwithstanding any Bankruptcy Rule to the contrary, the terms and conditions of this Order are immediately effective and enforceable upon entry.

15. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

16. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

US_ACTIVE\130666663\V-6

# EXHIBIT "B"

(Page 1)

| | |
|---|---|
| Debtors: | Powin, LLC, et al. |
| Case No. | 25-16137(MBK) |
| Caption of Order | Final Order Granting Motion of the Debtors for Entry of an Order Authorizing Debtors to (A) Pay Employee Obligations and (B) Continue Employee Benefits Programs and Granting Related Relief |

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF NEW JERSEY

In re:

Powin, LLC, *et al.*,[1]

       Debtors.

Chapter 11

Case No. 25-16137 (MBK)

(Jointly Administered)

## FINAL ORDER GRANTING MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER AUTHORIZING DEBTORS TO (A) PAY EMPLOYEE OBLIGATIONS AND (B) CONTINUE EMPLOYEE BENEFIT PROGRAMS, AND (II) GRANTING RELATED RELIEF

The relief set forth on the following pages, numbered [•] ([•]) through [•] ([•]), is ORDERED.

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin Project LLC [1583]; (ii) Powin, LLC [0504], (iii) PEOS Holdings, LLC [5476], (iv) Powin China Holdings 1, LLC [1422], (v) Powin China Holdings 2, LLC [9713], (vi) Charger Holdings, LLC [15241], (vii) Powin Energy Ontario Storage, LLC [8348], (viii) Powin Energy Operating Holdings, LLC [22495], and (ix) Powin Energy Operating, LLC [6487], (x) Powin Energy Storage 2, Inc., [9926], (xi) Powin Energy Ontario Storage II LP, [5787], and (xii) Powin Canada B.C. Ltd. [2239]. The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR 97062.

1

US_ACTIVE\130666663\V-1-6

(Page 2)

| | |
|---|---|
| Debtors: | Powin, LLC, et al. |
| Case No. | 25-16137-MBK |
| Caption of Order | Final Order Granting Motion of the Debtors for Entry of an Order (I) Authorizing Debtors to (A) Pay Employee Obligations and (B) Continue Employee Benefits Programs and (II) Granting Related Relief |

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

| **DENTONS US LLP** | **TOGUT, SEGAL & SEGAL LLP** |
|---|---|
| Tania M. Moyron (*pro hac vice* forthcoming)<br>Van C. Durrer, II (*pro hac vice* forthcoming)<br>601 S. Figueroa Street #2500<br>Los Angeles, CA 90017<br>Telephone: (213) 623-9300<br>Facsimile: (213) 623-9924<br>Email: tania.moyron@dentons.com<br>       van.durrer@dentons.com<br><br>John D. Beck (*pro hac vice* forthcoming)<br>Sarah M. Schrag (*pro hac vice* forthcoming)<br>1221 Avenue of the Americas<br>New York, NY 10020-1089<br>Telephone: (212) 768-6700<br>Facsimile: (212) 768-6800<br>Email: john.beck@dentons.com<br>       sarah.schrag@dentons.com<br><br>*Proposed Counsel for Debtors and Debtors in Possession* | Frank A. Oswald (admitted)<br>550 Broad Street<br>Suite 1508<br>Newark, NJ 07102<br>Telephone: (212) 594-5000<br>Facsimile: (212) 967-4258<br>Email: frankoswald@teamtogut.com<br><br>Albert Togut (*pro hac vice* forthcoming)<br>Amanda C. Glaubach (*pro hac vice* forthcoming)<br>Eitan Blander (*pro hac vice* forthcoming)<br>One Penn Plaza, Suite 3335<br>New York, New York 10119<br>Telephone: (212) 594-5000<br>Facsimile: (212) 967-4258<br>Email: altogut@teamtogut.com<br>       aglaubach@teamtogut.com<br>       eblander@teamtogut.com<br><br>*Proposed Counsel for Debtors and Debtors in Possession* |

US_ACTIVE\130666663\V-1-6

(Page 3)

Debtors:         Powin, LLC, et al.
Case No.         25-16137-MBK
Caption of Order     Final Order Granting Motion of the Debtors for Entry of an Order (I) Authorizing Debtors to (A) Pay Employee Obligations and (B) Continue Employee Benefits Programs and (II) Granting Related Relief

Upon consideration of the Motion[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of a final order (this "Order"): (i) authorizing, but not directing, the Debtors to (a) pay prepetition wages, salaries, other compensation, and reimbursable expenses, and costs related to these items, and (b) continue employee benefits programs in the ordinary course of business, including payment of certain prepetition obligations related thereto; and (ii) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of New Jersey dated as of September 18, 2012; and that this Court may enter a final order consistent with Article III of the United States Constitution; and ~~this Court~~ the Debtors having ~~found~~ asserting that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409~~; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest~~; and this Court having found that the Debtors' notice of the Motion and opportunity for hearing on the Motion were appropriate under the circumstances and that no other notice be provided; and this Court having determined that the legal and factual bases set forth in the Motion and at the hearing thereon establish just cause for the relief granted herein;

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

US_ACTIVE\130666663\V-~~1~~-6

(Page 4)

| | |
|---|---|
| Debtors: | Powin, LLC, et al. |
| Case No. | 25-16137-MBK |
| Caption of Order | Final Order Granting Motion of the Debtors for Entry of an Order (I) Authorizing Debtors to (A) Pay Employee Obligations and (B) Continue Employee Benefits Programs and (II) Granting Related Relief |

and upon all of the proceedings before this Court; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

1. The Motion is **GRANTED** as set forth herein.

2. The Debtors are authorized, but not directed, to continue and/or modify, change, and discontinue the Employee Compensation & Benefits and to implement new programs, policies, and benefits in the ordinary course of business, and consistent with the Debtors' prepetition policies and practices, during these Chapter 11 Cases and without the need for further Court approval, subject to applicable law; *provided that* the Debtor shall provide three (3) days' notice of any material changes to the Employee Compensation & Benefits, and any other programs described in the Motion, to the Office of the United States Trustee, counsel to any statutory committees appointed in this case, and the DIP Lender (as defined in Docket No. 169) ; *provided further that*, the Debtors shall consult with the Official Committee of Unsecured Creditors (the "Committee") and the DIP Lender prior to modifying the Employee Compensation & Benefits, and will provide bi-weekly reporting to the Committee and DIP Lender of any payments made under this Order; *provided further that*, the Debtors will not make any payments: (i) to "insiders," as that terms is defined in 11 U.S.C. § 101(31), pursuant to this Order, except for ordinary course payments to officers of the Debtors, or (ii) in excess of the Statutory Cap, unless, (a) agreed to by the Committee or (b) applicable non-bankruptcy law requires payment of accrued but unpaid PTO upon termination of an Employee that would exceed the limits of §§ 507(a)(4) and 507(a)(5) of the Bankruptcy Code.

(Page 5)
Debtors:         Powin, LLC, et al.
Case No.         25-16137-MBK
Caption of Order    Final Order Granting Motion of the Debtors for Entry of an Order (I) Authorizing Debtors to (A) Pay Employee Obligations and (B) Continue Employee Benefits Programs and (II) Granting Related Relief

3.  The Debtors are authorized, but not directed, to pay or honor prepetition and postpetition amounts related to the Employee Compensation & Benefits programs and related incidental costs in an absent further order of this Court. For the avoidance of doubt, the Debtors may reimburse expenses to all Employees, including the authorization to pay the remaining employee of Powin Canada B.C. Ltd. wages and up to the total amount of $22,292.31 (CAD) upon termination.

4.  Nothing herein shall be deemed to authorize the payment of any amounts which violate, implicate, or are otherwise subject to § 503(c). The Debtors will seek approval of any insider bonus or incentive programs, if any, under separate motion under § 503(c) and nothing herein shall prejudice the Debtors' ability to seek such relief pursuant to § 503(c) at a later time.

5.  Notwithstanding the relief granted in this Final Order and any actions taken pursuant to such relief, nothing in this Final Order shall be deemed: (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the Debtors' rights to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Final Order, or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to § 365; (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the Debtors expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of any or all such liens.

US_ACTIVE\130666663\V-4-6

(Page 6)
Debtors: Powin, LLC, et al.
Case No. 25-16137-MBK
Caption of Order    Final Order Granting Motion of the Debtors for Entry of an Order (I) Authorizing Debtors to (A) Pay Employee Obligations and (B) Continue Employee Benefits Programs and (II) Granting Related Relief

6. The Debtors' banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized and directed to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Final Order.

7. The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these Chapter 11 Cases with respect to prepetition amounts owed in connection with the relief granted herein.

8. Pursuant to section 362(d) of the Bankruptcy Code, the automatic stay is modified solely to the extent necessary to allow Employees to proceed with their claims under the Workers' Compensation Program in the appropriate judicial or administrative forum, and Employees are authorized to so proceed. The Debtors are authorized, but not directed, to continue the Workers' Compensation Program and pay all prepetition amounts relating thereto in the ordinary course of business, consistent with prepetition practices. The modification of the automatic stay set forth in this paragraph pertains solely to claims under the Workers' Compensation Program.

9. Notwithstanding anything contained in the Motion or this Order, any payment to be made, and any relief or authorization granted herein, shall be subject to, and must be in

(Page 7)
Debtors:         Powin, LLC, et al.
Case No.         25-16137-MBK
Caption of Order    Final Order Granting Motion of the Debtors for Entry of an Order (I) Authorizing Debtors to (A) Pay Employee Obligations and (B) Continue Employee Benefits Programs and (II) Granting Related Relief

compliance with, the terms and conditions in any orders authorizing the Debtors to use cash collateral or obtain postpetition financing (collectively, the "Financing Orders"), including any budgets in connection therewith as may be updated and approved from time to time in accordance with the terms of the Financing Orders.  To the extent there is any inconsistency between the terms of the Financing Orders and any action taken or proposed to be taken hereunder, the terms of the Financing Orders shall control.

9<ins>10</ins>.    Nothing in this Final Order or any action taken by the Debtors in furtherance of the implementation hereof shall be deemed to constitute an assumption or rejection of any executory contract or unexpired lease pursuant to § 365, and all of the Debtors' rights with respect to such matters are expressly reserved.

10<ins>11</ins>.    Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained herein shall (a) create, nor is it intended to create, any rights in favor of, or enhance the status of any claim held by, any person or entity, or (b) be deemed to convert the priority of any claim from a prepetition claim into an administrative expense claim.

11<ins>12</ins>.    Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of the Local Rules are satisfied by such notice.

12<ins>13</ins>.    To the extent applicable, the requirements set forth by Bankruptcy Rule 6003 are satisfied.

13<ins>14</ins>.    Notwithstanding any Bankruptcy Rule to the contrary, the terms and conditions of this Order are immediately effective and enforceable upon entry.

(Page 8)
Debtors:            Powin, LLC, et al.
Case No.            25-16137-MBK
Caption of Order    Final Order Granting Motion of the Debtors for Entry of an Order (I) Authorizing Debtors to (A) Pay Employee Obligations and (B) Continue Employee Benefits Programs and (II) Granting Related Relief

14<ins>15</ins>.   The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

15<ins>16</ins>.   This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

US_ACTIVE\130666663\V-4-<ins>6</ins>

| Summary report: Litera Compare for Word 11.4.0.111 Document comparison done on 7/11/2025 2:25:43 PM ||
|---|---|
| **Style name:** Underline Strikethrough ||
| **Intelligent Table Comparison:** Active ||
| **Original DMS:** iw://worksite.us.dentons.com/US_ACTIVE/130666663/1 ||
| **Modified DMS:** iw://worksite.us.dentons.com/US_ACTIVE/130666663/6 ||
| **Changes:** ||
| Add | 18 |
| Delete | 14 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 32 |

United States Bankruptcy Court

District of New Jersey

| | |
|---|---|
| In re: | Case No. 25-16137-MBK |
| Powin, LLC | Chapter 11 |
| Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0312-3 | User: admin | Page 1 of 1 |
| Date Rcvd: Jul 15, 2025 | Form ID: pdf903 | Total Noticed: 1 |

The following symbols are used throughout this certificate:
**Symbol    Definition**

+    Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jul 17, 2025:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | + Powin, LLC, 20550 SW 115th Avenue, Tualatin, OR 97062-6857 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 17, 2025            Signature:        /s/Gustava Winters