Order Filed on July 15, 2025
by Clerk
U.S. Bankruptcy Court
District of New Jersey

In re:

Powin, LLC, *et al.*,[1]

        Debtors.

Chapter 11

Case No. 25-16137 (MBK)  (Jointly Administered)

### FINAL ORDER: (I) AUTHORIZING USE OF CASH MANAGEMENT PROCEDURES, BANK ACCOUNTS, AND EXISTING BUSINESS FORMS; (II) PROHIBITING SETOFFS AND FREEZING OF BANK ACCOUNTS; (III) MODIFYING REQUIREMENTS OF SECTION 345(b) OF THE BANKRUPTCY CODE; AND (IV) FOR RELATED RELIEF

The relief set forth on the following pages, numbered two (2) through eleven (11), is

**ORDERED**.

**DATED: July 15, 2025**

*Honorable Michael B. Kaplan*
United States Bankruptcy Judge

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are:  (i) Powin Project LLC [1583], (ii) Powin, LLC [0504], (iii) PEOS Holdings, LLC [5476], (iv) Powin China Holdings 1, LLC [1422], (v) Powin China Holdings 2, LLC [9713], (vi) Charger Holdings, LLC [5241], (vii) Powin Energy Ontario Storage, LLC [ 8348], (viii) Powin Energy Operating Holdings, LLC [22495], and (ix) Powin Energy Operating, LLC [6487]. The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR  97062.

US_ACTIVE\130666931

(Page 1)

| | |
|---|---|
| Debtors: | Powin, LLC, *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | *Final Order: (I) Authorizing Use of Cash Management Procedures, Bank Accounts, and Existing Business Forms; (II) Prohibiting Setoffs and Freezing of Bank Accounts; (III) Modifying the Requirements of Section 345(b) of the Bankruptcy Code; and (IV) For Related Relief* |

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

| **DENTONS US LLP** | **TOGUT, SEGAL & SEGAL LLP** |
|---|---|
| Tania M. Moyron (admitted *pro hac vice*) | Frank A. Oswald (admitted) |
| Van C. Durrer, II (admitted *pro hac vice*) | 550 Broad Street |
| 601 S. Figueroa Street #2500 | Suite 1508 |
| Los Angeles, CA 90017 | Newark, NJ 07102 |
| Telephone: (213) 623-9300 | Telephone: (212) 594-5000 |
| Facsimile: (213) 623-9924 | Facsimile: (212) 967-4258 |
| Email: tania.moyron@dentons.com | Email: frankoswald@teamtogut.com |
| van.durrer@dentons.com | |
| | Albert Togut (admitted *pro hac vice*) |
| John D. Beck (admitted *pro hac vice*) | Amanda C. Glaubach (admitted *pro hac vice*) |
| Sarah M. Schrag (admitted *pro hac vice*) | Eitan Blander (*pro hac vice*) |
| 1221 Avenue of the Americas | One Penn Plaza, Suite 3335 |
| New York, NY 10020-1089 | New York, New York 10119 |
| Telephone: (212) 768-6700 | Telephone: (212) 594-5000 |
| Facsimile: (212) 768-6800 | Facsimile: (212) 967-4258 |
| Email: john.beck@dentons.com | Email: altogut@teamtogut.com |
| sarah.schrag@dentons.com | aglaubach@teamtogut.com |
| | eblander@teamtogut.com |
| *Proposed Counsel for Debtors and Debtors in Possession* | *Proposed Counsel for Debtors and Debtors in Possession* |

US_ACTIVE\130666931

(Page 2)

| | |
|---|---|
| Debtors: | Powin, LLC, *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | *Final Order: (I) Authorizing Use of Cash Management Procedures, Bank Accounts, and Existing Business Forms; (II) Prohibiting Setoffs and Freezing of Bank Accounts; (III) Modifying the Requirements of Section 345(b) of the Bankruptcy Code; and (IV) For Related Relief* |

Upon consideration of the Motion[2] of the above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") for entry of a final order (this "<u>Final Order</u>"): (i) authorizing the Debtors to continue to use their existing Cash Management System, Bank Accounts, and existing Business Forms in the ordinary course of business; (ii) authorizing the Debtors to open or close Bank Accounts in the ordinary course of business; (iii) prohibiting applicable banks from offsetting against or freezing any of the Debtors' deposit accounts; (iv) modifying the requirements of § 345(b) of the Bankruptcy Code; and (v) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of New Jersey dated as of September 18, 2012; and that this Court may enter a final order consistent with Article III of the United States Constitution; and the Debtors asserting that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for hearing on the Motion were appropriate under the circumstances and that no other notice be provided; and this Court having determined that the legal and factual bases set forth in the Motion and at the hearing thereon establish just cause for the relief granted herein; and upon all of the proceedings before this Court; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

1. The Motion is **GRANTED** on a final basis as set forth herein.

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

US_ACTIVE\130666931

(Page 3)

| | |
|---|---|
| Debtors: | Powin, LLC, *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | *Final Order: (I) Authorizing Use of Cash Management Procedures, Bank Accounts, and Existing Business Forms; (II) Prohibiting Setoffs and Freezing of Bank Accounts; (III) Modifying the Requirements of Section 345(b) of the Bankruptcy Code; and (IV) For Related Relief* |

  2. The Debtors are authorized, but not directed, in the reasonable exercise of their business judgment, on a final basis, to: (i) continue the Cash Management System and related practices as used in the ordinary course prior to the Petition Date as described in the Motion in accordance with the prepetition agreements governing the Bank Accounts; (ii) utilize their existing Cash Management System and to designate, maintain, and continue to use the Bank Accounts, including the Restricted Accounts, with the same account numbers; (iii) use, in their present form, all preprinted correspondence and Business Forms (including letterhead) without reference to the Debtors' status as debtors in possession, though the Debtors, as of the date of this Final Order, shall, to the extent practicable, modify or cause to be modified such Business Forms with a notation bearing a designation of "Debtor-in-Possession" with the above-captioned case number; and (iv) treat such Bank Accounts, including the Restricted Accounts, for all purposes as accounts of the Debtors as debtors-in-possession and to maintain and continue using these accounts in the same manner and with the same account numbers, styles, and document forms as those employed prior to the Petition Date; *provided that*, with respect to intercompany transactions and transfers, including with any non-Debtor affiliates, the Debtors shall consult with the Official Committee of Unsecured Creditors (the "Committee") and FlexGen Power Systems, LLC (the "DIP Lender") two (2) business days prior to (i) making any transfer or combination of transfers of cash of more than $250,000 to non-Debtor affiliates in the aggregate, or (ii) reducing any intercompany receivables of more than $250,000 of non-Debtors. Notwithstanding the foregoing, once the Debtors have exhausted their existing supply of correspondence, Business Forms stock and checks with respect to the Bank Accounts at the Banks, the Debtors will obtain new Business Forms stock

| | |
|---|---|
| (Page 4) | |
| Debtors: | Powin, LLC, *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | *Final Order: (I) Authorizing Use of Cash Management Procedures, Bank Accounts, and Existing Business Forms; (II) Prohibiting Setoffs and Freezing of Bank Accounts; (III) Modifying the Requirements of Section 345(b) of the Bankruptcy Code; and (IV) For Related Relief* |

and checks reflecting their status as "Debtors in Possession" and include the above-captioned case number on all checks. Any and all postpetition checks as of the date of this Final Order shall bear either a "DIP" or "Debtor in Possession" designation and case number. The Debtors shall further immediately advise the Banks to restyle the bank accounts at the Banks as "Debtor-in-Possession Accounts."

3. The Debtors shall provide the U.S. Trustee, the Committee and the DIP Lender with weekly reporting of intercompany balances.

4. The Banks are hereby authorized on a final basis to continue to service and administer all Bank Accounts and Restricted Accounts as accounts of the Debtors as debtors-in-possession without interruption and in the ordinary course in a manner consistent with such practices prior to the Petition Date, and to receive, process, honor, and pay, to the extent of available funds, any and all checks, drafts, wires, or other electronic transfer requests issued, payable through, or drawn on such Bank Accounts or Restricted Accounts prior to, on, or after the Petition Date by the holders or makers thereof or other parties entitled to issue instructions with respect thereto, as the case may be; provided, however, that any such checks, drafts, wires, or other electronic transfer requests issued by the Debtors before the Petition Date shall not be honored absent direction of the Debtors and a separate order of the Court authorizing such prepetition payment; provided further, that any funds drawn from such Bank Accounts or Restricted Accounts shall be subject to the terms of any interim or final orders authorizing the Debtors to use cash collateral.

5. Further, the Banks may rely on the representations of the Debtors with respect to

(Page 5)
Debtors: Powin, LLC, *et al.*
Case No. 25-16137 (MBK)
Caption of Order: *Final Order: (I) Authorizing Use of Cash Management Procedures, Bank Accounts, and Existing Business Forms; (II) Prohibiting Setoffs and Freezing of Bank Accounts; (III) Modifying the Requirements of Section 345(b) of the Bankruptcy Code; and (IV) For Related Relief*

whether any check, item, or other payment order drawn or issued by the Debtors prior to, on, or after the Petition Date should be honored pursuant to this or any other order of this Court, and such Bank shall not have any liability to any party for relying on such representations by the Debtors pursuant to this Order.

6. Notwithstanding anything to the contrary herein, with respect to the account ending in x1172 at JPMorgan Chase Bank, N.A. ("Chase Bank"), for any withdrawal, payment, transfer, fund disposition, or any other instructions (as defined in the Blocked Account Control Agreement, dated November 12, 2024, by and among Glas USA LLC, Powin LLC, and Chase Bank, the "Instructions") concerning such account, the Debtors and Glas USA LLC must issue joint written instructions to Chase Bank. Upon receipt of such joint written instruction, Chase Bank shall be authorized and directed to comply with such joint instruction.

7. The Debtors are authorized on a final basis to make disbursements from the Bank Accounts, including the Restricted Accounts, other than by check, including, without limitation, via wire transfer, debit card, or other forms of electronic transfer, to the extent consistent with the Debtors' existing cash management practices.

8. The Debtors are authorized on a final basis to open any new bank accounts or close any Bank Accounts as the Debtors may deem necessary and appropriate; provided, however, that any such new bank account shall be established at an institution that is (a) a party to a Uniform Depository Agreement ("UDA") with the U.S. Trustee for the District of New Jersey or is willing to immediately execute a UDA and (b) agrees to be bound by the terms of this Final Order. The Debtors shall provide notice within one (1) business day to the U.S. Trustee, the DIP Lender, and

|  |  |
|---|---|
| (Page 6) | |
| Debtors: | Powin, LLC, *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | *Final Order: (I) Authorizing Use of Cash Management Procedures, Bank Accounts, and Existing Business Forms; (II) Prohibiting Setoffs and Freezing of Bank Accounts; (III) Modifying the Requirements of Section 345(b) of the Bankruptcy Code; and (IV) For Related Relief* |

the Committee of the opening of a new bank account or closing of an existing Bank Account. In addition, the opening or closing of a Bank Account shall be timely indicated on the Debtors' monthly operating reports. The U.S. Trustee, the DIP Lender, and the Committee will have fourteen (14) calendar days from receipt of such notice to file any objection with regard to opening or closing of a bank account, or such later date as may be extended by the Court or agreed to between the Debtors, the U.S. Trustee, the DIP Lender and/or the Committee. The relief granted in this Final Order is extended to any new bank account opened by the Debtors in the ordinary course of business and consistent with historical practices after the date hereof, which account shall be deemed a "Bank Account" and to the bank at which such account is opened, which bank shall be deemed a "Bank." Any new account must bear the designation "Debtor in Possession" and be designated as a "Debtor in Possession" account with the case number.

9. The Banks are authorized on a final basis to charge and the Debtors are authorized to pay and honor, or allow to be deducted from the applicable Bank Account or Restricted Account, both pre-petition and post-petition service and other fees, costs, charges, and expenses to which the Banks may be entitled under the terms of and in accordance with their contractual arrangements with the Debtors (collectively, the "Bank Fees") provided that, in each case, such action is taken in the ordinary course of business and consistent with historical practices. Claims on account of postpetition Bank Fees shall be entitled to administrative expense priority pursuant to section 503(b) of the Bankruptcy Code.

10. To the extent any Bank Account is not in compliance with section 345(b) of the Bankruptcy Code or any of the U.S. Trustee's requirements or guidelines, the Debtors shall have

(Page 7)
Debtors: Powin, LLC, *et al.*
Case No. 25-16137 (MBK)
Caption of Order: *Final Order: (I) Authorizing Use of Cash Management Procedures, Bank Accounts, and Existing Business Forms; (II) Prohibiting Setoffs and Freezing of Bank Accounts; (III) Modifying the Requirements of Section 345(b) of the Bankruptcy Code; and (IV) For Related Relief*

until a date that is thirty (30) days from the date of this Final Order, without prejudice to seeking additional extensions, to either come into compliance with or to make such other arrangements as are agreed to by the U.S. Trustee or approved by the Court. The Debtors may obtain a further extension of the thirty (30) day period referenced above by written agreement of the U.S. Trustee and filing such agreement on the Court's docket without the need for further Court order.

11. The Debtors and the Banks may, without further order of this Court, agree to and implement changes to the Cash Management System and procedures related thereto in the ordinary course of business and consistent with historical practices, including, without limitation, the opening of any new accounts, the closing of existing accounts, and entrance into ancillary agreements, including new deposit account control agreements related to the foregoing, as the Debtors and the Banks may deem necessary and appropriate, subject to paragraph 6 above. The Debtors shall provide notice within five (5) business days to the U.S. Trustee, the DIP Lender, and the Committee prior to making any material changes to the Cash Management System.

12. For Banks at which the Debtors hold Bank Accounts that are not party to a UDA with the U.S. Trustee, the Debtors shall use their good-faith efforts to cause the Banks to execute a UDA in a form prescribed by the U.S. Trustee within thirty (30) days of the date of this Final Order. The U.S. Trustee's rights to seek further relief from this Court on notice in the event that the aforementioned banks are unwilling to execute a UDA in a form prescribed by the U.S. Trustee are fully preserved.

13. To the extent that it is provided with notice of this Final Order, each Bank shall not honor or pay any bank payment drawn on the Bank Accounts listed in the Motion for which the

(Page 8)

| | |
|---|---|
| Debtors: | Powin, LLC, *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | *Final Order: (I) Authorizing Use of Cash Management Procedures, Bank Accounts, and Existing Business Forms; (II) Prohibiting Setoffs and Freezing of Bank Accounts; (III) Modifying the Requirements of Section 345(b) of the Bankruptcy Code; and (IV) For Related Relief* |

Debtors specifically issue a timely stop payment order in accordance with the documents governing such accounts.

14. The Debtors shall maintain records of all transfers within the Cash Management System, so that all transfers and transactions shall be adequately and promptly documented in, and ascertainable from, the Debtors' books and records to the same extent as maintained prior to the commencement of these chapter 11 cases. The Debtors are also directed to maintain their books and records so as to provide a clear line of demarcation between prepetition and postpetition transactions.

15. Nothing in this Final Order shall prejudice the Debtors' right to seek recovery of any payments from any payee of a check as permitted under sections 544, 547, 548, 549, 550, or any other applicable provision of the Bankruptcy Code or applicable non-bankruptcy law.

16. Nothing in this Final Order authorizes the Debtors to accelerate any payments not otherwise payable under applicable law.

17. Subject to the terms set forth herein, any bank, including the Banks, may rely upon the representations of the Debtors, without any duty to inquire otherwise, with respect to whether any check, draft, wire, or other transfer drawn or issued by the Debtors prior to, on or, after the Petition Date should be honored pursuant to any order of this Court, of which items the Debtors shall promptly notify the Bank, and no Bank that honors a prepetition or postpetition check or other item drawn on any Bank Account that is the subject of this Final Order (a) at the direction of the Debtors, (b) in a good-faith belief that this Court has authorized such prepetition or postpetition check or item to be honored, or (c) as a result of a mistake made despite implementation of

(Page 9)
Debtors: Powin, LLC, *et al.*
Case No. 25-16137 (MBK)
Caption of Order: *Final Order: (I) Authorizing Use of Cash Management Procedures, Bank Accounts, and Existing Business Forms; (II) Prohibiting Setoffs and Freezing of Bank Accounts; (III) Modifying the Requirements of Section 345(b) of the Bankruptcy Code; and (IV) For Related Relief*

reasonable customary handling procedures, shall be deemed to be nor shall be liable to the Debtors, the estates, or any other party on account of such prepetition or postpetition check or other item being honored postpetition, or otherwise deemed to be in violation of this Final Order.

18. Subject to § 553 of the Bankruptcy Code, the Banks are prohibited from offsetting, affecting, freezing, or otherwise impeding the Debtors' use of any funds deposited in the Bank Accounts or Restricted Accounts on account of, or by reason of, any claim (as defined in § 101(5)) of any such Bank against the Debtors that arose before the Petition Date, absent further order of the Court.

19. Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained in this Order, not any payment made pursuant to this Order, shall constitute, or is intended to constitute, an admission as to the validity or priority of any claim against the Debtors, a waiver of the Debtors' rights to subsequently dispute such claim, or the assumption or adoption of any agreement, contract, or lease under § 365 of the Bankruptcy Code.

20. Notwithstanding anything contained in the Motion or this Final Order, any payment to be made, and any relief or authorization granted herein, shall be subject to, and must be in compliance with, the terms and conditions in any orders authorizing the Debtors to use cash collateral or obtain postpetition financing (collectively, the "<u>Financing Orders</u>"), including any budgets in connection therewith as may be updated and approved from time to time in accordance with the terms of the Financing Orders. To the extent there is any inconsistency between the terms of the Financing Orders and any action taken or proposed to be taken hereunder, the terms of the Financing Orders shall control.

US_ACTIVE\130666931

(Page 10)

| | |
|---|---|
| Debtors: | Powin, LLC, *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | *Final Order: (I) Authorizing Use of Cash Management Procedures, Bank Accounts, and Existing Business Forms; (II) Prohibiting Setoffs and Freezing of Bank Accounts; (III) Modifying the Requirements of Section 345(b) of the Bankruptcy Code; and (IV) For Related Relief* |

21. Despite the use of a consolidated cash management system, the Debtors shall calculate quarterly fees under 28 U.S.C. § 1930(a)(6) based on the disbursements of each Debtor, regardless of who pays those disbursements.

22. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

23. Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

24. The Debtors shall serve a copy of this Final Order on all required parties pursuant to Local Rule 9013-5(f).

25. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation, interpretation, and enforcement of this Final Order.

US_ACTIVE\130666931

United States Bankruptcy Court
District of New Jersey

| | |
|---|---|
| In re: | Case No. 25-16137-MBK |
| Powin, LLC | Chapter 11 |
| Debtor | |

# CERTIFICATE OF NOTICE

District/off: 0312-3     User: admin     Page 1 of 5
Date Rcvd: Jul 15, 2025     Form ID: pdf903     Total Noticed: 1

The following symbols are used throughout this certificate:
**Symbol   Definition**

+   Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jul 17, 2025:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Powin, LLC, 20550 SW 115th Avenue, Tualatin, OR 97062-6857 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

## BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

## NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 17, 2025     Signature:     /s/Gustava Winters

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on July 15, 2025 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Anne B. Sekel | on behalf of Creditor AMP Solar US Services LLC  n/k/a PureSky US Services LLC asekel@foley.com, jnicholson@foley.com;jlee@foley.com |
| Arthur Abramowitz | on behalf of Creditor Ace Engineering aabramowitz@shermansilverstein.com  jbaugh@shermansilverstein.com |
| Barbra Rachel Parlin | on behalf of Creditor Invenergy Services LLC barbra.parlin@hklaw.com elvin.ramos@hklaw.com;glenn.huzinec@hklaw.com,HAPI@HKLAW.COM;hapi@hklaw.com;jjalemany@hklaw.com |
| Barbra Rachel Parlin | on behalf of Creditor El Sol Storage Energy LLC barbra.parlin@hklaw.com elvin.ramos@hklaw.com;glenn.huzinec@hklaw.com,HAPI@HKLAW.COM;hapi@hklaw.com;jjalemany@hklaw.com |
| Barbra Rachel Parlin | on behalf of Creditor Invenergy Storage Development LLC barbra.parlin@hklaw.com elvin.ramos@hklaw.com;glenn.huzinec@hklaw.com,HAPI@HKLAW.COM;hapi@hklaw.com;jjalemany@hklaw.com |

Barbra Rachel Parlin
               on behalf of Creditor Yuma Solar Energy LLC barbra.parlin@hklaw.com
               elvin.ramos@hklaw.com;glenn.huzinec@hklaw.com,HAPI@HKLAW.COM;hapi@hklaw.com;jjalemany@hklaw.com

Barbra Rachel Parlin
               on behalf of Creditor El Sol Energy Storage LLC barbra.parlin@hklaw.com
               elvin.ramos@hklaw.com;glenn.huzinec@hklaw.com,HAPI@HKLAW.COM;hapi@hklaw.com;jjalemany@hklaw.com

Barbra Rachel Parlin
               on behalf of Creditor Invenergy LLC barbra.parlin@hklaw.com,
               elvin.ramos@hklaw.com;glenn.huzinec@hklaw.com,HAPI@HKLAW.COM;hapi@hklaw.com;jjalemany@hklaw.com

Blake Denton
               on behalf of Creditor FlexGen Power Systems LLC blake.denton@lw.com

Brett S. Theisen
               on behalf of Creditor GLAS USA LLC btheisen@gibbonslaw.com nmitchell@gibbonslaw.com

Cameron Deane
               on behalf of Creditor Toyota Industries Commercial Finance Inc. cdeane@weltman.com

Daniel Harris
               on behalf of Interested Party BHER Ravenswood Solar 1 LLC dharris@coleschotz.com, ddelehanty@coleschotz.com

Daniel Stolz
               on behalf of Creditor Committee Official Committee of Unsecured Creditors dstolz@genovaburns.com
               dstolz@ecf.inforuptcy.com;msousa@genovaburns.com

David A. Pisciotta
               on behalf of Creditor GLAS USA LLC dpisciotta@reedsmith.com
               david-pisciotta-4680@ecf.pacerpro.com;docketingecfnyc@reedsmith.com

David E. Sklar
               on behalf of Interested Party Longroad Energy Partners on behalf of Serrano Solar, LLC, Sun Streams PVS, LLC, and Sun
               Streams Expansion, LLC dsklar@pashmanstein.com, lsalcedo@pashmanstein.com;gkarnick@pashmanstein.com

David E. Sklar
               on behalf of Interested Party Poblano Energy Storage LLC dsklar@pashmanstein.com,
               lsalcedo@pashmanstein.com;gkarnick@pashmanstein.com

David E. Sklar
               on behalf of Interested Party Longroad Development Company LLC, on behalf of Serrano Solar, LLC, Sun Streams PVS, LLC,
               and Sun Streams Expansion, LLC dsklar@pashmanstein.com, lsalcedo@pashmanstein.com;gkarnick@pashmanstein.com

David E. Sklar
               on behalf of Interested Party Leeward Renewable Energy LLC, on behalf of Rabbitbrush Solar, LLC, Chaparral Springs, LLC,
               and Antelope Valley BESS, LLC dsklar@pashmanstein.com, lsalcedo@pashmanstein.com;gkarnick@pashmanstein.com

David E. Sklar
               on behalf of Interested Party DTE Electric Company dsklar@pashmanstein.com
               lsalcedo@pashmanstein.com;gkarnick@pashmanstein.com

Deanna Boll
               on behalf of Creditor Apex Clean Energy Holdings LLC dboll@mwe.com, dnorthrop@mwe.com

Donald W Clarke
               on behalf of Creditor Committee Official Committee of Unsecured Creditors dclarke@genovaburns.com
               dclarke@ecf.inforuptcy.com;dclarke@ecfalerts.com

Douglas J. McGill
               on behalf of Creditor Bergstrom Inc. dmcgill@webbermcgill.com

Felice R. Yudkin
               on behalf of Interested Party BHER Ravenswood Solar 1 LLC fyudkin@coleschotz.com, fpisano@coleschotz.com

Frank A. Oswald
               on behalf of Defendant Powin Energy Operating LLC frankoswald@teamtogut.com,
               seratner@teamtogut.com;dperson@teamtogut.com;bshaughnessy@teamtogut.com;altogut@teamtogut.com;jcohen@teamtogut.co
               m;gquist@teamtogut.com;bkotliar@teamtogut.com;acarlin@teamtogut.com;eblander@teamtogut.com

Frank A. Oswald
               on behalf of Debtor PEOS Holdings LLC frankoswald@teamtogut.com,
               seratner@teamtogut.com;dperson@teamtogut.com;bshaughnessy@teamtogut.com;altogut@teamtogut.com;jcohen@teamtogut.co
               m;gquist@teamtogut.com;bkotliar@teamtogut.com;acarlin@teamtogut.com;eblander@teamtogut.com

Frank A. Oswald
               on behalf of Defendant Powin LLC frankoswald@teamtogut.com,
               seratner@teamtogut.com;dperson@teamtogut.com;bshaughnessy@teamtogut.com;altogut@teamtogut.com;jcohen@teamtogut.co
               m;gquist@teamtogut.com;bkotliar@teamtogut.com;acarlin@teamtogut.com;eblander@teamtogut.com

Frank A. Oswald
               on behalf of Debtor Charger Holdings LLC frankoswald@teamtogut.com,
               seratner@teamtogut.com;dperson@teamtogut.com;bshaughnessy@teamtogut.com;altogut@teamtogut.com;jcohen@teamtogut.co

| | |
|---|---|
| | m;gquist@teamtogut.com;bkotliar@teamtogut.com;acarlin@teamtogut.com;eblander@teamtogut.com |
| Frank A. Oswald | on behalf of Debtor Powin China Holdings 2 LLC frankoswald@teamtogut.com, seratner@teamtogut.com;dperson@teamtogut.com;bshaughnessy@teamtogut.com;altogut@teamtogut.com;jcohen@teamtogut.com;gquist@teamtogut.com;bkotliar@teamtogut.com;acarlin@teamtogut.com;eblander@teamtogut.com |
| Frank A. Oswald | on behalf of Defendant Powin Energy Operating Holdings LLC frankoswald@teamtogut.com, seratner@teamtogut.com;dperson@teamtogut.com;bshaughnessy@teamtogut.com;altogut@teamtogut.com;jcohen@teamtogut.com;gquist@teamtogut.com;bkotliar@teamtogut.com;acarlin@teamtogut.com;eblander@teamtogut.com |
| Frank A. Oswald | on behalf of Debtor Powin Project LLC frankoswald@teamtogut.com seratner@teamtogut.com;dperson@teamtogut.com;bshaughnessy@teamtogut.com;altogut@teamtogut.com;jcohen@teamtogut.com;gquist@teamtogut.com;bkotliar@teamtogut.com;acarlin@teamtogut.com;eblander@teamtogut.com |
| Frank A. Oswald | on behalf of Debtor Powin Energy Ontario Storage LLC frankoswald@teamtogut.com, seratner@teamtogut.com;dperson@teamtogut.com;bshaughnessy@teamtogut.com;altogut@teamtogut.com;jcohen@teamtogut.com;gquist@teamtogut.com;bkotliar@teamtogut.com;acarlin@teamtogut.com;eblander@teamtogut.com |
| Frank A. Oswald | on behalf of Debtor Powin China Holdings 1 LLC frankoswald@teamtogut.com, seratner@teamtogut.com;dperson@teamtogut.com;bshaughnessy@teamtogut.com;altogut@teamtogut.com;jcohen@teamtogut.com;gquist@teamtogut.com;bkotliar@teamtogut.com;acarlin@teamtogut.com;eblander@teamtogut.com |
| Frank A. Oswald | on behalf of Debtor Powin Energy Operating Holdings LLC frankoswald@teamtogut.com, seratner@teamtogut.com;dperson@teamtogut.com;bshaughnessy@teamtogut.com;altogut@teamtogut.com;jcohen@teamtogut.com;gquist@teamtogut.com;bkotliar@teamtogut.com;acarlin@teamtogut.com;eblander@teamtogut.com |
| Frank A. Oswald | on behalf of Debtor Powin LLC frankoswald@teamtogut.com, seratner@teamtogut.com;dperson@teamtogut.com;bshaughnessy@teamtogut.com;altogut@teamtogut.com;jcohen@teamtogut.com;gquist@teamtogut.com;bkotliar@teamtogut.com;acarlin@teamtogut.com;eblander@teamtogut.com |
| Frank A. Oswald | on behalf of Debtor Powin Energy Operating LLC frankoswald@teamtogut.com, seratner@teamtogut.com;dperson@teamtogut.com;bshaughnessy@teamtogut.com;altogut@teamtogut.com;jcohen@teamtogut.com;gquist@teamtogut.com;bkotliar@teamtogut.com;acarlin@teamtogut.com;eblander@teamtogut.com |
| Franklin Barbosa, Jr | on behalf of Creditor CS Energy LLC fb@spsk.com, clm@spsk.com |
| Gail C. Lin | on behalf of Plaintiff Brian Palomino gcl@raisnerroupinian.com rsr@raisnerroupinian.com;jar@raisnerroupinian.com;warnlawyers@raisnerroupinian.com;rrllp@ecf.courtdrive.com |
| Jaclynn McDonnell | on behalf of Creditor Committee Official Committee of Unsecured Creditors jmcdonnell@genovaburns.com dmendez@genovaburns.com |
| James N. Lawlor | on behalf of Creditor Ulinda Park ProjectCo Pty Ltd jlawlor@wmd-law.com |
| James N. Lawlor | on behalf of Creditor Munmorah Battery ProjectCo Pty Ltd jlawlor@wmd-law.com |
| Jeffrey A. Cooper | on behalf of Interested Party Honeywell International Inc. jcooper@rltlawfirm.com cooperatty@aol.com;rgaydos@rltlawfirm.com |
| Jeffrey M. Sponder | on behalf of U.S. Trustee U.S. Trustee jeffrey.m.sponder@usdoj.gov jeffrey.m.sponder@usdoj.gov |
| Jennifer Hoover | on behalf of Creditor EPC Services Company jhoover@beneschlaw.com docket2@beneschlaw.com;lmolinaro@beneschlaw.com |
| John Pintarelli | on behalf of Creditor Prevalon Energy LLC john.pintarelli@pillsburylaw.com |
| John Pintarelli | on behalf of Creditor Mitsubishi Power Americas Inc. john.pintarelli@pillsburylaw.com |
| John S. Mairo | on behalf of Creditor Certain Funds and Accounts Managed by KKR Credit Advisors (US) LLC jmairo@gibbonslaw.com pnbalala@pbnlaw.com;mpdermatis@pbnlaw.com;jmoconnor@pbnlaw.com |
| Joseph H. Lemkin | on behalf of Creditor Spark Power Renewables USA Inc. jlemkin@stark-stark.com |
| Joseph J. DiPasquale | |

Case 25-16137-MBK    Doc 442    Filed 07/17/25    Entered 07/18/25 00:15:18    Desc
Imaged Certificate of Notice    Page 15 of 16

| District/off: 0312-3 | User: admin | Page 4 of 5 |
|---|---|---|
| Date Rcvd: Jul 15, 2025 | Form ID: pdf903 | Total Noticed: 1 |

| | |
|---|---|
| | on behalf of Interested Party Specified Technologies Inc. Jdipasquale@foxrothschild.com, cbrown@foxrothschild.com;msteen@foxrothschild.com |
| Kevin J. Mangan | on behalf of Interested Party SiriusPoint America Insurance Company kevin.mangan@wbd-us.com Heidi.sasso@wbd-us.com;cindy.giobbe@wbd-us.com;nichole.wilcher@wbd-us.com |
| Kevin J. Mangan | on behalf of Interested Party Applied Surety Underwriters kevin.mangan@wbd-us.com Heidi.sasso@wbd-us.com;cindy.giobbe@wbd-us.com;nichole.wilcher@wbd-us.com |
| Kevin J. Mangan | on behalf of Interested Party Pennsylvania Insurance Company kevin.mangan@wbd-us.com Heidi.sasso@wbd-us.com;cindy.giobbe@wbd-us.com;nichole.wilcher@wbd-us.com |
| Kevin M. Capuzzi | on behalf of Creditor Mesa Logistics Group LLC d/b/a Trivergix Group kcapuzzi@beneschlaw.com, docket2@beneschlaw.com;lmolinaro@beneschlaw.com |
| Kevin M. Capuzzi | on behalf of Creditor Mainfreight Inc. kcapuzzi@beneschlaw.com docket2@beneschlaw.com;lmolinaro@beneschlaw.com |
| Kyriaki Christodoulou | on behalf of Creditor Arevon Energy Inc. kchristodoulou@cullenllp.com |
| Lauren Bielskie | on behalf of U.S. Trustee U.S. Trustee lauren.bielskie@usdoj.gov |
| Lauren M. Macksoud | on behalf of Debtor Powin Energy Ontario Storage II LP lauren.macksoud@dentons.com docket.general.lit.nyc@dentons.com |
| Lauren M. Macksoud | on behalf of Debtor Powin Canada B.C. Ltd. lauren.macksoud@dentons.com docket.general.lit.nyc@dentons.com |
| Lauren M. Macksoud | on behalf of Debtor Powin LLC lauren.macksoud@dentons.com, docket.general.lit.nyc@dentons.com |
| Lauren M. Macksoud | on behalf of Debtor Powin Energy Storage 2 Inc. lauren.macksoud@dentons.com, docket.general.lit.nyc@dentons.com |
| Leah Eisenberg | on behalf of Interested Party Longroad Energy Partners on behalf of Serrano Solar, LLC, Sun Streams PVS, LLC, and Sun Streams Expansion, LLC leisenberg@pashmanstein.com, ekhatchatourian@foley.com;msmall@foley.com;leah-eisenberg-0344@ecf.pacerpro.com |
| Leah Eisenberg | on behalf of Interested Party Leeward Renewable Energy LLC, on behalf of Rabbitbrush Solar, LLC, Chaparral Springs, LLC, and Antelope Valley BESS, LLC leisenberg@pashmanstein.com, ekhatchatourian@foley.com;msmall@foley.com;leah-eisenberg-0344@ecf.pacerpro.com |
| Leah Eisenberg | on behalf of Interested Party DTE Electric Company leisenberg@pashmanstein.com ekhatchatourian@foley.com;msmall@foley.com;leah-eisenberg-0344@ecf.pacerpro.com |
| Leah Eisenberg | on behalf of Interested Party Longroad Development Company LLC, on behalf of Serrano Solar, LLC, Sun Streams PVS, LLC, and Sun Streams Expansion, LLC leisenberg@pashmanstein.com, ekhatchatourian@foley.com;msmall@foley.com;leah-eisenberg-0344@ecf.pacerpro.com |
| Leah Eisenberg | on behalf of Interested Party Poblano Energy Storage LLC leisenberg@pashmanstein.com, ekhatchatourian@foley.com;msmall@foley.com;leah-eisenberg-0344@ecf.pacerpro.com |
| Lee M. Cortes, Jr | on behalf of Interested Party Celestica LLC lee.cortes@arnoldporter.com |
| Mark S. Lichtenstein | on behalf of Creditor Sonic Systems International LLC mark.lichtenstein@akerman.com, Reyko.delpino@akerman.com |
| Michael Trentin | on behalf of Creditor EDF Power Solutions Inc. mtrentin@orrick.com, ssallie@coleschotz.com;dcarnie@orrick.com |
| Michael Trentin | on behalf of Creditor EsVolta L.P. mtrentin@orrick.com, ssallie@coleschotz.com;dcarnie@orrick.com |
| Michael P. Pompeo | on behalf of Creditor Keyframe Capital Partners L.P. michael.pompeo@faegredrinker.com, cathy.greer@faegredrinker.com |
| Nicholas Blaine Vislocky | on behalf of Creditor GLAS USA LLC nvislocky@reedsmith.com |
| Paul R. DeFilippo | on behalf of Creditor Munmorah Battery ProjectCo Pty Ltd pdefilippo@wmd-law.com |

District/off: 0312-3 User: admin Page 5 of 5
Date Rcvd: Jul 15, 2025 Form ID: pdf903 Total Noticed: 1

Paul R. DeFilippo
    on behalf of Creditor Ulinda Park ProjectCo Pty Ltd pdefilippo@wmd-law.com

Richard Solow
    on behalf of Creditor GLAS USA LLC rsolow@reedsmith.com  rich-solow-3519@ecf.pacerpro.com

Richard B Harper
    on behalf of Creditor Idaho Power Company richard.harper@bakerbotts.com  john.mitchell@bakerbotts.com

Ross J. Switkes
    on behalf of Creditor Ace Engineering rswitkes@shermansilverstein.com

Sameer Alifarag
    on behalf of Creditor Pulse Clean Energy SPV Watt Limited sameeralifarag@eversheds-sutherland.com

Sameer Alifarag
    on behalf of Creditor JMS Wind Energy  LLC sameeralifarag@eversheds-sutherland.com

Steven Abramowitz
    on behalf of Creditor Lone Star Solar  LLC sabramowitz@velaw.com,
    mmoran@velaw.com;kgrissel@velaw.com;tmitsch@velaw.com;kduchesne@velaw.com

Steven Abramowitz
    on behalf of Creditor Ad Hoc Customer Group sabramowitz@velaw.com
    mmoran@velaw.com;kgrissel@velaw.com;tmitsch@velaw.com;kduchesne@velaw.com

Susan Long
    on behalf of Creditor Committee Official Committee of Unsecured Creditors slong@genovaburns.com

Turner Falk
    on behalf of Creditor Key Capture Energy  LLC turner.falk@saul.com, catherine.santangelo@saul.com;tnfalk@recap.email

Turner Falk
    on behalf of Creditor KCE NY 3  LLC turner.falk@saul.com, catherine.santangelo@saul.com;tnfalk@recap.email

Turner Falk
    on behalf of Creditor KCE TX 7  LLC turner.falk@saul.com, catherine.santangelo@saul.com;tnfalk@recap.email

Turner Falk
    on behalf of Creditor KCE TX 2  LLC turner.falk@saul.com, catherine.santangelo@saul.com;tnfalk@recap.email

Turner Falk
    on behalf of Creditor KCE TX 8  LLC turner.falk@saul.com, catherine.santangelo@saul.com;tnfalk@recap.email

U.S. Trustee
    USTPRegion03.NE.ECF@usdoj.gov

TOTAL: 86