## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| In re: | Chapter 11 |
| POWIN, LLC, *et al.*[1] | Case No. 25-16137 (MBK) |
| Debtors. | |

Order Filed on July 16, 2025
by Clerk
U.S. Bankruptcy Court
District of New Jersey

## FINAL ORDER (I) AUTHORIZING POSTPETITION USE OF CASH COLLATERAL, (II) GRANTING ADEQUATE PROTECTION TO THE PREPETITION SECURED PARTIES, AND (III) GRANTING RELATED RELIEF

The relief set forth on the following pages, numbered three (3) through forty-six (46), is

**ORDERED**.

**DATED: July 16, 2025**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

---

[1]      The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are:  (i) Powin Project LLC [1583]; (ii) Powin, LLC [0504]; (iii) PEOS Holdings, LLC [5476]; (iv) Powin China Holdings 1, LLC [1422]; (v) Powin China Holdings 2, LLC [9713]; (vi) Charger Holdings, LLC [5241]; (vii) Powin Energy Ontario Storage, LLC [8348]; (viii) Powin Energy Operating Holdings, LLC [2495]; and (ix) Powin Energy Operating, LLC [6487]. The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR 97062.

(Page 2)

Debtors:                Powin, LLC, *et al.*

Case No.            25-16137 (MBK)

Caption of Order: *Final Order (I) Authorizing Postpetition Use of Cash Collateral, (II) Granting Adequate Protection to the Prepetition Secured Parties, and (III) Granting Related Relief*

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**DENTONS US LLP**

Tania M. Moyron (admitted *pro hac vice*)
Van C. Durrer, II (admitted *pro hac vice*)
601 S. Figueroa Street #2500
Los Angeles, CA 90017
Telephone:  (213) 623-9300
Facsimile:  (213) 623-9924
Email:  tania.moyron@dentons.com
            van.durrer@dentons.com


John D. Beck (*pro hac vice* pending)
Sarah M. Schrag (*pro hac vice* pending)
1221 Avenue of the Americas
New York, NY 10020-1089
Telephone:  (212) 768-6700
Facsimile:  (212) 768-6800
Email:  john.beck@dentons.com
            sarah.schrag@dentons.com

*Proposed Counsel for Debtors and Debtors in Possession*

**TOGUT, SEGAL & SEGAL LLP**

Frank A. Oswald (admitted)
550 Broad Street
Suite 1508
Newark, NJ 07102
Telephone:  (212) 594-5000
Facsimile:  (212) 967-4258
Email:  frankoswald@teamtogut.com


Albert Togut (admitted *pro hac vice*)
Amanda C. Glaubach (admitted *pro hac vice*)
Eitan Blander (admitted *pro hac vice*)
One Penn Plaza, Suite 3335
New York, New York 10119
Telephone:  (212) 594-5000
Facsimile:  (212) 967-4258
Email:  altogut@teamtogut.com
            aglaubach@teamtogut.com
            eblander@teamtogut.com

*Proposed Counsel for Debtors and Debtors in Possession*

(Page 3)

Debtors:                Powin, LLC, *et al.*

Case No.                25-16137 (MBK)

Caption of Order: *Final Order (I) Authorizing Postpetition Use of Cash Collateral, (II) Granting Adequate Protection to the Prepetition Secured Parties, and (III) Granting Related Relief*

Upon the motion (the "**Motion**")[1] of Powin, LLC and each of its affiliated debtors and debtors in possession (collectively, the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), pursuant to sections 105(a), 361, 362, 363, 503, 506, and 507 of title 11 of the United States Code (the "**Bankruptcy Code**"), rules 2002, 4001, 6003, 6004, and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and rules 4001-3 and 9013-5 of the Local Rules of the United States Bankruptcy Court for the District of New Jersey (the "**Bankruptcy Local Rules**"), seeking entry of an interim order ( "**Interim Order**") and a Final Order ("**Final Order**"), among other things:

    (a)    authorizing the use of Cash Collateral (as defined below), pursuant to sections 105, 361, 362, 363, 503, and 507 of the Bankruptcy Code on the terms and conditions set forth herein;

    (b)    granting adequate protection, as and to the extent set forth herein, to the Prepetition Secured Parties (as defined below) to protect against any Diminution in Value (as defined below) of their interests in any Cash Collateral;

    (c)    modifying the automatic stay imposed by section 362 of the Bankruptcy Code to the extent necessary to permit the Debtors and the Prepetition Secured Parties (as defined below) to implement and effectuate the terms and provisions hereof;

    (d)    approving, subject to paragraph 22 hereof, certain stipulations, waivers, and releases by the Debtors with respect to, *inter alia*, the Prepetition Secured Parties, the Prepetition Loan Documents, the Prepetition Liens, and the Prepetition Secured Obligations (each as defined below);

    (e)    granting such relief, and subject to the Carve-Out (as defined below), approving the waiver of the right to surcharge the Prepetition Collateral (as defined below) pursuant to section 506(c) of the Bankruptcy Code or otherwise as to any Prepetition Secured Parties;

    (f)    granting such relief and to the extent set forth herein, approving the waiver of the equitable doctrine of "marshaling" and other similar doctrines with respect to the Prepetition Collateral as to the Prepetition Secured Parties;

---

[1]    Each capitalized term that is not defined herein shall have the meaning ascribed to such terms in the Motion.

(Page 4)

Debtors:           Powin, LLC, *et al.*

Case No.           25-16137 (MBK)

Caption of Order: *Final Order (I) Authorizing Postpetition Use of Cash Collateral, (II) Granting Adequate Protection to the Prepetition Secured Parties, and (III) Granting Related Relief*

(g)     granting such relief and to the extent set forth herein, approving the Debtors' waiver of any "equities of the case" exception under section 552(b) of the Bankruptcy Code with respect to proceeds, products, offspring, or profits of any of the Prepetition Collateral as to any of the Prepetition Secured Parties;

(h)     waiving any applicable stay (including under Bankruptcy Rule 6004) with respect to the effectiveness and enforceability of this Final Order; and

(i)      granting related relief;

all as more fully set forth in the Motion; and an interim hearing with respect to the Motion having been held on June 12, 2025 (the "**Interim Hearing**"); and a final hearing with respect to the Motion having been held on July 15, 2025 (the "**Final Hearing**"); and notice of the Interim Hearing and Final Hearing having been given in accordance with Bankruptcy Rules 4001(b) and 9014 and Bankruptcy Local Rule 9013-5 and it appearing that no other or further notice need be provided; and the Court having considered the Declaration of *Gerard Uzzi In Support of Emergency First Day Motions of the Debtors* (the "**First Day Declaration**"), the Approved Budget (as defined below) filed and served by the Debtors, the evidence submitted or adduced, and the statements of counsel made at the Interim Hearing and Final Hearing; and the Court having considered the relief requested in the Motion; and the Court having determined that the legal and factual bases set forth in the Motion and at the Interim and Final Hearing establish just cause for the relief granted herein; and all objections, if any, to the relief requested in the Motion having been withdrawn, resolved, or overruled by the Court; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

(Page 5)
Debtors:                    Powin, LLC, *et al.*
Case No.                    25-16137 (MBK)
Caption of Order: *Final Order (I) Authorizing Postpetition Use of Cash Collateral, (II) Granting Adequate Protection to the Prepetition Secured Parties, and (III) Granting Related Relief*

## THE COURT HEREBY MAKES THE FOLLOWING FINDINGS OF FACT AND CONCLUSIONS OF LAW:[2]

A.      *Petition Date.*  On June 9, 2025 (the "**Petition Date**"),[3] each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey (this "**Court**") commencing these Chapter 11 Cases.

B.      *Debtors in Possession.*  The Debtors continue to manage and operate their businesses and properties as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in any of the Chapter 11 Cases.

C.      *Committee Formation.*  On June 27, 2025, the United States Trustee for the District of New Jersey (the "**U.S. Trustee**") appointed an official committee of unsecured creditors in the Chapter 11 Cases pursuant to section 1102 of the Bankruptcy Code (the "**Official Committee**").

D.      *Jurisdiction and Venue.*  This Court has jurisdiction over the Chapter 11 Cases, the Motion, and the parties and property affected hereby pursuant to 28 U.S.C. § 1334. Consideration of the Motion constitutes a core proceeding pursuant to 28 U.S.C. § 157(b).  The Debtors assert that venue for the Chapter 11 Cases and the proceedings on the Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.  The predicates for the relief set forth herein

---

[2]      The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.  To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

[3]      Lead Debtor Case No. 25-16137 (MBK) for Debtor Powin LLC was filed on June 10, 2025, and the remaining Debtors were also filed on June 10, 2025 with the exception of Case No. 25-16136 (MBK), which was filed on June 9, 2025.

(Page 6)

Debtors:                     Powin, LLC, *et al.*
Case No.                 25-16137 (MBK)
Caption of Order: *Final Order (I) Authorizing Postpetition Use of Cash Collateral, (II) Granting Adequate Protection to the Prepetition Secured Parties, and (III) Granting Related Relief*

are sections 105(a), 361, 362, 363, 503, 506, 507 and 552 of the Bankruptcy Code, Bankruptcy

Rules 2002, 4001, 6003, 6004, and 9014, and Bankruptcy Local Rules 4001-3 and 9013-5.

  E.  ***Notice.*** Notice of the Motion and the Final Hearing constitutes due, sufficient, and

appropriate notice and complies with Bankruptcy Rules 4001(b) and 9014 and the Bankruptcy

Local Rules, and no other or further notice of the Motion with respect to the relief requested at the

Final Hearing or the entry of this Final Order shall be required.

  F.  ***Debtors' Stipulations***. In requesting the use of Cash Collateral, and in exchange

for, and as a material inducement to, the consent of the Prepetition Secured Parties to the use of

their Cash Collateral, each of the Debtors, for itself and its estate, admits, stipulates, acknowledges

and agrees as follows, in each case, without prejudice to the rights of a Chapter 7 trustee, any

statutory committees appointed in these cases or any other party in interest to the extent set forth

in paragraph 22 of this Final Order (subject to the limitations set forth therein):

    (1) *Prepetition Credit Agreement.* Pursuant to that certain Loan Agreement, dated as of October 1, 2024 (as amended, restated, amended and restated, supplemented, or otherwise modified from time to time, the "**Prepetition Credit Agreement**," and together with all other agreements, documents, instruments and certificates executed or delivered in connection therewith, including, without limitation, the Loan Documents (as defined in the Prepetition Credit Agreement), collectively, the "**Prepetition Loan Documents**"), by and among Powin Energy Intermediate LLC, as the Parent Pledgor (the "**Parent Pledgor**"), Powin, LLC, as the Borrower (the "**Prepetition Borrower**"), the subsidiary guarantors party thereto (the "**Subsidiary Guarantors**" and, together with the Parent Pledgor and Prepetition Borrower, the "**Prepetition Loan Parties**"), GLAS USA LLC, as the administrative agent and collateral agent (in such capacity, and together with its successor and assigns, the "**Prepetition Agent**"), and the Prepetition Lenders (as defined below).

    (2) *Certain Defined Terms*. For purposes of this Final Order: (i) "**Prepetition Lender**" has the meaning ascribed to the term "Lender" in the Prepetition Credit Agreement; (ii) "**Original Prepetition Lender**" means any person

Debtors:             Powin, LLC, *et al.*
Case No.             25-16137 (MBK)
Caption of Order: *Final Order (I) Authorizing Postpetition Use of Cash Collateral, (II) Granting Adequate Protection to the Prepetition Secured Parties, and (III) Granting Related Relief*

or entity who was a Prepetition Lender as of the date the Court entered the Interim Order; (iii) "**Current Prepetition Lender**" means any person or entity who is a Prepetition Lender as of the date the Court enters this Final Order and any of their successors and assigns; (iv) "**Excepted Prepetition Lender**" means any Original Prepetition Lender, whether or not such Original Prepetition Lender is also a Current Prepetition Lender, and excluding, for the avoidance of doubt, the Prepetition Agent and any Current Prepetition Lender who is not also an Original Prepetition Lender); (iv) "**Prepetition Secured Party**" means the Prepetition Agent and each Prepetition Lender; and (v) "**Current Prepetition Secured Party**" means the Prepetition Agent and each Current Prepetition Lender.

(3)     *Prepetition Guaranty.*  Pursuant to Section 10 of the Prepetition Credit Agreement, the Parent Pledgor and the Subsidiary Guarantors guaranteed, on a joint and several basis, all of the Prepetition Secured Obligations (as defined below).

(4)     *Prepetition Loan Obligations.*  As of the Petition Date, the Prepetition Loan Parties were justly and lawfully indebted and liable to the Prepetition Secured Parties, without defense, counterclaim, or offset of any kind, in the outstanding principal amount of not less than $25,612,281.51 *plus* certain reimbursement obligations, fees, costs, expenses (including, without limitation, certain attorneys' fees and related fees, charges and disbursements), indemnification obligations, and any other amounts, contingent or otherwise, whenever arising or accruing, that may be due, owing or chargeable in respect thereof, in each case, to the extent provided in the Prepetition Loan Documents (collectively, the "**Prepetition Secured Obligations**"); provided that, for purposes of this Final Order, Prepetition Secured Obligations shall also include postpetition fees (including attorneys' fees), costs, or charges to the extent provided in the Prepetition Loan Documents and to the extent allowed pursuant to Section 506(b) of the Bankruptcy Code.

(5)     *Prepetition Liens.*  Pursuant to the Security Documents (as defined in the Prepetition Credit Agreement), each of the Prepetition Loan Parties granted to the Prepetition Agent, for the benefit of itself and the Prepetition Lenders, valid and properly perfected continuing liens on and security interests (the "**Prepetition Liens**") in all Collateral (as defined in the Prepetition Credit Agreement) (collectively, the "**Prepetition Collateral**").

(6)     *Validity and Enforceability of Prepetition Secured Obligations.*  As of the Petition Date, the Prepetition Secured Obligations constitute the legal, valid, non-avoidable and binding obligations of each of the Debtors, enforceable in accordance with the terms of the Prepetition Loan Documents and (i) no

(Page 8)

Debtors:          Powin, LLC, *et al.*

Case No.          25-16137 (MBK)

Caption of Order: *Final Order (I) Authorizing Postpetition Use of Cash Collateral, (II) Granting Adequate Protection to the Prepetition Secured Parties, and (III) Granting Related Relief*

portion of the Prepetition Secured Obligations and no amounts paid or payments made at any time by the Debtors to the Prepetition Secured Parties in respect of or applied to, as applicable, the Prepetition Secured Obligations, the Prepetition Loan Documents, and the transactions contemplated thereby is subject to contest, attack, objection, recoupment, defense, setoff, counterclaim, avoidance, recharacterization, reclassification, disgorgement, reduction, disallowance, recovery or subordination, challenge or any other Cause of Action[4] of any kind or nature whatsoever, whether pursuant to the Bankruptcy Code, applicable non-bankruptcy law or otherwise, (ii) the Debtors do not have any claims, counterclaims, Causes of Action, defenses or setoff rights related to the Prepetition Secured Obligations or the Prepetition Loan Documents, whether arising on or prior to the date hereof, under the Bankruptcy Code or applicable non-bankruptcy law against the Prepetition Secured Parties, and each of their respective affiliates, agents, attorneys, advisors, professionals, officers, directors and employees (in their respective capacities as such), and (iii) the Prepetition Secured Obligations constitute allowed, secured claims within the meaning of sections 502 and 506 of the Bankruptcy Code.

(7)     *Validity and Enforceability of Prepetition Liens*.  As of the Petition Date, the Prepetition Liens (i) have been properly recorded and are valid, binding, enforceable, non-avoidable and fully perfected liens and security interests in the Prepetition Collateral, (ii) are not subject to any offset, contest, objection, recovery, recoupment, reduction, defense, counterclaim, subordination, recharacterization, disgorgement, disallowance, avoidance, challenge or any other claim or Cause of Action of any kind or nature whatsoever, whether under the Bankruptcy Code, applicable non-bankruptcy law or other applicable law, (iii) were granted to or for the benefit of the Prepetition Secured Parties for fair consideration and reasonably equivalent value, and were granted contemporaneously with, or covenanted to be provided as inducement for, the making of the loans and/or the commitments and other financial accommodations or consideration secured or obtained thereby, and (iv) are senior with priority over any and all other liens on or security interests in the Prepetition Collateral.  The Adequate Protection Liens are subject and subordinate only to those valid,

---

[4]     As used in this Final Order, "**Causes of Action**" means any action, claim, cause of action, controversy, demand, right, action, lien, indemnity, interest, guaranty, suit, obligation, liability, damage, judgment, account, defense, or offset of any kind or character whatsoever, whether known, unknown, contingent or non-contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether arising before, on, or after the entry of this Final Order, in contract or in tort, in law (whether local, state, or federal U.S. or non-U.S. law) or in equity, or pursuant to any other theory of local, state, or federal U.S. or non-U.S. law.

(Page 9)

Debtors:                    Powin, LLC, *et al.*

Case No.                    25-16137 (MBK)

Caption of Order: *Final Order (I) Authorizing Postpetition Use of Cash Collateral, (II) Granting Adequate Protection to the Prepetition Secured Parties, and (III) Granting Related Relief*

enforceable, and non-avoidable liens that are (1) in existence on the Petition Date, (2) either perfected as of the Petition Date or perfected subsequent to the Petition Date solely to the extent permitted by section 546(b) of the Bankruptcy Code, and (3) senior in priority to the Prepetition Liens as of the Petition Date in accordance with applicable law (the "**Permitted Prior Liens**").[5]

(8)    *No Claims, Defenses, or Causes of Action.*  As of the date hereof, no claims, cross-claims, counterclaims, defenses or Causes of Action exist, including claims and Causes of Action arising under chapter 5 of the Bankruptcy Code or applicable state law equivalents (the "**Avoidance Actions**") or actions for recovery, recoupment, offset, setoff, disallowance, recharacterization, subordination (whether equitable, contractual, or otherwise), or disgorgement, against any of the Prepetition Secured Parties or any of their respective affiliates, agents, attorneys, advisors, professionals, officers, directors and employees (in their respective capacities as such) with respect to, in connection with, related to, or arising from the Prepetition Secured Obligations or any of the Prepetition Loan Documents, any action or conduct of any Prepetition Secured Party in respect thereof, or any of the transactions contemplated thereunder, that may be asserted by the Debtors, their respective estates, or any other person or entity.

(9)    *Cash Collateral.*  The Debtors admit, stipulate, acknowledge and agree that any and all of the Debtors' cash, whether existing as of the Petition Date or thereafter, wherever located (including, without limitation, all cash or cash equivalents in the control of or on deposit or maintained by the Debtors in any account or accounts, any amounts generated by the sale or other disposition of Prepetition Collateral, and all income, proceeds, products, rents or profits of any Prepetition Collateral), constitutes "cash collateral" of the Prepetition Secured Parties within the meaning of section 363(a) of the Bankruptcy Code (such cash and cash equivalents, the "**Cash Collateral**").

(10)   *Releases.*  Subject to the rights and limitations set forth in paragraph 22 of this Final Order, each of the Debtors, on behalf of itself and its estate, hereby absolutely, unconditionally and irrevocably releases and forever discharges

---

[5]    Nothing contained herein shall constitute a finding or ruling by this Court that any alleged Permitted Prior Lien is valid, senior, enforceable, prior, perfected, or non-avoidable.  Moreover, nothing contained herein shall prejudice the rights of any party-in-interest, including, but not limited to the Debtors, the Prepetition Secured Parties, and the Official Committee (if any), in each case to the extent such party has standing to challenge the validity, priority, enforceability, seniority, avoidability, perfection or extent of any alleged Permitted Prior Lien (subject to the terms of this Final Order).  For the purposes hereof, any alleged claim arising or asserted as a right of reclamation or return (whether asserted under section 546(c) of the Bankruptcy Code or otherwise) is not a Permitted Prior Lien.

(Page 10)
Debtors:                Powin, LLC, *et al.*
Case No.                25-16137 (MBK)
Caption of Order: *Final Order (I) Authorizing Postpetition Use of Cash Collateral, (II) Granting Adequate Protection to the Prepetition Secured Parties, and (III) Granting Related Relief*

and acquits the Prepetition Secured Parties and each of their respective former, current, and future officers, directors, employees, shareholders, stockholders, equity holders, owners, members, managers, partners, principals, subsidiaries, affiliates, funds or managed accounts, agents, advisors, attorneys, accountants, investment bankers, consultants, other professionals and representatives, together with the respective successors and assigns thereof, in each case, in their respective capacities as such (collectively, the "**Representatives**"), from any and all claims, offsets, defenses, counterclaims, set off rights, objections, challenges, Causes of Action and/or choses in action, liabilities, losses, damages, responsibilities, disputes, remedies, actions, suits, controversies, reimbursement obligations (including, attorneys' fees), premiums, fees, costs, expenses, or judgments of every type, whether known or unknown, asserted or unasserted, fixed or contingent, pending or threatened, of any kind or nature whatsoever, whether arising at law or in equity (including, without limitation, any theory of so called "lender liability" or equitable subordination or any claim or defense asserting recharacterization, subordination, or avoidance, any claim arising under or pursuant to section 105 or chapter 5 of the Bankruptcy Code or any other provision of the Bankruptcy Code or of applicable state or federal law, or any other claim, Cause of Action, or defense arising under the Bankruptcy Code or applicable non-bankruptcy law), in each case, arising under, in connection with, or related to the Debtors or their estates, the extent, amount, validity, enforceability, priority, security, and perfection of the Prepetition Secured Obligations, the Prepetition Liens, the Prepetition Loan Documents, and/or the transactions contemplated thereunder or hereunder, in each case, arising at any time prior to entry of this Final Order.

(11)    *Sale and Credit Bid.*  The Current Prepetition Lenders (either directly or through the Prepetition Agent at the direction of the Current Prepetition Lenders) shall have the right to credit bid up to the full amount of the then outstanding balance of the Prepetition Secured Obligations (as to the Prepetition Collateral or Adequate Protection Collateral, as applicable), inclusive any unpaid Adequate Protection Obligations, in any sale of the Prepetition Collateral or Adequate Protection Collateral, whether such sale is effectuated through section 363 or section 1129 of the Bankruptcy Code, or otherwise, except to the extent ordered otherwise by the Court on motion following the filing of a motion or adversary proceeding pursuant to paragraph 22 prior to the Challenge Deadline.

G.    ***Need for Use of Cash Collateral.***  The Debtors have an immediate and critical need

to use Cash Collateral to permit the orderly continuation of the operation of their businesses,

(Page 11)
Debtors:                Powin, LLC, *et al.*
Case No.               25-16137 (MBK)
Caption of Order: *Final Order (I) Authorizing Postpetition Use of Cash Collateral, (II) Granting Adequate Protection to the Prepetition Secured Parties, and (III) Granting Related Relief*

maintain business relationships with customers, vendors, and suppliers, make payroll, pay the costs of administering the Chapter 11 Cases, and satisfy other working capital and operational needs (in each case, in accordance with and subject to this Final Order) for the benefit of the estates and the Debtors' creditors and stakeholders, including the Prepetition Secured Parties. The access of the Debtors to sufficient working capital and liquidity through the use of Cash Collateral and other Prepetition Collateral is necessary and vital to the preservation and maintenance of the going concern value of the Debtors and their successful reorganization. The Debtors do not have sufficient sources of working capital and financing to operate their business in the ordinary course of business without the use of Cash Collateral.  Absent the ability to use Cash Collateral and the other Prepetition Collateral, the continued operation of the Debtors' businesses would not be possible, and immediate and irreparable harm to the Debtors and their estates would be inevitable.

H.    ***Use of Cash Collateral.***  As a condition to their consent to the use of Cash Collateral, the Current Prepetition Secured Parties require, and the Debtors have agreed, that all Cash Collateral shall be used and/or applied solely for the purposes permitted in the Approved Budget (as defined below), including, without limitation, (i) to pay the costs of administration of the Chapter 11 Cases, (ii) for general corporate and working capital purposes, and (iii) to pay adequate protection payments to the extent set forth herein, in each case, in accordance with the terms and conditions of this Final Order.

I.    ***Adequate Protection.***  The Current Prepetition Secured Parties have agreed to permit the Debtors to use the Prepetition Collateral, including the Cash Collateral, subject to the terms and conditions set forth herein. The Current Prepetition Secured Parties are entitled to adequate protection as set forth herein pursuant to sections 361, 362, and 363 of the Bankruptcy

(Page 12)

Debtors:               Powin, LLC, *et al.*

Case No.            25-16137 (MBK)

Caption of Order: *Final Order (I) Authorizing Postpetition Use of Cash Collateral, (II) Granting Adequate Protection to the Prepetition Secured Parties, and (III) Granting Related Relief*

Code for the Debtors' use of the Prepetition Collateral, including Cash Collateral, and the imposition of the automatic stay, in the case of the Adequate Protection Liens and Adequate Protection Superpriority Claims (each, as defined below), solely to the extent of any postpetition Diminution in Value (as defined below). The Current Prepetition Secured Parties have expressly consented to the entry of this Final Order and relief provided herein and pursuant to the terms of the Prepetition Loan Documents. As adequate protection against any postpetition aggregate Diminution in Value of the Current Prepetition Secured Parties' respective liens and security interests in the Prepetition Collateral (including Cash Collateral) from and after the Petition Date resulting from, among other things, (i) the use, sale, or lease by the Debtors of such collateral, (ii) the use of Cash Collateral by each of the Debtors on a dollar-for-dollar basis, (iii) the imposition of the automatic stay, and (iv) the imposition of the Carve-Out (as defined below) (collectively, and to the fullest extent permitted under the Bankruptcy Code or other applicable law, the "**Diminution in Value**"), the Current Prepetition Secured Parties are entitled to adequate protection, pursuant to sections 361, 362, and 363 of the Bankruptcy Code, as set forth in this Final Order; *provided, however*, that nothing in this Final Order shall (x) be construed as the affirmative consent by any of the Current Prepetition Secured Parties for the use of Cash Collateral or other Prepetition Collateral other than on the terms expressly set forth in this Final Order, or (y) prejudice, limit or otherwise impair the rights of any of the Current Prepetition Secured Parties to seek new, different or additional adequate protection after the date hereof.

　　　J.　　**Consent**. The Current Prepetition Secured Parties have consented to the Debtors' use of Prepetition Collateral (including Cash Collateral) in accordance with and subject to the terms and conditions set forth in this Final Order and the Approved Budget, and the terms of the

(Page 13)
Debtors:                    Powin, LLC, *et al.*
Case No.            25-16137 (MBK)
Caption of Order: *Final Order (I) Authorizing Postpetition Use of Cash Collateral, (II) Granting Adequate Protection to the Prepetition Secured Parties, and (III) Granting Related Relief*

adequate protection provided for in this Final Order, including that the Adequate Protection Liens and Adequate Protection Superpriority Claims (and all other liens and claims of the Current Prepetition Secured Parties') are subject and subordinate to the Carve-Out.

K.      ***Limitation on Charging Expenses Against Collateral***.  In light of the Current Prepetition Secured Parties' agreement to subordinate their liens and claims to the Carve-Out, to consent to the ProjectCo Contribution (as defined below), and to permit the use of their Cash Collateral as set forth herein, no costs or expenses of administration of the Chapter 11 Cases, any case under chapter 7 of the Bankruptcy Code upon the conversion of any of the Chapter 11 Cases, or in any other proceedings superseding or relating to any of the foregoing and/or upon the dismissal of any of the Chapter 11 Cases or any such successor cases (collectively, the "**Successor Cases**") shall be charged against or recovered from any Prepetition Collateral (including Cash Collateral) pursuant to sections 105 or 506(c) of the Bankruptcy Code or any similar principle of law, as against the Current Prepetition Secured Parties, without the prior written consent of the requisite Current Prepetition Secured Parties (which may be evidenced by electronic mail from counsel to the Prepetition Agent), and no such consent shall be implied from any other action, inaction, or acquiescence by any of the Current Prepetition Secured Parties.

L.      ***No Marshaling; 552(b) Waiver.***  In light of the Current Prepetition Secured Parties' agreement to subordinate their liens and superpriority claims to the Carve-Out, to consent to the ProjectCo Contribution, and to permit the use of their Cash Collateral as set forth herein, (i) in no event shall the Current Prepetition Secured Parties be subject to the equitable doctrine of "marshaling" or any similar doctrine with respect to the Prepetition Collateral or the Prepetition Secured Obligations and (ii) each of the Current Prepetition Secured Parties shall be entitled to all

(Page 14)

Debtors:                    Powin, LLC, *et al.*

Case No.                    25-16137 (MBK)

Caption of Order: *Final Order (I) Authorizing Postpetition Use of Cash Collateral, (II) Granting
Adequate Protection to the Prepetition Secured Parties, and (III) Granting Related Relief*

of the rights and benefits of section 552(b) of the Bankruptcy Code, and, in no event shall the

"equities of the case" exception in section 552(b) of the Bankruptcy Code apply to the Current

Prepetition Secured Parties or the Prepetition Collateral.

M.      ***Proper Exercise of Business Judgment***.   Based on the Motion, the First Day

Declaration, and the record presented to the Court at the Interim and Final Hearings, (i) the terms

of adequate protection granted to the Current Prepetition Secured Parties, (ii) the terms on which

the Debtors may continue to use Prepetition Collateral (including Cash Collateral), and (iii) the

Cash Collateral arrangements described herein, (a) were negotiated in good faith and at arm's

length among the Prepetition Loan Parties and the Current Prepetition Secured Parties and (b)

reflect the Debtors' exercise of prudent business judgment.  Absent the ability to continue to use

Cash Collateral upon the terms set forth herein, the Debtors, their estates, their creditors, and other

parties-in-interest will be seriously and irreparably harmed.

N.      ***Initial Budget***.   The Debtors have prepared the itemized cash flow forecast set forth

on **Exhibit 1** attached hereto (the "**Initial Budget**," as updated by the Debtors and acceptable to

the Current Prepetition Secured Parties from time to time in accordance with the terms of this Final

Order, the "**Approved Budget**").  The Initial Budget is an integral part of this Final Order, and the

Current Prepetition Secured Parties are relying, in part, upon the Debtors' agreement to comply,

subject to Permitted Variance (as defined below), with the Initial Budget, in determining to allow

the Debtors' use of Cash Collateral in accordance with the terms of this Final Order.

O.      ***Good Faith***.   The parties herein have acted in good faith, at arm's length, and with

sound business judgment in connection with this Final Order.

**NOW THEREFORE**, based upon the foregoing findings and conclusions, the Motion, the

(Page 15)

Debtors:               *Powin, LLC, et al.*

Case No.               25-16137 (MBK)

Caption of Order: *Final Order (I) Authorizing Postpetition Use of Cash Collateral, (II) Granting Adequate Protection to the Prepetition Secured Parties, and (III) Granting Related Relief*

First Day Declaration, and the record before the Court, and after due consideration, and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.       ***Motion Granted.***  The use of Cash Collateral is hereby authorized and approved on a final basis and the Motion is hereby **GRANTED** in accordance with and subject to the terms and conditions of this Final Order.  Any objections or other statements with respect to any of the relief set forth in this Final Order that have not been withdrawn, waived, or settled, and all reservation of rights inconsistent with this Final Order, are hereby denied and overruled.

2.       ***Authorization to Use Cash Collateral***.  Subject to the provisions of this Final Order (including the Carve-Out), the Debtors are authorized to use Cash Collateral during the period from the Petition Date through and including a Termination Date (as defined below) to operate the Debtors' businesses in the ordinary course and pay certain costs, fees, and expenses related to the Chapter 11 Cases, in accordance with the Approved Budget as provided herein, and as approved by any order of this Court.

3.       ***Approved Budget.***  Subject to the provisions of this Final Order (including the Carve-Out), the Debtors are authorized to use Cash Collateral in accordance with the Approved Budget (subject to Permitted Variance) through August 15, 2025 (the "**Expiration Date**") as may be amended, replaced, extended, supplemented, or otherwise modified in accordance with the terms of this Final Order with the consent of the Current Prepetition Secured Parties (in their sole discretion), *except that* the Expiration Date may be once extended by the Debtors for good cause shown by seven (7) days.  The Approved Budget shall be subject to the written approval of the Current Prepetition Secured Parties in their sole discretion and provided to the Official Committee.

(Page 16)

Debtors:                Powin, LLC, *et al.*

Case No.             25-16137 (MBK)

Caption of Order: *Final Order (I) Authorizing Postpetition Use of Cash Collateral, (II) Granting Adequate Protection to the Prepetition Secured Parties, and (III) Granting Related Relief*

The Approved Budget may only be amended, supplemented, modified, restated, replaced, or extended in accordance with this Final Order. Any such amendment, supplement, modification, restatement, replacement, or extension may be effected without further order of the Court, so long as approved by the Current Prepetition Secured Parties with no less than two (2) business days' notice to the Official Committee and the U.S. Trustee. The Approved Budget is an integral part of this Final Order and has been relied upon by the Current Prepetition Secured Parties to provide consent to this Final Order. On each Monday subsequent to the Approved Budget, beginning on July 28, 2025, the Debtors shall deliver a reconciliation report (the "**Variance Report**") to the Current Prepetition Secured Parties, the DIP Lender and any statutory committees appointed in these cases, in form reasonably satisfactory to the Current Prepetition Secured Parties and the DIP Lender, showing variances of budget amounts to actual amounts on a line-item basis for the cumulative period from the beginning date of the Approved Budget through the Sunday that is eight calendar days prior to the applicable reporting date. (the "**Testing Period**"). The Variance Report will include (i) the actual disbursements of the Debtors and actual receipts during the applicable Testing Period, (ii) any variance (whether positive or negative, expressed as a percentage) between the actual disbursements during such Testing Period against the estimated disbursements for the applicable Testing Period, as set forth in the applicable Approved Budget (each a "Variance Report"), and (iii) comments relating to any variances between budgeted and actual disbursements.

4.      As of any applicable Testing Date, actual cumulative disbursements (excluding Professional Fees (defined below), DIP Lender professional fees, and professional fees of the Prepetition Secured Parties) on an aggregate basis shall not exceed budgeted cumulative

(Page 17)

Debtors:            Powin, LLC, *et al.*

Case No.           25-16137 (MBK)

Caption of Order: *Final Order (I) Authorizing Postpetition Use of Cash Collateral, (II) Granting Adequate Protection to the Prepetition Secured Parties, and (III) Granting Related Relief*

disbursements (excluding Professional Fees (defined below), DIP Lender professional fees, and professional fees of the Prepetition Secured Parties) on an aggregate basis as reflected in the Approved Budget for such period (the difference between such actual disbursements and such disbursements as reflected in the Approved Budget, the **"Actual Disbursement Variance"**), by more than 15% (the **"Permitted Disbursement Variance"**). If the Actual Disbursement Variance for such period is less than or equal to the Permitted Disbursement Variance, the dollar amount by which such Actual Disbursement Variance is less than the Permitted Disbursement Variance may either (i) be used to increase the amount held in the reserve line item for the Debtors' wind down expenses or (ii) be carried forward to the next Testing Date and factored into the calculation of the Permitted Disbursement Variance for such next Testing Date.

5.        On or before August 11, 2025, the Debtors shall deliver to the Prepetition Agent, the U.S. Trustee, and any statutory committees appointed in these cases, a revised cash flow forecast substantially in the format of the Initial Budget (the "**Revised Budget**") for a time period to be agreed between the Debtors and the Current Prepetition Secured Parties from and after the Expiration Date. If the Current Prepetition Secured Parties agree to the proposed Revised Budget, the Revised Budget will become the Approved Budget and the Debtors will be authorized to continue to use Cash Collateral in accordance with the Revised Budget and this Final Order through a date to be agreed by the Debtors and the Current Prepetition Secured Parties subject to the review and opportunity to object by the U.S. Trustee and any statutory committees appointed in these cases. If the Current Prepetition Secured Parties (in their sole discretion) do not agree to the proposed Revised Budget, the Debtors' consensual use of Cash Collateral shall terminate on the Expiration Date. Notwithstanding anything to the contrary in this Final Order, the Debtors

(Page 18)

Debtors:                    Powin, LLC, *et al.*

Case No.                    25-16137 (MBK)

Caption of Order: *Final Order (I) Authorizing Postpetition Use of Cash Collateral, (II) Granting Adequate Protection to the Prepetition Secured Parties, and (III) Granting Related Relief*

shall be authorized to fund the Wind-Down Account and use the Wind-Down Reserve as provided

in the Final DIP Order (defined below).

6.        ***Limitations on Use of Cash Collateral.***  The Debtors shall not be permitted to make

any payments on account of any prepetition debt or obligation before the effective date of a

confirmed chapter 11 plan or plans with respect to any of the Debtors, except: (i) with respect to

the Prepetition Secured Obligations as set forth in this Final Order; (ii) as provided in any order in

connection with any relief requested by the Debtors at the commencement of these Chapter 11

Cases, each in form and substance reasonably acceptable to the Current Prepetition Secured

Parties; or (iii) any payment made in accordance with the Approved Budget, subject to Permitted

Variance.  The use of Cash Collateral pursuant to the terms and conditions of this Final Order and

in accordance with the Approved Budget shall not be deemed to be consent by the Current

Prepetition Secured Parties to any other or future use of Cash Collateral or to use any Cash

Collateral in any amount or for any purpose in excess of the amount set forth in the Approved

Budget, subject to the Permitted Variance.  The Debtors are expressly authorized to reserve

amounts for sales taxes and other similar taxes in accordance with applicable non-bankruptcy law

as reasonably estimated by the Debtors in consultation with the Current Prepetition Secured

Parties.  To the extent such reserve amounts are reasonable estimates of such tax obligations, the

Current Prepetition Secured Parties hereby consent to the Debtors' reservation of such amounts.

If such reserved amounts are not ultimately used to pay sales taxes and other similar taxes, they

shall be released from such reserves.

7.        ***Adequate Protection for the Current Prepetition Secured Parties.***  Subject only to

the Carve-Out and the terms of this Final Order, pursuant to sections 361 and 363 of the

US_ACTIVE\130655067

(Page 19)

Debtors:                Powin, LLC, *et al.*

Case No.                25-16137 (MBK)

Caption of Order: *Final Order (I) Authorizing Postpetition Use of Cash Collateral, (II) Granting Adequate Protection to the Prepetition Secured Parties, and (III) Granting Related Relief*

Bankruptcy Code, as adequate protection of the interests of the Current Prepetition Secured Parties in the Prepetition Collateral (including Cash Collateral), in each case, for the potential Diminution in Value of the Prepetition Collateral (including Cash Collateral), the Prepetition Agent, for the benefit of itself and the other Current Prepetition Secured Parties, is hereby granted the following (the liens, security interests, payments, and other obligations set forth in this paragraph 7, collectively, the "**Adequate Protection Obligations**"):

(a)    *Adequate Protection Payments*.  As adequate protection for the potential Diminution of Value of the Prepetition Secured Parties' interests in the Prepetition Collateral, the Debtors (i) have made two (2) payments of $4,000,000 each, totaling $8,000,000 in the aggregate, to the Prepetition Agent on account of the Prepetition Secured Obligations as follows: (i) first, on June 13, 2025; and second, on June 20, 2025 and (ii) shall pay the Accrued Lender Fees of the Current Prepetition Secured Parties as set forth in paragraph 13;

(b)    *Adequate Protection Liens*.  As security for and solely to the extent of any Diminution in Value of the Current Prepetition Secured Parties' interests in the Prepetition Collateral and subject in all respects to payment of the Carve-Out, the Prepetition Agent, for the benefit of itself and the other Current Prepetition Secured Parties, is hereby granted (effective and perfected immediately and without the necessity of the execution by the Debtors of any security agreements, control agreements, pledge agreements, financing statements, mortgages or other similar documents, or the possession or control by the Prepetition Agent of any Collateral (as defined below)) valid, binding, continuing, enforceable, fully-perfected, nonavoidable, additional and replacement liens (the "**Adequate Protection Liens**") in all Collateral (the "**Adequate Protection Collateral**"), which Adequate Protection Liens shall be subject only to any Permitted Prior Liens, but shall be senior to any and all other liens and security interests in the Collateral.  For the avoidance of doubt, if the Prepetition Liens are determined to be junior to any Permitted Prior Lien, the Adequate Protection Liens shall also be junior to such Permitted Prior Lien to the same extent and in the same relative priority.  Furthermore, the Adequate Protection Liens shall not attach to any assets that are not or do not become property of the Debtors' estates.  Nothing herein shall alter the rights of any party under section 365(n) of the Bankruptcy Code.

(Page 20)

Debtors:            Powin, LLC, *et al.*

Case No.            25-16137 (MBK)

Caption of Order: *Final Order (I) Authorizing Postpetition Use of Cash Collateral, (II) Granting Adequate Protection to the Prepetition Secured Parties, and (III) Granting Related Relief*

(c)     *Collateral*.  The term "**Collateral**" means all assets and properties of each of the Debtors of any kind or nature whatsoever, whether tangible or intangible, real, personal or mixed, including, without limitation, any and all cash and cash equivalents of the Debtors, deposit, securities and other accounts (together with all cash and cash equivalents, instruments and other property deposited therein or credited thereto), accounts receivables and other receivables (including those generated by intercompany transactions), rights to payment, contracts and contract rights, goods, inventory, plants, fixtures, machinery, equipment, vehicles, real property and leasehold interests, general intangibles, documents, instruments, securities, capital stock of subsidiaries, investment property, chattel paper, franchise rights, patents, tradenames, trademarks, copyrights, licenses and all other intellectual property, tax and other refunds, insurance proceeds, books and records, Causes of Action (other than Avoidance Actions), and commercial tort claims, in the case of each of the foregoing, whether now owned by or owing to, or hereafter acquired by, or arising in favor of, any of the Debtors, whether prior to or after the Petition Date, whether owned or consigned by or to, or leased from or to, the Debtors, and wherever located, including, without limitation, each of the Debtors' rights, title and interests in (i) all Prepetition Collateral and (ii) all "Collateral" (as defined in the Prepetition Loan Documents), and all proceeds, products, offspring, and profits of each of the foregoing and all accessions to, substitutions, and replacements for, each of the foregoing, excluding Avoidance Actions but including any proceeds or property recovered, whether by judgment, settlement or otherwise, of the Debtors' Avoidance Actions (collectively, the "**Avoidance Action Proceeds**").  For the avoidance of doubt, Collateral shall include commercial tort claims, other Causes of Action and Avoidance Action Proceeds with respect to Causes of Action against current and former equity holders, officers and directors; *provided, however*, that the Current Prepetition Secured Parties may recover from (a) Avoidance Action Proceeds or (b) commercial tort claims only after first recovering from all other Collateral.

(d)     *Adequate Protection Superpriority Claims*.  As further adequate protection, and to the extent provided by sections 503(b) and 507(b) of the Bankruptcy Code, including subject to the priorities set forth therein, the Prepetition Agent, for the benefit of itself and the other Current Prepetition Secured Parties, is hereby granted allowed superpriority administrative expense claims ahead of and senior to any and all other administrative expense claims solely to the extent of, and in an aggregate amount equal to, any postpetition Diminution in Value and subject in all respects to payment of the Carve-Out (the "**Adequate Protection Superpriority Claims**"). Subject to the Carve-Out in all respects, to the extent of any Diminution in

(Page 21)

Debtors:                 *Powin, LLC, et al.*

Case No.               25-16137 (MBK)

Caption of Order: *Final Order (I) Authorizing Postpetition Use of Cash Collateral, (II) Granting Adequate Protection to the Prepetition Secured Parties, and (III) Granting Related Relief*

Value, the Adequate Protection Superpriority Claims will not be junior to any claims and shall have priority over all administrative expense claims and other claims against each of the Debtors, now existing or hereinafter arising, of any kind or nature whatsoever, including, without limitation, all administrative expense claims of the kinds specified in section 507(b) of the Bankruptcy Code provided that such claims shall not have priority over claims of the type specified in section 507(a)(1) of the Bankruptcy Code solely to the extent of, and in an aggregate amount equal to, any postpetition Diminution in Value.

(e)  *Status of Adequate Protection Liens*.  Except for the Carve-Out and as otherwise expressly permitted hereunder, the Adequate Protection Liens shall not be subject or junior to any lien or security interest that is avoided and preserved for the benefit of the Debtors' estates under section 551 of the Bankruptcy Code and shall not be subordinated to or made *pari passu* with any lien, security interest, or administrative claim under section 364 of the Bankruptcy Code or otherwise.

(f)  *Right to Seek Additional Adequate Protection*.  This Final Order is without prejudice to, and does not constitute a waiver of, expressly or implicitly, the rights of any of the Current Prepetition Secured Parties to request further or alternative forms of adequate protection at any time or the rights of the Debtors or any other party to contest such request.

(g)  *Cash Management Covenant*.  The Debtors shall maintain their cash management arrangements in a manner consistent with those described in the applicable "first day" order.  Except as necessary to fund the Carve-Out after delivery of a Remedies Notice (which must be provided to the Debtors, any statutory committee appointed in these cases, and the U.S. Trustee), the Debtors shall be prohibited from transferring any cash out of the Core Controlled Account (as defined in the Prepetition Credit Agreement) without the consent of the Current Prepetition Secured Parties.

(h)  *Reporting*.  Upon reasonable advance written notice, the Debtors shall provide the Prepetition Agent and any statutory committees appointed in these cases with reasonable access during business hours to the Debtors' facilities, management, books, and records required under the Prepetition Loan Documents.  The Debtors shall also provide the Prepetition Agent and any statutory committees appointed in these cases with such other and further financial and operational reporting as the parties have agreed or may agree in writing (for which writing email shall suffice).  The Debtors will also have telephonic meetings with the Current Prepetition Secured Parties on request on reasonable notice.

(Page 22)
Debtors:           Powin, LLC, *et al.*
Case No.           25-16137 (MBK)
Caption of Order: *Final Order (I) Authorizing Postpetition Use of Cash Collateral, (II) Granting Adequate Protection to the Prepetition Secured Parties, and (III) Granting Related Relief*

8.     ***Access and Information***.  Without limitation of the requirements contained in the Prepetition Loan Documents, upon reasonable prior written notice (including via acknowledged electronic mail) during normal business hours, the Debtors shall permit the Current Prepetition Secured Parties and their Representatives (each of which is bound by obligations of confidentiality pursuant to a separate confidentiality agreement entered into with the Debtors) to have reasonable access to such information regarding the operations, business affairs, and financial condition of the Debtors or any of their subsidiaries, or compliance with the terms of the Prepetition Credit Agreement as the Current Prepetition Secured Parties may reasonably request, and it being understood that nothing in this paragraph 8 shall require the Debtors (or any of their advisors) to take any action that would conflict with any applicable requirements of law or any binding agreement, or that would waive any attorney-client or similar privilege.

9.     ***ProjectCo Contribution***.  Subject to the terms of this Final Order, and the terms and conditions of the Forbearance Agreement (as defined in the Motion) and subject to the consent of the DIP Lender and the Current Prepetition Secured Parties, the Debtors (other than Powin Project LLC ("**ProjectCo**")) are hereby authorized, but not directed, to transfer, assign and convey to ProjectCo all intellectual property, rights, assets and licenses necessary for ProjectCo to provide ongoing service to the Debtors' existing and future customers.  In connection therewith, ProjectCo shall assume all of the other Debtors' rights and obligations under any technology escrow agreements between any other Debtor and the Debtors' customers and the applicable Debtors other than ProjectCo shall enter into a services agreement with ProjectCo to provide necessary employees and related support to ProjectCo in pursuing service contracts with customers.  Upon any such transfer, assignment and/or conveyance, the Debtors shall provide prompt written notice

US_ACTIVE\130655067

(Page 23)

Debtors:              Powin, LLC, *et al.*
Case No.              25-16137 (MBK)
Caption of Order: *Final Order (I) Authorizing Postpetition Use of Cash Collateral, (II) Granting Adequate Protection to the Prepetition Secured Parties, and (III) Granting Related Relief*

to the Current Prepetition Secured Parties, and the Prepetition Liens shall hereby be deemed to automatically continue to be valid, binding, continuing, perfected, and enforceable against ProjectCo with respect to such transferred, assigned and/or conveyed assets, in each case automatically and without the need for the execution, delivery, filing or recordation of any document or instrument of any kind whatsoever.  Notwithstanding the foregoing, and without limiting the obligations of the Debtors and ProjectCo as set forth in the Forbearance Agreement, the Debtors shall be authorized and required, as of the entry of this Final Order, to enter into, execute and deliver any security documentation as reasonably requested by the Current Prepetition Secured Parties with respect to ProjectCo (including as described in the Forbearance Agreement) and the Current Prepetition Secured Parties are authorized to make any associated public filings. Further, as of the Petition Date and thereafter, the Current Prepetition Secured Parties shall be deemed to have valid, binding, continuing, perfected and enforceable liens over all equity interests of ProjectCo and all assets of ProjectCo that qualify as Collateral.  ProjectCo shall be precluded from incurring any indebtedness other than the Prepetition Secured Obligations and shall not issue any equity interests other than common equity interests issued to Powin, LLC.  For the avoidance of doubt, the ProjectCo Contribution contemplated in this paragraph 9 shall occur only upon the consent of the DIP Lender and the Current Prepetition Secured Parties.

10.    ***Payment of Professionals; Carve-Out; Funding Thereof***.

(a)    *Payments of Professional Fees*. The Debtors shall be permitted to pay (x) statutory fees payable to the U.S. Trustee pursuant to 28 U.S.C. § 1930(a)(6), together with the statutory rate of interest, which shall not be limited by any budget ("**Statutory Fees**") and any fees payable to the Clerk of the Court and (y) prior to the delivery of the Remedies Notice (as defined below) under this Final Order, professional fees and expenses incurred by attorneys, accountants and other professionals, including ordinary course

(Page 24)

Debtors:            Powin, LLC, *et al.*

Case No.            25-16137 (MBK)

Caption of Order: *Final Order (I) Authorizing Postpetition Use of Cash Collateral, (II) Granting Adequate Protection to the Prepetition Secured Parties, and (III) Granting Related Relief*

professionals, retained by the Debtors and any Committee under sections 327 or 1103(a) of the Bankruptcy Code (together, the "**Professionals**" and each, a "**Professional**"), including any expenses of the members of such Committee, (the "**Professional Fees**") solely (i) to the extent allowed by Court order and payable under sections 326, 328, 330 and 331 of the Bankruptcy Code and any interim procedures order and (ii) in amounts not exceeding the amounts set forth in the Approved Budget for each such Professional's Professional Fee; *provided* that any fees, expenses or costs incurred by the Committee in excess of the Investigation Budget (as defined below) shall not constitute an allowable administrative expense claim, including for purposes of section 1129(a)(9)(A) of the Bankruptcy Code. For the avoidance of doubt, if a Professional's Professional Fees for a given period is less than the amount set forth in the Budget for such period, then the excess of amount under the Budget shall carry over to be included in the following period's cap.

(b)    *Carve-Out*. Payment of any amounts on account of the Prepetition Secured Obligations, the Prepetition Liens, the Adequate Protection Liens, and the Adequate Protection Superpriority Claims shall be subject and subordinate in all respects to the payment of the following (collectively, the "**Carve-Out**"): (i) Statutory Fees (without regard to the Remedies Notice); (ii) all reasonable fees and expenses up to $25,000 incurred by a trustee under section 726(b) of the Bankruptcy Code (without regard to the Remedies Notice); (iii) the unpaid and outstanding reasonable fees and expenses actually incurred by Professionals on or after the Petition Date and through the day of delivery of a Remedies Notice under this Final Order, up to the amounts set forth for each Professional in the Approved Budget for such period, to the extent allowed by Court order and payable under sections 326, 328, 330 and 331 of the Bankruptcy Code and any interim procedures order; and (iv) the unpaid and outstanding reasonable fees and expenses actually incurred by the Professionals from or after the day following the delivery of a Remedies Notice under this Final Order, to the extent allowed by Court order and payable under sections 326, 328, 330, and 331 of the Bankruptcy Code and any interim procedures order, in an aggregate amount not to exceed $250,000 (the "**Post-Termination Carve-Out Cap**").

(c)    *Funding of Carve-Out Prior to Delivery of Remedies Notice.* Within five (5) business days of entry of this Final Order, the Debtors shall fund into the trust account for the Debtors' general bankruptcy counsel or other segregated reserve or escrow account not subject to the control of the Current Prepetition Secured Parties (the "**Carve-Out Account**") an amount equal to the total estimated Professionals fees, respectively, for the first two (2) weeks set forth in the Approved Budget and, thereafter, the Debtors are

Debtors:                Powin, LLC, *et al.*

Case No.                25-16137 (MBK)

Caption of Order: *Final Order (I) Authorizing Postpetition Use of Cash Collateral, (II) Granting
Adequate Protection to the Prepetition Secured Parties, and (III) Granting Related Relief*

authorized to transfer into the Carve-Out Account on a weekly basis cash in
an amount equal to the estimated Professionals fees for the next unfunded
week. Thereafter, the Debtors shall use such funds held in the Carve-Out
Account solely to pay Professionals fees as they become allowed and
payable pursuant to interim or final orders of the Court; *provided* that in no
way shall the Budget, the Carve-Out, the Carve-Out Account, the Post-
Termination Carve-Out Cap, or any other provision of this Final Order be
or shall be deemed to be construed as a cap or limitation on the amount of
Professional Fees due and payable by the Debtors or their estates as an
administrative expense under the Bankruptcy Code.

(d)     *Funding of Carve-Out Upon Delivery of Remedies Notice.* Upon delivery
of a Remedies Notice, the Debtors shall deposit into the Carve-Out Account
an aggregate amount equal to the sum of the Post-Termination Carve-Out
Cap plus (solely to the extent not already deposited) all unpaid and
outstanding reasonable fees and expenses actually incurred by all of the
Professionals prior to the delivery of the Remedies Notice in an amount not
to exceed the amounts set forth in the Approved Budget for the payment of
such Professionals through the date of delivery of the Remedies Notice. The
funds in the Carve-Out Account shall be used solely to pay Professional
Fees as and when allowed by order of the Court in accordance with
paragraph 10(b) above. To the extent the Court does not approve any of the
Professional Fees that were to be paid from funds segregated in the Carve-
Out Account, or any amounts in the Carve-Out Account are ultimately not
used for such purposes, such unused amounts shall be paid, *first*, to the
extent funded with Collateral (as defined in the Interim Cash Collateral
Order) or the proceeds therefrom, to the Prepetition Agent for application
to the Prepetition Secured Obligations (to the extent that the Prepetition
Liens are valid, enforceable, perfected, and non-avoidable and the
Prepetition Secured Obligations are valid, non-avoidable, and binding and
only so long as the Prepetition Secured Obligations are outstanding),
*second*, to the extent funded with DIP Loans, to the DIP Lender for
application to the DIP Obligations in accordance with the DIP Documents
until the DIP Obligations are Paid in Full (unless the DIP Lender has
otherwise agreed in writing), and, *third*, any excess remaining thereafter
shall be returned to the Debtors, subject to the rights, liens and claims, and
relative priorities thereof, of the Prepetition Secured Parties, the DIP Lender
or any other party in interest, as applicable.

(e)     Notwithstanding the provisions of this Final Order (including this paragraph
10), the Current Prepetition Secured Parties reserve the right to object to the
allowance of any fees and expenses, whether or not such fees and expenses
were incurred in accordance with the Approved Budget. The Current

(Page 26)

Debtors:          Powin, LLC, *et al.*

Case No.          25-16137 (MBK)

Caption of Order: *Final Order (I) Authorizing Postpetition Use of Cash Collateral, (II) Granting Adequate Protection to the Prepetition Secured Parties, and (III) Granting Related Relief*

> Prepetition Secured Parties shall not be responsible for the direct payment or reimbursement of any Professional Fees, any Statutory Fees or the fees or expenses of any other party incurred in connection with these Chapter 11 Cases or any Successor Case. The appearance of any Professional Fees in the Budget are for purposes of estimated accruals only and (x) shall not be deemed an authorization for the Debtors to pay any Professional Fees absent a Court order authorizing such payment and (y) shall not, in any way, be probative (or otherwise have any impact) with respect to the allowance of the payment of any such Professional Fees or any party's right to object to the payment of such Professional Fees. This Final Order does not, and shall not be deemed to, itself authorize the payment of any Professional Fees.

11.     ***Termination Events***.  Subject to the Remedies Notice Period (as defined herein), and subject to paragraph 11 herein, the Debtors' right to use the Cash Collateral pursuant to this Final Order shall cease on the Termination Date (as defined herein).  As used herein "**Termination Events**" means any of the events set forth in clauses (a) through (t) below (each such events a "**Termination Event**," and the date upon which such Termination Event occurs, the "**Termination Date**"):

(a)     the effective date of a chapter 11 plan of one or more of the Debtors;

(b)     the violation of any term of this Final Order by the Debtors (other than as described in clause (m) below) that is not cured within five (5) business days of receipt by the Debtors, counsel for any statutory committees appointed in these cases, and the U.S. Trustee of notice of such default, violation, or breach (which may be provided to the Debtors, counsel for the Official Committee, and the U.S. Trustee by email);

(c)     the entry of any order modifying, reversing, revoking, staying for a period in excess of five (5) business days, rescinding, vacating, or amending this Final Order without the express written consent of the Current Prepetition Secured Parties;

(d)     the filing by the Debtors of motion to dismiss any of the Chapter 11 Cases, or the entry of any order dismissing any of these Chapter 11 Cases (other than following the effective date of a chapter 11 plan) without the express written consent of the Current Prepetition Secured Parties, or a trustee under chapter 11 of the Bankruptcy Code or an examiner is appointed in any of the Chapter 11 Cases;

(Page 27)
Debtors:                    Powin, LLC, *et al.*
Case No.                  25-16137 (MBK)
Caption of Order: *Final Order (I) Authorizing Postpetition Use of Cash Collateral, (II) Granting*
*Adequate Protection to the Prepetition Secured Parties, and (III) Granting Related Relief*

(e)     the filing by the Debtors of a motion to convert any of these Chapter 11
        Cases to a case under chapter 7 or the entry of order converting any of these
        Chapter 11 Cases to a case under chapter 7 of the Bankruptcy Code, without
        the express written consent of the Current Prepetition Secured Parties;

(f)     the entry of an order appointing a chapter 11 trustee or an examiner with
        enlarged powers relating to the operation of the business of any Debtor
        (powers beyond those set forth in sections 1106(a)(3) and (a)(4) of the
        Bankruptcy Code) unless consented to by the Current Prepetition Secured
        Parties in writing;

(g)     the filing by the Debtors of any application, motion, or borrowing request
        seeking to use Cash Collateral on a non-consensual basis;

(h)     the entry of an order granting another claim or lien (except for the Permitted
        Prior Liens *pari passu* with or senior to (except as provided under this Final
        Order) the Prepetition Liens, Adequate Protection Liens, or Adequate
        Protection Superpriority Claims;

(i)     any motion, pleading, or proceeding is filed or is commenced by any Debtor
        seeking, or otherwise consenting to or supporting, (i) the invalidation,
        subordination, or other challenge to the Prepetition Secured Obligations, the
        Prepetition Liens, the Adequate Protection Liens, or the Adequate
        Protection Superpriority Claims or (ii) any relief under section 506(c) of the
        Bankruptcy Code with respect to any Prepetition Collateral or any
        Collateral, including the Cash Collateral, or against any of the Current
        Prepetition Secured Parties;

(j)     any Debtor files a motion, pleading, or proceeding that would, if the relief
        sought therein were granted, result in a Termination Event, and such
        motion, pleading, or proceeding is not dismissed or withdrawn (as
        applicable) within five (5) business days after receipt by the Debtors,
        counsel to any statutory committees appointed in these cases, and the U.S.
        Trustee of notice (which may be by email) that the Prepetition Agent has
        determined that such motion, pleading, or proceeding, if the relief sought
        therein were granted, would give rise to such a Termination Event; provided
        that if the Debtors receive the written consent of the Prepetition Agent to
        file such a motion, pleading, or proceeding than such action shall not be a
        violation of this clause (k);

(k)     the entry by this Court of an order granting relief from or modifying the
        automatic stay imposed by section 362 of the Bankruptcy Code to any
        entities other than the Current Prepetition Secured Parties with respect to
        the Prepetition Collateral or the Collateral with a value in excess of

(Page 28)

Debtors:                Powin, LLC, *et al.*

Case No.               25-16137 (MBK)

Caption of Order: *Final Order (I) Authorizing Postpetition Use of Cash Collateral, (II) Granting Adequate Protection to the Prepetition Secured Parties, and (III) Granting Related Relief*

$1,000,000 or without which the Debtors' ability to operate their business in the ordinary course would be materially and adversely affected, in either case without the written consent of the Current Prepetition Secured Parties;

(l)     the failure by the Debtors to make any payment required pursuant to this Final Order when due and such failure shall remain unremedied for more than three (3) business days after receipt by the Debtors, any statutory committees appointed in these cases, and the U.S. Trustee of written notice thereof from the Prepetition Agent;

(m)     the failure by the Debtors to deliver to any of the Notice Parties any of the documents or other information reasonably required to be delivered to such applicable party pursuant to this Final Order within five (5) business days following a request therefor from any of the Notice Parties pursuant to the terms of this Final Order; or any such documents or other information shall contain a material misrepresentation; provided that, such misrepresentation remains uncured for at least five (5) business days following written notice thereof from the Prepetition Agent;

(n)     the Debtors' failure to comply with an Approved Budget except with respect to Permitted Variance;

(o)     the failure of the Debtors to observe or perform any of the material terms or material provisions contained herein (other than as set forth in clause (m) above); *provided* that such failure remains uncured for at least five (5) business days following written notice thereof from the Prepetition Agent;

(p)     the filing by the Debtors of a plan of liquidation or a plan of reorganization that is not conditioned upon the payment of the Prepetition Secured Obligations and the Debtors' obligations with respect to the Adequate Protection granted hereunder, in full in cash, no later than the effective date of such chapter 11 plan (unless a chapter 11 plan is filed that provides for alternative treatment with the written consent of the Current Prepetition Secured Parties);

(q)     the Debtors sell, transfer, lease, encumber, or otherwise dispose of any portion of the Prepetition Collateral or Cash Collateral outside the ordinary course of business, other than the use of Cash Collateral pursuant to the terms of the Approved Budget (subject to the Permitted Variance) and the terms of this Final Order, without the prior written consent of the Current Prepetition Secured Parties (and no such consent shall be implied, from any other action, inaction or acquiescence by the Current Prepetition Secured Parties);

(Page 29)

Debtors:                Powin, LLC, *et al.*

Case No.               25-16137 (MBK)

Caption of Order: *Final Order (I) Authorizing Postpetition Use of Cash Collateral, (II) Granting Adequate Protection to the Prepetition Secured Parties, and (III) Granting Related Relief*

(r)  the entry of an order pursuant to which the Current Prepetition Secured Parties cease to have a valid and perfected first priority security interest in and lien on any Prepetition Collateral, junior only to any Permitted Prior Liens; or

(s)  this Final Order has been reversed, vacated, stayed, appealed or is subject to a request for re-argument, or rehearing in a way that, if granted, would be adverse to the Current Prepetition Secured Parties, without the express written consent (which consent may be documented by e-mail) of the Current Prepetition Secured Parties; or

(t)  the occurrence of an Event of Default under the DIP Documents, as defined in the *Interim Order (I) Authorizing the Debtors to Obtain Postpetition Operational Cash Flow Financing; (II) Granting Liens and Providing Superpriority Administrative Expense Claims; (III) Modifying the Automatic Stay; and (IV) Granting Related Relief* [Docket No. 169] (the "**Interim DIP Order**") or the Final Order (as defined in the Interim DIP Order) (**"Final DIP Order"**), whichever such order is then in effect.

12.  ***Remedies Upon Termination Event***.  Upon the occurrence or during the continuation of a Termination Event, the Current Prepetition Secured Parties may send written notice (the "**Remedies Notice**"), email being sufficient, to counsel to the Debtors, counsel to any statutory committees appointed in these cases, and the U.S. Trustee (the "**Remedies Notice Parties**") that a Termination Event has occurred, and, prior to taking any enforcement action, the Current Prepetition Secured Parties shall file with the Court and seek an emergency hearing (the "**Stay Relief Hearing**") upon no less than three (3) business days' notice (unless the Debtors, any statutory committees appointed in these cases, the U.S. Trustee, and the Current Prepetition Secured Parties agree to request that the Court conduct the Stay Relief Hearing on shorter notice) to the Remedies Notice Parties (the "**Remedies Notice Period**") to determine whether a Termination Event has occurred.  The Debtors shall not object to the Stay Relief Hearing being held on such shortened notice.  During the Remedies Notice Period, the Debtors may object to the

(Page 30)

Debtors:             Powin, LLC, *et al.*

Case No.             25-16137 (MBK)

Caption of Order: *Final Order (I) Authorizing Postpetition Use of Cash Collateral, (II) Granting Adequate Protection to the Prepetition Secured Parties, and (III) Granting Related Relief*

termination of the consensual use of Cash Collateral on any basis and may seek the non-consensual use of Cash Collateral, subject to the Current Prepetition Secured Parties' rights to object to, or otherwise oppose, any such non-consensual use and to seek adequate protection in connection therewith.  Notwithstanding anything to the contrary in the foregoing or otherwise in this Final Order, during the Remedies Notice Period, the Debtors may use Cash Collateral to pay only such amounts set forth in the Approved Budget that the Debtors have determined in good faith are in the ordinary course and are critical to the preservation of the Debtors and their estates or are otherwise approved in advance in writing by the Current Prepetition Secured Parties.  Following the Stay Relief Hearing, and upon the Court's determination that a Termination Event has occurred, the Court may fashion an appropriate remedy.  Prior to entry of the relevant order, the Current Prepetition Secured Parties shall not (i) terminate, restrict and/or revoke the Debtors' right under this Final Order to use any Cash Collateral, (ii) freeze monies or balances in the Debtors' accounts, (iii) otherwise enforce any and all rights against the Prepetition Collateral, and (iv) take any other actions or exercise any other rights or remedies permitted under this Final Order or applicable law.  For the avoidance of doubt, during the Remedies Notice Period, unless otherwise ordered by the Court, the Automatic Stay under section 362 of the Bankruptcy Code shall remain in effect.

13.     ***Fees****.*  As additional adequate protection, the Debtors are authorized and directed to pay all fees, costs, and expenses incurred by the Current Prepetition Secured Parties (other than the Excepted Prepetition Lenders) in connection with the Prepetition Loan Documents and these Chapter 11 Cases, including, but not limited to, the postpetition fees and disbursements of legal counsel, financial advisors and other consultants (including, without limitation, Faegre Drinker

(Page 31)

Debtors:                Powin, LLC, *et al.*

Case No.                25-16137 (MBK)

Caption of Order: *Final Order (I) Authorizing Postpetition Use of Cash Collateral, (II) Granting Adequate Protection to the Prepetition Secured Parties, and (III) Granting Related Relief*

Biddle & Reath LLP and Reed Smith LLP), which fees, costs, and expenses (i) may include the fees, costs, and expenses incurred on or before the date hereof in connection with the evaluation by the Current Prepetition Secured Parties to submit a bid in connection with the Debtors' ongoing sale process, but shall exclude (ii) any fees, costs, or expenses incurred after the date hereof that any bidder, other than any stalking horse bidder, would be excluded from seeking reimbursement for under the sale procedures established by order of this Court. Notwithstanding anything to the contrary herein, the fees, costs, and expenses of the Current Prepetition Secured Parties shall be deemed fully earned, non-refundable, irrevocable, and non-avoidable and may be included in any credit bid of the Current Prepetition Secured Parties under Section 15 of this Final Order. All unpaid fees, costs, and expenses of the Current Prepetition Secured Parties (other than the Excepted Prepetition Lenders) ("**Accrued Lender Fees**") shall constitute Adequate Protection Obligations and shall be: payable on the earlier of (a) the closing of a sale of substantially all of the Debtors' assets to any party other than the Current Prepetition Secured Parties or their designee and (b) a Termination Event. None of the Accrued Lender Fees shall be subject to further application to or approval of this Court, and shall not be subject to allowance or review by this Court or subject to the U.S. Trustee's fee guidelines, and no attorney or advisor to the Current Prepetition Secured Parties shall be required to file an application seeking compensation for services or reimbursement of expenses with this Court; *provided, however*, that copies of any invoices with respect to Accrued Lender Fees shall be provided to the Debtors, the U.S. Trustee, and counsel to the Official Committee (together with the Debtors, the "**Review Parties**") and such invoices shall include a general description of the nature of the matters worked on, a list of professionals who worked on the matter, their hourly rate (if such professionals bill at an hourly

(Page 32)

Debtors:                    Powin, LLC, *et al.*

Case No.                    25-16137 (MBK)

Caption of Order: *Final Order (I) Authorizing Postpetition Use of Cash Collateral, (II) Granting Adequate Protection to the Prepetition Secured Parties, and (III) Granting Related Relief*

rate), the number of hours each professional billed and, with respect to the invoices of law firms, the year of law school graduation for each attorney; provided, however, that the U.S. Trustee reserves the right to seek copies of invoices containing the detailed time entries of any professional; *provided, further*, however, that such invoices may be redacted or modified to the extent necessary to delete any information subject to the attorney-client privilege, any information constituting attorney work product, or any other confidential information, and the provision of such invoices shall not constitute a waiver of the attorney-client privilege or any benefits of the attorney work product doctrine (the U.S. Trustee shall be provided with unredacted copies of such invoices upon request). Any objections raised by any Review Party with respect to such invoices must be in writing and state with particularity the grounds therefor and must be submitted to the affected professional within ten (10) calendar days after delivery of such invoices to the Review Parties (such ten (10) day calendar period, the "**Review Period**"). If no written objection is received prior to the expiration of the Review Period from the Review Parties, the Accrued Lender Fees with respect to such invoices shall become payable on the day immediately following the last day of the Review Period; provided that if an objection is received within the Review Period, the undisputed amount of the invoice shall be payable on the day immediately following the last day of the Review Period, and the disputed portion of such invoice shall be payable when the dispute is resolved by agreement between the affected professional and the objecting party or by order of this Court. Any hearing to consider such an objection to the payment of any Accrued Lender Fees set forth in a professional fee invoice hereunder shall be limited to the reasonableness of the Accrued Lender Fees that are the subject of such objection. All Accrued Lender Fees shall be secured by the Adequate Protection Liens and afforded all of the priorities and protections afforded

(Page 33)

Debtors:                    Powin, LLC, *et al.*

Case No.                   25-16137 (MBK)

Caption of Order: *Final Order (I) Authorizing Postpetition Use of Cash Collateral, (II) Granting Adequate Protection to the Prepetition Secured Parties, and (III) Granting Related Relief*

to the Adequate Protection Obligations in this Final Order.  Notwithstanding anything to the contrary herein, and subject to the above concerning payments to attorneys or advisors to the Current Prepetition Secured Parties, the Accrued Lender Fees shall be deemed fully earned, non-refundable, irrevocable, and non-avoidable.

14.    ***Payments Free and Clear***.  Pursuant to the provisions of this Final Order (including the Carve-Out), any and all payments or proceeds remitted to the Current Prepetition Secured Parties, pursuant to the provisions of this Final Order or any subsequent order of this Court, shall be irrevocable, received free and clear of any claim, charge, assessment or other liability, including without limitation, any such claim or charge arising out of or based on, directly or indirectly, section 506(c) of the Bankruptcy Code (whether asserted or assessed by, through or on behalf of the Debtor) or section 552(b) of the Bankruptcy Code.

15.    ***Credit Bid***.  The Current Prepetition Lenders (either directly or through the Prepetition Agent at the direction of the Current Prepetition Lenders) shall have the right to credit bid, including through one or more acquisition vehicles, up to the full amount of their portion of the outstanding Prepetition Secured Obligations (as to their Prepetition Collateral or Adequate Protection Collateral, as applicable), inclusive of their portion of any unpaid Adequate Protection Obligations, in connection with any sale of all or any portion of the Prepetition Collateral or Adequate Protection Collateral, including any sale occurring pursuant to section 363 of the Bankruptcy Code or included as part of any chapter 11 plan subject to confirmation under section 1129(b)(2)(A)(ii)-(iii) of the Bankruptcy Code, by the Debtors, by a chapter 7 trustee under section 725 of the Bankruptcy Code, or otherwise, without the need for further court order authorizing the same, except to the extent ordered otherwise by the Court on motion following the filing of a

(Page 34)

Debtors:                          Powin, LLC, *et al.*

Case No.                          25-16137 (MBK)

Caption of Order: *Final Order (I) Authorizing Postpetition Use of Cash Collateral, (II) Granting Adequate Protection to the Prepetition Secured Parties, and (III) Granting Related Relief*

motion or adversary proceeding pursuant to Paragraph 22 prior to the Challenge Deadline. The Debtors shall not object to any such credit bidding up to the full amount of the outstanding Prepetition Secured Obligations and any unpaid Adequate Protection Obligations, whether such sale is effectuated through sections 363 or 1129 of the Bankruptcy Code, by a chapter 7 trustee under section 725 of the Bankruptcy Code, or otherwise. If any Current Prepetition Secured Party (either directly or through one or more acquisition vehicles) makes a credit bid in connection with any auction or other sale process relating to the sale or other disposition of any Prepetition Collateral or Adequate Protection Collateral subject to the terms herein, then for purposes of such auction or sale process or any applicable order of this Court, such Current Prepetition Secured Party shall automatically be deemed a "qualified bidder" / "acceptable bidder" and its bid shall be a "qualified bid" regardless of whether any qualified bidder / acceptable bidder or qualified bid requirements are satisfied. In connection with the foregoing, the Current Prepetition Secured Parties shall have the right to assign their respective rights to "credit bid" all or any portion of their applicable outstanding Prepetition Secured Obligation, and any unpaid Adequate Protection Obligations related thereto, to any third party, including a newly formed acquisition vehicle.

16.        ***Limitation on Charging Expenses Against Collateral***.  All rights to surcharge the interests of the Current Prepetition Secured Parties in any Prepetition Collateral or any Collateral under section 506(c) of the Bankruptcy Code or any other applicable principle or equity or law shall be and are hereby finally and irrevocably waived, and such waiver shall be binding upon the Debtors and all parties in interest in the Chapter 11 Cases.

17.        ***No Marshalling; 552(b) Waiver***.  The Current Prepetition Secured Parties shall not be subject to the equitable doctrine of "marshaling" or any other similar doctrine with respect to

US_ACTIVE\130655067

(Page 35)

Debtors:                Powin, LLC, *et al.*

Case No.              25-16137 (MBK)

Caption of Order: *Final Order (I) Authorizing Postpetition Use of Cash Collateral, (II) Granting Adequate Protection to the Prepetition Secured Parties, and (III) Granting Related Relief*

any of the Prepetition Collateral or the Collateral, as the case may be. The Current Prepetition Secured Parties shall each be entitled to all of the rights and benefits of section 552(b) of the Bankruptcy Code, and, the "equities of the case" exception under section 552(b) of the Bankruptcy Code shall not apply to the Current Prepetition Secured Parties with respect to proceeds, products, offspring, or profits of any of the Prepetition Collateral or the Collateral.

18.    ***Reservation of Rights of the Current Prepetition Secured Parties***. Notwithstanding any other provision hereof, the grant of adequate protection to the Current Prepetition Secured Parties pursuant to this Final Order shall not be deemed an admission that the interests of such Current Prepetition Secured Parties are indeed adequately protected, and is without prejudice to the right of the Current Prepetition Secured Parties to seek additional relief with respect to the use of Prepetition Collateral (including Cash Collateral), or to seek modification of the grant of adequate protection provided hereby so as to provide different or additional adequate protection. Nothing herein shall be deemed to waive, modify, or otherwise impair the respective rights of the Prepetition Secured Parties under the Prepetition Loan Documents or under applicable law, and the Prepetition Secured Parties expressly reserve all of their respective rights and remedies whether now existing or hereafter arising under the Prepetition Loan Documents and/or applicable law. Without limiting the foregoing, nothing contained in this Final Order shall impair or modify the application of section 507(b) of the Bankruptcy Code in the event that the adequate protection provided hereunder is insufficient to compensate the Current Prepetition Secured Parties for any Diminution in Value during the Chapter 11 Cases.

19.    ***Rights Preserved***. Notwithstanding anything herein to the contrary, the entry of this Final Order is without prejudice to, and does not constitute a waiver of, expressly or implicitly:

US_ACTIVE\130655067

(Page 36)

Debtors:                 Powin, LLC, *et al.*

Case No.                 25-16137 (MBK)

Caption of Order: *Final Order (I) Authorizing Postpetition Use of Cash Collateral, (II) Granting Adequate Protection to the Prepetition Secured Parties, and (III) Granting Related Relief*

(a) the rights of the Prepetition Secured Parties to seek any other or supplemental relief in respect of the Debtors; (b) the rights of the Prepetition Secured Parties under the Prepetition Loan Documents, the Bankruptcy Code or applicable non-bankruptcy law, including, without limitation, the right to (i) request modification of the automatic stay of section 362 of the Bankruptcy Code, (ii) request dismissal of any of the Chapter 11 Cases, conversion of any or all of the Chapter 11 Cases to a case under chapter 7, or appointment of a chapter 11 trustee or examiner with expanded powers, or (iii) propose, subject to the provisions of section 1121 of the Bankruptcy Code, a chapter 11 plan or plans; or (c) any other rights, claims, or privileges (whether legal, equitable or otherwise) of the Prepetition Secured Parties.  Notwithstanding anything herein to the contrary, the entry of this Final Order is without prejudice to, and does not constitute a waiver of, expressly or implicitly, the Debtors' or any party in interest's right to oppose any of the relief requested in accordance with the immediately preceding sentence, except as expressly set forth in this Final Order.

20.    ***Modification of Automatic Stay***.  The Debtors are authorized to perform all acts and to make, execute, and deliver any and all instruments as may be reasonably necessary to implement the terms and conditions of this Final Order and the transactions contemplated hereby. The stay of section 362 of the Bankruptcy Code is hereby modified to permit the parties to accomplish the transactions contemplated by this Final Order.

21.    ***Survival***.  The provisions of this Final Order shall be binding upon any trustee appointed during the Chapter 11 Cases or upon a conversion to cases under chapter 7 of the Bankruptcy Code, and any actions taken pursuant hereto shall survive entry of any order which may be entered converting the Chapter 11 Cases to chapter 7 cases, dismissing the Chapter 11

(Page 37)

Debtors:                Powin, LLC, *et al.*

Case No.            25-16137 (MBK)

Caption of Order: *Final Order (I) Authorizing Postpetition Use of Cash Collateral, (II) Granting Adequate Protection to the Prepetition Secured Parties, and (III) Granting Related Relief*

Cases under section 1112 of the Bankruptcy Code or otherwise.  The terms and provisions of and the priorities in payments, liens, and security interests granted pursuant to, this Final Order, shall continue notwithstanding any conversion of any of the Chapter 11 Cases to a case under chapter 7 of the Bankruptcy Code, or the dismissal of any of the Chapter 11 Cases.  Payments made pursuant to this Final Order shall not be subject to counterclaim, setoff, subordination, recharacterization, defense or avoidance in any of the Chapter 11 Cases or any Successor Case.

22.      ***Effect of Stipulations on Third Parties***.

(a)      Notwithstanding anything to the contrary in the Interim Order, the Debtors' stipulations, admissions, agreements, and releases contained in paragraph F of this Final Order (collectively, the "**Stipulations**") shall be immediately binding upon the Debtors and their estates in all circumstances and for all purposes and shall replace the Stipulations in the Interim Order for all purposes.  The Debtors' Stipulations shall be binding upon all other creditors, parties in interest and all of their respective successors and assigns (including without limitation, any statutory committees appointed in the Chapter 11 Cases) and any other person or entity acting or seeking to act on behalf of the Debtors' estates, in all circumstances and for all purposes, unless: (a) such committee or any other party in interest, in each case with requisite standing (subject in all respects to any agreement or applicable law that may limit or affect such entity's right or ability to do so) has timely filed an adversary proceeding or contested matter (subject to the limitations contained herein, including, *inter alia*, in this paragraph) including but not limited to in the case of a statutory committee a motion seeking standing and authority to assert a Challenge (other than the assertion of an Excepted Claim (as defined below)) by no later than (i) (x) July 24, 2025, and (y) if the Chapter 11 Cases convert to chapter 7, solely for a Chapter 7 trustee, and solely in the event that

US_ACTIVE\130655067

(Page 38)

Debtors:                 Powin, LLC, *et al.*

Case No.                 25-16137 (MBK)

Caption of Order: *Final Order (I) Authorizing Postpetition Use of Cash Collateral, (II) Granting Adequate Protection to the Prepetition Secured Parties, and (III) Granting Related Relief*

the Challenge Period for all other parties has not yet expired, 15 calendar days from the date of such Chapter 7 trustee's appointment; (ii) any such later date as has been agreed to, in writing, by the requisite Current Prepetition Secured Parties under the applicable Prepetition Loan Documents; or (iii) any such later date as has been ordered by the Court for cause upon a motion filed and served within the time period set forth in this paragraph (the time period established by the foregoing clauses (i), (ii), and (iii), the "**Challenge Period**") (A) objecting to or challenging the amount, validity, perfection, enforceability, priority or extent of the Prepetition Loan Documents, the Prepetition Secured Obligations, or the Prepetition Liens, or (B) otherwise asserting or prosecuting any claim or Cause of Action, including any action for preferences, fraudulent transfers or conveyances, recharacterization, subordination, disgorgement, offset, objections, contests, defenses, or other challenges (collectively, the "**Challenges**") against any of the Prepetition Secured Parties or any of their Representatives (in each case, in their respective capacities as such) arising under, in connection with, or related to the Prepetition Loan Documents, the Prepetition Secured Obligations, the Prepetition Liens, or the Prepetition Collateral, and (b) there is a final non-appealable order in favor of the plaintiff sustaining any such Challenge in any such timely filed adversary proceeding or contested matter; *provided, however*, as to the Debtors, any and all such Challenges are hereby irrevocably waived and relinquished; *provided, further*, that any pleadings filed in connection with any Challenge shall set forth with specificity the basis for such Challenge or claim and any Challenges or claims not so specified prior to the expiration of the Challenge Period shall be deemed forever, waived, released and barred; *provided, further*, that any motion filed with the Court seeking requisite standing and authority to pursue a Challenge must include a draft complaint attached thereto. If no such

(Page 39)

Debtors:            Powin, LLC, *et al.*

Case No.            25-16137 (MBK)

Caption of Order: *Final Order (I) Authorizing Postpetition Use of Cash Collateral, (II) Granting Adequate Protection to the Prepetition Secured Parties, and (III) Granting Related Relief*

Challenge is timely and properly filed during the Challenge Period or if the Court does not rule in favor of the plaintiff in any such proceeding then: (a) the Debtors' Stipulations contained in this Final Order shall be binding on all parties in interest, including, without limitation, any statutory committees appointed in these Chapter 11 Cases, any non-statutory committees appointed or formed in the Chapter 11 Cases, or any other party in interest, whether acting or seeking to act on behalf of the Debtors' estates or otherwise, including, without limitation, any chapter 7 trustee or chapter 11 trustee or examiner appointed or elected for any of the Debtors in the Chapter 11 Cases or any Successor Cases, (b) the Prepetition Secured Obligations shall constitute allowed claims, the Prepetition Loan Documents shall be deemed valid and enforceable, and the Prepetition Liens shall be deemed to be legal, valid, binding, continuing, perfected, and enforceable, in each case, against each of the Debtors in the Chapter 11 Cases and any Successor Cases, and (c) the Prepetition Secured Obligations, the Prepetition Liens, and the Prepetition Loan Documents shall not be subject to any other or further claim, Cause of Action, or Challenge, whether arising under the Bankruptcy Code or otherwise, by any statutory committees appointed in these cases, any non-statutory committees appointed or formed in the Chapter 11 Cases, or any other party in interest, whether acting or seeking to act on behalf of the Debtors' estates or otherwise, including, without limitation, any chapter 7 trustee or chapter 11 trustee or examiner appointed or elected for any of the Debtors in the Chapter 11 Cases or any Successor Cases, against any of the Prepetition Secured Parties or any of their Representatives (in each case, in their respective capacities as such) arising under, in connection with, or relating to the Prepetition Loan Documents, the Prepetition Liens, or the Prepetition Secured Obligations, and each such claim, Cause of Action, or Challenge shall be deemed forever waived, released and barred.  If any such Challenge is timely filed during the

US_ACTIVE\130655067

(Page 40)

Debtors:                    Powin, LLC, *et al.*

Case No.              25-16137 (MBK)

Caption of Order: *Final Order (I) Authorizing Postpetition Use of Cash Collateral, (II) Granting Adequate Protection to the Prepetition Secured Parties, and (III) Granting Related Relief*

Challenge Period, the Stipulations shall nonetheless remain binding and preclusive (as provided in the second sentence of this paragraph) on any statutory committees appointed in these Chapter 11 Cases, and on any other person or entity, except to the extent that such Stipulations were expressly and successfully challenged in such Challenge as set forth in a final, non-appealable order of court of competent jurisdiction.

(b)      Notwithstanding anything to the contrary in this Final Order, and for the reasons set forth on the record at the hearing conducted on July 15, 2025, (i) the Challenge Period shall not apply to any claim or Cause of Action brought by any statutory committees appointed in the Chapter 11 Cases or other party in interest against any Excepted Prepetition Lender (as defined in paragraph F(2)) to the extent the remedy sought with respect to such claim or Cause of Action is limited exclusively to the recovery of money damages from an Excepted Prepetition Lender (an **"Excepted Claim"**), (ii) the Stipulations shall not constitute an adjudication or be construed to resolve or adjudicate in any way the Excepted Claim, and shall have no *res judicata* or collateral estoppel effect, nor shall the Stipulations constitute a trial or hearing on the merits or an adjudication or judgment as to any Excepted Claim, and (iii) failure to raise an Excepted Claim prior to the expiration of the Challenge Period shall not release or constitute a waiver of any Excepted Claim.

(c)      Nothing in this Final Order vests or confers on any Person (as defined in the Bankruptcy Code), including any statutory committees appointed in these Chapter 11 Cases or any other person or entity, standing or authority to pursue any claim or Cause of Action belonging to the Debtors or their estates and all rights to object to such standing are expressly reserved.  The filing of a motion seeking standing to file a Challenge action before expiration of the Challenge

US_ACTIVE\130655067

(Page 41)

Debtors:              Powin, LLC, *et al.*

Case No.              25-16137 (MBK)

Caption of Order: *Final Order (I) Authorizing Postpetition Use of Cash Collateral, (II) Granting Adequate Protection to the Prepetition Secured Parties, and (III) Granting Related Relief*

Period, which attaches a proposed complaint, shall extend the Challenge Period with respect to that party until two (2) business days after the Court approves the standing motion, or such other time period ordered by the Court in approving the standing motion.

(d)      The Prepetition Secured Lenders stipulate and agree that each of the Prepetition Secured Lenders will not raise as a defense in connection with any Challenge the inability of creditors to file derivative suits on behalf of limited liability companies.

23.      ***Limitations on Use of Cash Collateral or Other Funds***.  Notwithstanding anything contained in this Final Order or any other order of the Court to the contrary, no Prepetition Collateral, Cash Collateral, proceeds of any of the foregoing, or any other amounts may be used (nor shall any professional fees or expenses be applied, financed, or paid in connection with), directly or indirectly, by any of the Debtors, any statutory committees appointed in these cases, or any trustee or other estate representative (including a chapter 11 or chapter 7 trustee) appointed or elected in the Chapter 11 Cases or any Successor Cases, or any other person or entity, in connection with: (a) any investigation (including by way of examinations or discovery proceedings, whether formal or informal), initiation, preparation, assertion, initiation, joining or prosecution of any claims, Causes of Action, challenges defenses, suits, counterclaims, contested matters, adversary proceedings or other litigation (whether in law or equity, for monetary, injunctive or other affirmative relief) against any of the Current Prepetition Secured Parties or their Representatives with respect to any transaction, occurrence, omission, action or other matter arising under, in connection with or related to this Final Order, the Adequate Protection Liens, the Adequate Protection Claims, the Adequate Protection Obligations, the Prepetition Liens, the Prepetition Secured Obligations, the Prepetition Loan Documents, or the transactions contemplated herein or

(Page 42)

Debtors:                   Powin, LLC, *et al.*

Case No.                   25-16137 (MBK)

Caption of Order: *Final Order (I) Authorizing Postpetition Use of Cash Collateral, (II) Granting Adequate Protection to the Prepetition Secured Parties, and (III) Granting Related Relief*

therein, including, without limitation, challenging the amount, validity, perfection, priority or enforceability of, or asserting any defense, counterclaim or offset to, or seeking to avoid, marshal, subordinate or recharacterize, in whole or in part, any of the Adequate Protection Liens, the Adequate Protection Claims, the Adequate Protection Obligations, the Prepetition Liens, or the Prepetition Secured Obligations or any of the obligations, liens, security interests, claims, rights granted hereunder or under the Prepetition Loan Documents, including, in each case, without limitation, any claim or Cause of Action seeking or asserting (i) so-called "lender liability" against Current Prepetition Secured Parties, (ii) Avoidance Actions, or (iii) the modification of any of the rights, remedies, priorities, privileges, protections or benefits granted to the Current Prepetition Secured Parties under this Final Order or under any of the Prepetition Loan Documents, (b) objecting to or seeking to prevent, hinder or otherwise delay any of the Current Prepetition Secured Parties' assertion, enforcement, exercise of remedies or realization upon any Prepetition Collateral in accordance with this Final Order or the Prepetition Loan Documents, (c) seeking or applying to the Court for authority to approve superpriority claims or grant liens or security interests in any portion of the Prepetition Collateral that are senior to or *pari passu* with the Adequate Protection Liens, the Adequate Protection Claims, or the Prepetition Liens, unless all Prepetition Secured Obligations have been paid in full or as otherwise agreed in writing by the Prepetition Agent, or (d) seeking to pay any amount on account of any claims arising before the commencement of these Chapter 11 Cases, unless such payments are agreed to in writing by the Prepetition Agent (or are otherwise included in the Approved Budget); *provided, however*, that no more than $100,000 (the "**Investigation Budget**") in the aggregate may be used for fees and expenses incurred (to the extent allowed by the Court at any time) by any statutory committees appointed in these cases to

(Page 43)

Debtors:                    Powin, LLC, *et al.*

Case No.                 25-16137 (MBK)

Caption of Order: *Final Order (I) Authorizing Postpetition Use of Cash Collateral, (II) Granting Adequate Protection to the Prepetition Secured Parties, and (III) Granting Related Relief*

investigate, but not object to, challenge, prosecute or litigate (including by way of formal discovery), the validity, enforceability, perfection and priority of the Prepetition Liens, the Prepetition Secured Obligations, and the Prepetition Loan Documents during the Challenge Period; *provided, that*, none of the limitations set forth in this paragraph 23 apply to Collateral following repayment of the Prepetition Secured Obligations in full.

24.     ***No Third-Party Rights.***  Except as explicitly provided for herein, this Final Order does not create any rights for the benefit of any third party, creditor, equity holder, or any direct, indirect, or incidental beneficiary.

25.     ***Binding Effect.***  From and after entry of this Final Order by the Court, the provisions of this Final Order, including all findings and conclusions of law herein (subject to paragraph 22 of this Final Order), shall be binding upon the Debtors, all creditors of the Debtors, and all parties in interest in the Chapter 11 Cases and any Successor Cases, including without limitation, the Prepetition Secured Parties, any statutory committee appointed in the Chapter 11 Cases, and their respective successors and assigns, including any chapter 11 trustee or chapter 7 trustee hereinafter appointed or elected for the estate of any Debtor, an examiner appointed pursuant to section 1104 of the Bankruptcy Code, or any other fiduciary appointed as a legal representative of any of the Debtor or with respect to the property of the estate of any of the Debtors, and shall inure to the benefit of the each of the Debtors, the Current Prepetition Secured Parties, and their respective successors and assigns; *provided* that, except to the extent expressly set forth in this Final Order, the Current Prepetition Secured Parties shall have no obligation to permit the use of Prepetition Collateral (including Cash Collateral) by any chapter 11 trustee or

(Page 44)

Debtors:                     Powin, LLC, *et al.*

Case No.                     25-16137 (MBK)

Caption of Order: *Final Order (I) Authorizing Postpetition Use of Cash Collateral, (II) Granting Adequate Protection to the Prepetition Secured Parties, and (III) Granting Related Relief*

chapter 7 trustee or similar responsible person appointed for the estate of any Debtor in the Chapter 11 Cases or any Successor Cases.

26.    ***Specific Reservation of Rights.***    Notwithstanding anything to the contrary in this Order or the Prepetition Loan Documents, (i) the Adequate Protections Liens shall not attach to any assets that are not and do not become property of the Debtors' estates under section 541 of the Bankruptcy Code; (ii) nothing in this Order limits intellectual property licensees' rights under section 365(n) of the Bankruptcy Code or excuses the Debtors from performance of any obligations under executory contracts for which rejection has not yet been approved by an order of this Court; and (iii) nothing in the Order shall limit, impair, prejudice, modify, waive, or otherwise affect any lien under any applicable law, including, without limitation, the maritime, other possessory, and/or statutory liens held by Mainfreight Distribution Pty Ltd (together with its parent, subsidiary, or any other affiliates, **"Mainfreight"**) that constitutes a Permitted Prior Lien, nor shall this Order be deemed to constitute consent by Mainfreight to the use of any goods or property (or the proceeds thereof) which are located in any facility, warehouse, or other storage location owned, operated, or controlled by Mainfreight, nor shall it constitute a waiver of any right of Mainfreight to adequate protection under applicable law.

27.    ***Proofs of Claim***.    The Prepetition Secured Parties shall not be required to file proofs of claim in any of the Chapter 11 Cases or any of the Successor Cases in order to assert claims for payment in respect of the Adequate Protection Obligations or Prepetition Secured Obligations. The Stipulations, acknowledgments, and provisions of this Final Order are deemed sufficient to and do constitute timely filed proofs of claim in respect of such claims arising under the Adequate Protection Obligations or Prepetition Secured Obligations against each of the applicable Debtors.

(Page 45)

Debtors:                 Powin, LLC, *et al.*

Case No.            25-16137 (MBK)

Caption of Order: *Final Order (I) Authorizing Postpetition Use of Cash Collateral, (II) Granting Adequate Protection to the Prepetition Secured Parties, and (III) Granting Related Relief*

Any order entered by the Court establishing a bar date in any of the Chapter 11 Cases or any Successor Chapter 11 Cases shall not apply to the Current Prepetition Secured Parties or the Prepetition Secured Obligations; *provided* that, notwithstanding any order entered by the Court establishing a bar date in any of the Chapter 11 Cases or any Successor Cases to the contrary, the Prepetition Agent (on behalf of itself and the other Current Prepetition Secured Parties), may (but is not required to) in its discretion file (and amend and/or supplement) a proof of claim and/or aggregate proofs of claim in each of the Chapter 11 Cases or any Successor Cases, and any such proof of claim may (but is not required to be) filed as one consolidated master proof of claim in the Debtors' lead Chapter 11 Case against all of the Debtors, which shall be deemed to have been filed against each and every Debtor. Such consolidated or master proofs of claim shall not be required to attach any instruments, agreements or other documents evidencing the obligations owing by each of the Debtors to the applicable party, which instruments, agreements, or other documents will be provided upon reasonable written request to the Prepetition Agent. Any proof of claim filed by or on behalf of any of the Current Prepetition Secured Parties shall be deemed to be in addition to (and not in lieu of) any other proof of claim that may be filed by any such persons. The provisions set forth in this paragraph are intended solely for the purpose of administrative convenience and shall not affect the substantive rights of any party-in-interest or their respective successors-in-interest.

28.     ***Effectiveness***.  This Final Order shall be immediately effective and enforceable upon its entry and there shall be no stay of execution or effectiveness of this Final Order.

29.     ***Headings***.  The headings in this Final Order are for purposes of reference only and shall not limit or otherwise affect the meaning of this Final Order.

(Page 46)

Debtors:              Powin, LLC, *et al.*

Case No.              25-16137 (MBK)

Caption of Order: *Final Order (I) Authorizing Postpetition Use of Cash Collateral, (II) Granting
Adequate Protection to the Prepetition Secured Parties, and (III) Granting Related Relief*

30.     ***Retention of Jurisdiction.***   The Court retains exclusive jurisdiction with respect to
all matters arising from or related to the implementation, interpretation, and enforcement of this
Final Order.

31.     ***Notice of Entry of Final Order.***   The Debtors shall promptly serve copies of this
Final Order to the parties have been given notice of the Final Hearing, to any party that has filed a
request for notices with this Court and to any Official Committee.

**<u>Exhibit 1</u>**

**Initial Budget**

# DIP Budget

*Amounts in '000s*

| | DIP Budget | | | | | |
| --- | --- | --- | --- | --- | --- | --- |
| Week # | 1 | 2 | 3 | 4 | 5 | 5 Week |
| Week End | 7/18 | 7/25 | 8/1 | 8/8 | 8/15 | |
| **Servicing Receipts** | 5,350 | - | - | - | - | 6,350 |
| **Non-Servicing Receipts** | - | - | - | 1,000 | - | 1,000 |
| Payroll & Benefits | (956) | (103) | (646) | (103) | (2,297) | (4,104) |
| Rent/Utilities | (240) | - | (329) | - | - | (568) |
| Software & IT | (542) | - | (55) | (408) | - | (1,004) |
| Miscellaneous | (375) | (375) | (375) | (375) | (375) | (1,875) |
| **Total Operating Expenses** | (2,112) | (478) | (1,404) | (886) | (2,672) | (7,552) |
| Professional Fees | (5,863) | (3,557) | (1,537) | (1,537) | (1,507) | (14,000) |
| US Trustee Fees | (254) | - | (50) | - | - | (304) |
| Other Non-Operating Expenses | - | - | - | (190) | - | (190) |
| **Total Operating Expenses** | (6,117) | (3,557) | (1,587) | (1,727) | (1,507) | (14,494) |
| **Total Expenses** | (8,230) | (4,035) | (2,991) | (2,612) | (4,179) | (22,046) |
| **Net Cash Flow** | (2,880) | (4,035) | (2,991) | (1,612) | (4,179) | (15,696) |
| Minimum Winning Bidder Cash at Closing | | | | | | |
| Senior Secured Loan - Ending Balance | 19,002 | 19,069 | 19,137 | 19,605 | 14,606 | 14,606 |
| **Beginning DIP Balance** | 10,018 | 15,441 | 15,453 | 15,465 | 23,394 | 10,018 |
| DIP Funding | 5,000 | - | - | 7,500 | - | 12,500 |
| DIP Fees | 413 | - | - | 413 | - | 825 |
| DIP Interest (PIK) | 10 | 12 | 12 | 17 | - | 51 |
| DIP Credit Bid | - | - | - | - | (23,394) | (23,394) |
| **Ending DIP Balance** | 15,441 | 15,453 | 15,465 | 23,394 | - | - |
| **Total Beginning Cash Balance** | 25,341 | 27,461 | 23,427 | 20,436 | 26,324 | 25,341 |
| Net Cash Flow | (2,880) | (4,035) | (2,991) | (1,612) | (4,179) | (15,696) |
| Minimum Winning Bidder Cash at Closing | - | - | - | - | 14,606 | 14,606 |
| DIP Financing | 5,000 | - | - | 7,500 | - | 12,500 |
| Senior Secured Loan Paydown | - | - | - | - | (19,619) | (19,619) |
| **Total Ending Cash Balance** | 27,461 | 23,427 | 20,436 | 26,324 | 17,132 | 17,132 |
| Less AR Control | 9,006 | 9,006 | 9,006 | 10,006 | - | - |
| **Total Unrestricted Cash** | 18,455 | 14,420 | 11,430 | 16,318 | 17,132 | 17,132 |
| Less Reserves | 8,365 | 8,365 | 8,365 | 8,365 | 15,465 | 15,465 |
| **Total Available Cash** | 10,089 | 6,055 | 3,064 | 7,952 | 1,668 | 1,668 |
| Payroll | 1,100 | 1,100 | 1,100 | 1,100 | - | 1,100 |
| Insurance | 500 | 500 | 500 | 500 | - | 500 |
| Sales Tax | 5,765 | 5,765 | 5,765 | 5,765 | - | 5,765 |
| Minimum Cash balance | 1,000 | 1,000 | 1,000 | 1,000 | - | 1,000 |
| Closing Day Reserves | - | - | - | - | 15,465 | 15,465 |
| **Total Reserves** | 8,365 | 8,365 | 8,365 | 8,365 | 15,465 | 15,465 |

United States Bankruptcy Court

District of New Jersey

In re:                                                                                                    Case No. 25-16137-MBK

Powin, LLC                                                                                          Chapter 11

    Debtor

# CERTIFICATE OF NOTICE

District/off: 0312-3                                    User: admin                                         Page 1 of 1

Date Rcvd: Jul 16, 2025                           Form ID: pdf903                               Total Noticed: 1

The following symbols are used throughout this certificate:

**Symbol      Definition**

+                Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jul 18, 2025:**

**Recip ID            Recipient Name and Address**
db                    + Powin, LLC, 20550 SW 115th Avenue, Tualatin, OR 97062-6857

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 18, 2025                              Signature:        /s/Gustava Winters