| | |
|---|---|
| In re:<br><br>POWIN, LLC, *et al.*,[1]<br><br>             Debtors. | **Order Filed on July 22, 2025<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey**<br><br>Chapter 11<br><br>Case No. 25-16137 (MBK) (Jointly Administered) |

**ORDER AUTHORIZING THE DEBTORS TO (I) EMPLOY AND RETAIN UZZI & LALL TO PROVIDE THE DEBTORS A CHIEF RESTRUCTURING OFFICER AND CERTAIN ADDITIONAL PERSONNEL AND (II) DESIGNATE GERARD UZZI AS CHIEF RESTRUCTURING OFFICER FOR THE <u>DEBTORS EFFECTIVE AS OF THE PETITION DATE</u>**

The relief set forth on the following pages, numbered three (3) through six (6), is **ORDERED**.

**DATED: July 22, 2025**

*/s/ Michael B. Kaplan*
Honorable Michael B. Kaplan
United States Bankruptcy Judge

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

| | |
|---|---|
| **DENTONS US LLP** | **TOGUT, SEGAL & SEGAL LLP** |
| Lauren Macksoud (admitted) | Frank A. Oswald (admitted) |
| 101 JFK Parkway | 550 Broad Street |
| Short Hills, NJ 07078 | Suite 1508 |
| Telephone: (973) 912-7100 | Newark, NJ 07102 |
| Facsimile: (973) 912-7199 | Telephone: (212) 594-5000 |
| Email: lauren.macksoud@dentons.com | Facsimile: (212) 967-4258 |
| | Email: frankoswald@teamtogut.com |
| Tania M. Moyron (admitted *pro hac vice*) | |
| Van C. Durrer, II (admitted *pro hac vice*) | Albert Togut (admitted *pro hac vice*) |
| 601 S. Figueroa Street #2500 | Amanda C. Glaubach (admitted *pro hac vice*) |
| Los Angeles, CA 90017 | Eitan Blander (admitted *pro hac vice*) |
| Telephone: (213) 623-9300 | One Penn Plaza, Suite 3335 |
| Facsimile: (213) 623-9924 | New York, New York 10119 |
| Email: tania.moyron@dentons.com | Telephone: (212) 594-5000 |
| van.durrer@dentons.com | Facsimile: (212) 967-4258 |
| | Email: altogut@teamtogut.com |
| John D. Beck (admitted *pro hac vice*) | aglaubach@teamtogut.com |
| Sarah M. Schrag (admitted *pro hac vice*) | eblander@teamtogut.com |
| 1221 Avenue of the Americas | |
| New York, NY 10020-1089 | *Proposed Counsel for Debtors and* |
| Telephone: (212) 768-6700 | *Debtors in Possession* |
| Facsimile: (212) 768-6800 | |
| Email: john.beck@dentons.com | |
| sarah.schrag@dentons.com | |
| | |
| *Proposed Counsel for Debtors and* | |
| *Debtors in Possession* | |

(Page | 3)
Debtors:            POWIN, LLC, *et al.*
Case No.:           25-16137 (MBK)
Caption of Order:   Order Authorizing the Debtors to (I) Employ and Retain Uzzi & Lall to Provide the Debtors a Chief Restructuring Officer and Certain Additional Personnel and (II) Designate Gerard Uzzi as Chief Restruturing Officer for the Debtors Effective as of the Petition Date

---

Upon the application (the "<u>Application</u>")[1] of the debtors and debtors in possession (the "<u>Debtors</u>") in the above-captioned chapter 11 cases seeking authorization to (i) employ and retain CBMN Advisors LLC d/b/a Uzzi & Lall ("<u>Uzzi & Lall</u>") to provide the Debtors with a Chief Restructuring Officer ("<u>CRO</u>") and certain additional supportive staff of Uzzi & Lall to assist the CRO, and (ii) designate Gerard Uzzi as CRO in these chapter 11 cases effective as of the Petition Date; and upon consideration of the Uzzi Declaration submitted concurrently with the Application and the other declarations and exhibits filed in these chapter 11 cases; and the Court being satisfied, based on the representations made in the Application and the Uzzi Declaration, that Uzzi & Lall does not represent or hold any interest adverse to the Debtors or the Debtors' estates with respect to the matters upon which it is to be engaged, and is disinterested as that term is defined under section 101(14) of the Bankruptcy Code, and as modified by section 1107(b) of the Bankruptcy Code, and that the employment of Uzzi & Lall is necessary and in the best interests of the Debtors and the Debtors' estates; and this Court having jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334, and the *Standing Order of Reference* from the United States District Court for the District of New Jersey dated as of September 18, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to those terms in the Application.

(Page | 4)

| | |
|---|---|
| Debtors: | POWIN, LLC, *et al.* |
| Case No.: | 25-16137 (MBK) |
| Caption of Order: | Order Authorizing the Debtors to (I) Employ and Retain Uzzi & Lall to Provide the Debtors a Chief Restructuring Officer and Certain Additional Personnel and (II) Designate Gerard Uzzi as Chief Restruturing Officer for the Debtors Effective as of the Petition Date |

---

1408; and due and sufficient notice of the Application having been given under the particular circumstances; and it appearing that no other or further notice is necessary; and this Court having reviewed the Application; and after due deliberation and good and sufficient cause appearing therefor, it is hereby:

**ORDERED, ADJUDGED, AND DECREED THAT:**

1.  The Application is GRANTED, as set forth herein.

2.  The terms of the Engagement Letter, including without limitation, the compensation, indemnification, and liability limitation provisions, as modified by the Application and this Order, are approved as reasonable terms and conditions of employment.

3.  The Debtors are permitted to indemnify those persons serving as executive officers on the same terms as provided to the Debtors' other officers and directors under the corporate bylaws and applicable state law, and to provide insurance coverage to such executive officers under the Debtors' or their affiliates' existing director and officer liability policies.

4.  Pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, the Debtors are authorized to employ and retain Uzzi & Lall to provide the Debtors with a CRO and Hourly Temporary Staff, and to designate Gerard Uzzi as CRO for the Debtors, effective as of the Petition Date on the terms set forth in the Engagement Letter, subject to the following terms, which apply notwithstanding anything to the contrary in the Engagement Letter, the Application, or any of the exhibits related thereto:

(Page | 5)
Debtors:         POWIN, LLC, *et al.*
Case No.:        25-16137 (MBK)
Caption of Order: Order Authorizing the Debtors to (I) Employ and Retain Uzzi & Lall to Provide the Debtors a Chief Restructuring Officer and Certain Additional Personnel and (II) Designate Gerard Uzzi as Chief Restruturing Officer for the Debtors Effective as of the Petition Date

---

a. Uzzi & Lall and its affiliates shall not act in any other capacity (for example, and without limitation, claims agent/claims administrator, or investor/acquirer) in connection with these chapter 11 cases.

b. In the event the Debtors seek to have Uzzi & Lall personnel assume executive officer positions that are different than the positions disclosed in the Application, or to materially change the terms of the engagement by either (i) modifying the functions of personnel, (ii) adding new executive officers, or (iii) altering or expanding the scope of the engagement, an application or motion to modify the retention shall be filed.

c. Uzzi & Lall shall file with this Court with copies to the United States Trustee ("U.S. Trustee") and all official committees, reports of compensation earned, expenses incurred, and staffing on these chapter 11 cases (the "Compensation and Staffing Report") by the 30th of each month for the previous month, which will include summary charts describing the name, hourly rate, number of hours billed, and role filled by each Uzzi & Lall Professional; the aggregate compensation earned by Uzzi & Lall; the hours worked and fees by activity category (*e.g.*, cash management, operations, transaction support, etc.); and the expenses incurred by Uzzi & Lall. In addition, each Uzzi & Lall Professional shall maintain and the Compensation and Staffing Reports will include (i) detailed time entry records identifying activities or issues he or she addressed on a daily basis, grouped to the nearest one-tenth of an hour (0.1 hour) for each activity category each day and (ii) detailed expense records. The first Compensation and Staffing Report shall cover the period from the Petition Date until the end of the month in which this Order is entered and shall be submitted within thirty (30) days thereafter.

d. No principal, employee, or independent contractor of Uzzi & Lall and its affiliates shall serve as a director of the above-captioned Debtors during the pendency of these chapter 11 cases.

e. The Compensation and Staffing Reports will be subject to review by the Court if an objection is filed by any of the Notice Parties and served on the Debtors, the Debtors' undersigned counsel, and Uzzi & Lall within twenty-one (21) days after the date each Compensation and Staffing Report is filed and served (the "Objection Period"). The Debtors shall be authorized, but not directed, to pay, in the ordinary course of business, all amounts invoiced by Uzzi & Lall for fees and expenses incurred in connection with Uzzi & Lall's

Case 25-16137-MBK    Doc 478    Filed 07/22/25    Entered 07/22/25 14:51:10    Desc Main
Document    Page 6 of 6

(Page | 6)
Debtors: POWIN, LLC, *et al.*
Case No.: 25-16137 (MBK)
Caption of Order: Order Authorizing the Debtors to (I) Employ and Retain Uzzi & Lall to Provide the Debtors a Chief Restructuring Officer and Certain Additional Personnel and (II) Designate Gerard Uzzi as Chief Restruturing Officer for the Debtors Effective as of the Petition Date

---

retention. In the event an objection is filed and served during the Objection Period and not consensually resolved, the Debtors shall deduct an amount equal to the amount objected to from the next payment to Uzzi & Lall until such objection is resolved, either consensually or by Court order.

    f.    For a period of three years after the conclusion of the engagement, neither Uzzi & Lall nor any of its affiliates shall make any investments in the Debtors or any reorganized Debtor.

    g.    Uzzi & Lall shall disclose any and all facts that may have a bearing on whether Uzzi & Lall, its affiliates, and/or any individuals working on the engagement have any interest materially adverse to the interest of the Debtors' estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason. The obligation to disclose identified in this subparagraph is a continuing obligation while Uzzi & Lall is employed in its current capacity in these chapter 11 cases.

5.    To the extent there is inconsistency between the terms of the Engagement Letter, the Application, and this Order, the terms of this Order shall govern.

6.    The Debtors are authorized to take all action necessary or appropriate to effectuate the relief granted pursuant to this Order in accordance with the Application.

7.    This Court shall retain exclusive jurisdiction and power to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Order.