<div style="border:1px solid">

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**
Caption in Compliance with D.N.J. LBR 9004-1(a)

**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
Kevin M. Capuzzi (NJ No. 173442015)
John C. Gentile, Esq.
Noelle B. Torrice (NJ No. 79132013)
Continental Plaza II
411 Hackensack Ave., 3rd Floor
Hackensack, NJ 07601-6323
Telephone: (302) 442-7010
Facsimile: (302) 442-7012
kcapuzzi@beneschlaw.com
jgentile@beneschlaw.com
ntorrice@beneschlaw.com

*Counsel to Mainfreight Distribution Pty Ltd, et al.*

In re:

Powin, LLC, *et al.*,[1]

        Debtors.

</div>

Chapter 11

Case No. 25-16137 (MBK)

Judge: Michael B. Kaplan

(Jointly Administered)

## MAINFREIGHT'S NOTICE OF LIEN

Mainfreight Distribution Pty Ltd (together with its parent, subsidiary, or any other affiliate entities, included in the definition of "Mainfreight" under the Terms and Conditions, defined below, collectively, "Mainfreight"), by and through its undersigned counsel, hereby files this notice of lien (the "Notice of Lien") pursuant to the *Notice of Deadline to Assert Liens in Connection with Bidding Procedures and Upcoming Sale and Auction* [D.I. 318] (the "Notice of

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin Project LLC [1583], (ii) Powin, LLC [0504], (iii) PEOS Holdings, LLC [5476], (iv) Powin China Holdings 1, LLC [1422], (v) Powin China Holdings 2, LLC [9713], (vi) Charger Holdings, LLC [5241], (vii) Powin Energy Ontario Storage, LLC [8348], (viii) Powin Energy Operating Holdings, LLC [2495], (ix) Powin Energy Operating, LLC [6487]. The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR 97062.

Deadline to Assert Lien") filed by the above-captioned debtors and debtors in possession. In support of this Notice of Lien, Mainfreight respectfully states as follows:

## GENERAL BACKGROUND[2]

1. Since at least May 2021, Mainfreight and Powin LLC ("Powin") have had an ongoing business relationship. A true and correct copy of the Business Credit Application (the "Application") submitted by Powin to Mainfreight on or about May 17, 2021, including Mainfreight's Terms & Conditions of Service is attached hereto as **Exhibit A**.

2. In March 2023, Powin (with the now-defunct Powin Energy Holdings LLC, the "Debtors") opened a new business account with Mainfreight. A true and correct copy of the Mainfreight Group – Account Opening Form (the "Account Form") executed by a representative of the Debtors on or about March 29, 2023, including Mainfreight's Standard Terms & Conditions—November 2021, which expressly provide that they govern the services provided by Mainfreight (the "Terms and Conditions"), is attached hereto as **Exhibit B**.

3. The Terms and Conditions provide that Mainfreight holds a lien on any goods – whether property of the Debtors or of a downstream customer, such as BHER Ravenswood Solar I, LLC ("BHER") – that comes into and is currently in Mainfreight's possession or control (collectively, the "MF Collateral" and specifically as to the property in Mainfreight's possession to which BHER claims title, the "BHER Goods"), as well as any and all of the proceeds of the MF Collateral and BHER Goods. **Ex. A** at 2, § 15(a); **Ex. B**, §§ 2.9, 3.8. The Mainfreight liens ("Mainfreight Liens") on the MF Collateral and/or BHER Goods are also evidenced by various

---

[2] Mainfreight hereby incorporates by reference *Mainfreight Inc.'s Motion to Confirm that the Automatic Stay Pursuant to 11 U.S.C. § 362(a) Does Not Apply to Certain Goods in Its Possession* [D.I. 180] (the "Non-Stay Motion"), and *Mainfreight Inc.'s Omnibus Reply in Support Motion to Confirm that the Automatic Stay Pursuant to 11 U.S.C. § 362(a) Does Not Apply to Certain Goods in Its Possession* [D.I. 341] (the "Non-Stay Reply"), including all exhibits thereto.

2

House Bills of Lading and the June 4, 2025 Notice of Lien for Unpaid Services attached as Exhibit C to Mainfreight's *Limited Objection and Reservation of Rights to the Debtors' Sale Motion* [D.I. 342]. Mainfreight believes its claim as of the date hereof is at least $13,114,707.46.

4. Mainfreight holds a perfected lien, secured by the MF Collateral and BHER Goods and the proceeds of the MF Collateral and BHER Goods, that is senior to any other lien purporting to be secured by the MF Collateral and/or the BHER Goods. The Mainfreight Liens extend to any and all charges, including Mainfreight's pre-petition claim (which the Debtors list on their schedules as undetermined, unsecured, unliquidated, and disputed, but list $13,018,289.97 as a "cure" amount on their *Notice of Potentially Assumed Executory Contracts and Unexpired Leases* [D.I. 446]) as well as post-petition amounts Mainfreight has incurred in connection with providing the Services (as defined below), including but not limited to storage costs, interest, and legal fees.[3] *See* **Ex. A** at 2, § 15(a); **Ex. B**, §§ 2.9, 3.4, 5.3, 5.5.

5. Specifically, the Terms and Conditions provide that, if the Debtors fail to pay outstanding amounts due upon notice from Mainfreight, Mainfreight may exercise its lien rights as to the MF Collateral and/or BHER Goods. Under the Terms and Conditions, Mainfreight shall have the right to exercise its liens against the MF Collateral and BHER Goods and apply the proceeds to the total owed to Mainfreight. **Ex. A** at 2, § 15(c); **Ex. B**, §§ 2.9, 3.8.

6. As part of Mainfreight and the Debtors' ongoing business relationship, Mainfreight would, at the Debtors' request, prior to the petition date, coordinate the warehousing, storage, order processing, pick and pack, inventory management, domestic road/rail transport, freight forwarding, customs clearance, regulatory clearance involving communication/submissions with

---

[3] The Mainfreight Liens also apply to the insurance claim related to the two power units that were damaged in transit from Norfolk, Virginia to Millwood, West Virginia and the proceeds thereof. *See* Non-Stay Reply fn. 3.

government bodies, transport by air or sea (domestic and international), cartage, packing/unpacking of containers, and any ancillary services associated with any of the foregoing, of various goods on the Debtors' behalf pursuant to the Terms and Conditions and House Bills of Lading (collectively, the "Services"). Mainfreight's Liens, which are reflected in invoices provided to the Debtors, arise from the pre-petition provision of these Services; those Services included the movement of Goods as well as Services in connection with a significant contemplated movement of Goods, which Debtors cancelled prior to the Petition Date.

7. Mainfreight also holds a valid maritime lien on the Goods and has a right, in accordance with applicable law, to sell them to satisfy the unpaid bills for the Services. Mainfreight is not aware of any applicable non-bankruptcy law that would allow the sale of the MF Collateral and/or BHER Goods free and clear of Mainfreight's interest therein because, under applicable law, Mainfreight's Liens, must be satisfied before all other interests in the MF Collateral and/or BHER Goods. *In re World Imports Ltd.*, 820 F.3d 576, 584, 592 (3d Cir. 2016).

8. On July 10, 2025, the Debtors filed the Notice of Deadline to Assert Lien. The Notice of Deadline to Assert Lien states that, among other things, the failure of any party to provide a timely notice of lien may result in the expunction and forfeiture of any lien rights not properly noticed, including rights as applied to the Purchased Inventory and the proceeds of the Contemplated Transactions (each as defined in the Stalking Horse APA) (the "Inventory"). *See* Notice of Deadline to Assert Lien at 3.

9. Neither the MF Collateral nor the BHER Goods are identified as part of the Inventory, or *vice versa*. However, Mainfreight files this Notice of Lien out of an abundance of caution to avoid the potential expungement and forfeiture of the Mainfreight Liens.

10. The Mainfreight Liens are perfected and senior to all other liens purporting to be against the MF Collateral and/or BHER Goods, and have been for the entire time that the MF Collateral and BHER Goods have been in Mainfreight's possession and control. *See* Non-Stay Motion at 6-8.

11. Mainfreight reserves all rights at law and in equity, including the right to enforce the Mainfreight Liens, the right to supplement or amend this Notice of Lien, and the right to object on any grounds that may be appropriate in connection with or relating to the Mainfreight Liens, or this Notice of Lien.

Dated: July 23, 2025

Respectfully submitted,

**BENESCH, FRIEDLANDER,
COPLAN & ARONOFF LLP**

 /s/ *Kevin M. Capuzzi*
Kevin M. Capuzzi (NJ No. 173442015)
John C. Gentile, Esq.
Noelle B. Torrice (NJ No. 79132013)
Continental Plaza II
411 Hackensack Ave., 3rd Floor
Hackensack, NJ 07601-6323
Telephone: (302) 442-7010
Facsimile: (302) 442-7012
Email: kcapuzzi@beneschlaw.com
         jgentile@beneschlaw.com
         ntorrice@beneschlaw.com

*Counsel to Mainfreight Distribution Pty Ltd.*