**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**
Caption in Compliance with D.N.J. LBR 9004-1(a)

**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
Kevin M. Capuzzi (NJ No. 173442015)
John C. Gentile, Esq.
Noelle B. Torrice (NJ No. 79132013)
Continental Plaza II
411 Hackensack Ave., 3rd Floor
Hackensack, NJ 07601-6323
Telephone: (302) 442-7010
Facsimile: (302) 442-7012
kcapuzzi@beneschlaw.com
jgentile@beneschlaw.com
ntorrice@beneschlaw.com

*Counsel to Mainfreight Distribution Pty Ltd, et al.*

In re:

Powin, LLC, *et al.*,[1]

      Debtors.

Chapter 11

Case No. 25-16137 (MBK)

Judge: Michael B. Kaplan

(Jointly Administered)

**MAINFREIGHT'S LIMITED CURE OBJECTION AND RESERVATION OF RIGHTS TO THE NOTICE OF POTENTIALLY ASSUMED EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

Mainfreight Distribution Pty Ltd (together with its parent, subsidiary, or any other affiliate entities, included in the definition of "Mainfreight" under the Terms and Conditions, defined below, collectively, "Mainfreight"), by and through its undersigned counsel, hereby files this limited cure objection and reservation of rights (the "Limited Objection") in response to the *Notice*

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin Project LLC [1583], (ii) Powin, LLC [0504], (iii) PEOS Holdings, LLC [5476], (iv) Powin China Holdings 1, LLC [1422], (v) Powin China Holdings 2, LLC [9713], (vi) Charger Holdings, LLC [5241], (vii) Powin Energy Ontario Storage, LLC [8348], (viii) Powin Energy Operating Holdings, LLC [2495], (ix) Powin Energy Operating, LLC [6487]. The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR 97062.

*of Potentially Assumed Executory Contracts and Unexpired Leases* [D.I. 446] (the "Cure Notice") filed by the debtors in the above-captioned action. In support of this Limited Objection, Mainfreight respectfully states as follows:

## GENERAL BACKGROUND[2]

1. Since at least May 2021, Mainfreight and Powin LLC ("Powin") have had an ongoing business relationship. A true and correct copy of the Business Credit Application (the "Application") submitted by Powin to Mainfreight on or about May 17, 2021, including Mainfreight's Terms & Conditions of Service is attached hereto as **Exhibit A**.

2. In March 2023, Powin (with the now-defunct Powin Energy Holdings LLC, the "Debtors") opened a new business account with Mainfreight. A true and correct copy of the Mainfreight Group – Account Opening Form (the "Account Form") executed by a representative of the Debtors on or about March 29, 2023, including Mainfreight's Standard Terms & Conditions—November 2021, which expressly provide that they govern the services provided by Mainfreight (the "Terms and Conditions"), is attached hereto as **Exhibit B**.

3. The Terms and Conditions provide that Mainfreight shall hold a lien on any goods – whether property of the Debtors or a downstream customer, such as BHER Ravenswood Solar I, LLC ("BHER") – that comes into and is currently in Mainfreight's possession or control (collectively, the "MF Collateral" and specifically as to the property to which BHER claims title in Mainfreight's possession, the "BHER Goods") as well as any and all of the proceeds of the MF Collateral and BHER Goods. **Ex. A** at 2, § 15(a); **Ex. B**, §§ 2.9, 3.8. The Mainfreight liens

---

[2] Mainfreight hereby incorporates by reference *Mainfreight Inc.'s Motion to Confirm that the Automatic Stay Pursuant to 11 U.S.C. § 362(a) Does Not Apply to Certain Goods in Its Possession* [D.I. 180] (the "Non-Stay Motion"), and *Mainfreight Inc.'s Omnibus Reply in Support Motion to Confirm that the Automatic Stay Pursuant to 11 U.S.C. § 362(a) Does Not Apply to Certain Goods in Its Possession* [D.I. 341] (the "Non-Stay Reply"), including all exhibits thereto.

2

("Mainfreight Liens") on the MF Collateral and/or BHER Goods are also evidenced by various House Bills of Lading and the June 4, 2025 Notice of Lien for Unpaid Services attached as Exhibit C to *Mainfreight's Limited Objection and Reservation of Rights to the Debtors' Sale Motion* [D.I. 342]. Mainfreight believes its claim as of the date hereof is at least $13,114,707.46.

4. Mainfreight holds a perfected lien, secured by the MF Collateral and BHER Goods and the proceeds of the MF Collateral and BHER Goods, that is senior to any other lien purporting to be secured by the MF Collateral and/or the BHER Goods. The Mainfreight Liens extend to any and all charges, including Mainfreight's pre-petition claim (which the Debtors list on their schedules as undetermined, unsecured, unliquidated, and disputed, but list $13,018,289.97 as a "cure" amount on their Cure Notice [D.I. 446]) as well as post-petition amounts Mainfreight has incurred in connection with providing the Services (as defined below), including but not limited to storage costs, interest, and legal fees.[3] *See*, **Ex. A** at 2, § 15(a); **Ex. B**, §§ 2.9, 3.4, 5.3, 5.5.

5. Specifically, the Terms and Conditions provide that, if the Debtors fail to pay outstanding amounts due upon notice from Mainfreight, Mainfreight may exercise its lien rights as to the MF Collateral and/or BHER Goods. Under the Terms and Conditions, Mainfreight shall have the right to exercise its liens against the MF Collateral and BHER Goods and apply the proceeds to the total owed to Mainfreight. **Ex. A** at 2, § 15(c); **Ex. B**, §§ 2.9, 3.8.

6. As part of Mainfreight and the Debtors' ongoing business relationship, Mainfreight would, at the Debtors' request, prior to the petition date, coordinate the warehousing, storage, order processing, pick and pack, inventory management, domestic road/rail transport, freight forwarding, customs clearance, regulatory clearance involving communication/submissions with

---

[3] The Mainfreight Liens also apply to the insurance claim related to the two power units that were damaged in transit from Norfolk, Virginia to Millwood, West Virginia and the proceeds thereof. *See* Non-Stay Reply fn. 3.

3

government bodies, transport by air or sea (domestic and international), cartage, packing/unpacking of containers, and provide any ancillary services associated with any of the foregoing, of various goods on the Debtors' behalf pursuant to the Terms and Conditions and House Bills of Lading (collectively, the "Services"). Mainfreight's Liens, which are reflected in invoices provided to the Debtors, arise from the pre-petition provision of these Services; those Services included the movement of Goods as well as Services in connection with a significant contemplated movement of Goods, which Debtors cancelled prior to the Petition Date.

7. In total, as of the date hereof, the Debtors owe Mainfreight no less than $13,114,707.46 for the Services plus post-petition accruals continuing to date for interest and any and all costs, including, among other things, storage costs and legal fees, which Mainfreight has incurred due to providing the Services to Debtors. **Ex. B**, §§ 3.4, 5.3, 5.5.

8. On July 18, 2025, the Debtors filed the Cure Notice, setting forth proposed cure payments for unexpired executory contracts and leases to which the Debtors are party. *See generally* Cure Notice. The Cure Notice lists the Account Form as an executory contract subject to a cure payment of $13,018,289.97 (the "Proposed Cure Amount"). Cure Notice **Ex. A** at 17.

## LIMITED OBJECTION

9. Mainfreight agrees that the Debtors owe Mainfreight payment in full for the Services and post-petition amounts, including but not limited to interest, storage costs, legal fees, and other costs incurred as a result of providing the Services, whether subject to the Account Form or otherwise. However, Mainfreight objects to the Cure Notice because it is owed payment in an amount greater than the Proposed Cure Amount. The Proposed Cure Amount does not accurately reflect the current amount owed by the Debtors. Furthermore, the Proposed Cure Amount does

4

not take into account any future costs or fees that may come due between the filing of this Limited Objection and the Debtors' satisfaction of the debts owed to Mainfreight.

10. As of the date of this Limited Objection, the Debtors currently owe at least $13,114,707.46 to Mainfreight for the Services. Therefore, the Proposed Cure Amount would fail to satisfy the debt. As a result, Mainfreight objects to the Cure Notice.

11. Moreover, Mainfreight maintains possession and control of the MF Collateral and BHER Goods. In exercising this possession and control, Mainfreight continues to incur costs and fees for storing, inspecting, and safeguarding the MF Collateral and BHER Goods for the Debtors and/or their customers. Mainfreight does not waive payment of interest, legal fees, or other future costs and fees that it incurs, and therefore objects to the Cure Notice.

## **RESERVATION OF RIGHTS**

12. This Limited Objection is submitted without prejudice and with a full reservation of rights to supplement, amend, and to further object to the Cure Notice on any grounds that may be appropriate.

[*Remainder of page intentionally blank.*]

WHEREFORE, Mainfreight requests that this Court adjust the Proposed Cure Amount to reflect the total amount owed to Mainfreight for the Services, including any interest, legal fees, and any future costs and fees incurred, and provide such other relief as is just and proper.

Dated: July 23, 2025

Respectfully submitted,

**BENESCH, FRIEDLANDER,
 COPLAN & ARONOFF LLP**

 */s/ Kevin M. Capuzzi*
Kevin M. Capuzzi (NJ No. 173442015)
John C. Gentile, Esq.
Noelle B. Torrice (NJ No. 79132013)
Continental Plaza II
411 Hackensack Ave., 3rd Floor
Hackensack, NJ 07601-6323
Telephone: (302) 442-7010
Facsimile: (302) 442-7012
Email: kcapuzzi@beneschlaw.com
            jgentile@beneschlaw.com
            ntorrice@beneschlaw.com

*Counsel to Mainfreight Distribution Pty Ltd*