**DENTONS US LLP**

Tania M. Moyron (admitted *pro hac vice*)
Van C. Durrer (admitted *pro hac vice*)
601 S. Figueroa Street #2500
Los Angeles, CA 90017
Telephone:  (213) 623-9300
Facsimile:  (213) 623-9924
Email:  tania.moyron@dentons.com
              van.durrer@dentons.com

John D. Beck (admitted *pro hac vice*)
Sarah M. Schrag (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020-1089
Telephone:  (212) 768-6700
Facsimile:  (212) 768-6800
Email:   john.beck@dentons.com
              sarah.schrag@dentons.com

*Proposed Counsel for Debtors and*
*Debtors in Possession*

**TOGUT, SEGAL & SEGAL LLP**

Frank A. Oswald (admitted)
550 Broad Street
Suite 1508
Newark, NJ 07102
Telephone:  (212) 594-5000
Facsimile:  (212) 967-4258
Email:  frankoswald@teamtogut.com

Albert Togut (admitted *pro hac vice*)
Amanda C. Glaubach (admitted *pro hac vice*)
Eitan Blander (admitted *pro hac vice*)
One Penn Plaza, Suite 3335
New York, New York 10119
Telephone:  (212) 594-5000
Facsimile:  (212) 967-4258
Email:   altogut@teamtogut.com
              aglaubach@teamtogut.com
              eblander@teamtogut.com

*Proposed Counsel for Debtors and*
*Debtors in Possession*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>Powin, LLC, *et al.*,[1]<br><br>          Debtors. | Chapter 11<br><br>Case No. 25-16137 (MBK)<br><br>(Jointly Administered)<br><br>**Hearing Date: September 3, 2025 at 11:30 a.m.** |

---

[1]  The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin Project LLC [1583]; (ii) Powin, LLC [0504]; (iii) PEOS Holdings, LLC [5476]; (iv) Powin China Holdings 1, LLC [1422]; (v) Powin China Holdings 2, LLC [9713]; (vi) Charger Holdings, LLC [5241]; (vii) Powin Energy Ontario Storage, LLC [8348]; (viii) Powin Energy Operating Holdings, LLC [2495]; (ix) Powin Energy Operating, LLC [6487]; (x) Powin Energy Storage 2, Inc., [9926]; (xi) Powin Energy Ontario Storage II LP, [5787]; and (xii) Powin Canada B.C. Ltd. [2239]. The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR 97062.

**NOTICE OF HEARING OF DEBTORS' MOTION FOR ENTRY OF AN ORDER
AUTHORIZING THE EMPLOYMENT AND PAYMENT OF
<u>PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS</u>**

   **PLEASE TAKE NOTICE** that on June 9, 2025 and June 10, 2025 (collectively, the "<u>Petition Date</u>"), the above-captioned debtors and debtors-in-possession (collectively, the "<u>Debtors</u>") each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of New Jersey (the "<u>Bankruptcy Court</u>").

   **PLEASE TAKE FURTHER NOTICE** that on July 23, 2025**,** the Debtors filed the Debtors' Motion for Entry of an Order Authorizing the Employment and Payment of Professionals Utilized in the Ordinary Course of Business (the "<u>Motion</u>").  A hearing to consider approval of the Motion has been scheduled for September 3, 2025, at 11:30 a.m. (the "<u>Hearing</u>"), or as soon thereafter as counsel may be heard.

   **PLEASE TAKE FURTHER NOTICE** that, parties wishing to appear at the Hearing must register with the Court by submitting an e-mail to Chambers (chambers_of_mbk@njb.uscourts.gov) indicating the name of the person appearing, their e-mail address, their affiliation, and whom they represent/interest in this case.  If the request is approved, the participant will receive appropriate credentials and further instruction. Telephonic information for observational purposes can be found on the page on the Court's website devoted to the *Powin, LLC, et al.,* bankruptcy case:  https://www.njb.uscourts.gov/powin.

   **PLEASE TAKE FURTHER NOTICE** that objections, if any, to the relief requested in the Motion shall:  (a) be in writing; (b) state with particularity the basis of the objection; and (c) be filed with the Clerk of the Bankruptcy Court electronically by attorneys who regularly practice before the Bankruptcy Court in accordance with the General Order Regarding Electronic Means for Filing, Signing, and Verification of Documents dated March 27, 2002 (the "<u>General Order</u>") and the Commentary Supplementing Administrative Procedures dated as of March 2004(the "<u>Supplemental Commentary</u>") (the General Order, the Supplemental Commentary and the User's Manual for the Electronic Case Filing System can be found at www.njb.uscourts.gov, the official website for the Bankruptcy Court) and, by all other parties-in-interest, on CD-ROM in Portable Document Format (PDF), and shall be served on such parties in accordance with the General Order and the Supplemental Commentary, so as to be actually received no later than **August 27, 2025 at 4:00 p.m. (prevailing Eastern Time) ("the <u>Objection Deadline</u>").**

   **PLEASE TAKE FURTHER NOTICE THAT YOUR RIGHTS MAY BE AFFECTED. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one).**

   *[Concluded on the following page]*

**PLEASE TAKE FURTHER NOTICE** that a copy of the Motion, and any related filings, can be viewed and/or obtained by:  (i) accessing the Bankruptcy Court's Website for a fee, (ii)  visiting the website for the Debtors' chapter 11 cases at: https://www.veritaglobal.net/powin or (iii)  by contacting the Office of the Clerk of the United States Bankruptcy Court, District of New Jersey. Please note that a PACER password is required to access documents on the Bankruptcy Court's Website.

Dated: July 23, 2025

**TOGUT, SEGAL & SEGAL LLP**

*/s/ Frank A. Oswald*
Frank A. Oswald (admitted)
550 Broad Street
Suite 1508
Newark, NJ 07102
Telephone:  (212) 594-5000
Facsimile:  (212) 967-4258
Email:  frankoswald@teamtogut.com

Albert Togut (admitted *pro hac vice*)
Amanda C. Glaubach (admitted *pro hac vice*)
Eitan Blander (admitted *pro hac vice*)
One Penn Plaza, Suite 3335
New York, New York 10119
Telephone:  (212) 594-5000
Facsimile:  (212) 967-4258
Email:  altogut@teamtogut.com
        aglaubach@teamtogut.com
        eblander@teamtogut.com

- and -

**DENTONS US LLP**

Tania M. Moyron (admitted *pro hac vice*)
Van C. Durrer, II (admitted *pro hac vice*)
601 S. Figueroa Street #2500
Los Angeles, CA 90017
Telephone:  (213) 623-9300
Facsimile:  (213) 623-9924
Email:  tania.moyron@dentons.com
        van.durrer@dentons.com

John D. Beck (admitted *pro hac vice*)
Sarah M. Schrag (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020-1089
Telephone:  (212) 768-6700
Facsimile:  (212) 768-6800
Email:  john.beck@dentons.com
        sarah.schrag@dentons.com

*Proposed Counsel for Debtors and Debtors in Possession*

**DENTONS US LLP**

Tania M. Moyron (admitted *pro hac vice*)
Van C. Durrer, II admitted *pro hac vice*)
601 S. Figueroa Street #2500
Los Angeles, CA 90017
Telephone:  (213) 623-9300
Facsimile:  (213) 623-9924
Email:  tania.moyron@dentons.com
        van.durrer@dentons.com

John D. Beck (admitted *pro hac vice*)
Sarah M. Schrag (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020-1089
Telephone:  (212) 768-6700
Facsimile:  (212) 768-6800
Email:  john.beck@dentons.com
        sarah.schrag@dentons.com

*Proposed Counsel for Debtors and
Debtors in Possession*

**TOGUT, SEGAL & SEGAL LLP**

Frank A. Oswald (admitted)
550 Broad Street
Suite 1508
Newark, NJ 07102
Telephone:  (212) 594-5000
Facsimile:  (212) 967-4258
Email:  frankoswald@teamtogut.com

Albert Togut (admitted *pro hac vice*)
Amanda C. Glaubach (admitted *pro hac vice*)
Eitan Blander (admitted *pro hac vice*)
One Penn Plaza, Suite 3335
New York, New York 10119
Telephone:  (212) 594-5000
Facsimile:  (212) 967-4258
Email:  altogut@teamtogut.com
        aglaubach@teamtogut.com
        eblander@teamtogut.com

*Proposed Counsel for Debtors and
Debtors in Possession*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br>Powin, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-16137 (MBK)<br><br>(Jointly Administered) |

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin Project LLC [1583]; (ii) Powin, LLC [0504]; (iii) PEOS Holdings, LLC [5476]; (iv) Powin China Holdings 1, LLC [1422]; (v) Powin China Holdings 2, LLC [9713]; (vi) Charger Holdings, LLC [5241]; (vii) Powin Energy Ontario Storage, LLC [8348]; (viii) Powin Energy Operating Holdings, LLC [2495]; (ix) Powin Energy Operating, LLC [6487]; (x) Powin Energy Storage 2, Inc., [9926]; (xi) Powin Energy Ontario Storage II LP, [5787]; and (xii) Powin Canada B.C. Ltd. [2239]. The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR 97062.

**DEBTORS' MOTION FOR ENTRY OF AN ORDER
AUTHORIZING THE EMPLOYMENT AND PAYMENT OF
<u>PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS</u>**

TO THE HONORABLE MICHAEL B. KAPLAN, UNITED STATES BANKRUPTCY JUDGE:

Powin, LLC and the above-referenced affiliated debtors and debtors in possession (collectively, the "<u>Debtors</u>") in these chapter 11 cases (the "<u>Chapter 11 Cases</u>") hereby submit this motion (this "<u>Motion</u>") for entry of an order, substantially in the form attached hereto as **<u>Exhibit A</u>** (the "<u>Proposed Order</u>"), pursuant to sections 105(a), 363(b), and 503(b) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and rule 9013-1 of the Local Bankruptcy Rules for the District of New Jersey (the "<u>Local Rules</u>") (a) authorizing, but not directing, the Debtors (i) to retain both the Initial Ordinary Course Professionals and Additional Ordinary Course Professionals (each as defined below, and together with the Initial Ordinary Course Professionals, the "<u>Ordinary Course Professionals</u>," and each, an "<u>Ordinary Course Professional</u>") without the necessity of a separate, formal retention application approved by this Court for each Ordinary Course Professional, and (ii) to pay each Ordinary Course Professional for post-petition services rendered and expenses incurred, subject to certain limits, without the necessity of additional Court approval; and (b) granting related relief.  In support of this Motion, the Debtors respectfully state as follows:

## I.     <u>JURISDICTION AND VENUE</u>

1.     The United States Bankruptcy Court for the District of New Jersey (the "<u>Court</u>") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of New Jersey dated as of September 18, 2012.  The Debtors confirm their consent, pursuant to Bankruptcy Rule 7008, to the entry of a final order by the Court in connection with this Motion to the extent that it is later

determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue of the Chapter 11 Cases and related proceedings is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The predicates for the relief requested herein are sections 105(a), 363(b), and 503(b) of the Bankruptcy Code, Bankruptcy Rules 6003 and 6004, and Local Rule 9013-1.

## II.      **BACKGROUND**

4.      On June 9, 2025 (the "Petition Date"),[2] the Debtors each commenced a voluntary case for relief under chapter 11 of the Bankruptcy Code.  The Debtors are authorized to continue operating and managing their businesses and properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On June 13, 2025, the Court entered an order [Docket No. 58] authorizing procedural consolidation and joint administration of these Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b).  On June 27, 2025 the United States Trustee for the District of New Jersey (the "U.S. Trustee") appointed an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Committee") [Docket No. 174].  No request for the appointment of a trustee or examiner has been appointed in these Chapter 11 Cases.

5.      Additional information regarding the Debtors, including their business and the events leading to the commencement of these Chapter 11 Cases is set forth in the *Declaration of Gerard Uzzi in Support of Emergency First Day Motions of the Debtors* [Docket No. 13] (the "First Day Declaration").

---

[2]     Lead Debtor Case No. 25-16137 (MBK) for Debtor Powin Project LLC was filed on June 9, 2025, and the remaining Debtors were filed shortly thereafter on June 10, 2025 and June 22, 2025.

6.      Prior to the Petition Date, the Debtors employed the professionals identified on **Exhibit 1**, attached to the Proposed Order (the "Initial Ordinary Course Professionals").  The Initial Ordinary Course Professionals perform services, including legal and accounting matters that are not intrinsically related to these Chapter 11 Cases.  The Debtors require the services of the Initial Ordinary Course Professionals regardless of the pendency of these Chapter 11 Cases, and these services do not significantly impact the direction of the Debtors' reorganization.  To the best of the Debtors' knowledge, the Initial Ordinary Course Professionals have no interest materially adverse to the Debtors and their estates.

### III.      RELIEF REQUESTED

7.      The Debtors seek entry of the Proposed Order:  (a) authorizing, but not directing, the Debtors (i) to retain the Initial Ordinary Course Professionals and Additional Ordinary Course Professionals (as defined below, together with the Initial Ordinary Course Professionals, the "Ordinary Course Professionals") without the necessity of a separate, formal retention application approved by this Court for each Ordinary Course Professional, and (ii) to pay each Ordinary Course Professional for post-petition services rendered and expenses incurred, including, if necessary, advancing any reasonable post-petition retainer to the applicable Ordinary Course Professional, subject to certain limits set forth below, without the necessity of additional Court approval; and (b) grating related relief.

8.      The Ordinary Course Professionals have a great deal of knowledge, expertise, and familiarity with the Debtors and their operations.  Although the Debtors anticipate that the Ordinary Course Professionals will want to continue to represent the Debtors on an ongoing basis, some may not do so if the Debtors cannot meet their payment obligations on a regular basis.  Without the Ordinary Course Professionals' knowledge, expertise, and familiarity in certain

matters, the Debtors undoubtedly would incur additional and unnecessary expenses in educating and retaining replacement professionals.  The continued employment and compensation of the Ordinary Course Professionals is in the best interests of the Debtors' estates, creditors, and other parties in interest.  For the avoidance of doubt, the Debtors are not requesting authority to pay prepetition amounts owed to any Ordinary Course Professional.

9.      For the sake of clarity, individual retention applications will be required for any professionals that the Debtors seek to employ in connection with the conduct of these Chapter 11 Cases or in connection with special matters not appropriate for ordinary course treatment (such individuals, the "<u>Chapter 11 Professionals</u>").  Moreover, the Chapter 11 Professionals will be permitted to be compensated and reimbursed only in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any orders entered in these Chapter 11 Cases governing the Chapter 11 Professional's compensation and reimbursement for services rendered and expenses incurred.

A. **<u>Proposed Ordinary Course Professional Procedures</u>**

10.      The proposed retention of the Ordinary Course Professionals and the payment of monthly compensation pursuant to the procedures set forth below is in the best interests of the Debtors' estates and creditors.  The relief requested will save the Debtors the expense and time associated with applying separately to retain each Ordinary Course Professional and will avoid the incurrence of additional fees for the preparation and prosecution of interim and final fee applications during these Chapter 11 Cases.  Accordingly, the Debtors propose the following procedures in recognition of the importance of providing information regarding the Ordinary Course Professionals to the Court and the U.S. Trustee.

(i)      Within seven (7) days following the date of entry of the Proposed Order, the Debtors shall serve the Proposed Order upon each Initial Ordinary

Course Professional.   Thereafter, at least fourteen (14) days before submitting invoices to the Debtors and no later than (a) forty-five (45) days after the date of entry of the Proposed Order or (b) the date on which each retained Initial Ordinary Course Professional commences services for the Debtors, each Initial Ordinary Course Professional shall provide to the Debtors and the Debtors' counsel a declaration pursuant to section 1746 of title 28 of the United States Code, substantially in the form attached to the Proposed Order as **Exhibit 2** (the "OCP Declaration") and a completed retention questionnaire, substantially in the form attached to the Proposed Order as **Exhibit 3** (the "Retention Questionnaire") for filing with the Court.  Upon receipt of an OCP Declaration and Retention Questionnaire, the Debtors will file such documents with the Court and serve a copy upon the following parties (the "Notice Parties"):

A.    Powin, LLC, 20550 SW 115th Avenue Tualatin, OR 97062; Attn: Chad Paulson (chad.paulson@powin.com), and Gerard Uzzi (guzzi@uzzilall.com);

B.    The United States Trustee for the District of New Jersey, One Newark Center, Suite 2100, Newark, New Jersey 07102, Attn: Jeffrey M. Sponder, Esq. (Jeffrey.m.sponder@usdoj.gov) and Lauren Bielskie, Esq. (lauren.bielskie@usdoj.gov);

C.    Proposed counsel to the Debtors, Dentons US LLP, 602 S. Figueroa Street #2500, Los Angeles, CA 90017 Attn: Van C. Durrer II, Esq. (van.durrer@dentons.com) and Tania M. Moyron, Esq. (tanya.moyron@dentons.com);

D.    Proposed counsel to the Debtors, Togut, Segal & Segal LLP, One Penn Plaza, Suite 3335, New York, NY 10119, Attn: Frank A. Oswald, Esq. (foswald@teamtogut.com);

E.    Proposed counsel to the Committee, Brown Rudnick LLP, (i) Seven Times Square, New York, NY 10036, Attn: Robert J. Stark, Esq. (rstark@brownrudnick.com) and Kenneth J. Aulet, Esq. (kaulet@brownrudnick.com), (ii) 601 Thirteenth Street, NW Suite 600, Washington, DC 20005, Attn: Eric R. Goodman, Esq. (egoodman@brownrudnick.com);

F.    Proposed local counsel to the Committee, Genova Burns LLC, 110 Allen Road, Suite 304, Basking Ridge, NJ 07920, Attn: Daniel M. Stolz, Esq. (dstolz@genovaburns.com) and Donald W. Clarke, Esq. (dclarke@genovaburns.com);

G.    Proposed financial advisor to the Committee, Alvarez & Marsal North America, LLC, 540 W. Madison St., Suite

1800, Chicago, IL, 60661, Attn: Seth A. Waschitz and Rich Newman;

H.    any other secured creditor and counsel, to the extent known;

I.    any party requesting notice of all proceedings; and

J.    any other party designated by the Court.

ii.    The Notice Parties shall have fourteen (14) days after service of each OCP Declaration and Retention Questionnaire to object to the retention of the applicable Ordinary Course Professional (the "Objection Deadline") and any such objection shall be filed with the Court and served upon the Debtors, the relevant Ordinary Course Professional, and the Notice Parties.  If no objection is filed prior to the Objection Deadline, the Debtors' request that the employment and retention of the Ordinary Course Professional be deemed approved without further order of the Court.  If an objection is filed by the Objection Deadline and such objection cannot be resolved within twenty (20) days, the Debtors will schedule the matter for a hearing before the Court, and the Debtors and/or the relevant Ordinary Course Professional will have the right to file a reply with respect to any objection prior to the scheduled hearing.

11.    The Debtors also request that they be authorized to employ and retain additional ordinary course professionals not currently listed as Initial Ordinary Course Professionals as future circumstances may require (the "Additional Ordinary Course Professionals"), by filing with the Court a supplement to the list of Initial Ordinary Course Professionals, (a "Supplement"), as applicable, and serving a copy of the Supplement upon the Notice Parties.

12.    The Debtors propose that, as with the Initial Ordinary Course Professionals, each Additional Ordinary Course Professional be required to provide to the Debtors and their counsel, for filing with the Court and service upon the Notice Parties, both an OCP Declaration and a Retention Questionnaire, within thirty (30) days of the filing of the relevant Supplement. The Notice Parties will have fourteen (14) days after service of each required OCP Declaration to object to the retention of the Additional Ordinary Course Professional in question.  Any objection would be handled as set forth in paragraph 10 above.  If no objection is timely submitted, or if the

objection is withdrawn or timely resolved, the Debtors will be authorized to retain the Additional Ordinary Course Professional as a final matter without further order, effective as of the date of filing the Supplement or the applicable date of engagement.

13.    The Debtors will not pay any fees nor expenses to any Ordinary Course Professional (nor shall any such Ordinary Course Professional draw down on any existing retainer) unless: (a) the Ordinary Course Professional has submitted its OCP Declaration and Retention Questionnaire to the Debtors; (b) such OCP Declaration and Retention Questionnaire have been filed with the Court and served on the Notice Parties; (c) the Objection Deadline has expired; and (d) no timely objection is pending.  If a timely objection is received, the Debtors will schedule the matter for a hearing before the Court and no payment shall be made until such objection is either resolved, withdrawn, or otherwise overruled by the Court.

### B.  **Proposed Payment Procedures**

14.    Once the Debtors retain an Ordinary Course Professional in accordance with the procedures above, the Debtors propose to pay such Ordinary Course Professional 100% of the fees and 100% of the disbursements incurred with respect to the postpetition services they render, upon the submission to, and approval by, the Debtors of an appropriate invoice setting forth in reasonable detail the nature of the services rendered and expenses actually incurred during the invoiced period, without prejudice and subject to (i) the Debtors' right to dispute any such invoice in the ordinary course and (ii) the rights of the Notice Parties to file an Ordinary Course Professional Fee Objection (defined below); provided, however, that each Ordinary Course Professional's total compensation and reimbursement shall not exceed the monthly fee cap (the "Monthly Fee Cap") as set forth in the list of Initial Ordinary Course Professionals attached to the Proposed Order as **Exhibit 1**, or in any Supplement, as applicable, on average over any three month

8

period on a rolling basis; provided, further, that the Debtors shall not pay any Ordinary Course

Professional in excess of their applicable aggregate fee cap (the "Aggregate Fee Cap") listed in

**Exhibit 1**, or in any Supplement, during the course of these Chapter 11 Cases except as otherwise

authorized by the Court.

15.     The Debtors request the authority to change the Monthly Fee Cap and Aggregate

Fee Cap applicable to any given Ordinary Course Professional upon seven (7) calendar days'

notice to the Notice Parties, subject to objection by the Notice Parties.  In addition, in the event

the duration of these Chapter 11 Cases is longer than seven (7) months from the date of entry of

the Proposed Order, the Aggregate Fee Cap for each Ordinary Course Professional that has been

retained, may be increased by agreement of the U.S. Trustee, the Committee or by order of the

Court.  Notwithstanding the foregoing, the aggregate fees to be paid to Ordinary Course

Professionals pursuant to the Order shall not exceed $1,000,000 (the "Overall Aggregate Case

Cap").  The Overall Aggregate Case Cap may be increased by agreement of the U.S. Trustee and

the Committee or by order of the Court.

16.     Furthermore, if an Ordinary Course Professional's fees and expenses exceed the

applicable Monthly Fee Cap over a three-month rolling basis, such Ordinary Course Professional

shall file a fee application in compliance with sections 330 and 331 of the Bankruptcy Code and

the applicable provisions of the Bankruptcy Rules, the Local Rules, the *Guidelines for Reviewing*

*Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by*

*Attorneys in Larger Chapter 11 Cases*, effective as of November 1, 2013 (the "U.S. Trustee Fee

Guidelines") and any other procedures and orders of the Court.  Such applicable Ordinary Course

Professional shall be entitled to interim payment of their requested fees and expenses up to the

Monthly Fee Cap pending the Court's allowance of those requested fees and expenses in excess

of the Monthly Fee Cap.  Each Ordinary Course Professional that is a law firm and exceeds the Monthly Fee Cap shall agree to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures, as set forth in the U.S. Trustee Fee Guidelines.

17.     If an Ordinary Course Professional seeks payment of fees in excess of the Aggregate Fee Cap, such Ordinary Course Professional shall be required to (a) file a separate retention application to be retained as a professional person pursuant to section 327 of the Bankruptcy Code; and (b) apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with these Chapter 11 Cases in accordance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, the Local Rules, the U.S. Trustee Fee Guidelines, and any other procedures and orders of the Court. Such applicable Ordinary Course Professional shall be entitled to interim payment of its requested fees and expenses pursuant to any order granting the *Debtors' Motion for Entry of an Administrative Fee Order Establishing Procedures for the Allowance and Payment of Interim Compensation and Reimbursement of Expenses of Professionals Retained by Order of this Court*, [Docket No. 235].  Each Ordinary Course Professional that is a law firm and exceeds the Aggregate Fee Cap shall agree to make a reasonable effort to comply with the U.S. Trustee Fee Guidelines.

18.     In the ordinary course of business, as a routine matter, the Debtors review all bills received from the Ordinary Course Professionals to assess the reasonableness of the fees charged and the necessity of the expenses incurred.  This type of review will continue postpetition and, coupled with the proposed Monthly Fee Cap, Aggregate Fee Cap, and Overall Aggregate Case Cap, will protect the Debtors' estates against excessive and improper billing.

### C. **Periodic Payment Statements**

19.     Within thirty (30) days after the end of, and with respect to, each full three-month period after entry of the Order (including any initial partial month in the first period), the Debtors shall file with this Court, and serve upon the Notice Parties, a summary statement that includes the following information for each Ordinary Course Professional: (a) the name of the Ordinary Course Professional; (b) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by such Ordinary Course Professional during the statement period; (c) the aggregate amount of postpetition payments made to the Ordinary Course Professional through the end of the statement period; and (d) a general description of the services rendered by such Ordinary Course Professional during the statement period.  The obligation to file summary statements shall terminate upon confirmation of a plan in these Chapter 11 Cases.

20.     On the date that is established in these Chapter 11 Cases for Chapter 11 professionals to file final fee applications and pursuant to D.N.J. LBR 2016-4, the Debtors will file a statement (the "Final Statement") for each of the Ordinary Course Professionals.  The Final Statement shall include the following information for each Ordinary Course Professional: (i) the name of the Ordinary Course Professional; (ii) the aggregate amount paid to the Ordinary Course Professional during the previous ninety (90) days; (iii) the total amount paid postpetition to each Ordinary Course Professional; and (iv) a reasonably detailed description of the services rendered by the Ordinary Course Professional during these Chapter 11 Cases.  The Final Statement shall be served upon the Notice Parties, who shall have twenty (20) calendar days to file an objection with the Court pursuant to section 330 of the Bankruptcy Code (an "Ordinary Course Professional Fee Objection").

## IV.    BASIS FOR RELIEF

21.     The Debtors seek the relief requested in this Motion to avoid any later controversy about employing and paying the Ordinary Course Professionals during the pendency of these Chapter 11 Cases.   The Debtors believe that their decision to employ the Ordinary Course Professionals is appropriate under section 363(c)(1) of the Bankruptcy Code because the employment and compensation of the Ordinary Course Professionals are matters that relate to the ordinary course of the Debtors' business.   "The Code takes cognizance of the fact that if a debtor had to seek court approval to pay for every expense incurred during the normal course of its affairs, the debtor would be in court more than in business."   *Bagus v. Clark (In re Buyer's Club Markets)*, 5 F.3d 455, 457–58 (10th Cir. 1993).   By this Motion, the Debtors are not requesting to pay prepetition amounts owed to any of the Ordinary Course Professionals.

### A.  The Debtors Employ the Ordinary Course Professionals in the Ordinary Course of the Debtors' Business.

22.     Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors, as debtors in possession, are authorized to operate their businesses.   Section 363(c)(1) of the Bankruptcy Code further defines the scope of a debtor's authority and provides that, unless the court orders otherwise, a debtor in possession may enter into transactions, including the use, sale, or lease of estate property in the ordinary course of business without notice and a hearing.   "The framework of section 363 is designed to allow a trustee (or a debtor-in-possession) the flexibility to engage in ordinary transactions without unnecessary creditor and bankruptcy court oversight, while protecting creditors by giving them an opportunity to be heard when transactions are not ordinary."   *In re Roth American, Inc.*, 975 F.2d 949, 952 (3d Cir. 1992).   "Neither the Bankruptcy

Code nor its legislative history provide a framework for analyzing whether particular transactions are in the ordinary course of a debtor's business for the purpose of section 363." *Id*.

23.    To determine whether or not a transaction falls in the ordinary course of business, many courts have adopted a two-step inquiry: the "vertical dimension" or "creditor's expectation" test, and the "horizontal dimension" or "industry-wide" test. *See id*. (citations omitted); *see also N.J. Mobile Dental Practice, P.A. v. Cont'l Assocs. Ltd. (In re N.J. Mobile Dental Practice. P.A.)*, No. 05-17772 (DHS), Adv. No. 07-1988 (DHS), 2008 Bankr. LEXIS 1184, at *14 (Bankr. D.N.J. Apr. 7, 2008) (explaining that "the Third Circuit adopted a two-step approach consisting of a horizontal and a vertical dimension").

24.    Under the vertical dimension test, courts "analyze the transactions from the vantage point of a hypothetical creditor and the inquiry is whether the transaction subjects a creditor to economic risk of a nature different from those he accepted when he decided to extend credit." *In re Roth Am., Inc*., 975 F.2d at 953 (citations omitted).  A debtor's "pre-petition business practices and conduct" are the primary focus of the vertical analysis. *Id*.  Under the horizontal dimension test, courts analyze "whether, from an industry-wide perspective, the transaction is of the sort commonly undertaken by companies in that industry." *Id.*

25.    Application of the vertical and horizontal tests to the Debtors' employment and compensation of the Ordinary Course Professionals demonstrates that the Debtors' actions should be considered ordinary course transactions pursuant to section 363(c)(1) of the Bankruptcy Code. With regard to the vertical dimension test, the Debtors' employment and compensation of the Ordinary Course Professionals is consistent with the Debtors' pre-petition business practices.  The Debtors utilize the services of each of the Initial Ordinary Course Professionals in connection with the day-to-day operation of the Debtors' businesses.  Further, the Debtors' creditors may

reasonably assume that the operation of the Debtors' businesses requires the assistance of various nonbankruptcy professionals in connection with legal, tax, accounting, regulatory, and other matters.

26.     With regard to the horizontal dimension test, it is standard practice for companies in the energy industry to utilize the services provided by the Ordinary Course Professionals in connection with day-to-day operations.  Therefore, employment and compensation of the Ordinary Course Professionals satisfies both the horizontal and vertical tests and is therefore consistent with section 363(c)(1) of the Bankruptcy Code.

**B.  The Ordinary Course Professionals Are Not
Professionals Under Section 327 of the Bankruptcy Code.**

27.     The Ordinary Course Professionals are not "professional persons" within the meaning of section 327(a) of the Bankruptcy Code and, therefore, should not be subject to its requirements.  Under section 327(a) of the Bankruptcy Code, a debtor "with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons . . . to represent or assist the [debtor] in carrying out the [debtor's] duties under this title." 11 U.S.C. § 327(a) (emphasis added).

28.     "[N]ot all individuals normally considered as professionals are deemed professionals for purposes of section 327."  *U.S. ex rel. Kraft v. Aetna Cas. & Sur. Co.*, 43 B.R. 119, 121 (M.D. Tenn. 1984); *see also, e.g., In re Napoleon*, 233 B.R. 910, 913 (Bankr. D.N.J. 1999) (explaining that "it is not enough that the party be a professional by education or training" but that "he or she must also play an integral role in the administration of the bankruptcy case" to be considered a "professional person" under section 327(a)).  Section 327(a) of the Bankruptcy Code only requires the court's approval of a professional "to represent or assist the trustee in carrying out the trustee's duties under this title."  Therefore, courts have required that the

14

professional person's employment must specifically relate to the administration of the bankruptcy case, as opposed to the ordinary course operation of the debtor's business.  *See, e.g., In re Napoleon*, 233 B.R. at 913.

29.     Furthermore, the professional person's employment must be "central" to the administration of the estate, and section 327(a) of the Bankruptcy Code should only apply if the professional will play an intimate role in the reorganization of the debtor's estate.  *In re Napoleon*, 233 B.R. at 913; *see also, e.g., In re Livore*, 473 B.R. 864, 870 (Bankr. D.N.J. 2012) (holding that the employed party was not a professional person requiring retention under section 327(a) because he "did not play an integral role in the administration of the bankruptcy case" ); *In re Zais Inv. Grade Ltd. VII*, No. 11-20243 (RTL), 2011 WL 4543215, at *2 (Bankr. D.N.J. Sept. 26, 2011) ("This court is of the opinion that court approval is not required for the Debtor to engage Cayman Islands counsel for such non-bankruptcy legal services and to compensate the professional in accordance with prior practices.").

30.     If the debtor is not seeking to employ a professional because of a need that arose incident to the bankruptcy, section 327 of the Bankruptcy Code should not apply, regardless of whether the professional's services are important to the debtor's business.  *See In re Livore*, 473 B.R. at 870; *In re Zais Inves. Grade Ltd. VII*, at *2; *see also In re Johns–Manville Corp.*, 60 B.R. 612, 621 (Bankr. S.D.N.Y. 1986) (lobbyists retained to perform services in the ordinary course of debtor's business "performed a function completely external to the reorganization process" and therefore were not professional persons requiring retention under section 327(a)); *In re Seatrain Lines, Inc.*, 13 B.R. 980 (Bankr. S.D.N.Y. 1981) (holding that maritime engineers employed in the course of Debtor's business would "play an important role in the mechanics of [Debtor's]

operation," but were not professionals requiring retention under section 327(a) because their retention would not "affect the administration of [Debtor's] reorganization.").

31.     Although the Ordinary Course Professionals provide valuable services for the Debtors, their employment is not central to the Debtors' reorganization process.  Furthermore, it could hinder the administration of the Debtors' estates if the Debtors were required (a) to submit to the Court an application, declaration, and proposed retention order for each Ordinary Course Professional, (b) to wait until such order is approved before such Ordinary Course Professional continues to render services, or (c) to withhold payment of the normal fees and expenses of the Ordinary Course Professionals until they comply with the compensation and reimbursement procedures applicable to Chapter 11 Professionals.

32.     Under such conditions, there is a risk that some Ordinary Course Professionals would be unwilling to provide services, and that others would suspend services, pending a specific court order authorizing the services.  Since many of the matters for which the Ordinary Course Professionals provide services are active on a day-to-day basis, any delay or need to replace professionals could have adverse consequences on the Debtors' estates.  For example, if the expertise and background knowledge of the Ordinary Course Professionals with respect to the particular matters for which they were responsible prior to the Petition Date were lost, the estates undoubtedly would incur additional and unnecessary expenses because the Debtors would have to retain other professionals without such background and expertise, at potentially higher rates.  It is therefore in the best interest of the Debtors' estates to avoid any disruption to the professional services required.

33.     Moreover, the requested relief will allow the Debtors to avoid additional fees that such Ordinary Course Professionals would charge in connection with preparing and prosecuting

numerous interim fee applications.  Likewise, the procedures set forth above will relieve the Court, the U.S. Trustee, and other interested parties of the burden of reviewing a multitude of fee applications involving relatively small amounts of fees and expenses.

34.     To the best of the Debtors' knowledge, none of the Initial Ordinary Course Professionals represents or holds any interest materially adverse to the Debtors or to their estates with respect to the matter in which the Debtors employ such Ordinary Course Professional(s). Although certain of the Initial Ordinary Course Professionals may hold unsecured claims against one or more of the Debtors, the Debtors do not believe that any of such claims constitute interests materially adverse to the Debtors, their estates, their creditors, or other parties in interest.

35.     Courts in this district have consistently granted similar relief in other chapter 11 cases.  *See e.g., In re New Rite Aid, LLC*., No. 25-14861 (MBK) (Bankr. D.N.J. June, 9, 2025) [Docket No. 770]; *In re Sam Ash Music Corp*., No. 24-14727 (SLM) (Bankr. D.N.J. June 5, 2024) [Docket No. 199]; *In re Invitae Corp*., No. 24-11362 (MBK) (Bankr. D.N.J. May 9, 2024) [Docket No. 466]; *In re Thrasio Holdings, Inc*., No. 24-11840 (CMG) (Bankr. D.N.J. Apr. 4, 2024) [Docket No. 300]; *In re Careismatic Brands, LLC*, No. 24-10561 (VFP) (Bankr. D.N.J. Feb. 29, 2024) [Docket No. 329]; *In re Rite Aid Corp*., No. 23-18993 (MBK) (Bankr. D.N.J. Dec. 20, 2023) [Docket No. 1138].

**C.  Retroactive Relief is Appropriate.**

36.     The Debtors request that the employment of the Ordinary Course Professionals be approved retroactively to the Petition Date, or in the case of Additional Ordinary Course Professionals, retroactively to the date of the filing of the Supplement or the applicable date of the engagement.  The Debtors filed this Motion as a precautionary measure to avoid any later controversy about employing and paying the Ordinary Course Professionals during the pendency of these Chapter 11 Cases.  Therefore, granting the relief requested in this Motion retroactive to

the Petition Date will not prejudice any party in interest.  Furthermore, even if the Ordinary Course

Professionals were subject to the requirements of section 327 of the Bankruptcy Code, the Court

would have the authority to approve retroactive relief.  *See, e.g., In re Arkansas Co., Inc*., 798 F.2d

645, 648 (3d Cir. 1986) (holding "that the bankruptcy courts have the power to authorize

retroactive employment of counsel and other professionals under their broad equity power").  The

Debtors acknowledge that the *Arkansas* case limits *nunc pro tunc* approval to cases involving

extraordinary circumstances, courts have recognized that such "heightened showing" of

extraordinary circumstances only applies "when there has been a months-long delay before

seeking approval."  *City of Rockford v. Mallinckrodt Plc (In re Mallinckrodt Plc)*, No. 21-398-

LPS, 2022 WL 906451, at *22 (Bankr. D. Del. March 28, 2022); *see also, e.g., In re Sound Radio,

Inc.,* 145 B.R. 193, 205 n.18 (Bankr. D.N.J. 1992) (explaining that another court "held that thirty

days from the commencement of the case . . . is the outer limit" for obtaining court approval and

after that, "the applicant must show a reasonable explanation for the delay") (citing *In re Martin*,

102 B.R. 653 (Bankr. W.D. Tenn. 1989)).

37.     As this Court is aware, the Debtors have been working around the clock since the

Petition Date to stabilize their operations, maintain client relations both in the U.S. and abroad,

and to negotiate the terms of both a stalking horse offer and emergency DIP financing.  The

Debtors have also had to address multiple emergency motions which included, among others, the

Emergency Adequate Protection Motion [Docket Nos. 117, 119] and the Ad Hoc Customer Group

Emergency Adequate Protection Motion [Docket Nos. 297, 299] and worked tirelessly to timely

prepare and file the schedules and statements [Docket Nos. 414-437] in advance of the section 341

meeting that was conducted on July 23, 2025.  As a result, it has taken some time for the Debtors'

to gather the relevant information needed to complete this Motion and to explain the Ordinary

Course Professionals procedures to the Ordinary Course Professionals, some of which have not been involved in a Chapter 11 case before.  Accordingly, for these reasons, the Debtors submit that retroactive relief is appropriate and just in these circumstances.

38.    Based on the foregoing facts and circumstances, the Debtors submit that the employment and compensation of the Ordinary Course Professionals in the manner set forth above and in the Proposed Order is supported by sound business judgment, and is necessary, prudent, and in the best interests of the Debtors, their estates, and their creditors.

## V.    WAIVER OF BANKRUPTCY RULE 6004(A) AND (H)

39.    To implement the foregoing successfully, the Debtors seek a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the 14-day stay of an order authorizing the use, sale, or lease or property under Bankruptcy Rule 6004(h).

## VI.    WAIVER OF MEMORANDUM OF LAW

40.    The Debtors respectfully request that the Court waive the requirement to file a separate memorandum of law pursuant to Local Rule 9013-1(a)(3) because the legal basis upon which the Debtors rely is set forth herein and the Motion does not raise any novel issues of law.

## VII.    NO PRIOR REQUEST

41.    No prior request for the relief sought in this Motion has been made to this Court or any other court.

## VIII.   NOTICE

42.    Pursuant to Local Rule 9013-5(c), notice of this Motion shall be given to the following parties: (a) the Office of the United States Trustee; (b) counsel for the Debtors' Prepetition Secured Parties; (c) counsel to the Committee; and (d) any party that has requested notice pursuant to Bankruptcy Rule 2002. .  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## IX.    **<u>CONCLUSION</u>**

WHEREFORE, the Debtors respectfully request entry of the Proposed Order (i) granting

the relief requested herein; and (ii) granting the Debtors such other and further relief as the Court

deems just and proper.

Dated: July 23, 2025

**TOGUT, SEGAL & SEGAL LLP**

*/s/ Frank A. Oswald*
Frank A. Oswald (admitted)
550 Broad Street
Suite 1508
Newark, NJ 07102
Telephone:  (212) 594-5000
Facsimile:  (212) 967-4258
Email:  frankoswald@teamtogut.com

Albert Togut (admitted *pro hac vice*)
Amanda C. Glaubach (admitted *pro hac vice*)
Eitan Blander (admitted *pro hac vice*)
One Penn Plaza, Suite 3335
New York, New York 10119
Telephone:  (212) 594-5000
Facsimile:  (212) 967-4258
Email:  altogut@teamtogut.com
        aglaubach@teamtogut.com
        eblander@teamtogut.com

- and -

**DENTONS US LLP**

Tania M. Moyron (admitted *pro hac vice*)
Van C. Durrer, II (admitted *pro hac vice*)
601 S. Figueroa Street #2500
Los Angeles, CA 90017
Telephone:  (213) 623-9300
Facsimile:  (213) 623-9924
Email:  tania.moyron@dentons.com
        van.durrer@dentons.com

John D. Beck (admitted *pro hac vice*)
Sarah M. Schrag (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020-1089
Telephone:  (212) 768-6700
Facsimile:  (212) 768-6800
Email:  john.beck@dentons.com
        sarah.schrag@dentons.com

*Proposed Counsel for Debtors and*
*Debtors in Possession*

## **EXHIBIT A**

(Proposed Order)

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>Powin, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-16137 (MBK)<br><br>(Jointly Administered) |

**ORDER AUTHORIZING THE EMPLOYMENT AND PAYMENT OF
PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS**

The relief set forth on the following pages, numbered (3) through (12), is **ORDERED.**

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin Project LLC [1583]; (ii) Powin, LLC [0504]; (iii) PEOS Holdings, LLC [5476]; (iv) Powin China Holdings 1, LLC [1422]; (v) Powin China Holdings 2, LLC [9713]; (vi) Charger Holdings, LLC [5241]; (vii) Powin Energy Ontario Storage, LLC [8348]; (viii) Powin Energy Operating Holdings, LLC [2495]; (ix) Powin Energy Operating, LLC [6487]; (x) Powin Energy Storage 2, Inc., [9926]; (xi) Powin Energy Ontario Storage II LP, [5787]; and (xii) Powin Canada B.C. Ltd. [2239]. The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR 97062.

(Page | 2)

| | |
|---|---|
| Debtors: | Powin, LLC, *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Order Authorizing the Employment and Payment of Professionals Utilized in the Ordinary Course of Business |

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**DENTONS US LLP**

Tania M. Moyron (admitted *pro hac vice*)
Van C. Durrer, II (admitted *pro hac vice*)
601 S. Figueroa Street #2500
Los Angeles, CA 90017
Telephone:  (213) 623-9300
Facsimile:  (213) 623-9924
Email:  tania.moyron@dentons.com
          van.durrer@dentons.com

John D. Beck (admitted *pro hac vice*)
Sarah M. Schrag (admitted *pro hac vice* ing)
1221 Avenue of the Americas
New York, NY 10020-1089
Telephone:  (212) 768-6700
Facsimile:  (212) 768-6800
Email:  john.beck@dentons.com
          sarah.schrag@dentons.com

*Proposed Counsel for Debtors and
Debtors in Possession*

**TOGUT, SEGAL & SEGAL LLP**

Frank A. Oswald (admitted)
550 Broad Street
Suite 1508
Newark, NJ 07102
Telephone:  (212) 594-5000
Facsimile:  (212) 967-4258
Email:  frankoswald@teamtogut.com

Albert Togut (admitted *pro hac vice*)
Amanda C. Glaubach (admitted *pro hac vice*)
Eitan Blander (admitted *pro hac vice*)
One Penn Plaza, Suite 3335
New York, New York 10119
Telephone:  (212) 594-5000
Facsimile:  (212) 967-4258
Email:  altogut@teamtogut.com
          aglaubach@teamtogut.com
          eblander@teamtogut.com

*Proposed Counsel for Debtors and
Debtors in Possession*

(Page | 3)

| | |
|---|---|
| Debtors: | Powin, LLC, *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Order Authorizing the Employment and Payment of Professionals Utilized in the Ordinary Course of Business |

Upon consideration of the application (the "Motion"),[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order") authorizing, but not directing, the Debtors to (i) retain Ordinary Course Professionals (which includes both the Initial Ordinary Course Professionals and Additional Ordinary Course Professionals) without the necessity of a separate, formal retention application approved by this Court for each Ordinary Course Professional and (ii) pay each Ordinary Course Professional for postpetition services rendered and expenses incurred, including, if necessary, advancing any reasonable post-petition retainer to the Ordinary Course Professional, subject to certain limits set forth below, without the necessity of additional court approval, and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference to the Bankruptcy Court Under Title 11 of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.) and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found sufficient cause exists for the relief set forth herein; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for

| (Page \| 4) | |
|---|---|
| Debtors: | Powin, LLC, *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Order Authorizing the Employment and Payment of Professionals Utilized in the Ordinary Course of Business |

the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1.      The Motion is **GRANTED** as set forth herein.

2.      The Debtors are authorized, but not directed, to employ and retain the Ordinary Course Professionals listed on **Exhibit 1** attached hereto (the "<u>Initial Ordinary Course Professionals</u>" or, the "<u>Initial OCP Lists</u>"), and any Additional Ordinary Course Professional (as defined in the Motion and paragraph 4 of this Order, and collectively with the Initial Ordinary Course Professionals, the "<u>Ordinary Course Professionals</u>"), without the need to file individual retention applications and obtain retention orders for each such Ordinary Course Professional. The Debtors are further authorized, but not directed, to pay such Ordinary Course Professionals' fees, including, if necessary, advancing any reasonable postpetition retainer to the Ordinary Course Professional, and to reimburse expenses incurred pursuant to the terms of this Order. Any advancement of a reasonable postpetition retainer to an Ordinary Course Professional shall be subject to notice being provided to the Notice Parties (defined below) prior to any advancement with an opportunity to object within seven (7) days of service of such notice. Such objection deadline shall be subject to extension by agreement of the Debtors and the corresponding notice party. Any advancement of a reasonable postpetition retainer shall not occur until expiration of the objection period set forth in this paragraph [5] with no objection received. Such authorizations are effective as of the Petition Date or the applicable date of engagement.

---

[2]    Capitalized terms used but not otherwise defined herein have the meaning ascribed to them in the Motion.

(Page | 5)

| | |
|---|---|
| Debtors: | Powin, LLC, *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Order Authorizing the Employment and Payment of Professionals Utilized in the Ordinary Course of Business |

3.      Within seven (7) days following the date of entry of this Order, the Debtors shall serve this Order upon each Initial Ordinary Course Professional.  Thereafter, at least fourteen (14) days before submitting invoices to the Debtors and no later than (a) forty-five (45) days after the date of entry of this Order or (b) the date on which each retained Initial Ordinary Course Professional commences services for the Debtors, each Initial Ordinary Course Professional shall provide to the Debtors and the Debtors' counsel a declaration pursuant to section 1746 of title 28 of the United States Code, substantially in the form attached hereto as **Exhibit 2** (the "OCP Declaration") and a completed retention questionnaire substantially in the form attached hereto as **Exhibit 3** (the "Retention Questionnaire") for filing with the Court.  Upon receipt of an OCP Declaration and Retention Questionnaire, the Debtors shall file such documents with the Court and serve copies of such documents upon (i) the United States Trustee for the District of New Jersey, One Newark Center, Suite 2100, Newark, New Jersey 07102, Attn: Jeffrey M. Sponder, Esq. (jeffrey.m.sponder@usdoj.gov) and Lauren Bielskie, Esq. (lauren.bielskie@usdoj.gov); (ii)  proposed counsel to the Committee, Brown Rudnick LLP, (a) Seven Times Square, New York, NY 10036, Attn: Robert J. Stark, Esq. (rstark@brownrudnick.com) and Kenneth J. Aulet, Esq. (kaulet@brownrudnick.com), (b) 601 Thirteenth Street, NW Suite 600, Washington, DC 20005, Attn: Eric R. Goodman, Esq. (egoodman@brownrudnick.com); (iii) proposed local counsel to the Committee, Genova Burns LLC, 110 Allen Road, Suite 304, Basking Ridge, NJ 07920, Attn: Daniel M. Stolz, Esq. (dstolz@genovaburns.com) and Donald W. Clarke, Esq. (dclarke@genovaburns.com); (iv) proposed financial advisor to the Committee, Alvarez & Marsal North America, LLC, 540 W. Madison St., Suite 1800, Chicago, IL, 60661, Attn: Seth A. Waschitz and Rich Newman.  For the avoidance of doubt, each Ordinary Course Professional shall wait until

(Page | 6)

| | |
|---|---|
| Debtors: | Powin, LLC, *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Order Authorizing the Employment and Payment of Professionals Utilized in the Ordinary Course of Business |

the applicable Objection Deadline (as defined below) has passed before submitting invoices to the Debtors.

4.      Debtors are authorized, after consultation with the Committee, without need for further hearing or order from the Court, to employ and retain ordinary course professionals not currently listed on the Initial OCP Lists (the "Additional Ordinary Course Professionals") by filing with the Court, and serving on the Notice Parties, a supplement to the Initial OCP Lists (the "Supplement"), which shall list the name of the Additional Ordinary Course Professional and provide a brief description of the services to be rendered by and the Monthly Fee Cap applicable to such professional, and by otherwise complying with the terms of this Order. Such authorization is effective retroactive to the date of the filing of the Supplement or the applicable date of engagement. At least fourteen (14) days before submitting invoices to the Debtors, and within thirty (30) days of the filing of such Supplement, each Additional Ordinary Course Professional shall provide to the Debtors and the Debtors' Counsel an OCP Declaration and Retention Questionnaire, and the Debtors will file such documents with the Court and serve a copy upon the Notice Parties.

5.      All parties in interest shall have fourteen (14) days after the later of (i) the entry of this Order, or (ii) the service of any OCP Declaration and Retention Questionnaire (the "Objection Deadline") to object to the retention of any Ordinary Course Professional. Any such objections shall be filed with the Court and served upon the Debtors, the Notice Parties, and the Ordinary Course Professional subject to such objection by the Objection Deadline. If a timely filed objection cannot be resolved or withdrawn within fourteen (14) days of service of such objection (or on such earlier date as determined by the Debtors in their discretion), then, upon request by the Debtors,

| Debtors: | Powin, LLC, *et al.* |
|---|---|
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Order Authorizing the Employment and Payment of Professionals Utilized in the Ordinary Course of Business |

such objection shall be scheduled for hearing before the Court on the next regularly scheduled hearing date or such other date that may be agreeable to the Ordinary Course Professional, the Debtors, and the objecting party.  If no objection is received on or before the Objection Deadline, or if any submitted objection is timely withdrawn or resolved, the Debtors shall be authorized to retain the Ordinary Course Professional as a final matter without further order of the Court, as of the Petition Date or the applicable date of engagement.

6. The Debtors shall not pay any fees nor reimburse any expenses (nor shall any Ordinary Course Professional draw down any previously provided retainer) to any Ordinary Course Professional unless and until (a) the Ordinary Course Professional has submitted its OCP Declaration and Retention Questionnaire to the Debtors; (b) such OCP Declaration and Retention Questionnaire have been filed with the Court and served on the Notice Parties; (c) the Objection Deadline has expired; and (d) no timely objection is pending.  If a timely objection is received, no payment nor reimbursement shall be made until such objection is either resolved, withdrawn, or otherwise overruled by the Court.

7. Debtors are authorized to pay each Ordinary Course Professional retained in accordance with the procedures outlined above 100% of the fees and 100% of the disbursements incurred with respect to postpetition services, upon the submission to, and approval by, the Debtors of an appropriate invoice , a copy of which shall be promptly provided to the U.S. Trustee and counsel to the Committee upon request, setting forth in reasonable detail the nature of the services rendered and expenses actually incurred during the month, without prejudice and subject to (i) the Debtors' right to dispute any such invoices in the ordinary course and (ii) the rights of the Notice Parties to file an Ordinary Course Professional Fee Objection (defined below) in accordance with

| Debtors: | Powin, LLC, *et al.* |
|---|---|
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Order Authorizing the Employment and Payment of Professionals Utilized in the Ordinary Course of Business |

paragraph 12 hereof; provided, however, that each Ordinary Course Professional's total compensation and reimbursement shall not exceed the Monthly Fee Cap set forth in the Initial OCP Lists, or in any Supplement, as applicable, on average over any three month period on a rolling basis; provided, further, that the Debtors shall not pay any Ordinary Course Professional in excess of their applicable aggregate fee cap set forth in **Exhibit 1** hereto (the "Aggregate Fee Cap") during the course of these Chapter 11 Cases except as otherwise authorized by the Court under the procedures outlined in paragraphs 8–10 of this Order.

8.      The Debtors shall have the authority to change the Monthly Fee Cap and Aggregate Fee Cap applicable to any given Ordinary Course Professional upon fourteen (14) calendar days' notice to the Notice Parties, subject to objection by the Notice Parties.  In addition, in the event the duration of these Chapter 11 Cases is longer than seven (7) months from the date of entry of the Order, the Aggregate Fee Cap for each Ordinary Course Professional that has been retained, may be increased by agreement of the U.S. Trustee and the Committee or by order of the Court. Notwithstanding the foregoing, the aggregate fees to be paid to Ordinary Course Professionals pursuant to the Order shall not exceed $1,000,000 (the "Overall Aggregate Case Cap").  The Overall Aggregate Case Cap may be increased by agreement of the U.S. Trustee and the Committee or by order of the Court.

9.      If an Ordinary Course Professional's fees and expenses exceed the applicable Monthly Fee Cap over a three-month rolling basis, such Ordinary Course Professional shall file a fee application in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, the Local Rules, the U.S. Trustee Fee Guidelines (defined below) and any other procedures and orders of the Court.  Such Ordinary Course Professional shall

| | |
|---|---|
| Debtors: | Powin, LLC, *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Order Authorizing the Employment and Payment of Professionals Utilized in the Ordinary Course of Business |

be entitled to interim payment of its requested fees and expenses up to the Monthly Fee Cap pending the Court's allowance of those requested fees and expenses in excess of the Monthly Fee Cap. Each Ordinary Course Professional that is a law firm and exceeds the Monthly Fee Cap shall agree to make a reasonable effort to comply with the *U.S. Trustee's requests for information and additional disclosures set forth in the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective as of November 1, 2013 (the "U.S. Trustee Fee Guidelines").

10.     If an Ordinary Course Professional seeks a payment of fees in excess of the Aggregate Fee Cap, such Ordinary Course Professional shall be required to (a) file a separate retention application to be retained as a professional person pursuant to section 327 of the Bankruptcy Code; and (b) apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with these Chapter 11 Cases in accordance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, the Local Rules, the U.S. Trustee Fee Guidelines, and any other procedures and orders of the Court. Such applicable Ordinary Course Professional shall be entitled to interim payment of its requested fees and expenses pursuant to any order granting the *Debtors' Motion for Entry of an Administrative Fee Order Establishing Procedures for the Allowance and Payment of Interim Compensation and Reimbursement of Expenses of Professionals Retained by Order of This Court* [Docket No. 235].  Each Ordinary Course Professional that is a law firm and exceeds the Aggregate Fee Cap shall agree to make a reasonable effort to comply with the U.S. Trustee Fee Guidelines.

11.     Within thirty (30) days after the end of, and with respect to, each full three-month period after entry of this Order (including any initial partial month in the first period), the Debtors

(Page | 10)

| Debtors: | Powin, LLC, *et al.* |
|---|---|
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Order Authorizing the Employment and Payment of Professionals Utilized in the Ordinary Course of Business |

shall file with this Court, and serve upon the Notice Parties, a summary statement that includes the following information for each Ordinary Course Professional: (a) the name of the Ordinary Course Professional; (b) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by such Ordinary Course Professional during the statement period; (c) the aggregate amount of postpetition payments made to the Ordinary Course Professional through the end of the statement period; and (d) a general description of the services rendered by such Ordinary Course Professional during the statement period.  The obligation to file summary statements shall terminate upon confirmation of a plan in these Chapter 11 Cases.

12.     On the date that is established in these Chapter 11 Cases for professionals to file final fee applications and pursuant to D.N.J. LBR 2016-4, the Debtors shall file a statement (the "Final Statement") for each of the Ordinary Course Professionals.  The Final Statement shall include the following information for each Ordinary Course Professional: (i) the name of the Ordinary Course Professional; (ii) the aggregate amount paid to the Ordinary Course Professional during the previous ninety (90) days; (iii) the total amount paid post-petition to each Ordinary Course Professional; and (iv) a reasonably detailed description of the services rendered by the Ordinary Course Professional during these Chapter 11 Cases.  The Final Statement shall be served upon the Notice Parties, who shall have twenty (20) days to file an objection with the Court pursuant to section 330 of the Bankruptcy Code (an "Ordinary Course Professional Fee Objection").

13.     This Order shall not apply to any Chapter 11 Professional retained by the Debtors under a separate order of this Court.

(Page | 11)

| Debtors: | Powin, LLC, *et al.* |
|---|---|
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Order Authorizing the Employment and Payment of Professionals Utilized in the Ordinary Course of Business |

14.     Each Ordinary Course Professional shall periodically update its OCP Declaration to the extent necessary to reflect new facts or circumstances relevant to its retention, including, without limitation, any changes in the type or scope of services to be provided.

15.     Subject to the payment procedures set forth in this Order, the Debtors' rights and the right of any party in interest to dispute any invoice submitted by an Ordinary Course Professional shall not be affected or otherwise prejudiced.

16.     As this Order is only procedural in nature, the U.S. Trustee reserves his rights to object to the retention of any Ordinary Course Professional on any grounds including those Ordinary Course Professionals identified in the Initial OCP Lists and any Supplement.

17.     The Debtors shall not make any payment to any Ordinary Course Professional that has not complied with the Ordinary Course Professional procedures and the other terms of this Order.

18.     Each non-attorney Ordinary Course Professional shall waive any prepetition claim against the Debtors as a condition of its retention and compensation as an Ordinary Course Professional.

19.     Notwithstanding anything to the contrary in the Motion or this Order, any payment made by the Debtors pursuant to the authority granted in this Order must be in compliance with and any authorization of the Debtors contained herein is subject to: (a) any interim or final orders entered by the Court approving the Debtors' entry into any postpetition debtor-in-possession financing facility and/or authorizing the use of cash collateral; (b) the documentation in respect of any such debtor-in-possession financing or use of cash collateral; and (c) any budget or cash flow forecasts in connection therewith (in each case, the "DIP Order").  To the extent there is any

(Page | 12)

| | |
|---|---|
| Debtors: | Powin, LLC, *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Order Authorizing the Employment and Payment of Professionals Utilized in the Ordinary Course of Business |

inconsistency between the terms of the DIP Order and this Order, the terms of the DIP Order shall control.

20.    The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents or otherwise deemed waived.

21.    Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Order shall be effective and enforceable immediately upon entry hereof.

22.    Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

23.    The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

24.    Any party may move for modification of this Order in accordance with Local Rule 9013-5(e).

25.    The Debtors shall serve a copy of this Order on all required parties pursuant to Local Rule 9013-5(f).

26.    This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

## EXHIBIT 1

**Initial Ordinary Course Professionals**

| Professional (Name & Address) | Type of Service Provided | Monthly Fee Cap if Services are Utilized |
|---|---|---|
| Clyde & Co LLP | Legal - Litigation | $40,000 |
| Davis Wright Tremaine LLP | Legal - Employment | $5,000 |
| G&T Tax Advisers BV | Tax | $1,000 |
| KPMG LLP | Tax | $50,000 |
| KPMG Spain | Tax | $50,000 |
| KPMG UK | Tax | $50,000 |
| McCarthy Tetrault LLP | Legal - Corporate | $10,000 |
| Miller Nash LLP | Legal | $10,000 |
| PricewaterhouseCoopers Advisory Services LLC | Tax | $50,000 |
| Schwartz Levitsky Feldman LLP | Legal - Tax | $5,000 |
| Arent Fox LLP | Legal | $20,000 |

## EXHIBIT 2

**Form of Declaration**

**DENTONS US LLP**

Tania M. Moyron (admitted *pro hac vice*)
Van C. Durrer, II (admitted *pro hac vice*)
601 S. Figueroa Street #2500
Los Angeles, CA 90017
Telephone:  (213) 623-9300
Facsimile:  (213) 623-9924
Email:   tania.moyron@dentons.com
            van.durrer@dentons.com


John D. Beck (admitted *pro hac vice*)
Sarah M. Schrag (admitted *pro hac*)
1221 Avenue of the Americas
New York, NY 10020-1089
Telephone:  (212) 768-6700
Facsimile:  (212) 768-6800
Email:   john.beck@dentons.com
            sarah.schrag@dentons.com


*Proposed Counsel for Debtors and
Debtors in Possession*

**TOGUT, SEGAL & SEGAL LLP**

Frank A. Oswald (admitted)
550 Broad Street
Suite 1508
Newark, NJ 07102
Telephone:  (212) 594-5000
Facsimile:  (212) 967-4258
Email:   frankoswald@teamtogut.com


Albert Togut (admitted *pro hac vice*)
Amanda C. Glaubach (admitted *pro hac vice*)
Eitan Blander (admitted *pro hac vice*)
One Penn Plaza, Suite 3335
New York, New York 10119
Telephone:  (212) 594-5000
Facsimile:  (212) 967-4258
Email:   altogut@teamtogut.com
            aglaubach@teamtogut.com
            eblander@teamtogut.com


*Proposed Counsel for Debtors and
Debtors in Possession*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>Powin, LLC, *et al.*,[1]<br><br>            Debtors. | Chapter 11<br><br>Case No. 25-16137 (MBK)<br><br>(Jointly Administered) |

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin Project LLC [1583]; (ii) Powin, LLC [0504]; (iii) PEOS Holdings, LLC [5476]; (iv) Powin China Holdings 1, LLC [1422]; (v) Powin China Holdings 2, LLC [9713]; (vi) Charger Holdings, LLC [5241]; (vii) Powin Energy Ontario Storage, LLC [8348]; (viii) Powin Energy Operating Holdings, LLC [2495]; (ix) Powin Energy Operating, LLC [6487]; (x) Powin Energy Storage 2, Inc., [9926]; (xi) Powin Energy Ontario Storage II LP, [5787]; and (xii) Powin Canada B.C. Ltd. [2239]. The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR 97062.

## DECLARATION OF [DECLARANT] ON BEHALF
## OF PROPOSED ORDINARY COURSE PROFESSIONAL [COMPANY NAME]

I, [**Declarant**], pursuant to Section 1746 of title 28 of the United States Code, hereby declare that the following is true to the best of my information, knowledge, and belief:

1.      I am [**Title**] of [**Company Name**], located at [**Address**] (the "Company").

2.      This declaration (this "Declaration") is submitted in connection with an order of the United States Bankruptcy Court for the District of New Jersey authorizing Powin, LLC and/or its affiliated debtors (collectively, the "Debtors") to retain certain professionals in the ordinary course of business during the pendency of the Debtors' Chapter 11 Cases [Docket No. [●]] (the "Order").  Following the date that the Debtors commenced their chapter 11 cases (the "Petition Date"), the Debtors requested that the Company provide professional services (or continue to provide such services) to the Debtors, and the Company has consented to provide such services.  Accordingly, the Company is submitting this Declaration pursuant to the Order.

3.      The Company, through me, and other members, partners, associates, or employees of the Company, has provided, or plans to provide, the following services to the Debtors form and after the Petition Date: [**Description of Services**].

4.      The Company may have performed services in the past and may perform services in the future, in matters unrelated to these Chapter 11 Cases, for persons that are parties in interest in these cases.  As part of its customary practice, the Company is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be claimants or employees of the Debtors, or other parties in interest in these cases.  The Company does not perform services for any such person in connection with these cases.  In addition, the Company does not have any relationship with any such person, their attorneys, or accountants that would be adverse to the Debtors or their estates.

2

5.      Neither I, nor any principal of, or professional employed by the Company has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principals and regular employees of the Company.

6.      Neither I, nor any principal of, or professional employed by the Company, insofar as I have been able to discover, holds or represents any interest adverse to the Debtors or their estates.

7.      **FOR LEGAL SERVICE FIRMS:** The Debtors owe the Company $[●]] on account of services rendered and expenses incurred prior to the Petition Date in connection with the Company's employment by the Debtors.

8.       **FOR NON-LEGAL SERVICE FIRMS ONLY:** The Company agreed to waive all unpaid amounts for services rendered prior to the Petition Date.

9.      As of the Petition Date, which was the date on which the Debtors commenced these Chapter 11 Cases, the Company [was/was not] party to an agreement for indemnification with the Debtors. [A copy of such agreement is attached as Exhibit 1 to this Declaration.]

10.     At any time during the period of its employment, if the Company should discover any facts bearing on the matters described herein, the Company will supplement the information contained in this Declaration.

11.     I, or a representative of the Company, have read and am familiar with the requirements of the *Order Authorizing the Employment and Payment of Professionals Utilized in the Ordinary Course of Business.*

I declare under penalty of perjury that the foregoing is true and correct to the best of my information, knowledge, and belief. Executed this [**Date**] in [**City, State, Country**].

*DRAFT*
_____
**[Declarant]**

## **Exhibit 3**

**Form Retention Questionnaire**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY**

In re:

Powin, LLC, *et al.*,[2]

          Debtors.

Chapter 11

Case No. 25-16137 (MBK)

(Jointly Administered)

<u>**RETENTION QUESTIONNAIRE**</u>

**TO BE COMPLETED BY EACH ORDINARY COURSE PROFESSIONAL
EMPLOYED BY THE DEBTORS**

<u>**Do not file**</u> **this Questionnaire with the Court.  Please return it to:**

| | |
|---|---|
| **DENTONS US LLP** | **TOGUT, SEGAL & SEGAL LLP** |
| Tania M. Moyron (admitted *pro hac vice*) | Frank A. Oswald (admitted) |
| Van C. Durrer, II (admitted *pro hac vice*) | 550 Broad Street |
| 601 S. Figueroa Street #2500 | Suite 1508 |
| Los Angeles, CA 90017 | Newark, NJ 07102 |
| Telephone:  (213) 623-9300 | Telephone:  (212) 594-5000 |
| Facsimile:  (213) 623-9924 | Facsimile:  (212) 967-4258 |
| Email:  tania.moyron@dentons.com | Email:  frankoswald@teamtogut.com |
|        van.durrer@dentons.com | |
| | |
| John D. Beck (admitted *pro hac vice*) | Albert Togut (admitted *pro hac vice*) |
| Sarah M. Schrag (admitted *pro hac vice*) | Amanda C. Glaubach (admitted *pro hac vice*) |
| 1221 Avenue of the Americas | Eitan Blander (admitted *pro hac vice*) |
| New York, NY 10020-1089 | One Penn Plaza, Suite 3335 |
| Telephone:  (212) 768-6700 | New York, New York 10119 |
| Facsimile:  (212) 768-6800 | Telephone:  (212) 594-5000 |
| Email:  john.beck@dentons.com | Facsimile:  (212) 967-4258 |
|       sarah.schrag@dentons.com | Email:  altogut@teamtogut.com |
| |      aglaubach@teamtogut.com |
| |      eblander@teamtogut.com |
| | |
| *Proposed Counsel for Debtors and* | *Proposed Counsel for Debtors and* |
| *Debtors in Possession* | *Debtors in Possession* |

---

[2]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin Project LLC [1583]; (ii) Powin, LLC [0504]; (iii) PEOS Holdings, LLC [5476]; (iv) Powin China Holdings 1, LLC [1422]; (v) Powin China Holdings 2, LLC [9713]; (vi) Charger Holdings, LLC [5241]; (vii) Powin Energy Ontario Storage, LLC [8348]; (viii) Powin Energy Operating Holdings, LLC [2495]; (ix) Powin Energy Operating, LLC [6487]; (x) Powin Energy Storage 2, Inc., [9926]; (xi) Powin Energy Ontario Storage II LP, [5787]; and (xii) Powin Canada B.C. Ltd. [2239]. The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR 97062.

5

If more space is needed, please complete on a separate page and attach.

1. Name and address of firm:

_____

_____

_____

_____

2. Date of retention:

_____

3. Type of services provided (accounting, legal, etc.):

_____

_____

_____

4. Brief description of services to be provided:

_____

_____

_____

5. Arrangements for compensation (hourly, contingent, etc.):

_____

_____

_____

6. Prepetition claims against the Debtors held by the firm (if any):

_____

_____

_____

(a) Average hourly rate (if applicable):

_____

(b) Estimated average monthly compensation:

_____

7. Prepetition claims against the Debtors held individually by any member, associate, or

professional employee of the firm:

_____

_____

_____

8. Disclose the nature and provide a brief description of any interest adverse to the Debtors or to

its estate with respect to the matters on which the above-named firm is to be employed:

_____

_____

_____

9. Name and title of individual completing this Retention Questionnaire:

_____

_____

_____

      Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and information.

Dated: _____, 2025

                                           [Name]
                                         [Title]
                                         [Firm]