**<u>EXHIBIT A</u>**

(Proposed Form of Order)

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br>Powin, LLC, *et al.*,[1]<br>              Debtors. | Chapter 11<br>Case No. 25-16137 (MBK)<br>(Jointly Administered) |

**ORDER GRANTING OMNIBUS MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER (I) APPROVING KEY EMPLOYEE RETENTION PLAN AND KEY EMPLOYEE INCENTIVE PLAN AND (II) GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered three [3] through four [4], is **ORDERED**.

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin Project LLC [1583]; (ii) Powin, LLC [0504], (iii) PEOS Holdings, LLC [5476], (iv) Powin China Holdings 1, LLC [1422], (v) Powin China Holdings 2, LLC [9713], (vi) Charger Holdings, LLC [15241], (vii) Powin Energy Ontario Storage, LLC [8348], (viii) Powin Energy Operating Holdings, LLC [2495], and (ix) Powin Energy Operating, LLC [6487]. The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR 97062.

(Page 2)
Debtors:          Powin, LLC, *et al.*
Case No.          25-16137 (MBK)
Caption of Order: Order Granting Motion of the Debtors for Entry of an Order (I) Authorizing the Rejection of Legacy Customer Contracts and (II) Granting Related Relief

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

| **DENTONS US LLP** | **TOGUT, SEGAL & SEGAL LLP** |
|---|---|
| Tania M. Moyron (*pro hac vice* pending)<br>Van C. Durrer, II (*pro hac vice* pending)<br>601 S. Figueroa Street #2500<br>Los Angeles, CA 90017<br>Telephone: (213) 623-9300<br>Facsimile: (213) 623-9924<br>Email: tania.moyron@dentons.com<br>           van.durrer@dentons.com<br><br>John D. Beck (*pro hac vice* pending)<br>Sarah M. Schrag (*pro hac vice* pending)<br>1221 Avenue of the Americas<br>New York, NY 10020-1089<br>Telephone: (212) 768-6700<br>Facsimile: (212) 768-6800<br>Email: john.beck@dentons.com<br>           sarah.schrag@dentons.com<br><br>*Proposed Counsel for Debtors and Debtors in Possession* | Frank A. Oswald (admitted)<br>550 Broad Street<br>Suite 1508<br>Newark, NJ 07102<br>Telephone: (212) 594-5000<br>Facsimile: (212) 967-4258<br>Email: frankoswald@teamtogut.com<br><br>Albert Togut (*pro hac vice* pending)<br>Amanda C. Glaubach (*pro hac vice* pending)<br>Eitan Blander (*pro hac vice* pending)<br>One Penn Plaza, Suite 3335<br>New York, New York 10119<br>Telephone: (212) 594-5000<br>Facsimile: (212) 967-4258<br>Email: altogut@teamtogut.com<br>           aglaubach@teamtogut.com<br>           eblander@teamtogut.com<br><br>*Proposed Counsel for Debtors and Debtors in Possession* |

(Page 3)
Debtors:          Powin, LLC, *et al.*
Case No.          25-16137 (MBK)
Caption of Order: Order Granting Motion of the Debtors for Entry of an Order (I) Authorizing the Rejection of Legacy Customer Contracts and (II) Granting Related Relief

Upon consideration of the Motion[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"): (i) authorizing, but not directing, the Debtors to implement the proposed key employee retention plan (the "KERP") and key employee incentive plan (the "KEIP") and (b) granting related relief; all as more fully set forth in the Motion; and upon the Declaration attached to the Motion and the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of New Jersey dated as of September 18, 2012; and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for hearing on the Motion were appropriate under the circumstances and that no other notice need be provided; and this Court having determined that the legal and factual bases set forth in the Motion and at the hearing thereon establish just cause for the relief granted herein; and upon all of the proceedings before this Court; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

1.    The Motion is **GRANTED** as set forth herein.

2.    The KERP and KEIP are approved in their entirety.

3.    The Debtors are authorized, but not directed, to implement the KERP and KEIP as described in the Motion, including by facilitating and making all KERP Payments and KEIP Payments.

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

(Page 4)
Debtors:         Powin, LLC, *et al.*
Case No.         25-16137 (MBK)
Caption of Order: Order Granting Motion of the Debtors for Entry of an Order (I) Authorizing the Rejection of Legacy Customer Contracts and (II) Granting Related Relief

4. All amounts earned and payable under the KERP and KEIP shall have administrative expense priority under sections 503(a) and 507(a)(2) of the Bankruptcy Code for all purposes in these Chapter 11 Cases and in any other cases under the Bankruptcy Code to which these Chapter 11 Cases may be converted.

5. Nothing in the Motion or this Order: (i) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors and their estates or (ii) shall impair, prejudice, waive or otherwise affect the rights of the Debtors and their estates with respect to the validity, priority or amount of any claim against the Debtors and their estates.

6. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of the Local Rules are satisfied by such notice.

7. Notwithstanding any Bankruptcy Rule to the contrary, the terms and conditions of this Order are immediately effective and enforceable upon entry.

8. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

9. Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

10. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.