# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEW JERSEY

In re:

Powin, LLC, *et al.*,[1]

          Debtors.

Chapter 11

Case No. 25-16137 (MBK)

(Jointly Administered)

Order Filed on July 25, 2025
by Clerk
U.S. Bankruptcy Court
District of New Jersey

# ADMINISTRATIVE FEE ORDER ESTABILISHING PROCEDURES FOR ALLOWANCE AND PAYMENT OF INTERIM COMPENSATION AND REIMBURSEMENT OF EXPRENSES OF PROFESSIONALS RETAINED BY ORDER OF THIS COURT

The relief set forth on the following pages, numbered (3) through (9), is **ORDERED.**

*Honorable Michael B. Kaplan*
United States Bankruptcy Judge

**DATED: July 25, 2025**

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin Project LLC [1583]; (ii) Powin, LLC [0504]; (iii) PEOS Holdings, LLC [5476]; (iv) Powin China Holdings 1, LLC [1422]; (v) Powin China Holdings 2, LLC [9713]; (vi) Charger Holdings, LLC [5241]; (vii) Powin Energy Ontario Storage, LLC [8348]; (viii) Powin Energy Operating Holdings, LLC [2495]; (ix) Powin Energy Operating, LLC [6487]; (x) Powin Energy Storage 2, Inc., [9926]; (xi) Powin Energy Ontario Storage II LP, [5787]; and (xii) Powin Canada B.C. Ltd. [2239]. The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR 97062.

(Page | 2)

| | |
|---|---|
| Debtors: | Powin, LLC, *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Administrative Fee Order Establishing Procedures for Allowance and Payment of Interim Compensation and Reimbursement of Expenses of Professionals Retained by Order of This Court |

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**DENTONS US LLP**

Tania M. Moyron (admitted *pro hac vice*)
Van C. Durrer, II (admitted *pro hac vice*)
601 S. Figueroa Street #2500
Los Angeles, CA 90017
Telephone:  (213) 623-9300
Facsimile:  (213) 623-9924
Email:  tania.moyron@dentons.com
　　　　van.durrer@dentons.com

John D. Beck (admitted *pro hac vice*)
Sarah M. Schrag (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020-1089
Telephone:  (212) 768-6700
Facsimile:  (212) 768-6800
Email:  john.beck@dentons.com
　　　　sarah.schrag@dentons.com

*Proposed Counsel for Debtors and Debtors in Possession*

**TOGUT, SEGAL & SEGAL LLP**

Frank A. Oswald (admitted)
550 Broad Street
Suite 1508
Newark, NJ 07102
Telephone:  (212) 594-5000
Facsimile:  (212) 967-4258
Email:  frankoswald@teamtogut.com

Albert Togut (admitted *pro hac vice*)
Amanda C. Glaubach (admitted *pro hac vice*)
Eitan Blander (admitted *pro hac vice*)
One Penn Plaza, Suite 3335
New York, New York 10119
Telephone:  (212) 594-5000
Facsimile:  (212) 967-4258
Email:  altogut@teamtogut.com
　　　　aglaubach@teamtogut.com
　　　　eblander@teamtogut.com

*Proposed Counsel for Debtors and Debtors in Possession*

(Page | 3)

| | |
|---|---|
| Debtors: | Powin, LLC, *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Administrative Fee Order Establishing Procedures for Allowance and Payment of Interim Compensation and Reimbursement of Expenses of Professionals Retained by Order of This Court |

Upon consideration of the motion (the "Motion"),[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an administrative order (this "Order") establishing procedures for the allowance and payment of interim compensation and reimbursement of expenses of certain professionals retained by Order of this Court pursuant to sections 105(a) and 331 of the Bankruptcy Code and Local Rule 2016-3, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference to the Bankruptcy Court Under Title 11 of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.) and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found sufficient cause exists for the relief set forth herein; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing, if any, before this Court; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

---

[2] Capitalized terms used but not otherwise defined herein have the meaning ascribed to them in the Motion.

(Page | 4)
Debtors:           Powin, LLC, *et al.*
Case No.           25-16137 (MBK)
Caption of Order:  Administrative Fee Order Establishing Procedures for Allowance and Payment of Interim Compensation and Reimbursement of Expenses of Professionals Retained by Order of This Court

**IT IS HEREBY ORDERED THAT**:

1. The Motion is **GRANTED** as set forth herein

2. Except as may otherwise be provided in Court orders authorizing the retention of specific Professionals, all Professionals retained in these Chapter 11 Cases pursuant to section 327 and, to the extent applicable, sections 328(a) and 1103 of the Bankruptcy Code, may seek monthly compensation in accordance with the following procedures (the "Compensation Procedures"):

   (A)    Monthly Fee Statements.

   1. Not later than the 25th day of the month following the month for which compensation is sought, each Professional seeking compensation under the Order must file and serve, by electronic transmission, hand delivery, or overnight delivery, or by any means directed by the Court, a monthly fee and expense statement (a "Monthly Fee Statement") on the following parties:

      A. Powin, LLC, 20550 SW 115th Avenue Tualatin, OR 97062; Attn: Chad Paulson (chad.paulson@powin.com) and Gerard Uzzi (guzzi@uzzilall.com);

      B. The United States Trustee for the District of New Jersey, One Newark Center, Suite 2100, Newark, New Jersey 07102, Attn: Jeffrey M. Sponder, Esq. (Jeffrey.m.sponder@usdoj.gov) and Lauren Bielskie, Esq. (lauren.bielskie@usdoj.gov);

      C. Proposed counsel to the Debtors, Dentons US LLP, 602 S. Figueroa Street #2500, Los Angeles, CA 90017 Attn: Van C. Durrer II, Esq. (van.durrer@dentons.com). Tania M. Moyron, Esq. (tanya.moyron@dentons.com);

      D. Proposed co-counsel to the Debtors, Togut, Segal & Segal LLP, (i) One Penn Plaza, Suite 3335, New York, NY 10119, Attn: Frank A. Oswald, Esq. (foswald@teamtogut.com);

      E. Proposed counsel to the Committee, Brown Rudnick LLP, (i)

(Page | 5)
Debtors:            Powin, LLC, *et al.*
Case No.            25-16137 (MBK)
Caption of Order:   Administrative Fee Order Establishing Procedures for Allowance and Payment of Interim Compensation and Reimbursement of Expenses of Professionals Retained by Order of This Court

---

Seven Times Square, New York, NY 10036, Attn: Robert J. Stark, Esq. (rstark@brownrudnick.com) and Kenneth J. Aulet, Esq. (kaulet@brownrudnick.com), (ii) 601 Thirteenth Street, NW Suite 600, Washington, DC 20005, Attn: Eric R. Goodman, Esq. (egoodman@brownrudnick.com);

F. Proposed local counsel to the Committee, Genova Burns LLC, 110 Allen Road, Suite 304, Basking Ridge, NJ 07920, Attn: Daniel M. Stolz, Esq. (dstolz@genovaburns.com) and Donald W. Clarke, Esq. (dclarke@genovaburns.com);

G. Proposed financial advisor to the Committee, Alvarez & Marsal North America, LLC, 540 W. Madison St., Suite 1800, Chicago, IL, 60661, Attn: Seth A. Waschitz and Rich Newman;

H. any other secured creditor and counsel, to the extent known;

I. any party requesting notice of all proceedings; and

J. any other party designated by the Court.

2. Unless otherwise provided in the order authorizing the Professional's retention, each Professional's Monthly Fee Statement, in accordance with Local Rules 2016-1 and 2016-3, shall include a monthly invoice with fee and expense detail that describes the fees and expenses incurred by such Professional in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Guidelines established by the Office of the United States Trustee (the "UST Guidelines").

3. Time spent travelling without actively working on the Chapter 11 Cases shall be billed at 50% of the Professional's normal hourly rate.

4. Except as otherwise provided in the Professional's specific retention orders, all timekeepers must maintain time entries, in increments of tenths (1/10th) of an hour, for each individual.

5. All Monthly Fee Statements shall comply with the Bankruptcy Code, the Bankruptcy Rules, the UST Guidelines, and applicable law.

(B)     Objections.

An objection to a Monthly Fee Statement must be filed and served on the applicable Professional and the parties listed in subdivision (A)(1) not later

Case 25-16137-MBK    Doc 519    Filed 07/25/25    Entered 07/25/25 14:39:11    Desc Main
Document    Page 6 of 9

(Page | 6)
Debtors:            Powin, LLC, *et al.*
Case No.            25-16137 (MBK)
Caption of Order:   Administrative Fee Order Establishing Procedures for Allowance and Payment of Interim Compensation and Reimbursement of Expenses of Professionals Retained by Order of This Court

than fourteen (14) days after service of the statement. The objection must set forth the nature of the objection and the amount of fees and expenses at issue. Grounds for objection include: (i) the Debtors' failure to timely file monthly operating reports; and (ii) the Debtors' failure to remain current with administrative expenses and fees under 28 U.S.C. § 1930.

(C) <u>Payments</u>.

1. On the expiration of the objection deadline under subdivision (B), a Professional may file and serve on the parties listed in subdivision (A)(1) Local Form Certification of No Objection or Local Form Certification of Partial Objection, and then receive 80 percent of the fees and 100 percent of the expenses not subject to an objection. No payments shall be made to a Professional until the Professional's retention is approved by the Court. A Professional may seek authorization as part of its next interim or final fee application to receive the remaining 20 percent of fees not subject to an objection. If a Professional or the Debtors receive an objection to a particular Monthly Fee Statement, the Debtors shall withhold payment of that portion of the Monthly Fee Statement to which the objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth in this subdivision.

2. If the parties resolve an objection and if the applicable Professional files and serves on the parties listed in subdivision (A)(1) a statement indicating that the objection is withdrawn and describing the terms of the resolution, the Debtors may pay in accordance with subdivision (C)(1) that portion of the Monthly Fee Statement which is no longer subject to an objection.

3. If the parties are unable to resolve an objection not later than fourteen (14) days after the deadline for filing an objection under subdivision (B), the Professional may either (i) file a response to the objection together with a request for payment of the fees and expenses to which the objection applies and schedule a hearing on at least fourteen (14) days' notice; or (ii) forgo payment of those fees and expenses until the next interim or final fee application or another date directed by the Court.

(D) <u>Fee Applications</u>.

1. A Professional who has received monthly payments under the Order must, at four-month intervals (the "<u>Interim Fee Period</u>") or such other intervals directed by the Court, file and serve on the parties listed in subdivision (A)(1) an interim application under section 331 of the

(Page | 7)
Debtors:        Powin, LLC, *et al.*
Case No.        25-16137 (MBK)
Caption of Order: Administrative Fee Order Establishing Procedures for Allowance and Payment of Interim Compensation and Reimbursement of Expenses of Professionals Retained by Order of This Court

---

Bankruptcy Code for allowance of the compensation and reimbursement of the expenses sought in the monthly statements issued during the applicable period (an "<u>Interim Fee Application</u>"), unless otherwise agreed between such professional and the UST.

2. Interim Fee Applications must be filed and served on or before the 45th day after the end of the Interim Fee Period for which the application seeks allowance of fees and reimbursement of expenses. The Interim Fee Application must include a summary of the Monthly Fee Statements that are the subject of the request and any other information requested by the Court or required by the Bankruptcy Code, the Bankruptcy Rules, applicable Third Circuit law, the Local Rules, and the UST Guidelines.

3. The service of an objection to a Monthly Fee Statement shall not prejudice the objecting party's right to object to any fee application made to the Court in accordance with the Bankruptcy Code on any ground whether raised in the objection or not. The decision by any party not to object to a Monthly Fee Statement shall not be a waiver of any kind or prejudice that party's right to object to any fee application subsequently made to the Court in accordance with the Bankruptcy Code and applicable rules.

4. The pendency of an objection or the entry of a Court order holding that the prior payment of compensation or the reimbursement of expenses was improper as to a particular Monthly Fee Statement will not disqualify a Professional from the future payment of compensation or reimbursement of expenses as set forth above unless the Court orders otherwise.

5. Any Professional who fails to file an Interim Fee Application when due will be ineligible to receive further interim payments of fees or expenses under the Compensation Procedures until such time as the Interim Fee Application is submitted.

6. Neither (i) the payment of or the failure to pay, in whole or in part, interim compensation and reimbursement of expenses under the Compensation Procedures, nor (ii) the filing of, or failure to file, an objection to any Monthly Fee Statement to any Interim Fee Application will bind any party in interest or the Court with respect to the final applications for allowance of compensation and reimbursement of expenses of Professionals.

7. Any party under section (A)(1) may request that a Professional deliver a Monthly Fee Statement or an Interim Fee Application in an electronically searchable format mutually acceptable to the parties.

(Page | 8)

| | |
|---|---|
| Debtors: | Powin, LLC, *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Administrative Fee Order Establishing Procedures for Allowance and Payment of Interim Compensation and Reimbursement of Expenses of Professionals Retained by Order of This Court |

3. The Debtors shall include all payments to Professionals on their monthly operating reports, detailed to state the amount paid to each Professional.

4. All Professionals that are law firms shall make a reasonable effort to comply with the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. Section 330 by Attorneys in Larger Chapter 11 Cases*, effective as of November 1, 2013, in connection with any Monthly Fee Statements, Interim Fee Applications and final fee applications to be filed in these Chapter 11 Cases. All professionals that are law firms shall provide any and all Monthly Fee Statements, Interim Fee Applications, and final fee applications in "LEDES" format to the U.S. Trustee.

5. Each member of the Committee shall be permitted to submit statements of expenses (excluding third-party counsel expenses of individual Committee members) and supporting vouchers to the Committee's counsel, which counsel will collect and submit the Committee members' requests for reimbursement; *provided*, that such reimbursement requests must comply with the Compensation Procedures. For the avoidance of doubt, this provision only permits the Committee member to request reimbursement and does not extend to any representative purporting to act on behalf of the Committee member.

6. Time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

7. All fees and expenses paid to Professionals are subject to disgorgement until such time as they are allowed pursuant to a final order of this Court.

8. The requirement set forth in Local Rule 9013-1(a)(3) that any motion be

| | |
|---|---|
| (Page \| 9) | |
| Debtors: | Powin, LLC, *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Administrative Fee Order Establishing Procedures for Allowance and Payment of Interim Compensation and Reimbursement of Expenses of Professionals Retained by Order of This Court |

accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

9. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

10. The Debtors are authorized to take all actions necessary to carry out this Order.

11. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.