**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

Caption in Compliance with D.N.J. LBR 9004-1(a)

**WONG FLEMING, P.C.**
Daniel C. Fleming, NJ Bar No. 18631986
821 Alexander Road, Suite 200
P.O. Box 3663
Princeton, NJ 08543-3663
Tel.: (609) 951-9520
Fax: (609) 951-0270
*Counsel for Creditor and party-in-interest*
*ORR Protection Systems, Inc.*

| | |
|---|---|
| In re Powin, LLC, *et al.*,[1] | Chapter 11 |
| Debtors. | Case No. 25-16137 (MBK) |
| | (Jointly Administered) |
| | Re: Docket No. 446 |

### OBJECTION OF ORR PROTECTION SYSTEMS, INC. TO THE PROPOSED CURE PAYMENT AND DEBTORS' NOTICE OF POTENTIALLY ASSUMED EXECUTORY CONTRACTS AND UNEXPIRED LEASES (DN 446)

Creditor and party-in-interest, ORR Protection Systems, Inc. ("ORR"), files this Objection to the Proposed Cure Payment (the "Objection") and to the *Notice of Potentially Assumed Executory Contracts and Unexpired Leases (DN 446)* (the "Contract Notice") and states as follows:

#### Summary of ORR's Position

1.    The Notice from Proposed Counsel for Debtors and Debtors-in-Possession of Potentially Assumed Executory Contracts and Unexpired Leases claims that the cure amount owed to ORR is in the sum of $711,252.

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin Project LLC [1583]; (ii) Powin, LLC [0504]; (iii) PEOS Holdings, LLC [5476]; (iv) Powin China Holdings 1, LLC [1422]; (v) Powin China Holdings 2, LLC [9713]; (vi) Charger Holdings, LLC [5241]; (vii) Powin Energy Ontario Storage, LLC [8348]; (viii) Powin Energy Operating Holdings, LLC [2495]; (ix) Powin Energy Operating, LLC [6487]; (x) Powin Energy Storage 2, Inc. [9926]; (xi) Powin Energy Ontario Storage II LP, [5787]; and (xii) Powin Canada B.C. Ltd. [2239]. The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR 97062.

2.      ORR believes that the prepetition balance owed by Powin, LLC for ORR's services is at least $721,398.64 plus amounts for services rendered prepetition that have not yet been invoiced. ORR reserves the right to amend or supplement this amount as more information becomes available. Further, a cure pursuant to 11 U.S.C. § 365 requires a debtor to satisfy existing defaults and provide adequate assurance of future performance under any contracts it intends to assume.  ORR further reserves rights in connection with the Cure Amount listed for amounts owed to ORR as well as adequate assurance in connection with assuming any such contract.

## Position Statement

3.      Powin, LLC and certain of its affiliates (collectively the "Debtors") commenced these bankruptcy proceedings with the filing of Chapter 11 petitions on June 9, 10, and 22, 2025, and which are being jointly administered in this case.

4.      Pursuant to the *Order (I) Designating a Stalking Horse Bidder and Approving Stalking Horse Bidder Protections, (II) Approving Bidding Procedures by Which Interested Parties May Bid and an Auction Sale Format in Connection With the Sale of Substantially All of the Debtors' Assets, (III) Approving Form of Asset Purchase Agreement, (IV) Approving Form of Notice to be Provided to Interested Parties, (V) Authorizing the Assumption and Assignment of Assumed Contracts and Notice Procedures Thereto, (VI) Scheduling a Court Hearing to Consider Approval of the Sale to the Highest and Best Bidder, and (VII) Authorizing the Sale of the Debtors' Property Free and Clear of All Causes of Action and Claims* (DN 413) (the "Order") on June 17, 2025, Debtors filed the Contract Notice on July 18, 2025.

5.      The Contract Notice lists executory contracts or agreements to which certain Debtor(s) are party and which they may assume and assign to the Winning Bidder.[2]  The Contract Notice further identifies the Debtors' proposed Cure Payments for such contracts, setting forth the

---

[2] Capitalized terms not defined herein have the same meaning as in the Order.

"unpaid monetary obligations" based on Debtors' review of their books and records in connection with potential assumption or assignment of the contracts.

6.      ORR provided services relating to fire alarm systems to Powin, LLC prior to the commencement of these bankruptcy cases.

7.      Debtors have listed a purported executory contract between ORR and Powin, LLC and identified a Cure Payment in the amount of $711,252.00.  *See* Contract Notice at 23.  Specifically, the Contract Notice states:

| Debtor | Counterparty | Cure Payment Amount | Contract Title | Term Remaining |
|---|---|---|---|---|
| Powin, LLC | Orr Protection Systems, INC | $711,252.00 | Master Services Agreement - Approved Service Provider | |

*See* Contract Notice at 23.

8.      ORR files this Objection to reserve all rights in connection with the purported contract and Cure Amount identified in connection with ORR in the Contract Notice.  Based on the information provided by the Debtors, ORR has not yet been able to find the contract identified in the Contract Notice as the Master Services Agreement – Approved Service Provider between Powin, LLC and ORR.

9.      The Contract Notice lists the Cure Amount as $711,252.00.  However, ORR has been providing services as requested by Powin, LLC, and based on currently available information, ORR believes that the prepetition balance owed by Powin, LLC for ORR's services is at least $721,398.64 plus amounts for services rendered prepetition that have not yet been invoiced.  ORR reserves the right to amend or supplement this amount as more information becomes available.  Further, a cure pursuant to 11 U.S.C. § 365 requires a debtor to satisfy existing defaults and provide adequate assurance of future performance under any contracts it intends to assume.  ORR further reserves

rights in connection with the Cure Amount listed for amounts owed to ORR as well as adequate assurance in connection with assuming any such contract.

10.    To the extent that an executory agreement exists between Powin, LLC or any other Debtor and ORR, ORR reserves all rights on the grounds that insufficient information has been provided to enable ORR to determine whether this contract does in fact exist, whether ORR objects to assumption and/or assignment, and the proper Cure Amount.

11.    ORR reserves its rights to assert all of its rights and claims and to make such other objections and arguments as may be appropriate, including but not limited to all rights in connection with any proposed sale, assumption, or assignment of any contracts to which it is a party and Cure Amounts for the same.

WHEREFORE, ORR reserves all rights with respect to the Contract Notice and expressly reserves and preserves all rights to raise an objection to the requested relief.

Dated: July 25, 2025

Respectfully submitted,

/s/ Daniel C. Fleming
**WONG FLEMING, P.C.**
Daniel C. Fleming, NJ Bar No. 18631986
821 Alexander Road, Suite 200
P.O. Box 3663
Princeton, NJ 08543-3663
Tel.: (609) 951-9520
Fax: (609) 951-0270
*Counsel for Creditor and party-in-interest ORR Protection Systems, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was filed and served on July 25, 2025 via CM/ECF on all parties registered to receive notice in this case.

The undersigned further certifies that on July 25, 2025 a copy of the foregoing was served on the following pursuant to the Contract Notice:

| Via Email Only | Via Email Only |
|---|---|
| Debtors c/o Debtors' counsel:<br><br>**DENTONS US LLP**<br>Lauren Macksoud<br>lauren.macksoud@dentons.com<br>Tania M. Moyron<br>tania.moyron@dentons.com<br>van.durrer@dentons.com<br>John Beck<br>john.beck@dentons.com<br><br>and<br><br>**TOGUT, SEGAL & SEGAL LLP**<br>Frank A. Oswald<br>frankoswald@teamtogut.com<br>Albert Togut<br>altogut@teamtogut.com<br>Amanda C. Glaubach<br>aglaubach@teamtogut.com<br>Eitan Blander<br>eblander@teamtogut.com | Office of the United States Trustee:<br><br>Jeffrey M. Sponder<br>jeffrey.m.sponder@usdoj.gov<br>Lauren Bielskie<br>Lauren.Bielskie@usdoj.gov |
| **Via Email Only** | **Vial Email Only** |
| Counsel for the Official Committee of Unsecured Creditors:<br><br>**GENOVA BURNS LLC**<br>Donald W. Clarke<br>Dclarke@genovaburns.com<br>Daniel M. Stolz<br>dstolz@genovaburns.com<br>Susan A. Long<br>slong@genovaburns.com<br>Jaclynn N. McDonnell<br>mcdonnell@genovaburns.com<br><br>and | Counsel for the Stalking Horse Bidder<br><br>**LATHAM & WATKINS, LLP**<br>Blake T. Denton<br>blake.denton@law.com<br>David A. Hammerman<br>david.hammerman@lw.com<br>Andrew Sorkin<br>andrew.sorkin@lw.com<br>Jeffrey T. Mispagel<br>jeffrey.mispagel@lw.com<br>Whit Morley<br>whit.morley@lw.com |

| | |
|---|---|
| **BROWN RUDNICK LLP**<br>Robert J. Stark<br>rstark@brownrudnick.com<br>Kenneth J. Aulet<br>kaulet@brownrudnick.com<br>Bennett S. Silverberg<br>bsilverberg@brownrudnick.com<br>Jeffrey L. Jonas<br>jjonas@brownrudnick.com<br>Eric R. Goodman<br>egoodnman@brownrudnick.com | |

*/s/ Daniel C. Fleming*
*Counsel for ORR Protection Systems, Inc.*