# EXHIBIT A

# JULY LETTER

# KELL, ALTERMAN & RUNSTEIN, L.L.P.

SCOTT J. ALDWORTH [7]
SUSAN T. ALTERMAN [2, 6, 7]
BRETT E. ENGEL
JAY K. GRIFFITH [1, 4, 5, 7]
ROBERT E. KABACY [7]
LINDSAY E. LANDSTROM [7]
MATHEW W. LAURITSEN [7]
ROBERT B. LOWRY ++
JOHN W. MAYER
JULIE PARRISH
PAUL A. RANEY [3]
THOMAS R. RASK, III [7]
SYDNEY L. SKIDMORE
DENNIS STEINMAN
ZACHARY WALKER [7]
BETH ZILBERT

ATTORNEYS AT LAW
SUITE 600
520 S.W. YAMHILL STREET
PORTLAND, OREGON 97204-1329

TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980
WWW.KELRUN.COM

E-MAIL: SALTERMAN@KELRUN.COM

RAYMOND M. KELL
(1911-1991)

CLIFFORD B. ALTERMAN
(1925-1995)

LEE DAVIS KELL
TED E. RUNSTEIN
Retired

ALSO ADMITTED IN
[1] ARIZONA
[2] COLORADO
[3] GEORGIA
[4] ILLINOIS
[5] MONTANA
[6] NEW YORK
[7] WASHINGTON

++OF COUNSEL

July 10, 2025

Advanced Copy by E-mail, Originals by FedEx

Tania M. Moyron
Dentons LLP
601 S. Figueroa Street #2500
Los Angeles, CA 90017
tania.moyron@dentons.com

John D. Beck
Dentons LLP
1221 Avenue of the Americas
New York, NY 10020-1089
john.beck@dentons.com

Van C. Durrer III
Dentons LLP
601 S. Figueroa Street #2500
Los Angeles, CA 90017
van.durrer@dentons.com

Sarah Schrag
Dentons LLP
1221 Avenue of the Americas
New York, NY 10020-1089
sarah.schrag@dentons.com

Re: *In re Powin, LLC et al*, U.S.B.C. for the District of New Jersey
Case No. 25-16137 (MBK) - Landlord Report After Safety Inspection on July 7, 2025 and Request for Assurances of Safety Upgrades and Monitoring at 20550 SW 115th Avenue, Tualatin, Oregon 97062 (the "Premises")

Ladies and Gentlemen:

As you know, this law firm represents Lu Pacific Properties, LLC ("Lu Pacific"). Lu Pacific is the landlord and your debtor client, Powin, LLC ("Powin" or the "Debtor") is the tenant under an unexpired Commercial Tenant Lease covering the Premises dated December 14, 2020 (the "Lease").

Thank you for providing access to the Premises on July 7, 2025 for a site inspection and pursuant to Landlord's access rights under the Lease. Although my client was not permitted to take photographs or videos during the site visit, Lu Pacific offers the following observations about the state of the Premises and asks that the Debtor promptly cure the urgent health and safety issues identified below:

4910-4477-1924

Dentons  KELL, ALTERMAN & RUNSTEIN, L.L.P.
July 10, 2025
Page 2

### 1. General Conditions.

The temperature inside the warehouse and lab appeared to be set properly to keep the facility within acceptable temperature parameters. Two Powin staff members stated that they had not observed any water leaks from the roof or the 20-ton Trane HVAC unit. However, Landlord observed that there were many more batteries stored on the ground than had been prior to the bankruptcy filing.

### 2. Monitoring and Staffing.

Landlord was assured that Powin has personnel "on-site daily" and that the facility is monitored. However, based on Landlord's daily personal observation of the site, Landlord believes that the Premises are not staffed on a daily basis and that additional presence and oversight is required for safe operation of the facility.

### 3. Exhaust and Fire Safety.

Landlord observed that proper exhaust systems and fire walls are not in place. In the event of an incident, the absence of proper exhaust could lead to the release of hazardous gases such as hydrogen, fluoride and carbon monoxide. It appears that neither of the Powin staff members present during the inspection was a licensed electrician or certified battery specialist. This suggests that the batteries are likely not currently monitored by qualified personnel, as required by best practices.

### 4. Code Violations and Request for Proof of Compliance.

Landlord has been notified that serious concerns exist regarding battery safety and fire code compliance at the Premises. Landlord understands that Powin engaged a third-party contractor to design and complete fire-rated demising and required safety upgrades for areas within the warehouse/lab. These upgrades include ventilation or other mitigation to accommodate battery manufacture and equipment that cannot be stored indoors without necessary safety equipment. Landlord understands that, with the volume of batteries stored on the Premises, such demising is required for compliance with City of Tualatin code and safety standards. Landlord further understands that the safety upgrade plans were only partially completed before Powin filed for Chapter 11. To Landlord's knowledge, no completed plans have been submitted, the required work has not been approved or even begun, and the Powin facility remains non-permitted and non-compliant.

Landlord further understands that Powin has not retained critical safety personnel, and that the remaining staff may be unaware or unqualified to understand and comply with the obligations that come with storing lithium batteries in the quantities that were present during the July 7, 2025 site visit. Landlord is deeply concerned that City of Tualatin safety inspector, including the fire marshal, are unaware of the volume of batteries stored at the Premises and will be caught unaware of the danger in the event of an emergency.

4910-4477-1924

Dentons  KELL, ALTERMAN & RUNSTEIN, L.L.P.
July 10, 2025
Page 3

For each of these reasons, my client requests that by **Friday, August 8, 2025**, the Debtor provide Landlord with all plans, permits, contractor agreements, and its projected timeline for bringing its operation at the Premises into compliance with State of Oregon and City of Tualatin Code, fire and safety obligations, and all other legal requirements for a lithium battery storage facility of this size.

My client is aware that Powin may soon be sold or restructured with new ownership through its pending Chapter 11 Bankruptcy Case, and that the Debtor or new owner may seek to assume the Lease and all obligations at the Premises. As you know, illegal conduct (such a violation of state and local safety of fire codes) is a default under Section 14, Exhibit C of the Lease. We note also that the total post-petition rent arrearage is now $16,535.12 and look for your assurance of prompt payment of the amount due.

Please provide us with your written assurance that the new ownership group is aware of the need for these safety upgrades and monitoring requirements and intends to promptly complete the work necessary to bring the use of the Premises into compliance with state and local law.

Yours truly,

Susan T. Alterman

STA:kta

4910-4477-1924