| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** | |
| **GENOVA BURNS LLC**<br>Daniel M. Stolz, Esq.<br>Donald W. Clarke, Esq.<br>Susan A. Long, Esq.<br>Jaclynn N. McDonnell, Esq.<br>dstolz@genovaburns.com<br>dclarke@genovaburns.com<br>slong@genovaburns.com<br>jmcdonnell@genovaburns.com<br>110 Allen Road, Suite 304<br>Basking Ridge, NJ 07920<br>Tel: (973) 533-0777<br>Fax: (973) 814-4045<br><br>*Proposed Local Co-Counsel for the Official Committee of Unsecured Creditors* | **BROWN RUDNICK LLP**<br>Robert J. Stark, Esq.<br>Kenneth J. Aulet, Esq.<br>Bennett S. Silverberg, Esq.<br>Jeffrey L. Jonas, Esq.<br>rstark@brownrudnick.com<br>kaulet@brownrudnick.com<br>bsilverberg@brownrudnick.com<br>jjonas@brownrudnick.com<br>Seven Times Square<br>New York, NY 10036<br>Tel: (212) 209-4800<br>Fax: (212) 209-4801<br><br>*Proposed Co-Counsel for the Official Committee of Unsecured Creditors* |
| In re:<br><br>POWIN, LLC, *et al.,*[1]<br><br>Debtor. | Chapter 11<br><br>Case No.: 25-16137 (MBK)<br>(Jointly Administered)<br><br>Honorable Michael B. Kaplan |

**APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF GENOVA BURNS LLC AS LOCAL CO-COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS *NUNC PRO TUNC* TO JUNE 27, 2025**

TO THE HONORABLE MICHAEL B. KAPLAN, UNITED STATES BANKRUPTCY COURT:

The Official Committee of Unsecured Creditors (the "Committee") respectfully state the following in support of this Application:

### I. JURISDICTION, VENUE AND STATUTORY PREDICATES

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference of the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, dated September 18, 2012 (Simandle, C.J.). This is a core proceeding

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin Project LLC [1583]; (ii) Powin LLC [0504]; (iii) PEOS Holdings, LLC [5476]; (iv) Powin China Holdings 1, LLC [1422]; (v) Powin China Holdings 2, LLC [9713]; (vi) Charger Holdings, LLC [5241]; (vii) Powin Energy Ontario Storage, LLC [8348]; (viii) Powin Energy Operating Holdings, LLC [2495]; (ix) Powin Energy Operating, LLC [6487]; (x) Powin Energy Storage 2, Inc. [9926]; (xi) Powin Energy Ontario Storage II LP [5787]; (xii) Powin Canada B.C. Ltd. [2239]. The Debtors' mailing address is 20550 SW 115th Avenue, Tualatin, OR 97062.

pursuant to 28 U.S.C. §157(b)(2).  The Creditors' Committee confirms its consent to the Court entering a final order in connection with this Application to the extent that it is later determined that the Court absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested herein are sections 328(a), 330, and 331 and 1103 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2014-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of New Jersey (the "Local Rules").

## II.  BACKGROUND

4. On June 10, 2025 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (these "Chapter 11 Cases").  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  The Debtors' Chapter 11 Cases are being jointly administered under lease Case No. 25-16137.  *See* Docket No. 173.  No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases.  On June 27, 2025, the United States Trustee for the District of New Jersey (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Committee") pursuant to section 1102 of the Bankruptcy Code.  *See* Docket No. 174.

5.  A detailed description of the Debtors and their businesses, including the facts and circumstances giving rise to the Debtors' Chapter 11 Cases, is set forth in the *Declaration of Gerard Uzzi in Support of Emergency First Day Motions of the Debtors* (the "First Day Declaration"). *See* Docket No.13.

## III.  RELIEF REQUESTED

6. By this Application, the Committee seeks authorization to employ and retain Genova Burns LLC ("Genova Burns") as local counsel to the Official Committee of Unsecured Creditors in connection with these Chapter 11 Cases, pursuant to sections 327(a), 329, and 330 of the Bankruptcy Code, Bankruptcy Rule 2014(a), and Local Rule 2014-1.  The Committee further requests that the Court approve the retention

of Genova Burns under a general retainer and hourly fee arrangement in accordance with Genova Burns' normal hourly rates in effect at the time services are rendered and Genova Burns' normal expense reimbursement policies.  In support of this Application, Genova Burns submits the Certification of Daniel M. Stolz (the "Stolz Certification").

### IV. GENOVA BURNS' QUALIFICATIONS

7. The Committee has selected Genova Burns because the members and associates of Genova Burns possess extensive knowledge and considerable expertise in the fields of bankruptcy, insolvency, reorganizations, debtors' and creditors' rights, debt restructuring, corporate reorganizations, and representing creditors' committees, among others.  In addition, the attorneys at Genova Burns also have substantial experience appearing before the courts in this district and are familiar with local practice and procedure.  The Committee believes that Genova Burns' has assembled a team of highly-qualified professionals and paraprofessionals to provide services to them in these Chapter 11 Cases, have determined that the retention of local counsel is necessary in these Chapter 11 Cases, and submit that employment of Genova Burns would be in the best interest of the creditors.  Genova Burns' complex chapter 11 experience, as well as its extensive practice before this Court and knowledge of the local rules and practices, make it substantively and geographically ideal to efficiently serve the needs of the Committee.

8. Genova Burns has actively served as counsel in many major Chapter 11 cases in this District.  *See, e.g., In re LTL Management LLC (MBK),* Case Nos. 23-12825 and 21-30589; and *In re BlockFi Inc. (MBK)*, Case No. 22-19361.

9. In sum, the Committee believes that Genova Burns is both well-qualified and uniquely able to represent them in an efficient and timely manner and that the services of Genova Burns are necessary and essential to the Committee.

### V. SERVICES TO BE PERFORMED

10. Services related to Genova Burns' retention as local counsel will include the filing of all pleadings, motions, responses, and all other filings the Committee deems necessary. Genova Burns' familiarity with local practice and procedure will aid the Committee with its charge of diligently

representing the interests of general unsecured creditors. Genova Burns will participate in calls and meetings concerning strategy, status, process, and procedure, as well as provide meaningful insight into the local practices and preference of the court and its clerks. Genova Burns will aid co-counsel and the Committee's professionals with any filing and reporting needs.

## VI. PROFESSIONAL COMPENSATION

11. The Committee intends to apply to the Court for allowance of compensation and reimbursement of out-of-pocket expenses incurred in connection with the representation of the Committee in these Chapter 11 Cases on an hourly basis, subject to Court approval and in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the *Appendix B Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective as of November 1, 2013 (the "U.S. Guidelines"), and any orders entered in these cases governing the compensation and reimbursement of professionals for services rendered and charges and disbursements incurred.

12. The Committee understands that, subject to the Court's approval, Genova Burns will be compensated by the Debtors at its standard hourly rates, which are based on the professionals' level of experience. The attorneys and paralegals primarily responsible for representing the Committee and their current hourly rates are:

| NAME | TITLE | HOURLY RATE |
|---|---|---|
| Daniel M. Stolz | Partner | $900.00 |
| Donald W. Clarke | Partner | $700.00 |
| Susan A. Long | Counsel | $550.00 |
| Jaclynn N. McDonnell | Associate | $375.00 |
| Lorrie Denson | Paralegal | $275.00 |

13. Other attorneys, paralegals and staff may be involved in representing the Committee. The current range of hourly rates for such professionals are:

| POSITION | RATES |
|---|---|
| Partners | $500.00 - $950.00 |
| Counsel | $450.00 - $650.00 |
| Of Counsel | $500.00 - $700.00 |
| Associates (1-3 years) | $325.00 |
| Associates (4-8 years) | $375.00 |
| Associates (9+ years) | $425.00 |
| Paralegals | $275.00 |

14. The hourly rates set forth are subject to periodic adjustments to reflect economic and other conditions. There are no fee arrangements from customary billing. Further, no professional has varied his or her rate based on geographic location.

15. The Committee understands and agrees that Genova Burns will charge for its legal services on an hourly basis in accordance with its ordinary and customary hourly rates in effect on the date such services are rendered and for out-of-pocket expenses, all as set forth in the Stolz Certification.

16. Prior to applying any increases in its hourly rates beyond the rates set forth in this Application, Genova Burns shall provide ten (10) days' prior notice of any such increases to the Committee, the Debtors, and the U.S. Trustee.

17. The Committee understands and agrees that Genova Burns will maintain detailed, contemporaneous records of time and any necessary costs and expenses incurred in connection with rendering legal services described above and that application will be made for all disbursements and expenses incurred in the rendition of services. These disbursements and expenses include, among other things, costs for telephone and facsimile charges, photocopying, travel, business meals, computerized research, messengers, couriers, postage, witness fees, and other fees related to trials and hearings (including transcripts).

## VII. DISINTERESTEDNESS OF PROFESSIONALS

18. The Stolz Certification describes the relationships, if any, that Genova Burns has with Debtors and other interested parties. As set forth in the Stolz Certification, Genova Burns does not believe that any of those relationships would foreclose the Committee's retention of Genova Burns under section 327(a) of the Bankruptcy Code in that Genova Burns: (i) does not represent any entity having an adverse interest to the Debtors, their estates, or any party-in-interest in connection with these Chapter 11 Cases; (ii) is a disinterested person under section 101(14) of the Bankruptcy Code; and (iii) has no connection with the U.S. Trustee or any other person employed therein. If any new relevant facts or relationships are discovered, Genova Burns will supplement its disclosure to the Court.

## VIII. STATEMENT REGARDING U.S. TRUSTEE GUIDELINES

19. Genova Burns recognizes that the U.S. Trustee is charged with reviewing applications for retention and compensation and that the U.S. Trustee will utilize the U.S. Trustee Guidelines to evaluate any such applications.

20. Genova Burns intends to comply with the U.S. Trustee's requests for additional information and disclosures as set forth in the U.S. Trustee Guidelines, both in connection with this Application and the interim and final fee applications to be filed by Genova Burns in these Chapter 11 Cases.

21. Moreover, as described in the Stolz Certification, and consistent with the U.S. Trustee Guidelines, the Committee has undertaken certain steps to ensure that the rate structure provided by Genova Burns is not significantly different from the rates that (a) Genova Burns charges for other non-bankruptcy engagements or (b) other comparable counsel would charge to do work substantially similar to the work Genova Burns will perform in these Chapter 11 Cases.

## IX. BASIS FOR RELIEF REQUESTED

22. Section 328(a) and 1103 of the Bankruptcy Code authorizes a committee, with the court's approval, to "employ or authorize the employment of a professional person under section 327 or 1103 of

this title, as the case may be, on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis." 11 U.S.C. §328(a).

23. Bankruptcy Rule 2014(a) requires that an application for retention include:

> Specific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014(a).

24. The Committee requests approval of the employment of Genova Burns. Such relief is warranted by the circumstances presented by these Chapter 11 Cases.

25. The Committee submit that, for the reasons stated above and in the Stolz Certification, the retention of Genova Burns as their local counsel, as described herein, is warranted. Accordingly, the retention of Genova Burns as local counsel to the Committee should be approved.

## X.  NO PRIOR REQUEST

26. No prior request for the relief sought in this Application has been made to this Court or any other court.

## XI.  NOTICE

27. The Committee will provide notice of this Application to the following parties and/or their respective counsel, as applicable: (a) the office of the United States Trustee for the District of New Jersey; (b) the Debtor; (c) the United States Attorney's Office for the District of New Jersey; (d) the Internal Revenue Service; (e) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Committee submits that, in light of the nature of the relief requested, no other or further notice need be given.

## XII.  CONCLUSION

**WHEREFORE** the Committee respectfully requests entry of the proposed Order submitted herewith granting the relief requested herein, and such other and further relief as this Court may deem just and proper.

Dated:  July 25, 2025                                                  Respectfully submitted,

**THE OFFICIAL COMMITTEE OF**
**UNSECURED CREDITORS**

/s/ Carl Kim
Carl Kim on behalf of ACE Engineering & Co. Ltd., solely in its capacity as Chair of the Official Committee of Unsecured Creditors of Powin, LLC, et al.