| |
|---|
| **UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY** |
| **STARK & STARK, PC**<br>Timothy P. Duggan, Esq.<br>Joseph H. Lemkin, Esq.<br>100 American Metro Blvd.<br>Hamilton, NJ 08619<br>Telephone (609) 791-7022<br>*Attorneys for Spark Power Renewables USA Inc.* |
| In re:<br><br>POWIN, LLC, et. al.,<br><br>    Debtor. |

Chapter 11

Case Nos. 25-16127 (MBK)

Hearing Date: TBD

**SPARK POWER RENEWABLES USA INC. OBJECTION TO NOTICE OF POTENTIALLY ASSUMED EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

Spark Power Renewables USA Inc. ("Spark") submits this Objection to Notice of Potentially Assumed Executory Contracts and Unexpired Leases [Doc. No. 446] (the "Notice").

**FACTUAL BACKGROUND**

1.  On or about May 20, 2024, Polin, LLC (the "Debtor") entered a Master Services Agreement - Approved Service Provider (the "MSA") with Spark. Pursuant to the MSA, Spark provided certain preventative maintenance, corrective maintenance, emergency work, and augmentation services for the Debtor.

2.  As of the Petition-Date, Debtor was delinquent with its obligations to Spark in an amount of approximately $2,477,430,94 (the "Arrears"). *See* AR Aging Report attached hereto as **Exhibit "A"**. In addition to the Arrears, interest and other costs and fees continue to accrue pursuant to the terms of the MSA (the "Additional Costs").

1

3. On June 10, 2025, along with three other entities, (the "Petition Date") the Debtor commenced its bankruptcy case by filing a voluntary petition for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). Powin Project LLC had filed its bankruptcy case one day earlier (Case No. 25-16127) (Collectively, with the Debtor and all other affiliated debtors, the "Debtors").

4. No trustee or examiner has been appointed in these Chapter 11 Cases.

5. A Committee of Unsecured Creditors (the "Committee") was appointed by the United States Trustee on June 27, 2025.

6. On July 18, 2025, the Debtors filed the Notice.

7. The Notice lists the MSA as one of the executory contracts potentially to be assumed with a cure amount of $0.00 (the "Incorrect Cure Amount"). *See* Exhibit "A" to Notice at page 26 of 29.

8. The actual cure amount owed to Spark is comprised of the Arrears plus the Additional Costs, which continue to accrue through the effective date of any proposed assumption and assignment of the MSA (the "Correct Cure Amount").

9. To date, Spark has not received any financial or other adequate assurance information from FlexGen Power Systems, LLC, or other potential purchasers of the Debtors' assets.

10. Spark objects to the Notice because, *inter alia*, (i) Debtor has not provided information relating to adequate assurance of future performance by any proposed assignee of the MSA; and (ii) the Notice does not propose to satisfy Debtors' cure obligations consistent with section 365(b)(1) of the Bankruptcy Code.

**Objection**

A. **Adequate Assurance**

9. Section 365(b)(1)(C) of the Bankruptcy Code requires the Debtors to provide adequate assurance of any proposed assignee's future performance prior to the assumption and assignment of an executory contract. Spark has been provided no adequate assurance information to date.

10. Adequate assurance information must be carefully reviewed and evaluated by Spark in the context of, and consistent with, the terms of the MSA. Spark will need adequate time prior to any assumption/assignment hearing to complete this evaluation.

B. **Cure**

11. When an executory contract is assumed under section 365 of the Bankruptcy Code, the non-debtor third-party to that contract must be "made whole at the time of the Debtors' assumption of the contract." *In re Entertainment, Inc.*, 223 B.R. 141, 151 (Bankr. N.D. Ill. 1998). Accordingly, to the extent that the Debtors seek to assume and assign the MSA, the Debtor must pay the full cure amount based upon all amounts that are due on the date that the MSA is assumed and assigned by the Debtors ("Effective Date"). *See* 11 U.S.C. § 365(b)(1); *In re Network Access Solutions, Corp.*, 330 B.R. 67, 76 (Bankr. D. Del. 2005).

12. The Incorrect Cure Amount is set forth in bad faith, attempting to assign the benefits of the MSA without curing any of the arrears whatsoever. As set forth above, the amount due under the MSA is not static and will change over time. The actual cure amount must be based on the amount due on the effective date of any assignment, including all post-petition debts that accrue under the MSA. Accordingly, the Incorrect Cure Amount set forth in

the Notice must be revised to reflect the actual amount due as of the date the MSA is assumed and assigned.

**WHEREFORE**, Spark respectfully requests that this Court enter an order that: (i) directs the Debtor to provide Spark with adequate assurance information with sufficient time to review the same prior to approval of assumption and assignment; and (ii) only approves assumption and assignment of the MSA, conditioned upon cure of the Correct Cure Amount on or before the effective date of the assignment; and (ii) grants Spark such additional relief as this Court deems just and equitable.

Dated: July 27, 2025

                                      Respectfully submitted,

                                      **STARK & STARK**
                                      A Professional Corporation

                                      By:/s/ *Joseph H. Lemkin*
                                      JOSEPH H. LEMKIN, ESQ.
                                      TIMOTHY P. DUGGAN, ESQ.
                                       100 American Metro Blvd.
                                       Hamilton, NJ 08619
                                       (609) 791-7922 (direct)
                                       (609) 896-9060 (main)
                                       (609) 895-7395 (facsimile)

4929-0411-2471, v. 1