IN THE UNITED STATES BANKRUPTCY
FOR THE DISTRICT OF NEW JERSEY

**Order Filed on July 25, 2025
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

In re:

Powin, LLC, *et al.*,[1]

                    Debtors.

Chapter 11

Case No. 25-16137 (MBK)

(Jointly Administered)

**FINAL ORDER (I) AUTHORIZING THE DEBTORS TO OBTAIN
POSTPETITION OPERATIONAL CASH FLOW FINANCING; (II) GRANTING LIENS
AND PROVIDING SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS; (III)
MODIFYING THE AUTOMATIC STAY; AND (IV) GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered [3] through [55], is **ORDERED.**

**DATED: July 25, 2025**

_____

*Michael B. Kaplan*
Honorable Michael B. Kaplan
United States Bankruptcy Judge

---

[1]   The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification
number, are: (i) Powin Project LLC [1583]; (ii) Powin, LLC [0504]; (iii) PEOS Holdings, LLC [5476]; (iv) Powin
China Holdings 1, LLC [1422]; (v) Powin China Holdings 2, LLC [9713]; (vi) Charger Holdings, LLC [5241];
(vii) Powin Energy Ontario Storage, LLC [8348]; (viii) Powin Energy Operating Holdings, LLC [2495]; and (ix)
Powin Energy Operating, LLC [6487].  The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR
97062.

US_ACTIVE\130704377

(Page 2)

| | |
|---|---|
| Debtors: | Powin, LLC, *et al*. |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | *Final Order (I) Authorizing the Debtors to Obtain Postpetition Operational Cash Flow Financing; (II) Granting Liens and Providing Superpriority Administrative Expense Claims; (III) Modifying the Automatic Stay; and (IV) Granting Related Relief* |

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**DENTONS US LLP**

Tania M. Moyron (admitted *pro hac vice*)
Van C. Durrer, II (admitted *pro hac vice*)
601 S. Figueroa Street #2500
Los Angeles, CA 90017
Telephone: (213) 623-9300
Facsimile: (213) 623-9924
Email: tania.moyron@dentons.com
            van.durrer@dentons.com

John D. Beck (admitted *pro hac vice*)
Sarah M. Schrag (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020-1089
Telephone: (212) 768-6700
Facsimile: (212) 768-6800
Email: john.beck@dentons.com
            sarah.schrag@dentons.com

*Proposed Counsel for Debtors and Debtors in Possession*

**TOGUT, SEGAL & SEGAL LLP**

Frank A. Oswald (admitted)
550 Broad Street
Suite 1508
Newark, NJ 07102
Telephone: (212) 594-5000
Facsimile: (212) 967-4258
Email: frankoswald@teamtogut.com

Albert Togut (admitted *pro hac vice*)
Amanda C. Glaubach (admitted *pro hac vice*)
Eitan Blander (admitted *pro hac vice*)
One Penn Plaza, Suite 3335
New York, New York 10119
Telephone: (212) 594-5000
Facsimile: (212) 967-4258
Email: altogut@teamtogut.com
            aglaubach@teamtogut.com
            eblander@teamtogut.com

*Proposed Counsel for Debtors and Debtors in Possession*

(Page 3)

| | |
|---|---|
| Debtors: | Powin, LLC, *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | *Final Order (I) Authorizing the Debtors to Obtain Postpetition Operational Cash Flow Financing; (II) Granting Liens and Providing Superpriority Administrative Expense Claims; (III) Modifying the Automatic Stay; and (IV) Granting Related Relief* |

Upon the motion (the "**Motion**")[2] of the debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Chapter 11 Cases**"), pursuant to sections 105, 361, 362, 363, 364, 503, 506(c), 507, and 552 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (as amended, the "**Bankruptcy Code**"), rules 2002, 4001, 6003, 6004, and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and rules 4001-3 and 9013-5 of the Bankruptcy Local Rules for the District of New Jersey (the "**Local Rules**"), seeking entry of the Interim Order and this final order (**"Final Order"**):

     i.     authorizing Powin Project LLC, Powin, LLC, PEOS Holdings, LLC, Powin China Holdings 1, LLC, Powin China Holdings 2, LLC, Charger Holdings, LLC, Powin Energy Ontario Storage, LLC, Powin Energy Operating Holdings, LLC, and Powin Energy Operating, LLC, in their capacity as borrowers and as joint and several obligors (collectively, the "**Borrowers**" or the "**Debtors**"), to obtain new money postpetition financing under a secured superpriority debtor in possession term loan credit facility (the "**DIP Facility**"), which DIP Facility shall be available in an aggregate principal amount of up to $27,500,000.00 (the "**DIP Facility Amount**") including, (1) during the period (the "**Interim Period**") from the date of entry of the Interim Order through and including the date of entry of this Final Order, new money term loans in the aggregate amount of up to $10,000,000 (the "**Initial Advance**"), (2) subject to and effective upon entry of this Final Order granting such relief, new money term loans in the aggregate amount of up to $5,000,000 (the "**Second Advance**"), (3) on August 4, 2025 (and subject to and effective upon the entry of this Final Order granting such relief), new money term loans in the aggregate amount of up to $7,500,000 (the, "**Third Advance**"), and (4) on August 4, 2025 (and subject to and effective upon the entry of this Final Order granting such relief), new money term loans in the aggregate amount of up to $5,000,000 (the "**Contingent DIP Loan**," and together with the Initial Advance, Second Advance and Third Advance, the "**DIP Loans**"); *provided*, *however*, that the

---

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion, the DIP Credit Agreement, the *Interim Order (I) Authorizing Postpetition Use of Cash Collateral, (II) Granting Adequate Protection to the Prepetition Secured Parties, (III) Scheduling a Final Hearing, and (IV) Granting Related Relief* [Docket No. 68] (the **"Interim Cash Collateral Order"**), and the *Interim Order (I) Authorizing the Debtors to Obtain Postpetition Operational Cash Flow Financing; (II) Granting Liens and Providing Superpriority Administrative Expense Claims; (III) Modifying the Automatic Stay; (IV) Scheduling a Final DIP Hearing; and (V) Granting Related Relief* [Docket No. 169] the (**"Interim Order"**).

(Page 4)

| | |
|---|---|
| Debtors: | Powin, LLC, *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | *Final Order (I) Authorizing the Debtors to Obtain Postpetition Operational Cash Flow Financing; (II) Granting Liens and Providing Superpriority Administrative Expense Claims; (III) Modifying the Automatic Stay; and (IV) Granting Related Relief* |

available amount of the Contingent DIP Loan shall be reduced by (i) $4,000,000 to the extent the DIP Lender, in its capacity as the stalking horse bidder, agrees to assume the employment agreements of substantially all of Borrowers' employees as part of an Asset Sale, and (ii) $1,000,000 to the extent the DIP Lender, in its capacity as the stalking horse bidder, agrees to purchase substantially all of the Borrowers' inventory as part of an Asset Sale. The DIP Loans shall be subject to the terms and conditions of this Final Order, the Approved Budget, and that certain Debtor-in-Possession Credit and Guaranty Agreement, substantially in the form attached hereto as **Exhibit A** (as the same may be amended, restated, supplemented, waived, or otherwise modified from time to time, the "**DIP Credit Agreement**" and, together with the Interim Order, this Final Order, the Approved Budget, and all agreements, documents, and instruments delivered or executed in connection therewith (including the term sheet substantially in the form attached as Exhibit A to the Interim Order), collectively, the "**DIP Documents**"), among the Borrowers and FlexGen Power Systems, LLC (including any permitted successors and assigns, the "**DIP Lender**");

ii.     authorizing the Debtors to execute, deliver, and perform, as applicable, under the DIP Documents, and to perform such other and further acts as may be necessary, appropriate, or desirable in connection therewith;

iii.    authorizing the Debtors to use proceeds of the DIP Loans solely in accordance with the budget annexed to the Interim Order as **Exhibit B** (the "**Initial Approved Budget**"), subject to the variances permitted under the DIP Credit Agreement and as otherwise provided herein and in the other DIP Documents;

iv.     granting valid, enforceable, binding, non-avoidable, and fully perfected liens on and security interests in substantially all of the property, assets, and other interests in property and assets of the Debtors as set forth herein, whether such property is presently owned or after-acquired, and each Debtors' estate as created by section 541 of the Bankruptcy Code, of any kind or nature whatsoever, real or personal, tangible, intangible, or mixed, now existing or hereafter acquired or created, whether existing prior to or arising after the Petition Date (as defined below), subject and subordinate only to the Carve-Out (as defined below), and, any Permitted Encumbrance, including the Prepetition Liens (to the extent that the Prepetition Liens are valid, enforceable, perfected and non-avoidable and the Prepetition Secured Obligations are legal, valid, non-avoidable, and binding, and so long as the Prepetition Secured Obligations are outstanding), and the Adequate Protection Liens (to the extent that the Prepetition Liens are valid, enforceable, perfected, and non-avoidable and the Prepetition Secured Obligations are legal, valid, non-avoidable, and binding, and so long as the Prepetition Secured

(Page 5)

| | |
|---|---|
| Debtors: | Powin, LLC, *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | *Final Order (I) Authorizing the Debtors to Obtain Postpetition Operational Cash Flow Financing; (II) Granting Liens and Providing Superpriority Administrative Expense Claims; (III) Modifying the Automatic Stay; and (IV) Granting Related Relief* |

Obligations are outstanding), as applicable and pursuant to the terms and conditions set forth herein, including paragraph 19, and in the other DIP Documents;

v.   granting administrative expense claims against each of the Debtors' estates to the DIP Lender with respect to the DIP Obligations (as defined below) over any and all administrative expenses and other claims of any kind or nature subject and subordinate only to the payment of the Carve-Out and the Adequate Protection Superpriority Claims (only to the extent that the Prepetition Liens are valid, enforceable, perfected, and non-avoidable and the Prepetition Secured Obligations are legal, valid, non-avoidable, and binding, and so long as the Prepetition Obligations are outstanding) on the terms and conditions set forth herein and in the other DIP Documents;

vi.   effective as of the Petition Date but subject to and effective upon entry of this Final Order granting such relief and to the extent set forth herein, waiving the Debtors' and the estates' right to surcharge against the DIP Collateral (as defined below) pursuant to section 506(c) of the Bankruptcy Code;

vii.   effective as of the Petition Date but subject to and effective upon entry of this Final Order granting such relief and to the extent set forth herein, waiving the equitable doctrine of marshaling with respect to the DIP Collateral and the DIP Secured Parties;

viii.   vacating and modifying the automatic stay imposed by section 362 of the Bankruptcy Code to the extent necessary to implement and effectuate the terms and provisions of the DIP Credit Agreement, this Final Order, and the other DIP Documents;

ix.   waiving any applicable stay (including under Bankruptcy Rule 6004) with respect to the effectiveness and enforceability of this Final Order and providing for immediate effectiveness of this Final Order; and

x.   granting related relief.

This Court having considered the Motion, the exhibits thereto, the *Declaration of Gerard Uzzi In Support of Debtors' Motion for Debtor-in-Possession Financing*, the *Declaration of Mitchener Turnipseed In Support of Debtors' Motion for Debtor-in-Possession Financing*, and the other evidence submitted or adduced and the arguments of counsel made at the interim hearing

(Page 6)

| | |
|---|---|
| Debtors: | Powin, LLC, *et al*. |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | *Final Order (I) Authorizing the Debtors to Obtain Postpetition Operational Cash Flow Financing; (II) Granting Liens and Providing Superpriority Administrative Expense Claims; (III) Modifying the Automatic Stay; and (IV) Granting Related Relief* |

("**Interim Hearing**") held pursuant to Bankruptcy Rule 4001(b)(2) on June 24, 2025; and this Court having entered the Interim Order, which, among other things, authorized the Debtors to borrow the Initial Advance during the Interim Period, scheduled a final hearing (the "Final Hearing") to consider the relief requested in the Motion and the entry of this Final Order, and approved the form of notice thereof; and the Final Hearing having been held and concluded on July 15, 2025; and this Court having heard and resolved or overruled any objections, reservations of rights, or other statements with respect to the relief requested at the Final Hearing and in the Motion; and the Court having noted the appearances of all parties in interest; and it appearing that approval of the relief requested in the Motion is fair and reasonable and is essential for the continued operation of the Debtors' businesses and the preservation of the value of the Debtors' assets; and it appearing that the Debtors' entry into the DIP Credit Agreement (subject to entry of this Final Order) and all other DIP Documents is a sound and prudent exercise of the Debtors' business judgment; and the Debtors having provided reasonable notice of the Motion under the circumstances as set forth in the Motion, and it appearing that no other or further notice of the Motion need be given; and after due deliberation and consideration, and for good and sufficient cause appearing therefor,

**BASED UPON THE RECORD ESTABLISHED AT THE INTERIM HEARING AND FINAL HEARING, THE COURT HEREBY MAKES THE FOLLOWING FINDINGS OF FACT AND CONCLUSIONS OF LAW:[3]**

---

[3]    Findings of fact shall be construed as conclusions of law, and conclusions of law shall be construed as findings of fact, pursuant to Bankruptcy Rule 7052.

(Page 7)

| | |
|---|---|
| Debtors: | Powin, LLC, *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | *Final Order (I) Authorizing the Debtors to Obtain Postpetition Operational Cash Flow Financing; (II) Granting Liens and Providing Superpriority Administrative Expense Claims; (III) Modifying the Automatic Stay; and (IV) Granting Related Relief* |

A.    ___*Petition Date*___.  On June 9, 2025 (the "**Petition Date**"),[4] the Debtors filed voluntary petitions under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey ("**Court**"), commencing these Chapter 11 Cases.

B.    ___*Debtors in Possession*___.  The Debtors continue to manage and operate their businesses and properties as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in these Chapter 11 Cases.

C.    ___*Jurisdiction and Venue*___.  The Court has jurisdiction over the Motion, these Chapter 11 Cases, and the parties and property affected hereby pursuant to 28 U.S.C. § 1334.  The Debtors assert that venue for these Chapter 11 Cases is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding under 28 U.S.C. § 157(b) and this Court may enter a final order consistent with Article III of the United States Constitution.  The bases for the relief sought in the Motion and granted in this Final Order are sections 105, 361, 362, 363, 364, 503, 506, 507 and 552 of the Bankruptcy Code, Bankruptcy Rules 2002, 4001, 6004, and 9014, and Local Rule 4001-3.

D.    ___*Committee*___.  On June 27, 2025, the Office of the United States Trustee appointed an official committee of unsecured creditors (the "**Official Committee**").

E.    ___*Final Hearing*___.  At the Final Hearing, the Court considered the Motion, the terms of this Final Order and the other DIP Documents, and the evidence submitted at the Final Hearing.

---

[4]    Lead Debtor Case No. 25-16137 (MBK) for Debtor Powin LLC was filed on June 10, 2025, and the remaining Debtors were also filed on June 10, 2025 with the exception of Case No. 25-16136 (MBK), which was filed on June 9, 2025.

(Page 8)

| | |
|---|---|
| Debtors: | Powin, LLC, *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | *Final Order (I) Authorizing the Debtors to Obtain Postpetition Operational Cash Flow Financing; (II) Granting Liens and Providing Superpriority Administrative Expense Claims; (III) Modifying the Automatic Stay; and (IV) Granting Related Relief* |

Notice of the Final Hearing and Final Order was provided in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Interim Order.

F. ***Purpose and Necessity of Financing***. The Debtors require the financing described in the Motion and as expressly provided in the Interim Order, this Final Order and the other DIP Documents (i) to pay post-petition working capital and for other general corporate purposes of the Debtors, (ii) to pay current fees and expenses under the DIP Facility, (iii) to pay allowed administrative costs and expenses of the Chapter 11 Cases, including professional fees and expenses, (iv) to pay prepetition claims and expenses as authorized by the Court, (v) to pay any forecasted cash outlays included in any Approved Budget (as defined below), and (vi) as otherwise agreed, in each case, subject to the terms and conditions of this Final Order and the other DIP Documents. If the Debtors do not obtain authorization to borrow the DIP Loans under the DIP Documents and this Final Order is not entered, the Debtors will suffer irreparable harm.

G. ***No Credit Available on More Favorable Terms***. The Debtors are unable to obtain financing or other financial accommodations from sources other than the DIP Lender on terms more favorable than those provided under the DIP Credit Agreement, this Final Order, and the other the DIP Documents. The Debtors are unable to obtain adequate unsecured credit allowable as an administrative expense under section 503(b)(1) of the Bankruptcy Code. However, the DIP Lender is willing to provide the DIP Facility on a junior basis pursuant to section 364(c), subject to the terms of this Final Order and the other DIP Documents. After considering all available alternatives, the Debtors have concluded, in the exercise of their sound business judgment, that the DIP Facility represents the best source of debtor-in-possession financing available to them at this

US_ACTIVE\130704377

| Debtors: | Powin, LLC, *et al.* |
|---|---|
| Case No. | 25-16137 (MBK) |
| Caption of Order: | *Final Order (I) Authorizing the Debtors to Obtain Postpetition Operational Cash Flow Financing; (II) Granting Liens and Providing Superpriority Administrative Expense Claims; (III) Modifying the Automatic Stay; and (IV) Granting Related Relief* |

time. Additionally, the terms of the DIP Facility are fair and reasonable and reflect the Debtors' exercise of prudent business judgment.

H.    ***Debtors' Stipulations Regarding DIP Facility***.[5]  Without prejudice to the rights of any other party in interest, and after consultation with their attorneys, and in exchange for and as a material inducement for receiving this DIP Facility, the Debtors, for themselves, their estates and all representatives of such estates, admit, stipulate, acknowledge and agree as follows in this paragraph H:

a.    *Use of Proceeds of the DIP Facility*.  As a condition to providing the DIP Facility, the DIP Lender requires, and the Debtors have agreed, that all proceeds of the DIP Loans shall be used or applied solely for the purposes expressly permitted in, and in a manner consistent with, the Approved Budget (subject to the Permitted Disbursement Variance) and the other DIP Documents, including (i) to pay post-petition working capital and for other general corporate purposes of the Debtors, (ii) to pay current fees and expenses under the DIP Facility, (iii) to pay allowed administrative costs and expenses of the Chapter 11 Cases, including professional fees and expenses, (iv) to pay prepetition claims and expenses as authorized by the Court, (v) to pay any forecasted cash outlays included in any Approved Budget (as defined below), and (vi) as otherwise agreed, in each case, subject to the terms and conditions of this Final Order and the other DIP Documents.

b.    *Approved Budget*.  The Debtors have prepared and delivered to the DIP Lender the

---

[5]    The stipulations, and related rights of third parties regarding those stipulations, as to the Prepetition Secured Obligations and the validity of the Prepetition Liens can be found in the Interim Cash Collateral Order.

(Page 10)

| | |
|---|---|
| Debtors: | Powin, LLC, *et al*. |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | *Final Order (I) Authorizing the Debtors to Obtain Postpetition Operational Cash Flow Financing; (II) Granting Liens and Providing Superpriority Administrative Expense Claims; (III) Modifying the Automatic Stay; and (IV) Granting Related Relief* |

Initial Approved Budget, which has been approved by the DIP Lender.  The Initial Approved Budget is an integral part of this Final Order, and the DIP Lender is relying, in part, upon the Debtors' agreement to comply with the Approved Budget (subject to the Permitted Disbursement Variance) in determining to enter into the DIP Facility and to allow the Debtors' use of proceeds of the DIP Facility in accordance with the terms of this Final Order and the other DIP Documents.

c.    *No Control*.  The DIP Lender, by virtue of making the DIP Loans, is not deemed to be in control of the Debtors or their properties or operations, have authority to determine the manner in which any of the Debtors' operations are conducted, nor is a control person, insider (as defined in the Bankruptcy Code), "responsible person," or managing agent of the Debtors or any of their affiliates by virtue of any of the actions taken with respect to, in connection with, related to, or arising from this Final Order, the DIP Facility, the DIP Liens, the DIP Obligations, the other DIP Documents or the transactions contemplated by each.

d.    *No Claims, Defenses, or Causes of Action*.  As of the date hereof, the Debtors and the Debtors' estates hold no (and hereby waive, discharge and release any) valid or enforceable claims (as defined in the Bankruptcy Code), counterclaims, defenses, setoff rights, or any other causes of action of any kind, and waive, discharge and release any right they may have to (i) challenge the validity, enforceability, priority, security and perfection of any of the DIP Obligations, DIP Documents, or DIP Liens, respectively, and (ii) assert any and all claims (as defined in the Bankruptcy Code) or causes of action against the DIP Lender, the Indemnified Parties (defined below), or any of their respective current, former and future affiliates, subsidiaries, funds, or managed accounts, officers, directors, managers, managing members, members, equity

| Debtors: | Powin, LLC, *et al.* |
|---|---|
| Case No. | 25-16137 (MBK) |
| Caption of Order: | *Final Order (I) Authorizing the Debtors to Obtain Postpetition Operational Cash Flow Financing; (II) Granting Liens and Providing Superpriority Administrative Expense Claims; (III) Modifying the Automatic Stay; and (IV) Granting Related Relief* |

holders, partners, principals, employees, representatives, agents, attorneys, advisors, accountants, investment bankers, consultants, and other professionals, and the successors and assigns of each of the foregoing (in their capacities as such), in each case, whether arising at law or in equity, including any recharacterization, subordination, avoidance, or other claim arising under or pursuant to section 105 or chapter 5 of the Bankruptcy Code or under any other similar provisions of applicable state or federal law.

e.   *Indemnification*.  The DIP Lender has agreed to provide the DIP Facility, subject to the conditions set forth herein and in the other DIP Documents, including indemnification of the Indemnified Parties[6] and the provisions of this Final Order assuring that the DIP Liens and the various claims, Administrative Expense Claims and other protections granted pursuant to this Final Order and the other DIP Documents will not be affected, except as otherwise provided herein, by any subsequent reversal or modification of this Final Order or any other order, as provided in section 364(e) of the Bankruptcy Code, which is applicable to the DIP Facility.  The DIP Lender has acted in good faith in consenting to and in agreeing to provide the DIP Facility.  The reliance of the DIP Lender on the assurances referred to above is in good faith.

f.   *Releases*.  The DIP Lender has agreed to provide the DIP Facility, subject to the conditions set forth herein and in the other DIP Documents, including the absolute, unconditional and irrevocable release and forever discharge of any and all actions, causes of action, claims,

---

[6]   "**Indemnified Parties**" means, collectively, the DIP Lender and its affiliates, its affiliates' successors and assigns and its respective current and former principals, owners, members, partners, financial advisors, legal advisors, shareholders, managers, consultants, accounts, attorneys, officers, directors, employees, agents and other representatives.

(Page 12)

| | |
|---|---|
| Debtors: | Powin, LLC, *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | *Final Order (I) Authorizing the Debtors to Obtain Postpetition Operational Cash Flow Financing; (II) Granting Liens and Providing Superpriority Administrative Expense Claims; (III) Modifying the Automatic Stay; and (IV) Granting Related Relief* |

counter-claims, cross-claims, defenses, accounts, objections, challenges, offsets or setoff, demands, liabilities, responsibilities, disputes, remedies, indebtedness, obligations, guarantees, rights, interests, indemnities, assertions, allegations, suits, controversies, proceedings, losses, damages, injuries, reimbursement obligations, attorneys' fees, costs, expenses or judgments of every type, whether known or unknown, asserted or unasserted, suspected or unsuspected, foreseen or unforeseen, accrued or unaccrued, liquidated or unliquidated, fixed or contingent, pending or threatened, including, without limitation, all legal and equitable theories of recovery, arising under common law, statute, rule or regulation or by contract, of every nature or description whatsoever that the Debtors', their estates, predecessors, successors and assigns at any time had, now have or that their successors and assigns may have against any of the Released Parties[7] in connection with or related to the Debtors, their operations and businesses, this Final Order, the DIP Facility, the DIP Liens, the DIP Superpriority Claims, the DIP Collateral, the DIP Obligations, the other DIP Documents or the transactions contemplated thereunder or hereunder, including, without limitation, (i) any Avoidance Actions (as defined below), (ii) any so-called "lender liability" or equitable subordination claims or defenses, (iii) any claims or causes of action arising under the Bankruptcy Code, (iv) any claims or causes of action seeking reduction, setoff, offset, recoupment, recharacterization, subordination (whether equitable, contractual or otherwise), reclassification, disgorgement, disallowance, impairment, marshaling, surcharge, recovery or any other challenge arising under the Bankruptcy Code or applicable non-bankruptcy law with respect to the DIP

---

[7]    "**Released Parties**" shall mean the Indemnified Parties.

(Page 13)

| | |
|---|---|
| Debtors: | Powin, LLC, *et al*. |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | *Final Order (I) Authorizing the Debtors to Obtain Postpetition Operational Cash Flow Financing; (II) Granting Liens and Providing Superpriority Administrative Expense Claims; (III) Modifying the Automatic Stay; and (IV) Granting Related Relief* |

Liens, the DIP Superpriority Claims, the DIP Obligations, the DIP Documents or the DIP Collateral, or (v) any claim or cause of action with respect to the validity, enforceability, extent, amount, perfection or priority of the DIP Liens, the DIP Superpriority Claims, the DIP Obligations or the DIP Documents; *provided*, *however*, that nothing contained in this clause (g) shall relieve the DIP Lender from fulfilling any of its commitments under this Final Order, the DIP Credit Agreement, or other DIP Documents.

g.     *Sale and Credit Bidding*.  The DIP Lender shall have the right to credit bid up to the full amount of the applicable outstanding DIP Obligations including, without limitation, any accrued interest and fees, in a sale of any DIP Collateral (as defined below), and whether such sale is effectuated through sections 363 or 1129 of the Bankruptcy Code, or otherwise; *provided* that any such credit bid must provide for the immediate and indefeasible repayment in cash and in full of all then outstanding Prepetition Secured Obligations upon the closing of such sale (to the extent that the Prepetition Liens are valid, enforceable, perfected, and non-avoidable and the Prepetition Secured Obligations are legal, valid, non-avoidable, and binding).

I.     **<u>Good Cause</u>**.  The ability of the Debtors to obtain sufficient working capital and liquidity under this Final Order and the other DIP Documents is vital to the Debtors, their estates, creditors and stakeholders.  The liquidity to be provided under this Final Order and the other DIP Documents will enable the Debtors to continue to operate their businesses in the ordinary course and preserve the value of their businesses.  The Debtors' estates will be irreparably harmed if this Final Order is not entered.  Good cause has, therefore, been shown for the relief sought in the Motion.

(Page 14)

| | |
|---|---|
| Debtors: | Powin, LLC, *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | *Final Order (I) Authorizing the Debtors to Obtain Postpetition Operational Cash Flow Financing; (II) Granting Liens and Providing Superpriority Administrative Expense Claims; (III) Modifying the Automatic Stay; and (IV) Granting Related Relief* |

J.      **_Good Faith_**.  The DIP Facility, this Final Order, and the other DIP Documents have been negotiated in good faith and at arm's length among the Debtors and the DIP Lender, and all of the obligations and indebtedness arising under, in respect of or in connection with the DIP Facility, this Final Order, and the other DIP Documents, including without limitation, all loans made to the Debtors pursuant to this Final Order and the other DIP Documents, and any other obligations under this Final Order and the other DIP Documents, shall be deemed to have been extended by the DIP Lender and its affiliates in good faith, as that term is used in section 364(e) of the Bankruptcy Code and in express reliance upon the protections offered by section 364(e) of the Bankruptcy Code, and the DIP Obligations, the DIP Liens (as defined below), and the DIP Superpriority Claims (as defined below), shall be entitled to the full protection of section 364(e) of the Bankruptcy Code and the terms, conditions, benefits, and privileges of this Final Order regardless of whether this Final Order is subsequently reversed, vacated, modified, or otherwise is no longer in full force and effect or the Chapter 11 Cases are subsequently converted or dismissed.

K.      **_Sections 506(c); Marshaling_**.  In light of and in exchange for (i) the DIP Lender's willingness to provide the DIP Facility to the extent set forth herein; (ii) the DIP Lender's agreement that its liens and administrative expense claims shall be subject and subordinate to (A) the Carve-Out and (B) any Permitted Encumbrance (including the Prepetition Liens and Adequate Protection Liens), the Prepetition Secured Obligations and the Adequate Protection Superpriority Claims (in each case in this clause (B), to the extent that the Prepetition Liens are valid, enforceable, perfected, and non-avoidable and the Prepetition Secured Obligations are legal, valid non-avoidable, and binding, and only so long as the Prepetition Secured Obligations are

| | |
|---|---|
| Debtors: | Powin, LLC, *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | *Final Order (I) Authorizing the Debtors to Obtain Postpetition Operational Cash Flow Financing; (II) Granting Liens and Providing Superpriority Administrative Expense Claims; (III) Modifying the Automatic Stay; and (IV) Granting Related Relief* |

outstanding), as set forth herein and as applicable; and (iii) the DIP Lender's agreement to the payment (in a manner consistent with the Approved Budget or Wind-Down Budget (as defined below)), if applicable, (subject to permitted variances as provided in the DIP Credit Agreement and subject to the terms and conditions of this Final Order) of certain expenses of administration of these Chapter 11 Cases, the DIP Lender is entitled to a waiver of the provisions of section 506(c) of the Bankruptcy Code and of the equitable doctrine of marshaling and other similar doctrines upon entry of this Final Order, except as provided in paragraph 18(h) hereof.

L.    ***Consideration***.  All of the Debtors will receive and have received fair consideration and reasonably equivalent value in exchange for the DIP Facility and all other financial accommodations provided under this Final Order and the other DIP Documents.

M.    ***Immediate Entry of Final Order***.  The Debtors have requested immediate entry of this Final Order pursuant to Bankruptcy Rule 4001.  The permission granted herein to enter into the DIP Facility and to obtain funds thereunder is necessary to avoid immediate and irreparable harm to the Debtors.  This Court concludes that entry of this Final Order will, among other things, allow for the continued operation of the Debtors' existing businesses and further enhance the Debtors' prospects for a successful restructuring.

N.    ***Findings Regarding Corporate Authority***.  The Debtors have all requisite corporate power and authority to enter into, ratify, and perform all of their obligations under the DIP Documents (including the DIP Credit Agreement) to which they are a party.

O.    ***Notice***.  Upon the record presented to this Court at the Interim and Final Hearings, and under the exigent circumstances set forth therein, notice of the Motion has been provided in

| Debtors: | Powin, LLC, *et al.* |
|---|---|
| Case No. | 25-16137 (MBK) |
| Caption of Order: | *Final Order (I) Authorizing the Debtors to Obtain Postpetition Operational Cash Flow Financing; (II) Granting Liens and Providing Superpriority Administrative Expense Claims; (III) Modifying the Automatic Stay; and (IV) Granting Related Relief* |

accordance with Bankruptcy Rules 4001(b) and 4001(c)(1) on (i) the DIP Lender; (ii) counsel to the DIP Lender; (iii) counsel to the Prepetition Agent; (iv) counsel to the Prepetition Lenders; (v) the Office of the United States Trustee for the District of New Jersey (the "**U.S. Trustee**"); (vi) the holders of the fifty (50) largest unsecured claims against the Debtors' estates (on a consolidated basis); (vii) the United States Attorney's Office for the District of New Jersey; (viii) the attorneys general in the states in which the Debtors conduct their business; (ix) the United States Department of Justice; (x) the Internal Revenue Service; (xi) counsel to the Official Committee; and (xii) any party that has requested notice pursuant to Bankruptcy Rule 2002, which notice was appropriate under the circumstances and sufficient for the Motion. No other or further notice of the Motion, the Interim and Final Hearings, or entry of this Final Order is required.

Based upon the foregoing findings and conclusions, the Motion and the record before the Court with respect to the Motion, and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED**:

1.    ***DIP Facility Approved***. The Motion is granted on a final basis as set forth herein and the financing described herein is authorized and approved subject to the terms and conditions set forth in the DIP Credit Agreement and any other applicable provisions set forth in the DIP Documents, including this Final Order; *provided* that the other DIP Documents shall be consistent with the terms and conditions of this Final Order.

2.    ***Objections Overruled***. Any objections, reservations of rights, or other statements with respect to entry of this Final Order and the relief granted in this Final Order, to the extent not withdrawn, waived, settled or otherwise resolved, are overruled on the merits. This Final Order

(Page 17)

| | |
|---|---|
| Debtors: | Powin, LLC, *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | *Final Order (I) Authorizing the Debtors to Obtain Postpetition Operational Cash Flow Financing; (II) Granting Liens and Providing Superpriority Administrative Expense Claims; (III) Modifying the Automatic Stay; and (IV) Granting Related Relief* |

shall become effective immediately upon its entry.

     3.    ***Authorization of the DIP Facility and the DIP Documents***.

     a.    *DIP Obligations*. The Debtors are expressly and immediately authorized and empowered to enter into the DIP Facility and to incur and to perform the DIP Obligations (as defined below) in accordance with and subject to this Final Order and the other DIP Documents, to execute and deliver all DIP Documents and all other related instruments, certificates, agreements, and documents, and to take all actions which may be reasonably required or otherwise necessary for the performance by the Debtors under the DIP Facility, including the creation and perfection of the DIP Liens described and provided for herein. The Debtors are hereby authorized and directed to pay all principal, interest, fees, expenses, indemnities, and other amounts described herein, in the DIP Credit Agreement and in the other DIP Documents as such shall accrue and become due hereunder or thereunder, including, without limitation, subject to paragraph 13 hereof, the reasonable and documented fees and expenses of the attorneys and financial and other advisors and consultants of the DIP Lender, as and to the extent provided for herein, in the DIP Credit Agreement and in the other DIP Documents (collectively, all loans, advances, extensions of credit, financial accommodations, fees (which are fully earned and non-refundable as of the date of the Interim Hearing), expenses, and other liabilities and obligations (including indemnities and similar obligations) in respect of DIP Loans, the DIP Facility, the DIP Credit Agreement and the other DIP Documents, including all "Obligations" under and as defined in the DIP Credit Agreement, as applicable, the "**DIP Obligations**"). The DIP Credit Agreement, the other DIP Documents, and all DIP Obligations shall represent, constitute, and evidence, as the case may be, valid and binding

US_ACTIVE\130704377

| | |
|---|---|
| Debtors: | Powin, LLC, *et al*. |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | *Final Order (I) Authorizing the Debtors to Obtain Postpetition Operational Cash Flow Financing; (II) Granting Liens and Providing Superpriority Administrative Expense Claims; (III) Modifying the Automatic Stay; and (IV) Granting Related Relief* |

obligations of the Debtors, enforceable against the Debtors, their estates, and any successor thereto in accordance with their terms.  All obligations incurred, payments made, and transfers or grants of security set forth in this Final Order and in the other DIP Documents by any Debtor are granted to or for the benefit of the DIP Lender for fair consideration and reasonably equivalent value and are granted contemporaneously with the making of the loans and commitments and other financial accommodations secured thereby.  No obligation, payment, transfer, or grant of security under the DIP Documents as approved under the Interim Order or this Final Order shall be voided, voidable, or recoverable under the Bankruptcy Code or under any applicable non-bankruptcy law, or subject to any defense, reduction, setoff, recoupment, or counterclaim.  The term of the DIP Facility shall commence on the date of the Interim Hearing and end on the Scheduled Maturity Date (as defined in the DIP Credit Agreement), subject to the terms and conditions set forth herein and in the other DIP Documents.

b.      *Authorization to Borrow*.  In order to continue to operate its business, subject to the terms and conditions of this Final Order and the other DIP Documents, the Debtors are hereby authorized to borrow under the DIP Facility and incur certain DIP Obligations.

c.      *Conditions Precedent*.  The DIP Lender shall have no obligation to make the DIP Loan or any other financial accommodation hereunder or under the other DIP Documents (and the Debtors shall not make any request therefor) unless all conditions precedent to making DIP Loans under the DIP Documents have been satisfied or waived in accordance with the terms of the DIP Credit Agreement or the other DIP Documents.

d.      *DIP Collateral*.  As used herein, "**DIP Collateral**" shall mean all assets,

| | |
|---|---|
| Debtors: | Powin, LLC, *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | *Final Order (I) Authorizing the Debtors to Obtain Postpetition Operational Cash Flow Financing; (II) Granting Liens and Providing Superpriority Administrative Expense Claims; (III) Modifying the Automatic Stay; and (IV) Granting Related Relief* |

interests, rights, and property of any nature whatsoever of the Debtors, including, without limitation, all property in which the Debtors and their estates have an interest (whether tangible, intangible, real, personal or mixed), whether now owned or hereafter acquired and wherever located, before or after the Petition Date, including, without limitation, all accounts, proceeds of leases, inventory, equipment, equity interests or capital stock in subsidiaries, investment property, instruments, chattel paper, contracts, patents, copyrights, trademarks and other general intangibles, commercial litigation claims, cash, any investment of such cash, inventory, accounts receivable, including intercompany accounts (and all rights associated therewith), other rights to payment whether arising before or after the Petition Date, any deposit accounts, "cash collateral accounts", and, in each case all amounts on deposit therein from time to time, the proceeds of all claims or causes of action, and all rents, products, offspring, profits, proceeds, and substitutions thereof (including, without limitation, all Prepetition Collateral and all claims or causes of action of the Borrowers arising under sections 502(d), 542, 544, 545, 547, 548, 549, 550, and 553 of the Bankruptcy Code and any other avoidance or similar action under the Bankruptcy Code (the "**Avoidance Actions**"); *provided* that the lien on Avoidance Actions shall be limited to the proceeds and property recovered in connection therewith; *provided, further*, that in the event of an enforcement of remedies in accordance with this Final Order, the DIP Lender shall use commercially reasonable efforts to recover from all other DIP Collateral before recovering from (a) Avoidance Actions or (b) commercial tort claims.

e.     *DIP Liens.*   The DIP Lender has been granted the following security interests and liens, which shall immediately be valid, binding, perfected, continuing, enforceable,

| | |
|---|---|
| Debtors: | Powin, LLC, *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | *Final Order (I) Authorizing the Debtors to Obtain Postpetition Operational Cash Flow Financing; (II) Granting Liens and Providing Superpriority Administrative Expense Claims; (III) Modifying the Automatic Stay; and (IV) Granting Related Relief* |

and non-avoidable without the need for execution by the Debtors or the recordation or other filing by the DIP Lender of security agreements, account control agreements, pledge agreements, financing statements, or other similar documents or the possession or control by the DIP Lender of any DIP Collateral (all liens and security interests granted to the DIP Lender pursuant to the Interim Order, this Final Order, and the other DIP Documents, the "**DIP Liens**"):

    i.  pursuant to section 364(c)(2) of the Bankruptcy Code, valid, binding, continuing, enforceable, non-avoidable, fully and automatically perfected first-priority liens on and security interests in all DIP Collateral that is not subject to any liens or encumbrances immediately prior to the Petition Date or pursuant to the Interim Cash Collateral Order (the "**Unencumbered Property**"), subject and subordinate only to the Carve-Out; and

    ii.  pursuant to section 364(c)(3) of the Bankruptcy Code, valid, binding, continuing, enforceable, fully perfected liens on and security interests in all other DIP Collateral, which liens and security interests shall be subject and subordinate only to (a) any valid, enforceable, perfected, and non-avoidable lien or security interest in favor of the Prepetition Secured Parties, including (to the extent that the Prepetition Liens and the Adequate Protection Liens are valid, enforceable, perfected, and non-avoidable and the Prepetition Secured Obligations are legal, valid, non-avoidable, and binding) the Prepetition Liens and the Adequate Protection Liens, that were in existence immediately prior to the Petition Date, granted pursuant to the Interim Cash Collateral Order, or perfected as permitted by Section 546(b) of the Bankruptcy Code; (b) any Permitted Prior Liens (as defined in the Interim Cash Collateral Order) (subclauses (a) and (b), each a "**Permitted Encumbrance**")[8]; and (c) the Carve-Out, and otherwise senior to all other liens and encumbrances in respect of the DIP Collateral.

    f.   *Administrative Claim Status.* The DIP Lender is hereby granted allowed

---

[8] Nothing herein shall constitute a finding or ruling by this Court that any such Permitted Encumbrance is valid, senior, enforceable, prior, perfected, or non-avoidable. Moreover, nothing herein shall prejudice the rights of any party in interest, including but not limited to the Debtors, the DIP Lender, the Prepetition Secured Parties, or the Official Committee, to challenge the validity, priority, enforceability, seniority, avoidability, perfection, or extent of any alleged Permitted Encumbrance and/or security interest (excluding, for the avoidance of doubt, the Prepetition Liens and the Adequate Protection Liens to the extent provided in the Interim Cash Collateral Order).

(Page 21)

| | |
|---|---|
| Debtors: | Powin, LLC, *et al*. |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | *Final Order (I) Authorizing the Debtors to Obtain Postpetition Operational Cash Flow Financing; (II) Granting Liens and Providing Superpriority Administrative Expense Claims; (III) Modifying the Automatic Stay; and (IV) Granting Related Relief* |

administrative expense claims (the "**DIP Superpriority Claims**") pursuant to section 364(c)(1) of

the Bankruptcy Code for all DIP Obligations, having priority over any and all other claims against

the Debtors and their estates, now existing or hereafter arising, including, to the extent allowed

under the Bankruptcy Code, any and all administrative expenses or other claims arising under

sections 105(a), 328, 330, 331, 503(b), 506(c), 507(a) (other than section 507(a)(1)), 507(b),

546(c), 1113, and 1114 of the Bankruptcy Code, whether or not such expenses or claims may

become secured by a judgment lien or other nonconsensual lien, levy or attachment, which DIP

Superpriority Claims shall be payable from and have recourse to all prepetition and postpetition

property of the Debtors and their estates and all proceeds thereof; *provided* that the DIP

Superpriority Claims granted in this paragraph shall be subject and subordinate in priority of

payment only to the Carve-Out and the Adequate Protection Superpriority Claims (to the extent

that the Prepetition Liens are valid, enforceable, perfected, and non-avoidable and the Prepetition

Secured Obligations are legal, valid, non-avoidable, and binding, and only so long as the

Prepetition Secured Obligations are outstanding).  The DIP Superpriority Claims shall, for

purposes of section 1129(a)(9)(A) of the Bankruptcy Code, be considered an administrative

expense allowed under section 503(b) of the Bankruptcy Code, shall be against each Debtor on a

joint and several basis, and shall be payable from and have recourse to all prepetition and

postpetition property of the Debtors and all proceeds thereof, subject and subordinate only to the

payment of the Carve-Out and the Adequate Protection Superpriority Claims (to the extent that the

Prepetition Liens are valid, enforceable, perfected, and non-avoidable and the Prepetition Secured

Obligations are legal, valid, non-avoidable, and binding, and only so long as the Prepetition

US_ACTIVE\130704377

| | |
|---|---|
| Debtors: | Powin, LLC, *et al*. |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | *Final Order (I) Authorizing the Debtors to Obtain Postpetition Operational Cash Flow Financing; (II) Granting Liens and Providing Superpriority Administrative Expense Claims; (III) Modifying the Automatic Stay; and (IV) Granting Related Relief* |

Secured Obligations are outstanding).  Other than as expressly provided in this Final Order or the other DIP Documents with respect to the Carve-Out and any outstanding Adequate Protection Superpriority Claims, no costs or expenses of administration, including, without limitation, professional fees allowed and payable under sections 326, 328, 330, or 331 of the Bankruptcy Code, or otherwise, that have been or may be incurred in these Chapter 11 Cases, or in any successor case of any of the Debtors ("**Successor Cases**"), and no priority claims are, or will be, senior to, prior to, or on a parity with the Adequate Protection Superpriority Claims (to the extent that the Prepetition Liens are valid, enforceable, perfected, and non-avoidable and the Prepetition Secured Obligations are legal, valid, non-avoidable, and binding, and so long as the Prepetition Secured Obligations are outstanding) or the DIP Obligations, or with any other claims of the DIP Lender arising hereunder.

g.      *No Priming of DIP Liens*.  Until such time as all DIP Obligations are indefeasibly paid in full in cash, the Debtors shall not in any way prime or seek to prime (or otherwise cause to be subordinated in any way) the liens provided to the DIP Lender by offering a subsequent lender or any party-in-interest a superior or pari passu lien or claim with respect to the DIP Collateral pursuant to section 364(d) of the Bankruptcy Code or otherwise without the prior written consent of the DIP Lender.

h.      *Perfection of DIP Liens*. The DIP Lender is hereby authorized, but not required, to file or record financing statements, trademark filings, copyright filings, mortgages, notices of lien or similar instruments in any jurisdiction, or take possession of or control over, or take any other action in order to validate and perfect the liens and security interests granted to it

| | |
|---|---|
| Debtors: | Powin, LLC, *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | *Final Order (I) Authorizing the Debtors to Obtain Postpetition Operational Cash Flow Financing; (II) Granting Liens and Providing Superpriority Administrative Expense Claims; (III) Modifying the Automatic Stay; and (IV) Granting Related Relief* |

hereunder, in each case without the necessity to pay any recording fee or similar fee or tax; *provided*, that copies of any such filings or instruments shall be provided to the Prepetition Secured Agent at least three (3) business days in advance of filing. Whether or not the DIP Lender shall, in its sole discretion, choose to file such financing statements, trademark filings, copyright filings, mortgages, notices of lien or similar instruments, or take possession of or control over, or otherwise confirm perfection of the liens and security interests granted to it hereunder, such liens and security interests shall be deemed valid, perfected, allowed, enforceable, non-avoidable, and not subject to challenge, dispute or subordination, as of the date of the Interim Hearing. The Debtors shall, if requested, promptly execute and deliver to the DIP Lender all such agreements, financing statements, instruments and other documents as the DIP Lender may reasonably request to more fully evidence, confirm, validate, perfect, preserve, and enforce the DIP Liens, subject to the terms of this Final Order. All such documents will be deemed to have been recorded and filed as of the date of the Interim Hearing. A certified copy of the Interim Order and/or this Final Order may, in the discretion of the DIP Lender, be filed with or recorded in filing or recording offices in addition to or in lieu of such financing statements, mortgages, notices of lien, or similar instruments, and all filing offices are hereby directed to accept such certified copy of the Interim Order and/or this Final Order for filing and recording.

4. ***Authorization and Approval to Use Proceeds of DIP Facility***. Subject to the terms and conditions of this Final Order and the other DIP Documents, the Debtors are authorized to request and use proceeds of the DIP Loans, as set forth in the Approved Budget (subject to variances permitted under the DIP Credit Agreement) and in accordance with this Final Order the

(Page 24)

| | |
|---|---|
| Debtors: | Powin, LLC, *et al*. |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | *Final Order (I) Authorizing the Debtors to Obtain Postpetition Operational Cash Flow Financing; (II) Granting Liens and Providing Superpriority Administrative Expense Claims; (III) Modifying the Automatic Stay; and (IV) Granting Related Relief* |

other DIP Documents (including the DIP Credit Agreement). Notwithstanding anything herein to the contrary, subject only to the Debtors' rights under paragraph 15(b) hereof and the Carve-Out, the Debtors' right (a) to request proceeds of the DIP Loans shall terminate on the earlier of (i) the date the DIP Loans are fully funded or reduced to zero and (ii) the Termination Date (as defined below) and (b) to use proceeds of the DIP Loans shall terminate on the Termination Date, subject to paragraph 15 hereof. Nothing in this Final Order shall authorize the disposition of any assets of the Debtors or their estates or proceeds resulting therefrom outside the ordinary course of business except as expressly permitted herein and in the other DIP Documents (subject to any required Court approval).

5. ***Approved Budget; Use of Proceeds and Cash Collateral***.

a. The Initial Approved Budget attached to the Interim Order as **Exhibit B** constitutes an "Approved Budget" under the DIP Credit Agreement. The Initial Approved Budget shall be thereafter updated, as necessary (each a "**Proposed Budget**"). Each Proposed Budget shall be subject to the written approval of the DIP Lender in its sole discretion (each such approved budget, an "**Approved Budget**") and provided to the Official Committee; *provided* that until such time as the DIP Lender approves in writing (for which email from counsel to the DIP Lender to counsel to the Debtors shall suffice) any Proposed Budget, the Borrowers shall be subject to and be governed by the terms of the Initial Approved Budget or the latest Approved Budget, as applicable, then in effect in accordance with this Final Order. The Approved Budget may only be amended, supplemented, modified, restated, replaced, or extended in accordance with this Final Order and the other DIP Documents (including the DIP Credit Agreement). Any such amendment,

(Page 25)

| | |
|---|---|
| Debtors: | Powin, LLC, *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | *Final Order (I) Authorizing the Debtors to Obtain Postpetition Operational Cash Flow Financing; (II) Granting Liens and Providing Superpriority Administrative Expense Claims; (III) Modifying the Automatic Stay; and (IV) Granting Related Relief* |

supplement, modification, restatement, replacement, or extension in accordance with the DIP Credit Agreement may be effected without further order of the Court, so long as approved by the DIP Lender with no less than two (2) business days' notice to the Official Committee, the U.S. Trustee, the Prepetition Agent, and the Prepetition Lenders. The Approved Budget is an integral part of this Final Order and has been relied upon by the DIP Lender to provide the DIP Facility and consent to this Final Order.

b.      Pursuant to the terms of the DIP Documents, beginning on Monday, July 28, 2025 (the "**Initial Reporting Date**, and with each subsequent Monday, collectively and individually, each a "**Reporting Date**"), the Borrowers shall deliver to the DIP Lender, the Official Committee, and the Prepetition Agent, in a form consistent with the form of the Approved Budget, a variance report describing in reasonable detail, by line item (including capital expenditures and professional fees, excluding the fees of DIP Lender's professionals), (i) the actual disbursements of the Debtors and actual receipts during the applicable Testing Period (defined below), (ii) any variance (whether positive or negative, expressed as a percentage) between the actual disbursements during such Testing Period against the estimated disbursements for the applicable Testing Period, as set forth in the applicable Approved Budget (each a "**Variance Report**"); and (iii) comments relating to any variances between budgeted and actual disbursements (the "**FA Reports**"). The term "**Testing Period**" shall mean the cumulative period from the beginning date of the Approved Budget through the Sunday that is eight calendar days prior to the applicable Reporting Date. The last day of each Testing Period shall be a "**Testing Date**".

c.      As of any applicable Testing Date, actual cumulative disbursements

(Page 26)

| | |
|---|---|
| Debtors: | Powin, LLC, *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | *Final Order (I) Authorizing the Debtors to Obtain Postpetition Operational Cash Flow Financing; (II) Granting Liens and Providing Superpriority Administrative Expense Claims; (III) Modifying the Automatic Stay; and (IV) Granting Related Relief* |

(excluding professional fees of Estate Professionals, DIP Lender professional fees, and professional fees of the Prepetition Secured Parties) on an aggregate basis shall not exceed budgeted cumulative disbursements (excluding professional fees of Estate Professionals, DIP Lender professional fees, and professional fees of the Prepetition Secured Parties) on an aggregate basis as reflected in the Approved Budget for such period (the difference between such actual disbursements and such disbursements as reflected in the Approved Budget, the "**Actual Disbursement Variance**"), by more than 15% (the "**Permitted Disbursement Variance**").  If the Actual Disbursement Variance for such period is less than or equal to the Permitted Disbursement Variance, the dollar amount by which such Actual Disbursement Variance is less than the Permitted Disbursement Variance may either (i) be used to increase the amount held in the reserve line item for the Borrowers' wind down expenses or (ii) be carried forward to the next Testing Date and factored into the calculation of the Permitted Disbursement Variance for such next Testing Date.

d. The Borrowers shall be deemed to be in compliance with the Approved Budget for all purposes under this Final Order and the other DIP Documents unless, as of any Testing Date, the Borrowers' Actual Disbursement Variance is more than the Permitted Disbursement Variance as measured on such Testing Date (the "**Variance Covenant**").

e. The DIP Lender shall have no obligation to permit the use of proceeds of DIP Loans, and the Borrowers shall have no authority under this Final Order to use proceeds of DIP Loans, other than in accordance with the latest Approved Budget, subject to the Permitted Disbursement Variance and the Variance Covenant, and as set forth in this Final Order.

(Page 27)

| Debtors: | Powin, LLC, *et al.* |
|---|---|
| Case No. | 25-16137 (MBK) |
| Caption of Order: | *Final Order (I) Authorizing the Debtors to Obtain Postpetition Operational Cash Flow Financing; (II) Granting Liens and Providing Superpriority Administrative Expense Claims; (III) Modifying the Automatic Stay; and (IV) Granting Related Relief* |

f.      _Wind-Down Reserve_.  Notwithstanding anything to the contrary contained in this Final Order, the Debtors are authorized to use a portion of the DIP Loans to fund a segregated account (the "**Wind-Down Account**") in an amount of $1,000,000 (the "**Wind-Down Reserve**").  Upon the consummation of the sale of all, or substantially all, of the Debtors' assets (an "**Asset Sale**"), the Debtors shall be authorized to use the funds in the Wind-Down Account to wind-down their affairs and the estates in accordance with the Wind-Down Reserve and pursuant to a wind-down budget (the "**Wind-Down Budget**") that will be agreed on between the Borrowers, the Official Committee, and DIP Lender upon consummation of an Asset Sale.  Any excess amounts in the Wind-Down Account after payment of all expenses in accordance with the Wind-Down Budget (including the Carve-Out) shall be subject in all respects to the DIP Liens and the DIP Superpriority Claims.  Except for permitting the funding of the Wind-Down Account in an amount equal to the Wind-Down Reserve from the DIP Collateral, the DIP Lender shall not have any responsibility, liability, or obligation whatsoever to fund, direct payment or reimbursement of any fees or disbursements, or otherwise ensure that the Debtors fund the Wind-Down Account.

6.      _Carve-Out_.

a.      _Priority of Carve-Out_.  Each of the DIP Liens and the DIP Superpriority Claims shall be subject and subordinate to payment of the Carve-Out.  The Carve-Out shall be senior to all claims and liens over all assets of the Debtors, including any DIP Collateral, as set forth in this Final Order.

b.      _Carve-Out_.  As used in this Final Order, the "**Carve-Out**" means the sum of (i) all statutory fees payable to the Clerk of the Court without regard to the Carve-Out Notice,

| | |
|---|---|
| Debtors: | Powin, LLC, *et al*. |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | *Final Order (I) Authorizing the Debtors to Obtain Postpetition Operational Cash Flow Financing; (II) Granting Liens and Providing Superpriority Administrative Expense Claims; (III) Modifying the Automatic Stay; and (IV) Granting Related Relief* |

the Pre-Carve-Out Notice, or the Post-Carve-Out Notice; (ii) all statutory fees payable to the U.S. Trustee pursuant to 28 U.S.C. § 1930(a)(6), together with the statutory rate of interest, which shall not be limited by any Budget ("**Statutory Fees**") without regard to the Carve-Out Notice, the Pre-Carve-Out Notice, or the Post-Carve-Out Notice; (iii) all Court-allowed fees and expenses of a trustee appointed under section 726(b) or section 1104 of the Bankruptcy Code in an amount not to exceed $25,000, without regard to the Carve-Out Notice, the Pre-Cave-Out Notice, or the Post-Carve-Out Notice; (iv) to the extent allowed by the Court at any time, whether by interim order, final order, or other order, all accrued but unpaid fees and expenses (excluding any restructuring, sale, success, or other transaction fee of any investment bankers or financial advisors) (the "**Allowed Estate Professional Fees**") incurred by persons or firms retained by the Debtors pursuant to section 327, 328, or 363 of the Bankruptcy Code (the "**Debtor Professionals**") and the Official Committee pursuant to section 328 or 1103 of the Bankruptcy Code (the "**Committee Professionals**," and together with the Debtor Professionals, the "**Estate Professionals**") at any time on or before the date of delivery by the DIP Lender of a Carve-Out Notice, whether allowed by the Court prior to or after delivery of a Carve-Out Notice (the amounts set forth in the foregoing clauses (i), (ii), (iii), and (iv) the "**Pre-Carve-Out Notice Amount**"), and (v) Allowed Estate Professional Fees of Estate Professionals incurred after the date of delivery by the DIP Lender of the Carve-Out Notice, to the extent allowed at any time, whether by interim order, final order, or other court order, in an aggregate amount not to exceed $250,000 incurred by (i) Debtor Professionals or (ii) Committee Professionals (the amount set forth in this clause (iii) being the "**Post-Carve Out Notice Amount**", and together with the Pre-Carve-Out Notice Amount, the

| | |
|---|---|
| Debtors: | Powin, LLC, *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | *Final Order (I) Authorizing the Debtors to Obtain Postpetition Operational Cash Flow Financing; (II) Granting Liens and Providing Superpriority Administrative Expense Claims; (III) Modifying the Automatic Stay; and (IV) Granting Related Relief* |

"**Carve-Out Amount**"); *provided*, *however*, that nothing herein shall be construed to impair the ability of any party-in-interest to object to the fees, expenses, reimbursement, or compensation described herein on any grounds.  For purposes of this Final Order, the "**Carve-Out Notice**" shall mean a written notice (which may be via electronic mail) delivered by the DIP Lender to the Default/Carve-Out Notice Parties, which notice may be delivered only following the occurrence and during the continuation of an Event of Default, stating that the Post-Carve-Out Notice Amount has been invoked.

c.      *Pre-Carve-Out Notice*.  Prior to the delivery of a Carve-Out Notice, starting with the first full calendar week following the entry of this Final Order, each Estate Professional shall deliver to the Debtors, the DIP Lender, and their respective advisors a weekly statement (each, a "**Weekly Statement**") setting forth a good-faith estimate of the amount of accrued but unpaid fees and expenses incurred by such Estate Professional during the preceding week (the "**Weekly Estimated Fees and Expenses**"), and the Debtors shall, on a weekly basis, transfer cash proceeds from amounts previously drawn under the DIP Facility into a segregated account held in trust for and exclusively available for the payment of fees and expenses of the Estate Professional (the "**Estate Professional Fees Escrow Account**") in an amount equal to the aggregate amount of Weekly Estimated Fees and Expenses based on the Weekly Fee Estimates submitted by each Estate Professional (and if no such estimate is provided in a given week, then the amount forecasted for such Estate Professional in the latest Approved Budget) that remain unpaid (and that were not previously funded to the Estate Professional Fees Escrow Account).  The Debtors shall use funds held in the Estate Professional Fees Escrow Account exclusively to pay Allowed Estate

(Page 30)

| | |
|---|---|
| Debtors: | Powin, LLC, *et al*. |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | *Final Order (I) Authorizing the Debtors to Obtain Postpetition Operational Cash Flow Financing; (II) Granting Liens and Providing Superpriority Administrative Expense Claims; (III) Modifying the Automatic Stay; and (IV) Granting Related Relief* |

Professional Fees as they become allowed and payable pursuant to the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, in accordance with any interim or final orders of the Court; *provided*, *however*, that the Debtors' obligations to pay Allowed Estate Professional Fees shall not be limited or be deemed limited to funds held in the Estate Professional Fees Escrow Account.

       d.    *Post-Carve-Out Notice*.  On the date on which a Carve-Out Notice is delivered in accordance with this paragraph 6 of this Final Order, (the "**Carve-Out Trigger Date**"), the Carve-Out Notice shall constitute a demand to the Debtors to utilize all cash on hand (including the proceeds of DIP Loans) to fund into the Estate Professional Fees Escrow Account an amount equal to (i) the Pre-Carve-Out Notice Amount (to the extent not previously funded to the Estate Professional Fees Escrow Account), and (ii) the Post-Carve-Out Notice Amount.  No later than two (2) Business Days after the delivery of a Carve-Out Notice, each Estate Professional shall deliver one (1) additional statement to the Debtors, the DIP Lender, and their respective advisors setting forth a good-faith estimate of the amount of accrued but unpaid fees and expenses incurred by such Estate Professional during the period following the period covered by the most recent Weekly Statement previously delivered by such Estate Professional through and including the Carve-Out Trigger Date (as defined below), and the Debtors shall transfer such amounts to the Estate Professional Fees Escrow Account (as defined herein).

       e.    Notwithstanding anything to the contrary in this Final Order or the other DIP Documents, following delivery of a Carve-Out Notice, the DIP Lender shall not sweep or foreclose on cash (including cash received as a result of the sale or other disposition of any assets)

(Page 31)

| | |
|---|---|
| Debtors: | Powin, LLC, *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | *Final Order (I) Authorizing the Debtors to Obtain Postpetition Operational Cash Flow Financing; (II) Granting Liens and Providing Superpriority Administrative Expense Claims; (III) Modifying the Automatic Stay; and (IV) Granting Related Relief* |

of the Debtors until the Estate Professional Fees Escrow Account has been fully funded in an amount equal to all respective obligations benefitting from the Carve-Out as set forth herein. The Estate Professional Fees Escrow Account shall not be subject to the control of the DIP Lender, and the funds transferred to the Estate Professional Fees Escrow Account shall not be subject to the DIP Liens, nor constitute DIP Collateral; *provided*, *however*, that the DIP Liens, the Adequate Protection Liens and (to the extent funded with Collateral (as defined in the Interim Cash Collateral Order) or the proceeds therefrom) the Prepetition Liens shall automatically attach to any residual interest in the Estate Professional Fees Escrow Account (which liens are deemed automatically perfected liens as of the date of the Interim Hearing), with any excess paid, *first*, to the extent funded with Collateral (as defined in the Interim Cash Collateral Order) or the proceeds therefrom, to the Prepetition Agent for application to the Prepetition Secured Obligations (to the extent that the Prepetition Liens are valid, enforceable, perfected, and non-avoidable and the Prepetition Secured Obligations are valid, non-avoidable, and binding and only so long as the Prepetition Secured Obligations are outstanding), *second*, to the extent funded with DIP Loans, to the DIP Lender for application to the DIP Obligations in accordance with the DIP Documents until the DIP Obligations are Paid in Full (unless the DIP Lender has otherwise agreed in writing), and, *third*, any excess remaining thereafter shall be returned to the Debtors, subject to the rights, liens and claims, and relative priorities thereof, of the Prepetition Secured Parties, the DIP Lender or any other party in interest, as applicable.

f. Notwithstanding anything to the contrary in this Final Order, (i) disbursements by the Debtors from the Estate Professional Fees Escrow Account shall not

| | |
|---|---|
| Debtors: | Powin, LLC, *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | *Final Order (I) Authorizing the Debtors to Obtain Postpetition Operational Cash Flow Financing; (II) Granting Liens and Providing Superpriority Administrative Expense Claims; (III) Modifying the Automatic Stay; and (IV) Granting Related Relief* |

constitute loans or indebtedness under the DIP Documents or otherwise increase or reduce the DIP Obligations, (ii) the failure of the Estate Professional Fees Escrow Account to satisfy in full the Allowed Estate Professional Fees shall not affect the priority of the Carve-Out, and (iii) nothing contained herein shall constitute a cap or limitation on the amount that the Estate Professionals may assert as administrative expense claims against the Debtors on account of Allowed Estate Professional Fees incurred by such Estate Professionals.

g. _Payment of Carve-Out on or After the Carve-Out Trigger Date_. Any payment or reimbursement made on or after the occurrence of the Carve-Out Trigger Date in respect of any Allowed Estate Professional Fees incurred after the occurrence of the Carve-Out Trigger Date shall permanently reduce the Carve-Out Amount on a dollar-for-dollar basis.

h. _No Direct Obligation to Pay Allowed Estate Professional Fees_. The DIP Lender shall not be responsible for the payment or reimbursement of any fees or disbursements of any Estate Professional incurred in connection with the Chapter 11 Cases or any Successor Cases under any chapter of the Bankruptcy Code, regardless of whether such fees or expenses have been allowed by the Court. Nothing in the Interim Order, this Final Order or otherwise shall be construed to obligate the DIP Lender, in any way, to pay compensation to, or to reimburse expenses of, any Estate Professional or to guarantee that the Debtors have sufficient funds to pay such compensation or reimbursement.

i. For the avoidance of doubt, the funding of the Carve-Out and the Estate Professional Fees Escrow Account hereunder shall satisfy the same obligations under the Interim Cash Collateral Order and shall not be duplicative of, or additive to, such obligations.

(Page 33)

| | |
|---|---|
| Debtors: | Powin, LLC, *et al*. |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | *Final Order (I) Authorizing the Debtors to Obtain Postpetition Operational Cash Flow Financing; (II) Granting Liens and Providing Superpriority Administrative Expense Claims; (III) Modifying the Automatic Stay; and (IV) Granting Related Relief* |

7.      **_Monitoring of DIP Collateral_**.  The DIP Lender and its consultants and advisors shall be given reasonable access to the Debtors' books, records, assets, and properties for purposes of monitoring and inspecting the Debtors' businesses and the value of the DIP Collateral at the Debtors' cost and expense during normal business hours and upon reasonable notice.

8.      **_Financial Reporting_**.   Without limitation of the requirements of the DIP Documents, the Debtors shall provide to the DIP Lender, with a copy to the Official Committee, and the Prepetition Agent (and, in each case, its consultants, advisors, and professionals) all financial information required under the DIP Documents.  The Debtors shall also provide such reports and information required to be provided in the DIP Documents and reasonably cooperate, discuss with, and provide to the DIP Lender (and, in each case, its professionals) all such information as may be reasonably requested.  In addition, the Debtors hereby authorize their accountants, attorneys, financial advisors, bankruptcy professionals, and consultants to cooperate, consult with, and provide to the DIP Lender (and its consultants, advisors and professionals) all such information as may be reasonably requested with respect to the business, results of operations and financial condition of the Debtors consistent with the requirements set forth in the DIP Documents.

9.      **_Milestones_**.  It is a condition to the DIP Facility that the Debtors shall comply with the Milestones (as set forth in the DIP Credit Agreement).  The failure to comply with any Milestone shall constitute an Event of Default (as defined in the DIP Credit Agreement) in accordance with the DIP Credit Agreement; *provided that*, the Committee shall reserve the right to seek from the Court a one-time extension of the Milestones and the Scheduled Maturity Date

(Page 34)

| | |
|---|---|
| Debtors: | Powin, LLC, *et al*. |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | *Final Order (I) Authorizing the Debtors to Obtain Postpetition Operational Cash Flow Financing; (II) Granting Liens and Providing Superpriority Administrative Expense Claims; (III) Modifying the Automatic Stay; and (IV) Granting Related Relief* |

by seven (7) days for good cause shown and such extension shall not constitute an Event of Default

hereunder so long as the Court finds that the DIP Lender is adequately protected.

10.     **_Section 506(c) Claims._**  As a further condition of the DIP Facility, any obligation

of the DIP Lender to make DIP Loans and the consent of the DIP Lender to the payment of the

Carve-Out to the extent provided herein, the Debtors (and any successors thereto or any

representatives thereof, including any trustees appointed in the Chapter 11 Cases or any Successor

Case) shall be deemed to have waived any rights, benefits, or causes of action under section 506(c)

of the Bankruptcy Code as they may relate to or be asserted against the DIP Lender, the DIP Liens,

and the DIP Collateral and, except to the extent of the Carve-Out, nothing contained in the Interim

Order, this Final Order, or the other DIP Documents shall be deemed a consent by the DIP Lender

to any charge, lien, assessment, or claim against or in respect of the DIP Collateral under sections

105 or 506(c) of the Bankruptcy Code or otherwise, and no such consent shall be implied from

any other action, inaction, or acquiescence by any by any such parties.

11.     **_Limitation on Use of DIP Facility_**.  Notwithstanding anything herein to the

contrary, no portion of the proceeds of the DIP Facility, the DIP Collateral, and no disbursements

set forth in the latest Approved Budget may be used, in any way, directly or indirectly (a) for any

investigation, adversary action, suit, arbitration, proceeding, application, motion, objection,

defense, other contested matter, or other litigation of any type  adverse to the interests of the DIP

Lender or its respective rights and remedies under the DIP Credit Agreement, the Interim Order,

this Final Order, or the other DIP Documents, including without limitation (i) any action arising

under the Bankruptcy Code, (ii) any so-called "lender liability" claims and causes of action,

| Debtors: | Powin, LLC, *et al.* |
|---|---|
| Case No. | 25-16137 (MBK) |
| Caption of Order: | *Final Order (I) Authorizing the Debtors to Obtain Postpetition Operational Cash Flow Financing; (II) Granting Liens and Providing Superpriority Administrative Expense Claims; (III) Modifying the Automatic Stay; and (IV) Granting Related Relief* |

(iii) any action with respect to the validity and extent of the DIP Obligations or the validity, extent, perfection and priority of the DIP Liens, (iv) any action seeking to invalidate, set aside, avoid, reduce, set off, offset, recharacterize, subordinate (whether equitable, contractual, or otherwise), recoup against, disallow, impair, raise any defenses, cross-claims, or counterclaims, or raise any other challenges under the Bankruptcy Code or any other applicable domestic or foreign law or regulation against or with respect to the DIP Liens, in whole or in part, or (v) appeal or otherwise challenge the Interim Order or this Final Order; (b) for any other action, which with the giving of notice or passing of time, would result in an Event of Default under the DIP Facility, (c) for any purpose that is prohibited under the Bankruptcy Code, the Interim Order, this Final Order, or the other DIP Documents, or that is not in accordance with the latest Approved Budget (subject to the Permitted Disbursement Variance), (d) to make any payment, advance, intercompany advance or transfer, or any other remittance or transfer whatsoever (including any intercompany loans and investments) that is not in accordance with the express terms of the latest Approved Budget, (e) to make any payment in settlement of any claim, action, or proceeding without Bankruptcy Court approval, (f) to prevent, hinder, impede, or delay the DIP Lender's enforcement or realization upon or exercise of rights in respect of any of the DIP Collateral in accordance with this Final Order and the other DIP Documents, (g) to seek to amend or modify any of the rights or interests granted to the DIP Lender under this Final Order or the other DIP Documents, in a manner adverse to the DIP Lender, without the prior written consent of the DIP Lender or (h) for any purpose set forth in paragraph 21 of the Interim Cash Collateral Order.

12.     ***Cash Management***.  Until such time as all DIP Obligations are Paid in Full, the

(Page 36)

| | |
|---|---|
| Debtors: | Powin, LLC, *et al*. |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | *Final Order (I) Authorizing the Debtors to Obtain Postpetition Operational Cash Flow Financing; (II) Granting Liens and Providing Superpriority Administrative Expense Claims; (III) Modifying the Automatic Stay; and (IV) Granting Related Relief* |

Debtors shall maintain the cash management system in accordance with the applicable "first day" order, which shall be in form and substance acceptable to the DIP Lender. Except as expressly provided herein, the Debtors shall not open any new deposit or securities account that is not subject to the liens and security interests of the Prepetition Secured Parties and the DIP Lender (in which case they shall be subject to the lien priorities and other provisions set forth in this Final Order).

13. _**Fees**_. All fees paid and payable and costs or expenses reimbursed or reimbursable by the Debtors to the DIP Lender are hereby approved. The Debtors are hereby authorized and directed to promptly pay all such fees, costs, and expenses (including, without limitation, all due diligence, transportation, computer, duplication, messenger, audit, insurance, appraisal, valuation and consultant costs and expenses, and all search, filing and recording fees, incurred or sustained by the DIP Lender and its counsel and professional advisors in connection with the DIP Facility, the DIP Documents or the transactions contemplated thereby, the administration of the DIP Facility and any amendment or waiver of any provision of the DIP Documents) on demand, without the necessity of any further application with the Court for approval or payment of such fees, costs or expenses, subject to receiving a written invoice thereof. Notwithstanding anything to the contrary herein, the fees, costs and expenses of the DIP Lender under the terms of the DIP Documents, whether incurred prior to or after the Petition Date shall be deemed fully earned, non-refundable, irrevocable, and non-avoidable as of the date of the Interim Hearing. All unpaid fees, costs, and expenses shall be included and constitute part of the principal amount of the DIP Obligations and be secured by the DIP Liens. None of such fees, costs, expenses or other amounts shall be subject to further application to or approval of this Court, and shall not be subject to

(Page 37)

| | |
|---|---|
| Debtors: | Powin, LLC, *et al*. |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | *Final Order (I) Authorizing the Debtors to Obtain Postpetition Operational Cash Flow Financing; (II) Granting Liens and Providing Superpriority Administrative Expense Claims; (III) Modifying the Automatic Stay; and (IV) Granting Related Relief* |

allowance or review by this Court or subject to the U.S. Trustee's fee guidelines, and no attorney or advisor to the DIP Lender shall be required to file an application seeking compensation for services or reimbursement of expenses with this Court; *provided, however*, that copies of any such invoices shall be provided contemporaneously to the U.S. Trustee and counsel to the Official Committee (together with the Debtors, the "**Review Parties**") and such invoices shall include a general description of the nature of the matters worked on, a list of professionals who worked on the matter, their hourly rate (if such professionals bill at an hourly rate), the number of hours each professional billed and, with respect to the invoices of law firms, the year of law school graduation for each attorney; *provided*, *however*, that the U.S. Trustee reserves the right to seek copies of invoices containing the detailed time entries of any professional; *provided, further, however*, that such invoices may be redacted or modified to the extent necessary to delete any information subject to the attorney-client privilege, any information constituting attorney work product, or any other confidential information, and the provision of such invoices shall not constitute a waiver of the attorney-client privilege or any benefits of the attorney work product doctrine (the U.S. Trustee shall be provided with unredacted copies of such invoices upon request). Any objections raised by any Review Party with respect to such invoices must be in writing and state with particularity the grounds therefor and must be submitted to the affected professional within ten (10) calendar days after delivery of such invoices to the Review Parties (such ten (10) day calendar period, the "**Review Period**"). If no written objection is received prior to the expiration of the Review Period from the Review Parties, the Debtors shall pay such invoices within five (5) calendar days following the expiration of the Review Period. If an objection is received within the Review

US_ACTIVE\130704377

(Page 38)

| | |
|---|---|
| Debtors: | Powin, LLC, *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | *Final Order (I) Authorizing the Debtors to Obtain Postpetition Operational Cash Flow Financing; (II) Granting Liens and Providing Superpriority Administrative Expense Claims; (III) Modifying the Automatic Stay; and (IV) Granting Related Relief* |

Period, the Debtors shall promptly pay the undisputed amount of the invoice within five (5) calendar days, and the disputed portion of such invoice shall not be paid until such dispute is resolved by agreement between the affected professional and the objecting party or by order of this Court. Any hearing to consider such an objection to the payment of any fees, costs or expenses set forth in a professional fee invoice hereunder shall be limited to the reasonableness of the fees, costs and expenses that are the subject of such objection. All such unpaid fees, costs, expenses and other amounts owed or payable to the DIP Lender shall be secured by the DIP Collateral and afforded all of the priorities and protections afforded in this Final Order and the other DIP Documents. Notwithstanding anything to the contrary herein, and subject to the above concerning payments to attorneys or advisors to the DIP Lender, the fees, costs and expenses of the DIP Lender under the terms of the DIP Documents, whether incurred prior to or after the Petition Date shall be deemed fully earned, non-refundable, irrevocable, and non-avoidable.

14.      ***Survival of Certain Provisions***. In the event of the entry of any order converting any of these Chapter 11 Cases into a Successor Case, the DIP Liens, the DIP Superpriority Claims, and the Carve-Out shall continue in this proceeding and in any Successor Case, and such DIP Liens, DIP Superpriority Claims, and Carve-Out shall maintain their respective priorities as provided by this Final Order.

15.      ***Events of Default; Termination Date; Rights and Remedies Upon Event of Default***.

a.      Any automatic stay otherwise applicable to the DIP Lender, whether arising under sections 105 or 362 of the Bankruptcy Code or otherwise, is hereby modified so that, upon

(Page 39)

| | |
|---|---|
| Debtors: | Powin, LLC, *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | *Final Order (I) Authorizing the Debtors to Obtain Postpetition Operational Cash Flow Financing; (II) Granting Liens and Providing Superpriority Administrative Expense Claims; (III) Modifying the Automatic Stay; and (IV) Granting Related Relief* |

the occurrence and during the continuance of an Event of Default, the DIP Lender, in its sole and absolute discretion, but subject to the terms and conditions of this Final Order (and the Default Notice Period), may, subject to paragraph 19 of this Final Order, immediately deliver a Termination Notice (as defined below).  Immediately following the giving of notice by the DIP Lender to counsel to the Debtors, the U.S. Trustee, counsel to the Official Committee, counsel to the Prepetition Agent, and counsel to the Prepetition Lenders (the "**Default Notice Parties**") of the occurrence of an Event of Default under the DIP Documents (the "**Termination Notice**"), (i) the DIP Lender may issue a Carve-Out Notice; (ii) the DIP Lender may declare all DIP Obligations to be immediately due and payable and the Debtors shall have no right to request or use any proceeds of any DIP Loans or DIP Collateral, other than towards the satisfaction of the Prepetition Secured Obligations (if outstanding), the DIP Obligations and the Carve-Out, as provided in this Final Order and the other DIP Documents (including the DIP Credit Agreement); *provided* that, during the Default Notice Period (as defined below), the Debtors shall be permitted solely to continue to use drawn proceeds of the DIP Facility, in accordance with the Approved Budget, for any critical business-related expenses necessary to operate the Debtors' businesses and preserve the DIP Collateral as determined by the Debtors in their reasonable discretion and in good faith; *provided, further* that the only basis on which the Debtors, the Official Committee, or any other party in interest shall have the right to contest a Termination Notice shall be with respect to the validity of the Event of Default giving rise to such Termination Notice (i.e., whether or not such Event of Default has occurred or not), (iii) the DIP Lender may declare the suspension or termination of the DIP Facility as to any further liability or obligation of the DIP Lender

| | |
|---|---|
| Debtors: | Powin, LLC, *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | *Final Order (I) Authorizing the Debtors to Obtain Postpetition Operational Cash Flow Financing; (II) Granting Liens and Providing Superpriority Administrative Expense Claims; (III) Modifying the Automatic Stay; and (IV) Granting Related Relief* |

thereunder, but without affecting the DIP Liens or DIP Obligations; and (iv) the DIP Lender may

charge the default rate of interest under the DIP Facility, as provided for in the DIP Credit

Agreement.

            b.        The Debtors, and the Official Committee and any other party in interest

shall be entitled to an emergency hearing before this Court within five (5) business days after the

Termination Notice is sent by the DIP Lender to the Debtors, the U.S. Trustee, counsel to the

Official Committee, counsel to the Prepetition Agent, and counsel to the Prepetition Lenders (such

five (5)-calendar-day period, the "**Default Notice Period**"). Subject to paragraph 19 of this Final

Order, if the Debtors, the Official Committee, or any other party in interest does not contest the

occurrence of the Event of Default within the Default Notice Period or if there is a timely contest

of the occurrence of an Event of Default and the Court after notice and a hearing declines to stay

the enforcement thereof, the Termination Date (as defined below) shall be deemed to have

occurred for all purposes and the automatic stay shall be modified to permit the DIP Lender to

exercise all remedies under this Final Order, the other DIP Documents (including the DIP Credit

Agreement), and applicable law, subject to any Permitted Encumbrance, including, to the extent

that the Prepetition Liens are valid, enforceable, perfected, and non-avoidable and the Prepetition

Secured Obligations are legal, valid, non-avoidable, and binding, the Prepetition Liens, and the

Adequate Protection Liens, including, without limitation, to (i) set-off any and all amounts in

accounts maintained by the Debtors with the DIP Lender against the DIP Obligations, (ii) to

otherwise enforce any and all rights against the DIP Collateral, including, without limitation,

disposition of the DIP Collateral for application towards the DIP Obligations; and (iii) take any

| | |
|---|---|
| Debtors: | Powin, LLC, *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | *Final Order (I) Authorizing the Debtors to Obtain Postpetition Operational Cash Flow Financing; (II) Granting Liens and Providing Superpriority Administrative Expense Claims; (III) Modifying the Automatic Stay; and (IV) Granting Related Relief* |

other actions or exercise any other rights or remedies permitted under this Final Order, the other DIP Documents (including the DIP Credit Agreement), or applicable law to effect the repayment of the DIP Obligations, in each case subject to any Permitted Encumbrance (including, to the extent that the Prepetition Liens are valid, enforceable, perfected, and non-avoidable and the Prepetition Secured Obligations are legal, valid, non-avoidable, and binding, the Prepetition Liens and the Adequate Protection Liens), and, to the extent that the Prepetition Liens are valid, enforceable, perfected, and non-avoidable and the Prepetition Secured Obligations are legal, valid, non-avoidable, and binding, to the Prepetition Secured Obligations and the Adequate Protection Superpriority Claims. Nothing herein shall preclude the DIP Lender from seeking an order from the Court upon written notice (which may be sent by e-mail) to the U.S. Trustee, counsel to the Debtors, counsel to the Official Committee, counsel to the Prepetition Agent, and counsel to the Prepetition Lenders authorizing the DIP Lender to exercise any enforcement rights or remedies with respect to the DIP Collateral (subject to any Permitted Encumbrance and, to the extent that the Prepetition Liens are valid, enforceable, perfected, and non-avoidable and the Prepetition Secured Obligations are legal, valid, non-avoidable and binding, to the Prepetition Secured Obligations, the Prepetition Liens, the Adequate Protection Superpriority Claims, and the Adequate Protection Liens) on less than five (5) business days' notice or the Debtors' right to contest such relief.

c.      After delivery of a Termination Notice and expiration of the Default Notice Period, the DIP Lender, in its sole and absolute discretion, may immediately (i) (x) terminate any pending DIP Loans; (y) sweep all cash in any controlled accounts (to the extent that the Prepetition

| | |
|---|---|
| Debtors: | Powin, LLC, *et al*. |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | *Final Order (I) Authorizing the Debtors to Obtain Postpetition Operational Cash Flow Financing; (II) Granting Liens and Providing Superpriority Administrative Expense Claims; (III) Modifying the Automatic Stay; and (IV) Granting Related Relief* |

Liens are valid, enforceable, perfected, and non-avoidable and the Prepetition Secured Obligations are legal, valid, non-avoidable, and binding, and solely to the extent that the Prepetition Secured Obligations are no longer outstanding), and (z) terminate the DIP Facility and all commitments thereunder and (ii) upon and after the occurrence of the Termination Date, the DIP Lender shall, without further notice to, hearing of, or order from this Court, to the extent necessary to permit the DIP Lender to take any or all of the foregoing actions, at the same time or different times, unless the Court orders otherwise, and subject only to subparagraph (b) of this paragraph 15 and paragraph 19 of this Final Order, as applicable, be immediately entitled to exercise all of its rights and remedies in respect of the DIP Collateral, in accordance with this Final Order and the other DIP Documents, as applicable, subject to any Permitted Encumbrance (including, to the extent that the Prepetition Liens are valid, enforceable, perfected, and non-avoidable and the Prepetition Secured Obligations are legal, valid, non-avoidable, and binding, the Prepetition Liens and the Adequate Protection Liens), and, to the extent that the Prepetition Liens are valid, enforceable, perfected, and non-avoidable and the Prepetition Secured Obligations are legal, valid, non-avoidable and binding, to the Prepetition Secured Obligations and the Adequate Protection Superpriority Claims.

d.    The term "**Termination Date**" shall mean the date which is the earliest of (a) the Scheduled Maturity Date (as defined in the DIP Credit Agreement), (b) the date of termination of the commitments under the DIP Facility and/or acceleration of any outstanding borrowings under the DIP Facility, in each case, by the DIP Lender following the occurrence of an Event of Default and upon the delivery of a Termination Notice to the Default Notice Parties,

(Page 43)

| | |
|---|---|
| Debtors: | Powin, LLC, *et al*. |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | *Final Order (I) Authorizing the Debtors to Obtain Postpetition Operational Cash Flow Financing; (II) Granting Liens and Providing Superpriority Administrative Expense Claims; (III) Modifying the Automatic Stay; and (IV) Granting Related Relief* |

(c) [omitted], (d) the conversion of any of the Chapter 11 Cases to a case under chapter 7 of the Bankruptcy Code unless otherwise consented to in writing (which may be e-mail) by the DIP Lender, (e) the dismissal of any of the Chapter 11 Cases, unless otherwise consented to in writing (which may be e-mail) by the DIP Lender, or (f) the repayment in full in cash of all obligations and termination of all commitments under the DIP Facility.

e.      The automatic stay imposed under section 362(a) of the Bankruptcy Code is hereby modified pursuant to this Final Order and the other DIP Documents as necessary to (i) permit the Debtors to grant the DIP Liens and to incur all DIP Obligations and all liabilities and obligations to the DIP Lender hereunder and under the other DIP Documents, as the case may be, and (ii) authorize the DIP Lender to retain and apply payments and otherwise enforce its respective rights and remedies hereunder, subject to the provisions of paragraphs 15(a), 15(b), 15(c), and 19 hereof and subject to any Permitted Encumbrance (including, to the extent that the Prepetition Liens are valid, enforceable, perfected, and non-avoidable and the Prepetition Secured Obligations are legal, valid, non-avoidable, and binding, the Prepetition Liens and the Adequate Protection Liens), and, to the extent that the Prepetition Liens are valid, enforceable, perfected, and non-avoidable and the Prepetition Secured Obligations are legal, valid, non-avoidable, and binding, to the Prepetition Secured Obligations and the Adequate Protection Superpriority Claims.

f.      Subject to paragraph 19 of this Final Order, the Debtors shall reasonably cooperate with the DIP Lender in its efforts to enforce its liens and security interests in the DIP Collateral in accordance with this Final Order and (other than the right to contest whether a Termination Event has occurred and is continuing) the Debtors shall not take or direct any entity

(Page 44)

| | |
|---|---|
| Debtors: | Powin, LLC, *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | *Final Order (I) Authorizing the Debtors to Obtain Postpetition Operational Cash Flow Financing; (II) Granting Liens and Providing Superpriority Administrative Expense Claims; (III) Modifying the Automatic Stay; and (IV) Granting Related Relief* |

to take any action designed or intended to hinder or restrict in any respect such party from enforcing its rights or remedies in the DIP Collateral.

g.    Nothing included herein shall prejudice, impair, or otherwise affect the DIP Lender's rights to seek any other or supplemental relief in respect of the Debtors (including, as the case may be, other or additional adequate protection).

16.    **_Proofs of Claim, etc_**.  The DIP Lender shall not be required to file a proof of claim in the Chapter 11 Cases or any Successor Case for any claim described herein.  Notwithstanding any order entered by the Court in relation to the establishment of a bar date in the Chapter 11 Cases or any Successor Case to the contrary, the DIP Lender is hereby authorized and entitled, in its sole and absolute discretion but not required, to file (and amend or supplement, as each sees fit) a proof of claim or aggregate proofs of claim in  the Chapter 11 Cases or any Successor Case for any claim described herein.  Any order entered by the Court in relation to the establishment of a bar date for any claim (including without limitation administrative claims) in the Chapter 11 Cases or any Successor Case shall not apply to the DIP Lender.

17.    **_Payments Free and Clear_**.  Any and all payments or proceeds remitted to the DIP Lender in accordance with the provisions of this Final Order (including paragraph 19), the other DIP Documents (including the DIP Credit Agreement), or any subsequent order of the Court shall be irrevocable, received free and clear of any claim, charge, assessment or other liability.

18.    **_Other Rights and Obligations_**.

a.    _Good Faith Under Section 364(a) of the Bankruptcy Code; No Modification or Stay of this Final Order_.  The DIP Lender has acted in good faith in connection with the DIP

| Debtors: | Powin, LLC, *et al.* |
|---|---|
| Case No. | 25-16137 (MBK) |
| Caption of Order: | *Final Order (I) Authorizing the Debtors to Obtain Postpetition Operational Cash Flow Financing; (II) Granting Liens and Providing Superpriority Administrative Expense Claims; (III) Modifying the Automatic Stay; and (IV) Granting Related Relief* |

Facility, the DIP Loans, this Final Order, and the other DIP Documents (including the DIP Credit Agreement) and is entitled to rely upon the protections granted herein and by section 364(e) of the Bankruptcy Code.  Based on the findings set forth in the Interim Order, this Final Order and in accordance with section 364(e) of the Bankruptcy Code, which is applicable to the DIP Facility as approved by the Interim Order and this Final Order, and notwithstanding any modification, amendment, reversal, vacatur, or stay of any or all of this Final Order by a subsequent order of the Court or any other court, the DIP Lender is entitled to the protections provided in section 364(e) of the Bankruptcy Code, and no such appeal, modification, amendment, reversal, vacatur, or stay shall affect the validity and enforceability of any DIP Obligation, DIP Lien, DIP Superpriority Claim or any other advances made hereunder or the claims, liens, security interest, or priority authorized or created hereby or pursuant to the other DIP Documents (including the DIP Credit Agreement).  Notwithstanding any such modification, amendment, reversal, vacatur, or stay, any claim granted to the DIP Lender hereunder arising prior to the effective date of such modification, amendment, reversal, vacatur, or stay of any DIP Liens or of the DIP Superpriority Claims granted to or for the benefit of the DIP Lender shall be governed in all respects by the original provisions of this Final Order, and the DIP Lender shall be entitled to all of the rights, remedies, privileges, and benefits, including the DIP Liens and the DIP Superpriority Claims granted herein, with respect to any such claim.

b.    *Credit Bid*.  The DIP Lender shall have the right to credit bid (either directly or through one or more acquisition vehicles) up to the full amount of the DIP Obligations (as to the DIP Collateral) in connection with any sale of all or any portion of the DIP Collateral, including

| | |
|---|---|
| Debtors: | Powin, LLC, *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | *Final Order (I) Authorizing the Debtors to Obtain Postpetition Operational Cash Flow Financing; (II) Granting Liens and Providing Superpriority Administrative Expense Claims; (III) Modifying the Automatic Stay; and (IV) Granting Related Relief* |

(without limitation) any sale occurring pursuant to section 363 of the Bankruptcy Code or included as part of any chapter 11 plan subject to confirmation under section 1129(b)(2)(A)(ii)-(iii) of the Bankruptcy Code, by the Debtors, by a chapter 7 trustee under section 725 of the Bankruptcy Code, or otherwise, without the need for further court order authorizing the same; *provided* that any such credit bid must provide for the immediate and indefeasible repayment in cash and in full of all then outstanding Prepetition Secured Obligations upon the closing of such sale (to the extent that the Prepetition Liens are valid, enforceable, perfected, and non-avoidable and the Prepetition Secured Obligations are legal, valid, non-avoidable, and binding). The Debtors shall not object to any such credit bidding up to the full amount of the applicable outstanding DIP Obligations, in each case including any accrued interest, fees, and expenses, in any sale of any DIP Collateral, as applicable, whether such sale is effectuated through sections 363 or 1129 of the Bankruptcy Code, by a chapter 7 trustee under section 725 of the Bankruptcy Code, or otherwise. If the DIP Lender (either directly or through one or more affiliates) makes a credit bid in connection with any auction or other sale process relating to the sale or other disposition of any DIP Collateral subject to the terms herein, then for purposes of such auction or sale process or any applicable order of this Court, the DIP Lender (or one or more of its affiliates) shall be deemed to be a "qualified bidder" / "acceptable bidder" and its bid shall be a "qualified bid" regardless of whether any qualified bidder / acceptable bidder or qualified bid requirements are satisfied. In connection with the foregoing, the DIP Lender shall have the right to assign its respective rights to "credit bid" all or any portion of the applicable outstanding DIP Obligations to a newly formed acquisition vehicle.

       c.     *DIP Lender Not Responsible Person*. In (i) making the decision to make

| | |
|---|---|
| Debtors: | Powin, LLC, *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | *Final Order (I) Authorizing the Debtors to Obtain Postpetition Operational Cash Flow Financing; (II) Granting Liens and Providing Superpriority Administrative Expense Claims; (III) Modifying the Automatic Stay; and (IV) Granting Related Relief* |

the DIP Loans, (ii) administering the DIP Facility and the DIP Loans, (iii) extending other financial

accommodations to the Debtors under the DIP Documents, and (iv) making the decision to collect

the indebtedness and obligations of the Debtors, the DIP Lender shall not be considered to (x) owe

any fiduciary obligation to the Debtors or any other party with respect to its exercise of any consent

or other rights afforded it under the DIP Documents or this Final Order or (y) be exercising control

over any operations of the Debtors or acting in any way as a responsible person, or as an owner or

operator under any applicable law.

        d.    *Binding Effect*.  The provisions of this Final Order shall be binding upon

and inure to the benefit of the DIP Lender, the Debtors, and their successors and assigns (including

any trustee or other fiduciary hereinafter appointed as a legal representative of the Debtors or with

respect to the property of the estates of the Debtors) whether in the Chapter 11 Cases, in any

Successor Case, or upon dismissal of any such Chapter 11 or Chapter 7 case.

        e.    *No Waiver*.

        i.    The failure of the DIP Lender to seek relief or otherwise exercise its rights

and remedies under this Final Order or the other DIP Documents, as applicable, shall not constitute

a waiver of any of the DIP Lender's rights hereunder, thereunder, or otherwise.  Notwithstanding

anything herein, the entry of this Final Order is without prejudice to and does not constitute a

waiver of, expressly or implicitly, or otherwise impair any of the rights, claims, privileges,

objections, defenses, or remedies of the DIP Lender under the Bankruptcy Code or under non-

bankruptcy law against any other person or entity in any court, including without limitation, the

rights of the DIP Lender (1) to request conversion of the Chapter 11 Cases to a case under Chapter

| Debtors: | Powin, LLC, *et al.* |
|---|---|
| Case No. | 25-16137 (MBK) |
| Caption of Order: | *Final Order (I) Authorizing the Debtors to Obtain Postpetition Operational Cash Flow Financing; (II) Granting Liens and Providing Superpriority Administrative Expense Claims; (III) Modifying the Automatic Stay; and (IV) Granting Related Relief* |

7, dismissal of the Chapter 11 Cases, or the appointment of a trustee in the Chapter 11 Cases, (2) to propose, subject to the provisions of section 1121 of the Bankruptcy Code, a Plan, or (3) to exercise any of the rights, claims or privileges (whether legal, equitable, or otherwise).

ii.    The failure or delay on the part of the DIP Lender to seek relief or otherwise exercise its rights and remedies under this Final Order, the other DIP Documents (including the DIP Credit Agreement), or applicable law, as the case may be, shall not constitute a waiver of any of its respective rights hereunder, thereunder, or otherwise.  No delay on the part of any party in the exercise of any right or remedy under this Final Order shall preclude any other or further exercise of any such right or remedy or the exercise of any other right or remedy.  None of the rights or remedies of any party under this Final Order shall be deemed to have been amended, modified, suspended, or waived unless such amendment, modification, suspension, or waiver is express, in writing and signed by the party against whom such amendment, modification, suspension, or waiver is sought.  No consents required hereunder by the DIP Lender shall be implied by any inaction or acquiescence by the DIP Lender.

f.    *No Third-Party Rights*.  Except as explicitly provided for herein, this Final Order does not create any rights for the benefit of any third party, creditor, equity holder or any direct, indirect, third party, or incidental beneficiary; *provided* that any holder of a Permitted Encumbrance, including the Prepetition Secured Parties, shall be entitled to enforce the rights granted to such parties under this Final Order (including paragraph 19 hereof) and the senior priority of the Permitted Encumbrances, and, to the extent that the Prepetition Liens are valid, enforceable, perfected, and non-avoidable and the Prepetition Secured Obligations are legal, valid,

| | |
|---|---|
| (Page 49) | |
| Debtors: | Powin, LLC, *et al*. |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | *Final Order (I) Authorizing the Debtors to Obtain Postpetition Operational Cash Flow Financing; (II) Granting Liens and Providing Superpriority Administrative Expense Claims; (III) Modifying the Automatic Stay; and (IV) Granting Related Relief* |

non-avoidable, and binding, the Prepetition Secured Obligations, the Prepetition Liens, the Adequate Protection Superpriority Claims, and the Adequate Protection Liens.

g.      *Limitation on Surcharge*.  Without limiting the terms of the Carve-Out, no costs or expenses of administration which have been or may be incurred in the Chapter 11 Cases or any Successor Case at any time shall be surcharged against, and no person may seek to surcharge any costs or expenses of administration against the DIP Lender, the Carve-Out (other than parties entitled to assert a right to be paid under the Carve-Out), the DIP Collateral, pursuant to sections 105 or 506(c) of the Bankruptcy Code or otherwise, without the prior written consent of the DIP Lender (and the beneficiaries of the Carve-Out in the case of a surcharge against the Carve-Out). No action, inaction or acquiescence by the DIP Lender shall be deemed to be or shall be considered evidence of any alleged consent to a surcharge against the DIP Lender or the DIP Collateral.

h.      *No Marshaling*.  The DIP Lender shall not be subject to the equitable doctrine of "marshaling" or any other similar doctrine with respect to any of the DIP Collateral; *provided, that*, in the event of an enforcement of remedies in accordance with this Final Order, the DIP Lender shall use commercially reasonable efforts to recover from all other DIP Collateral before recovering from (a) Avoidance Actions or (b) commercial tort claims.

i.      *[Reserved*.]

j.      *Amendment*.  The Debtors and the DIP Lender may amend, modify, supplement, or waive any provision of the DIP Credit Agreement or DIP Document (a "**DIP Loan Amendment**") without further approval of the Court, upon notice to the U.S. Trustee and counsel to the Official Committee; *provided* that (i) such DIP Loan Amendment is not material (for

US_ACTIVE\130704377

| Debtors: | Powin, LLC, *et al*. |
|---|---|
| Case No. | 25-16137 (MBK) |
| Caption of Order: | *Final Order (I) Authorizing the Debtors to Obtain Postpetition Operational Cash Flow Financing; (II) Granting Liens and Providing Superpriority Administrative Expense Claims; (III) Modifying the Automatic Stay; and (IV) Granting Related Relief* |

purposes hereof, a "**Material DIP Loan Amendment**" shall mean any modification or amendment that (1) increases the interest rate (other than as a result of the imposition of the default rate) or fees charged in connection with the DIP Facility, (2) increases the commitments of the DIP Lender to make DIP Loans under the DIP Documents, (3) changes the Termination Date and is undertaken in good faith by the DIP Lender, or (4) has an adverse impact on the holders of Permitted Encumbrances, Prepetition Secured Parties (including any modification of the rights of the Prepetition Secured Parties granted by paragraph 19 of this Final Order) and (ii) the Debtors shall provide written notice of such non-Material DIP Loan Amendment on the docket. Any Material DIP Loan Amendment to any DIP Document must be set forth in writing, signed by, or on behalf of the Debtors and the DIP Lender and approved by the Court on five (5) business days' notice to parties in interest in order to be effective, *provided* that the DIP Lender and the Debtors reserve the right to seek approval of any Material DIP Loan Amendment on an expedited basis.

k.      *Priority of Terms*.  Except as specifically amended, superseded, or modified hereby, the provisions of the Interim Order and any actions taken by the Debtors or the DIP Lender in accordance therewith shall remain in effect and are hereby ratified by this Final Order. To the extent of any conflict between or among (i) the express terms or provisions of any of the Interim Order, the DIP Credit Agreement, the other DIP Documents, the Motion, or any other agreements, on the one hand, and (ii) the terms and provisions of this Final Order, on the other hand, unless such term or provision herein is phrased in terms of "defined in" or "as set forth in" the other DIP Documents, the terms and provisions of this Final Order shall govern and control.

l.      *Survival of the Final Order*.  The provisions of this Final Order and any

(Page 51)

| | |
|---|---|
| Debtors: | Powin, LLC, *et al*. |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | *Final Order (I) Authorizing the Debtors to Obtain Postpetition Operational Cash Flow Financing; (II) Granting Liens and Providing Superpriority Administrative Expense Claims; (III) Modifying the Automatic Stay; and (IV) Granting Related Relief* |

actions taken pursuant hereto shall survive entry of any order which may be entered (i) confirming any plan in the Chapter 11 Cases, (ii) converting of the Chapter 11 Cases to cases under Chapter 7 of the Bankruptcy Code, (iii) to the extent authorized by applicable law, dismissing the Chapter 11 Cases, (iv) withdrawing of the reference of the Chapter 11 Cases from this Court, or (v) providing for abstention from handling or retaining of jurisdiction of the Chapter 11 Cases in this Court. The terms and provisions of this Final Order, including the DIP Liens and DIP Superpriority Claims granted pursuant to this Final Order, and the other DIP Documents and any priorities and protections granted to or for the benefit of the DIP Lender hereunder and thereunder shall continue in full force and effect to the fullest extent provided by section 364(e) of the Bankruptcy Code.

m. *Enforceability*. This Final Order shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 and shall take effect and be fully enforceable *nunc pro tunc* to the Petition Date immediately upon execution hereof.

n. *No Waivers or Modification of Final Order*. The Debtors irrevocably waive any right to seek any modification or extension of this Final Order without the prior written consent of the DIP Lender, and no such consent shall be implied by any other action, inaction, or acquiescence of the DIP Lender. The Debtors may not seek to modify or to alter relative lien priority of the DIP Liens, DIP Superpriority Claims, Permitted Encumbrances, Prepetition Secured Obligations, Prepetition Liens, Adequate Protection Liens, or Adequate Protection Superpriority Claims set forth in this Final Order.

o. *Waiver of any Applicable Stay*. Any applicable stay (including, without

US_ACTIVE\130704377

| | |
|---|---|
| Debtors: | Powin, LLC, *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | *Final Order (I) Authorizing the Debtors to Obtain Postpetition Operational Cash Flow Financing; (II) Granting Liens and Providing Superpriority Administrative Expense Claims; (III) Modifying the Automatic Stay; and (IV) Granting Related Relief* |

limitation, under Bankruptcy Rule 6004(h)) is hereby waived and shall not apply to this Final Order.

        p.    *Mandatory Prepayments*.  Notwithstanding anything in the DIP Credit Agreement or any other DIP Document to the contrary, to the extent that the Prepetition Liens are valid, enforceable, perfected, and non-avoidable and the Prepetition Secured Obligations are legal, valid, non-avoidable, and binding, any mandatory prepayment required under the DIP Documents shall first be applied to the Prepetition Secured Obligations until such Prepetition Secured Obligations are indefeasibly repaid in cash in full, to the extent that any such mandatory prepayment is funded with Collateral (as defined in the Interim Cash Collateral Order) or proceeds therefrom.

      19.    ***Junior Priority***.

        a.    For the avoidance of doubt and notwithstanding anything to the contrary in this Final Order or any other DIP Document, (1) with respect to Unencumbered Property, the DIP Liens shall be subject and subordinate only to the Carve-Out; (2) with respect to property of the Debtors' estates that is subject to any Permitted Encumbrances, the DIP Liens shall be subject and subordinate only to the Carve-Out and any Permitted Encumbrance (so long as such Permitted Encumbrance is valid, enforceable, perfected, and non-avoidable and the obligations secured by such Permitted Encumbrance are still outstanding); and (3) with respect any administrative expense claims, the DIP Superpriority Claims shall be subject and subordinate only to the Carve-Out and the Adequate Protection Superpriority Claims (to the extent that the Prepetition Liens are valid, enforceable, perfected, and non-avoidable and the Prepetition Secured Obligations are legal,

| Debtors: | Powin, LLC, *et al.* |
|---|---|
| Case No. | 25-16137 (MBK) |
| Caption of Order: | *Final Order (I) Authorizing the Debtors to Obtain Postpetition Operational Cash Flow Financing; (II) Granting Liens and Providing Superpriority Administrative Expense Claims; (III) Modifying the Automatic Stay; and (IV) Granting Related Relief* |

valid, non-avoidable, and binding).  Any payment received by the DIP Lender in violation of this paragraph 19 shall be held in trust for the benefit of the Prepetition Secured Parties and segregated and promptly paid over to the Prepetition Agent for application to the Prepetition Secured Obligations.  Unless and until the Prepetition Secured Obligations are indefeasibly repaid in full in cash (to the extent that the Prepetition Liens are valid, enforceable, perfected, and non-avoidable and the Prepetition Secured Obligations are legal, valid, non-avoidable, and binding), (a) the Debtors shall not make any payment (in cash or any other property) on account of the DIP Obligations, DIP Liens, DIP Superpriority Claims, or otherwise under this Final Order, the DIP Credit Agreement, or any other DIP Document, except (A) for payment of fees, costs, and expenses as required under paragraph 13 hereof, (B) as may be expressly consented to in writing by the Prepetition Lenders (in their sole discretion), and (C) pursuant to further order of the Court; and (b) the DIP Lender (or any agent or other entity acting on behalf, or at the direction, of the DIP Lender) shall not be entitled to directly or indirectly exercise rights or remedies (including the exercise of any rights of setoff or recoupment and the rights and remedies of a secured creditor under the Uniform Commercial Code of any applicable jurisdiction or under this Final Order) with respect to the Debtors or any DIP Collateral unless expressly consented to in writing by the Prepetition Secured Parties or pursuant to further order of the Court.

20.     **_Specific Reservations of Rights_**.  Notwithstanding anything to the contrary in this Final Order or the other DIP Documents, (i) the DIP Liens shall not attach to any assets that are not and do not become property of the Debtors' estates under section 541 of the Bankruptcy Code; and (ii) nothing in this Final Order or the other DIP Documents limits intellectual property

| | |
|---|---|
| Debtors: | Powin, LLC, *et al*. |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | *Final Order (I) Authorizing the Debtors to Obtain Postpetition Operational Cash Flow Financing; (II) Granting Liens and Providing Superpriority Administrative Expense Claims; (III) Modifying the Automatic Stay; and (IV) Granting Related Relief* |

licensees' rights under section 365(n) of the Bankruptcy Code or excuses the Debtors from performance of any obligations under executory contracts for which rejection has not yet been approved by an order of this Court.

21.     ***Indemnification***.  The Debtors shall protect, defend, indemnify, and hold harmless the Indemnified Parties for, from and against any and all claims, suits, liabilities, losses, costs, expenses (including reasonable, out-of-pocket attorneys' fees and costs) imposed upon or incurred by or asserted against any Indemnified Party arising out of or relating to the Debtors' (and any successors and assigns, and any subsidiaries or affiliates) prior loans, all Avoidance Actions, the DIP Documents or the transactions contemplated thereby, except for those arising out of the fraud, willful misconduct or gross negligence of an Indemnified Party as determined by a non-appealable court order.  Indemnification under this provision shall include the right of advancement for any indemnified claim or expense, subject to prompt notice by the DIP Lender and approval by the Court after notice and a hearing, and any costs and expenses incurred in the enforcement of any binding provisions of the DIP Documents.

22.     ***Release***.  The Debtors forever and irrevocably (a) release, discharge, and acquit the Released Parties[9] of and from any and all claims, demands, liabilities, responsibilities, disputes, remedies, causes of action, indebtedness, and obligations, of every type arising prior to the Petition Date, including, without limitation, any claims arising from any actions relating to any aspect of the relationship between the Released Parties and the Debtors and their affiliates including any

---

[9]     "**Released Parties**" means the Indemnified Parties.

| | |
|---|---|
| Debtors: | Powin, LLC, *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | *Final Order (I) Authorizing the Debtors to Obtain Postpetition Operational Cash Flow Financing; (II) Granting Liens and Providing Superpriority Administrative Expense Claims; (III) Modifying the Automatic Stay; and (IV) Granting Related Relief* |

equitable subordination claims or defenses, with respect to or relating to the DIP Obligations, any and all claims and causes of action arising under the Bankruptcy Code, and any and all claims regarding the validity, priority, perfection or avoidability of the liens or secured claims of the DIP Lender; and (b) waive any and all defenses (including, without limitation, offsets and counterclaims of any nature or kind) as to the validity, perfection, priority, enforceability and non-avoidability of the DIP Obligations.

23.     ***Notice of Entry of Final Order***.  The Debtors shall promptly serve copies of this Final Order to the parties that have been given notice of the Final Hearing, to any party that has filed a request for notices with this Court and to the Official Committee.

24.     ***Headings***.  This Final Order shall be immediately effective and enforceable upon its entry and there shall be no stay of execution or effectiveness of this Final Order.

25.     ***Retention of Jurisdiction***.  This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

## EXHIBIT A

**DIP CREDIT AGREEMENT**

United States Bankruptcy Court

District of New Jersey

| | |
|---|---|
| In re: | Case No. 25-16137-MBK |
| Powin, LLC | Chapter 11 |
| Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0312-3 | User: admin | Page 1 of 5 |
| Date Rcvd: Jul 25, 2025 | Form ID: pdf903 | Total Noticed: 1 |

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jul 27, 2025:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | + Powin, LLC, 20550 SW 115th Avenue, Tualatin, OR 97062-6857 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 27, 2025         Signature:        /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on July 25, 2025 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Anne B. Sekel | on behalf of Creditor AMP Solar US Services LLC  n/k/a PureSky US Services LLC asekel@foley.com, jnicholson@foley.com;jlee@foley.com |
| Arthur Abramowitz | on behalf of Creditor Ace Engineering aabramowitz@shermansilverstein.com  jbaugh@shermansilverstein.com |
| Barbra Rachel Parlin | on behalf of Creditor Invenergy Services LLC barbra.parlin@hklaw.com elvin.ramos@hklaw.com;glenn.huzinec@hklaw.com,HAPI@HKLAW.COM;hapi@hklaw.com;jjalemany@hklaw.com |
| Barbra Rachel Parlin | on behalf of Creditor El Sol Storage Energy LLC barbra.parlin@hklaw.com elvin.ramos@hklaw.com;glenn.huzinec@hklaw.com,HAPI@HKLAW.COM;hapi@hklaw.com;jjalemany@hklaw.com |
| Barbra Rachel Parlin | on behalf of Creditor Invenergy Storage Development LLC barbra.parlin@hklaw.com elvin.ramos@hklaw.com;glenn.huzinec@hklaw.com,HAPI@HKLAW.COM;hapi@hklaw.com;jjalemany@hklaw.com |

District/off: 0312-3                                    User: admin                                    Page 2 of 5
Date Rcvd: Jul 25, 2025                                 Form ID: pdf903                                Total Noticed: 1

Barbra Rachel Parlin
       on behalf of Creditor Yuma Solar Energy LLC barbra.parlin@hklaw.com
       elvin.ramos@hklaw.com;glenn.huzinec@hklaw.com,HAPI@HKLAW.COM;hapi@hklaw.com;jjalemany@hklaw.com

Barbra Rachel Parlin
       on behalf of Creditor El Sol Energy Storage LLC barbra.parlin@hklaw.com
       elvin.ramos@hklaw.com;glenn.huzinec@hklaw.com,HAPI@HKLAW.COM;hapi@hklaw.com;jjalemany@hklaw.com

Barbra Rachel Parlin
       on behalf of Creditor Invenergy  LLC barbra.parlin@hklaw.com,
       elvin.ramos@hklaw.com;glenn.huzinec@hklaw.com,HAPI@HKLAW.COM;hapi@hklaw.com;jjalemany@hklaw.com

Blake Denton
       on behalf of Creditor FlexGen Power Systems  LLC blake.denton@lw.com

Brett S. Theisen
       on behalf of Creditor GLAS USA LLC btheisen@gibbonslaw.com  nmitchell@gibbonslaw.com

Cameron Deane
       on behalf of Creditor Toyota Industries Commercial Finance  Inc. cdeane@weltman.com

Daniel Harris
       on behalf of Interested Party BHER Ravenswood Solar 1  LLC dharris@coleschotz.com, ddelehanty@coleschotz.com

Daniel Stolz
       on behalf of Creditor Committee Official Committee of Unsecured Creditors dstolz@genovaburns.com
       dstolz@ecf.inforuptcy.com;msousa@genovaburns.com

David A. Pisciotta
       on behalf of Creditor GLAS USA LLC dpisciotta@reedsmith.com
       david-pisciotta-4680@ecf.pacerpro.com;docketingecfnyc@reedsmith.com

David E. Sklar
       on behalf of Interested Party Longroad Energy Partners  on behalf of Serrano Solar, LLC, Sun Streams PVS, LLC, and Sun
       Streams Expansion, LLC dsklar@pashmanstein.com, lsalcedo@pashmanstein.com;gkarnick@pashmanstein.com

David E. Sklar
       on behalf of Interested Party Poblano Energy Storage  LLC dsklar@pashmanstein.com,
       lsalcedo@pashmanstein.com;gkarnick@pashmanstein.com

David E. Sklar
       on behalf of Interested Party Longroad Development Company  LLC, on behalf of Serrano Solar, LLC, Sun Streams PVS, LLC,
       and Sun Streams Expansion, LLC dsklar@pashmanstein.com, lsalcedo@pashmanstein.com;gkarnick@pashmanstein.com

David E. Sklar
       on behalf of Interested Party Leeward Renewable Energy  LLC, on behalf of Rabbitbrush Solar, LLC, Chaparral Springs, LLC,
       and Antelope Valley BESS, LLC dsklar@pashmanstein.com, lsalcedo@pashmanstein.com;gkarnick@pashmanstein.com

David E. Sklar
       on behalf of Interested Party DTE Electric Company dsklar@pashmanstein.com
       lsalcedo@pashmanstein.com;gkarnick@pashmanstein.com

Deanna Boll
       on behalf of Creditor Apex Clean Energy Holdings  LLC dboll@mwe.com, dnorthrop@mwe.com

Donald W Clarke
       on behalf of Creditor Committee Official Committee of Unsecured Creditors dclarke@genovaburns.com
       dclarke@ecf.inforuptcy.com;dclarke@ecfalerts.com

Douglas J. McGill
       on behalf of Creditor Bergstrom Inc. dmcgill@webbermcgill.com

Felice R. Yudkin
       on behalf of Interested Party BHER Ravenswood Solar 1  LLC fyudkin@coleschotz.com, fpisano@coleschotz.com

Frank A. Oswald
       on behalf of Defendant Powin Energy Operating  LLC frankoswald@teamtogut.com,
       seratner@teamtogut.com;dperson@teamtogut.com;bshaughnessy@teamtogut.com;altogut@teamtogut.com;jcohen@teamtogut.co
       m;gquist@teamtogut.com;bkotliar@teamtogut.com;acarlin@teamtogut.com;eblander@teamtogut.com

Frank A. Oswald
       on behalf of Debtor PEOS Holdings  LLC frankoswald@teamtogut.com,
       seratner@teamtogut.com;dperson@teamtogut.com;bshaughnessy@teamtogut.com;altogut@teamtogut.com;jcohen@teamtogut.co
       m;gquist@teamtogut.com;bkotliar@teamtogut.com;acarlin@teamtogut.com;eblander@teamtogut.com

Frank A. Oswald
       on behalf of Defendant Powin  LLC frankoswald@teamtogut.com,
       seratner@teamtogut.com;dperson@teamtogut.com;bshaughnessy@teamtogut.com;altogut@teamtogut.com;jcohen@teamtogut.co
       m;gquist@teamtogut.com;bkotliar@teamtogut.com;acarlin@teamtogut.com;eblander@teamtogut.com

Frank A. Oswald
       on behalf of Debtor Charger Holdings  LLC frankoswald@teamtogut.com,
       seratner@teamtogut.com;dperson@teamtogut.com;bshaughnessy@teamtogut.com;altogut@teamtogut.com;jcohen@teamtogut.co

m;gquist@teamtogut.com;bkotliar@teamtogut.com;acarlin@teamtogut.com;eblander@teamtogut.com

Frank A. Oswald

on behalf of Debtor Powin China Holdings 2  LLC frankoswald@teamtogut.com,
seratner@teamtogut.com;dperson@teamtogut.com;bshaughnessy@teamtogut.com;altogut@teamtogut.com;jcohen@teamtogut.co
m;gquist@teamtogut.com;bkotliar@teamtogut.com;acarlin@teamtogut.com;eblander@teamtogut.com

Frank A. Oswald

on behalf of Defendant Powin Energy Operating Holdings  LLC frankoswald@teamtogut.com,
seratner@teamtogut.com;dperson@teamtogut.com;bshaughnessy@teamtogut.com;altogut@teamtogut.com;jcohen@teamtogut.co
m;gquist@teamtogut.com;bkotliar@teamtogut.com;acarlin@teamtogut.com;eblander@teamtogut.com

Frank A. Oswald

on behalf of Debtor Powin Project LLC frankoswald@teamtogut.com
seratner@teamtogut.com;dperson@teamtogut.com;bshaughnessy@teamtogut.com;altogut@teamtogut.com;jcohen@teamtogut.co
m;gquist@teamtogut.com;bkotliar@teamtogut.com;acarlin@teamtogut.com;eblander@teamtogut.com

Frank A. Oswald

on behalf of Debtor Powin Energy Ontario Storage  LLC frankoswald@teamtogut.com,
seratner@teamtogut.com;dperson@teamtogut.com;bshaughnessy@teamtogut.com;altogut@teamtogut.com;jcohen@teamtogut.co
m;gquist@teamtogut.com;bkotliar@teamtogut.com;acarlin@teamtogut.com;eblander@teamtogut.com

Frank A. Oswald

on behalf of Debtor Powin China Holdings 1  LLC frankoswald@teamtogut.com,
seratner@teamtogut.com;dperson@teamtogut.com;bshaughnessy@teamtogut.com;altogut@teamtogut.com;jcohen@teamtogut.co
m;gquist@teamtogut.com;bkotliar@teamtogut.com;acarlin@teamtogut.com;eblander@teamtogut.com

Frank A. Oswald

on behalf of Debtor Powin Energy Operating Holdings  LLC frankoswald@teamtogut.com,
seratner@teamtogut.com;dperson@teamtogut.com;bshaughnessy@teamtogut.com;altogut@teamtogut.com;jcohen@teamtogut.co
m;gquist@teamtogut.com;bkotliar@teamtogut.com;acarlin@teamtogut.com;eblander@teamtogut.com

Frank A. Oswald

on behalf of Debtor Powin  LLC frankoswald@teamtogut.com,
seratner@teamtogut.com;dperson@teamtogut.com;bshaughnessy@teamtogut.com;altogut@teamtogut.com;jcohen@teamtogut.co
m;gquist@teamtogut.com;bkotliar@teamtogut.com;acarlin@teamtogut.com;eblander@teamtogut.com

Frank A. Oswald

on behalf of Debtor Powin Energy Operating  LLC frankoswald@teamtogut.com,
seratner@teamtogut.com;dperson@teamtogut.com;bshaughnessy@teamtogut.com;altogut@teamtogut.com;jcohen@teamtogut.co
m;gquist@teamtogut.com;bkotliar@teamtogut.com;acarlin@teamtogut.com;eblander@teamtogut.com

Franklin Barbosa, Jr

on behalf of Creditor CS Energy  LLC fb@spsk.com, clm@spsk.com

Gail C. Lin

on behalf of Plaintiff Brian Palomino gcl@raisnerroupinian.com
rsr@raisnerroupinian.com;jar@raisnerroupinian.com;warnlawyers@raisnerroupinian.com;rrllp@ecf.courtdrive.com

Jaclynn McDonnell

on behalf of Creditor Committee Official Committee of Unsecured Creditors jmcdonnell@genovaburns.com
dmendez@genovaburns.com

James N. Lawlor

on behalf of Creditor Ulinda Park ProjectCo Pty Ltd jlawlor@wmd-law.com

James N. Lawlor

on behalf of Creditor Munmorah Battery ProjectCo Pty Ltd jlawlor@wmd-law.com

Jeffrey A. Cooper

on behalf of Interested Party Honeywell International Inc. jcooper@rltlawfirm.com
cooperatty@aol.com;rgaydos@rltlawfirm.com

Jeffrey M. Sponder

on behalf of U.S. Trustee U.S. Trustee jeffrey.m.sponder@usdoj.gov  jeffrey.m.sponder@usdoj.gov

Jennifer Hoover

on behalf of Creditor EPC Services Company jhoover@beneschlaw.com  docket2@beneschlaw.com;lmolinaro@beneschlaw.com

John Pintarelli

on behalf of Creditor Prevalon Energy LLC john.pintarelli@pillsburylaw.com

John Pintarelli

on behalf of Creditor Mitsubishi Power Americas  Inc. john.pintarelli@pillsburylaw.com

John S. Mairo

on behalf of Creditor Certain Funds and Accounts Managed by KKR Credit Advisors (US) LLC jmairo@gibbonslaw.com
pnbalala@pbnlaw.com;mpdermatis@pbnlaw.com;jmoconnor@pbnlaw.com

Joseph H. Lemkin

on behalf of Creditor Spark Power Renewables USA Inc. jlemkin@stark-stark.com

Joseph J. DiPasquale

on behalf of Interested Party Specified Technologies Inc. Jdipasquale@foxrothschild.com, cbrown@foxrothschild.com;msteen@foxrothschild.com

Joseph L. Schwartz

on behalf of Interested Party Front Range-Midway Solar Project LLC jschwartz@riker.com

Kevin J. Mangan

on behalf of Interested Party SiriusPoint America Insurance Company kevin.mangan@wbd-us.com Heidi.sasso@wbd-us.com;cindy.giobbe@wbd-us.com;nichole.wilcher@wbd-us.com

Kevin J. Mangan

on behalf of Interested Party Applied Surety Underwriters kevin.mangan@wbd-us.com Heidi.sasso@wbd-us.com;cindy.giobbe@wbd-us.com;nichole.wilcher@wbd-us.com

Kevin J. Mangan

on behalf of Interested Party Pennsylvania Insurance Company kevin.mangan@wbd-us.com Heidi.sasso@wbd-us.com;cindy.giobbe@wbd-us.com;nichole.wilcher@wbd-us.com

Kevin M. Capuzzi

on behalf of Creditor Mesa Logistics Group LLC d/b/a Trivergix Group kcapuzzi@beneschlaw.com, docket2@beneschlaw.com;lmolinaro@beneschlaw.com

Kevin M. Capuzzi

on behalf of Creditor Mainfreight Inc. kcapuzzi@beneschlaw.com docket2@beneschlaw.com;lmolinaro@beneschlaw.com

Kevin M. Capuzzi

on behalf of Creditor 8Loop Logistics LLC kcapuzzi@beneschlaw.com docket2@beneschlaw.com;lmolinaro@beneschlaw.com

Kevin M. Capuzzi

on behalf of Creditor 8Loop Trans Inc. kcapuzzi@beneschlaw.com docket2@beneschlaw.com;lmolinaro@beneschlaw.com

Kyriaki Christodoulou

on behalf of Creditor Arevon Energy Inc. kchristodoulou@cullenllp.com

Lauren Bielskie

on behalf of U.S. Trustee U.S. Trustee lauren.bielskie@usdoj.gov

Lauren M. Macksoud

on behalf of Debtor Powin Energy Ontario Storage II LP lauren.macksoud@dentons.com docket.general.lit.nyc@dentons.com

Lauren M. Macksoud

on behalf of Debtor Powin Canada B.C. Ltd. lauren.macksoud@dentons.com docket.general.lit.nyc@dentons.com

Lauren M. Macksoud

on behalf of Debtor Powin LLC lauren.macksoud@dentons.com, docket.general.lit.nyc@dentons.com

Lauren M. Macksoud

on behalf of Debtor Powin Energy Storage 2 Inc. lauren.macksoud@dentons.com, docket.general.lit.nyc@dentons.com

Leah Eisenberg

on behalf of Interested Party Longroad Energy Partners on behalf of Serrano Solar, LLC, Sun Streams PVS, LLC, and Sun Streams Expansion, LLC leisenberg@pashmanstein.com, leah-eisenberg-0344@ecf.pacerpro.com;gkarnick@pashmanstein.com

Leah Eisenberg

on behalf of Interested Party Leeward Renewable Energy LLC, on behalf of Rabbitbrush Solar, LLC, Chaparral Springs, LLC, and Antelope Valley BESS, LLC leisenberg@pashmanstein.com, leah-eisenberg-0344@ecf.pacerpro.com;gkarnick@pashmanstein.com

Leah Eisenberg

on behalf of Interested Party DTE Electric Company leisenberg@pashmanstein.com leah-eisenberg-0344@ecf.pacerpro.com;gkarnick@pashmanstein.com

Leah Eisenberg

on behalf of Interested Party Longroad Development Company LLC, on behalf of Serrano Solar, LLC, Sun Streams PVS, LLC, and Sun Streams Expansion, LLC leisenberg@pashmanstein.com, leah-eisenberg-0344@ecf.pacerpro.com;gkarnick@pashmanstein.com

Leah Eisenberg

on behalf of Interested Party Poblano Energy Storage LLC leisenberg@pashmanstein.com, leah-eisenberg-0344@ecf.pacerpro.com;gkarnick@pashmanstein.com

Lee M. Cortes, Jr

on behalf of Interested Party Celestica LLC lee.cortes@arnoldporter.com

Lynne B. Xerras

on behalf of Creditor Yuma Solar Energy LLC lynne.xerras@hklaw.com

Lynne B. Xerras

on behalf of Creditor Invenergy Storage Development LLC lynne.xerras@hklaw.com

Lynne B. Xerras

on behalf of Creditor Invenergy LLC lynne.xerras@hklaw.com

District/off: 0312-3
Date Rcvd: Jul 25, 2025

User: admin

Form ID: pdf903

Page 5 of 5

Total Noticed: 1

Lynne B. Xerras

on behalf of Creditor Invenergy Services LLC lynne.xerras@hklaw.com

Lynne B. Xerras

on behalf of Creditor El Sol Storage Energy LLC lynne.xerras@hklaw.com

Lynne B. Xerras

on behalf of Creditor El Sol Energy Storage LLC lynne.xerras@hklaw.com

Mark S. Lichtenstein

on behalf of Creditor Sonic Systems International  LLC mark.lichtenstein@akerman.com, Reyko.delpino@akerman.com

Michael Trentin

on behalf of Creditor EDF Power Solutions  Inc. mtrentin@orrick.com, ssallie@coleschotz.com;dcarnie@orrick.com

Michael Trentin

on behalf of Creditor EsVolta  L.P. mtrentin@orrick.com, ssallie@coleschotz.com;dcarnie@orrick.com

Michael Trentin

on behalf of Creditor PowerFlex Systems  Inc. mtrentin@orrick.com, ssallie@coleschotz.com;dcarnie@orrick.com

Michael P. Pompeo

on behalf of Creditor Keyframe Capital Partners  L.P. michael.pompeo@faegredrinker.com, cathy.greer@faegredrinker.com

Natasha M. Songonuga

on behalf of Creditor Lu Pacific Properties  LLC NSongonuga@archerlaw.com

Nicholas Blaine Vislocky

on behalf of Creditor GLAS USA LLC nvislocky@reedsmith.com

Paul R. DeFilippo

on behalf of Creditor Munmorah Battery ProjectCo Pty Ltd pdefilippo@wmd-law.com

Paul R. DeFilippo

on behalf of Creditor Ulinda Park ProjectCo Pty Ltd pdefilippo@wmd-law.com

Richard Solow

on behalf of Creditor GLAS USA LLC rsolow@reedsmith.com  rich-solow-3519@ecf.pacerpro.com

Richard B Harper

on behalf of Creditor Idaho Power Company richard.harper@bakerbotts.com  john.mitchell@bakerbotts.com

Ross J. Switkes

on behalf of Creditor Ace Engineering rswitkes@shermansilverstein.com

Sameer Alifarag

on behalf of Creditor Pulse Clean Energy SPV Watt Limited sameeralifarag@eversheds-sutherland.com

Sameer Alifarag

on behalf of Creditor JMS Wind Energy  LLC sameeralifarag@eversheds-sutherland.com

Steven Abramowitz

on behalf of Creditor Lone Star Solar  LLC sabramowitz@velaw.com, mmoran@velaw.com;kgrissel@velaw.com;tmitsch@velaw.com;kduchesne@velaw.com

Steven Abramowitz

on behalf of Creditor Ad Hoc Customer Group sabramowitz@velaw.com mmoran@velaw.com;kgrissel@velaw.com;tmitsch@velaw.com;kduchesne@velaw.com

Susan Long

on behalf of Creditor Committee Official Committee of Unsecured Creditors slong@genovaburns.com

Turner Falk

on behalf of Creditor Key Capture Energy  LLC turner.falk@saul.com, catherine.santangelo@saul.com;tnfalk@recap.email

Turner Falk

on behalf of Creditor KCE NY 3  LLC turner.falk@saul.com, catherine.santangelo@saul.com;tnfalk@recap.email

Turner Falk

on behalf of Creditor KCE TX 7  LLC turner.falk@saul.com, catherine.santangelo@saul.com;tnfalk@recap.email

Turner Falk

on behalf of Creditor KCE TX 2  LLC turner.falk@saul.com, catherine.santangelo@saul.com;tnfalk@recap.email

Turner Falk

on behalf of Creditor KCE TX 8  LLC turner.falk@saul.com, catherine.santangelo@saul.com;tnfalk@recap.email

U.S. Trustee

USTPRegion03.NE.ECF@usdoj.gov


TOTAL: 97