# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>POWIN, LLC, *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 25-16137 (MBK)<br><br>**Related to Docket No. 446** |

## OBJECTION AND RESERVATION OF RIGHTS

Control Concepts Corporation d/b/a c3controls ("**c3controls**") creditor and party-in-interest, by counsel, respectfully submits this Objection and Reservation of Rights ("**Objection**") to the Notice of Potentially Assumed Executory Contracts and Unexpired Leases ("**Notice**") (Dkt. No. 446) and in support thereof states as follows:

## FACTUAL AND PROCEDURAL BACKGROUND

1. c3controls and Powin, LLC ("**Debtor**") are parties to a Master Supply Agreement dated April 1, 2023 (the "**MSA**"). Pursuant to the MSA, c3controls agreed to manufacture and assemble certain specialty electrical components (the "**BBA units**"). The Debtor agreed to purchase a "minimum volume" of 18,000 BBA units to be serially produced over thirty-six (36) consecutive months, at a price of $560.00 per BBA unit. Payment for the BBA units is due 30 days after delivery, and late payments are expressly subject to a late fee.

2. At all times, c3controls complied with its obligations under the MSA, including by manufacturing, assembling, and delivering BBA units to the Debtor. However, the Debtor breached the MSA in several respects, including by, *inter alia*, failing to pay for BBA units delivered to the Debtor and not purchasing the minimum required volume of BBA units in violation of paragraphs 4.1 and 4.7 and Exhibits C and F of the MSA, causing significant damage

to c3controls. As a result, c3controls is owed amounts for the product delivered, including late fees in accordance with Exhibit F of the MSA. Further, by refusing to purchase the "minimum volume" requirement, the Debtor violated the MSA and significantly damaged c3controls.

3. On or about April 23, 2025, and pursuant to the terms of the MSA, c3controls filed a demand for arbitration with the American Arbitration Association ("**Arbitration**"), seeking recovery of all direct, incidental, consequential, and any other recoverable damages incurred as a result of the Debtor's breaches of the MSA in an amount not yet fully determined, but at least $4,000,000.00. A copy of the Arbitration demand is attached to c3controls' proof of claim. c3controls is also entitled to recover interest regarding its contractual damages as a matter of law, as well as the attorneys' fees and costs that it has been forced to incur, and will continue to incur, pursuant to paragraph 10.3 of the MSA.

4. On June 24, 2025, the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code. As a result, the Arbitration has been stayed.

5. On July 18, 2025, the Debtor filed the Notice which identified the MSA as a potentially assumed contract in connection with the pending sale of the Debtor's assets, and listing a proposed cure payment of $345,240.64 ("**Proposed Cure**") and an expiration date of March 31, 2026.

## OBJECTION

6. In order to assume an executory contract or unexpired lease, section 365(b) of title 11 of the United States Code (the "**Bankruptcy Code**") requires a debtor to cure any defaults. 11 U.S.C. § 365(b)(1)(A). Furthermore, section 365(b)(1)(B) requires a debtor, at the time of assumption, to compensate the counterparty for any actual pecuniary loss resulting from a default. 11 U.S.C. § 365(b)(1)(B).

7. c3controls objects to the Proposed Cure and the purported assumption and assignment of the MSA without a complete cure of the Debtor's defaults, including payment in full of all amounts due to c3controls as a result of the Debtor's breaches of the MSA as asserted in the Arbitration.

## **RESERVATION OF RIGHTS**

8. c3controls reserves the right to supplement this Objection, including, but not limited to, for the purpose of asserting additional attorneys' fees, expenses, or interest. c3controls further reserves its rights with respect to the ultimate purchaser of the Debtor's assets and the ability of such entity to provide adequate assurance of future performance under the MSA.

## **CONCLUSION**

9. c3controls respectfully requests that this Court sustain this Objection, and condition assumption and assignment of any contract with this Objection.

Respectfully submitted,

Dated: July 28, 2025

/s/ Nicholas M. Gaunce
Eckert Seamans Cherin & Mellott, LLC
Nicholas M. Gaunce (Attorney ID No.: 01203-2007)
2000 Lenox Drive, Suite 203, Lawrenceville, NJ 08648
P.O. Box 5404, Princeton, NJ 08543
*Tel*: (609) 392-2100 | *Fax*: (609) 392-7956
E-mail: ngaunce@eckertseamans.com

Christopher L. Perkins (*pro hac vice to be submitted*)
Eckert Seamans Cherin & Mellott, LLC
919 East Main Street, Suite 1300
Richmond, VA 23219
*Tel*: (804) 788-9636 *Fax*: (804) 698-2950
Email: cperkins@eckertseamans.com
*Counsel for Control Concepts Corporation d/b/a c3controls*

**CERTIFICATE OF SERVICE**

I, Nicholas M. Gaunce, do hereby certify that on the 28th day of July 2025, I caused a copy of the foregoing to be served upon the parties using the Court's CM/ECF System which reflects that an electronic notification of filing was served on all registered users of the CM/ECF System that have requested such notification in this proceeding, and to all required notice parties under the Notice.

                                                        */s/* Nicholas M. Gaunce
                                                        Nicholas M. Gaunce

Dated: July 28, 2025