|  |
|---|
| **UNITED STATES BANKRUPTCY COURT<br>FOR THE DISTRICT OF NEW JERSEY**<br>Caption in Compliance with D.N.J. LBR 9004-1(a) |
| Benesch, Friedlander, Coplan & Aronoff LLP<br>Jennifer R. Hoover (NJ No. 173442015)<br>Continental Plaza II<br>411 Hackensack Ave., 3rd Floor<br>Hackensack, NJ 07601-6323<br>Telephone: (302) 442-7010<br>Facsimile: (302) 442-7012<br>jhoover@beneschlaw.com<br><br>*Counsel to GreEnergy Resources, LLC* |

| | |
|---|---|
| In re:<br><br>POWIN, LLC, *et al.*[1],<br><br>　　　　　　　Debtor. | Chapter 11<br><br>Case No. 25-16137 (MBK)<br><br>(Jointly Administered)<br><br>Honorable Michael B. Kaplan<br><br>**RE: D.I. 446** |

**LIMITED CURE OBJECTION AND RESERVATION OF RIGHTS OF GREENERGY RESOURCES, LLC REGARDING NOTICE OF POTENTIALLY ASSUMED EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

GreEnergy Resources, LLC ("GreEnergy"), by and through its undersigned counsel, hereby files this Limited Cure Objection and Reservation of Rights (the "Objection") to the *Notice of Potentially Assumed Executory Contracts and Unexpired Leases* [D.I. 446] (the "Cure Notice"), and in support thereof, respectfully states as follows:

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin Project LLC [1583]; (ii) Powin LLC [0504]; (iii) PEOS Holdings, LLC [5476]; (iv) Powin China Holdings 1, LLC [1422]; (v) Powin China Holdings 2, LLC [9713]; (vi) Charger Holdings, LLC [5241]; (vii) Powin Energy Ontario Storage, LLC [8348]; (viii) Powin Energy Operating Holdings, LLC [2495]; (ix) Powin Energy Operating, LLC [6487]; (x) Powin Energy Storage 2, Inc. [9926]; (xi) Powin Energy Ontario Storage II LP [5787]; (xii) Powin Canada B.C. Ltd. [2239]. The Debtors' mailing address is 20550 SW 115th Avenue, Tualatin, OR 97062.

27306677

**BACKGROUND**

1. On June 10, 2025 (the "Petition Date"), Powin, LLC and its debtor affiliates (the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of New Jersey, thereby commencing the above-captioned bankruptcy cases.

2. GreEnergy and one of the Debtors, Powin, LLC, are parties to that certain *Master Services Agreement–Approved Service Provider* dated May 21, 2025 (the "2025 MSA"), which superseded the *Master Services Agreement–Approved Service Provider* dated January 5, 2023, between Powin, LLC and GreEnergy (the "Original MSA" and with the 2025 MSA, the "MSA"). Pursuant to the MSA, GreEnergy provided maintenance services to the Debtors prior to the Petition Date.

3. On July 18, 2025, the Debtors filed the Cure Notice.

4. A schedule of proposed cure amounts (the "Cure Amount Schedule") was attached to the Cure Notice as "Exhibit A."

5. The Cure Amount Schedule lists two "Master Service Agreement(s)—Approved Service Provider" by and between debtor Powin, LLC and GreEnergy. *See* Cure Amount Schedule at pg. 13. One of the entries lists the counterparty as "GreEnergy Resources" with an alleged cure amount of $4,217,972.17 (the "Cure Amount"). *See id*. The other entry lists the counterparty as "GreEnergy, LLC"[2] with an alleged cure amount of "Unknown." *See id*.

---

[2] Out of an abundance of caution, GreEnergy files this Objection with respect to the potential assumption and assignment of any contract involving GreEnergy (regardless of what entity name is listed in the Cure Notice or used elsewhere) and states that the Cure Amount must be paid in connection with the assumption and assignment of any contract between the Debtors and any GreEnergy entity.

2

## LIMITED OBJECTION

6. If a debtor assumes a contract, it must do so *cum onere*, with all the benefits as well as the burdens. *See, e.g., Cinicola v. Scharffenberger*, 248 F.3d 110 (3d Cir. 2001). As such, the Debtors may not assume the MSA unless the Debtors, *inter alia*, cure all defaults under the MSA. *See* 11 U.S.C. § 365(b)(1)(A).

7. As of the Petition Date, GreEnergy's books and records reflect an outstanding prepetition balance under the MSA of not less than $4,217,972.17; therefore, as an initial matter, GreEnergy agrees with the Cure Amount listed in the Cure Amount Schedule. But GreEnergy brings this Objection to ensure that the Cure Amount is paid in connection with the potential assumption and assignment of the MSA between the Debtors and GreEnergy—regardless of what entity name is listed in the Cure Notice or used elsewhere. GreEnergy is owed not less than $4,217,972.17 for services provided to the Debtors under the MSA and this amount must be paid to GreEnergy to cure defaults under the MSA prior to any assumption and assignment of the MSA. Further, the Debtors must cure any additional charges that may occur under the MSA prior to the date that the MSA is actually assumed and assigned, and provide adequate assurance of future performance with respect to the MSA.

## RESERVATION OF RIGHTS

8. GreEnergy expressly reserves all its rights to supplement, modify or amend this Objection and make such other and further objections to the Notice or the assumption and assignment of the MSA until a final order is entered approving the cure amount due with respect to the MSA. Nothing set forth herein shall constitute a waiver, discharge or disallowance of any and all (a) rights, claims, causes of action and defenses GreEnergy has asserted, or may assert, with respect to any of proofs of claim against the Debtors and (b) claims having administrative

expense priority GreEnergy may have against the Debtors. GreEnergy reserves the right to supplement its cure amount with respect to the total amount of any invoices issues for services that may have been or may be performed on or after the Petition Date and/or to seek allowance and payment of administrative expense priority claims with respect to any amounts that are due and owing to GreEnergy from the Debtors as may be permitted under the Bankruptcy Code.

WHEREFORE, GreEnergy requests that this Court condition assumption and assignment of any contract of GreEnergy that is consistent with the foregoing and grant GreEnergy such other and further relief as this Court deems appropriate.

Dated: July 28, 2025                          BENESCH, FRIEDLANDER,
COPLAN & ARONOFF LLP

By:   /s/ Jennifer R. Hoover
      Jennifer R. Hoover (NJ No. 026502001)

*Counsel to GreEnergy Resources, LLC*

## CERTIFICATE OF SERVICE

I, Jennifer R. Hoover, Esq., hereby certify that the *Limited Cure Objection and Reservation of Rights of GreEnergy Resources, LLC Regarding Notice of Potentially Assumed Executory Contracts and Unexpired Leases* was filed and served on July 28, 2025 via CM/ECF on all parties registered to receive notice in this case.

                                                                                       */s/ Jennifer R. Hoover*
                                                                                      Jennifer R. Hoover (NJ No. 026502001)