| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>*Caption in Compliance with D.N.J. LBR 9004-1(b)*<br>**SAUL EWING LLP**<br>Turner N. Falk<br>1500 Market Street, 38th Floor<br>Philadelphia, PA 19102<br>Telephone: (215) 972-7777<br>turner.falk@saul.com<br><br>-and-<br><br>Lucian B. Murley<br>1201 N. Market Street, Suite 2300<br>Wilmington, DE 19801<br>Telephone: (302) 421-6800<br>luke.murley@saul.com<br><br>-and-<br><br>**PORTER HEDGES LLP**<br>Eric M. English (admitted *pro hac vice*)<br>James A. Keefe (admitted *pro hac vice*)<br>1000 Main St., 36th Floor<br>Houston, TX 77002<br>Tel: (713) 226-6000<br>Fax: (713) 226-6248<br>eenglish@porterhedges.com<br>jkeefe@porterhedges.com<br>*Counsel to KCE NY 3, LLC, KCE TX 2, LLC, KCE TX 7, LLC,*<br>*KCE TX 8, LLC, and Key Capture Energy, LLC* | |
| In re:<br><br>POWIN, LLC, *et al.*,[1]<br><br>          Debtors. | Chapter 11<br><br>Case No. 25-16137 (MBK)<br><br>(Jointly Administered) |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin Project LLC [1583]; (ii) Powin, LLC [0504]; (iii) PEOS Holdings, LLC [5476]; (iv) Powin China Holdings 1, LLC [1422]; (v) Powin China Holdings 2, LLC [9713]; (vi) Charger Holdings, LLC [5241]; (vii) Powin Energy Ontario Storage, LLC [8348]; (viii) Powin Energy Operating Holdings, LLC [2495]; and (ix) Powin Energy Operating, LLC [6487]. The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR 97062.

**LIMITED OBJECTION OF KEY CAPTURE ENERGY, LLC, KCE NY 3, LLC, KCE TX 2, LLC, KCE TX 7, LLC, AND KCE TX 8, LLC TO THE NOTICE OF POTENTIALLY ASSUMED EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

To the Honorable Michael B. Kaplan, United States Bankruptcy Judge:

KCE NY 3, LLC, KCE TX 2, LLC, KCE TX 7, LLC, KCE TX 8, LLC, and Key Capture Energy, LLC (together, the "KCE Companies" or "KCE") file this limited objection (the "Objection") to the *Notice of Potentially Assumed Executory Contracts and Unexpired Leases* [Docket No. 446] (the "Notice").[2] KCE files this limited objection to preserve their rights under section 365(b) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with respect to certain of the Contracts to which KCE is a party (collectively, the "KCE Contracts"). In support of this Objection, KCE respectfully states as follows:

### I.    RELEVANT BACKGROUND

1. Pursuant to the KCE Contracts, the KCE Companies were customers of the pre-petition Debtors for the supply of utility-scale battery energy storage system equipment ("BESS Equipment") and for the provision of critical infrastructure monitoring, maintenance, repair, and support services. All BESS Equipment purchased under the relevant supply agreements with the Debtors was delivered and installed prior to the Petition Date. However, the relevant supply agreements ("Supply Agreements") and their corresponding long-term support services agreements ("Service Agreements") have warranty and performance obligations that continue for several years beyond the delivery and installation of the BESS Equipment.

2. In the KCE Contracts constituting Supply Agreements, Debtors guarantee that the BESS Equipment will maintain specified levels of charge/discharge capacity over various periods of time. In the event of a capacity shortfall during each applicable period (i.e., if the actual capacity

---

[2] Capitalized terms used but not defined herein shall have the meaning given to them in the Notice.

is determined to be less than the guaranteed capacity), Debtors become obligated to pay monetary damages in a specified amount in proportion to the severity of the shortfall ("Capacity Damages").

3. In the KCE Contracts constituting Service Agreements, Debtors guarantee that the BESS Equipment will remain in an operable and running state (i.e., "available") for a specified percentage of total hours during various periods of time. In the event of an availability shortfall during each applicable period (i.e., if the actual availability is determined to be less than the guaranteed availability), Debtors become obligated to pay monetary damages in a specified amount in proportion to the severity of the shortfall ("Availability Damages").

4. On July 18, 2025, the Debtors filed the Notice setting forth a schedule of executory contracts and unexpired leases that may be assumed by the Debtors and assigned to the Winning Bidder (the "Notice"). Included in the Notice were certain of the KCE Contracts.

5. The Notice designated a proposed cure amount with respect to each of the KCE Contracts listed therein. The cure amounts proposed by Debtors are shown in the following table, in the column titled "Debtors' Proposed Cure Amount":

| KCE Party | Contract Title[3] | Debtors' Proposed Cure Amount |
|---|---|---|
| KCE NY 3, LLC | Purchase Order for the KCE NY 3 Project (the "New York Project") | $ 0.00 |
| KCE NY 3, LLC | Powin Services Agreement | $ 0.00 |
| KCE TX 7, LLC | Purchase Order for Project TX-7 (Flat Top) | $ 0.00 |
| KCE TX 7, LLC | Powin Services Agreement[4] | $ 0.00 |
| KCE TX 2, LLC | Purchase Order for Project TX-2 (Port Lavaca) | $ 0.00 |
| KCE TX 2, LLC | Powin Services Agreement | $ 0.00 |
| KCE TX 8, LLC | Purchase Order for Project TX-8 (Worsham) | $ 0.00 |

---

[3] In addition to the KCE Contracts shown in this table, the Notice also included a contract titled "Consent and Agreement" with KCE affiliate KCE Texas Holdings 2020, LLC. KCE does not include this contract in this Objection because it is a consent-to-collateral-assignment agreement from 2021, arguably not an executory contract, not in need of cure, and unlikely to be in need of cure in the future.

[4] The Notice listed the Services Agreement for entity KCE NY 3, LLC two times, whereas the Notice omitted the Services Agreement for entity KCE TX 7, LLC. KCE believes that the Debtors intended to list the Services Agreement for both KCE NY 3, LLC and KCE TX 7, LLC, and the listing of a second Services Agreement with KCE NY 3, LLC is a clerical error.

| KCE Party | Contract Title | | |
|---|---|---|---|
| KCE TX 8, LLC | Powin Services Agreement | $ | 0.00 |
| Key Capture Energy, LLC | Master Equipment Supply Agreement | $ | 0.00 |

## II. OBJECTION

6. KCE disputes the cure amounts proposed by Debtors in the Notice. In the case of several of the KCE Contracts constituting Supply Agreements, Debtors have defaulted under the applicable capacity guarantee and owe KCE Capacity Damages, and in the case of several of the KCE Contracts constituting Service Agreements, Debtors have defaulted under the applicable availability guarantee and owe KCE Availability Damages. In addition, with respect to the facility owned by KCE TX 2, LLC, Debtors are responsible for physical damage to the BESS Equipment that has rendered approximately one-fourth of the facility defective and unusable since approximately the time of initial commercial operation.

7. Accounting for these defaults, the correct cure amounts for the KCE Contracts listed in the Notice are shown in the following table, in the column titled "Actual Cure Amount":

| KCE Party | Contract Title | Debtors' Proposed Cure Amount | Actual Cure Amount |
|---|---|---|---|
| KCE NY 3, LLC | Purchase Order for the KCE NY 3 Project (the "New York Project") | $ 0.00 | $ 0.00 |
| KCE NY 3, LLC | Powin Services Agreement | $ 0.00 | $ 0.00 |
| KCE TX 7, LLC | Purchase Order for Project TX-7 (Flat Top) | $ 0.00 | $ 529,007.68 |
| KCE TX 7, LLC | Powin Services Agreement | $ 0.00 | $ 102,504.00 |
| KCE TX 2, LLC | Purchase Order for Project TX-2 (Port Lavaca) | $ 0.00 | $ 1,367,058.95[5] |
| KCE TX 2, LLC | Powin Services Agreement | $ 0.00 | $ 84,120.00 |
| KCE TX 8, LLC | Purchase Order for Project TX-8 (Worsham) | $ 0.00 | $ 481,350.88 |
| KCE TX 8, LLC | Powin Services Agreement | $ 0.00 | $ 98,208.00 |
| Key Capture Energy, LLC | Master Equipment Supply Agreement | $ 0.00 | $ 0.00 |

---

[5] This Actual Cure Amount includes not only the Capacity Damages in relation to the KCE TX 2, LLC facility but also the amount related to the physical damage to the KCE TX 2, LLC facility referenced in paragraph 6.

8. While a debtor generally has the right to assume and assign an executory contract under Section 365(b) of the Bankruptcy Code, if there are defaults under the executory contract, such assumption and assignment is subject to certain conditions, including that the debtor (a) cure, or provide adequate assurance that it will promptly cure, such default; (b) compensate, or provide adequate assurance that it will promptly compensate, the contracting party for any actual pecuniary loss resulting from such default; and (c) provide adequate assurance of future performance under such contract. 11 U.S.C. § 365(b)(1).

9. As noted above, in connection with Debtors' default of the KCE Contracts listed in the Notice, Debtors currently owe KCE the amounts shown in the column titled "Actual Cure Amount" in the table shown in paragraph 7 above. These amounts must be paid in full as a condition precedent to assumption of such KCE Contracts.

### III.  RESERVATION OF RIGHTS

10. KCE reserves the right (a) to amend the cure amounts shown in the column titled "Actual Cure Amount" in the table shown in paragraph 7 above to include additional amounts that continue to accrue, including non-monetary obligations, and any other obligations that arise and/or become known to KCE prior to assumption and assignment of the KCE Contracts; and (b) to make a more thorough and definitive showing as to the cure amounts proffered by KCE at a hearing on the matter.

11. KCE further reserves the right to amend and/or supplement this Objection on any basis, including, without limitation, by adding or supplementing objections to Debtors' proposed cure amount and by adding or supplementing objections to the adequate assurance of future performance information provided by Debtors or any proposed assignee of the KCE Contracts.

## IV.  CONCLUSION

12. WHEREFORE, KCE respectfully requests (a) that any Court order approving the assumption and assignment of any of the KCE Contracts be conditioned upon Debtors or the assignee promptly paying the amounts shown in the column titled "Actual Cure Amount" in the table shown in paragraph 7 above, plus any other pecuniary losses suffered by KCE as a result of Debtors' default of the applicable KCE Contract(s); and (b) such other and further relief as the Court deems just and proper.

*[Remainder of page intentionally left blank]*

Dated: July 28, 2025

Respectfully submitted,

**SAUL EWING LLP**

*/s/ Turner N. Falk*
Turner N. Falk
1500 Market Street, 38th Floor
Philadelphia, PA 19102
Telephone: (215) 972-7777
turner.falk@saul.com

-and-

Lucian B. Murley
1201 N. Market Street, Suite 2300
Wilmington, DE 19801
Telephone: (302) 421-6800
luke.murley@saul.com

-and-

**PORTER HEDGES LLP**

Eric M. English (admitted *pro hac vice*)
James A. Keefe (admitted *pro hac vice*)
1000 Main St., 36th Floor
Houston, TX 77002
Tel: (713) 226-6000
Fax: (713) 226-6248
eenglish@porterhedges.com
jkeefe@porterhedges.com

*Counsel to Key Capture Energy, LLC; KCE NY 3, LLC; KCE TX 2, LLC; KCE TX 7, LLC; and KCE TX 8, LLC*