| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** | |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>John W. Weiss<br>Leah M. Eisenberg<br>David E. Sklar<br>**PASHMAN STEIN WALDER HAYDEN, P.C.**<br>21 Main Street, Suite 200<br>Hackensack, New Jersey 07601<br>Telephone: (201) 270-5477<br>Email: jweiss@pashmanstein.com<br>       leisenberg@pashmanstein.com<br>       dsklar@pashmanstein.com<br><br>-and-<br><br>Joaquin M. C de Baca (admitted *pro hac vice*)<br>Richard A. Stieglitz (admitted *pro hac vice*)<br>Youmi Kim (admitted *pro hac vice*)<br>**MAYER BROWN LLP**<br>1221 Avenue of the Americas<br>New York, New York 10020-1001<br>Telephone: (212) 506-2500<br>Email: jcdebaca@mayerbrown.com<br>       rstieglitz@mayerbrown.com<br>       ykim@mayerbrown.com<br><br>*Counsel for Leeward Renewable Energy, LLC, on behalf of Rabbitbrush Solar, LLC, Chaparral Springs, LLC, and Antelope Valley BESS, LLC* | |
| In Re:<br><br>POWIN, LLC, *et al.*,[1]<br><br>    Debtors. | Chapter 11<br><br>Case Number: 25-16137 (MBK)<br><br>Jointly Administered |

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin Project LLC [1583], (ii) Powin, LLC [0504], (iii) PEOS Holdings, LLC [5476], (iv) Powin China Holdings 1, LLC [1422], (v) Powin China Holdings 2, LLC [9713], (vi) Charger Holdings, LLC [5241], (vii) Powin Energy Ontario Storage, LLC [8348], (viii) Powin Energy Operating Holdings, LLC [2495], and (ix) Powin Energy Operating, LLC [6487]; (x) Powin Energy Storage 2, Inc. [9926]; (xi) Powin Energy Ontario Storage II LP, [5787]; and (xii) Powin Canada B.C. Ltd. [2239]. The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR 97062.

**LEEWARD'S LIMITED OBJECTION TO AND RESERVATION OF RIGHTS REGARDING NOTICE OF POTENTIALLY ASSUMED EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

Leeward Renewable Energy, LLC ("Leeward"), on behalf of Rabbitbrush Solar, LLC, Chaparral Springs, LLC, and Antelope Valley BESS, LLC (formerly, AVEP BESS LLC) (collectively, the "Leeward Parties"), by and through its undersigned counsel, hereby submits this objection and reservation of rights (the "Objection") to the *Notice of Potentially Assumed Executory Contracts and Unexpired Leases* [ECF No. 446] (the "Assumption Notice").[2] In support of the Objection, the Leeward Parties respectfully submit as follows:

## OBJECTION

1. The Leeward Parties are the owners and operators of renewable energy projects located in Kern County, California, each of which relies on large-scale battery energy storage systems supplied and supported by one of the Debtors, Powin, LLC ("Powin").

2. The Leeward Parties and Powin are parties to the following energy system supply agreements (collectively, including any amendments thereto, the "ESSAs"):

   a. Energy Storage System Supply Agreement for the AVEP BESS Solar Project between AVEP BESS, LLC and Powin, LLC dated December 21, 2022 (the "AVEP ESSA");

   b. Energy Storage System Supply Agreement for the Chaparral Springs Solar Project between Chaparral Springs, LLC and Powin, LLC dated July 27, 2022 (the "Chaparral Springs ESSA");

   c. Energy Storage System Supply Agreement for the Willow Springs Solar Project between Chaparral Springs, LLC and Powin, LLC dated July 27, 2022 (the "Willow Springs ESSA");

   d. Battery Energy Storage System Supply Agreement for the Rabbitbrush 1 Project between Rabbitbrush Solar, LLC and Powin, LLC dated July 9, 2021 (the "Rabbitbrush 1 ESSA"); and

---

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Assumption Notice and the Settlement Agreement (as defined below), as applicable.

2

   e. Battery Energy Storage System Supply Agreement for the Rabbitbrush 2 Projects between Rabbitbrush Solar, LLC and Powin, LLC dated July 9, 2021 (the "Rabbitbrush 2 ESSA").

3. Leeward and Powin are also parties to a Compromise Settlement Agreement and Mutual Release dated April 24, 2025 (the "Settlement Agreement"), attached hereto as **Exhibit A**, which, among other things, modified the ESSAs.

4. As a preliminary matter, all of the ESSAs—including those identified as potentially assumable and assignable in the Assumption Notice—were previously designated for rejection pursuant to the *Omnibus Motion of the Debtors For Entry of an Order (I) Authorizing the Rejection of Legacy Customer Contracts and (II) Granting Related Relief* [ECF No. 88] (the "Rejection Motion"). The Leeward Parties, through their counsel, requested clarification from the Debtors regarding the intended treatment of these contracts. In response the Debtors indicated that they are seeking to reject the ESSAs. However, in light of the pending deadline to file objections set forth in the Assumption Notice, the Leeward Parties submit this Objection out of an abundance of caution.

## I. The Debtors Have Not Adequately Identified the Leeward Contracts To Be Assumed and Assigned.

5. The Assumption Notice lacks sufficient information for Leeward to identify the specific contracts at issue. The Assumption Notice lists an Energy Storage System Supply Agreement between Powin and Chaparral Springs, LLC as an executory contract that may be assumed and assigned, but Chaparral Springs, LLC is counterparty to both the Chaparral Springs ESSA and the Willow Springs ESSA, and as a result, Leeward cannot determine which ESSA is implicated or what the appropriate cure amount is. The Assumption Notice is also unclear as to whether the listed Battery Energy Storage System Supply Agreement between Powin and Rabbitbrush Solar, LLC is the Rabbitbrush 2 ESSA. While Leeward has inferred that the

3

Rabbitbrush 2 ESSA is likely being proposed to be assumed and assigned, this is not clearly confirmed in the Assumption Notice. Leeward, through its counsel, requested additional information from the Debtors to assist in identifying the aforementioned contracts, and the parties are sharing information in an attempt to clarify these questions. Pending review of such information, Leeward objects to the Assumption Notice on the basis that it cannot determine which contracts are subject to potential assumption and assignment.

**II.    The Debtors Do Not Account for the Settlement Agreement Nor Have They Provided the Correct Cure Amounts.**

6.    Before assuming and assigning any executory contracts, the Debtors must cure (or provide adequate assurance of a prompt cure of) any defaults under the subject contracts. 11 U.S.C. § 365(b)(1)(A). The Debtors have listed a $0.00 cure amount for each of the ESSAs identified in the Assumption Notice. However, this is incorrect, as substantial cure amounts are owed under the ESSAs.

7.    Furthermore, each ESSA has been modified by the Settlement Agreement, which has neither been rejected nor identified as a contract that may be assumed or assigned. Because the Settlement Agreement relates to the underlying ESSAs (and other agreements between Powin and the Leeward Licensees) and represents the parties' entire understanding of the contracts, they constitute integrated contracts that may not be separately assumed and assigned, if that is the Debtors' intent. *See, e.g., In re Condor Sys., Inc.*, 290 B.R. 752, 756 (Bankr. N.D. Cal. 2003) (citing *Battery Steamship Corp. v. Refineria Panama, S.A.*, 513 F.2d 735, 738 n. 3 (2d Cir.1975)); *Lewis Bros. Bakeries Inc. v. Interstate Brands. Corp. (In re Interstate Bakeries Corp.)*, 751 F.3d 955, 961-2 (8th Cir. 2014); *In re Buffets Holdings, Inc.*, 387 B.R. 115, 121-23 (Bankr. D. Del. 2008). An executory contract must be assumed in its entirety and "[c]orrespondingly, all of the contracts that comprise an integrated agreement must either be assumed or rejected, since they all

4

make up one contract." *Taylor-Wharton Int'l LLC v. Blasingame (In re Taylor-Wharton Int'l LLC)*, 2010 WL 4862723, at *3 (Bankr. D. Del. Nov. 23, 2010) (internal citations omitted). The ESSAs cannot be assumed and assigned independently of the Settlement Agreement, and any cure costs associated with the assumption and assignment of the ESSAs must also account for the Settlement Agreement and breaches thereof.

8.  If the Debtors seek to reject the Settlement Agreement, irrespective of the foregoing, such rejection would trigger the imposition of substantial liquidated damages and other cure amounts, amounting to tens of millions of dollars, for defaults under the ESSAs, in addition to other potential claims arising from the breach of the Settlement Agreement.

9.  The cure amount for the AVEP ESSA, as modified by the Settlement Agreement, is in excess of $3,500,000.00 for reductions in AVEP LTSA fees that Leeward has not received the benefit of and which were a material component of the bargained-for exchange in the Settlement Agreement (Settlement Agreement 4(c)). In addition, Leeward is owed a cure amount of $4,000,000.00 for a deposit paid to Powin for an Augmentation Agreement that Powin did not perform, in breach of the Settlement Agreement (Settlement Agreement 5(c)).

10. Since the Assumption Notice does not provide a clear and complete description for Leeward to determine whether the Chapparal Springs ESSA or the Willow Springs ESSA is implicated under the Assumption Notice, Leeward is unable to provide an accurate cure amount at this time. If the Debtors intend to assume and assign the Chaparral Springs ESSA as modified by the Settlement Agreement, the cure amount is in excess of $2,250,000.00 for reductions in Chap 1 LTSA fees that Leeward has not received the benefit of and which were a material component of the bargained-for exchange in the Settlement Agreement (Settlement Agreement 4(a)). In addition, Leeward is owed a cure amount of $2,000,000.00 for a deposit paid to Powin for an

5

Augmentation Agreement that Powin did not perform, in breach of the Settlement Agreement (Settlement Agreement 5(a)).

11. If, instead, the Debtors intend to refer to the Willow Springs ESSA as modified by the Settlement Agreement, the cure amount is in excess of $1,800,000.00 for reductions in Chap 2 LTSA fees that Leeward has not received the benefit of and which were a material component of the bargained-for exchange in the Settlement Agreement (Settlement Agreement 4(b)). In addition, Leeward is owed a cure amount of $2,000,000.00 for a deposit paid to Powin for an Augmentation Agreement that Powin did not perform, in breach of the Settlement Agreement (Settlement Agreement 5(b)).

12. Leeward does not dispute the cure amounts for the Rabbitbrush 1 ESSA or the Rabbitbrush 2 ESSA (assuming that this is the contract listed in the Assumption Notice), however, the Leeward Parties reserve all rights to assert any unknown or undiscovered cure costs, or those that become due post-petition and prior to the effective date of assumption.

13. In addition to the amounts identified above as currently due and owing under the ESSAs, the Debtors should pay, as cure, any future amounts owed under the ESSAs that become due prior to the effective date of assumption.

14. Leeward reserves all rights to amend or supplement this Objection and be heard further regarding cure amounts until the contracts the Debtors seek to assume and assign are identified with enough specificity to allow Leeward to determine the corresponding cure amounts.

### III. The Debtors Have Not Provided Adequate Assurance of Future Performance by the Assignee.

15. Before assuming and assigning any executory contracts, a debtor must provide adequate assurance of future performance. 11 U.S.C. § 365(b)(1)(C). As of the date of this Objection, the Debtors have not provided adequate assurance information with respect to the

6

Stalking Horse Bidder, which, in any event, may not be the ultimate purchaser of the Debtors' assets and assignee of the ESSAs. Accordingly, Leeward cannot evaluate whether the proposed assignee will be able to adequately perform, financially and operationally, its obligations under the ESSAs. Leeward therefore reserves all rights relating thereto. Additionally, the Debtors have previously indicated in the Rejection Motion that they are winding down their "ESA Line of Business" (as defined in the Rejection Motion) and are unable to perform contracts that are part of the ESA Line of Business, which includes the ESSAs. Rejection Motion ¶ 10. Given these circumstances, it remains unclear whether the Stalking Horse Bidder or any eventual purchaser intends to assume the ESA Line of Business or possesses the capability to perform under the ESSAs.

## RESERVATION OF RIGHTS

16. Through this Objection, Leeward expressly reserves its rights to amend, modify, and supplement this Objection, including, without limitation, to raise additional arguments concerning cure amounts, adequate assurance of future performance, or any other relevant interests.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Leeward respectfully requests that the Court (a) condition the assumption and assignment of any agreements between any Debtor and any Leeward Party on the Debtors having first (i) specifically identified the ESSAs for potential assumption and assignment; (ii) paid, or provided adequate assurances of payment of, the correct amount of the cure costs in connection with such ESSAs; and (iii) provided adequate assurances of the ability of

the assignee of the ESSAs to perform its obligations thereunder; and (b) grant such other and further relief as is appropriate under the circumstances.

[*Remainder of page intentionally left blank.*]

Dated: July 28, 2025

Respectfully submitted,

*/s/ Leah M. Eisenberg*
John W. Weiss
Leah M. Eisenberg
David E. Sklar
**PASHMAN STEIN WALDER HAYDEN, P.C.**
21 Main Street, Suite 200
Hackensack, New Jersey 07601
Telephone: (201) 270-5477
Email: jweiss@pashmanstein.com
   leisenberg@pashmanstein.com
   dsklar@pashmanstein.com

-and-

Joaquin C de Baca (admitted *pro hac vice*)
Richard A. Stieglitz (admitted *pro hac vice*)
Youmi Kim (admitted *pro hac vice*)
**MAYER BROWN LLP**
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 506-2500
Facsimile: (212) 262-1910
Email: JCdeBaca@mayerbrown.com
   RStieglitz@mayerbrown.com
   YKim@mayerbrown.com

*Counsel for Leeward Renewable Energy, LLC, on behalf of Rabbitbrush Solar, LLC, Chaparral Springs, LLC, and Antelope Valley BESS, LLC*