|  |  |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** |  |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>John W. Weiss<br>Leah M. Eisenberg<br>David E. Sklar<br>**PASHMAN STEIN WALDER HAYDEN, P.C.**<br>21 Main Street, Suite 200<br>Hackensack, New Jersey 07601<br>Telephone: (201) 270-5477<br>Email: jweiss@pashmanstein.com<br>     leisenberg@pashmanstein.com<br>     dsklar@pashmanstein.com<br><br>-and-<br><br>Joaquin M. C de Baca (admitted *pro hac vice*)<br>Richard A. Stieglitz (admitted *pro hac vice*)<br>Youmi Kim (admitted *pro hac vice*)<br>**MAYER BROWN LLP**<br>1221 Avenue of the Americas<br>New York, New York 10020-1001<br>Telephone: (212) 506-2500<br>Email: jcdebaca@mayerbrown.com<br>     rstieglitz@mayerbrown.com<br>     ykim@mayerbrown.com<br><br>*Counsel for Poblano Energy Storage, LLC, Strata Solar Services, LLC, and Strata Storage, LLC* |  |
| In Re:<br><br>POWIN, LLC, *et al.*,[1]<br><br>    Debtors. | Chapter 11<br><br>Case Number: 25-16137 (MBK)<br><br>Jointly Administered |

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin Project LLC [1583], (ii) Powin, LLC [0504], (iii) PEOS Holdings, LLC [5476], (iv) Powin China Holdings 1, LLC [1422], (v) Powin China Holdings 2, LLC [9713], (vi) Charger Holdings, LLC [5241], (vii) Powin Energy Ontario Storage, LLC [8348], (viii) Powin Energy Operating Holdings, LLC [2495], (ix) Powin Energy Operating, LLC [6487], (x) Powin Energy Storage 2, Inc. [9926], (xi) Powin Energy Ontario Storage II LP [5787], and (xii) Powin Canada B.C. Ltd. [2239]. The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR 97062.

**STRATA PARTIES' LIMITED OBJECTION TO AND RESERVATION OF RIGHTS REGARDING NOTICE OF POTENTIALLY ASSUMED EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

Poblano Energy Storage, LLC ("Poblano"), Strata Solar Services, LLC, and Strata Storage, LLC (collectively, the "Strata Parties"), by and through their undersigned counsel, hereby submit this objection and reservation of rights (the "Objection") to the *Notice of Potentially Assumed Executory Contracts and Unexpired Leases* [ECF No. 446] (the "Assumption Notice").[2] In support of the Objection, the Strata Parties respectfully submit as follows:

## BACKGROUND

1. The Strata Parties are the owners and operators of certain energy storage projects, each of which relies on large-scale battery energy storage systems supplied and supported by one of the Debtors, Powin, LLC ("Powin").

2. Over the years, the Strata Parties have maintained multiple contractual relationships with the Debtors and/or affiliates of the Debtors, including, among other things, that certain Energy System Supply Agreement, dated April 17, 2023 (the "Poblano ESSA"), between Poblano and Powin. Pursuant to a Consent and Assignment Agreement, dated November 3, 2023 (the "Assignment Agreement"), among Poblano, EPC Services Company ("EPC") and Powin, the Poblano ESSA was assigned from Poblano to EPC.

3. On July 18, 2025, the Debtors filed the Assumption Notice, listing six contracts with the Strata Parties, including the Poblano ESSA and the Assignment Agreement, for potential assumption and assignment (collectively, the "Contracts") (set forth by the Debtors as follows):

| Debtor | Counterparty | Cure Amount | Contract Title |
|---|---|---|---|
| Powin, LLC | Poblano Energy Storage, LLC | $0.00 | Energy System Supply Agreement |
| Powin, LLC | Poblano Energy Storage, LLC | $0.00 | IP Escrow Invoicing Agreement |

---

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Assumption Notice.

| Powin, LLC | Poblano Energy Storage, LLC | $0.00 | Consent and Assignment Agreement |
| Powin, LLC | Strata Solar Services, LLC | $1,546.56 | Powin Services Agreement |
| Powin, LLC | Strata Solar Services, LLC | Unknown | Powin Services Agreement |
| Powin, LLC | Strata Storage, LLC | $0.00 | Battery Equipment Supply Agreement |

4.      As a preliminary matter, the Poblano ESSA was previously designated for rejection pursuant to the *Omnibus Motion of the Debtors For Entry of an Order (I) Authorizing the Rejection of Legacy Customer Contracts and (II) Granting Related Relief* [ECF No. 88] (the "Rejection Motion"). The Strata Parties, through their counsel, requested clarification from the Debtors regarding the proposed treatment of the Poblano ESSA. In response, the Debtors indicated that they are seeking to reject the Poblano ESSA. However, in light of the pending deadline to file objections set forth in the Assumption Notice, the Strata Parties have included objections related to the Poblano ESSA in this Objection out of an abundance of caution.

**LIMITED OBJECTION**

**I.      The Debtors Have Not Adequately Identified the Contracts To Be Assumed and Assigned.**

5.      The Assumption Notice lacks sufficient information for the Strata Parties to identify the specific Contracts at issue. The Assumption Notice lists two Powin Services Agreements between Powin and Strata Solar Services, LLC as executory contracts that may be assumed and assigned. Without further information, however, the Strata Parties cannot identify what these agreements are. It is possible that the Debtors intended to reference the Powin Services Agreement for the City of Wilson project, dated as of August 22, 2019, between Strata Solar Services, LLC and Powin Energy Corporation (the "Wilson Agreement"), as well as the Powin Services Agreement for the Evans Storage project, dated as of October 27, 2020, between Strata Solar Services LLC and Powin Energy Corporation (the "Evans Agreement"). However, the Wilson

Agreement and the Evans Agreement are with Powin Energy Corporation, which is not a Debtor, and therefore are ineligible for assumption, assignment or rejection. *See* 11 U.S.C. § 365(a) (the trustee "may assume or reject any executory contract or unexpired lease of the *debtor*") (emphasis added).

6. The Assumption Notice also lists a Battery Equipment Supply Agreement with Strata Storage, LLC for potential assumption and assignment. Without further information, however, the Strata Parties cannot determine what agreement the Debtors are referencing. The Strata Parties are not aware of any Battery Equipment Supply Agreement between Strata Storage, LLC and any Debtor.

7. Because the Assumption Notice does not provide a clear and complete description of the agreements the Debtors seek to assume and assign, the Strata Parties are unable to determine which Contracts are at issue or determine the accuracy of the proposed cure amount for these Contracts at this time.

8. The Strata Parties, through their counsel, requested additional information from the Debtors to assist in identifying the aforementioned Contracts, and the parties are sharing information in an attempt to clarify these questions. Pending review of such information, the Strata Parties object to the Assumption Notice on the basis that they cannot determine which Contracts are subject to potential assumption. The Strata Parties reserve all rights regarding the Debtors' proposed treatment of such Contracts and the corresponding proposed cure amounts.

II. **The Debtors Have Not Provided the Correct Cure Amounts.**

9. Before assuming and assigning any executory contracts, the Debtors must cure (or provide adequate assurance of a prompt cure of) any defaults under the subject contracts. 11 U.S.C. § 365(b)(1)(A).

10. The Debtors have listed a $0.00 cure amount for the Poblano ESSA, but this is incorrect. The Debtors owe in excess of $5,000,000.00 for warranty work in accordance with the Poblano ESSA. In addition, Powin owes in excess of $1,000,000.00 of contract damages in connection with its defaults under the Poblano ESSA. The Strata Parties join the *Objection of EPC Services Company to Notice of Potentially Assumed Executory Contracts and Unexpired Leases (Docket #446)* [ECF No. 529] to the extent it objects to cure costs related to the Poblano ESSA. The correct cure amount, which shall include any additional unpaid amounts that have or will become due post-petition through the effective date of assumption, must be paid prior to any contemplated assumption and assignment of the Poblano ESSA.

### III. The Debtors Have Not Provided Adequate Assurance of Future Performance by the Assignee.

11. Before assuming and assigning any executory contracts, a debtor must provide adequate assurance of future performance. 11 U.S.C. § 365(b)(1)(C). As of the date of this Objection, the Debtors have not provided adequate assurance information with respect to the Stalking Horse Bidder, which, in any event, may not be the ultimate purchaser of the Debtors' assets and assignee of the Contracts. Accordingly, the Strata Parties cannot evaluate whether the proposed assignee will be able to adequately perform its obligations under the Contracts financially and operationally, and the Strata Parties therefore reserve all rights relating thereto. Additionally, the Debtors have previously represented that they are winding down their "ESA Line of Business" (as defined in the Rejection Motion) and are unable to perform contracts that are part of the ESA Line of Business, which include the Poblano ESSA. Rejection Motion ¶ 10. Given these circumstances, it remains unclear whether the Stalking Horse Bidder or any eventual purchaser intends to assume the ESA Line of Business or possesses the capability to perform under the Poblano ESSA.

5

Case 25-16137-MBK    Doc 553    Filed 07/28/25    Entered 07/28/25 16:34:03    Desc Main
Document    Page 6 of 7

## **RESERVATION OF RIGHTS**

The Strata Parties expressly reserve all rights to amend, modify, and supplement this Objection, including, without limitation, to raise additional arguments concerning cure amounts, adequate assurance of future performance, or any other relevant interests.

## **CONCLUSION**

WHEREFORE, for the foregoing reasons, the Strata Parties respectfully request that the Court (a) condition the assumption and assignment of any agreements between any Debtor and any Strata Party on the Debtors having first (i) specifically identified the Contracts for potential assumption and assignment; (ii) paid, or provided adequate assurances of payment of, the correct amount of the cure costs in connection with such Contracts; and (iii) provided adequate assurances of the ability of the assignee of the Contracts to perform its obligations thereunder; and (b) grant such other and further relief as is appropriate under the circumstances.

[*Remainder of page intentionally left blank.*]

Dated: July 28, 2025

Respectfully submitted,

*/s/ Leah M. Eisenberg*
John W. Weiss
Leah M. Eisenberg
David E. Sklar
**PASHMAN STEIN WALDER HAYDEN, P.C.**
21 Main Street, Suite 200
Hackensack, New Jersey 07601
Telephone: (201) 270-5477
Email: jweiss@pashmanstein.com
leisenberg@pashmanstein.com
dsklar@pashmanstein.com

-and-

Joaquin C de Baca (admitted *pro hac vice*)
Richard A. Stieglitz (admitted *pro hac vice*)
Youmi Kim (admitted *pro hac vice*)
**MAYER BROWN LLP**
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 506-2500
Facsimile: (212) 262-1910
Email: JCdeBaca@mayerbrown.com
RStieglitz@mayerbrown.com
YKim@mayerbrown.com

*Counsel for Poblano Energy Storage, LLC, Strata Solar Services, LLC, and Strata Storage, LLC*