|  |
|---|
| UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>**PORZIO, BROMBERG & NEWMAN, P.C.**<br>100 Southgate Parkway<br>P.O. Box 1997<br>Morristown, New Jersey 07962<br>(973) 538-4006<br>(973) 538-5146 Facsimile<br>Warren J. Martin, Jr., Esq. (wjmartin@pbnlaw.com)<br>Zhenyi Zhou, Esq. (jzhou@pbnlaw.com)<br><br>- and -<br><br>**ORRICK, HERRINGTON & SUTCLIFFE LLP**<br>Mark Franke (*pro hac vice* pending)<br>51 West 52nd Street<br>New York, NY 10019-6142<br>T: +1 212 506 5000<br>E: mfranke@orrick.com<br><br>Nicholas Sabatino (*pro hac vice* pending)<br>400 Capitol Mall, Suite 3000<br>Sacramento, CA 95814<br>T: +1 916 447 9200<br>E: nsabatino@orrick.com<br><br>*Counsel to Formosa Electronic Industries, Inc.* |

| In re: | Chapter 11 |
|---|---|
| Powin, LLC, *et al.*,[1] | Case No. 25-16137 (MBK) |
| Debtors. | Hon. Michael B. Kaplan, U.S.B.J. |
|  | (Jointly Administered) |

### LIMITED OBJECTION AND RESERVATION OF RIGHTS OF FORMOSA ELECTRONIC INDUSTRIES, INC. TO DEBTORS' NOTICE OF POTENTIAL ASSUMPTION AND ASSIGNMENT AND PROPOSED CURE COSTS

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin Project LLC [1583]; (ii) Powin, LLC [0504]; (iii) PEOS Holdings, LLC [5476]; (iv) Powin China Holdings 1, LLC [1422]; (v) Powin China Holdings 2, LLC [9713]; (vi) Charger Holdings, LLC [5241]; (vii) Powin Energy Ontario Storage, LLC [8348]; (viii) Powin Energy Operating Holdings, LLC [2495]; (ix) Powin Energy Operating, LLC [6487]; (x) Powin Energy Storage 2, Inc. [9926]; (xi) Powin Energy Ontario Storage II LP, [5787]; and (xii) Powin Canada B.C. Ltd. [2239]. The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR 97062

8222806

[Relates to Docket No. 446]

Formosa Electronic Industries, Inc. ("Formosa") hereby files this limited objection and reservation of rights (the "Limited Objection") with respect to the schedule of contracts and unexpired leases attached as Exhibit A to the *Notice of Potentially Assumed Executory Contracts and Unexpired Leases* [Docket No. 446] (the "Cure Notice"), in which debtor Powin, LLC ("Powin") and its above-captioned affiliates (together with Powin, the "Debtors") seek to assume certain agreements with Formosa but have incorrectly list the proposed cure amounts. In support of this Limited Objection, Formosa respectfully states as follows:

## INTRODUCTION

1.  Formosa files this Limited Objection to the Cure Notice and reserves its right to demand adequate assurance of future performance with respect to the Purchase Framework Agreement (defined below) that the Debtors may seek to assume and assign to an entity selected as the purchaser of the Debtors' assets pursuant to Bankruptcy Code section 363.

2.  The Debtors have incorrectly listed the cure amount for the Purchase Framework Agreement as "Unknown," which, pursuant to the Cure Notice, without a timely objection, would be deemed to be $0.00. Powin has defaulted on its obligations under the Purchase Framework Agreement by not paying invoices for products delivered pursuant to purchase orders that Powin submitted under the Purchase Framework Agreement. To properly cure all defaults under the Purchase Framework Agreement, Powin would have to pay Formosa $9,193,871.63. Formosa files this Limited Objection (a) to assert the correct cure amount for any assumption of the Purchase Framework Agreement, and further (b) to ensure that any assumption and assignment of the Purchase Framework Agreement is properly designated. In addition, neither the Debtors nor any

2

proposed purchaser of the Debtors' assets have provided Formosa with adequate assurance of their ability to continue to perform under the Purchase Framework Agreement.

## BACKGROUND

3. On June 10, 2025 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of New Jersey (the "Court").

4. Prior to the Petition Date, Formosa and Powin executed that certain Purchase Framework Agreement dated March 22, 2023, which set forth terms for Formosa's provision of lithium iron phosphate ("LFP") modules to Powin (the "Purchase Framework Agreement") for Powin's incorporation into battery energy storage systems.

5. On July 1, 2025, the Debtors filed the *Motion for Entry of an Order (I) Designating a Stalking Horse Bidder and Approving Stalking Horse Bidder Protections (II) Approving Bidding Procedures by Which Interested Parties May Bid and an Auction Sale Format in Connection with the Sale of Substantially All of the Debtors' Assets, (III) Approving Form of Asset Purchase Agreement, (IV) Approving Form of Notice to be Provided to Interested Parties, (V) Authorizing the Assumption and Assignment of Assumed Contracts and Notice Procedures Thereto, (VI) Scheduling a Court Hearing to Consider Approval of the Sale to the Highest and Best Bidder, and (VII) Authorizing the Sale of Debtors' Property Free and Clear of All Causes of Action and Claims* [Docket No. 228] (the "Bidding Procedures Motion"). The Bidding Procedures Motion designated FlexGen Power Systems, LLC as the stalking horse bidder (the "Stalking Horse Bidder") for the sale of substantially all of the Debtors' assets (the "Proposed Sale Transaction").

6. On July 14, 2025, the Debtors filed a draft agreement that if consummated would achieve the Proposed Sale Transaction to the Stalking Horse Bidder [Docket No. 384, Ex. C] (the

"Stalking Horse APA"). The Stalking Horse APA does not include a schedule of contracts to be assumed and assigned as part of the Proposed Sale Transaction.

7. On July 17, 2025, the Court entered the *Order (I) Designating a Stalking Horse Bidder and Approving Stalking Horse Bidder Protections, (II) Approving Bidding Procedures by Which Interested Parties May Bid and an Auction Sale Format in Connection With the Sale of Substantially All of the Debtors' Assets, (III) Approving Form of Asset Purchase Agreement, (IV) Approving Form of Notice to be Provided to Interested Parties, (V) Authorizing the Assumption and Assignment of Assumed Contracts and Notice Procedures Thereto, (VI) Scheduling a Court Hearing to Consider Approval of the Sale to the Highest and Best Bidder, and (VII) Authorizing the Sale of the Debtors' Property Free and Clear of All Causes of Action and Claims* [Docket No. 413] (the "Bidding Procedures Order").

8. On July 18, 2025, the Debtors filed the Cure Notice, in which the Debtors (i) announced their intent to "potentially" assume and assign the Purchase Framework Agreement to the successful bidder for the Debtors assets under the terms of the Bidding Procedures Order (the "Purchaser"), be it the Stalking Horse Purchaser[2] or another bidder, and (ii) incorrectly listed the Purchase Framework Agreement as having an "unknown" cure amount. *See* Cure Notice, Ex. A.

9. Powin has defaulted on its obligations under the Purchase Framework Agreement by failing to pay outstanding invoices, resulting in a total outstanding balance of $9,193,871.63[3].

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Cure Notice.
[3] The Purchase Framework Agreement contains confidential and commercially sensitive information but Formosa can make it available upon request for inspection by the Debtors or the Bankruptcy Court as necessary.

**OBJECTION**

10. The Cure Notice identifies the following Formosa executory contracts with their respective proposed cure amounts:

| Debtor | Counterparty | Cure Payment Amount | Contract Title | Term Remaining |
|---|---|---|---|---|
| Powin, LLC | Formosa Electronic Industries, Inc. | Unknown | Purchase Framework Agreement | |
| Powin, LLC | Formosa Electronic Industries, Inc. | $3,209,386.90 | Supply Agreement | Evergreen |

*See* Cure Notice, Ex. A.

11. Section 365 of the Bankruptcy Code generally permits a debtor to assume or to reject an executory contract in the debtor's discretion. 11 U.S.C. § 365. However, in order to assume an executory contract, a debtor must (i) cure, or provide adequate assurance that they will promptly cure, all existing defaults under the executory contract in full; (ii) compensate, or provide adequate assurance that they will compensate, the counterparty to the executory contract for any pecuniary loss arising from such defaults; and (iii) provide adequate assurance of future performance under the contract. *See* 11 U.S.C. § 365(b)(1). Curing a default under an executory contract essentially requires that the contract be brought back into compliance with its terms. 3 Collier on Bankruptcy ¶ 365.06. The default is measured as of the "time of assumption" (*see, e.g., In re Rachels Indus, Inc*., 109 B.R. at 811-12 (Bankr. W.D. Tenn. 1990).

12. Formosa objects to the Cure Notice because it misstates and mischaracterizes the cure amount for the Purchase Framework Agreement as "Unknown." Based on its preliminary review, Formosa has determined that Powin failed to pay for LFP modules delivered to Powin under the terms of the Purchase Framework Agreement, resulting in a balance due to Formosa of $9,193,871.63. This amount must be cured before the Debtors can assume the Purchase

Framework Agreement. A further breakdown of the amount owed is set forth in the chart attached hereto as **Exhibit A**[4].

13. Furthermore, under Section 365(f)(2)(B) of the Bankruptcy Code, Debtors may not assign agreements to any purchaser, unless the proposed purchaser provides adequate assurance of future performance, whether or not there has been a default in such contract or lease. *See In re Fleming Companies, Inc*. 499 F.3d 300, 305 (3d Cir. 2007). Although not defined by the Bankruptcy Code, the meaning of adequate assurance of future performance is determined by the "particular facts and circumstances of each case" and must be given "practical, pragmatic construction based upon the facts and circumstances" of the case. *See In re DBSI, Inc.*, 405 B.R. 698, 708 (Bankr, D. Del. 2009) (quoting *In re Carlisle Homes, Inc.,* 103 B.R. 524, 538 (Bankr. D.N.J. 1988); *see also In re Dura Automotive Systems, Inc.*, No. 06-11202 KJC, 2007 WL 7728109, at *97 (Bankr. D. Del. Aug. 15, 2007) (quoting *EBG Midtown S. Corp. v. McLaren/Hart Evtl. Engineering Corp. (In re Sandshoe Worldwide Corp.*), 139 B.R. 585, 592 (S.D.N.Y. 1992).

14. The Debtors have yet to satisfy their burden with respect to the elements of adequate assurance of future performance set forth in Bankruptcy Code sections 365(b)(1)(C) and (f)(2). Neither the Bidding Procedures Motion nor the Stalking Horse APA provide a list of agreements to be assigned to the Purchaser in the Proposed Sale Transaction. It is, therefore, unclear at this point if the Purchase Framework Agreement will be a part of the Proposed Sale Transaction. The Cure Notice only says that the Debtors may "potentially" assign the Purchase Framework Agreement as part of the Proposed Sale Transaction.

15. Further, neither the Debtors nor the Purchaser have provided any information on, or support for, the ability of the Debtors or the Purchaser to promptly satisfy all amounts owed to

---

[4] Due to the nature of the relationship between Formosa and the Debtors, which is ongoing, Formosa continues to reconcile the amounts it is owed by the Debtors and the numbers listed herein will be further updated to the extent additional amounts are due and owing.

6

8222806

Formosa and to meet the going forward requirements imposed on contract parties under the Purchase Framework Agreement. No information regarding the Purchaser's financial condition and operational competence has been provided to Formosa so that it can evaluate the Purchaser's ability perform under the Purchase Framework Agreement, including its ability to make the necessary payments for orders placed thereunder, which orders require significant initial capital outlays by Formosa and could leave Formosa exposed to tremendous uncompensated procurement costs.

16. Without receipt of the information listed in paragraph 15 above, Formosa reserves the right to object to the proposed assumption and assignment of its contracts until any Purchaser, including the Stalking Horse Bidder, is able to evidence it can provide adequate assurance of future performance.

## **RESERVATION OF RIGHTS**

17. Formosa expressly reserves all rights under the Bankruptcy Code and applicable agreements, including, without limitation, the right to supplement and/or amend this Limited Objection and assert any further objections related to the assumption of the Purchase Framework Agreement and in the Cure Notice or any sale of the Debtors' assets. Nothing included in this Limited Objection constitutes a waiver of any of the claims, defenses, entitlements, rights or remedies of Formosa, each of which is expressly reserved.

18. Formosa further reserves the right to assert any and all other claims against the Debtors arising out of or related to the Purchase Framework Agreement, including without limitation, claims for (a) post-petition charges accruing under the Purchase Framework Agreement that Formosa has yet to discover and not yet identified on Exhibit A; (b) pecuniary losses suffered

8222806

by Formosa as a result of any defaults by Powin under the Purchase Framework Agreement; and (c) non-monetary defaults of which Formosa is currently unaware.

19. To the extent applicable, Formosa reserves all rights to object to any proposed assignee of the Purchase Framework Agreement on any basis, to the extent the Debtors seeks to assign the Purchase Framework Agreement, as well as any other rights it now has or may have under applicable law with respect to this matter including but not limited to any rights under Section 365(b) and 365(f) of the Bankruptcy Code.

## CONCLUSION

WHEREFORE, for the reasons set forth herein, Formosa requests that assumption of the Purchase Framework Agreement be conditioned upon (a) the payment of the proper cure amount of $9,193,871.63, plus any additional amounts which become due and owing after the date of filing this Limited Objection, (b) the preservation of Formosa's rights of recoupment and setoff under the Purchase Framework Agreement and common law, and (c) a showing of adequate assurance of future performance.

*[Remainder of Page Intentionally Left Blank]*

8222806

Dated: July 28, 2025

Respectfully submitted,
 */s/ Warren J. Martin*
Warren J. Martin

**PORZIO, BROMBERG & NEWMAN, P.C.**
100 Southgate Parkway
P.O. Box 1997
Morristown, New Jersey 07962
(973) 538-4006
(973) 538-5146 Facsimile
Warren J. Martin, Jr., Esq. (wjmartin@pbnlaw.com)
Zhenyi Zhou, Esq. (jzhou@pbnlaw.com)

-AND-

**ORRICK, HERRINGTON & SUTCLIFFE LLP**
Mark Franke (*pro hac vice pending*)
51 West 52nd Street
New York, NY 10019-6142
T: +1 212 506 5000
E: mfranke@orrick.com

Nicholas Sabatino *(pro hac vice pending)*
400 Capitol Mall, Suite 3000
Sacramento, CA 95814
T: + 1 916 447 9200
E: nsabatino@orrick.com

*Counsel to Formosa Electronic Industries, Inc.*

# EXHIBIT A

Statement of Amount Due

| Invoice No. | Project / Item | Invoice Amt. | Due Date | Outstanding Balance |
|---|---|---|---|---|
| PI240615001 | P.LRD0082 (Shipment#37) | $ 258,525.00 | 13-Oct-24 | $ 258,525.00 |
| PI240617001 | P.LRD0081 (Shipment#36) | $ 10,341.00 | 15-Oct-24 | $ 10,341.00 |
| PI240623001 | P.LRD0082 (Shipment#38) | $ 258,525.00 | 21-Oct-24 | $ 258,525.00 |
| PI240623002 | P.LRD0100 Serrano(Shipment#38) | $ 336,082.50 | 21-Oct-24 | $ 336,082.50 |
| PI240629001 | P.LRD0082 (Shipment#39) | $ 284,377.50 | 26-Oct-24 | $ 284,377.50 |
| PI240629002 | P.LRD0100 Serrano(Shipment#39) | $ 361,935.00 | 26-Oct-24 | $ 361,935.00 |
| PI240709001 | P.LRD0100 Serrano (Shipment#40) | $ 103,410.00 | 4-Nov-24 | $ 103,410.00 |
| PI240709002 | P.LRD0082 (Shipment#41) | $ 284,377.50 | 4-Nov-24 | $ 284,377.50 |
| PI240709003 | P.LRD0100 Serrano (Shipment#41) | $ 361,935.00 | 4-Nov-24 | $ 361,935.00 |
| PI240719001-A | P.LRD0082 (Shipment#42) | $ 186,361.41 | 15-Nov-24 | $ 186,361.41 |
| PI240719001-B | P.LRD0082 (Shipment#42) | $ 98,016.09 | 15-Nov-24 | $ 98,016.09 |
| PI240719002 | P.LRD0100 Serrano (Shipment#42) | $ 439,492.50 | 15-Nov-24 | $ 439,492.50 |
| PI240720001 | P.LRD0082 (Shipment#43) | $ 307,357.50 | 15-Nov-24 | $ 307,357.50 |
| PI240720002 | P.LRD0082 (Shipment#43) | $ 2,349.34 | 15-Nov-24 | $ 2,349.34 |
| PI240720003 | P.LRD0100 Serrano (Shipment#43) | $ 413,640.00 | 15-Nov-24 | $ 413,640.00 |
| PI240810001 | P.LRD0100 Serrano (Shipment#44) | $ 251,343.75 | 8-Dec-24 | $ 251,343.75 |
| PI240810002 | P.LRD0082 (Shipment#44) | $ 26,234.30 | 8-Dec-24 | $ 26,234.30 |
| PI240810003 | P.LRD0100 Serrano (Shipment#44) | $ 413,352.75 | 8-Dec-24 | $ 413,352.75 |
| PI240810004 | P.LRD0100 Serrano (Shipment#45) | $ 129,262.50 | 8-Dec-24 | $ 129,262.50 |
| PI240810005 | P.LRD0100 Serrano (Shipment#45) | $ 387,787.50 | 8-Dec-24 | $ 387,787.50 |
| PI240812001 | P.LRD0081 SS3 (For Genius Star-30) (Shipment#46) | $ 54,577.50 | 10-Dec-24 | $ 54,577.50 |
| PI240812002 | P.LRD0100 Serrano (Shipment#46) | $ 359,062.50 | 10-Dec-24 | $ 359,062.50 |

8222806

| PI240821001 | P.LRD0082 (Shipment#47) | $ 14,722.55 | 17-Dec-24 | $ 14,722.55 |
|---|---|---|---|---|
| PI240821002 | P.LRD0100 Serrano (Shipment#47) | $ 73,248.75 | 17-Dec-24 | $ 73,248.75 |
| PI240821003 | P.LRD0082 (Shipment#47) | $ 3,064.00 | 17-Dec-24 | $ 3,064.00 |
| PI240821004 | P.LRD0081 SS3 (For Genius Star-30)(Shipment#47) | $ 267,621.25 | 17-Dec-24 | $ 267,621.25 |
| PI240821005 | P.LRD0081-Genius Star (Shipment#47) | $ 101,973.75 | 17-Dec-24 | $ 101,973.75 |
| PI240829001 | P.LRD0100 Serrano (Shipment#48) | $ 284,377.50 | 25-Dec-24 | $ 284,377.50 |
| PI240829002 | P.LRD0100 Serrano (Shipment#48) | $ 439,492.50 | 25-Dec-24 | $ 439,492.50 |
| PI240907001 | P.LRD0100 Serrano (Shipment#49) | $ 310,230.00 | 5-Jan-25 | $ 310,230.00 |
| PI240907002 | P.LRD0100 Serrano (Shipment#49 | $ 439,492.50 | 5-Jan-25 | $ 439,492.50 |
| PI240910001 | P.LRD0100 Serrano (Shipment#50) | $ 310,230.00 | 8-Jan-25 | $ 310,230.00 |
| PI240910002 | P.LRD0100 Serrano (Shipment#50) | $ 413,640.00 | 8-Jan-25 | $ 413,640.00 |
| PI240917001 | P.LRD0100 Serrano (Shipment#51) | $ 308,793.75 | 13-Jan-25 | $ 308,793.75 |
| PI240917002 | P.LRD0100 Serrano (Shipment#51) | $ 21,160.75 | 13-Jan-25 | $ 21,160.75 |
| PI240917003 | P.LRD0100 Serrano (Shipment#51) | $ 289,069.25 | 13-Jan-25 | $ 289,069.25 |
| PI240928001 | W.KCE0070 | $ 9,306.00 | 25-Jan-25 | $ 9,306.00 |
| PI240928002 | W.KCE0070 | $ 80.00 | 25-Jan-25 | $ 80.00 |
| PI240929001 | W.HEC0050 | $ 1,000.00 | 26-Jan-25 | $ 1,000.00 |
| PI240929002 | P.LRD0100 Serrano (Shipment#52) | $ 258,525.00 | 26-Jan-25 | $ 258,525.00 |
| PI240930001 | W.RCT0020 | $ 1,000.00 | 27-Jan-25 | $ 1,000.00 |
| PI240930002 | W.RCT0020 | $ 1,000.00 | 27-Jan-25 | $ 1,000.00 |
| PI240930003 | W.HEC0050 | $ 340.00 | 27-Jan-25 | $ 340.00 |
| PI240930004 | P.LRD0082 (Shipment#53) | $ 6,319.50 | 27-Jan-25 | $ 6,319.50 |
| PI240930005 | P.LRD0100 Serrano (Shipment#53) | $ 4,308.75 | 27-Jan-25 | $ 4,308.75 |
| PI241005001 | P.LRD0100 Serrano (Shipment#54) | $ 102,261.00 | 30-Jan-25 | $ 102,261.00 |
| PI240919001 | INV.General & S.APE0010 | $ 55.30 | 1-Feb-25 | $ 55.30 |

8222806

| PI241011001 | INV.General | $ 1,034.00 | 5-Feb-25 | $ 1,034.00 |
|---|---|---|---|---|
| PI241014001 | P.LRD0100 Serrano (Shipment#55) | $ 47,875.00 | 11-Feb-25 | $ 47,875.00 |
| PI241028001 | Module scrapping fee (SS3+SS4) | $ 4,395.60 | 26-Feb-25 | $ 4,395.60 |
| PI241030001 | P.LRD0082 (Shipment#56) | $ 19,150.00 | 27-Feb-25 | $ 19,150.00 |
| PI241206001 | Module scrapping fee (SS4+Serrano) | $ 5,769.23 | 6-Mar-25 | $ 5,769.23 |
| PI240919002 | Transportation cost & PO-11431 material duties | $ 27,483.56 | 14-Apr-25 | $ 27,483.56 |
| PI240621001 | Material duties of PO7297 | $ 8,592.00 | 14-Apr-25 | $ 8,592.00 |
| PI241118001 | SS3, SS4 & Serrano Project | $ 46,758.00 | 14-Apr-25 | $ 46,758.00 |
| PI250326001 | Recycling the battery cells fee | $ 26,656.00 | 26-Jul-25 | $ 26,656.00 |
| PI250326002 | The cost of scrapping the goods | $ 16,500.00 | 26-Jul-25 | $ 16,500.00 |
|  |  |  | **Total** | **$9,193,871.63** |

8222806