| |
|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY |

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**TROUTMAN PEPPER LOCKE LLP**
David M. Fournier (*pro hac vice* forthcoming)
Joanna J. Cline (NJ Bar No. 031131998)
Tori L. Remington (*pro hac vice* forthcoming)
Hercules Plaza, Suite 1000
1313 N. Market Street, P.O. Box 1709
Wilmington, DE  19899-1709
Telephone: (302) 777-6500
Facsimile:  (302) 421-8390
Email:  david.fournier@troutman.com
            joanna.cline@troutman.com
             tori.remington@troutman.com

*Counsel for Ameresco, Inc. and Kupono Solar, LLC*

---

In re:

Powin, LLC, et al.,[1]

                                    Debtors.

Chapter 11

Case No. 25-16137 (MBK)

(Jointly Administered)

**AMERESCO, INC. AND KUPONO SOLAR, LLC'S RESERVATION OF RIGHTS AND OBJECTION TO NOTICE OF POTENTIALLY ASSUMED EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND RELATED CURE AMOUNTS**

Ameresco, Inc. ("Ameresco") and Kupono Solar, LLC ("Kupono," and with Ameresco, the "Ameresco Entities") hereby submit this reservation of rights and objection (this "Objection") to the *Notice of Potentially Assumed Executory Contracts and Unexpired Leases* [D.I. 446] (the

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin Project LLC [1583], (ii) Powin, LLC [0504], (iii) PEOS Holdings, LLC [5476], (iv) Powin China Holdings 1, LLC [1422], (v) Powin China Holdings 2, LLC [9713], (vi) Charger Holdings, LLC [5241], (vii) Powin Energy Ontario Storage, LLC [8348], (viii) Powin Energy Operating Holdings, LLC [2495], and (ix) Powin Energy Operating, LLC [6487]. The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR 97062.

"Cure Notice") filed by the above-captioned debtors and debtors in possession (the "Debtors").[2] In support of this Objection, the Ameresco Entities respectfully represent as follows:

## BACKGROUND

**A.    The Ameresco Entities**

1.    Ameresco is a leading cleantech integrator and renewable energy asset developer, owner and operator. Its comprehensive portfolio includes energy efficiency, infrastructure upgrades, asset sustainability and renewable energy solutions delivered to clients throughout North America and Europe. Ameresco has successfully completed energy saving, environmentally responsible projects with federal, state and local governments, K12 school districts, college campuses, healthcare institutions, airports, housing authorities, and commercial and industrial customers.

2.    Kupono is a wholly owned subsidiary of Ameresco. As part of its implementation of energy solutions in Hawaii for the past 15 years, Ameresco formed Kupono to deliver clean, renewable energy to the local utility's power grid in O'ahu, Hawaii (the "Kupono Solar Project").

**B.    The Chapter 11 Cases, the Sale, and the Notice**

3.    On June 9, 2025, Powin's affiliate, Powin Project LLC, filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et. seq.* (the "Bankruptcy Code"). Thereafter, on June 10, 2025 (the "Petition Date"), Powin and certain of its affiliates also filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. Certain other affiliates also filed voluntary petitions for relief on June 22, 2025. The Debtors remain in possession of their property and continue to manage their businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

---

[2]    Capitalized terms not defined herein are defined in the Cure Notice.

2

4.     On January 15, 2025, the Debtors filed a motion [D.I. 228] (the "Sale Motion") seeking approval of, among other things, (i) bid procedures in connection with the sale of substantially of the Debtors' assets, and (ii) procedures to determine cure payments and contracts that may be assumed and assigned in connection with the Debtors' sale. On June 17, 2025, the Court entered an order approving the Sale Motion [D.I. 413] (the "Sale Procedures Order").

5.     In accordance with the Sale Procedures Order, on July 18, 2025, the Debtors filed the Cure Notice. Attached to the Cure Notice as Exhibit A was a list of executory contracts and unexpired leases (the "Contract Schedule") that the Debtors may seek to assume and assign free and clear of all liens, claims, encumbrances, and interests upon satisfaction of the related Cure Payments.

6.     The Contract Schedule identifies, among other things, certain contracts between Ameresco or Kupono, on one hand, and Powin, on the other hand, that may be assumed and assigned, and the Debtors' proposed Cure Payments for such contracts:

| Counterparty | Proposed Cure Payment | Contract Title |
|---|---|---|
| Ameresco, Inc. | $173,942.13 | Master Agreement-Approved Service Provider |
| Ameresco, Inc. | Unknown | Energy Supply Agreement |
| Kupono Solar, LLC | $0.00 | Letter re: Limited Notice to Proceed Letter Agreement for Project Kupono Solar |

7.     For the reasons set forth in this Objection, the Debtors' proposed Cure Payments in the Cure Notice do not account for all sums outstanding under the contracts. In addition, at least one of the Ameresco Entities' contracts are not adequately described in the Cure Notice, impeding the Ameresco Entities' ability to determine whether the proposed assumption of such contract complies with 11 U.S.C. § 365.

3

**C.     The Ameresco Entities' Contracts**

   i.   *Energy Supply Agreement*

8.     In 2022 Ameresco began developing a solar energy storage project in Osceola County, Florida. In connection with that project, Powin and Ameresco entered into that certain *Energy Supply Agreement*, effective as of November 18, 2022 (along with all amendments and change orders, the "2022 Energy Agreement"), under which Ameresco would purchase from Powin an energy storage system for the Florida project. Ameresco's payments to Powin under the 2022 Energy Agreement were to be made in accordance with a milestone payment schedule.

9.     Ameresco reserves all rights of setoff and recoupment with respect to the 2022 Energy Agreement.

   ii.  *Letter re: Limited Notice to Proceed Letter Agreement for Project Kupono Solar*

10.    As part of the Kupono Solar Project, Kupono had been in the process of constructing and operating a combined solar and battery energy storage system on 131 acres of underutilized lands within the Navy West Loch Annex of Joint Base Pearl Harbor-Hickam.

11.    In November 2021, Kupono contacted Powin and other potential vendors to bid on supplying the equipment necessary to construct the battery energy storage system for the Kupono Solar Project. Over the next few months, Kupono and Powin engaged in discussions regarding Powin's potential bid and the key criteria or requirements necessary for any successful bid for the Kupono Solar Project. Following these discussions, Powin provided a bid for the Kupono Solar Project.

12.    To secure the pricing and delivery timelines that Powin set forth in its bid, Kupono and Powin executed a *Limited Notice to Proceed*, dated April 22, 2022 ("Notice to Proceed"). In consideration for the guaranteed pricing and delivery timelines identified in the Notice to Proceed,

Powin received a deposit in the amount of $16,000,000.00 (the "Notice to Proceed Deposit"). The Notice to Proceed required Powin to return the Notice to Proceed Deposit to Kupono if Powin acted in bad faith and the parties were not able to mutually agree on a definitive battery supply agreement.

13. Following execution of the Notice to Proceed, it became apparent to the Ameresco Entities that Powin could not honor the terms of the Notice to Proceed. After numerous attempts by the Ameresco Entities to work with and resolve Powin's failures and delays under the Notice to Proceed, Powin's return of the Notice to Proceed Deposit was demanded. Powin wrongfully refused to return it.

14. The Ameresco Entities subsequently initiated an action in the Superior Court of the State of Delaware against Powin for, among other things, return of the Notice to Proceed Deposit. This action (the "Delaware Action"), styled as *Ameresco, Inc. and Kupono Solar, LLC v. Powin, LLC*, C.A. No. N24C-04-012 VLM, should be stayed as of the Petition Date in accordance with 11 U.S.C. § 362. Powin has never refunded the Notice to Proceed Deposit, and accordingly Kupono asserts a cure amount in the amount of $16,000,000 with respect to the Notice to Proceed.

15. On or around the same time Kupono and Powin entered into the Notice to Proceed, Ameresco and Powin were discussing establishing a broader, longer-term relationship. These discussions led to Ameresco and Powin executing that certain *Framework Agreement Term Sheet*, dated April 29, 2022 (the "Framework Term Sheet"), under which Ameresco and Powin anticipated entering into an agreement where Ameresco would purchase from Powin over several years certain battery energy storage equipment.

16. The Framework Term Sheet included numerous terms that would govern the parties' relationship, including the pricing for the sale of equipment under any definitive

5

agreement. To guarantee the delivery times outlined in the Framework Term Sheet, Ameresco agreed to and did provide a deposit of $10,000,000.00 (the "Framework Deposit"), which was to be used to offset any amounts owed pursuant to any supply agreements executed pursuant to the contemplated framework agreement.

17. As with its Notice to Proceed with Kupono, Powin failed to perform its obligations under the Framework Term Sheet, including without limitation failing to develop the required pricing tool and standard configurations for supply agreements for certain equipment. Due to Powin's failure to comply with the Framework Term Sheet, the parties never executed a definitive framework agreement. Powin therefore was required to return the Framework Deposit. Powin failed to do so.

18. As part of the Delaware Action, which should be stayed, the Ameresco Entities demanded return of the Framework Deposit, but that deposit remains unpaid. Powin has never refunded the Framework Deposit, and accordingly Kupono asserts a cure amount in the amount of $10,000,000 with respect to the Framework Term Sheet.

    iii.    *Master Agreement – Approved Service Provider*

19. In addition to the 2022 Energy Agreement and the Notice to Proceed, the Cure Notice includes a "Master Agreement-Approved Service Provider" with Ameresco, Inc. (the "Unknown Contract"). The Cure Notice does not identify the effective date of the Unknown Contract, nor does it identify the Unknown Contract by including a contract number or project description. To date, the Ameresco Entities have been unable to identify the Unknown Contract

for purposes of responding to the Cure Notice, and they accordingly reserve all cure rights with regard thereto.

## OBJECTION

20. Section 365 of the Bankruptcy Code provides that a debtor in possession may assume or reject any executory contract or unexpired lease. See 11 U.S.C. § 365(a). If there has been a default under an executory contract, the debtor in possession may not assume such contract unless, at the time of assumption, a debtor (a) cures, or provides adequate assurance that the debtor in possession will promptly cure, such default, (b) compensates, or provides adequate assurance of prompt compensation, for any actual pecuniary loss resulting from such default, and (c) provides adequate assurance of future performance under such contract. See 11 U.S.C. § 365(b)(1)(A)–(C). A debtor must cure all pre- and post-petition defaults—both monetary and non-monetary—in conjunction with the assumption and assignment of an executory contract. 11 U.S.C. § 365(b)(1); *see In re Fleming Cos.*, No. 03-10945 (MFW), 2004 Bankr. LEXIS 198, at *13 (Bankr. D. Del. Feb. 27, 2004) ("Section 365 provides that a debtor cannot assume an executory contract on which there has been a default unless it cures or provides adequate assurance that it will promptly cure such default."). In addition, pursuant to section 365 of the Bankruptcy Code, Debtors may assume and assign a contract only if "adequate assurance of future performance" is provided by the designated assignee. The burden of proof on adequate assurance issues is with the Debtors. *See In re Lafayette Radio Elecs. Corp.*, 12 B.R. 302, 312 (Bankr. E.D.N.Y. 1991).

21. The Ameresco Entities object to the Debtors' proposed Cure Payments identified in the Cure Notice as noted herein and below. As described herein, the actual amounts required

to cure all defaults under certain contracts[3] with the Ameresco Entities (the "Actual Cure Amounts") are as follows:

| Contract Title | Counterparty | Actual Cure Amount | Basis |
|---|---|---|---|
| Letter re: Limited Notice to Proceed Letter Agreement for Project Kupono Solar (defined herein as the Notice to Proceed) | Kupono Solar, LLC | $16,000,000.00 | Powin's failure to comply with its obligations in the Notice to Proceed, which requires Powin to return the Notice to Proceed Deposit |
| Master Agreement- Approved Service Provider (the Unknown Contract) | Ameresco, Inc. | Not less than $173,942.13, plus any additional amounts identified by Ameresco, Inc. upon identification of the Unknown Contract by the Debtors | Cure Notice |
| Framework Term Sheet[4] | Ameresco, Inc. | $10,000,000.00 | Powin's failure to comply with its obligations in the Framework Term Sheet, which requires Powin to return the Framework Deposit |

22. In addition, as set forth herein, the Cure Notice fails to adequately describe or identify the Unknown Contract. Consequently, the Ameresco Entities have been unable to identify or analyze the Unknown Contract and determine any outstanding defaults thereunder. The Cure Notice's failure to adequately describe and identify the Unknown Contract denies the Ameresco Entities a meaningful and reasonable opportunity to be heard and determine any Actual Cure Amount or whether the Debtors can satisfy the requirements of 11 U.S.C. § 365, in violation of the Ameresco Entities' due process rights. *See City of N.Y. v. New York, N.H. & H. R.R. Co.,* 344 U.S. 293, 297(1953) (noting that a reasonable opportunity to be heard must precede a

---

[3] The Ameresco Entities reserve all rights to dispute whether any contract identified in the Contract Schedule is an executory contract. In addition, to the extent the Debtors seek to assume and assign a contract with the Ameresco Entities that is not described herein, the Ameresco Entities reserve all rights to object to such proposed assumption and assert the Actual Cure Amount on account of such contract.

[4] The Cure Notice does not list this contract for potential assumption and assignment. The Ameresco Entities include the Actual Cure Amount for the Framework Term Sheet out of an abundance of caution.

8

judicial denial of a party's claimed rights). The Ameresco Entities therefore object to the proposed assumption and assignment of the Unknown Contract. The Ameresco Entities reserve all rights to supplement this Objection or assert Actual Cure Amount with respect to the Unknown Contract.

23. In addition, sufficient adequate assurance of future payment has not been provided to the Ameresco Entities. Accordingly, the Ameresco Entities submit this Objection, in part, to ensure that the Debtors or the Stalking Horse Bidder (or any other designated assignee) provide adequate assurance of future performance under the contracts with the Ameresco Entities as required by applicable law prior to the assumption and assignment of the contracts.

## RESERVATION OF RIGHTS

24. The Ameresco Entities expressly reserve all rights to supplement, modify or amend this Objection at any time, including without limitation the right to amend the Actual Cure Amounts. Nothing set forth herein shall constitute a waiver, discharge or disallowance of any and all rights, claims, causes of action, and defenses that Ameresco Entities have asserted, or may assert, with respect to proofs of claim against the Debtors, if any. In addition, nothing set forth herein shall constitute a waiver or discharge of any and all of Ameresco Entities' rights under, *inter alia*, any contracts or agreements entered into between Debtors and any Ameresco Entities.

## CONCLUSION

WHEREFORE, the Ameresco Entities respectfully request that the Court deny the assumption and assignment of any contracts with the Ameresco Entities unless and until (i) the Debtors adequately describe the Unknown Contract and provide the Ameresco Entities the opportunity to assert an Actual Cure Amount in connection with such contract, and (ii) the Actual Cure Amounts for the contracts as identified herein are paid in full and adequate assurance of

future performance is provided.

Dated: July 28, 2025 **TROUTMAN PEPPER LOCKE LLP**

*/s/ Joanna J. Cline*
Joanna J. Cline (NJ Bar No. 031131998)
David M. Fournier (*pro hac vice* forthcoming)
Tori L Remington (*pro hac vice* forthcoming)
Hercules Plaza, Suite 1000
1313 N. Market Street, P.O. Box 1709
Wilmington, DE 19899-1709
Telephone: (302) 777-6500
Facsimile: (302) 421-8390
Email: david.fournier@troutman.com
       tori.remington@troutman.com

*Counsel to Ameresco, Inc. and Kupono Solar, LLC*