| |
|---|
| **UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY** |
| **Caption in Compliance with D.N.J. LBR 9004-1(a)**<br><br>Sean M. Beach<br>**YOUNG CONAWAY STARGATT &<br>TAYLOR, LLP**<br>Rodney Square, 1000 North King Street<br>Wilmington, DE 19801<br>Telephone: (302) 571-6000<br>Email: sbeach@ycst.com<br><br>*Counsel to Ormat Nevada Inc.* |

| | |
|---|---|
| In re:<br><br>Powin, LLC, *et al.*,[1]<br><br>           Debtors. | Chapter 11<br><br>Case No. 25-16137 (MBK)<br><br>(Jointly Administered) |

### ORMAT'S CURE OBJECTION AND RESERVATION
### OF RIGHTS TO THE NOTICE OF POTENTIALLY ASSUMED
### EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Ormat Nevada Inc. ("***Ormat***"), by and through its undersigned counsel, hereby files this objection (this "***Objection***") to the cure amount (the "***Cure Amount***") proposed in respect of the Agreements (as defined below) as set forth in the *Notice of Potentially Assumed Executory Contracts and Unexpired Leases of the Debtors* [Docket No. 446] (the "***Cure Notice***"). In support of this Motion, Ormat respectfully states as follows:

---

[1]  The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin Project LLC [1583]; (ii) Powin, LLC [0504]; (iii) PEOS Holdings, LLC [5476]; (iv) Powin China Holdings 1, LLC [1422]; (v) Powin China Holdings 2, LLC [9713]; (vi) Charger Holdings, LLC [5241]; (vii) Powin Energy Ontario Storage, LLC [8348]; (viii) Powin Energy Operating Holdings, LLC [2495]; and (ix) Powin Energy Operating, LLC [6487]. The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR 97062.

33401358.4

**BACKGROUND**

**The Chapter 11 Cases**

1. On June 9, 2025, June 10, 2025, and June 22, 2025 (the "***Petition Date***"), the above-captioned debtors (the "***Debtors***") commenced voluntary cases (the "***Chapter 11 Cases***") under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "***Bankruptcy Code***") in the United States Bankruptcy Court for the District of New Jersey (the "***Bankruptcy Court***"). The Debtors are authorized to continue to operate and manage their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. The Chapter 11 Cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of New Jersey.

3. On July 17, 2025, the Bankruptcy Court entered the *Order (I) Designating a Stalking Horse Bidder and Approving Stalking Horse Bidder Protections, (II) Approving Bidding Procedures by Which Interested Parties May Bid and an Auction Sale Format in Connection with the Sale of Substantially All of the Debtors' Assets, (III) Approving Form of Asset Purchase Agreement, (IV) Approving Form of Notice to be Provided to Interested Parties, (V) Authorizing the Assumption and Assignment of Assumed Contracts and Notice Procedures Thereto, (VI) Scheduling a Court Hearing to Consider Approval of the Sale to the Highest and Best Bidder, and (VII) Authorizing the Sale of the Debtors' Property Free and Clear of All Causes of Action and Claims* [Docket No. 413] (the "***Bidding Procedures Order***"). Among other things, the Bidding Procedures Order approved assumption and assignment procedures (*see* Bidding Procedures Order, ¶¶ 23-24) requiring (a) the Debtors to file and serve the Cure Notice on or before July 18, 2025, and (b) any non-Debtor counterparty objecting to, among other things, the cure amount

33401358.4

proposed in respect of its executory contract or unexpired lease to file an objection thereto on or before July 28, 2025 at 5:00 p.m. (EST).

4. On July 18, 2025, the Debtors filed the Cure Notice [Docket No. 446], which identifies two purportedly executory contracts with Ormat, including an "Equipment Supply Agreement" and an "Assignment and Assumption Agreement" as potentially subject to assumption and assignment. It is unclear which agreement the "Assignment and Assumption Agreement" in the Cure Notice is in reference to. The Cure Notice lists a proposed cure amount of $0.00 for each contract. *See* Cure Notice, Exhibit A.

## The Supply Agreement

5. Debtor Powin, LLC ("**Powin**") and Ormat are parties to a certain Equipment Supply Agreement dated as of March 15, 2022 (the "**Supply Agreement**"). In addition to the Supply Agreement, Powin and Ormat are also parties to a separate Long Term Services Agreement dated as of November 3, 2023 (the "**Services Agreement**" and together with the Supply Agreement, the "**Agreements**").

6. The Agreements relate to the design, supply, and long-term servicing of a battery energy storage system ("**BESS**") project for Ormat's "Bottleneck" Project, a significant energy storage project in Tulare County, California. Under the Supply Agreement, Powin was obligated to deliver all critical batteries, battery systems, and other related equipment that Ormat required for the BESS project. Per the terms of the Supply Agreement, all such batteries, systems, and equipment were to be "free of defects in materials, manufacture, and workmanship," fit for their intended uses, and capable of meeting express Performance Guarantees as set forth in the terms of express warranties set forth in the Supply Agreement. Under the Services Agreement, Powin was required to provide ongoing maintenance of the batteries, systems and equipment, as well as technical support in aid of the Bottleneck Project for a term of up to twenty years.

33401358.4

7. Ormat has fully performed its obligations under the Agreements. In particular, Ormat has paid all amounts due under the Supply Agreement, as amended to date. As such, the only remaining material obligations under the Supply Agreement are those of Powin. Accordingly, Ormat reserves the right to argue that the Supply Agreement is not an executory contract subject to assumption or assignment under section 365 of the Bankruptcy Code.

8. Even assuming the Supply Agreement is an executory contract, the proposed "$0.00" cure amount listed in the Cure Notice is inaccurate. In truth, Powin is presently in breach of its obligations under the Supply Agreement and owes a substantial amount to Ormat to "cure" such breaches. The equipment that Powin supplied to Ormat, including the lithium batteries and battery systems at the core of the BESS project, have demonstrated numerous defects and performance failures. Among other things, Powin's batteries and battery systems have continually failed to meet the terms of Powin's Performance Guarantee and express warranties, including guarantees relating to battery capacity, operational load, electrical rating, and energy output; its battery management systems have suffered continuous stability and balancing issues; and its HVAC systems at the BESS site have exhibited repeated failures and malfunctions that have led to fire hazards. Despite the fact that these are clear breaches of the express terms of the warranties and Performance Guarantee that Powin is obligated to address under the Supply Agreement, Powin has failed to address such defects and failures. In recent weeks, Powin has disavowed its Performance Guarantees and product warranties, refusing to even respond to many of Ormat's repeated requests relating to these failures. Such failures constitute willful breaches of the Supply Agreement. Such breaches have severely constrained Ormat's ability to operate the BESS project as a whole.

9. Not only has Powin refused to address these defects and performance failures, Powin has refused to provide Ormat with access to critical intellectual property necessary for Ormat to continue to operate and maintain the BESS going forward. Even though Ormat holds an irrevocable, perpetual, royalty-free license to use this and all other intellectual property "incorporated into the Equipment," Powin has refused to provide access to such information to Ormat as required by the Supply Agreement and a separate IP Escrow Agreement that Powin was required to enter. Without access to this IP, Ormat cannot transition operations to a third-party vendor, resulting in significant operational and financial harm.

10. As a result of these breaches by Powin, Ormat has incurred a substantial amount of economic harm, which it currently estimates to be in excess of $20 million USD. Such damages include, but are not limited to, significant losses on the BESS project itself; amounts owed to third-parties; as well as substantial costs incurred to engage alternative vendors to address failures in Powin's batteries, systems, and equipment, to perform emergency repairs, and to recover or replicate missing technical documentation and software that Powin refuses to provide. As of the Petition Date, Powin owed Ormat not less than $20 million USD on account of Powin's breaches of the Agreements.

## **OBJECTION**

11. Section 365(b)(1) of the Bankruptcy Code provides that an executory contract may not be assumed unless the debtor cures any payment-related default thereunder. Specifically:

> If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee—
>
> (A)  cures, or provides adequate assurance that the trustee will promptly cure, such default[.]

33401358.4

11 U.S.C. § 365(b)(1)(A).

12. Accordingly, in order to assume the Agreements, the Debtors are obligated to pay the full amount owed thereunder, which is no less than $20 million USD, plus additional unliquidated/undetermined amounts on account of the Debtors' various breaches of the Agreements and damages flowing therefrom. The proposed Cure Amount of $0.00 is insufficient to achieve the requisite cure.

13. To the extent the Agreements are executory contracts within the meaning of section 365 of the Bankruptcy Code, the Debtors cannot assume or assign them absent full cure of all outstanding defaults. *See* 11 U.S.C. § 365(b)(1)(A). However, Ormat reserves all rights to argue that the Agreements are not executory contracts at all—and therefore not subject to assumption or assignment under section 365.

14. Under the standard adopted by the Third Circuit, a contract is executory only if "the obligation of both the bankrupt and the other party to the contract are so far unperformed that the failure of either to complete performance would constitute a material breach excusing performance of the other." *Enter. Energy Corp. v. United States (In re Columbia Gas Sys.)*, 50 F.3d 233, 239 (3d Cir. 1995) (quoting *Sharon Steel Corp. v. Nat'l Fuel Gas Distrib. Corp.*, 872 F.2d 36, 39 (3d Cir. 1989)). Courts applying this standard have consistently held that where one party has fully performed its material obligations, the contract is not executory and cannot be assumed or assigned under section 365. *See In re S.A. Holding Co.*, 357 B.R. 51, 57–59 (Bankr. D.N.J. 2006) ("In light of this Court's finding that the City substantially performed its obligations under the settlement with the Debtors, the Agreement cannot be viewed as executory").

15. Here, Ormat has fully performed its obligations under the Agreements. The remaining material obligations—delivery of functioning systems, provision of services, and delivery of intellectual property—rest solely with Powin. As such, the Agreements are not

executory and cannot be assumed or assigned by the Debtors under section 365. Whether viewed by this Court as executory or non-executory, the Agreements cannot be assumed or assigned without full satisfaction of the Debtors' outstanding obligations to Ormat.

## **RESERVATION OF RIGHTS**

16. Ormat reserves its right to amend or supplement this Objection and to object to any proposed assignment of the Agreements, including on grounds of adequate assurance of future performance.

[*Remainder of this page intentionally left blank*]

33401358.4

**CONCLUSION**

For the foregoing reasons, Ormat respectfully requests that the Court deny the Debtors' request for authority to assume the Agreements absent cure of all amounts outstanding and due to Ormat thereunder.

Date: July 28, 2025
     Wilmington, Delaware

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ Sean M. Beach*

Sean M. Beach (admitted)
Rodney Square, 1000 North King Street
Wilmington, DE 19801
Telephone: (302) 571-600
Facsimile: (302) 571-1253
Email: sbeach@ycst.com

*Counsel for Ormat Nevada Inc.*