| UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY |
|---|
| **Caption in Compliance with D.N.J. LBR 9004-1(b)** <br><br> Franklin Barbosa, Jr., Esq. <br> **SCHENCK, PRICE, SMITH & KING, LLP** <br> 220 Park Avenue <br> P.O. Box 991 <br> Florham Park, New Jersey 07932-0991 <br> (973) 539-1000 <br> fb@spsk.com <br><br> *Counsel for CS Energy, LLC* |

| | |
|---|---|
| In re: <br><br> POWIN, LLC, *et al.*[1] <br><br> Debtor. | Chapter 11 <br><br> Case No. 25-16137 (MBK) <br><br> (Jointly Administered) |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF CS ENERGY, LLC REGARDING NOTICE OF POTENTIALLY ASSUMED EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

CS Energy, LLC, by and through its undersigned attorneys, respectfully submits this limited objection and reservation of rights (the "Limited Objection") to the *Notice of Potentially Assumed Executory Contracts and Unexpired Leases* (the "Assumption Notice") [ECF No. 446]. In support of this Limited Objection, CSE respectfully submits as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin Project LLC [1583]; (ii) Powin, LLC [0504]; (iii) PEOS Holdings, LLC [5476]; (iv) Powin China Holdings 1, LLC [1422]; (v) Powin China Holdings 2, LLC [9713]; (vi) Charger Holdings, LLC [5241]; (vii) Powin Energy Ontario Storage, LLC [8348]; (viii) Powin Energy Operating Holdings, LLC [2495]; and (ix) Powin Energy Operating, LLC [6487]. The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR 97062.

**PRELIMINARY STATEMENT**

1. CSE is an Engineering, Procurement, and Construction (EPC) contractor that designs and builds battery energy storage projects for its various customers. In that capacity, CSE has worked closely with Powin, LLC ("Powin") on several projects to secure and/or incorporate Powin's battery storage components at the subject project sites.

2. Debtors propose the assumption and assignment to FlexGen Power Systems, LLC (the "Stalking Horse"), or other potential purchaser(s) of Debtors' assets, a purchase order between Powin and CSE regarding a project located in Allegany, New York. However, Debtors and the Stalking Horse have not yet produced any adequate assurance of the Stalking Horse's future performance under the terms of the purchase order. CSE has a right to inspect adequate assurance documentation to ensure that the Stalking Horse, or any successful bidder of Debtors' assets, can satisfy any warranty or other claims or obligations that may arise under the purchase order.

3. Further complicating matters is the fact that CSE has received conflicting messages from Debtors regarding treatment of its purchase order. More specifically, Debtors previously filed their *Omnibus Motion of the Debtors For Entry of an Order (I) Authorizing the Rejection of Legacy Customer Contracts and (II) Granting Related Relief* (the "Rejection Motion") [ECF No. 88], which listed the CSE/Powin purchase order for rejection. The Rejection Motion is still pending before the Court.

4. Lastly, CSE reserves its right to raise an additional objection regarding the proposed cure amount of $0.00. At this time, CSE has not asserted any warranty or other claims against Debtors under the terms of the purchase order and, CSE is not aware of any such claims. A claim may arise, however, before the purchase order is assigned to the Stalking Horse or any successful

bidder of Debtors' assets. Should any such warranty or other claims arise, the cure amount must be adjusted accordingly.

## FACTUAL BACKGROUND

**The Purchase Order relating to the Countryside Project**

5. CSE and Powin Energy Corporation, which upon information and belief is now Powin, LLC ("Powin"), a debtor in these proceedings, are parties to a certain Purchase Order No. 2001700-1, dated September 29, 2020 (the "Purchase Order"), pursuant to which Powin agreed to supply CSE with 40 units of Powin Stack Energy Storage Systems and component/attendant parts, a 53-foot enclosure and component/attendant parts, and a Powin EMS Controller (collectively, the "Powin System"), for the project site located at 3065 Buffalo Road, Allegany, NY 14706 (sometimes referred to as "Countryside Project") and install the Powin System at the Countryside Project site.

6. CSE is the Engineering, Procurement, and Construction (EPC) contractor of the Countryside Project pursuant to a certain EPC Contract with Allegany CSG, LLC (the "Owner Contract"). The Countryside Project involves the construction of an energy storage facility.

7. Pursuant to paragraph 31 of the Purchase Order and the June 19, 2019 Non-Disclosure Agreement executed by CSE and Powin, the Purchase Order and its terms are subject to confidentiality and non-disclosure terms. For that reason, the Purchase Order is not annexed hereto but will be made available on request pursuant to appropriate confidentiality protections. CSE cites to the relevant portions of the Purchase Order for the Court's edification.

8. Relevant to this matter are the installation warranties and licenses extended by Powin to CSE. Pursuant to paragraph 30 of the Purchase Order, Powin extended licenses to CSE for the use/operation and installation/commissioning of the Powin System. Pursuant to Exhibit

A to the Purchase Order, Debtors also extended warranties to CSE, including a ten-year performance guarantee (the "Performance Guarantee").

**Powin's Bankruptcy Filing and Related Motion Practice**

9. On June 9, 2025, June 10, 2025, and June 22, 2025, Powin and affiliated debtors (collectively, the "Debtors") filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code"). The cases are jointly administered under Case No. 25-16137 before the Honorable Michael B. Kaplan, in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court").

10. On June 17, 2025, the Debtors filed their Omnibus Motion of the Debtors for Entry of an Order (I) Authorizing the Rejection of Legacy Customer Contracts and (II) Granting Related Relief [Docket No. 88] (the "Rejection Motion"). The hearing on the Rejection Motion is scheduled for July 15, 2025.

11. Pursuant to the terms of the Rejection Motion, the Debtors seek to reject the Purchase Order. Ibid.

12. On June 17, 2025, the United States Bankruptcy Court for the District of New Jersey (the "Court") entered the *Order (I) Designating a Stalking Horse Bidder and Approving Stalking Horse Bidder Protections, (II) Approving Bidding Procedures by Which Interested Parties May Bid and an Auction Sale Format in Connection With the Sale of Substantially All of the Debtors' Assets, (III) Approving Form of Asset Purchase Agreement, (IV) Approving Form of Notice to be Provided to Interested Parties, (V) Authorizing the Assumption and Assignment of Assumed Contracts and Notice Procedures Thereto, (VI) Scheduling a Court Hearing to Consider Approval of the Sale to the Highest and Best Bidder, and (VII) Authorizing the Sale of the Debtors'*

*Property Free and Clear of All Causes of Action and Claims* [Docket No. 413] (the "Bidding Procedures Order").

13. On July 18, 2025, the Debtors filed the Assumption Notice, pursuant to which they seek to assume and assign the Purchase Order to the Stalking Horse, or any successful bidder at an auction of Debtors' assets.

## BASIS FOR RELIEF REQUESTED

### A. CSE is Entitled to Adequate Assurance Documentation

14. Pursuant to Section 365(b)(1)(C) of the United States Bankruptcy Code (the "Code"), Debtors are required to produce, prior to the assumption and assignment of an executory contract, adequate assurance documentation and information regarding any proposed assignee's future performance.

15. CSE has not yet received any adequate assurance information or documentation regarding the Stalking Horse's future performance under the Purchase Order. Understandably, CSE has not received adequate assurance documentation regarding prospective bidders. CSE must be permitted to inspect adequate assurance documentation and assess the ultimate purchaser's ability to perform under the Purchase Order.

### B. CSE Reserves its Right to Assert an Increased Cure Amount

16. Pursuant to section 365(b)(1) of the Code, "[i]f there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease . . . cures, or provides adequate assurance that the trustee will promptly cure, such default. . . ." 11 U.S.C. § 365(b)(1)(A).

17. In other words, Section 365 of the Bankruptcy Code requires that "the debtor or the buyer must cure all existing defaults (or provide adequate assurance of a cure), basically putting

the contract in the same place as if the bankruptcy did not happen." Spyglass Media Grp., LLC v. Bruce Cohen Prods. (In re Weinstein Co. Holdings, LLC), 997 F.3d 497, 505 (3d Cir. 2021).

18. The Assumption Notice lists a $0.00 cure amount. At this time, CSE has not asserted any claims against Debtors in connection with the Purchase Order or the

19. Accordingly, to the extent that Debtors seek to assume and assign the Purchase Order, Debtors or their prospective buyer must satisfy all defaults under the Purchase Order, including, but not limited to, all amounts that accrue between now and the date the Purchase Order is assumed and assigned by Debtors.

## **RESERVATION OF RIGHTS**

20. CSE reserves its right to supplement this Limited Objection and make such other and further objections as it deems necessary or appropriate.

21. CSE reserves the right to withdraw all or any portion of this Limited Objection.

22. CSE hereby joins any other objections to the extent such objections are not inconsistent with the relief sought herein.

23. CSE reserves its rights to assert any claims against Debtors, whether sounding in tort, contract or otherwise, pursuant to the Purchase Order and the Countryside Project, and any other related contracts, agreements or documentation.

**WHEREFORE,** CSE respectfully requests that the Court enter an order: (i) conditioning assumption of the Purchase Order on production of adequate assurance documentation and sufficient time for CSE to review such information; (ii) reserving CSE's right to assert an increased cure amount should any claims arise between the present and the assumption of the Purchase Order; and (iii) granting such other and further relief as this Court deems just and proper.

Date:  July 28, 2025
       Florham Park, NJ

**SCHENCK, PRICE, SMITH & KING, LLP**

By:  */s/ Franklin Barbosa, Jr.*
     Franklin Barbosa, Jr.
     220 Park Avenue
     P.O. Box 991
     Florham Park, New Jersey 07932-0991
     Telephone: (973) 539-1000
     Facsimile: (973) 540-7300
     fb@spsk.com
     *Counsel for CS Energy, LLC*