| |
|---|
| **UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY** |
| **Captioned in Compliance with D.N.J. LBR 9004-1A**<br><br>**CURRO LAW LLC**<br>Matthew L. Curro<br>2 Sylvan Street<br>Rutherford, New Jersey 07070<br>Tel. No. 212.256.1846<br><br>-and-<br><br>**ORRICK HERRINGTON & SUTCLIFFE LLP**<br>Emanuel C. Grillo<br>51 West 52nd Street<br>New York, New York 10019-6142<br>Tel. No. 212.506.5000<br><br>*Attorneys for Contemporary Amperex Technology Co., Limited* |

| | |
|---|---|
| In re: | Chapter 11 |
| POWIN, LLC, *et al.*, | Lead Case No. 25-16137 (MBK) |
| Debtors. | (Jointly Administered) |

**OBJECTION OF CONTEMPORARY AMPEREX TECHNOLOGY CO., LTD.
TO NOTICE OF POTENTIALLY ASSUMED EXECUTORY CONTRACTS
AND UNEXPIRED LEASES [DKT NO. 446]**

Contemporary Amperex Technology Co., Limited ("CATL") by its undersigned attorneys as and for its Objection to Notice of Potentially Assumed Executory Contracts and Unexpired Leases [Doc. No. 446] filed on behalf of the above-captioned debtors and debtors in possession (collectively the "Debtors") (the "Notice") respectfully represents as follows:

1

**BACKGROUND**

1. CATL and certain of the Debtors and their affiliates have been parties to a series of supply and purchase agreements and other related technical agreements including those identified in the Notice. While one of these agreements is entitled Battery Cell Master Supply Agreement, other agreements between the Debtors and CATL were annual purchase agreements subject to fixed terms as supplemented by specific purchase orders identifying products purchased and the attendant pricing. By their terms, these agreements only applied through 2023.

2. As of the Petition Date (as defined below), the Debtors (and certain non-debtor affiliates) owe approximately $40 million in connection with these agreements and purchase orders.

3. These matters have been the subject of an arbitration proceeding commenced under the UNCITRAL Arbitration Rules at the Hong Kong International Arbitration Centre under the caption, *Contemporary Amperex Technology Co., Limited, as Claimant, and Powin, LLC, as First Respondent, and Yangzhou Finway Energy Tech Co., Ltd., as Second Respondent*, Case No. HKIAC/PA24206.

4. On June 10, 2025, (the "Petition Date"), three of the Debtors commenced their chapter 11 bankruptcy cases by filing voluntary petition for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). Powin Project LLC had filed its bankruptcy case one day earlier (Case No. 25-16137).

5. No trustee or examiner has been appointed in these cases.

6. A Committee of Unsecured Creditors (the "Committee") was appointed by the United States Trustee on June 27, 2025, and CATL serves as a member of the Committee.

7. On July 18, 2025, the Debtors filed the Notice.

8. The Notice lists a series of five agreements by and between the Debtors: four of which have listed "Unknown" in respect of cure amounts and the Battery Cell Master Supply Agreement which lists a cure amount of $208,444.12 in connection with the potential assumption and assignment of these agreements. (*See* Notice, Exhibit A at p. 7.) The foregoing amount in respect of the Battery Cell Master Supply Agreement is materially incorrect.

9. Furthermore, the contract is no longer likely executory and therefore, may not likely be assumed. Lastly, to the extent that any of the agreements between the Debtors and CATL may be assumed under Section 365 of the Bankruptcy Code, the Debtors have failed to provide adequate assurance of future performance. Indeed, there is no financial information provided with respect to any prospective purchaser and proposed assignee of any contract.

## **OBJECTION**

### A. Lack of Executory Contract

10. The Debtors bear the burden of proof in establishing whether an agreement is an executory contract that may be assumed under Section 365 of the Bankruptcy Code. *See, generally, Enterprise Energy Corp. v. U.S. (In re Columbia Gas System Inc.)*, 50 F.3d 233 (3rd Cir. 1995). The Debtors have not established that any agreement between the Debtors and CATL may be assumed and assigned as an executory contract as part of the Notice.

### B. Incorrect Cure Amount(s).

11. To the extent that an executory contract is assumed under section 365 of the Bankruptcy Code, the non-debtor counterparty to that contract must be paid "all unpaid amounts

3

due under the Agreement." *See In re Network Access Solutions, Corp.*, 330 B.R. 67, 76 (Bankr. D. Del. 2005). Accordingly, to the extent that the Debtors seek to assume and assign the any agreements between the Debtors and CATL, the Debtor must pay all amounts that are due on the date that the MSA is assumed and assigned by the Debtors. *See* 11 U.S.C. § 365(b)(1).

12. The proposed cure amount listed for only one of the agreements in the Notice has no discernible basis in fact and fails any good faith analysis in light of the more than $40 million owed to CATL. Indeed, the Debtors appear to lack any knowledge as to amounts due with respect to other agreements which they allege may be executory. Accordingly, CATL objects to the proposed cure amount set forth in the Notice and the "unknown" characterizations of cure amounts with respect to other agreements. As a result, the Debtors have failed to meet their burden to establish such amount as correct or proper to the extent any of the agreements between the Debtors and CATL may be deemed an executory contract.

**C. Lack of Adequate Assurance of Future Performance.**

13. The Bankruptcy Code requires the Debtors to provide adequate assurance of any assignee's future performance prior to the assumption and assignment of an executory contract. *See* 11 U.S.C. § 365(b)(1)(C). To date, the Debtors have provided no information in respect of any potential purchaser's ability to provide adequate assurance of its future performance of the obligations under any agreement with CATL and therefore, the Debtors have failed to meet their burden in respect of the potential assumption and assignment of any agreement with CATL.

**D. Reservation of Rights.**

14. CATL hereby reserves its rights and remedies in connection with any further action or pleading in respect of any agreement by and between the Debtors and CATL.

**WHEREFORE**, CATL respectfully requests that this Court enter an order that (i) sustains the Objection with respect to the matters related to CATL in the Notice; (ii) directs the Debtors to plead sufficiently in a subsequent motion or application the facts and law required to authorize the assumption and assignment of any agreement by and between the Debtors, on the one hand, and CATL on the other hand, under Section 365 of the Bankruptcy Code, including without limitation, a proper calculation of the proposed cure amounts and adequate assurance of any proposed assignee's ability to perform the obligations under any agreement to be assumed and assigned; (iii) grants CATL sufficient time to respond to any such motion or application; and (iv) grants CATL such other and further relief as may be just and proper.

Dated: July 28, 2025

Respectfully submitted,

**CURRO LAW LLC**

By: /s/ *Matthew L. Curro*
MATTHEW L. CURRO

2 Sylvan Street
Rutherford, New Jersey 07070
Tel. No. 212.256.1846

-and-

**ORRICK HERRINGTON & SUTCLIFFE LLP**
Emanuel C. Grillo
51 West 52nd Street
New York, New York 10019-6142
Tel. No. 212.506.5000

*Attorneys for Contemporary Amperex Technology Co., Limited*