UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-1(b)

**HOLLAND & KNIGHT LLP**
Barbra R. Parlin, Esq. (NJ Bar No. 008211995)
787 Seventh Avenue
New York, New York 10019
Tel.: (212) 513-3200
Facsimile: (212) 385-9010
barbra.parlin@hklaw.com

John J. Monaghan (admitted *pro hac vice*)
Lynne B. Xerras (Mass. Bar #632441)
Kathleen M. St. John (Mass. Bar. #681565)
10 St. James Avenue
Boston, Massachusetts 02116
Tel.: (617) 523-2700
Facsimile: (617) 523-6850
bos-bankruptcy@hklaw.com
lynne.xerras@hklaw.com
kathleen.stjohn@hklaw.com

*Counsel for Invenergy, LLC, Arizona Storage Development LLC and MG HR S de R.L. de C.V.*

| | |
|---|---|
| In re:<br><br>POWIN, LLC, *et al*.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No.: 25-16137 (MBK)<br><br>Jointly Administered |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF ARIZONA STORAGE DEVELOPMENT LLC AND MG HR S DE R.L. DE C.V. TO DEBTORS' NOTICE OF POTENTIALLY ASSUMED EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin Project LLC [1583], (ii) Powin, LLC [0504], (iii) PEOS Holdings, LLC [5476], (iv) Powin China Holdings 1, LLC [1422], (v) Powin China Holdings 2, LLC [9713], (vi) Charger Holdings, LLC [5241], (vii) Powin Energy Ontario Storage, LLC [8348], (viii) Powin Energy Operating Holdings, LLC [2495], (ix) Powin Energy Operating, LLC [6487]. The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR 97062.

Arizona Storage Development LLC ("Arizona Storage") and MG HR S de R.L. de C.V. ("MG HR") (with Arizona Storage, "Project Owners"), affiliates of Invenergy, LLC, hereby file this *Limited Objection and Reservation of Rights* (the "Objection") in response to the *Notice of Potentially Assumed Executory Contracts and Unexpired Leases* [Dkt. No. 446] (the "Cure Notice") filed by the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") and served on the Project Owners in accordance with the *Order (I) Designating a Stalking Horse Bidder and Approving Stalking Horse Bidder Protections, (II) Approving Bidding Procedures by Which Interested Parties May Bid and an Auction Sale Format in Connection With the Sale of Substantially All of the Debtors' Assets, (III) Approving Form of Asset Purchase Agreement, (IV) Approving Form of Notice to be Provided to Interested Parties, (V) Authorizing the Assumption and Assignment of Assumed Contracts and Notice Procedures Thereto, (VI) Scheduling a Court Hearing to Consider Approval of the Sale to the Highest and Best Bidder, and (VII) Authorizing the Sale of the Debtors' Property Free and Clear of All Causes of Action and Claims* [Docket No. 413] (the "Bid Procedures Order"). As described below, while the Project Owners are in support of assumption of the Project Agreements (described below), generally, the Project Owners file this Limited Objection to object to the amounts ascribed in the Cure Notice as representing the outstanding payment arrears arising under the Project Agreements as understated, and to provide information regarding the amounts owed and potentially owing as of the closing of the going-concern sale contemplated. In further support thereof, the Project Owners state as follows:

## BACKGROUND

1. On June 9, 2025 (the "Petition Date"), the Debtors each commenced a voluntary case (the "Chapter 11 Cases") under chapter 11 of title 11 of the United States Code (the

"Bankruptcy Code"). The Debtors are authorized to continue operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. As of the Petition Date, Arizona Storage and the debtor, Powin LLC ("Debtor"), were parties to five separate Energy Storage System Supply Agreement ("Arizona Supply Agreements") relating to energy projects owned by Arizona Storage. In addition, MG HR and the Debtor were parties to the La Toba Bess Expansion Energy Storage System Supply Agreement and Energy Storage System Supply Agreement (collectively, together with Arizona Supply Agreements, "Project Agreements").

3. In connection with the ongoing marketing of the Debtors' operating assets for sale, on July 17, 2025, the Court entered the Bid Procedures Order, among other provisions, designating the FlexGen Power Systems, LLC as the stalking horse bidder and approving stalking horse bidder protections, approving bidding procedures by which interested parties may bid in connection with the sale of substantially all of the Debtors' assets ("Sale"), and authorizing notice procedures relating to the potential the assumption and assignment of certain executory contracts and unexpired leases.

4. Following entry of the Bid Procedures Order, on July 18, 2025, the Debtors filed the Cure Notice, which, among other things, listed those executory contracts and unexpired leases that may potentially be assumed by the Debtors and assigned to the purchaser at the conclusion of the sale process, and designating a proposed cure payment for each such contract and lease to be funded at the time of assumption and assignment; the Cure Notice further provided that any party with objections to the listed cure payments must file a cure objection no later than July 28, 2025 at 5:00 p.m. (EST).

5. The Project Agreements are among those executory contracts and unexpired leases that are listed in the Cure Notice as subject to potential assumption by the Debtors and assignment to a purchaser in connection with the Debtors' proposed Sale, as set forth below:

| Debtor | Counterparty | Cure Payment Amount | Contract Title |
|---|---|---|---|
| Powin, LLC | Arizona Storage Development LLC | $3,250.00 | Energy Storage System Supply Agreement [Paloma & Cotton Center] |
| Powin, LLC | Arizona Storage Development LLC | Unknown | Energy Storage System Supply Agreement [Desert Star] |
| Powin, LLC | Arizona Storage Development LLC | Unknown | Energy Storage System Supply Agreement [Gila Bend 1 & Gila Bend 2] |
| Powin, LLC | Arizona Storage Development LLC | Unknown | Energy Storage System Supply Agreement [Hyder 1 & Hyder 2] |
| Powin, LLC | Arizona Storage Development LLC | Unknown | Energy Storage System Supply Agreement [Foothills 1 & Foothills2] |
| Powin, LLC | MG HR S de R.L. de C.V. | $0.00 | La Toba Bess Expansion Energy Storage System Supply Agreement |
| Powin, LLC | MG HR S de R.L. de C.V. | $0.00 | Energy Storage System Supply Agreement – La Toba Bess (original) |

*Notice* at p. 8, 18. The Project Owners file this Limited Objection primarily to clarify and quantify the cure payments and obligations associated with assumption of each of the Project Agreements, as is required by virtue of 11 U.S.C. § 365(b) and by the express terms of the Project Agreements.

## **LIMITED OBJECTION**

6. Pursuant to Bankruptcy Code section 365(b)(1), "[i]f there has been a default in an executory contract or unexpired lease of the debtor, the [debtor in possession] may not assume such contract or lease unless, at the time of assumption of such contract or lease, the [debtor in possession] . . . (A) cures or provides adequate assurance that the [debtor in possession] will

4

promptly cure, such default . . . ." 11 U.S.C. § 365(b)(1).[1]  It is well-settled and statutorily required, therefore, that if a debtor elects to assume a contract pursuant to section 365, the non-debtor party must be "made whole" at the time of assumption (and assignment) through "cure" of arrears. *Kimmelman v. Port Auth. of N.Y. & N.J. (In re Kiwi Int'l Air Lines, Inc.)*, 344 F.3d 311, 318 (3d. Cir 2003) ("in order to assume such an agreement, the debtor in possession must cure defaults and provide assurance of future performance"); *L.R.S.C. Co. v. Rickel Home Ctrs., Inc. (In re Rickel Home Ctrs. Inc.)*, 209 F.3d 291, 298 (3d Cir. 2000) ("Once the trustee satisfies [the three requirements of 365(b)(1)(A), (B) & (C)], it may assume the contract. . . ."). This requirement is in effect with regard to both prepetition and postpetition defaults. *See In re Burger Boys*, 94 F.3d 755, 763 (2d Cir. 1996); *In re Network Access Solutions, Corp.*, 330 B.R. 67, 76 (Bankr. D. Del. 2005).[2]

       7.     While the Project Owners do not object to the proposed assumption and assignment of the Project Agreements generally, the Project Owners submit that assumption of the Project Agreements under 11 U.S.C. § 365 must be conditioned on the timely payment to the Project Owners of all unpaid amounts due under the Project Agreements as of the date assumption and assignment of the Project Agreements as part of the Sale is effective and any performance required by terms of the Project Agreements. Based upon review of its books and records, the Project Owners have determined that the obligations *currently* due and owing to the respective Project Owner under each Project Agreement is calculated as set forth below on account of breaches by Powin of the warranty provisions of the Project Agreements and of Powin's obligations to perform

---

[1] Correspondingly, a debtor must also provides adequate assurance of future performance under such contract or lease at time of assumption under 11 U.S.C. § 365(b)(1).

[2] In addition, where the contract is to be assigned to a third-party, the third-party assignee must demonstrate to the contract counter-party that it can provide "adequate assurance of future performance" under the assumed contract, by its terms. The Project Owners reserve the right to object to such demonstration until such time as a purchaser is identified, in accordance with the Bid Procedures Order.

required repair and maintenance and commissioning activities, requiring the Project Owners to incur costs to perform such critical tasks at the respective projects in place of Powin ("Project Cure Amounts"):[3]

| Counterparty | Current Cure Payment Amount | Additional Repair Costs Projected | Total Estimated Cure Payment | Contract Title |
|---|---|---|---|---|
| Arizona Storage Development LLC | $3,250.00 | $28,663.79 | $31,913.79 | Energy Storage System Supply Agreement [Paloma & Cotton Center] |
| Arizona Storage Development LLC | N/A | | | Energy Storage System Supply Agreement [Desert Star] |
| Arizona Storage Development LLC | $0.00 | $49,784.48* | $49,784.48 | Energy Storage System Supply Agreement [Gila Bend 1 & Gila Bend 2] |
| Arizona Storage Development LLC | $0.00 | $1.810.34* | $1.810.34 | Energy Storage System Supply Agreement [Hyder 1 & Hyder 2] |
| Arizona Storage Development LLC | $251,140.00 | $1,183,719.00 | $1,434,849.00[4] | Energy Storage System Supply Agreement [Foothills 1 & Foothills2] |
| MG HR S de R.L. de C.V. | $622,258.99 | $250,000.00 | $872,258.99[5] | La Toba Bess Expansion Energy Storage System Supply Agreement (La Toba Bess) |
| * | (estimated cost of proper disposal by Arizona Storage of replaced parts) | | | |

---

[3] Certain of these calculations rely on estimates of future costs to be incurred in connection with obligations that are breached by Powin, and will vary depending on when the Sale is consummated.
[4] Prior to offset of mutual obligations.
[5] A description of how these amounts were calculated under the respective Project Agreement is available upon request of counsel to the Project Owners.

8.      In addition, with regard to the La Toba Bess project commissioned pursuant to the Energy Storage System Supply Agreement dated December 20, 2019 ("ESSA"), any purchaser acquiring Powin's rights under the ESSA through assumption and assignment of the ESSA as part of the Sale is obligated to remedy any defects in the existing system identified by MG HR S de R.L. de C.V. that give rise to a breach of the Performance Guarantee established in the ESSA; to the extent such remedial work has not been or will not be performed, MG HR S de R.L. de C.V. reserves the right to assert a claim for reimbursement of costs it incurs involving the Step-In rights of the ESSA.

9.      As a result, while the Project Owners are generally in favor of the assumption of the Project Agreements, they submit that any order authorizing assumption of the Project Agreements and assignment of the Project Agreements to a third-party purchaser, must be conditioned upon the requirement that Powin or the purchaser satisfy all accrued amounts due under the Project Agreements as of the date of assumption, in the amount of no less than the Project Cure Amounts[6] incurred by the Project Owners, as well as perform any overdue remedial and commissioning work required under the Project Agreements.

10.     The filing of this Objection shall neither: (i) waive or release any rights of the Project Owners against any Debtors or any other entity or person; nor (ii) elect a remedy which waives or otherwise affects any other remedy of the Project Owners. The Project Owners expressly reserve all such rights, including, without limitation, the right to: (a) supplement and/or amend this Limited Objection and to assert any objections with respect to the proposed cure amount, adequate assurance of future performance, the Debtors' proposed sale of substantially all of their assets; (b)

---

[6] Characterization of amounts due as a cure obligation does not constitute an admission that amounts arising from goods or services supplied from and after the Petition Date do not constitute administrative claims pursuant to 11 U.S.C. §§ 503(b) and 507(a)(2).

7

assert any nonmonetary defaults under the Project Agreements; and (c) assert any further response to the Cure Notice and in relation to the Sale as they dees necessary or appropriate.

WHEREFORE, Arizona Storage Development LLC and MG HR S de R.L. de C.V. hereby respectfully request that this Court enter an order conditioning assumption of the Project Agreements on payment of the Project Cure Amounts and the requirement to perform in accordance with the Project Agreement terms, as described herein, and granting such other relief as is just and proper.

Dated: July 28, 2025

Respectfully submitted,

**HOLLAND & KNIGHT LLP**

**By:** /s/ Barbra R. Parlin
Barbra R. Parlin, Esq. (NJ Bar No. 008211995)
787 Seventh Avenue
New York, NY 10019
Tel.: (212) 513-3200
Fax: (212) 385-9010
barbra.parlin@hklaw.com

-and-

John J. Monaghan (admitted *pro hac vice*)
Lynne B. Xerras (Mass. Bar #632441)
Kathleen M. St. John (Mass. Bar. #681565)
10 St. James Avenue, 11th Floor
Boston, Massachusetts 02116
Tel.: (617) 523-2700
Facsimile: (617) 523-6850
bos-bankruptcy@hklaw.com

*Attorneys for Arizona Storage Development LLC and MG HR S de R.L. de C.V.*

8

## **CERTIFICATE OF SERVICE**

I, Barbra R. Parlin, counsel to Arizona Storage Development LLC and MG HR S de R.L. de C.V. in connection with the above-captioned bankruptcy cases, hereby certify that on the 28th day of July, 2025, copies of the foregoing Objection were served via ECF.

/s/ Barbra R. Parlin
Barbra R. Parlin, Esq.