| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br>**VINSON & ELKINS LLP**<br><br>Steven M. Abramowitz (No. 043641990)<br>David S. Meyer (admitted *pro hac vice*)<br>Lauren R. Kanzer (admitted *pro hac vice*)<br>The Grace Building<br>1114 Avenue of the Americas, 32nd Floor<br>New York, New York 10036-7708<br>Tel: (212) 237-0000<br>Fax: (212) 237-0100<br>Email: sabramowitz@velaw.com<br>       dmeyer@velaw.com<br>       lkanzer@velaw.com<br><br>-and-<br><br>William L. Wallander (admitted *pro hac vice*)<br>Matthew D. Struble (admitted *pro hac vice*)<br>2001 Ross Avenue, Suite 3900<br>Dallas, Texas 75201<br>Tel: (214) 220-7700<br>Fax: (214) 220-7716<br>Email: bwallander@velaw.com<br>       mstruble@velaw.com<br><br>*Counsel for Lone Star Solar, LLC and energyRe Services, LLC* | |
| In re:<br><br>Powin, LLC, *et al.*,[1]<br><br>           Debtors. | Case No. 25 – 16137 (MBK)<br><br>Chapter 11<br><br>(Jointly Administered) |

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin, LLC [0504], (ii) PEOS Holdings, LLC [5476], (iii) Powin Project LLC [1583], (iv) Powin China Holdings 1, LLC [1422], (v) Powin China Holdings 2, LLC [9713], (vi) Charger Holdings, LLC [5241], (vii) Powin Energy Ontario Storage, LLC [8348], (viii) Powin Energy Operating Holdings, LLC [2495], (ix) Powin Energy Operating, LLC [6487]. The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR 97062.

1

4926-9935-6247

## OBJECTION AND RESERVATION OF
## RIGHTS OF LONE STAR SOLAR, LLC AND
## ENERGYRE SERVICES, LLC TO NOTICE OF POTENTIALLY
## ASSUMED EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Lone Star Solar, LLC ("**Lone Star**") and energyRe Services, LLC[2] (together with Lone Star, "**energyRe**") file this objection and reservation of rights (the "**Objection**") to the *Notice of Potentially Assumed Executory Contracts and Unexpired Leases* [Docket No. 446] (the "**Potential Assumption Notice**") and in support of the Objection, energyRe respectfully states as follows:

## BACKGROUND

1. On June 10, 2025 (the "**Petition Date**"), Powin, LLC and certain of its affiliates (the "**Debtors**") commenced the above-captioned jointly administered voluntary cases (the "**Chapter 11 Cases**") under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors are authorized to continue operating their businesses and managing their properties as debtors in possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

2. Prior to the Petition Date, (i) Lone Star and Powin, LLC entered into that certain *Amended and Restated Energy Supply Agreement*, dated as of September 15, 2023; (ii) Lone Star and Powin, LLC entered into that certain *Amendment to Energy Supply Agreement*, dated as of January 19, 2024 (clauses (i) and (ii), collectively, the "**ESA**"); (iii) Lone Star, Powin, LLC, LSS Class B Member, LLC, and Citibank, N.A. entered into that certain *Consent and Agreement*, dated as of November 16, 2023; and (iv) Lone Star, Powin, LLC, and Citibank, N.A. entered into that certain *Consent and Agreement*, dated as of November 16, 2023 (clauses (i) through (iv), collectively, the "**Agreements**").

---

[2] Lone Star Solar, LLC and energyRe Services, LLC are subsidiaries of energyRe, LLC.

4926-9935-6247

3. On July 18, 2025, the Debtors filed the Potential Assumption Notice, which (i) identified the Agreements as being potentially subject to assumption and assignment, each with a proposed cure amount of $0 (the "**Proposed Cure Amount**"), and (ii) identified various contracts listed on Exhibit A hereto that energyRe believes are either superseded, terminated, or no longer in full force and effect (the "**Disputed Contracts**").

4. Lone Star disputes the Proposed Cure Amount with respect to the ESA. Lone Star's books and records reflect a cure amount relating to the ESA of at least $1,565,991 (the "**Cure Amount**"), which includes a net amount due to Lone Star of approximately $987,000[3] after setoff of approximately $3,363,000 due to Powin under the ESA against $4,350,000 in Liquidated Damages (as defined in the ESA) due to Lone Star, as well as costs incurred by (or anticipated to be incurred by) Lone Star for warranty work, undelivered and uninstalled equipment, and preventative maintenance. Lone Star will provide records evidencing the Cure Amount upon request. Additionally, energyRe disputes the validity of the Disputed Contracts, as all such contracts have been either superseded, terminated or are of no further force and effect by their terms.

## OBJECTION

5. Pursuant to section 365(b)(1) of the Bankruptcy Code, the Debtors must cure any defaults under an executory contract in connection with any potential assumption, or assumption and assignment, of such contract and must provide adequate assurance of future performance. The Debtors' Proposed Cure Amount for the ESA fails to cure the existing obligations under the ESA.

---

[3] The Debtors acknowledged that this amount is due, on an unliquidated basis, to Lone Star in their amended consolidated list of top 50 creditors. *See Amended List of Consolidated Creditors Who Have the 50 Largest Unsecured Claims and Are Not Insiders* [Docket No. 70].

4926-9935-6247

6. Likewise, pursuant to section 365(f)(2)(B) of the Bankruptcy Code, the Debtors may not assign contracts to any purchaser unless such purchaser provides adequate assurance of future performance. The Debtors have not filed any schedules of contracts to be assumed and assigned to any purchaser thus far, and therefore it is unclear to energyRe whether the Debtors intend to assign the Agreements, the Disputed Contracts, or any other contracts between energyRe and the Debtors (collectively, the "*energyRe Contracts*") to any purchaser. Further, without knowing the identity of a purchaser, if any, who may be assigned the energyRe Contracts, it is impossible for energyRe to determine if there is adequate assurance of future performance. energyRe objects to the assumption and assignment of the energyRe Contracts to any purchaser until appropriate adequate assurance satisfactory to energyRe is provided by such purchaser.

7. Similarly the Court should find the Debtors' potential assumption of the Disputed Contracts is ineffective because the Disputed Contracts expired or otherwise became of no further force and effect before Debtors' potential assumption. It is well-settled that "[s]ection 365 [of the Bankruptcy Code] applies only to a contract or lease in existence at the commencement of the case. If the contract or lease has expired by its own terms or has been terminated under applicable law before commencement of the bankruptcy case, there is nothing to assume or assign." 3 *Collier on Bankruptcy* (16th ed. 2022) ¶ 365.02[2][e], at 365-22 (citations omitted). *See also In re The Penn Traffic Co.*, 524 F.3d 373, 381 (2d Cir. 2008) ("[W]here the contract expires by its own terms in the course of the bankruptcy, or the debtor takes action in the course of the bankruptcy to terminate the outstanding obligations, the contract's mere executory nature as of the commencement of the proceeding—without more—will not guarantee the debtor the availability of section 365 [of the Bankruptcy Code]'s assumption and rejection provisions."). Because the Disputed Contracts expired or were terminated prior to the Petition Date, the Debtors cannot

4

4926-9935-6247

assume or assume and assign the Disputed Contracts and any attempt to do so here is ineffective and moot.

## RESERVATION OF RIGHTS

8.  energyRe reserves the right to amend, supplement, and/or otherwise modify this Objection to raise other and further objections to the assumption or assumption and assignment of the energyRe Contracts, including, but not limited to, the right to object to the Proposed Cure Amount, the right to object to any supplemental assumption and assignment notice, and to seek other or further relief, including without limitation, seeking administrative expense status for any claims or obligations owing to energyRe under the energyRe Contracts.

9.  Filing this Objection is not and shall not be deemed or construed as a waiver by energyRe of any rights under (i) any contracts between energyRe and the Debtors, whether or not listed on the Potential Assumption Notice, including the ESA and the Disputed Contracts, (ii) the Bankruptcy Code, or (iii) applicable law.

## CONCLUSION

WHEREFORE, energyRe respectfully requests that the Court (i) deny any assumption or assumption and assignment of the ESA unless the Proposed Cure Amount is corrected; (ii) deny any assumption or assumption and assignment of the energyRe Contracts until appropriate adequate assurance is provided; (iii) deny any assumption or assumption and assignment of the Disputed Contracts; and (iv) grant such other and further relief as the Court deems just and equitable.

[*The remainder of this page is intentionally left blank*]

Dated: July 28, 2025
New York, NY

/s/ *Steven M. Abramowitz*

**VINSON & ELKINS LLP**
Steven M. Abramowitz, Esq.
David S. Meyer (admitted *pro hac vice*)
Lauren R. Kanzer (admitted *pro hac vice*)
The Grace Building
1114 Avenue of the Americas, 32nd Floor
New York, New York 10036-7708
Tel: (212) 237-0000
Fax: (212) 237-0100
Email: sabramowitz@velaw.com
　　　　dmeyer@velaw.com
　　　　lkanzer@velaw.com

-and-

William L. Wallander (admitted *pro hac vice*)
Matthew D. Struble (admitted *pro hac vice*)
2001 Ross Avenue, Suite 3900
Dallas, Texas 75201
Tel: (214) 220-7700
Fax: (214) 220-7716
Email: bwallander@velaw.com
　　　　mstruble@velaw.com

*Counsel for Lone Star Solar, LLC and energyRe Services, LLC*

**CERTIFICATE OF SERVICE**

      I certify that on July 28, 2025, I or another attorney of my firm caused a true and correct copy of the foregoing document to be served upon (i) the Debtors, (ii) the Office of the United States Trustee for the District of New Jersey, (iii) counsel to the official committee of unsecured creditors in these chapter 11 cases, (iv) the Stalking Horse Bidder, and (v) any other party that has filed a notice of appearance in these chapter 11 cases.

                                                             */s/ Steven M. Abramowitz*
                                                             Steven M. Abramowitz

4926-9935-6247

## Exhibit A
## Disputed Contracts

1. Energy Supply Agreement between Powin, LLC and Lone Star Solar, LLC

2. Payment Escrow Agreement between Powin, LLC and Lone Star Solar, LLC

3. Letter re: Notice of Force Majure Event / Excusable Event for Protect Lonestar (Project ID SCL0020); Hurricane Helene between Powin, LLC and Lone Star Solar, LLC

4. Letter re: Limited Notice to Proceed Letter Agreement for Project SCL0020 between Powin, LLC and Lone Star Solar, LLC

5. Battery Energy Storage System Payment Bond (Bond No. 0842638) between Powin, LLC and Lone Star Solar, LLC

6. Photography and Videography Acknowledgement, Release and Discharge between Powin, LLC and Lone Star Solar, LLC

7. Letter Agreement re: Capacity Commitment and Pricing Discount between Powin, LLC and energyRe Services, LLC

8. Letter Agreement re: Amended & Restated Letter Agreement to Capacity Commitment and Pricing Discount between Powin, LLC and energyRe Services, LLC