<div style="border:1px solid black; padding:8px;">

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**
Caption in Compliance with D.N.J. LBR 9004-1(a)

**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**
Sean Kirby (NJ No. 27782006)
30 Rockefeller Plaza, 39th Floor
New York, New York 10112
Telephone: (212) 653-8700
Facsimile: (212) 653-8701
Email: skirby@sheppardmullin.com

Ori Katz (*pro hac vice* forthcoming)
Jeannie Kim (*pro hac vice* forthcoming)
Four Embarcadero Center, 17th Floor
San Francisco, California 94115
Telephone: (415) 434-9100
Facsimile: (415) 434-3947
Email: okatz@sheppardmullin.com
       jekim@sheppardmullin.com

*Counsel to SMA Solar Technology America LLC*

</div>

| | |
|---|---|
| In re: | Chapter 11 |
| Powin, LLC, *et al.*,[1] | Case No. 25-16137 (MBK) |
| Debtors. | (Jointly Administered) |
| | Judge: Hon. Michael B. Kaplan |
| | Re: Docket No. 446 |

**LIMITED OBJECTION OF SMA SOLAR TECHNOLOGY AMERICA LLC AND SMA SOLAR TECHNOLOGY AG TO THE PROPOSED CURED AMOUNT AND RESERVATION OF RIGHTS REGARDING NOTICE OF POTENTIALLY ASSUMED EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin Project LLC [1583], (ii) Powin, LLC [0504], (iii) PEOS Holdings, LLC [5476], (iv) Powin China Holdings 1, LLC [1422], (v) Powin China Holdings 2, LLC [9713], (vi) Charger Holdings, LLC [5241], Powin Energy Ontario Storage, LLC [8348], (viii) Powin Energy Operating Holdings, LLC [2495], (ix) Powin Energy Operating, LLC [6487]. The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR 97062.

-1-

SMA Solar Technology America LLC, a Delaware limited liability company, formerly known as SMA America, Incorporated, a Delaware corporation ("SMA USA") and SMA Solar Technology AG, formed and organized under German law ("SMA AG," and together with SMA USA, "SMA"), by and through its undersigned counsel, objects, on a limited basis (the "Objection"), to the proposed cure amount set forth by debtors and debtors in possession Powin, LLC, *et al.* (collectively, the "Debtors") in that *Notice of Potentially Assumed Executory Contracts and Unexpired Leases* [ECF No. 446] (the "Assumption Notice").[2]  In support of the Objection, SMA states as follows:

## GENERAL BACKGROUND

1. SMA produces and manufactures solar inverters for photovoltaics systems with grid connection, off-grid power supply and backup operations.

2. On or about August 19, 2022, SMA USA and Powin, LLC, a Delaware corporation ("Powin") entered into that certain Master Supply Agreement (the "MSA"), which MSA governs all offers and deliveries of products and services (collectively, the "Products") by SMA USA to Powin under any purchase order or other purchase document (each, a "Contract"). The MSA includes, among other terms, pricing for SMA USA's products and services. In connection with the MSA, the Parties also entered into, among other ancillary agreements, that certain "SMA Limited Factory Warranty" agreement (the "Warranty"). Notably, the Warranty and related Contracts that are governed by the MSA are not severable from the MSA but rather fully integrated into the MSA. SMA USA understands that Powin retains a fully executed copy of the MSA. Based on such understanding and the confidential and proprietary nature of the

---

[2] Capitalized terms not otherwise defined in this Objection shall have the same meanings ascribed to them in the Assumption Notice.

MSA, SMA USA does not submit a copy of the MSA with this Objection but is willing to consider requests for a copy of the MSA, to be provided on a confidential basis.

3.  Separately, beginning about April 2023, SMA AG and Powin entered into that certain General Terms and Conditions of Delivery for International Customers (the "GTCD"). SMA AG understands that Powin retains a fully executed copy of the GTCD. Based on such understanding and the confidential and proprietary nature of the GTCD, SMA AG does not submit a copy of the GTCD with this Objection but is willing to consider requests for a copy of the GTCD, to be provided on a confidential basis.

4.  On April 3, 2025, SMA USA delivered to Powin its Notice of Default (the "NOD"), declaring Powin in default under the MSA based on its failure to (a) make payment in the amount of $5,751,790 in connection with a Contract (as defined in the MSA) dated March 13, 2025 (the "March 2025 Contract"), and (b) provide security as requested by SMA. Additionally, pursuant to Art. II, section 6 of the MSA ("Term – Prices – Packaging – Terms of Payment") SMA exercised its right to declare all payments set forth under the March 2025 Contract and MSA immediately due and payable and suspended performance thereunder.

5.  The Debtors commenced the above-captioned chapter 11 bankruptcy proceedings (the "Bankruptcy Cases") by filing voluntary petitions for relief on June 9, 10, and 22, 2025. The Bankruptcy Cases are being jointly administered.

6.  On June 17, 2025, this Court entered that *Order (I) Designating a Stalking Horse Bidder and Approving Stalking Horse Bidder Protections, (II) Approving Bidding Procedures by Which Interested Parties May Bid and an Auction Sale Format in Connection With the Sale of Substantially All of the Debtors' Assets, (III) Approving Form of Asset Purchase Agreement, (IV) Approving Form of Notice to be Provided to Interested Parties, (V) Authorizing the Assumption*

*and Assignment of Assumed Contracts and Notice Procedures Thereto, (VI) Scheduling a Court Hearing to Consider Approval of the Sale to the Highest and Best Bidder, and (VII) Authorizing the Sale of the Debtors' Property Free and Clear of All Causes of Action and Claims* [ECF No. 413] (the "Bid Procedures Order").

7. On July 1, 2025, the Debtors filed their *Motion of the Debtors for Entry of an Order (I) Designating a Stalking Horse Bidder and Approving Stalking Horse Bidder Protections (II) Approving Bidding Procedures by which Interested Parties May Bid and an Auction Sale Formatin Connection with the Sale of Substantially All of the Debtors' Assets, (III) Approving Form of Asset Purchase Agreement, (IV) Approving Form of Notice to Be Provided to Interested Parties, (V) Authorizing the Assumption and Assignment of Assumed Contracts and Notice Procedures Thereto, (VI) Scheduling a Court Hearing to Consider Approval of the Sale to the Highest and Best Bidder, and (VII) Authorizing the Sale of Debtors' Property Free and Clear of All Causes of Action and Claims* [ECF No. 228] (the "Sale Motion").

8. By the Sale Motion, the Debtors propose to sell (the "Sale") substantially all of their assets (the "Assets") to FlexGen Power Systems, LLC ("FlexGen"), which this Court has authorized the Debtors to designate as the stalking-horse bidder for the Assets.

9. On July 18, 2025, the Debtors filed the Assumption Notice. Among other unexpired executory contracts, the Assumption Notice lists two "Master Supply and Service Agreements" between Powin and SMA that may be assumed and assigned to FlexGen Power Systems, LLC or such other Winning Bidder for the Assets. The Debtors assert that the total outstanding "Cure Payment Amount" due and owing to SMA under the Master Supply and Service Agreements is $369,811.20. *See* Assumption Notice, Ex. A, p. 21.

| | | | | |
|---|---|---|---|---|
| Powin, LLC | SMA Solar Technology America LLC, | $369,811.20 | Master Supply and Service Agreement | Evergreen |
| Powin, LLC | SMA Solar Technology America LLC, | Unknown | Master Supply and Service Agreement | Evergreen |

-4-

10. Pursuant to the terms of the MSA, certain Contracts between Powin and SMA, and the NOD, and based on currently available information, SMA believes that the total amount due and owing from Powin to SMA on account of Products ordered by Powin and sold and delivered by SMA to Powin, plus postpetition accruals continuing to date for interest, late fees, and other costs as of June 9, 2025, or the date on which Powin commenced its Bankruptcy Case, is no less than **$25,515,664.04**.

11. Postpetition, SMA has incurred additional amounts for Products sold and delivered to Powin under the MSA and outstanding Contracts. SMA reserves all rights to amend or supplement this Objection to account for all postpetition accruals (interest, late fees, and other costs, including ongoing legal fees) (collectively, the "SMA Cure Amount") that may be due and owing as of the date of assumption and assignment of the MSA and GTCD and related Contracts.

## LIMITED OBJECTION

**A.    The Debtors May Not Assume Only the MSA and Reject Related Contracts and Ancillary Agreements**

12. It is a well-established principle in bankruptcy that a debtor assuming (and assigning) an unexpired executory contract must do assume the entire contract and cannot choose to assume the benefits without also assuming the burdens of the contract. *See* 11 U.S.C. § 365(a); *NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 531 (1984); *see also* 3 COLLIER ON BANKRUPTCY ¶ 365.03 (citing *EPLET, LLC v. DTE Pontiac North, LLC*, 984 F.3d 493, 504 (6th Cir. 2021); *In re Fleming Cos.*, 499 F.3d 300, 308 (3d Cir. 2007); *Am. S. Ins. Co. v. DLM, LLC*, 2017 U.S. Dist. LEXIS 105716, at *14 (D. Md. July 10, 2017); *In re CEC Entm't, Inc.*, 625 B.R. 344 (Bankr. S.D. Tex. 2020). *see also*, *Anytime Fitness, L.L.C. v. Thornhill Brothers Fitness, L.L.C. (In re Thorndale Brothers Fitness L.L.C.)*, 85 F.4th 321 (5th Cir. 2023) (a partial

assignment of an executory contract is not authorized)). Based on the foregoing, Powin may not elect to assume only the MSA without also assuming the Warranty and Contracts that are governed by the MSA. To the extent Powin seeks to assume only the MSA while rejecting the Warranty and Contracts that are in default, SMA objects to such proposed assumption.

**B.    Full Payment of the SMA Cure Amount**

13. While SMA does not generally object to the Sale of the Assets, the Assumption Notice lists an inaccurate amount for the SMA Cure Amount. For Powin to assume and assign to FlexGen or the Winning Bidder the MSA, SMA must be paid all amounts due and owing under the MSA. This includes all outstanding amounts under those Contracts that are governed by the MSA and remain outstanding as of the date of this Objection. In fact, payment of the SMA Cure Amount, plus any other amounts due and owing by Powin as of the time of assumption and assignment, is a condition precedent to the Debtors' assumption and assignment to FlexGen or the Winning Bidder of the MSA under section 365(b)(1)(A)(1) of title 11 of the United States Code (the "Bankruptcy Code").

14. As stated above, the total SMA Cure Amount is based on SMA's books and records, and is inclusive of amounts due and owing as of the date of this Objection. The SMA Cure Amount may increase before the actual date of assignment of the MSA if Powin does not timely and properly pay all amounts that accrue after the date of this Objection, including attorney's fees and other amounts that may come due under the MSA as required, regardless of when those amounts accrued. *See id.*

15. Based on the foregoing, SMA reserves its right to amend or supplement this Objection and the SMA Cure Amount from time to time and at any time, and requests that Powin and/or the Debtors remain liable for, among other things: (a) all post-petition charges under the

MSA; (b) all amounts accruing under the MSA which may be unbilled as of the date of this Objection; (c) any regular or periodic adjustment of charges under the MSA, which were not due or had not been determined as of the date of this Objection; (d) any non-monetary defaults; and/or (e) other contractual obligations under the MSA.

**C.    Adequate Assurance of Future Performance**

16.   Bankruptcy Code section 365(b)(1)(C) provides that if there has been a default under an unexpired executory contract or lease of the debtor, the trustee may not assume such contract or lease unless the trustee cures, or provides adequate assurance of prompt cure, such default *and* provides adequate assurance of future performance under the contract or lease to be assumed.  *See* 11 U.S.C. §§ 365(b)(1)(A) and (C).

17.   Although the Bankruptcy Code does not define "adequate assurance of future performance," courts have held that "what constitutes adequate assurance of future performance must be determined by consideration of the facts of the proposed assumption." *See Cinicola v. Scharffenberger*, 248 F.3d 110 n. 10 (3d Cir. 2001).  Further, courts relying on the meaning of "adequate assurance" as applied under the Uniform Commercial Code, have held that the adequacy of the assurance must be based on "commercial reasonableness." *See In re DBSI, Inc.*, 405 B.R. 698, 708 (Bankr. D. Del. 2009).

18.   SMA is entitled to information, within a reasonable period of time and with reasonably sufficient details, whereby it can confirm that FlexGen, or such other Winning Bidder, is qualified as an assignee and/or counterparty to the MSA and to object if FlexGen or the Winning Bidder is not so qualified.  To date, SMA has not received adequate assurance from the Debtor regarding FlexGen.

19. Accordingly, SMA objects to the assumption and assignment of the MSA to the extent they are not provided timely and meaningful adequate assurance by FlexGen, or the Winning Bidder.

## RESERVATION OF RIGHTS

20. SMA reserves all rights with respect to the SMA Cure Amount, including, but not limited to, the right to amend, update, or supplement this Objection at any time and in all respects. Further, SMA does not waive any claims against Powin or any other Debtor that may arise in these Bankruptcy Cases after the date of this Objection. If applicable, SMA reserves all rights of setoff and recoupment provided under the MSA and any outstanding Contract.

## CONCLUSION

WHEREFORE, SMA hereby reserves all of its rights (1) to payment in full of the SMA Cure Amount, including all outstanding prepetition and postpetition amounts as of the time of assumption and assignment to FlexGen or the Winning Bidder, (2) to require payment of outstanding prepetition and postpetition amounts as a condition precedent to assumption and assignment to FlexGen or the Winning Bidder, (3) to payment in full of the SMA Cure Amount due at the time of assumption and assignment to FlexGen or the Winning Bidder, and (4) to require adequate assurance from FlexGen or the Winning Bidder.

Dated: July 28, 2025

Respectfully submitted,

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By: /s/ Sean J. Kirby

Sean Kirby (NJ No. 27782006)
30 Rockefeller Plaza, 39th Floor
New York, New York 10112
Telephone: (212) 653-8700
Facsimile: (212) 653-8701
Email: skirby@sheppardmullin.com

Ori Katz (*pro hac vice* forthcoming)
Jeannie Kim (*pro hac vice* forthcoming)
Four Embarcadero Center, 17th Floor
San Francisco, California 94115
Telephone: (415) 434-9100
Facsimile: (415) 434-3947
Email: okatz@sheppardmullin.com
      jekim@sheppardmullin.com

*Attorneys for SMA Solar Technology America LLC*

**CERTIFICATE OF SERVICE**

I, Sean Kirby, hereby certify that *Limited Objection of SMA Solar Technology America LLC and SMA Solar Technology AG to the Proposed Cured Amount and Reservation of Rights Regarding Notice of Potentially Assumed Executory Contracts and Unexpired Leases* was filed and served on July 28, 2025 via CM/ECF on all parties registered to receive notice in these Bankruptcy Cases.

<div style="text-align: right;">

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By:  */s/ Sean J. Kirby*
Sean Kirby (NJ No. 27782006)

</div>