**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
**Caption in Compliance with D.N.J. LBR 9004-1(b)**

| | |
|---|---|
| **BROWN RUDNICK LLP**<br>Robert J. Stark, Esq.<br>Kenneth J. Aulet, Esq.<br>Ben Silverberg, Esq.<br>Seven Times Square<br>New York, NY 10036<br>Telephone: (212) 209-4924<br>Fax: (212) 938-2924<br>Email: rstark@brownrudnick.com<br>　　　kaulet@brownrudnick.com<br>　　　bsilverberg@brownrudnick.com<br>*Proposed Counsel for the Official Committee of Unsecured Creditors*<br> -and-<br>**GENOVA BURNS LLC.**<br>Daniel M. Stolz, Esq<br>110 Allen Rd., Suite 304<br>Basking Ridge, NJ 07920<br>Telephone: (973) 230-2095<br>Fax: (973) 814-4045<br>Email: DStolz@genovaburns.com<br>*Proposed Local Counsel for the Official Committee of Unsecured Creditors* | |
| In re:<br><br>Powin, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-16137 (MBK)<br><br>(Jointly Administered) |

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin Project LLC [1583], (ii) Powin, LLC [0504], (iii) PEOS Holdings, LLC [5476], (iv) Powin China Holdings 1, LLC [1422], (v) Powin China Holdings 2, LLC [9713], (vi) Charger Holdings, LLC [5241], (vii) Powin Energy Ontario Storage, LLC [ 8348], (viii) Powin Energy Operating Holdings, LLC [2495], and (ix) Powin Energy Operating, LLC [6487]; (x) Powin Energy Storage 2, Inc., [9926]; (xi) Powin Energy Ontario Storage II LP, [5787]; and (xii) Powin Canada B.C. Ltd. [2239]. The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR 97062.

**APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
OF THE DEBTOR, POWIN, LLC, *ET AL.*, FOR ORDER:
AUTHORIZING EMPLOYMENT AND RETENTION OF
ALVAREZ & MARSAL NORTH AMERICA, LLC AS
FINANCIAL ADVISOR EFFECTIVE AS OF JULY 1, 2025**

The Official Committee of Unsecured Creditors (the "Committee") appointed in the jointly administered Chapter 11 Cases of the above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby submits this application (the "Application") for entry of an order pursuant to sections 328 and 1103 of title 11 of the United States Code (the "Bankruptcy Code"), authorizing the employment and retention of Alvarez & Marsal North America, LLC together with employees of its affiliates (all of which are wholly-owned by its parent company and employees), its wholly owned subsidiaries, and independent contractors (collectively, "A&M"), as financial advisor to the Committee, effective as of July 1, 2025.  In support of this Application, the Committee relies on the declaration of Richard Newman (the "Newman Declaration"), attached hereto as **Exhibit A** and incorporated herein by reference. The proposed order is attached hereto as **Exhibit B**. In further support of this Application, the Committee respectfully states as follows:

## JURISDICTION

1.     This Court has jurisdiction over this Application under 28 U.S.C. §§ 157 and 1334 and the *Standing Order,* dated July 23, 1984, referring all cases under the Bankruptcy Code to the bankruptcy judges for this District, as amended on September 18, 2012. Standing Order of Reference 12-1 (Simandle, C.J.). Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2.     This matter constitutes a core proceeding pursuant to 28 U.S.C. § 157(b), and the Court may enter a final order consistent with Article III of the United States Constitution.

3.      The statutory and legal predicates for the relief requested herein are Bankruptcy Code sections 328(a) and 1103, Rule 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the District of New Jersey (the "Local Bankruptcy Rules").

## BACKGROUND

4.      On June 9, 2025 (the "Petition Date")[2], each of the Debtors filed a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court").

5.      The Debtors continue to operate their business as debtors-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

6.      These Chapter 11 Cases are being jointly administered pursuant to the *Order (I) Directing Joint Administration of Chapter 11 Cases; and (II) Granting Related Relief (Docket 58)* and as further amended in the *First and Second Amended Order (I) Directing Joint Administration of Affiliated Chapter 11 Cases; and (II) Granting Related Relief [filed at Docket 173 and 211, respectively].*

7.      On June 26, 2025 (the "Formation Date"), the United States Trustee for the Region 3 & 9 (the "U.S. Trustee") appointed the Committee pursuant to Bankruptcy Code section 1102. *See* Notice of Appointment of Official Committee of Unsecured Creditors [Docket No. 174], filed on June 27, 2025.

8.      On June 27, 2025, the Committee selected Brown Rudnick, LLP to serve as legal counsel and Genova Burns LLC to represent the Committee in these Chapter 11 Cases. On

---

[2] Lead Debtor Case No. 25-16137 (MBK) for Debtor Powin Project LLC was filed on June 9, 2025, and the remaining Debtors were filed shortly thereafter on June 10, 2025 and June 22, 2025.

July 1, 2025, the Committee selected A&M to provide financial advisory services to the Committee.

## RELIEF REQUESTED

9.      By this Application, the Committee requests entry of an order, in the form attached hereto as **Exhibit B**, pursuant to Bankruptcy Code sections 328 and 1103(a) of the Bankruptcy Code, and Bankruptcy Rule 2014(a) approving the employment and retention of A&M as financial advisor to the Committee in these Chapter 11 Cases.

10.     The Committee requests that A&M's retention be approved effective July 1, 2025.

11.     The Committee is familiar with the professional standing and reputation of A&M. The Committee understands and recognizes that A&M has a wealth of experience in providing financial advisory services in restructurings and reorganizations and enjoys an excellent reputation for services it has rendered in Chapter 11 Cases on behalf of debtors and creditors throughout the United States.

12.     The services of A&M are deemed necessary to enable the Committee to assess and monitor the efforts of the Debtors and their professional advisors to maximize the value of their estates and to reorganize successfully.  Further, A&M is well qualified and able to represent the Committee in a cost-effective, efficient, and timely manner.

## SCOPE OF SERVICES

13.     The Committee and A&M arrived at a mutual agreement as to the substantial efforts that will be required in this engagement as described herein. Subject to further order of the Court, A&M will provide such advisory services to the Committee and its legal advisors as A&M and the Committee deem appropriate and feasible over course of these Chapter 11 Cases, including but not limited to the following:

(a)  Assist in the assessment and monitoring of cash flow budgets, liquidity and operating results;

(b)  Assist in the review of Court disclosures, including the Schedules of Assets and Liabilities, the Statements of Financial Affairs, Monthly Operating Reports, and Periodic Reports;

(c)  Assist in the review of the Debtors' cost/benefit evaluations with respect to the assumption or rejection of executory contracts and/or unexpired leases;

(d)  Assist in the analysis of any assets and liabilities and any proposed transactions for which Court approval is sought;

(e)  Attend meetings with the Debtors, the Debtors' lenders and creditors, the Committee and any other official committees organized in these Chapter 11 Cases, the U.S. Trustee, other parties in interest, and professionals hired by the same, as requested;

(f)  Assist in the review of any tax issues;

(g)  Assist in the investigation and pursuit of causes of actions;

(h)  Assist in the review of the claims reconciliation and estimation process;

(i)  Assist in the review of the sales or dispositions of the Debtors' assets;

(j)  Assist in the review and/or preparation of information and analysis necessary for the confirmation of a plan in these Chapter 11 Cases; and

(k)  Render such other general business consulting or such other assistance as the Committee or its counsel may deem necessary, consistent with the role of a financial advisor and not duplicative of services provided by other professionals in these Chapter 11 Cases.

14.    In order for A&M to perform the services set forth above, it will be necessary for A&M personnel to have access to certain books, records and reports of the Debtors and to have discussions with the Debtors' personnel.  Accordingly, the Committee understands that, to the extent A&M is not given the Debtors' cooperation or access to the Debtors' personnel, books and records and other sources of data, A&M's ability to provide the services set forth above will be limited.

15.     Because of the potential limitations in this proposed retention, the depth of A&M's analysis and verification of the data are limited.  It is understood by the Committee that A&M is not being requested to perform an audit and that A&M will rely on the accuracy and validity of the data disclosed to A&M or supplied to A&M by, or on behalf of, employees and representatives of the Debtors or the Committee.  A&M is not updating, nor is A&M under any obligation to update, data submitted to A&M or reviewing any other areas unless specifically requested by the Committee. The Committee understands that the services to be rendered may include a review and assessment of projections and other forward-looking statements and that numerous factors can affect the actual results of the Debtors' operations, which may materially and adversely differ from those projections and other forward-looking statements.

16.     All advice (written or oral) provided by A&M to the Committee in connection with the services provided herein is intended solely for the benefit and use of the Committee.

17.     In the provision of services to the Committee, it is expected that the Committee and third parties will provide to A&M certain personally identifiable information or other personal data regarding employees, creditors and other constituents, the processing or transfer of which may be subject to Data Protection Laws.  "Data Protection Laws" means all applicable U.S. and foreign national, federal, state and/or local laws, rules, regulations or other binding instruments in relation to the processing or protection of personal data, including, but not limited to, the EU General Data Protection Regulation (GDPR). In furtherance thereof, the Committee acknowledges and agrees: it is expected that such information (and work product containing such information) will be transferred by A&M, on behalf of the Committee, to third parties including other agents and professionals of the Committee acting within this matter (i.e.,

the Committee's counsel and other advisors) as well as, at the Committee's direction, other constituents in the Debtors' cases, including but not limited to creditors and their representatives as well as any applicable judicial, regulatory or governmental bodies; and, that A&M's transfer of such data directly to third parties (rather than by the Committee to a third party) is for the Committee's convenience and such transfers shall always be deemed to be on the Committee's behalf.  Without limiting the foregoing, each party agrees to comply with Data Protection Laws in connection with the services being provided by A&M to the Committee.

18.     From time-to-time A&M may utilize the services of the employees of its affiliates in the performance of services hereunder. Such affiliates are wholly owned by A&M's parent company and certain employees.

19.     Because A&M and its professional service provider affiliates and subsidiaries comprise a consulting firm (the "Firm") that serves clients on an international basis in numerous cases, both in and out of court, it is possible that the Firm may have rendered or will render services to, or have business associations with, other entities or people which had, have or may have relationships with the Committee members or other interested parties.  The Firm will not be prevented or restricted by virtue of providing the services to the Committee from providing unrelated services to other entities or individuals, including entities or individuals whose interests may be in competition or conflict with the Committee members, provided the Firm makes appropriate arrangements to ensure that the confidentiality of information is maintained.

## PROFESSIONAL COMPENSATION

20.     The Committee has agreed to the following compensation, in addition to certain indemnification obligations described below, for the services to be provided by A&M in these Chapter 11 Cases:

(a)  Hourly Rates: A&M will be paid by the Debtors for the services of A&M professionals at the following hourly rates:

|     |                    |                  |
| --- | ------------------ | ---------------- |
| a.  | Managing Directors | $1,100 - $1,575  |
| b.  | Directors          | $850 -   $1,100  |
| c.  | Associates         | $625 -     $825  |
| d.  | Analysts           | $450 -     $600  |

A&M's hourly rates are subject to annual periodic adjustments on a calendar year basis to reflect economic and other conditions.

(b)  Expense Reimbursement: A&M will be reimbursed for reasonable expenses incurred in connection with this engagement such as travel, lodging, third party duplication, messenger and telephone charges; reasonable expenses include any reasonable legal fees incurred for A&M's defense of its retention application and fee applications submitted in these Chapter 11 Cases, subject to Court approval.

21.     The proposed order provides that A&M shall file applications for interim and final allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in Bankruptcy Code sections 330 and 331, such Bankruptcy Rules as may then be applicable, the Local Bankruptcy Rules, and any applicable orders and procedures of this Court, including the *General Order Adopting Guidelines Governing Procedures for Payment of Interim Compensation and Reimbursement of Expenses to* Professionals, dated March 31, 2003 (the "Guidelines"), and the *Administrative Fee Order Establishing Procedures for Allowance and Payment of Interim Compensation and Reimbursement of Expenses of Professionals Retained By Order of This Court* (the "Interim Compensation Order") [Docket No. 519].

## INDEMNIFICATION PROVISIONS

22.     The Committee has agreed that neither A&M nor any of its agents, representatives, members or employees shall have any liability (whether direct or indirect, in contract or tort or otherwise), to the Committee for, or in connection with, the engagement of A&M contemplated hereunder except for any such liability for losses, claims, damages or liabilities

incurred by the Committee that are finally judicially determined by the Court to have primarily

resulted from the gross negligence or willful misconduct of A&M.

23.     As part of the overall compensation payable to A&M, subject to paragraphs

25 and 26 below, the Committee has agreed to request that the Court require the Debtors to

indemnify, defend and hold harmless A&M and its affiliates and their respective personnel

("Indemnified Parties") for any claims arising from, related to, or in connection with A&M's

engagement and to request that this Court enter an order approving such indemnification obligation.

24.     In addition,  subject to paragraphs 25 and 26 below, in the event that, at any

time whether before or after termination of the engagement or the Agreement, as a result of, or in

connection with, A&M's engagement and its personnel's role hereunder, A&M or any Indemnified

Party is required to produce any of its personnel (including former employees) for examination,

deposition or other written, recorded or oral presentation, or A&M or any of its personnel

(including former employees) or any other Indemnified Party is required to produce or otherwise

review, compile, submit, duplicate, search for, organize or report on any material within such

Indemnified Party's possession or control pursuant to a subpoena or other legal (including

administrative) process, the Committee requests that the Court approve the Debtors' obligation to

reimburse the Indemnified Party for its out-of-pocket expenses, including the reasonable fees and

expenses of its counsel, and to compensate the Indemnified Party for the time expended by its

personnel based on such personnel's then current hourly rate.

25.     The Debtors shall have no obligation to indemnify A&M for any claim or

expense that is either (i) judicially determined (the determination having become final) to have

arisen primarily from A&M's bad faith, gross negligence or willful misconduct, or (ii) settled prior

to a judicial determination as to A&M's bad faith, gross negligence or willful misconduct but

determined by this Court, after notice and a hearing pursuant to paragraph 26 below, to be a claim or expense for which A&M is not entitled to receive indemnity under the terms of this Application.

26.      If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these Chapter 11 Cases, A&M believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations described above, including, without limitation, the advancement of defense costs, A&M must file an application therefore in this Court, and the Debtors may not pay any such amounts to A&M before the entry of an order by this Court approving the payment. This paragraph is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by A&M for indemnification, contribution or reimbursement and not a provision limiting the duration of the Debtors' obligation to indemnify A&M.

27.      The Committee respectfully submits that these indemnification provisions are reasonable for financial advisory engagements both out of court and in Chapter 11 Cases. Accordingly, as part of this Application, the Committee requests that this Court approve the indemnification provisions.

## NO DUPLICATION OF SERVICES

28.      The Committee believes that the services provided by A&M will not duplicate the services that other professionals will be providing to the Committee in these Chapter 11 Cases. Specifically, A&M will carry out unique functions and will use reasonable efforts to coordinate with the Committee, Brown Rudnick, Genova Burns and the other professionals retained in these Chapter 11 Cases to avoid the unnecessary duplication of services.

## A&M'S RELATIONSHIPS AND CONFLICTS DISCLOSURES

29.    The Committee believes that A&M has no connection with the Debtors, their creditors, or other parties in interest, except as otherwise set forth in the Newman Declaration. Pursuant to Bankruptcy Code section 1103(b), the Committee believes that, except as set forth in the Newman Declaration, A&M does not represent any other entity having an adverse interest in connection with the Chapter 11 Cases.

30.    A&M has conducted, and will conduct, an ongoing review of its files to ensure that no conflicts or other disqualifying circumstances exist or arise.  If any new material facts or relationships are discovered, A&M will supplement its disclosure to this Court.

31.    A&M has agreed not to share with any person or firm the compensation to be paid for professional services rendered in connection with these cases.

## APPLICABLE AUTHORITY

32.    The Committee submits that the retention of A&M under the terms described herein is appropriate under sections 1103(a) and 328(a) of the Bankruptcy Code.

33.    Section 1103(a) of the Bankruptcy Code provides, in relevant part, that a creditors' committee, with the Court's approval, "may select and authorize the employment by such committee of one or more attorneys, accountants, or other agents, to represent or perform services for such committee." 11 U.S.C. § 1103(a).  Bankruptcy Rule 2014(a) provides, in relevant part, that "[a]n order approving the employment of . . . professionals pursuant to . . . § 1103 . . . of the Code shall be made only on application of the trustee or committee." Fed. R. Bankr. P. 2014(a).

34.    Section 328(a) of the Bankruptcy Code provides, in relevant part, that a creditors' committee:

> with the court's approval, may employ or authorize the employment of a professional person under section . . . 1103 of this title . . . on any reasonable terms and conditions of employment, including on a

> retainer, on an hourly basis, on a fixed or percentage fee basis, or on
> a contingent fee basis.  Notwithstanding such terms and conditions,
> the court may allow compensation different from the compensation
> provided under such terms and conditions after the conclusion of
> such employment, if such terms and conditions prove to have been
> improvident in light of developments not capable of being
> anticipated at the time of fixing such terms and conditions.

11 U.S.C. § 328(a).  Bankruptcy Rule 2014(a) further provides, in relevant part, that "[t]he application shall state the specific facts showing the necessity for the employment, . . . the reasons for the selection, the professional services to be rendered, [and] any proposed arrangement for compensation[,]" which pursuant to Bankruptcy Code section 328(a), can include "any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis." Fed. R. Bankr. P. 2014(a); 11 U.S.C. § 328(a).

35.    The Committee submits that the terms and conditions of A&M's retention as described herein, including the proposed fee structure and indemnification terms, are reasonable and in line with the terms and conditions typical for engagements of this size and character. Because the Committee will require substantial assistance with the bankruptcy process, it is reasonable for the Committee to seek to employ and retain A&M to serve as its financial advisor on the terms and conditions set forth herein.

## NO PRIOR REQUEST

36.    No prior application for the relief requested herein has been made to this or any other court.

## NOTICE

37.    Notice of this Application will be provided to the following parties or their respective counsel to: (a) the Office of the United States Trustee, (b) counsel for the Debtors (c) counsel for the Debtors' Prepetition and Post-petition Secured Parties; and (d) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Committee submits that, in light of the

nature of the relief requested, no other or further notice need be given.  In light of the nature of the

relief requested herein, the Debtors submit that no other or further notice is required.

## **CONCLUSION**

WHEREFORE, the Committee respectfully requests that the Court enter an order granting

the relief requested herein, substantially in the form of the proposed order attached hereto as

**Exhibit B,** and such other and further relief as the Court deems just and proper.


Dated: July 28, 2025                          **THE OFFICIAL COMMITTEE OF**
                                              **UNSECURED CREDITORS OF POWIN, LLC.,**
                                              ***et al.***



                                              By:  _/s/   Carl Kim_____
                                              Name: Carl Kim on behalf of ACE Engineering &
                                              Co. Ltd

                                              Solely in his capacity as Chair of the Official
                                              Committee of Unsecured Creditors of Powin, LLC,
                                              *et al.,*

**Exhibit A**
**(Declaration)**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
Caption in Compliance with D.N.J. LBR 9004-1(b)

**BROWN RUDNICK LLP**
Robert J. Stark, Esq.
Kenneth J. Aulet, Esq.
Ben Silverberg, Esq.
Seven Times Square
New York, NY 10036
Telephone: (212) 209-4924
Fax: (212) 938-2924
Email: rstark@brownrudnick.com
          kaulet@brownrudnick.com
          bsilverberg@brownrudnick.com
*Proposed Counsel for the Official Committee of*
*Unsecured Creditors*
 -and-
**GENOVA BURNS LLC.**
Daniel M. Stolz, Esq
110 Allen Rd., Suite 304
Basking Ridge, NJ 07920
Telephone: (973) 230-2095
Fax: (973) 814-4045
Email: DStolz@genovaburns.com
*Proposed Local Counsel for the Official*
*Committee of Unsecured Creditors*

| | |
|---|---|
| In re: | Chapter 11 |
| Powin, LLC, *et al.*,[1] | Case No. 25-16137 (MBK) |
| Debtors. | (Jointly Administered) |

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin Project LLC [1583], (ii) Powin, LLC [0504], (iii) PEOS Holdings, LLC [5476], (iv) Powin China Holdings 1, LLC [1422], (v) Powin China Holdings 2, LLC [9713], (vi) Charger Holdings, LLC [5241], (vii) Powin Energy Ontario Storage, LLC [ 8348], (viii) Powin Energy Operating Holdings, LLC [2495], and (ix) Powin Energy Operating, LLC [6487]; (x) Powin Energy Storage 2, Inc., [9926]; (xi) Powin Energy Ontario Storage II LP, [5787]; and (xii) Powin Canada B.C. Ltd. [2239]. The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR 97062.

## DECLARATION IN SUPPORT OF APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF POWIN, LLC, *ET AL.*, FOR ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF ALVAREZ & MARSAL NORTH AMERICA, LLC AS FINANCIAL ADVISOR EFFECTIVE AS OF JULY 1, 2025

Pursuant to Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), I, Richard Newman, declare under penalty of perjury that:

1. I am a Managing Director with Alvarez & Marsal North America, LLC (together with employees of its affiliates (all of which are wholly-owned by its parent company and employees), its wholly owned subsidiaries, and independent contractors (collectively, "A&M"), a financial advisory services firm with numerous offices throughout the world.

2. I have reviewed and submit this Declaration on behalf of A&M (this "Declaration") in support of the application (the "Application") of the Official Committee of Unsecured Creditors (the "Committee") of Powin, LLC, and its affiliated debtors and debtors in possession (collectively, the "Debtors"), for an order authorizing the employment and retention of A&M as financial advisor under the terms and conditions set forth in the Application.[1] Except as otherwise noted,[2] I have personal knowledge of the matters set forth herein.

### PROFESSIONAL COMPENSATION

3. A&M will apply to the Court for allowances of compensation and reimbursement of expenses for its financial advisory support services in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, corresponding Local

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Application.
[2] Certain of the disclosures herein relate to matters within the personal knowledge of other professionals at A&M and are based on information provided by them.

Bankruptcy Rules, orders of this Court and guidelines established by the Office of the United States Trustee.

4.     According to A&M's books and records, during the ninety-day period prior to the Debtors' petition date, A&M performed no professional services or incurred any reimbursable expenses on behalf of the Debtors. To the best of my knowledge, (a) no commitments have been made or received by A&M with respect to compensation or payment in connection with these cases other than in accordance with the provisions of the Bankruptcy Code and (b) A&M has no agreement with any other entity to share with such entity any compensation received by A&M in connection with these Chapter 11 Cases.

5.     The Committee has agreed to the following compensation, in addition to certain indemnification obligations described below, for the services to be provided by A&M in these Chapter 11 Cases.

(a)   <u>Hourly Rates:</u> A&M will be paid by the Debtors for the services of A&M professionals at the following hourly rates:

|   |   |   |
|---|---|---|
| a. | Managing Directors | $1,100 - $1,575 |
| b. | Directors | $850 - $1,100 |
| c. | Associates | $625 - $825 |
| d. | Analysts | $450 - $600 |

A&M's hourly rates are subject to annual periodic adjustments on a calendar year basis to reflect economic and other conditions.

(b)   <u>Reimbursement:</u> A&M will be reimbursed for reasonable expenses incurred in connection with this engagement such as travel, lodging, third party duplication, messenger and telephone charges; reasonable expenses include any reasonable legal fees incurred for A&M's defense of its retention application and fee applications submitted in these Chapter 11 Cases, subject to Court approval.

## <u>DISINTERESTEDNESS AND ELIGIBILITY</u>

6.      A&M, together with its professional service provider affiliates (the "<u>Firm</u>"),

utilize certain procedures to determine the Firm's relationships, if any, to the parties that may have

a connection to the Debtors. In implementing the Firm procedures, the following actions were

taken to identify the Firm's relationships with such parties:

(a) In connection with the preparation of this Declaration, A&M requested

and obtained from the Debtors the list of potentially interested parties in the Debtors' Chapter 11

Cases. The Debtors provided A&M with a list categorized as follows: Debtors, Non-Debtor

Subsidiaries (Current and Former), Trustees and Agents, Insurers, Restructuring Professionals,

United States Bankruptcy Judges in the District of New Jersey, Clerk of the Court for the District

of New Jersey, United States Trustees for the District of New Jersey, Government Authorities,

Utilities, Top Unsecured Creditors, Additional Notice Parties and Professionals, and Committee

Members, which list is attached as Exhibit 1 hereto (the "<u>Potential Parties in Interest</u>").

(b) A&M then compared the names of each of the Potential Parties in

Interest to the names in its master electronic database of the Firm's current and recent clients (the

"<u>Client Database</u>").  The Client Database generally includes the name of each client of the Firm,

the name of each party who is or was known to be adverse to the client of the Firm in connection

with the matter in which the Firm is representing such client, the name of each party that has, or

had, a substantial role with regard to the subject matter of the Firm's retention, and the names of

the Firm professionals who are, or were, primarily responsible for matters for such clients.

(c) An email was issued to all Firm professionals requesting disclosure of

information regarding: (i) any known personal connections between the respondent and/or the

Firm on the one hand, and certain significant Potential Parties in Interest or the Debtors, on the

other hand,[3] (ii) any known connections or representation by the respondent and/or the Firm of

any of those Potential Parties in Interest in matters relating to the Debtors; and (iii) any other

conflict or reason why A&M may be unable to represent the Committee.

(d) Based on such review, known connections between the Firm and the

Potential Parties in Interest were compiled for purposes of preparing this Declaration.  These

connections are listed in Exhibit 2 annexed hereto.

7.      Based on the results of its review, A&M does not have a relationship with

any of the parties on Exhibit 1 in connection with these proceedings except as otherwise described

below.

8.      In addition to the relationships described on Exhibit 2, we note that A&M's

affiliate Alvarez & Marsal Corporate Performance Improvement, LLC was engaged by Powin,

LLC in approximately September to October 2023 to provide support and recommendations

related to its finance and accounting functions.

9.      A&M has provided and reasonably expects to continue to provide services

unrelated to the Debtors' cases for the various entities shown on Exhibit 2.  Except as otherwise

described herein, A&M's assistance to these parties has been, and will be, in matters unrelated to

the Debtors' Chapter 11 Cases.  To the best of my knowledge, no services adverse to the rights of

_____

[3] In reviewing its records and the relationships of its professionals, A&M did not seek information as to whether any A&M professional or member of his/her immediate family: (a) indirectly owns, through a public mutual fund or through partnerships in which certain A&M professionals have invested but as to which such professionals have no control over or knowledge of investment decisions, securities of the Debtors or other parties in interest; or (b) has engaged in any ordinary course consumer transaction with any party in interest.  If any such relationship does exist, I do not believe it would impact A&M's disinterestedness or otherwise give rise to a finding that A&M holds or represents an interest adverse to the Debtors' estate. It is also noted that in the course of our review it came to A&M's attention that A&M personnel hold de minimis investments, representing not more than 0.01% of the equity interests in the related entity, in various parties in interest, including but not limited to Waste Management of Arizona, Inc.

the Committee have been provided to these parties in interest, nor does A&M's involvement in these cases compromise its ability to continue such consulting services.

10.     Further, as part of its diverse practice, A&M appears in numerous cases, proceedings and transactions that involve many different professionals, including attorneys, accountants and financial consultants, who may represent claimants and parties-in-interest in the Debtors' cases.  Also, A&M has performed in the past, and may perform in the future, advisory services for various attorneys and law firms, and has been represented by several attorneys, law firms and financial institutions, some of whom may be involved in these proceedings.  In addition, A&M has in the past, currently is, and will likely in the future be working with or against other professionals involved in these cases in matters unrelated to the Debtors' Chapter 11 Cases.  Based on our current knowledge of the professionals involved, and to the best of my knowledge, none of these relationships create any interest materially adverse to the Committee herein in matters upon which A&M is to be employed, and none are in connection with these cases.

11.     A&M is not believed to be a "Creditor" with respect to fees and expenses of any of the Debtors within the meaning of Section 101(10) of the Bankruptcy Code.  Further, neither I nor any other member of the A&M engagement team serving this Committee, to the best of my knowledge, is a holder of any outstanding debt instruments or shares of the Debtors' stock.

12.     To the best of my knowledge, other than as set forth in the Declaration, A&M does not have any current connection with the employees within the U.S. Trustee's office in this District; (ii) the District of New Jersey Bankruptcy Judges – Newark; or (iii) the District of New Jersey Judges – Newark.

13.    To the best of my knowledge, A&M does not represent any other entity having an interest adverse to the Committee in connection with this case, and therefore believes it is eligible to represent the Committee under section 1103(b) of the Bankruptcy Code.

14.    Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated:  July 28, 2025
        Chicago, Illinois

Richard Newman

*/s/ Richard Newman*

_____
Richard Newman
Managing Director

**Exhibit B**
**(Proposed Order)**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
Caption in Compliance with D.N.J. LBR 9004-1(b)

**BROWN RUDNICK LLP**
Robert J. Stark, Esq.
Kenneth J. Aulet, Esq.
Ben Silverberg, Esq.
Seven Times Square
New York, NY 10036
Telephone: (212) 209-4924
Fax: (212) 938-2924
Email: rstark@brownrudnick.com
         kaulet@brownrudnick.com
         bsilverberg@brownrudnick.com
*Proposed Counsel for the Official Committee of Unsecured Creditors*
 -and-
**GENOVA BURNS LLC.**
Daniel M. Stolz, Esq
110 Allen Rd., Suite 304
Basking Ridge, NJ 07920
Telephone: (973) 230-2095
Fax: (973) 814-4045
Email: DStolz@genovaburns.com
*Proposed Local Counsel for the Official Committee of Unsecured Creditors*

| | |
|---|---|
| In re: | Chapter 11 |
| Powin, LLC, *et al.*,[1] | Case No. 25-16137 (MBK) |
| Debtors. | (Jointly Administered) |

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin Project LLC [1583], (ii) Powin, LLC [0504], (iii) PEOS Holdings, LLC [5476], (iv) Powin China Holdings 1, LLC [1422], (v) Powin China Holdings 2, LLC [9713], (vi) Charger Holdings, LLC [5241], (vii) Powin Energy Ontario Storage, LLC [ 8348], (viii) Powin Energy Operating Holdings, LLC [2495], and (ix) Powin Energy Operating, LLC [6487]; (x) Powin Energy Storage 2, Inc., [9926]; (xi) Powin Energy Ontario Storage II LP, [5787]; and (xii) Powin Canada B.C. Ltd. [2239]. The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR 97062.

**ORDER AUTHORIZING EMPLOYMENT AND
RETENTION OF ALVAREZ & MARSAL NORTH AMERICA, LLC AS
FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF THE DEBTORS, POWIN, LLC, *ET AL.*, EFFECTIVE JULY 1, 2025**

Upon the application (the "Application") [1] of the Official Committee of Unsecured Creditors (the "Committee") appointed in the Chapter 11 Cases of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order pursuant to sections 328, and 1103 of title 11 of the United States Code (the "Bankruptcy Code"), authorizing the employment and retention of Alvarez & Marsal North America, LLC (together with employees of its affiliates (all of which are wholly-owned by its parent company and employees), its wholly owned subsidiaries, and independent contractors (collectively, "A&M"), as financial advisor to the Committee, effective as of July 1, 2025; and upon the Newman Declaration; and due and adequate notice of the Application having been given; and it appearing that no other notice need be given; and it appearing that A&M does not represent any adverse interest in connection with these cases; and it appearing that the relief requested in the Application is in the best interest of the Committee; it is hereby

ORDERED that:

1.      The Application is approved as set forth therein.

2.      In accordance with Bankruptcy Code sections 328 and 1103, the Committee shall employ and retain A&M effective as of July 1, 2025, as its financial advisor on the terms set forth in the Application without the need for any further action on the part of A&M or the Committee to document such retention.

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Application.

3.      The terms of A&M's engagement, as set forth in the Application, including, without limitation, the compensation provisions and the indemnification provisions, are reasonable terms and conditions of employment and are hereby approved.  However, any of the Debtors' obligations to indemnify A&M pursuant to the indemnification provisions included in the Application are subject to the following:

(a) all requests by A&M for the payment of indemnification as set forth in this Order shall be made by means of an application to the Court and shall be subject to review by the Court to ensure that payment of such indemnity conforms to the terms of the Application and this Order and is reasonable under the circumstances of the litigation or settlement in respect of which indemnity is sought; provided, however, that in no event shall A&M be indemnified if a court determines by final order (which final order is no longer subject to appeal) that such claim arose out of its own bad faith, breach of fiduciary duty (if any), gross negligence or willful misconduct (including self-dealing);

(b) in no event shall A&M be indemnified for any claim that either (i) a court determines by final order (which final order is no longer subject to appeal) that such claim arose out of A&M's own bad faith, self-dealing, breach of fiduciary duty (if any), gross negligence or willful misconduct, or (ii) the claim is settled prior to a judicial determination as to A&M's bad faith, self-dealing, breach of fiduciary duty (if any), gross negligence or willful misconduct, but is determined by this Court, after notice and a hearing pursuant to terms of the Application and this Order, to be a claim or expense for which A&M is not entitled to receive indemnity under the terms of the Application and this Order; and

(c) in the event A&M seeks reimbursement from the Debtors for attorneys' fees and expenses in connection with the payment of an indemnity claim pursuant to this Order, the

invoices and supporting time records from such attorneys shall be included in A&M's own

applications, both interim and final, and such invoices and time records shall be subject to

the United States Trustee's Guidelines for compensation and reimbursement of expenses

and the approval of the Court pursuant to sections 330 and 331 of the Bankruptcy Code

without regard to whether such attorneys have been retained under section 327 of the

Bankruptcy Code and without regard to whether such attorneys' services satisfy section

330(a)(3)(C) of the Bankruptcy Code.

4.      A&M shall file applications for interim and final allowance of compensation and

reimbursement of expenses pursuant to the procedures set forth in Bankruptcy Code sections 330

and 331, such Bankruptcy Rules as may then be applicable, the Local Bankruptcy Rules, the

Guidelines, and the Court's Interim Compensation Order and any amendments or modifications

thereto.

5.      To the extent that there may be any inconsistency between the terms of the

Application and this Order, the terms of this Order shall govern.

6.      The Committee and A&M are authorized to take all actions it deems necessary to

effectuate the relief granted pursuant to this Order in accordance with the Application.

7.      This Order shall be immediately effective and enforceable upon its entry.

Notice of the Application as provided therein is deemed to be good and sufficient notice of such

Application, and the requirements of the Bankruptcy Rules and the Local Bankruptcy Rules are

satisfied by the Application.

8.      This Court shall retain jurisdiction with respect to all matters arising or related to

the implementation of this Order or A&M's services for the Committee.

**Exhibit 1**
**Potential Parties in Interest**

**Debtors**
Powin Project LLC (New Jersey)
Powin Project LLC (New Jersey)
Powin, LLC (Delaware)
PEOS Holdings, LLC (Oregon)
Powin China Holdings 1, LLC (Oregon)
Powin China Holdings 2, LLC (Oregon)
Charger Holdings, LLC (Oregon)
Powin Energy Ontario Storage, LLC
(Oregon)
Powin Energy Operating Holdings, LLC
(Delaware)
Powin Energy Operating, LLC (Delaware)
Powin Canada B.C., Ltd. (Canada)
Powin Energy Storage 2, Inc. (Canada)
Powin Energy Ontario Storage II, LP
(Canada)

**Non-Debtor Subsidiaries (Current and Former)**
Powin Energy Holdings, LLC (Delaware)
Powin Energy Intermediate, LLC
(Delaware)
Powin Australia Pty Ltd. (Australia)
Powin Netherlands B.V. (The Netherlands)
Powin Energy Spain S.L. (Spain)
Powin UK Ltd. (United Kingdom)
Yangzhou Finway Energy Tech Co., Ltd.
(China)
Qingdao CIMC-Powin New Energy
Technology Co., Ltd. (China)
Powin (Qingdao) New Energy Co., Ltd.
(China)
Powin EKS SellCo, LLC (Delaware)
EKS HoldCo, LLC (Delaware)

**Directors & Officers (Current & Former)**
Areille Pachecho
Brian J. Kane
Chad Paulson
Gerard Uzzi
Jeff Waters

Kevin Paprzycki
Scott Getman
Joseph Lu

**Trustees & Agents**
GLAS USA LLC

**Insurers**
AIG Specialty Insurance Company
Admiral Insurance Company – Mt. Laurel
Aspen Specialty Insurance Company
Illinois Union Insurance Company
Zurich American Insurance Company
The Insurance Company of the State of
Pennsylvania
Lloyd's of London
At-Bay Specialty Insurance Company
Federal Insurance Company
Allianz Global Risks US Insurance
Company
Argonaut Insurance Company
North River Insurance Company
USI Insurance Services

**Restructuring Professionals**
Dentons US LLC
CBMN Advisors LLC d/b/a/ Uzzi & Lall
Huron Transaction Advisory LLC

**United States Bankruptcy Judges in the District of New Jersey**
EPIQ Global
Christine M. Gravelle, Chief Judge
Michael B. Kaplan
Andrew B. Altenburg, Jr.
Vincent F. Papalia
John K. Sherwood
Jerrold N. Poslusny, Jr.
Stacey L. Meisel
Mark E. Hall

**Clerk of the Court for the District of New Jersey**
Michael Tedesco, Clerk to J. Gravelle
Rebecca A. Earl, Clerk to J. Kaplan
Cisse Diawara, Clerk to J. Kaplan
Travis Graga, Clerk to J. Kaplan
Suzanne Sweeney, Clerk to J. Altenburg Jr.
Brooks West, Clerk to J. Altenburg, Jr.
Christy McDonald, Clerk to J. Papalia
Sydney Chapman, Clerk to J. Papalia
Angela Pattison, Clerk to J. Sherwood
Timothy Dumbroff, Clerk to J. Sherwood
Kevin Holden, Clerk to J. Poslusny
Kimberly Barbour, Clerk to J. Poslusny
Juliana Diamond, Clerk to J. Meisel
Amanda Simone, Clerk to J. Meisel
Krista Shaheen, Clerk to J. Hall

**United States Trustees for the District of New Jersey**
Martha Hildebrandt
Adela Alfaro
Kirsten K. Ardelean
Francyne D. Arendas
Michael Artis
Lauren Bielskie
Savanna Cruz
Peter J. D'Auria
David Gerardi
Tia Green
Daniel C. Kropiewnicki
Samantha Lieb
Tina L. Oppelt
Angeliza Ortiz-Ng
Robert J. Schneider, Jr.
Jeffery Sponder
Fran B. Steele
James Stives
Rachel Wolf
William J. Ziemer

**Government Authorities**
Arizona Department Of Revenue
Delaware Department Of Revenue
New Jersey Department Of Revenue
Oregon Department Of Revenue

Attorney General Of Arizona
Attorney General Of Delaware
Attorney General Of New Jersey
Attorney General Of Oregon

**Utilities**
Portland General Electric Company
Republic Services
Waste Management of Arizona, Inc.
Festival Hydro Inc.
SRP
City of Mesa
Independent Electricity System Operator
Northwest Natural

**Top Unsecured Creditors**
8LOOP Logistics LLC
Ashbaugh Energy Consulting
Bergstrom (Changzhou) Heat Exchangers Co., Ltd
Build AppliedLogix, LLC
Building Automation Products, Inc.
c3controls
Carel USA, INC
CEVA Logistics US, Inc.
Clean Energy Services CES LLC
Contemporary Nebula Technology Energy Co., Ltd.
Crowe LLP
EBARA Densan (Qingdao) Technology Co.,Ltd.
Envision AESC US LLC
Expeditors International of Washington, Inc.
Experience Knowledge Strategy, S.L.
GLAS USA LLC
Huizhou Topband Electrical Technology Co., LTD
KELLER'S INC
Kentec Electronics Limited
KPMG LLP
Mainfreight Air & Ocean Pty Ltd
Mainz Brady Group, Inc.
McGuireWoods Consulting LLP
McKinsey & Company, Inc. United States
Miller Nash Graham & Dunn LLP
Onshape A PTC Business

Orr Protection Systems, Inc.
Pearce Services, LLC
Propeller Inc
Qingdao CIMC Container Manufacture Co., Ltd
Qingdao CIMC-POWIN New Energy Technology Co., Ltd
RH Shipping & Chartering (USA) LLC
Rubicon Professional Services, LLC
Schneider Electric IT Corporation
Shanghai Hdmann Industry Co., Ltd
SIBA LLC
SMA America, LLC
Sonic Systems International, LLC
Spark Power Renewables USA, Inc
Specified Technologies Inc.
Tech Heads Inc.
Ultra Corpotech Private Limited

Weifang Genius Electronics Co., Ltd.

**Additional Notice Parties and Professionals**
White & Case, LLP

**Committee Members**
ACE Engineering & Co. Ltd
Brian Palomino
Celestica LLC
Contemporary Amperex Technology Co., Limited (CATL)
Formosa Electronic Industries Inc.
GreEnergy Resources
JMS Wind Energy, Inc.
Kupono Solar, LLC
R.H. Shipping & Chartering S De RL De CV

**Exhibit 2**
**Connections**

**Current and Former Clients of A&M and/or its Affiliates**[1]
AIG Specialty Insurance Company
Allianz Global Risks US Insurance Company
Aspen Specialty Insurance Company
Celestica LLC
CEVA Logistics, U.S., Inc.
EBARA Densan (Qingdao) Technology Co.,Ltd.
Expeditors International of Washington, Inc
Federal Insurance Company
Formosa Electronic Industries Inc.
GLAS USA LLC
GreEnergy Resources
Huron Transaction Advisory LLC
Illinois Union Insurance Company
KPMG LLP
Lloyd's of London
McKinsey & Company, Inc. United States
Portland General Electric Company
Propeller Inc
Republic Services
Rubicon Professional Services, LLC
Schneider Electric IT Corporation
Spark Power Renewables USA, Inc
SRP
Waste Management of Arizona, Inc.
White & Case, LLP
Zurich American Insurance Company

**Significant Equity Holders of Current and Former A&M Clients**[2]
AIG Specialty Insurance Company
Allianz Global Risks US Insurance Company
Contemporary Amperex Technology Co., Limited (CATL)
EBARA Densan (Qingdao) Technology Co.,Ltd.
North River Insurance Company
Republic Services
Schneider Electric IT Corporation
Waste Management of Arizona, Inc.
Zurich American Insurance Company

**Professionals & Advisors**[3]
AIG Specialty Insurance Company
Crowe LLP
Dentons US LLC
GLAS USA LLC
Huron Transaction Advisory LLC
KPMG LLP
Lloyd's of London
McGuireWoods Consulting LLP
McKinsey & Company, Inc. United States
Miller Nash Graham & Dunn LLP
White & Case, LLP

---

[1] A&M and/ or an affiliate is currently providing or has previously provided certain consulting or interim management services to these parties or their affiliates (or, with respect to those parties that are investment funds or trusts, to their portfolio or asset managers or their affiliates) in wholly unrelated matters.

[2] These parties or their affiliates (or, with respect to those parties that are investment funds or trusts, their portfolio or asset managers or other funds or trusts managed by such managers) are significant equity holders of clients or former clients of A&M or its affiliates in wholly unrelated matters.

[3] These professionals have represented clients in matters where A&M was also an advisor (or provided interim management services) to the same client. In certain cases, these professionals may have engaged A&M on behalf of such client.

**<u>Significant Joint Venture Partners</u>**[4]

Portland General Electric

**<u>Board Members/Officers/Employees</u>**[5]

Paprzycki, Kevin

Waters, Jeff

**<u>A&M Vendors</u>**[6]

AIG Specialty Insurance Company

Allianz Global Risks US Insurance
   Company

Argonaut Insurance Company

Crowe LLP

Dentons US LLC

KPMG LLP

McGuireWoods Consulting LLP

Schneider Electric IT Corporation

USI Insurance Services

White & Case, LLP

Zurich American Insurance Company

---

[4] These parties or their affiliates are significant joint venture partners of other clients or former clients of A&M or its affiliates in wholly unrelated matters.

[5] These parties or their affiliates are or were board members. officers or members of management of other clients or former clients of A&M or their affiliates in wholly unrelated matters.

[6] These parties or their affiliates provide or have provided products, goods and/or services (including but not limited to legal representation) to A&M and/or its affiliates