|  |  |
|---|---|
| In re:<br><br>Powin, LLC, *et al.*,[1]<br><br>　　　　　　Debtors. | Order Filed on August 1, 2025<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey<br><br>Chapter 11<br><br>Case No. 25-16137 (MBK) (Jointly Administered) |

### ORDER AUTHORZING EMPLOYMENT AND RETENTION OF TOGUT, SEGAL & SEGAL LLP AS CO-COUNSEL TO THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE

The relief set forth on the following pages, numbered three (3) through six (6), is **ORDERED.**

**DATED: August 1, 2025**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin Project LLC [1583]; (ii) Powin, LLC [0504]; (iii) PEOS Holdings, LLC [5476]; (iv) Powin China Holdings 1, LLC [1422]; (v) Powin China Holdings 2, LLC [9713]; (vi) Charger Holdings, LLC [5241]; (vii) Powin Energy Ontario Storage, LLC [8348]; (viii) Powin Energy Operating Holdings, LLC [2495]; (ix) Powin Energy Operating, LLC [6487]; (x) Powin Energy Storage 2, Inc., [9926]; (xi) Powin Energy Ontario Storage II LP, [5787]; and (xii) Powin Canada B.C. Ltd. [2239]. The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR 97062.

(Page 2)
Debtors: Powin, LLC, *et al.*
Case No. 25-16137
Caption of Order: Order Authorizing the Retention of Togut, Segal & Segal LLP as Co-Counsel to the Debtors Nunc Pro Tunc to the Petition Date

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

| **DENTONS US LLP** | **TOGUT, SEGAL & SEGAL LLP** |
|---|---|
| Tania M. Moyron (admitted *pro hac vice*) | Frank A. Oswald (admitted) |
| Van C. Durrer, II (admitted *pro hac vice*) | 550 Broad Street |
| 601 S. Figueroa Street #2500 | Suite 1508 |
| Los Angeles, CA 90017 | Newark, NJ 07102 |
| Telephone: (213) 623-9300 | Telephone: (212) 594-5000 |
| Facsimile: (213) 623-9924 | Facsimile: (212) 967-4258 |
| Email: tania.moyron@dentons.com | Email: frankoswald@teamtogut.com |
| van.durrer@dentons.com | |
| | Albert Togut (admitted *pro hac vice*) |
| John D. Beck (admitted *pro hac vice*) | Amanda C. Glaubach (admitted *pro hac vice*) |
| Sarah M. Schrag (admitted *pro hac vice*) | Eitan Blander (admitted *pro hac vice*) |
| 1221 Avenue of the Americas | One Penn Plaza, Suite 3335 |
| New York, NY 10020-1089 | New York, New York 10119 |
| Telephone: (212) 768-6700 | Telephone: (212) 594-5000 |
| Facsimile: (212) 768-6800 | Facsimile: (212) 967-4258 |
| Email: john.beck@dentons.com | Email: altogut@teamtogut.com |
| sarah.schrag@dentons.com | aglaubach@teamtogut.com |
| | eblander@teamtogut.com |
| *Proposed Counsel for Debtors and Debtors in Possession* | *Proposed Counsel for Debtors and Debtors in Possession* |

(Page 3)
Debtors:        Powin, LLC, *et al.*
Case No.        25-16137
Caption of Order:    Order Authorizing the Retention of Togut, Segal & Segal LLP as Co-Counsel to the Debtors Nunc Pro Tunc to the Petition Date

Upon consideration of the Application[2] of the above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") for entry of an order (this "<u>Order</u>") authorizing the employment and retention of the Togut Firm as co-counsel to the Debtors *nunc pro tunc* to the Petition Date, pursuant to the terms set forth in the Engagement Letter and the Application to provide services related to Conflict Matters and Assigned Matters (both, as defined below), as modified herein, all as more fully set forth in the Application; and the Court having reviewed the Togut Declaration, the Uzzi Declaration, and the First Day Declaration; and the Court being satisfied with the representations made in the Togut Declaration and the Uzzi Declaration (together, the "<u>Declarations</u>") that the Togut Firm represents no interest adverse to the estates, that it is a "disinterested person" as that term is defined under section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and as required under section 327(a) of the Bankruptcy Code; and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the *Standing Order of Reference to the Bankruptcy Court Under Title 11*, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and consideration of the Application and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and the Debtors asserting that venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided pursuant to the Local Rules; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having reviewed the Application; and objections (if any) to the Application having been withdrawn, resolved or overruled on the merits; and the Court having

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application.

3

Case 25-16137-MBK    Doc 596    Filed 08/01/25    Entered 08/01/25 13:37:07    Desc Main
Document    Page 4 of 7


(Page 4)
Debtors:          Powin, LLC, *et al.*
Case No.          25-16137
Caption of Order: Order Authorizing the Retention of Togut, Segal & Segal LLP as Co-Counsel to the Debtors Nunc Pro Tunc to the Petition Date

determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and this Court having found that sufficient cause exists for the relief set forth herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1. The Application is **GRANTED** as set forth herein.

2. Pursuant to sections 327(a), 329, and 330 of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Rules 2014-1 and 2016-1, the Debtors, as debtors and debtors in possession, are authorized to employ and retain the Togut Firm, effective as of the Petition Date, to serve as the Debtors' co-counsel in these Chapter 11 Cases for the Conflict Matters and Assigned Matters and pursuant to the terms and conditions set forth in the Application and Engagement Letter, to the extent set forth herein.

3. Any and all compensation to be paid to the Togut Firm for services rendered on the Debtors' behalf, including compensation for services rendered in connection with the preparation of the petition and accompanying papers, shall be fixed by application to this Court in accordance with sections 330 and 331 of the Bankruptcy Code, such Federal Rules and Local Rules as may then be applicable, and any orders entered in these cases governing the compensation and reimbursement of professionals for services rendered and charges and disbursements incurred. The Togut Firm also shall make a reasonable effort to comply with the requests for information and additional disclosures as set forth in the U.S. Trustee Guidelines, both in connection with the Application and the interim and final fee applications to be filed by the Togut Firm in the Chapter 11 Cases.

(Page 5)

| | |
|---|---|
| Debtors: | Powin, LLC, *et al.* |
| Case No. | 25-16137 |
| Caption of Order: | Order Authorizing the Retention of Togut, Segal & Segal LLP as Co-Counsel to the Debtors Nunc Pro Tunc to the Petition Date |

4. In order to avoid any duplication of effort and provide services to the Debtors in the most efficient and cost-effective manner, the Togut Firm shall coordinate with Dentons US LLP and any additional firms the Debtors retain regarding their respective responsibilities in these Chapter 11 Cases. As such, the Togut Firm shall use its best efforts to avoid the duplication of services provided by any of the Debtors' other retained professionals in these Chapter 11 Cases.

5. Prior to applying any increases in its hourly rates beyond the rates set forth in the Application, the Togut Firm shall provide ten (10) business days' notice of any such increases to the Debtors, the U.S. Trustee, and the Committee, and shall file such notice with the Court that shall explain the basis for the requested rate increases in accordance with § 330(a)(3)(F) of the Bankruptcy Code and state whether the Debtors have contested to the rate increase. All parties in interest retain rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

6. The Togut Firm (i) shall only bill 50% for non-working travel; (ii) shall not seek the reimbursement of any fees or costs, including attorney fees and costs, arising from the defense of any objections to any of the Togut Firm's fee applications in these cases; (iii) shall use the billing and expense categories set forth in the US Trustee Guidelines (Exhibit D-1 "Summary of Compensation Requested by Project Category"); and (iv) provide any and all monthly fee statements, interim fee applications, and final fee applications in "LEDES" format to the U.S. Trustee.

(Page 6)
Debtors:          Powin, LLC, *et al.*
Case No.          25-16137
Caption of Order: Order Authorizing the Retention of Togut, Segal & Segal LLP as Co-Counsel to the Debtors Nunc Pro Tunc to the Petition Date

7. Notwithstanding anything in the Application or the Declarations to the contrary, the Togut Firm shall seek reimbursement from the Debtors' estates for its engagement-related expenses at the firm's actual cost paid.

8. Notwithstanding anything in the Application and the Declarations to the contrary, the Togut Firm shall (i) to the extent that the Togut Firm uses the services of independent contractors or subcontractors (collectively, the "Contractors") in these cases, pass through the cost of such Contractors at the same rate that the Togut Firm pays the Contractors; (ii) seek reimbursement for actual costs only; (iii) ensure that the Contractors are subject to the same conflicts checks as required for the Togut Firm; (iv) file with this Court such disclosures required by Bankruptcy Rule 2014; and (v) attach any such Contractor invoices to its monthly fee statements, interim fee applications and/or final fee applications filed in these cases.

9. To the extent the Application or Engagement Letter is inconsistent with this Order, the terms of this Order shall govern.

10. Notice of this Application as provided therein shall be deemed good and sufficient notice of such Application and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

11. Notwithstanding the possible applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

12. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order.

13. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

(Page 7)

| | |
|---|---|
| Debtors: | Powin, LLC, *et al.* |
| Case No. | 25-16137 |
| Caption of Order: | Order Authorizing the Retention of Togut, Segal & Segal LLP as Co-Counsel to the Debtors Nunc Pro Tunc to the Petition Date |