**<u>Exhibit B</u>**

**(MF Sale Order)**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>POWIN, LLC, *et al.*,[1]<br><br>        Debtors. | Chapter 11<br><br>Case No. 25-16137 (MBK)<br><br>(Jointly Administered) |

**ORDER (I) AUTHORIZING**
**THE DEBTORS TO ENTER INTO AND PERFORM**
**UNDER THE MAINFREIGHT DISTRIBUTION PTY LTD BILL OF SALE, (II) APPROVING**
**THE SALE OF THE MAINFREIGHT CREDIT BID COLLATERAL FREE AND CLEAR OF**
**ALL LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS, AND**
**(III) GRANTING RELATED RELIEF**

      The relief set forth on the following pages, numbered three (3) through twenty-five (25) is

**ORDERED**.

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin Project LLC [1583]; (ii) Powin, LLC [0504]; (iii) PEOS Holdings, LLC [5476]; (iv) Powin China Holdings 1, LLC [1422]; (v) Powin China Holdings 2, LLC [9713]; (vi) Charger Holdings, LLC [5241]; (vii) Powin Energy Ontario Storage, LLC [8348]; (viii) Powin Energy Operating Holdings, LLC [2495]; and (ix) Powin Energy Operating, LLC [6487]. The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR 97062.

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**DENTONS US LLP**

Lauren Macksoud (admitted)
101 JFK Parkway
Short Hills, NJ 07078
Telephone: (973) 912-7100
Facsimile: (973) 912-7199
Email: lauren.macksoud@dentons.com

Tania M. Moyron (admitted *pro hac vice*)
Van C. Durrer, II (admitted *pro hac vice*)
601 S. Figueroa Street #2500
Los Angeles, CA 90017
Telephone: (213) 623-9300
Facsimile: (213) 623-9924
Email: tania.moyron@dentons.com
        van.durrer@dentons.com

John D. Beck (admitted *pro hac vice*)
Sarah M. Schrag (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020-1089
Telephone: (212) 768-6700
Facsimile: (212) 768-6800
Email: john.beck@dentons.com
        sarah.schrag@dentons.com

*Proposed Counsel for Debtors and
Debtors in Possession*

**TOGUT, SEGAL & SEGAL LLP**

Frank A. Oswald (admitted)
550 Broad Street
Suite 1508
Newark, NJ 07102
Telephone: (212) 594-5000
Facsimile: (212) 967-4258
Email: frankoswald@teamtogut.com

Albert Togut (admitted *pro hac vice*)
Amanda C. Glaubach (admitted *pro hac vice*)
Eitan Blander (admitted *pro hac vice*)
One Penn Plaza, Suite 3335
New York, New York 10119
Telephone: (212) 594-5000
Facsimile: (212) 967-4258
Email: altogut@teamtogut.com
        aglaubach@teamtogut.com
        eblander@teamtogut.com

*Proposed Counsel for Debtors and
Debtors in Possession*

(Page | 3)

| | |
|---|---|
| Debtors: | POWIN, LLC, et al. |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING THE DEBTORS TO ENTER INTO AND PERFORM UNDER THE MAINFREIGHT DISTRIBUTION PTY LTD BILL OF SALE, (II) APPROVING THE SALE OF THE MAINFREIGHT CREDIT BID COLLATERAL FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS, AND (III) GRANTING RELATED RELIEF |

Upon the motion [Docket No. 228] (the "Motion")[1] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order approving a sale of substantially all of the Debtors' assets; and the Court having entered the Bidding Procedures Order [Docket No. 413] in connection with the sale of such assets; and the Debtors having scheduled an auction (the "Auction") for the sale of their assets; and the Auction having been held by the Debtors in accordance with the Bidding Procedures; and having received one Qualified Bid from Mainfreight Distribution Pty Ltd (together with its parent, subsidiary, or any other affiliate entities, included in the definition of "Mainfreight" under the Terms and Conditions, defined in the Notice of Lien at Docket No. 489, collectively with any successors and assigns, the "Purchaser") in the form of a credit bid for certain assets of the Debtors (the "Mainfreight Credit Bid Collateral"), which is defined in the Bill of Sale to include the assets listed on Exhibit A to the Bill of Sale; and it having been clarified on the record at the Auction that the Mainfreight Credit Bid Collateral includes all of the Debtors' property that the Purchaser asserts a lien over, with the exception of the goods in Australia that are related to the Akaysha projects and the goods in West Virginia that are associated with the BHER projects title to which was transferred by the Debtors to BHER pre-petition; and receiving no other Qualified Bids for the Mainfreight Credit Bid Collateral; and the Debtors having determined that the Purchaser has submitted the highest or otherwise best bid for the MF Credit Bid Collateral and determined that the Purchaser is the Winning Bidder, in accordance with the Bidding Procedures;

---

[1] Capitalized terms used but not otherwise defined herein have the meaning given to such terms in the Motion, Bidding Procedures Order (as defined herein), the Bidding Procedures, or the Bill of Sale, as applicable.

(Page | 4)

| | |
|---|---|
| Debtors: | POWIN, LLC, et al. |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING THE DEBTORS TO ENTER INTO AND PERFORM UNDER THE MAINFREIGHT DISTRIBUTION PTY LTD BILL OF SALE, (II) APPROVING THE SALE OF THE MAINFREIGHT CREDIT BID COLLATERAL FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS, AND (III) GRANTING RELATED RELIEF |

and the Debtors having served the Notice of Sale By Auction and Sale Hearing (the "Sale Notice") in

accordance with the Bidding Procedures Order; and the Debtors having filed and served the Notice

of Winning Bidder [Docket No. 591] with respect to the MF Credit Bid Collateral in accordance with

the Bidding Procedures, which attaches the Bill of Sale for the MF Credit Bid Collateral as Exhibit

A; and the Debtors having filed the form of this Order on August 2, 2025 (and no objections to the

sale of the MF Credit Bid Collateral), and the Court having held a hearing on August 6, 2025 (the

"Sale Hearing"), at which time all interested parties were offered an opportunity to be heard with

respect to the Motion and the proposed Order; and the Court having reviewed and considered the

Motion, the Bill of Sale, the proposed Order, and any and all objections to the sale, the Bill of Sale,

and the other Transaction Documents filed in accordance with the Bidding Procedures Order; and

upon the First Day Declaration and the *Declaration of Mitchener Turnipseed in Support of the*

*Debtors' Motion* (the "Turnipseed Declaration") [Docket No. 229]; and the Court having jurisdiction

to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the

*Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District

Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012

(Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this

district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the

relief requested in the Motion is in the best interests of the Debtors' estates, their stakeholders, and

other parties in interest; and this Court having found that the Debtors' notice of the Motion and

the proposed Order was appropriate under the circumstances and no other notice need be provided;

(Page | 5)

| | |
|---|---|
| Debtors: | POWIN, LLC, et al. |
| Case No.: | 25-16137 (MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING THE DEBTORS TO ENTER INTO AND PERFORM UNDER THE MAINFREIGHT DISTRIBUTION PTY LTD BILL OF SALE, (II) APPROVING THE SALE OF THE MAINFREIGHT CREDIT BID COLLATERAL FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS, AND (III) GRANTING RELATED RELIEF |

and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Sale Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Sale Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing, it is hereby

**FOUND, CONCLUDED, AND DETERMINED THAT:**

**Petition Date, Jurisdiction, Venue, and Final Order**

A.    On June 9, 2025 (the "Petition Date"), the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.[2]

B.    This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this District and in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

C.    This Order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a). Notwithstanding Bankruptcy Rules 6004(h), and 6006(d), any other applicable Bankruptcy Rules or Local Rules, and to any extent necessary under Bankruptcy Rule 9014 and Federal Rule of Civil Procedure 54(b), as made applicable by Bankruptcy Rule 7054, the Court expressly finds that there is no just reason for delay in the implementation of this Order and expressly directs entry of judgment as set forth herein.

---

[2] Lead Debtor Case No. 25-16137 (MBK) for Debtor Powin Project LLC was filed on June 9, 2025, certain other Debtors were filed shortly thereafter on June 10, 2025, and the remaining Debtors were filed on June 22, 2025.

(Page | 6)

| | |
|---|---|
| Debtors: | POWIN, LLC, et al. |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING THE DEBTORS TO ENTER INTO AND PERFORM UNDER THE MAINFREIGHT DISTRIBUTION PTY LTD BILL OF SALE, (II) APPROVING THE SALE OF THE MAINFREIGHT CREDIT BID COLLATERAL FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS, AND (III) GRANTING RELATED RELIEF |

D.      The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent that any of the following conclusions of law constitute findings of fact, they are adopted as such.

**Notice of the Bidding Procedures Order, the Bidding Procedures,**
**the Bill of Sale and the Sale, the Auction, the Sale Hearing, and this Order**

E.      As evidenced by the Sale Notice, the Notice of Winning Bidder [Docket No. 591], the Notice of Baseline Bids in Connection with Bidding Procedures and Upcoming Sale and Auction and exhibits thereto, including the Declaration of Kevin M. Capuzzi [marked as Exhibit 1 to the Auction transcript], the form of Order [Docket No. [●]], affidavits of service and publication previously filed with this Court, proper, timely, adequate, and sufficient notice of the Sale Hearing, the Bill of Sale, entry of this Order, and the Sale has been provided in accordance with sections 363 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, 6006, 9007, and 9014, and Local Rule 6004-3. The foregoing notice was good, sufficient, and appropriate under the circumstances, and no other or further notice of the Sale Hearing, the Bill of Sale, or the Sale is required.

F.      A reasonable opportunity to object or to be heard regarding the relief requested in the Motion was afforded to all interested persons and entities.

(Page | 7)

| | |
|---|---|
| Debtors: | POWIN, LLC, et al. |
| Case No.: | 25-16137 (MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING THE DEBTORS TO ENTER INTO AND PERFORM UNDER THE MAINFREIGHT DISTRIBUTION PTY LTD BILL OF SALE, (II) APPROVING THE SALE OF THE MAINFREIGHT CREDIT BID COLLATERAL FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS, AND (III) GRANTING RELATED RELIEF |

## Authority to Assume and Perform Under the Bill of Sale

G.    The Debtors' performance under the Bill of Sale is approved in all respects. The Debtors are authorized to assume and perform under the Bill of Sale pursuant to section 363 of the Bankruptcy Code and may close the Sale pursuant to the Bill of Sale.

## Highest or Best Offer

H.    The Debtors conducted a sale process in accordance with the purpose of obtaining the highest or otherwise best offer for, and have afforded a full, fair, and reasonable opportunity for any interested party to make a higher or otherwise better offer to purchase, the MF Credit Bid Collateral.

I.    (i) Prior to and from and after the commencement of these chapter 11 cases, the Debtors and their advisors engaged in a robust marketing and sale process and exercised sound business judgment, as more fully detailed in the Turnipseed Declaration, and the First Day Declaration; (ii) the Bidding Procedures were substantively and procedurally fair to all parties in interest and the Debtors conducted a fair and open sale process in compliance therewith, (iii) the sale process, the Bidding Procedures, and the Auction, were non-collusive, duly noticed, and provided a full, fair, reasonable, and adequate opportunity for any entity that either expressed an interest in acquiring the MF Credit Bid Collateral, or who the Debtors believed may have had an interest in acquiring the MF Credit Bid Collateral, to make an offer to purchase the Debtors' assets, including, without limitation the MF Credit Bid Collateral, (iv) the Debtors and the Purchaser have negotiated and undertaken their roles leading to the entry into the Bill of Sale in a diligent, non-collusive, fair,

(Page | 8)

| | |
|---|---|
| Debtors: | POWIN, LLC, et al. |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING THE DEBTORS TO ENTER INTO AND PERFORM UNDER THE MAINFREIGHT DISTRIBUTION PTY LTD BILL OF SALE, (II) APPROVING THE SALE OF THE MAINFREIGHT CREDIT BID COLLATERAL FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS, AND (III) GRANTING RELATED RELIEF |

reasonable, and good-faith manner; and (v) the sale process conducted by the Debtors pursuant to the Bidding Procedures and the Bidding Procedures Order resulted in the highest or otherwise best value for the MF Credit Bid Collateral for the Debtors and their estates, was in the best interest of the Debtors, their estates, their creditors, and all parties in interest, and any other transaction would not have yielded as favorable a result. There is no legal or equitable reason to delay entry into the Bill of Sale and the transactions contemplated therein.

J.       Approval of the Bill of Sale, and the consummation of the Sale contemplated thereby, is in the best interests of the Debtors, their respective creditors, estates, and other parties in interest. The Debtors have demonstrated good, sufficient, and sound business reasons and justifications for entering into the Sale and the performance of their obligations under the Bill of Sale. The Sale must be approved and consummated in order to maximize the value of the Debtors' estates.

K.       The consummation of the Sale outside a plan of reorganization pursuant to the Bill of Sale neither impermissibly restructures the rights of the Debtors' creditors nor impermissibly dictates the terms of a plan of reorganization or liquidation for the Debtors. The Sale does not constitute a *sub rosa* chapter 11 plan for which approval has been sought without the protections that a disclosure statement would afford.

L.       Entry of an order approving the Bill of Sale and all the provisions thereof is a necessary condition precedent to the Purchaser's consummation of the Sale.

(Page | 9)

| | |
|---|---|
| Debtors: | POWIN, LLC, et al. |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING THE DEBTORS TO ENTER INTO AND PERFORM UNDER THE MAINFREIGHT DISTRIBUTION PTY LTD BILL OF SALE, (II) APPROVING THE SALE OF THE MAINFREIGHT CREDIT BID COLLATERAL FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS, AND (III) GRANTING RELATED RELIEF |

## **Good Faith of the Purchaser**

M.    The consideration to be paid by the Purchaser under the Bill of Sale was negotiated at arm's length, in good faith, and without collusion pursuant to section 363(m) of the Bankruptcy Code and constitutes reasonably equivalent value and fair and adequate consideration for the MF Credit Bid Collateral. Specifically: (i) the Purchaser recognized that the Debtors were free to deal with any other party interested in purchasing the MF Credit Bid Collateral; (ii) the Purchaser complied in all respects with the provisions in the Bidding Procedures Order in negotiating and entering into the Bill of Sale and the other Transaction Documents, and the Bill of Sale, the other Transaction Documents, and the transactions described therein comply with the Bidding Procedures Order; (iii) the Purchaser agreed to subject any bid to the competitive bid procedures set forth in the Bidding Procedures Order; (iv) all payments made (or deemed to be made) by the Purchaser in connection with the Sale have been disclosed in the Bill of Sale; (v) no common identity of directors, officers, or controlling stockholders exists among the Purchaser and the Debtors; (vi) the negotiation and execution of the Bill of Sale was at arm's length and in good faith, and at all times each of the Purchaser and the Debtors were represented by competent counsel of their choosing; and (vii) the Purchaser has not acted in a collusive manner with any person. The Purchaser will be acting in good faith within the meaning of section 363(m) of the Bankruptcy Code in closing the transactions contemplated by the Bill of Sale. The terms and conditions set forth in the Bill of Sale are fair and reasonable under the circumstances and were not entered into

(Page | 10)

| | |
|---|---|
| Debtors: | POWIN, LLC, et al. |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING THE DEBTORS TO ENTER INTO AND PERFORM UNDER THE MAINFREIGHT DISTRIBUTION PTY LTD BILL OF SALE, (II) APPROVING THE SALE OF THE MAINFREIGHT CREDIT BID COLLATERAL FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS, AND (III) GRANTING RELATED RELIEF |

for the purpose of, nor do they have the effect of, hindering, delaying, or defrauding the Debtors or their creditors under any applicable laws.

N.       The Debtors, the Purchaser, and each of their respective management, boards of directors, members, officers, directors, employees, agents, and representatives, as applicable, have acted in good faith. The Bill of Sale and the other Transaction Documents were negotiated, proposed, and entered into by the Debtors and the Purchaser in good faith, without collusion or fraud, and from arm's-length bargaining positions. The Purchaser is a "good faith purchaser" within the meaning of section 363(m) of the Bankruptcy Code, and, as such, is entitled to all the protections afforded thereby.

O.       The Bill of Sale and the transactions contemplated thereby cannot be avoided under section 363(n) of the Bankruptcy Code. The Debtors, the Purchaser, and their respective agents, representatives, and affiliates have not engaged in any conduct that would cause or permit the Bill of Sale or the consummation of the transactions contemplated thereby to be avoided, or costs or damages to be imposed, under section 363(n) of the Bankruptcy Code.

## No Fraudulent Transfer

P.       The consideration provided by the Purchaser pursuant to the Bill of Sale for its purchase of the MF Credit Bid Collateral constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code, the Uniform Fraudulent Conveyance Act, the Uniform

(Page | 11)

| | |
|---|---|
| Debtors: | POWIN, LLC, et al. |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING THE DEBTORS TO ENTER INTO AND PERFORM UNDER THE MAINFREIGHT DISTRIBUTION PTY LTD BILL OF SALE, (II) APPROVING THE SALE OF THE MAINFREIGHT CREDIT BID COLLATERAL FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS, AND (III) GRANTING RELATED RELIEF |

Fraudulent Transfer Act, and under the laws of the United States, any state, territory, possession, and the District of Columbia.

Q.     Neither the Purchaser nor its past, present, and future subsidiaries, parents, divisions, affiliates, agents, representatives, insurers, attorneys, successors, and assigns, nor any of its nor their respective directors, managers, officers, employees, shareholders, members, agents, representatives, attorneys, contractors, subcontractors, independent contractors, owners, insurance companies, or partners (collectively, the "Purchaser Parties") is a continuation of the Debtors or their respective estates, and the Purchaser is not holding itself out to the public as a continuation of the Debtors or their respective estates and the Sale does not amount to a consolidation, merger, or *de facto* merger of the Purchaser and the Debtors.

**Validity of Transfer**

R.     The applicable boards of directors or managers, as applicable, of the Debtors have authorized the execution and delivery of the Bill of Sale and the Sale of the MF Credit Bid Collateral to the Purchaser. Subject to entry of this Order, the Debtors (i) have full corporate power and authority to assume the Bill of Sale and all other documents contemplated thereby, as applicable, (ii) have all of the power and authority necessary to consummate the Sale, and (iii) have taken all action necessary to authorize and approve the Bill of Sale and to consummate the Sale, and no further consents or approvals, other than those expressly provided for in the Bill of Sale, are required for the Debtors to consummate the transactions contemplated by the Bill of Sale, except as otherwise set forth in the Bill of Sale. The MF Credit Bid Collateral constitute property

| | |
|---|---|
| Debtors: | POWIN, LLC, et al. |
| Case No.: | 25-16137 (MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING THE DEBTORS TO ENTER INTO AND PERFORM UNDER THE MAINFREIGHT DISTRIBUTION PTY LTD BILL OF SALE, (II) APPROVING THE SALE OF THE MAINFREIGHT CREDIT BID COLLATERAL FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS, AND (III) GRANTING RELATED RELIEF |

of the Debtors' estates within the meaning of section 541(a) of the Bankruptcy Code, and title

thereto is presently vested in the Debtors' estates.

## Section 363(f) Is Satisfied

S.    The Sale of the MF Credit Bid Collateral to the Purchaser under the terms of the

Bill of Sale meets the applicable provisions of sections 363(k) and 363(f) of the Bankruptcy Code

such that the Sale of the MF Credit Bid Collateral will be free and clear of any and all liens, claims,

encumbrances, and other interests, and will not subject the Purchaser to any liability for any claims

whatsoever (including, without limitation, under any theory of equitable law, antitrust, or successor

or transferee liability) (collectively, "Claims and Interests").  All holders of Claims and Interests

who did not object or who withdrew their objections to the Sale are deemed to have consented to

the Sale pursuant to section 363(f)(2) of the Bankruptcy Code and all holders of Claims and Interests

are adequately protected—thus satisfying section 363(e) of the Bankruptcy Code—by having their

Claims and Interests, if any, attach to the proceeds of the Sale ultimately attributable to the property

against or in which they assert Claims and Interests or other specifically dedicated funds in the same

order of priority and with the same validity, force, and effect that such holder had prior to the Sale,

subject to (a) any rights, claims, and defenses of the Debtors or their estates. Those holders of

Claims and Interests who did object and who have an interest in the MF Credit Bid Collateral fall

under one or more of the other subsections of section 363(f) of the Bankruptcy Code.

T.    The transfer of the MF Credit Bid Collateral to the Purchaser under the Bill of Sale

will be a legal, valid, and effective transfer of all of the legal, equitable, and beneficial right, title,

(Page | 13)

| | |
|---|---|
| Debtors: | POWIN, LLC, et al. |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING THE DEBTORS TO ENTER INTO AND PERFORM UNDER THE MAINFREIGHT DISTRIBUTION PTY LTD BILL OF SALE, (II) APPROVING THE SALE OF THE MAINFREIGHT CREDIT BID COLLATERAL FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS, AND (III) GRANTING RELATED RELIEF |

and interest in and to the MF Credit Bid Collateral free and clear of all Claims and Interests. The Debtors may sell their interests in the MF Credit Bid Collateral free and clear of all Claims and Interests because, in each case, one or more of the standards set forth in section 363(f) has been satisfied. The Purchaser would not have entered into the Bill of Sale and the Transaction Documents and would not consummate the transactions contemplated thereby, including, without limitation, the Sale, (i) if the transfer of the MF Credit Bid Collateral was not free and clear of all interest of any kind or nature whatsoever, including, without limitation, rights or claims based on any successor, transferee, derivative or vicarious liability or any similar theory, and/or applicable state or federal law or otherwise or (ii) if the Purchaser or any of its affiliates or designees would, or in the future could, be liable for any interests, including, without limitation, rights or claims based on any successor, transferee, derivative or vicarious liability or any similar theory, and/or applicable state or federal law or otherwise. Not transferring the MF Credit Bid Collateral free and clear of all Claims and Interests of any kind or nature whatsoever, including, without limitation, rights or claims based on any successor, transferee, derivative or vicarious liability or any similar theory, and/or applicable state or federal law or otherwise would adversely impact the Debtors' efforts to maximize the value of their estates.

## Prompt Consummation

U.      The MF Credit Bid Collateral must be approved and consummated promptly to comply with the terms of the Bill of Sale, maximize value for the Debtors' estates, and avoid irreparable harm to the Debtors' estates and their stakeholders, including their creditors and

(Page | 14)

| | |
|---|---|
| Debtors: | POWIN, LLC, et al. |
| Case No.: | 25-16137 (MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING THE DEBTORS TO ENTER INTO AND PERFORM UNDER THE MAINFREIGHT DISTRIBUTION PTY LTD BILL OF SALE, (II) APPROVING THE SALE OF THE MAINFREIGHT CREDIT BID COLLATERAL FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS, AND (III) GRANTING RELATED RELIEF |

customers. Time, therefore, is of the essence in effectuating the Bill of Sale. As such, the Debtors and the Purchaser intend to close the sale of the MF Credit Bid Collateral as soon as reasonably practicable in accordance with the terms of the Bill of Sale. The Debtors have demonstrated immediate and irreparable harm absent entry of this Order and compelling circumstances and a good, sufficient, and sound business purpose and justification for the immediate approval and consummation of the Bill of Sale. Accordingly, there is sufficient cause to waive the stay provided in the Bankruptcy Rules 6004(h) and 6006(d) and any other applicable Bankruptcy Rule or Local Rule.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED THAT:**

**<u>General Provisions</u>**

1.      The Motion is **GRANTED**, as set forth herein.

2.      All objections to or reservation of rights with respect to the Motion or the relief requested therein that have not been withdrawn or resolved are overruled with prejudice. All persons and entities who did not object or withdraw their objections to the Motion are deemed to have consented pursuant to section 363(f)(2) of the Bankruptcy Code.

3.      The Bill of Sale, attached as Exhibit A to the Notice of Winning Bidder, and the other Transaction Documents and all terms and conditions thereof, are approved in all respects. The failure to specifically include any particular provision of the Bill of Sale or the Transaction Documents in this Order shall not diminish or impair the effectiveness of such provision.

(Page | 15)

| | |
|---|---|
| Debtors: | POWIN, LLC, et al. |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING THE DEBTORS TO ENTER INTO AND PERFORM UNDER THE MAINFREIGHT DISTRIBUTION PTY LTD BILL OF SALE, (II) APPROVING THE SALE OF THE MAINFREIGHT CREDIT BID COLLATERAL FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS, AND (III) GRANTING RELATED RELIEF |

### Transfer of the MF Credit Bid Collateral
### As Set Forth in the Bill of Sale

4.      The Debtors are authorized, but not directed, to take any and all actions necessary and appropriate to cause the Sellers to (a) consummate the transactions contemplated by the Bill of Sale and the Transaction Documents in accordance with the terms thereof; (b) sell the MF Credit Bid Collateral to the Purchaser for the purchase price in accordance with the terms of this Order and the Bill of Sale and the Transaction Documents; and (c) otherwise implement and effectuate the terms of the Bill of Sale and the Transaction Documents.

5.      Pursuant to sections 105(a), 363(b), and 363(f) of the Bankruptcy Code, upon closing, all of the Debtors' right, title, and interest in and to, and possession of, the MF Credit Bid Collateral shall be transferred to the Purchaser, free and clear of any and all Claims and Interests. Such transfer shall constitute a legal, valid, binding, and effective transfer of the MF Credit Bid Collateral.

6.      None of the Purchaser, its successors or assigns, or any of their respective affiliates shall have any liability for any Claims and Interests that (x) arose prior to the date of closing, or (y) otherwise is assertable against the Debtors or is related to the MF Credit Bid Collateral prior to the date of closing.

7.      All persons and entities are prohibited and enjoined from taking any action to adversely affect or interfere with, or which would be inconsistent with, the ability of the Debtors

(Page | 16)

| | |
|---|---|
| Debtors: | POWIN, LLC, et al. |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING THE DEBTORS TO ENTER INTO AND PERFORM UNDER THE MAINFREIGHT DISTRIBUTION PTY LTD BILL OF SALE, (II) APPROVING THE SALE OF THE MAINFREIGHT CREDIT BID COLLATERAL FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS, AND (III) GRANTING RELATED RELIEF |

to transfer the MF Credit Bid Collateral to the Purchaser in accordance with the Bill of Sale, the Transaction Documents, and this Order.

8.      At closing, all of the Debtors' right, title, and interest in and to, and possession of, the corresponding MF Credit Bid Collateral shall be immediately vested in the Purchaser pursuant to sections 105(a), 363(b), and 363(f) of the Bankruptcy Code. Such transfer shall constitute a legal, valid, enforceable, and effective transfer of such MF Credit Bid Collateral. All persons or entities presently or at or after closing in possession of some or all of the corresponding MF Credit Bid Collateral are directed to surrender possession of any and all portions of such MF Credit Bid Collateral to the Purchaser or its respective designees on closing or at such time thereafter as the Purchaser may request.

9.      This Order (a) shall be effective as a determination that, as of closing, (i) no Claims and Interests will be assertable against the Purchaser or any of its assets, (ii) the corresponding MF Credit Bid Collateral shall have been transferred to the Purchaser free and clear of all Claims and Interests and (iii) the conveyances described herein have been effected, and (b) is and shall be binding upon and govern the acts of all entities, including, without limitation, all filing agents, filing officers, registrars of patents, trademarks, or other intellectual property, administrative agencies, governmental departments, secretaries of state, federal and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract to accept, file, register, or otherwise record or release any documents or instruments; and each of the foregoing persons and entities is hereby directed to accept for filing any and all of the documents and

(Page | 17)

| | |
|---|---|
| Debtors: | POWIN, LLC, et al. |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING THE DEBTORS TO ENTER INTO AND PERFORM UNDER THE MAINFREIGHT DISTRIBUTION PTY LTD BILL OF SALE, (II) APPROVING THE SALE OF THE MAINFREIGHT CREDIT BID COLLATERAL FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS, AND (III) GRANTING RELATED RELIEF |

instruments necessary and appropriate to consummate the transactions contemplated by the Bill of Sale and the Transaction Documents. The MF Credit Bid Collateral are sold free and clear of any reclamation rights.

10.    Except as otherwise provided in the Bill of Sale, all persons and entities (and their respective successors and assigns), including, but not limited to, all debt security holders, equity security holders, affiliates, governmental, tax, and regulatory authorities, lenders, customers, vendors, employees, trade creditors, litigation claimants, and other creditors holding claims arising under or out of, in connection with or in any way relating to, the Debtors, the MF Credit Bid Collateral, and the ownership, sale, or operation of the MF Credit Bid Collateral prior to closing or the transfer of the MF Credit Bid Collateral to the Purchaser are hereby forever barred, estopped, and permanently enjoined from asserting such claims against the Purchaser and its property (including, without limitation, the MF Credit Bid Collateral). Following closing, no holder of any claim or interest shall interfere with the Purchaser's title to or use and enjoyment of the corresponding MF Credit Bid Collateral based on or related to any such claim or interest or based on any action the Debtors may take in their chapter 11 cases.

11.    If any person or entity that has filed financing statements, mortgages, mechanic's claims, *lis pendens*, or other documents or agreements evidencing claims against the Debtors or in the MF Credit Bid Collateral shall not have delivered to the Debtors prior to closing of the Sale, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, and/or releases of all Claims and Interests that the person or entity has with respect to the

| Debtors: | POWIN, LLC, et al. |
|---|---|
| Case No. | 25-16137 (MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING THE DEBTORS TO ENTER INTO AND PERFORM UNDER THE MAINFREIGHT DISTRIBUTION PTY LTD BILL OF SALE, (II) APPROVING THE SALE OF THE MAINFREIGHT CREDIT BID COLLATERAL FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS, AND (III) GRANTING RELATED RELIEF |

Debtors or the MF Credit Bid Collateral or otherwise, then only with regard to the MF Credit Bid Collateral that are purchased by the Purchaser pursuant to the Bill of Sale and this Order: (a) the Debtors are hereby authorized and directed to execute and file such statements, instruments, releases, and other documents on behalf of the person or entity with respect to the MF Credit Bid Collateral; (b) the Purchaser is hereby authorized to file, register, or otherwise record a certified copy of this Order, which, once filed, registered, or otherwise recorded, shall constitute conclusive evidence of the release of all Claims and Interests against the Purchaser Parties and the MF Credit Bid Collateral; and (c) upon consummation of the Sale, the Purchaser may seek in this Court or any other court to compel appropriate parties to execute termination statements, instruments of satisfaction, and releases of all Claims and Interests that are extinguished or otherwise released pursuant to this Order under section 363 of the Bankruptcy Code and any other provisions of the Bankruptcy Code with respect to the MF Credit Bid Collateral. This Order is deemed to be in recordable form sufficient to be placed in the filing or recording system of each and every federal, state, or local government agency, department, or office. Notwithstanding the foregoing, the provisions of this Order authorizing the Sale and assignment of the MF Credit Bid Collateral free and clear of Claims and Interests shall be self-executing and neither the Debtors nor the Purchaser shall be required to execute or file releases, termination statements, assignments, consents, or other instruments to effectuate, consummate, and implement the provisions of this Order.

12.     Effective upon closing, all persons and entities are forever prohibited and enjoined from commencing or continuing in any matter any action or other proceeding, whether in law or

| | |
|---|---|
| Debtors: | POWIN, LLC, et al. |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING THE DEBTORS TO ENTER INTO AND PERFORM UNDER THE MAINFREIGHT DISTRIBUTION PTY LTD BILL OF SALE, (II) APPROVING THE SALE OF THE MAINFREIGHT CREDIT BID COLLATERAL FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS, AND (III) GRANTING RELATED RELIEF |

equity, in any judicial, administrative, arbitral, or other proceeding against the Purchaser or its assets (including, without limitation, the MF Credit Bid Collateral), with respect to any (a) claim in these chapter 11 cases or in connection with or related to the Sale or the Debtors or (b) Successor or Transferee Liability (defined below), including, without limitation, the following actions with respect to clauses (a) and (b): (i) commencing or continuing any action or other proceeding pending or threatened; (ii) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree, or order; (iii) creating, perfecting, or enforcing any lien, claim, interest, or encumbrance; (iv) asserting any set-off, right of subrogation, or recoupment of any kind; (v) commencing or continuing any action in any manner or place that does not comply with, or is inconsistent with, the provisions of this Order or other orders of this Court, or the agreements or actions contemplated or taken in respect hereof; or (vi) revoking, terminating, failing, or refusing to renew any License (defined below) to operate any business in connection with the MF Credit Bid Collateral or conduct any of the businesses operated with respect to such assets.

## **No Successor or Transferee Liability**

13.     The Purchaser shall not be deemed, as a result of any action taken in connection with the Bill of Sale, the consummation of the Sale, or the transfer, operation, or use of the MF Credit Bid Collateral to (a) be a legal successor or otherwise be deemed a successor to the Debtors, (b) have, *de facto* or otherwise, merged with or into the Debtors, or (c) be an alter ego or a mere continuation or substantial continuation of the Debtors or the enterprise of the Debtors, including, without limitation, within the meaning of any foreign, federal, state, or local revenue law, pension

(Page | 20)

| | |
|---|---|
| Debtors: | POWIN, LLC, et al. |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING THE DEBTORS TO ENTER INTO AND PERFORM UNDER THE MAINFREIGHT DISTRIBUTION PTY LTD BILL OF SALE, (II) APPROVING THE SALE OF THE MAINFREIGHT CREDIT BID COLLATERAL FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS, AND (III) GRANTING RELATED RELIEF |

law, the Employee Retirement Income Security Act of 1974 (as amended), tax law, labor law, products liability law, employment law, environmental law, or other law, rule, or regulation (including, without limitation, filing requirements under any such laws, rules, or regulations), or under any products liability law or doctrine with respect to the Debtors' liability under such law, rule, or regulation.

14.     Immediately prior to closing, the Purchaser was not an "insider" or "affiliate" of the Debtors, as those terms are defined in the Bankruptcy Code, and no common identity of incorporators, directors, or controlling stockholders existed between the Purchaser and the Debtors.

15.     Other than as expressly set forth in the Bill of Sale, the Purchaser shall not have any responsibility for (a) any liability or other obligation of the Debtors or related to the MF Credit Bid Collateral or (b) any claims against the Debtors or any of their predecessors or affiliates. Except as expressly provided in the Bill of Sale with respect to the Purchaser, the Purchaser shall not have any liability whatsoever with respect to the Debtors' (or their predecessors' or affiliates') respective businesses or operations or any of the Debtors' (or their predecessors' or affiliates') obligations (as defined herein, "Successor or Transferee Liability") based, in whole or part, directly or indirectly, on any theory of successor or vicarious liability of any kind or character, or based upon any theory of antitrust, environmental, successor, or transferee liability, *de facto* merger or substantial continuity, labor and employment or products liability, whether known or unknown as of closing, now existing or hereafter arising, asserted or unasserted, fixed or contingent, liquidated or

(Page | 21)

| | |
|---|---|
| Debtors: | POWIN, LLC, et al. |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING THE DEBTORS TO ENTER INTO AND PERFORM UNDER THE MAINFREIGHT DISTRIBUTION PTY LTD BILL OF SALE, (II) APPROVING THE SALE OF THE MAINFREIGHT CREDIT BID COLLATERAL FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS, AND (III) GRANTING RELATED RELIEF |

unliquidated, including, without limitation, liabilities on account of (a) any taxes arising, accruing, or payable under, out of, in connection with, or in any way relating to the MF Credit Bid Collateral prior to closing or in respect of pre-closing periods or (b) any plan, agreement, practice, policy, or program, whether written or unwritten, providing for pension, retirement, health, welfare, compensation or other employee benefit which is or has been sponsored, maintained, or contributed to by any Debtor or with respect to which any Debtor has any liability, whether or not contingent.

### **Good Faith Purchaser**

16.     The Sale contemplated by the Bill of Sale is undertaken by the Purchaser without collusion and in good faith, as that term is defined in section 363(m) of the Bankruptcy Code, and accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Sale shall not affect the validity of the Sale unless such authorization and consummation of such Sale are duly and properly stayed pending such appeal.

17.     Neither the Debtors nor the Purchaser have engaged in any action or inaction that would cause or permit the Sale to be avoided or costs or damages to be imposed under section 363(n) of the Bankruptcy Code. The consideration provided by the Purchaser for the MF Credit Bid Collateral under the Bill of Sale is fair and reasonable and the Sale may not be avoided, and costs and damages may not be imposed, under section 363(n) of the Bankruptcy Code.

(Page | 22)

| | |
|---|---|
| Debtors: | POWIN, LLC, et al. |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING THE DEBTORS TO ENTER INTO AND PERFORM UNDER THE MAINFREIGHT DISTRIBUTION PTY LTD BILL OF SALE, (II) APPROVING THE SALE OF THE MAINFREIGHT CREDIT BID COLLATERAL FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS, AND (III) GRANTING RELATED RELIEF |

## **Other Provisions**

18.     To the maximum extent permitted by applicable law and the Bill of Sale and other Transaction Documents, the Purchaser shall be authorized, as of closing, to operate under any license, permit, registration, and governmental authorization or approval (collectively, the "Licenses") of the Debtors with respect to the MF Credit Bid Collateral.

19.     To the extent provided by section 525 of the Bankruptcy Code, no governmental unit may revoke or suspend any permit or License relating to the MF Credit Bid Collateral sold, transferred, or conveyed to the Purchaser on account of the filing or pendency of these chapter 11 cases or the consummation of the Sale contemplated by the Bill of Sale.

20.     The Bill of Sale and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto in writing and in accordance with the terms thereof, without further order of the Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the Debtors' estates.

21.     The automatic stay pursuant to section 362 of the Bankruptcy Code is hereby lifted with respect to the Debtors to the extent necessary, without further order of the Court, (a) to allow the Purchaser to give the Debtors any notice provided for in the Bill of Sale, (b) to allow the Purchaser to take any and all actions permitted by the Bill of Sale and the Transaction Documents in accordance with the terms and conditions thereof, including, without limitation, effectuating the Sale and the other transactions contemplated by the Bill of Sale and the Transaction Documents, and

(Page | 23)

| | |
|---|---|
| Debtors: | POWIN, LLC, et al. |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING THE DEBTORS TO ENTER INTO AND PERFORM UNDER THE MAINFREIGHT DISTRIBUTION PTY LTD BILL OF SALE, (II) APPROVING THE SALE OF THE MAINFREIGHT CREDIT BID COLLATERAL FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS, AND (III) GRANTING RELATED RELIEF |

(c) to otherwise implement the terms and provisions of the Bill of Sale, the Transaction Documents, and this Order.

22.    The terms and provisions of the Bill of Sale, and this Order shall be binding in all respects upon the Debtors, their Affiliates, their estates, all creditors of (whether known or unknown) and holders of equity interests in any Debtor, any holders of claims against or on all or any portion of the MF Credit Bid Collateral, the Purchaser, and all of their respective successors and assigns, including, but not limited to, as applicable, any subsequent trustee(s), examiner(s), or receiver(s) appointed in any of the Debtors' chapter 11 cases or upon conversion to chapter 7 under the Bankruptcy Code, as to which the terms and provisions of such trustee(s), examiner(s), or receiver(s) likewise shall be binding. The Bill of Sale shall not be subject to rejection or avoidance by the Debtors, their estates, their creditors, their shareholders, or any trustee(s), examiner(s), receiver(s), or any other successor parties in interest.

23.    The terms and provisions of this Order and any actions taken pursuant hereto shall survive entry of an order which may be entered: (a) confirming any chapter 11 plan in any of these chapter 11 cases; (b) converting any of the chapter 11 cases to a case under chapter 7 of the Bankruptcy Code; (c) dismissing any of the chapter 11 cases; (d) transferring venue of the chapter 11 cases to a court other than this Court; or (e) pursuant to which this Court abstains from hearing any of the chapter 11 cases. The terms and provisions of this Order, notwithstanding the entry of any such orders described in (a)–(e) above, shall continue in these chapter 11 cases or following dismissal of these chapter 11 cases.

(Page | 24)

| | |
|---|---|
| Debtors: | POWIN, LLC, et al. |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING THE DEBTORS TO ENTER INTO AND PERFORM UNDER THE MAINFREIGHT DISTRIBUTION PTY LTD BILL OF SALE, (II) APPROVING THE SALE OF THE MAINFREIGHT CREDIT BID COLLATERAL FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS, AND (III) GRANTING RELATED RELIEF |

24.     Each and every federal, state, and local governmental agency, department, or official is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the Bill of Sale and the Transaction Documents.

25.     The Bill of Sale and the Sale contemplated hereunder shall not be subject to any bulk sales laws or any similar law of any state or jurisdiction.

26.     The Bill of Sale may be modified, amended, or supplemented by the parties thereto in accordance with the terms thereof, without further order of the Court; *provided* that any such modification, amendment, or supplement does not, based on the Debtors' business judgment, and in consultation with the Official Committee of Unsecured Creditors (the "Committee"), have an adverse effect on the Debtors' estates or their creditors. The Debtors shall provide the Committee and the U.S. Trustee with prior notice of any such modification, amendment, or supplement of the Bill of Sale.

27.     This Order is and shall be binding upon all persons and entities that may be required by operation of law, the duties of their office, or contract to accept, file, register, or otherwise record or release any documents or instruments, or that may be required to report or insure any title or state of title in or to any property; and each of the foregoing persons and entities shall accept for filing any and all of the documents and instruments necessary and appropriate to consummate the Bill of Sale.

(Page | 25)

| | |
|---|---|
| Debtors: | POWIN, LLC, et al. |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING THE DEBTORS TO ENTER INTO AND PERFORM UNDER THE MAINFREIGHT DISTRIBUTION PTY LTD BILL OF SALE, (II) APPROVING THE SALE OF THE MAINFREIGHT CREDIT BID COLLATERAL FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS, AND (III) GRANTING RELATED RELIEF |

28.     To the extent there are any inconsistencies between this Order, the Motion, the Bidding Procedures Order, the Bidding Procedures, the Bill of Sale, and the Transaction Documents, the terms of this Order shall control.

29.     Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 6006(d), 7062, and 9014 or any other Bankruptcy Rules or Local Rules to the contrary, the terms and conditions of this Order shall be effective and enforceable immediately upon entry, and the Debtors and the Purchaser are authorized to close the Sale immediately upon entry of this Order.

30.     Notice of the Motion, the Sale Hearing, the Bill of Sale, and the Sale, as provided therein, including through distribution of the Sale Notice shall be deemed good and sufficient notice of such Motion, the Sale Hearing, the Bill of Sale, and the Sale, and the requirements of Bankruptcy Rules 2002, 6004(a), and 6004(c) and the Local Rules are satisfied by such notice. The Sale Notice is hereby approved.

31.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

32.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.