**Exhibit C**

**(EKS Sale Order)**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>POWIN, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-16137 (MBK)<br><br>(Jointly Administered) |

**ORDER (I) AUTHORIZING THE DEBTORS TO ENTER INTO AND PERFORM UNDER THE
EKS AGREEMENTS, AND (II) GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered three (3) through thirteen (13) is

**ORDERED**.

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin Project LLC [1583]; (ii) Powin, LLC [0504]; (iii) PEOS Holdings, LLC [5476]; (iv) Powin China Holdings 1, LLC [1422]; (v) Powin China Holdings 2, LLC [9713]; (vi) Charger Holdings, LLC [5241]; (vii) Powin Energy Ontario Storage, LLC [8348]; (viii) Powin Energy Operating Holdings, LLC [2495]; and (ix) Powin Energy Operating, LLC [6487]. The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR 97062.

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**DENTONS US LLP**

Lauren Macksoud (admitted)
101 JFK Parkway
Short Hills, NJ 07078
Telephone: (973) 912-7100
Facsimile: (973) 912-7199
Email: lauren.macksoud@dentons.com

Tania M. Moyron (admitted *pro hac vice*)
Van C. Durrer, II (admitted *pro hac vice*)
601 S. Figueroa Street #2500
Los Angeles, CA 90017
Telephone: (213) 623-9300
Facsimile: (213) 623-9924
Email: tania.moyron@dentons.com
        van.durrer@dentons.com

John D. Beck (admitted *pro hac vice*)
Sarah M. Schrag (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020-1089
Telephone: (212) 768-6700
Facsimile: (212) 768-6800
Email: john.beck@dentons.com
        sarah.schrag@dentons.com

*Proposed Counsel for Debtors and
Debtors in Possession*

**TOGUT, SEGAL & SEGAL LLP**

Frank A. Oswald (admitted)
550 Broad Street
Suite 1508
Newark, NJ 07102
Telephone: (212) 594-5000
Facsimile: (212) 967-4258
Email: frankoswald@teamtogut.com

Albert Togut (admitted *pro hac vice*)
Amanda C. Glaubach (admitted *pro hac vice*)
Eitan Blander (admitted *pro hac vice*)
One Penn Plaza, Suite 3335
New York, New York 10119
Telephone: (212) 594-5000
Facsimile: (212) 967-4258
Email: altogut@teamtogut.com
        aglaubach@teamtogut.com
        eblander@teamtogut.com

*Proposed Counsel for Debtors and
Debtors in Possession*

(Page | 3)

| | |
|---|---|
| Debtors: | POWIN, LLC, et al. |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING THE DEBTORS TO ENTER INTO AND PERFORM UNDER THE EKS AGREEMENTS, AND (II) GRANTING RELATED RELIEF |

Upon the motion [Docket No. 228] (the "Motion")[1] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order approving a sale of substantially all of the Debtors' assets; and the Court having entered the Bidding Procedures Order [Docket No. 413] in connection with the sale of such assets; and the Debtors having scheduled an auction (the "Auction") for the sale of their assets; and the Auction having been held by the Debtors in accordance with the Bidding Procedures; and having received one Qualified Bid from Hitachi Energy Ltd ("Hitachi") of the Debtors' indirect membership interests (the "EKS Interest") in non-debtor EKS HoldCo, LLC— a joint venture with Hitachi—held by Powin EKS SellCo, LLC, a wholly owned non-debtor subsidiary of Powin LLC; and receiving no other Qualified Bids for the EKS Interest; and the Debtors having determined that Hitachi has submitted the highest or otherwise best bid for the EKS Interest and determined that Hitachi is the Winning Bidder with respect to the EKS Interest, in accordance with the Bidding Procedures; and the Debtors having served the Notice of Sale By Auction and Sale Hearing (the "Sale Notice") in accordance with the Bidding Procedures Order; and the Debtors having filed and served the Notice of Winning Bidder [Docket No. 591] in accordance with the Bidding Procedures, which attaches the EKS Term Sheet for the EKS Interest as Exhibit C; and the Debtors having filed the EKS Sale and Release Agreement, dated as of [August 6, 2025], by and among the Debtors, non-debtor Powin EKS SellCo LLC and Hitachi and certain of its affiliates (as defined therein, the "Hitachi Parties") [Docket No. [●]] (together with the EKS Term Sheet, the "EKS Agreements"); and the Debtors having filed the form of this Order on August

---

[1] Capitalized terms used but not otherwise defined herein have the meaning given to such terms in the Motion, Bidding Procedures Order (as defined herein), the Bidding Procedures, or the EKS Agreements, as applicable.

(Page | 4)

| Debtors: | POWIN, LLC, et al. |
|---|---|
| Case No. | 25-16137 (MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING THE DEBTORS TO ENTER INTO AND PERFORM UNDER THE EKS AGREEMENTS, AND (II) GRANTING RELATED RELIEF |

2, 2025, and the Court having held a hearing on August 6, 2025 (the "Sale Hearing"), at which time all interested parties were offered an opportunity to be heard with respect to the Motion and the proposed Order; and the Court having reviewed and considered the Motion, the EKS Agreements, the proposed Order, and any and all objections to the sale and the EKS Agreements; and upon the First Day Declaration and the *Declaration of Mitchener Turnipseed in Support of the Debtors' Motion* (the "Turnipseed Declaration") [Docket No. 229]; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their stakeholders, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and the proposed Order was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Sale Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Sale Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing, it is hereby

**FOUND, CONCLUDED, AND DETERMINED THAT:**

(Page | 5)

| | |
|---|---|
| Debtors: | POWIN, LLC, et al. |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING THE DEBTORS TO ENTER INTO AND PERFORM UNDER THE EKS AGREEMENTS, AND (II) GRANTING RELATED RELIEF |

### Petition Date, Jurisdiction, Venue, and Final Order

A.  On June 9, 2025 (the "Petition Date"), the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.[2]

B.  This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this District and in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

C.  This Order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a). Notwithstanding Bankruptcy Rules 6004(h), and 6006(d), any other applicable Bankruptcy Rules or Local Rules, and to any extent necessary under Bankruptcy Rule 9014 and Federal Rule of Civil Procedure 54(b), as made applicable by Bankruptcy Rule 7054, the Court expressly finds that there is no just reason for delay in the implementation of this Order and expressly directs entry of judgment as set forth herein.

D.  The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent that any of the following conclusions of law constitute findings of fact, they are adopted as such.

---

[2] Lead Debtor Case No. 25-16137 (MBK) for Debtor Powin Project LLC was filed on June 9, 2025, certain other Debtors were filed shortly thereafter on June 10, 2025, and the remaining Debtors were filed on June 22, 2025.

(Page | 6)

| | |
|---|---|
| Debtors: | POWIN, LLC, et al. |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING THE DEBTORS TO ENTER INTO AND PERFORM UNDER THE EKS AGREEMENTS, AND (II) GRANTING RELATED RELIEF |

**Notice of the Bidding Procedures Order, the Bidding Procedures,**
**the EKS Agreements and the Sale, the Auction, the Sale Hearing, and this Order**

E.      As evidenced by the Sale Notice, the Notice of Winning Bidder [Docket No. 591], the form of Order [Docket No. [●]], affidavits of service and publication previously filed with this Court, proper, timely, adequate, and sufficient notice of the Sale Hearing, the EKS Agreements, entry of this Order, and the sale of the EKS Interest has been provided in accordance with sections 363 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, 6006, 9007, and 9014, and Local Rule 6004-3. The foregoing notice was good, sufficient, and appropriate under the circumstances, and no other or further notice of the Sale Hearing, the EKS Agreements, or the sale is required.

F.      A reasonable opportunity to object or to be heard regarding the relief requested in the Motion was afforded to all interested persons and entities.

**Authority to Authorize Powin EKS SellCo, LLC to Enter Into and Perform Under the EKS**
**Agreements**

G.      The Debtors are authorized to enter into the EKS Agreements and exercise their corporate authority to authorize its non-debtor subsidiary, Powin EKS SellCo, LLC, to transfer the EKS Interest to Hitachi under applicable non-bankruptcy law in accordance with the EKS Agreements and Exhibit D to the Limited Liability Agreement of EKS HoldCo LLC (the "EKS Corporate Governance Authorization"). The Debtors are further authorized to take any and all corporate actions necessary or appropriate to facilitate or effectuate the transfer of such membership interest by Powin EKS SellCo, LLC and to consummate the releases, lien releases, and all other transactions contemplated by the EKS Agreements.

(Page | 7)

| | |
|---|---|
| Debtors: | POWIN, LLC, et al. |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING THE DEBTORS TO ENTER INTO AND PERFORM UNDER THE EKS AGREEMENTS, AND (II) GRANTING RELATED RELIEF |

H.    Approval and consummation of the EKS Corporate Governance Authorization and the EKS Agreements is in the best interests of the Debtors, their respective creditors, estates, and other parties in interest. The Debtors have demonstrated good, sufficient, and sound business reasons and justifications for authorizing their non-debtor subsidiary, Powin EKS SellCo, LLC, to enter into a sale of its membership interests in EKS HoldCo, LLC pursuant to the EKS Agreements and to exchange mutual releases with the Hitachi Parties in connection with the same. The EKS Corporate Governance Authorization and other terms and conditions of the EKS Agreements, as it relates to the Debtors, must be approved and consummated in order to maximize the value of the Debtors' estates.  The releases to be exchanged by and among the Debtors and the Hitachi Parties pursuant to the EKS Agreements are fair and equitable, in the best interest of creditors, and an integral component of consideration in monetizing the indirect interest of Debtor Powin LLC in EKS Holdco LLC.

I.    The dealings and negotiations between the Debtors and Hitachi, and Hitachi's dealings in relation to the Auction, were arm's length, without collusion, in good faith, and substantively and procedurally fair to all parties. Neither Hitachi nor any of its affiliates is an "insider" of any of the Debtors, as that term is defined in section 101(31) of the Bankruptcy Code. To the extent of the consideration Hitachi is providing to the Debtors' estates, it is a good faith buyer for purposes of section 363(m) of the Bankruptcy Code, and accordingly, as it relates to the Debtors and property of their estates, the reversal or modification on appeal of the authorization provided herein to consummate the EKS Agreements shall not affect the validity of those

(Page | 8)

| | |
|---|---|
| Debtors: | POWIN, LLC, et al. |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING THE DEBTORS TO ENTER INTO AND PERFORM UNDER THE EKS AGREEMENTS, AND (II) GRANTING RELATED RELIEF |

transactions unless such authorization and consummation of such transactions are duly and properly stayed pending such appeal.

J.      All parties in interest were afforded a full, fair, and reasonable opportunity to make a higher or otherwise better offer to purchase the EKS Interest. The sale of the EKS Interest was conducted in a non-collusive, fair, and good-faith manner. The EKS Agreements will provide a greater recovery for the Debtors' estates than would be provided by any other available alternative. The Debtors' determination that the EKS Agreements constitute the highest or otherwise best offer for the EKS Interest is a valid and sound exercise of their fiduciary duties and constitutes a valid and sound exercise of the Debtors' business judgment.

## **Prompt Consummation**

K.      The sale of the EKS Interest must be approved and consummated promptly to comply with the terms of the EKS Agreements, maximize value for the Debtors' estates, and avoid irreparable harm to the Debtors' estates and their stakeholders, including their creditors and customers. Time, therefore, is of the essence in effectuating the EKS Agreements. As such, the Debtors and Hitachi intend to close the sale of the EKS Interest as soon as reasonably practicable in accordance with the terms of the EKS Agreements. The Debtors have demonstrated immediate and irreparable harm absent entry of this Order and compelling circumstances and a good, sufficient, and sound business purpose and justification for the immediate approval and consummation of the EKS Agreements. Accordingly, there is sufficient cause to waive the stay provided in the Bankruptcy Rules 6004(h) and 6006(d) and any other applicable Bankruptcy Rule or Local Rule.

(Page | 9)

| | |
|---|---|
| Debtors: | POWIN, LLC, et al. |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING THE DEBTORS TO ENTER INTO AND PERFORM UNDER THE EKS AGREEMENTS, AND (II) GRANTING RELATED RELIEF |

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED THAT:**

### General Provisions

1.       The Motion is **GRANTED**, as set forth herein.

2.       All objections to or reservation of rights with respect to the Motion or the relief requested therein that have not been withdrawn or resolved are overruled with prejudice. All persons and entities who did not object or withdraw their objections to the Motion are deemed to have consented pursuant to section 363(f)(2) of the Bankruptcy Code.

3.       The EKS Agreements and all terms and conditions thereof are approved in all respects. The failure to specifically include any particular provision of the EKS Agreements in this Order shall not diminish or impair the effectiveness of such provision.

### Authority to Authorize Powin EKS SellCo, LLC to Enter Into and Perform Under the EKS Agreements

4.       The Debtors are authorized to enter into and perform under the EKS Agreements and take any and all actions necessary or appropriate, including under applicable non-bankruptcy law, to cause or authorize its non-debtor subsidiary, Powin EKS SellCo, LLC, to transfer, convey, assign, or otherwise dispose of its membership interests in EKS HoldCo, LLC to Hitachi, consistent in all respects with the terms and conditions set forth in the EKS Agreements.

5.       The Debtors are also authorized to cause Powin EKS Sellco, LLC to use the proceeds received from the sale of the EKS Interest to pay any outstanding obligations of the Debtors owed to Key Frame Capital Partners, LLP under the Loan Agreement, dated as of October 1, 2024 (as amended, restated, supplemented or otherwise modified from time to time).

(Page | 10)

| | |
|---|---|
| Debtors: | POWIN, LLC, et al. |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING THE DEBTORS TO ENTER INTO AND PERFORM UNDER THE EKS AGREEMENTS, AND (II) GRANTING RELATED RELIEF |

6.     In connection with the disposition of the Debtors' indirect interest in EKS Holdco, LLC, the releases provided by the Debtors and their estates in favor of the Hitachi Parties pursuant to the EKS Agreements are approved and authorized in all respects.  Absent the inclusion of releases from the Debtors and their estates as provided in the EKS Agreements, Hitachi would not agree to release its claims against the Debtors or pay the cash purchase price contemplated by the EKS Agreements.  The releases to be exchanged by and among the Debtors and the Hitachi Parties pursuant to the EKS Agreements are fair and equitable, in the best interests of creditors, and an integral component of consideration in monetizing the indirect interest of Powin LLC in EKS HolCo LLC.  Such releases shall be binding upon the Debtors, their estates, all creditors of and all parties in interest in, the Debtors, any successor entities thereof, including without limitation any chapter 7 trustee, a trustee or plan administrator under a chapter 11 plan, or otherwise.

7.     The EKS Agreements and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto in writing and in accordance with the terms thereof, without further order of the Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the Debtors' estates.

## Other Provisions

8.     The automatic stay pursuant to section 362 of the Bankruptcy Code is hereby lifted with respect to the Debtors to the extent necessary, without further order of the Court, (a) to allow Hitachi to give the Debtors any notice provided for in the EKS Agreements, (b) to allow Hitachi to take any and all actions permitted by the EKS Agreements in accordance with the terms and

| | |
|---|---|
| Debtors: | POWIN, LLC, et al. |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING THE DEBTORS TO ENTER INTO AND PERFORM UNDER THE EKS AGREEMENTS, AND (II) GRANTING RELATED RELIEF |

conditions thereof, including, without limitation, effectuating the sale and the other transactions contemplated by the EKS Agreements, and (c) to otherwise implement the terms and provisions of the EKS Agreements, and this Order.

9.    The terms and provisions of the EKS Agreements, and this Order shall be binding in all respects upon the Debtors, their Affiliates, their estates, all creditors of (whether known or unknown) and holders of equity interests in any Debtor, any holders of claims against or on all or any portion of the EKS Interest, Hitachi, and all of their respective successors and assigns, including, but not limited to, as applicable, any subsequent trustee(s), examiner(s), or receiver(s) appointed in any of the Debtors' chapter 11 cases or upon conversion to chapter 7 under the Bankruptcy Code, as to which the terms and provisions of such trustee(s), examiner(s), or receiver(s) likewise shall be binding. The EKS Agreements shall not be subject to rejection or avoidance by the Debtors, their estates, their creditors, their shareholders, or any trustee(s), examiner(s), receiver(s), or any other successor parties in interest.

10.    The terms and provisions of this Order and any actions taken pursuant hereto shall survive entry of an order which may be entered: (a) confirming any chapter 11 plan in any of these chapter 11 cases; (b) converting any of the chapter 11 cases to a case under chapter 7 of the Bankruptcy Code; (c) dismissing any of the chapter 11 cases; (d) transferring venue of the chapter 11 cases to a court other than this Court; or (e) pursuant to which this Court abstains from hearing any of the chapter 11 cases. The terms and provisions of this Order, notwithstanding the entry of any such orders described in (a)–(e) above, shall continue in these chapter 11 cases or following dismissal of these chapter 11 cases.

| Debtors: | POWIN, LLC, et al. |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING THE DEBTORS TO ENTER INTO AND PERFORM UNDER THE EKS AGREEMENTS, AND (II) GRANTING RELATED RELIEF |

11.    Each and every federal, state, and local governmental agency, department, or official is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the EKS Agreements.

12.    The EKS Agreements and the sale contemplated hereunder shall not be subject to any bulk sales laws or any similar law of any state or jurisdiction.

13.    This Order is and shall be binding upon all persons and entities that may be required by operation of law, the duties of their office, or contract to accept, file, register, or otherwise record or release any documents or instruments, or that may be required to report or insure any title or state of title in or to any property; and each of the foregoing persons and entities shall accept for filing any and all of the documents and instruments necessary and appropriate to consummate the EKS Agreements.

14.    To the extent there are any inconsistencies between this Order, the Motion, the Bidding Procedures Order, the Bidding Procedures, and the EKS Agreements, the terms of this Order shall control.

15.    Except to the extent expressly provided herein, notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity of any prepetition claim, interest, or lien against a Debtor entity; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any prepetition claim, interest, or lien on any grounds; (c) a promise or requirement to pay prepetition claims; (d) a waiver of the obligation of any party in interest to file a proof of claim; (e) an implication or admission that any particular claim, interest, or lien is of a type specified or defined in the Motion or this

(Page | 13)

| | |
|---|---|
| Debtors: | POWIN, LLC, et al. |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING THE DEBTORS TO ENTER INTO AND PERFORM UNDER THE EKS AGREEMENTS, AND (II) GRANTING RELATED RELIEF |

Order; (f) an authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (g) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law.

16.     Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 6006(d), 7062, and 9014 or any other Bankruptcy Rules or Local Rules to the contrary, the terms and conditions of this Order shall be effective and enforceable immediately upon entry. The Debtors and Hitachi are authorized to close the transaction immediately upon entry of this Order.

17.     Notice of the Motion, the Sale Hearing, the EKS Agreements, and the sale of the EKS Interest, as provided therein, including through distribution of the Sale Notice shall be deemed good and sufficient notice of such Motion, the Sale Hearing, the EKS Agreements, and the sale of the EKS Interest, and the requirements of Bankruptcy Rules 2002, 6004(a), and 6004(c) and the Local Rules are satisfied by such notice. The Sale Notice is hereby approved.

18.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

19.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.