| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** | |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br>**SHERMAN, SILVERSTEIN,**<br>**KOHL, ROSE & PODOLSKY, P.A.**<br>Arthur J. Abramowitz<br>Ross J. Switkes<br>308 Harper Drive, Suite 200<br>Moorestown, NJ 08057<br>Tel: (856) 662-0700<br>Email: aabramowitz@shermansilverstein.com<br>          rswitkes@shermansilverstein.com<br><br>*Co-Counsel to Ace Engineering* | **STEPTOE**<br>Timothy W. Walsh (admitted *pro hac vice*)<br>Steven Davidson (admitted *pro hac vice*)<br>Zach Song<br>114 Avenue of the Americas<br>New York, NY 10036<br>Tel: (212) 506-3900<br>Email: twwalsh@steptoe.com<br>          sdavidson@steptoe.com<br>          zsong@steptoe.com<br><br>*Co-Counsel to Ace Engineering* |
| In re:<br><br>POWIN, LLC, *et al.*,<br><br>    Debtors. | Chapter 11<br><br>Case No. 25-16137 (MBK)<br><br>(Jointly Administered)<br><br>Honorable Michael B. Kaplan, U.S.B.J. |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF
CREDITOR ACE ENGINEERING & CO., LTD. TO THE DEBTORS'
NOTICE OF PROPOSED ORDERS APPROVING SALES**

Ace Engineering & Co., Ltd. ("Ace"), by their undersigned counsel Steptoe LLP, file this *Limited Objection and Reservation of Rights of Creditor Ace Engineering & Co., Ltd. to the Debtors' Notice of Proposed Orders Approving Sales* (the "Objection"), stating the following:

**BACKGROUND**

1. On June 10, 2025 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

2. Ace delivered a final shipment to the Debtors on May 30, 2025 (the "Shipment"). Ace timely sent the Debtors a demand letter asserting Ace's reclamation rights and requesting that the Debtors return the Shipment.

3. A portion of the Reclamation Shipment was allegedly sold to BHER Ravenswood Solar 1, LLC ("BHER") before the Petition Date (the "BHER Goods").

4. Mainfreight Distribution Pty. Ltd. ("Mainfreight") filed its Mainfreight Inc.'s Motion to Confirm that the Automatic Stay Pursuant to 11 U.S.C. § 362(A) Does Not Apply to Certain Goods in its Possession [Docket No. 180]. Ace objected via its *Limited Objection to Mainfreight Inc.'s Motion to Confirm that the Automatic Stay Pursuant to 11 U.S.C. § 362(a) Does Not Apply to Certain Goods in its Possession* [Docket No. 282], filed on July 8, 2025. The Court set a hearing for July 15, 2025, but adjourned the hearing until August 6, 2025, pursuant to an agreement between the Debtors, Mainfreight, and BHER.

5. On July 17, 2025, the Court entered the *Order (I) Designating a Stalking Horse Bidder and Approving Stalking Horse Bidder Protections, (II) Approving Bidding Procedures by Which Interested Parties May Bid and an Auction Sale Format in Connection With the Sale of Substantially All of the Debtors' Assets, (III) Approving Form of Asset Purchase Agreement, (IV) Approving Form of Notice to be Provided to Interested Parties, (V) Authorizing the Assumption and Assignment of Assumed Contracts and Notice Procedures Thereto, (VI) Scheduling a Court Hearing to Consider Approval of the Sale to the Highest and Best Bidder, and (VII) Authorizing the Sale of the Debtors' Property Free and Clear of All Causes of Action and Claims* [Docket No. 413] (the "Bidding Procedures Order") in the chapter 11 cases of the Debtors.

6. On August 1, 2025, the Debtors held an auction in accordance with the Bidding Procedures Order.

7. Mainfreight's credit bid of $3,000,000.00 was deemed the high bid in an auction for most of the inventory held by Mainfreight as collateral to their asserted liens. The BHER Goods

were not included in this sale. The remainder of the Reclamation Shipment was included in Mainfreight's proposed purchase.

8. The Debtors filed proposed *Order (I) Authorizing The Debtors to Enter Into and Perform Under the FlexGen Power Systems, LLC Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free And Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing the Assumption and Assignment of the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance With the Assumption and Assignment Procedures, and (IV) Granting Related Relief* (the "Proposed FlexGen Sale Order") and the proposed *Order (I) Authorizing The Debtors to Enter Into and Perform Under the Mainfreight Distribution Pty Ltd Bill of Sale, (II) Approving the Sale of the Mainfreight Credit Bid Collateral Free and Clear of All Liens, Claims, Encumbrances, and Interests, And (III) Granting Related Relief* (the "Proposed Mainfreight Sale Order") on August 2, 2025 [Docket No. 608].

## JURISDICTION AND VENUE

9. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. Sections 157 and 1334 and Standing Order of Reference 12-1 from the United States District Court for the District of New Jersey, dated as of September 18, 2012. This is a core proceeding under 28 U.S.C. Section 157(b).

10. Venue is proper in this district under 28 U.S.C. Sections 1408 and 1409. Mainfreight consents to the entry of a final order on this Motion if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

11. The statutory predicates for the relief sought herein are sections 105 and 362 of title 11 of the United States Code, Sections 101 et seq. (the "Bankruptcy Code"), and Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## LIMITED OBJECTION AND RESERVATION OF RIGHTS

12. Ace reserves its reclamation rights to the Reclamation Shipment under Delaware law and Section 546(C)(1) of the Bankruptcy Code. Ace has protected and exercised its right to reclamation.

13. Delaware law gives suppliers such as Ace the right to reclaim the Reclamation Shipment under certain conditions.

> Where the seller discovers that the buyer has received goods on credit while insolvent he or she may reclaim the goods upon demand made within ten days after the receipt, but if misrepresentation of solvency has been made to the particular seller in writing within three months before delivery the ten day limitation does not apply.

Del. Code. tit. 6, § 2-702.

14. Here, Ace sent the Reclamation Shipment on April 12, 2025. The Reclamation Shipment did not arrive until May 30, 2025.

15. Section 546 further protects that right, stating that:

> … a seller of goods that has sold goods to the debtor, in the ordinary course of such seller's business, to reclaim such goods if the debtor has received such goods while insolvent, within 45 days before the date of the commencement of a case under this title, but such seller may not reclaim such goods unless such seller demands in writing reclamation of such goods--
> (A) not later than 45 days after the date of receipt of such goods by the debtor; or
> (B) not later than 20 days after the date of commencement of the case, if the 45-day period expires after the commencement of the case.

Section 546(c)(1) of the Bankruptcy Code.

16. The Third Circuit has lamented that "[t]here is no definition of 'receipt' in the Bankruptcy Code, but U.C.C. [Section] 2–103(1)(c) defines receipt of goods as 'taking physical possession of them.' Matter of Marin Motor Oil, Inc., 740 F.2d 220, 224–25 (3d Cir. 1984).

17. Ace is entitled to an administrative claim under Section 503(b)(9) for the value of the Reclamation Shipment. Section 546(c)(2) "allows the court to deny repossession in favor of granting the seller an administrative expense claim under § 503(b)". Id. at 237–38.

18. The Reclamation Shipment was sold to the Debtors for $13,520,599.26.

19. Ace understands that the BHER Goods are intended to be used on a project located in West Virginia. Ace is therefore entitled to a lien of Materialman Furnishing Supplies to Contractor or Subcontractor against any project that the BHER Goods are used in per W. Va. Code Ann. Section 38-2-4. Since the BHER Goods were not included in the Proposed Mainfreight Sale Order, these lien rights are still intact.

20. For the avoidance of doubt, Ace reserves all reclamation rights and lien rights that survive the Proposed Mainfreight Sale Order and the Proposed FlexGen Sale Order, in addition to all such rights to the BHER Goods which were not sold during the above-captioned bankruptcy case.

## CONCLUSION

Wherefore, Ace respectfully requests that the Court enter an order (i) sustaining this Objection; (ii) preserving Ace's rights to the Reclamation Shipment; (iii) preserving Ace's lien rights over the BHER Goods, and (iv) any other relief that the Court sees as proper.

*(Signature Page to Follow)*

Dated: August 4, 2025

By: /s/ *Arthur J. Abramowitz*
Arthur J. Abramowitz
Ross J. Switkes
**SHERMAN, SILVERSTEIN,**
**KOHL, ROSE & PODOLSKY, P.A.**
308 Harper Drive, Suite 200
Moorestown, NJ 08057
Tel: (856) 662-0700
Email: aabramowitz@shermansilverstein.com
rswitkes@shermansilverstein.com

-and-

Timothy W. Walsh
**STEPTOE LLP**
1114 Avenue of the Americas
New York, NY 10036
Telephone: (212) 957-3085
Email: twwalsh@steptoe.com

*Co-Counsel for Ace Engineering & Co., Ltd.*