|  |  |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**VINSON & ELKINS LLP**

Steven M. Abramowitz (No. 043641990)
David S. Meyer (admitted *pro hac vice*)
Lauren R. Kanzer (admitted *pro hac vice*)
The Grace Building
1114 Avenue of the Americas, 32nd Floor
New York, New York 10036-7708
Tel: (212) 237-0000
Fax: (212) 237-0100
Email: sabramowitz@velaw.com
　　　　dmeyer@velaw.com
　　　　lkanzer@velaw.com

-and-

William L. Wallander (admitted *pro hac vice*)
Matthew D. Struble (admitted *pro hac vice*)
2001 Ross Avenue, Suite 3900
Dallas, Texas 75201
Tel: (214) 220-7700
Fax: (214) 220-7716
Email: bwallander@velaw.com
　　　　mstruble@velaw.com

*Counsel for Ad Hoc Group of Customers of Powin, LLC*

| | |
|---|---|
| In re:<br><br>Powin, LLC, *et al.*,[1]<br><br>　　　　　Debtors. | Case No. 25 – 16137 (MBK)<br><br>Chapter 11<br><br>(Jointly Administered) |

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin, LLC [0504], (ii) PEOS Holdings, LLC [5476], (iii) Powin Project LLC [1583], (iv) Powin China Holdings 1, LLC [1422], (v) Powin China Holdings 2, LLC [9713], (vi) Charger Holdings, LLC [5241], (vii) Powin Energy Ontario Storage, LLC [8348], (viii) Powin Energy Operating Holdings, LLC [2495], (ix) Powin Energy Operating, LLC [6487]. The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR 97062.

**LIMITED OBJECTION AND
RESERVATION OF RIGHTS OF AD HOC
CUSTOMER GROUP TO DEBTORS' PROPOSED SALE**

Lone Star Solar, LLC,[2] Idaho Power Company, West Warwick Energy Storage 1, LLC, West Warwick Energy Storage 2, LLC, and West Warwick Energy Storage 3, LLC[3] (each a "**Customer**," and collectively, the "**Ad Hoc Customer Group**"), each a creditor, customer, and party in interest, by and through their undersigned counsel, hereby file this limited objection and reservation of rights (the "**Limited Objection**") to the Debtors' proposed sale of substantially all of their assets to the Winning Bidder[4] (the "**Proposed Sale**") as contemplated in the Proposed *Order (I) Authorizing the Debtors to Enter into and Perform under the FlexGen Power Systems, LL Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of all Liens, Claims, Encumbrances, and Interests, (III) Authorizing the Assumption and Assignment of the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment Procedures, and (IV) Granting Related Relief* [Docket No. 608-1] (the "**Proposed Sale Order**").

**LIMITED OBJECTION**

1. The Ad Hoc Customer Group is supportive of the Debtors' sale process and is not opposed to the designation of FlexGen Power Systems, LLC ("**FlexGen**") as the Winning Bidder.

---

[2] Lone Star Solar, LLC is a subsidiary of energyRe, LLC.

[3] West Warwick Energy Storage 1, LLC, West Warwick Energy Storage 2, LLC, and West Warwick Energy Storage 3, LLC are direct subsidiaries of Convergent West Warwick, LLC and indirect subsidiaries of Convergent Energy and Power LP.

[4] Capitalized terms not otherwise defined herein have the meanings ascribed to them in the *Order (I) Designating a Stalking Horse Bidder and Approving Stalking Horse Bidder Protections, (II) Approving Bidding Procedures by which Interested Parties may Bid and an Auction Sale Format in Connection with the Sale of Substantially All of the Debtors' Assets, (III) Approving Form of Asset Purchase Agreement, (IV) Approving Form of Notice to be Provided to Interested Parties, (V) Authorizing the Assumption and Assignment of Assumed Contracts and Notice Procedures Thereto, (VI) Scheduling a Court Hearing to Consider Approval of the Sale to the Highest and Best Bidder, and (VII) Authorizing the Sale of the Debtors' Property Free and Clear of all Causes of Action and Claims* [Docket No. 413] (the "**Bidding Procedures Order**").

However, none of the Debtors' filings—the *Notice of Winning Bidders* [Docket No. 591], the proposed Asset Purchase Agreement with FlexGen attached thereto[5] (the "**APA**"), nor the Proposed Sale Order—provide clarity for customers regarding how customers' rights under section 365(n) of title 11 of the United States Code (the "**Bankruptcy Code**") will be preserved, presuming, as currently contemplated by the APA, FlexGen is assuming none of the Debtors' prepetition contracts.[6] In fact, the Proposed Sale Order makes no reference whatsoever to section 365(n) of the Bankruptcy Code. Additionally, the Proposed Sale Order purports to deem contract counterparties to have consented to the assumption and assignment and cure amounts for any Assumed Contract if the counterparty did not object by July 28, 2025, ignoring the provisions of the Assumption and Assignment Procedures that provide contract counterparties a minimum of 10 days to object to assumption and assignment and cure amounts from service of any Supplemental Assumption Notice. *See* Proposed Sale Order at ¶¶ Y, BB, CC, 27.

2.  The Ad Hoc Customer Group therefore objects to the sale to the extent (i) the Debtors' assets are purportedly being sold free and clear of the Customers' rights under section 365(n), (ii) any of the relief included in the Proposed Sale Order would impair, infringe upon, or otherwise adversely affect the Customers' respective license rights in the Debtors' intellectual property granted pursuant to certain executory contracts between the Debtors and the Customers (the "**Contracts**"), section 365(n) of the Bankruptcy Code, or under applicable law, and (iii) the

---

[5] The APA was filed at Docket No. 591-2.

[6] Although section 3.5 of the APA provides that the sale will be subject to licensees' rights under section 365(n) of the Bankruptcy Code, there is no such reference in the Proposed Sale Order (which controls to the extent there are conflicting terms) and it is currently unclear how such rights will be preserved.

Customers' rights to object to assumption and assignment of the Contracts and Cure Amounts are not preserved.[7]

3.  As described in greater detail in the Adequate Protection Motion, the members of the Ad Hoc Customer Group each own and operate large, industrial-scale and utility-scale lithium ion battery energy storage systems ("**BESS**") that were designed and provided by the Debtors, and for which the Debtors are responsible for ongoing maintenance and other services. Each Customer entered into various Contracts with certain of the Debtors to install, maintain, and service the BESS. Under the Contracts, the Debtors granted, among other things, broad, perpetual licenses of intellectual property (the "*Licenses*," and such intellectual property, the "*Licensed IP*") necessary to support the operation of the BESS.

4.  The Licensed IP and certain related services required under the Contracts are critical for the BESS to remain "online" and to operate safely and effectively. Without a plan in place to ensure the Customers continue receiving uninterrupted services and/or are able to fully retain their contractual rights to the Licensed IP as required under section 365(n) of the Bankruptcy Code if the Contracts are rejected, the Customers will be unable to safely maintain and operate the BESS. The Debtors acknowledge as much in their Customer Program Motion, stating that "[t]he termination of the Debtors' LTSA Line of Business would have a severely detrimental impact on Customers who are largely incapable of replacing those functions without the Debtors' assistance."[8]

---

[7] On July 8, 2025, the Ad Hoc Customer Group filed the *Emergency Motion of Ad Hoc Customer Group for Entry of an Order (I) Granting Adequate Protection Under Section 363(e) of the Bankruptcy Code and (II) Granting Related Relief* [Docket No. 297] (the "**Adequate Protection Motion**"). The Customers' relationships with the Debtors, including the contracts between the Debtors and the Customers, are described in greater detail in the Adequate Protection Motion, which descriptions are incorporated herein by reference.

[8] *See Motion of the Debtors For Entry of an Order (I) Authorizing the Debtors to Enter Into New Customer Program with Existing Customers and (II) Granting Related Relief* [Docket No. 15] (the "**Customer Program Motion**"), at ¶ 9.

5. The Customers, as licensees of intellectual property of the Debtors, are afforded statutory protections under the Bankruptcy Code, including, among other things, the right, at each Customer's election, to continue using the Licensed IP pursuant to certain conditions set forth in section 365(n) of the Bankruptcy Code. Section 365(n)(1)(B) of the Bankruptcy Code protects licensee counterparties after a debtor rejects an executory contract that grants a license to intellectual property (and any embodiment thereof) by providing that such a licensee is entitled— at its election—to retain its rights to such intellectual property for the duration of the contract.[9] Accordingly, the Ad Hoc Customer Group objects to the sale to the extent it seeks to impair, modify, or limit the Debtors' obligation to comply with section 365(n) of the Bankruptcy Code if the Contracts are rejected and not assumed and assigned to FlexGen.

6. The Ad Hoc Customer Group further objects to the sale to the extent the Customers' respective interests in the Licensed IP are not adequately protected. Because the Customers each have interests in the Debtors' intellectual property pursuant to the Licenses, the Debtors cannot sell the Licensed IP without providing adequate protection of such interests, as required under section 363(e) of the Bankruptcy Code, which provides that:

> Notwithstanding any other provision of this section, at any time, on request of an entity that has an interest in property used, sold, or leased, or proposed to be used, sold, or leased, by the trustee, the court, with or without a hearing, shall prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest.[10]

7. In the *Debtors' Omnibus (I) Objection to (A) Emergency Motion of Licensees for Entry of an Order (1) Compelling the Debtors to Comply with Section 365(n)(4) of the Bankruptcy Code, (2) Granting Adequate Protection Under Section 363(e) of the Bankruptcy Code and*

---

[9] 11 U.S.C. § 365(n)(1)(B).
[10] 11 U.S.C. § 363(e).

*(B) Related Joinders and (II) Reply in Support of Omnibus Motin of the Debtors for Entry of an Order (A) Authorizing the Rejection of Legacy Customer Contracts and (B) Granting Related Relief* [Docket No. 357], the Debtors argue that "[t]he correct form of adequate protection to be offered by the estate in every executory contract case will always be an offer to assume or reject the executory contract by a date certain." (citing *In re El Paso Refinery, L.P.*, 220 B.R. 37, 45 (Bankr. W.D. Tex. 1998)). However, the Debtors' argument is misplaced because the Customers are not seeking adequate protection for the Contracts to be assumed or rejected, but rather are seeking adequate protection for their interests in the Licensed IP. Courts have held that licenses in intellectual property are interests in property that are entitled to adequate protection. *See Compak Companies, LLC v. Johnson*, 415 B.R. 334, 338-39 (N.D. Ill. 2009) (citing *FutureSource, LLC v. Reuters Ltd.*, 312 F.3d 281, 285 (7th Cir. 2002)).

8. The Licenses under the Contracts provided the Customers interests in the Licensed IP that must be adequately protected in connection with any sale of the Licensed IP. The APA provides that all Intellectual Property (as defined in the APA) will be purchased by FlexGen. To the best of the Customers' knowledge, such Intellectual Property includes the Licensed IP. Because the Debtors apparently intend to sell the Licensed IP to FlexGen, the Court must either prohibit the sale of such Licensed IP or condition the sale (or any other use, sale, or lease) of the Licensed IP on the Debtors providing adequate protection of the Customers' respective interests in such Licensed IP.

9. Moreover, the sale of the Licensed IP cannot occur free and clear of the Customers' respective interests in the Licensed IP, as such interests must be preserved pursuant to section 365(n) of the Bankruptcy Code. *See, e.g.*, *In re Crumbs Bake Shop, Inc.*, 522 B.R. 766, 774 (Bankr. D.N.J. 2014) (explaining that "a sale [of intellectual property] under section 363(f) does *not* trump

6

the rights granted to [l]icensees by section 365(n)," even when the underlying contracts granting licenses in intellectual property are not assumed and assigned); *see also In re Dynamic Tooling Sys., Inc.*, 349 B.R. 847, 856 (Bankr. D. Kan. 2006) (stating that rights under section 365(n) of the Bankruptcy Code could be protected by use of section 363(e) of the Bankruptcy Code to limit or prohibit a sale free and clear to protect interests of licensees). Accordingly, the Proposed Sale Order should provide that any transferred intellectual property assets remain subject to the rights afforded to intellectual property licensees under section 365(n) of the Bankruptcy Code, and this Court should be the forum for enforcement of such rights as against any buyer.

10. Additionally, the Ad Hoc Customer Group objects to the Proposed Sale Order barring objections to assumption and assignment and cure amounts from and after the "Contract Objection Deadline," which is defined in the Proposed Sale Order as July 28, 2025, while at the same time permitting the Debtors to serve a Supplemental Assumption Notice on non-debtor counterparties. *See* Proposed Sale Order at ¶¶ Y, BB, DD, and 27. Pursuant to the Bidding Procedures Order, if the Debtors serve a Supplemental Assumption Notice, the non-debtor counterparty to any contracts included in such notice shall have a minimum of 10 calendar days from service of the Supplemental Assumption Notice to object to assumption and assignment, adequate assurance of future performance, and proposed cure amounts. *See* Bidding Procedures Order at ¶ 23. The Proposed Sale Order should make clear that such procedures are not modified by the Proposed Sale Order and remain in effect.

11. In summary, the Ad Hoc Customer Group objects to the relief requested in the Proposed Sale Order to the extent it would strip the Customers of their respective rights under the Contracts or applicable law, including but not limited to their rights under sections 365(b), 365(n), and 363(e) of the Bankruptcy Code. The Ad Hoc Customer Group notes that they have been in

discussion with the Debtors regarding potential consensual resolution of the Customers' objections and modified services agreements, but have not reached agreement to date and file this objection out of an abundance of caution and to preserve their rights.

12. To resolve the Limited Objection, the Ad Hoc Customer Group requests the following modifications to the Proposed Sale Order:

a. revising the definition of "Contract Objection Deadline" to include both July 28, 2025 and the deadline to object identified in any Supplemental Assumption Notice (as provided in the Assumption and Assignment Procedures);

b. modifying paragraph 27 of the Proposed Sale Order to reference the *applicable* Contract Objection Deadline; and

c. adding the following paragraph:

> *Notwithstanding anything to the contrary in this Order, nothing in this Order limits or otherwise affects, or shall be construed as limiting or affecting, any intellectual property licensee's rights under the Bankruptcy Code including sections 365(n) or 363(e). Notwithstanding anything to the contrary in this Order, the sale and transfer of the Purchased Assets is subject to and not free and clear of any intellectual property licensee's rights as applicable via section 365(n) of the Bankruptcy Code, the Debtors are required to provide adequate protection to intellectual property licensees under section 363(e) of the Bankruptcy Code to the extent set forth in any order approving adequate protection for licensees, and neither the Debtors nor FlexGen shall interfere with and shall provide intellectual property licensees' access to intellectual property and related rights in accordance with section 365(n).*

## RESERVATION OF RIGHTS

13. The Customers hereby reserve all of their rights, claims, defenses, and remedies, including under any license of intellectual property with the Debtors or agreements supplementary thereto, including the Contracts, the relief requested in the Adequate Protection Motion, and any rights under section 365(n) and 363(e) of the Bankruptcy Code and pursuant to applicable law. Further, the Customers hereby reserve all of their rights to file a further or supplemental objection on any basis, including, without limitation, objections based on the assumption and assignment of any of the Contracts or any postpetition contracts entered into prior to the closing of the sale,

8

including objections to any Supplemental Assumption Notice, the Debtors' failure to cure any defaults under any Contracts proposed to be assumed, FlexGen's ability to provide adequate assurance of future performance with respect to any Contracts that may ultimately be proposed to be assumed and assigned to FlexGen, and the scope of the intellectual property that the Customers have a right to under section 365(n) of the Bankruptcy Code upon rejection of any of the Contracts.

## CONCLUSION

WHEREFORE, the Ad Hoc Customer Group respectfully requests that the Court (i) grant the Customers relief consistent with this Limited Objection, (ii) to the extent necessary, deny or modify the terms of the sale to FlexGen and approve such sale only to the extent consistent with this Limited Objection, and (iii) grant such other and further relief as the Court may deem necessary and proper.

*[Remainder of page intentionally left blank.]*

Dated: August 4, 2025
New York, NY

        */s/ Steven M. Abramowitz*
        **VINSON & ELKINS LLP**
        Steven M. Abramowitz (NJ Bar No. 043641990)
        David S. Meyer (admitted *pro hac vice*)
        Lauren R. Kanzer (admitted *pro hac vice*)
        The Grace Building
        1114 Avenue of the Americas, 32nd Floor
        New York, New York 10036-7708
        Tel: (212) 237-0000
        Fax: (212) 237-0100
        Email: sabramowitz@velaw.com
               dmeyer@velaw.com
               lkanzer@velaw.com

        -and-

        William L. Wallander (admitted *pro hac vice*)
        Matthew D. Struble (admitted *pro hac vice*)
        2001 Ross Avenue, Suite 3900
        Dallas, Texas 75201
        Tel: (214) 220-7700
        Fax: (214) 220-7716
        Email: bwallander@velaw.com
               mstruble@velaw.com

        *Counsel for Ad Hoc Group of*
        *Customers of Powin, LLC*

**CERTIFICATE OF SERVICE**

      I certify that on August 4, 2025, I or another attorney of my firm caused a true and correct copy of the foregoing document to be served upon (i) the Debtors, (ii) the Office of the United States Trustee for the District of New Jersey, (iii) counsel to the Committee, (iv) the Winning Bidder, and (v) any other party that has filed a notice of appearance in these chapter 11 cases.

                                                       */s/ Steven M. Abramowitz*
                                                       Steven M. Abramowitz