

Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, NJ 07602-0800
201.489.3000   201.489.1536 fax

New York

Delaware

Maryland

Texas

Florida

Washington, DC

Felice R. Yudkin
Member
Admitted in NJ and NY

Reply to New Jersey Office
Writer's Direct Line: 201.525.6261
Writer's Direct Fax: 201.678.6261
Writer's E-Mail: FYudkin@coleschotz.com

August 4, 2025

**Via ECF**

Honorable Michael B. Kaplan
United States Bankruptcy Judge
Clarkson S. Fisher U.S. Courthouse
402 East State Street
Trenton, NJ 08608

   Re: In re Powin, Inc. New Jersey; Case No. 25-16137 (MBK)

LETTER BRIEF OF BHER RAVENSWOOD SOLAR 1, LLC IN OPPOSITION TO MOTION FOR DETERMINATION THAT STAY DOES NOT APPLY TO EFFORT TO COLLECT PREPETITION DEBT OF THE DEBTORS SCHEDULED HEARING ON AUGUST 6, 2025

Dear Judge Kaplan:

  On June 27, 2025, Mainfreight, Inc. ("**Mainfreight**") filed its Motion to Confirm that the *Automatic Stay Does Not Apply* [Doc. 180] (the "**Motion**"). At the hearing on July 15, 2025, the matter was continued by agreement of the parties to August 6, 2025, and the Court instructed the parties to address the published decision in *Gonzalez v. The Lincoln Nat'l. Life Ins. Co. (In re Silver)*, 303 B.R. 849 (B.A.P. 10th Cir. 2004), which holds that any action to collect a prepetition debt of a debtor in a case under title 11 is barred by Bankruptcy Code § 362(a)(6), even if the action is directed at property that is not property of the estate.

  Bankruptcy Code § 362(a)(6) prohibits "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title…." This is separate from and in addition to the following subsections of Bankruptcy Code § 362(a), which are expressly limited to acts against property of the estate or property of the debtor: Bankruptcy Code § 362(a)(2) ("the enforcement, **against the debtor or against property of the estate**… of a judgment"); (a)(3) ("any act to obtain possession of **property of the estate** or of property from the estate or to exercise control over **property of the estate**"); (a)(4) ("any act to create, perfect, or enforce any lien **against property of the estate**"); (a)(5) ("any act to create, perfect, or enforce **against property of the debtor** any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title")(emphasis added). Each of these stay provisions is expressly limited by its terms to acts against property of the estate or property of the debtor. In contrast, subsection (a)(6) contains no such limitation – it bars any act to collect a claim against the debtor that arose before the commencement of the case.



Honorable Michael B. Kaplan
August 4, 2025
Page 2

That is precisely what the Bankruptcy Appellate Panel for the Tenth Circuit held in *In re Silver*, when it affirmed the bankruptcy court's ruling that the IRS violated the stay when it imposed liens postpetition on property owned by the debtor's insiders:

> [I]t is undisputed that the IRS held a prepetition claim against the Debtors for unpaid income taxes, and the IRS admits that the Postpetition Tax Liens were filed against property held by the Nondebtor Insiders **to collect that prepetition debt**. Accordingly, the IRS's filing of Postpetition Tax Liens was an act to collect a prepetition claim against the Debtors in violation of the stay imposed under § 362(a)(6).

*In re Silver*, *supra* at 849 (emphasis added); *see also TooBaRoo, LLC v. Burri Prop., LLC (In re Western Robidoux, Inc.)*, 2022 WL 17629269 (W.D. Mo. 2022) at 8 (affirming bankruptcy court order finding creditor had violated 362(a)(6) reasoning as follows: "Put simply, and in the Bankruptcy Court's words: '§ 362(a)(6) unambiguously prohibits any act to collect a claim that is against the debtor, even if the acting party directs its act at a non-debtor.' Doc. 1, at 43 …. Accordingly, actions by a creditor to satisfy a judgment against a debtor, even actions to recover funds from a third party, are subject to the bankruptcy stay under 362(a)(6)…. [A] court need not resolve on the merits whether the property sought belongs to the bankruptcy estate before finding that the bankruptcy stay applies.").

In the Motion, Mainfreight argued that "Section 362 provides that the filing of a bankruptcy petition 'operates as a stay of any act to obtain possession of property of the estate or of property from the estate.' 11 U.S.C. § 362(a)(3) (cleaned up)." Mainfreight cited only to Bankruptcy Code§ 362(a)(3) in support of its argument that the stay is limited to acts against property of the estate, entirely ignoring Section 362(a)(6).

As applied to the Motion, *Silver* is directly on point and requires that the Motion be denied. There is no question that the claim that Mainfreight seeks to collect is a claim against the Debtors. The Motion cites to Mainfreight's contract with the Debtors and Mainfreight asserts that "As of the Petition Date, the Debtors owed Mainfreight not less than $13.1 million USD for services rendered." Motion ¶ 1.[1]

The amount of Mainfreight's alleged claim is not limited to the costs of shipping or storing BHER Ravenswood's goods. BHER Ravenswood has been ready, willing and able to pay the charges associated with its goods from the very first day of this case, and has offered

---

[1] *See also* Motion ¶ 14 ("At the time Mainfreight took possession of the BHER Goods, **Powin owed** Mainfreight millions of dollars…."); Motion ¶ 18 ("**Powin has failed to pay** multiple outstanding invoices for the Services issued between June 2024 and the date of this Motion. McCrone Dec., ¶ 13. The unpaid **balance due from Powin to Mainfreight** as of the Petition Date was not less than $11,068,660.44 USD. Id. As of the date of this Motion, **the unpaid balance due from Powin to Mainfreight** as of the Petition Date was not less than $13,106,443.46 USD. Id. ¶ 14) (emphasis added).



Honorable Michael B. Kaplan
August 4, 2025
Page 3

multiple times to pay those charges directly to Mainfreight.  Mainfreight is not satisfied with this more than reasonable tender, because it seeks to collect its entire claim against the Debtors.  *In re Silver* holds that Bankruptcy Code § 362(a)(6) bars such collection efforts.  Therefore, we respectfully request that the Court deny the Motion.

         Respectfully,

         */s/ Felice R. Yudkin*

         **COLE SCHOTZ P.C.**
         Felice R. Yudkin, Esq.
         Daniel J. Harris, Esq.
         Court Plaza North, 25 Main Street
         Hackensack, New Jersey 07601
         Telephone: (201) 489-3000
         fyudkin@coleschotz.com
         dharris@coleschotz.com

         **GIBSON, DUNN & CRUTCHER LLP**
         Jeffrey C. Krause, Esq. (*pro hac vice* pending)
         333 South Grand Avenue
         Los Angeles, CA 90071-3197
         Telephone: (213) 229-7000
         jkrause@gibsondunn.com

         -and-

         **GIBSON, DUNN & CRUTCHER LLP**
         Michael J. Cohen, Esq.
         200 Park Avenue
         New York, NY 10166-0193
         Telephone: (212) 351-4000
         mcohen@gibsondunn.com

         *Co-Counsel to BHER Ravenswood Solar 1, LLC*