| |
|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>Caption in Compliance with D.N.J. LBR 9004-1 |
| **FOX ROTHSCHILD, LLP**<br>Joseph J. DiPasquale, Esq.<br>Agostino A. Zammiello, Esq.<br>49 Market Street<br>Morristown, NJ 07960<br>(973) 992-4800 (Telephone)<br>(973) 992-9125 (Facsimile)<br>jdipasquale@foxrothschild.com<br>azammiello@foxrothschild.com<br><br>*Counsel for Specified Technologies, Inc.* |
| In re:<br><br>Powin, LLC., et al.[1]<br><br>Debtors |

Chapter 11

Case No.: 25-16137 (MBK)

(Jointly Administered)

Judge: Honorable Michael B. Kaplan

# RESERVATION OF RIGHTS OF SPECIFIED TECHNOLOGIES, INC. TO DEBTORS' NOTICE OF WINNING BIDDERS

Specified Technologies, Inc. ("STI"), by and through its undersigned counsel, submits this reservation of rights (the "Reservation of Rights") to the Debtors' *Notice of Winning Bidders* [Docket No. 591] (the "Notice,") and respectfully represents as follows:

## BACKGROUND

1. On June 9, 2025 (the "Petition Date"), the Debtors each commenced a voluntary case (the "Chapter 11 Cases") under chapter 11 of title 11 of the United States Code (the

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin Project LLC [1583], (ii) Powin, LLC [0504], (iii) PEOS Holdings, LLC [5476], (iv) Powin China Holdings 1, LLC [1422], (v) Powin China Holdings 2, LLC [9713], (vi) Charger Holdings, LLC [5241], (vii) Powin Energy Ontario Storage, LLC [8348], (viii) Powin Energy Operating Holdings, LLC [2495], and (ix) Powin Energy Operating, LLC [6487]. The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR 97062.
175234851.1

"Bankruptcy Code") in the United States Bankruptcy Court for the District of New Jersey (the "Court"). The Debtors are authorized to continue operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. Prior to the Petition Date, the Debtors and STI are parties to a Master Supply Agreement dated April 1, 2024 (the "MSA").

3. On July 18, 2025, the Debtors filed a *Notice of Potentially Assumed Executory Contracts and Unexpired Leases* [Docket No. 446] ("Potential Assumption Notice"). The MSA was not listed as a potential contract or agreement to be assumed and assigned by the Winning Bidder.

4. On July 31, 2025, the Debtors filed its Notice, which contained, among other things, the FlexGen Power Systems, LLC ("FlexGen") Asset Purchase Agreement ("APA"). Schedule 3.7 of the APA lists all contracts which the Debtors are a party to, which includes the MSA with STI.

## RESERVATION OF RIGHTS

5. While STI generally does not object to or oppose the sale, STI hereby reserves its rights to the extent FlexGen, at a later date, seeks to assume and assign the MSA.

6. Section 365 of the Bankruptcy Code allows a debtor-in-possession to assume or reject executory contracts and unexpired leases. 11 U.S.C. § 365(a). Assumption of an executory contract or unexpired lease encumbers the debtor with certain obligations, namely that the counterparty be made whole. *In re National Gypsum Co.*, 208 F.3d 498, 506 (5th Cir. 2000) ("Section 365 'allows a debtor to continue in a beneficial contract provided, however, that the

other party is made whole at the time of the debtor's assumption of said contract.'"); *see also* 11 U.S.C. § 365(b).

7. Section 365(b) of the Bankruptcy Code provides that an executory contract cannot be assumed by a debtor unless the debtor cures any default under the lease and provides adequate assurance of present and future performance under the lease. 11 U.S.C. § 365(b)(1). *See In re G-I Holdings, Inc.*, 580 B.R. 388, 420-21 (Bankr. D.N.J. 2018) ("In order to assume such an agreement, the debtor-in-possession must cure defaults and provide assurance of future performance"); *In re Carlisle Homes, Inc.*, 103 B.R. 524, 538 (Bankr. D.N.J. 1988) (noting same). *See also Adventure Resources, Inc. v. Holland*, 137 F.3d 786, 798 (4th Cir. 1998) ("That the obligations of an executory contract be accepted along with its benefits is made plain in the Bankruptcy Code's requirement that, as conditions of the contract's assumption, the debtor cure any existing default and compensate all non-debtor parties for actual pecuniary losses that have resulted therefrom."). The requirement to cure includes both pre- and post-petition defaults. *See In re Burger Boys*, 94 F.3d 755, 763 (2d Cir. 1996).

8. Further, it is well settled that "[w]here the debtor assumes an executory contract or unexpired lease, it must assume the entire agreement, *cum onere* – the debtor accepts both the obligations and the benefits of the executory contract." *In re National Gypsum Co.*, 208 F.3d 498, 506 (5th Cir. 2000) (*citing National Labor Relations Board v. Bildisco and Bildisco*, 465 U.S. 513, 531, 104 S.Ct. 1188 (1984)). *In re Jamesway Corp.*, 201 B.R. 73, 76 (Bankr. S.D.N.Y. 1996) ("[e]xcept as otherwise provided in the Bankruptcy Code, an executory contract or unexpired lease is assumed *cum onere*."); *In re Texaco, Inc.*, 254 B.R. 536, 550 (Bankr. S.D.N.Y. 2000) ("The law is clear that a debtor who assumes a lease or other executory contract assumes the contract *cum onere*, without any diminution in its obligations or impairment of the

rights of the lessor in the present or the future."); *In re Kopel*, 232 B.R. 57, 64 (Bankr. E.D.N.Y. 1999) ("It is axiomatic that an executory contract must be assumed *cum onere*. A debtor cannot simply retain the favorable and excise the burdensome provisions of an agreement."). This rule prevents the estate from avoiding obligations that are an integral part of an assumed agreement." *In re Fleming Companies, Inc.*, 499 F.3d 300, 308 (3d Cir. 2007) (*quoting United Air Lines, Inc. v. Bank Trust Nat'l Ass'n (In re UAL Corp.)*, 346 B.R. 456, 468 n. 11 (Bankr. N.D. Ill. 2006). This requires that a lease be assumed "subject to the benefits and burdens thereunder." *Id. See also In re Eastman Kodak Company*, 495 B.R. 618, 624-25 (Bankr. S.D.N.Y. 2013) (noting that an agreement must be assumed "subject to its burdens").

9. While it currently does not appear that the MSA will be assumed and assigned to FlexGen, the APA provides FlexGen the ability to modify the APA to include in the definition of Purchased Assets any Contract not previously included as a Purchased Asset (as defined in the APA). Specifically, section 2.7 of the APA provides that "the Buyer may, in its sole discretion, revise, by written notice to Sellers, amend or modify this Agreement and any schedule setting forth the Purchased Assets and the Excluded Assets prior to the Closing to (i) include in the definition of Purchased Assets (pursuant to the applicable schedule) and to exclude from the definition of Excluded Assets, any Contract or inventory of the Sellers not previously included in the Purchased Assets and require (A) the Sellers to file a notice of assumption and assignment with the Bankruptcy Court and (B) the Sellers to provide any necessary notice to the parties to any such Contract and (ii) to exclude from the definition of Purchased Assets (pursuant to the applicable schedule) and to include in the definition of Excluded Assets, any Assumed Contract, Assumed Plan or other asset of the Sellers previously included in the Purchased Assets and not otherwise included in the definition of Excluded Assets."

10. STI is owed at least $777,000 for pre-petition amounts due and owing under the MSA, as well as the cost for custom inventory that was produced for, but not yet shipped to the Debtors. Given that the MSA was not listed on the Potential Assumption Notice, STI has not had the opportunity to object to a proposed cure amount.

11. To the extent FlexGen seeks to assume the MSA pursuant to the mechanisms provided in the APA, STI hereby reserves its rights to assert any objection related to the assumption or assignment of the MSA, including, but not limited to the cure amount, additional requests related to adequate assurance of future performance under Bankruptcy Code § 365, and to assert that any other amounts that come due under the MSA prior to the time of assignment and assumption must also be cured.

Dated: August 4, 2025

**FOX ROTHSCHILD, LLP**

*/s/ Joseph J. DiPasquale*
Joseph J. DiPasquale, Esq.
Agostino A. Zammiello, Esq.
49 Market Street
Morristown, NJ 07960
Telephone: (973) 548-3368
E-mail:  jdipasquale@foxrothschild.com
           azammiello@foxrothschild.com
*Attorneys for Specified Technologies, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 4, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day by transmission of Notices of Electronic Filing generated by CM/ECF to those parties registered to receive electronic notices of filing in this case.

By: _/s/ Joseph J. DiPasquale_
Joseph J. DiPasquale