| |
|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>John W. Weiss<br>Leah M. Eisenberg<br>David E. Sklar<br>**PASHMAN STEIN WALDER HAYDEN, P.C.**<br>21 Main Street, Suite 200<br>Hackensack, New Jersey 07601<br>Telephone: (201) 270-5477<br>Email: jweiss@pashmanstein.com<br>   leisenberg@pashmanstein.com<br>   dsklar@pashmanstein.com<br><br>-and-<br><br>Joaquin M. C de Baca (admitted *pro hac vice*)<br>Richard A. Stieglitz (admitted *pro hac vice*)<br>Youmi Kim (admitted *pro hac vice*)<br>**MAYER BROWN LLP**<br>1221 Avenue of the Americas<br>New York, New York 10020-1001<br>Telephone: (212) 506-2500<br>Email: jcdebaca@mayerbrown.com<br>   rstieglitz@mayerbrown.com<br>   ykim@mayerbrown.com<br><br>*Counsel for Leeward Renewable Energy, LLC on behalf of Rabbitbrush Solar, LLC, Chaparral Springs, LLC, and Antelope Valley BESS, LLC* |

| | |
|---|---|
| In Re:<br><br>POWIN, LLC, *et al.*,[1]<br><br>   Debtors. | Chapter 11<br><br>Case Number: 25-16137 (MBK)<br><br>Jointly Administered |

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin Project LLC [1583], (ii) Powin, LLC [0504], (iii) PEOS Holdings, LLC [5476], (iv) Powin China Holdings 1, LLC [1422], (v) Powin China Holdings 2, LLC [9713], (vi) Charger Holdings, LLC [5241], (vii) Powin Energy Ontario Storage, LLC [8348], (viii) Powin Energy Operating Holdings, LLC [2495], and (ix) Powin Energy Operating, LLC [6487]; (x) Powin Energy Storage 2, Inc. [9926]; (xi) Powin Energy Ontario Storage II LP, [5787]; and (xii) Powin Canada B.C. Ltd. [2239]. The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR 97062.

**LEEWARD PARTIES' OBJECTION
AND RESERVATION OF RIGHTS TO SALE**

Leeward Renewable Energy, LLC ("Leeward"), on behalf of Rabbitbrush Solar, LLC, Chaparral Springs, LLC, and Antelope Valley BESS, LLC (formerly, AVEP BESS LLC) (collectively, the "Leeward Parties"), by and through its undersigned counsel, hereby submits this objection and reservation of rights (this "Objection") to the Debtors' *Motion for Entry of an Order (I) Designating a Stalking Horse Bidder and Approving Stalking Horse Bidder Protections, (II) Approving Bidding Procedures by Which Interested Parties May Bid and an Auction Sale Format in Connection With the Sale of Substantially All of the Debtors' Assets, (III) Approving Form of Asset Purchase Agreement, (IV) Approving Form of Notice to be Provided to Interested Parties, (V) Authorizing the Assumption and Assignment of Assumed Contracts and Notice Procedures Thereto, (VI) Scheduling a Court Hearing to Consider Approval of the Sale to the Highest and Best Bidder, and (VII) Authorizing the Sale of the Debtors' Property Free and Clear of All Causes of Action and Claims Motion* [Dkt No. 228] (the "Motion")[2]. In support of this Objection, the Leeward Parties respectfully submit as follows:

**OBJECTION**

1. The Leeward Parties are the owners and operators of renewable energy and stand-alone battery projects in California, each of which relies on large-scale battery energy storage systems supplied and supported by one of the Debtors, Powin, LLC ("Powin").

2. Prior to the Petition Date, each of the Leeward Parties and Powin entered into an energy supply agreement (collectively, the "ESSAs"), pursuant to which Powin agreed to provide an energy storage system for certain solar plus energy storage projects developed by the respective Leeward Parties. In furtherance of the foregoing, Powin agreed to, among other things, deliver

---

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

2

energy segments, collection segments, PCS/MVT sets, and all other Powin-provided equipment, supplies, software and other goods comprising the energy storage system, as more fully set forth in the respective ESSA (collectively, the "Equipment").

3. Pursuant to the ESSAs, once it is paid for, title to the Equipment transfers to the applicable Leeward Party and becomes the property of such Leeward Party.

4. As of the Petition Date, the Leeward Parties understand that they have paid for and acquired title to certain Equipment for which payment has been made, but delivery to the Leeward Parties has not been completed. Upon information and belief, such Equipment includes the items listed in **Exhibit 1** attached hereto (the "Identified Property") currently stored at the following warehouses (the "Specified Warehouses").

    a. Tualatin Warehouse

    b. Mesa Warehouse

    c. RH Warehouse

5. On July 1, 2025, the Debtors filed the Motion, seeking authority to sell substantially all of the Debtors' assets (a "Sale").

6. On July 31, 2025, the Debtors filed the *Notice of Winning Bidders* [Dkt. No. 591] (the "Notice"), including the asset purchase agreement with FlexGen Power Systems, LLC as the Winning Bidder, under which the Debtors would transfer all of their right, title and interest in, to and under the "Purchased Assets," which include "all Purchased Inventory of Sellers as of the Closing set forth on Schedule 2.1(a) [t]hereto." *See* Notice, Ex. B, § 2.1 [Dkt No. 591-2]. Schedule 2.1(a), which was not shared at the time of the filing of the Stalking Horse APA, appears to include certain Identified Property.

7. The Debtors can only use or sell, after notice and a hearing, property that is "property of the estate." *See* 11 U.S.C. § 363(b). *See, e.g., In re Whitehall Jewelers Holdings,*

3

*Inc.*, 2008 WL 2951974, at *4 (Bankr. D. Del. July 28, 2008) ("A bankruptcy court may not allow the sale of property as 'property of the estate' without first determining whether the property is property of the estate"). The Leeward Parties submit that, to the extent the Identified Property is included in Schedule 2.1(a), it is not property of the Debtors' estates and therefore should not be used or sold by the Debtors.

8. Accordingly, the Leeward Parties object to any proposed Sale to the extent the Debtors seek to sell any of the Identified Property to the Stalking Horse Bidder or any other successful bidder. It is axiomatic that the Debtors cannot sell what they do not own.

## RESERVATION OF RIGHTS

9. The Leeward Parties reserve their rights to raise additional or further objections to, file declarations in connection with, or provide evidence with respect to the Motion, any orders entered in connection therewith (a "Sale Order"), or any hearing held with respect thereto, including to the extent necessary to further the interest raised in the *Emergency Motion of the Licensees for Entry of an Order (I) Compelling the Debtors to Comply with Section 365(n)(4) of the Bankruptcy Code, (II) Granting Adequate Protection Under Section 363(e) of the Bankruptcy Code, and (III) Granting Other Appropriate Relief* [Dkt. No. 117] (the "Motion to Compel") and *Objection of Licensees to Omnibus Motion of the Debtors for Entry of an Order (I) Authorizing the Rejection of Legacy Customer Contracts and (II) Granting Related Relief* [Dkt. No. 323] (the "Rejection Objection"). The Leeward Parties further reserve the right to seek language in any Sale Order that the entry of such Sale Order does not impair or otherwise affect the relief that may be granted under the Motion to Compel and/or the Rejection Objection and that such Sale Order expressly recognizes and preserves the foregoing.

4

10. Moreover, the Leeward Parties reserve all rights in connection with the amount and validity of purported liens asserted in connection with the Identified Property and any other property held on behalf of the Leeward Parties (or in which the Leeward Parties have an interest) by the Debtors or other third parties, including the Specified Warehouses or other parties identified in the *Notice of Deadline to Assert Liens in Connection with Bidding Procedures and Upcoming Sale and Auction* [Dkt No. 318].

## CONCLUSION

WHEREFORE, for the foregoing reasons, the Leeward Parties respectfully request that any order granting the Motion (a) expressly carves out the Identified Property from any Sale; (b) acknowledges the rights of the Leeward Parties to seek the return of the Identified Property in a legal proceeding in this or other court of competent jurisdiction; and (c) grants such other and further relief as is appropriate under the circumstances.

[*Remainder of page intentionally left blank.*]

| | |
|---|---|
| Dated: August 4, 2025 | Respectfully submitted,<br><br>*/s/ Leah M. Eisenberg*<br>John W. Weiss<br>Leah M. Eisenberg<br>David E. Sklar<br>**PASHMAN STEIN WALDER & HAYDEN, P.C.**<br>21 Main Street, Suite 200<br>Hackensack, New Jersey 07601<br>Telephone: (201) 270-5477<br>Email: jweiss@pashmanstein.com<br>　　　　leisenberg@pashmanstein.com<br>　　　　dsklar@pashmanstein.com<br><br>-and-<br><br>Joaquin C de Baca (admitted *pro hac vice*)<br>Richard A. Stieglitz (admitted *pro hac vice*)<br>Youmi Kim (admitted *pro hac vice*)<br>**MAYER BROWN LLP**<br>1221 Avenue of the Americas<br>New York, New York 10020<br>Telephone: (212) 506-2500<br>Facsimile: (212) 262-1910<br>Email: JCdeBaca@mayerbrown.com<br>　　　　RStieglitz@mayerbrown.com<br>　　　　YKim@mayerbrown.com<br><br>*Counsel for Leeward Renewable Energy, LLC, on behalf of Rabbitbrush Solar, LLC, Chaparral Springs, LLC, and Antelope Valley BESS, LLC* |