## Exhibit B

### (Redlined FlexGen Sale Order)

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>POWIN, LLC, *et al.*,[1]<br><br>　　　　Debtors. | Chapter 11<br><br>Case No. 25-16137 (MBK)<br><br>(Jointly Administered) |

**ORDER (I) AUTHORIZING**
**THE DEBTORS TO ENTER INTO AND PERFORM**
**UNDER THE FLEXGEN POWER SYSTEMS, LLC ASSET PURCHASE**
**AGREEMENT, (II) APPROVING THE SALE OF PURCHASED ASSETS FREE**
**AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS,**
**(III) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF THE ASSUMED**
**CONTRACTS TO PURCHASER AND ESTABLISHING CURE AMOUNTS RELATED**
**THERETO IN ACCORDANCE WITH THE ASSUMPTION AND ASSIGNMENT**
**PROCEDURES, AND (IV) GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered three (3) through thirty-four (34) is

**ORDERED**.

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin Project LLC [1583]; (ii) Powin, LLC [0504]; (iii) PEOS Holdings, LLC [5476]; (iv) Powin China Holdings 1, LLC [1422]; (v) Powin China Holdings 2, LLC [9713]; (vi) Charger Holdings, LLC [5241]; (vii) Powin Energy Ontario Storage, LLC [8348]; (viii) Powin Energy Operating Holdings, LLC [2495]; and (ix) Powin Energy Operating, LLC [6487]. The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR 97062.

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**DENTONS US LLP**

Lauren Macksoud (admitted)
101 JFK Parkway
Short Hills, NJ 07078
Telephone: (973) 912-7100
Facsimile: (973) 912-7199
Email:  lauren.macksoud@dentons.com

Tania M. Moyron (admitted *pro hac vice*)
Van C. Durrer, II (admitted *pro hac vice*)
601 S. Figueroa Street #2500
Los Angeles, CA 90017
Telephone:  (213) 623-9300
Facsimile:  (213) 623-9924
Email:  tania.moyron@dentons.com
        van.durrer@dentons.com

John D. Beck (admitted *pro hac vice*)
Sarah M. Schrag (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020-1089
Telephone:  (212) 768-6700
Facsimile:  (212) 768-6800
Email:  john.beck@dentons.com
        sarah.schrag@dentons.com

*Proposed Counsel for Debtors and
Debtors in Possession*

**TOGUT, SEGAL & SEGAL LLP**

Frank A. Oswald (admitted)
550 Broad Street
Suite 1508
Newark, NJ 07102
Telephone:  (212) 594-5000
Facsimile:  (212) 967-4258
Email:  frankoswald@teamtogut.com

Albert Togut (admitted *pro hac vice*)
Amanda C. Glaubach (admitted *pro hac vice*)
Eitan Blander (admitted *pro hac vice*)
One Penn Plaza, Suite 3335
New York, New York 10119
Telephone:  (212) 594-5000
Facsimile:  (212) 967-4258
Email:  altogut@teamtogut.com
        aglaubach@teamtogut.com
        eblander@teamtogut.com

*Proposed Counsel for Debtors and
Debtors in Possession*

0
US-DOCS\162072488.2
US_ACTIVE\130695343

(Page | 3)

| | |
|---|---|
| Debtors: | POWIN, LLC, et al. |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the FlexGen Power Systems, LLC Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing the Assumption and Assignment of the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment Procedures, and (IV) Granting Related Relief |

Upon the motion [Docket No. 228] (the "Motion")[1] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"): (a) authorizing and approving the entry into and performance under the terms and conditions of that certain Asset Purchase Agreement, dated July 6, 2025, by and among certain of the Debtors (the "Sellers") and FlexGen Power Systems, LLC (the "Purchaser"), substantially in the form attached ~~as Exhibit B to the Notice of Winning Bidder [Docket No. 561]~~hereto as **Schedule 1** to the Order (as it may be amended, modified, or supplemented in accordance with its terms, the "Asset Purchase Agreement"), and all other transaction documents necessary and desirable to consummate the transactions contemplated by the Asset Purchase Agreement (the "Transaction Documents"); (b) authorizing the Debtors to sell the Purchased Assets (as defined in the Asset Purchase Agreement) to the Purchaser as described in the Asset Purchase Agreement, including the Assumed Contracts (as defined in the Asset Purchase Agreement), free and clear of liens, claims, encumbrances, and other interests pursuant to section 363(f) of the Bankruptcy Code and in accordance with the terms set forth in the Asset Purchase Agreement (the "Sale"); (c) authorizing the Debtors to assume and assign to the Purchaser the Assumed Contracts subject to and in

---

[1] Capitalized terms used but not otherwise defined herein have the meaning given to such terms in the Motion, Bidding Procedures Order (as defined herein), the Bidding Procedures, or the Asset Purchase Agreement, as applicable.

(Page | 4)

| | |
|---|---|
| Debtors: | POWIN, LLC, et al. |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the FlexGen Power Systems, LLC Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing the Assumption and Assignment of the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment Procedures, and (IV) Granting Related Relief |

accordance with the Assumption and Assignment Procedures with cure costs, if any, established in accordance with the Assumption and Assignment Procedures (the "Cure Amounts"); and (d) granting related relief, all as more fully set forth in the Motion; and the Court having entered the Bidding Procedures Order [Docket No. 413]; and the Debtors having scheduled an auction (the "Auction") for the Purchased Assets; and the Auction having been held by the Debtors in accordance with the Bidding Procedures; and the Debtors having determined that the Purchaser has submitted the highest or otherwise best bid for the Purchased Assets and determined that the Purchaser is the Winning Bidder, in accordance with the Bidding Procedures; and the Debtors having served the Notice of Sale By Auction and Sale Hearing (the "Sale Notice") in accordance with the Bidding Procedures Order; and the Debtors having filed and served the Notice of Winning Bidder with respect to the Purchased Assets in accordance with the Bidding Procedures, and the Debtors having filed and served the Notice of Potentially Assumed Executory Contracts and Unexpired Leases (the "Assumption Notice") in accordance with the Assumption and Assignment Procedures; and the Debtors having filed the form of Order on August 2, 2025, and the Court having held a hearing on August 6, 2025 (the "Sale Hearing"), at which time all interested parties were offered an opportunity to be heard with respect to the Motion and the proposed Order; and the Court having reviewed and considered the Motion, the Asset Purchase Agreement, the proposed Order, and any and all objections to the Sale, the Asset Purchase Agreement, the assumption and

(Page | 5)

| | |
|---|---|
| Debtors: | POWIN, LLC, et al. |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the FlexGen Power Systems, LLC Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing the Assumption and Assignment of the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment Procedures, and (IV) Granting Related Relief |

assignment of the Assumed Contracts, and the other Transaction Documents filed in accordance with the Bidding Procedures Order; and upon the First Day Declaration and the *Declaration of Mitchener Turnipseed in Support of the Debtors' Motion* (the "Turnipseed Declaration") [Docket No. 229]; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their stakeholders, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and the proposed Order was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Sale Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Sale Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing, it is hereby

**FOUND, CONCLUDED, AND DETERMINED THAT:**

(Page | 6)

| | |
|---|---|
| Debtors: | POWIN, LLC, et al. |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the FlexGen Power Systems, LLC Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing the Assumption and Assignment of the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment Procedures, and (IV) Granting Related Relief |

### **Petition Date, Jurisdiction, Venue, and Final Order**

A.      On June 9, 2025 (the "Petition Date"), the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.[2]

B.      This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this District and in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

C.      This Order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a). Notwithstanding Bankruptcy Rules 6004(h), and 6006(d), any other applicable Bankruptcy Rules or Local Rules, and to any extent necessary under Bankruptcy Rule 9014 and Federal Rule of Civil Procedure 54(b), as made applicable by Bankruptcy Rule 7054, the Court expressly finds that there is no just reason for delay in the implementation of this Order and expressly directs entry of judgment as set forth herein.

D.      The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent that any of the following findings of

---

[2] Lead Debtor Case No. 25-16137 (MBK) for Debtor Powin Project LLC was filed on June 9, 2025, certain other Debtors were filed shortly thereafter on June 10, 2025, and the remaining Debtors were filed on June 22, 2025.

| (Page | 7) | |
|---|---|
| Debtors: | POWIN, LLC, et al. |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the FlexGen Power Systems, LLC Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing the Assumption and Assignment of the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment Procedures, and (IV) Granting Related Relief |

fact constitute conclusions of law, they are adopted as such. To the extent that any of the following conclusions of law constitute findings of fact, they are adopted as such.

**Notice of the Bidding Procedures Order, the Bidding Procedures,
the Asset Purchase Agreement and the Sale, the Auction, the Sale Hearing, the
Proposed Assumption and Assignment of the Assumed Contracts, the Cure Amounts, and
this Order**

E.     As evidenced by the Sale Notice, the Notice of Winning Bidder [Docket No. 591], the Assumption Notice [Docket No. 446], the form of Order [Docket No. [●]], affidavits of service and publication previously filed with this Court, proper, timely, adequate, and sufficient notice of the Sale Hearing, the Asset Purchase Agreement, the proposed assumption and assignment of the Assumed Contracts, entry of this Order, and the Sale has been provided in accordance with sections 363 and 365 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, 6006, 9007, and 9014, and Local Rule 6004-3. The foregoing notice was good, sufficient, and appropriate under the circumstances, and no other or further notice of the Sale Hearing, the Asset Purchase Agreement, the Sale, or the proposed assumption and assignment of the Assumed Contracts is required.

F.     The Assumption Notice is appropriate and reasonably calculated to provide each non-Debtor counterparty to the applicable Contracts with proper notice of the potential assumption and assignment of the applicable Contract, the proposed Cure Amount, and the Assumption and Assignment Procedures. The inclusion of any particular Contract on any Assumption Notice shall

| | |
|---|---|
| (Page \| 8) | |
| Debtors: | POWIN, LLC, et al. |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the FlexGen Power Systems, LLC Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing the Assumption and Assignment of the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment Procedures, and (IV) Granting Related Relief |

not be deemed to be an admission that such contract or lease is an executory contract or unexpired lease of property or require or guarantee that such contract or lease will be assumed and/or assigned, and all rights of the Debtors with respect to the foregoing are reserved.

G.      In accordance with the Bidding Procedures Order and the Assumption and Assignment Procedures (as described therein), the Debtors have served an Assumption Notice indicating their intent to assume and assign the Contracts and of the Cure Amounts upon each counterparty to a Contract. The service and provision of such Assumption Notice was good, sufficient, and appropriate under the circumstances and no further notice need be given in respect of assumption and assignment of the Contracts or establishing Cure Amounts for the respective Contracts. Pursuant to the Assumption and Assignment Procedures, counterparties to the Contracts have had an adequate opportunity to object to assumption and assignment of the applicable Contracts and the Cure Amounts set forth in the Assumption Notice.

H.      No further notice beyond that described in this Order is required in connection with the Sales and the proposed assumption and assignments to the Purchaser of the Assumed Contracts.

I.      A reasonable opportunity to object or to be heard regarding the relief requested in the Motion was afforded to all interested persons and entities.

**<u>Authority to Assume and Perform Under the Asset Purchase Agreement</u>**

| | |
|---|---|
| Debtors: | POWIN, LLC, et al. |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the FlexGen Power Systems, LLC Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing the Assumption and Assignment of the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment Procedures, and (IV) Granting Related Relief |

J.        The Debtors' performance under the Asset Purchase Agreement is approved in all respects. The Debtors are authorized to assume and perform under the Asset Purchase Agreement pursuant to sections 363 and 365 of the Bankruptcy Code and may close the Sale pursuant to the Asset Purchase Agreement.

**Credit Bid**

K.        Pursuant to the Bidding Procedures, applicable law, including sections 363(b) and 363(k) of the Bankruptcy Code, and in accordance with the *Final Order (I) Authorizing the Debtors to Obtain Postpetition Operational Cash Flow Financing; (II) Granting Liens and Providing Superpriority Administrative Expense Claims; (III) Modifying the Automatic Stay; and (IV) Granting Related Relief* [~~D.I~~Docket No. 520] (the "Final DIP Order"), the Purchaser was authorized to credit bid the DIP Obligations (as defined in the Final DIP Order) for the Purchased Assets.  No additional or further evidence of the Purchaser's ability to include the Credit Bid as consideration within the Asset Purchase Agreement is required.  The Credit Bid, plus the other components of the Purchase Consideration, was a valid and proper offer pursuant to the Bidding Procedures Order and sections 363(b) and 363(k) of the Bankruptcy Code.  There is no cause to limit the amount of the Credit Bid pursuant to section 363(k) of the Bankruptcy Code.

**Highest or Best Offer**

US_ACTIVE\130695343

(Page | 10)

| | |
|---|---|
| Debtors: | POWIN, LLC, et al. |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the FlexGen Power Systems, LLC Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing the Assumption and Assignment of the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment Procedures, and (IV) Granting Related Relief |

L.      The Debtors conducted a sale process in accordance with the purpose of obtaining the highest or otherwise best offer for, and have afforded a full, fair, and reasonable opportunity for any interested party to make a higher or otherwise better offer to purchase, the Purchased Assets (including assumption of the Assumed Liabilities).

M.      (i) Prior to and from and after the commencement of these chapter 11 cases, the Debtors and their advisors engaged in a robust marketing and sale process and exercised sound business judgment, as more fully detailed in the Turnipseed Declaration, and the First Day Declaration; (ii) the Bidding Procedures were substantively and procedurally fair to all parties and the Debtors conducted a fair and open sale process in compliance therewith, (iii) the sale process, the Bidding Procedures, and the Auction (or cancellation thereof), were non-collusive, duly noticed, and provided a full, fair, reasonable, and adequate opportunity for any entity that either expressed an interest in acquiring the Purchased Assets, or who the Debtors believed may have had an interest in acquiring the Purchased Assets, to make an offer to purchase the Debtors' assets, including, without limitation the Purchased Assets, (iv) the Debtors and the Purchaser have negotiated and undertaken their roles leading to the entry into the Asset Purchase Agreement in a diligent, non-collusive, fair, reasonable, and good-faith manner; and (v) the sale process conducted by the Debtors pursuant to the Bidding Procedures and the Bidding Procedures Order resulted in the highest or otherwise best value for the Purchased Assets for the Debtors and their estates, was

(Page | 11)

| | |
|---|---|
| Debtors: | POWIN, LLC, et al. |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the FlexGen Power Systems, LLC Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing the Assumption and Assignment of the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment Procedures, and (IV) Granting Related Relief |

in the best interest of the Debtors, their estates, their creditors, and all parties in interest, and any other transaction would not have yielded as favorable a result. There is no legal or equitable reason to delay entry into the Asset Purchase Agreement and the transactions contemplated therein.

N.    Approval of the Asset Purchase Agreement, and the consummation of the Sale contemplated thereby, is in the best interests of the Debtors, their respective creditors, estates, and other parties in interest. The Debtors have demonstrated good, sufficient, and sound business reasons and justifications for entering into the Sale and the performance of their obligations under the Asset Purchase Agreement. The Sale must be approved and consummated in order to maximize the value of the Debtors' estates.

O.    The consummation of the Sale outside a plan of reorganization pursuant to the Asset Purchase Agreement neither impermissibly restructures the rights of the Debtors' creditors nor impermissibly dictates the terms of a plan of reorganization or liquidation for the Debtors. The Sale does not constitute a *sub rosa* chapter 11 plan for which approval has been sought without the protections that a disclosure statement would afford.

P.    Entry of an order approving the Asset Purchase Agreement and all the provisions thereof is a necessary condition precedent to the Purchaser's consummation of the Sale, as set forth in Section 7.1 of the Asset Purchase Agreement.

**<u>Good Faith of the Purchaser</u>**

| (Page \| 12) | |
|---|---|
| Debtors: | POWIN, LLC, et al. |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the FlexGen Power Systems, LLC Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing the Assumption and Assignment of the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment Procedures, and (IV) Granting Related Relief |

Q.    The consideration to be paid by the Purchaser under the Asset Purchase Agreement was negotiated at arm's length, in good faith, and without collusion pursuant to section 363(m) of the Bankruptcy Code and constitutes reasonably equivalent value and fair and adequate consideration for the Purchased Assets. Specifically: (i) the Purchaser recognized that the Debtors were free to deal with any other party interested in purchasing the Purchased Assets; (ii) the Purchaser complied in all respects with the provisions in the Bidding Procedures Order in negotiating and entering into the Asset Purchase Agreement and the other Transaction Documents, and the Asset Purchase Agreement, the other Transaction Documents, and the transactions described therein comply with the Bidding Procedures Order; (iii) the Purchaser agreed to subject any bid to the competitive bid procedures set forth in the Bidding Procedures Order; (iv) all payments made by the Purchaser in connection with the Sale have been disclosed in the Asset Purchase Agreement; (v) no common identity of directors, officers, or controlling stockholders exists among the Purchaser and the Debtors; (vi) the negotiation and execution of the Asset Purchase Agreement was at arm's length and in good faith, and at all times each of the Purchaser and the Debtors were represented by competent counsel of their choosing; and (vii) the Purchaser has not acted in a collusive manner with any person. The Purchaser will be acting in good faith within the meaning of section 363(m) of the Bankruptcy Code in closing the transactions contemplated by the Asset Purchase Agreement. The terms and conditions set forth

(Page | 13)

| | |
|---|---|
| Debtors: | POWIN, LLC, et al. |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the FlexGen Power Systems, LLC Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing the Assumption and Assignment of the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment Procedures, and (IV) Granting Related Relief |

in the Asset Purchase Agreement are fair and reasonable under the circumstances and were not entered into for the purpose of, nor do they have the effect of, hindering, delaying, or defrauding the Debtors or their creditors under any applicable laws.

R.    The Debtors, the Purchaser, and each of their respective management, boards of directors, members, officers, directors, employees, agents, and representatives, as applicable, have acted in good faith. The Asset Purchase Agreement and the other Transaction Documents were negotiated, proposed, and entered into by the Debtors and the Purchaser in good faith, without collusion or fraud, and from arm's-length bargaining positions. The Purchaser is a "good faith purchaser" within the meaning of section 363(m) of the Bankruptcy Code, and, as such, is entitled to all the protections afforded thereby.

S.    The Asset Purchase Agreement and the transactions contemplated thereby cannot be avoided under section 363(n) of the Bankruptcy Code. The Debtors, the Purchaser, and their respective agents, representatives, and affiliates have not engaged in any conduct that would cause or permit the Asset Purchase Agreement or the consummation of the transactions contemplated thereby to be avoided, or costs or damages to be imposed, under section 363(n) of the Bankruptcy Code.

(Page | 14)

| | |
|---|---|
| Debtors: | POWIN, LLC, et al. |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the FlexGen Power Systems, LLC Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing the Assumption and Assignment of the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment Procedures, and (IV) Granting Related Relief |

## **No Fraudulent Transfer**

T.      The consideration provided by the Purchaser pursuant to the Asset Purchase Agreement for its purchase of the Purchased Assets and the assumption of the Assumed Liabilities constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code, the Uniform Fraudulent Conveyance Act, the Uniform Fraudulent Transfer Act, and under the laws of the United States, any state, territory, possession, and the District of Columbia.

U.      Neither the Purchaser nor its past, present, and future subsidiaries, parents, divisions, affiliates, agents, representatives, insurers, attorneys, successors, and assigns, nor any of its nor their respective current or former directors, managers, officers, employees, shareholders, members, managed funds, agents, advisors, representatives, attorneys, professionals, contractors, subcontractors, independent contractors, owners, insurance companies, or partners (collectively, the "Purchaser Parties") is a continuation of the Debtors or their respective estates, and the Purchaser is not holding itself out to the public as a continuation of the Debtors or their respective estates and the Sale does not amount to a consolidation, merger, or *de facto* merger of the Purchaser and the Debtors.

## **Validity of Transfer**

V.      The applicable boards of directors or managers, as applicable, of the Debtors have authorized the execution and delivery of the Asset Purchase Agreement and the Sale of the

0

| | |
|---|---|
| Debtors: | POWIN, LLC, et al. |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the FlexGen Power Systems, LLC Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing the Assumption and Assignment of the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment Procedures, and (IV) Granting Related Relief |

Purchased Assets to the Purchaser. Subject to entry of this Order, the Debtors (i) have full corporate power and authority to assume the Asset Purchase Agreement and all other documents contemplated thereby, as applicable, (ii) have all of the power and authority necessary to consummate the Sale, and (iii) have taken all action necessary to authorize and approve the Asset Purchase Agreement and to consummate the Sale, and no further consents or approvals of any person or entity are required for the Debtors to consummate the transactions contemplated by the Asset Purchase Agreement, except as otherwise set forth expressly in the Asset Purchase Agreement. The Purchased Assets constitute property of the Debtors' estates within the meaning of section 541(a) of the Bankruptcy Code, and title thereto is presently vested in the Debtors' estates.

### Section 363(f) Is Satisfied

W.     The Sale of the Purchased Assets to the Purchaser, including the Assumed Contracts, (if any), under the terms of the Asset Purchase Agreement meets the applicable provisions of section 363(f) of the Bankruptcy Code such that the Sale of the Purchased Assets will be free and clear of any and all liens, claims, encumbrances, and other interests, and will not subject the Purchaser or any other Purchaser Parties to any liability for any claims whatsoever (including, without limitation, under any theory of equitable law, antitrust, or successor or transferee liability) (collectively, "Claims andor Interests"), except as expressly provided in the

| | |
|---|---|
| (Page | 16) | |
| Debtors: | POWIN, LLC, et al. |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the FlexGen Power Systems, LLC Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing the Assumption and Assignment of the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment Procedures, and (IV) Granting Related Relief |

Asset Purchase Agreement with respect to the Assumed Liabilities and Permitted Liens.  All holders of Claims andor Interests who did not object or who withdrew their objections to the Sale are deemed to have consented to the Sale pursuant to section 363(f)(2) of the Bankruptcy Code and all holders of Claims andor Interests are adequately protected—thus satisfying section 363(e) of the Bankruptcy Code—by having their Claims andor Interests, if any, attach to the proceeds of the Sale held by the Debtors ultimately attributable to the property against or in which they assert Claims andor Interests or other specifically dedicated funds in the same order of priority and with the same validity, force, and effect that such holder had prior to the Sale, subject to any rights, claims, and defenses of the Debtors or their estates. Those holders of Claims andor Interests who did object and who have an interest in the Purchased Assets fall under one or more of the other subsections of section 363(f) of the Bankruptcy Code.

X.    The transfer of the Purchased Assets to the Purchaser under the Asset Purchase Agreement will be a legal, valid, and effective transfer of all of the legal, equitable, and beneficial right, title, and interest in and to the Purchased Assets free and clear of all Claims andor Interests, except as expressly provided in the Asset Purchase Agreement with respect to the Assumed Liabilities and Permitted Liens. The Debtors may sell their interests in the Purchased Assets free and clear of all Claims andor Interests because, in each case, one or more of the standards set forth in section 363(f) has been satisfied. The Purchaser would not have entered

0

(Page | 17)

| | |
|---|---|
| Debtors: | POWIN, LLC, et al. |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the FlexGen Power Systems, LLC Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing the Assumption and Assignment of the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment Procedures, and (IV) Granting Related Relief |

into the Asset Purchase Agreement and the Transaction Documents and would not consummate the transactions contemplated thereby, including, without limitation, the Sale, (i) if the transfer of the Purchased Assets was not free and clear of all interests of any kind or nature whatsoever, including, without limitation, rights or claims based on any successor, transferee, derivative or vicarious liability or any similar theory, and/or applicable state or federal law or otherwise or (ii) if the Purchaser or any of ~~its~~Purchaser Party or any of their affiliates or designees would, or in the future could, be liable for any interests, including, without limitation, rights or claims based on any successor, transferee, derivative or vicarious liability or any similar theory, and/or applicable state or federal law or otherwise, in each case, subject only to the Assumed Liabilities and Permitted Liens. Not transferring the Purchased Assets free and clear of all Claims ~~and~~or Interests of any kind or nature whatsoever, including, without limitation, rights or claims based on any successor, transferee, derivative or vicarious liability or any similar theory, and/or applicable state or federal law or otherwise (subject only to the Assumed Liabilities and Permitted Liens) would adversely impact the Debtors' efforts to maximize the value of their estates.

**Assumption and Assignment of the Assumed Contracts**

Y.    The Debtors served the Contract Assumption Notice on July 18, 2025. In accordance with the Assumption and Assignment Procedures, the deadline to object to proposed

| (Page \| 18) | |
|---|---|
| Debtors: | POWIN, LLC, et al. |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the FlexGen Power Systems, LLC Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing the Assumption and Assignment of the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment Procedures, and (IV) Granting Related Relief |

cure amounts, the proposed assumption or assignment of contracts to the Stalking Horse Bidder, or adequate assurance of the Stalking Horse Bidder's ability to perform with respect to such Contracts was listed on such notice as July 28, 2025 (the "Contract Objection Deadline").

Z.    The Debtors received certain timely objections to the proposed assumption and assignment of contracts listed in the Contract Assumption Notice [*see* Docket Nos. 490, 521, 523, 529, 535, 538, 539, 544, 545, 546, 548, 550, 551, 552, 553, 554, 555, 556, 557, 559, 562, 564, 565, 566, 568, 570, and 597].

AA.    The Debtors have demonstrated that it is a reasonable exercise of their sound business judgment to assume and assign the Assumed Contracts to the Purchaser pursuant to the terms of this Order and the Asset Purchase Agreement, in each case in connection with the consummation of the Sale, and the assumption and assignment of the Assumed Contracts is in the best interests of the Debtors, their estates and creditors, and other parties in interest.

BB.    Any non-Debtor counterparty to any Contract that has not actually filed with the Court an objection, or who withdrew an objection or does not timely file an objection to an Assumption Notice by the applicable Contract Objection Deadline, is deemed to have consented to such assumption and assignment and the Cure Amount, if any.

CC.    The Cure Amounts set forth on the Contract Assumption Notice, if any, are the sole amounts necessary under section 365 of the Bankruptcy Code to cure all defaults and pay all actual

| | |
|---|---|
| Debtors: | POWIN, LLC, et al. |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the FlexGen Power Systems, LLC Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing the Assumption and Assignment of the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment Procedures, and (IV) Granting Related Relief |

pecuniary losses under the Assumed Contracts, unless otherwise determined by the Court or by agreement of the Debtors and the non-Debtor counterparty, and such assumption and assignment to Purchaser shall be deemed approved by this Order without further order of this Court.

DD.    The Debtors shall have the right, in accordance with and subject to the Bidding Procedures Order, to serve a Supplemental Assumption Notice upon any non-Debtor counterparty indicating the Debtors' intent to assume and assign such executory contract.

EE.    The Debtors have met all requirements of section 365(b) of the Bankruptcy Code for each of the Assumed Contracts.  The Debtors have (i) cured and/or provided adequate assurance of cure of any default existing prior to the ~~closing~~Closing under all of the Assumed Contracts, within the meaning of section 365(b)(1)(A) of the Bankruptcy Code and (ii) provided compensation or adequate assurance of compensation to any counterparty for actual pecuniary loss to such party resulting from a default prior to the ~~closing~~Closing under any of the Assumed Contracts.  The Purchaser has provided adequate assurance of future performance within the meaning of sections 365(b)(1)(C) and 365(f)(2)(B) and in accordance with the Bidding Procedures to the extent that any such assurance is required and not waived by the counterparties to such Assumed Contracts.

**Prompt Consummation**

| (Page \| 20) | |
|---|---|
| Debtors: | POWIN, LLC, et al. |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the FlexGen Power Systems, LLC Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing the Assumption and Assignment of the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment Procedures, and (IV) Granting Related Relief |

FF.    The Sale must be approved and consummated promptly to comply with the terms of the Asset Purchase Agreement, maximize value for the Debtors' estates, and avoid irreparable harm to the Debtors' estates and their stakeholders, including their creditors and customers. Time, therefore, is of the essence in effectuating the Asset Purchase Agreement. As such, the Debtors and the Purchaser intend to close the sale of the Purchased Assets as soon as reasonably practicable in accordance with the terms of the Asset Purchase Agreement. The Debtors have demonstrated immediate and irreparable harm absent entry of this Order and compelling circumstances and a good, sufficient, and sound business purpose and justification for the immediate approval and consummation of the Asset Purchase Agreement. Accordingly, there is sufficient cause to waive the stay provided in the Bankruptcy Rules 6004(h) and 6006(d) and any other applicable Bankruptcy Rule or Local Rule.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED THAT:**

<u>**General Provisions**</u>

1.    The Motion is **GRANTED**, as set forth herein.

2.    All objections to or reservation of rights with respect to the Motion or the relief requested therein that have not been withdrawn or resolved are overruled with prejudice. All persons and entities who did not object or who have withdrawn their objections to the Motion are deemed to have consented pursuant to section 363(f)(2) of the Bankruptcy Code.

(Page | 21)

| | |
|---|---|
| Debtors: | POWIN, LLC, et al. |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the FlexGen Power Systems, LLC Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing the Assumption and Assignment of the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment Procedures, and (IV) Granting Related Relief |

3.      The Asset Purchase Agreement, attached hereto as **Schedule 1,** and the other Transaction Documents and all terms and conditions thereof, are approved in all respects. The failure to specifically include any particular provision of the Asset Purchase Agreement or the Transaction Documents in this Order shall not diminish or impair the effectiveness of such provision.

**Transfer of the Purchased Assets**
**As Set Forth in the Asset Purchase Agreement; Injunction**

4.      Pursuant to sections 363 and 365 of the Bankruptcy Code, the Debtors are authorized and directed to take any and all actions necessary and appropriate to cause the Sellers to (a) consummate the transactions contemplated by the Asset Purchase Agreement and the Transaction Documents in accordance with the terms thereof; (b) sell the Purchased Assets to the Purchaser for the purchase price in accordance with the terms of this Order and the Asset Purchase Agreement and the Transaction Documents; and (c) otherwise execute and deliver, perform under, consummate, implement and effectuate, and take any and all other actions as may be reasonably necessary or appropriate to the performance of their respective obligations under the terms of the Asset Purchase Agreement and the Transaction Documents, in each case, without further notice to or order of this Court.  The Transactions authorized herein shall be of full force and effect, regardless of any Debtor's lack or purported lack of good standing in any jurisdiction in which such Debtor is formed or authorized to conduct business.

| (Page | 22) | |
|---|---|
| Debtors: | POWIN, LLC, et al. |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the FlexGen Power Systems, LLC Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing the Assumption and Assignment of the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment Procedures, and (IV) Granting Related Relief |

5.      Pursuant to sections 105(a), 363(b), 363(f), 365(b), and 365(f) of the Bankruptcy Code, upon ~~closing~~Closing, all of the Debtors' right, title, and interest in and to, and possession of, the Purchased Assets, including any Assumed Contracts, shall be transferred to the Purchaser, free and clear of any and all Claims ~~and~~or Interests, with all such Claims ~~and~~or Interests to attach solely to the proceeds of the ~~Purchased Assets~~Sale held by the Debtors upon and after the Closing in the order of their priority, with the same force, effect, and validity that they had immediately prior to the entry of this Order, subject to any rights, claims, or defenses the Debtors may have with respect thereto, *except* with respect to any Assumed Liabilities or Permitted Liens allowed under the Asset Purchase Agreement. Such transfer shall constitute a legal, valid, binding, and effective transfer of the Purchased Assets.

6.      As set forth in the Asset Purchase Agreement, the Purchaser is not acquiring any of the Excluded Assets or assuming any of the Excluded Liabilities.

7.      Except for (a) the Assumed Liabilities expressly set forth in the Asset Purchase Agreement or ~~described therein or~~ (b) the Permitted Liens expressly set forth in the Asset Purchase Agreement, none of the Purchaser~~, its~~ or any other Purchaser Parties, or any of their respective successors or assigns, or any of their respective affiliates shall have any liability for any Claims ~~and~~or Interests that (x) arose prior to or on the date of ~~closing~~Closing, or (y) otherwise is assertable against the Debtors or is related to the Purchased Assets prior to or on the

(Page | 23)

| | |
|---|---|
| Debtors: | POWIN, LLC, et al. |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the FlexGen Power Systems, LLC Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing the Assumption and Assignment of the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment Procedures, and (IV) Granting Related Relief |

date of ~~closing~~Closing, including, for the avoidance of doubt, Claims ~~and~~or Interests arising out of the Excluded Liabilities.

8.      All persons and entities are prohibited and enjoined from taking any action to adversely affect or interfere with, or which would be inconsistent with, the ability of the Debtors to transfer the Purchased Assets to the Purchaser in accordance with the Asset Purchase Agreement, the Transaction Documents, and this Order.

9.      At ~~closing~~Closing, all of the Debtors' right, title, and interest in and to, and possession of, the corresponding Purchased Assets shall be immediately vested in the Purchaser pursuant to sections 105(a), 363(b), and 363(f) of the Bankruptcy Code. Such transfer shall constitute a legal, valid, enforceable, and effective transfer of such Purchased Assets. All persons or entities presently or at or after closing in possession of some or all of the corresponding Purchased Assets are directed to surrender possession of any and all portions of such Purchased Assets to the Purchaser or its respective designees on ~~closing~~Closing or at such time thereafter as the Purchaser may request.

10.      This Order (a) shall be effective as a determination that, as of ~~closing~~the Closing, (i) no Claims ~~and~~or Interests other than ~~the corresponding~~those expressly stated as Assumed Liabilities and Permitted Liens in the Asset Purchase Agreement will be assertable against the Purchaser or any ~~of its~~other Purchaser Party or any of their respective assets, (ii) the Purchased

| | |
|---|---|
| (Page \| 24) | |
| Debtors: | POWIN, LLC, et al. |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the FlexGen Power Systems, LLC Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing the Assumption and Assignment of the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment Procedures, and (IV) Granting Related Relief |

Assets shall have been transferred to the Purchaser free and clear of all Claims ~~and~~or Interests, subject only to the applicable Assumed Liabilities and Permitted Liens expressly stated in the Asset Purchase Agreement, and (iii) the conveyances described herein have been effected, and (b) is and shall be binding upon and govern the acts of all entities, including, without limitation, all filing agents, filing officers, registrars of patents, trademarks, or other intellectual property, administrative agencies, governmental departments, secretaries of state, federal and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract to accept, file, register, or otherwise record or release any documents or instruments; and each of the foregoing persons and entities is hereby directed to accept for filing any and all of the documents and instruments necessary and appropriate to consummate the transactions contemplated by the Asset Purchase Agreement and the Transaction Documents. The Purchased Assets are sold free and clear of any reclamation rights. All Claims ~~and~~or Interests on the Purchased Assets shall attach solely to the proceeds of the Sale held by the Debtors ultimately attributable to the property against which such Claims ~~and~~or Interests applied or other specifically dedicated funds, in the same order of priority and with the same validity, force, and effect that such Claims ~~and~~or Interests applied prior to the Sale, subject to any rights, claims, and defenses of the Debtors or their estates.

(Page | 25)

| | |
|---|---|
| Debtors: | POWIN, LLC, et al. |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the FlexGen Power Systems, LLC Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing the Assumption and Assignment of the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment Procedures, and (IV) Granting Related Relief |

11.     Except as otherwise expressly provided in the Asset Purchase Agreement, all persons and entities (and their respective successors and assigns), including, but not limited to, all debt security holders, equity security holders, affiliates, governmental, tax, and regulatory authorities, lenders, customers, vendors, employees, trade creditors, litigation claimants, and other creditors holding claims arising under or out of, in connection with or in any way relating to, the Debtors, the Purchased Assets, and the ownership, sale, or operation of the Purchased Assets prior to ~~closing~~Closing or the transfer of the Purchased Assets to the Purchaser are hereby forever barred, estopped, and permanently enjoined from asserting such claims against the Purchaser and its property (including, without limitation, the Purchased Assets). Following ~~closing~~the Closing, no holder of any ~~claim or interest~~Claims or Interests shall interfere with the Purchaser's title to or use and enjoyment of the corresponding Purchased Assets based on or related to any such ~~claim or interest~~Claims or Interests or based on any action the Debtors may take in their chapter 11 cases.

12.     If any person or entity that has filed financing statements, mortgages, mechanic's claims, *lis pendens*, or other documents or agreements evidencing claims against the Debtors or in the Purchased Assets shall not have delivered to the Debtors prior to ~~closing~~Closing of the Sale, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, and/or releases of all Claims ~~and~~or Interests that the person or entity has with

(Page | 26)

| | |
|---|---|
| Debtors: | POWIN, LLC, et al. |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the FlexGen Power Systems, LLC Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing the Assumption and Assignment of the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment Procedures, and (IV) Granting Related Relief |

respect to the Debtors or the Purchased Assets or otherwise, then only with regard to the Purchased Assets that are purchased by the Purchaser pursuant to the Asset Purchase Agreement and this Order: (a) the Debtors are hereby authorized and directed to execute and file such statements, instruments, releases, and other documents on behalf of the person or entity with respect to the Purchased Assets; (b) the Purchaser is hereby authorized to file, register, or otherwise record a certified copy of this Order, which, once filed, registered, or otherwise recorded, shall constitute conclusive evidence of the release of all Claims ~~and~~or Interests against the Purchaser Parties and the Purchased Assets; and (c) upon consummation of the Sale, the Purchaser may seek in this Court or any other court to compel appropriate parties to execute termination statements, instruments of satisfaction, and releases of all Claims ~~and~~or Interests that are extinguished or otherwise released pursuant to this Order under section 363 of the Bankruptcy Code and any other provisions of the Bankruptcy Code with respect to the Purchased Assets. This Order is deemed to be in recordable form sufficient to be placed in the filing or recording system of each and every federal, state, or local government agency, department, or office.

13.     Notwithstanding the foregoing or anything else herein to the contrary, the provisions of this Order authorizing the Sale and assignment of the Purchased Assets (including any Assumed Contracts) free and clear of Claims ~~and~~or Interests shall be self-executing and neither the Debtors nor the Purchaser shall be required to execute or file releases, termination statements,

| | |
|---|---|
| Debtors: | POWIN, LLC, et al. |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the FlexGen Power Systems, LLC Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing the Assumption and Assignment of the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment Procedures, and (IV) Granting Related Relief |

assignments, consents, or other instruments to effectuate, consummate, and implement the provisions of this Order. The transfer of the Purchased Assets (including any Assumed Contracts) to the Purchaser pursuant to the Asset Purchase Agreement and the other Transaction Documents does not require any consents or further documentation other than as specifically provided for in this Order.

14.    Effective upon ~~closing~~Closing, all persons and entities are forever prohibited and enjoined from commencing or continuing in any matter any action or other proceeding, whether in law or equity, in any judicial, administrative, arbitral, or other proceeding against the Purchaser or ~~its~~any other Purchaser Parties or any of their respective assets (including, without limitation, the Purchased Assets), with respect to any (a) claim in these chapter 11 cases or in connection with or related to the Sale or the Debtors or (b) Successor or Transferee Liability (defined below), including, without limitation, the following actions with respect to clauses (a) and (b): (i) commencing or continuing any action or other proceeding pending or threatened; (ii) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree, or order; (iii) creating, perfecting, or enforcing any lien, claim, interest, or encumbrance; (iv) asserting any set-off, right of subrogation, or recoupment of any kind; (v) commencing or continuing any action in any manner or place that does not comply with, or is inconsistent with, the provisions of this Order or other orders of this Court, or the agreements or actions contemplated or

| | |
|---|---|
| (Page | 28) | |
| Debtors: | POWIN, LLC, et al. |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the FlexGen Power Systems, LLC Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing the Assumption and Assignment of the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment Procedures, and (IV) Granting Related Relief |

taken in respect hereof; or (vi) revoking, terminating, failing, or refusing to renew any License (defined below) to operate any business in connection with the Purchased Assets or conduct any of the businesses operated with respect to such assets.

**Additional Injunction; No Successor or Transferee Liability**

15.     Effective as of the Closing and except as expressly set forth in the Asset Purchase Agreement with respect to the Permitted Liens and Assumed Liabilities, all persons are forever prohibited and permanently enjoined from (a) commencing or continuing in any manner any action or other proceeding, the employment of process, or any act (whether in law or equity, in any judicial, administrative, arbitral, or other proceeding), to collect, recover, or set off any ~~Claim~~Claims or ~~Interest~~Interests; (b) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree, or order with respect to any ~~Claim~~Claims or ~~Interest~~Interests; (c) creating, perfecting, or enforcing any Interest; or (d) asserting any setoff that was not taken prepetition or right of subrogation of any kind with respect to any ~~Claim~~Claims or ~~Interest~~Interests, in each case as against the Purchaser, or any ~~of its affiliates or subsidiaries, any of their respective current and former officers, directors, managers, members, partners, managed funds, affiliates, agents, advisors, professionals, and representatives~~other Purchaser Party, or any of their respective property or assets, including the Purchased Assets.

(Page | 29)

| | |
|---|---|
| Debtors: | POWIN, LLC, et al. |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the FlexGen Power Systems, LLC Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing the Assumption and Assignment of the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment Procedures, and (IV) Granting Related Relief |

16.    The Purchaser shall not be deemed, as a result of any action taken in connection with the Asset Purchase Agreement, the consummation of the Sale, or the transfer, operation, or use of the Purchased Assets to (a) be a legal successor or otherwise be deemed a successor to the Debtors ~~(other than with respect to any Assumed Liabilities and Permitted Liens arising after closing)~~, (b) have, *de facto* or otherwise, merged with or into the Debtors, or (c) be an alter ego or a mere continuation or substantial continuation of the Debtors or the enterprise of the Debtors, including, without limitation, within the meaning of any foreign, federal, state, or local revenue law, pension law, the Employee Retirement Income Security Act of 1974 (as amended), tax law, labor law, products liability law, employment law, environmental law, or other law, rule, or regulation (including, without limitation, filing requirements under any such laws, rules, or regulations), or under any products liability law or doctrine with respect to the Debtors' liability under such law, rule, or regulation.

17.    Immediately prior to ~~closing~~Closing, the Purchaser was not an "insider" or "affiliate" of the Debtors, as those terms are defined in the Bankruptcy Code, and no common identity of incorporators, directors, or controlling stockholders existed between the Purchaser and the Debtors.

18.    Other than as expressly set forth in the Asset Purchase Agreement with respect to the Permitted Liens and Assumed Liabilities, the Purchaser shall not have any responsibility for (a)

| Debtors: | POWIN, LLC, et al. |
|---|---|
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the FlexGen Power Systems, LLC Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing the Assumption and Assignment of the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment Procedures, and (IV) Granting Related Relief |

any liability or other obligation of the Debtors or related to the Purchased Assets or (b) any claims against the Debtors or any of their predecessors or affiliates. Except as expressly provided in the Asset Purchase Agreement with respect to the Permitted Liens and Assumed Liabilities, the Purchaser shall not have any liability whatsoever with respect to the Debtors' (or their predecessors' or affiliates') respective businesses or operations or any of the Debtors' (or their predecessors' or affiliates') obligations (as defined herein, "Successor or Transferee Liability") based, in whole or part, directly or indirectly, on any theory of successor or vicarious liability of any kind or character, or based upon any theory of antitrust, environmental, successor, or transferee liability, *de facto* merger or substantial continuity, labor and employment or products liability, whether known or unknown as of ~~closing~~Closing, now existing or hereafter arising, asserted or unasserted, fixed or contingent, liquidated or unliquidated, including, without limitation, liabilities on account of (a) any taxes arising, accruing, or payable under, out of, in connection with, or in any way relating to the Purchased Assets or the Assumed Liabilities or the Permitted Liens prior to ~~closing~~Closing or in respect of ~~pre-closing~~pre-Closing periods or (b) any plan, agreement, practice, policy, or program, whether written or unwritten, providing for pension, retirement, health, welfare, compensation or other employee benefit which is or has been sponsored, maintained, or contributed to by any Debtor or with respect to which any Debtor has any liability, whether or not contingent.

(Page | 31)

| | |
|---|---|
| Debtors: | POWIN, LLC, et al. |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the FlexGen Power Systems, LLC Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing the Assumption and Assignment of the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment Procedures, and (IV) Granting Related Relief |

**Good Faith Purchaser**

19.    The Sale contemplated by the Asset Purchase Agreement is undertaken by the Purchaser without collusion and in good faith, as that term is defined in section 363(m) of the Bankruptcy Code, and accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Sale shall not affect the validity of the Sale unless such authorization and consummation of such Sale (including, without limitation, the assumption and assignment of the Assumed Contracts) are duly and properly stayed pending such appeal.

20.    Neither the Debtors nor the Purchaser ~~have~~or any Purchaser Party has engaged in any action or inaction that would cause or permit the Sale to be avoided or costs or damages to be imposed under section 363(n) of the Bankruptcy Code. The consideration provided by the Purchaser for the Purchased Assets under the Asset Purchase Agreement is fair and reasonable and the Sale may not be avoided, and costs and damages may not be imposed, under section 363(n) of the Bankruptcy Code.

**Assumption and Assignment of Assumed Contracts**

21.    Upon the Closing, the Debtors are authorized and directed to assume and assign the Assumed Contracts (if any) to the Purchaser free and clear of all Claims ~~and~~or Interests in accordance with the Assumption and Assignment Procedures described in the Motion. The

0
US_ACTIVE\130695343

Debtors:                    POWIN, LLC, et al.
Case No.                    25-16137 (MBK)
Caption of Order:    Order (I) Authorizing the Debtors to Enter Into and Perform Under
                            the FlexGen Power Systems, LLC Asset Purchase Agreement, (II)
                            Approving the Sale of Purchased Assets Free and Clear of All
                            Liens, Claims, Encumbrances, and Interests, (III) Authorizing the
                            Assumption and Assignment of the Assumed Contracts to
                            Purchaser and Establishing Cure Amounts Related Thereto in
                            Accordance with the Assumption and Assignment Procedures, and
                            (IV) Granting Related Relief

payment of the applicable Cure Amounts (if any) shall: (a) effect a cure of all defaults existing

thereunder as of the ~~closing date~~Closing; (b) compensate for any actual pecuniary loss to such

non-Debtor party resulting from such default; and (c) together with the assumption of the Assumed

Contracts by the Purchaser, constitute adequate assurance of future performance thereof. The

Purchaser shall then have assumed the Assumed Contracts and, pursuant to section 365(f) of the

Bankruptcy Code, the assignment by the Debtors thereof shall not be a default thereunder. After

the payment of the relevant Cure Amounts, neither the Debtors nor the Purchaser shall have any

further liabilities to the non-Debtor parties to the Assumed Contracts other than the Purchaser's

obligations under the Assumed Contracts (if any) that become due and payable ~~on or~~ after the

~~closing date~~Closing.

22.    The Assumed Contracts shall, as of the Closing, be valid and binding on the

Purchaser and the other non-Debtor counterparties thereto, and in full force and effect and

enforceable in accordance with their respective terms. Following such assignment, the Debtors

shall be relieved, pursuant to section 365(k) of the Bankruptcy Code, from any liability under the

Assumed Contracts. Any party that may have had the right to consent to the assignment of any

Contract has received adequate notice of the proposed assignment of such Contract and is

deemed to have consented for the purposes of section 365(e)(2)(A) of the Bankruptcy Code.

| | |
|---|---|
| Debtors: | POWIN, LLC, et al. |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the FlexGen Power Systems, LLC Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing the Assumption and Assignment of the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment Procedures, and (IV) Granting Related Relief |

23.     To the extent any provision (including any "change of control" provision) in any Assumed Contract (a) prohibits, restricts, or conditions, or purports to prohibit, restrict, or condition, including the imposition of any fee, payment or penalty as a result of or in connection with, such assumption or assignment, or (b) is modified, breached, or terminated, or deemed modified, breached, or terminated by any of the following: (i) the commencement of these chapter 11 cases; (ii) the insolvency or financial condition of any Debtor at any time before the closing of these chapter 11 cases; (iii) any Debtor's assumption or assumption and assignment (as applicable) of such Assumed Contract; or (iv) the consummation of the Sale, then such provision shall be deemed modified so as to not entitle the non-Debtor counterparty thereto to prohibit, restrict, or condition such assumption or assignment, to modify or terminate such Assumed Contract, or to exercise any other default related rights or remedies with respect thereto, including any such provision that purports to allow the applicable non-Debtor counterparty thereto to recapture such Assumed Contracts, impose any penalty thereunder, condition any renewal or extension thereof, impose any rent acceleration or assignment fee, or increase or otherwise impose any other fees, payments, penalties or other charges in connection therewith.  All such provisions constitute unenforceable anti-assignment provisions that are void and of no force and effect pursuant to sections 365(b), 365(e), and 365(f) of the Bankruptcy Code.

(Page | 34)

| | |
|---|---|
| Debtors: | POWIN, LLC, et al. |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the FlexGen Power Systems, LLC Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing the Assumption and Assignment of the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment Procedures, and (IV) Granting Related Relief |

24.     All requirements and conditions under sections 363 and 365 of the Bankruptcy Code for the assumption by the Debtors and assignment to the Purchaser of the Assumed Contracts have been satisfied. Upon ~~closing~~Closing, in accordance with sections 363 and 365 of the Bankruptcy Code, the Purchaser shall be fully and irrevocably vested with all rights, title and interest of the Debtors under the Assumed Contracts, and each Assumed Contract shall be fully enforceable by the Purchaser in accordance with its terms and conditions.  Upon and as of the Closing, the Purchaser shall be deemed to be substituted for the Debtors as a ~~part~~party to the applicable Assumed Contracts.

25.     The Purchaser has provided adequate assurance of its future performance under the Assumed Contracts within the meaning of sections 365(b)(l)(C) and 365(f)(2)(B) of the Bankruptcy Code.

26.     There shall be no rent accelerations, assignment fees, increases (including advertising rates) or any other fees charged to the Purchaser or the Debtors as a result of the assumption and assignment of the Assumed Contracts.

27.     From and after the Contract Objection Deadline, each non-Debtor party to a Contract shall (i) be forever barred from objecting to the Cure Amount and from asserting any additional cure or other amounts with respect to such Assumed Contracts and the Debtors and the Purchaser shall be entitled to rely solely upon the Cure Amounts on the applicable Assumption

(Page | 35)

| | |
|---|---|
| Debtors: | POWIN, LLC, et al. |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the FlexGen Power Systems, LLC Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing the Assumption and Assignment of the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment Procedures, and (IV) Granting Related Relief |

Notice, and (ii) be forever barred and estopped from asserting or claiming against the Debtors, any purchaser of the Debtors' assets, including the Purchaser, and any assignee of any Assumed Contracts that any additional amounts as of the date of assignment are due or defaults exist under any Assumed Contracts.

28.     Any Contracts proposed to be assumed and assigned to Purchaser for which there is a timely objection outstanding, which was not resolved between the Debtors or the Purchaser and non-Debtor party to such Contract or by the Court at the Sale Hearing, with respect solely to the Cure Amount may be assumed and assigned prior to resolution of such objection, so long as (i) the Debtors or Purchaser, as applicable, in accordance with the Asset Purchase Agreement, pay any undisputed portion of the Cure Amount on or before the ~~closing date~~Closing, and (ii) the Debtors or the Purchaser agrees to pay the disputed portion of the Cure Amount pending resolution of the dispute and if so required thereunder. The assumption and assignment of any such Contracts shall be effective immediately upon the payment of the undisputed Cure Amount, without the need for further order of the Court.

29.     Pursuant to sections 105(a), 363, and 365 of the Bankruptcy Code, all parties to the Assumed Contracts are forever barred and enjoined from raising or asserting against Purchaser any assignment fee, default, breach or claim for pecuniary loss, or condition to

| | |
|---|---|
| Debtors: | POWIN, LLC, et al. |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the FlexGen Power Systems, LLC Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing the Assumption and Assignment of the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment Procedures, and (IV) Granting Related Relief |

assignment, arising under or related to the Assumed Contracts existing as of the Closing ~~Date~~ or arising by reason of the Closing.

30.     The assignments of each Assumed Contract are made in good faith under sections 363(b) and (m) of the Bankruptcy Code.

31.     The failure of the Debtors or the Purchaser to enforce at any time one or more terms or conditions of any Assumed Contract shall not be a waiver of such terms or conditions, or of its respective rights to enforce every term and condition of the Assumed Contracts.

## <u>Other Provisions</u>

32.     To the maximum extent permitted by applicable law and the Asset Purchase Agreement and other Transaction Documents, the Purchaser shall be authorized, as of ~~closing~~<u>Closing</u>, to operate under any license, permit, registration, and governmental authorization or approval (collectively, the "<u>Licenses</u>") of the Debtors with respect to the Purchased Assets.

33.     To the extent provided by section 525 of the Bankruptcy Code, no governmental unit may revoke or suspend any permit or License relating to the Purchased Assets sold, transferred, or conveyed to the Purchaser on account of the filing or pendency of these chapter 11 cases or the consummation of the Sale contemplated by the Asset Purchase Agreement.

| (Page \| 37) | |
|---|---|
| Debtors: | POWIN, LLC, et al. |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the FlexGen Power Systems, LLC Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing the Assumption and Assignment of the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment Procedures, and (IV) Granting Related Relief |

34.    The Asset Purchase Agreement and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto in writing and in accordance with the terms thereof, without further order of the Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the Debtors' estates.  The Debtors shall provide the Committee and the U.S. Trustee with notice of any such modification, amendment, or supplement of the Asset Purchase Agreement.

35.    The Purchased Assets and the proceeds thereof constitute Prepetition Collateral and Adequate Protection Collateral of the Prepetition Secured Parties. Upon the closing of the Sale, before making any distribution of Sale proceeds to any other party, and as a condition precedent to the effectiveness of the relief granted under paragraphs 12–14 of this Order with respect to the Prepetition Loan Documents, Prepetition Collateral, Adequate Protection Collateral, or Prepetition Secured Parties, the Debtors shall indefeasibly pay or cause to be paid to the Prepetition Agent, in immediately available funds and for the benefit of the Prepetition Secured Parties, all of the outstanding obligations due under the Prepetition Loan Documents, including, without limitation, all unpaid principal, accrued and unpaid interest (including default interest), fees, costs, charges, and expenses, including, subject to the terms of this paragraph 35, Accrued Lender Fees. The Debtors shall provide the Prepetition Secured Parties with at least two business days' notice of the closing of the Sale. If the Prepetition Secured Parties submit

| (Page \| 38) | |
|---|---|
| Debtors: | POWIN, LLC, et al. |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the FlexGen Power Systems, LLC Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing the Assumption and Assignment of the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment Procedures, and (IV) Granting Related Relief |

invoices with respect to Accrued Lender Fees at least one day prior to the closing of the Sale, such Accrued Lender Fees shall be paid by the Debtors upon the closing of the Sale but shall remain subject to a complete reservation of the rights of the Review Parties under paragraph 13 of the Cash Collateral Order until the expiration of the Review Period. Any Accrued Lender Fees for which invoices are not submitted to the Debtors at least one day prior the closing of the Sale shall be paid by the Debtors in accordance with the terms of the Cash Collateral Order. Capitalized terms used in this paragraph 35 but not defined in this Order shall the meanings ascribed to them in the *Final Order (I) Authorizing Postpetition Use of Cash Collateral, (II) Granting Adequate Protection to the Prepetition Secured Parties, and (III) Granting Related Relief* [Docket No. 400] (the "Cash Collateral Order").

36.    Notwithstanding anything to the contrary in this Order, nothing in this Order limits, or shall be construed as limiting, the Project Group's (as defined in the Settlement Order (as defined below)) rights under the Settlement Agreement (as defined in the *Order Granting Expedited Motion of the Debtors for Entry of an Order (I) Authorizing and Approving Settlement and Release Agreement, and (II) Granting Related Relief* [Docket No. 283] (the "Settlement Order")).

37.    Notwithstanding anything to the contrary in this Order, nothing in this Order limits, or shall be construed as limiting, any intellectual property licensee's rights under the Bankruptcy Code including section 365(n). Notwithstanding anything to the contrary in this

(Page | 39)

| | |
|---|---|
| Debtors: | POWIN, LLC, et al. |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the FlexGen Power Systems, LLC Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing the Assumption and Assignment of the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment Procedures, and (IV) Granting Related Relief |

Order, the sale and transfer of the Purchased Assets is subject to and not free and clear of any intellectual property licensee's rights under section 365(n) of the Bankruptcy Code.

3538.    The automatic stay pursuant to section 362 of the Bankruptcy Code is hereby lifted with respect to the Debtors to the extent necessary, without further order of the Court, (a) to allow the Purchaser to give the Debtors any notice provided for in the Asset Purchase Agreement, (b) to allow the Purchaser to take any and all actions permitted by the Asset Purchase Agreement and the Transaction Documents in accordance with the terms and conditions thereof, including, without limitation, effectuating the Sale and the other transactions contemplated by the Asset Purchase Agreement and the Transaction Documents, and (c) to otherwise implement the terms and provisions of the Asset Purchase Agreement, the Transaction Documents, and this Order.

3639.    The terms and provisions of the Asset Purchase Agreement, and this Order shall be binding in all respects upon the Debtors, their Affiliates, their estates, all creditors (whether known or unknown) of and holders of equity interests in any Debtor, any holders of claims against or on all or any portion of the Purchased Assets, the Purchaser, and all of their respective successors and assigns, including, but not limited to, as applicable, any subsequent trustee(s), examiner(s), or receiver(s) appointed in any of the Debtors' chapter 11 cases or upon conversion to chapter 7 under the Bankruptcy Code, as to which the terms and provisions of such trustee(s), examiner(s), or receiver(s) likewise shall be binding. The Asset Purchase Agreement shall not be

0

| Debtors: | POWIN, LLC, et al. |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the FlexGen Power Systems, LLC Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing the Assumption and Assignment of the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment Procedures, and (IV) Granting Related Relief |

subject to rejection or avoidance by the Debtors, their estates, their creditors, their shareholders, or any trustee(s), examiner(s), receiver(s), or any other successor parties in interest.

3740.   The terms and provisions of this Order and any actions taken pursuant hereto shall survive entry of any order which may be entered: (a) confirming any chapter 11 plan in any of these chapter 11 cases; (b) converting any of the chapter 11 cases to a case under chapter 7 of the Bankruptcy Code; (c) dismissing any of the chapter 11 cases; (d) transferring venue of the chapter 11 cases to a court other than this Court; or (e) pursuant to which this Court abstains from hearing any of the chapter 11 cases. The terms and provisions of this Order, notwithstanding the entry of any such orders described in (a)–(e) above, shall continue in these chapter 11 cases or following dismissal of these chapter 11 cases.

3841.   Each and every federal, state, and local governmental agency, department, or official is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the Asset Purchase Agreement and the Transaction Documents.

3942.   The Asset Purchase Agreement and the Sale contemplated hereunder shall not be subject to any bulk sales laws or any similar law of any state or jurisdiction.

4043.   This Order is and shall be binding upon all persons and entities that may be required by operation of law, the duties of their office, or contract to accept, file, register, or

| | |
|---|---|
| Debtors: | POWIN, LLC, et al. |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the FlexGen Power Systems, LLC Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing the Assumption and Assignment of the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment Procedures, and (IV) Granting Related Relief |

otherwise record or release any documents or instruments, or that may be required to report or insure any title or state of title in or to any property; and each of the foregoing persons and entities shall accept for filing any and all of the documents and instruments necessary and appropriate to consummate the Asset Purchase Agreement.

4144.   To the extent there are any inconsistencies between this Order, the Motion, the Bidding Procedures Order, the Bidding Procedures, the Asset Purchase Agreement, and the Transaction Documents, the terms of this Order shall control.

4245.   Except to the extent expressly provided herein, notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity of any prepetition claim, interest, or lien against a Debtor entity; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any prepetition claim, interest, or lien on any grounds; (c) a promise or requirement to pay prepetition claims; (d) a waiver of the obligation of any party in interest to file a proof of claim; (e) an implication or admission that any particular claim, interest, or lien is of a type specified or defined in the Motion or this Order; (f) an authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (g) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law.

| | |
|---|---|
| Debtors: | POWIN, LLC, et al. |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the FlexGen Power Systems, LLC Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing the Assumption and Assignment of the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment Procedures, and (IV) Granting Related Relief |

4346. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 6006(d), 7062, and 9014 or any other Bankruptcy Rules or Local Rules to the contrary, the terms and conditions of this Order shall be effective and enforceable immediately upon entry, and the Debtors and the Purchaser are authorized to close the Sale immediately upon entry of this Order.

4447. Notice of the Motion, the Sale Hearing, the Asset Purchase Agreement, the Sale, and the proposed assumption and assignment of the Assumed Contracts, as provided therein, including through distribution of the Sale Notice and the Assumption Notice shall be deemed good and sufficient notice of such Motion, the Sale Hearing, the Asset Purchase Agreement, the Sale, and the proposed assumption and assignment of the Assumed Contracts, and the requirements of Bankruptcy Rules 2002, 6004(a), and 6004(c) and the Local Rules are satisfied by such notice. The Sale Notice is hereby approved.

4548. The rules of construction set forth in section 9.15 of the Asset Purchase Agreement shall apply to this Order, with necessary modifications.

4649. The Debtors are authorized and directed to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

4750. This Court retains jurisdiction, pursuant to its statutory powers under 28 U.S.C. § 157(b), to, among other things, (a) interpret, implement, and enforce the terms and provisions of this Order, the Asset Purchase Agreement, the other Transaction Documents, any amendments

(Page | 43)

| | |
|---|---|
| Debtors: | POWIN, LLC, et al. |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Order (I) Authorizing the Debtors to Enter Into and Perform Under the FlexGen Power Systems, LLC Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing the Assumption and Assignment of the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment Procedures, and (IV) Granting Related Relief |

thereto, and any waivers and consents given thereunder; (b) compel delivery of the Purchased

Assets to the Purchaser; (c) enforce the injunctions and limitations of liability set forth in this

Order; and (d) enter any orders under sections 363 and 365 of the Bankruptcy Code with respect

to the Assumed Contracts.

**Schedule 1**

**Asset Purchase Agreement**

| Summary report: Litera Compare for Word 11.4.0.111 Document comparison done on 8/6/2025 8:55:26 AM | |
|---|---|
| **Style name:** Underline Strikethrough | |
| **Intelligent Table Comparison:** Active | |
| **Original DMS:** iw://worksite.us.dentons.com/US_ACTIVE/130695343/4 | |
| **Modified DMS:** iw://worksite.us.dentons.com/US_ACTIVE/130695343/9 | |
| **Changes:** | |
| Add | 106 |
| Delete | 81 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 187 |