**DENTONS US LLP**

Lauren Macksoud (admitted)
101 JFK Parkway
Short Hills, NJ 07078
Telephone: (973) 912-7100
Facsimile: (973) 912-7199
Email: lauren.macksoud@dentons.com

**DENTONS US LLP**

Tania M. Moyron (admitted *pro hac vice*)
Van C. Durrer, II (admitted *pro hac vice*)
601 S. Figueroa Street #2500
Los Angeles, CA 90017
Telephone: (213) 623-9300
Facsimile: (213) 623-9924
Email: tania.moyron@dentons.com
       van.durrer@dentons.com

John D. Beck (admitted *pro hac vice*)
Sarah M. Schrag (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020-1089
Telephone: (212) 768-6700
Facsimile: (212) 768-6800
Email: john.beck@dentons.com
       sarah.schrag@dentons.com

*Proposed Counsel for Debtors and
Debtors in Possession*

**TOGUT, SEGAL & SEGAL LLP**

Frank A. Oswald (admitted)
550 Broad Street
Suite 1508
Newark, NJ 07102
Telephone: (212) 594-5000
Facsimile: (212) 967-4258
Email: frankoswald@teamtogut.com

Albert Togut (admitted *pro hac vice*)
Eitan Blander (admitted *pro hac vice*)
One Penn Plaza, Suite 3335
New York, New York 10119
Telephone: (212) 594-5000
Facsimile: (212) 967-4258
Email: altogut@teamtogut.com
       eblander@teamtogut.com

*Counsel for Debtors and
Debtors in Possession*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br>Powin, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-16137 (MBK)<br><br>(Jointly Administered) |

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin Project LLC [1583], (ii) Powin, LLC [0504], (iii) PEOS Holdings, LLC [5476], (iv) Powin China Holdings 1, LLC [1422], (v) Powin China Holdings 2, LLC [9713], (vi) Charger Holdings, LLC [5241], (vii) Powin Energy Ontario Storage, LLC [8348], (viii) Powin Energy Operating Holdings, LLC [2495], and (ix) Powin Energy Operating, LLC [6487] (x) Powin Energy Storage 2, Inc. [9926]; (xi) Powin Energy Ontario Storage II LP [5787]; and (xii) Powin Canada B.C. Ltd. [2239]. The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR 97062.

**CERTIFICATE OF NO OBJECTION WITH
RESPECT TO MOTION TO APPROVE COMPROMISE
OR SETTLEMENT UNDER RULE 9019**

**PLEASE TAKE NOTICE** that, in connection with the *Motion to Approve Compromise or Settlement Under Rule 9019* [ECF No. 355] (the "Motion"), and *Order Granting Motion of The Debtors For Entry of An Order (I) Authorizing And Approving Settlement Agreement; and (II) Granting Related Relief* (the "Proposed Order"), the above-captioned debtors and debtors in possession (collectively, the "Debtors"), by and through their undersigned counsel, hereby file this certificate of no objection.

**PLEASE TAKE FURTHER NOTICE** that the deadline for parties to file objections to approval of the Motion on a final basis was July 30, 2025 at 4:00 p.m. (prevailing Eastern Time) (the "Objection Deadline"). No objections or responses to the Motion were filed on the docket on or before the Objection Deadline.

**PLEASE TAKE FURTHER NOTICE** that the proposed order approving the relief requested in the Motion on a final basis along with the redacted Settlement Agreement (as defined in the Motion) (the "Proposed Order") is attached hereto as **Exhibit A**. The Debtors respectfully request that the Court enter the Proposed Order.

*[Concluded on the following page]*

Dated: August 6, 2025

**DENTONS US LLP**

*/s/ Lauren Macksoud*
Lauren Macksoud (admitted)
101 JFK Parkway
Short Hills, NJ 07078
Telephone: (973) 912-7100
Facsimile: (973) 912-7199
Email: lauren.macksoud@dentons.com

Tania M. Moyron (admitted pro hac vice)
Van C. Durrer, II (admitted pro hac vice)
601 S. Figueroa Street #2500
Los Angeles, CA 90017
Telephone: (213) 623-9300
Facsimile: (213) 623-9924
Email: tania.moyron@dentons.com
          van.durrer@dentons.com

John D. Beck (pro hac vice pending)
Sarah M. Schrag (pro hac vice pending)
1221 Avenue of the Americas
New York, NY 10020-1089
Telephone: (212) 768-6700
Facsimile: (212) 768-6800
Email: john.beck@dentons.com
          sarah.schrag@dentons.com

- and –

**TOGUT, SEGAL & SEGAL LLP**
Frank A. Oswald (admitted)
550 Broad Street, Suite 1508
Newark, NJ 07102
Telephone: (212) 594-5000
Facsimile: (212) 967-4258
Email: frankoswald@teamtogut.com

Albert Togut (admitted pro hac vice)
Eitan Blander (admitted pro hac vice)
One Penn Plaza, Suite 3335
New York, New York 10119
Telephone: (212) 594-5000
Facsimile: (212) 967-4258
Email: altogut@teamtogut.com
          eblander@teamtogut.com

*Proposed Counsel for Debtors and Debtors-in-Possession*

US_ACTIVE\130770543\V-2

# EXHIBIT "A"

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br>Powin, LLC, *et al.*,[1]<br>           Debtors. | Chapter 11<br><br>Case No. 25-16137 (MBK)<br><br>(Jointly Administered) |

**ORDER GRANTING MOTION OF THE DEBTORS FOR**
**ENTRY OF AN ORDER (I) AUTHORIZING AND APPROVING**
**SETTLEMENT AGREEMENT; AND (II) GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered three [3] through six [6], is **ORDERED**.

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin Project LLC [1583]; (ii) Powin, LLC [0504], (iii) PEOS Holdings, LLC [5476], (iv) Powin China Holdings 1, LLC [1422], (v) Powin China Holdings 2, LLC [9713], (vi) Charger Holdings, LLC [15241], (vii) Powin Energy Ontario Storage, LLC [8348], (viii) Powin Energy Operating Holdings, LLC [2495], (ix) Powin Energy Operating, LLC [6487] (x) Powin Energy Storage 2, Inc. [9926]; (xi) Powin Energy Ontario Storage II LP [5787]; and (xii) Powin Canada B.C. Ltd. [2239]. The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR 97062.

US_ACTIVE\130944605

(Page 2)
Debtors: Powin, LLC, *et al.*
Case No. 25-16137 (MBK)
Caption of Order: Order Granting Motion of the Debtors for Entry of an Order (I) Authorizing and Approving Settlement Agreement; and (II) Granting Related Relief

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

| **DENTONS US LLP** | **TOGUT, SEGAL & SEGAL LLP** |
|---|---|
| Lauren Macksoud (admitted)<br>101 JFK Parkway<br>Short Hills, NJ 07078<br>Telephone: (973) 912-7100<br>Facsimile: (973) 912-7199<br>Email: lauren.macksoud@dentons.com<br><br>Tania M. Moyron (admitted *pro hac vice*)<br>Van C. Durrer, II (admitted *pro hac vice*)<br>601 S. Figueroa Street #2500<br>Los Angeles, CA 90017<br>Telephone: (213) 623-9300<br>Facsimile: (213) 623-9924<br>Email: tania.moyron@dentons.com<br>       van.durrer@dentons.com<br><br>John D. Beck (admitted *pro hac vice*)<br>Sarah M. Schrag (admitted *pro hac vice*)<br>1221 Avenue of the Americas<br>New York, NY 10020-1089<br>Telephone: (212) 768-6700<br>Facsimile: (212) 768-6800<br>Email: john.beck@dentons.com<br>       sarah.schrag@dentons.com<br><br>*Proposed Counsel for Debtors and Debtors in Possession* | Frank A. Oswald (admitted)<br>550 Broad Street<br>Suite 1508<br>Newark, NJ 07102<br>Telephone: (212) 594-5000<br>Facsimile: (212) 967-4258<br>Email: frankoswald@teamtogut.com<br><br>Albert Togut (admitted *pro hac vice*)<br>Amanda C. Glaubach (admitted *pro hac vice*)<br>Eitan Blander (admitted *pro hac vice*)<br>One Penn Plaza, Suite 3335<br>New York, New York 10119<br>Telephone: (212) 594-5000<br>Facsimile: (212) 967-4258<br>Email: altogut@teamtogut.com<br>       aglaubach@teamtogut.com<br>       eblander@teamtogut.com<br><br>*Proposed Counsel for Debtors and Debtors in Possession* |

(Page 3)
Debtors:         Powin, LLC, *et al.*
Case No.        25-16137 (MBK)
Caption of Order: Order Granting Motion of the Debtors for Entry of an Order (I) Authorizing and Approving Settlement Agreement; and (II) Granting Related Relief

Upon consideration of the Motion[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order: (i) authorizing and approving that certain Settlement Agreement (the "Settlement Agreement") under Rules 2002, 6004, and 9019 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") and sections 105, 362, and 363 of title 11 of the United States Code, §§ 101 *et seq.* (the "Bankruptcy Code") by and among Powin and Idaho Power;[3] and (ii) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration and the Uzzi Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of New Jersey dated as of September 18, 2012, as amended on June 6, 2025; and this Court having found that consideration of the Motion and the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b) and this Order is a final order within the meaning of 28 U.S.C. § 158(a); and the Debtors having consented to the entry of a final order with respect to the Motion; and the Debtors having asserted that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion, opportunity to object, and opportunity for a hearing on the Motion were appropriate under the circumstances and that no other notice need be provided; and this Court having determined that the legal and factual bases set forth in the Motion, the First Day Declaration, and the Uzzi Declaration, and at the hearing thereon establish just cause for the relief granted herein; and all objections, responses, or reservations of rights filed or asserted in response to the Motion or the relief granted herein, if any, having been withdrawn, resolved, or overruled on their merits in their entirety; and upon all of the proceedings before this Court; and after due deliberation and sufficient

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.
[3] Each of Powin and Idaho Power are sometimes referred to herein individually as a "Party", and, collectively as the "Parties."

US_ACTIVE\130944605

(Page 4)
Debtors: Powin, LLC, *et al.*
Case No. 25-16137 (MBK)
Caption of Order: Order Granting Motion of the Debtors for Entry of an Order (I) Authorizing and Approving Settlement Agreement; and (II) Granting Related Relief

cause appearing therefor; and this Court having determined that the legal and factual bases set forth in the Motion and at the hearing thereon (the "Hearing") establish just cause for the relief granted herein; and upon all of the proceedings before this Court; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:[4]

1. The Motion is granted on a final basis to the extent set forth herein. Pursuant to sections 363(b) and 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019, the Settlement Agreement attached as **Exhibit 1** is approved in its entirety as entirely fair, equitable, and reasonable, and the terms and conditions of the Settlement Agreement are incorporated into this Order as if fully set forth herein.

2. The Debtors and Idaho Power are authorized to enter into, perform, execute, and deliver all documents, and take all actions necessary to timely and fully implement and consummate the Settlement Agreement and the relief granted in this Order.

3. The release of Idaho Power by Powin set forth in the Settlement Agreement is hereby approved in accordance with its terms and shall be effective upon the entry of this Order without further order of the Court or action of the Parties.

4. The total consideration provided by all parties pursuant to the Settlement Agreement constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code, the Uniform Voidable Transactions Act, the Uniform Fraudulent Transfer Act, the Uniform

---

[4] The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such. The Court's findings shall also include any oral findings of fact and conclusions of law made by the Court during or at the conclusion of the Hearing. This Order shall constitute the findings of fact and conclusions of law and shall take immediate effect upon execution hereof.

(Page 5)
Debtors: Powin, LLC, *et al.*
Case No. 25-16137 (MBK)
Caption of Order: Order Granting Motion of the Debtors for Entry of an Order (I) Authorizing and Approving Settlement Agreement; and (II) Granting Related Relief

Fraudulent Conveyance Act, and any other applicable law, and may not be avoided under any section of the Bankruptcy Code or any other applicable law.

5. The Settlement Agreement was entered into without collusion or fraud, in good faith, and at arm's length and was not entered into for the purpose of hindering, delaying, or defrauding creditors of the Debtors under the Bankruptcy Code or under the laws of the United States, any state, territory, possession thereof, or the District of Columbia, or any other applicable law. None of the Parties entered into the Settlement Agreement with any fraudulent or otherwise improper purpose.

6. The automatic stay pursuant to section 362 of the Bankruptcy Code is hereby modified to the extent necessary, without further order of the Court to implement the terms and provisions of the Settlement Agreement and this Order.

7. This Order shall be fully enforceable against each of the Debtors, their estates, and any successors thereto, including, without limitation, any asset purchaser, any contract assignee, any estate representative or trustee appointed in any of the Chapter 11 Cases, or in any case under chapter 7 of the Bankruptcy Code upon conversion of any of the Chapter 11 Cases, or in any other proceedings superseding or relating to any of the foregoing and/or upon the dismissal of any of the Chapter 11 Cases or any such successor cases, in each case, in accordance with the terms of this Order.

8. Notwithstanding the provisions of Bankruptcy Rules 6004(h) or 7062 or any applicable provisions of the Local Rules, this Order shall not be stayed after the entry hereof, but shall be effective and enforceable immediately upon entry, and the fourteen (14) day stay provided in Bankruptcy Rule 6004(h) is hereby expressly waived and shall not apply.

(Page 6)
Debtors: Powin, LLC, *et al.*
Case No. 25-16137 (MBK)
Caption of Order: Order Granting Motion of the Debtors for Entry of an Order (I) Authorizing and Approving Settlement Agreement; and (II) Granting Related Relief

9. In the event that there is a direct conflict between the terms of this Order, the Settlement Agreement, and any documents executed in connection therewith, the provisions contained in this Order, the Settlement Agreement, and any documents executed in connection therewith shall govern, in that order.

10. This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

11. All time periods set forth in this Order and the Settlement Agreement shall be calculated in accordance with Bankruptcy Rule 9006(a).

**Exhibit 1**

(Settlement Agreement)

US_ACTIVE\130944605



**ADAM RICHINS**
Senior Vice President and Chief Operating Officer
*arichins@idahopower.com*

*Confidential and inadmissible settlement communication under Idaho Rule of Evidence 408, Federal Rule of Evidence 408, and New York principles of law, made solely for the purpose of attempting to settle the disputed claims in this matter and is not to be construed as an admission of liability or used as evidence against any party in any legal proceeding.*

June 18, 2025

*Via email to mturnipseed@hcg.com, smoran@hcg.com, guzzi@uzzilall.com, brian.kane@powin.com*

Mitchener Turnipseed
Sean C Moran
Huron Transaction Advisory LLC

Gerard Uzzi
Uzzi & Lall
One Liberty Plaza
165 Broadway 23rd Floor
New York, NY 10006

*Re: Settlement Agreement*

Dear Team:

I am writing to renew Idaho Power's previous offer dated May 30, 2025 to resolve the liquidated damages incurred by Powin on two Idaho Power projects, Hemingway Expansion and Black Mesa.

Black Mesa Liquidated Damages

Pursuant to the Battery Energy Supply Agreement for the Black Mesa Project dated February 28, 2022 ("Black Mesa BESA"), the aggregate Liquidated Damages Cap for Delivery Liquidated Damages and Commissioning Liquidated Damages is ▮▮▮ of the Contract Price. Although the Black Mesa BESA Contract Price was reduced to ▮▮▮▮▮▮ pursuant to the Omnibus Change Order dated May 2, 2023, the Parties explicitly agreed that the Liquidated Damages Cap would be based on the original Contract Price of ▮▮▮▮▮▮▮, which equates to a total Liquidated Damages Cap of ▮▮▮▮▮▮▮ ("Black Mesa LD Cap").

Powin reached the ▮▮▮ Black Mesa LD Cap and did not receive an incentive under the Omnibus Change Order. With respect to the incentive, Powin did not commission 100% of capacity by the August 21, 2023 Incentivized Delayed Commissioning Date (reducing its ▮▮▮▮▮▮▮ maximum incentive by ▮▮▮▮▮▮). The remaining potential incentive of ▮▮▮▮▮▮ was thereafter reduced by ▮▮▮▮▮/day (40MW of reduced capacity x ▮▮▮▮▮/day) for 95+ days, resulting in Powin receiving zero incentive to offset the Black Mesa Liquidated Damages.

Settlement Agreement - Page **1** of **3**

With respect to the Delivery and Commissioning Liquidated Damages, Powin incurred a) ▇▇▇▇▇ for Delivery Liquidated Damages based on an 82-day delay of the Collection Segments (pro-rated for partial delivery with final delivery complete on May 3, 2023), and 119-day delay for the Energy Segments (pro-rated for partial delivery with final delivery complete on July 26, 2023), and b) ▇▇▇▇▇ for Commissioning Liquidated Damages based on Powin reaching the Black Mesa LD Cap. The Guaranteed Commissioning Date in the Black Mesa BESA is June 5, 2023, and Powin submitted the Commissioning Certificate on June 24, 2024 with a Commissioning complete date of June 15, 2024. Powin therefore exceeded both the ▇▇ Commissioning Liquidated Damages Cap and the overall Black Mesa LD Cap. Even if for arguments sake Powin has valid Buyer-Caused Delay claims to reduce the Commissioning Liquidated Damages, there is no potential argument that gets close to reducing those Liquidated Damages below ▇▇▇▇▇ considering Powin actually incurred nearly double that amount in Commissioning Liquidated Damages had Powin not reached the Black Mesa LD Cap.

To date, Idaho Power has paid a total amount of ▇▇▇▇▇ under the Black Mesa BESA. Based on a ▇▇▇▇▇ Contract Price and Powin incurring Liquidated Damages up to the ▇▇▇▇▇ Black Mesa LD Cap, Idaho Power has overpaid Powin in the amount of $125,896.

Hemingway Expansion Liquidated Damages

Pursuant to the Energy Supply Agreement for the Hemingway Expansion Project dated June 8, 2023 ("Hemingway Expansion ESA"), Idaho Power is entitled to Commissioning Liquidated Damages in the amount of ▇▇▇▇▇. The Guaranteed Commissioning Date in the Hemingway Expansion ESA is June 15, 2024. Powin submitted the Commissioning Certificate on February 4, 2025 with a Commissioning complete date of January 26, 2025. Although Idaho Power does not agree with Powin's Buyer-Caused Delay claims considering the ongoing problems Idaho Power was having with the Powin BESS throughout the entirety of Powin's performance, which we have discussed, Idaho Power would be willing, in the context of a settlement, to agree for purposes of resolution that Powin's best case scenario for achieving Commissioning would be October 31, 2024. This is 138 days after the June 15, 2024 Guaranteed Commissioning Date and would result in Powin having incurred ▇▇▇▇▇ for Commissioning Liquidated Damages.

To date, Idaho Power has paid a total amount of ▇▇▇▇▇ under the Hemingway Expansion ESA. Based on a ▇▇▇▇▇ Contract Price and Powin incurring Commissioning Liquidated Damages in the amount of ▇▇▇▇▇ under the circumstances described above, Idaho Power has overpaid Powin in the amount of $144,285.

Resolution of Liquidated Damages

As demonstrated by the above calculations, even considering Powin's best case scenarios for achieving Commissioning under the Black Mesa BESA and the Hemingway Expansion ESA, Powin is not entitled to any further payments from Idaho Power. However, in the interest of expediting resolution of these liquidated damages, Idaho Power is hereby offering to pay **one million dollars ($1,000,000)** in cash (the "Settlement Payment") in full and final satisfaction of all remaining obligations, liabilities, claims, or other payment rights under the Black Mesa BESA and the Hemingway Expansion ESA that are or could potentially be owed by Idaho Power to Powin. This offer will remain open through **Thursday, June 19, 2025**. If this is acceptable to you, please countersign this letter below. Upon receipt of your countersignature and entry of an order by the Bankruptcy Court in form and substance acceptable to Idaho Power approving our settlement, Idaho Power would make the Settlement Payment to Powin within one (1) business day, and upon receipt of such payment, this settlement agreement would become effective.

Please do not hesitate to contact me if you have any questions.

Sincerely,

*Adam Richins* (signature)

Adam J. Richins
Senior Vice President & Chief Operating Officer

**Counterparty**

*Brian Kane* (signature)
Signature

Brian Kane
Print

CEO
Title

6/19/2025
Date