| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** | |
| **GENOVA BURNS LLC**<br>Daniel M. Stolz, Esq.<br>Donald W. Clarke, Esq.<br>Susan A. Long, Esq.<br>Jaclynn N. McDonnell, Esq.<br>dstolz@genovaburns.com<br>dclarke@genovaburns.com<br>slong@genovaburns.com<br>jmcdonnell@genovaburns.com<br>110 Allen Road, Suite 304<br>Basking Ridge, NJ 07920<br>Tel: (973) 533-0777<br>Fax: (973) 814-4045<br><br>*Proposed Local Counsel for the Official Committee of Unsecured Creditors* | **Order Filed on August 7, 2025**<br>**by Clerk**<br>**U.S. Bankruptcy Court**<br>**District of New Jersey** |
| In re:<br><br>POWIN, LLC, *et al.*,[1]<br><br>Debtor. | Chapter 11<br><br>Case No.: 25-16137 (MBK)<br>(Jointly Administered)<br><br>Honorable Michael B. Kaplan |

## ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF ALVAREZ & MARSAL NORTH AMERICA, LLC AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE DEBTORS, POWIN, LLC, *ET AL.*, EFFECTIVE JULY 1, 2025

The relief set forth on the following pages 2 through 5 is hereby **ORDERED.**

**DATED: August 7, 2025**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

(Page 2)
Debtors: POWIN LLC, *et al.*
Case No.: 25-16137(MBK)
Caption of Order: ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF ALVAREZ & MARSAL NORTH AMERICA, LLC AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE DEBTORS, POWIN, LLC, ET AL., *NUNC PRO TUNC* TO JULY 1, 2025

---

Upon the application (the "Application")[2] of the Official Committee of Unsecured Creditors (the "Committee") appointed in the Chapter 11 Cases of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order pursuant to sections 328, and 1103 of title 11 of the United States Code (the "Bankruptcy Code"), authorizing the employment and retention of Alvarez & Marsal North America, LLC (together with employees of its affiliates (all of which are wholly-owned by its parent company and employees), its wholly owned subsidiaries, and independent contractors (collectively, "A&M"), as financial advisor to the Committee, effective as of July 1, 2025; and upon the Newman Declaration; and due and adequate notice of the Application having been given; and it appearing that no other notice need be given; and it appearing that A&M does not represent any adverse interest in connection with these cases; and it appearing that the relief requested in the Application is in the best interest of the Committee; it is hereby

ORDERED that:

1.  The Application is approved as set forth therein.

2.  In accordance with Bankruptcy Code sections 328 and 1103, the Committee shall employ and retain A&M effective as of July 1, 2025, as its financial advisor on the terms set forth in the Application without the need for any further action on the part of A&M or the Committee to document such retention.

---

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Application.

(Page 3)
Debtors: POWIN LLC, *et al.*
Case No.: 25-16137(MBK)
Caption of Order: ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF ALVAREZ & MARSAL NORTH AMERICA, LLC AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE DEBTORS, POWIN, LLC, ET AL., *NUNC PRO TUNC* TO JULY 1, 2025

---

3. The terms of A&M's engagement, as set forth in the Application, including, without limitation, the compensation provisions and the indemnification provisions, are reasonable terms and conditions of employment and are hereby approved. However, any of the Debtors' obligations to indemnify A&M pursuant to the indemnification provisions included in the Application are subject to the following:

(a) all requests by A&M for the payment of indemnification as set forth in this Order shall be made by means of an application to the Court and shall be subject to review by the Court to ensure that payment of such indemnity conforms to the terms of the Application and this Order and is reasonable under the circumstances of the litigation or settlement in respect of which indemnity is sought; provided, however, that in no event shall A&M be indemnified if a court determines by final order (which final order is no longer subject to appeal) that such claim arose out of its own bad faith, breach of fiduciary duty (if any), gross negligence or willful misconduct (including self-dealing);

(b) in no event shall A&M be indemnified for any claim that either (i) a court determines by final order (which final order is no longer subject to appeal) that such claim arose out of A&M's own bad faith, self-dealing, breach of fiduciary duty (if any), gross negligence or willful misconduct, or (ii) the claim is settled prior to a judicial determination as to A&M's bad faith, self-dealing, breach of fiduciary duty (if any), gross negligence or willful misconduct, but is determined by this Court, after notice and a hearing pursuant to terms

Case 25-16137-MBK    Doc 667    Filed 08/07/25    Entered 08/07/25 12:42:45    Desc Main
Document    Page 4 of 5

(Page 4)
Debtors:             POWIN LLC, *et al.*
Case No.:            25-16137(MBK)
Caption of Order:    ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF ALVAREZ & MARSAL NORTH AMERICA, LLC AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE DEBTORS, POWIN, LLC, ET AL., *NUNC PRO TUNC* TO JULY 1, 2025

---

of the Application and this Order, to be a claim or expense for which A&M is not entitled to receive indemnity under the terms of the Application and this Order; and

(c) in the event A&M seeks reimbursement from the Debtors for attorneys' fees and expenses in connection with the payment of an indemnity claim pursuant to this Order, the invoices and supporting time records from such attorneys shall be included in A&M's own applications, both interim and final, and such invoices and time records shall be subject to the United States Trustee's Guidelines for compensation and reimbursement of expenses and the approval of the Court pursuant to sections 330 and 331 of the Bankruptcy Code without regard to whether such attorneys have been retained under section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

4.      A&M shall file applications for interim and final allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in Bankruptcy Code sections 330 and 331, such Bankruptcy Rules as may then be applicable, the Local Bankruptcy Rules, the Guidelines, and the Court's Interim Compensation Order and any amendments or modifications thereto.

5.      To the extent that there may be any inconsistency between the terms of the Application and this Order, the terms of this Order shall govern.

(Page 5)
Debtors: POWIN LLC, *et al.*
Case No.: 25-16137(MBK)
Caption of Order: ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF ALVAREZ & MARSAL NORTH AMERICA, LLC AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE DEBTORS, POWIN, LLC, ET AL., *NUNC PRO TUNC* TO JULY 1, 2025

---

6. The Committee and A&M are authorized to take all actions it deems necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

7. This Order shall be immediately effective and enforceable upon its entry. Notice of the Application as provided therein is deemed to be good and sufficient notice of such Application, and the requirements of the Bankruptcy Rules and the Local Bankruptcy Rules are satisfied by the Application.

8. This Court shall retain jurisdiction with respect to all matters arising or related to the implementation of this Order or A&M's services for the Committee.