IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

Order Filed on August 7, 2025
by Clerk
U.S. Bankruptcy Court
District of New Jersey

In re:

Powin, LLC, *et al.*,[1]

    Debtors.

Chapter 11

Case No. 25-16137 (MBK)

(Jointly Administered)

# ORDER AUTHORIZING
# (I) REJECTION OF THE LEASE OF NON-RESIDENTIAL REAL PROPERTY LOCATED AT 1414 NW NORTHRUP STREET EFFECTIVE AS OF JUNE 30, 2025 AND (II) ABANDONMENT OF PERSONAL PROPERTY TO THE LANDLORD

The relief set forth on the following pages, numbered (3) through (6), is **ORDERED.**

DATED: August 7, 2025

Honorable Michael B. Kaplan
United States Bankruptcy Judge

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin Project LLC [1583]; (ii) Powin, LLC [050_]; ... China Holdings 1, LLC [1422]; (v) Powin China Holdings 2, LL_; ... (vii) Powin Energy Ontario Storage, LLC [8348]; (viii) Powin _; Powin Energy Operating, LLC [6487]; (x) Powin Energy Stora_; Storage II LP, [5787]; and (xii) Powin Canada B.C. Ltd. [2239]. The Debtors' mailing address is _ Avenue Tualatin, OR 97062.

(Page | 2)

| | |
|---|---|
| Debtors: | Powin, LLC, *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Order Authorizing (I) Rejection of The Lease of Non-Residential Real Property Located at 1414 NW Northrup Street Effective as of June 30, 2025 and (II) Abandonment of Personal Property to the Landlord |

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

| **DENTONS US LLP** | **TOGUT, SEGAL & SEGAL LLP** |
|---|---|
| Tania M. Moyron (admitted *pro hac vice*) | Frank A. Oswald (admitted) |
| Van C. Durrer, II (admitted *pro hac vice*) | 550 Broad Street |
| 601 S. Figueroa Street #2500 | Suite 1508 |
| Los Angeles, CA 90017 | Newark, NJ 07102 |
| Telephone: (213) 623-9300 | Telephone: (212) 594-5000 |
| Facsimile: (213) 623-9924 | Facsimile: (212) 967-4258 |
| Email: tania.moyron@dentons.com | Email: frankoswald@teamtogut.com |
| van.durrer@dentons.com | |
| | Albert Togut (admitted *pro hac vice*) |
| John D. Beck (admitted *pro hac vice*) | Amanda C. Glaubach (admitted *pro hac vice*) |
| Sarah M. Schrag (admitted *pro hac vice*) | Eitan Blander (admitted *pro hac vice*) |
| 1221 Avenue of the Americas | One Penn Plaza, Suite 3335 |
| New York, NY 10020-1089 | New York, New York 10119 |
| Telephone: (212) 768-6700 | Telephone: (212) 594-5000 |
| Facsimile: (212) 768-6800 | Facsimile: (212) 967-4258 |
| Email: john.beck@dentons.com | Email: altogut@teamtogut.com |
| sarah.schrag@dentons.com | aglaubach@teamtogut.com |
| | eblander@teamtogut.com |
| *Proposed Counsel for Debtors and Debtors in Possession* | *Proposed Counsel for Debtors and Debtors in Possession* |

(Page | 3)

| | |
|---|---|
| Debtors: | Powin, LLC, *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Order Authorizing (I) Rejection of The Lease of Non-Residential Real Property Located at 1414 NW Northrup Street Effective as of June 30, 2025 and (II) Abandonment of Personal Property to the Landlord |

Upon consideration of the application (the "Motion"),[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order") authorizing (a) the rejection of that certain unexpired lease, including any guaranties thereof and any amendments, modifications, supplements, or subleases thereto (the "Lease") between NP Machineworks, LLC (the "Landlord") and Debtor Powin, LLC (the "Tenant") for the premises located at 1414 NW Northrup Street, Portland, Oregon 97209 (the "Premises") and (b) the abandonment of any remaining fixtures, furniture, or other personal property located in the Premises (collectively, the "Personal Property"), effective as of June 30, 2025 (the "Rejection Date"), all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference to the Bankruptcy Court Under Title 11 of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.) and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found sufficient cause exists for the relief set forth herein; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing, if any, before this Court; and this Court having determined that the legal and factual bases set forth in the Motion

(Page | 4)

| | |
|---|---|
| Debtors: | Powin, LLC, *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Order Authorizing (I) Rejection of The Lease of Non-Residential Real Property Located at 1414 NW Northrup Street Effective as of June 30, 2025 and (II) Abandonment of Personal Property to the Landlord |

establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1. The Motion is **GRANTED** as set forth herein.

2. Pursuant to section 365 of the Bankruptcy Code, the Lease is hereby rejected, to be effective as of the Rejection Date.

3. The Debtors shall not be liable for any additional administrative rent or other expenses arising after the Rejection Date..

4. The Debtors are authorized to abandon any Personal Property located at the Premises and all such property is deemed abandoned to the Landlord as of the Rejection Date. The Landlord may utilize or dispose of such Personal Property without liability to any third parties, and without further notice to any party claiming an interest in such abandoned Personal Property. The automatic stay, to the extent applicable, is modified in favor of the Landlord to allow for such utilization or disposition.

5. Nothing contained in the Motion or this Order, and no action taken pursuant to the relief requested or granted (including any payment made in accordance with this Order), is intended as or shall be construed or deemed to be: (a) an admission as to the amount of, basis for, priority of, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to

---

[2] Capitalized terms used but not otherwise defined herein have the meaning ascribed to them in the Motion.

(Page | 5)
Debtors:            Powin, LLC, *et al.*
Case No.            25-16137 (MBK)
Caption of Order:   Order Authorizing (I) Rejection of The Lease of Non-Residential Real Property Located at 1414 NW Northrup Street Effective as of June 30, 2025 and (II) Abandonment of Personal Property to the Landlord

dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in the Motion or this Order; (e) an admission as to the validity, priority, enforceability or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (f) a waiver or limitation of any claims, causes of action or other rights of the Debtors or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law.

6. Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Order shall be effective and enforceable immediately upon entry hereof.

7. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

8. The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

9. The Debtors shall serve a copy of this Order on all required parties pursuant to Local Rule 9013-5(f).

10. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.