**Order Filed on August 8, 2025
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

| | |
|---|---|
| In re:<br><br>Powin, LLC, *et al.*,[1]<br><br>              Debtors. | Chapter 11<br><br>Case No. 25-16137 (MBK)<br><br>(Jointly Administered) |

# ORDER AUTHORIZING THE DEBTORS TO (I) EMPLOY AND RETAIN UZZI & LALL TO PROVIDE THE DEBTORS A CHIEF RESTRUCTURING OFFICER AND CERTAIN ADDITIONAL PERSONNEL AND (II) DESIGNATE GERARD UZZI AS CHIEF RESTRUCTURING OFFICER FOR THE DEBTORS EFFECTIVE AS OF THE PETITION DATE

The relief set forth on the following pages, numbered three [3] through eight [8], is **ORDERED.**

**DATED: August 8, 2025**

*/s/ Michael B. Kaplan*
Honorable Michael B. Kaplan
United States Bankruptcy Judge

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin Project LLC [1583]; (ii) Powin, LLC [0504]; (iii) PEOS Holdings, LLC [5476]; (iv) Powin China Holdings 1, LLC [1422]; (v) Powin China Holdings 2, LLC [9713]; (vi) Charger Holdings, LLC [15241]; (vii) Powin Energy Ontario Storage, LLC [8348]; (viii) Powin Energy Operating Holdings, LLC [2495]; (ix) Powin Energy Operating, LLC [6487]; (x) Powin Energy Storage 2, Inc. [9926]; (xi) Powin Energy Ontario Storage II LP [5787]; and (xii) Powin Canada B.C. Ltd. [2239]. The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR 97062.

US_ACTIVE\130931209

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

| **DENTONS US LLP** | **TOGUT, SEGAL & SEGAL LLP** |
|---|---|

Lauren Macksoud (admitted)
101 JFK Parkway
Telephone: (973) 912-7100
Facsimile: (973) 912-7199
Email: lauren.macksoud@dentons.com

Tania M. Moyron (admitted *pro hac vice*)
Van C. Durrer, II (admitted *pro hac vice)*
601 S. Figueroa Street #2500
Los Angeles, CA 90017
Telephone: (213) 623-9300
Facsimile: (213) 623-9924
Email: tania.moyron@dentons.com
    van.durrer@dentons.com

John D. Beck (admitted *pro hac vice*)
Sarah M. Schrag (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020-1089
Telephone: (212) 768-6700
Facsimile: (212) 768-6800
Email: john.beck@dentons.com
    sarah.schrag@dentons.com

*Proposed Counsel for Debtors and Debtors in Possession*

Frank A. Oswald (admitted)
550 Broad Street
Suite 1508
Newark, NJ 07102
Telephone: (212) 594-5000
Facsimile: (212) 967-4258
Email: frankoswald@teamtogut.com

Albert Togut (admitted *pro hac vice*)
Amanda C. Glaubach (admitted *pro hac vice*)
Eitan Blander (admitted *pro hac vice*)
One Penn Plaza, Suite 3335
New York, New York 10119
Telephone: (212) 594-5000
Facsimile: (212) 967-4258
Email: altogut@teamtogut.com
    aglaubach@teamtogut.com
    eblander@teamtogut.com

*Proposed Counsel for Debtors and Debtors in Possession*

(Page 3)

| | |
|---|---|
| Debtors: | POWIN, LLC, *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Order Authorizing the Debtors to (I) Employ and Retain Uzzi & Lall to Provide the Debtors a Chief Restructuring Officer and Certain Additional Personnel and (II) Designate Gerard Uzzi as Chief Restructuring Officer for the Debtors Effective as of the Petition Date |

Upon the application (the "Application") of the debtors and debtors in possession (the "Debtors") in the above-captioned chapter 11 cases seeking authorization to (i) employ and retain CBMN Advisors LLC d/b/a Uzzi & Lall ("Uzzi & Lall") to provide the Debtors with a Chief Restructuring Officer ("CRO") and certain additional supportive staff of Uzzi & Lall to assist the CRO, and (ii) designate Gerard Uzzi as CRO in these chapter 11 cases effective as of the Petition Date; and upon consideration of the Uzzi Declaration submitted concurrently with the Application and the other declarations and exhibits filed in these chapter 11 cases; and the Court being satisfied, based on the representations made in the Application and the Uzzi Declaration, that Uzzi & Lall does not represent or hold any interest adverse to the Debtors or the Debtors' estates with respect to the matters upon which it is to be engaged, and is disinterested as that term is defined under section 101(14) of the Bankruptcy Code, and as modified by section 1107(b) of the Bankruptcy Code; and this Court having jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334, and the *Standing Order of Reference* from the United States District Court for the District of New Jersey dated as of September 18, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. § 1408; and due and sufficient notice of the Application having been given under the particular circumstances; and it appearing that no other or further notice is necessary; and this Court having reviewed the Application; and after due deliberation and good and sufficient cause appearing therefor, it is hereby **ORDERED THAT:**

(Page 4)

| | |
|---|---|
| Debtors: | POWIN, LLC, *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Order Authorizing the Debtors to (I) Employ and Retain Uzzi & Lall to Provide the Debtors a Chief Restructuring Officer and Certain Additional Personnel and (II) Designate Gerard Uzzi as Chief Restructuring Officer for the Debtors Effective as of the Petition Date |

1. The Application is GRANTED, as set forth herein.

2. The terms of the Engagement Letter, including without limitation, the compensation, indemnification, and liability limitation provisions, as modified by the Application and this Order, are approved as reasonable terms and conditions of employment.

3. Notwithstanding anything in the Motion, Uzzi Declaration, or Engagement Letter to the contrary, Uzzi & Lall shall apply any remaining amounts of the Retainer as a credit toward postpetition fees and expenses to the extent such postpetition fees and expenses are not objected to. At the conclusion of Uzzi & Lall's engagement by the Debtors, if the amount of the Retainer held by Uzzi & Lall is in excess of the amount of Uzzi & Lall's outstanding and estimated fees, expenses, and costs, Uzzi & Lall will pay to the Debtors the amount by which the Retainer exceeds such fees, expenses, and costs, in each case in accordance with the Engagement Letter. In addition, the evergreen retainer included in the "Retainer" section of the Engagement Letter is null and void during the pendency of these chapter 11 cases.

4. Pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, the Debtors are authorized to employ and retain Uzzi & Lall to provide the Debtors with a CRO and Hourly Temporary Staff, and to designate Gerard Uzzi as CRO for the Debtors, effective as of the Petition Date on the terms set forth in the Engagement Letter, subject to the following terms, which apply notwithstanding anything to the contrary in the Engagement Letter, the Application, or any of the exhibits related thereto:

    a. Uzzi & Lall and its affiliates shall not act in any other capacity (for example, and without limitation, as a financial advisor, claims agent/claims

(Page 5)
Debtors: POWIN, LLC, *et al.*
Case No. 25-16137 (MBK)
Caption of Order: Order Authorizing the Debtors to (I) Employ and Retain Uzzi & Lall to Provide the Debtors a Chief Restructuring Officer and Certain Additional Personnel and (II) Designate Gerard Uzzi as Chief Restructuring Officer for the Debtors Effective as of the Petition Date

      administrator, or investor/acquirer) in connection with these chapter 11 cases.

b. In the event the Debtors seek to have Uzzi & Lall personnel assume executive officer positions that are different than the positions disclosed in the Application, or to materially change the terms of the engagement by either (i) modifying the functions of personnel, (ii) adding new executive officers, or (iii) altering or expanding the scope of the engagement, an application or motion to modify the retention shall be filed.

c. Uzzi & Lall shall file with this Court with copies to the United States Trustee ("U.S. Trustee") and all official committees (the "Notice Parties"), a report of staffing on these chapter 11 cases (the "Staffing Report") by the 25th of each month for the previous month. Such report shall include the names and functions filled of the individuals assigned. The Notice Parties shall have twenty-one (21) days after the date each Staffing Report is served to object to such Staffing Report. The Staffing Reports shall be subject to review by the Court in the event an objection is filed. The first Staffing Report shall cover the period from the Petition Date until the end of the month in which this Order is entered and shall be submitted within twenty-five (25) days thereafter.

d. Uzzi & Lall shall submit reports of compensation earned and expenses incurred on a monthly basis (the "Compensation Reports") to the Court with copies to the Notice Parties by the 25th of each month for the previous month. The Compensation Reports shall summarize the services provided, and identify the compensation earned and expenses incurred by each executive officer and Additional Personnel/staff employee. Time records shall (i) be appended to the Compensation Reports, (ii) contain detailed time entries describing the task(s) performed, and (iii) be organized by project category. Where personnel are providing services at an hourly rate, the time entries shall identify the time spent completing each task in one-tenth of an hour (0.1 hour) increments and the corresponding charge (time multiplied by hourly rate) for each task; where personnel are providing services at a "flat" rate, the time entries shall be kept in .5 hour increments. The Notice Parties and the Debtors shall have twenty-one (21) days after the date each Compensation Report is served to object to such Compensation Report. The Compensation Reports shall be subject to Court review in the event an objection is filed. The Debtors shall be authorized, but not directed, to pay, in the ordinary course of business, all amounts invoiced by Uzzi & Lall for

(Page 6)
Debtors:              POWIN, LLC, *et al.*
Case No.              25-16137 (MBK)
Caption of Order:     Order Authorizing the Debtors to (I) Employ and Retain Uzzi & Lall to Provide the Debtors a Chief Restructuring Officer and Certain Additional Personnel and (II) Designate Gerard Uzzi as Chief Restructuring Officer for the Debtors Effective as of the Petition Date

    fees and expenses incurred in connection with Uzzi & Lall's retention. In the event an objection is filed and served and not consensually resolved, the Debtors shall deduct an amount equal to the amount objected to from the next payment to Uzzi & Lall until such objection is resolved, either consensually or by Court order. All fees and expenses paid to Uzzi & Lall are subject to disgorgement to the extent an objection is filed and sustained after payment of any fees and expenses. The first Compensation and Staffing Report shall cover the period from the Petition Date until the end of the month in which this Order is entered and shall be submitted within twenty-five (25) days thereafter.

e. The Debtors may file each monthly Staffing Report and each monthly Compensation Report as one joint single report.

f. No principal, employee, or independent contractor of Uzzi & Lall and its affiliates shall serve as a director of the above-captioned Debtors during the pendency of these chapter 11 cases.

g. Success fees, transaction fees, or other back-end fees shall be approved by the Court at the conclusion of the chapter 11 cases on a reasonableness standard and are not being preapproved by entry of this Order. No success fee, transaction fee or back-end fee shall be sought upon conversion of the chapter 11 cases, dismissal of the chapter 11 cases for cause, or appointment of a trustee.

h. Notwithstanding the terms of the Engagement Letter, the Debtors are permitted to indemnify only those persons serving as officers on the same terms as provided to the Debtors' other officers and directors under the corporate bylaws and applicable state law, along with insurance coverage under the Debtors' D&O policies.

i. There shall otherwise be no indemnification of Uzzi & Lall or its affiliates.

j. To the extent Uzzi & Lall uses the services of third party independent contractor entities or subcontractors (collectively, the "Contractors") in these chapter 11 cases, (i) Uzzi & Lall shall pass through the cost of such Contractors to the Debtors at the same rate that Uzzi & Lall pays the Contractors; (ii) seek reimbursement for actual costs only; (iii) ensure that the Contractors are subject to the same conflicts checks as required for Uzzi

(Page 7)
Debtors: POWIN, LLC, *et al.*
Case No. 25-16137 (MBK)
Caption of Order: Order Authorizing the Debtors to (I) Employ and Retain Uzzi & Lall to Provide the Debtors a Chief Restructuring Officer and Certain Additional Personnel and (II) Designate Gerard Uzzi as Chief Restructuring Officer for the Debtors Effective as of the Petition Date

& Lall; and (iv) file with this Court disclosures pertaining to such Contractors of the kind required by Bankruptcy Rule 2014.

k. For a period of three years after the conclusion of the engagement, neither Uzzi & Lall nor any of its affiliates shall make any investments in the Debtors or any reorganized Debtor.

l. Uzzi & Lall shall disclose any and all facts that may have a bearing on whether Uzzi & Lall, its affiliates, and/or any individuals working on the engagement hold or represent any interest adverse to the interest of the Debtors, the Debtors' creditors or other parties-in-interest. The obligation to disclose identified in this subparagraph is a continuing obligation.

5. To the extent there is inconsistency between the terms of the Engagement Letter, the Application, and this Order, the terms of this Order shall govern.

6. Any limitations of liability pursuant to the terms and conditions set forth in the Engagement Letter, or otherwise, are hereby eliminated for the duration of these chapter 11 cases.

7. Uzzi & Lall shall use its best efforts to avoid any unnecessary duplication of services provided by any professionals retained by the Debtors in these chapter 11 cases.

8. The "Billing" section in the Engagement Letter that provides invoices are to be submitted every two (2) weeks and invoices are to be paid within three (3) business days of the date of an invoice is null and void during the pendency of these chapter 11 cases.

9. The Dispute Resolution Provisions included in the Application are null and void during the pendency of these chapter 11 cases.

10. The Debtors are authorized to take all action necessary or appropriate to effectuate the relief granted pursuant to this Order in accordance with the Application.

(Page 8)
Debtors: POWIN, LLC, *et al.*
Case No. 25-16137 (MBK)
Caption of Order: Order Authorizing the Debtors to (I) Employ and Retain Uzzi & Lall to Provide the Debtors a Chief Restructuring Officer and Certain Additional Personnel and (II) Designate Gerard Uzzi as Chief Restructuring Officer for the Debtors Effective as of the Petition Date

11. This Court shall retain exclusive jurisdiction and power to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Order.