**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>POWIN, LLC, *et al.*,[1]<br><br>　　　　Debtors. | Chapter 11<br><br>Case No. 25-16137 (MBK)<br><br>(Jointly Administered) |

**Order Filed on August 7, 2025
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

**FINAL ORDER GRANTING MOTION OF THE DEBTORS FOR ENTRY OF AN
ORDER (I) APPROVING DEBTORS' PROPOSED FORM OF ADEQUATE ASSURANCE OF
PAYMENT TO UTILITY COMPANIES, (II) ESTABLISHING PROCEDURES FOR
RESOLVING OBJECTIONS BY UTILITY COMPANIES, (III) PROHIBITING UTILITY
COMPANIES FROM ALTERING, REFUSING, OR DISCONTINUING SERVICE, AND
(IV) GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered three (3) through eleven (11), is

**ORDERED**.

**DATED: August 7, 2025**

　　　　　　　　　　　　　　　　　　　　　　　　　　Honorable Michael B. Kaplan
　　　　　　　　　　　　　　　　　　　　　　　　　　United States Bankruptcy Judge

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin Project LLC [1583]; (ii) Powin, LLC [0504], (iii) PEOS Holdings, LLC [5476], (iv) Powin China Holdings 1, LLC [1422], (v) Powin China Holdings 2, LLC [9713], (vi) Charger Holdings, LLC [5241], (vii) Powin Energy Ontario Storage, LLC [8348], (viii) Powin Energy Operating Holdings, LLC [2495], (ix) Powin Energy Operating, LLC [6487] (x) Powin Energy Storage 2, Inc., [9926]; (xi) Powin Energy Ontario Storage II LP, [5787]; and (xii) Powin Canada B.C. Ltd. [2239]. The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR 97062.

US_ACTIVE\130931231\V-3

(Page 2)

Debtors: Powin, LLC, *et al.*
Case No. 25-16137 (MBK)
Caption of Order: Final Order Granting Motion of the Debtors for Entry of Order (I) Approving Debtors' Proposed Form of Adequate Assurance of Payment to Utility Companies, (II) Establishing Procedures for Resolving Objections by Utility Companies, (III) Prohibiting Utility Companies From Altering, Refusing, or Discontinuing Service, and (IV) Granting Related Relief

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

| **DENTONS US LLP** | **TOGUT, SEGAL & SEGAL LLP** |
|---|---|
| Lauren Macksoud (admitted)<br>101 JFK Parkway<br>Short Hills, NJ 07078<br>Telephone: (973) 912-7100<br>Facsimile: (973) 912-7199<br>Email: lauren.macksoud@dentons.com<br><br>Tania M. Moyron (admitted *pro hac vice*)<br>Van C. Durrer, II (admitted *pro hac vice*)<br>601 S. Figueroa Street #2500<br>Los Angeles, CA 90017<br>Telephone: (213) 623-9300<br>Facsimile: (213) 623-9924<br>Email: tania.moyron@dentons.com<br>        van.durrer@dentons.com<br><br>John D. Beck (admitted *pro hac vice*)<br>Sarah M. Schrag (admitted *pro hac vice*)<br>1221 Avenue of the Americas<br>New York, NY 10020-1089<br>Telephone: (212) 768-6700<br>Facsimile: (212) 768-6800<br>Email: john.beck@dentons.com<br>        sarah.schrag@dentons.com<br><br>*Proposed Counsel for Debtors and Debtors in Possession* | Frank A. Oswald (admitted)<br>550 Broad Street<br>Suite 1508<br>Newark, NJ 07102<br>Telephone: (212) 594-5000<br>Facsimile: (212) 967-4258<br>Email: frankoswald@teamtogut.com<br><br>Albert Togut (admitted *pro hac vice*)<br>Amanda C. Glaubach (admitted *pro hac vice*)<br>Eitan Blander (admitted *pro hac vice*)<br>One Penn Plaza, Suite 3335<br>New York, New York 10119<br>Telephone: (212) 594-5000<br>Facsimile: (212) 967-4258<br>Email: altogut@teamtogut.com<br>        aglaubach@teamtogut.com<br>        eblander@teamtogut.com<br><br>*Proposed Counsel for Debtors and Debtors in Possession* |

US_ACTIVE\130931231\V-3

(Page 3)

| | |
|---|---|
| Debtors: | Powin, LLC, *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Final Order Granting Motion of the Debtors for Entry of Order (I) Approving Debtors' Proposed Form of Adequate Assurance of Payment to Utility Companies, (II) Establishing Procedures for Resolving Objections by Utility Companies, (III) Prohibiting Utility Companies From Altering, Refusing, or Discontinuing Service, and (IV) Granting Related Relief |

Upon consideration of the motion (the "Motion")[2] of the Debtors for entry of an order (this "Final Order"), pursuant to §§ 105(a) and 366 of the Bankruptcy Code, and Bankruptcy Rules 6003 and 6004: (i) approving the Debtors' proposed form of adequate assurance of payment to the Utility Companies; (ii) establishing procedures for resolving objections by Utility Companies relating to the adequacy of the proposed adequate assurance provided by the Debtors; (iii) prohibiting the Utility Companies from altering, refusing, or discontinuing service to, or discriminating against, the Debtors on the basis of the commencement of these Chapter 11 Cases and/or any outstanding prepetition debts; and (iv) granting related relief, all as more fully set forth in the Motion; and upon consideration of the First Day Declaration, and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b) and the *Standing Order of Reference from the United States District Court for the District of New Jersey* dated as of September 19, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), that the Debtors consent to entry of a final order under Article III of the United States Constitution, and the Debtors having asserted that venue of this case and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for hearing on the Motion were appropriate under the circumstances and that no other notice be provided; and this Court having determined that the legal and factual bases set forth in the Motion and at the hearing thereon

---

[2] Capitalized terms not otherwise defined herein have the meaning ascribed to them in the Motion.

(Page 4)

| | |
|---|---|
| Debtors: | Powin, LLC, *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Final Order Granting Motion of the Debtors for Entry of Order (I) Approving Debtors' Proposed Form of Adequate Assurance of Payment to Utility Companies, (II) Establishing Procedures for Resolving Objections by Utility Companies, (III) Prohibiting Utility Companies From Altering, Refusing, or Discontinuing Service, and (IV) Granting Related Relief |

establish just cause for the relief granted herein; and upon all of the proceedings before this Court; and after due deliberation and sufficient cause appearing therefore, it is **HEREBY ORDERED THAT:**

1. The Motion is **GRANTED** on a final basis, as set forth herein.

2. All objections to the Motion or the relief requested therein that have not been withdrawn, waived, or settled, and all reservations of rights included therein, hereby are overruled on the merits.

3. The Proposed Adequate Assurance shall constitute adequate assurance of future payment as required by § 366.

4. The Debtors shall deposit the Adequate Assurance Deposit in the amount of $13,734.00 in a newly created, segregated account for the benefit of the Utility Companies within twenty (20) days after the Petition Date.

5. Subject to compliance with the procedures set forth in the Motion and this Final Order, and until such time as the Court orders otherwise, all Utility Companies are prohibited from altering, refusing, or discontinuing Utility Services, or otherwise discriminating against the Debtors, on account of any unpaid prepetition charges or any perceived inadequacy of the Debtors' Proposed Adequate Assurance, and are deemed to have received adequate assurance of payment in accordance with § 366.

(Page 5)

Debtors: Powin, LLC, *et al.*
Case No. 25-16137 (MBK)
Caption of Order: Final Order Granting Motion of the Debtors for Entry of Order (I) Approving Debtors' Proposed Form of Adequate Assurance of Payment to Utility Companies, (II) Establishing Procedures for Resolving Objections by Utility Companies, (III) Prohibiting Utility Companies From Altering, Refusing, or Discontinuing Service, and (IV) Granting Related Relief

6. The following Adequate Assurance Procedures are hereby approved:

   a) The Debtors will serve a copy of the Motion and this Order on the Utility Companies on the Utility Services List, attached to the Motion as Exhibit B, within three (3) calendar days after entry of this Order.

   b) The Debtors will deposit the Utility Deposit, in the aggregate amount of $13,734.00, in the Utility Deposit Account within three (3) calendar days after entry of this Final Order.

   c) The portion of the Utility Deposit attributable to each Utility Company will be returned to the Debtors on the earlier of (i) reconciliation and payment by Debtors of the Utility Company's final invoice in accordance with applicable nonbankruptcy law following the Debtors' termination of Utility Services from such Utility Company and (ii) the earlier of (a) the effective date of any chapter 11 plan confirmed in these Chapter 11 Cases and (b) the closure of these Chapter 11 Cases; provided that there are no outstanding disputes related to post-petition payments due to the affected Utility Companies.

   d) Any Utility Company desiring additional assurances of payment in the form of deposits, prepayments, or otherwise must serve a request for additional assurance (an "Additional Assurance Request") on the following parties: (i) proposed counsel to the Debtors, (w) Dentons US LLP, 601 South Figueroa Street, Suite 2500, Los Angeles, California 90017-5704, Attn: Tania M. Moyron (tania.moyron@dentons.com) and Van C. Durrer, II (van.durrer@dentons.com); (x) Dentons US LLP, 1221 Avenue of the Americas, New York, NY 10020-1089, Attn: John D. Beck (john.beck@dentons.com) and Sarah M. Schrag (sarah.schrag@dentons.com); (y) Togut, Segal, & Segal LLP, 550 Broad Street, Suite 1508, Newark, NJ 07102, Attn: Frank A. Oswald (frankoswald@teamtogut.com); and (z) Togut, Segal & Segal LLP, One Penn Plaza, Suite 3335, New York, New York 10119, Attn: Albert Togut (altogut@teamtogut.com), Amanda C. Glaubach (aglaubach@teamtogut.com), and Eitan Blander (eblander@teamtogut.com); (ii) counsel for the Official Committee of Unsecured Creditors (the "Committee") appointed in these Chapter 11 Cases; and (iii) the U.S. Trustee, One Newark Center, Suite 2100, Newark, NJ 07102, Attn: Jeffrey M. Sponder (jeffrey.m.sponder@usdoj.gov) and Lauren Bielskie (lauren.beileskie@usdoj.gov).

(Page 6)

| | |
|---|---|
| Debtors: | Powin, LLC, *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Final Order Granting Motion of the Debtors for Entry of Order (I) Approving Debtors' Proposed Form of Adequate Assurance of Payment to Utility Companies, (II) Establishing Procedures for Resolving Objections by Utility Companies, (III) Prohibiting Utility Companies From Altering, Refusing, or Discontinuing Service, and (IV) Granting Related Relief |

    e)    The Additional Assurance Request must: (i) be made in writing; (ii) set forth the location(s) for which Utility Services are provided, the account number(s) for those location(s), and the outstanding balance for each account; (iii) explain why the Utility Company believes the Utility Deposit is not adequate assurance of payment; and (iv) certify that the Utility Company does not already hold a deposit equal to or greater than two weeks of Utility Services provided by such Utility Company.

    f)    An Additional Assurance Request may be made at any time. If a Utility Company does not serve an Additional Assurance Request, the Utility Company will be (i) deemed to have received "satisfactory" adequate assurance of payment in compliance with § 366, and (ii) forbidden from discontinuing, altering, or refusing Utility Services to, or discriminating against, the Debtors on account of any unpaid prepetition charges or requiring additional assurance of payment other than the Proposed Adequate Assurance.

    g)    Upon the Debtors' receipt of an Additional Assurance Request, the Debtors will negotiate with the Utility Company to resolve the Utility Company's Additional Assurance Request.

    h)    The Debtors may, without further order from the Court, resolve an Additional Assurance Request by mutual agreement with a Utility Company, and the Debtors may, in connection with any such agreement, provide a Utility Company with additional adequate assurance of payment, including cash deposits, payments of any outstanding prepetition balance due to the Utility Company, prepayments, or other forms of security if the Debtors believe that such adequate assurance is reasonable *provided, however*, that the Debtors shall maintain a summary record of such agreements and their respective terms, and such summary record and the agreements themselves shall be available to the Committee and the U.S. Trustee, upon request.

    i)    If the Debtors and the Utility Company are not able to reach an alternative resolution within fourteen (14) days of receipt of the Additional Assurance Request, the Debtors will request a hearing before the Court at the next regularly scheduled omnibus hearing to determine the adequacy of assurance of payment with respect to the particular Utility Company (the "<u>Determination Hearing</u>") pursuant to § 366(c)(3), unless the Debtors and the Utility Company agree in writing to extend the period.

(Page 7)

Debtors:         Powin, LLC, *et al.*
Case No.         25-16137 (MBK)
Caption of Order: Final Order Granting Motion of the Debtors for Entry of Order (I) Approving Debtors' Proposed Form of Adequate Assurance of Payment to Utility Companies, (II) Establishing Procedures for Resolving Objections by Utility Companies, (III) Prohibiting Utility Companies From Altering, Refusing, or Discontinuing Service, and (IV) Granting Related Relief

      j)    Pending resolution of the Additional Assurance Request and Determination Hearing, the Utility Company making the Additional Assurance Request will be prohibited from altering, refusing, or discontinuing Utility Services to the Debtors on account of unpaid charges for prepetition services or on account of any objections to the Proposed Adequate Assurance.

7. The Utility Companies are prohibited from requiring additional adequate assurance of payment other than pursuant to the Adequate Assurance Procedures.

8. The inclusion of any entity in, as well as any omission of any entity from, the Utility Services List shall not be deemed an admission by the Debtors that such entity is, or is not, a utility within the meaning of § 366, and the Debtors reserve all rights and defenses with respect thereto.

9. The Debtors are authorized to amend the Utility Services List to the extent the Debtors terminate the services of any Utility Company or identify additional Utility Companies and this Order shall apply to any Utility Company that is added to the Utility Services List; *provided* that the Debtors shall seek authority under a separate order of the Court to add any Utility Company to the Utility Services List; *provided, further*, that, if a Utility Company is removed from the Utility Services List, the Debtors shall provide the applicable Utility Company with fourteen (14) calendar days' notice thereof and the opportunity to respond to such removal. To the extent that there is any dispute as to the postpetition amounts owed to a Utility Company or such Utility Company's removal, such Utility Company shall not be removed from the Utility Services List, and no funds shall be removed from the Adequate Assurance Deposit, until such dispute has been resolved. To the extent the Debtors and the Utility Company are unable to reach a consensual resolution within fourteen (14) calendar days of the Debtors' receipt of notice of such dispute, the

(Page 8)
Debtors: Powin, LLC, *et al.*
Case No. 25-16137 (MBK)
Caption of Order: Final Order Granting Motion of the Debtors for Entry of Order (I) Approving Debtors' Proposed Form of Adequate Assurance of Payment to Utility Companies, (II) Establishing Procedures for Resolving Objections by Utility Companies, (III) Prohibiting Utility Companies From Altering, Refusing, or Discontinuing Service, and (IV) Granting Related Relief

Debtors shall request a hearing before this Court at the next omnibus hearing date or such other date that the Debtor and the Utility Company may agree. Notice shall be provided to the Committee and the U.S. Trustee.

10. For any Utility Company that is subsequently added to the Utility Services List under separate order of the Court (each, a "Subsequently Identified Utility Provider"), the Debtors shall serve a copy of this Final Order, including the Adequate Assurance Procedures within three (3) business days of such Utility Company added to the Utility Services List allocate additional amounts to the Adequate Assurance Deposit by an amount equal to two weeks of Utility Services provided by such additional Utility Company, calculated using the historical average for such payments during the twelve months prior to the Petition Date, and provide such Utility Company notice to object to the Proposed Adequate Assurance. If an objection is received, to the extent the Debtors and the Utility Company are unable to reach a consensual resolution within fourteen (14) calendar days of the Debtors' receipt of such objection, the Debtors shall request a hearing before this Court at the next omnibus hearing date or such other date that the Debtor and the Utility Company may agree. The terms of this Final Order and the Adequate Assurance Procedures shall apply to any subsequently identified Utility Provider. Notice shall be provided to the Committee and the U.S. Trustee.

11. The Debtors may terminate the services of any Utility Company and amend the Utility Services List to reflect such termination. The Debtors are authorized to reduce the Utility Deposit by the amount held on account of such terminated Utility Company upon seven (7)

(Page 9)
Debtors:         Powin, LLC, *et al.*
Case No.         25-16137 (MBK)
Caption of Order: Final Order Granting Motion of the Debtors for Entry of Order (I) Approving Debtors' Proposed Form of Adequate Assurance of Payment to Utility Companies, (II) Establishing Procedures for Resolving Objections by Utility Companies, (III) Prohibiting Utility Companies From Altering, Refusing, or Discontinuing Service, and (IV) Granting Related Relief

calendar days' notice of such reduction and having not received a response thereto by such deadline.

12. The relief granted herein is applicable to all Utility Companies providing Utility Services to the Debtors and is not limited to those parties or entities listed on the Utility Services List.

13. Notwithstanding anything contained in the Motion or this Order, any payment to be made, and any relief or authorization granted herein, shall be subject to, and must be in compliance with, the terms and conditions in any orders authorizing the Debtors to use cash collateral or obtain postpetition financing (collectively, the "<u>Financing Orders</u>"), including any budgets in connection therewith as may be updated and approved from time to time in accordance with the terms of the Financing Orders. To the extent there is any inconsistency between the terms of the Financing Orders and any action taken or proposed to be taken hereunder, the terms of the Financing Orders shall control.

14. Nothing contained in the Motion or this Order, nor any payment made pursuant to the authority granted by this Order, is intended to be or shall be construed as (a) an admission as to the validity of any claim against the Debtors, (b) a waiver of the Debtors' or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtors, (c) a waiver of any claims or causes of action which may exist against any creditor or interest holder, or (d) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy between the Debtors and any third party under § 365.

(Page 10)
Debtors:           Powin, LLC, *et al.*
Case No.           25-16137 (MBK)
Caption of Order:  Final Order Granting Motion of the Debtors for Entry of Order (I) Approving Debtors' Proposed Form of Adequate Assurance of Payment to Utility Companies, (II) Establishing Procedures for Resolving Objections by Utility Companies, (III) Prohibiting Utility Companies From Altering, Refusing, or Discontinuing Service, and (IV) Granting Related Relief

15. Under the circumstances of these Chapter 11 Cases, notice of the Motion is adequate under Bankruptcy Rule 6004(a) and the Local Rules.

16. Notwithstanding Bankruptcy Rule 6004(h), or any Bankruptcy Rule to the contrary, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

17. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order and the Adequate Assurance Procedures.

18. The Debtors shall serve a copy of this Final Order on all required parties pursuant to Local Rule 9013-5(f).

19. The Debtors are authorized to take any and all actions that are necessary to carry out the provisions of this Order.

US_ACTIVE\130931231\V-3

United States Bankruptcy Court
District of New Jersey

In re: Case No. 25-16137-MBK
Powin, LLC Chapter 11
    Debtor

# CERTIFICATE OF NOTICE

District/off: 0312-3      User: admin      Page 1 of 1
Date Rcvd: Aug 07, 2025      Form ID: pdf903      Total Noticed: 1

The following symbols are used throughout this certificate:
**Symbol    Definition**

\+      Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Aug 09, 2025:**

**Recip ID**      **Recipient Name and Address**
db      + Powin, LLC, 20550 SW 115th Avenue, Tualatin, OR 97062-6857

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Aug 09, 2025      Signature:      /s/Gustava Winters