**DENTONS US LLP**

Tania M. Moyron (admitted *pro hac vice*)
Van C. Durrer (admitted *pro hac vice*)
601 S. Figueroa Street #2500
Los Angeles, CA 90017
Telephone:  (213) 623-9300
Facsimile:  (213) 623-9924
Email:  tania.moyron@dentons.com
            van.durrer@dentons.com

John D. Beck (admitted *pro hac vice*)
Sarah M. Schrag (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020-1089
Telephone:  (212) 768-6700
Facsimile:  (212) 768-6800
Email:  john.beck@dentons.com
            sarah.schrag@dentons.com

*Counsel for Debtors and
Debtors in Possession*

**TOGUT, SEGAL & SEGAL LLP**

Frank A. Oswald (admitted)
550 Broad Street
Suite 1508
Newark, NJ 07102
Telephone:  (212) 594-5000
Facsimile:  (212) 967-4258
Email:  frankoswald@teamtogut.com

Albert Togut (admitted *pro hac vice*)
Eitan Blander (admitted *pro hac vice*)
One Penn Plaza, Suite 3335
New York, New York 10119
Telephone:  (212) 594-5000
Facsimile:  (212) 967-4258
Email:  altogut@teamtogut.com
            eblander@teamtogut.com

*Counsel for Debtors and
Debtors in Possession*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br>Powin, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-16137 (MBK)<br><br>(Jointly Administered)<br><br>**Hearing Date: September 3, 2025 at 11:30 a.m.** |

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin Project LLC [1583]; (ii) Powin, LLC [0504]; (iii) PEOS Holdings, LLC [5476]; (iv) Powin China Holdings 1, LLC [1422]; (v) Powin China Holdings 2, LLC [9713]; (vi) Charger Holdings, LLC [5241]; (vii) Powin Energy Ontario Storage, LLC [8348]; (viii) Powin Energy Operating Holdings, LLC [2495]; (ix) Powin Energy Operating, LLC [6487]; (x) Powin Energy Storage 2, Inc., [9926]; (xi) Powin Energy Ontario Storage II LP, [5787]; and (xii) Powin Canada B.C. Ltd. [2239]. The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR 97062.

# NOTICE OF HEARING OF
# DEBTORS' MOTION FOR ENTRY OF AN ORDER
# (I) EXTENDING THE TIME WITHIN WHICH THE DEBTORS MAY
# REMOVE CIVIL ACTIONS AND (II) GRANTING RELATED RELIEF

**PLEASE TAKE NOTICE** that on June 9, 2025 and June 10, 2025 (collectively, the "Petition Date"), the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court").

**PLEASE TAKE FURTHER NOTICE** that on August 12, 2025**,** the Debtors filed the Debtors' Motion for Entry of an Order (I) Extending the Time Within Which the Debtors May Remove Civil Actions and (II) Granting Related Relief (the "Motion"). A hearing to consider approval of the Motion has been scheduled for September 3, 2025, at 11:30 a.m. (the "Hearing"), or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that, parties wishing to appear at the Hearing must register with the Court by submitting an e-mail to Chambers (chambers_of_mbk@njb.uscourts.gov) indicating the name of the person appearing, their e-mail address, their affiliation, and whom they represent/interest in this case. If the request is approved, the participant will receive appropriate credentials and further instruction. Telephonic information for observational purposes can be found on the page on the Court's website devoted to the *Powin, LLC, et al.,* bankruptcy case: https://www.njb.uscourts.gov/powin.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the relief requested in the Motion shall: (a) be in writing; (b) state with particularity the basis of the objection; and (c) be filed with the Clerk of the Bankruptcy Court electronically by attorneys who regularly practice before the Bankruptcy Court in accordance with the General Order Regarding Electronic Means for Filing, Signing, and Verification of Documents dated March 27, 2002 (the "General Order") and the Commentary Supplementing Administrative Procedures dated as of March 2004(the "Supplemental Commentary") (the General Order, the Supplemental Commentary and the User's Manual for the Electronic Case Filing System can be found at www.njb.uscourts.gov, the official website for the Bankruptcy Court) and, by all other parties-in-interest, on CD-ROM in Portable Document Format (PDF), and shall be served on such parties in accordance with the General Order and the Supplemental Commentary, so as to be actually received no later than **August 27, 2025 at 4:00 p.m. (prevailing Eastern Time) ("the Objection Deadline").**

**PLEASE TAKE FURTHER NOTICE THAT YOUR RIGHTS MAY BE AFFECTED. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one).**

*[Concluded on the following page]*

**PLEASE TAKE FURTHER NOTICE** that a copy of the Motion, and any related filings, can be viewed and/or obtained by: (i) accessing the Bankruptcy Court's Website for a fee, (ii) visiting the website for the Debtors' chapter 11 cases at: https://www.veritaglobal.net/powin or (iii) by contacting the Office of the Clerk of the United States Bankruptcy Court, District of New Jersey. Please note that a PACER password is required to access documents on the Bankruptcy Court's Website.

| | |
|---|---|
| Dated: August 12, 2025 | **TOGUT, SEGAL & SEGAL LLP** |
| | */s/ Frank A. Oswald* |
| | Frank A. Oswald (admitted) |
| | 550 Broad Street |
| | Suite 1508 |
| | Newark, NJ 07102 |
| | Telephone: (212) 594-5000 |
| | Facsimile: (212) 967-4258 |
| | Email: frankoswald@teamtogut.com |
| | |
| | Albert Togut (admitted *pro hac vice*) |
| | Eitan Blander (admitted *pro hac vice*) |
| | One Penn Plaza, Suite 3335 |
| | New York, New York 10119 |
| | Telephone: (212) 594-5000 |
| | Facsimile: (212) 967-4258 |
| | Email: altogut@teamtogut.com |
| | eblander@teamtogut.com |
| | |
| | - and - |
| | **DENTONS US LLP** |
| | |
| | Tania M. Moyron (admitted *pro hac vice*) |
| | Van C. Durrer, II (admitted *pro hac vice*) |
| | 601 S. Figueroa Street #2500 |
| | Los Angeles, CA 90017 |
| | Telephone: (213) 623-9300 |
| | Facsimile: (213) 623-9924 |
| | Email: tania.moyron@dentons.com |
| | van.durrer@dentons.com |
| | |
| | John D. Beck (admitted *pro hac vice*) |
| | Sarah M. Schrag (admitted *pro hac vice*) |
| | 1221 Avenue of the Americas |
| | New York, NY 10020-1089 |
| | Telephone: (212) 768-6700 |
| | Facsimile: (212) 768-6800 |
| | Email: john.beck@dentons.com |
| | sarah.schrag@dentons.com |
| | |
| | *Counsel for Debtors and* |
| | *Debtors in Possession* |

| | |
|---|---|
| **DENTONS US LLP** | **TOGUT, SEGAL & SEGAL LLP** |
| Tania M. Moyron (admitted *pro hac vice*) <br> Van C. Durrer, II admitted *pro hac vice*) <br> 601 S. Figueroa Street #2500 <br> Los Angeles, CA 90017 <br> Telephone: (213) 623-9300 <br> Facsimile: (213) 623-9924 <br> Email: tania.moyron@dentons.com <br> van.durrer@dentons.com | Frank A. Oswald (admitted) <br> 550 Broad Street <br> Suite 1508 <br> Newark, NJ 07102 <br> Telephone: (212) 594-5000 <br> Facsimile: (212) 967-4258 <br> Email: frankoswald@teamtogut.com |
| John D. Beck (admitted *pro hac vice*) <br> Sarah M. Schrag (admitted *pro hac vice*) <br> 1221 Avenue of the Americas <br> New York, NY 10020-1089 <br> Telephone: (212) 768-6700 <br> Facsimile: (212) 768-6800 <br> Email: john.beck@dentons.com <br> sarah.schrag@dentons.com | Albert Togut (admitted *pro hac vice*) <br> Eitan Blander (admitted *pro hac vice*) <br> One Penn Plaza, Suite 3335 <br> New York, New York 10119 <br> Telephone: (212) 594-5000 <br> Facsimile: (212) 967-4258 <br> Email: altogut@teamtogut.com <br> eblander@teamtogut.com |
| *Counsel for Debtors and Debtors in Possession* | *Counsel for Debtors and Debtors in Possession* |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: <br><br> Powin, LLC, *et al.*,[1] <br><br> Debtors. | Chapter 11 <br><br> Case No. 25-16137 (MBK) <br><br> (Jointly Administered) |

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin Project LLC [1583]; (ii) Powin, LLC [0504]; (iii) PEOS Holdings, LLC [5476]; (iv) Powin China Holdings 1, LLC [1422]; (v) Powin China Holdings 2, LLC [9713]; (vi) Charger Holdings, LLC [5241]; (vii) Powin Energy Ontario Storage, LLC [8348]; (viii) Powin Energy Operating Holdings, LLC [2495]; (ix) Powin Energy Operating, LLC [6487]; (x) Powin Energy Storage 2, Inc., [9926]; (xi) Powin Energy Ontario Storage II LP, [5787]; and (xii) Powin Canada B.C. Ltd. [2239]. The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR 97062.

**DEBTORS' MOTION FOR ENTRY OF AN ORDER
(I) EXTENDING THE TIME WITHIN WHICH THE DEBTORS MAY
REMOVE CIVIL ACTIONS AND (II) GRANTING RELATED RELIEF**

TO THE HONORABLE MICHAEL B. KAPLAN, UNITED STATES BANKRUPTCY JUDGE:

Powin, LLC and the above-referenced affiliated debtors and debtors in possession (collectively, the "Debtors") in these chapter 11 cases (the "Chapter 11 Cases") hereby submit this motion (this "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), (a) enlarging the period of time (the "Removal Period") set forth in rule 9027(a)(2) and (3) of the Federal Rule of Bankruptcy Procedures (the "Bankruptcy Rules") during which the Debtors may seek removal of certain actions (collectively, the "Actions") pursuant to section 1452 of title 28 of the United States Code (the "Judicial Code") and Bankruptcy Rule 9027 by 120 days, up to and including January 5, 2026, without prejudice to the Debtors' right to seek additional extensions of the period within which the Debtors may remove actions; and (b) granting related relief. In support of this Motion, the Debtors respectfully state as follows:

### I. JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of New Jersey (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of New Jersey dated as of September 18, 2012. The Debtors confirm their consent, pursuant to Bankruptcy Rule 7008, to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue of the Chapter 11 Cases and related proceedings is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2

3.      The predicates for the relief requested herein are section 1452 of title 11 of the Judicial Code, and Bankruptcy Rules 9006 and 9027.

## II.    BACKGROUND

### A.  The Chapter 11 Cases

4.      On June 9, 2025 (the "Petition Date"),[2] the Debtors each commenced a voluntary case for relief under chapter 11 of the Bankruptcy Code. The Debtors are authorized to continue operating and managing their businesses and properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On June 13, 2025, the Court entered an order [Docket No. 58] authorizing procedural consolidation and joint administration of these Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b). On June 27, 2025 the United States Trustee for the District of New Jersey (the "U.S. Trustee") appointed an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Committee") [Docket No. 174]. No request for the appointment of a trustee or examiner has been appointed in these Chapter 11 Cases.

5.      Additional information regarding the Debtors, including their business and the events leading to the commencement of these Chapter 11 Cases is set forth in the *Declaration of Gerard Uzzi in Support of Emergency First Day Motions of the Debtors* [Docket No. 13] (the "First Day Declaration").

### B.  The Actions

6.      The Debtors are involved in certain Actions commenced prepetition in various forums. On July 17, 2025, the Debtors filed their Schedules of Assets and Liabilities and Statements of Financial Affairs [Docket Nos. 414-437] (the "Schedules and Statements"), in which

---

[2] Lead Debtor Case No. 25-16137 (MBK) for Debtor Powin Project LLC was filed on June 9, 2025, and the remaining Debtors were filed shortly thereafter on June 10, 2025 and June 22, 2025.

3

the Debtors identified the Actions known as of the Petition Date. The Debtors will provide notice of this Motion to each of the litigation counterparties to the Actions and will file an affidavit of service reflecting such service. Further, the Debtors may become aware of additional Actions before the close of these chapter 11 cases. If that occurs, the Debtors will provide prompt and proper notice to the applicable litigation parties.

### III.     BASIS FOR RELIEF

7.     Section 1452 of title 28 of the Judicial Code and Bankruptcy Rule 9027 govern the removal of pending civil actions related to chapter 11 cases. Specifically, section 1452(a) provides:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a).

8.     Bankruptcy Rule 9027 sets forth the time periods for filing notices to remove claims or causes of action. Specifically, Bankruptcy Rule 9027(a)(2) provides, in pertinent part:

> If the claim or cause of action in a civil action is pending when a case under the [Bankruptcy] Code is commenced, a notice of removal may be filed only within the longest of (A) 90 days after the order for relief in the case under the [Bankruptcy] Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the [Bankruptcy] Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

Fed. R. Bankr. P. 9027(a)(2).

9.     With respect to postpetition actions, Bankruptcy Rule 9027(a)(3) provides, in pertinent part:

> [A] notice of removal may be filed . . . only within the shorter of (A) 30 days after receipt, through service or otherwise, of a copy of the initial pleading setting fort the claim or cause of action sought to be removed or (B) 30 days after receipt o the

4

> summons if the initial pleading has been filed with the court but not served with the summons.

Fed. R. Bankr. P. 9027(a)(3).

10. Bankruptcy Rule 9006 permits the Court to extend the period to remove actions provided by Bankruptcy Rule 9027. Specifically, Bankruptcy Rule 9006(b)(1) provides, in pertinent part:

> [W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion . . . with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order . . . .

Fed. R. Bankr. P. 9006(b)(1).

11. It is well-settled that the Court is authorized to enlarge the Removal Period. *See Pacor, Inc. v. Higgins*, 743 F.2d 984, 996 n.17 (3d Cir. 1984) (holding that " [u]nder the . . . Rules of Bankruptcy Procedure, it is clear that the court may grant [an extension of the time limit for removal]") (citing Fed. R. Bankr. P. 9006(b)), overruled on other grounds by *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 134–35 (1995); *Caperton v. A.T. Massey Coal Co., Inc.*, 251 B.R. 322, 325 (S.D. W. Va. 2000) ("Considered in pari materia with Rule 9027, Rule 9006 provides authority to enlarge the thirty-day time period for removing actions arising under the Bankruptcy Code."); *In re World Fin. Servs. Ctr., Inc.*, 81 B.R. 33, 39 (Bankr. S.D. Cal. 1987) (finding that "the United States Supreme Court intended to give bankruptcy judges the power to enlarge the filing period of Bankruptcy Rule 9027(a)(3) beyond the thirty day period, pursuant to Bankruptcy Rule 9006(b)"); *Raff v. Gordon*, 58 B.R. 988, 990 (E.D. Pa. 1986) ("An expansion of time [to file notices of removal] is authorized under the [Bankruptcy] Rules.") (citing Fed. R. Bankr. P. 9006(b)).

12. The Debtors are seeking to extend the Bankruptcy Rule 9027(a) deadline—which in isolation would expire on September 7, 2025—to ensure the Debtors' right to remove Actions is preserved and that creditors are on notice of such extended removal deadline.

13. The Debtors' decision regarding whether to seek removal of any particular Action depends on a number of factors, including: (a) the importance of the Action to the expeditious resolution of these chapter 11 cases; (b) the time required to complete the Action in its current venue; (c) the presence of federal subject matter jurisdiction in the proceeding that may allow for one or more aspects thereof to be heard by a federal court; (d) the relationship between the Action and matters to be considered in connection with any chapter 11 plan, the claims allowance process, and/or the assumption or rejection of executory contracts and unexpired leases; and (e) the progress made to date in the Action. To make the appropriate determination, the Debtors must analyze each Action in light of such factors.

14. As described above, since the commencement of these chapter 11 cases, the Debtors have been focused on addressing time-critical matters including, among other things, stabilizing their business operations, preparing the Schedules and Statements, selling assets, and seeking authority to utilize cash collateral and obtain postpetition financing. The Debtors believe that the extension requested herein will provide them with the ability to make fully informed decisions concerning the removal of any Actions and will ensure that the Debtors' rights provided by 28 U.S.C. § 1452 can be exercised in an appropriate manner. If such an extension is not granted, the Debtors may only become aware of additional Actions after the Removal Period expires.

15. Moreover, the rights of parties to the Actions will not be unduly prejudiced by the Debtors' requested extension of the Removal Period. Inasmuch as section 362(a) of the Bankruptcy Code automatically stays actions against the Debtors, most of the Actions will not

proceed in their respective courts during these chapter 11 cases, even absent the relief requested herein. Further, if the Debtors ultimately seek to remove Actions pursuant to Bankruptcy Rule 9027, parties will retain their rights to have such Actions remanded pursuant to 28 U.S.C. § 1452(b). Accordingly, the Debtors submit that cause exists for the relief requested herein.

16. Courts in this district have regularly granted the relief requested herein in other large chapter 11 cases. *See, e.g., In re CCA Constr., Inc.*, No. 24-22548 (CMG) (Bankr. D.N.J. Apr. 17, 2025) (granting 120-day initial extension without prejudice to debtors' right to seek further extensions); *In re Invitae Corp.*, No. 24-11362 (MBK) (Bankr. D.N.J. May 17, 2024) (same); *In re Careismatic Brands, LLC*, No. 24-10561 (VFP) (Bankr. D.N.J. May 8, 2024) (same); *In re WeWork Inc.*, No. 23-19865 (JKS) (Bankr. D.N.J. January 30, 2024) (same); *In re David's Bridal, LLC*, No. 23-13131 (CMG) (Bankr. D.N.J. June 14, 2023) (granting 180-day initial extension without prejudice to debtors' right to seek further extensions). The 120-day extension requested herein is consistent with the extensions granted by the Court and other courts in this district under similar circumstances. Accordingly, the Debtors' requested extension is reasonable.

### IV.   WAIVER OF MEMORANDUM OF LAW

17. The Debtors respectfully request that the Court waive the requirement to file a separate memorandum of law pursuant to Local Rule 9013-1(a)(3) because the legal basis upon which the Debtors rely is set forth herein and the Motion does not raise any novel issues of law.

### V.   NO PRIOR REQUEST

18. No prior request for the relief sought in this Motion has been made to this Court or any other court.

### VI.   NOTICE

19. Pursuant to Local Rule 9013-5(c), notice of this Motion shall be given to the following parties: (a) the Office of the United States Trustee; (b) counsel for the Debtors'

7

Prepetition Secured Parties; (c) the Debtors' fifty largest unsecured creditors on a consolidated basis; (d) counsel to the Official Committee of Unsecured Creditors; (e) counsel for the DIP Lender; (f) the parties to the Actions; and (g) all parties entitled to service under Bankruptcy Rule 2002 or who have requested notice in these Chapter 11 Cases. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## VII. CONCLUSION

WHEREFORE, the Debtors respectfully request entry of the Proposed Order (i) granting the relief requested herein; and (ii) granting the Debtors such other and further relief as the Court deems just and proper.

Dated: August 12, 2025

**TOGUT, SEGAL & SEGAL LLP**
*/s/ Frank A. Oswald*
Frank A. Oswald (admitted)
550 Broad Street
Suite 1508
Newark, NJ 07102
Telephone: (212) 594-5000
Facsimile: (212) 967-4258
Email: frankoswald@teamtogut.com

Albert Togut (admitted *pro hac vice*)
Eitan Blander (admitted *pro hac vice*)
One Penn Plaza, Suite 3335
New York, New York 10119
Telephone: (212) 594-5000
Facsimile: (212) 967-4258
Email: altogut@teamtogut.com
eblander@teamtogut.com

- and -

**DENTONS US LLP**

Tania M. Moyron (admitted *pro hac vice*)
Van C. Durrer, II (admitted *pro hac vice*)
601 S. Figueroa Street #2500
Los Angeles, CA 90017
Telephone: (213) 623-9300
Facsimile: (213) 623-9924
Email: tania.moyron@dentons.com
van.durrer@dentons.com

John D. Beck (admitted *pro hac vice*)
Sarah M. Schrag (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020-1089
Telephone: (212) 768-6700
Facsimile: (212) 768-6800
Email: john.beck@dentons.com
sarah.schrag@dentons.com

*Counsel for Debtors and*
*Debtors in Possession*

## **EXHIBIT A**

(Proposed Order)

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br>Powin, LLC, *et al.*,[1]<br>　　　　　Debtors. | Chapter 11<br>Case No. 25-16137 (MBK)<br>(Jointly Administered) |

### ORDER (I) EXTENDING THE TIME WITHIN WHICH THE DEBTORS MAY REMOVE CIVIL ACTIONS AND (II) GRANTING RELATED RELIEF

The relief set forth on the following pages, numbered (3) through (6), is **ORDERED.**

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin Project LLC [1583]; (ii) Powin, LLC [0504]; (iii) PEOS Holdings, LLC [5476]; (iv) Powin China Holdings 1, LLC [1422]; (v) Powin China Holdings 2, LLC [9713]; (vi) Charger Holdings, LLC [5241]; (vii) Powin Energy Ontario Storage, LLC [8348]; (viii) Powin Energy Operating Holdings, LLC [2495]; (ix) Powin Energy Operating, LLC [6487]; (x) Powin Energy Storage 2, Inc., [9926]; (xi) Powin Energy Ontario Storage II LP, [5787]; and (xii) Powin Canada B.C. Ltd. [2239]. The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR 97062.

(Page | 2)
Debtors:         Powin, LLC, *et al.*
Case No.         25-16137 (MBK)
Caption of Order: Order (I) Extending the Time Within Which the Debtors May Remove Civil Actions and (II) Granting Related Relief

---

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

| **DENTONS US LLP** | **TOGUT, SEGAL & SEGAL LLP** |
|---|---|
| Tania M. Moyron (admitted *pro hac vice*) | Frank A. Oswald (admitted) |
| Van C. Durrer, II (admitted *pro hac vice*) | 550 Broad Street |
| 601 S. Figueroa Street #2500 | Suite 1508 |
| Los Angeles, CA 90017 | Newark, NJ 07102 |
| Telephone: (213) 623-9300 | Telephone: (212) 594-5000 |
| Facsimile: (213) 623-9924 | Facsimile: (212) 967-4258 |
| Email: tania.moyron@dentons.com | Email: frankoswald@teamtogut.com |
|   van.durrer@dentons.com | |
| | Albert Togut (admitted *pro hac vice*) |
| John D. Beck (admitted *pro hac vice*) | Eitan Blander (admitted *pro hac vice*) |
| Sarah M. Schrag (admitted *pro hac vice* ing) | One Penn Plaza, Suite 3335 |
| 1221 Avenue of the Americas | New York, New York 10119 |
| New York, NY 10020-1089 | Telephone: (212) 594-5000 |
| Telephone: (212) 768-6700 | Facsimile: (212) 967-4258 |
| Facsimile: (212) 768-6800 | Email: altogut@teamtogut.com |
| Email: john.beck@dentons.com |   eblander@teamtogut.com |
|   sarah.schrag@dentons.com | |
| | *Counsel for Debtors and* |
| *Counsel for Debtors and* | *Debtors in Possession* |
| *Debtors in Possession* | |

(Page | 3)
Debtors:            Powin, LLC, *et al.*
Case No.            25-16137 (MBK)
Caption of Order:   Order (I) Extending the Time Within Which the Debtors May Remove Civil Actions and (II) Granting Related Relief

Upon consideration of the motion (the "<u>Motion</u>"),[2] of the above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>"), for entry of an order (this "<u>Order</u>") authorizing, the Debtors to (i) enlarge the Removal Period for filing notices of removal of the Actions by 120 days, up to and including January 5, 2026, without prejudice to the Debtors' right to seek further extensions, and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference to the Bankruptcy Court Under Title 11 of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.) and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and the Debtors having asserted that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found sufficient cause exists for the relief set forth herein; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

---

[2] Capitalized terms used but not otherwise defined herein have the meaning ascribed to them in the Motion.

(Page | 4)
Debtors:           Powin, LLC, *et al.*
Case No.           25-16137 (MBK)
Caption of Order:  Order (I) Extending the Time Within Which the Debtors May Remove Civil Actions and (II) Granting Related Relief

**IT IS HEREBY ORDERED THAT**:

1. The Motion is **GRANTED** as set forth herein.

2. The period within which the Debtors may seek removal of the Actions pursuant to 28 U.S.C. § 1452 and Bankruptcy Rule 9027 is extended by 120 days, through and including January 5, 2026.

3. The extension granted by this Order is without prejudice to the Debtors' right to seek further extensions of time to file notices of removal with respect to proceedings related to these chapter 11 cases.

4. This Order shall be without prejudice to any position the Debtors may take regarding whether section 362 of the Bankruptcy Code applies to stay any Action.

5. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an implication or admission as to the amount of, basis for, or validity of any particular claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission, or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in this Order or the Motion or any order granting the relief requested by the Motion; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission by the Debtors as to the validity, priority, enforceability or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors'

(Page | 5)
Debtors:          Powin, LLC, *et al.*
Case No.          25-16137 (MBK)
Caption of Order: Order (I) Extending the Time Within Which the Debtors May Remove Civil Actions and (II) Granting Related Relief

estates; (g) a waiver or limitation of the Debtors', or any other party in interest's, claims, causes of action, or other rights under the Bankruptcy Code or any other applicable law; (h) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code; (i) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in the Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens; (j) a waiver of the obligation of any party in interest to file a proof of claim; or (k) otherwise affecting the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease.

6.  Nothing in this Order shall be construed as modifying or terminating any stay applicable to any act, action, or proceeding pursuant to section 362 of the Bankruptcy Code, or any order entered by this Court pursuant to section 105 of the Bankruptcy Code.

7.  All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

8.  The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

9.  Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

(Page | 6)
Debtors:           Powin, LLC, *et al.*
Case No.           25-16137 (MBK)
Caption of Order:  Order (I) Extending the Time Within Which the Debtors May Remove Civil Actions and (II) Granting Related Relief

10. The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

11. Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Order shall be effective and enforceable immediately upon entry hereof.

12. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.