| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>Caption in Compliance with D.N.J. LBR 9004-1(b)<br><br>**BROWN RUDNICK LLP**<br>Robert J. Stark, Esq.<br>Kenneth J. Aulet, Esq.<br>Ben Silverberg, Esq.<br>Jeffrey L. Jonas, Esq.<br>Seven Times Square<br>New York, NY 10036<br>Telephone: (212) 209-4924<br>Fax: (212) 938-2924<br>rstark@brownrudnick.com<br>kaulet@brownrudnick.com<br>bsilverberg@brownrudnick.com<br>jjonas@brownrudnick.com<br><br>*Counsel for the Official Committee of Unsecured Creditors* | <br><br>**Order Filed on August 18, 2025**<br>**by Clerk**<br>**U.S. Bankruptcy Court**<br>**District of New Jersey** |
| In re:<br><br>Powin, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-16137 (MBK)<br><br>(Jointly Administered) |

## REVISED ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF ALVAREZ & MARSAL NORTH AMERICA, LLC AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE DEBTORS, POWIN, LLC, *ET AL.*, EFFECTIVE JULY 1, 2025

The relief set forth on the following pages 2 (two) through 6 (six) is hereby **ORDERED.**

**DATED: August 18, 2025**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

Page 2
Debtors:        POWIN LLC, et al.
Case No.:       25-16137 (MBK)
Caption of Order: REVISED ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF ALVAREZ & MARSAL NORTH AMERICA, LLC AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE DEBTORS, POWIN, LLC, ET AL., EFECTIVE JULY 1, 2025

_____

Upon the application (the "Application")[2] of the Official Committee of Unsecured Creditors (the "Committee") appointed in the Chapter 11 Cases of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order pursuant to sections 328, and 1103 of title 11 of the United States Code (the "Bankruptcy Code"), authorizing the employment and retention of Alvarez & Marsal North America, LLC (together with employees of its affiliates (all of which are wholly-owned by its parent company and employees), its wholly owned subsidiaries, and independent contractors (collectively, "A&M"), as financial advisor to the Committee, effective as of July 1, 2025; and upon the Newman Declaration; and due and adequate notice of the Application having been given; and it appearing that no other notice need be given; and it appearing that A&M does not represent any adverse interest in connection with these cases; and it appearing that there is due cause; it is hereby

ORDERED that:

1.  The Application is approved as set forth herein.

2.  In accordance with Bankruptcy Code sections 328 and 1103, the Committee shall employ and retain A&M effective as of July 1, 2025, as its financial advisor on the terms set forth in the Application, without the need for any further action on the part of A&M or the Committee to document such retention.

3.  The terms of A&M's engagement, as set forth in the Application, including, without limitation, the compensation provisions and the indemnification provisions, are reasonable terms

_____

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Application.

Page 3
Debtors:         POWIN LLC, et al.
Case No.:        25-16137 (MBK)
Caption of Order: REVISED ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF ALVAREZ & MARSAL NORTH AMERICA, LLC AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE DEBTORS, POWIN, LLC, ET AL., EFECTIVE JULY 1, 2025

---

and conditions of employment and are hereby approved. However, any of the Debtors' obligations to indemnify A&M pursuant to the indemnification provisions included in the Application are subject to the following:

(a) A&M shall not be entitled indemnification, contribution, or reimbursement, unless such services and the indemnification, contribution, or reimbursement therefore are approved by the Court.

(b) in no event shall A&M be indemnified for any claim or expense to the extent that either (i) a court determines by final order (which final order is no longer subject to appeal) that such claim arose out of A&M's own bad faith, self-dealing, breach of fiduciary duty (if any), gross negligence or willful misconduct; (ii) is for a contractual dispute in which it is alleged by the Debtors that A&M breached its obligations pursuant to the engagement, unless the Court determines that indemnification, contribution or reimbursement would be permissible pursuant to *In re United Artists Theater Co.,* 315 F.3d 217 (3d Cir. 2003); or (iii) the claim is settled prior to a judicial determination as to the exclusions in sub-clauses (i) and (ii) above, but is determined by this Court, after notice and a hearing pursuant to subparagraph (c) below to be a claim or expense for which A&M is not entitled to receive indemnity under the terms of the Application and this Order.

(c) If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal); or (ii) the entry of an order closing these Chapter 11 Cases, A&M believes that they are entitled to payment of any amounts by the Debtors on account of

Page 4
Debtors:        POWIN LLC, et al.
Case No.:       25-16137 (MBK)
Caption of Order: REVISED ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF ALVAREZ & MARSAL NORTH AMERICA, LLC AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE DEBTORS, POWIN, LLC, ET AL., EFECTIVE JULY 1, 2025

___

indemnification, contribution and/or reimbursement obligations under the Application (as modified by this Order), including, without limitation, the advancement of defense costs, A&M must file an application with the Court, and the Debtors may not pay any such amounts to A&M before the entry of an order by the Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any requests for fees and expenses by A&M for indemnification, contribution and/or reimbursement, and is not a provision limiting the duration of the Debtors' obligation to indemnify, or make contributions or reimbursements to, A&M. All parties in interest shall retain the right to object to any demand by A&M for indemnification, contribution and/or reimbursement.

(d) In the event that, during the pendency of these chapter 11 cases, A&M requests reimbursement from the Debtors for any attorneys' fees and/or expenses, the invoices and supporting time records from such attorneys shall be billed in one-tenth hour increments and shall be included in A&M's fee applications, both interim and final, and such invoices and time records shall be in compliance with Local Rules, the U.S. Trustee Guidelines, and the standards of section 330 and 331 of the Bankruptcy Code, without regard to whether such attorney has been retained under sections 327 and 1103 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code. Notwithstanding the foregoing, A&M shall not seek reimbursement of any fees incurred defending any of A&M's fee applications in these cases.

Page 5
Debtors:        POWIN LLC, et al.
Case No.:       25-16137 (MBK)
Caption of Order: REVISED ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF ALVAREZ & MARSAL NORTH AMERICA, LLC AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE DEBTORS, POWIN, LLC, ET AL., EFECTIVE JULY 1, 2025

___

4. A&M shall file applications for interim and final allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in Bankruptcy Code sections 330 and 331, such Bankruptcy Rules as may then be applicable, the Local Bankruptcy Rules, the Guidelines, and the Court's Interim Compensation Order and any amendments or modifications thereto A&M will also provide any and all fees and expenses included in monthly fee statements, interim fee applications, and final fee applications in "LEDES", or similar agreed upon Excel format, to the United States Trustee.

5. At least ten (10) days before implementing any increases from the rates listed in its Engagement Letter and Application for its professionals in these cases, A&M shall provide written notice of any rate increases to the Committee, the United States Trustee, and the Debtors, and will file a Supplemental Declaration with the Court. The United States Trustee, retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code. Any material change to the scope of services being provided by A&M, as outlined in the Application, shall require further Court approval.

6. The Committee will coordinate with A&M and its other retained professionals to minimize unnecessary duplication of the services provided by any of its retained professionals.

7. To the extent that there may be any inconsistency between the terms of the Application and this Order, the terms of this Order shall govern.

8. The Committee and A&M are authorized to take all actions it deems necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

Debtors: POWIN LLC, et al.
Case No.: 25-16137 (MBK)
Caption of Order: REVISED ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF ALVAREZ & MARSAL NORTH AMERICA, LLC AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE DEBTORS, POWIN, LLC, ET AL., EFECTIVE JULY 1, 2025

_____

9. This Order shall be immediately effective and enforceable upon its entry.

10. Notice of the Application as provided therein is deemed to be good and sufficient notice of such Application, and the requirements of the Bankruptcy Rules and the Local Bankruptcy Rules are satisfied by the Application.

11. This Court shall retain jurisdiction with respect to all matters arising or related to the implementation of this Order or A&M's services for the Committee.