| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br><br>**Caption in Compliance with D.N.J. LBR 9004-2**<br><br>Mark F. Magnozzi, Esq.<br>**THE MAGNOZZI LAW FIRM, P.C.**<br>23 Green Street, Suite 302<br>Huntington, NY  11743<br>Telephone: (631) 923-2858<br>Facsimile: (631) 923-2860<br>E-mail: mmagnozzi@magnozzilaw.com<br><br>**BUCHALTER**,<br>A Professional Corporation<br>Shawn M. Christianson, Esq.<br>425 Market Street, Suite 2900<br>San Francisco, California 94105<br>Telephone: (415) 227-0900<br>E-mail: schristianson@buchalter.com<br><br>**ORACLE AMERICA, INC.**<br>Peggy Bruggman, Esq.<br>Benjamin Wheeler, Esq.<br>500 Oracle Parkway<br>Redwood City, California 94065<br>Telephone: (650) 506-5200<br>Facsimile: (650) 506-7114<br><br>*Counsel for Creditor, Oracle America, Inc., successor in interest to NetSuite, Inc.*<br><br>In re:<br><br>POWIN, LLC., *et al.,*<br><br>                Debtors. | Chapter 11<br><br>Case No. 25-16137 (MBK)<br><br>(Jointly Administered)<br><br>**Re Docket No. 722**<br><br>**Objection Deadline: August 21, 2025 at 5:00 p.m. (est)** |

**ORACLE'S LIMITED OBJECTION AND RESERVATION OF RIGHTS REGARDING DEBTORS' SUPPLEMENTAL NOTICE OF POTENTIALLY ASSUMED EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

Oracle America, Inc., successor in interest to NetSuite, Inc. ("**Oracle**"), a creditor and contract counterparty in the above-captioned jointly administered Chapter 11 cases, submits this limited objection and reservation of rights ("**Rights Reservation**") regarding the *Supplemental Notice of Potentially Assumed Executory Contracts and Unexpired Leases* [Dkt No. 321] ("**Supplemental Assumption Notice**"), filed in connection with the *Motion of the Debtors for*

-1-

*Entry of an Order (I) Designating a Stalking Horse Bidder and Approving Stalking Horse Bidder Protections, (II) Approving Bidding Procedures by Which Interested Parties May Bid and an Auction Sale Format in Connection with the Sale of Substantially All of the Debtors' Assets, (III) Approving Form of Asset Purchase Agreement, (IV) Approving Form of Notice to be Provided To Interested Parties, (V) Authorizing the Assumption and Assignment of Assumed Contracts and Notice Procedures Thereto, (VI) Scheduling a Court Hearing to Consider Approval of the Sale to the Highest and Best Bidder, and (VI) Authorizing the Sale of Debtors' Property Free and Clear of All Causes of Action and Claims* [Dkt. No. 228] ("**Sale Motion**").

I.  **INTRODUCTION**

1. By the Sale Motion and the Supplemental Assumption Notice, Powin, LLC, et al. ("**Debtors**"), seeks Bankruptcy Court authority to, among other things, assume and assign to Flexgen Power Systems, LLC ("**Purchaser**"), certain executory contracts between the Debtors and Oracle. Oracle objects to the proposed assumption and assignment on multiple grounds.

2. First, Oracle's agreements with Debtors are, or pertain to, one or more licenses of intellectual property which are not assignable absent Oracle's consent pursuant to both the underlying license agreements and applicable law.

3. Second, the Supplemental Assumption Notice does not provide an adequate description of the Oracle agreements the Debtors seek to assume and assign, rendering Oracle unable to confirm the cure amount owed.

4. Lastly, Oracle has not received adequate assurance information for the Purchaser. Oracle reserves on this point until such information is received and evaluated.

Accordingly, Oracle requests that the Court deny the Debtors' request for authority to assume and assign any Oracle agreement, in the absence of obtaining Oracle's consent.

II. **FACTUAL BACKGROUND**

5. The Debtors filed the above-captioned case on June 10, 2025, and an order directing joint administration was entered shortly thereafter. The Debtors continue to operate as debtors in possession.

6. On July 1, 2025, the Debtors filed their Sale Motion. Pursuant to the Sale Motion, the Debtors propose to sell substantially all of their assets.

7. On July 1, 2025, the Debtors filed their *Notice of Potentially Assumed Executory Contracts and Unexpired Leases* [Dkt. No. 446] ("**Assumption Notice**"). No Oracle contracts were identified in the Assumption Notice.

8. On August 11, 2025, the Debtors filed the Supplemental Assumption Notice which identifies the following Oracle agreements between Oracle and Powin, LLC ("**Oracle Agreements**"). The stated cure amount for the Oracle Agreements is $22,578.

| Counterparty | Proposed Cure Payment Amount | List of Contracts |
|---|---|---|
| Oracle | $22,578 | 1.NetSuite; 2. NetSuite OLD (5053228); 3. NetSuite Production 2024 (6950795); 4. NetSuite Production 2025; 5. NetSuite Sandbox 1 (6950795 SB1); 6. NetSuite Sandbox 3 (6950795 SB3). |

9. On August 18, 2025, the Court entered an Order [Dkt. No. 751] approving the sale of the Debtors' assets to the Purchaser, pursuant to the Sale Motion.

### III. ARGUMENT

**A. The Debtors May Not Assume and Assign the Oracle Agreements Absent Oracle's Consent Because the Agreements Pertain to One or More Licenses of Intellectual Property.**

10. Section 365(c) of the Bankruptcy Code provides, in relevant part:

> The trustee may not assume or assign any executory contract ... of the debtor ... if (1)(A) applicable law excuses a party, other than the debtor, to such contract or lease from accepting performance from or rendering performance to an entity other than the debtor ..., whether or not such contract or lease prohibits or restricts assignment of rights or delegation of duties; and (B) such party does not consent to such assumption or assignment.

11. Federal law makes non-exclusive copyright licenses non-assignable absent consent of the licensor. *See In re Catapult Entertainment, Inc.*, 165 F.3d 747 (9th Cir. 1999), *cert. dismissed*, 528 U.S. 924 (1999) (patent law renders non-exclusive patent licenses personal and

non-assignable under Bankruptcy Code § 365(c)(1)); *In re Sunterra Corp.*, 361 F.3d 257, 271 (4th Cir. 2004) (holding that a debtor was statutorily barred by § 365(c)(1) from assuming a computer software license where contract counterparty did not consent to the assumption); *see also In re Trump Entm't Resorts, Inc.*, 526 B.R. 116, 126 (Bankr. D. Del. 2015) ("Non-exclusive patent and copyright licenses create only personal and not property rights in the licensed intellectual property and so are not assignable."); *In re Rupari Holding Corp.*, 573 B.R. 111, 119 (Bankr. D. Del. 2017) (holding that the debtor could not assume and assign a trademark license without the consent of the non-debtor licensor).

12.    The Oracle Agreements pertain to non-exclusive licenses of copyrighted software. Therefore, pursuant to Bankruptcy Code section 365, the Debtors may not assume and assign the Oracle Agreements without Oracle's consent. For the reasons discussed herein, Oracle does not consent to the Debtors' proposed assumption and assignment at this time.

**B.    The Debtors Have Not Sufficiently Identified The Oracle Agreements To Be Assumed and Assigned.**

13.    The Debtors' Supplemental Assumption Notice, does not adequately describe the Oracle Agreements the Debtors seek to assume and assign, rendering Oracle unable to determine which contracts are at issue. The Supplemental Assumption Notice also fails to identify a support renewal and omits inclusion of an underlying master agreement. It is impermissible for the Debtors to segregate the underlying Oracle license agreement from the corresponding support agreement and master agreement for purposes of assumption and assignment, if that is the Debtors' intention. *See, e.g., In re Interstate Bakeries Corporation*, 751 F.3d 955, 963 (8th Cir. 2014); *In re Buffets Holdings*, 387 B.R. 115 (Bankr. D. Del. 2008). An executory contract must be assumed in its entirety and, "[c]orrespondingly, all of the contracts that comprise an integrated agreement must either be assumed or rejected, since they all make up one contract." *In re Taylor-Wharton Int'l LLC*, 2010 WL 4862723, at *3 (Bankr. D. Del. Nov. 23, 2010) (citing *In re Exide Techs.*, 340 B.R. 222, 228 (Bankr. D. Del. 2006)). Under California law,[1] made applicable by the

---

[1] *In re Hawker Beechcraft, Inc.*, No. 12-11873 (SMB), 2013 WL 2663193, at *3 (Bankr. S.D.N.Y. June 13, 2013) ("State law governs the question whether an agreement is divisible or indivisible for the purposes of assumption and rejection under Bankruptcy Code § 365.").

Oracle Agreements, "[s]everal contracts relating to the same matters, between the same parties, and made as parts of substantially one transaction, are to be taken together." Cal. Civ. Code § 1642. Because the support agreements and master agreements relate to the underlying license agreements as part of substantially the same transaction, they constitute integrated contracts which may not be separately assumed and assigned.

14. In order to determine which contracts the Debtors wish to assume and assign, Oracle requests that the Debtors specify the targeted contracts' (1) name and date; (2) identification number; (3) any associated support or support renewals; and (4) the governing license agreement. This information will enable Oracle to evaluate whether the Oracle Agreements are supported, expired, or in default, and, if in payment default, the appropriate cure amount. Additionally, the information will allow Oracle to assess whether Oracle may accept performance from an entity other than the Debtors.

15. Oracle reserves its right to be heard on this issue until after the Debtors specifically identify the Oracle Agreements they seek to assume and assign.

### C. The Debtors May Not Have Provided The Correct Cure Amount.

16. Before assuming and assigning any executory contract, the Debtors must cure (or provide adequate assurance of a prompt cure of) any default under the subject contracts. 11 U.S.C. § 365(b)(1). The Debtors have identified a $22,578 cure for the Oracle Agreements listed in the Supplemental Assumption Notice. However, without a complete description of the Oracle Agreements, Oracle is unable to determine the correct cure amount. Therefore, Oracle reserves its right to be heard further regarding the cure amount, until after the contracts the Debtors seek to assume and assign are identified with enough specificity to allow Oracle to determine the correct cure.

### D. The Debtors Have Not Provided Adequate Assurance of Future Performance For the Purchaser.

17. Before assuming and assigning any executory contract, the Debtors must provide adequate assurance of future performance. 11 U.S.C. § 365(b)(1). Oracle has not received adequate assurance information for the Purchaser.

18. To satisfy Bankruptcy Code section 365(b), Oracle requests that the Debtors provide the following information about the Purchaser or its assignee: (1) financial bona fides; (2) confirmation that the Purchaser is not an Oracle competitor; and (3) confirmation that the Purchaser will (a) execute an Oracle Assignment Agreement and related documentation which identifies with specificity the Oracle Agreements to be assigned; and, if appropriate (b) enter into an Oracle Master License Agreement. Absent these assurances, Oracle cannot determine the proposed assignee's creditworthiness, its suitability as an Oracle customer, or its ability to adequately perform under the terms of the Oracle Agreements.

19. Until the information described above is provided, the Debtors have not complied with the requirements of section 365(b)(1)(C).

**IV.    CONCLUSION**

WHEREFORE, for the reasons set forth above, Oracle respectfully requests that the Court deny the Debtors' request for approval of assumption, or assumption and assignment, of the Oracle Agreements. Oracle reserves its right to be heard on all issues set forth herein.

[*Remainder of page intentionally left blank.*]

DATED: August 21, 2025

By: /s/ Mark F. Magnozzi

Mark F. Magnozzi, Esq.
Benjamin Rachelson, Esq.
**THE MAGNOZZI LAW FIRM, P.C.**
23 Green Street, Suite 302
Huntington, NY 11743
Telephone: (631) 923-2858
E-mail: mmagnozzi@magnozzilaw.com

Local Counsel for Oracle America, Inc.

**BUCHALTER,**
**A Professional Corporation**
Shawn M. Christianson, Esq.
425 Market Street, Suite 2900
San Francisco, California 94105
Telephone: (415) 227-0900
E-mail: schristianson@buchalter.com

**ORACLE AMERICA, INC.**
Peggy Bruggman, Esq.
Benjamin Wheeler, Esq.
500 Oracle Parkway
Redwood City, California 94065
Telephone: (650) 506-5200
Facsimile: (650) 506-7114

Attorneys for Oracle America, Inc.

**CERTIFICATE OF SERVICE**

I, Mark F. Magnozzi, hereby certify that ORACLE'S LIMITED OBJECTION AND RESERVATION OF RIGHTS REGARDING DEBTORS' SUPPLEMENTAL NOTICE OF POTENTIALLY ASSUMED EXECUTORY CONTRACTS AND UNEXPIRED LEASES was filed and served on August 21, 2025, via CM/ECF on all parties registered to receive notice in these Chapter 11 cases, including without limitation (i) counsel to the Debtors, (ii) the Office of the United States Trustee for the District of New Jersey, (iii) counsel to the official committee of unsecured creditors appointed in these chapter 11 cases, (iv) FlexGen, and (v) any other party that has filed a notice of appearance in these chapter 11 cases.

/s/ Mark F. Magnozzi
Mark F. Magnozzi, Esq.