# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEW JERSEY

In re:

Powin, LLC, *et al.*,[1]

  Debtors.

Chapter 11

Case No. 25-16137 (MBK

Administered)

**Order Filed on August 20, 2025
by Clerk of**

**U.S. Bankruptcy Court
District of New Jersey**

## ORDER ESTABLISHING DEADLINES FOR FILING PROOFS OF CLAIM AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF

The relief set forth on the following pages, numbered (3) through (12), is **ORDERED.**

**DATED: August 20, 2025**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin Project LLC [1583]; (ii) Powin, LLC [0504]; (iii) PEOS Holdings, LLC [5476]; (iv) Powin China Holdings 1, LLC [1422]; (v) Powin China Holdings 2, LLC [9713]; (vi) Charger Holdings, LLC [5241]; (vii) Powin Energy Ontario Storage, LLC [8348]; (viii) Powin Energy Operating Holdings, LLC [2495]; (ix) Powin Energy Operating, LLC [6487]; (x) Powin Energy Storage 2, Inc., [9926]; (xi) Powin Energy Ontario Storage II LP, [5787]; and (xii) Powin Canada B.C. Ltd. [2239]. The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR 97062.

| | |
|---|---|
| Debtors: | Powin, LLC, *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Order Establishing Deadlines for Filings Proofs of Claim and Approving the Form and Manner of Notice Thereof |

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**DENTONS US LLP**

Tania M. Moyron (admitted *pro hac vice*)
Van C. Durrer, II (admitted *pro hac vice*)
601 S. Figueroa Street #2500
Los Angeles, CA 90017
Telephone:  (213) 623-9300
Facsimile:  (213) 623-9924
Email:  tania.moyron@dentons.com
            van.durrer@dentons.com

John D. Beck (admitted *pro hac vice*)
Sarah M. Schrag (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020-1089
Telephone:  (212) 768-6700
Facsimile:  (212) 768-6800
Email:  john.beck@dentons.com
            sarah.schrag@dentons.com

*Counsel for Debtors and
Debtors in Possession*

**TOGUT, SEGAL & SEGAL LLP**

Frank A. Oswald (admitted)
550 Broad Street
Suite 1508
Newark, NJ 07102
Telephone:  (212) 594-5000
Facsimile:  (212) 967-4258
Email:  frankoswald@teamtogut.com

Albert Togut (admitted *pro hac vice*)
Eitan Blander (admitted *pro hac vice*)
One Penn Plaza, Suite 3335
New York, New York 10119
Telephone:  (212) 594-5000
Facsimile:  (212) 967-4258
Email:  altogut@teamtogut.com
            eblander@teamtogut.com

*Counsel for Debtors and
Debtors in Possession*

(Page | 3)

| | |
|---|---|
| Debtors: | Powin, LLC, *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Order Establishing Deadlines for Filings Proofs of Claim and Approving the Form and Manner of Notice Thereof |

Upon consideration of the application (the "Application"),[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order") "), pursuant to sections 105, 501, 502 and 503 of the Bankruptcy Code, Bankruptcy Rules 2002 and 3003(c), Rule 3003-1 of the Local Rules establishing deadlines (or bar dates) by which proofs of claim must be filed against the Debtors and approving the form and manner of notice thereof (each a "Bar Date"), all as more fully set forth in the Application; and upon the First Day Declaration; and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference to the Bankruptcy Court Under Title 11 of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.) and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and the Debtors having asserted that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found sufficient cause exists for the relief set forth herein; and this Court having found that the Debtors' notice of the Application was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Application and having heard the statements in support of the relief requested therein at a hearing before this Court; and this Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

(Page | 4)

| | |
|---|---|
| Debtors: | Powin, LLC, *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Order Establishing Deadlines for Filings Proofs of Claim and Approving the Form and Manner of Notice Thereof |

1.      The Application is **GRANTED** as set forth herein.

2.      As used herein (a) the term "claim" has the meaning given to such term in section 101(5) of the Bankruptcy Code, (b) the term "entity" has the meaning given to such term in section 101(15) of the Bankruptcy Code, and (c) the term "governmental unit" has the meaning given to such term in section 101(27) of the Bankruptcy Code.

3.      The form of notice, substantially in the form annexed to the Application as **Exhibit 1** (the "Bar Date Notice"), is approved and shall be deemed adequate and sufficient if posted on the Case Website maintained by Verita and is served at least thirty (30) days before the General Bar Date (as defined below), by first class mail[1] or by electronic transmission, if a first class mailing address is unavailable, on:

      a.  the Office of the United States Trustee for the District of New Jersey (the "U.S. Trustee");

      b.  counsel to the Committee and counsel to any other official committee;

      c.  counsel to the Debtors' Prepetition Secured Parties;

      d.  all persons or entities that have requested notice of the proceedings in these Chapter 11 cases;

      e.  all persons or entities that have filed claims;

      f.  all creditors and other known holders of claims as of the date of this Order, including all persons or entities listed in the Schedules as holding claims;

      g.  all parties to executory contracts and unexpired leases of the Debtors;

      h.  all parties to litigation with the Debtors;

---

[2]   Capitalized terms used but not otherwise defined herein have the meaning ascribed to them in the Application.

(Page | 5)

| | |
|---|---|
| Debtors: | Powin, LLC, *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Order Establishing Deadlines for Filings Proofs of Claim and Approving the Form and Manner of Notice Thereof |

i.   all current and former employees (to the extent that contact information for former employees is available in the Debtor's books and records);

j.   all other entities listed on the Debtors' matrix of creditors;

k.   the Internal Revenue Service for the district in which these Chapter 11 Cases are pending and, if required by Bankruptcy Rule 2002(j), the Securities and Exchange Commission and any other required governmental units (a list of such agencies is available from the Office of the Clerk of the Court);  and

l.   such additional persons and entities as deemed appropriate by the Debtors.

4.     Except as otherwise provided in this Order, all persons and entities,  (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts) that assert a claim, as defined in Section 101(5) of the Bankruptcy Code,  against the Debtors which arose on or prior to the Petition Date (as defined below), must file a proof of claim in writing or electronically through the Case Website and in accordance with the procedures described herein **so as to be actually received** by **5:00 p.m. (Prevailing Eastern Time) on September 29, 2025** (the "General Bar Date).

5.     The General Bar Date applies to all types of claims against the Debtors that arose prior to the commencement of the Chapter 11 Cases on July 9, 2025 (the "Petition Date"), including secured claims, unsecured priority claims (including, without limitation, claims entitled to priority under sections 507(a)(4), 507(a)(5), and 503(b)(9) of the Bankruptcy Code), and unsecured nonpriority claims.

6.     Subject to the provisions of paragraphs 9 through 11 of this Order with respect to claims subject to the Rejection Claims Bar Date, the Amended Schedules Bar Date, and the

| (Page | 6) | |
|---|---|
| Debtors: | Powin, LLC, *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Order Establishing Deadlines for Filings Proofs of Claim and Approving the Form and Manner of Notice Thereof |

Governmental Bar Date, and the exceptions described in paragraphs 8 below, the following are the

claims for which proofs of claim must be submitted on or before the General Bar Date:

    a.  claims against a Debtor that are not listed in the applicable Debtor's Schedules or are listed in the applicable Debtor's Schedules as "disputed," "contingent," or "unliquidated" and the holder of such claim(s) desires to share in any distribution to creditors in the Chapter 11 Cases;

    b.  prepetition claims improperly classified in the Schedules or listed in an incorrect amount and the holder of such claim(s) desires to have its claims allowed in a classification or amount other than that identified in the Schedules;

    c.  prepetition claims listed in the Schedules where the holder of such claim believes it is not an obligation of the specific Debtor against which the claim is listed and desires to have its claim allowed against a Debtor other than as identified in the Schedules;  and

    d.  any claim against a Debtor that is or may be an administrative expense pursuant to section 503(b)(9) of the Bankruptcy Code.

    7.    The following procedures for the filing of proofs of claim shall apply:

    a.    Proofs of claim must conform substantially to Official Bankruptcy Form No. 410.;  Proofs of claim must be filed by submitting the original proof of claim by: (i) U.S. Mail, Federal Express, or other mail, courier, or hand delivery service to Powin LLC., et al Claims Processing Center c/o KCC dba Verita Global 222 N Pacific Coast Highway, Suite 300 El Segundo, CA 90245;  (ii) hand delivery service to the United States Bankruptcy Court, District of New Jersey, 402 East State Street, Trenton, NJ 08608;  or (iii) utilizing the electronic filing system available through the Case Website at: https://www.veritaglobal.net/powin under link entitled "File A Claim."  Proofs of claim will be deemed timely only when submitted and actually received in accordance with the foregoing procedures on or before the applicable Bar Date;

**Proofs of claim submitted by facsimile or electronic mail shall not be accepted and shall not be deemed properly filed**.

(Page | 7)

| Debtors: | Powin, LLC, *et al.* |
|---|---|
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Order Establishing Deadlines for Filings Proofs of Claim and Approving the Form and Manner of Notice Thereof |

b.  Proofs of claim must (i) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant;  (ii) include any documents upon which the claim is based (or, if such documents are not available, a statement as to why);  (iii) be written in English;  and (iv) be asserted and denominated in United States currency;  and

c.  Proofs of claim must specify by name and case number the applicable Debtor or Debtors against which the claim is filed.  Except otherwise as set forth herein or in any other order of this Court, (i) if the holder asserts a claim against more than one Debtor or has multiple claims against different Debtors, a separate proof of claim form must be filed with respect to each Debtor, *provided however*, that a Claim that indicates it is filed against each Debtor by selecting the applicable Debtors at the top of the Proof of Claim Form, shall be deemed to have been filed against each selected Debtor without the need to file additional Claims, (ii) any entity filing a proof of claim must identify on its proof of claim form the specific Debtor against which its claim is asserted, and (iii) any claim filed only in the lead case (Powin, LLC., Case No. 25-16137), or that otherwise fails to identify a specific Debtor, shall be deemed to be filed only against Debtor Powin, LLC;

d.  Claimants submitting a Proof of Claim through non electronic means wishing to receive acknowledgment that their Proofs of Claim were received by the Debtors' claims agent must submit (i) a copy of the Proof of Claim Form (in addition to the original Proof of Claim Form sent to the Debtors' claims agent) and (ii) a self-addressed, stamped envelope.

e.  Proofs of claim will be deemed filed only when <u>received</u> by the Clerk of the Bankruptcy Court, or the Debtors' claims agent, KCC d/b/a Verita Global, on or before the Bar Date.

8.  Proofs of claim need not be filed as to the following types of claims:

a.  any claim that has already been asserted in a proof of claim against the applicable Debtor(s) with the claims agent appointed in these Chapter 11 Cases, or the Clerk of the Bankruptcy Court for the District of New Jersey in a form substantially similar to Official Bankruptcy Form No. 410;

b.  any claim that is listed on the Schedules filed by the Debtors provided that (i) the claim is **not** scheduled as "disputed," "contingent," or "unliquidated;" (ii) such claimant agrees with the amount, nature, and priority of the claim as set forth in the Schedules;  and (iii) such claimant does not dispute that its claim

| (Page | 8) | |
|---|---|
| Debtors: | Powin, LLC, *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Order Establishing Deadlines for Filings Proofs of Claim and Approving the Form and Manner of Notice Thereof |

is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

c.   any claim that previously has been allowed by order of this Court;

d.   any claim for which a creditor is otherwise not required to file a proof of claim on account of such claim by order of this Court;

e.   any claim that has been paid in full by any of the Debtors (or any other party) in accordance with the Bankruptcy Code or an order of this Court;

f.   any claim for which a different filing deadline has previously been fixed by this Court;

g.   any claim by a Debtor against another Debtor;

h.   any claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration (other than claims entitled to priority under section 503(b)(9) of the Bankruptcy Code); and

i.   any counterparty to an executory contract or unexpired lease whose contract or lease is assumed or assumed and assigned by the Debtors, solely with respect to claims arising under such contract or lease or any related agreements.

9.      Any person or entity asserting claims arising from or relating to the rejection of executory contracts or unexpired leases, in accordance with section 365 of the Bankruptcy Code or any order of this Court (including any order confirming a chapter 11 plan) authorizing the rejection of an executory contract or unexpired lease (any such order, a "Rejection Order"), or claims otherwise related to such rejected agreements (the "Rejection Damage Claims"), is required to file proofs of claim by **the later of (a) the General Bar Date, (b) the date that is thirty (30) days after entry of the applicable Rejection Order, or (c) the date that is thirty (30) days after the effective date of the rejection of an executory contract or unexpired lease as set forth in the applicable Rejection Order** (the later of clauses (a) through (c) to occur, the "Rejection

(Page | 9)

| | |
|---|---|
| Debtors: | Powin, LLC, *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Order Establishing Deadlines for Filings Proofs of Claim and Approving the Form and Manner of Notice Thereof |

Claims Bar Date"). For the avoidance of doubt, all prepetition and postpetition claims of any kind or nature relating to executory contracts or unexpired leases rejected pursuant to a Rejection Order, including, without limitation, claims entitled to administrative expense priority under section 503(b) of the Bankruptcy Code, must be filed by the Rejection Claims Bar Date. Rejection Orders entered after the date of entry of this Order shall include a description of the Rejection Claims Bar Date in the text of each.

10. If the Debtors amend or supplement their Schedules after the service of the Bar Date Notice, the Debtors shall give notice of such amendment or supplement to the holders of claims affected thereby, including notice of the Amended Schedules Bar Date (as defined below) to file proofs of claim in response to the amendment or supplement to the Schedules. The affected claimant is required to file a proof of claim or amend any previously filed proof of claim in respect of the amended scheduled claim in accordance with the procedures described herein by **the later of: (a) the General Bar Date; or (b) 5:00 p.m. (Prevailing Eastern Time) on the date that is thirty (30) calendar days after the date that notice of the applicable amendment to the Schedules is served on the claimant** (the "Amended Schedules Bar Date"). Notwithstanding the foregoing, nothing in the Application shall be deemed: (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in the Application or any order granting the relief requested by the Application or a finding that any particular claim is an

| Debtors: | Powin, LLC, *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Order Establishing Deadlines for Filings Proofs of Claim and Approving the Form and Manner of Notice Thereof |

administrative expense claim or other priority claim; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors', or any other party in interest's, rights under the Bankruptcy Code or any other applicable law; or (h) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in this Application are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

11.     All governmental units holding claims against the Debtors that arose or are deemed to have arisen prior to the Petition Date (including secured claims, unsecured priority claims, and unsecured nonpriority claims) are required to file proofs of claim by **December 8, 2025 at 5:00 p.m., (Prevailing Eastern Time)** (the "Governmental Bar Date").

12.     Unless otherwise ordered by the Court, pursuant to Bankruptcy Rule 3003(c)(2), all holders of claims that fail to comply with this Order by timely filing a proof of claim in the prescribed manner utilizing an appropriate form, shall be forever barred, estopped, and enjoined from:  (a) asserting any claim against the Debtors or their estates or property that (i) is in an amount that exceeds the amount, if any, that is identified in the Schedules on behalf of such entity as undisputed, noncontingent, and liquidated or (ii) is of a different nature or a different classification than any claim identified in the Schedules on behalf of such entity (any such claim under subparagraph (a) of this paragraph being referred to herein as an "Unscheduled Claim");  or

(Page | 11)

| | |
|---|---|
| Debtors: | Powin, LLC, *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Order Establishing Deadlines for Filings Proofs of Claim and Approving the Form and Manner of Notice Thereof |

(b) voting upon, or receiving any distribution under, any chapter 11 plan promulgated in these Chapter 11 Cases in respect of an Unscheduled Claim.

13.     Any entity that files a proof of claim in these Chapter 11 Cases shall be deemed to have submitted to the Court's jurisdiction for purposes of the proof of claim.

14.     The Debtors and Verita are authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order.

15.     The entry of this Order is without prejudice to the right of the Debtors to: (i) seek a further order of this Court fixing a date by which holders of claims or interests not subject to the Bar Dates established herein must file such proofs of claim or interest or be barred from doing so; and (ii) after the initial mailing of the Bar Date Notice, the Debtors may, in consultation with the Committee, make supplemental mailings of notices or packages, including in the event that: (a) notices are returned by the post office with forwarding addresses; (b) certain parties acting on behalf of parties in interest decline to pass along notices to these parties and instead return their names and addresses to the Debtors for direct mailing, and (c) additional potential claimants become known as the result of the Bar Date mailing process.  In this regard, the Debtors may make supplemental mailings of the Bar Date Package in these and similar circumstances at any time up to 14 days in advance of the applicable Bar Date, with any such mailings being deemed timely and the Bar Date being applicable to the recipient creditors.

16.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

| Debtors: | Powin, LLC, *et al.* |
|---|---|
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Order Establishing Deadlines for Filings Proofs of Claim and Approving the Form and Manner of Notice Thereof |

17.     The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents or otherwise deemed waived.

18.     Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Order shall be effective and enforceable immediately upon entry hereof.

19.     Notice of the Application as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

20.     The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Application or otherwise waived.

21.     The Debtors shall serve a copy of this Order on all parties.

22.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

## EXHIBIT 1

**Bar Date Notice**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| In re:<br>Powin, LLC, *et al.*,[1]<br><br>　　　　　　Debtors. | Chapter 11<br><br>Case No. 25-16137 (MBK)<br><br>(Jointly Administered) |

**NOTICE OF DEADLINE REQUIRING FILING**
**OF PROOFS OF CLAIM ON OR BEFORE SEPTEMBER 29, 2025**

**TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST POWIN, LLC AND IT'S AFFILIATED DEBTORS (THE "DEBTORS")**

The United States Bankruptcy Court for the District of New Jersey has entered an Order (the "Order") establishing **September 29, 2025 at 5:00 p.m**., (Prevailing Eastern Time) (the "General Claims Bar Date"), as the last date for each person or entity (excluding "Governmental Units" as defined in section 101(27) of the Bankruptcy Code) to file a proof of claim, including for any entity asserting a claim under 503(b)(9) of the Bankruptcy Code against Powin, LLC (the "Debtors").

As described below, the Bar Date Order also establishes different bar dates for other categories of claims. Among other exceptions described below, the General Claims Bar Date does not apply to claims of any governmental unit (as defined in section 101(27) of title 11 of the United States Code (the "Bankruptcy Code")).

---

[1]　　The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin Project LLC [1583]; (ii) Powin, LLC [0504]; (iii) PEOS Holdings, LLC [5476]; (iv) Powin China Holdings 1, LLC [1422]; (v) Powin China Holdings 2, LLC [9713]; (vi) Charger Holdings, LLC [5241]; (vii) Powin Energy Ontario Storage, LLC [8348]; (viii) Powin Energy Operating Holdings, LLC [2495]; (ix) Powin Energy Operating, LLC [6487]; (x) Powin Energy Storage 2, Inc., [9926]; (xi) Powin Energy Ontario Storage II LP, [5787]; and (xii) Powin Canada B.C. Ltd. [2239]. The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR 97062.

As used in this Notice , the term "claim" means, as to or against any of the Debtors and in accordance with section 101(5) of the Bankruptcy Code: (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

## 1.    THE BAR DATES

The Bar Date Order establishes the following bar dates for filing proofs of Claim in these cases (collectively, the "Bar Dates"):

(a)    **The General Claims Bar Date**.  Pursuant to the Bar Date Order, except as described below, any holder of a claim against the Debtors that arose or is deemed to have arisen prior to the commencement of these cases is required to file proofs of claim by the General Claims Bar Date (*i.e.*, by **September 29, 2025 at 5:00 p.m., (Prevailing Eastern Time)**.  These cases were commenced on June 9, 2025 (the "Petition Date").  The General Claims Bar Date applies to all types of claims against the Debtors that arose prior to the Petition Date, including secured claims, unsecured priority claims (including, without limitation, claims entitled to priority under sections 507(a)(4), 507(a)(5), and 503(b)(9) of the Bankruptcy Code) and unsecured nonpriority claims.

(b)    **The Rejection Claims Bar Date**.  Pursuant to the Bar Date Order, any person or entity that holds a claim arising from or relating to the rejection of an executory contract or unexpired lease, in accordance with section 365 of the Bankruptcy Code or any order of the Court (including any order confirming a chapter 11 plan) authorizing the rejection of an executory contract or unexpired lease (any such order, a "Rejection Order"), or claims otherwise related to such rejected agreements (the "Rejection Damage Claims"), is required to file proofs of claim by **the later of (a) the General Bar Date, (b) the date that is thirty (30) days after entry of the applicable Rejection Order, or (c) the date that is thirty (30) days after the effective date of the rejection of an executory contract or unexpired lease as set forth in the applicable Rejection Order** (the later of clauses (a) through (c) to occur, the "Rejection Claims Bar Date").  For the avoidance of doubt, all prepetition and postpetition claims of any kind or nature relating to executory contracts or unexpired leases rejected pursuant to a Rejection Order, including, without limitation, claims entitled to administrative expense priority under section 503(b) of the Bankruptcy Code, must be filed by the Rejection Claims Bar Date.

(c)    **The Amended Schedules Bar Date**.  Pursuant to the Bar Date Order, if subsequent to the date of this Notice, a Debtor amends or supplements its Schedules,

the affected claimant is required to file a proof of claim or amend any previously filed proof of claim in respect of the amended scheduled claim on or before **the later of (i) the General Claims Bar Date or (ii) 5:00 p.m., (Prevailing Eastern Time), on the date that is thirty (30) calendar days after the date that notice of the applicable amendment or supplement to the Schedules is served on the claimant** (the "Amended Schedules Bar Date").

(d)    **The Governmental Bar Date**.  Pursuant to the Bar Date Order, all governmental units holding claims against the Debtors that arose or are deemed to have arisen prior to the Petition Date (including secured claims, unsecured priority claims and unsecured nonpriority claims) are required to file proofs of claim by **December 8, 2025 at 5:00 p.m., (Prevailing Eastern Time)** (the "Governmental Bar Date").

2.    **WHO MUST FILE A PROOF OF CLAIM**

You MUST file a proof of claim to vote on a chapter 11 plan filed by the Debtors or to share in distributions from the Debtors' bankruptcy estates if you have a claim that arose prior to June 9, 2025 (the "Filing Date"), and it is not one of the types of claim described in Section 5 below. Claims based on acts or omissions of the Debtors that occurred before the Filing Date must be filed on or prior to the Bar Date, even if such claims are not now fixed, liquidated or certain or did not mature or become fixed, liquidated or certain before the Filing Date.

Under Section 101(5) of the Bankruptcy Code and as used in this Notice, the word "claim" means: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

3.    **WHAT TO FILE**

The Debtors are enclosing a proof of claim form for use in these cases.  If your claim is scheduled by the Debtors, the enclosed proof of claim form also sets forth:  (a) the amount of your claim (if any) as scheduled by the Debtors;  (b) the identity of the Debtor against which your claim is scheduled;  (c) whether your claim is scheduled as disputed, contingent or unliquidated;  and

3

(d) whether your claim is scheduled as a secured claim, an unsecured priority claim, or an unsecured nonpriority claim.  You will receive a different proof of claim form for each claim scheduled in your name by the Debtors. Your filed proof of claim must conform substantially to Official Form No. 410;  you may utilize the proof of claim form(s) provided by the Debtors to file your claim. Additional proof of claim forms may be obtained at: under link entitled "Submit Electronic Proof of Claim (ePOC)" at https://www.veritaglobal.net/powin.

All proof of claim forms must be **signed** by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant.  It must be written in English and be denominated in United States currency.  You should attach to your completed proof of claim any documents on which the claim is based (if voluminous, attach a summary) or an explanation as to why the documents are not available.

Except as set forth in any other order of the Court, any holder of a claim against more than one Debtor or that has multiple claims against different Debtors must file a separate proof of claim with respect to each such Debtor.  In addition, proofs of claim must identify on their face the specific Debtor against which the claim is asserted.  A list of the Debtors, together with their respective case numbers, is set forth on **Exhibit A** attached hereto.  Any claim filed only in the lead case (Powin, LLC., Case No. 25-16137) or that otherwise fails to identify a specific Debtor shall be deemed as filed only against Debtor Powin, LLC.

**Your proof of claim form must <u>not</u> contain complete social security numbers or taxpayer identification numbers (only the last four digits), a complete birth date (only the year), the name of a minor (only the minor's initials) or a complete financial account number (only the last four digits of such financial account).**

Any holder of a claim against more than one Debtor must file a separate proof of claim with respect to each such Debtor and all holders of claims must identify on their proof of claim the specific Debtor against which their claim is asserted and the case  number of that Debtor's

4

bankruptcy case, *provided however*, that a Claim that indicates it is filed against each Debtor by selecting the applicable Debtors at the top of the Proof of Claim Form, shall be deemed to have been filed against each selected Debtor without the need to file additional Claims.   A list of the names of the Debtors and their case numbers is attached to this Notice.

4.    **WHEN AND WHERE TO FILE**

All proofs of claim must be filed so as to be received on or before September 29, 2025 at 5:00 p.m. (Prevailing Eastern Time) (for all persons except Governmental Units) or December 8, 2025, at 5:00 p.m. (Prevailing Eastern Time) (for all Governmental Units) as follows:

| IF BY MAIL, DELIVERY, OR DELIVERED BY HAND: | IF DELIVERED BY HAND: | IF FILED ELECTRONICALLY: |
|---|---|---|
| **Powin LLC., et al. Claims Processing Center** c/o KCC dba Verita Global 222 N Pacific Coast Highway, Suite 300 El Segundo, CA 90245<br><br>Case Hotline: Toll-Free:  (866) 507-8031 International:  (781) 575-2122 | **Powin LLC., et al. Claims Processing Center** c/o KCC dba Verita Global 222 N Pacific Coast Highway, Suite 300 El Segundo, CA 90245<br><br>or<br><br>United States Bankruptcy Court, District of New Jersey, 402 East State Street, Trenton, NJ 08608 | "Submit Electronic Proof of Claim" link on the Debtors' case website:<br><br>https://www.veritaglobal.net/powin |

**Neither Verita nor the Court will accept a Proof of Claim sent by facsimile or e-mail.**

Proofs of claim will be deemed filed only when received at the addresses listed above or filed electronically on or before the Bar Date. Proofs of claim may not be delivered by facsimile, telecopy or electronic mail transmission.

5.    **CLAIMS FOR WHICH PROOFS OF CLAIM NEED NOT BE FILED**

You do **not** need to file a proof of claim on behalf of a claim on or prior to the General Bar Date if the claim falls into one of the following categories:

> a.    Any claim that has already been asserted in a proof of claim against the applicable Debtor(s) with the claims agent appointed in these Chapter 11 Cases, or the Clerk

5

of the Bankruptcy Court for the District of New Jersey in a form substantially similar to Official Bankruptcy Form No. 410;

b.  Any claim that is listed on the Schedules filed by the Debtors provided that (i) the claim is **not** scheduled as "disputed," "contingent," or "unliquidated;" (ii) such claimant agrees with the amount, nature, and priority of the claim as set forth in the Schedules;  and (iii) such claimant does not dispute that its claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

c.  Any claim that previously has been allowed by order of this Court;

d.  Any claim for which a creditor is otherwise not required to file a proof of claim on account of such claim by order of this Court;

e.  Any claim that has been paid in full by any of the Debtors (or any other party) in accordance with the Bankruptcy Code or an order of this Court;

f.  Any claim for which a different filing deadline has previously been fixed by this Court;

g.  Any claim by a Debtor against another Debtor;

h.  Any claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration (other than claims entitled to priority under section 503(b)(9) of the Bankruptcy Code); and

i.  Any counterparty to an executory contract or unexpired lease whose contract or lease is assumed or assumed and assigned by the Debtors, solely with respect to claims arising under such contract or lease or any related agreements.

If you are a holder of an equity interest in the Debtors, you need not file a proof of interest with respect to the ownership of such equity interest at this time.   However, if you assert  a claim against the Debtors, including a claim relating to such equity interest or the purchase or  sale of such interest, a proof of such claim must be filed on or prior to the Bar Date pursuant to  procedures set forth in this Notice.

This Notice is being sent to many persons and entities that have had some  relationship with or have done business with the Debtors but may not have an unpaid claim against the  Debtors. The fact that you have received this Notice does not mean that you have a claim or  that the Debtors or the Court believe that you have a claim  against the Debtors.

6

**6.    EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

If you have a claim arising out of the rejection of an executory contract or unexpired leas, you must file a proof of claim for any prepetition or postpetition damages caused by such rejection or any other prepetition or postpetition claims of any kind or nature whatsoever relating to the rejected agreement, by the Rejection Claims Bar Date.

**7.    CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE BAR DATE**

ANY HOLDER OF A CLAIM THAT IS NOT EXEMPTED FROM THE REQUIREMENTS OF THIS ORDER, AS SET FORTH IN SECTION 5 ABOVE, AND THAT FAILS TO TIMELY FILE A PROOF OF CLAIM IN THE APPROPRIATE FORM SHALL NOT BE TREATED AS A CREDITOR WITH RESPECT TO SUCH CLAIM FOR THE PURPOSES OF VOTING ON ANY PLAN OF REORGANIZATION FILED IN THESE CASES AND PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTORS' CASES ON ACCOUNT OF SUCH CLAIM, UNLESS AS OTHERWISE ORDERED BY THE COURT.

**8.    THE DEBTORS' SCHEDULES AND ACCESS THERETO**

You may be listed as the holder of a claim against one or more of the Debtors in the Debtors' Schedules of Assets and Liabilities and/or Schedules of Executory Contracts and Unexpired Leases (collectively, the "Schedules").

If you rely on the Debtors' Schedules, it is your responsibility to determine that the claim is accurately listed in the Schedules.

As set forth above, if you agree with the nature, amount and status of your claim as listed in the Debtors' Schedules, and if you do not dispute that your claim is only against the Debtor specified by the Debtors, and if your claim is not described as "disputed," "contingent," or "unliquidated," you need not file a proof of claim. Otherwise, or if you decide to file a proof of claim, you must do so before the Bar Date in accordance with the procedures set forth in this Notice.

Copies of the Debtors' Schedules are available for inspection on the Court's Internet

Website at http://www.njb.uscourts.gov.  A login and password to the Court's Public Access to

Electronic Court Records ("PACER") are required to access this information and can be obtained

through the PACER Service Center at http://www.pacer.gov.  Copies of the Schedules may also be

examined between the hours of 9:00 a.m. and 4:30 p.m., Monday through Friday at the Office of the

Clerk of the Bankruptcy Court, 402 East State Street, Trenton, NJ 08608.  Copies of the Debtors'

Schedules  may also be obtained by written request to Kurtzman Carson Consultants, LLC dba Verita

Global ("Verita"), the Debtors' proposed claims and noticing agent, at c/o KCC dba Verita Global

222 N Pacific Coast Highway, Suite 300 El Segundo, CA 90245.

*[Concluded on the Following Page]*

**A holder of a possible claim against the Debtors should consult an attorney**

**regarding any matters not covered by this notice, such as whether the holder should file a  proof**

**of claim.**

Dated: August 20, 2025

**TOGUT, SEGAL & SEGAL LLP**
*/s/ Frank A. Oswald*
Frank A. Oswald (admitted)
550 Broad Street
Suite 1508
Newark, NJ 07102
Telephone:  (212) 594-5000
Facsimile:  (212) 967-4258
Email:  frankoswald@teamtogut.com

Albert Togut (admitted *pro hac vice*)
Eitan Blander (admitted *pro hac vice*)
One Penn Plaza, Suite 3335
New York, New York 10119
Telephone:  (212) 594-5000
Facsimile:  (212) 967-4258
Email:  altogut@teamtogut.com
        eblander@teamtogut.com

- and -

**DENTONS US LLP**
Tania M. Moyron (admitted *pro hac vice*)
Van C. Durrer, II (admitted *pro hac vice*)
601 S. Figueroa Street #2500
Los Angeles, CA 90017
Telephone:  (213) 623-9300
Facsimile:  (213) 623-9924
Email:  tania.moyron@dentons.com
        van.durrer@dentons.com

John D. Beck (admitted *pro hac vice*)
Sarah M. Schrag (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020-1089
Telephone:  (212) 768-6700
Facsimile:  (212) 768-6800
Email:  john.beck@dentons.com
        sarah.schrag@dentons.com

*Counsel for Debtors and*
*Debtors in Possession*

9

**EXHIBIT A**

**SCHEDULE OF DEBTORS**

| | DEBTOR NAME | EIN Number | Case Number |
|---|---|---|---|
| 1. | Powin Project, LLC | 39-2571583 | 25-16136 |
| 2. | Powin, LLC | 86-2270504 | 25-16137 |
| 3. | PEOS Holdings, LLC | 84-3515476 | 25-16144 |
| 4. | Powin China Holdings 1, LLC | 82-4101422 | 25-16138 |
| 5. | Powin China Holdings 2, LLC | 88-2699713 | 25-16139 |
| 6. | Charger Holdings, LLC | 84-3515241 | 25-16140 |
| 7. | Powin Energy Ontario Storage, LLC | 82-1358348 | 25-16141 |
| 8. | Powin Energy Operating Holdings, LLC | 86-2322495 | 25-16142 |
| 9. | Powin Energy Operating, LLC | 86-2256487 | 25-16143 |
| 10. | Powin Energy Storage 2, Inc | BN: 815569926 | 25-16558 |
| 11. | Powin Energy Ontario Storage II LP | ID: 250705787 | 25-16559 |
| 12. | Powin Canada B.C. Ltd | BC 111239 | 25-16560 |

## **EXHIBIT 2**

**Proof of Claim Form**

Your claim can be filed electronically on Verita's website at https://www.veritaglobal.net/powin

| United States Bankruptcy Court for the District of New Jersey |
|---|

Indicate Debtor against which you assert a claim by checking the appropriate box below. **(Check only one Debtor per claim form.)**

☐ Powin Project LLC (Case No. 25-16136)  ☐ Charger Holdings, LLC (Case No. 25-16140)  ☐ PEOS Holdings, LLC (Case No. 25-16144)
☐ Powin, LLC (Case No. 25-16137)  ☐ Powin Energy Ontario Storage, LLC (Case No. 25-16141)  ☐ Powin Energy Storage 2, Inc. (Case No. 25-16558)
☐ Powin China Holdings 1, LLC (Case No. 25-16138)  ☐ Powin Energy Operating Holdings, LLC (Case No. 25-16142)  ☐ Powin Energy Ontario Storage II LP (Case No. 25-16559)
☐ Powin China Holdings 2, LLC (Case No. 25-16139)  ☐ Powin Energy Operating, LLC (Case No. 25-16143)  ☐ Powin Canada B.C. Ltd (Case No. 25-16560)

## Modified Official Form 410
# Proof of Claim

04/25

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Other than a claim under 11 U.S.C. § 503(b)(9), this form should not be used to make a claim for an administrative expense arising after the commencement of the case.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies or any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed.

### Part 1:   Identify the Claim

**1. Who is the current creditor?**

_____
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☐ No
☐ Yes.   From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Name _____

Number    Street

City _____ State _____ ZIP Code _____

Country _____

Contact phone _____

Contact email _____

Uniform claim identifier (if you use one):

___ ___ ___ ___ — ___ ___ ___ ___ — ___ ___ ___ ___ — ___ ___ ___ ___

Where should payments to the creditor be sent? (if different)

Name _____

Number    Street

City _____ State _____ ZIP Code _____

Country _____

Contact phone _____

Contact email _____

**4. Does this claim amend one already filed?**

☐ No
☐ Yes.   Claim number on court claims registry (if known) _____   Filed on ___/___/___
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☐ No
☐ Yes. Who made the earlier filing? _____

**Part 2:**    Give Information About the Claim as of the Date the Case Was Filed

**6. Do you have any number you use to identify the debtor?**

☐ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___

**7. How much is the claim?**

$ _____. **Does this amount include interest or other charges?**

☐ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

_____

**9. Is all or part of the claim secured?**

☐ No

☐ Yes.  The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate: If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**        $ _____

**Amount of the claim that is secured:**        $ _____

**Amount of the claim that is unsecured:**  $ _____ (The sum of the secured and unsecured amount should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**        $ _____

**Annual Interest Rate** (when case was filed) _____ %

☐ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☐ No

☐ Yes. Amount necessary to cure any default as of the date of the petition.        $ _____

**11. Is this claim subject to a right of setoff?**

☐ No

☐ Yes. Identify the property: _____

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

☐ No

☐ Yes. Check all that apply:

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

**Amount entitled to priority**

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

$_____

☐ Up to $3,800* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

$_____

☐ Wages, salaries, or commissions (up to $17,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

$_____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

$_____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

$_____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies.

$_____

\* Amounts are subject to adjustment on 4/01/28 and every 3 years after that for cases begun on or after the date of adjustment.

**13. Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?**

☐ No

☐ Yes. Indicate the amount of your claim arising from the value of any goods received by the debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.

$_____

---

**Part 3:   Sign Below**

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(3) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

*Check the appropriate box:*

☐ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgement that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  _____
                  MM / DD / YYYY

_____
Signature

Print the name of the person who is completing and signing this claim:

Name  _____
      First name          Middle name          Last name

Title  _____

Company  _____
         Identify the corporate servicer as the company if the authorized agent is a servicer.

Address  _____
         Number      Street

         _____
         City              State          ZIP Code      Country

Contact phone  _____        Email  _____

---

Modified Official Form 410

# Instructions for Proof of Claim

United States Bankruptcy Court                                                                          12/24

**These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.**

> **A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.** 18 U.S.C. §§ 152, 157 and 3571

## How to fill out this form

- ■ **Fill in all of the information about the claim as of the date the case was filed.**

- ■ **Fill in the caption at the top of the form**

- ■ **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- ■ **Attach any supporting documents to this form.** Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *redaction* on the next page.)

  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure (called "Bankruptcy Rule") 3001(c) and (d).

- ■ **Do not attach original documents because attachments may be destroyed after scanning.**

- ■ **If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.**

**PLEASE SEND COMPLETED PROOF(S) OF CLAIM TO:**

Powin Claims Processing Center
c/o KCC dba Verita Global
222 N. Pacific Coast Hwy., Ste. 300
El Segundo, CA 90245

Alternatively, your claim can be filed electronically on Verita's website at https://www.veritaglobal.net/powin

- ■ **A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.** See Bankruptcy Rule 9037.

- ■ **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.** For example, write *A.B., a minor child (John Doe, parent, 123 Main St., City, State)*. See Bankruptcy Rule 9037.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, either enclose a stamped self-addressed envelope and a copy of this form or you may view a list of filed claims in this case by visiting the Claims and Noticing and Agent's website at https://www.veritaglobal.net/powin

## Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate. 11 U.S.C. § 503.

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Claim Pursuant to 11 U.S.C. §503(b)(9):** A claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of the Debtor's business.  Attach documentation supporting such claim.

**Creditor:** A person, corporation, or other entity whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. §101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. §101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. §507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

**Do not file these instructions with your form.**

**Secured claim under 11 U.S.C. §506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of 1325(a).

Examples of liens on property include a mortgage on real estate a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Uniform claim identifier:** An optional 24-character identifier that some creditors use to facilitate payment.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

**EXHIBIT 3**

**Publication Notice**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| In re:<br><br>Powin, LLC, *et al.*,[1]<br><br>               Debtors. | Chapter 11<br><br>Case No. 25-16137 (MBK)<br><br>(Jointly Administered) |

**NOTICE OF DEADLINE REQUIRING FILING
OF PROOFS OF CLAIM ON OR BEFORE SEPTEMBER 29, 2025**

**TO: ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST POWIN, LLC AND ITS
AFFILIATED DEBTORS (THE "DEBTORS")**

The United States Bankruptcy Court for the District of New Jersey has entered an Order (the "Bar Date Order") establishing **September 29], 2025 at 5:00 p.m**., (Prevailing Eastern Time) (the "General Claims Bar Date"), as the last date for each person or entity (excluding "Governmental Units" as defined in section 101(27) of the Bankruptcy Code) to file a proof of claim (each a "Proofs of Claim"), including for any entity asserting a claim[2] under 503(b)(9) of the Bankruptcy Code against Powin, LLC (the "Debtors").

Except for those holders of the Claims listed below that are specifically excluded from the General Claims Bar Date submission requirement, the Bar Dates and the procedures set forth below for submitting Proofs of Claim apply to all Claims (defined below) against the Debtors that arose prior to **June 9, 2025** (the "Petition Date"), the date on which the Debtors commenced cases under chapter 11 of the United States Bankruptcy Code, **including parties asserting Claims pursuant to section 503(b)(9) of the Bankruptcy Code (each, a "503(b)(9) Claim")**.  In addition, governmental units have until **5:00 p.m. prevailing Eastern Time on December 8, 2025** (the date that is 180 days after the Petition Date) (the "Governmental Bar Date"), to submit Proofs of Claim.

A copy of the Bar Date Order, and any exhibits thereto are available (i) at the Debtors' expense upon request to Kurtzman Carson Consultants, LLC dba Verita Global ("Verita"), (the noticing and claims agent retained in these chapter 11 cases), by calling (866) 507-8031for callers in the United States or by calling (781) 575-2122 for callers outside the United States, (ii) for no charge by visiting the Debtors' case website at https://www.veritaglobal.net/powin, or (iii) for a fee via PACER by visiting http://ecf.njb.uscourts.gov.

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin Project LLC [1583]; (ii) Powin, LLC [0504]; (iii) PEOS Holdings, LLC [5476]; (iv) Powin China Holdings 1, LLC [1422]; (v) Powin China Holdings 2, LLC [9713]; (vi) Charger Holdings, LLC [5241]; (vii) Powin Energy Ontario Storage, LLC [8348]; (viii) Powin Energy Operating Holdings, LLC [2495]; (ix) Powin Energy Operating, LLC [6487]; (x) Powin Energy Storage 2, Inc., [9926]; (xi) Powin Energy Ontario Storage II LP, [5787]; and (xii) Powin Canada B.C. Ltd. [2239]. The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR 97062.

[2]    As used in this Notice , the term "claim" means, as to or against any of the Debtors and in accordance with section 101(5) of the Bankruptcy Code:  (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured;  or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

The Bar Date Order requires that all entities (collectively, the "Claimants") holding or wishing to assert a Claim that arose or is deemed to have arisen prior to the Petition Date against the Debtors ("Claims") to submit a Proof of Claim so as to be actually received by Verita on or before the applicable bar date (collectively, the "Bar Dates") as set forth below. The Debtors, together with their respective case numbers are as follows: **Powin Project, LLC (25-16136); Powin, LLC (25-16137); PEOS Holdings, LLC (25-16144); Powin China Holdings 1, LLC (25-16138); Powin China Holdings 2, LLC (25-16139); Charger Holdings, LLC (25-16140); Powin Energy Ontario Storage, LLC (25-16141); Powin Energy Operating Holdings, LLC (25-16142); Powin Energy Operating, LLC (25-16143); Powin Energy Storage 2, Inc., (25-16558); Powin Energy Ontario Storage II LP (25-16559); and Powin Canada B.C. Ltd (25-16560).**

### THE BAR DATES

The Bar Date Order establishes the following bar dates for filing proofs of Claim in these cases (collectively, the "Bar Dates"):

    (a) **The General Claims Bar Date**.  Pursuant to the Bar Date Order, except as described below, any holder of a claim against the Debtors that arose or is deemed to have arisen prior to the commencement of these cases is required to file proofs of claim by the General Claims Bar Date (*i.e.*, by **September 29, 2025, 2025 at 5:00 p.m., (Prevailing Eastern Time)**.  The General Claims Bar Date applies to all types of claims against the Debtors that arose prior to the Petition Date, including secured claims, unsecured priority claims (including, without limitation, claims entitled to priority under sections 507(a)(4), 507(a)(5), and 503(b)(9) of the Bankruptcy Code) and unsecured nonpriority claims.

    (b) **The Rejection Claims Bar Date**.  Pursuant to the Bar Date Order, any person or entity that holds a claim arising from or relating to the rejection of an executory contract or unexpired lease, in accordance with section 365 of the Bankruptcy Code or any order of the Court (including any order confirming a chapter 11 plan) authorizing the rejection of an executory contract or unexpired lease (any such order, a "Rejection Order"), or claims otherwise related to such rejected agreements (the "Rejection Damage Claims"), is required to file proofs of claim by **the later of (a) the General Bar Date, (b) the date that is thirty (30) days after entry of the applicable Rejection Order, or (c) the date that is thirty (30) days after the effective date of the rejection of an executory contract or unexpired lease as set forth in the applicable Rejection Order** (the later of clauses (a) through (c) to occur, the "Rejection Claims Bar Date").

    (c) **The Amended Schedules Bar Date**.  Pursuant to the Bar Date Order, if subsequent to the date of this Notice, a Debtor amends or supplements its Schedules, the affected claimant is required to file a proof of claim or amend any previously filed proof of claim in respect of the amended scheduled claim on or before **the later of (i) the General Claims Bar Date or (ii) 5:00 p.m., (Prevailing Eastern Time), on the date that is thirty (30) calendar days after the date that notice of the applicable amendment or supplement to the Schedules is served on the claimant** (the "Amended Schedules Bar Date").

    (d) **The Governmental Bar Date**.  Pursuant to the Bar Date Order, all governmental units holding claims against the Debtors that arose or are deemed to have arisen prior to the Petition Date (including secured claims, unsecured priority claims and unsecured nonpriority claims) are required to file proofs of claim by **December 8, 2025 at 5:00 p.m., (Prevailing Eastern Time)** (the "Governmental Bar Date").

### WHEN AND WHERE TO SUBMIT

Each Proof of Claim, including supporting documentation, must be submitted so that Verita ***actually receives*** the Proof of Claim on or before the applicable Bar Date by: (i) electronically using the interface

available on Verita's website at https://www.veritaglobal.net/powin, (ii) first-class U.S. Mail, overnight mail, or other hand-delivery system, which Proof of Claim must include an original signature, at the following address: Powin LLC., et al. Claims Processing Center c/o KCC dba Verita Global 222 N Pacific Coast Highway, Suite 300 El Segundo, CA 90245, or (iii) hand delivery service to the United States Bankruptcy Court, District of New Jersey, 402 East State Street, Trenton, NJ 08608.

**PROOFS OF CLAIM SUBMITTED BY FAX OR EMAIL WILL NOT BE ACCEPTED AND WILL NOT BE DEEMED TIMELY SUBMITTED.**

**Contents of Proofs of Claim.** Each Proof of Claim must: (i) be written in English; (ii) be denominated in United States dollars; (iii) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 410; and (iv) be signed or electronically transmitted through the interface available on Verita's website at https://www.veritaglobal.net/powin by the Claimant or by an authorized agent or legal representative of the Claimant. **Please note** that each Proof of Claim must specify by name and case number the Debtor against which the Claim is submitted by selecting the applicable Debtor at the top of the proposed Proof of Claim Form. If asserting a claim against more than on Debtor, a separate proof of claim form must be filed with respect to each Debtor, provided however, that a Claim that indicates it is filed against each Debtor by selecting the applicable Debtors at the top of the Proof of Claim Form, shall be deemed to have been filed against each selected Debtor without the need to file additional Claims.  A Proof of Claim submitted under Case No. 25-16137 (MBK) or that does not identify a Debtor will be deemed as submitted only against Powin, LLC. A Proof of Claim that names a subsidiary Debtor but is submitted under Case No. 25-16137 (MBK) will be treated as having been submitted against the subsidiary Debtor with a notation that a discrepancy in the submission exists.

**Section 503(b)(9) Claims.** Vendors and suppliers of goods may be entitled to request an administrative priority Claim under section 503(b)(9) of the Bankruptcy Code to the extent they delivered, and the Debtor received, goods within the twenty-day period prior to the Petition Date. The Court has deemed the submission of a Proof of Claim as satisfying the procedural requirements for asserting such a Claim under section 503(b)(9) of the Bankruptcy Code. In addition to the other requirements listed above, any Proof of Claim asserting a 503(b)(9) Claim must (i) include the value of the goods delivered to and received by the Debtors in the twenty days prior to the Petition Date; (ii) attach documentation of the date on which the goods were delivered to and received by the Debtors; (iii) attach any documentation identifying the particular invoices for which the 503(b)(9) Claim is being asserted; (iv) attach documentation of any reclamation demand made against the Debtors under section 546(c) of the Bankruptcy Code (if applicable); and (v) set forth whether any portion of the 503(b)(9) Claim was satisfied by payments made by the Debtors.

**Consequences of Failing to Timely Submit Your Proof of Claim.** Any Claimant who is required, but fails, to submit a Proof of Claim in accordance with the Bar Date Order on or before the applicable Bar Date shall be forever barred, estopped, and enjoined from asserting such Claim against the Debtors (or submitting a Proof of Claim with respect thereto), unless otherwise ordered by the Court. In such event, the Debtors' property shall be forever discharged from any and all indebtedness or liability with respect to such Claim, and such holder shall not be permitted to vote to accept or reject any plan of reorganization filed in these chapter 11 cases or participate in any distribution on account of such Claim or receive further notices regarding such Claim.

**Reservation of Rights.** Nothing contained in this notice is intended to or should be construed as a waiver of the Debtors' right to: (a) dispute, or assert offsets or defenses against, any submitted Proof of Claim or any Claim listed or reflected in the Schedules as to the nature, amount, liability, or classification of such Claims; (b) subsequently designate any scheduled Claim as disputed, contingent, or unliquidated; and (c) otherwise amend or supplement the Schedules.

**Additional Information.** If you have any questions regarding the Claims process and/or if you wish to obtain a copy of the Bar Date Order (which contains a more detailed description of the requirements for submitting Proofs of Claim), a Proof of Claim form, or related documents, you may do so by visiting the Debtors' restructuring website at https://www.veritaglobal.net/powin or contacting Verita by calling (866) 507-8031 for callers in the United States or by calling (781) 575-2122 for callers outside the United States

and/or writing to the following address: **Powin LLC., et al. Claims Processing Center** c/o KCC dba Verita Global 222 N Pacific Coast Highway, Suite 300 El Segundo, CA 90245.

4

United States Bankruptcy Court

District of New Jersey

In re:                                                                          Case No. 25-16137-MBK

Powin, LLC                                                                      Chapter 11

    Debtor

# CERTIFICATE OF NOTICE

| District/off: 0312-3 | User: admin | Page 1 of 1 |
|---|---|---|
| Date Rcvd: Aug 20, 2025 | Form ID: pdf903 | Total Noticed: 1 |

The following symbols are used throughout this certificate:

**Symbol**    **Definition**

+    Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Aug 22, 2025:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Powin, LLC, 20550 SW 115th Avenue, Tualatin, OR 97062-6857 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, \*duplicate of an address listed above, \*P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 22, 2025               Signature:        /s/Gustava Winters