|  |  |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** | |
| Caption in Compliance with D.N.J. LBR 9004-1(b)<br><br>FOX ROTHSCHILD LLP<br>49 Market Street<br>Morristown, NJ 07960<br>Telephone: (973) 992-4800<br>Fax: (973) 992-9125<br>Michael R. Herz, Esq.<br>Agostino A. Zammiello, Esq.<br>mherz@foxrothschild.com<br>azammiello@foxrothschild.com<br>*Attorneys for Zendesk, Inc.* | |
| In Re:<br><br>POWIN, LLC, *et al*.<br><br>　　　　　　　Debtors[1] | Chapter 11<br><br>Case No. 25-16137-MBK<br><br>Judge: Hon. Michael B. Kaplan |

**OBJECTION AND RESERVATION OF RIGHTS OF ZENDESK, INC.
TO DEBTORS' SUPPLEMENTAL NOTICE OF POTENTIALLY
ASSUMED EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

Zendesk Inc. ("Zendesk"), by and through its undersigned counsel, submits this objection and reservation of rights (the "Objection") to the Debtors' *Supplemental Notice of Potentially Assumed Executory Contracts and Unexpired Leases* [Docket No. 722] (the "Assumption Notice,") and respectfully represents as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin Project LLC [1583]; (ii) Powin, LLC [0504]; (iii) PEOS Holdings, LLC [5476]; (iv) Powin China Holdings 1, LLC [1422]; (v) Powin China Holdings 2, LLC [9713]; (vi) Charger Holdings, LLC [5241]; (vii) Powin Energy Ontario Storage, LLC [8348]; (viii) Powin Energy Operating Holdings, LLC [2495]; (ix) Powin Energy Operating, LLC [6487]; (x) Powin Energy Storage 2, Inc. [9926]; (xi) Powin Energy Ontario Storage II LP, [5787]; and (xii) Powin Canada B.C. Ltd. [2239]. The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR 97062.

## BACKGROUND

1.      On June 9, 2025, June 10, 2025, and June 22, 2025 (the "Petition Date") the above-captioned debtors ("Debtors") commenced voluntary cases (the "Chapter 11 Cases") under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

2.      Upon information and belief, the Debtors remain in possession of their properties and continue to manage their businesses as debtors-in-possession in their jointly administered chapter 11 cases.

3.      Prior to the Petition Date, Zendesk and the Debtors entered into a master services agreement (the "Contract") whereby Zendesk, a customer service platform, provides call center services to the Debtors via its product, Zendesk Talk. This product enables Debtor's customer support teams to handle voice calls to/from their customers directly within the Zendesk software.

4.      On July 17, 2025, the United States Bankruptcy Court for the District of New Jersey (the "Court") entered the *Order (I) Designating a Stalking Horse Bidder and Approving Stalking Horse Bidder Protections, (II) Approving Bidding Procedures by Which Interested Parties May Bid and an Auction Sale Format in Connection With the Sale of Substantially All of the Debtors' Assets, (III) Approving Form of Asset Purchase Agreement, (IV) Approving Form of Notice to be Provided to Interested Parties, (V) Authorizing the Assumption and Assignment of Assumed Contracts and Notice Procedures Thereto, (VI) Scheduling a Court Hearing to Consider Approval of the Sale to the Highest and Best Bidder, and (VII) Authorizing the Sale of the Debtors' Property Free and Clear of All Causes of Action and Claims* [Docket No. 413] (the "Bidding Procedures Order").

5.      On July 30, 2025, the Debtors conducted the Auction in accordance with the Bidding Procedures. Following the Auction, the Debtors filed the *Notice of Winning Bidders*

2

[Docket No. 591], declaring FlexGen Power Systems, LLC ("FlexGen") as the Winning Bidder for the Purchased Assets (as defined in the FlexGen Asset Purchase Agreement, attached as Exhibit B to the Notice of Winning Bidders.

6. On August 6, 2025, the Court held a Sale Hearing and approved the sale to FlexGen. The Court subsequently entered the *Order (I) Authorizing the Debtors to Enter into and Perform Under the FlexGen Power Systems, LLC Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing the Assumption and Assignment of the Assumed Contracts to Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment Procedures, and (IV) Granting Related Relief* [Docket No. 751] (the "Sale Order).

7. On the Assumption Notice, the Debtors identified additional contracts that the Debtors may assume and assign to FlexGen. Zendesk is listed on Exhibit A to the Assumption Notice with a proposed cure amount of $1,802.

8. As of the date of this Objection, the actual Cure Amount due under the Contract is at least $5,819.86 (the "Actual Cure Amount"). *See* Exhibit A attached hereto.

**OBJECTION AND RESERVATION RIGHTS**

9. Zendesk hereby objects to the assumption of the Contract to the extent that: (i) the Actual Cure Amount is not paid in full in connection with such assumption; or (ii) such assumption fails to otherwise comply with Bankruptcy Code § 365.

10. Section 365 of the Bankruptcy Code allows a debtor-in-possession to assume or reject executory contracts and unexpired leases. 11 U.S.C. § 365(a). Assumption of an executory contract or unexpired lease encumbers the debtor with certain obligations, namely that the counterparty be made whole. *In re National Gypsum Co.*, 208 F.3d 498, 506 (5th Cir. 2000)

3

("Section 365 'allows a debtor to continue in a beneficial contract provided, however, that the other party is made whole at the time of the debtor's assumption of said contract.'"); *see also* 11 U.S.C. § 365(b).

11. Section 365(b) of the Bankruptcy Code provides that an unexpired lease cannot be assumed by a debtor unless the debtor cures any default under the contract and provides adequate assurance of present and future performance under the lease. 11 U.S.C. § 365(b)(1). *See In re G-I Holdings, Inc.*, 580 B.R. 388, 420-21 (Bankr. D.N.J. 2018) ("In order to assume such an agreement, the debtor-in-possession must cure defaults and provide assurance of future performance"); *In re Carlisle Homes, Inc.*, 103 B.R. 524, 538 (Bankr. D.N.J. 1988) (noting same). *See also Adventure Resources, Inc. v. Holland*, 137 F.3d 786, 798 (4th Cir. 1998) ("That the obligations of an executory contract be accepted along with its benefits is made plain in the Bankruptcy Code's requirement that, as conditions of the contract's assumption, the debtor cure any existing default and compensate all non-debtor parties for actual pecuniary losses that have resulted therefrom."). The requirement to cure includes both pre- and post-petition defaults. *See In re Burger Boys*, 94 F.3d 755, 763 (2d Cir. 1996).

12. Further, it is well settled that "[w]here the debtor assumes an executory contract or unexpired lease, it must assume the entire agreement, *cum onere* – the debtor accepts both the obligations and the benefits of the executory contract." *In re National Gypsum Co.*, 208 F.3d 498, 506 (5th Cir. 2000) (*citing National Labor Relations Board v. Bildisco and Bildisco*, 465 U.S. 513, 531, 104 S.Ct. 1188 (1984)). *In re Jamesway Corp.*, 201 B.R. 73, 76 (Bankr. S.D.N.Y. 1996) ("[e]xcept as otherwise provided in the Bankruptcy Code, an executory contract or unexpired lease is assumed *cum onere*."); *In re Texaco, Inc.*, 254 B.R. 536, 550 (Bankr. S.D.N.Y. 2000) ("The law is clear that a debtor who assumes a lease or other executory contract assumes the contract *cum*

4

*onere*, without any diminution in its obligations or impairment of the rights of the lessor in the present or the future."); *In re Kopel*, 232 B.R. 57, 64 (Bankr. E.D.N.Y. 1999) ("It is axiomatic that an executory contract must be assumed *cum onere*. A debtor cannot simply retain the favorable and excise the burdensome provisions of an agreement.").

13. As noted above, the Debtors are in monetary default under the Contract in an amount of at least $5,819.86. *See* 11 U.S.C. § 365(b)(1)(B). Pursuant to § 365(b), the Contract cannot be assumed unless the Actual Cure Amount (and any other amounts then-due but not paid) are promptly paid to Zendesk in connection with such assumption. 11 U.S.C. § 365(b)(1)(A)-(B).

## RESERVATION OF RIGHTS

14. Zendesk reserves its rights to assert any additional objections related to the assumption or assignment of the Contract, including amending the Actual Cure Amount, making additional requests related to adequate assurance of future performance under Bankruptcy Code § 365 and to assert that any other amounts that come due under the Contract prior to the time of assignment and assumption must also be cured, or to otherwise amend this Objection for any reason.

## RELIEF REQUESTED

15. For the foregoing reasons, Zendesk respectfully requests that the Court (a) sustain the Objection; (b) require that any order authorizing the assignment of the Contract affirmatively require payment of the Actual Cure Amount and all other amounts due under the Contract; and (c) grant Zendesk such other and further relief as the Court deems just and proper.

Dated: August 25, 2025          **FOX ROTHSCHILD LLP**

By:    */s/ Michael R. Herz*
Michael R. Herz
Agostino A. Zammiello
49 Market Street
Morristown, NJ 07960
Telephone: (973) 992-4800
Fax: (973) 992-9125
mherz@foxrothschild.com
azammiello@foxrothschild.com

*Counsel to Zendesk, Inc.*