Order Filed on August 25, 2025
by Clerk
U.S. Bankruptcy Court
District of New Jersey

In re:

Powin, LLC, et al.,[1]

    Debtors.

Chapter 11

Case No. 25-16137 (MBK)

(Jointly Administered)

### ORDER (I) AUTHORIZING THE DEBTOR TO RETAIN AND EMPLOY HURON TRANSACTION ADVISORY LLC AS INVESTMENT BANKER TO THE DEBTORS, EFFECTIVE AS OF THE PETITION DATE; (II) MODIFYING CERTAIN TIMEKEEPING REQUIREMENTS; AND (III) GRANTING RELATED RELIEF

The relief set forth on the following pages, numbered three (3) through twelve (12), is

**ORDERED.**

DATED: August 25, 2025

Honorable Michael B. Kaplan
United States Bankruptcy Judge

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin Project LLC [1583]; (ii) Powin, LLC [0504], (iii) PEOS Holdings, LLC [5476], (iv) Powin China Holdings 1, LLC [1422], (v) Powin China Holdings 2, LLC [9713], (vi) Charger Holdings, LLC [5241], (vii) Powin Energy Ontario Storage, LLC [8348], (viii) Powin Energy Operating Holdings, LLC [22495], and (ix) Powin Energy Operating, LLC [6487]. The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR 97062.

(Page | 2)

| | |
|---|---|
| Debtors: | Powin, LLC *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Order: (I) Authorizing the Debtors to Retain and Employ Huron Transaction Advisory LLC as Investment Banker and Capital Markets Advisor to the Debtors, Effective as of the Petition Date; (II) Modifying Certain Timekeeping Requirements; and (III) Granting Related Relief |

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

| **DENTONS US LLP** | **TOGUT, SEGAL & SEGAL LLP** |
|---|---|
| Tania M. Moyron (admitted *pro hac vice*)<br>Van C. Durrer, II (admitted *pro hac vice*)<br>601 S. Figueroa Street #2500<br>Los Angeles, CA 90017<br>Telephone: (213) 623-9300<br>Facsimile: (213) 623-9924<br>Email: tania.moyron@dentons.com<br>van.durrer@dentons.com | Frank A. Oswald (admitted)<br>550 Broad Street<br>Suite 1508<br>Newark, NJ 07102<br>Telephone: (212) 594-5000<br>Facsimile: (212) 967-4258<br>Email: frankoswald@teamtogut.com |
| John D. Beck (admitted *pro hac vice*)<br>Sarah M. Schrag (admitted *pro hac vice*)<br>1221 Avenue of the Americas<br>New York, NY 10020-1089<br>Telephone: (212) 768-6700<br>Facsimile: (212) 768-6800<br>Email: john.beck@dentons.com<br>sarah.schrag@dentons.com | Albert Togut (admitted *pro hac vice*)<br>Amanda C. Glaubach (admitted *pro hac vice*)<br>Eitan Blander (admitted *pro hac vice*)<br>One Penn Plaza, Suite 3335<br>New York, New York 10119<br>Telephone: (212) 594-5000<br>Facsimile: (212) 967-4258<br>Email: altogut@teamtogut.com<br>aglaubach@teamtogut.com<br>eblander@teamtogut.com |
| *Proposed Counsel for Debtors and Debtors in Possession* | *Proposed Counsel for Debtors and Debtors in Possession* |

(Page | 3)

| | |
|---|---|
| Debtors: | Powin, LLC *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Order: (I) Authorizing the Debtors to Retain and Employ Huron Transaction Advisory LLC as Investment Banker and Capital Markets Advisor to the Debtors, Effective as of the Petition Date; (II) Modifying Certain Timekeeping Requirements; and (III) Granting Related Relief |

Upon consideration of the application (the "Application"), of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order") authorizing the Debtors to retain and employ Huron Transaction Advisory LLC ("Huron") as their investment banker, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Rules 2014-1 and 2016-1, effective as of the Petition Date, pursuant to the terms of the Engagement Letter and Annex A to the Agreement dated May 18, 2025 between Huron Transactions Advisory LLC and Powin, LLC (together, the "Engagement Letter"), all as more fully described in the Application; and the Court being satisfied, based on the representations made in the Application and the Turnipseed Declaration (the "Turnipseed Declaration"), that Huron does not hold or represent any interest adverse to the Debtors' estates and is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and as required under section 327(a) of the Bankruptcy Code; and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the *Standing Order of Reference to the Bankruptcy Court Under Title 11*, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and consideration of the Application and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and the Debtors asserting that venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided pursuant to the Local Rules; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having reviewed the Application; and objections (if any) to the Application

(Page | 4)

| | |
|---|---|
| Debtors: | Powin, LLC *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Order: (I) Authorizing the Debtors to Retain and Employ Huron Transaction Advisory LLC as Investment Banker and Capital Markets Advisor to the Debtors, Effective as of the Petition Date; (II) Modifying Certain Timekeeping Requirements; and (III) Granting Related Relief |

having been withdrawn, resolved or overruled on the merits; and the Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and this Court having found that sufficient cause exists for the relief set forth herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, **IT IS HEREBY ORDERED THAT**:

1. The Application is **GRANTED** as set forth herein.

2. Pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, the Debtors are authorized to retain and employ Huron as their investment banker in these Chapter 11 Cases, pursuant to the terms and subject to the conditions set forth in the Engagement Letter to the extent set forth herein.

3. Except to the extent set forth herein, the Engagement Letter, including, without limitation, the Fee Structure, is approved pursuant to section 328(a) of the Bankruptcy Code, and the Debtors are authorized to pay, reimburse, and indemnify Huron in accordance with the terms and conditions in the Engagement Letter.

4. Huron shall file interim and final applications for allowance of compensation and reimbursement of expenses pursuant to and in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable orders and procedures of this Court; *provided* that the fees, expenses and other compensation payable to Huron pursuant to the Engagement Letter shall be subject to review pursuant to the standards set forth in section 328(a) of the Bankruptcy Code and shall not be subject to the standard of review set forth in section 330 of the Bankruptcy Code, except, notwithstanding

Case 25-16137-MBK    Doc 801    Filed 08/27/25    Entered 08/28/25 00:17:38    Desc Imaged Certificate of Notice    Page 5 of 13

(Page | 5)
Debtors: Powin, LLC *et al.*
Case No. 25-16137 (MBK)
Caption of Order: Order: (I) Authorizing the Debtors to Retain and Employ Huron Transaction Advisory LLC as Investment Banker and Capital Markets Advisor to the Debtors, Effective as of the Petition Date; (II) Modifying Certain Timekeeping Requirements; and (III) Granting Related Relief

any provisions to the contrary in this Order, the U.S. Trustee and the Court shall retain the right and be entitled to object to Huron's fees, expenses and other compensation set forth in the Engagement Letter based on the reasonableness standard provided for in section 330 of the Bankruptcy Code, and the Court retains jurisdiction to consider any such objection or response by the U.S. Trustee to Huron's interim and final fee applications under section 330 of the Bankruptcy Code. This Order and the record relating to the Court's consideration of the Application shall not prejudice or otherwise affect the rights of the U.S. Trustee to challenge the reasonableness of Huron's compensation, fees, and expenses under sections 330 and 331 of the Bankruptcy Code. Accordingly, nothing in this Order or the record shall constitute a finding of fact or conclusion of law binding on the U.S. Trustee, on appeal or otherwise, with respect to the reasonableness of Huron's compensation, fees, and reimbursement of expenses.

5. Notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, orders of this Court, or any guidelines regarding submission and approval of fee applications, in light of services to be provided by Huron and the structure of Huron's compensation pursuant to the Engagement Letter, Huron and its professionals shall be granted a limited waiver of the information-keeping requirements of Bankruptcy Rule 2016(a), Local Rule 2016-1, the U.S. Trustee Guidelines, and any otherwise applicable orders or procedures of the Court in connection with the services to be rendered pursuant to the Engagement Letter. Huron shall include in its interim and final fee applications, among other things, time records of services rendered for the Debtors, including summary descriptions of those services by each individual, the

(Page | 6)

| | |
|---|---|
| Debtors: | Powin, LLC *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Order: (I) Authorizing the Debtors to Retain and Employ Huron Transaction Advisory LLC as Investment Banker and Capital Markets Advisor to the Debtors, Effective as of the Petition Date; (II) Modifying Certain Timekeeping Requirements; and (III) Granting Related Relief |

time expended in providing those services on each date by each individual in rendering services in half-hour (0.5) increments, and the identity of the individuals who provided those services.

6. Notwithstanding anything to the contrary in the Application or any of its attachments (including the Turnipseed Declaration and the Engagement Letter), no amounts shall be paid to Huron absent an order of this Court approving a fee application filed on notice to parties in interest in these Chapter 11 Cases under the procedures set forth in any order entered by the Court in these Chapter 11 Cases allowing for interim compensation, except that the Debtors are authorized to pay the $150,000 Monthly Fee to Huron each month when required under the Engagement Letter without a prior fee application; *provided*, however, that Huron shall file monthly fee statements and interim fee applications pursuant to the deadlines and other procedures specified for monthly fee statements and interim fee applications set forth in any order entered by the Court in these Chapter 11 Cases allowing for interim compensation, except as otherwise expressly set forth in this Order. All fees paid to Huron by the Debtors pursuant to the Engagement Letter during these Chapter 11 Cases are subject to disgorgement unless and until they are approved by the Court on a final basis, after submission of Huron's final fee application.

7. The indemnification, contribution, and reimbursement provisions included in the Application, Tunipseed Declaration, and the Engagement Letter are approved, subject during the pendency of these Chapter 11 Cases to the following modifications:

    a. Huron shall not be entitled to indemnification, contribution, or reimbursement pursuant to the Engagement Letter, unless the indemnification, contribution or reimbursement is approved by the Court;

| | |
|---|---|
| Debtors: | Powin, LLC *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Order: (I) Authorizing the Debtors to Retain and Employ Huron Transaction Advisory LLC as Investment Banker and Capital Markets Advisor to the Debtors, Effective as of the Petition Date; (II) Modifying Certain Timekeeping Requirements; and (III) Granting Related Relief |

    b.    notwithstanding the Application, the Turnipseed Declaration, any provision of the Engagement Letter to the contrary, the Debtors shall have no obligation to indemnify or provide contribution or reimbursement to Huron for any claim or expense to the extent that it is either (i) judicially determined (the determination having become final) to have arisen from Huron's bad faith, self-dealing, actual fraud, gross negligence or willful misconduct, (ii) for a contractual dispute in which the Debtors allege breach of Huron's obligations under the Engagement Letter unless this Court determines that indemnification, contribution or reimbursement would be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003), or (iii) settled without the Debtors' consent prior to a judicial determination as to exclusions set forth in clauses (i) or (ii) above, but determined by this Court, after notice and a hearing, to be a claim or expense for which Huron should not receive indemnity, contribution, or reimbursement under the terms of the Engagement Letter, as modified by this Order;

    c.    if, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these chapter 11 cases (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing these chapter 11 cases, Huron believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, or reimbursement obligations under the Engagement Letter (as modified by this Order), including, without limitation, the advancement of defense costs, Huron must file an application before this Court and the Debtors may not pay any such amounts before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which this Court shall have jurisdiction over any request for fees and expenses by Huron for indemnification, contribution, or reimbursement and not a provision limiting the duration of the Debtors' obligation to indemnify or make contributions or reimbursements to Huron. All parties in interest shall retain the right to object to any demand by Huron for indemnification, contribution or reimbursement; and

    d.    any limitations of liability provisions in the Application, the Turnipseed Declaration, the Engagement Letter, or any ancillary documents thereto are deemed to be of no force or effect with respect to the services to be provided pursuant to this Order.

(Page | 8)

| | |
|---|---|
| Debtors: | Powin, LLC *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Order: (I) Authorizing the Debtors to Retain and Employ Huron Transaction Advisory LLC as Investment Banker and Capital Markets Advisor to the Debtors, Effective as of the Petition Date; (II) Modifying Certain Timekeeping Requirements; and (III) Granting Related Relief |

8. Notwithstanding anything in the Application, the Turnipseed Declaration or the Engagement Letter to the contrary, to the extent Huron retains the services of independent contractors or subcontractors (collectively, the "Contractors") in these Chapter 11 Cases to conduct certain of its investment banking services under the Engagement Letter in its stead and Huron seeks to pass through to the Debtors, and requests to be reimbursed for, the fees and/or costs of the Contractors, Huron shall (a) pass through the fees of such Contractors to the Debtors at the same rate that Huron pays the Contractors; (b) seek reimbursement for actual costs of the Contractors only; (c) ensure that the Contractors perform the conflicts check required by Bankruptcy Rule 2014 and file with the Court such disclosures as required by Bankruptcy Rule 2014; and (d) attach any such Contractor invoices to its monthly fee statements, interim fee applications and/or final fee applications filed in these Chapter 11 Cases.

9. In the event the Debtors seek to have any of Huron's affiliates or employees of foreign affiliates or subsidiaries perform services for the Debtors, the Debtors shall seek the separate retention of any such affiliates, foreign affiliates, or subsidiaries.

10. The Debtors shall use their best efforts to avoid any duplication of services provided by Huron and any of the Debtors' other retained professionals in these Chapter 11 Cases, and, in connection with the services to be rendered pursuant to the Engagement Letter, Huron shall endeavor to coordinate and work together with such of the Debtors' other retained professionals to minimize or avoid duplication of services.

11. None of the fees payable to Huron under the Engagement Letter shall constitute a "bonus" or fee enhancement under applicable law.

(Page | 9)

| | |
|---|---|
| Debtors: | Powin, LLC *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Order: (I) Authorizing the Debtors to Retain and Employ Huron Transaction Advisory LLC as Investment Banker and Capital Markets Advisor to the Debtors, Effective as of the Petition Date; (II) Modifying Certain Timekeeping Requirements; and (III) Granting Related Relief |

12.  Huron will review its files periodically through these chapter 11 cases to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, Huron will identify such further developments and will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

13.  Huron shall (i) not seek reimbursement of any fees or costs including attorney fees and costs, arising from the defense of any objections to any of Huron's fee applications in these cases; (ii) use the billing and expenses categories that are substantially similar to those set forth in the UST Guidelines (Exhibit D-1 "Summary of Compensation Requested by Project Category"); and (iii) provide any and all monthly fee statements, interim fee applications, and final fee applications in "LEDES" or "EXCEL" format to the U.S. Trustee.

14.  In the event that, during the pendency of these chapter 11 cases, Huron requests reimbursement for any attorneys' fees and/or expenses, the invoices and supporting time records from such attorneys shall be billed in one-tenth hour increments and shall be included in Huron's fee applications, both interim and final, and such invoices and time records shall be in compliance with the Local Rules, the U.S. Trustee Guidelines, and the standards of section 330 and 331 of the Bankruptcy Code, without regard to whether such attorney has been retained under section 327 of the Bankruptcy Code and without regard to whether such attorney's services satisfy section 330(a)(3)(C) of the Bankruptcy Code. Notwithstanding the foregoing, Huron shall only be reimbursed for any legal fees incurred in connection with these chapter 11 cases to the extent permitted under applicable law. The U.S. Trustee shall have the right to respond or object to Huron's request for reimbursement of expenses, including but not limited to any request for the

| | |
|---|---|
| Debtors: | Powin, LLC *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Order: (I) Authorizing the Debtors to Retain and Employ Huron Transaction Advisory LLC as Investment Banker and Capital Markets Advisor to the Debtors, Effective as of the Petition Date; (II) Modifying Certain Timekeeping Requirements; and (III) Granting Related Relief |

reimbursement of legal fees of Huron's independent counsel, based on the reasonableness standard provided in section 330 of the Bankruptcy Code and not section 328(a) of the Bankruptcy Code.

15. Notwithstanding anything in the Application, the Turnipseed Declaration or the Engagement Letter to the contrary, Huron shall seek reimbursement from the Debtor's estate for its engagement-related expenses at Huron's actual cost paid.

16. Notwithstanding anything in the Application, the Turnipseed Declaration or the Engagement Letter to the contrary, in the event that any Transaction Fee is earned and paid to Huron prior to the conclusion of the Debtors' pending chapter 11 cases, Huron shall continue to provide services to the Debtors until the conclusion of these chapter 11 cases pursuant to the terms of the Engagement Letter (unless precluded from doing so as a matter of applicable law, rule, or regulation) unless permitted to cease providing such services following notice and approval of this Court, and shall continue to earn and be paid its Monthly Fees pursuant to the Engagement Letter and this Order until the conclusion of these chapter 11 cases.

17. Upon earning any Transaction Fees or a portion thereof, Huron will file a related fee application or otherwise provide notice to the Debtors, the Committee, and the U.S. Trustee, and the Debtors will promptly deposit the earned portion of any Transaction Fee into an escrow account solely for the benefit of Huron. Huron will file a fee application for approval and payment of any Transaction Fee from the escrow account.

18. Notwithstanding anything in the Application, the Turnipseed Declaration or the Engagement Letter to the contrary, the 1.5% interest charge per month from the date of invoice in

(Page | 11)

| | |
|---|---|
| Debtors: | Powin, LLC *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Order: (I) Authorizing the Debtors to Retain and Employ Huron Transaction Advisory LLC as Investment Banker and Capital Markets Advisor to the Debtors, Effective as of the Petition Date; (II) Modifying Certain Timekeeping Requirements; and (III) Granting Related Relief |

paragraph 2 of the Engagement Letter shall not be assessed during the pendency of these chapter 11 cases.

19. Notwithstanding anything in the Application, the Turnipseed Declaration or the Engagement Letter to the contrary, termination of Huron's retention shall only commence upon entry of an order by this Court terminating Huron's retention.

20. Notwithstanding anything in the Application, the Turnipseed Declaration or the Engagement Letter to the contrary, the Court shall have exclusive jurisdiction over Huron's engagement during the pendency of these chapter 11 cases, and the Arbitration clause shall have no force or effect during the pendency of these chapter 11 cases.

21. To the extent that there may be any inconsistency between the terms of the Engagement Letter, the Application, the Turnipseed Declaration, and this Order, the terms of this Order shall govern.

22. The Debtors and Huron are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

23. Notice of this Application as provided therein shall be deemed good and sufficient notice of such Application and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

24. Notwithstanding the possible applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

25. Notwithstanding anything to the contrary in the Application, the Turnipseed Declaration or the Engagement Letter, this Court retains exclusive jurisdiction with respect to all

(Page | 12)

| | |
|---|---|
| Debtors: | Powin, LLC *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Order: (I) Authorizing the Debtors to Retain and Employ Huron Transaction Advisory LLC as Investment Banker and Capital Markets Advisor to the Debtors, Effective as of the Petition Date; (II) Modifying Certain Timekeeping Requirements; and (III) Granting Related Relief |

matters arising from or related to the implementation, interpretation, and enforcement of the Engagement Letter (to the extent arising during the pendency of these Chapter 11 Cases) and this Order.

United States Bankruptcy Court

District of New Jersey

| | |
|---|---|
| In re: | Case No. 25-16137-MBK |
| Powin, LLC | Chapter 11 |
| Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0312-3 | User: admin | Page 1 of 1 |
| Date Rcvd: Aug 25, 2025 | Form ID: pdf903 | Total Noticed: 1 |

The following symbols are used throughout this certificate:
**Symbol    Definition**

+    Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Aug 27, 2025:**

**Recip ID        Recipient Name and Address**
db            + Powin, LLC, 20550 SW 115th Avenue, Tualatin, OR 97062-6857

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 27, 2025            Signature:        /s/Gustava Winters