UNITED STATES BANKRUPTCY COURT DISTRICT
OF NEW JERSEY

## MONTHLY FEE STATEMENT COVER SHEET FOR THE PERIOD JULY 1, 2025 THROUGH JULY 31, 2025

In re Powin, LLC, *et al.*,[1]

Applicant: Kurtzman Carson Consultants, LLC dba Verita Global, Administrative Agent to the Debtor and Debtor in Possession

Case No. 25-16137 (MBK) (Jointly Administered)

Client:  Debtor and Debtor in Possession

Chapter 11

Case Filed: June 9, June 10, and June 22, 2025

COMPLETION AND SIGNING OF THIS FORM CONSTITUTES A CERTIFICATION UNDER PENALTY OF PERJURY PURSUANT TO 28 U.S.C. § 1746.

RETENTION ORDER ATTACHED.

_/s/ Sarah Harbuck_         8/26/2025

SARAH HARBUCK                Date
Assistant General Counsel
Kurtzman Carson Consultants, LLC
dba Verita Global

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are (i) Powin Project LLC [1583]; (ii) Powin, LLC [0504]; (iii) PEOS Holdings, LLC [5746]; (iv) Powin China Holdings 1, LLC [1422]; (v) Powin China Holding 2, LLC [9713]; (vi) Charger Holdings, LLC [5241]; (vii) Powin Energy Ontario Storage, LLC [8348]; (viii) Powin Energy Operating Holdings, LLC [2495]; (ix) Powin Energy Operating, LLC [6487]; Powin Energy Storage 2, Inc. [9926]; (xi) Powin Energy Ontario Storage II LP [5787]; and (xii) Powin Canada B.C. Ltd. [2239].  The Debtors' mailing address is 20550 SW 115th Avenue, Tualatin, OR 97062.

| SECTION I |
|:---:|
| FEE SUMMARY |

Summary of Amounts Requested for the Period
July 1, 2025 through July 31, 2025 (the "**Compensation Period**")

| | |
|---|---:|
| Fee Total | $46,102.95 |
| Disbursement Total | $0.00 |
| Total Fees Plus Disbursements | $46,102.95 |
| Minus 20% Holdback | $9,220.59 |
| Amount Sought at this Time | $36,882.36 |

Summary of Amounts Requested for Previous Periods

| | |
|---|---:|
| Total Previous Fees and Expenses Requested: | $2,051.55 |
| Total Fees and Expenses Allowed to Date: | $2,051.55 |
| Total Retainer Remaining: | $0.00 |
| Total Holdback: | $410.31 |
| Total Received by Applicant: | $0.00 |

## SUMMARY BY TIMEKEEPER

| PROFESSIONAL | HOURS | RATE | TOTAL FEES |
|:---:|:---:|:---:|:---:|
| Daniel McSwigan | 66.7 | $ 220.50 | $ 14,707.35 |
| Darlene Calderon | 62.7 | $ 225.00 | $ 14,107.50 |
| Jonathan Thomson | 4.4 | $ 220.50 | $   970.20 |
| Travis Buckingham | 8.8 | $ 220.50 | $  1,940.40 |
| William Gruber | 63.9 | $ 225.00 | $ 14,377.50 |
| **TOTAL** | **206.5** | | **$46,102.95** |

## SUMMARY BY PROJECT CATEGORY

| Project Category | Hours | Total Fees |
|:---:|:---:|:---:|
| Schedules and Statements of Financial Affairs | 206.5 | $46,102.95 |
| **TOTAL** | **206.5** | **$46,102.95** |

---

**SECTION II**
**CASE HISTORY**

---

(1)     Dates cases filed:  June 9, June 10, and June 22, 2025

(2)     Chapter under which case commenced:  Chapter 11

(3)     Date of retention: July 24, 2025, *nunc pro tunc* to June 17, 2025. *See* **Exhibit A**.

         If limit on number of hours or other limitations to retention, set forth: n/a

(4)     Summarize in brief the benefits to the estate and attach supplements as needed:[1]

         (a)     Applicant assisted the Debtor and its professionals with the preparation of the Debtor's Schedules and Statements and amended Schedules and Statements including frequent communication regarding data, timelines, preparation status, and updates.  Applicant also gathered, organized, and tracked the Schedule and Statement data, prepared and updated multiple templates for and drafts of the Schedules and Statements.

         (b)     The Applicant rendered all other services set forth on the invoices attached hereto as **Exhibit B**.[2]

(5)     Anticipated distribution to creditors:

         (a)     Administrative expense: Unknown at this time.

         (b)     Secured creditors: Unknown at this time.

         (c)     Priority creditors: Unknown at this time.

         (d)     General unsecured creditors: Unknown at this time.

(6)     Final disposition of case and percentage of dividend paid to creditors:  Unknown at this time.

(7)     This is the second monthly fee statement.

---

[1]   The following summary is intended to highlight the general categories of services the Applicant rendered on behalf of the Debtor and for the benefit of the estate; it is not intended to itemize each and every professional service which the Applicant performed.

[2]   The invoice attached hereto as **Exhibit B** contains detailed descriptions of the services rendered and expenses incurred by Applicant during the Compensation Period.

## Exhibit A

**Retention Order**

Docket #0500  Date Filed: 07/24/2025

**Order Filed on July 24, 2025
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

In re:

Powin, LLC, *et al.*,[1]

           Debtors.

Chapter 11

Case No. 25-16137 (MBK) (Jointly Administered)

## ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF KURTZMAN CARSON CONSULTANTS, LLC DBA VERITA GLOBAL AS ADMINISTRATIVE ADVISOR EFFECTIVE AS OF JUNE 17, 2025

The relief set forth on the following pages, numbered three (3) through six (6), is **ORDERED**.

**DATED: July 24, 2025**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin Project LLC [1583]; (ii) Powin, LLC [0504]; (iii) PEOS Holdings, LLC [5476]; (iv) Powin China Holdings 1, LLC [1422]; (v) Powin China Holdings 2, LLC [9713]; (vi) Charger Holdings, LLC [5241]; (vii) Powin Energy Ontario Storage, LLC [8348]; (viii) Powin Energy Operating Holdings, LLC [2495]; (ix) Powin Energy Operating, LLC [6487]; (x) Powin Energy Storage 2, Inc. [9926]; (xi) Powin Energy Ontario Storage II LP [5787]; and (xii) Powin Canada B.C. Ltd. [2239]. The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR 97062

2516137250724000000000006

(Page | 2)

| | |
|---|---|
| Debtors: | Powin, LLC, *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Order Authorizing the Employment and Retention of Kurtzman Carson Consultants, LLC dba Verita Global as Administrative Advisor Effective as of the Petition Date |

---

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**DENTONS US LLP**

Tania M. Moyron (admitted *pro hac vice*)
Van C. Durrer, II (admitted *pro hac vice*)
601 S. Figueroa Street #2500
Los Angeles, CA 90017
Telephone:  (213) 623-9300
Facsimile:  (213) 623-9924
Email:  tania.moyron@dentons.com
         van.durrer@dentons.com

John D. Beck (*pro hac vice* pending)
Sarah M. Schrag (*pro hac vice* pending)
1221 Avenue of the Americas
New York, NY 10020-1089
Telephone:  (212) 768-6700
Facsimile:  (212) 768-6800
Email:  john.beck@dentons.com
         sarah.schrag@dentons.com

*Proposed Counsel for Debtors and
Debtors in Possession*

**TOGUT, SEGAL & SEGAL LLP**

Frank A. Oswald (admitted)
550 Broad Street
Suite 1508
Newark, NJ 07102
Telephone:  (212) 594-5000
Facsimile:  (212) 967-4258
Email:  frankoswald@teamtogut.com

Albert Togut (admitted *pro hac vice*)
Amanda C. Glaubach (admitted *pro hac vice*)
Eitan Blander (admitted *pro hac vice*)
One Penn Plaza, Suite 3335
New York, New York 10119
Telephone:  (212) 594-5000
Facsimile:  (212) 967-4258
Email:  altogut@teamtogut.com
         aglaubach@teamtogut.com
         eblander@teamtogut.com

*Proposed Counsel for Debtors and
Debtors in Possession*

(Page | 3)

| | |
|---|---|
| Debtors: | Powin, LLC, *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Order Authorizing the Employment and Retention of Kurtzman Carson Consultants, LLC dba Verita Global as Administrative Advisor Effective as of the Petition Date |

Upon consideration of the application (the "Application")[1], of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order") authorizing the Debtors to employ and retain Kurtzman Carson Consultants, LLC dba Verita Global ("Verita") as administrative advisor in the Debtors' Chapter 11 Cases (the "Administrative Advisor"), effective as of June 17, 2025, pursuant to section 327(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1, all as more fully described in the Application; and upon the Gershbein Declaration; and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. § 1334 and the Standing Order of Reference to the Bankruptcy Court Under Title 11 of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.) and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Application was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Application and having heard the statements in support of the relief requested therein at a hearing before this Court; and this Court being satisfied, based on the representations made in the Application and the Gershbein Declaration, that (a) Verita does not hold or represent an interest adverse to the Debtors' estates and (b) Verita is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code as required by section 327(a) of the Bankruptcy Code; and this Court having determined that the legal and factual bases set forth in the Application establish just

(Page | 4)

| | |
|---|---|
| Debtors: | Powin, LLC, *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Order Authorizing the Employment and Retention of Kurtzman Carson Consultants, LLC dba Verita Global as Administrative Advisor Effective as of the Petition Date |

cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor

**IT IS HEREBY ORDERED THAT**:

1. The Application is **GRANTED** as set forth herein.

2. The Debtors are authorized to retain Verita as Administrative Advisor pursuant to section 327(a) of the Bankruptcy Code effective as of the Petition Date under the terms of the Services Agreement attached hereto as Exhibit 1, and Verita is authorized to perform the bankruptcy administration services described in the Application and set forth in the Services Agreement.

3. Any services Verita will provide relating to the Debtors' schedules of assets and liabilities and statements of financial affairs shall be limited to administrative and ministerial services. The Debtors shall remain responsible for the content and accuracy of their schedules of assets and liabilities and statements of financial affairs.

4. Verita is authorized to take all actions necessary to comply with its duties as Administrative Advisor as described in the Application and set forth in the Services Agreement.

5. Verita shall apply to the Court for allowance of compensation and reimbursement of expenses incurred in its capacity as Administrative Advisor in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any orders entered in these cases regarding professional compensation and reimbursement of expenses. The

---
1

(Page | 5)

| | |
|---|---|
| Debtors: | Powin, LLC, *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Order Authorizing the Employment and Retention of Kurtzman Carson Consultants, LLC dba Verita Global as Administrative Advisor Effective as of the Petition Date |

indemnification, contribution and reimbursement provisions in the Services Agreement are

approved, subject to the following modifications, applicable during the pendency of these Chapter

11 Cases:

(a)     Verita shall not be entitled to indemnification, contribution, or reimbursement pursuant to the Services Agreement unless the indemnification, contribution, or reimbursement is approved by the Court.

(b)     Notwithstanding anything to the contrary in the Services Agreement, the Debtors shall have no obligation to indemnify Verita, or provide contribution or reimbursement to Verita, for any claim or expense that is either: (i) judicially determined (that determination having become final) to have arisen from Verita's gross negligence, willful misconduct, bad faith, self-dealing, or fraud; (ii) for a contractual dispute in which the Debtors allege the breach of Verita's obligations under the Services Agreement, unless the Court determines that indemnification, contribution, or reimbursement would be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003); or (iii) settled without the Debtors' consent prior to a judicial determination as to subclauses (i) or (ii) above, but determined by this Court, after notice and a hearing, to be a claim or expense for which Verita should not receive indemnity, contribution, or reimbursement under the terms of the Services Agreement, as modified by this Order.

(c)     If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these Chapter 11 Cases (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing these Chapter 11 Cases, Verita believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, and/or reimbursement obligations under the Services Agreement, as modified by this Order, including, without limitation, the advancement of defense costs, Verita must file an application therefor in this Court, and the Debtors may not pay any such amounts to Verita before the entry of an order of this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by Verita for indemnification contribution, and/or reimbursement and not a provision limiting the duration of the Debtors' obligation to indemnify or make contributions or reimbursements to Verita. All parties in interest shall retain the right to object to any demand by Verita for indemnification, contribution, or reimbursement.

| Debtors: | Powin, LLC, *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Order Authorizing the Employment and Retention of Kurtzman Carson Consultants, LLC dba Verita Global as Administrative Advisor Effective as of the Petition Date |

6.      Notwithstanding anything to the contrary contained in the Application, the Gershbein Declaration, or the Services Agreement, during the Chapter 11 Cases, any limitation of liability including, but not limited to, section IX of the Services Agreement shall be of no force or effect.

7.      Notwithstanding anything to the contrary contained in the Application, Gershbein Declaration, or the Services Agreement, including paragraph II(A) thereof, Verita shall provide at least thirty (30) days' notice of any increases in its billing rates, subject to the parties-in-interest's right to object to any such increases.

8.      Notwithstanding anything to the contrary contained in the Application, Gershbein Declaration, or the Services Agreement, in the event that any of these Chapter 11 Cases convert to a case under chapter 7 of the Bankruptcy Code, the chapter 7 trustee appointed to such case or cases shall have no obligation to continue the engagement of Verita.

9.      Notwithstanding anything to the contrary contained in the Application, the Gershbein Declaration, or the Services Agreement, Verita shall seek reimbursement from the Debtors' estates for its engagement-related expenses at the firm's actual costs paid.

Notwithstanding, anything to the contrary contained in the Application, the Gershbein Declaration or the Services Agreement, to the extent Verita uses the services of independent contractors or subcontractors (collectively, the "**Contractors**") in these chapter 11 cases, Verita shall (a) pass through the cost of such Contractors to the Debtors at the same rate that Verita pays the Contractors; (b) seek reimbursement for actual costs of the Contractors only; (c) ensure that the Contractors perform the conflicts check required by Bankruptcy Rule 2014 and file with the

(Page | 7)

| | |
|---|---|
| Debtors: | Powin, LLC, *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Order Authorizing the Employment and Retention of Kurtzman Carson Consultants, LLC dba Verita Global as Administrative Advisor Effective as of the Petition Date |

Court such disclosures as required by Bankruptcy Rule 2014; and (d) attach any such Contractor invoices to its monthly fee statements, interim fee applications and/or final fee applications filed in these chapter 11 cases.

12.     Notwithstanding anything to the contrary contained in the Application, Gershbein Declaration, or the Services Agreement, (i) the 2.5% late charge in paragraph II(E) of the Service Agreement shall not be assessed during the pendency of these chapter 11 cases and (ii) the payment of invoices upon receipt in paragraph II(E) of the Services Agreement shall not be applicable during the pendency of these cases.

13.     Notwithstanding anything to the contrary contained in the Application, the Gershbein Declaration, or the Services Agreement, including section VI thereof, termination of Verita's retention shall only commence upon entry of an order by this Court terminating Verita's retention.

14.     Notwithstanding anything to the contrary contained in the Application, Gershbein Declaration, or the Services Agreement, including section XIII thereof, the Court shall have exclusive jurisdiction over Verita's engagement during the pendency of these chapter 11 cases.

15.     Notwithstanding anything to the contrary contained in the Application, the Gershbein Declaration, or the Services Agreement, including section VIII thereof, Verita is not authorized to establish accounts with financial institutions in the name of and as agent for the Debtors.

16.     Notwithstanding anything to the contrary contained in the Application, Gershbein Declaration, or the Services Agreement, solely during the pendency of these chapter 11 cases, if

(Page | 8)

| | |
|---|---|
| Debtors: | Powin, LLC, *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Order Authorizing the Employment and Retention of Kurtzman Carson Consultants, LLC dba Verita Global as Administrative Advisor Effective as of the Petition Date |

any advance payment of an invoice is reasonably expected to exceed $10,000 in any single month as set forth in paragraph II(E) of the Services Agreement, at the time Verita requests advance payment from the Debtors, Verita shall also provide notice to the U.S. Trustee and the Committee.

17. Notwithstanding anything to the contrary contained in the Application, Gershbein Declaration, or the Services Agreement, solely during the pendency of these Chapter 11 Cases, prior to any prepayment of fees and expenses for print notice and media publication as set forth in paragraph II(E) of the Services Agreement, Verita shall provide three (3) business days' notice to the U.S. Trustee and the Committee.

10. Verita shall not seek reimbursement of any fees or costs arising from the defense of its fee applications in the above-captioned cases.

11. The Debtors and Verita are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

12. In the event of any inconsistency between the Application, the Gershbein Declaration, the Services Agreement and this Order, this Order shall govern.

13. Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Order shall be effective and enforceable immediately upon entry hereof.

14. Notice of the Application as provided therein shall be deemed good and sufficient notice of such Application and the requirements of the Bankruptcy Rules and the Local Rules are satisfied by such notice.

15. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**EXHIBIT 1**

Services Agreement

# VERITA AGREEMENT FOR SERVICES

This Agreement is entered into as of the __8__ day of June 2025, between Powin, LLC (together with its affiliates and subsidiaries, the "Company"),[1] and Kurtzman Carson Consultants, LLC dba Verita Global (together with its affiliates and subcontractors, "Verita"). In consideration of the premises set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

**Terms and Conditions**

I.    SERVICES

A.    Verita agrees to provide the Company with consulting services regarding noticing, claims management and reconciliation, plan solicitation, balloting, disbursements and any other services agreed upon by the parties or otherwise required by applicable law, government regulations or court rules or orders.

B.    Verita further agrees to provide (i) computer software support and training in the use of the support software, (ii) Verita's standard reports as well as consulting and programming support for the Company requested reports, (iii) program modifications, (iv) data base modifications, and/or (v) other features and services in accordance with the fees outlined in a pricing schedule provided to the Company (the "Verita Fee Structure").

C.    Without limiting the generality of the foregoing, Verita may, upon request by the Company, (i) provide a communications plan including, but not limited to, preparation of communications materials, dissemination of information and a call center staffed by Verita and/or (ii) provide confidential on-line workspaces or virtual data rooms and publish documents to such workspaces or data rooms (which publication shall not be deemed to violate the confidentiality provisions of this Agreement).

D.    The price listed for each service in the Verita Fee Structure represents a bona fide proposal for such services, which may be accepted in whole or in part.  Services will be provided when requested by the Company or required by applicable law, government regulations or court rules or orders.  Services are mutually exclusive and are deemed delivered and accepted by the Company when provided by Verita.

E.    The Company acknowledges and agrees that Verita will often take direction from the Company's representatives, employees, agents and/or professionals (collectively, the "Company Parties") with respect to the services being provided under this Agreement.  The parties agree that Verita may rely upon, and the Company agrees to be bound by, any requests, advice or information provided by the Company Parties to the same extent as if such requests, advice or information were provided by the Company.  The Company agrees and understands that Verita shall not provide the Company or any other party with any legal advice.

II.    PRICES, CHARGES AND PAYMENT

A.    Verita agrees to charge and the Company agrees to pay Verita for its services at the rates and prices set by Verita that are in effect as of the date of this Agreement and in accordance with the Verita Fee Structure.  Verita's prices are generally adjusted periodically to reflect changes in the business and economic environment and are inclusive of all charges.  Verita reserves the right to reasonably increase its

---

[1]    The term Company shall include, to the extent applicable, the Company, as debtor and debtor in possession in its chapter 11 case, together with any affiliated debtors and debtors in possession whose chapter 11 cases are jointly administered with the Company's chapter 11 case.

## VERITA AGREEMENT FOR SERVICES

prices, charges and rates; provided, however, that if any such increase exceeds 15%, Verita will give thirty (30) days written notice to the Company.

B.      In addition to fees and charges for services, the Company agrees to pay Verita's reasonable transportation, lodging, and meal expenses incurred in connection with services provided under this Agreement.

C.      In addition to all fees for services and expenses hereunder, the Company shall pay to Verita (i) any fees and charges related to, arising out of, or as a result of any error or omission made by the Company or the Company Parties, as mutually determined by Verita and the Company, and (ii) all taxes that are applicable to this Agreement or that are measured by payments made under this Agreement and are required to be collected by Verita or paid by Verita to a taxing authority.

D.      Where the Company requires services that are unusual or beyond the normal business practices of Verita, or are otherwise not provided for in the Verita Fee Structure, the cost of such services shall be charged to the Company at a competitive rate.

E.      Verita agrees to submit its invoices to the Company monthly and the Company agrees that the amount invoiced is due and payable upon the Company's receipt of the invoice. Verita's invoices will contain reasonably detailed descriptions of charges for both hourly (fees) and non-hourly (expenses) case specific charges. Where total invoice amounts are expected to exceed $10,000 in any single month and Verita reasonably believes it will not be paid, Verita may require advance payment from the Company due and payable upon demand and prior to the performance of services hereunder. If any amount is unpaid as of thirty (30) days from the receipt of the invoice, the Company further agrees to pay a late charge, calculated as two and one-half percent (2-1/2%) of the total amount unpaid every thirty (30) days. In the case of a dispute in the invoice amount, the Company shall give written notice to Verita within ten (10) days of receipt of the invoice by the Company. The undisputed portion of the invoice will remain due and payable immediately upon receipt of the invoice. Late charges shall not accrue on any amounts in dispute or any amounts unable to be paid due to Court order or applicable law. Unless otherwise agreed to in writing, the fees for print notice and media publication (including commissions) must be paid at least three (3) days in advance of those fees and expenses being incurred.

F.      In the event that the Company files for protection pursuant to chapter 11 of the United States Bankruptcy Code (a "Chapter 11 Filing"), the parties intend that Verita shall be employed pursuant to 28 U.S.C. § 156(c) to the extent possible and otherwise in accordance with applicable Bankruptcy law and that all amounts due under this Agreement shall, to the extent possible, be paid as administrative expenses of the Company's chapter 11 estate. As soon as practicable following a Chapter 11 Filing (and otherwise in accordance with applicable law and rules and orders of the Bankruptcy Court), the Company shall cause pleadings to be filed with the Bankruptcy Court seeking entry of an order or orders approving this Agreement (the "Retention Order"). The form and substance of the pleadings and the Retention Order shall be reasonably acceptable to Verita. If any Company chapter 11 case converts to a case under chapter 7 of the Bankruptcy Code, Verita will continue to be paid for its services in accordance with the terms of this Agreement. The parties recognize and agree that if there is a conflict between the terms of this Agreement and the terms of the Retention Order, the terms of the Retention Order shall govern during the chapter 11 or other proceeding.

G.      To the extent permitted by applicable law, Verita shall receive a retainer in the amount of $0.00 (the "Retainer") that may be held by Verita as security for the Company's payment obligations under the Agreement. The Retainer is due upon execution of this Agreement. In the event of a Chapter 11 Filing,

## VERITA AGREEMENT FOR SERVICES

Verita will first apply the Retainer to all pre-petition invoices, and thereafter, will have the Retainer replenished to the original amount. Verita shall be entitled to hold the Retainer until the termination of the Agreement. Following termination of the Agreement, Verita shall return to the Company any amount of the Retainer that remains following application of the Retainer to the payment of unpaid invoices.

### III.    RIGHTS OF OWNERSHIP

A.    The parties understand that the software programs and other materials furnished by Verita pursuant to this Agreement and/or developed during the course of this Agreement by Verita are the sole property of Verita. The term "program" shall include, without limitation, data processing programs, specifications, applications, routines, and documentation. The Company agrees not to copy or permit others to copy the source code from the support software or any other programs or materials furnished pursuant to this Agreement.

B.    The Company further agrees that any ideas, concepts, know-how or techniques relating to data processing or Verita's performance of its services developed or utilized during the term of this Agreement by Verita shall be the exclusive property of Verita. Fees and expenses paid by the Company do not vest in the Company any rights in such property, it being understood that such property is only being made available for the Company's use during and in connection with the services provided by Verita under this Agreement.

### IV.    NON-SOLICITATION

The Company agrees that neither it nor its subsidiaries or other affiliated companies shall directly or indirectly solicit for employment, employ or otherwise retain employees of Verita during the term of this Agreement and for a period of twelve (12) months after termination of this Agreement unless Verita provides prior written consent to such solicitation or retention.

### V.    CONFIDENTIALITY

Each of Verita and the Company, on behalf of themselves and their respective employees, agents, professionals and representatives, agrees to keep confidential all non-public records, systems, procedures, software and other information received from the other party in connection with the services provided under this Agreement; provided, however, that if either party reasonably believes that it is required to produce any such information by order of any governmental agency or other regulatory body it may, upon not less than five (5) business days' written notice to the other party, release the required information.

### VI.    SUSPENSION OF SERVICE AND TERMINATION

A.    This Agreement shall remain in force until terminated or suspended by either party (i) upon thirty (30) days' written notice to the other party or (ii) immediately upon written notice for Cause (defined herein). As used herein, the term "Cause" means (i) gross negligence or willful misconduct of Verita that causes serious and material harm to the Company's reorganization under chapter 11 of the Bankruptcy Code, (ii) the failure of the Company to pay Verita invoices for more than sixty (60) days from the date of invoice, or (iii) the accrual of invoices or unpaid services in excess of the retainer held by Verita where Verita reasonably believes it will not be paid.

B.    In the event that this contract is terminated, regardless of the reason for such termination, Verita shall coordinate with the Company and, to the extent applicable, the clerk of the Bankruptcy Court, to

## VERITA AGREEMENT FOR SERVICES

maintain an orderly transfer of record keeping functions and Verita shall provide all necessary staff, services and assistance required for an orderly transfer. The Company agrees to pay for such services in accordance with Verita's then existing prices for such services. If such termination occurs following entry of the Retention Order, the Company shall immediately seek entry of an order (in form and substance reasonably acceptable to Verita) that discharges Verita from service and responsibility in the Company's bankruptcy case.

C.        Any data, programs, storage media or other materials furnished by the Company to Verita or received by Verita in connection with the services provided under the terms of this Agreement may be retained by Verita until the services provided are paid for, or until this Agreement is terminated with the services paid in full. The Company shall remain liable for all fees and expenses imposed under this Agreement as a result of data or physical media maintained or stored by Verita. Verita shall dispose of the data and media in the manner requested by the Company. The Company agrees to pay Verita for reasonable expenses incurred as a result of the disposition of data or media. If the Company has not utilized Verita's services under this Agreement for a period of at least ninety (90) days, Verita may dispose of the data or media, and be reimbursed by the Company for the expense of such disposition, after giving the Company thirty (30) days' notice. Notwithstanding any term herein to the contrary, following entry of the Retention Order, the disposition of any data or media by Verita shall be in accordance with any applicable instructions from the clerk of the Bankruptcy Court, local Bankruptcy Court rules and orders of the Bankruptcy Court.

## VII.    SYSTEM IMPROVEMENTS

Verita strives to provide continuous improvements in the quality of service to its clients. Verita, therefore, reserves the right to make changes in operating procedure, operating systems, programming languages, general purpose library programs, application programs, time period of accessibility, types of terminal and other equipment and the Verita data center serving the Company, so long as any such changes do not materially interfere with ongoing services provided to the Company in connection with the Company's chapter 11 case.

## VIII.   BANK ACCOUNTS

At the Company's request and subject to Court approval following any chapter 11 filing, Verita may be authorized to establish accounts with financial institutions in the name of and as agent for the Company. To the extent that certain financial products are provided to the Company pursuant to Verita's agreement with financial institutions, Verita may receive compensation from such financial institutions for the services Verita provides pursuant to such agreement.

## IX.    LIMITATIONS OF LIABILITY AND INDEMNIFICATION

A.        The Company shall indemnify and hold Verita, its affiliates, members, directors, officers, employees, consultants, subcontractors and agents (collectively, the "Indemnified Parties") harmless, to the fullest extent permitted by applicable law, from and against any and all losses, claims, damages, judgments, liabilities and expenses (including reasonable counsel fees and expenses) (collectively, "Losses") resulting from, arising out of or related to Verita's performance under this Agreement. Such indemnification shall exclude Losses resulting from Verita's gross negligence or willful misconduct. Without limiting the generality of the foregoing, Losses include any liabilities resulting from claims by any third-parties against any Indemnified Party. The Company shall notify Verita in writing promptly upon the assertion, threat or commencement of any claim, action, investigation or proceeding that the Company becomes aware of with

# VERITA AGREEMENT FOR SERVICES

respect to the services provided by Verita under this Agreement. The Company's indemnification obligations hereunder shall survive the termination of this Agreement.

B.      Except as provided herein, Verita's liability to the Company or any person making a claim through or under the Company for any Losses of any kind, even if Verita has been advised of the possibility of such Losses, whether direct or indirect and unless due to gross negligence or willful misconduct of Verita, shall be limited to the total amount billed or billable to the Company for the portion of the particular work which gave rise to the alleged Loss. In no event shall Verita be liable for any indirect, special or consequential damages such as loss of anticipated profits or other economic loss in connection with or arising out of the services provided for in this Agreement. In no event shall Verita's liability to the Company for any Losses, whether direct or indirect, arising out of this Agreement exceed the total amount billed to the Company and actually paid to Verita for the services contemplated under the Agreement; provided, however, that this limitation shall not apply to the Company during any chapter 11 case in which the Company is a debtor.

C.      The Company is responsible for the accuracy of the programs, data and information it or any Company Party submits for processing to Verita and for the output of such information. Verita does not verify information provided by the Company and, with respect to the preparation of schedules and statements, all decisions are at the sole discretion and direction of the Company. The Company reviews and approves all schedules and statements filed on behalf of, or by, the Company; Verita bears no responsibility for the accuracy or contents therein. The Company agrees to initiate and maintain backup files that would allow the Company to regenerate or duplicate all programs and data submitted by the Company to Verita.

D.      The Company agrees that except as expressly set forth herein, Verita makes no representations or warranties, express or implied, including, but not limited to, any implied or express warranty of merchantability, fitness or adequacy for a particular purpose or use, quality, productiveness or capacity.

X.      FORCE MAJEURE

Verita will not be liable for any delay or failure in performance when such delay or failure arises from circumstances beyond its reasonable control, including without limitation acts of God, acts of government in its sovereign or contractual capacity, acts of public enemy or terrorists, acts of civil or military authority, war, riots, civil strife, terrorism, blockades, sabotage, rationing, embargoes, epidemics, pandemics, outbreaks of infectious diseases or any other public health crises, earthquakes, fire, flood, other natural disaster, quarantine or any other employee restrictions, power shortages or failures, utility or communication failure or delays, labor disputes, strikes, or shortages, supply shortages, equipment failures, or software malfunctions.

XI.     INDEPENDENT CONTRACTORS

The Company and Verita are and shall be independent contractors of each other and no agency, partnership, joint venture or employment relationship shall arise, directly or indirectly, as a result of this Agreement.

XII.    NOTICES

All notices and requests in connection with this Agreement shall be given or made upon the respective parties in writing and shall be deemed as given as of the third day following the day it is deposited in the U.S. Mail, postage pre-paid or on the day it is given if sent by facsimile or electronic mail or on the day after the day it is sent if sent by overnight courier to the appropriate address set forth below:

# VERITA AGREEMENT FOR SERVICES

KCC/Verita Global, LLC
222 N. Pacific Coast Highway, 3rd Floor
El Segundo, CA  90245
Attn:  Drake D. Foster
Tel: (310) 823-9000
Fax: (310) 823-9133
E-Mail: dfoster@veritaglobal.com

Togut Segal & Segal LLP
One Penn Plaza
New York, NY 10119
Attn: Frank Oswald
Tel: (212) 594-5000
Fax: (212) 967-4258
E-Mail: foswald@teamtogut.com

Or to such other address as the party to receive the notice or request so designates by written notice to the other.

## XIII.   APPLICABLE LAW

The validity, enforceability, and performance of this Agreement shall be governed by and construed in accordance with the laws of the State of California.

## XIV.   ENTIRE AGREEMENT/ MODIFICATIONS

Each party acknowledges that it has read this Agreement, understands it, and agrees to be bound by its terms and further agrees that it is the complete and exclusive statement of the agreement between the parties, which supersedes and merges all prior proposals, understandings, other agreements, and communications oral and written between the parties relating to the subject matter of this Agreement.  The Company represents that it has the authority to enter into this Agreement, and the Agreement is non-dischargeable under any applicable statute or law.  If any provision of this Agreement shall be held to be invalid, illegal or unenforceable, the validity, legality and enforceability of the remaining provisions shall in no way be affected or impaired thereby.  This Agreement may be modified only by a written instrument duly executed by an authorized representative of the Company and an officer of Verita.

## XV.   COUNTERPARTS; EFFECTIVENESS

This Agreement may be executed in two or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument. This Agreement will become effective when one or more counterparts have been signed by each of the parties and delivered to the other parties, which delivery may be made by exchange of copies of the signature page by facsimile or electronic mail.

## XVI.   ASSIGNMENT

This Agreement and the rights and duties hereunder shall not be assignable by the parties hereto except upon written consent of the other, with the exception that this Agreement can be assigned without written consent by Verita to a wholly-owned subsidiary or affiliate of Verita.

# VERITA AGREEMENT FOR SERVICES

XVII.   ATTORNEYS' FEES

In the event that any legal action, including an action for declaratory relief, is brought to enforce the performance or interpret the provisions of this Agreement, the parties agree to reimburse the prevailing party's reasonable attorneys' fees, court costs, and all other related expenses, which may be set by the court in the same action or in a separate action brought for that purpose, in addition to any other relief to which the prevailing party may be entitled.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement effective as of the first date mentioned above.

Kurtzman Carson Consultants, LLC dba Verita Global

*Evan J. Gershbein*
_____
BY: Evan Gershbein          DATE: 08-Jun-2025 | 11:36:36 AM EDT
TITLE: EVP, Corporate Restructuring Services

Powin, LLC

_____      DATE: 6/7/25
BY: Gerard Uzzi
TITLE: Chief Restructuring Officer

Form order − ntcorder

# UNITED STATES BANKRUPTCY COURT

District of New Jersey
402 East State Street
Trenton, NJ 08608

Case No.:  25−16137−MBK
Chapter:  11
Judge:  Michael B. Kaplan

In Re: Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):
Powin, LLC
20550 SW 115th Avenue
Tualatin, OR 97062

Social Security No.:

Employer's Tax I.D. No.:
86−2270504

## NOTICE OF JUDGMENT OR ORDER
### Pursuant to Fed. R. Bankr. P. 9022

Please be advised that on July 24, 2025, the court entered the following judgment or order on the court's docket in the above−captioned case:

Document Number: 500 − 412
Order Granting Application to Employ Kurtzman Carson Consultants, LLC d/b/a Verita Global as ADMINISTRATIVE ADVISOR (Related Doc # 412). Service of notice of the entry of this order pursuant to Rule 9022 was made on the appropriate parties. See BNC Certificate of Notice. Signed on 7/24/2025. (wiq)

Parties may review the order by accessing it through PACER or the court's electronic case filing system (CM/ECF). Public terminals for viewing are also available at the courthouse in each vicinage.

Dated: July 24, 2025
JAN: wiq

Jeanne Naughton
Clerk

## **Exhibit B**

### **Detailed Time Records**

222 N. Pacific Coast Highway, Suite 300
El Segundo, CA 90245

✦ verita

August 14, 2025

Powin, LLC, et al.
Frank Oswald
Togut, Segal & Segal, LLP
One Penn Plaza
New York NY 10119
United States

        Re: Powin, LLC, et al.
        USBC Case No. 25-16137

Dear Frank Oswald,

Enclosed please find Kurtzman Carson Consultants, LLC dba Verita Global's ("Verita's") invoice for the period July 1, 2025 to July 31, 2025 in the amount of $46,102.95 for the above referenced matter.
Pursuant to our services agreement, Verita's invoice is due upon receipt.

If you have any questions, please contact me at (310) 751-1803 or EGershbein@VeritaGlobal.com

Sincerely,
Verita Global, LLC

Evan Gershbein
EVP Restructuring

Enclosures

US-RESTR2710594

222 N. Pacific Coast Highway, Suite 300
El Segundo, CA 90245



8/14/2025

Contact Parties

Brown Rudnick
Bennett S Silverberg
7 Times Square
New York NY 10036
United States

Genova Burns LLC
Daniel Stolz
494 Mayor Kenneth A. Gibson Blvd.
Newark NJ 07102
United States

Darlene Calderon
222 N. Pacific Coast Highway, 3rd Floor
El Segundo CA 90245
United States

Genova Burns LLC
Donald Clarke
494 Mayor Kenneth A. Gibson Blvd.
Newark NJ 07102
United States

Brown Rudnick
Eric R. Goodman
7 Times Square
New York NY 10036
United States

Gerard Uzzi
20550 SW 115th Avenue
Tualatin OR 97062
United States

Genova Burns LLC
Jaclynn N. McDonnell
494 Mayor Kenneth A. Gibson Blvd.
Newark NJ 07102
United States



222 N. Pacific Coast Highway, Suite 300
El Segundo, CA 90245

Jeffrey Sponder
Office of The United States Trustee
One Newark Center
1085 Raymond Boulevard. Suite 2100
Newark, New Jersey 7102
United States

Dentons US LLP
John D. Beck
1221 Avenue of the Americas
New York NY 10020-1089
United States

Brown Rudnick
Kenneth J Aulet
7 Times Square
New York NY 10036
United States

U.S. Trustee for the District of New Jersey
Lauren Bielskie
One Newark Center, Suite 2100
Newark NJ 07102
United States

Dentons US LLP
Sarah M. Schrag
1221 Avenue of the Americas
New York NY 10020-1089
United States

Genova Burns LLC
Susan A. Long
494 Mayor Kenneth A. Gibson Blvd.
Newark NJ 07102
United States

Dentons US LLP
Tania M. Moyron
601 S. Figueroa Street #2500
Los Angeles CA 90017
United States

222 N. Pacific Coast Highway, Suite 300
El Segundo, CA 90245



Dentons US LLP

Van C. Durrer

601 S. Figueroa Street #2500

Los Angeles CA 90017

United States

### *Verita Global LLC*

| Account Number | 2516137FA | Invoice Date | August 14, 2025 |
|---|---|---|---|
| **Invoice Number** | US-RESTR2710594 | **Due Date** | Due upon receipt |

### *Powin, LLC, et al.*

#### *Summary*

| Description | Amount |
|---|---|
| **Hourly Fees** | |
| Hourly Fees Charged | $46,102.95 |
| *Total of Hourly Fees* | $46,102.95 |
| | |
| **Expenses** | |
| Expenses | $0.00 |
| *Total Expenses* | $0.00 |
| | |
| **Invoice Subtotal** | $46,102.95 |
| Sales and Use Tax | $0.00 |
| *Total Invoice* | $46,102.95 |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Please detach and return this portion of the statement with your check to KCC.

Please reference your Account Number and Invoice Number on your Remittance.

| | | **Check Payments to:** | **Wire Payments to:** |
|---|---|---|---|
| Account Number | 2516137FA | | |
| Invoice Number | US-RESTR2710594 | Verita Global LLC | Verita Global LLC |
| | | Department 2211 | Grasshopper Bank, N.A. |
| | | PO Box 4110 | 261 5th Avenue Suite 610 |
| Total Amount Due | $46,102.95 | Woburn, MA 01888-4110 | New York, NY 10016 |
| | | | Account # 02329451396 |
| | | | FED ABA # 026015024 |
| Amount Paid | $ | | |

## *Verita Global LLC*

7/1/2025 - 7/31/2025

### *Total Hourly Fees by Employee*

| Initial | Employee Name | Position Type | Hours | Rate | Total |
|---------|---------------|---------------|-------|------|-------|
| DPM | Daniel McSwigan | SOL | 66.7 | $220.50 | $14,707.35 |
| DSC | Darlene Calderon | SOL | 62.7 | $225.00 | $14,107.50 |
| JTN | Jonathan Thomson | SOL | 4.4 | $220.50 | $970.20 |
| TBM | Travis Buckingham | SOL | 8.8 | $220.50 | $1,940.40 |
| WRG | William Gruber | SOL | 63.9 | $225.00 | $14,377.50 |

## *Verita Global LLC*

### 7/1/2025 - 7/31/2025

### *Time Detail*

| Date | Employee | Description | Position Type | Category | Hours |
|------|----------|-------------|---------------|----------|-------|
| 7/1/2025 | DPM | Attend teleconference call with Uzzi & Lall, Dentons, Togut, company, Verita to discuss schedule and SOFA preparation | SOL | Schedules & SOFA | 0.3 |
| 7/1/2025 | DPM | Discussion with Scheduling team re: status of SOFA/SOAL preparation | SOL | Schedules & SOFA | 0.2 |
| 7/1/2025 | DSC | Call with Uzzi & Lall, Dentons and client to discuss Schedules and Statements data | SOL | Schedules & SOFA | 0.5 |
| 7/1/2025 | WRG | Teleconference with company, Uzzi & Lall, and Verita personnel regarding SOFA and SOAL preparation and status | SOL | Schedules & SOFA | 0.3 |
| 7/3/2025 | DPM | Prepare for and attend call with Uzzi & Lall, Dentons, Togut, company regarding Schedule and SOFA preparation | SOL | Schedules & SOFA | 0.5 |
| 7/3/2025 | DSC | Research SOFA / SOAL examples and send to client along with blank forms | SOL | Schedules & SOFA | 1.0 |
| 7/3/2025 | DSC | Call with Uzzi, Dentons and company to discuss Schedules and SOFA data | SOL | Schedules & SOFA | 0.6 |
| 7/4/2025 | DSC | Follow up with T Moyron re Schedule G Lease information | SOL | Schedules & SOFA | 0.1 |
| 7/7/2025 | DSC | Review subsidiary spreadsheet provided by client (0.4); follow up re specific SOFA questions the data relates to (0.2) | SOL | Schedules & SOFA | 0.6 |
| 7/7/2025 | DSC | Prepare Schedule G template for Togut (0.3); send copy with instructions (0.1) | SOL | Schedules & SOFA | 0.4 |
| 7/7/2025 | DSC | Review global notes and forward to Verita Team | SOL | Schedules & SOFA | 0.3 |
| 7/7/2025 | DSC | Review Schedule G Lease information provided by Togut | SOL | Schedules & SOFA | 0.2 |
| 7/7/2025 | DSC | Review SOAL E/F Part 2 data and follow up with Uzzi re same | SOL | Schedules & SOFA | 0.1 |
| 7/8/2025 | DPM | Prepare for and attend conference with Dentons, Uzzi, the Company call re Schedules & SOFA updates (1.0) and review data received to date (0.5) | SOL | Schedules & SOFA | 1.5 |
| 7/8/2025 | DPM | Discussion with Verita case team re: schedule preparation | SOL | Schedules & SOFA | 0.2 |
| 7/8/2025 | DSC | Call with Dentons, Uzzi & Lall and company to discuss Schedules and SOFAs | SOL | Schedules & SOFA | 0.4 |
| 7/8/2025 | DSC | Call with Verita Team to discuss schedules data and timeline | SOL | Schedules & SOFA | 0.2 |
| 7/8/2025 | TBM | Meeting with counsel regarding filing of schedules | SOL | Schedules & SOFA | 0.5 |
| 7/8/2025 | WRG | Teleconference with company, Uzzi & Lall, and Verita personnel regarding SOFA and SOAL preparation and status | SOL | Schedules & SOFA | 0.4 |
| 7/8/2025 | WRG | Update Global Notes in drafts for all debtors | SOL | Schedules & SOFA | 0.3 |
| 7/8/2025 | WRG | Update SOFAs and SOALs per Verita Case Team review | SOL | Schedules & SOFA | 0.2 |
| 7/9/2025 | DPM | Prepare custom coversheets and global notes placeholder for all debtors | SOL | Schedules & SOFA | 2.0 |
| 7/9/2025 | DPM | Coordinate updates to Schedules and SOFA data in Verita CaseView | SOL | Schedules & SOFA | 0.5 |

US-RESTR2710594

## *Verita Global LLC*

7/1/2025 - 7/31/2025

### *Time Detail*

| Date | Employee | Description | Position Type | Category | Hours |
|------|----------|-------------|---------------|----------|-------|
| 7/9/2025 | DSC | Administrative review of address updates for Schedule G leases; follow up with Togut re same | SOL | Schedules & SOFA | 0.3 |
| 7/9/2025 | DSC | Call with T Moyron re schedules timeline | SOL | Schedules & SOFA | 0.1 |
| 7/9/2025 | WRG | Update Signature Pages for SOAL | SOL | Schedules & SOFA | 0.3 |
| 7/10/2025 | DPM | Review of download Schedule and SOFA templates to compare data received to date | SOL | Schedules & SOFA | 2.0 |
| 7/10/2025 | DPM | Produced SOFA Verita CaseView to update data in Verita CaseView | SOL | Schedules & SOFA | 1.5 |
| 7/10/2025 | DPM | Review of SOFA data template received from Uzzi | SOL | Schedules & SOFA | 1.0 |
| 7/10/2025 | DPM | Discussion with Uzzi team re: schedules and SOFA templates | SOL | Schedules & SOFA | 0.2 |
| 7/10/2025 | DSC | Review Schedules and SOFA data in shared templates | SOL | Schedules & SOFA | 1.4 |
| 7/10/2025 | DSC | Format real property lease information for SOAL G | SOL | Schedules & SOFA | 1.2 |
| 7/10/2025 | DSC | Call with Uzzi & Lall re SOAL / SOFA templates and open items | SOL | Schedules & SOFA | 0.2 |
| 7/10/2025 | DSC | Call with Verita Team re SOAL / SOFA templates and open items | SOL | Schedules & SOFA | 0.2 |
| 7/10/2025 | TBM | Meeting with counsel regarding filing of schedules | SOL | Schedules & SOFA | 0.4 |
| 7/10/2025 | WRG | Review email correspondence from Uzzi & Lall regarding initial updates to SOALs | SOL | Schedules & SOFA | 2.1 |
| 7/10/2025 | WRG | Review email correspondence from Uzzi & Lall regarding initial updates to SOFAs | SOL | Schedules & SOFA | 1.5 |
| 7/10/2025 | WRG | Review email correspondence from Uzzi & Lall regarding updates to SOFAs and SOALs | SOL | Schedules & SOFA | 0.8 |
| 7/10/2025 | WRG | Teleconference with company, Uzzi & Lall, and Verita personnel regarding SOFA and SOAL preparation and status | SOL | Schedules & SOFA | 0.2 |
| 7/11/2025 | DPM | Prepare updates to Schedule A/B data in Verita CaseView per information gathered from call with Dentons, Uzzi | SOL | Schedules & SOFA | 0.9 |
| 7/11/2025 | DPM | Prepare custom exhibits to include in Schedule and SOFA drafts | SOL | Schedules & SOFA | 0.8 |
| 7/11/2025 | DPM | Prepare updates to Schedule A/B 7 data in Verita CaseView per information from call with Dentons, Uzzi | SOL | Schedules & SOFA | 0.8 |
| 7/11/2025 | DPM | Prepare updates to Schedule A/B data in Verita CaseView | SOL | Schedules & SOFA | 0.6 |
| 7/11/2025 | DPM | Prepare for and attend conference call with Dentons, Uzzi, the Company regarding Schedules & SOFA updates; review data received to date | SOL | Schedules & SOFA | 0.5 |
| 7/11/2025 | DSC | Call with Uzzi & Lall, Dentons and client to discuss Schedules and Statements data | SOL | Schedules & SOFA | 0.6 |

## *Verita Global LLC*

7/1/2025 - 7/31/2025

### *Time Detail*

| Date | Employee | Description | Position Type | Category | Hours |
|------|----------|-------------|---------------|----------|-------|
| 7/11/2025 | DSC | Administrative review of SOFA drafts prior to circulation | SOL | Schedules & SOFA | 0.5 |
| 7/11/2025 | DSC | Coordinate review of SOFA drafts | SOL | Schedules & SOFA | 0.2 |
| 7/11/2025 | TBM | Perform quality review of Schedules and SOFAs for all Debtors to ensure accuracy and completeness | SOL | Schedules & SOFA | 1.6 |
| 7/11/2025 | TBM | Meeting with counsel regarding filing of schedules | SOL | Schedules & SOFA | 0.8 |
| 7/11/2025 | WRG | Review email correspondence from Uzzi & Lall regarding initial updates to SOFAs | SOL | Schedules & SOFA | 1.9 |
| 7/11/2025 | WRG | Update SOFAs per 7/11/2025 teleconference with Dentons and Uzzi and Lall | SOL | Schedules & SOFA | 1.6 |
| 7/11/2025 | WRG | Review Verita CaseView data summaries for recent updates to SOFAs to ensure accuracy and completeness | SOL | Schedules & SOFA | 0.7 |
| 7/11/2025 | WRG | Teleconference with company, Dentons, Uzzi & Lall, and Verita personnel regarding SOFA and SOAL preparation and status | SOL | Schedules & SOFA | 0.6 |
| 7/11/2025 | WRG | Prepare draft SOFAs for company review | SOL | Schedules & SOFA | 0.4 |
| 7/11/2025 | WRG | Review and update SOAL static questions | SOL | Schedules & SOFA | 0.3 |
| 7/12/2025 | DPM | Perform quality review of Schedules and SOFAs data in Verita CaseView for all Debtors to ensure accuracy and completeness | SOL | Schedules & SOFA | 1.2 |
| 7/12/2025 | DPM | Prepare updates to SOFA data in Verita CaseView per new template received | SOL | Schedules & SOFA | 1.2 |
| 7/12/2025 | DPM | Generate and review Schedule and SOFA drafts (1.0); and prepare comments and updates regarding open issues (0.2) | SOL | Schedules & SOFA | 1.2 |
| 7/12/2025 | DPM | Prepare updates to Schedule A/B data in Verita CaseView per new template received | SOL | Schedules & SOFA | 1.0 |
| 7/12/2025 | DPM | Prepare updates to Schedule H data in Verita CaseView | SOL | Schedules & SOFA | 0.9 |
| 7/12/2025 | DPM | Review of downloaded templates and status tracker | SOL | Schedules & SOFA | 0.8 |
| 7/12/2025 | DSC | Review and format data for Schedule G | SOL | Schedules & SOFA | 5.6 |
| 7/12/2025 | DSC | Oversee circulation of SOAL / SOFA drafts to Uzzi & Lall and Dentons for review | SOL | Schedules & SOFA | 0.3 |
| 7/12/2025 | WRG | Review email correspondence from Uzzi & Lall regarding initial updates to SOFAs | SOL | Schedules & SOFA | 1.5 |
| 7/12/2025 | WRG | Prepare updated draft SOALs for all debtors | SOL | Schedules & SOFA | 0.7 |
| 7/12/2025 | WRG | Prepare updated draft SOFAs for all debtors | SOL | Schedules & SOFA | 0.5 |
| 7/12/2025 | WRG | Review Verita CaseView data summaries for recent updates to SOFAs to ensure accuracy and completeness | SOL | Schedules & SOFA | 0.5 |

US-RESTR2710594

## *Verita Global LLC*

7/1/2025 - 7/31/2025

### *Time Detail*

| Date | Employee | Description | Position Type | Category | Hours |
|------|----------|-------------|---------------|----------|-------|
| 7/12/2025 | WRG | Review Verita CaseView data summaries for recent updates to SOALs to ensure accuracy and completeness | SOL | Schedules & SOFA | 0.4 |
| 7/13/2025 | DSC | Review and format data for Schedule G | SOL | Schedules & SOFA | 7.6 |
| 7/13/2025 | WRG | Review email correspondence from Dentons regarding SOFA and SOAL preparation | SOL | Schedules & SOFA | 0.4 |
| 7/14/2025 | DPM | Prepare SOFA 3 data for input into Verita CaseView | SOL | Schedules & SOFA | 1.2 |
| 7/14/2025 | DPM | Prepare SOFA 4 data for input into Verita CaseView | SOL | Schedules & SOFA | 0.9 |
| 7/14/2025 | DPM | Prepare for and attend conference call regarding Schedules & SOFA updates and review data received to date | SOL | Schedules & SOFA | 0.6 |
| 7/14/2025 | DPM | Review of newly downloaded template for modifications | SOL | Schedules & SOFA | 0.2 |
| 7/14/2025 | DSC | Review and format data for Schedule G | SOL | Schedules & SOFA | 5.0 |
| 7/14/2025 | DSC | Continue to review and format data for Schedule G | SOL | Schedules & SOFA | 3.4 |
| 7/14/2025 | DSC | Call with Uzzi re SOAL and SOFA open items | SOL | Schedules & SOFA | 0.6 |
| 7/14/2025 | JTN | Review and address research for SOAL G contract parties | SOL | Schedules & SOFA | 2.0 |
| 7/14/2025 | WRG | Review email correspondence from Uzzi & Lall re updated data room download | SOL | Schedules & SOFA | 2.8 |
| 7/14/2025 | WRG | Update SOAL Schedule D information in Verita CaseView | SOL | Schedules & SOFA | 0.7 |
| 7/14/2025 | WRG | Teleconference with company, Dentons, Uzzi & Lall, and Verita personnel regarding SOFA and SOAL preparation and status | SOL | Schedules & SOFA | 0.3 |
| 7/14/2025 | WRG | Review email correspondence from Uzzi & Lall regarding updates to SOFAs and SOALs | SOL | Schedules & SOFA | 0.3 |
| 7/14/2025 | WRG | Review Status Tracker in preparation for 7/15/2025 teleconference with Dentons and Uzzi Lall | SOL | Schedules & SOFA | 0.2 |
| 7/15/2025 | DPM | Perform quality review of Schedules and SOFAs data in Verita CaseView for all Debtors to ensure accuracy and completeness | SOL | Schedules & SOFA | 2.3 |
| 7/15/2025 | DPM | Prepare for and participate in a conference call with Dentons, Uzzi, regarding Schedules and SOFA updates | SOL | Schedules & SOFA | 1.7 |
| 7/15/2025 | DPM | Prepare updates to SOFA 26D data per discission | SOL | Schedules & SOFA | 1.5 |
| 7/15/2025 | DPM | Generate and review Schedule and SOFA drafts (1.0); and prepare comments and updates regarding open issues (0.3) | SOL | Schedules & SOFA | 1.3 |
| 7/15/2025 | DPM | Prepare SOFA 3 data for input into Verita CaseView | SOL | Schedules & SOFA | 1.2 |
| 7/15/2025 | DPM | Prepare SOFA 4 data for input into Verita CaseView | SOL | Schedules & SOFA | 1.0 |

## *Verita Global LLC*

7/1/2025 - 7/31/2025

### *Time Detail*

| Date | Employee | Description | Position Type | Category | Hours |
|------|----------|-------------|---------------|----------|-------|
| 7/15/2025 | DPM | Prepare updates to SOFA 3 data per discission | SOL | Schedules & SOFA | 1.0 |
| 7/15/2025 | DPM | Perform quality review of recent updates in Verita CaseView | SOL | Schedules & SOFA | 0.9 |
| 7/15/2025 | DPM | Prepare updates to Schedule A/B 22, A/B 62 data in Verita CaseView | SOL | Schedules & SOFA | 0.8 |
| 7/15/2025 | DPM | Review of Email from Uzzi regarding updates and status of SOFAs and Schedules | SOL | Schedules & SOFA | 0.4 |
| 7/15/2025 | DPM | Discussion with Verita case team re: SOFA and Schedule preparation | SOL | Schedules & SOFA | 0.4 |
| 7/15/2025 | DPM | Prepare updates to SOFA data in Verita CaseView | SOL | Schedules & SOFA | 0.3 |
| 7/15/2025 | DPM | Prepare updates to SOAL data in Verita CaseView per internal review | SOL | Schedules & SOFA | 0.3 |
| 7/15/2025 | DSC | Review and format SOAL E/F Part 1 data | SOL | Schedules & SOFA | 2.0 |
| 7/15/2025 | DSC | Review and format SOAL E/F Part 2 data | SOL | Schedules & SOFA | 2.0 |
| 7/15/2025 | DSC | Update and send Schedule G data to Dentons for review | SOL | Schedules & SOFA | 1.9 |
| 7/15/2025 | DSC | Call with Uzzi, Dentons and company to discuss Schedules and SOFA data | SOL | Schedules & SOFA | 1.7 |
| 7/15/2025 | DSC | Format and upload Schedule G data to Verita CaseView | SOL | Schedules & SOFA | 1.4 |
| 7/15/2025 | DSC | Call with Verita Team to discuss open SOAL and SOFA items | SOL | Schedules & SOFA | 0.5 |
| 7/15/2025 | DSC | Call with Dentons and company to discuss Schedule G data | SOL | Schedules & SOFA | 0.5 |
| 7/15/2025 | TBM | Meeting with counsel regarding filing of schedules | SOL | Schedules & SOFA | 1.7 |
| 7/15/2025 | WRG | Review Verita CaseView data summaries for recent updates to SOFAs and SOALs to ensure accuracy and completeness | SOL | Schedules & SOFA | 3.8 |
| 7/15/2025 | WRG | Attention to updated SOFA and SOAL templates from Uzzi & Lall data site | SOL | Schedules & SOFA | 3.2 |
| 7/15/2025 | WRG | Teleconference with company, Dentons, Uzzi & Lall, and Verita personnel regarding SOFA and SOAL preparation and status | SOL | Schedules & SOFA | 1.7 |
| 7/15/2025 | WRG | Review email correspondence from Uzzi & Lall regarding updates to SOFA question 26d | SOL | Schedules & SOFA | 1.0 |
| 7/15/2025 | WRG | Review Verita CaseView data summaries for recent updates to SOFAs to ensure accuracy and completeness | SOL | Schedules & SOFA | 0.9 |
| 7/15/2025 | WRG | Prepare updated draft SOFAs and SOALs | SOL | Schedules & SOFA | 0.6 |
| 7/15/2025 | WRG | Teleconference with company, Dentons, Uzzi & Lall, and Verita personnel regarding SOFA and SOAL preparation and status | SOL | Schedules & SOFA | 0.3 |

## *Verita Global LLC*

7/1/2025 - 7/31/2025

### *Time Detail*

| Date | Employee | Description | Position Type | Category | Hours |
|------|----------|-------------|---------------|----------|-------|
| 7/15/2025 | WRG | Review Status Tracker in preparation for 7/15/2025 teleconference with Dentons and Uzzi Lall | SOL | Schedules & SOFA | 0.2 |
| 7/15/2025 | WRG | Teleconference with Verita Case Team re SOFA and SOAL preparation status | SOL | Schedules & SOFA | 0.2 |
| 7/16/2025 | DPM | Prepare for and participate in a conference call with Dentons, Uzzi, regarding Schedules and SOFA updates | SOL | Schedules & SOFA | 3.8 |
| 7/16/2025 | DPM | Perform quality review of Schedules and SOFAs data in Verita CaseView for all Debtors to ensure accuracy and completeness | SOL | Schedules & SOFA | 2.0 |
| 7/16/2025 | DPM | Continue conference call with Dentons, Uzzi, regarding Schedules and SOFA drafts | SOL | Schedules & SOFA | 1.8 |
| 7/16/2025 | DPM | Prepare updates to Master templates with recent SOFA updates | SOL | Schedules & SOFA | 1.6 |
| 7/16/2025 | DPM | Prepare updates to Schedule A/B 55 data in Verita CaseView | SOL | Schedules & SOFA | 1.2 |
| 7/16/2025 | DPM | Prepare updates to Schedule A/B 47 data in Verita CaseView | SOL | Schedules & SOFA | 1.2 |
| 7/16/2025 | DPM | Prepare updates to SOAL data per information gathered from conference call with Dentons, Uzzi | SOL | Schedules & SOFA | 1.0 |
| 7/16/2025 | DPM | Prepare updates to SOFA data per information gathered from conference call with Dentons, Uzzi | SOL | Schedules & SOFA | 1.0 |
| 7/16/2025 | DPM | Generate and review Schedule and SOFA drafts (.9); and prepare comments and updates regarding open issues (0.1) | SOL | Schedules & SOFA | 1.0 |
| 7/16/2025 | DPM | Continue conference call with Dentons, Uzzi, regarding Schedules and SOFA preparation | SOL | Schedules & SOFA | 1.0 |
| 7/16/2025 | DPM | Perform quality review of recent SOFAs data updates in Verita CaseView for all Debtors to ensure accuracy and completeness | SOL | Schedules & SOFA | 0.8 |
| 7/16/2025 | DPM | Attention to pending updates in preparation for Schedule and SOFAs filing | SOL | Schedules & SOFA | 0.8 |
| 7/16/2025 | DSC | Prepare updates to Schedule G based on updates from company | SOL | Schedules & SOFA | 2.5 |
| 7/16/2025 | DSC | Update entries for SOAL EF Part 2 with data provided from Uzzi | SOL | Schedules & SOFA | 2.0 |
| 7/16/2025 | DSC | Update entries for SOAL EF Part 1 with data provided from Uzzi | SOL | Schedules & SOFA | 2.0 |
| 7/16/2025 | DSC | Review Powin, LLC SOAL draft (0.4) and provide updates to Verita Team (0.2) | SOL | Schedules & SOFA | 0.6 |
| 7/16/2025 | DSC | Review Powin, LLC SOFA draft (0.4) and provide updates to Verita Team (0.1) | SOL | Schedules & SOFA | 0.5 |
| 7/16/2025 | DSC | Coordinate review of SOFA and SOAL drafts | SOL | Schedules & SOFA | 0.4 |
| 7/16/2025 | DSC | Coordinate updates for SOFA entries based on drafts | SOL | Schedules & SOFA | 0.4 |
| 7/16/2025 | DSC | Call with Verita Team re Schedules data | SOL | Schedules & SOFA | 0.3 |

## *Verita Global LLC*

7/1/2025 - 7/31/2025

### *Time Detail*

| <u>Date</u> | <u>Employee</u> | <u>Description</u> | <u>Position Type</u> | <u>Category</u> | <u>Hours</u> |
|---|---|---|---|---|---|
| 7/16/2025 | JTN | Perform quality review of Schedules and SOFAs for all Debtors to ensure accuracy and completeness | SOL | Schedules & SOFA | 2.4 |
| 7/16/2025 | TBM | Perform quality review of Schedules and SOFAs for all Debtors to ensure accuracy and completeness | SOL | Schedules & SOFA | 1.9 |
| 7/16/2025 | WRG | Review Verita CaseView data summaries for recent updates to SOALs to ensure accuracy and completeness | SOL | Schedules & SOFA | 2.2 |
| 7/16/2025 | WRG | Teleconference with company, Dentons, Uzzi & Lall, and Verita personnel regarding SOFA and SOAL preparation and status | SOL | Schedules & SOFA | 2.2 |
| 7/16/2025 | WRG | Prepare updated draft SOFAs and SOALs | SOL | Schedules & SOFA | 1.8 |
| 7/16/2025 | WRG | Teleconference with company, Dentons, Uzzi & Lall, and Verita personnel regarding SOFA and SOAL preparation and status | SOL | Schedules & SOFA | 1.6 |
| 7/16/2025 | WRG | Update SOFA question 25 information in Verita CaseView | SOL | Schedules & SOFA | 1.5 |
| 7/16/2025 | WRG | Update SOFAs and SOALs from Vertia Case Team review | SOL | Schedules & SOFA | 1.3 |
| 7/16/2025 | WRG | Review Verita CaseView data summaries for recent updates to SOFAs to ensure accuracy and completeness | SOL | Schedules & SOFA | 1.2 |
| 7/16/2025 | WRG | Teleconference with company, Dentons, Uzzi & Lall, and Verita personnel regarding SOFA and SOAL preparation and status | SOL | Schedules & SOFA | 1.1 |
| 7/16/2025 | WRG | Update SOAL Schedule D information in Verita CaseView | SOL | Schedules & SOFA | 1.0 |
| 7/16/2025 | WRG | Teleconference with company, Dentons, Uzzi & Lall, and Verita personnel regarding SOFA and SOAL preparation and status | SOL | Schedules & SOFA | 0.9 |
| 7/16/2025 | WRG | Review email correspondence from Uzzi & Lall regarding initial updates to SOFAs | SOL | Schedules & SOFA | 0.9 |
| 7/16/2025 | WRG | Review Verita CaseView data summaries for recent updates to SOALs to ensure accuracy and completeness | SOL | Schedules & SOFA | 0.5 |
| 7/16/2025 | WRG | Review email correspondence from Uzzi & Lall regarding updates to SOFAs and SOALs | SOL | Schedules & SOFA | 0.5 |
| 7/16/2025 | WRG | Prepare updated draft SOFAs for all debtors | SOL | Schedules & SOFA | 0.5 |
| 7/16/2025 | WRG | Update SOFA question 7 information in Verita CaseView | SOL | Schedules & SOFA | 0.5 |
| 7/17/2025 | DPM | Attention to pending updates in preparation for Schedule and SOFAs filing | SOL | Schedules & SOFA | 2.4 |
| 7/17/2025 | DPM | Prepare updates to Schedule Data per meeting notes | SOL | Schedules & SOFA | 2.0 |
| 7/17/2025 | DPM | Perform quality review of Schedules and SOFAs data in Verita CaseView for all Debtors to ensure accuracy and completeness | SOL | Schedules & SOFA | 2.0 |
| 7/17/2025 | DPM | Prepare for and participate in a conference call with Dentons, Uzzi, regarding Schedules and SOFA walkthrough and concurrently update the master tracking sheet with meeting notes | SOL | Schedules & SOFA | 2.0 |
| 7/17/2025 | DPM | Generate and review Final Schedules, SOFA in preparation for filing | SOL | Schedules & SOFA | 1.3 |

## *Verita Global LLC*

7/1/2025 - 7/31/2025

### *Time Detail*

| Date | Employee | Description | Position Type | Category | Hours |
|------|----------|-------------|---------------|----------|-------|
| 7/17/2025 | DPM | Prepare updates to Schedule D Data in Verita CaseView with information provided during meeting with Dentons, Uzzi | SOL | Schedules & SOFA | 1.0 |
| 7/17/2025 | DPM | Prepare updates to SOFA data in Verita CaseView with information provided by Uzzi | SOL | Schedules & SOFA | 1.0 |
| 7/17/2025 | DSC | Prepare updates to Schedule G based on comments from company | SOL | Schedules & SOFA | 3.0 |
| 7/17/2025 | DSC | Call with Uzzi and Dentons to discuss Schedule G updates | SOL | Schedules & SOFA | 2.2 |
| 7/17/2025 | DSC | Prepare updates to SOAL EF Part 2 based on comments from Dentons and Uzzi | SOL | Schedules & SOFA | 1.3 |
| 7/17/2025 | DSC | Prepare updates to SOAL EF Part 1 based on comments from Dentons and Uzzi | SOL | Schedules & SOFA | 1.0 |
| 7/17/2025 | DSC | Call with Uzzi and Dentons to discuss Schedules and SOFA data | SOL | Schedules & SOFA | 1.0 |
| 7/17/2025 | DSC | Prepare updates to Schedule G based on comments from Dentons | SOL | Schedules & SOFA | 1.0 |
| 7/17/2025 | DSC | Prepare draft exhibit for SOAL G (0.6); send to Dentons and Uzzi for final review (0.2) | SOL | Schedules & SOFA | 0.8 |
| 7/17/2025 | DSC | Prepare final SOAL G data file (0.4) and send copy to G Miller (0.1) | SOL | Schedules & SOFA | 0.5 |
| 7/17/2025 | DSC | Call with Verita Team to discuss outstanding SOAL items | SOL | Schedules & SOFA | 0.2 |
| 7/17/2025 | TBM | Perform quality review of Schedules and SOFAs for all Debtors to ensure accuracy and completeness | SOL | Schedules & SOFA | 1.9 |
| 7/17/2025 | WRG | Attention to potential updates to file-ready SOFAs and SOALs | SOL | Schedules & SOFA | 4.2 |
| 7/17/2025 | WRG | Teleconference with company, Dentons, Uzzi & Lall, and Verita personnel regarding SOFA and SOAL draft review | SOL | Schedules & SOFA | 2.5 |
| 7/17/2025 | WRG | Teleconference with company, Dentons, Uzzi & Lall, and Verita personnel regarding SOFA and SOAL preparation and status | SOL | Schedules & SOFA | 2.0 |
| 7/17/2025 | WRG | Review Verita CaseView data summaries for recent updates to SOFAs and SOALs to ensure accuracy and completeness | SOL | Schedules & SOFA | 1.5 |
| 7/17/2025 | WRG | Teleconference with company, Dentons, Uzzi & Lall, and Verita personnel regarding SOFA and SOAL preparation and status | SOL | Schedules & SOFA | 1.2 |
| 7/17/2025 | WRG | Review email correspondence from Uzzi & Lall regarding updates to SOFAs and SOALs | SOL | Schedules & SOFA | 0.5 |
| 7/17/2025 | WRG | Review email correspondence from Uzzi & Lall regarding initial updates to SOFA drafts | SOL | Schedules & SOFA | 0.4 |
| 7/17/2025 | WRG | Prepare file-ready SOFAs for all debtors | SOL | Schedules & SOFA | 0.4 |
| 7/17/2025 | WRG | Review email correspondence from Uzzi & Lall regarding updates to SOFAs and SAOLs | SOL | Schedules & SOFA | 0.3 |
| 7/18/2025 | DSC | Follow up with Verita Team re schedules request in excel | SOL | Schedules & SOFA | 0.2 |

## *Verita Global LLC*

7/1/2025 - 7/31/2025

### *Time Detail*

| Date | Employee | Description | Position Type | Category | Hours |
|------|----------|-------------|---------------|----------|-------|
| 7/20/2025 | DSC | Update SOAL EF Part 1, EF Part 2 and G in Master Tracking Sheet | SOL | Schedules & SOFA | 1.2 |
| 7/21/2025 | DPM | Prepare final SOFA and Schedule Templates per request from Uzzi | SOL | Schedules & SOFA | 2.0 |
| 7/21/2025 | WRG | Prepare Master SOFA and SOAL templates for UCC | SOL | Schedules & SOFA | 1.4 |

# *Verita Global LLC*

7/1/2025 - 7/31/2025

## *Expenses*

| Description | Units | Rate | Amount |
|---|---|---|---|
| Printing and Mailing Expenses | | | $0.00 |
| | | *Total Expenses* | *$0.00* |

## *Verita Global LLC*

7/1/2025 - 7/31/2025

### *Printing and Mailing Expenses*

| Post Date | Mailing Name | Quantity | Description | Rate | Total |
|-----------|--------------|----------|-------------|------|-------|
| | | | *Total Printing and Mailing Expenses* | | *$0.00* |