**Benesch**

Kevin M. Capuzzi
1313 North Market Street, Suite 1201
Wilmington, Delaware 19801-6101
Direct Dial:  302.442.7063
Fax:  302.442.7012
kcapuzzi@beneschlaw.com

September 2, 2025

**Via ECF**
Honorable Michael B. Kaplan
United States Bankruptcy Judge
Clarkson S. Fisher U.S. Courthouse
402 East State Street
Trenton, NJ 08608

     **Re:**    **In re Powin, Inc. New Jersey; Case No. 25-16137 (MBK)**

LETTER BRIEF OF MAINFREIGHT INC. IN SUPPORT OF ITS MOTION TO CONFIRM THAT THE AUTOMATIC STAY PURSUANT TO 11. U.S.C. § 362(A) DOES NOT APPLY TO CERTAIN GOODS IN ITS POSSESSION

Dear Judge Kaplan:

     Mainfreight Distribution Pty Ltd (together with its parent, subsidiary, or any other affiliate entities, collectively, "Mainfreight"), submits this letter in response to the Court's request at the hearing held on July 15, 2025 for supplemental briefing on the impact, if any, of section 362(a)(6) of title 11 of the United States Code, §§ 101 *et seq.* (the "Bankruptcy Code"), on the relief sought by Mainfreight in its *Motion to Confirm that the Automatic Stay Pursuant to 11 U.S.C. § 362(a) Does Not Apply to Certain Goods in Its Possession* [ECF No. 180] (the "Non-Stay Motion").[1]

     Prior to the Petition Date, the Debtors transferred title to the BHER Goods to BHER and, pursuant to same, no longer retain any title or interest in the BHER Goods.  No party-in-interest has asserted that the BHER Goods are property of the Debtors or their estates.  Mainfreight retains a lien on the BHER Goods. By the Non-Stay Motion, Mainfreight seeks entry of an order confirming the BHER Goods are not subject to the automatic stay under 11 U.S.C. § 362(a), and that Mainfreight is permitted to exercise its lien rights against the BHER Goods during the pendency of the Debtors' chapter 11 cases.

     Following briefing on this issue, the Court requested at the July 15, 2025 hearing that the parties address to what extent, if any, section 362(a)(6) of the Bankruptcy Code operates to stay any collection or recovery against the BHER Goods.  In doing so, the Court directed the parties' attention to *Gonzales v. IRS (In re Silver)*, 303 B.R. 849 (B.A.P. 10th Cir. 2004), a decision issued by the Tenth Circuit Bankruptcy Appeals Panel (the "Tenth Circuit BAP").  In response, counsel to BHER argued in its letter to the Court dated August 4, 2025 [ECF No. 621] that, among other

---

[1] All capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Non-Stay Motion.

27457276 v2

Hon. Michael B. Kaplan
September 2, 2025
Page 2

things, section 362(a)(6) bars _any_ recovery or collection by Mainfreight on its prepetition claim against the Debtors, regardless of whether such efforts are directed solely at BEHR as a non-Debtor and seek recovery solely against the BHER Goods, property in which the Debtors have retained no title or interest.

Section 362(a)(6) of the Bankruptcy Code stays "any act to collect, assess, or recover a claim against the debtor that arose before the commencement" of the debtor's bankruptcy case. 11 U.S.C. § 362(a)(6). At the July 15, 2025 hearing, the Court suggested that _Silver_ had "extended" section 362(a)(6) beyond a creditor's "_in personam_ efforts to collect" from a debtor to collection actions against a non-debtor third party in connection with the creditor's prepetition claim against the debtor. However, to the extent that _Silver_ seeks to extend section 362(a)(6)'s automatic stay protections to non-debtors holding non-estate property, it is contrary to case law in this circuit.

The Third Circuit Court of Appeals has explicitly stated that it is a "long-standing rule in bankruptcy that a lien is a property interest [and] an _in rem_ claim rather than an _in personam_ claim." _In re Kressler_, 40 F. App'x 712, 713 (3d Cir. 2002). Accordingly, Mainfreight's efforts to recover on its lien against the BHER Goods "constitutes an _in rem_ action against the [p]roperty itself, and not an _in personam_ action against the Debtor[s]." _Endover Palisades, LLC v. Stuart (In re Stuart)_, 594 B.R. 834, 842 (Bankr. N.D. Ga. 2018). In _Endover Palisades_, the Bankruptcy Court for the Northern District of Georgia held, under facts similar to this case, that section 362(a)(6) of the Bankruptcy Code did not apply when a creditor's judgment lien attached only to property that had been transferred to a third party prepetition and "in which in which neither the Debtor nor his bankruptcy estate have an interest," such that "a levy on the Property to execute on the Judgment does not constitute a proceeding to recover the underlying claim against the Debtor personally." _Id._ As in _Endover Palisades_, Mainfreight seeks recovery on its lien solely against non-estate property transferred to BHER prepetition and (as no party-in-interest has contested) in which the Debtors and their estate retain no title or interest. In addition, Mainfreight believes it is oversecured on its lien, meaning there is no danger that it will obtain a deficiency judgment that could be pursued against the Debtors _in personam_ in violation of the automatic stay. _See, e.g., Everchanged Inc. v. First Nationwide Mortg. Corp. (In re Everchanged)_, 230 B.R. 891, 894 (Bankr. S.D. Ga. 1999) (characterizing a foreclosure against property as an _in rem_ action and noting that, if a creditor retains no deficiency claim or elects not to pursue one following such foreclosure, "there will never be an _in personam_ action against the Debtor and Section 362(a)(1) and (6) is not implicated.") (_sic_).

Crucially, the Third Circuit Court of Appeals has also stated that "[a]lthough the scope of the automatic stay is broad, the clear language of section 362(a) stays actions **_only against a 'debtor._'**" _McCartney v. Integra Nat'l Bank N._, 106 F.3d 506, 509 (3d Cir. 1997) (emphasis added).[2] The District Court for the District of New Jersey has also indicated same. _See, e.g., U.S._

---

[2] In _McCartney,_ the Third Circuit Court of Appeals noted that the automatic stay can extend to non-debtor third parties in "unusual circumstances," including where "there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor" or "where stay protection is essential to the debtor's efforts of reorganization." _McCartney_, 106 F.3d at 510 (internal citations omitted). Neither exception applies here. No party has asserted that any of the Debtors have such an identity with BHER so as to make the Debtor(s) the "real party" in any proceeding against the BHER Goods. Nor has any party claimed that the BHER Goods are so

27457276 v2

Hon. Michael B. Kaplan
September 2, 2025
Page 3

*Bank Nat'l Assoc. v. Mortimore (In re Mortimore)*, Civil Action No. 11-955 (RMB), 2011 U.S. Dist. LEXIS 146423, at \*12 (D.N.J. Dec. 21, 2011) (stating that, with respect to the automatic stay provisions of section 362(a), "Congress has clearly shown its ability to differentiate between the debtor, the debtor's property, and the property of the estate" and explaining that "[s]ubparagraph (a)(6) stays collection actions "against the debtor.") (emphasis in original); *Kirtley v. Wadekar*, Civil Action No. 05-5383 (JAG), 2007 U.S. Dist. LEXIS 47642, at \*7 (D.N.J. July 2, 2007) ("The Third Circuit makes clear that Bankruptcy Code Section 362(a) "stays actions only against a 'debtor.'") (quoting *McCartney*, 106 F.3d at 509).

Likewise, courts in the Sixth, Seventh, Eighth, Ninth, and Eleventh Circuits have interpreted section 362(a)(6) to protect only debtors and to not extend to non-debtors. *See, e.g., In re Boginsky*, 658 B.R. 209, 211 (Bankr. S.D. Fla. 2024) ("In general, the protections provided by sections 362(a)(1) and 362(a)(6) are limited to the debtor alone."); *Endover Palisades, LLC v. Stuart (In re Stuart)*, ("With regard to Section 362(a)(6), the Debtor, rather than property of the Debtor or property of the estate, is the person the provision is designed to protect.") 594 B.R. 834, 841 (Bankr. N.D. Ga. 2018); *TLB Equip., LLC v. Quality Car & Truck Leasing, Inc. (In re TLB Equip., LLC)*, 479 B.R. 464, 481 (Bankr. S.D. Ohio 2012) ("Section 362(a)(6) . . . affords protection to the debtor only and does not extend to third parties.") (quoting *Universal Am–Can, Ltd. v. Nw. Steel & Wire Co.*, 2002 U.S. Dist. LEXIS 28437, 2002 WL 88924, at \*1 (N.D. Ill. Jan. 22, 2002)); *In re Ludkowski*, 587 B.R. 330, 338 (Bankr. N.D. Ill. 2018) ("Sections 362(a)(1), (2) and (6) are clearly *in personam* protections afforded a debtor."); *In re Harchar*, 393 B.R. 160, 183 (Bankr. N.D. Ohio 2008) (section 362(a)(6) "protects the debtor, individually."); *In re Advanced Ribbons & Office Prods., Inc.*, 125 B.R. 259, 263-265 (B.A.P. 9th Cir. 1991) (explaining that "[s]ection 362(a)(6) protects a debtor from post-petition acts of collection" and that "the stay does not apply to acts against a non-debtor's property that secures a debt of the debtor"); *In re Torrez*, 132 B.R. 924, 944 (Bankr. E.D. Cal. 1991) ("The only interpretation of 11 U.S.C. § 362(a)(6) warranted is that it precludes acts to collect, assess, or recover a claim against the debtor only.").

The approach of a majority of courts in applying section 362(a)(6) solely to debtors is consistent with the purpose of the statute, which protects a debtor from pressure, coercion or harassment by its creditors following the commencement of the bankruptcy case and thus affords the debtor "a breathing spell" in its efforts to reorganize or liquidate. *See, e.g., In re Sechuan City, Inc.*, 96 B.R. 37, 43 (Bankr. E.D. Pa. 1989) (stating that the automatic stay is "one of the cornerstones of bankruptcy law designed to provide the debtors with a breathing spell and to equalize treatment to all creditors. Section 362(a)(6) itself is intended to protect debtors from creditor coercion and harassment, for, absent such protection, reorganization or orderly liquidation may be difficult if not impossible."); *see also* H.R. Rep. No. 595, 95th Cong. 1st Sess. 342 (1977) (explaining that the purpose of section 362(a)(6) is to protect debtors from harassment by creditors). Here, any act by Mainfreight to recover against the BHER Goods will not be directed at the Debtors and will not interfere with the Debtors' efforts to reorganize. There is thus no

---

essential to the Debtors' reorganization that the automatic stay should extend to the BHER Goods or to any non-Debtor third parties holding an interest in the BHER Goods.

Hon. Michael B. Kaplan
September 2, 2025
Page 4

chance of harassment, pressure or coercion of the Debtors, and the "breathing spell" afforded by the automatic stay will not be undermined.

*Silver* is not binding in the Third Circuit—and no court in the Third Circuit has adopted it in the twenty-one years since the decision was issued. Moreover, *Silver*'s holding rests on facts, and thus implicates concerns, materially different from this case. In *Silver*, the Tenth Circuit BAP upheld the bankruptcy court's decision to void under the automatic stay provision of section 362(a)(6) certain tax liens that had been filed post-petition by the IRS against non-estate property held by non-debtor insider transferees who had received such property from the debtor prepetition. *Silver*, 303 B.R. at 863–64. As such, in voiding the IRS's post-petition tax liens pursuant to section 362(a)(6), the bankruptcy court made the value of the subject property, which had been recovered by the trustee pursuant to a fraudulent transfer action, available for distribution to all creditors. *Silver*, 303 B.R. at 864. No such facts exist here—Mainfreight's blanket and continuing liens were perfected prepetition, not post-petition, and are therefore not capable of being voided under section 362(a).

For the foregoing reasons, Mainfreight respectfully requests that this Court overrule the objections to the Non-Stay Motion, grant the Non-Stay Motion, and enter an order confirming that the automatic stay pursuant to 11 U.S.C. § 362 does not apply to the BHER Goods.

Respectfully submitted,

**BENESCH, FRIEDLANDER,
COPLAN & ARONOFF LLP**

  /s/ *Kevin M. Capuzzi*
Kevin M. Capuzzi (NJ No. 173442015)
John C. Gentile, Esq.
Noelle B. Torrice (NJ No. 79132013)
Continental Plaza II
411 Hackensack Ave., 3rd Floor
Hackensack, NJ 07601-6323
Telephone: (302) 442-7010
Facsimile: (302) 442-7012
Email: kcapuzzi@beneschlaw.com
jgentile@beneschlaw.com
ntorrice@beneschlaw.com

*Counsel to Mainfreight Distribution Pty Ltd*

27457276 v2