| | |
|---|---|
| **GIBSON, DUNN & CRUTCHER LLP**<br>Jeffrey C. Krause, Esq. (admitted *pro hac vice*)<br>333 South Grand Avenue<br>Los Angeles, CA 90071-3197<br>Telephone: (213) 229-7000<br>jkrause@gibsondunn.com<br><br>-and-<br><br>Michael J. Cohen, Esq.<br>200 Park Avenue<br>New York, NY 10166-0193<br>Telephone: (212) 351-4000<br>mcohen@gibsondunn.com<br><br>*Co-Counsel to BHER Ravenswood Solar 1, LLC* | **COLE SCHOTZ P.C.**<br>Felice R. Yudkin, Esq.<br>Daniel J. Harris, Esq.<br>Court Plaza North, 25 Main Street<br>Hackensack, New Jersey 07601<br>Telephone: (201) 489-3000<br>fyudkin@coleschotz.com<br>dharris@coleschotz.com<br><br>*Co-Counsel to BHER Ravenswood Solar 1, LLC* |

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>Powin, LLC, *et al*.,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 25-14861 (MBK)<br><br>(Jointly Administered) |

**OBJECTION OF BHER RAVENSWOOD SOLAR 1, LLC TO MAINFREIGHT INC.'S MOTION TO COMPEL PAYMENT AND FOR SANCTIONS AGAINST BHER RAVENSWOOD SOLAR I, LLC FOR CHARGES RELATED TO GOODS MAINFREIGHT, INC. REFUSES TO DELIVER TO BHER RAVENSWOOD, LLC AND TO HEARING SAID MOTION ON SHORTENED NOTICE**

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin Project LLC [1583], (ii) Powin, LLC [0504], (iii) PEOS Holdings, LLC [5476], (iv) Powin China Holdings 1, LLC [1422], (v) Powin China Holdings 2, LLC [9713], (vi) Charger Holdings, LLC [5241], (vii) Powin Energy Ontario Storage, LLC [8348], (viii) Powin Energy Operating Holdings, LLC [2495], (ix) Powin Energy Operating, LLC [6487]. The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR 97062.

BHER Ravenswood Solar 1, LLC ("**Buyer**") files this objection (the "**Objection**") to hearing the following motion on one day's notice: *Mainfreight Inc.'s Motion to Compel payment of Agree-Upon Storage, Transportation and Related Fees by BHER Ravenswood Solar I, LLC and for Sanctions against BHER Ravenswood Solar I, LLC* [Docket No. 818] (the "**Motion to Compel**").[2]  Buyer submits as follows:

1. On June 27, 2025, Mainfreight filed *Mainfreight Inc.'s Motion to Confirm that the Automatic Stay Pursuant to 11 U. S.C. § 362(a) Does Not Apply to Certain Goods in its Possession* [Docket No. 180] (the "**RFS Motion**").  On July 8, 2025, Buyer filed its *BHER Ravenswood Solar 1, LLC's Objection to Mainfreight Inc.'s Motion to Confirm That the Automatic Stay Pursuant to 11 U.S.C. § 362(a) Does Not Apply to Certain Goods in Its Possession* [Docket No. 286] (the "**Opposition**")[3] and on August 4, 2025, Buyer filed its letter brief addressing *Gonzalez v. The Lincoln Nat'l. Life Ins. Co. (In re Silver)*, 303 B.R. 849 (B.A.P. 10th Cir. 2004) [Docket No. 621]. Buyer incorporates herein by reference the facts set forth in those documents.

2. Powin, Mainfreight and Buyer have been engaged in good faith negotiations to try to resolve the question of what Buyer is required to pay to Mainfreight in exchange for a release of Mainfreight's lien on the goods purchased by Buyer from Powin, LLC ("**Powin**") and Buyer intends to continue its efforts to find a mutually acceptable resolution of that dispute.  These negotiations have included direct discussions among business representatives and emails and calls among counsel in an effort to drive a global resolution that would result in delivery of the goods and satisfaction of the storage charges in exchange for that delivery.  Buyer and its counsel do not believe that they have failed to respond to Mainfreight's communications.

---

[2] Capitalized terms used but not defined herein have the meanings ascribed to them in the Motion.

[3] Capitalized terms used herein but not defined in this objection shall have the meaning set forth in the Opposition.

3. Mainfreight asserts that its lien on Buyer's goods purportedly secures all of its claims against Powin, one of the debtors in the above-captioned chapter 11 cases, in Mainfreight's effort to force Buyer to pay not only the costs of shipping and storing the goods purchased by Buyer, but all shipping costs for all goods shipped by Mainfreight for Powin and even for Powin's obligation for chartering a ship that left port empty. Because of the dispute over how much debt Mainfreight's lien on Buyer's goods secures, Mainfreight has refused to deliver possession of the goods to Buyer and, therefore, continues to incur storage charges for the goods it refuses to deliver.

4. At the hearing on July 15, 2025, Mainfreight, Powin and the Debtors stated on the record that they would negotiate in good faith over the payment of these storage charges. Mainfreight's counsel stated, *inter alia*, that the Debtors have committed to "use their good faith commercial efforts to seek payment of the storage fees from the respective customers of the debtors for whom Mainfreight is storing the goods. That includes Berkshire Hathaway and a number of other parties in interest…. The Debtors have agreed to backstop up to $30,000 of that." Buyer's counsel confirmed this understanding. Mainfreight did not state that Buyer had agreed to pay all additional storage charges, as Mainfreight now contends was "so ordered" by this Court.

5. Mainfreight now contends that the parties' commitment to negotiate in good faith somehow constitutes an order of this Court requiring Buyer to pay storage charges for the goods that Powin sold to Buyer, even if Buyer never receives those goods because Mainfreight continues to condition delivery of those goods on payment of all of Powin's debts to Mainfreight. Buyer has at all times been ready, willing and able to pay the additional storage charges Mainfreight seeks through its Motion to Compel (in addition to the prior transportation and storage charges for the goods sold to Buyer), in exchange for Mainfreight actual delivery of those goods to Buyer.

Mainfreight is unwilling to accept this tender and is demanding that Buyer pay all of Powin's debts to Mainfreight.

6. If Mainfreight is correct that it has a lien on Buyer's goods for charges to Powin, including massive charges that are completely unrelated to the transportation and storage of such goods, Mainfreight's sole remedy is to seek relief from the automatic stay to foreclose that lien. Mainfreight's contract was with Powin and if it has a recourse claim against anyone it is against Powin.  Under the original Purchase Agreement with Buyer, Powin was obligated to deliver the goods free and clear of liens and under the Change Order Buyer agreed with Powin to pay to Mainfreight $2,900,000 for delivery of the goods free and clear of liens.[4] Buyer admits Mainfreight has a lien on Buyer's assets for the cost of transporting and storing Buyer's goods. Mainfreight contends it has a lien on those goods for additional obligations of Powin.  A lien securing Powin's debts is, however, not a right to compel a cash payment by Buyer.  Mainfreight is not entitled to a recourse claim against Buyer for the costs of storing goods that Mainfreight is refusing to deliver to Buyer.

7. This Court has entered no order compelling Buyer to pay any amount.  Mainfreight has no right to such an order and no right to compel payment that has never been ordered, much less for sanctions for not complying with a nonexistent order.  Even if there were a *bona fide* dispute over whether this Court had ordered such a payment (and there is not), there is no justification for hearing that dispute on one business day's notice.  It would be a dispute over the payment of money.   There simply is no emergency.[5]

---

[4] As set forth in the Opposition, the $2,900,000.00 amount to be paid to Mainfreight was provided by the Debtors and Buyer relied on this information in entering into the Change Order and paying the Debtors $3,162,613.87.

[5] Mainfreight contends that Buyer was allegedly supposed to make a payment on August 15, 2025, but it did not file its Motion until more than two weeks after the payment was allegedly due and then asked that it be heard the next day.

**CONCLUSION**

Based on the foregoing, Buyer respectfully requests that this Court either deny Mainfreight's request that the Motion to Compel be heard on one day's notice or deny the Motion to Compel.

Dated: September 2, 2025

/s/ Felice Yudkin

**COLE SCHOTZ P.C.**
Felice R. Yudkin, Esq.
Daniel J. Harris, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
fyudkin@coleschotz.com
dharris@coleschotz.com

**GIBSON, DUNN & CRUTCHER LLP**
Jeffrey C. Krause, Esq. (admitted *pro hac vice*)
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: (213) 229-7000
jkrause@gibsondunn.com

-and-

**GIBSON, DUNN & CRUTCHER LLP**
Michael J. Cohen, Esq.
200 Park Avenue
New York, NY 10166-0193
Telephone: (212) 351-4000
mcohen@gibsondunn.com

*Co-Counsel to BHER Ravenswood Solar 1, LLC*