**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY**

In re:

Powin, LLC, *et al.*,[1]

    Debtors.

**Order Filed on September 5, 2025
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

Chapter 11

Case No. 25-16137 (MBK)

(Jointly Administered)

## ORDER (I) EXTENDING THE TIME WITHIN WHICH THE DEBTORS MAY REMOVE CIVIL ACTIONS AND (II) GRANTING RELATED RELIEF

The relief set forth on the following pages, numbered (3) through (6), is **ORDERED.**

DATED: September 5, 2025

Honorable Michael B. Kaplan
United States Bankruptcy Judge

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin Project LLC [1583]; (ii) Powin, LLC [0504]; (iii) PEOS Holdings, LLC [5476]; (iv) Powin China Holdings 1, LLC [1422]; (v) Powin China Holdings 2, LLC [9713]; (vi) Charger Holdings, LLC [5241]; (vii) Powin Energy Ontario Storage, LLC [8348]; (viii) Powin Energy Operating Holdings, LLC [2495]; (ix) Powin Energy Operating, LLC [6487]; (x) Powin Energy Storage 2, Inc., [9926]; (xi) Powin Energy Ontario Storage II LP, [5787]; and (xii) Powin Canada B.C. Ltd. [2239]. The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR 97062.

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

| | |
|---|---|
| **DENTONS US LLP** | **TOGUT, SEGAL & SEGAL LLP** |
| Tania M. Moyron (admitted *pro hac vice*) | Frank A. Oswald (admitted) |
| Van C. Durrer, II (admitted *pro hac vice*) | 550 Broad Street |
| 601 S. Figueroa Street #2500 | Suite 1508 |
| Los Angeles, CA 90017 | Newark, NJ 07102 |
| Telephone:  (213) 623-9300 | Telephone:  (212) 594-5000 |
| Facsimile:  (213) 623-9924 | Facsimile:  (212) 967-4258 |
| Email:  tania.moyron@dentons.com | Email:  frankoswald@teamtogut.com |
|            van.durrer@dentons.com | |
| | Albert Togut (admitted *pro hac vice*) |
| John D. Beck (admitted *pro hac vice*) | Eitan Blander (admitted *pro hac vice*) |
| Sarah M. Schrag (admitted *pro hac vice*) | One Penn Plaza, Suite 3335 |
| 1221 Avenue of the Americas | New York, New York 10119 |
| New York, NY 10020-1089 | Telephone:  (212) 594-5000 |
| Telephone:  (212) 768-6700 | Facsimile:  (212) 967-4258 |
| Facsimile:  (212) 768-6800 | Email:  altogut@teamtogut.com |
| Email:  john.beck@dentons.com |            eblander@teamtogut.com |
|            sarah.schrag@dentons.com | |
| *Counsel for Debtors and* | *Counsel for Debtors and* |
| *Debtors in Possession* | *Debtors in Possession* |

Upon consideration of the motion (the "<u>Motion</u>"),[2] of the above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>"), for entry of an order (this "<u>Order</u>") authorizing, the Debtors to (i) enlarge the Removal Period for filing notices of removal of the Actions by 120 days, up to and including January 5, 2026, without prejudice to the Debtors' right to seek further extensions, and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference to the Bankruptcy Court Under Title 11 of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.) and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and the Debtors having asserted that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found sufficient cause exists for the relief set forth herein; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

---

[2] Capitalized terms used but not otherwise defined herein have the meaning ascribed to them in the Motion.

1. The Motion is **GRANTED** as set forth herein.

2. The period within which the Debtors may seek removal of the Actions pursuant to 28 U.S.C. § 1452 and Bankruptcy Rule 9027 is extended by 120 days, through and including January 5, 2026.

3. The extension granted by this Order is without prejudice to the Debtors' right to seek further extensions of time to file notices of removal with respect to proceedings related to these chapter 11 cases.

4. This Order shall be without prejudice to any position the Debtors may take regarding whether section 362 of the Bankruptcy Code applies to stay any Action.

5. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an implication or admission as to the amount of, basis for, or validity of any particular claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission, or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in this Order or the Motion or any order granting the relief requested by the Motion; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission by the Debtors as to the validity, priority, enforceability or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors', or any other party in interest's, claims, causes of action, or other rights under the Bankruptcy Code or any other applicable law; (h) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under

5

section 365 of the Bankruptcy Code; (i) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in the Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens; (j) a waiver of the obligation of any party in interest to file a proof of claim; or (k) otherwise affecting the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease.

6. Nothing in this Order shall be construed as modifying or terminating any stay applicable to any act, action, or proceeding pursuant to section 362 of the Bankruptcy Code, or any order entered by this Court pursuant to section 105 of the Bankruptcy Code.

7. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

8. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

9. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

10. The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

11. Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Order shall be effective and enforceable immediately upon entry hereof.

12. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

United States Bankruptcy Court

District of New Jersey

In re:                                                                                                  Case No. 25-16137-MBK

Powin, LLC                                                                                       Chapter 11

    Debtor

# CERTIFICATE OF NOTICE

District/off: 0312-3            User: admin            Page 1 of 1

Date Rcvd: Sep 05, 2025            Form ID: pdf903            Total Noticed: 1

The following symbols are used throughout this certificate:
**Symbol      Definition**

\+          Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Sep 07, 2025:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | + Powin, LLC, 20550 SW 115th Avenue, Tualatin, OR 97062-6857 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, \*duplicate of an address listed above, \*P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 07, 2025            Signature:      /s/Gustava Winters