

**Order Filed on September 10, 2025
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

In re:

Powin, LLC, *et al.*,[1]

                                    Debtors.

Chapter 11

Case No. 25-16137 (MBK)

(Jointly Administered)

---

### ORDER AUTHORIZING THE EMPLOYMENT AND PAYMENT OF
### PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS

The relief set forth on the following pages, numbered (3) through (12), is **ORDERED.**

**DATED: September 10, 2025**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

---

[1]   The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin Project LLC [1583]; (ii) Powin, LLC [0504]; (iii) PEOS Holdings, LLC [5476]; (iv) Powin China Holdings 1, LLC [1422]; (v) Powin China Holdings 2, LLC [9713]; (vi) Charger Holdings, LLC [5241]; (vii) Powin Energy Ontario Storage, LLC [8348]; (viii) Powin Energy Operating Holdings, LLC [2495]; (ix) Powin Energy Operating, LLC [6487]; (x) Powin Energy Storage 2, Inc., [9926]; (xi) Powin Energy Ontario Storage II LP, [5787]; and (xii) Powin Canada B.C. Ltd. [2239]. The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR 97062.

2

| | |
|---|---|
| Debtors: | Powin, LLC, *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Order Authorizing the Appointment of Kurtzman Carson Consultants, LLC dba Global as Claims and Noticing Agent Effective as of the Petition Date |

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**DENTONS US LLP**

Tania M. Moyron (admitted *pro hac vice*)
Van C. Durrer, II (admitted *pro hac vice*)
601 S. Figueroa Street #2500
Los Angeles, CA 90017
Telephone:  (213) 623-9300
Facsimile:  (213) 623-9924
Email:  tania.moyron@dentons.com
          van.durrer@dentons.com

John D. Beck (admitted *pro hac vice*)
Sarah M. Schrag (admitted *pro hac vice* ing)
1221 Avenue of the Americas
New York, NY 10020-1089
Telephone:  (212) 768-6700
Facsimile:  (212) 768-6800
Email:  john.beck@dentons.com
          sarah.schrag@dentons.com

*Counsel for Debtors and*
*Debtors in Possession*

**TOGUT, SEGAL & SEGAL LLP**

Frank A. Oswald (admitted)
550 Broad Street
Suite 1508
Newark, NJ 07102
Telephone:  (212) 594-5000
Facsimile:  (212) 967-4258
Email:  frankoswald@teamtogut.com

Albert Togut (admitted *pro hac vice*)
Eitan Blander (admitted *pro hac vice*)
One Penn Plaza, Suite 3335
New York, New York 10119
Telephone:  (212) 594-5000
Facsimile:  (212) 967-4258
Email:  altogut@teamtogut.com
          eblander@teamtogut.com

*Counsel for Debtors and*
*Debtors in Possession*

(Page | 3)

| | |
|---|---|
| Debtors: | Powin, LLC, *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Order Authorizing the Employment and Payment of Professionals Utilized in the Ordinary Course of Business |

Upon consideration of the application (the "Motion"),[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order") authorizing, but not directing, the Debtors to (i) retain Ordinary Course Professionals (which includes both the Initial Ordinary Course Professionals and Additional Ordinary Course Professionals) without the necessity of a separate, formal retention application approved by this Court for each Ordinary Course Professional and (ii) pay each Ordinary Course Professional for postpetition services rendered and expenses incurred, including, if necessary, advancing any reasonable post-petition retainer to the Ordinary Course Professional, subject to certain limits set forth below, without the necessity of additional court approval, and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference to the Bankruptcy Court Under Title 11 of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.) and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and the Debtors having asserted that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found sufficient cause exists for the relief set forth herein; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for

(Page | 4)

| | |
|---|---|
| Debtors: | Powin, LLC, *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Order Authorizing the Employment and Payment of Professionals Utilized in the Ordinary Course of Business |

the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1.    The Motion is **GRANTED** as set forth herein.

2.    The Debtors are authorized, but not directed, to employ and retain the Ordinary Course Professionals listed on **Exhibit 1** attached hereto (the "Initial Ordinary Course Professionals" or, the "Initial OCP Lists"), and any Additional Ordinary Course Professional (as defined in the Motion and paragraph 4 of this Order, and collectively with the Initial Ordinary Course Professionals, the "Ordinary Course Professionals"), without the need to file individual retention applications and obtain retention orders for each such Ordinary Course Professional.  The Debtors are further authorized, but not directed, to pay such Ordinary Course Professionals' fees, including, if necessary, advancing any reasonable postpetition retainer to the Ordinary Course Professional, and to reimburse expenses incurred pursuant to the terms of this Order.  Any advancement of a reasonable postpetition retainer to an Ordinary Course Professional shall be subject to notice being provided to the Notice Parties (defined below) prior to any advancement with an opportunity to object within fourteen (14) days of service of such notice.  Such objection deadline shall be subject to extension by agreement of the Debtors, the Office of the United States Trustee for the District of New Jersey (the "U.S. Trustee"), and the corresponding notice party. Any advancement of a reasonable postpetition retainer shall not occur until expiration of the

---

2    Capitalized terms used but not otherwise defined herein have the meaning ascribed to them in the Motion.

(Page | 5)

| | |
|---|---|
| Debtors: | Powin, LLC, *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Order Authorizing the Employment and Payment of Professionals Utilized in the Ordinary Course of Business |

objection period set forth in this paragraph 2 with no objection received.  Such authorizations are effective as of the Petition Date or the applicable date of engagement.

3.    Within seven (7) days following the date of entry of this Order, the Debtors shall serve this Order including each exhibit hereto upon each Initial Ordinary Course Professional. Thereafter, no later than (a) thirty (30) days after the date of entry of this Order or (b) the date on which each retained Initial Ordinary Course Professional commences services for the Debtors, each Initial Ordinary Course Professional shall provide to the Debtors and the Debtors' counsel a declaration pursuant to section 1746 of title 28 of the United States Code, substantially in the form attached hereto as **Exhibit 2** (the "OCP Declaration") and a completed retention questionnaire substantially in the form attached hereto as **Exhibit 3** (the "Retention Questionnaire") for filing with the Court.

4.    Upon receipt of an OCP Declaration and Retention Questionnaire, the Debtors shall file such documents with the Court and serve copies of such documents upon (i) the United States Trustee for the District of New Jersey, One Newark Center, Suite 2100, Newark, New Jersey 07102, Attn: Jeffrey M. Sponder, Esq. (jeffrey.m.sponder@usdoj.gov) and Lauren Bielskie, Esq. (lauren.bielskie@usdoj.gov); (ii)  counsel to the Committee, Brown Rudnick LLP, (a) Seven Times Square, New York, NY 10036, Attn: Robert J. Stark, Esq. (rstark@brownrudnick.com) and Kenneth J. Aulet, Esq. (kaulet@brownrudnick.com), (b) 601 Thirteenth Street, NW Suite 600, Washington, DC 20005, Attn: Eric R. Goodman, Esq. (egoodman@brownrudnick.com); (iii) local counsel to the Committee, Genova Burns LLC, 110 Allen Road, Suite 304, Basking Ridge, NJ 07920, Attn: Daniel M.    Stolz,    Esq.    (dstolz@genovaburns.com)    and    Donald    W.    Clarke,    Esq.

(Page | 6)

| | |
|---|---|
| Debtors: | Powin, LLC, *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Order Authorizing the Employment and Payment of Professionals Utilized in the Ordinary Course of Business |

(dclarke@genovaburns.com); (iv) financial advisor to the Committee, Alvarez & Marsal North America, LLC, 540 W. Madison St., Suite 1800, Chicago, IL, 60661, Attn: Seth A. Waschitz and Rich Newman; and (v) those parties who have filed a notice of appearance and request for service of pleadings in these chapter 11 cases pursuant to Bankruptcy Rule 2002 (collective, the "Notice Parties").  Each OCP Declaration shall (a) certify that the Ordinary Course Professional does not represent or hold any adverse interest to the Debtors or their estates with respect to the matter(s) on which such Ordinary Course Professional is to be employed, and (b) set forth in reasonable detail the nature of the services expected to be rendered by the Ordinary Course Professional, and the estimated monthly disbursement expected to be made by the Debtors to the Ordinary Course Professional during these Chapter 11 Cases.  For the avoidance of doubt, each Ordinary Course Professional shall wait until the applicable Objection Deadline (as defined below) has passed before submitting invoices to the Debtors.

5.     The Debtors are authorized, after consultation with the Committee, without need for further hearing or order from the Court, to employ and retain ordinary course professionals not currently listed on the Initial OCP Lists (the "Additional Ordinary Course Professionals") by filing with the Court, and serving on the Notice Parties, a supplement to the Initial OCP Lists (the "Supplement"), which shall list the name of the  Additional Ordinary Course Professional and provide a brief description of the services to be rendered by and the Monthly Fee Cap applicable to such professional, and by otherwise complying with the terms of this Order.  Such authorization is effective retroactive to the date of the filing of the Supplement or the applicable date of engagement.  Within thirty (30) days of the filing of such Supplement, each Additional Ordinary

6

| (Page | 7) | |
|---|---|
| Debtors: | Powin, LLC, *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Order Authorizing the Employment and Payment of Professionals Utilized in the Ordinary Course of Business |

Course Professional shall provide to the Debtors and the Debtors' Counsel an OCP Declaration and Retention Questionnaire, and the Debtors will file such documents with the Court and serve a copy upon the Notice Parties.

6. All parties in interest including the Notice Parties shall have fourteen (14) days after the later of (i) the entry of this Order, or (ii) the service of any OCP Declaration and Retention Questionnaire (the "Objection Deadline") to object to the retention of any Ordinary Course Professional. Any such objections shall be filed with the Court and served upon the Debtors, the Notice Parties, and the Ordinary Course Professional subject to such objection by the Objection Deadline. If a timely filed objection cannot be resolved or withdrawn within fourteen (14) days after service of such objection (or on such earlier date as determined by the Debtors in their discretion), then, upon request by the Debtors, such objection shall be scheduled for hearing before the Court on the next regularly scheduled hearing date or such other date that may be agreeable to the Ordinary Course Professional, the Debtors, and the objecting party, and the Debtors and/or the relevant Ordinary Course Professional will have the right to file a reply on or before the Objection Deadline. If no objection is received on or before the Objection Deadline, or if any submitted objection is timely withdrawn or resolved, the Debtors shall be authorized to retain the Ordinary Course Professional as a final matter without further order of the Court, as of the Petition Date or the applicable date of engagement.

7. The Debtors shall not pay any fees or reimburse any expenses (nor shall any Ordinary Course Professional draw down any previously provided retainer) to any Ordinary Course Professional unless and until (a) the Ordinary Course Professional has submitted its OCP

(Page | 8)

| | |
|---|---|
| Debtors: | Powin, LLC, *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Order Authorizing the Employment and Payment of Professionals Utilized in the Ordinary Course of Business |

Declaration and Retention Questionnaire to the Debtors; (b) such OCP Declaration and Retention Questionnaire have been filed with the Court and served on the Notice Parties; (c) the Objection Deadline has expired; and (d) no timely objection is pending.  If a timely objection is received, no payment nor reimbursement shall be made until such objection is either resolved, withdrawn, or otherwise overruled by the Court.

8.      Debtors are authorized to pay each Ordinary Course Professional retained in accordance with the procedures outlined above 100% of the fees and 100% of the disbursements incurred with respect to postpetition services, upon the submission to, and approval by, the Debtors of an appropriate invoice, a copy of which shall be promptly provided to the U.S. Trustee and counsel to the Committee, setting forth in reasonable detail the nature of the services rendered and expenses actually incurred during the month, without prejudice and subject to (i) the Debtors' right to dispute any such invoices in the ordinary course and (ii) the rights of the Notice Parties to file an Ordinary Course Professional Fee Objection (defined below) in accordance with paragraph 12 hereof; *provided*, *however*, that each Ordinary Course Professional's total compensation and reimbursement shall not exceed the Monthly Fee Cap set forth in the Initial OCP Lists, or in any Supplement, as applicable, on average over any three month period on a rolling basis; *provided*, *further*, that the Debtors shall not pay any Ordinary Course Professional in excess of their applicable aggregate fee cap set forth in **Exhibit 1** hereto (the "Aggregate Fee Cap") during the course of these Chapter 11 Cases except as otherwise authorized by the Court under the procedures outlined in paragraphs 8–10 of this Order.

(Page | 9)

| | |
|---|---|
| Debtors: | Powin, LLC, *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Order Authorizing the Employment and Payment of Professionals Utilized in the Ordinary Course of Business |

9.    The Debtors shall have the authority to change the Monthly Fee Cap and Aggregate Fee Cap applicable to any given Ordinary Course Professional in the Debtor's reasonable discretion in consultation with the Committee, upon fourteen (14) calendar days' notice to the Notice Parties, subject to objection by the Notice Parties.  In addition, in the event the duration of these Chapter 11 Cases is longer than seven (7) months from the date of entry of the Order, the Aggregate Fee Cap for each Ordinary Course Professional that has been retained, may be increased by agreement of the U.S. Trustee and the Committee or by order of the Court.  Notwithstanding the foregoing, the aggregate fees to be paid to Ordinary Course Professionals pursuant to the Order shall not exceed $1,000,000 (the "Overall Aggregate Case Cap").  The Overall Aggregate Case Cap may be increased by agreement of the U.S. Trustee and the Committee or by order of the Court.

10.    If an Ordinary Course Professional's fees and expenses exceed the applicable Monthly Fee Cap (as modified if applicable) over a three-month rolling basis, such Ordinary Course Professional shall file a fee application in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, the Local Rules, the U.S. Trustee Fee Guidelines (defined below) and any other procedures and orders of the Court.  Such Ordinary Course Professional shall be entitled to interim payment of its requested fees and expenses up to the applicable Monthly Fee Cap pending the Court's allowance of those requested fees and expenses in excess of the applicable Monthly Fee Cap.  Each Ordinary Course Professional that is a law firm and exceeds the applicable Monthly Fee Cap shall agree to make a reasonable effort to comply with the *U.S. Trustee's requests for information and additional*

(Page | 10)

| | |
|---|---|
| Debtors: | Powin, LLC, *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Order Authorizing the Employment and Payment of Professionals Utilized in the Ordinary Course of Business |

*disclosures set forth in the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases,* effective as of November 1, 2013 (the "U.S. Trustee Fee Guidelines").

11.     If an Ordinary Course Professional seeks a payment of fees in excess of the Aggregate Fee Cap, such Ordinary Course Professional shall be required to (a) file a separate retention application to be retained as a professional person pursuant to section 327 of the Bankruptcy Code; and (b) apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with these Chapter 11 Cases in accordance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, the Local Rules, the U.S. Trustee Fee Guidelines, and any other procedures and orders of the Court. Such applicable Ordinary Course Professional shall be entitled to interim payment of its requested fees and expenses pursuant to any order granting the *Debtors' Motion for Entry of an Administrative Fee Order Establishing Procedures for the Allowance and Payment of Interim Compensation and Reimbursement of Expenses of Professionals Retained by Order of This Court* [Docket No. 235]. Each Ordinary Course Professional that is a law firm and exceeds the Aggregate Fee Cap shall agree to make a reasonable effort to comply with the U.S. Trustee Fee Guidelines.

12.     Within thirty (30) days after the end of, and with respect to, each full three-month period after entry of this Order (including any initial partial month in the first period), the Debtors shall file with this Court, and serve upon the Notice Parties, a summary statement that includes the following information for each Ordinary Course Professional: (a) the name of the Ordinary Course Professional; (b) the aggregate amounts paid as compensation for services rendered and

10

(Page | 11)

| | |
|---|---|
| Debtors: | Powin, LLC, *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Order Authorizing the Employment and Payment of Professionals Utilized in the Ordinary Course of Business |

reimbursement of expenses incurred by such Ordinary Course Professional during the statement period; (c) the aggregate amount of postpetition payments made to the Ordinary Course Professional through the end of the statement period; and (d) a general description of the services rendered by such Ordinary Course Professional during the statement period. The obligation to file summary statements shall terminate upon confirmation of a plan in these Chapter 11 Cases.

13.      On the date that is established in these Chapter 11 Cases for professionals to file final fee applications and pursuant to D.N.J. LBR 2016-4, the Debtors shall file a statement (the "Final Statement") for each of the Ordinary Course Professionals. The Final Statement shall include the following information for each Ordinary Course Professional: (i) the name of the Ordinary Course Professional; (ii) the aggregate amount paid to the Ordinary Course Professional during the previous ninety (90) days; (iii) the total amount paid post-petition to each Ordinary Course Professional; and (iv) a reasonably detailed description of the services rendered by the Ordinary Course Professional during these Chapter 11 Cases. The Final Statement shall be served upon the Notice Parties, who shall have twenty (20) days to file an objection with the Court pursuant to section 330 of the Bankruptcy Code (an "Ordinary Course Professional Fee Objection").

14.      To the extent that any preexisting agreement between the Debtors and an Ordinary Course Professional provides for the indemnification by the Debtors of such Ordinary Course Professional in connection with the services that are the subject of this Order (each such agreement, an "Ordinary Course Professional Agreement"), such indemnification provisions are approved, subject to the following modifications, applicable during the pendency of these Chapter 11 Cases:

11

| (Page | 12) | |
| --- | --- |
| Debtors: | Powin, LLC, *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Order Authorizing the Employment and Payment of Professionals Utilized in the Ordinary Course of Business |

a.    The Ordinary Course Professional shall not be entitled to indemnification, contribution, or reimbursement pursuant to the Ordinary Course Professional Agreement unless the indemnification, contribution, or reimbursement is approved by the Court;

b.    Notwithstanding anything to the contrary in the Ordinary Course Professional Agreement, the Debtors shall have no obligation to indemnify the Ordinary Course Professional, or provide contribution or reimbursement to the Ordinary Course Professional, for any claim or expense to the extent that it is either: (i) judicially determined (the determination having become final and no longer subject to appeal) to have arisen from the Ordinary Course Professional's gross negligence, bad faith, fraud, self-dealing (if found to be applicable), breach of fiduciary duty (if any), or willful misconduct; (ii) for a contractual dispute in which the Debtors allege breach of the Ordinary Course Professional's contractual obligations under the Ordinary Course Professional Agreement unless the Court determines that indemnification would be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003); or (iii) settled without the Debtors' consent prior to a judicial determination as to that exclusions set forth in clauses (i) and (ii) above, but determined by this Court, after notice and a hearing, to be a claim or expense for which the Ordinary Course Professional should not receive indemnity, contribution, or reimbursement under the terms of the Ordinary Course Professional Agreement as modified by the Court;

c.    If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these Chapter 11 Cases (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing these Chapter 11 Cases, the Ordinary Course Professional believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, and/or reimbursement obligations under the Ordinary Course Professional Agreement (as modified by the provisions herein), including without limitation the advancement of defense costs, the Ordinary Course Professional must file an application before this Court and the Debtors may not pay any such amounts before the entry of an order by this Court approving the payment.  This subparagraph (c) is intended only to specify the period of time under which this Court shall have jurisdiction over any request for indemnification, contribution, or reimbursement and not a provision limiting the duration of the Debtors' obligation to indemnify the Ordinary Course Professional.  All parties in interest shall retain the right to object to any demand by the Ordinary Course Professional for indemnification, contribution, or reimbursement.  In the event that the

12

(Page | 13)

| | |
|---|---|
| Debtors: | Powin, LLC, *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Order Authorizing the Employment and Payment of Professionals Utilized in the Ordinary Course of Business |

Ordinary Course Professional seeks reimbursement from the Debtors for attorneys' fees and expenses in connection with the payment of an indemnity claim pursuant to the Ordinary Course Professional Agreement, the invoices and supporting time records for the attorneys' fees and expenses shall be included in the Ordinary Course Professional's own applications, both interim and final, but determined by this Court after notice and a hearing;

d.    Any limitation of liability provisions or limitations on amounts to be contributed by the Ordinary Course Professional in the Ordinary Course Professional Agreement shall be eliminated.

15.    To the extent the Ordinary Course Professional uses independent contractors or subcontractors (as such terms may be defined or otherwise referenced in the Ordinary Course Professional Agreement), the Ordinary Course Professional agrees to (i) pass through the cost of any Ordinary Course Professional independent contractor or subcontractor at the same rate that the Ordinary Course Professional pays the Ordinary Course Professional independent contract or subcontractor; (ii) seek reimbursement for actual costs only for reasonable and documented out-of-pocket expenses; (iii) ensure that the Ordinary Course Professional independent contractor or subcontractor (to the extent they are attorneys, accountants, or other agents) (A) are subject ot the same conflict checks and dislclosures as required by the Ordinary Course Professional and (B) file a supplemental declaration with the Court advising that it does not hold an interest adverse to the Debtors' estates; and (ib) attach any such invoices of the Ordinary Course Professional independent contractor or subcontractor to the Ordinary Course Professional's invoices.

16.    To the extent an Ordinary Course Professional Agreement contains dispute resolution language, any such dispute resolution language is revised to reflect that it is not in effect during the pendency of these Chapter 11 Cases.

13

(Page | 14)

| | |
|---|---|
| Debtors: | Powin, LLC, *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Order Authorizing the Employment and Payment of Professionals Utilized in the Ordinary Course of Business |

17.     Each non-attorney Ordinary Course Professional shall waive any prepetition claim against the Debtors as a condition of its retention and compensation as an Ordinary Course Professional.

18.     This Order shall not apply to any Chapter 11 Professional retained by the Debtors under a separate order of this Court.

19.     Each Ordinary Course Professional shall periodically update its OCP Declaration. to the extent necessary to reflect new facts or circumstances relevant to its retention, including, without limitation, any changes in the type or scope of services to be provided.  Upon the filing of an updated OCP Declaration and/or Retention Questionnaire, the Notice Parties and any party in interest shall have fourteen (14) days after service on the Notice Parties to object to the changes.

20.     Subject to the payment procedures set forth in this Order, the Debtors' rights and the right of any party in interest to dispute any invoice submitted by an Ordinary Course Professional shall not be affected or otherwise prejudiced.

21.     As this Order is only procedural in nature, the U.S. Trustee reserves his rights to object to the retention of any Ordinary Course Professional on any grounds including those Ordinary Course Professionals identified in the Initial OCP Lists and any Supplement.

22.     The Debtors shall not make any payment to any Ordinary Course Professional that has not complied with the Ordinary Course Professional Procedures and the other terms of this Order.

23.     Notwithstanding anything to the contrary in the Motion or this Order, any payment (including, for the avoidance of doubt, any indemnification, contribution, or reimbursement

14

| | |
|---|---|
| (Page | 15) | |
| Debtors: | Powin, LLC, *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Order Authorizing the Employment and Payment of Professionals Utilized in the Ordinary Course of Business |

pursuant to the Ordinary Course Professional Agreement) made by the Debtors pursuant to the authority granted in this Order must be in compliance with and any authorization of the Debtors contained herein is subject to: (a) any interim or final orders entered by the Court approving the Debtors' entry into any postpetition debtor-in-possession financing facility and/or authorizing the use of cash collateral; (b) the documentation in respect of any such debtor-in-possession financing or use of cash collateral; and (c) any budget or cash flow forecasts in connection therewith (in each case, the "DIP Order"). To the extent there is any inconsistency between the terms of the DIP Order and this Order, the terms of the DIP Order shall control.

24.     The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents or otherwise deemed waived.

25.     Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Order shall be effective and enforceable immediately upon entry hereof.

26.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

27.     The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

28.     Any party may move for modification of this Order in accordance with Local Rule 9013-5(e).

| | |
|---|---|
| (Page \| 16) | |
| Debtors: | Powin, LLC, *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Order Authorizing the Employment and Payment of Professionals Utilized in the Ordinary Course of Business |

29.     The Debtors shall serve a copy of this Order on all required parties pursuant to Local Rule 9013-5(f).

30.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

## EXHIBIT 1

**Initial Ordinary Course Professionals**

| Professional (Name & Address) | Type of Service Provided | Monthly Fee Cap if Services are Utilized | Aggregate Fee Cap if Services are Utilized |
|---|---|---|---|
| Arent Fox LLP | Legal | $20,000 | $140,000 |
| Beijing Dacheng Law Offices | Legal – Chinese Law | $40,000 | $280,000 |
| Clyde & Co LLP | Legal - Litigation | $40,000 | $280,000 |
| Davis Wright Tremaine LLP | Legal - Employment | $5,000 | $35,000 |
| G&T Tax Advisers BV | Tax | $1,000 | $7,000 |
| KBF CPAs LLP | Tax | $30,000 | $210,000 |
| KPMG Spain | Tax | $50,000 | $350,000 |
| KPMG UK | Tax | $50,000 | $350,000 |
| McCarthy Tetrault LLP | Legal - Corporate | $10,000 | $70,000 |
| Miller Nash LLP | Legal | $10,000 | $70,000 |
| Schwartz Levitsky Feldman LLP | Legal - Tax | $5,000 | $35,000 |

## EXHIBIT 2

**Form of Declaration**

**DENTONS US LLP**

Tania M. Moyron (admitted *pro hac vice*)
Van C. Durrer, II (admitted *pro hac vice*)
601 S. Figueroa Street #2500
Los Angeles, CA 90017
Telephone:  (213) 623-9300
Facsimile:  (213) 623-9924
Email:  tania.moyron@dentons.com
          van.durrer@dentons.com


John D. Beck (admitted *pro hac vice*)
Sarah M. Schrag (admitted *pro hac*)
1221 Avenue of the Americas
New York, NY 10020-1089
Telephone:  (212) 768-6700
Facsimile:  (212) 768-6800
Email:  john.beck@dentons.com
          sarah.schrag@dentons.com


*Counsel for Debtors and
Debtors in Possession*

**TOGUT, SEGAL & SEGAL LLP**

Frank A. Oswald (admitted)
550 Broad Street
Suite 1508
Newark, NJ 07102
Telephone:  (212) 594-5000
Facsimile:  (212) 967-4258
Email:  frankoswald@teamtogut.com


Albert Togut (admitted *pro hac vice*)
Amanda C. Glaubach (admitted *pro hac vice*)
Eitan Blander (admitted *pro hac vice*)
One Penn Plaza, Suite 3335
New York, New York 10119
Telephone:  (212) 594-5000
Facsimile:  (212) 967-4258
Email:  altogut@teamtogut.com
          aglaubach@teamtogut.com
          eblander@teamtogut.com


*Counsel for Debtors and
Debtors in Possession*

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br>Powin, LLC, *et al.*,[1]<br><br>            Debtors. | Chapter 11<br><br>Case No. 25-16137 (MBK)<br><br>(Jointly Administered) |

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin Project LLC [1583]; (ii) Powin, LLC [0504]; (iii) PEOS Holdings, LLC [5476]; (iv) Powin China Holdings 1, LLC [1422]; (v) Powin China Holdings 2, LLC [9713]; (vi) Charger Holdings, LLC [5241]; (vii) Powin Energy Ontario Storage, LLC [8348]; (viii) Powin Energy Operating Holdings, LLC [2495]; (ix) Powin Energy Operating, LLC [6487]; (x) Powin Energy Storage 2, Inc., [9926]; (xi) Powin Energy Ontario Storage II LP, [5787]; and (xii) Powin Canada B.C. Ltd. [2239]. The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR 97062.

## DECLARATION OF [DECLARANT] ON BEHALF
## OF PROPOSED ORDINARY COURSE PROFESSIONAL [COMPANY NAME]

I, [**Declarant**], pursuant to Section 1746 of title 28 of the United States Code, hereby declare that the following is true to the best of my information, knowledge, and belief:

1.       I am [**Title**] of [**Company Name**], located at [**Address**] (the "Company").

2.       This declaration (this "Declaration") is submitted in connection with an order of the United States Bankruptcy Court for the District of New Jersey authorizing Powin, LLC and/or its affiliated debtors (collectively, the "Debtors") to retain certain professionals in the ordinary course of business during the pendency of the Debtors' Chapter 11 Cases [Docket No. [●]] (the "Order"). Following the date that the Debtors commenced their chapter 11 cases (the "Petition Date"), the Debtors requested that the Company provide professional services (or continue to provide such services) to the Debtors, and the Company has consented to provide such services. Accordingly, the Company is submitting this Declaration pursuant to the Order.

3.       The Company, through me, and other members, partners, associates, or employees of the Company, has provided, or plans to provide, the following services to the Debtors form and after the Petition Date: [**Description of Services**]. The Company estimates that it will incur approximately $[**Amount**] in monthly fees for the services rendered to the Debtors.

4.       The Company may have performed services in the past and may perform services in the future, in matters unrelated to these Chapter 11 Cases, for persons that are parties in interest in these cases. As part of its customary practice, the Company is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be claimants or employees of the Debtors, or other parties in interest in these cases. The Company does not perform services for any such person in connection with these cases. In

addition, the Company does not have any relationship with any such person, their attorneys, or accountants that would be adverse to the Debtors or their estates.

5.      Neither I, nor any principal of, or professional employed by the Company has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principals and regular employees of the Company.

6.      Neither I, nor any principal of, or professional employed by the Company, insofar as I have been able to discover, holds or represents any interest adverse to the Debtors or their estates with respect to the matter(s) on which the Company is to be employed.

7.      **FOR LEGAL SERVICE FIRMS:** The Debtors owe the Company $[●]] on account of services rendered and expenses incurred prior to the Petition Date in connection with the Company's employment by the Debtors.

8.      **FOR NON-LEGAL SERVICE FIRMS ONLY:** The Company agreed to waive all unpaid amounts for services rendered prior to the Petition Date.

9.      As of the Petition Date, which was the date on which the Debtors commenced these Chapter 11 Cases, the Company [was/was not] party to an agreement for indemnification with the Debtors. [A copy of such agreement is attached as Exhibit 1 to this Declaration.]

10.      At any time during the period of its employment, if the Company should discover any facts bearing on the matters described herein, the Company will supplement the information contained in this Declaration.

11.      I, or a representative of the Company, have read and am familiar with the requirements of the *Order Authorizing the Employment and Payment of Professionals Utilized in the Ordinary Course of Business.*

I declare under penalty of perjury that the foregoing is true and correct to the best

of my information, knowledge, and belief. Executed this [**Date**] in [**City, State, Country**].

*DRAFT*
_____
[**Declarant**]

**Exhibit 3**

**Form Retention Questionnaire**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>Powin, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-16137 (MBK)<br><br>(Jointly Administered) |

**RETENTION QUESTIONNAIRE**

**TO BE COMPLETED BY EACH ORDINARY COURSE PROFESSIONAL**
**EMPLOYED BY THE DEBTORS**

**This Questionnaire must be filed with the Court and should be sent to:**

**DENTONS US LLP**

Tania M. Moyron (admitted *pro hac vice*)
Van C. Durrer, II (admitted *pro hac vice*)
601 S. Figueroa Street #2500
Los Angeles, CA 90017
Telephone:  (213) 623-9300
Facsimile:  (213) 623-9924
Email:  tania.moyron@dentons.com
        van.durrer@dentons.com

John D. Beck (admitted *pro hac vice*)
Sarah M. Schrag (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020-1089
Telephone:  (212) 768-6700
Facsimile:  (212) 768-6800
Email:  john.beck@dentons.com
        sarah.schrag@dentons.com

*Counsel for Debtors and*
*Debtors in Possession*

**TOGUT, SEGAL & SEGAL LLP**

Frank A. Oswald (admitted)
550 Broad Street
Suite 1508
Newark, NJ 07102
Telephone:  (212) 594-5000
Facsimile:  (212) 967-4258
Email:  frankoswald@teamtogut.com

Albert Togut (admitted *pro hac vice*)
Amanda C. Glaubach (admitted *pro hac vice*)
Eitan Blander (admitted *pro hac vice*)
One Penn Plaza, Suite 3335
New York, New York 10119
Telephone:  (212) 594-5000
Facsimile:  (212) 967-4258
Email:  altogut@teamtogut.com
        aglaubach@teamtogut.com
        eblander@teamtogut.com

*Counsel for Debtors and*
*Debtors in Possession*

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin Project LLC [1583]; (ii) Powin, LLC [0504]; (iii) PEOS Holdings, LLC [5476]; (iv) Powin China Holdings 1, LLC [1422]; (v) Powin China Holdings 2, LLC [9713]; (vi) Charger Holdings, LLC [5241]; (vii) Powin Energy Ontario Storage, LLC [8348]; (viii) Powin Energy Operating Holdings, LLC [2495]; (ix) Powin Energy Operating, LLC [6487]; (x) Powin Energy Storage 2, Inc., [9926]; (xi) Powin Energy Ontario Storage II LP, [5787]; and (xii) Powin Canada B.C. Ltd. [2239]. The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR 97062.

If more space is needed, please complete on a separate page and attach.

1. Name and address of firm:

_____

_____

_____

_____

2. Date of retention:

_____

3. Type of services provided (accounting, legal, etc.):

_____

_____

_____

4. Brief description of services to be provided:

_____

_____

_____

5. Arrangements for compensation (hourly, contingent, etc.):

_____

_____

_____

6. Prepetition claims against the Debtors held by the firm (if any):

_____

_____

_____

(a) Average hourly rate (if applicable):

_____

(b) Estimated average monthly compensation:

_____

7. Prepetition claims against the Debtors held individually by any member, associate, or

professional employee of the firm:

_____

_____

_____

8. Disclose the nature and provide a brief description of any interest adverse to the Debtors or to

its estate with respect to the matters on which the above-named firm is to be employed:

_____

_____

_____

9. Name and title of individual completing this Retention Questionnaire:

_____

_____

_____


      Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and information.


Dated: _____, 2025

                                          [Name]
                                          [Title]
                                          [Firm]

United States Bankruptcy Court
District of New Jersey

In re:                                                                      Case No. 25-16137-MBK

Powin, LLC                                                                  Chapter 11

    Debtor

# CERTIFICATE OF NOTICE

District/off: 0312-3                          User: admin                                      Page 1 of 1

Date Rcvd: Sep 10, 2025                       Form ID: pdf903                             Total Noticed: 1

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Sep 12, 2025:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Powin, LLC, 20550 SW 115th Avenue, Tualatin, OR 97062-6857 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 12, 2025                    Signature:        /s/Gustava Winters