| | |
|---|---|
| **DENTONS US LLP** | **TOGUT, SEGAL & SEGAL LLP** |
| Tania M. Moyron (admitted *pro hac vice*) <br> Van C. Durrer, II (admitted *pro hac vice*) <br> 601 S. Figueroa Street #2500 <br> Los Angeles, CA 90017 <br> Telephone:  (213) 623-9300 <br> Facsimile:  (213) 623-9924 <br> Email:  tania.moyron@dentons.com <br> van.durrer@dentons.com | Frank A. Oswald (admitted) <br> 550 Broad Street <br> Suite 1508 <br> Newark, NJ 07102 <br> Telephone:  (212) 594-5000 <br> Facsimile:  (212) 967-4258 <br> Email:  frankoswald@teamtogut.com |
| John D. Beck (admitted *pro hac vice*) <br> Sarah M. Schrag (admitted *pro hac vice*) <br> 1221 Avenue of the Americas <br> New York, NY 10020-1089 <br> Telephone:  (212) 768-6700 <br> Facsimile:  (212) 768-6800 <br> Email:  john.beck@dentons.com <br> sarah.schrag@dentons.com | Albert Togut (admitted *pro hac vice*) <br> Eitan Blander (admitted *pro hac vice*) <br> One Penn Plaza, Suite 3335 <br> New York, New York 10119 <br> Telephone:  (212) 594-5000 <br> Facsimile:  (212) 967-4258 <br> Email:  altogut@teamtogut.com <br> eblander@teamtogut.com |
| *Counsel for Debtors and Debtors in Possession* | *Counsel for Debtors and Debtors in Possession* |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: <br> Powin, LLC, *et al.*,[1] <br> Debtors. | Chapter 11 <br><br> Case No. 25-16137 (MBK) <br><br> (Jointly Administered) <br><br><br> **Hearing Date: October 23, 2025 at 12:30 p.m. E.T.** |

**NOTICE OF DEBTORS' MOTION FOR ENTRY OF AN ORDER,
PURSUANT TO SECTION 365(d)(4) OF THE BANKRUPTCY CODE,
EXTENDING THE DEADLINE FOR THE DEBTORS TO ASSUME OR
REJECT UNEXPIRED LEASES OF NON-RESIDENTIAL REAL PROPERTY**

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are:  (i) Powin Project LLC [1583]; (ii) Powin, LLC [0504], (iii) PEOS Holdings, LLC [5476], (iv) Powin China Holdings 1, LLC [1422], (v) Powin China Holdings 2, LLC [9713], (vi) Charger Holdings, LLC [15241], (vii) Powin Energy Ontario Storage, LLC [8348], (viii) Powin Energy Operating Holdings, LLC [2495], and (ix) Powin Energy Operating, LLC [6487]. The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR 97062.

**PLEASE TAKE NOTICE** that on June 9, 2025 and June 10, 2025 (collectively, the "Petition Date"), the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court").

**PLEASE TAKE FURTHER NOTICE** that on October 5, 2025, the Debtors filed a *Motion for Entry of an Order, Pursuant to Section 365(d)(4) of the Bankruptcy Code, Extending the Deadline for the Debtors to Assume or Reject Unexpired Leases of Non-Residential Real Property* (the "Motion").[2]  A hearing via Zoom only to consider approval of the Motion has been scheduled for October 23, 2025 at 12:30 p.m. E.T. (the "Hearing"), or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that parties wishing to appear at the Hearing must register with the Court by submitting an e-mail to Chambers (chambers_of_mbk@njb.uscourts.gov) indicating the name of the person appearing, their e-mail address, their affiliation, and whom they represent/interest in this case.  If the request is approved, the participant will receive appropriate credentials and further instruction.  Telephonic information for observational purposes can be found on the page on the Court's website devoted to the *Powin, LLC, et al.*, bankruptcy case: https://www.njb.uscourts.gov/powin.

**PLEASE TAKE FURTHER NOTICE** that written objections, if any, to the relief requested in the Motion shall: (a) be in writing; (b) state with particularity the basis of the objection; and (c) be filed with the Clerk of the Bankruptcy Court electronically by attorneys who regularly practice before the Bankruptcy Court in accordance with the *General Order Regarding Electronic Means for Filing, Signing, and Verification of Documents dated March 27, 2002* (the "General Order") and the Commentary Supplementing Administrative Procedures dated as of March 2004 (the "Supplemental Commentary") (the General Order, the Supplemental Commentary and the User's Manual for the Electronic Case Filing System can be found at www.njb.uscourts.gov, the official website for the Bankruptcy Court) and, by all other parties-in-interest, on CD-ROM in Portable Document Format (PDF), and shall be served on such parties in accordance with the General Order and the Supplemental Commentary, so as to be actually received no later than three (3) days before the date of the Hearing.

**PLEASE TAKE FURTHER NOTICE THAT YOUR RIGHTS MAY BE AFFECTED.  You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.  If you do not have an attorney, you may wish to consult one.**

---

[2] All capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

**PLEASE TAKE FURTHER NOTICE** that a copy of the Motion, and any related filings, can be viewed and/or obtained by: (i) accessing the Bankruptcy Court's Website for a fee, (ii) visiting the website for the Debtors' chapter 11 cases at: https://www.veritaglobal.net/powin or (iii) by contacting the Office of the Clerk of the United States Bankruptcy Court, District of New Jersey.  Please note that a PACER password is required to access documents on the Bankruptcy Court's Website.

[*Concluded on the following page*]

| | |
|---|---|
| Dated: October 5, 2025 | **TOGUT, SEGAL & SEGAL LLP** |
| | */s/ Frank A. Oswald* |
| | Frank A. Oswald (admitted) |
| | 550 Broad Street |
| | Suite 1508 |
| | Newark, NJ 07102 |
| | Telephone: (212) 594-5000 |
| | Facsimile: (212) 967-4258 |
| | Email: frankoswald@teamtogut.com |
| | |
| | Albert Togut (admitted *pro hac vice*) |
| | Eitan Blander (admitted *pro hac vice*) |
| | One Penn Plaza, Suite 3335 |
| | New York, New York 10119 |
| | Telephone: (212) 594-5000 |
| | Facsimile: (212) 967-4258 |
| | Email: altogut@teamtogut.com |
| | eblander@teamtogut.com |
| | |
| | - and - |
| | |
| | **DENTONS US LLP** |
| | |
| | Tania M. Moyron (admitted *pro hac vice*) |
| | Van C. Durrer, II (admitted *pro hac vice*) |
| | 601 S. Figueroa Street #2500 |
| | Los Angeles, CA 90017 |
| | Telephone: (213) 623-9300 |
| | Facsimile: (213) 623-9924 |
| | Email: tania.moyron@dentons.com |
| | van.durrer@dentons.com |
| | |
| | John D. Beck (admitted *pro hac vice*) |
| | Sarah M. Schrag (admitted *pro hac vice*) |
| | 1221 Avenue of the Americas |
| | New York, NY 10020-1089 |
| | Telephone: (212) 768-6700 |
| | Facsimile: (212) 768-6800 |
| | Email: john.beck@dentons.com |
| | sarah.schrag@dentons.com |
| | |
| | *Counsel for Debtors and* |
| | *Debtors in Possession* |

**DENTONS US LLP**

Tania M. Moyron (admitted *pro hac vice*)
Van C. Durrer, II (admitted *pro hac vice*)
601 S. Figueroa Street #2500
Los Angeles, CA 90017
Telephone:  (213) 623-9300
Facsimile:  (213) 623-9924
Email:  tania.moyron@dentons.com
    van.durrer@dentons.com

John D. Beck (admitted *pro hac vice*)
Sarah M. Schrag (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020-1089
Telephone:  (212) 768-6700
Facsimile:  (212) 768-6800
Email:  john.beck@dentons.com
    sarah.schrag@dentons.com

*Counsel for Debtors and
Debtors in Possession*

**TOGUT, SEGAL & SEGAL LLP**

Frank A. Oswald (admitted)
550 Broad Street
Suite 1508
Newark, NJ 07102
Telephone:  (212) 594-5000
Facsimile:  (212) 967-4258
Email:  frankoswald@teamtogut.com

Albert Togut (admitted *pro hac vice*)
Eitan Blander (admitted *pro hac vice*)
One Penn Plaza, Suite 3335
New York, New York 10119
Telephone:  (212) 594-5000
Facsimile:  (212) 967-4258
Email:  altogut@teamtogut.com
    eblander@teamtogut.com

*Counsel for Debtors and
Debtors in Possession*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br>Powin, LLC, *et al.*,[1]<br>    Debtors. | Chapter 11<br><br>Case No. 25-16137 (MBK)<br><br>(Jointly Administered) |

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin Project LLC [1583]; (ii) Powin, LLC [0504]; (iii) PEOS Holdings, LLC [5476]; (iv) Powin China Holdings 1, LLC [1422]; (v) Powin China Holdings 2, LLC [9713]; (vi) Charger Holdings, LLC [5241]; (vii) Powin Energy Ontario Storage, LLC [8348]; (viii) Powin Energy Operating Holdings, LLC [2495]; (ix) Powin Energy Operating, LLC [6487]; (x) Powin Energy Storage 2, Inc., [9926]; (xi) Powin Energy Ontario Storage II LP, [5787]; and (xii) Powin Canada B.C. Ltd. [2239]. The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR 97062.

**DEBTORS' MOTION FOR ENTRY OF AN ORDER,
PURSUANT TO SECTION 365(d)(4) OF THE BANKRUPTCY CODE,
EXTENDING THE DEADLINE FOR THE DEBTORS TO ASSUME OR
REJECT UNEXPIRED LEASES OF NON-RESIDENTIAL REAL PROPERTY**

TO THE HONORABLE MICHAEL B. KAPLAN UNITED STATES CHIEF BANKRUPTCY JUDGE FOR THE DISTRICT OF NEW JERSEY:

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state as follows in support of this motion (this "Motion"):

**RELIEF REQUESTED**

1. By this Motion, pursuant to section 365(d)(4) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), the Debtors request entry of an order, in substantially the form attached as **Exhibit A** hereto (the "Order"): (a) granting the Debtors a ninety (90) day extension (for a total of 210 days from the Petition Date (as defined below)) of the statutory deadline for the Debtors to assume or reject any leases, subleases, and other agreements under which any Debtor is a lessee and that may be considered unexpired leases of non-residential real property under applicable law (collectively, the "Leases") through and including January 5, 2026; and (b) granting related relief.[2] The Debtors further request that the proposed extension be without prejudice to the Debtors' right to seek additional extensions of the time to assume or reject the Leases, as contemplated under section 365(d)(4)(B)(ii) of the Bankruptcy Code, with the consent of the applicable Lease counterparty.

---

[2] Notwithstanding anything herein to the contrary, the Debtors are not seeking a determination that any particular lease, contract, instrument, or other document constitutes an unexpired lease of nonresidential real property subject to the provisions of section 365(d)(4) of the Bankruptcy Code and all parties' rights are reserved with respect to such determination.

**JURISDICTION AND VENUE**

2. The United States Bankruptcy Court for the District of New Jersey (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11 of the United States District Court for the District of New Jersey*, entered July 23, 1984, and amended September 18, 2012 (Simandle, C.J.). The Debtors confirm their consent to the Court entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested herein are section 365(d)(4) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9013-1 and 9013-6 of the Local Bankruptcy Rules for the District of New Jersey (the "Local Rules").

**BACKGROUND**

5. On June 9, 2025 (the "Petition Date"),[3] the Debtors each commenced a voluntary case for relief under chapter 11 of the Bankruptcy Code. The Debtors are authorized to continue operating their businesses and managing their properties as debtors in possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Chapter 11 Cases.

6. On June 27, 2025, the United States Trustee (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Committee").

---

[3] Debtor Case No. 25-16137 (MBK) for Debtor Powin Project LLC was filed on June 9, 2025, and the remaining Debtors were filed shortly thereafter on June 10, 2025.

7. A description of the Debtors, its business, and the reasons for commencing this Case are set forth in greater detail in the *Declaration of Gerard Uzzi in Support of Emergency First Day Motions of the Debtors* [Docket No. 13] (the "First Day Declaration"). The First Day Declaration is incorporated by reference herein.

8. Debtor Powin, LLC, a Delaware limited liability corporation, and its affiliates were collectively an energy storage integrator based in Portland, Oregon, and with operations around the world in Vietnam, China, Canada, Australia, and Spain. As one of the leading global energy platform providers, Powin and its affiliates were at the forefront of the clean energy revolution. Powin focused on advancing the next frontier of energy by ensuring access to clean, reliable, resilient, and affordable power through technology. The Debtors' business model targeted innovations in energy storage, which are essential to the planet's transition to a sustainable, carbon- free world.

9. The Debtors commenced these Chapter 11 Cases because their businesses were suffering from liquidity constraints, an overdependence on trade credit, increasing assertions of liquidated damages, and a credibility problem. During the lead-up to and commencement of these Chapter 11 Cases, it became clear that the best chance for the Debtors to repay their outstanding debts would come via a value-maximizing transaction where the Debtors would sell substantially all of their assets.

10. On July 1, 2025, the Debtors filed their *Motion of the Debtors for Entry of an Order (I) Designating a Stalking Horse Bidder and Approving Stalking Horse Bidder Protections (II) Approving Bidding Procedures by Which Interested Parties May Bid and an Auction Sale Format in Connection with the Sale of Substantially all of the Debtors' Assets, (III) Approving Form of Asset Purchase Agreement, (IV) Approving Form of Notice to be*

*Provided to Interested Parties, (V) Authorizing the Assumption and Assignment of Assumed contracts and Notice Procedures Thereto, (VI) Scheduling a Court Hearing to Consider Approval of the Sale to the Highest and Best Bidder, and (VII) Authorizing the Sale of Debtors' Property Free and Clear of All Causes of Action and Claims* [Docket No. 228] (the "Sale Motion"). An order approving the bidding procedures was entered on July 17, 2025 [Docket No. 413] (the "Bidding Procedures Order").

11. Pursuant to the Bidding Procedures Order, the Debtors have successfully consummated three (3) separate sale transactions, as follows:

   a. FlexGen Power Systems, LLC ("FlexGen") agreed to purchase substantially all assets of the Debtors to FlexGen, for a purchase price of $36,000,000 (subject to certain closing price adjustments) (the "FlexGen Sale"). The FlexGen Sale was approved by order of the Bankruptcy Court on August 18, 2025 [Docket No. 751].

   b. Pursuant to that certain bill of sale made in favor of Mainfreight Distribution Pty Ltd. ("Mainfreight"), the Debtors agreed to sell certain of its assets constituting collateral of Mainfreight to Mainfreight via credit bid in the amount of $3,000,000.00 (the "Mainfreight Sale"). The Mainfreight Sale was approved by order of the Bankruptcy Court on August 8, 2025 [Docket No. 692].

   c. Pursuant to that certain Sale and Release Agreement, Powin, LLC, and Powin EKS Sellco LLC agreed to enter into a comprehensive transaction with Hitachi Energy Ltd., Hitachi Energy Power Conversion Solutions (together with Hitachi Energy Ltd., "Hitachi"), whereby Hitachi would acquire Powin EKS SellCo LLC's 20% equity interests in a joint venture with Hitachi, and certain mutual releases, in exchange for a fixed sum of $15,000,000 (the "EKS Sale"). The EKS Sale was approved by order of the Bankruptcy Court on August 8, 2025 [Docket No. 691].

12. The foregoing transactions have all closed. Though certain contracts were assumed and assigned in connection with the FlexGen Sale, not all leases were assumed and assigned to FlexGen.

**BASIS FOR RELIEF**

13. The Debtors are currently working with the Committee's professionals to finalize a joint combined disclosure statement and chapter 11 plan for the Debtors. The Debtors anticipate that a hearing to approve the joint combined disclosure statement and chapter 11 plan will be conducted in November 2025. The Debtors further anticipate that the deadline concerning the assumption or rejection of the executory contracts and expired leases will be made prior to the hearing.

14. Pursuant to section 365(d)(4) of the Bankruptcy Code, the Debtors have, at minimum, until the earlier of (a) the date of entry of an order confirming a chapter 11 plan and (b) 120 days after the Petition Date *(i.e.,* October 7, 2025) to assume or reject any Leases (the "Assumption/Rejection Period"); *provided* that this Court may extend the Debtors' 120-day Assumption/Rejection Period by 90 days "for cause." *See* Bankruptcy Code § 365(d)(4). Pursuant to section 365(d)(4) of the Bankruptcy Code, if the Debtors fail to assume or reject a Lease prior to the expiration of the Assumption/Rejection Period, such lease will automatically be deemed rejected. *See id.*

15. The term "cause" as used in section 365(d)(4) is not defined in the Bankruptcy Code, nor does the Bankruptcy Code establish formal criteria for evaluating a request for an extension of the initial 120-day period. Courts in this circuit have consistently recognized the benefits of granting additional time for a debtor to assume or reject leases of nonresidential real property under section 365(d)(4) of the Bankruptcy Code. *See, e.g., In re Channel Home Ctrs., Inc.,* 989 F.2d 682, 687-88 (3d Cir. 1993); *In re GST Telecom Inc.,* 2001 WL 686971, *3 (D. Del. June 8, 2001); *In re Rickel Home Centers*, 1997 WL 538785 (D. Del. Aug. 13, 1997).

16. Cause exists for the Court to grant the Requested Extension, as to the Debtors' remaining leases not previously expired or rejected.

17. The Leases constitute potential monetizable assets from which the Debtors may be able to realize meaningful value for the benefit of all stakeholders, and, in certain instances, continued use of the leased premises remains essential to the Debtors' operations until confirmation and effectiveness of a chapter 11 plan. The Debtors respectfully submit that they may be unable to make final determinations regarding assumption or rejection of the Leases before the expiration of the initial Assumption/Rejection Period.

18. Courts in this district frequently grant debtors additional time to assume or reject unexpired nonresidential leases pursuant to section 365(d)(4) of the Bankruptcy Code, particularly in similar complex chapter 11 cases. *See, e.g.*, *In re Careismatic Brands, LLC*, No. 24-10561 (VFP) (Bankr. D.N.J. May 8, 2024) (authorizing the extension of debtors' time to assume or reject unexpired leases of non-residential real properties by 90 days); *In re WeWork, Inc.,* No. 23-19865 (JKS) (Bankr. D.N.J. April 29, 2024) (same); *In re Rite Aid Corp.,* No. 23-18993 (MBK) (Bankr. D.N.J. Dec. 20, 2023) (same); *In re Cyxtera Technologies, Inc.,* No. 23-14853 (JKS) (Bankr. D.N.J. September 21, 2023) (same); *In re Bed Bath & Beyond Inc.,* No. 23- 13359 (VFP) (Bankr. D.N.J. August 17, 2023) (same). The Debtors submit that similar relief is warranted in these chapter 11 cases.

19. Absent an extension of the Assumption/Rejection Period, section 365(d)(4) of the Bankruptcy Code would force the Debtors into an artificial and unnecessary dilemma: either (a) prematurely reject certain Leases, thereby forfeiting potentially valuable estate property that could otherwise be preserved or monetized, or (b) prematurely assume Leases that, upon further diligence, may ultimately impose burdens rather than generate net value for

the estates. Granting the Requested Extension eliminates this unnecessary choice and ensures that the Debtors can make informed, value-maximizing decisions for the benefit of all stakeholders.

20. For these reasons, the Debtors respectfully submit that ample cause exists to grant the Requested Extension. The relief requested is both routine and appropriate under section 365(d)(4), and will further the Debtors' efforts to preserve and maximize estate value. Accordingly, the Debtors request that the Court approve the relief sought in this Motion.

## Waiver of Bankruptcy Rule 6004(a) and 6004(h)

21. To implement the foregoing successfully, the Debtors seek a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the 14-day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h).

## Waiver of Memorandum of Law

22. The Debtors respectfully request that the Court waive the requirement to file a separate memorandum of law pursuant to Local Rule 9013-1(a)(3) because the legal basis upon which the Debtors rely is set forth herein and the Motion does not raise any novel issues of law.

## No Prior Request

23. No prior request for the relief sought in this Motion has been made to this Court or any other court.

## Notice

24. The Debtors have provided notice of this Motion to the following parties or their respective counsel: (a) the Office of the United States Trustee; (b) counsel for the Debtors' former Prepetition Secured Parties; (c) the Debtors' former DIP Lender; (d)

Counsel for the Committee; (e) all parties to the Leases[4]; and (f) any party that has appeared electronically in this Case and/or requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Debtors submit that no other or further notice is required.

**WHEREFORE**, the Debtors respectfully request entry of the Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

*[Concluded on following page]*

---

[4] The inclusion of any entity in, or the omission of any entity from the service of the Motion shall not be deemed an admission by the Debtors that such entity is or is not a "lessor" within the meaning of section 365(d)(4) of the Bankruptcy Code, and the Debtors reserve all rights and defenses with respect thereto.

Dated: October 5, 2025

**TOGUT, SEGAL & SEGAL LLP**
*/s/Frank A. Oswald*
Frank A. Oswald (admitted)
550 Broad Street
Suite 1508
Newark, NJ 07102
Telephone: (212) 594-5000
Facsimile: (212) 967-4258
Email: frankoswald@teamtogut.com

Albert Togut (admitted *pro hac vice*)
Eitan Blander (admitted *pro hac vice*)
One Penn Plaza, Suite 3335
New York, New York 10119
Telephone: (212) 594-5000
Facsimile: (212) 967-4258
Email: altogut@teamtogut.com
  eblander@teamtogut.com

- and -

**DENTONS US LLP**

Tania M. Moyron (admitted *pro hac vice*)
Van C. Durrer, II (admitted *pro hac vice*)
601 S. Figueroa Street #2500
Los Angeles, CA 90017
Telephone: (213) 623-9300
Facsimile: (213) 623-9924
Email: tania.moyron@dentons.com
  van.durrer@dentons.com

John D. Beck (admitted *pro hac vice*)
Sarah M. Schrag (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020-1089
Telephone: (212) 768-6700
Facsimile: (212) 768-6800
Email: john.beck@dentons.com
  sarah.schrag@dentons.com

*Counsel for Debtors and
Debtors in Possession*

## **EXHIBIT A**

Proposed Order

US_ACTIVE\131334560\V-3

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br>Powin, LLC, *et al.*,[1]<br>　　　　Debtors. | Chapter 11<br>Case No. 25-16137 (MBK)<br>(Jointly Administered) |

**ORDER PURSUANT TO SECTION 365(D)(4) OF THE BANKRUPTCY CODE, EXTENDING THE DEADLINE FOR THE DEBTORS TO ASSUME OR REJECT UNEXPIRED LEASES OF NON-RESIDENTIAL REAL PROPERTY**

The relief set forth on the following pages, numbered three (3) through five (5), is **ORDERED.**

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin Project LLC [1583]; (ii) Powin, LLC [0504]; (iii) PEOS Holdings, LLC [5476]; (iv) Powin China Holdings 1, LLC [1422]; (v) Powin China Holdings 2, LLC [9713]; (vi) Charger Holdings, LLC [5241]; (vii) Powin Energy Ontario Storage, LLC [8348]; (viii) Powin Energy Operating Holdings, LLC [2495]; (ix) Powin Energy Operating, LLC [6487]; (x) Powin Energy Storage 2, Inc., [9926]; (xi) Powin Energy Ontario Storage II LP, [5787]; and (xii) Powin Canada B.C. Ltd. [2239]. The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR 97062

Case 25-16137-MBK    Doc 910    Filed 10/05/25    Entered 10/05/25 10:47:59    Desc Main
Document    Page 17 of 20

(Page 2)
Debtors:                Powin, LLC, *et al*
Case No.                25-16137 (MBK)
Caption of Order:       Order Granting Motion of the Debtors for Entry of an Order Extending the Deadline for the Debtors to Assume or Reject Unexpired Leases of Non-Residential Real Property

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

| **DENTONS US LLP** | **TOGUT, SEGAL & SEGAL LLP** |
|---|---|
| Tania M. Moyron (admitted *pro hac vice*)<br>Van C. Durrer, II (admitted *pro hac vice*)<br>601 S. Figueroa Street #2500<br>Los Angeles, CA 90017<br>Telephone:  (213) 623-9300<br>Facsimile:  (213) 623-9924<br>Email:  tania.moyron@dentons.com<br>            van.durrer@dentons.com<br><br>John D. Beck (admitted *pro hac vice*)<br>Sarah M. Schrag (admitted *pro hac vice*)<br>1221 Avenue of the Americas<br>New York, NY 10020-1089<br>Telephone:  (212) 768-6700<br>Facsimile:  (212) 768-6800<br>Email:  john.beck@dentons.com<br>            sarah.schrag@dentons.com<br><br>*Counsel for Debtors and Debtors in Possession* | Frank A. Oswald (admitted)<br>550 Broad Street<br>Suite 1508<br>Newark, NJ 07102<br>Telephone:  (212) 594-5000<br>Facsimile:  (212) 967-4258<br>Email:  frankoswald@teamtogut.com<br><br>Albert Togut (admitted *pro hac vice*)<br>Eitan Blander (admitted *pro hac vice*)<br>One Penn Plaza, Suite 3335<br>New York, New York 10119<br>Telephone:  (212) 594-5000<br>Facsimile:  (212) 967-4258<br>Email:  altogut@teamtogut.com<br>            eblander@teamtogut.com<br><br>*Counsel for Debtors and Debtors in Possession* |

(Page 3)

| | |
|---|---|
| Debtors: | Powin, LLC, *et al* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Order Granting Motion of the Debtors for Entry of an Order Extending the Deadline for the Debtors to Assume or Reject Unexpired Leases of Non-Residential Real Property |

Upon the *Debtors' Motion for Entry of an Order Pursuant to Section 365(d)(4) of the Bankruptcy Code, Extending the Deadline for the Debtors to Assume or Reject Unexpired Leases of Non-Residential Real Property* (the "Motion"),[1] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order"): (a) granting the Debtors a ninety (90) day extension of the statutory deadline for the Debtors to assume or reject any leases, subleases, and other agreements under which any Debtor is a lessee and that may be considered unexpired leases of non-residential real property under applicable law (collectively, the "Leases"); and (b) granting related relief, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11 of the United States District Court for the District of New Jersey*, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion; and this Court having determined that the legal and factual bases set forth in the

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

(Page 4)
Debtors:          Powin, LLC, *et al*
Case No.          25-16137 (MBK)
Caption of Order: Order Granting Motion of the Debtors for Entry of an Order Extending the Deadline for the Debtors to Assume or Reject Unexpired Leases of Non-Residential Real Property

Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED** as set forth herein.

2. Pursuant to section 365(d)(4) of the Bankruptcy Code, the deadline under section 365(d)(4) of the Bankruptcy Code for the Debtors to assume or reject any Leases is hereby extended through and including January 5, 2026 (the "Assumption/Rejection Period"); *provided that* if the Debtors file a motion to assume or reject a Lease prior to such date, the time period within which the Debtors must assume or reject such Lease pursuant to section 365(d)(4)(B)(i) of the Bankruptcy Code shall be deemed extended through and including the date that the Court enters an order granting or denying such motion.

3. This Order shall be without prejudice to the Debtors' rights to seek a further extension of the Assumption/Rejection Period in accordance with section 365(d)(4) of the Bankruptcy Code.

4. The relief granted by this Order shall not affect the ability of the Debtors to assume or reject any Lease.

5. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

6. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of his Order are immediately effective and enforceable upon its entry.

(Page 5)

| | |
|---|---|
| Debtors: | Powin, LLC, *et al* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Order Granting Motion of the Debtors for Entry of an Order Extending the Deadline for the Debtors to Assume or Reject Unexpired Leases of Non-Residential Real Property |

7. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

8. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.