**DENTONS US LLP**
Tania M. Moyron (admitted *pro hac vice*)
Van C. Durrer, II (admitted *pro hac vice*)
601 S. Figueroa Street #2500
Los Angeles, CA 90017
Telephone:  (213) 623-9300
Facsimile:  (213) 623-9924
Email:  tania.moyron@dentons.com
        van.durrer@dentons.com

John D. Beck (admitted *pro hac vice*)
Sarah M. Schrag (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020-1089
Telephone:  (212) 768-6700
Facsimile:  (212) 768-6800
Email:  john.beck@dentons.com
        sarah.schrag@dentons.com

*Counsel for Debtors and*
*Debtors in Possession*

**TOGUT, SEGAL & SEGAL LLP**
Frank A. Oswald (admitted)
550 Broad Street
Suite 1508
Newark, NJ 07102
Telephone:  (212) 594-5000
Facsimile:  (212) 967-4258
Email:  frankoswald@teamtogut.com

Albert Togut (admitted *pro hac vice*)
Eitan Blander (admitted *pro hac vice*)
One Penn Plaza, Suite 3335
New York, New York 10119
Telephone:  (212) 594-5000
Facsimile:  (212) 967-4258
Email:  altogut@teamtogut.com
        eblander@teamtogut.com

*Counsel for Debtors and*
*Debtors in Possession*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| Powin, LLC, *et al.*,[1] | Case No. 25-16137 (MBK) |
| Debtors. | (Jointly Administered) |

## NOTICE OF HEARING OF DEBTORS' OMNIBUS MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE (A) REJECTION OF CERTAIN LEASES AND (B) ABANDONMENT OF PERSONAL PROPERTY; AND (II) GRANTING RELATED RELIEF

**PLEASE TAKE NOTICE** that on October 23, 2025 at 12:30 p.m., or as soon

thereafter as counsel may be heard, BESS RemainCo, LLC f/k/a Powin, LLC, and its affiliated

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are:  (i) Powin Project LLC [1583]; (ii) Powin, LLC [0504]; (iii) PEOS Holdings, LLC [5476]; (iv) Powin China Holdings 1, LLC [1422]; (v) Powin China Holdings 2, LLC [9713]; (vi) Charger Holdings, LLC [15241]; (vii) Powin Energy Ontario Storage, LLC [8348]; (viii) Powin Energy Operating Holdings, LLC [2495]; (ix) Powin Energy Operating, LLC [6487]; (x) Powin Energy Storage 2, Inc. [9926]; (xi) Powin Energy Ontario Storage II LP [5787]; and (xii) Powin Canada B.C. Ltd. [2239]. The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR 97062.

debtors and debtors in possession (collectively, the "Debtors") in the above-referenced chapter 11 cases (the "Chapter 11 Cases"), hereby move (the "Motion") this Court for entry of an order, substantially in the form attached as Exhibit A (the "Order"), (i) authorizing the omnibus rejection of certain executory contracts (collectively, the "Leases"), effective *nunc pro tunc* as of the date hereof (the "Rejection Date"); and (ii) granting related relief.

PLEASE TAKE FURTHER NOTICE that, in support of the Motion, the Debtors shall rely on the accompanying *Declaration of Gerard Uzzi* filed with the Motion and the *Declaration of Gerard Uzzi In Support of Emergency First Day Motions of the Debtors* [Docket No. 13] ("First Day Declaration"), which set forth the relevant legal and factual bases upon which the relief requested should be granted.

**PLEASE TAKE FURTHER NOTICE THAT YOUR RIGHTS MAY BE AFFECTED.  You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one).**

PLEASE TAKE FURTHER NOTICE that if you do not want the court to grant this motion, or if you want the court to consider your views, you or your attorney must file with the clerk at the address listed below, a written response explaining your position no later than 7 days prior to the hearing date.

| | |
|---|---|
| **Hearing Date:** | October 23, 2025 |
| **Hearing Time:** | 12:30 p.m. |
| **Hearing Location:** | United States Bankruptcy Court<br>402 East State Street, Trenton, NJ 08608 |
| **Courtroom Number:** | 8 |

**PLEASE TAKE FURTHER NOTICE** that copies of all documents filed in these chapter 11 cases may be obtained free of charge by visiting the website of Verita Global at https://www.veritaglobal.net/powin.  You may also obtain copies of any pleadings by visiting the Court's website at https://www.njb.uscourts.gov in accordance with the procedures and fees set forth therein.

*[Concluded on the following page]*

Dated: October 6, 2025

**TOGUT, SEGAL & SEGAL LLP**

*/s/ Frank A. Oswald*
Frank A. Oswald (admitted)
550 Broad Street
Suite 1508
Newark, NJ 07102
Telephone:  (212) 594-5000
Facsimile:  (212) 967-4258
Email:  frankoswald@teamtogut.com

Albert Togut (admitted *pro hac vice*)
Eitan Blander (admitted *pro hac vice*)
One Penn Plaza, Suite 3335
New York, New York 10119
Telephone:  (212) 594-5000
Facsimile:  (212) 967-4258
Email:  altogut@teamtogut.com
         eblander@teamtogut.com

- and -

**DENTONS US LLP**

Tania M. Moyron (admitted *pro hac vice*)
Van C. Durrer, II (admitted *pro hac vice*)
601 S. Figueroa Street #2500
Los Angeles, CA 90017
Telephone:  (213) 623-9300
Facsimile:  (213) 623-9924
Email:  tania.moyron@dentons.com
         van.durrer@dentons.com

John D. Beck (admitted *pro hac vice*)
Sarah M. Schrag (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020-1089
Telephone:  (212) 768-6700
Facsimile:  (212) 768-6800
Email:  john.beck@dentons.com
         sarah.schrag@dentons.com

*Counsel for Debtors and*
*Debtors in Possession*

**DENTONS US LLP**
Tania M. Moyron (admitted *pro hac vice*)
Van C. Durrer, II (admitted *pro hac vice*)
601 S. Figueroa Street #2500
Los Angeles, CA 90017
Telephone:  (213) 623-9300
Facsimile:  (213) 623-9924
Email:  tania.moyron@dentons.com
         van.durrer@dentons.com

John D. Beck (admitted *pro hac vice*)
Sarah M. Schrag (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020-1089
Telephone:  (212) 768-6700
Facsimile:  (212) 768-6800
Email:  john.beck@dentons.com
         sarah.schrag@dentons.com

*Counsel for Debtors and*
*Debtors in Possession*

**TOGUT, SEGAL & SEGAL LLP**
Frank A. Oswald (admitted)
550 Broad Street
Suite 1508
Newark, NJ 07102
Telephone:  (212) 594-5000
Facsimile:  (212) 967-4258
Email:  frankoswald@teamtogut.com

Albert Togut (admitted *pro hac vice*)
Eitan Blander (admitted *pro hac vice*)
One Penn Plaza, Suite 3335
New York, New York 10119
Telephone:  (212) 594-5000
Facsimile:  (212) 967-4258
Email:  altogut@teamtogut.com
         eblander@teamtogut.com

*Counsel for Debtors and*
*Debtors in Possession*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>Powin, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-16137 (MBK)<br><br>(Jointly Administered) |

## DEBTORS' OMNIBUS MOTION FOR ENTRY OF AN ORDER
## (I) AUTHORIZING THE (A) REJECTION OF CERTAIN LEASES
## AND (B) ABANDONMENT OF PERSONAL PROPERTY;
## AND (II) GRANTING RELATED RELIEF

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are:  (i) Powin Project LLC [1583]; (ii) Powin, LLC [0504]; (iii) PEOS Holdings, LLC [5476]; (iv) Powin China Holdings 1, LLC [1422]; (v) Powin China Holdings 2, LLC [9713]; (vi) Charger Holdings, LLC [15241]; (vii) Powin Energy Ontario Storage, LLC [8348]; (viii) Powin Energy Operating Holdings, LLC [2495]; (ix) Powin Energy Operating, LLC [6487]; (x) Powin Energy Storage 2, Inc. [9926]; (xi) Powin Energy Ontario Storage II LP [5787]; and (xii) Powin Canada B.C. Ltd. [2239]. The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR 97062.

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

BESS RemainCo, LLC, f/k/a Powin, LLC[2] and its affiliated debtors and debtors in possession (collectively, the "Debtors") in the above-referenced chapter 11 cases (the "Chapter 11 Cases"), hereby move (the "Motion") this Court for entry of an order, substantially in the form attached as Exhibit A (the "Order"), (i) authorizing the (a) rejection of certain contracts (collectively, the "Leases") identified on Schedule 1 to the Order, effective *nunc pro tunc* as of the date hereof (the "Rejection Date") and (b) abandonment of any remaining fixtures, furniture, or other personal property located at the leased location (the "Personal Property"); and (ii) granting related relief.

In further support of the Motion, the Debtors respectfully state as follows:

## PRELIMINARY STATEMENT

1.      The Debtors have completed sales of substantially all of their assets pursuant to Court-approved transactions.  In those transactions, the purchasers elected not to assume certain of the Debtors' prepetition leases with various lessors.  Because the Debtors are no longer operating businesses that require the leased premises or assets, and have determined that the Leases provide no independent value, the Leases no longer serve any purpose or utility for the estates.

2.      In light of these circumstances, the Leases now impose unnecessary costs and administrative burdens on the Debtors' estates.  Exercising their sound business judgment, the Debtors seek authority to reject the Leases *nunc pro tunc* to the Rejection Date so as to eliminate obligations that no longer benefit the estates and to ensure an efficient wind-down of these Chapter 11 Cases.

---

[2] The Debtors anticipate filing a motion to change the caption to reflect their corporate name change following the sale of substantially all of their assets.

## I.    JURISDICTION AND VENUE

3.    The United States Bankruptcy Court for the District of New Jersey (the "Court")

has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of*

*Reference* from the United States District Court for the District of New Jersey dated as of

September 18, 2012.  The Debtors confirm their consent, pursuant to Rule 7008 of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court

in connection with this Motion to the extent that it is later determined that the Court, absent consent

of the parties, cannot enter final orders or judgments in connection herewith consistent with Article

III of the United States Constitution.

4.    Venue of the Chapter 11 Cases and related proceedings is proper pursuant to 28

U.S.C. §§ 1408 and 1409.

5.    The predicates for the relief requested herein are: sections 105(a), 365(a) of the

Bankruptcy Code, Bankruptcy Rules 6004 and 6006, and rules 9013-1 and 9013-5 of the Local

Bankruptcy Rules for the District of New Jersey (the "Local Rules").

## II.    BACKGROUND

A.  General Background

6.    On June 9, 2025 (the "Petition Date"),[3] the Debtors each commenced a voluntary

case for relief under chapter 11 of the Bankruptcy Code.  The Debtors are authorized to continue

operating their businesses and managing their properties as debtors in possession pursuant to

---

[3] Debtor Case No. 25-16137 (MBK) for Debtor Powin Project LLC was filed on June 9, 2025, and the remaining Debtors were filed on June 10, 2025 and June 22, 2025.

sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee, examiner, or statutory committee has been appointed in the Chapter 11 Cases.

7.    Additional information regarding the Debtors, including their businesses and the events leading to the commencement of these Chapter 11 Cases is set forth in the *Declaration of Gerard Uzzi in Support of Emergency First Day Motions of the Debtors* [Docket No. 13] (the "First Day Declaration"),[4] the contents of which are incorporated herein by reference.

B.    Sale Proceedings

8.    On July 1, 2025, the Debtors filed the *Motion of the Debtors for Entry of an Order (I) Designating a Stalking Horse Bidder and Approving Stalking Horse Bidder Protections, (II) Approving Bidding Procedures By Which Interested Parties May Bid and an Auction Sale Format in Connection With the Sale of Substantially All of the Debtors' Assets; (III) Approving Form of Asset Purchase Agreement, (IV) Approving From of Notice to be Provided to Interested Parties, (V) Authorizing the Assumption and Assignment of Assumed Contracts and Notice Procedures Thereto, (VI) Scheduling a Court Hearing to Consider Approval of the Sale to the Highest and Best Bidder, and (VII) Authorizing the Sale of the Debtors' Property Fee and Clear of all Causes of Action and Claims* [Docket No. 228] (the "Bidding Procedures Motion"), which the Bankruptcy Court granted through entry of an order (the "Bidding Procedures Order") on July 17, 2025.

9.    On July 30, 2025, in accordance with the Bidding Procedures Order, the Debtors conducted an auction of their assets.  Upon the conclusion of the auction, the Debtors filed the

---

[4] Capitalized terms used but not otherwise defined herein shall have the meaning given to them in the First Day Declaration.

*Notice of Winning Bidders* [Docket No. 591] (the "Notice of Winning Bidders") announcing the winning bidders for their assets. *See* Notice of Winning Bidders.

10.     The transactions identified in the Notice of Winning Bidders were sales to Mainfreight Distribution Pty Ltd. (the "Mainfreight Sale"), FlexGen Power Systems, LLC (the "FlexGen Sale"), and Hitachi Energy Ltd. and Hitachi Energy Power Conversion Solutions (the "EKS Sale," and, together with the Mainfreight Sale and FlexGen Sale, the "Transactions"). *Id.*

11.     On August 8, 2025, the Court approved the EKS Sale [Docket No. 691] and the Mainfreight Sale [Docket No. 692].

12.     On August 18, 2025, the Court approved the FlexGen Sale [Docket No. 751]. To the extent any of the Debtors' property located at the premises underlying the Leases was sold in the FlexGen Sale, such property has been retrieved from such premises and no party has expressed any interest in any remaining assets located at such premises.

13.     The Transactions have all closed, and while certain contracts were assumed and assigned as part of those transactions, the Leases were not among them.

C.     The Leases

14.     In the ordinary course of business, the Debtors entered into the Leases with the counterparties identified on Schedule 1 to the Order. The Leases include a lease and sublease related to real property location in Miami, Florida.

15.     In accordance with Bankruptcy Rule 6006(f), the Leases are listed alphabetically on Schedule 1 to the Order attached hereto.

D.     The Personal Property

16.     To the extent that any Personal Property remains at the leased location, the Debtors have determined that it is of inconsequential value and the cost of removing, transporting, and storing the Personal Property exceeds any value to the Debtors' estates. Notwithstanding a well-

marketed sales process, no party expressed a desire to acquire any of the property remaining at the premises underlying the Leases.

17.    Accordingly, in the exercise of the Debtors' sound business judgment, they seek to abandon the Personal Property and, to the extent it is deemed necessary for the automatic stay to be modified, modify the automatic stay to allow any landlord on whose property the Personal Property remains to enter the property, re-let the property, and otherwise control the disposition of any Personal Property remaining thereon.

E.    Basis for Nunc Pro Tunc Relief

18.    The Debtors have removed from the leased premises all Personal Property that was either sold pursuant to the Transactions or otherwise held value to the estates, and have unequivocally notified the landlord of their intent to surrender the premises (or property, as applicable). The Debtors have further disclaimed and abandoned any remaining Personal Property located at the premises, but the sublessee remains in possession of the keys and therefore the Debtors have not themselves returned the keys to the landlord but have unequivocally notified both the landlord and the sublessee of their intent to reject the Lease and Sublease.

### III.    RELIEF REQUESTED

19.    The Debtors respectfully request entry of an Order substantially in the form attached hereto as **Exhibit A**, pursuant to sections 105(a), 365(a), and 554(a) of the Bankruptcy Code and Bankruptcy Rules 6004 and 6006: (i) authorizing the Debtors to (a) reject the Leases identified on Schedule 1 to the Order, effective *nunc pro tunc* as of the Rejection Date and (b) abandon, as of the Rejection Date, any remaining fixtures, furniture, equipment, or other personal property located at the leased premises that the Debtors; and (ii) granting such other and further relief as the Court deems just and proper to implement and effectuate the relief requested.

6

## IV.    BASIS FOR RELIEF

a.    The Rejection of the Burdensome Leases Reflects a Reasonable Exercise of the Debtors' Business Judgment

20.    Section 365(a) of the Bankruptcy Code provides that a debtor in possession, "subject to the court's approval, may . . . reject any executory contract or unexpired lease of the debtor."  The decision to assume or reject an executory contract or unexpired lease is a matter within the "business judgment" of the debtor.  *See Mission Prod. Holdings, Inc. v. Tempnology, LLC*, 587 U.S. 370, 374, 139 S. Ct. 1652, 1658, 203 L. Ed. 2d 876 (2019); *Nat'l Labor Relations Bd. v. Bildisco & Bildisco (In re Bildisco)*, 682 F.2d 72, 79 (3d Cir. 1982) ("The usual test for rejection of an executory contract is simply whether rejection would benefit the estate, the 'business judgment' test." (citation omitted)); *see also In re Central Jersey Airport Servs., LLC*, 282 B.R. 176, 183 (Bankr. D.N.J. 2002).  Application of the business judgment standard requires a court to approve a debtor's business decision unless the decision is the product of bad faith, whim, or caprice.  *See, e.g., In re HQ Glob. Holdings, Inc.*, 290 B.R. 507, 511-12 (Bankr. D. Del. 2003).  Further, "[t]his provision allows a trustee to relieve the bankruptcy estate of burdensome agreements which have not been completely performed." *Stewart Title Guar. Co. v. Old Republic Nat'l Title Ins. Co.*, 83 F.3d 735, 741 (5th Cir. 1996) (citation omitted).  In summary, a court should approve the proposed rejection under section 365(a) where the debtor demonstrates, in the exercise of sound business judgment, that such rejection will benefit the estate.  *See Sharon Steel Corp. v. Nat'l Fuel Gas Distrib. Corp. (In re Sharon Steel Corp.)*, 872 F.2d 36, 39–40 (3d Cir. 1989).

21.    Courts generally will not second-guess a debtor's business judgment concerning the assumption or rejection of an executory contract or unexpired lease.  Further, the business judgment standard is satisfied when a debtor determines that assumption or rejection will benefit the estate.  *See In re Trans World Airlines, Inc.*, No. 01-0056, 2001 WL 1820019, at *7–8 (Bankr.

D. Del. Mar. 16, 2001) (noting that the standard under section 365 requires consideration of the benefit of the rejection to the debtor's estate); *see also In re TS Indus., Inc.*, 117 B.R. 682, 685 (Bankr. D. Utah 1990); *In re Del Grosso*, 115 B.R. 136, 138 (Bankr. N.D. Ill. 1990).

22.     Here, none of the purchasers elected to assume the Leases in connection with the robust sale process.  The Debtors, after careful evaluation, have determined in their sound business judgment that the Leases are burdensome and that their rejection will benefit the estates.  The Debtors have also evaluated whether the Leases might possess any independent value that could be monetized for the benefit of creditors, and have concluded that no such value exists. Accordingly, continued maintenance of the Leases would serve no purpose and would impose only unnecessary costs and administrative burdens on the liquidating estates.

      b.   Rejection of the Leases Effective as of the Rejection Date Is Appropriate.

23.     The Debtors seek to reject the Leases effective as to the Rejection Date.  This Court and other bankruptcy courts within this District have approved retroactive contract rejection.  *See In re Rite-Aid Corporation*, No. 23-18993 (MBK) (Bankr. D.N.J. Nov. 20, 2023) (authorizing rejection effective as of previous date); *In re L'Occitane, Inc.*, No. 21-10632 (MBK) (Bankr. D.N.J. Jan. 28, 2021) (same); *In re SLT Holdco, Inc.*, No. 20-18368 (MBK) (Bankr. D.N.J. July 10, 2020) (same); *In re Modell's Sporting Goods, Inc.*, No. 20-12179 (VFP) (Bankr. D.N.J. Mar. 13, 2020) (same).[5]

24.     Section 365 of the Bankruptcy Code does not restrict a bankruptcy court from applying rejection retroactively where the balance of equities favors such relief.  *See e.g.*, *In re Jamesway Corp.*, 179 B.R. 33, 37 (S.D.N.Y. 1995) (stating that section 365 does not include "restrictions as to the manner in which the court can approve rejection"); *In re Chi-Chi's, Inc.*, 305

---

[5] Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion. Copies of these orders are available upon request of the Debtors' proposed counsel.

B.R. 396, 399 (Bankr. D. Del. 2004) (stating "the court's power to grant retroactive relief is derived from the bankruptcy court's equitable powers so long as it promotes the purposes of § 365(a)"); *CCI Wireless*, 297 B.R. at 140 (holding that a "court has authority under section 365(d)(3) to set the effective date of rejection at least as early as the filing date of the motion to reject"); *BP Energy Co. v. Bethlehem Steel Corp. (In re Bethlehem Steel Corp.)*, No. 03-6419, at *3 (S.D.N.Y. Nov. 15, 2002) ("We cannot conclude . . . that a bankruptcy court's assignment of a retroactive rejection date falls outside of its authority when the balance of the equities favors this solution.").

25.    The Debtors have demonstrated that it is equitable and in the best interest of the estates for rejection to occur effective as of the Rejection Date.  Without such relief, the Debtors may incur material and unnecessary expenses for Leases that are burdensome to the liquidating estates.  Courts recognize that retroactive rejection is appropriate to avoid exposing a debtor's estate to unwarranted administrative costs where the balance of equities so favors.  *See, e.g., Bildisco & Bildisco*, 465 U.S. 513, 523 (1984) (stating that rejection relates back to the petition date); *In re Thinking Machs. Corp.*, 67 F.3d 1021, 1028 (1st Cir. 1995) (authorizing retroactive rejection where equities preponderate*); In re CCI Wireless, LLC*, 297 B.R. 133, 140 (D. Colo. 2003) (holding that courts may set the effective date of rejection as early as the motion filing date). Here, the counterparties to the Leases were on notice of the Debtors' planned sale of substantially all of their assets and the fact that these Leases were not among the assets sold or assumed.  To the contrary, the landlord will be able to re-let, enter into a new arrangement with the sublessee, or otherwise take possession of the premises upon notice of rejection, which the Debtors will effectuate by promptly advising landlord in writing of their surrender of the premises.  As a consequence, retroactive rejection will not result in undue prejudice to the Lease counterparties.

26.     Under the circumstances, retroactive rejection is fair, equitable, and necessary to prevent wasteful depletion of estate assets to the detriment of creditors.

       **c.**   <u>Abandonment of Any Personal Property is Authorized by Section 554(a) of the Bankruptcy Code.</u>

27.     The abandonment of the Personal Property to the landlord is appropriate for the reasons stated above and authorized by the Bankruptcy Code.  *See* 11 U.S.C. § 554(a).  Section 554(a) of the Bankruptcy Code provides that "[a]fter notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate."  Courts generally give a debtor in possession great deference to its decision to abandon property.  *See, e.g., In re Vel Rey Props., Inc.*, 174 B.R. 859, 867 (Bankr. D.D.C. 1994) ("Clearly, the court should give deference to the trustee's judgment in such matters.").  The right to abandon property is virtually unfettered, unless: (a) abandonment of the property will contravene laws designed to protect public health and safety; or (b) the property poses an imminent threat to the public's welfare.  *See In re Midlantic Nat'l Bank*, 474 U.S. 494, 501 (1986).  Neither of these limitations are relevant under the instant facts.

28.     Accordingly, it is in the best interests of the Debtors and their estates for the Debtors to abandon the Personal Property located at any leased premises.

## V.     WAIVER OF MEMORANDUM OF LAW

29.     The Debtors respectfully request that the Court waive the requirement to file a separate memorandum of law pursuant to Local Rule 9013-1(a)(3) because the legal basis upon which the Debtors rely is set forth herein and the Motion does not raise any novel issues of law.

## VI.     RESERVATION OF RIGHTS

30.     Nothing contained in this Motion or any order granting the relief requested in this Motion, and no action taken pursuant to the relief requested or granted in connection with this

Motion (including any payment made in accordance with any such order), is intended as or shall be construed or deemed to be: (a) an admission as to the amount of, basis for, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds;[6] (c) a promise or requirement to pay any particular claim; (d) an implication, admission or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in this Motion or any order granting the relief requested by this Motion; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) a waiver or limitation of any claims, causes of action or other rights of the Debtors or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law.

### VII.   NO PRIOR REQUEST

31.     No prior request for the relief sought in this motion has been made to this or any other court.

### VIII.   NOTICE

Notice of this Motion shall be given to the following parties: (a) the Office of the United States Trustee; (b) counsel for the Official Committee of Unsecured Creditors; (c) counsel for the Debtors' Prepetition Secured Parties; (d) FlexGen Power Systems, LLC as purchaser under the FlexGen Sale and prior DIP Lender;  and (e) the Lease counterparties.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

---

[6] Of note, the inclusion of a Contract on Schedule 1 is not an admission that such Contract is executory, and rejection of the Leases only to the extent such Contract(s) are executory.

## IX.    <u>CONCLUSION</u>

WHEREFORE, the Debtors respectfully request that the Court (i) enter the Order as set forth herein; and (ii) grant the Debtors such other and further relief is just and proper under the circumstances.

[*Signature Page Follows*]

Dated: October 6, 2025

**TOGUT, SEGAL & SEGAL LLP**

*/s/ Frank A. Oswald*
Frank A. Oswald (admitted)
550 Broad Street
Suite 1508
Newark, NJ 07102
Telephone:  (212) 594-5000
Facsimile:  (212) 967-4258
Email:  frankoswald@teamtogut.com

Albert Togut (admitted *pro hac vice*)
Eitan Blander (admitted *pro hac vice*)
One Penn Plaza, Suite 3335
New York, New York 10119
Telephone:  (212) 594-5000
Facsimile:  (212) 967-4258
Email:  altogut@teamtogut.com
        eblander@teamtogut.com

- and -

**DENTONS US LLP**

Tania M. Moyron (admitted *pro hac vice*)
Van C. Durrer, II (admitted *pro hac vice*)
601 S. Figueroa Street #2500
Los Angeles, CA 90017
Telephone:  (213) 623-9300
Facsimile:  (213) 623-9924
Email:  tania.moyron@dentons.com
        van.durrer@dentons.com

John D. Beck (admitted *pro hac vice*)
Sarah M. Schrag (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020-1089
Telephone:  (212) 768-6700
Facsimile:  (212) 768-6800
Email:  john.beck@dentons.com
        sarah.schrag@dentons.com

*Counsel for Debtors and*
*Debtors in Possession*

**DENTONS US LLP**

Tania M. Moyron (admitted *pro hac vice*)
Van C. Durrer, II (admitted *pro hac vice*)
601 S. Figueroa Street #2500
Los Angeles, CA 90017
Telephone:  (213) 623-9300
Facsimile:  (213) 623-9924
Email:  tania.moyron@dentons.com
           van.durrer@dentons.com

John D. Beck (admitted *pro hac vice*)
Sarah M. Schrag (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020-1089
Telephone:  (212) 768-6700
Facsimile:  (212) 768-6800
Email:  john.beck@dentons.com
           sarah.schrag@dentons.com

*Counsel for Debtors and
Debtors in Possession*

**TOGUT, SEGAL & SEGAL LLP**

Frank A. Oswald (admitted)
550 Broad Street
Suite 1508
Newark, NJ 07102
Telephone:  (212) 594-5000
Facsimile:  (212) 967-4258
Email:  frankoswald@teamtogut.com

Albert Togut (admitted *pro hac vice*)
Eitan Blander (admitted *pro hac vice*)
One Penn Plaza, Suite 3335
New York, New York 10119
Telephone:  (212) 594-5000
Facsimile:  (212) 967-4258
Email:  altogut@teamtogut.com
           eblander@teamtogut.com

*Counsel for Debtors and
Debtors in Possession*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| Powin, LLC, *et al.*,[8] | Case No. 25-16137 (MBK) |
| Debtors. | (Jointly Administered) |

## <u>DECLARATION OF GERARD UZZI</u>

I, Gerard Uzzi, hereby state and declare as follows:

1.      I am the Chief Restructuring Officer (the "<u>CRO</u>") of BESS RemainCo, LLC f/k/a

Powin, LLC ("<u>RemainCo</u>") and the above-referenced affiliated debtors and debtors in possession

---

[8] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are:  (i) Powin Project LLC [1583]; (ii) Powin, LLC [0504]; (iii) PEOS Holdings, LLC [5476]; (iv) Powin China Holdings 1, LLC [1422]; (v) Powin China Holdings 2, LLC [9713]; (vi) Charger Holdings, LLC [15241]; (vii) Powin Energy Ontario Storage, LLC [8348]; (viii) Powin Energy Operating Holdings, LLC [2495]; (ix) Powin Energy Operating, LLC [6487]; (x) Powin Energy Storage 2, Inc. [9926]; (xi) Powin Energy Ontario Storage II LP [5787]; and (xii) Powin Canada B.C. Ltd. [2239]. The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR 97062.

(collectively, the "Debtors").  I testify in support of the *Debtors' Omnibus Motion for Entry of an Order (I) Authorizing  the (A) Rejection of Certain Leases and (B) Abandonment of Personal Property; and (II) Granting Related Relief* (the "Motion") (unless otherwise defined herein, all capitalized terms shall have the same meaning as in the Motion).

2.    Except as otherwise indicated herein, this declaration (the "Declaration") is based upon my personal knowledge, my review of relevant documents, information provided to me by employees of the Debtors or the Debtors' advisors, my opinion based upon my experience, knowledge, and information concerning the Debtors' operations and this industry. If called upon to testify, I would testify competently to the facts set forth in this Declaration.

3.    I incorporate my testimony from the First Day Declaration.

4.    The Debtors entered into the prepetition Leases with the respective counterparties; however, they are no longer utilizing the leased property or items.  Following the consummation of the asset sales, none of the purchasers elected to assume or acquire the Leases.  The Debtors have also evaluated whether the Leases possess any independent value that could be monetized for the benefit of the estates and have determined that they do not.  As a result, the Leases serve no ongoing business purpose and instead impose unnecessary obligations on the estates.  Accordingly, in the exercise of their sound business judgment, the Debtors have determined to reject the Leases.

5.    The Debtors have removed from the leased premises all Personal Property that was either sold pursuant to the Transactions or otherwise held value to the estates, and have unequivocally notified the landlord of their intent to surrender the premises (or property, as applicable). The Debtors have further disclaimed and abandoned any remaining Personal Property located at the premises, but the sublessee remains in possession of the keys and therefore the

Debtors have not themselves returned the keys to the landlord but have unequivocally notified both the landlord and the sublessee of their intent to reject the Lease and Sublease.

6.     To the extent that any Personal Property remains at the Premises, the Debtors have determined that it is of inconsequential value and the cost of removing, transporting, and storing the Personal Property exceeds its value to the Debtors' estates.

*[Concluded on the following page]*

3

I declare under penalty of perjury that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct.

Executed this 6th day of October 2025, at Sea Bright, New Jersey in Monmouth County.


        _____/s/ *Gerard Uzzi*_____
        Gerard Uzzi

4

**<u>EXHIBIT A</u>**

(Proposed Form of Order)

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| Powin, LLC, *et al.*,[1] | Case No. 25-16137 (MBK) |
| Debtors. | (Jointly Administered) |

**ORDER GRANTING DEBTORS' OMNIBUS MOTION FOR ENTRY OF ORDER
(I) AUTHORIZING THE (A) REJECTION OF CERTAIN LEASES AND
(B) ABANDONMENT OF PERSONAL PROPERTY;
AND (II) GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered three [3] through four [4], is

**ORDERED**.

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are:  (i) Powin Project LLC [1583]; (ii) Powin, LLC [0504]; (iii) PEOS Holdings, LLC [5476]; (iv) Powin China Holdings 1, LLC [1422]; (v) Powin China Holdings 2, LLC [9713]; (vi) Charger Holdings, LLC [15241]; (vii) Powin Energy Ontario Storage, LLC [8348]; (viii) Powin Energy Operating Holdings, LLC [2495]; (ix) Powin Energy Operating, LLC [6487]; (x) Powin Energy Storage 2, Inc. [9926]; (xi) Powin Energy Ontario Storage II LP [5787]; and (xii) Powin Canada B.C. Ltd. [2239]. The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR 97062.

(Page 2)
Debtors:          Powin, LLC, *et al.*
Case No.          25-16137 (MBK)
Caption of Order: Order Granting Motion of the Debtors Omnibus Motionfor Entry of an Order
(I) Authorizing the (A) Rejection of Certain Leases and (B) Abandonment of Personal Property;
and (II) Granting Related Relief

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**DENTONS US LLP**

Tania M. Moyron (admitted *pro hac vice*)
Van C. Durrer, II (admitted *pro hac vice*)
601 S. Figueroa Street #2500
Los Angeles, CA 90017
Telephone:  (213) 623-9300
Facsimile:  (213) 623-9924
Email:  tania.moyron@dentons.com
           van.durrer@dentons.com

John D. Beck (admitted *pro hac vice*)
Sarah M. Schrag (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020-1089
Telephone:  (212) 768-6700
Facsimile:  (212) 768-6800
Email:  john.beck@dentons.com
           sarah.schrag@dentons.com

*Counsel for Debtors and
Debtors in Possession*

**TOGUT, SEGAL & SEGAL LLP**

Frank A. Oswald (admitted)
550 Broad Street
Suite 1508
Newark, NJ 07102
Telephone:  (212) 594-5000
Facsimile:  (212) 967-4258
Email:  frankoswald@teamtogut.com

Albert Togut (admitted *pro hac vice*)
Eitan Blander (admitted *pro hac vice*)
One Penn Plaza, Suite 3335
New York, New York 10119
Telephone:  (212) 594-5000
Facsimile:  (212) 967-4258
Email:  altogut@teamtogut.com
           eblander@teamtogut.com

*Counsel for Debtors and
Debtors in Possession*

(Page 3)

Debtors:         Powin, LLC, *et al.*

Case No.         25-16137 (MBK)

Caption of Order: Order Granting Motion of the Debtors Omnibus Motionfor Entry of an Order (I) Authorizing the (A) Rejection of Certain Leases and (B) Abandonment of Personal Property; and (II) Granting Related Relief

Upon consideration of the Motion[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"): (i) authorizing (a) the rejection of certain executory contracts set forth on **Schedule 1** (the "Leases") (b) effective as of the Rejection Date; and (ii) granting related relief, all as more fully set forth in the Motion; and upon the Declaration attached to the Motion and the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of New Jersey dated as of September 18, 2012; and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for hearing on the Motion were appropriate under the circumstances and that no other notice need be provided; and this Court having determined that the legal and factual bases set forth in the Motion and at the hearing thereon establish just cause for the relief granted herein; and upon all of the proceedings before this Court; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

1.      The Motion is **GRANTED** as set forth herein.

2.      The Leases are deemed rejected effective as of the Rejection Date.

3.      The Debtors are authorized to abandon any Personal Property located at any leased premises related to the Leases and all such property is deemed abandoned to the landlord as of the Rejection Date.  The landlord may utilize or dispose of such Personal Property without liability to

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

(Page 4)
Debtors:               Powin, LLC, *et al.*
Case No.               25-16137 (MBK)
Caption of Order: Order Granting Motion of the Debtors Omnibus Motionfor Entry of an Order
(I) Authorizing the (A) Rejection of Certain Leases and (B) Abandonment of Personal Property;
and (II) Granting Related Relief

any third parties or the Debtors' estates, and without further notice to any party claiming an interest

in such abandoned Personal Property.  The automatic stay, to the extent applicable, is modified in

favor of the landlord to allow for such utilization or disposition.

4.      Notice of the Motion as provided therein shall be deemed good and sufficient notice

of such Motion and the requirements of the Local Rules are satisfied by such notice.

5.      Notwithstanding any Bankruptcy Rule to the contrary, the terms and conditions of

this Order are immediately effective and enforceable upon entry.

6.      The Debtors are authorized to take all actions necessary to effectuate the relief

granted in this Order in accordance with the Motion.

7.      This Court retains exclusive jurisdiction with respect to all matters arising from or

related to the implementation, interpretation, and enforcement of this Order.

**<u>Schedule 1</u>**

**Leases**

| CN | Debtor Party | Counterparty Name | Address | Contract Type |
|---|---|---|---|---|
| 1 | Powin Energy Operating, LLC | ACRE Management | 80 SW 8th Street, Miami, FL 33130 | Commercial Sublease Agreement, all outstanding sales quotes, proposals or purchase orders, and all other service and ancillary agreements related thereto |
| 2 | Powin Energy Operating, LLC | Madison OFC Brickell FL LLC | 80 SW 8th Street, Miami, FL 33130 | Office Leases, all outstanding sales quotes, proposals or purchase orders, and all other service and ancillary agreements related thereto |