UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
ANDREW R. VARA
UNITED STATES TRUSTEE, REGIONS 3 & 9
Jeffrey M. Sponder, Esquire
One Newark Center, Suite 2100
Newark, NJ 07102
Telephone: (973) 645-3014
Fax: (973) 645-5993
Email: jeffrey.m.sponder@usdoj.gov

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| Powin, LLC, *et al.*,[1] | : | Case No. 25-16137 (MBK) |
|  | : | Jointly Administered |
|  | : |  |
| Debtors. | : | Hearing Date: October 10, 2025 at 1:30 p.m. |
|  | : |  |

**UNITED STATES TRUSTEE'S OBJECTION AND RESERVATION OF RIGHTS TO THE DEBTORS' JOINT MOTION OF THE PLAN PROPONENTS FOR ENTRY OF AN ORDER APPROVING (I) THE ADEQUACY OF THE DISCLOSURE STATEMENT ON CONDITIONAL BASIS, (II) THE SOLICITATION AND NOTICE PROCEDURES, (III) THE FORMS OF BALLOTS AND NOTICES IN CONNECTION THEREWITH, AND (IV) CERTAIN DATES WITH RESPECT THERETO**

Andrew R. Vara, the United States Trustee for Regions Three and Nine (the "U.S. Trustee"), through his undersigned counsel, hereby files this Objection and Reservation of Rights to the *Joint Motion of the Plan Proponents for Entry of an Order Approving (I) the Adequacy of the Disclosure Statement on a Conditional Basis, (II) the Solicitation and Notice Procedures, (III)*

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin Project LLC [1583], (ii) Powin, LLC [0504], (iii) PEOS Holdings, LLC [5476], (iv) Powin China Holdings 1, LLC [1422], (v) Powin China Holdings 2, LLC [9713], (vi) Charger Holdings, LLC [5241], (vii) Powin Energy Ontario Storage, LLC [8348], (viii) Powin Energy Operating Holdings, LLC [2495], and (ix) Powin Energy Operating, LLC [6487]. The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR 97062.

*the Forms of Ballots and Notices in Connection Therewith, and (IV) Certain Dates with Respect Thereto* (the "Motion"), Dkt. 915, and respectfully states as follows:

## PRELIMINARY STATEMENT

1. The U.S. Trustee files this Objection and reserves all rights to file substantive objections to the Plan Proponent's Joint Disclosure Statement and Plan. The Plan Proponents seek conditional approval of the Joint Disclosure Statement and Plan and approval of the solicitation procedures through the pending Motion, brought on shortened time. On this truncated schedule, the U.S. Trustee is reserving all rights but submits that ultimately the Joint Disclosure Statement and Plan is patently unconfirmable and, therefore, the Joint Disclosure Statement and Plan should not be approved and should not be solicited at this time.

2. The Court must deny interim approval of a disclosure statement if the related proposed plan is not confirmable on its face. Here, the proposed Joint Disclosure Statement and Plan is unconfirmable for at least two reasons: (i) in contravention of the United States Supreme Court precedent and applicable state law, the proposed Joint Disclosure Statement and Plan includes non-consensual third-party releases; and (ii) the Joint Disclosure Statement and Plan's exculpation provision violates controlling Third Circuit case law by attempting to shield non-fiduciaries of the Debtors' estates.

3. The Court should also deny the Motion because it furthers the Debtors' attempt to obtain third-party releases through an opt-out procedure.

## JURISDICTION AND STANDING

4. This Court has jurisdiction to hear and determine the Motion, interim approval of the Joint Disclosure Statement and Plan, and this Objection pursuant to: (i) 28 U.S.C. § 1334; (ii) applicable orders of the United States District Court of the District of New Jersey issued pursuant to 28 U.S.C. § 157(a); and (iii) 28 U.S.C. § 157(b)(2).

2

5.  Pursuant to 28 U.S.C. § 586, the U.S. Trustee is charged with overseeing the administration of chapter 11 cases filed in this judicial district. This duty is part of the U.S. Trustee's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the Courts. *See Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog"). Under 28 U.S.C. § 586(a)(3)(B) the U.S. Trustee has the duty to monitor and comment on plans and disclosure statements filed in chapter 11 cases.

6.  The U.S. Trustee has standing to be heard on the Motion, the Joint Disclosure Statement and Plan, and this Objection pursuant to 11 U.S.C. § 307. *See U.S. Tr. v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.)*, 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that U.S. Trustee has "public interest standing" under section 307, which goes beyond mere pecuniary interest).

## BACKGROUND

**A.    The Chapter 11 Case**

7.  On June 10, 2025 (the "Petition Date"), Powin Project LLC, Powin, LLC, PEOS Holdings, LLC, Powin China Holdings 1, LLC, Powin China Holdings 2, LLC, Charger Holdings, LLC, Powin Energy Ontario Storage, LLC, Powin Energy Operating Holdings, LLC, and Powin Energy Operating, LLC (the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"). *See,* for example, Case No. 25-16137, at Dkt. 1.

8.  The Debtors continue to manage and operate their businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

9.  On June 27, 2025, the U.S. Trustee filed a Notice of Appointment of Official Committee of Unsecured Creditors. *See* Dkt. 174.

10. As of the date hereof, no trustee or examiner has been requested or appointed.

**B. The Joint Combined Disclosure Statement and Plan, and Motion for Conditional Approval**

11. On October 6, 2025, the Plan Proponents filed the *Joint Combined Disclosure Statement and Chapter 11 Plan of Liquidation of Powin, LLC and Affiliates Thereof and the Official Committee of Unsecured Creditors* (the "Joint Disclosure Statement and Plan"). *See* Dkt. 914.

12. Also, on October 6, 2025, the Plan Proponents filed the Motion that is the subject of this Objection and Reservation of Rights and an Application to Shorten Time for hearing

13. On October 7, 2025, the Court entered an *Order Shortening Time Period For Notice and Setting Hearing*, which scheduled a hearing concerning the Motion for October 10, 2025 at 1;30 p.m. and allowed objections to be presented at the hearing. *See* Dkt. 917.

14. The Joint Disclosure Statement and Plan includes Third-Party Release provisions and an overbroad Exculpation provision. *See* Dkt. 914 at Section 15.1 and Section 15.2(b). In addition, the Joint Disclosure Statement and Plan and Solicitation Procedures include opt-out provisions. *See* Dkt. 914 at Section 2, Section 6.10 and Section 6.11, and Dkt. 915 at ¶ 31 and Exhibits thereto.

**OBJECTION AND RESERVATION OF RIGHTS**

**A. The Court Must Deny Approval of the Joint Disclosure Statement and Plan Because the Joint Disclosure Statement and Plan is Patently Unconfirmable**

15. As the Third Circuit has held, "a '[c]ourt should not proceed with the time-consuming and expensive proposition of hearings on a disclosure statement and plan when the plan may not be confirmable because it does not comply with [confirmation requirements].'" *Am. Cap. Equip.*, 688 F.3d at 154; *see also In re Quigley Co.,* 377 B.R. 110, 115 (Bankr. S.D.N.Y. 2007) ("If the plan is patently unconfirmable on its face, the application to approve the disclosure

4

statement must be denied, as solicitation of the vote would be futile.") (citing *In re Beyond.com Corp.*, 289 B.R. 138, 140 (Bankr. N.D. Cal. 2003); *In re 266 Wash. Assocs.*, 141 B.R. 275, 288 (Bankr. E.D.N.Y.), *aff'd*, 147 B.R. 827 (E.D.N.Y. 1992); and *In re Filex, Inc.*, 116 B.R. 37, 41 (Bankr. S.D.N.Y. 1990)).

16. Moreover, this Court should not approve solicitation procedures that facilitate the Joint Disclosure Statement and Plan's defects, as it would be a waste of estate resources for the Debtors to solicit votes on a plan that is patently unconfirmable.

17. Here, the Court must deny conditional approval of the Joint Disclosure Statement and Plan because the Joint Disclosure Statement and Plan is patently unconfirmable for at least two separate and independent reasons. First, the Joint Disclosure Statement and Plan is unconfirmable because it proposes non-consensual third-party releases that are not authorized under the Bankruptcy Code. Second, to the extent that exculpation is permissible beyond what is expressly provided for in section 1125(e) of the Bankruptcy Code, the Joint Disclosure Statement and Plan's Exculpation Provision exceeds the limitations imposed by courts in this Circuit.

18. The U.S. Trustee reserves all rights to file a substantive objection on these issues, and others, in connection with final approval of the Joint Disclosure Statement and Plan and confirmation of the Joint Disclosure Statement and Plan, but submits this Objection at this time on the basis that a disclosure statement for a patently unconfirmable plan should not be approved and that such a plan should not be solicited.

### B. Miscellaneous Objections to the Motion

19. The proposed Solicitation and Voting Procedures authorize the Debtors to solicit votes on the Joint Disclosure Statement and Plan and also authorizes the Debtors to serve a Non-Voting Status Notice and a Release Opt-Out Election Form on non-voting classes. To the extent

the Court agrees that the Opt-Out procedure is invalid because failure to return the Release Opt-Out Election Form does not demonstrate consent, the Court should deny the Motion.

20.   In the alternative, to the extent the Court conditionally approves the Joint Disclosure Statement and Plan, the U.S. Trustee also objects to the following provisions of the Plan Proponents proposed Solicitation Procedures:

- The Plan Proponents propose to serve the Solicitation Packages to Holders of Claims entitled to vote via email with instructions on how to access electronic copies of their ballots and the Solicitation Packages from the Claims, Noticing, and Solicitation Agent's website. The Plan Proponents should be required to serve the Solicitation Package via first class mail in paper format or flash drive. To the extent the Court is inclined to allow email service of such information, instead of submitting instructions, the Plan Proponent should include all of the required materials in the email.

- The Plan Proponents propose that to the extent that the Debtors' records do not contain a holder's e-mail address, the Debtors' Claims, Noticing, and Solicitation Agent shall mail a Confirmation Hearing Notice and an Instruction Letter or a Non-Voting Status Notice, as applicable, to such holder of a claim or interest. The Plan Proponents should be required to serve the entire Solicitation Package or the Non-Voting Status Notice in paper format or through a flash drive to claimants without email addresses on file.

- The Plan Proponents propose to serve the Non-Voting Status Notice on claimants not entitled to vote on the Joint Disclosure Statement and Plan via e-mail that will include instructions on how to access electronic copies of the Joint Disclosure Statement and Plan, and applicable Non-Voting Status Notice. The Plan Proponents should be required to serve the Non-Voting Status Notice via first class mail in paper format or flash drive. To the extent the Court is inclined to allow email service of such information, instead of submitting instructions, the Plan Proponent should include all of the required materials in the email.

- The Plan Proponents propose to only serve a Plan Supplement Notice in lieu of serving Holders of Claims with the Plan Supplement. It is also unclear in the Solicitation and Voting Procedures whether the Plan Supplement Notice will be served via email or first-class mail.

- Section 3(p) of the Solicitation and Voting Procedures provides that the Plan Proponents may waive any defects or irregularities concerning any ballots. Any such waiver should be disclosed in the Voting Report.

- The Plan Proponents provide that the Solicitation Deadline and the Publication Deadline are five (5) business dates following entry of the order (or as soon as reasonably practicable thereafter). The "or as soon as reasonably practicable thereafter" language should be removed as five (5) business days should be sufficient time to distribute the Solicitation Packages and provide the Confirmation Hearing Notice for publishing.

- The Plan Supplement Filing date of November 7, 2025 and the Deadline to File Voting Report of November 21, 2025 should be at 4:00 p.m.

- The proposed Solicitation and Voting Procedures should provide a provision that the Debtor is not required to resend a Solicitation Package or any other materials related to voting or confirmation of the Plan to any person or entity whose Solicitation Package or any other document related to voting or confirmation of the Plan is returned as undeliverable by the postal service, unless the Debtor is provided with accurate addresses for such person or entity prior to the Voting Record Date.

- Section E of the Solicitation and Voting Procedures should include the following language at the end: "*provided however* that the U.S. Trustee shall be provided notice of any such changes."

**B.    Reservation of Rights**

21.    The U.S. Trustee reserves all rights to file a substantive objection on these issues, and others, in connection with final approval of the Joint Disclosure Statement and Plan, and confirmation of the Joint Disclosure Statement and Plan, but submits this Objection at this time on the basis that a disclosure statement for a patently unconfirmable plan should not be approved and the Joint Disclosure Statement and Plan should not be solicited.

22.    The U.S. Trustee leaves the Debtor to its burden of proof and reserves any and all rights, remedies and obligations to, among other things, complement, supplement, augment, alter or modify this Objection and reservation of rights, assert any objection, file any appropriate

motion, or conduct any and all discovery as may be deemed necessary or as may be required and to assert such other grounds as may become apparent upon further factual discovery.

**WHEREFORE**, the U.S. Trustee respectfully requests that this Court deny the Motion and grant such other and further relief as the Court deems just and equitable.

                Respectfully submitted,

                ANDREW R. VARA
                UNITED STATES TRUSTEE
                REGIONS 3 & 9

By: */s/ Jeffrey M. Sponder*
      Jeffrey M. Sponder
      Trial Attorney

Dated: October 10, 2025