| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br>**VINSON & ELKINS LLP**<br><br>Steven M. Abramowitz (No. 043641990)<br>David S. Meyer (admitted *pro hac vice*)<br>Lauren R. Kanzer (admitted *pro hac vice*)<br>The Grace Building<br>1114 Avenue of the Americas, 32nd Floor<br>New York, New York 10036-7708<br>Tel: (212) 237-0000<br>Fax: (212) 237-0100<br>Email: sabramowitz@velaw.com<br>        dmeyer@velaw.com<br>        lkanzer@velaw.com<br><br>-and-<br><br>William L. Wallander (admitted *pro hac vice*)<br>Matthew D. Struble (admitted *pro hac vice*)<br>2001 Ross Avenue, Suite 3900<br>Dallas, Texas 75201<br>Tel: (214) 220-7700<br>Fax: (214) 220-7716<br>Email: bwallander@velaw.com<br>        mstruble@velaw.com<br><br>*Counsel for the Ad Hoc Customer Group* | Case No. 25 – 16137 (MBK)<br><br>Chapter 11<br><br>(Jointly Administered) |
| In re:<br><br>Powin, LLC, *et al.*,[1]<br><br>        Debtors. | |

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin, LLC [0504], (ii) PEOS Holdings, LLC [5476], (iii) Powin Project LLC [1583], (iv) Powin China Holdings 1, LLC [1422], (v) Powin China Holdings 2, LLC [9713], (vi) Charger Holdings, LLC [5241], (vii) Powin Energy Ontario Storage, LLC [8348], (viii) Powin Energy Operating Holdings, LLC [2495], (ix) Powin Energy Operating, LLC [6487]. The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR 97062.

4897-3675-1216

# NOTICE OF MOTION OF
# AD HOC CUSTOMER GROUP FOR ENTRY
# OF AN ORDER (I) COMPELLING THE DEBTORS TO ASSIGN OEM
# WARRANTIES AND GUARANTIES AND (II) GRANTING RELATED RELIEF

**PLEASE TAKE NOTICE** that Lone Star Solar, LLC, Idaho Power Company, West Warwick Energy Storage 1, LLC, West Warwick Energy Storage 2, LLC, and West Warwick Energy Storage 3, LLC (collectively, the "***Ad Hoc Customer Group***"), by and through its undersigned counsel, submits the attached *Motion of Ad Hoc Customer Group for Entry of an Order (I) Compelling the Debtors to Assign OEM Warranties and Guaranties and (II) Granting Related Relief* (the "***Motion to Compel***").

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the relief requested in the Motion to Compel shall: (i) be in writing; (ii) state with particularity the basis of the objection; and (iii) be filed with the Clerk of the United States Bankruptcy Court in accordance with D.N.J. LBR 9013-1. If you do not want the Court to enter an order granting the relief requested in the Motion to Compel, or if you want the Court to consider your views on an objection, then you or your attorney must file with the Court a written request for a hearing or response or answer explaining your position. You must also email a copy of the objection to:

**VINSON & ELKINS LLP**
Steven M. Abramowitz, Esq.
David S. Meyer, Esq. (admitted *pro hac vice*)
Lauren R. Kanzer, Esq. (admitted *pro hac vice*)
1114 Avenue of the Americas, 32nd Floor
New York, NY 10036
Telephone: (212) 237-0137
sabramowitz@velaw.com
dmeyer@velaw.com
lkanzer@velaw.com

-and-

William L. Wallander (admitted *pro hac vice*)
Matthew D. Struble (admitted *pro hac vice*)
2001 Ross Avenue, Suite 3900
Dallas, Texas 75201
Telephone: (214) 220-7700
bwallander@velaw.com
mstruble@velaw.com

Dated: October 20, 2025  
New York, New York

Respectfully submitted,

*/s/ Steven M. Abramowitz*
**VINSON & ELKINS LLP**
Steven M. Abramowitz, Esq.
David S. Meyer (admitted *pro hac vice*)
Lauren R. Kanzer (admitted *pro hac vice*)
The Grace Building
1114 Avenue of the Americas, 32nd Floor
New York, New York 10036-7708
Tel: (212) 237-0000
Fax: (212) 237-0100
Email: sabramowitz@velaw.com
      dmeyer@velaw.com
      lkanzer@velaw.com

-and-

William L. Wallander (admitted *pro hac vice*)
Matthew D. Struble (admitted *pro hac vice*)
2001 Ross Avenue, Suite 3900
Dallas, Texas 75201
Tel: (214) 220-7700
Fax: (214) 220-7716
   Email: bwallander@velaw.com
      mstruble@velaw.com

*Counsel for the Ad Hoc Customer Group*

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br>**VINSON & ELKINS LLP**<br><br>Steven M. Abramowitz (No. 043641990)<br>David S. Meyer (admitted *pro hac vice*)<br>Lauren R. Kanzer (admitted *pro hac vice*)<br>The Grace Building<br>1114 Avenue of the Americas, 32nd Floor<br>New York, New York 10036-7708<br>Tel: (212) 237-0000<br>Fax: (212) 237-0100<br>Email: sabramowitz@velaw.com<br>           dmeyer@velaw.com<br>           lkanzer@velaw.com<br><br>-and-<br><br>William L. Wallander (admitted *pro hac vice*)<br>Matthew D. Struble (admitted *pro hac vice*)<br>2001 Ross Avenue, Suite 3900<br>Dallas, Texas 75201<br>Tel: (214) 220-7700<br>Fax: (214) 220-7716<br>Email: bwallander@velaw.com<br>           mstruble@velaw.com<br><br>*Counsel for Ad Hoc Group of Customers of Powin, LLC* | |
| In re:<br><br>Powin, LLC, *et al.*,[1]<br><br>                    Debtors. | Case No. 25 – 16137 (MBK)<br><br>Chapter 11<br><br>(Jointly Administered) |

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin, LLC [0504], (ii) PEOS Holdings, LLC [5476], (iii) Powin Project LLC [1583], (iv) Powin China Holdings 1, LLC [1422], (v) Powin China Holdings 2, LLC [9713], (vi) Charger Holdings, LLC [5241], (vii) Powin Energy Ontario Storage, LLC [8348], (viii) Powin Energy Operating Holdings, LLC [2495], (ix) Powin Energy Operating, LLC [6487]. The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR 97062.

**MOTION OF AD HOC CUSTOMER GROUP FOR
ENTRY OF AN ORDER (I) COMPELLING THE DEBTORS TO ASSIGN OEM
WARRANTIES AND GUARANTIES AND (II) GRANTING RELATED RELIEF**

Lone Star Solar, LLC,[2] Idaho Power Company, West Warwick Energy Storage 1, LLC, West Warwick Energy Storage 2, LLC, and West Warwick Energy Storage 3, LLC[3] (each a "***Customer***," and collectively, the "***Ad Hoc Customer Group***"), each a creditor, customer, and party in interest, by and through their undersigned counsel, hereby file this *Motion of Ad Hoc Customer Group for Entry of an Order (I) Compelling the Debtors to Assign OEM Warranties and Guaranties and (II) Granting Related Relief* (the "***Motion***") and in support thereof respectfully states as follows:

## PRELIMINARY STATEMENT[4]

1. The members of the Ad Hoc Customer Group each own and operate large, industrial-scale and utility-scale lithium ion battery energy storage systems ("***BESS***") that were designed and provided by the Debtors and for which the Debtors are responsible for ongoing maintenance and other services. In some instances, the BESS are integrated into and support large solar power projects (collectively, the "***Projects***") that generate significant amounts of power to support the electric grid. Each Customer entered into various executory contracts with certain of the Debtors (collectively, the "***Contracts***") to install, maintain, and service the BESS. Under the Contracts, the Debtors provided, among other things, warranties related to the BESS. In addition, the Debtors were obligated to coordinate repairs of the BESS with any third party warranty providers. The Contracts were rejected pursuant to the Rejection Order.

---

[2] Lone Star Solar, LLC is a subsidiary of energyRe, LLC.

[3] West Warwick Energy Storage 1, LLC, West Warwick Energy Storage 2, LLC, and West Warwick Energy Storage 3, LLC are direct subsidiaries of Convergent West Warwick, LLC and indirect subsidiaries of Convergent Energy and Power LP.

[4] Capitalized terms used but not otherwise defined in this Preliminary Statement have the meanings ascribed elsewhere in the Motion.

2. In connection with installation of the BESS, certain third party manufacturers of component parts of the BESS provided original equipment manufacturer warranties ("**OEM Warranties**"). Powin was party to the OEM Warranties, and Powin was in turn obligated to coordinate any repairs, payment, and other warranty matters under the OEM Warranties during a specified period under the Contracts. The Customers first requested that the Debtors assign the OEM Warranties, to the extent they were assignable,[5] as early as July 7, 2025 for one of the Customers, and counsel to the Debtors assured the Customers on multiple occasions that such assignments would be provided.[6] Counsel to the Ad Hoc Customer Group and other customers made various statements on the record evidencing the same,[7] including a statement made at the August 6, 2025 hearing that was later so ordered via the Rejection Order (as defined below). However, despite numerous attempts by the Customers and their counsel to obtain the necessary information regarding the details of the OEM Warranties through requests for relevant documents, and to obtain the actual assignment of the OEM Warranties, the Debtors have not provided the Customers with necessary information or an assignment. Further, the Debtors have indicated that the Customers should pay additional amounts for such assignment, despite the facts that the

---

[5] The Customers requested that the Debtors provide copies of the underlying agreements evidencing the OEM Warranties via phone call and email on September 23, 2025 in lieu of formal discovery. The Debtors have refused to provide the Customers such documentation, so it is unclear to the Customers what OEM Warranties, if any, are assignable by their terms.

[6] The Customers intend to submit emails from counsel to the Debtors evidencing the same ahead of a hearing on this Motion.

[7] *See, e.g.,* H'rg. Tr., Aug. 6, 2025 at page 28 (counsel on behalf of EsVolta, LLC and EDF Power Solutions stating "we understand based on discussions with counsel for the [D]ebtor[s] that a number of our issues will be addressed in . . . the rejection order . . . [t]hat includes . . . access to the assignment of warranties to the extent that that's permissible"); H'rg. Tr. Sept. 3, 2025 at page 12 (counsel to the Ad Hoc Customer Group explaining that "assignments of warranties are important to customers, so that if a component part of one of the batteries isn't working, that the warranty work can be done on behalf of that customer," and that "to the extent that the warranty agreement that the [D]ebtors have with a supplier is assignable, we're asking for that to be assigned to us"); H'rg. Tr. Sept. 3, 2025 at pages 14-15 (counsel to Honeywell International, Inc. stating that his client was "interested in having an assignment of the [D]ebtors' rights in [the] warranties").

Customers paid for the OEM Warranties in connection with purchasing the BESS and under certain of the Contracts assignment of the OEM Warranties is required. Further, the OEM Warranties have no value to the Debtors' estates, because such warranties apply only to the BESS purchased by and now owned by the Customers, not the Debtors.

3. The overriding goals of the Customers throughout these cases has been and continues to be ensuring the safe operation of the BESS and avoiding business interruption. Ensuring that warranty work from the OEM manufacturers, to the extent needed, can be completed quickly and efficiently and that the Customers do not have to come out of pocket to pay for repairs that are covered under warranties already paid for by the Customers aligns with these goals. As previously noted, the Customers have engaged with the Debtors in good faith to seek a workable solution that will allow the Customers to benefit from OEM Warranties that are assignable and no longer have any value to the Debtors, but after months of delay by the Debtors, the Customers have no choice but to seek the Court's intervention in having the OEM Warranties assigned to them.

## JURISDICTION AND VENUE

4. The United States Bankruptcy Court for the District of New Jersey (the "*Court*") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Standing Order of Reference* from the United States District Court for the District of New Jersey dated as of September 18, 2012. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

5. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

6. The statutory bases for the relief requested herein is section 105(a) of title 11 of the United States Code (the "*Bankruptcy Code*").

## BACKGROUND

7. On June 9 and 10, 2025 (as applicable, the "**Petition Date**"), the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code commencing these chapter 11 cases (the "**Chapter 11 Cases**").

8. On June 17, 2025, the Debtors filed the *Omnibus Motion of the Debtors for Entry of an Order (I) Authorizing the Rejection of Legacy Customer Contracts and (II) Granting Related Relief* [Docket No. 88] (the "**Rejection Motion**").

9. On June 27, 2025, the Office of the United States Trustee for the District of New Jersey appointed an Official Committee of Unsecured Creditors in these Chapter 11 Cases.[8]

10. On July 8, 2025, the Customers filed the *Limited Objection and Reservation of Rights of Ad Hoc Customer Group to Omnibus Motion of the Debtors for Entry of an Order (I) Authorizing the Rejection of Legacy Customer Contracts and (II) Granting Related Relief* [Docket No. 296] (the "**Rejection Objection**"). Also on July 8, 2025, the Customers filed the *Emergency Motion of Ad Hoc Customer Group for Entry of an Order (I) Granting Adequate Protection Under Section 363(e) of the Bankruptcy Code, and (II) Granting Related Relief* [Docket No. 297] (the "**Adequate Protection Motion**").[9]

11. On August 18, 2025, the Court entered the *Order (I) Authorizing the Debtors to Enter Into and Perform Under the FlexGen Power Systems, LLC Asset Purchase Agreement, (II) Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Authorizing the Assumption and Assignment of the Assumed Contracts to*

---

[8] *See Notice of Appointment of Official Committee of Unsecured Creditors* [Docket No. 174].

[9] The factual statements and descriptions in the Adequate Protection Motion are incorporated herein by reference.

*Purchaser and Establishing Cure Amounts Related Thereto in Accordance with the Assumption and Assignment Procedures, and (IV) Granting Related Relief* [Docket No. 751]. Upon information and belief, the sale closed on August 19, 2025.

12. On September 9, 2025, the Court entered the *Order Granting the Debtors' Motion to Reject* [Docket No. 843] (the "***Rejection Order***"). The Rejection Order provided that the record of the August 6, 2025 hearing was so ordered, subject to any further order of the Court.

13. No trustee or examiner has been appointed in these Chapter 11 Cases as of the date hereof.

A.  **The Customers are Parties to Certain Contracts with the Debtors that Grant Them Warranty Rights.**

14. As described more fully in the Adequate Protection Motion, prior to the Petition Date, the Customers each entered into energy supply agreements with Debtor Powin, LLC ("***Powin***") (each, an "***ESA***"), pursuant to which Powin agreed to provide and install BESS, which in some cases were incorporated into Projects. Under the ESAs, Powin provided warranties directly to the Customers. And, certain of the ESAs provide that Powin is obligated to assign the OEM Warranties to the applicable Customer following either Commissioning, expiration of the Warranty Period (each as defined in the ESAs), or termination of such ESAs, as applicable. For example, an ESA dated February 28, 2022 between Idaho Power Company and Powin, LLC could not be more clear:

> As of the date of Commissioning, Supplier shall assign all OEM Warranties to Buyer. On the Final Acceptance Date (as stipulated in the Final Acceptance Certificate), Supplier shall provide Buyer with copies of the OEM Warranties set forth in Exhibit G, and any other warranties then under Supplier's control, and Supplier hereby agrees to administer such OEM Warranties in favor of Buyer during the Warranty Period.

As another example, the ESA dated June 8, 2023 between Idaho Power Company and Powin, LLC provides that:

6

> Provided Supplier has been paid by Buyer for the relevant ESS Equipment in accordance with this Contract, Supplier hereby assigns all OEM Warranties and any other warranties then under Supplier's control that extend beyond the Warranty Period to Buyer upon expiration of the Warranty Period or earlier termination of this Contract or, at Buyer's request, shall otherwise procure for Buyer the right to proceed directly against the relevant Subcontractor under its OEM Warranty or warranty, as applicable.

Finally, the ESA dated February 16, 2022 between West Warwick Energy Storage 1 LLC and Powin, LLC also assumes assignment of OEM Warranties:

> Provided Supplier has been paid by Buyer for the relevant BESS Equipment, Supplier hereby assigns all OEM Warranties to Buyer upon the earlier of (i) expiration of the Warranty Period; or (ii) termination of this Contract.

15. The Customers also each entered into long term services agreements with Powin (each, an "*LTSA*"), pursuant to which Powin is required to, among other things, provide certain ongoing warranty services, including coordination of repairs or replacements with third party warrantors, to support the BESS.[10]

16. The clear intent of the Contracts between the Customers and Powin was that the Customers would be assigned the OEM Warranties after Powin's warranty obligations ended. Powin rejected the Contracts and does not intend to continue business operations, and, therefore, will not continue to perform its warranty obligations under the Contracts. Because the OEM Warranties are no longer of value to Powin and Powin will not be in a position to provide the contracted-for warranties, Powin is required to assign the OEM Warranties to the Customers consistent with the Contracts, rather than deprive the Customers of something that they contracted for, paid for, and anticipated receiving when they purchased the BESS from Powin.

---

[10] The ESAs and LTSAs are voluminous and have not been attached to the Motion. However, the Debtors possess copies of the ESAs and LTSAs, and copies of each will be made available to the Court at or prior to the hearing on this Motion.

7

17. The Customers relied on the warranty terms in the Contracts, and it would be inequitable for the Debtors to block the Customers from being able to take advantage of the bargained-for assignable OEM Warranties, especially in light of the fact that the OEM Warranties provide no value to the Debtors' estates. And, for avoidance of doubt, there is no cost to the Debtors in connection with the assignment of the OEM Warranties because it is the OEM manufacturers (not Debtors) who will be providing any warranty services, to the extent there is remaining term on the OEM Warranties.

B. **Assignment of the OEM Warranties Will Reduce Claims Against the Debtors' Estates.**

18. Under the Contracts, Powin was obligated to administer or coordinate the OEM Warranties, as applicable, manage reimbursement for warranty claims, and act as the primary contact for warranty related issues. All of the Contracts have been rejected and the Debtors are no longer performing thereunder, including the obligations related to the OEM Warranties. Further, the Debtors closed a sale transaction of substantially all of their assets and have indicated that they intend to liquidate the remainder of their assets.[11] Thus, the Debtors do not need the warranties to conduct business and the OEM Warranties are no longer of value to the Debtors' estates.

19. Conversely, the OEM Warranties are valuable to the Customers, as the Customers possess the warrantied equipment. Without assignment of the OEM Warranties, the Customers may be required to pay for repairs out of pocket that otherwise would be covered by OEM Warranties. The Customers each filed proofs of claim on September 29, 2025 (*See* Claim Nos. 397, 431, 432, 436, and 440), which included, among other things, contingent and unliquidated claims on account of repairs the Customers may be required to pay for that would otherwise have

---

[11] *See, e.g., Debtors' Motion for Entry of an Order, Pursuant to § 1121(d) of the Bankruptcy Code, Extending its Exclusive Periods for the Filing of a Chapter 11 Plan and to Solicit Acceptances Thereof* [Docket No. 849].

8

been covered by the OEM Warranties. If the OEM Warranties are not assigned to the Customers, the Customers may amend their proofs of claim to assert specific claims for any such repairs against the Debtors' estates, thereby diluting the pool of recovery available for other unsecured creditors. Assignment of the OEM Warranties will reduce the claims against the Debtors estates, which would, in turn, increase potential recoveries for unsecured creditors. For the avoidance of doubt, the Customers are not requesting that Powin provide services or have continued obligations related to the warranties it agreed to under the Contracts, and the assignment of the OEM Warranties will not burden the Debtors' estates.

## RELIEF REQUESTED

20. By this Motion, the Customers seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "*Order*") (i) compelling the Debtors to assign the OEM Warranties to the Customers, to the extent assignable, and (ii) granting related relief.

## BASIS FOR RELIEF

21. The Customers previously relied on the Debtors to provide warranty services crucial to continued operation of the BESS, including coordination of repairs covered by the OEM Warranties, as required under the Contracts. Accordingly, the Customers request that the Court require the Debtors to assign the OEM Warranties to (i) ensure that the Customers can benefit from OEM Warranties as bargained for under the Contracts and (ii) reduce claims against the Debtors' estates. Failure to do so would burden not only the Customers, but also the Debtors' other unsecured creditors.

**RESERVATION OF RIGHTS**

22. The Customers hereby reserve all of their rights, claims, defenses, and remedies, including under the Contracts or agreements supplementary thereto, and any rights pursuant to applicable law.

**NO PRIOR REQUEST**

23. No prior request for the relief sought in this Motion has been made to this Court or any other court.

**CONCLUSION**

24. WHEREFORE, the Ad Hoc Customer Group respectfully requests that the Court (i) enter an order substantially in the form attached as **Exhibit A** hereto compelling the Debtors to assign the OEM Warranties, to the extent assignable; and (ii) grant the Customers such other and further relief as is just and proper under the circumstances.

Dated: October 20, 2025
New York, NY

                                                                      */s/ Steven M. Abramowitz*
**VINSON & ELKINS LLP**
Steven M. Abramowitz (NJ Bar No. 043641990)
David S. Meyer (admitted *pro hac vice*)
Lauren R. Kanzer (admitted *pro hac vice*)
The Grace Building
1114 Avenue of the Americas, 32nd Floor
New York, New York 10036-7708
Tel: (212) 237-0000
Fax: (212) 237-0100
Email: sabramowitz@velaw.com
       dmeyer@velaw.com
       lkanzer@velaw.com

-and-

William L. Wallander (admitted *pro hac vice*)
Matthew D. Struble (admitted *pro hac vice*)
2001 Ross Avenue, Suite 3900
Dallas, Texas 75201
Tel: (214) 220-7700
Fax: (214) 220-7716
Email: bwallander@velaw.com
       mstruble@velaw.com

*Counsel for Ad Hoc Group of*
*Customers of Powin, LLC*

11

# EXHIBIT A

**Proposed Order**

| |
|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br>**VINSON & ELKINS LLP**<br><br>Steven M. Abramowitz (NJ Bar No 043641990)<br>David S. Meyer (admitted *pro hac vice*)<br>Lauren R. Kanzer (admitted *pro hac vice*)<br>The Grace Building<br>1114 Avenue of the Americas, 32nd Floor<br>New York, New York 10036-7708<br>Tel: (212) 237-0000<br>Fax: (212) 237-0100<br>Email: sabramowitz@velaw.com<br>         dmeyer@velaw.com<br>         lkanzer@velaw.com<br><br>-and-<br><br>William L. Wallander (*pro hac vice* forthcoming)<br>Matthew D. Struble (*pro hac vice* forthcoming)<br>2001 Ross Avenue, Suite 3900<br>Dallas, Texas 75201<br>Tel: (214) 220-7700<br>Fax: (214) 220-7716<br>Email: bwallander@velaw.com<br>         mstruble@velaw.com<br><br>*Counsel for Ad Hoc Group of Customers of Powin, LLC* |

| | |
|---|---|
| In re:<br><br>Powin, LLC, *et al.*,[1]<br><br>            Debtors. | Case No. 25 – 16137 (MBK)<br><br>Chapter 11<br><br>Hearing Date: TBD |

**ORDER GRANTING MOTION OF AD HOC CUSTOMER GROUP FOR
ENTRY OF AN ORDER (I) COMPELLING THE DEBTORS TO ASSIGN OEM
WARRANTIES AND GUARANTEES AND (II) GRANTING RELATED RELIEF**

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin, LLC [0504], (ii) PEOS Holdings, LLC [5476], (iii) Powin Project LLC [1583], (iv) Powin China Holdings 1, LLC [1422], (v) Powin China Holdings 2, LLC [9713], (vi) Charger Holdings, LLC [5241], (vii) Powin Energy Ontario Storage, LLC [8348], (viii) Powin Energy Operating Holdings, LLC [2495], (ix) Powin Energy Operating, LLC [6487]. The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR 97062.

(Page 2)
Debtors: Powin, LLC, *et al.*
Case No. 25-16137 (MBK)
Caption of Order: Order Compelling the Debtors to Assign OEM Warranties and Granting Related Relief

The relief set forth on the following pages, numbered 2 through 3, is **ORDERED.**

Upon consideration of the *Motion of Ad Hoc Customer Group for Entry of an Order (I) Compelling the Debtors to Assign OEM Warranties and Guarantees, and (II) Granting Related Relief* (the "***Motion***")[2] filed by Lone Star Solar, LLC, Idaho Power Company, West Warwick Energy Storage 1, LLC, West Warwick Energy Storage 2, LLC, and West Warwick Energy Storage 3, LLC (each a "***Customer***," and collectively, the "***Ad Hoc Customer Group***"); and this Court having reviewed the Motion, any responses to the Motion, and any exhibits and testimony admitted into evidence; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and the *Standing Order of Reference* from the United States District Court for the District of New Jersey dated as of September 18, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b) and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings before this Court; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT**:

1. The Motion is **GRANTED** as set forth herein.

---

[2] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Motion.

2

(Page 3)
Debtors:           Powin, LLC, *et al.*
Case No.           25-16137 (MBK)
Caption of Order:  Order Compelling the Debtors to Assign OEM Warranties and Granting Related Relief

2. All objections to the entry of this Order, to the extent not withdrawn or settled, are overruled.

3. The Debtors shall provide copies of the OEM Warranties to the Customers no later than three business days following entry of this Order.

4. The Debtors shall assign the OEM Warranties to the Customers, to the extent such OEM Warranties are assignable by their terms, no later than three business days following entry of this Order.

5. The Debtors and the Customers, as applicable, are authorized and empowered to take any and all actions necessary to implement the terms of this Order.

6. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

7. The terms and conditions of this Order shall become immediately effective and enforceable upon its entry.