| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>**Caption in Compliance with D.N.J. LBR 9004-1(b)** | |
| **GENOVA BURNS LLC**<br>Daniel M. Stolz, Esq.<br>Donald W. Clarke, Esq.<br>Susan A. Long, Esq.<br>Jaclynn N. McDonnell, Esq.<br>dstolz@genovaburns.com<br>dclarke@genovaburns.com<br>slong@genovaburns.com<br>jmcdonnell@genovaburns.com<br>110 Allen Road, Suite 304<br>Basking Ridge, NJ 07920<br>Tel: (973) 533-0777<br>Fax: (973) 814-4045<br><br>*Local Counsel for the Official*<br>*Committee of Unsecured Creditors* | **BROWN RUDNICK LLP**<br>Robert J. Stark, Esq.<br>Kenneth J. Aulet, Esq.<br>Bennett S. Silverberg, Esq.<br>rstark@brownrudnick.com<br>kaulet@brownrudnick.com<br>bsilverberg@brownrudnick.com<br>Seven Times Square<br>New York, NY 10036<br>Tel: (212) 209-4800<br>Fax: (212) 209-4801<br><br>*Counsel for the*<br>*Official Committee of Unsecured Creditors* |
| In re:<br><br>POWIN, LLC, *et al.,*[1]<br><br>          Debtor. | Chapter 11<br><br>Case No.: 25-16137 (MBK)<br>(Jointly Administered)<br><br>Honorable Michael B. Kaplan |

## APPLICATION IN LIEU OF MOTION FOR ENTRY OF PROTECTIVE ORDER GOVERNING THE PRODUCTION OF CONFIDENTIAL INFORMATION

The Official Committee of Unsecured Creditors (the "Committee"), by and through undersigned counsel and with the consent of the Debtor, hereby files this Application in Lieu of Motion for Entry of Protective Order Governing the Production of Confidential Information (the

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin Project LLC [1583]; (ii) Powin LLC [0504]; (iii) PEOS Holdings, LLC [5476]; (iv) Powin China Holdings 1, LLC [1422]; (v) Powin China Holdings 2, LLC [9713]; (vi) Charger Holdings, LLC [5241]; (vii) Powin Energy Ontario Storage, LLC [8348]; (viii) Powin Energy Operating Holdings, LLC [2495]; (ix) Powin Energy Operating, LLC [6487]; (x) Powin Energy Storage 2, Inc. [9926]; (xi) Powin Energy Ontario Storage II LP [5787]; (xii) Powin Canada B.C. Ltd. [2239]. The Debtors' mailing address is 20550 SW 115th Avenue, Tualatin, OR 97062.

1

"Application") in the above-captioned matter (the "Bankruptcy Case"). In support of this Application, the Committee states as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of New Jersey (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference from the United States District Court for the District of New Jersey dated as of September 18, 2012.

2. Venue of the Bankruptcy Case and related proceedings is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The predicate for the relief requested herein is 11 U.S.C. § 107(b), which permits the protection of confidential trade secrets, research, development, or commercial information, as well as Federal Rules of Bankruptcy Procedure 7026 and 9018 and Federal Rule of Civil Procedure 26.

## BACKGROUND AND BASIS FOR RELIEF

4. On June 9, 2025, (the "Petition Date") each of the Debtors[2] commenced a voluntary case under Chapter 11 of Title 11 of the United States Code in the United States Bankruptcy Court for the District of New Jersey.

5. In July 2025, the Committee began investigating Debtors' prepetition conduct, and in connection with this investigation, began requesting information from Debtors and other parties in interest, including but not limited to the Debtors' former private equity sponsors (the "PE Sponsors").

---

[2] The "Debtors" include Powin, LLC; Powin Project LLC; PEOS Holdings, LLC; Powin China Holdings 1, LLC; Powin China Holdings 2, LLC; Charger Holdings, LLC; Powin Energy Ontario Storage, LLC; Powin Energy Operating Holdings, LLC; Powin Energy Operating, LLC.

6. Specifically, the Committee has requested the PE Sponsors' (a) internal documents and communications reflecting their decisions to invest or not invest in Debtors, (b) analyses of the Debtors' financial condition and valuation, (c) internal documents and communications regarding Debtors' financial condition or solvency, (d) representations regarding Debtors' financial condition or solvency, and (e) analyses regarding their own interests in Debtors.

7. Counsel for the PE Sponsors have advised that the production of such information will undoubtedly include materials that constitute or contain commercially sensitive business, proprietary, and/or financial information (the "Confidential Information") protected under Rule 26(c) of the Federal Rules of Civil Procedure and Rules 7026 and 9018 of the Federal Rules of Bankruptcy Procedure, the public disclosure of which could cause serious injury to the PE Sponsors' business.

8. Numerous courts within this District have found that such commercially sensitive information is properly protected from public disclosure under Rule 26(c). *See, e.g., Janssen Pharms., Inc. v. Mylan Labs. Ltd.*, Civil Action No. 2:20-cv-13103-EP-LHG, 2022 WL 22854370 at *1-2 (D.N.J. Oct. 11, 2022) (permitting the sealing of confidential information concerning the parties' confidential business information); *Onex Credit Partners, LLC v. Atrium 5 LTD.*, No. CV 13-5629 (JMV), 2017 WL 4284490 at *3-4 (D.N.J. Sept. 27, 2017) (noting that confidential business documents should be protected from disclosure to prevent competitors from becoming privy to internal strategies and gaining an unfair advantage in the marketplace); *Bed Bath & Beyond, Inc. v. Sears Brands*, No. No. 08-5839, 2012 WL 4061948, at *3 (D.N.J. Sept. 11, 2012) (protecting "highly sensitive commercial and proprietary information" that was "not publicly available" from public disclosure); *see also E.E.O.C. v. Kronos, Inc.*, 694 F.3d 351, 366-67 (3d

Cir. 2012) (rejecting assertion that confidentiality order was not needed where disclosure of business information could commercially damage party).

9. The Committee respectfully submits that good cause exists to enter the agreed-upon Confidentiality Stipulation and Protective Order, attached as **Exhibit A**, as public disclosure of the Confidential Information exchanged during discovery would cause a clearly defined and serious injury to the party producing such information. The Committee further respectfully submit that **Exhibit A** satisfies the requirements of *In re Avandia Mktg. Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662 (3d Cir. 2019) (setting forth a non-exhaustive list of factors courts may consider in entering a protective order).

## WAIVER OF MEMORANDUM OF LAW

10. The Committee respectfully requests that the Court waive the requirement to file a separate memorandum of law pursuant to Local Rule 9013-1(a)(3) because the legal basis upon which the Committee relies is set forth herein and the Motion does not raise any novel issues of law.

## OBJECTION DEADLINE

11. This Application is being submitted pursuant to D.N.J. LBR 9109-4, thereby setting the deadline to object to October 31, 2025.

## CONCLUSION

12. For the foregoing reasons, the Committee respectfully requests that the Court enter the Confidentiality Stipulation and Protective Order attached as **Exhibit A**.

[*Signature page to follow.*]

**BROWN RUDNICK LLP**

/s/ *Robert J. Stark*
Robert J. Stark, Esq.
Kenneth J. Aulet, Esq. (admitted *pro hac vice*)
Bennett S. Silverberg, Esq. (admitted *pro hac vice)*
Seven Times Square
New York, New York 10036
(212) 209-4800

- and -

**GENOVA BURNS LLC**

/s/ *Donald W. Clarke*
Daniel M. Stolz, Esq.
Donald W. Clarke, Esq.
Susan A. Long, Esq.
Jaclynn N. McDonnell
110 Allen Rd., Suite 304
Basking Ridge, NJ 07920
(973) 230-2095

*Counsel for the Official*
*Committee of Unsecured Creditors*