**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**
Caption in Compliance with D.N.J. LBR 9004-1(b)

Order Filed on October 31, 2025
by Clerk
U.S. Bankruptcy Court
District of New Jersey

| | |
|---|---|
| In re:<br><br>POWIN, LLC, *et al.*,[1]<br><br>Debtor. | Chapter 11<br><br>Case No.: 25-16137 (MBK)<br>(Jointly Administered)<br><br>Honorable Michael B. Kaplan |

## CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

The relief set forth on the following pages 2 (two) through 18 (eighteen) are hereby

**ORDERED**.

**DATED: October 31, 2025**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

---

[1]   The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin Project LLC [1583]; (ii) Powin LLC [0504]; (iii) PEOS Holdings, LLC [5476]; (iv) Powin China Holdings 1, LLC [1422]; (v) Powin China Holdings 2, LLC [9713]; (vi) Charger Holdings, LLC [5241]; (vii) Powin Energy Ontario Storage, LLC [8348]; (viii) Powin Energy Operating Holdings, LLC [2495]; (ix) Powin Energy Operating, LLC [6487]; (x) Powin Energy Storage 2, Inc. [9926]; (xi) Powin Energy Ontario Storage II LP [5787]; (xii) Powin Canada B.C. Ltd. [2239].  The Debtors' mailing address is 20550 SW 115th Avenue, Tualatin, OR 97062.

| **GENOVA BURNS LLC** | **BROWN RUDNICK LLP** |
|---|---|
| Daniel M. Stolz, Esq. | Robert J. Stark, Esq. |
| Donald W. Clarke, Esq. | Kenneth J. Aulet, Esq. |
| Susan A. Long, Esq. | Bennett S. Silverberg, Esq. |
| Jaclynn N. McDonnell, Esq. | rstark@brownrudnick.com |
| dstolz@genovaburns.com | kaulet@brownrudnick.com |
| dclarke@genovaburns.com | bsilverberg@brownrudnick.com |
| slong@genovaburns.com | Seven Times Square |
| jmcdonnell@genovaburns.com | New York, NY 10036 |
| 110 Allen Road, Suite 304 | Tel: (212) 209-4800 |
| Basking Ridge, NJ 07920 | Fax: (212) 209-4801 |
| Tel: (973) 533-0777 | |
| Fax: (973) 814-4045 | *Counsel for the* |
| | *Official Committee of Unsecured Creditors* |
| *Local Counsel for the Official* | |
| *Committee of Unsecured Creditors* | |

This Stipulation (the "Stipulation" or "Protective Order") is entered into by and between the undersigned counsel, acting for and on behalf of their respective clients as well as: (a) the Debtors and (b) the Official Committee of Unsecured Creditors (the "Committee") (the "Parties" and each a "Party") and applies to all documents produced in the above-captioned matter.

WHEREAS, on June 9, 2025 (the "Petition Date"), each Debtor commenced a voluntary case (the "Bankruptcy") under chapter 11 of title 11 of the United States Code (as amended, the "Bankruptcy Code") in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court" or "Court");

WHEREAS, the Committee has sought information from the Debtors and other parties in interest, and any of the parties in interest in this matter may serve additional discovery requests or produce documents to each other in these chapter 11 cases and related adversary proceedings (all documents and information produced in this matter are collectively referred to as the "Discovery Materials");

WHEREAS, the Parties have agreed that the Discovery Materials shall be subject to a protective order, pursuant to <u>Federal Rule of Bankruptcy Procedure 7026</u>, and <u>Federal Rule of Civil Procedure 26</u>, to protect privilege and the confidentiality of sensitive information; and

WHEREAS, the Parties have entered into this Stipulation and agreed to be bound by its terms, subject to approval by the Court; pending such approval, the Parties agree that all Discovery Material will continue to be treated as "Confidential" as described below.

NOW THEREFORE, IT IS HEREBY STIPULATED, AGREED, AND UPON COURT APPROVAL, IT IS ORDERED THAT:

1.    <u>Designation of Documents</u>.  Any Party or third party producing Discovery Material (the "<u>Producing Party</u>") in response to formal or informal discovery requests promulgated by any party (the "<u>Receiving Party</u>") may designate Discovery Material as "Confidential Material" or "Highly Confidential Material" (any such Discovery Material, "<u>Designated Material</u>") in accordance with the following provisions:

a.    <u>Confidential Material</u>: A Producing Party may designate Discovery Material as "Confidential" if such Producing Party believes in good faith that such Discovery Material constitutes or includes information that: (i) constitutes or contains technical, business, financial, personal, or other information of a nature that can be protected under Rule 26(c) of the Federal Rules of Civil Procedure and Federal Rules of Bankruptcy Procedure 7026 or 9018; (ii) is subject by law, by contract, or Court order to a legally protected right of privacy; or (iii) the Producing Party is under a preexisting obligation to a third-party to treat as confidential.

b.    <u>Highly Confidential Material</u>: A Producing Party may designate Discovery Material as "Highly Confidential" if such Producing Party believes in good faith

that such Discovery Material is of such confidential nature that a risk of competitive injury may be created if it were disclosed to persons other than those identified in Paragraphs 2(a) of this Order, such as trade secrets or sensitive financial or business information.

c. <u>Exclusions:</u> Confidential Material and Highly Confidential Material does not include information which: (a) is or becomes generally available to the public other than as a result of a disclosure by the Receiving Party in violation of this Stipulation or another improper disclosure by any person; (b) was available to the Receiving Party on a non-confidential basis prior to its disclosure by the Producing Party; (c) becomes available to the Receiving Party on a non-confidential basis from a Person other than the Producing Party who is not otherwise bound by a confidentiality agreement prohibiting disclosure of such information; (d) has been independently developed by the Receiving Party without reference to any Confidential or Highly Confidential Material; or (e) the Producing Party has previously authorized the Receiving Party in writing to divulge or communicate to third parties.

A Producing Party shall designate Discovery Materials as Confidential or Highly Confidential Discovery Material by applying the legend "Confidential" or "Highly Confidential" to each page containing any Confidential or Highly Confidential Discovery Material. In the case of electronically stored information, the "Confidential" or "Highly Confidential" legend, if any, shall be printed on the cover or container of the disk, tape, electronic folder, or other medium in which the electronic form data is stored. If practical, the "Confidential" or "Highly Confidential" legend shall also be applied, by electronic means to each electronic document or other electronically stored

information containing any Confidential or Highly Confidential Discovery Materials; provided that the electronic document or other electronically stored information shall still be treated as "Confidential" or "Highly Confidential" if the cover , container, or folder is so designated even if each document is not so designated. The failure to designate Discovery Material as "Confidential" or "Highly Confidential" does not constitute a waiver of such claim, and a Producing Party may so designate Discovery Material after such Discovery Material has been produced in accordance with paragraph 9, with the effect that such Discovery Material is subject thereafter to the protections of this Stipulation.

2.      Treatment of Confidential and Highly Confidential Discovery Material.    Any Discovery Material designated as "Confidential" or "Highly Confidential" shall be maintained in confidence by any Receiving Party and shall be stored under the direct control of counsel of record who shall be responsible for preventing any disclosure not in accordance with this Stipulation.

a.    Disclosing Highly Confidential Material.    Highly Confidential Material shall only be disclosed to outside counsel and in-house counsel to a Party, and legal assistants, secretaries, or staff, and outside consultants, financial advisors, or experts to such Party.  Outside consultants, financial advisors, or experts to Parties may only receive Highly Confidential Discovery Material after executing a Non-Disclosure Declaration in the form annexed as an Exhibit hereto. Counsel for the Committee may also provide their client with high level summaries of Highly Confidential Discovery Material provided that the members of the Committee agree that no such information will be disclosed to any person outside of the Committee or not otherwise permitted to receive the information under this section 2(a).

b.    Disclosing Confidential Material.  In addition to the persons identified in the above

section 2(a), Confidential Material shall only be disclosed to:

    i.   The members of the Committee;

    ii.   Any current employee, officer, director, or other manager or member of the Debtors and/or any affiliate of the Debtors;

    iii.   Court officials involved in these chapter 11 cases;

    iv.   Court-reporting personnel involved in taking or transcribing testimony in these chapter 11 cases;

    v.   Authors and addressees of the designated Discovery Material;

    vi.   Any other person designated by order of the Court; and

    vii.   Any mediator engaged by the Parties or appointed by the Court.

3.    <u>Public Disclosure, Including, But Not Limited to Disclosures In Court Filings</u> Any public filing or communication that seeks to quote or otherwise include Confidential or Highly Confidential Material, shall be filed under seal with the Bankruptcy Court in accordance with the procedures provided in Paragraph 7 below.

4.    <u>Permitted Purposes</u>. All Discovery Materials disclosed pursuant to this Stipulation, whether or not containing Confidential or Highly Confidential Materials, shall be used solely in connection with these chapter 11 cases (including any adversary proceeding or contested matter in these chapter 11 cases) and not for any other legal, business, commercial, competitive, personal, or other purpose. Any summary, compilation, notes, memoranda, analysis, copy, electronic image, or database containing Confidential or Highly Confidential Material, and any electronic image or database containing Confidential or Highly Confidential Material shall be subject to the terms of this Stipulation to the same extent as the Discovery Material from which such summary, compilation, notes, copy, memoranda, analysis, electronic image, or database is derived. No

Confidential or Highly Confidential Material shall be used for any other purpose, including business, governmental, commercial, administrative, or other judicial proceedings. Notwithstanding the foregoing, nothing in the Stipulation shall prevent a Party from using or disclosing its own Discovery Materials in any way or from using in any way any Discovery Materials to the extent such Discovery Materials (i) were already in the Party's possession when the same Discovery Materials are received from a Producing Party and are not subject to any other obligation of confidentiality to any other person; (ii) are received or become available to a Party on a non-confidential basis that does not violate this Stipulation or any other obligation of confidentiality to any other person; (iii) were independently developed by such Party without reference to any Confidential or Highly Confidential Material; or (iv) are published or become publicly available in a manner that is not in violation of this Stipulation or of any obligation of confidentiality to any other person.

5.    <u>Third Party Disclosures</u>. The production of any Confidential or Highly Confidential Discovery Material by any non-party in these chapter 11 cases shall be subject to and governed by the terms of this Stipulation.

6.    <u>Preservation of Privileges and Clawbacks</u>. This Order is entered pursuant to Federal Rule of Evidence 502(d). In accordance therewith, all privileges, protections, confidentiality, and immunities (including, without limitation, the attorney-client privilege and the attorney work product doctrine) shall remain in effect as to any privileged Discovery Material shared, and shall not be waived or in any way impaired in connection with these chapter 11 cases, including in connection with any or current or subsequent adversary proceeding or contested matter in these chapter 11 cases or in any other Federal, State or other proceeding outside these cases, by production, or by disclosing such Discovery Material to the Court in the context of

resolving a request or dispute as to sealing.

    a.   Any party that determines it may have inadvertently received protected information shall promptly notify the Producing Party.  If a Producing Party that produces or otherwise discloses information thereafter claims that such information is protected by any privilege or attorney work product protection ("Disclosed Protected Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection that the Producing Party would otherwise be entitled to assert with respect to the Disclosed Protected Information and its subject matter in this proceeding or in any other federal or state proceeding. The parties stipulate by entering this Order that the Court shall provide the maximum protection allowed by Rule 502(d).

    b.   Any Producing Party may request, in writing, the return of any Disclosed Protected Information by identifying it and stating the basis for withholding such material or information from production.

    c.   If a Producing Party requests the return of such Disclosed Protected Information then in the custody of one or more parties, the receiving parties shall immediately stop any review of the document, and—unless it contests the claim of attorney-client privilege or work product protection—within five (5) business days of receipt of written notice (i) destroy or return to the Producing Party the Disclosed Protected Information and all copies thereof, and (ii) provide a certification of counsel that all of the Disclosed Protected Information has been returned or destroyed.

    d.   If a party wishes to challenge the claim of privilege or work product protection, it must sequester the material until the issue can be resolved and may not review it for

any reason.  The parties agree to meet and confer regarding the challenge, and if, at the conclusion of that process, the parties are still not in agreement, they may bring the issue to the Court for resolution.

7.      <u>Sealing of Designated Material Filed With or Submitted to the Court</u>. For the avoidance of doubt, Confidential or Highly Confidential Discovery Material shall not be disseminated to creditors or other stakeholders generally without the Producing Party's express written consent or an order of the Court permitting such dissemination.  Otherwise, pleadings, documents, or other papers (or attachments thereto) containing Confidential or Highly Confidential Discovery Material that a Party seeks to file with the Court shall be handled in the following manner:

a.      The pleadings, documents, or other papers (or attachments thereto) containing Designated Materials should be redacted to remove all portions containing Designated Material, and the Party seeking to file or communicate these materials to creditors (the "<u>Filing Party</u>") shall file the pleadings, documents, or other papers (or attachments thereto) with the aforementioned redactions on the Court's electronic docket.

b.      The Filing Party shall give one business day's advance notice to the Producing Party that designated the subject Discovery Materials of its intent to file redacted designated material, and shall, contemporaneously with the aforementioned redacted filing, provide unredacted copies of the pleadings, documents, or other papers under seal to the Debtors, the U.S. Trustee, and the Producing Party that designated the subject Discovery Materials.

c.      Such Producing Party shall file a motion to seal (a "<u>Motion to Seal</u>") under section

Case 25-16137-MBK    Doc 290-1    Filed 10/24/25    Entered 10/24/25 10:29:44    Desc
Exhibit Exhibit A - Proposed Confidentiality Stipulation and Protective Order    Page 10 of 20
Case 25-16137-MBK    Doc 290    Filed 10/24/25    Entered 10/24/25 10:23:44    Desc
Imaged Certification of Notice    Page 10 of 27

107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Rule 9018-1 of the

Local Rules of the United States Bankruptcy Court for the District of New Jersey

(the "Local Rules") with legal support for the requested sealing and any other

related relief sought from the Court. For the avoidance of doubt, only the Producing

Party that designated the subject Discovery Materials bears the burden of

supporting the requested sealing, and the Filing Party must not file publicly any

designated Discovery Materials but may oppose the Motion to Seal.

d.   Each Filing Party shall use best efforts when filing with the Court pleadings,

documents, or other papers (or attachments thereto) to remove Designated Material

from pleadings, documents, or other papers (or attachments thereto).  If a Filing

Party believes in good faith that a pleading relies on Designated Material to such a

degree that it is impractical for the Filing Party to conclusively determine all aspects

of the pleading that could disclose Designated Material, the Filing Party may file the

entire pleading under seal, and serve the Producing Parties with proposed

redactions.  In such event, the Producing Parties shall propose any additional

requested redactions within five (5) business days (or indicate which proposed

redactions are not required), at which point a redacted pleading shall be filed.

e.   The Court shall decide whether sealing is appropriate pursuant to section 107(b) of

the Bankruptcy Code and Bankruptcy Rule 9018.  Until the Court decides the

Motion to Seal, the pleading, document, or other paper (or attachments thereto)

shall remain under seal.

8.   Compelled Disclosure.  Notwithstanding the foregoing, solely in the event that a

Receiving Party is requested or required (through discovery, subpoena, civil investigative demand,

or other similar legal or investigative process) to disclose any of the Confidential or Highly Confidential Discovery Material, to the extent permitted by law the Receiving Party shall provide the Producing Party with prompt written notice of any such request or requirement so that the Producing Party may seek a protective order or other appropriate remedy and/or waive compliance with the provisions of this Stipulation in respect of such request or requirement.  If, in the absence of a protective order or other remedy or the receipt of a waiver by the Producing Party, a Receiving Party is nonetheless, in the opinion of its counsel, legally compelled to disclose such Confidential or Highly Confidential Discovery Material or else be liable for contempt or suffer other censure or significant penalty, the Receiving Party may, without liability under this Stipulation, disclose only that portion of the Confidential or Highly Confidential Discovery Material which its counsel advises it is legally required to be disclosed, provided that the Receiving Party exercises its commercially reasonable efforts to preserve the confidentiality of the Confidential or Highly Confidential Discovery Material, including, without limitation, by taking commercially reasonable measures to cooperate with the Producing Party to obtain an appropriate protective order or other reliable assurance that confidential treatment will be accorded the Confidential or Highly Confidential Discovery Material by the party to whom such material will be produced, and then only with as much prior written notice to the Producing Party as is practical under the circumstances.  In no event will a Receiving Party oppose action by a Producing Party to obtain a protective order or other relief to prevent the disclosure of the Confidential or Highly Confidential Discovery Material or to obtain reliable assurance that confidential treatment will be afforded the Confidential or Highly Confidential Discovery Material.

    9.    <u>No Waiver</u>.  Neither this Stipulation nor disclosure of any Confidential or Highly Confidential Discovery Material by a Producing Party shall be deemed by implication or otherwise

to vest in the Receiving Party rights in or to such Confidential or Highly Confidential Discovery

Material other than the right to use such Confidential or Highly Confidential Discovery Material

solely in accordance with this Stipulation. It is understood and agreed by the Parties that no failure

or delay by a Producing Party in exercising any right, power, or privilege pursuant to this

Stipulation shall operate as a waiver thereof, nor shall any single or partial exercise thereof

preclude any other or further exercise thereof or the exercise of any right, power or privilege

pursuant to this Stipulation. If at any time a Producing Party determines or realizes that certain

testimony or some portion(s) of Discovery Materials that it previously produced should be

designated as "Confidential" or "Highly Confidential," the Producing Party may apprise the Parties

in writing, and such designated testimony or portion(s) of Discovery Materials will thereafter be

treated as Confidential or Highly Confidential Discovery Materials under the terms of this

Stipulation and Protective Order, provided, however, that the Producing Party shall, at its cost,

provide the Receiving Party with substitute copies, bearing the legend "Confidential" or the legend

"Highly Confidential," of any such Discovery Materials at which time the Receiving Party shall

promptly return to the Producing Party the copies of such substituted Discovery Materials. Entry

into this Stipulation and/or producing Confidential or Highly Confidential Discovery Material

pursuant hereto shall not prejudice in any way a Producing Party's rights to object to the

authenticity or admissibility into evidence of any testimony or other evidence subject hereto.

10.    <u>Objections to Designation</u>. By agreeing to this Protective Order, the Parties do not

concede that any material designated Confidential or Highly Confidential has been properly

designated or must be protected from disclosure under the Applicable Rules and Law. Any Party

may move at any time for relief from the provisions of this Protective Order with respect to

confidentiality designations as set forth herein. In the event a Receiving Party objects to any

designation of testimony or Discovery Materials as "Confidential" or "Highly Confidential" or wants to show Highly Confidential documents to its clients or persons other than counsel, retained professionals, or retained experts, the Receiving Party shall so inform the Producing Party, stating the grounds of the objection. The Parties shall have five business (5) days to meet and confer and resolve any objection involving less than 20 documents, at the end of which the Producing Party may seek a ruling from the Court, on no less than ten (10) business days' notice to the Receiving Party, provided that no Confidential or Highly Confidential Discovery Material shall be filed in the public record or otherwise disclosed prior to a determination by the Court that it does not meet the requirements for sealing under section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018. If a Receiving Party challenges the designation of more than 20 documents, the Receiving Party and Producing Party shall work in good faith to establish a reasonable schedule for addressing challenges to confidentiality designations. For the avoidance of doubt, a Receiving Party may objection to the designation at any time and is not required to do so within any specific time period.

11.    <u>Use in Depositions</u>.    If Confidential or Highly Confidential Discovery Materials are utilized in a deposition, then it shall be indicated on the record by counsel for one of the Parties (or, if counsel for the Producing Party is present, by counsel for the Producing Party) that a question, or a line of questioning concerning a particular subject matter, calls for Confidential or Highly Confidential Discovery Material, in which case the transcript of the designated testimony (if any) shall be bound in a separate volume and marked "Confidential Discovery Material Governed by Protective Order" or "Highly Confidential Discovery Material Governed by Protective Order" by the reporter. Any Party may also designate the actual transcript of a deposition or any portion thereof as "Confidential" or "Highly Confidential" by stating as such on

the record of such deposition. All depositions shall be treated as "Highly Confidential" under this Stipulation and Protective Order until five business days after a transcript is made available by the Court Reporter to the person defending the deposition, and during that five-day period the lawyer defending the deposition shall advise the Parties and the Court Reporter of what additional portions of the deposition, if any, should receive a "Highly Confidential" or a "Confidential" designation.

12.    <u>Use In Open Court</u>. As part of any pretrial conference or any meet and confer regarding the use of exhibits in any evidentiary hearing, and at least 1 business day (or if not practicable, as soon as practicable) prior to the use of any Designated Material at trial or any hearing to be held in open court, counsel for any Party who desires to offer or use Designated Material it received from a Producing Party shall meet and confer in good faith with the Producing Party together with any other Parties in interest to discuss ways to redact the Designated Material so that the material may be offered or otherwise used by any party, in accordance with the provisions of the Bankruptcy Code and Bankruptcy Rules. If the Parties are unable to resolve a dispute related to such Designated Material, the parties will jointly contact the Court regarding a conference prior to the start of trial or hearing to address confidentiality issues, and the Producing Party will bear the burden of demonstrating why such Designated Material should remain confidential at such trial or hearing. Designated Material marked Confidential or Highly Confidential may not be used in open court without the Producing Party's consent prior to the Court having made such a determination unless there is no practical alternative.

13.    <u>Use by Any Professional Firm or Individual Retained in Connection With These Chapter 11 Cases</u>. Counsel for the Party retaining any professional firm or individual in connection with these chapter 11 cases, including outside consultants, financial advisors or experts (collectively, the "<u>Permitted Recipients</u>," and each a "<u>Permitted Recipient</u>") shall provide a copy

of this Stipulation to the Permitted Recipient or a representative of the Permitted Recipient, and the Permitted Recipient or a representative of the Permitted Recipient must execute a Non-Disclosure Declaration in the form annexed as an Exhibit hereto prior to the Permitted Recipient receiving any Confidential or Highly Confidential Discovery Material.

14.    <u>Enforcement Pending Entry</u>.  The Parties agree to be bound by the terms of this Stipulation pending the entry of this Stipulation as an order of the Court, and any violation of its terms shall be subject to the same sanctions and penalties as if this Stipulation has been entered by the Court. The provisions of this Stipulation shall, absent written permission of the Producing Party or further order of the Court, continue to be binding throughout and after the conclusion of these chapter 11 cases.  For the avoidance of doubt, documents produced by the Debtors to the Committee prior to the Parties' agreement to the terms of this Order shall be considered "Confidential" pursuant to this Protective Order until otherwise designated in writing by counsel to the Debtors or Order of the Bankruptcy Court.

15.    <u>Disposition of Confidential or Highly Confidential Discovery Material</u>.  Within thirty (30) days after receiving notice of the entry of an order, judgment, or decree finally disposing of or resolving any and all disputes among the Parties' hereto arising out of or relating to these chapter 11 cases and/or adversary proceedings, including the exhaustion of all possible appeals and other review, all persons having received Confidential or Highly Confidential Discovery Material shall either return such material and all copies thereof (including summaries and excerpts) to the Producing Parties or destroy all such Confidential or Highly Confidential Discovery Material and certify that fact to the Producing Parties.  Discovery Material that has been received electronically and that cannot be returned or destroyed must be electronically deleted and deleted from "trash" files.  To the extent any Confidential or Highly Confidential Discovery Material exist

in whole or in part on computer backup tapes or otherwise not readily accessible media used for disaster recovery purposes, information from such media does not need to be restored for purposes of destroying or returning the Discovery Materials to the Producing Party, but such retained information shall continue to be treated in accordance with this Stipulation. This paragraph 15 applies to Confidential and Highly Confidential Discovery Material only and does not require that counsel for the Parties destroy work product or correspondence.

16.     Any Party or non-party may seek relief from, or modification of, this Stipulation or any provision thereof by properly noticed motion to the Court.

17.     This Stipulation may be signed in counterparts, which, when fully executed, shall constitute a single original and electronic signatures shall be deemed original signatures.

18.     Nothing contained herein shall be deemed a waiver or relinquishment by the Parties of any objection, including but not limited to any objection concerning the alleged confidentiality, designation of Designated Material, or proprietary nature of any documents, information, any right to object to any discovery request, or any right to object to the admissibility of evidence on any ground, or to seek any further protective order, or to seek relief from the Court or any other applicable court from any provision of this Order by motion on notice on any grounds.

[*Signature pages to follow.*]

**AGREED TO BY:**

**DENTONS US LLP**

/s/ *Tanya M. Moyron*

Tania M. Moyron (admitted *pro hac vice*)
Van C. Durrer, II (admitted *pro hac vice*)
601 S. Figueroa St. #2500
Los Angeles, CA 90017
Tel: 213-623-9300
tania.moyron@denton.com
Van.durrer@dentons.com

John D. Beck (admitted *pro hac vice*)
Sarah M. Schrag (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020-1089
Tel: 212-768-6700
john.beck@dentons.com
sarah.schrag@dentons.com

**TOGUT, SEGAL & SEGAL LLP**

/s/ *Frank A. Oswald*

Frank A. Oswald (admitted)
550 Broad Street, Suite 1508
Newark, NJ 07102
Tel: 212-594-5000
frankoswald@teamtogut.com

Albert Togut (admitted *pro hac vice*)
Amanda C. Glaubach (admitted *pro hac vice*)
Eitan Blander (admitted *pro hac vice*)
One Penn Plaza, Suite 3335
New York, NY 10119
Tel: (212) 594-5000
altogut@teamtogut.com
aglaubach@teamtogut.com
eblander@teamtogut.com

*Counsel to the Debtors*

*- and –*

**BROWN RUDNICK LLP**

/s/ *Robert J. Stark*

Robert J. Stark, Esq.
Kenneth J. Aulet, Esq. (admitted *pro hac vice*)
Bennett S. Silverberg, Esq. (admitted *pro hac vice*)
Seven Times Square
New York, New York 10036
(212) 209-4800
rstark@brownrudnick.com
kaulet@brownrudnick.com
bsilverberg@brownrudnick.com

**GENOVA BURNS LLC**

/s/ *Donald W. Clarke*

Daniel M. Stolz, Esq.
Donald W. Clarke, Esq.
Susan A. Long, Esq.
Jaclynn N. McDonnell
110 Allen Rd., Suite 304
Basking Ridge, NJ 07920
(973) 230-2095
dstolz@genovaburns.com
dclarke@genovaburns.com
slong@genovaburns.com
jmcdonnell@genovaburns.com

*Counsel for the Official*
*Committee of Unsecured Creditors*

**EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

```
-----------------------------------------------------------x
                                        :    Chapter 11
    In re:                              :
                                        :    Case: 25-16137 (MBK)
    Powin, LLC, et al.,                 :
                                        :    (Jointly Administered)
                          Debtors.      :
                                        :
-----------------------------------------------------------x
```

I, _____, state that:

1.      My address is_____.

2.      My present occupation or job description is _____.

3.      I have received a copy of the Confidentiality Stipulation and Protective Order (the "Stipulation") entered in the above-entitled action on _____.

4.      I have carefully read and understand the provisions of the Stipulation.

5.      I will comply with all provisions of the Stipulation.

6.      I will hold in confidence, will not disclose to anyone not qualified under the Stipulation, and will use only for purposes of this action, any Confidential or Highly Confidential Discovery Material that is disclosed to me.

7.      I will return or destroy all Confidential or Highly Confidential Discovery Material that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained, or to counsel from whom I received the Confidential or Highly Confidential Discovery Material.

8.      I hereby submit to the jurisdiction of this court for the purpose of enforcement of the Stipulation in this action.

1

Party: _____     Name: _____

Title: _____

Signature: _____

Date: _____

United States Bankruptcy Court

District of New Jersey

In re:                                                                    Case No. 25-16137-MBK

Powin, LLC                                                          Chapter 11

    Debtor

# CERTIFICATE OF NOTICE

| District/off: 0312-3 | User: admin | Page 1 of 7 |
|---|---|---|
| Date Rcvd: Oct 31, 2025 | Form ID: pdf903 | Total Noticed: 1 |

The following symbols are used throughout this certificate:

**Symbol**    **Definition**

+          Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Nov 02, 2025:**

**Recip ID**          **Recipient Name and Address**
db           +  Powin, LLC, 20550 SW 115th Avenue, Tualatin, OR 97062-6857

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).
NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**
NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 02, 2025          Signature:       /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on October 31, 2025 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Alan J. Brody | on behalf of Interested Party Stem  Inc. brodya@gtlaw.com, alan-brody-2138@ecf.pacerpro.com |
| Anne B. Sekel | on behalf of Creditor AMP Solar US Services LLC  n/k/a PureSky US Services LLC asekel@foley.com, jnicholson@foley.com;jlee@foley.com |
| Arthur Abramowitz | on behalf of Creditor Ace Engineering aabramowitz@shermansilverstein.com  jbaugh@shermansilverstein.com |
| Barbra Rachel Parlin | on behalf of Creditor El Sol Storage Energy LLC barbra.parlin@hklaw.com elvin.ramos@hklaw.com;glenn.huzinec@hklaw.com,HAPI@HKLAW.COM;hapi@hklaw.com;jjalemany@hklaw.com |
| Barbra Rachel Parlin | on behalf of Creditor El Sol Energy Storage LLC barbra.parlin@hklaw.com elvin.ramos@hklaw.com;glenn.huzinec@hklaw.com,HAPI@HKLAW.COM;hapi@hklaw.com;jjalemany@hklaw.com |

Barbra Rachel Parlin
on behalf of Creditor Arizona Storage Development LLC barbra.parlin@hklaw.com
elvin.ramos@hklaw.com;glenn.huzinec@hklaw.com,HAPI@HKLAW.COM;hapi@hklaw.com;jjalemany@hklaw.com

Barbra Rachel Parlin
on behalf of Creditor Invenergy Storage Development LLC barbra.parlin@hklaw.com
elvin.ramos@hklaw.com;glenn.huzinec@hklaw.com,HAPI@HKLAW.COM;hapi@hklaw.com;jjalemany@hklaw.com

Barbra Rachel Parlin
on behalf of Creditor Invenergy  LLC barbra.parlin@hklaw.com,
elvin.ramos@hklaw.com;glenn.huzinec@hklaw.com,HAPI@HKLAW.COM;hapi@hklaw.com;jjalemany@hklaw.com

Barbra Rachel Parlin
on behalf of Creditor Yuma Solar Energy LLC barbra.parlin@hklaw.com
elvin.ramos@hklaw.com;glenn.huzinec@hklaw.com,HAPI@HKLAW.COM;hapi@hklaw.com;jjalemany@hklaw.com

Barbra Rachel Parlin
on behalf of Creditor Invenergy Services LLC barbra.parlin@hklaw.com
elvin.ramos@hklaw.com;glenn.huzinec@hklaw.com,HAPI@HKLAW.COM;hapi@hklaw.com;jjalemany@hklaw.com

Barbra Rachel Parlin
on behalf of Creditor MG HR S de R.L. de C.V. barbra.parlin@hklaw.com
elvin.ramos@hklaw.com;glenn.huzinec@hklaw.com,HAPI@HKLAW.COM;hapi@hklaw.com;jjalemany@hklaw.com

Blake Denton
on behalf of Creditor FlexGen Power Systems  LLC blake.denton@lw.com

Boaz Cohen
on behalf of Creditor Hitachi Energy Power Conversion Solutions  S.L.U., f/k/a Experience Knowledge Strategy, S.L.
bcohen@kramerlevin.com

Boaz Cohen
on behalf of Creditor Hitachi Energy Power Conversion Solutions Spain S.L., f/k/a Experience Knowledge Strategy, S.L.
bcohen@kramerlevin.com

Boaz Cohen
on behalf of Creditor Hitachi Energy Ltd bcohen@kramerlevin.com

Brett S. Theisen
on behalf of Creditor GLAS USA LLC btheisen@gibbonslaw.com  nmitchell@gibbonslaw.com

Brett S. Theisen
on behalf of Interested Party Galp Parques Fotovoltaicos de Alcoutim  Lda btheisen@gibbonslaw.com,
nmitchell@gibbonslaw.com

Cameron Deane
on behalf of Creditor Toyota Industries Commercial Finance  Inc. cdeane@weltman.com

Courtney Brown
on behalf of Creditor Mitsubishi Electric Power Products  Inc. cmbrown@vedderprice.com,
ecfnydocket@vedderprice.com,courtney-brown-3667@ecf.pacerpro.com

Daniel Harris
on behalf of Interested Party BHER Ravenswood Solar 1  LLC dharris@coleschotz.com, ddelehanty@coleschotz.com

Daniel Stolz
on behalf of Attorney Brown Rudnick LLP dstolz@genovaburns.com  dstolz@ecf.inforuptcy.com;msousa@genovaburns.com

Daniel Stolz
on behalf of Creditor Committee Official Committee of Unsecured Creditors dstolz@genovaburns.com
dstolz@ecf.inforuptcy.com;msousa@genovaburns.com

Daniel Stolz
on behalf of Attorney Genova Burns LLC dstolz@genovaburns.com  dstolz@ecf.inforuptcy.com;msousa@genovaburns.com

Daniel Stolz
on behalf of Other Prof. Alvarez & Marsal North America  LLC dstolz@genovaburns.com,
dstolz@ecf.inforuptcy.com;msousa@genovaburns.com

Daniel C Fleming
on behalf of Creditor ORR Protection Systems  Inc. dfleming@wongfleming.com, sshalloo@wongfleming.com

David A. Pisciotta
on behalf of Creditor GLAS USA LLC dpisciotta@reedsmith.com
david-pisciotta-4680@ecf.pacerpro.com;docketingecfnyc@reedsmith.com

David E. Sklar
on behalf of Interested Party Leeward Renewable Energy  LLC, on behalf of Rabbitbrush Solar, LLC, Chaparral Springs, LLC,
and Antelope Valley BESS, LLC dsklar@pashmanstein.com, lsalcedo@pashmanstein.com;gkarnick@pashmanstein.com

David E. Sklar
on behalf of Interested Party DTE Electric Company dsklar@pashmanstein.com
lsalcedo@pashmanstein.com;gkarnick@pashmanstein.com

District/off: 0312-3                          User: admin                                    Page 3 of 7
Date Rcvd: Oct 31, 2025                       Form ID: pdf903                           Total Noticed: 1

David E. Sklar
on behalf of Interested Party Poblano Energy Storage  LLC, Strata Solar Services, LLC, and Strata Storage, LLC
dsklar@pashmanstein.com, lsalcedo@pashmanstein.com;gkarnick@pashmanstein.com

David E. Sklar
on behalf of Interested Party Longroad Development Company  LLC, on behalf of Serrano Solar, LLC, Sun Streams PVS, LLC,
and Sun Streams Expansion, LLC dsklar@pashmanstein.com, lsalcedo@pashmanstein.com;gkarnick@pashmanstein.com

David E. Sklar
on behalf of Interested Party Longroad Energy Partners  on behalf of Serrano Solar, LLC, Sun Streams PVS, LLC, and Sun
Streams Expansion, LLC dsklar@pashmanstein.com, lsalcedo@pashmanstein.com;gkarnick@pashmanstein.com

David E. Sklar
on behalf of Interested Party Poblano Energy Storage  LLC dsklar@pashmanstein.com,
lsalcedo@pashmanstein.com;gkarnick@pashmanstein.com

David H. Pikus
on behalf of Creditor Expeditors International of Washington  INC dpikus@bressler.com

Deanna Boll
on behalf of Creditor Apex Clean Energy Holdings  LLC dboll@mwe.com, dnorthrop@mwe.com

Donald W Clarke
on behalf of Attorney Brown Rudnick LLP dclarke@genovaburns.com  dclarke@ecf.inforuptcy.com;dclarke@ecfalerts.com

Donald W Clarke
on behalf of Creditor Committee Official Committee of Unsecured Creditors dclarke@genovaburns.com
dclarke@ecf.inforuptcy.com;dclarke@ecfalerts.com

Donald W Clarke
on behalf of Other Prof. Alvarez & Marsal North America  LLC dclarke@genovaburns.com,
dclarke@ecf.inforuptcy.com;dclarke@ecfalerts.com

Douglas J. McGill
on behalf of Creditor Bergstrom Inc. dmcgill@webbermcgill.com

Evan Lazerowitz
on behalf of Creditor Enel Produzione S.p.A elazerowitz@rc.com  efiling-notice@ecf.pacerpro.com

Felice R. Yudkin
on behalf of Interested Party BHER Ravenswood Solar 1  LLC fyudkin@coleschotz.com, fpisano@coleschotz.com

Frank A. Oswald
on behalf of Defendant Powin Energy Operating Holdings  LLC frankoswald@teamtogut.com,
seratner@teamtogut.com;dperson@teamtogut.com;altogut@teamtogut.com;jcohen@teamtogut.com;eblander@teamtogut.com;cgr
ady@teamtogut.com

Frank A. Oswald
on behalf of Debtor Powin Energy Operating  LLC frankoswald@teamtogut.com,
seratner@teamtogut.com;dperson@teamtogut.com;altogut@teamtogut.com;jcohen@teamtogut.com;eblander@teamtogut.com;cgr
ady@teamtogut.com

Frank A. Oswald
on behalf of Defendant Powin  LLC frankoswald@teamtogut.com,
seratner@teamtogut.com;dperson@teamtogut.com;altogut@teamtogut.com;jcohen@teamtogut.com;eblander@teamtogut.com;cgr
ady@teamtogut.com

Frank A. Oswald
on behalf of Debtor Powin Project LLC frankoswald@teamtogut.com
seratner@teamtogut.com;dperson@teamtogut.com;altogut@teamtogut.com;jcohen@teamtogut.com;eblander@teamtogut.com;cgr
ady@teamtogut.com

Frank A. Oswald
on behalf of Debtor Powin Energy Ontario Storage  LLC frankoswald@teamtogut.com,
seratner@teamtogut.com;dperson@teamtogut.com;altogut@teamtogut.com;jcohen@teamtogut.com;eblander@teamtogut.com;cgr
ady@teamtogut.com

Frank A. Oswald
on behalf of Debtor Powin China Holdings 1  LLC frankoswald@teamtogut.com,
seratner@teamtogut.com;dperson@teamtogut.com;altogut@teamtogut.com;jcohen@teamtogut.com;eblander@teamtogut.com;cgr
ady@teamtogut.com

Frank A. Oswald
on behalf of Debtor Powin Energy Operating Holdings  LLC frankoswald@teamtogut.com,
seratner@teamtogut.com;dperson@teamtogut.com;altogut@teamtogut.com;jcohen@teamtogut.com;eblander@teamtogut.com;cgr
ady@teamtogut.com

Frank A. Oswald
on behalf of Debtor Powin  LLC frankoswald@teamtogut.com,
seratner@teamtogut.com;dperson@teamtogut.com;altogut@teamtogut.com;jcohen@teamtogut.com;eblander@teamtogut.com;cgr
ady@teamtogut.com

Frank A. Oswald

Frank A. Oswald
on behalf of Debtor Powin China Holdings 2 LLC frankoswald@teamtogut.com,
seratner@teamtogut.com;dperson@teamtogut.com;altogut@teamtogut.com;jcohen@teamtogut.com;eblander@teamtogut.com;cgrady@teamtogut.com

Frank A. Oswald
on behalf of Defendant Powin Energy Operating  LLC frankoswald@teamtogut.com,
seratner@teamtogut.com;dperson@teamtogut.com;altogut@teamtogut.com;jcohen@teamtogut.com;eblander@teamtogut.com;cgrady@teamtogut.com

Frank A. Oswald
on behalf of Debtor PEOS Holdings  LLC frankoswald@teamtogut.com,
seratner@teamtogut.com;dperson@teamtogut.com;altogut@teamtogut.com;jcohen@teamtogut.com;eblander@teamtogut.com;cgrady@teamtogut.com

Frank A. Oswald
on behalf of Debtor Charger Holdings  LLC frankoswald@teamtogut.com,
seratner@teamtogut.com;dperson@teamtogut.com;altogut@teamtogut.com;jcohen@teamtogut.com;eblander@teamtogut.com;cgrady@teamtogut.com

Frank A. Oswald
on behalf of Attorney Togut  Segal & Segal LLP frankoswald@teamtogut.com,
seratner@teamtogut.com;dperson@teamtogut.com;altogut@teamtogut.com;jcohen@teamtogut.com;eblander@teamtogut.com;cgrady@teamtogut.com

Franklin Barbosa, Jr
on behalf of Creditor CS Energy  LLC fb@spsk.com, clm@spsk.com

Gail C. Lin
on behalf of Plaintiff Brian Palomino gcl@raisnerroupinian.com
rsr@raisnerroupinian.com;jar@raisnerroupinian.com;warnlawyers@raisnerroupinian.com;rrllp@ecf.courtdrive.com

Gregory S. Toma
on behalf of Interested Party Front Range-Midway Solar Project  LLC gtoma@riker.com

Jaclynn McDonnell
on behalf of Creditor Committee Official Committee of Unsecured Creditors jmcdonnell@genovaburns.com
dmendez@genovaburns.com

James N. Lawlor
on behalf of Creditor Munmorah Battery ProjectCo Pty Ltd jlawlor@wmd-law.com

James N. Lawlor
on behalf of Creditor Ulinda Park ProjectCo Pty Ltd jlawlor@wmd-law.com

Jeffrey A. Cooper
on behalf of Interested Party Honeywell International Inc. jcooper@rltlawfirm.com
cooperatty@aol.com;rgaydos@rltlawfirm.com

Jeffrey M. Sponder
on behalf of U.S. Trustee U.S. Trustee jeffrey.m.sponder@usdoj.gov  jeffrey.m.sponder@usdoj.gov

Jennifer Hoover
on behalf of Creditor EPC Services Company jhoover@beneschlaw.com  docket2@beneschlaw.com;lmolinaro@beneschlaw.com

Jennifer Hoover
on behalf of Creditor GreEnergy Resources  LLC jhoover@beneschlaw.com,
docket2@beneschlaw.com;lmolinaro@beneschlaw.com

Jeremy M. Campana
on behalf of Creditor Ultra Corpotech Inc. jeremy.campana@thompsonhine.com  ECFDocket@thompsonhine.com

Jeremy M. Campana
on behalf of Creditor Ultra Corpotech Private Limited jeremy.campana@thompsonhine.com  ECFDocket@thompsonhine.com

Joanna J. Cline
on behalf of Creditor Kupono Solar  LLC joanna.cline@troutman.com, monica.molitor@troutman.com;wlbank@troutman.com

Joanna J. Cline
on behalf of Interested Party Ameresco  Inc. and Kupono Solar, LLC joanna.cline@troutman.com,
monica.molitor@troutman.com;wlbank@troutman.com

John Pintarelli
on behalf of Creditor Mitsubishi Power Americas  Inc. john.pintarelli@pillsburylaw.com

John Pintarelli
on behalf of Creditor Prevalon Energy LLC john.pintarelli@pillsburylaw.com

John S. Mairo
on behalf of Creditor Certain Funds and Accounts Managed by KKR Credit Advisors (US) LLC jmairo@gibbonslaw.com
emunera@gibbonslaw.com

Joseph H. Lemkin
on behalf of Creditor THI Inc jlemkin@stark-stark.com

Joseph H. Lemkin
    on behalf of Creditor Spark Power Renewables USA Inc. jlemkin@stark-stark.com

Joseph J. DiPasquale
    on behalf of Interested Party Specified Technologies  Inc. Jdipasquale@foxrothschild.com,
    aedwards@foxrothschild.com;msteen@foxrothschild.com

Joseph L. Schwartz
    on behalf of Creditor Solar Carver 1  LLC jschwartz@riker.com

Joseph L. Schwartz
    on behalf of Interested Party Front Range-Midway Solar Project  LLC jschwartz@riker.com

Joseph L. Schwartz
    on behalf of Creditor Solar Carver 3  LLC jschwartz@riker.com

Kevin J. Mangan
    on behalf of Interested Party Pennsylvania Insurance Company kevin.mangan@wbd-us.us
    Heidi.sasso@wbd-us.com;cindy.giobbe@wbd-us.com;nichole.wilcher@wbd-us.com

Kevin J. Mangan
    on behalf of Interested Party Applied Surety Underwriters kevin.mangan@wbd-us.com
    Heidi.sasso@wbd-us.com;cindy.giobbe@wbd-us.com;nichole.wilcher@wbd-us.com

Kevin J. Mangan
    on behalf of Interested Party SiriusPoint America Insurance Company kevin.mangan@wbd-us.us
    Heidi.sasso@wbd-us.com;cindy.giobbe@wbd-us.com;nichole.wilcher@wbd-us.com

Kevin M. Capuzzi
    on behalf of Creditor Mesa Logistics Group  LLC d/b/a Trivergix Group kcapuzzi@beneschlaw.com,
    docket2@beneschlaw.com;lmolinaro@beneschlaw.com

Kevin M. Capuzzi
    on behalf of Creditor 8Loop Logistics LLC kcapuzzi@beneschlaw.com  docket2@beneschlaw.com;lmolinaro@beneschlaw.com

Kevin M. Capuzzi
    on behalf of Creditor 8Loop Trans Inc. kcapuzzi@beneschlaw.com  docket2@beneschlaw.com;lmolinaro@beneschlaw.com

Kevin M. Capuzzi
    on behalf of Creditor Mainfreight Inc. kcapuzzi@beneschlaw.com  docket2@beneschlaw.com;lmolinaro@beneschlaw.com

Kyriaki Christodoulou
    on behalf of Creditor Arevon Energy  Inc. kchristodoulou@cullenllp.com

Lauren Bielskie
    on behalf of U.S. Trustee U.S. Trustee lauren.bielskie@usdoj.gov

Lauren M. Macksoud
    on behalf of Debtor Powin Canada B.C. Ltd. lauren.macksoud@dentons.com  docket.general.lit.nyc@dentons.com

Lauren M. Macksoud
    on behalf of Debtor Powin Energy Ontario Storage II LP lauren.macksoud@dentons.com  docket.general.lit.nyc@dentons.com

Lauren M. Macksoud
    on behalf of Debtor Powin  LLC lauren.macksoud@dentons.com, docket.general.lit.nyc@dentons.com

Lauren M. Macksoud
    on behalf of Debtor Powin Energy Storage 2  Inc. lauren.macksoud@dentons.com, docket.general.lit.nyc@dentons.com

Lauren M. Macksoud
    on behalf of Attorney Dentons US LLP lauren.macksoud@dentons.com  docket.general.lit.nyc@dentons.com

Leah Eisenberg
    on behalf of Interested Party DTE Electric Company leisenberg@pashmanstein.com
    leah-eisenberg-0344@ecf.pacerpro.com;gkarnick@pashmanstein.com

Leah Eisenberg
    on behalf of Interested Party Longroad Development Company  LLC, on behalf of Serrano Solar, LLC, Sun Streams PVS, LLC,
    and Sun Streams Expansion, LLC leisenberg@pashmanstein.com,
    leah-eisenberg-0344@ecf.pacerpro.com;gkarnick@pashmanstein.com

Leah Eisenberg
    on behalf of Interested Party Poblano Energy Storage  LLC leisenberg@pashmanstein.com,
    leah-eisenberg-0344@ecf.pacerpro.com;gkarnick@pashmanstein.com

Leah Eisenberg
    on behalf of Interested Party Longroad Energy Partners  on behalf of Serrano Solar, LLC, Sun Streams PVS, LLC, and Sun
    Streams Expansion, LLC leisenberg@pashmanstein.com, leah-eisenberg-0344@ecf.pacerpro.com;gkarnick@pashmanstein.com

Leah Eisenberg
    on behalf of Interested Party Poblano Energy Storage  LLC, Strata Solar Services, LLC, and Strata Storage, LLC
    leisenberg@pashmanstein.com, leah-eisenberg-0344@ecf.pacerpro.com;gkarnick@pashmanstein.com

District/off: 0312-3                                      User: admin                                      Page 6 of 7
Date Rcvd: Oct 31, 2025                                Form ID: pdf903                                 Total Noticed: 1

Leah Eisenberg
on behalf of Interested Party Leeward Renewable Energy  LLC, on behalf of Rabbitbrush Solar, LLC, Chaparral Springs, LLC, and Antelope Valley BESS, LLC leisenberg@pashmanstein.com, leah-eisenberg-0344@ecf.pacerpro.com;gkarnick@pashmanstein.com

Lee M. Cortes, Jr
on behalf of Interested Party Celestica LLC lee.cortes@arnoldporter.com

Lynne B. Xerras
on behalf of Creditor Invenergy Services LLC lynne.xerras@hklaw.com

Lynne B. Xerras
on behalf of Creditor El Sol Energy Storage LLC lynne.xerras@hklaw.com

Lynne B. Xerras
on behalf of Creditor Invenergy Storage Development LLC lynne.xerras@hklaw.com

Lynne B. Xerras
on behalf of Creditor Invenergy  LLC lynne.xerras@hklaw.com

Lynne B. Xerras
on behalf of Creditor El Sol Storage Energy LLC lynne.xerras@hklaw.com

Lynne B. Xerras
on behalf of Creditor Yuma Solar Energy LLC lynne.xerras@hklaw.com

Mark Magnozzi
on behalf of Creditor Oracle America  Inc., successor in interest to NetSuite, Inc. mmagnozzi@magnozzilaw.com

Mark S. Lichtenstein
on behalf of Creditor Sonic Systems International  LLC mark.lichtenstein@akerman.com, Reyko.delpino@akerman.com

Matthew L. Curro
on behalf of Creditor Contemporary Amperex Technology Co.  LTD mcurro@currolaw.com

Max DuVal
on behalf of Creditor Mitsubishi Electric Power Products  Inc. mduval@vedderprice.com

Michael Trentin
on behalf of Creditor EDF Power Solutions  Inc. mtrentin@orrick.com, ssallie@coleschotz.com;dcarnie@orrick.com

Michael Trentin
on behalf of Creditor PowerFlex Systems  Inc. mtrentin@orrick.com, ssallie@coleschotz.com;dcarnie@orrick.com

Michael Trentin
on behalf of Creditor EsVolta  L.P. mtrentin@orrick.com, ssallie@coleschotz.com;dcarnie@orrick.com

Michael P. Pompeo
on behalf of Creditor Keyframe Capital Partners  L.P. michael.pompeo@faegredrinker.com, cathy.greer@faegredrinker.com

Michael R. Herz
on behalf of Interested Party Zendesk  Inc. mherz@foxrothschild.com, cbrown@foxrothschild.com

Natasha M. Songonuga
on behalf of Creditor Lu Pacific Properties  LLC NSongonuga@archerlaw.com, ahuber@archerlaw.com

Nicholas Blaine Vislocky
on behalf of Creditor GLAS USA LLC nvislocky@reedsmith.com

Nicholas M. Gaunce
on behalf of Creditor Control Concepts Corporation dba c3controls ngaunce@eckertseamans.com  nicholasmgaunce@gmail.com

Paul R. DeFilippo
on behalf of Creditor Munmorah Battery ProjectCo Pty Ltd pdefilippo@wmd-law.com

Paul R. DeFilippo
on behalf of Creditor Ulinda Park ProjectCo Pty Ltd pdefilippo@wmd-law.com

Richard Solow
on behalf of Creditor GLAS USA LLC rsolow@reedsmith.com  rich-solow-3519@ecf.pacerpro.com

Richard B Harper
on behalf of Creditor Idaho Power Company richard.harper@bakerbotts.com  john.mitchell@bakerbotts.com

Rodney Nelson
on behalf of Creditor Expeditors International of Washington  INC rodneyknelson9@gmail.com, rahafalrehaili@labayenlaw.com

Ross J. Switkes
on behalf of Creditor Ace Engineering rswitkes@shermansilverstein.com

Sameer Alifarag
on behalf of Creditor JMS Wind Energy  LLC sameeralifarag@eversheds-sutherland.com

District/off: 0312-3                                    User: admin                                    Page 7 of 7
Date Rcvd: Oct 31, 2025                            Form ID: pdf903                            Total Noticed: 1

Sameer Alifarag
                    on behalf of Creditor Pulse Clean Energy SPV Watt Limited sameeralifarag@eversheds-sutherland.com

Sean J. Kirby
                    on behalf of Creditor SMA Solar Technology America  LLC skirby@sheppardmullin.com

Sean M. Beach
                    on behalf of Interested Party Ormat Nevada Inc. bankfilings@ycst.com  dlaskin@ycst.com

Steven Abramowitz
                    on behalf of Creditor Ad Hoc Customer Group sabramowitz@velaw.com
                    mmoran@velaw.com;kgrissel@velaw.com;tmitsch@velaw.com;kduchesne@velaw.com

Steven Abramowitz
                    on behalf of Creditor energyRe Services  LLC sabramowitz@velaw.com,
                    mmoran@velaw.com;kgrissel@velaw.com;tmitsch@velaw.com;kduchesne@velaw.com

Steven Abramowitz
                    on behalf of Creditor Lone Star Solar  LLC sabramowitz@velaw.com,
                    mmoran@velaw.com;kgrissel@velaw.com;tmitsch@velaw.com;kduchesne@velaw.com

Stuart M. Brown
                    on behalf of Interested Party Qingdao CIMC Container Manufacture Co. Ltd. stuart.brown@dlapiper.com
                    DLAPiper@ecfxmail.com;docketingbaltimore@dlapiper.com

Stuart M. Brown
                    on behalf of Interested Party China International Marine Containers Group Co.  Ltd. stuart.brown@dlapiper.com,
                    DLAPiper@ecfxmail.com;docketingbaltimore@dlapiper.com

Stuart M. Brown
                    on behalf of Interested Party CIMC Technology Co.  Ltd. stuart.brown@dlapiper.com,
                    DLAPiper@ecfxmail.com;docketingbaltimore@dlapiper.com

Susan Long
                    on behalf of Creditor Committee Official Committee of Unsecured Creditors slong@genovaburns.com

Tara T. LeDay
                    on behalf of Creditor One Source Freight Solutions Tara.LeDay@huschblackwell.com
                    christine.deacon@huschblackwell.com;penny.keller@huschblackwell.com

Turner Falk
                    on behalf of Creditor KCE NY 3  LLC turner.falk@saul.com, catherine.santangelo@saul.com;tnfalk@recap.email

Turner Falk
                    on behalf of Creditor Clean Energy Services CES  LLC turner.falk@saul.com,
                    catherine.santangelo@saul.com;tnfalk@recap.email

Turner Falk
                    on behalf of Creditor KCE TX 7  LLC turner.falk@saul.com, catherine.santangelo@saul.com;tnfalk@recap.email

Turner Falk
                    on behalf of Creditor KCE TX 2  LLC turner.falk@saul.com, catherine.santangelo@saul.com;tnfalk@recap.email

Turner Falk
                    on behalf of Creditor KCE TX 8  LLC turner.falk@saul.com, catherine.santangelo@saul.com;tnfalk@recap.email

Turner Falk
                    on behalf of Creditor Key Capture Energy  LLC turner.falk@saul.com, catherine.santangelo@saul.com;tnfalk@recap.email

U.S. Trustee
                    USTPRegion03.NE.ECF@usdoj.gov

Warren J. Martin, Jr.
                    on behalf of Creditor Formosa Electronic Industries Inc. wjmartin@pbnlaw.com
                    mpdermatis@pbnlaw.com;pnbalala@pbnlaw.com;raparisi@pbnlaw.com;jmoconnor@pbnlaw.com


TOTAL: 141