**ORRICK, HERRINGTON & SUTCLIFFE LLP**
Lorraine McGowen, Esq. (admitted *pro hac vice*)
Michael Trentin, Esq.
Jenna MacDonald Busche, Esq. (admitted *pro hac vice*)
51 West 52nd Street
New York, NY 10019-6142
Telephone: (212) 506-5000
Facsimile: (212) 506-5151
Email: lmcgowen@orrick.com
　　　　mtrentin@orrick.com
　　　　jmacdonaldbusche@orrick.com

*Counsel to esVolta, LP*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| POWIN, LLC, *et al.*,[1] | Case No. 25-16137 (MBK) |
| Debtors. | (Jointly Administered) |

## JOINDER OF ESVOLTA, LP TO
## MOTION OF AD HOC CUSTOMER GROUP FOR
## ENTRY OF AN ORDER (I) COMPELLING THE DEBTORS TO ASSIGN OEM
## WARRANTIES AND GUARATNIES AND (II) GRANTING RELATED RELIEF

　　　　esVolta, LP ("esVolta"), by and through its undersigned counsel, hereby files this joinder (the "Joinder") to the *Motion of Ad Hoc Customer Group for Entry of an Order (I) Compelling the Debtors to Assign OEM Warranties and Guaranties and (II) Granting Related Relief* [Docket

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin Project LLC [1583]; (ii) Powin, LLC [0504]; (iii) PEOS Holdings, LLC [5476]; (iv) Powin China Holdings 1, LLC [1422]; (v) Powin China Holdings 2, LLC [9713]; (vi) Charger Holdings, LLC [5241]; (vii) Powin Energy Ontario Storage, LLC [8348]; (viii) Powin Energy Operating Holdings, LLC [2495]; and (ix) Powin Energy Operating, LLC [6487]. The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR 97062.

1

No. 956] (the "Motion to Compel")[2] filed by the Ad Hoc Customer Group. In support of this Joinder, esVolta respectfully states as follows:

1. On October 20, 2025, the Ad Hoc Customer Group filed the Motion to Compel. The hearing on the Motion to Compel is scheduled for November 25, 2025.

2. esVolta, by and through certain subsidiaries (together with their affiliates and related entities, the "Customers" and each, a "Customer"), develops, owns, and operates certain utility-scale battery energy storage projects located throughout the United States (the "Projects").[3]

3. The Customers entered into various executory contracts with Powin (the "Contracts") to install, maintain, and service the lithium ion battery energy storage systems ("BESS") at the Projects. The Contracts included, among others, certain Energy Supply Agreements and Battery Equipment Supply Agreements (collectively, the "ESAs") pursuant to which Powin agreed to provide and install the BESS. The Contracts were rejected, effective as of August 6, 2025, pursuant to the Rejection Order. [Docket No. 843].

4. In connection with the installation of the BESS at the Projects, certain third-party manufacturers of component parts of the BESS provided original equipment manufacturer warranties (the "OEM Warranties"). Powin was party to the OEM Warranties and, pursuant to certain of the Contracts, agreed to administer the OEM Warranties in favor of the applicable

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion to Compel.

[3] The Projects include: (i) Acorn I Energy Storage, Ventura County, California; (ii) Hummingbird Energy Storage, Santa Clara County, California ("Hummingbird"); (iii) Millikan Ave Battery Energy Storage, Orange County, California; (iv) Santa Paula Energy Storage, Ventura County, California ("Santa Paula"); and (v) Wildcat I Energy Storage, Riverside County, California.

Customer and/or assign the OEM Warranties, to the extent permissible, to the applicable Customer upon the expiration of the warranty period or termination of the Contract.[4]

5. esVolta first requested that Powin assign the OEM Warranties to the Customers, to the extent they are assignable, on July 8, 2025, in its Limited Objection and Reservation of Rights [Docket No. 300] to the Debtors' Rejection Motion and has been attempting to obtain information on and assignment of the OEM Warranties ever since. As the Ad Hoc Customer Group explains in the Motion to Compel, the OEM Warranties are no longer of any value to the Debtors. Despite esVolta's good faith efforts to reach a resolution with the Debtors, the Debtors have engaged minimally with esVolta on assignment of the warranties and have requested that the Customers pay additional amounts to obtain assignment despite the Customers having already paid for the benefit of the OEM Warranties under the Contracts.

6. For the foregoing reasons, esVolta respectfully joins in the Motion to Compel and requests that the Court grant the relief requested therein.

---

[4] For example, the ESA for Hummingbird provides: "On or prior to the date of Final Acceptance (as stipulated in the Final Acceptance Certificate), Supplier shall provide Buyer with copies of the OEM Warranties set forth in Exhibit G, and any other warranties then under Supplier's control. Supplier hereby agrees to administer such OEM Warranties in favor of Buyer during the Warranty Period. Provided Supplier has been paid by Buyer for the relevant ESS Equipment, Supplier hereby assigns all OEM Warranties to Buyer upon expiration of the Warranty Period or earlier termination of this Contract." Hummingbird ESA ¶ 18(b).

Similarly, the ESA for Santa Paula provides: "Supplier shall use commercially reasonable efforts to obtain warranties from all sub-suppliers and shall use commercially reasonable efforts to obtain commercially reasonable manufacturer's warranties with respect to any equipment or materials provided to, or used by, Supplier in connection with this Agreement. Except to the extent such an assignment would void or invalidate any such warranty, Supplier hereby assigns and conveys all such warranties to Customer or its designee effective as of the expiration or termination of the Workmanship Warranty Period under the Warranty, or with respect to the performance guarantee provided by CATL effective as of the expiration or termination of the Guarantee Period under the Warranty, or in any case upon a termination due to a Supplier default in accordance with Article 14(a)(ii), unless otherwise requested by Customer. This assignment shall be effective as of the designated date without additional action by either Party, by the Parties agree to cooperate in good faith to provide any further documentation or confirmation of such assignment." Santa Paula ESA Art. 10(b).

## RESERVATION OF RIGHTS

7. esVolta expressly reserves all rights under the Contracts and applicable law, including, without limitation, the right to supplement and/or amend this Joinder and assert any further arguments related to assignment of the OEM Warranties.

*[Remainder of Page Intentionally Left Blank]*

| | |
|---|---|
| Dated: New York, NY<br>November 6, 2025 | **ORRICK, HERRINGTON & SUTCLIFFE LLP**<br><br>*/s/ Michael Trentin*<br>Michael Trentin, Esq.<br>Lorraine McGowen, Esq. (admitted *pro hac vice*)<br>Jenna MacDonald Busche, Esq. (admitted *pro hac vice*)<br>51 West 52nd Street<br>New York, New York 10019-6142<br>Telephone: (212) 506-5000<br>Facsimile: (212) 506-5151<br>Email:  mtrentin@orrick.com<br>          lmcgowen@orrick.com<br>          jmacdonaldbusche@orrick.com<br><br>*Counsel to esVolta, LP* |