| |
|---|
| **UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY** |
| **STARK & STARK, PC** <br> Timothy P. Duggan, Esq. <br> Joseph H. Lemkin, Esq. <br> 100 American Metro Blvd. <br> Hamilton, NJ 08619 <br> Telephone (609) 791-7022 <br> *Attorneys for Spark Power Renewables USA Inc.* |
| In re: <br><br> POWIN, LLC, et. al., <br><br> Debtor. |

Chapter 11

Case Nos. 25-16127 (MBK)

Hearing Date: 11/13/2025

**SPARK POWER RENEWABLES USA INC. LIMITED OBJECTION TO MOTION OF AD HOC CUSTOMER GROUP FOR ENTRY OF AN ORDER (1) COMPELLING THE DEBTORS TO ASSIGN OEM WARRANTEOS AND GUARANTOES AND (II) GRANTING RELATAED RELIEF**

Spark Power Renewables USA Inc. ("Spark") submits this Limited Objection to Motion of Ad Hoc Customer Group the "for Entry of an Order (1) Compelling the Debtors to Assign OEM Warranties and Guaranties and (II) Granting Related Relief. [Doc. No. 956] (the "Motion").

**FACTUAL BACKGROUND**

1. On or about May 20, 2024, Polin, LLC (the "Debtor") entered a Master Services Agreement - Approved Service Provider (the "MSA") with Spark. Pursuant to the MSA, Spark provided certain preventative maintenance, corrective maintenance, emergency work, and augmentation services for the Debtor.

2. As of the Petition-Date, Debtor was delinquent with its obligations to Spark in an

1

amount of approximately $2,477,430,94 (the "Arrears"). In addition to the Arrears, interest and other costs and fees continue to accrue pursuant to the terms of the MSA (the "Additional Costs").

3. On June 10, 2025, along with three other entities, (the "Petition Date") the Debtor commenced its bankruptcy case by filing a voluntary petition for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). Powin Project LLC had filed its bankruptcy case one day earlier (Case No. 25-16127) (Collectively, with the Debtor and all other affiliated debtors, the "Debtors").

4. No trustee or examiner has been appointed in these Chapter 11 Cases.

5. A Committee of Unsecured Creditors (the "Committee") was appointed by the United States Trustee on June 27, 2025.

6. On September 9, 2025, this Court entered an Order Granting Debtors Motion to Reject which, among other things, rejected the MSA. (the "Order") [Doc. No. 843].

7. The Arrears owed to Spark under the MSA have not been cured.

8. Spark does not object to the assignment of warranties relating to components manufactured by third-party manufacturers (the "OEM Warranties"), as requested in the Motion. However, to the extent the Motion or any joinders filed in support thereof seek to have warranty obligations under the MSA assigned, Spark objects the same because, *inter alia*, (i) the MSA has been rejected; (ii) the Ad Hoc Group and parties who have joined the Motion have not provided information relating to adequate assurance of future performance by any proposed assignee of the MSA; and (ii) the Motion does not propose to satisfy Debtors' cure obligations consistent with section 365(b)(1) of the Bankruptcy Code.

**Objection**

A. **Rejection**

9. As noted above, the MSA has been rejected, and Spark has not been paid for services provided under the MSA. Simply stated, the Ad Hoc Group and other parties who have joined the Motion do not have standing to assign obligations under the MSA where the MSA has already been rejected and the Debtor failed to cure massive financial and other defaults.

B. **Adequate Assurance**

10. Section 365(b)(1)(C) of the Bankruptcy Code requires Debtors to provide adequate assurance of any proposed assignee's future performance prior to the assumption and assignment of an executory contract. Here the MSA has already been rejected. If and to the extent the Ad Hoc Group seeks to undo such rejection and direct assignment of obligations thereunder, Spark has been provided no adequate assurance information to date.

11. Adequate assurance information must be carefully reviewed and evaluated by Spark in the context of, and consistent with, the terms of the MSA. Spark will need adequate time prior to any assumption/assignment hearing to complete this evaluation.

C. **C u r e**

12. When an executory contract is assumed and assigned under section 365 of the Bankruptcy Code, the non-debtor third-party to that contract must be "made whole at the time of the Debtors' assumption of the contract." *In re Entertainment, Inc.*, 223 B.R. 141, 151 (Bankr. N.D. Ill. 1998). Here the MSA has been rejected. To the extent the Ad Hoc Group or other parties who have joined the Motion seek to assume and assign the MSA, they must pay the full cure amount based upon all amounts that are due on the date that the MSA is assumed

3

4

and assigned by the Debtors ("Effective Date"). *See* 11 U.S.C. § 365(b)(1); *In re Network Access Solutions, Corp.*, 330 B.R. 67, 76 (Bankr. D. Del. 2005).

**WHEREFORE**, Spark respectfully requests that this Court enter an order that (i) specifically carves out the MSA from any order granting the relief requested in the Motion; and (ii) grants such additional relief as this Court deems just and equitable.

Dated: November 6, 2025

Respectfully submitted,

**STARK & STARK**
A Professional Corporation

By:/s/ *Joseph H. Lemkin*
JOSEPH H. LEMKIN, ESQ.
TIMOTHY P. DUGGAN, ESQ.
 100 American Metro Blvd.
 Hamilton, NJ 08619
 (609) 791-7922 (direct)
 (609) 896-9060 (main)
 (609) 895-7395 (facsimile)

4906-2266-0437, v. 1