| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY** | |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>John W. Weiss<br>Leah M. Eisenberg<br>David E. Sklar<br>**PASHMAN STEIN WALDER HAYDEN, P.C.**<br>21 Main Street, Suite 200<br>Hackensack, New Jersey 07601<br>Telephone: (201) 270-5477<br>Email: jweiss@pashmanstein.com<br>       leisenberg@pashmanstein.com<br>       dsklar@pashmanstein.com<br><br>-and-<br><br>Joaquin M. C de Baca (admitted *pro hac vice*)<br>Richard A. Stieglitz (admitted *pro hac vice*)<br>Youmi Kim (admitted *pro hac vice*)<br>**MAYER BROWN LLP**<br>1221 Avenue of the Americas<br>New York, New York 10020-1001<br>Telephone: (212) 506-2500<br>Email: jcdebaca@mayerbrown.com<br>       rstieglitz@mayerbrown.com<br>       ykim@mayerbrown.com<br><br>*Counsel for DTE Electric Company* | |
| In re:<br><br>POWIN, LLC, *et al.*,[1]<br><br>    Debtors. | Chapter 11<br><br>Case Number: 25-16137 (MBK)<br><br>Jointly Administered |

**OBJECTION OF DTE ELECTRIC COMPANY TO THE JOINT COMBINED
DISCLOSURE STATEMENT AND CHAPTER 11 PLAN OF LIQUIDATION OF
POWIN, LLC AND AFFILIATES THEREOF AND THE OFFICIAL COMMITTEE OF
<u>UNSECURED CREDITORS</u>**

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin Project LLC [1583]; (ii) Powin, LLC [0504]; (iii) PEOS Holdings, LLC [5476]; (iv) Powin China Holdings 1, LLC [1422]; (v) Powin China Holdings 2, LLC [9713]; (vi) Charger Holdings, LLC [5241]; (vii) Powin Energy Ontario Storage, LLC [8348]; (viii) Powin Energy Operating Holdings, LLC [2495]; (ix) Powin Energy Operating, LLC [6487]; (x) Powin Energy Storage 2, Inc., [9926]; (xi) Powin Energy Ontario Storage II LP, [5787]; (xii) Powin Canada B.C. Ltd. [2239]; and (xiii) Powin EKS SellCo, LLC [9110].  The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR 97062.

1

DTE Electric Company ("DTE"), by and through its undersigned counsel, hereby files this objection (this "Objection") to the confirmation of the *Joint Combined Disclosure Statement and Chapter 11 Plan of Liquidation of Powin, LLC and Affiliates Thereof and The Official Committee of Unsecured Creditors* (the "Plan")[2] [Dkt. No. 942]. In support of the Objection, DTE respectfully submits as follows:

## OBJECTION

1. As set forth in greater detail in multiple other pleadings filed in these cases,[3] DTE is the owner and operator of certain battery projects in Michigan and a previous customer of one of the Debtors, Powin, LLC, in connection with those projects.

2. On October 15, 2025, the Debtors and the Committee (together, the "Plan Proponents") filed the Plan.

3. On November 7, 2025, the Plan Proponents filed the *Notice of Filing of Plan Supplement* [Dkt. No. 1036], which was amended by the *Notice of Filing of Amended Plan Supplement* [Dkt. No. 1038] on the following day (as amended, the "Plan Supplement").

4. Attached as Exhibit B to the Plan Supplement is a "Schedule of Retained Causes of Action," which lists, among other things, "[a]ll claims arising in connection with the Energy Equipment Supply Agreement or escrow agreement with DTE Energy." Plan Supplement, Ex. B. DTE disputes the validity of any such purported claims and reserves all rights, claims, defenses

---

[2] Capitalized terms used but not otherwise defined herein have the meanings assigned to them in the Plan and Plan Supplement, as applicable.

[3] *See Emergency Motion of Licensees for Entry of an Order (I) Compelling the Debtors to Comply with Section 365(N)(4) of the Bankruptcy Code, (II) Granting Adequate Protection Under Section 363(E) of the Bankruptcy Code, and (III) Granting Other Appropriate Relief* [Dkt. No. 117] (the "Motion to Compel"); *Objection of Licensees to Omnibus Motion of the Debtors for Entry of an Order (I) Authorizing the Rejection of Legacy Customer Contracts and (II) Granting Related Relief* [Dkt. No. 323].

2

and causes of action related thereto and which it may have against the Debtors or any successor in interest thereto.

5.    Attached as Exhibit C to the Plan Supplement is the proposed Liquidating Trust Agreement (the "Liquidating Trust Agreement").

6.    DTE, through counsel, contacted the Debtors' counsel and the Committee's counsel to propose certain clarifying changes to the Liquidating Trust Agreement to ensure that the Liquidating Trust takes and administers the retained Causes of Action in a manner consistent with the Bankruptcy Code and other applicable law and without prejudice to parties that may be subject to such claims. As of the filing of this Objection, DTE has not received a response and therefore is compelled to file this Objection.

### I. The Liquidating Trust Must Take Causes of Action Subject to All Defenses and Counterclaims That Could Have Been Asserted Against the Debtors.

7.    The Plan provides that the Liquidating Trust "shall succeed to all of the Debtors' rights, title and interest in the Liquidating Trust Assets." Plan, §13.3(c). The Liquidating Trust Agreement also provides that the Liquidating Trust "shall have and retain any and all rights and defenses the Debtors had with respect to any Cause of Action." Plan Supplement, Ex. C, §1.4(b).

8.    Those provisions, however, are incomplete and may unfairly prejudice the rights of third parties. The Liquidating Trust Agreement only addresses the ability of the Liquidating Trust to assert defenses and ignores any potential defendant's ability to do the same and potentially to bring its own affirmative defenses or counterclaims. Given that the Schedule of Retained Causes of Action specifically identifies potential claims against DTE, DTE must retain its ability to assert all defenses and counterclaims that were available against the Debtors.

9.    To avoid any potential ambiguity, DTE requests that clarifying changes be made. The Liquidating Trust Agreement (and/or the Plan or Confirmation Order) should make it clear

that, as of the Effective Date, the Liquidating Trust "stands in the shoes" of the Debtors, not only for purposes of pursuing any retained Causes of Action, but also for purposes of being subject to the defenses and counterclaims that could have been asserted against the Debtors. Specifically, DTE proposes that the following language be added where appropriate:

> "On the Effective Date, the Liquidating Trust shall succeed to all of the Debtors' rights, title and interest with respect to the Liquidating Trust Assets; provided, however, with respect to any Cause of Action asserted by the Liquidating Trust, any defendant may assert any and all defenses, counterclaims and other rights that could have been asserted against the Debtors prior to the Effective Date, and the Liquidating Trust shall be subject to such defenses, counterclaims and other rights to the same extent as the Debtors."

10.     Such clarification aligns with the well-established principle that a trustee bringing a debtor's claim is subject to the same limitations that would have applied to the debtor. *See Pardo v. Pacificare of Texas, Inc. (In re APF Co.)*, 264 B.R. 344, 363 (Bankr. D. Del. 2001) ("the trustee can only assert those causes of action possessed by the debtor and is subject to the same defenses … as could have been asserted against the debtor"); *see also Bank of Marin v. England*, 385 U.S. 99, 101 (1966) ("The trustee succeeds only to such rights as the bankrupt possessed; and the trustee is subject to all claims and defenses which might have been asserted against the bankrupt but for the filing of the petition").

**II.    The Liquidating Trustee's Authority to Abandon or Destroy Books and Records is Too Broad.**

11.     The Liquidating Trust Agreement permits the Liquidating Trustee, upon notice to the Court and the TOC, but without prior Court approval or any ability of parties to object, to abandon and destroy books and records deemed "not necessary for the continued administration of the Plan" and "not required to be retained under applicable law." Plan Supplement, Ex. C, §4.11. This broad authority should be appropriately narrowed where materials may be relevant to pending or reasonably anticipated litigation.

4

12. In particular, in light of the Debtors' broad retention of "all Causes of Action," including those that "are *not* expressly identified in th[e] Schedule of Retained Causes of Action," (*see* Plan Supplement, Ex. B (emphasis added)), there should be express language to protect the discovery needs of defendants and other parties in interest that may not know at the time of the Effective Date whether there are any potential Causes of Action concerning them. If the Debtors or the Liquidating Trustee destroy materials that would otherwise be relevant in future litigation, then any non-Debtor litigants should not be precluded from seeking any negative inference or other rights merely because such destruction may have been permissible pursuant to the Plan, Confirmation Order, or Liquidating Trust Agreement. If the Debtors and/or the Liquidating Trustee choose to destroy materials without providing prior notice thereof, then they should face the consequences of such decisions and not be able to protect themselves by arguably overbroad provisions of the Plan and Liquidating Trust Agreement.

13. Accordingly, DTE requests that the scope of the Liquidating Trustee's power to abandon or destroy books and records be clarified, so that it is clear that the Liquidating Trustee may not abandon or destroy any books and records where those are or may be relevant to any pending or reasonably anticipated claims, including any related defenses and counterclaims, and notice should include parties to any pending or reasonably anticipated actions in which such books and records are or may be relevant. In the alternative, the Liquidating Trustee's authority to abandon or destroy books and records should only be available upon the entry of a final decree, upon notice to all parties, closing any remaining bankruptcy cases and ending any litigation related to any remaining retained Causes of Action.

**III.     The Plan's Failure to Identify Which Direct Claims Are Being Contributed to the Direct Claims Trust Prevents Creditors from Making an Informed Decision**.

14.     The Plan does not provide adequate information and leaves creditors without the information or assurances needed to make an informed decision. 11 U.S.C. § 1125(a)–(b). The Plan creates a Direct Claims Trust and provides that holders of General Unsecured Claims who do not affirmatively opt out will be deemed to contribute their Direct Claims to that trust. Yet neither the Plan nor the Plan Supplement identifies which specific Direct Claims are proposed to be contributed, nor does it disclose which creditors or other parties will be affected. The Plan and Plan Supplement describe Direct Claims in vague terms that capture effectively any and all non-released claims against non-Debtor entities but do not specify any relevant underlying injuries, harmful actions, or areas of inquiry. The Debtors clearly have specific Direct Claims and contributing parties in mind, or would not be going through the trouble of creating the Direct Claims Trust, but have failed to provide any reasonable description of the details of either.

15.     This lack of clarity prevents creditors from evaluating the consequences of contribution or even determining whether their claims are subject to contribution. It impairs creditors' ability to make an informed judgment under section 1125 of the Bankruptcy Code particularly with respect to voting, releases, and claim contribution. At a minimum, the Plan Supplement should be amended to include a schedule identifying the Direct Claims proposed for contribution to the Direct Claims Trust as of the Effective Date and a mechanism to identify any such Direct Claims and enable any affected parties to make an informed decision as to contribution of their identifiable Direct Claims on a post-Effective Date basis.

**RESERVATION OF RIGHTS**

16.     DTE reserves all rights to further object, seek discovery, and be heard on any revised, amended, or modified Plan or Plan Supplement, including, without limitation, the right to

6

amend, modify, or supplement this Objection and to raise additional objections during any hearings on the Plan or Plan Supplement.

## **CONCLUSION**

WHEREFORE, DTE respectfully requests that the Court (i) absent requiring modifications to address and resolve the issues set forth herein, deny confirmation of the Plan, (ii) preclude confirmation of the Plan until the proposed clarifying changes are made to the Liquidating Trust Agreement (and/or to the Plan or Confirmation Order) and (iii) grants such other and further relief as the Court may deem necessary and proper under the circumstances.

*[Remainder of page intentionally left blank.]*

| | |
|---|---|
| Dated: November 18, 2025 | Respectfully submitted, |
| | |
| | */s/ Leah M. Eisenberg* |
| | John W. Weiss |
| | Leah M. Eisenberg |
| | David E. Sklar |
| | **PASHMAN STEIN WALDER HAYDEN, P.C.** |
| | 21 Main Street, Suite 200 |
| | Hackensack, New Jersey 07601 |
| | Telephone: (201) 270-5477 |
| | Email: jweiss@pashmanstein.com |
| |        leisenberg@pashmanstein.com |
| |        dsklar@pashmanstein.com |
| | |
| | -and- |
| | |
| | Joaquin M. C de Baca (admitted *pro hac vice*) |
| | Richard A. Stieglitz (admitted *pro hac vice*) |
| | Youmi Kim (admitted *pro hac vice*) |
| | **MAYER BROWN LLP** |
| | 1221 Avenue of the Americas |
| | New York, New York 10020 |
| | Telephone: (212) 506-2500 |
| | Facsimile: (212) 262-1910 |
| | Email: JCdeBaca@mayerbrown.com |
| |        RStieglitz@mayerbrown.com |
| |        YKim@mayerbrown.com |
| | |
| | *Counsel for DTE Electric Company* |