**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| POWIN, LLC, *et al.*, | ) ) ) | Case No. 25-16137 (MBK) |
| Debtors.[1] | ) ) ) ) | (Jointly Administered) |
| | ) | **Re: Docket No. 914** |

**RESERVATION OF RIGHTS OF TRILANTIC CAPITAL MANAGEMENT L.P.
AND GREENBELT CAPITAL MANAGEMENT, L.P. TO THE JOINT
COMBINED DISCLOSURE STATEMENT AND CHAPTER 11
PLAN OF LIQUIDATION OF POWIN, LLC AND AFFILIATES THEREOF
<u>AND THE OFFICAL COMMITTEE OF UNSECURED CREDITORS</u>**

Trilantic Capital Management L.P. (together with its managed funds, limited partners, subsidiaries, and/or affiliates, "<u>Trilantic</u>"), one of the Debtors' former private equity sponsors, and Greenbelt Capital Management, L.P. (together with its managed funds, limited partners, subsidiaries, and/or affiliates, "<u>Greenbelt</u>"), by and through their undersigned counsel, hereby submit this reservation of rights ("<u>Reservation of Rights</u>") to the *Joint Combined Disclosure Statement and Chapter 11 Plan of Liquidation of Powin LLC, and Affiliates Thereof and the Official Committee of Unsecured Creditors* [Docket No. 914] (the "<u>Plan and Disclosure Statement</u>").[2] In support of the Reservation of Rights, Trilantic and Greenbelt respectfully state as follows:

---

[1] The name of Debtor Powin, LLC has changed to BESS RemainCo. The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin Project LLC [1583]; (ii) Powin, LLC [0504]; (iii) PEOS Holdings, LLC [5476]; (iv) Powin China Holdings 1, LLC [1422]; (v) Powin China Holdings 2, LLC [9713]; (vi) Charger Holdings, LLC [15241]; (vii) Powin Energy Ontario Storage, LLC [8348]; (viii) Powin Energy Operating Holdings, LLC [2495]; (ix) Powin Energy Operating, LLC [6487]; (x) Powin Energy Storage 2, Inc. [9926]; (xi) Powin Energy Ontario Storage II LP [5787]; and (xii) Powin Canada B.C. Ltd. [2239]. The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR 97062.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Plan and Disclosure Statement.

## **RESERVATION OF RIGHTS**

1.     The Plan provides that *non-estate* claims and causes of action held by Holders of General Unsecured Claims directly against certain third parties, along with any privileges related thereto, will be channeled to a Direct Claims Trust established to pursue such claims.  *See* Plan and Disclosure Statement § 13.3(b)(ii)b.  Specifically, the Plan provides as follows with regard to the creation of the Direct Claims Trust and the treatment of the Direct Claims:

> On the Effective Date, the Direct Claims Trust shall be established in accordance with the Direct Claims Trust Agreement for the purpose of receiving and monetizing the Direct Claims Trust Assets.  Pursuant to the Direct Claims Trust Agreement, all Holders of General Unsecured Claims with affirmative, direct claims against non-Debtor parties who are not Released Parties hereunder (the "Direct Claims") related to or in connection with these Chapter 11 cases, including those which may be asserted against the Debtors' Prepetition Lenders and their affiliates, or the former directors, officers, shareholders or insiders of the Debtors, or the prepetition advisors or professionals retained by the Debtors in each case to the extent they are not otherwise Released Parties hereunder, that have not made an election on their Ballot as of the Voting Deadline to opt out of contributing such Direct Claims to the Direct Claims Trust (each contributor, a "Contributing Direct Claim Holder") shall be deemed, without further action required, to have contributed to the Direct Claims Trust all of their Direct Claims and any privileges related to such Direct Claims (collectively, the "Direct Claims Trust Assets"); provided that a Contributing Direct Claim Holder may at any time thereafter either (a) withdraw its Direct Claim(s) from the Direct Claims Trust or (b) choose not to participate in the litigation of such claim(s), in each case as and to the extent permitted by applicable law and in accordance with the terms of the Direct Claims Trust Agreement.

*Id.*  Upon the Effective Date of the Plan, all property constituting Direct Claims Trust Assets (*i.e.*, the Direct Claims) will vest in the Direct Claims Trust and be retained by the Direct Claims Trust for the purposes contemplated under the Plan.  *Id.* § 14.2.

2.     The Plan also provides that the "Bankruptcy Court shall retain such jurisdiction as is legally permissible," including for the purpose of "administer[ing] the Plan, the Liquidating Trust, the Direct Claims Trust, the Liquidating Trust Assets, the Direct Claims Trust Assets, and

the proceeds thereof." *Id.* § 18(b). Read broadly, this provision may deprive Trilantic and Greenbelt of the opportunity to argue that the Bankruptcy Court lacks jurisdiction to hear and determine any Direct Claims against them or seek appropriate relief in the Bankruptcy Court.

3.  To clarify and preserve their rights, Trilantic and Greenbelt file this Reservation of Rights to request that the Confirmation Order include a provision stating that, "Notwithstanding anything in the Plan, the Confirmation Order, or the Direct Claims Trust Agreement to the contrary, nothing in the Plan, the Confirmation Order, or the Direct Claims Trust Agreement waives, modifies, or otherwise impairs the rights of Trilantic and Greenbelt to (a) contest the Bankruptcy Court's jurisdiction to hear and determine any lawsuit brought against them, either individually or collectively, on account of a Direct Claim and (b) file a motion with the Bankruptcy Court pursuant to D.N.J. LBR 7016-1(e) seeking a determination as to whether the Bankruptcy Court may adjudicate to final judgment any or all claims and defenses brought against them, either individually or collectively, on account of a Direct Claim."

4.  Furthermore, Trilantic and Greenbelt expressly reserve all procedural and substantive rights, claims, and defenses with respect to any Direct Claim that may be asserted against Trilantic and/or Greenbelt by the Direct Claims Trust, the Direct Claims Trustee, any other party in interest in the chapter 11 cases, or any other person or entity whatsoever.

[*Remainder of Page Intentionally Left Blank*]

Dated: November 18, 2025

                                                       */s/ Daniel J. Harris*
**COLE SCHOTZ P.C.**
Warren A. Usatine
Daniel J. Harris
Court Plaza North, 25 Main Street
Hackensack, NJ 07601
Telephone:    (201) 489-3000
Facsimile:    (201) 489-1536
Email: wusatine@coleschotz.com
        dharris@coleschotz.com

*Counsel to Trilantic Capital Management L.P. and Greenbelt Capital Management, L.P., and their respective managed funds, limited partners, subsidiaries, and/or affiliates*

4