UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-1(b)

**WOMBLE BOND DICKINSON (US) LLP**
Kevin J. Mangan (NJ # 030721989)
Lisa Bittle Tancredi (*pro hac vice pending*)
1313 N. Market Street, Suite 1200
Wilmington, Delaware 19801
Telephone: (302) 252-4320
Email: kevin.mangan@wbd-us.com
Email: lisa.tancredi@wbd-us.com

*Counsel for Applied Surety Underwriters,
Siriuspoint America Insurance Company, and
Pennsylvania Insurance Company*

| | |
|---|---|
| In re:<br><br>POWIN, LLC, et al., [1]<br><br>Debtors. | Case No.: 25-16137 (MBK)<br><br>Chapter: 11<br><br>(Jointly Administered) |

**LIMITED OBJECTION OF APPLIED SURETY UNDERWRITERS, SIRIUSPOINT AMERICA INSURANCE COMPANY AND PENNSYLVANIA INSURANCE COMPANY TO JOINT COMBINED DISCLOSURE STATEMETN AND CHAPTER 11 PLAN OF LIQUIDATION OF POWIN, LLC AND AFFILIATES THEREOF AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

Applied Surety Underwriters, Siriuspoint America Insurance Company and Pennsylvania Insurance Company (together, the "Surety"), by their undersigned counsel Womble Bond Dickinson (US) LLP, file this limited objection to confirmation of the *Joint Combined Disclosure Statement and Chapter 11 Plan of Liquidation of Powin, LLC and Affiliates Thereof and the Official*

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin Projcet LLC [1583]; (ii) Powin, LLC [0504], (iii) PEOS Holdings, LLC [5476], (iv) Powin China Holdings 1, LLC [1422], (v) Powin China Holdings 2, LLC [9713], (vi) Charger Holdings, LLC [5241], (vii) Powin Energy Ontario Storage, LLC [8348], (viii) Powin Energy Operating Holdings, LLC [2495], and (ix) Powin Energy Operating, LLC [6487]. The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR 97062.

*Committee of Unsecured Creditors* (Docket No. 914, 942, as may be amended, modified, or supplemented from time to time and including all exhibits and supplements thereto, the "Plan"), stating the following:

1. On June 9 and 10, 2025 (as applicable, the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code, commencing these cases.

2. In 2024, in the ordinary course of its business, Powin, LLC obtained a $20 million Customs bond from the Surety, Customs Bond Number 24C000S0Q (the "Bond").

3. As a condition of issuing the Bond, the Surety required Powin, LLC, Powin Energy Intermediate LLC and Powin Energy Holdings LLC to execute an Indemnity Agreement dated May 30, 2024, for the benefit of, among others, Pennsylvania Insurance Company and its subsidiaries, affiliates, parents, co-sureties, fronting companies and/or reinsurers, including but not limited to Siriuspoint America Insurance Company (the "Indemnity Agreement").

4. Powin, LLC secured its obligations under the Indemnity Agreement with a cash collateral account at Vantage Bank, deposit account number ended -6018 (the "Collateral Account"). The Collateral Account is subject to a control agreement by and between Vantage Bank, Pennsylvania Insurance Company and Powin, LLC dated May 30, 2024.

5. The Bond was cancelled in accordance with that Stipulation and Consent Order Granting Relief from the Automatic Stay With Respect to Customs Bond (Docket No. 220) ("Lift Stay Order") entered on July 1, 2025.

6. Following cancellation of the Bond, United States Customs and Border Protection ("Customs") made demand for payment in the amount of $7,848.661.82, plus interest in the amount of $75,568.82. The Surety paid the amount demanded and withdrew certain funds from the Collateral Account as authorized by the Lift Stay Order.

7. The Debtors' Customs duties have not been fully liquidated.

8. The Surety timely filed Proofs of Claim Nos. 384 and 447, asserting its claims against the Debtors. The Surety's claims include a right of subrogation to the priority tax claim status enjoyed by Customs under section 507(a)(8)(F) of the Bankruptcy Code, through the operation of section 507(d).

9. The Plan provides that Allowed Priority Tax Claims are unclassified, unimpaired and that they shall be paid in full. Plan, Art. 7.4. However, it does not appear that the Plan as currently proposed would establish a reserve for unpaid Customs duties. The Surety is in discussions with the Debtors to attempt to resolve this issue prior to confirmation.

10. As a part, but not the entirety, of a resolution satisfactory to the Surety, the Surety has requested to be included as a "Released Party" under the Plan, and has requested that the following language be included in the order confirming the Plan:

> Prior to the Petition Date and in the ordinary course of business, the Surety issued a surety bond on behalf of the Debtors and Powin, LLC executed an indemnity agreement (the "Surety Bond Agreement") and caused cash collateral to be pledged to the Surety (the "Cash Collateral"). Notwithstanding any other provisions of the Plan or this Confirmation Order, (a) the Surety's rights with respect to the Cash Collateral and any proceeds thereof shall not be modified or impaired by the Plan, the Plan Supplement or this Order; (b) any right of subrogation of the Surety to the rights of a paid claimant shall be fully preserved; provided, however, that as a condition of Surety's consent to the confirmation of the Plan, the Debtors shall seek a consensual resolution of the Surety's claims and rights as contemplated by that [_____] and the *Debtors' Motion for Entry of an Order (I) Estimating the Claims of New York Marine & General Insurance Company and Avalon Risk Management Insurance Agency, LLC at $0; (II) Directing the Turnover and Use of Excess Cash Collateral to be Distributed Pursuant to the Plan; and (III) Approving a Procedure for Consensually Resolving Surety Claims and (IV) Related Relief* (Docket No. 1018).

11. The deadline for the Surety to object to confirmation of the Plan was extended by the Debtors to November 19, 2025. The Surety files this limited objection to preserve its rights in

3

the event that a consensual resolution is not achieved with the Debtors.  The Surety reserves the right to supplement this objection.

Dated: November 19, 2025                      **WOMBLE BOND DICKINSON (US) LLP**

                                                   */s/ Kevin J. Mangan*
                                                   Kevin J. Mangan (NJ # 030721989)
                                                   Lisa Bittle Tancredi (*pro hac vice*)
                                                   1313 N. Market Street, Suite 1200
                                                   Wilmington, Delaware 19801
                                                   Telephone: (302) 252-4320
                                                   Email: kevin.mangan@wbd-us.com
                                                   Email: lisa.tancredi@wbd-us.com

                                                   *Counsel for Applied Surety Underwriters,*
                                                   *Siriuspoint America Insurance Company, and*
                                                   *Pennsylvania Insurance Company*