**Exhibit 5**

(Certifications of Publications)

**DENTONS US LLP**
Tania M. Moyron (admitted *pro hac vice*)
Van C. Durrer, II admitted *pro hac vice*)
601 S. Figueroa Street #2500
Los Angeles, CA 90017
Telephone: (213) 623-9300
Facsimile: (213) 623-9924
Email:  tania.moyron@dentons.com
         van.durrer@dentons.com

John D. Beck (admitted *pro hac vice*)
Sarah M. Schrag (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020-1089
Telephone: (212) 768-6700
Facsimile: (212) 768-6800
Email:  john.beck@dentons.com
         sarah.schrag@dentons.com

*Counsel for Debtors and*
*Debtors in Possession*

**TOGUT, SEGAL & SEGAL LLP**
Frank A. Oswald (admitted)
550 Broad Street
Suite 1508
Newark, NJ 07102
Telephone: (212) 594-5000
Facsimile: (212) 967-4258
Email:  frankoswald@teamtogut.com

Albert Togut (admitted *pro hac vice*)
Eitan Blander (admitted *pro hac vice*)
Christian Ribeiro (admitted *pro hac vice*)
One Penn Plaza, Suite 3335
New York, New York 10119
Telephone: (212) 594-5000
Facsimile: (212) 967-4258
Email:  altogut@teamtogut.com
         eblander@teamtogut.com
         cribeiro@teamtogut.com

*Counsel for Debtors and*
*Debtors in Possession*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>**Powin, LLC, *et al.*,**[1]<br><br>**Debtors.** | **Chapter 11**<br><br>**Case No. 25-16137 (MBK)**<br><br>**(Jointly Administered)** |

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin Project LLC [1583]; (ii) Powin, LLC [0504]; (iii) PEOS Holdings, LLC [5476]; (iv) Powin China Holdings 1, LLC [1422]; (v) Powin China Holdings 2, LLC [9713]; (vi) Charger Holdings, LLC [5241]; (vii) Powin Energy Ontario Storage, LLC [8348]; (viii) Powin Energy Operating Holdings, LLC [2495]; (ix) Powin Energy Operating, LLC [6487]; (x) Powin Energy Storage 2, Inc., [9926]; (xi) Powin Energy Ontario Storage II LP, [5787]; and (xii) Powin Canada B.C. Ltd. [2239]. The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR 97062.

2516137251103000000000002

Case 25-16137-MBK    Doc 1154-5    Filed 03/25/25    Entered 03/25/25 02:42:50    Desc Main
Exhibit 5 - Certifications of Publication    Page 3 of 13

Case 25-16137-MBK    Doc 1154    Filed 03/25/25    Entered 03/25/25 02:42:50    Desc Main
Document    Page 2 of 12

# CERTIFICATIONS OF PUBLICATION OF NOTICE OF (I) COMBINED HEARING TO CONSIDER APPROVAL OF DISCLOSURE STATEMENT ON A FINAL BASIS AND PLAN CONFIRMATION AND (II) RELATED VOTING AND OBJECTION DEADLINE

Annexed hereto are the Certifications of Publication evidencing that a copy of the *Notice of (I) Combined Hearing to Consider Approval of Disclosure Statement on a Final Basis and Plan Confirmation and (II) Related Voting and Objection Deadline*, each appeared on October 21, 2025 in the following publications (i) **USA Today, National Edition**;  (ii) **The Oregonian**; and (iii) **The Globe and Mail Newspaper, City of Toronto, Province of Ontario**, respectively.

Dated: November 3, 2025               **TOGUT, SEGAL & SEGAL LLP**

*/s/ Frank A. Oswald*
Frank A. Oswald (admitted)
550 Broad Street
Suite 1508
Newark, NJ 07102
Telephone: (212) 594-5000
Facsimile: (212) 967-4258
Email:  frankoswald@teamtogut.com

Albert Togut (admitted *pro hac vice*)
Eitan Blander (admitted *pro hac vice*)
Christian Ribeiro (admitted *pro hac vice)*
One Penn Plaza, Suite 3335
New York, New York 10119
Telephone: (212) 594-5000
Facsimile: (212) 967-4258
Email:  altogut@teamtogut.com
         eblander@teamtogut.com
         cribeiro@teamtogut.com

- and -

2

**DENTONS US LLP**

Tania M. Moyron (admitted *pro hac vice*)
Van C. Durrer, II (admitted *pro hac vice*)
601 S. Figueroa Street #2500
Los Angeles, CA 90017
Telephone: (213) 623-9300
Facsimile: (213) 623-9924
Email:  tania.moyron@dentons.com
            van.durrer@dentons.com

John D. Beck (admitted *pro hac vice*)
Sarah M. Schrag (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020-1089
Telephone: (212) 768-6700
Facsimile: (212) 768-6800
Email:  john.beck@dentons.com
            sarah.schrag@dentons.com

**The Oregonian** OREGONLIVE.COM
ORGONIAN MEDIA GROUP

**Oregonian**
**LEGAL AFFIDAVIT**

AD#: 0011038312

State of Oregon,) ss
County of Multnomah)
Stacey Tredici being duly sworn, deposes that he/she is principal clerk of Oregonian Media Group; that Oregonian is a public newspaper published in the city of Portland, with general circulation in Oregon, and this notice is an accurate and true copy of this notice as printed in said newspaper, was printed and published in the regular edition and issue of said newspaper on the following date(s):

**Oregonian 10/21/2025**

*Stacey Tredici* [DIGITALLY SIGNED]

_____
Principal Clerk of the Publisher

Sworn to and subscribed before me this 23rd day of October 2025

*Kimberlee Wright O'Neill* [DIGITALLY SIGNED]

_____
Notary Public

Online Notary Public. This notarial act involved the use of online audio/video communication technology. Notarization facilitated by SIGNiX®

---

Objection Deadline: 11/18/2025 at 4:00 P.M. Hearing Date: 11/25/2025 at 11:30 A.M.

**UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY**

In re:
Powin, LLC, et al.,[1]
Debtors.

Chapter 11
Case No. 25-16137 (MBK)
(Jointly Administered)

**NOTICE OF (I) COMBINED HEARING TO CONSIDER APPROVAL OF DISCLOSURE STATEMENT ON FINAL BASIS AND PLAN CONFIRMATION AND (II) RELATED VOTING AND OBJECTION DEADLINE**

**PLEASE TAKE NOTICE** that on June 9, 2025 and thereafter (the "Petition Date"), Powin, LLC and its debtor affiliates, as debtors and debtors in possession (collectively, the "Debtors") in the above captioned chapter 11 cases (the "Chapter 11 Cases") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court").

**PLEASE TAKE FURTHER NOTICE** that on October 14, 2025, the Bankruptcy Court entered an order [Docket No. 939] (the "Solicitation Procedures Order") (a) conditionally approving the Joint Combined Disclosure Statement and Chapter 11 Plan of Liquidation of Powin, LLC and Affiliates Thereof and the Official Committee of Unsecured Creditors [Docket No. 914] (as may be amended, modified, or supplemented from time to time and including all exhibits and supplements thereto, the "Combined Plan and Disclosure Statement" or the "Plan")[2], solely as it relates to the disclosures contained therein, as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code, pending final approval at the Combined Hearing (as defined below); (b) authorizing the Debtors and the Official Committee of Unsecured Creditors (together, the "Plan Proponents") to solicit acceptances for the Combined Plan and Disclosure Statement; (c) approving the solicitation materials and documents to be included in the solicitation packages (the "Solicitation Packages"); and (d) approving procedures for soliciting, noticing, receiving, and tabulating votes on the Plan and for filing objections to the Plan or final approval of the Disclosure Statement.

**PLEASE TAKE FURTHER NOTICE** that the hearing at which the Bankruptcy Court will consider final confirmation of the Combined Plan and Disclosure Statement (the "Combined Hearing") will commence on **November 25 at 11:30 a.m. (prevailing Eastern Time)**, or such other time that the Bankruptcy Court determines, before the Honorable Michael B. Kaplan, United States Bankruptcy Judge, Clarkson S. Fisher United States Courthouse, 402 East State Street, Second Floor, Courtroom 8, Trenton, NJ 08608.

**PLEASE TAKE FURTHER NOTICE** that the Combined Hearing will be conducted **as a hybrid hearing, either in person or via Zoom for Government**. Parties wishing to present argument **must** be present in the Courtroom. Counsel who do not intend to argue but who wish to observe, or counsel who do not intend to argue but wish to have speaking capabilities, if necessary, to preserve their rights, or counsel with unavoidable conflicts or extenuating circumstances, may request to appear remotely by sending an email to Chambers (chambers_of_mbk@njb.uscourts.gov) indicating the name of the person appearing, their email address, their affiliation, and whom they represent or their interest in these Chapter 11 Cases. If the request is approved, the participant will receive appropriate credentials and further instruction.

**PLEASE TAKE FURTHER NOTICE** that the Combined Hearing may be continued from time to time by the Bankruptcy Court or the Plan Proponents **without further notice** other than by such adjournment being announced in open court or by a notice of adjournment filed with the Bankruptcy Court and served on all parties entitled to notice.

**CRITICAL INFORMATION REGARDING VOTING ON THE PLAN**

**Voting Record Date.** The voting record date is **October 10, 2025** (the "Voting Record Date"), which is the date for determining which certain Holders of Claims are entitled to vote on the Plan.

**Voting Deadline.** The deadline for voting on the Plan is on **November 18, 2025 at 4:00 p.m. (prevailing Eastern Time)** (the "Voting Deadline"). If you received a Solicitation Package, including a Ballot, and intend to vote on the Plan, you **must**: (a) follow the instructions carefully; (b) complete **all** of the required information on the ballot; and (c) execute and return your completed Ballot according to and as set forth in detail in the voting instructions so that it is **actually received** by the Debtors' voting agent Verita Global (the "Voting Agent") on or before the Voting Deadline. A failure to follow such instructions may **disqualify your vote**.

**Creditors Entitled to Vote.** Only Holders of Allowed Claims in Class 3 (WARN Act Claims), Class 4 (Settled Priority Claims), and Class 5 (General Unsecured Claims) are entitled to vote to accept or reject the Plan. Holders of Claims in Class 1 (Priority Non-Tax Claims) and Class 2 (Other Secured Claims) are unimpaired and are **not** entitled to vote on the Plan, because such Claims and Interests deemed to accept the Plan on account of such unimpaired status. Holders of Claims and Interests in Class 6 (Intercompany Claims) and Class 7 (Interests) (together, with Holders of Claims in Class 1 and Class 2, the "Non-Voting Classes") are **not** entitled to vote on the Plan because such Holders are **not** receiving or retaining any value under the Plan and, thus, are deemed to reject the Plan. Creditors in Non-Voting Classes will not receive a Ballot and are receiving this notice for informational purposes to provide notice of the Combined Hearing, the Combined Objection Deadline, the Third Party Release provided for in Section 15.2(b) of the Plan (which applies to **all** Holders of Claims, whether or not they are entitled to vote on the Plan), and instructions for how to opt-out of such Third Party Release.



Third Party Release. All Holders of Claims (whether or not entitled to vote on the Plan) who **DO NOT OPT OUT** of the Third Party Release set forth in section 15.2(b) of the Plan **will be releasing certain individuals involved in the Chapter 11 Cases. IN ORDER TO OPT OUT:**

- Holders of Claims in Classes 3, 4 and 5 will receive a Ballot containing a section (Item 4) allowing them to opt out of the Third Party Release contained in the Plan. In order to validly opt out of the Third Party Release, Holders of Claims in Classes 3, 4 and 5 **must** complete the opt out election in Item 4 of their Ballot and submit it in accordance with the instructions set forth in the Ballot. **Creditors who vote to reject the Plan or abstain from voting on the Plan and do not complete the opt out election in Item 4 of their Ballot will be considered a Releasing Party in relation to the Third Party Release under the Plan and will be bound by the Third Party Release.**

- Holders of Claims in Non-Voting Classes will receive a Release Opt-Out Election Form allowing them to opt out of the Third Party Release in the Plan. In order to validly opt out of the Third Party Release, Holders of Claims in Non-Voting Classes **must** complete the Release Opt-Out Election Form and submit it in accordance with the instructions set forth in the Release Opt-Out Election Form. **Holders of Claims in Non-Voting Classes who fail to timely submit the Release Opt-Out Election Form will be considered a Releasing Party in relation to the Third Party Release under the Plan and will be bound by the Third Party Release.**

## CRITICAL INFORMATION REGARDING OBJECTING TO THE COMBINED PLAN AND DISCLOSURE STATEMENT

**Objection Deadline.** The deadline for filing objections to the Combined Plan and Disclosure Statement or the adequacy of the disclosures contained therein is **November 18, 2025 at 4:00 p.m. (prevailing Eastern Time)** (the "Confirmation Objection Deadline"). All objections to the relief sought at the Combined Hearing **must**: (a) be in writing; (b) state in particularity the basis of the objection; and (c) be filed with the Clerk of the Bankruptcy Court electronically by attorneys who regularly practice before the Bankruptcy Court in accordance with the *General Order Regarding Electronic Means for Filing, Signing, and Verification of Documents* dated March 27, 2002 (the "General Order") and the *Commentary Supplementing Administrative Procedures* dated as of March 2004 (the "Supplemental Commentary") (the General Order, the Supplemental Commentary and the User's Manual for the Electronic Case Filing System can be found at www.njb.uscourts.gov, the official website for the Bankruptcy Court) and, by all other parties-in-interest, if not otherwise filed with the Clerk of the Court electronically, via hard copy, and shall be served in accordance with the General Order and the Supplemental Commentary upon the following parties so as to be **actually received** on or before the Combined Objection Deadline:

(a) The Debtors c/o Uzzi & Lall, One Liberty Plaza, 165 Broadway 23rd Floor, New York, NY (Attn: Gerard Uzzi, guzzi@uzzilall.com);
(b) Counsel to the Debtors, Dentons US LLP, 601 S. Figueroa Street, Suite 2500, Los Angeles, CA 90018 (Attn: Tania M. Moyron, tania.moyron@dentons.com, and Van C. Durrer II, van.durrer@dentons.com);
(c) Counsel to the Debtors, Togut, Segal & Segal LLP, One Penn Plaza, Suite 3335, New York, NY 10119 (Attn: Frank A. Oswald, frankoswald@teamtogut.com);
(d) Counsel for the Official Committee of Unsecured Creditors, Brown Rudnick LLP, Seven Times Square, New York, NY 10036 (Attn: Robert J. Stark, rstark@brownrudnick.com, Kenneth Aulet, kaulet@brownrudnick.com, and Bennett S. Silverberg, bsilverberg@brownrudnick.com);
(e) Counsel for the Official Committee of Unsecured Creditors, Genova Burns LLC, 110 Allen Road, Suite 304, Basking Ridge, NJ 07920 (Attn: Daniel M. Stolz, dstolz@genovaburns.com); and
(f) The Office of the United States Trustee, One Newark Center, 1085 Raymond Boulevard, Suite 2100, Newark, NJ 07102 (Attn: Jeffrey M. Sponder, jeffrey.m.sponder@usdoj.gov).

**ONLY THOSE RESPONSES OR OBJECTIONS THAT ARE TIMELY FILED AND RECEIVED WILL BE CONSIDERED BY THE BANKRUPTCY COURT. RESPONSES OR OBJECTIONS NOT TIMELY FILED AND SERVED IN THE MANNER SET FORTH ABOVE WILL NOT BE CONSIDERED AND WILL BE DEEMED OVERRULED.**

## ADDITIONAL INFORMATION

**Obtaining Solicitation Materials.** If you should have any questions about the Solicitation Package or if you would like to obtain paper copies or additional copies of the solicitation materials, please contact the Debtors' Voting Agent by: (a) visiting the Debtors' case website at: https://www.veritaglobal.net/powin (where you can obtain electronic copies of all documents filed with the Bankruptcy Court for free); (b) writing to the Voting Agent at Powin Ballot Processing c/o KCC d/b/a Verita Global, 222 N. Pacific Coast Highway, Suite 300, El Segundo, CA 90245; (c) calling the Voting Agent at (866) 507-8031 (U.S./Canada) or (781) 575-2122 (International); (d) emailing powininfo@veritaglobal.com (with "In re Powin, LLC – Solicitation Inquiry" in the subject line); or (e) submitting an inquiry to the Voting Agent at: https://www.veritaglobal.net/powin/inquiry. You may also obtain copies of any pleadings filed with the Court by visiting the Bankruptcy Court's website at https://njb.uscourts.gov/ (in accordance with the procedures and fees set forth therein). Please be advised that the Voting Agent is authorized to answer questions about, and provide additional copies of, solicitation materials, but may **not** advise you as to the Plan, the interpretation or meaning of any of the provisions contained therein, or whether you should vote to accept or reject the Plan, and will not provide you with any legal or financial advice in connection with the Plan.

**Filing the Plan Supplement.** The Plan Proponents will file the Plan Supplement (as defined in the Plan) no later than **November 7, 2025** and will serve notice on all Holders of Claims entitled to vote on the Plan, which will: (a) inform parties that the Debtors filed the Plan Supplement; (b) list the information contained in the Plan Supplement; and (c) include a copy of the Plan Supplement.

## BINDING NATURE OF THE PLAN

**IF CONFIRMED, THE PLAN SHALL BIND ALL HOLDERS OF CLAIMS AND INTERESTS TO THE MAXIMUM EXTENT PERMITTED BY APPLICABLE LAW, WHETHER OR NOT SUCH HOLDER RECEIVES OR RETAINS ANY PROPERTY OR INTEREST IN PROPERTY UNDER THE PLAN, HAS FILED A PROOF OF CLAIM IN THESE CHAPTER 11 CASES, FAILED TO VOTE TO ACCEPT OR REJECT THE PLAN, VOTED TO REJECT THE PLAN, OR IS NOT ENTITLED TO VOTE ON THE PLAN.**

Dated: 10/21/2025

**DENTONS US LLP**
601 S. Figueroa Street, Suite 2500
Los Angeles, CA 90017
Tel: (213) 623-9300
Fax: (213) 623-9924
Tania M. Moyron (admitted *pro hac vice*)
Van C. Durrer, II (admitted *pro hac vice*)
Email: tania.moyron@dentons.com
van.durrer@dentons.com

**TOGUT, SEGAL & SEGAL LLP**
One Penn Plaza, Suite 3335
New York, NY 10119
Tel: (212) 594-5000
Fax: (212) 967-4258
Albert Togut (admitted *pro hac vice*)
Frank A. Oswald (admitted)
Email: altogut@teamtogut.com
frankoswald@teamtogut.com

Counsel for Debtors and Debtors in Possession

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin Project LLC [1583]; (ii) Powin, LLC [0504]; (iii) PEOS Holdings, LLC [5476]; (iv) Powin China Holdings 1, LLC [1422]; (v) Powin China Holdings 2, LLC [9713]; (vi) Charger Holdings, LLC [5241]; (vii) Powin Energy Ontario Storage, LLC [8348]; (viii) Powin Energy Operating Holdings, LLC [2495]; (ix) Powin Energy Operating, LLC [6487]; (x) Powin Energy Storage 2, Inc. [9926]; (xi) Powin Energy Ontario Storage II LP [5787]; and (xii) Powin Canada B.C. Ltd. [2239]. Powin, LLC has formally changed its name to BESS RemainCo, LLC. The Debtors intend to file a motion seeking to amend the case caption in these proceedings to reflect such name change.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Combined Plan and Disclosure Statement.

O11038312-01

Full-page newspaper advertising section: "Marketplace" from OregonLive, including Wonderword puzzle, Service Guide, Public Notices (including bankruptcy notice re: Powin, LLC, Case No. 25-16137 (MBK), United States Bankruptcy Court District of New Jersey — Notice of Combined Hearing on Final Basis and Plan Confirmation and Related Voting and Objection Deadline), classified ads for self-storage auctions, pets, merchandise, 3 Day Blinds advertisement, aftercollege.com ad, and Wheels and Deals section.

# AFFIDAVIT OF PUBLICATION

## UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY

## IN RE: POWIN LLC

I Charlotte Young, of the City of Toronto, in the Province of Ontario, AFFIRM THAT:

1. I am employed by The Globe and Mail Inc. and my current job title is Advertising Service Representative

2. The Globe and Mail is a media organization with its head office in Toronto, Ontario. The Globe and Mail publishes and distributes a print edition newspaper from Monday to Saturday which is simultaneously printed in the cities of Montreal, Toronto, Estevan, Calgary, and Vancouver, and is generally distributed and circulated in the Provinces of Quebec, Ontario, Manitoba, Alberta and British Columbia.

3. The advertisement attached to my affidavit as Exhibit "A" is a true and correct copy and was published in the form attached to my affidavit in print editions of The Globe and Mail newspaper published on the following date(s): Oct 21st, 2025

_____
Charlotte Young

Affirmed before me at the City of Toronto, in the Province of Ontario on Oct 23rd, 2025

_____
Jesse Langdon
Lawyer # 55869H
Ontario

This is Exhibit "A" to the
Affidavit of Charlotte Young, affirmed before me
in the City of Toronto, in the Province of Ontario,
on Oct 23rd, 2025

_____
Jesse Langdon
Lawyer # 55869H
Ontario

Objection Deadline: 11/18/2025 at 4:00 P.M. Hearing Date: 11/25/2025 at 11:30 A.M.

**UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY**

In re:                                    Chapter 11
Powin, LLC, et al.,[1]                    Case No. 25-16137 (MBK)
        Debtors.                          (Jointly Administered)

**NOTICE OF (I) COMBINED HEARING TO CONSIDER APPROVAL OF DISCLOSURE STATEMENT ON FINAL BASIS AND PLAN CONFIRMATION AND (II) RELATED VOTING AND OBJECTION DEADLINE**

**PLEASE TAKE NOTICE** that on June 9, 2025 and thereafter (the "Petition Date"), Powin, LLC and its debtor affiliates, as debtors and debtors in possession (collectively, the "Debtors") in the above captioned chapter 11 cases (the "Chapter 11 Cases") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court").

**PLEASE TAKE FURTHER NOTICE** that on October 14, 2025, the Bankruptcy Court entered an order [Docket No. 939] (the "Solicitation Procedures Order") (a) conditionally approving the Joint Combined Disclosure Statement and Chapter 11 Plan of Liquidation of Powin, LLC and Affiliates Thereof and the Official Committee of Unsecured Creditors [Docket No. 914] (as may be amended, modified, or supplemented from time to time and including all exhibits and supplements thereto, the "Combined Plan and Disclosure Statement" or the "Plan")[2], solely as it relates to the disclosures contained therein, as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code, pending final approval at the Combined Hearing (as defined below); (b) authorizing the Debtors and the Official Committee of Unsecured Creditors (together, the "Plan Proponents") to solicit acceptances for the Combined Plan and Disclosure Statement; (c) approving the solicitation materials and documents to be included in the solicitation packages (the "Solicitation Packages"); and (d) approving procedures for soliciting, noticing, receiving, and tabulating votes on the Plan and for filing objections to the Plan or final approval of the Disclosure Statement.

**PLEASE TAKE FURTHER NOTICE** that the hearing at which the Bankruptcy Court will consider final confirmation of the Combined Plan and Disclosure Statement (the "Combined Hearing") will commence on **November 25 at 11:30 a.m. (prevailing Eastern Time)**, or such other time that the Bankruptcy Court determines, before the Honorable Michael B. Kaplan, United States Bankruptcy Judge, Clarkson S. Fisher United States Courthouse, 402 East State Street, Second Floor, Courtroom 8, Trenton, NJ 08608.

**PLEASE TAKE FURTHER NOTICE** that the Combined Hearing will be conducted **as a hybrid hearing, either in person or via Zoom for Government**. Parties wishing to present argument **must** be present in the Courtroom. Counsel who do not intend to argue but who wish to observe, or counsel who do not intend to argue but wish to have speaking capabilities, if necessary, to preserve their rights, or counsel with unavoidable conflicts or extenuating circumstances, may request to appear remotely by sending an email to Chambers (chambers_of_mbk@njb.uscourts.gov) indicating the name of the person appearing, their email address, their affiliation, and whom they represent or their interest in these Chapter 11 Cases. If the request is approved, the participant will receive appropriate credentials and further instruction.

**PLEASE TAKE FURTHER NOTICE** that the Combined Hearing may be continued from time to time by the Bankruptcy Court or the Plan Proponents **without further notice** other than by such adjournment being announced in open court or by a notice of adjournment filed with the Bankruptcy Court and served on all parties entitled to notice.

**CRITICAL INFORMATION REGARDING VOTING ON THE PLAN**

**Voting Record Date.** The voting record date is **October 10, 2025** (the "Voting Record Date"), which is the date for determining which certain Holders of Claims are entitled to vote on the Plan.

**Voting Deadline.** The deadline for voting on the Plan is on **November 18, 2025 at 4:00 p.m. (prevailing Eastern Time)** (the "Voting Deadline"). If you received a Solicitation Package, including a Ballot, and intend to vote on the Plan, you **must**: (a) follow the instructions carefully; (b) complete **all** of the required information on the ballot; and (c) execute and return your completed Ballot according to and as set forth in detail in the voting instructions so that it is **actually received** by the Debtors' voting agent Verita Global (the "Voting Agent") on or before the Voting Deadline. A failure to follow such instructions may disqualify your vote.

**Creditors Entitled to Vote.** Only Holders of Allowed Claims in Class 3 (WARN Act Claims), Class 4 (Settled Priority Claims), and Class 5 (General Unsecured Claims) are entitled to vote to accept or reject the Plan. Holders of Claims in Class 1 (Priority Non-Tax Claims) and Class 2 (Other Secured Claims) are unimpaired and are not entitled to vote on the Plan, because such Claims and Interests deemed to accept the Plan on account of such unimpaired status. Holders of Claims and Interests in Class 6 (Intercompany Claims) and Class 7 (Interests) (together, with Holders of Claims in Class 1 and Class 2, the "Non-Voting Classes") are not entitled to vote on the Plan because such Holders are not receiving or retaining any value under the Plan and, thus, are deemed to reject the Plan. Creditors in Non-Voting Classes will not receive a Ballot and are receiving this notice for informational purposes to provide notice of the Combined Hearing, the Combined Objection Deadline, the Third Party Release provided for in Section 15.2(b) of the Plan (which applies to **all** Holders of Claims, whether or not they are entitled to vote on the Plan), and instructions for how to opt-out of such Third Party Release.

**Third Party Release.** Section 15.2 of the Plan provides that all Holders of Claims (whether or not entitled to vote on the Plan) who **DO NOT OPT OUT** of the Third Party Release set forth in section 15.2(b) of the Plan **will be releasing certain parties involved in the Chapter 11 Cases. IN ORDER TO OPT OUT:**

- Holders of Claims in Classes 3, 4 and 5 will receive a Ballot containing a section (Item 4) allowing them to opt out of the Third Party Release contained in the Plan. In order to validly opt out of the Third Party Release, Holders of Claims in Classes 3, 4 and 5 **must** complete the opt out election in Item 4 of their Ballot and submit it in accordance with the instructions set forth in the Ballot. **Creditors who vote to reject the Plan or abstain from voting on the Plan and do not complete the opt out election in Item 4 of their Ballot will be considered a Releasing Party in relation to the Third Party Release under the Plan and will be bound by the Third Party Release.**

- Holders of Claims in Non-Voting Classes will receive a Release Opt-Out Election Form allowing them to opt out of the Third Party Release in the Plan. In order to validly opt out of the Third Party Release, Holders of Claims in Non-Voting Classes **must** complete the Release Opt-Out Election Form and submit it in accordance with the instructions set forth in the Release Opt-Out Election Form. **Holders of Claims in Non-Voting Classes who fail to timely submit the Release Opt-Out Election Form will be considered a Releasing Party in relation to the Third Party Release under the Plan and will be bound by the Third Party Release.**

**CRITICAL INFORMATION REGARDING OBJECTING TO THE COMBINED PLAN AND DISCLOSURE STATEMENT**

**Objection Deadline.** The deadline for filing objections to the Combined Plan and Disclosure Statement or the adequacy of the disclosures contained therein is **November 18, 2025 at 4:00 p.m. (prevailing Eastern Time)** (the "Confirmation Objection Deadline"). All objections to the relief sought at the Combined Hearing **must**: (a) be in writing; (b) state in particularity the basis of the objection; and (c) be filed with the Clerk of the Bankruptcy Court electronically by attorneys who regularly practice before the Bankruptcy Court in accordance with the General Order Regarding Electronic Means for Filing, Signing, and Verification of Documents dated March 27, 2002 (the "General Order") and the Commentary Supplementing Administrative Procedures dated as of March 2004 (the "Supplemental Commentary") (the General Order, the Supplemental Commentary and the User's Manual for the Electronic Case Filing System can be found at www.njb.uscourts.gov, the official website for the Bankruptcy Court) and, by all other parties-in-interest, if not otherwise filed with the Clerk of the Court electronically, via hard copy, and shall be served in accordance with the General Order and the Supplemental Commentary upon the following parties so as to be **actually received** on or before the Combined Objection Deadline:

(a) The Debtors c/o Uzzi & Lall, One Liberty Plaza, 165 Broadway 23rd Floor, New York, NY (Attn: Gerard Uzzi, guzzi@uzzilall.com);

(b) Counsel to the Debtors, Dentons US LLP, 601 S. Figueroa Street, Suite 2500, Los Angeles, CA 90018 (Attn: Tania M. Moyron, tania.moyron@dentons.com, and Van C. Durrer II, van.durrer@dentons.com);

(c) Counsel to the Debtors, Togut, Segal & Segal LLP, One Penn Plaza, Suite 3335, New York, NY 10119 (Attn: Frank A. Oswald, frankoswald@teamtogut.com);

(d) Counsel for the Official Committee of Unsecured Creditors, Brown Rudnick LLP, Seven Times Square, New York, NY 10036 (Attn: Robert J. Stark, rstark@brownrudnick.com, Kenneth A. kaulet@brownrudnick.com, and Bennett S. Silverberg, bsilverberg@brownrudnick.com);

(e) Counsel for the Official Committee of Unsecured Creditors, Genova Burns LLC, 110 Allen Road, Suite 304, Basking Ridge, NJ 07920 (Attn: Daniel M. Stolz, dstolz@genovaburns.com); and

(f) The Office of the United States Trustee, One Newark Center, 1085 Raymond Boulevard, Suite 2100, Newark, NJ 07102 (Attn: Jeffrey M. Sponder, jeffrey.m.sponder@usdoj.gov).

**ONLY THOSE RESPONSES OR OBJECTIONS THAT ARE TIMELY FILED AND RECEIVED WILL BE CONSIDERED BY THE BANKRUPTCY COURT. RESPONSES OR OBJECTIONS NOT TIMELY FILED AND SERVED IN THE MANNER SET FORTH ABOVE WILL NOT BE CONSIDERED AND WILL BE DEEMED OVERRULED.**

**ADDITIONAL INFORMATION**

**Obtaining Solicitation Materials.** If you should have any questions about the Solicitation Package or if you would like to obtain paper copies or additional copies of the solicitation materials, please contact the Debtors' Voting Agent by: (a) visiting the Debtors' case website at: https://www.veritaglobal.net/powin (where you can obtain electronic copies of all documents filed with the Bankruptcy Court for free); (b) writing to the Voting Agent at Powin Ballot Processing c/o KCC d/b/a Verita Global, 222 N. Pacific Coast Highway, Suite 300, El Segundo, CA 90245; (c) calling the Voting Agent at (866) 507-8031 (U.S./Canada) or (781) 575-2122 (International); (d) emailing powininfo@veritaglobal.com (with "In re Powin, LLC – Solicitation Inquiry" in the subject line); or (e) submitting an inquiry to the Voting Agent at: https://www.veritaglobal.net/powin/inquiry. You may also obtain copies of any pleadings filed with the Court by visiting the Bankruptcy Court's website at https://njb.uscourts.gov/ (in accordance with the procedures and fees set forth therein). Please be advised that the Voting Agent is authorized to answer questions about, and provide additional copies of, solicitation materials, but may **not** advise you as to the Plan, the interpretation or meaning of any of the provisions contained therein, or whether you should vote to accept or reject the Plan, and will not provide you with any legal or financial advice in connection with the Plan.

**Filing the Plan Supplement.** The Plan Proponents will file the Plan Supplement (as defined in the Plan) no later than **November 7, 2025** and will serve notice on all Holders of Claims entitled to vote on the Plan, which will: (a) inform parties that the Debtors filed the Plan Supplement; (b) list the information contained in the Plan Supplement; and (c) include a copy of the Plan Supplement.

**BINDING NATURE OF THE PLAN**

**IF CONFIRMED, THE PLAN SHALL BIND ALL HOLDERS OF CLAIMS AND INTERESTS TO THE MAXIMUM EXTENT PERMITTED BY APPLICABLE LAW, WHETHER OR NOT SUCH HOLDER RECEIVES OR RETAINS ANY PROPERTY OR INTEREST IN PROPERTY UNDER THE PLAN, HAS FILED A PROOF OF CLAIM IN THESE CHAPTER 11 CASES, FAILED TO VOTE TO ACCEPT OR REJECT THE PLAN, VOTED TO REJECT THE PLAN, OR IS NOT ENTITLED TO VOTE ON THE PLAN.**

Dated: 10/21/2025

| DENTONS US LLP | TOGUT, SEGAL & SEGAL LLP |
|---|---|
| 601 S. Figueroa Street, Suite 2500 | One Penn Plaza, Suite 3335 |
| Los Angeles, CA 90017 | New York, NY 10119 |
| Tel: (213) 623-9300 | Tel: (212) 594-5000 |
| Fax: (213) 623-9924 | Fax: (212) 967-4258 |
| Tania M. Moyron (admitted pro hac vice) | Albert Togut (admitted pro hac vice) |
| Van C. Durrer, II (admitted pro hac vice) | Frank A. Oswald (admitted) |
| Email: tania.moyron@dentons.com | Email: altogut@teamtogut.com |
| van.durrer@dentons.com | frankoswald@teamtogut.com |

Counsel for Debtors and Debtors in Possession

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin Project LLC [1583]; (ii) Powin, LLC [0504]; (iii) PEOS Holdings, LLC [5476]; (iv) Powin China Holdings 1, LLC [1422]; (v) Powin China Holdings 2, LLC [9713]; (vi) Charger Holdings, LLC [5241]; (vii) Powin Energy Ontario Storage, LLC [8348]; (viii) Powin Energy Operating Holdings, LLC [2495]; (ix) Powin Energy Operating, LLC [6487]; (x) Powin Energy Storage 2, Inc. [9926]; (xi) Powin Energy Ontario Storage II LP [5787]; and (xii) Powin Canada B.C. Ltd. [2239]. Powin, LLC has formally changed its name to BESS RemainCo, LLC. The Debtors intend to file a motion seeking to amend the case caption in these proceedings to reflect such name change.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Combined Plan and Disclosure Statement.

B6 | PROPERTY REPORT    THE GLOBE AND MAIL | TUESDAY, OCTOBER 21, 2025

# Inside former airport site's takeoff into mass development

Goal for the 30-year project is to turn mostly empty piece of land into vibrant community

**MICHAEL LEWIS**

For Northcrest Developments, the challenge of transforming the former Downsview Airport site in Toronto lies in the sheer scope of the undertaking and the decades required to realize its vision.

It's a dilemma other large development projects, such as the city's waterfront revitalization, have faced as they require communities and investors to buy into ambitious plans that repurpose industrial zones and former military bases into modern, urban neighbourhoods.

"They're trying really hard, and I think they have the ingredients," Matti Siemiatycki, director of the Infrastructure Institute at the University of Toronto, says of Northcrest, the lead developer of the $30-billion, 30-year project dubbed YZD.

"The challenge in a site that large, which is super unrealistic for real estate, is too much land, rather than not enough. The question is, 'how do you phase it and make it feel lived in and vibrant as you go?'"

Northcrest calls the YZD one of the biggest urban redevelopments in North America, but it is not alone in its ambition. Developers are increasingly converting former industrial areas into mixed-use meccas, complete with housing, retail and office space, driven by support for urban growth and to combat sprawl.

**CREATING A VIBRANT COMMUNITY FOR NEW RESIDENTS**

Northcrest CEO Derek Goring was involved in the early days of Toronto's eastern waterfront redevelopment. While building can be done in phases, Mr. Goring says one lesson learned is the importance of making sure the first batch of residents feel part of a community.

"One thing that made [the waterfront project] challenging was it was very incremental," he says. "The first building sat there as a bit of an island for a number of years until the site started to build out."

With 90 per cent of the YZD land empty, Mr. Goring says each construction stage needs to be successful in its own right.

The development includes 28 million square feet of residential space and seven million square feet of retail, office, advanced manufacturing, recreational, cultural and institutional space.

Located near Keele Street and Sheppard Avenue West, the project involves the redevelopment of a site that was the former home of a Canadian Forces base and a Bombardier Aerospace campus. It's a 370-acre frontier of airplane hangars, warehouses and green fields.

Northcrest communications manager Kaleigh Ambrose says more than 5,000 tradespeople will be employed full time for each construction year. Once fully operational, YZD aims to provide permanent employment for more than 23,000.

The property's initial commercial tenants are expected to arrive in 2028, with the first group of residents projected to move in by 2030.

**HANGING IN THE HANGAR DISTRICT**

Toronto city council unanimously approved the plan for YZD's initial phase in July. The project's first neighbourhood, to be called the Hangar District, will cover more than 100 acres and retrofit two large hangars for manufacturing, entertainment, recreation and cultural uses.

Some of the existing buildings will be replaced by built-to-suit commercial structures and low-rise, multi-unit housing, with at least 10 per cent of YZD residences defined as affordable, where shelter costs are to be less than 30 per cent of a household's monthly income. Mr. Goring also says the hangars allow for the space to set up modular-housing-parts manufacturers, retail outlets such as craft breweries, live music events, recreational activities and sites for film production.

He notes the district will be split nearly equally between residential and non-residential areas and "lean into" its aviation aesthetic as a unique selling point. Northcrest expects the Hangar District to provide 2,957 homes and generate 7,400 jobs.

To anchor the district, Mr. Goring says Northcrest is seeking potential tenants that could include a postsecondary institution along with Centennial College's Bombardier Centre for Aerospace and Aviation, which is already located at the site. The hangars and new structures will be linked to YZD's future Wilson District – another phase of the project – by a pedestrian walkway, the redesigned airport runway.

**FUTURE PLANS AND FINANCING**

The proposal for Phase 2 of the development – dubbed the Wilson District, around the Wilson subway station at YZD's southernmost point – is scheduled for submission to the city in early 2026. Subsequent phases of the project will "evolve over decades to come," Northcrest says.

Funding for the project will be provided by the Public Sector Pension Investment Board and through yet-to-be finalized contributions from other partners, possibly including the federal government.

Mr. Goring says he's confident the project's amenities, parks, transit orientation, low-carbon materials and sustainable energy sources will appeal to occupants, suggesting YZD will be poised to benefit from a potential real-estate market turnaround in the coming years.

"Developments which bring people together – combining retail with residential, community spaces and attractions – are especially appealing to retailers," says Santo Ligotti, vice-president of marketing and member services at the Retail Council of Canada. "These kinds of projects create vibrant destinations that support both community life and business success."

**CONSULTING THE COMMUNITY**

Mr. Goring says meaningful consultation from residents and nearby businesses is crucial when it comes to the project's plans. The YZD consultation is being carried out in conjunction with the city and Third Party Public, a public engagement firm that Northcrest hired at the beginning of the project.

Joe Pantalone, a retired former deputy Toronto mayor and city councillor, and current special adviser to the DUKE Heights BIA, a group of 4,000 businesses in the area north of the Northcrest development, says YZD could have been controversial because of its size.

Instead, he says, it has strong support from area businesses, partly owing to Northcrest's and the city's community engagement efforts, along with the fact the project promises to connect roadways and transit, as well as bring new foot traffic to the area.

Calling YZD a series of neighbourhoods with distinct cultural and commercial attributes, and where daily needs are within walking distance, Mr. Goring says the project presents a strong business case.

"The most important metric is demographics," he says. "With more people moving here, there's going to be demand for real estate. Given the fact that all of these new people are going to be here, I can't imagine where businesses can't see this as a huge opportunity."

*Special to The Globe and Mail*

---

## COMMERCIAL REAL ESTATE

TO PLACE AN AD CALL: 1-866-999-9237
EMAIL: ADVERTISING@GLOBEANDMAIL.COM

**JLL SEE A BRIGHTER WAY**



### Retail Unit For Sale
2803 Dundas Street West, Toronto, ON (Junction)

- **NNN Investment Opportunity** – Carefree triple-net investment opportunity, 100% occupied by government-backed tenant LCBO with 7.4 years of term remaining
- **Premium Commercial Asset** – Stratified freehold ownership of 5,355 SF featuring 17+ FT ceilings and 166 FT of frontage along Dundas Street West
- **Strategic Location** – Sits in the heart of Toronto's dynamic Junction neighbourhood, an area experiencing rapid intensification and urban growth

**Graham Smith*** / **Jackson Safrata*** / **Brandon Gorman****
+1 416 815 0714 / +1 416 238 9962 / +1 416 555 0707
Graham.Smith@jll.com / Jackson.Safrata@jll.com / Brandon.Gorman@jll.com

*JLL Real Estate Services, Inc., Brokerage    **Broker *Sales Representative    jll.com*

---

### RECENT ASSET TRANSACTIONS — AltusGroup

(Industrial, Office, Retail, Industrial tables)

**GREATER TORONTO AREA**

| SECTOR | MUNICIPALITY | ADDRESS | UNIT PRICE | PRICE | per sq. ft. |
|---|---|---|---|---|---|
| Industrial | Mississauga | 400-450 Matheson Blvd East | $39,700,000 | $345 | per sq. ft. |
| Industrial | Mississauga | 2360 Millrace Court | $22,500,000 | $278 | per sq. ft. |
| Retail | Ajax | 425 Bayly Street West | $14,500,000 | $803 | per sq. ft. |

**GREATER VANCOUVER AREA**

| SECTOR | MUNICIPALITY | ADDRESS | PRICE | UNIT PRICE | |
|---|---|---|---|---|---|
| Apartment | Coquitlam | 1200 Howie Avenue | $19,400,000 | $294,000 | per unit |
| Retail | Abbotsford | 32853 Ventura Avenue | $3,150,000 | $704 | per sq. ft. |
| Industrial | Abbotsford | 2518 Clearbrook Road | $2,763,800 | $401 | per sq. ft. |

**GREATER MONTREAL AREA**

| SECTOR | MUNICIPALITY | ADDRESS | PRICE | UNIT PRICE | |
|---|---|---|---|---|---|
| Apartment | LaSalle | 1400-1600 Angrignon Blvd | $48,500,000 | $197,105 | per unit |
| Apartment | Vieux-Longueuil | 1575 NDG Street | $11,200,000 | $197,746 | per unit |
| Retail | Terrebonne | 706-712 des Seigneurs Blvd | $7,250,000 | $288 | per sq. ft. |

**GREATER CALGARY AREA**

| SECTOR | MUNICIPALITY | ADDRESS | PRICE | UNIT PRICE | |
|---|---|---|---|---|---|
| Industrial | Calgary | 5218 84th Avenue SE & 5251 84th Avenue SE | $9,500,000 | $116 | per sq. ft. |
| Industrial | Okotoks | 1101 & 1103 North Railway St. | $2,875,000 | $277 | per sq. ft. |
| Apartment | Calgary | 438 12th Avenue NE | $1,135,000 | $283,750 | per unit |

*Altus Data Solutions Canada (Altus Group, 2025, altusgroup.com) – Empowering smarter real estate decisions. This transaction data was previously released under REALNET Canada, it will now be released by Altus Group, powered by a proprietary data platform for Altus Data Solutions Canada. Altus Group Limited assumes no representation about the accuracy, completeness, or authenticity of the materials represented herein for the particular purposes of any reader.*

---

### DIVIDENDS

**Dividends** — Computershare

Notice is hereby given that the following dividends have been declared. All amounts shown are in Canadian dollars unless otherwise specified.

| Issuer | Issue | Record Date | Payable Date | Rate |
|---|---|---|---|---|
| Bombardier Inc. | Pref. Series 2 | Oct. 31, 2025 | Nov. 15, 2025 | Floating |
| Northland Power Inc. | Common Shares | Oct. 31, 2025 | Nov. 17, 2025 | $0.10 |

---

### Stay informed around the clock with The Globe app – free for print subscribers

Need help getting started?

Visit tgam.ca/globeapp to learn more

---

## LEGALS

Objection Deadline: 11/18/2025 at 4:00 P.M.    Hearing Date: 11/25/2025 at 11:30 A.M.

### UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY

In re: Powin, LLC, et al., Debtors.
Chapter 11
Case No. 25-16137 (MBK)
(Jointly Administered)

### NOTICE OF (I) COMBINED HEARING TO CONSIDER APPROVAL OF DISCLOSURE STATEMENT ON FINAL BASIS AND PLAN CONFIRMATION AND (II) RELATED VOTING AND OBJECTION DEADLINE

**PLEASE TAKE NOTICE** that on June 9, 2025 and thereafter (the "Petition Date"), Powin, LLC and its debtor affiliates, as debtors and debtors in possession (collectively, the "Debtors") in the above captioned chapter 11 cases (the "Chapter 11 Cases") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court").

**PLEASE TAKE FURTHER NOTICE** that on October 14, 2025, the Bankruptcy Court entered an order [Docket No. 939] (the "Solicitation Procedures Order") (a) conditionally approving the Joint Combined Disclosure Statement and Chapter 11 Plan of Liquidation of Powin, LLC and Affiliates Thereof and the Official Committee of Unsecured Creditors (Docket No. 914) [as may be amended, modified, or supplemented from time to time and including all exhibits and supplements thereto, the "Combined Plan and Disclosure Statement" or the "Plan")], solely as it relates to the disclosures contained therein, as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code, pending final approval at the Combined Hearing (as defined below); (b) authorizing the Debtors and the Official Committee of Unsecured Creditors (together, the "Plan Proponents") to solicit acceptances for the Combined Plan and Disclosure Statement; (c) approving the solicitation materials and documents to be included in the solicitation packages (the "Solicitation Packages"); and (d) approving procedures for soliciting, noticing, receiving, and tabulating votes on the Plan and for filing objections to the Plan or final approval of the Disclosure Statement.

**PLEASE TAKE FURTHER NOTICE** that the hearing at which the Bankruptcy Court will consider final confirmation of the Combined Plan and Disclosure Statement (the "Combined Hearing") will commence on **November 25 at 11:30 a.m.** (prevailing Eastern Time), or such other time that the Bankruptcy Court determines, before the Honorable Michael B. Kaplan, United States Bankruptcy Judge, Clarkson S. Fisher United States Courthouse, 402 East State Street, Second Floor, Courtroom 8, Trenton, NJ 08608.

**PLEASE TAKE FURTHER NOTICE** that the Combined Hearing will be conducted as a hybrid hearing, either in person or via Zoom for Government. Parties wishing to present argument must be present in the Courtroom. Counsel who do not intend to argue but who wish to observe, or counsel who do not intend to argue but wish to have speaking capabilities, if necessary, to preserve their rights, or counsel with unavoidable conflicts or extenuating circumstances, may request to appear remotely by sending an email to Chambers (chambers_of_mbk@njb.uscourts.gov) indicating the name of the person appearing, their email address, their affiliation, and whom they represent or their interest in these Chapter 11 Cases. If the request is approved, the participant will receive appropriate credentials and further instruction.

**PLEASE TAKE FURTHER NOTICE** that the Combined Hearing may be continued from time to time by the Bankruptcy Court or the Plan Proponents without further notice other than by such adjournment being announced in open court or by a notice of adjournment filed with the Bankruptcy Court and served on all parties entitled to notice.

### CRITICAL INFORMATION REGARDING VOTING ON THE PLAN

**Voting Record Date.** The voting record date is **October 10, 2025** (the "Voting Record Date"), which is the date for determining which certain Holders of Claims are entitled to vote on the Plan.

**Voting Deadline.** The deadline for voting on the Plan is on **November 18, 2025 at 4:00 p.m.** (prevailing Eastern Time) (the "Voting Deadline"). If you received a Solicitation Package, including a Ballot, and intend to vote on the Plan, you **must**: (a) follow the instructions carefully; (b) complete all of the required information on the ballot; and (c) execute and return your completed Ballot according to and as set forth in detail in the voting instructions so that it is **actually received** by the Debtors' voting agent Verita Global (the "Voting Agent") on or before the Voting Deadline. A failure to follow such instructions may disqualify your vote.

**Creditors Entitled to Vote.** Only Holders of Allowed Claims in Class 3 (WARN Act Claims), Class 4 (Settled Priority Claims), and Class 5 (General Unsecured Claims) are entitled to vote to accept or reject the Plan. Holders of Claims in Class 1 (Priority Non-Tax Claims) and Class 2 (Other Secured Claims) are unimpaired and are not entitled to vote on the Plan, because such Claims and interests deemed to accept the Plan and are deemed to accept the Plan as a result of unimpaired status. Holders of Claims and interests in Class 6 (Intercompany Claims) and Class 7 (Interests) (together, with Holders of Claims in Class 1 and Class 2, the "Non-Voting Classes") are not entitled to vote on the Plan because such Holders are not receiving or retaining any value under the Plan and, thus, are deemed to reject the Plan. Creditors in Non-Voting Classes will not receive a Ballot and are receiving this notice for informational purposes to provide notice of the Combined Hearing, the Combined Objection Deadline, the Third Party Release provided for in Section 15.2(b) of the Plan (which applies to all Holders of Claims, whether or not they are entitled to vote on the Plan), and instructions for how to opt-out of such Third Party Release.

**Third Party Release.** Section 15.2 of the Plan provides that all Holders of Claims (whether or not entitled to vote on the Plan) who **DO NOT OPT OUT** of the Third Party Release set forth in section 15.2(b) of the Plan will be **releasing certain parties involved in the Chapter 11 Cases**. **IN ORDER TO OPT OUT:**

- Holders of Claims in Classes 3, 4 and 5 will receive a Ballot containing a section (item 4) allowing them to opt out of the Third Party Release contained in the Plan. In order to validly opt out of the Third Party Release, Holders of Claims in Classes 3, 4 and 5 **must** complete the opt out election in item 4 of their Ballot and submit it in accordance with the instructions set forth in the Ballot. Creditors who vote to reject the Plan or abstain from voting on the Plan and do not complete the opt out election in item 4 of their Ballot will be considered a Releasing Party in relation to the Third Party Release under the Plan and will be bound by the Third Party Release.

- Holders of Claims in Non-Voting Classes will receive a Release Opt-Out Election Form allowing them to opt out of the Third Party Release in the Plan. In order to validly opt out of the Third Party Release, Holders of Claims in Non-Voting Classes **must** complete the Release Opt-Out Election Form and submit it in accordance with the instructions set forth in the Release Opt-Out Election Form. Holders of Claims in Non-Voting Classes who fail to timely submit the Release Opt-Out Election Form will be considered a Releasing Party in relation to the Third Party Release under the Plan and will be bound by the Third Party Release.

### CRITICAL INFORMATION REGARDING OBJECTING TO THE COMBINED PLAN AND DISCLOSURE STATEMENT

**Objection Deadline.** The deadline for filing objections to the Combined Plan and Disclosure Statement or the adequacy of the disclosures contained therein is **November 18, 2025 at 4:00 p.m.** (prevailing Eastern Time) (the "Confirmation Objection Deadline"). All objections to the relief sought at the Combined Hearing must: (a) be in writing; (b) state in particularity the basis of the objection; and (c) be filed with the Clerk of the Bankruptcy Court electronically by attorneys who regularly practice before the Bankruptcy Court in accordance with the General Order Regarding Electronic Means for Filing, Signing, and Verification of Documents dated March 27, 2002 (the "General Order") and the General Supplemental Administrative Procedures dated as of March 2004 (the "Supplemental Commentary") (the General Order, the Supplemental Commentary and the User's Manual for the Electronic Case Filing System can be found at www.njb.uscourts.gov, the official website for the Bankruptcy Court) and, by all other parties-in-interest, if not otherwise filed with the Clerk of the Court electronically, via hard copy, and shall be served in accordance with the General Order and the Supplemental Commentary upon the following parties so as to be **actually received** on or before the Combined Objection Deadline:

(a) The Debtors c/o Uzzi & Lall, One Liberty Plaza, 165 Broadway 23rd Floor, New York, NY (Attn: Gerard Uzzi, guzzi@uzzilall.com);
(b) Counsel to the Debtors, Dentons US LLP 601 S. Figueroa Street, Suite 2500, Los Angeles, CA 90018 (Attn: Tania M. Moyron, tania.moyron@dentons.com, and Van C. Durrer II, van.durrer@dentons.com);
(c) Counsel to the Debtors, Togut, Segal & Segal LLP One Penn Plaza, Suite 3335, New York, NY 10119 (Attn: Frank A. Oswald, frankoswald@teamtogut.com);
(d) Counsel for the Official Committee of Unsecured Creditors, Brown Rudnick LLP Seven Times Square, New York, NY 10036 (Attn: Robert J. Stark, rstark@brownrudnick.com, Kenneth Aulet, kaulet@brownrudnick.com, and Bennett S. Silverberg, bsilverberg@brownrudnick.com);
(e) Counsel for the Official Committee of Unsecured Creditors, Genova Burns LLC, 110 Allen Road, Suite 304, Basking Ridge, NJ 07920 (Attn: Daniel M. Stolz, dstolz@genovaburns.com); and
(f) The Office of the United States Trustee, One Newark Center, 1085 Raymond Boulevard, Suite 2100, Newark, NJ 07102 (Attn: Jeffrey M. Sponder, jeffrey.m.sponder@usdoj.gov).

**ONLY THOSE RESPONSES OR OBJECTIONS THAT ARE TIMELY FILED AND RECEIVED WILL BE CONSIDERED BY THE BANKRUPTCY COURT. RESPONSES OR OBJECTIONS NOT TIMELY FILED AND SERVED IN THE MANNER SET FORTH ABOVE WILL NOT BE CONSIDERED AND WILL BE DEEMED OVERRULED.**

### ADDITIONAL INFORMATION

**Obtaining Solicitation Materials.** If you should have any questions about the Solicitation Package or if you would like to obtain paper copies of solicitation materials, please contact the Debtors' Voting Agent by: (a) visiting the Debtors' case website at https://www.veritaglobal.net/powin (where you can obtain electronic copies of all documents filed with the Bankruptcy Court for free); (b) writing to the Voting Agent at Powin Ballot Processing c/o KCC d/b/a Verita Global, 222 N. Pacific Coast Highway, Suite 300, El Segundo, CA 90245; (c) calling the Voting Agent at (866) 507-8621 (U.S./Canada) or (781) 575-2122 (International); (d) emailing powininfo@veritaglobal.com (with "In re Powin, LLC – Solicitation Inquiry" in the subject line); or (e) submitting an inquiry on the Voting Agent at https://www.veritaglobal.net/powin/inquiry. You may also obtain copies of any pleadings filed with the Court by visiting the Bankruptcy Court's website at https://njb.uscourts.gov/ in accordance with the procedures and fees set forth therein. Please be advised that the Voting Agent is authorized to answer questions about, and provide additional copies of, solicitation materials, but may **not** advise you as to the Plan, the interpretation or meaning of any of the provisions contained therein, or whether you should vote to accept or reject the Plan, and will not provide you with any legal or financial advice or information with the Plan.

**Filing the Plan Supplement.** The Plan Proponents will file the Plan Supplement (as defined in the Plan) no later than **November 7, 2025** and will serve notice on all Holders of Claims entitled to vote on the Plan, which will: (a) inform parties that the Debtors filed the Plan Supplement; (b) list the information contained in the Plan Supplement; and (c) include a copy of the Plan Supplement.

### BINDING NATURE OF THE PLAN

**IF CONFIRMED, THE PLAN SHALL BIND ALL HOLDERS OF CLAIMS AND INTERESTS TO THE MAXIMUM EXTENT PERMITTED BY APPLICABLE LAW, WHETHER OR NOT SUCH HOLDER RECEIVES OR RETAINS ANY PROPERTY OR INTEREST IN PROPERTY UNDER THE PLAN, HAS FILED A PROOF OF CLAIM IN THESE CHAPTER 11 CASES, FAILED TO VOTE TO ACCEPT OR REJECT THE PLAN, VOTED TO REJECT THE PLAN, OR IS NOT ENTITLED TO VOTE ON THE PLAN.**

Dated: 10/21/2025

| **DENTONS US LLP** | **TOGUT, SEGAL & SEGAL LLP** |
|---|---|
| 601 S. Figueroa Street, Suite 2500 | One Penn Plaza, Suite 3335 |
| Los Angeles, CA 90017 | New York, NY 10119 |
| Tel: (213) 623-9300 | Tel: (212) 594-5000 |
| Fax: (213) 623-9924 | Fax: (212) 967-4258 |
| Tania M. Moyron (admitted pro hac vice) | Albert Togut (admitted pro hac vice) |
| Van C. Durrer, II (admitted pro hac vice) | Frank A. Oswald (admitted pro hac vice) |
| Email: tania.moyron@dentons.com | Email: altogut@teamtogut.com |
| van.durrer@dentons.com | frankoswald@teamtogut.com |

*Counsel for Debtors and Debtors in Possession*

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin Project LLC (5363); (ii) Powin LLC (0824); (iii) POS Holdings, LLC (5476); (iv) Powin China Holdings, LLC (6132); (v) Powin Energy Ostrava LLC (7017); (vi) Powin Energy Operating, LLC (3481); (vii) Powin Energy Holdings, LLC (6349); (viii) Powin International LLC (3441); (ix) Powin Energy Texas, LLC (5757); and (x) Powin Canada ULC (6751). The Debtors' headquarters is located at 20550 SW 115th Ave., Tualatin, OR 97062. Powin, LLC has formally changed its name to MESA BorrowCo, LLC. The Debtors intend to file a motion seeking to amend the case caption in these proceedings to reflect such name change.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Combined Plan and Disclosure Statement.



# VERIFICATION OF PUBLICATION

**STATE OF NEW YORK**
**COUNTY OF NEW YORK**

Being duly sworn, Teri says that she is the principal clerk of USA TODAY, and is duly authorized by USA TODAY to make this affidavit, and is fully acquainted with the facts stated herein: on **Tuesday, October 21, 2025**, the following legal advertisement – **Powin, LLC** was published in the national edition of **USA TODAY.**

*Teri Nawara*

Principal Clerk of USA TODAY
August 27, 2025