# Exhibit 1

(Settlement)

**Settlement and Release Agreement**

This Settlement and Release Agreement (the "**Settlement Agreement**" or "**Settlement**") is made and entered into as of the 22nd day of November 2025, by and between Brian Palomino and Luis Santiago (together, the "Settlement Class Representatives"), on behalf of themselves and all others similarly situated and who are reflected on Schedule 1 hereto (the "Settlement Class"), on the one hand, through counsel, and, on the other hand, Powin Project LLC; (ii) Powin, LLC, (iii) PEOS Holdings, LLC, (iv) Powin China Holdings 1, LLC, (v) Powin China Holdings 2, LLC, (vi) Charger Holdings, LLC, (vii) Powin Energy Ontario Storage, LLC, (viii) Powin Energy Operating Holdings, LLC, (ix) Powin Energy Operating, LLC (x) Powin Energy Storage 2, Inc.; (xi) Powin Energy Ontario Storage II LP; (xii) Powin Canada B.C. Ltd.; and (xiii) Powin EKS SellCo, LLC (collectively, the "Debtors" and together with Class Representatives, the "Parties").

**Recitals**

A.  Prior to the Petition Date (defined below), the Debtors operated as a leading energy storage integrator.

B.  On or about June 6, 2025, Debtors terminated approximately 278 employees specified by individual name on the attached and incorporated Schedule 1, who reported to Debtors' facilities.

C.  On or about June 9, 2025 (the "Petition Date"), the Debtors each commenced a voluntary Bankruptcy Case for relief under chapter 11 of title 11 of the United States Code, §§ 101 et seq., as amended (the "Bankruptcy Code"), which are being jointly administered as Case No. 25-16137 (MBK) before the United States Bankruptcy Court for the District of New Jersey (the "Court").

D.  Following the Petition Date, Luis Santiago filed a class proof of claim on June 10, 2025, against Powin, LLC and related debtors, alleging violations of the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 et seq. (the "WARN Act"), and asserting a priority claim in the amount of $5,145,000.00 pursuant to Sections 507(a)(4) and 507(a)(5) of the Bankruptcy Code. (Claim 1, the "WARN Class POC").  On June 12, 2025, Brian Palomino filed a class adversary proceeding against Powin, LLC and related debtors, also alleging WARN violations and asserting sixty days of WARN damages for each putative class member pursuant to Sections 507(a)(4) and 507(a)(5) of the Bankruptcy Code. (Adv. Proc. No. 25-01249, the "WARN Class Adversary," and collectively with the WARN Class POC, the "WARN Claims").

E.  On or about June 27, 2025, the Official Committee of Unsecured Creditors (the "Committee") was appointed in this matter by the Office of the United States Trustee. Plaintiff Brian Palomino was appointed to the Committee.

F.  The WARN Claims involve numerous legal issues regarding the application of the WARN Act and its statutory and other legal defenses to complex facts. These issues include, *inter alia*, (i) whether the Debtors were a covered employer under the WARN Act at the time of the

alleged plant closing or mass layoff; (ii) whether the Debtors complied with the notice requirements under the WARN Act; (iii) whether the Debtors were entitled to give fewer than sixty (60) days' written notice because of the applicability of any of the statutory defenses contained in the WARN Act; (iv) whether the Debtors have other defenses to the application of the WARN Act; (v) whether the Debtors gave "as much notice as practicable"; (vi) whether the Debtors constitute a "single employer" under the provisions of the WARN Act such that they would be jointly and severally liable for some or all of the alleged damages; (vii) the computation of the amount of damages; and (viii) whether the Debtors are entitled to any reduction of damages based on "good faith." The Plaintiffs have the burden of proof on some of these issues and the Debtors have the burden on others, including any affirmative defenses, and the trial of this matter would likely be lengthy, adding to cost and potential delay, with an uncertain outcome.

G. The Parties acknowledge the risks and delay inherent in litigation.

H. On or about October 14, 2025, the Parties reached an agreement in principle to resolve the WARN Claims, an overview of which is described in Exhibit I of the Plan Supplement [Bankr. Dkt. 1038] (the "Plan Supplement") to the Debtors' Combined Disclosure Statement and Chapter 11 Plan (the "Combined Plan").

I. The complete terms of the resolution of the WARN Claims are described in this Settlement Agreement. In general, this Settlement Agreement provides for certification of the Settlement Class, as defined herein, and appointment of the Settlement Class Representatives and Class Counsel and allowance of an aggregate 507(a)(4) claim against the Bankruptcy Estates of the Debtors in the total amount of $3,500,000.00, of which $500,000 shall be paid in cash upon the Effective Date. The remaining Allowed WARN Act Claim Amount shall be paid from net recoveries of the Liquidating Trust in accordance with the Liquidating Trust Agreement. The other essential terms of the Settlement Agreement are set forth below.

NOW, THEREFORE, for valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

**Settlement**

1. <u>Incorporation of Recitals.</u> The foregoing recitals are incorporated herein by this reference as though fully set forth at this place.

2. <u>Joint Motion.</u> The Parties have prepared and the Debtors shall file a *Joint Motion Pursuant to 11 U.S.C. § and Fed. R. Bankr. P. 7023 and 9019 to (I) Approve the Settlement Pursuant to Fed. R. Bankr. P. 9019, (II) Preliminarily Approve the Settlement Pursuant to Fed. R. Bankr. P. 7023, (III) Approve the Form and Manner of Notice to the Settlement Class Members of the Settlement, (IV) Schedule a Fairness Hearing to Consider Final Approval of the Settlement, (V) Finally Approve the Settlement Pursuant to Fed. R. Bankr. P. 7023 After the Fairness Hearing, and (VI) Grant Related Relief* (the "<u>Joint Motion</u>"). The Parties agree to cooperate and support the relief requested within the Joint Motion until the Court enters a Final Order (as defined below).

3. Preliminary Approval. The Parties shall seek the preliminary approval of the Settlement Agreement and the form of notice to be given to Settlement Class Members ("Class Members"). The form of the Preliminary Approval Order proposed by the Parties is attached hereto as Exhibit A. The form of the notice to the Class Members proposed by the Parties is attached hereto as Exhibit B.

4. Certification of a Settlement Class. The Parties agree, for purposes of this Settlement only, that a settlement class should be certified consisting of the employees of one or more of Powin Energy Operating, LLC, Powin Energy Operating Holdings, LLC or Powin, LLC identified by Debtors from their books and records, and specified by individual name on the attached and incorporated Schedule 1, who were involuntarily separated from employment on or about June 6, 2025 (each a "Class Member"), but excluding any such individuals who timely elect to opt out of the Class (the "Settlement Class"). The Parties also agree to the appointment of Plaintiffs Brian Palomino and Luis Santiago as the Class Representatives and appointment of Raisner Roupinian LLP, The Gardner Firm, PC and Lankenau & Miller, LLP as class counsel ("Class Counsel").

5. Class Notice. Class Counsel shall provide notice to each Class Member within ten (10) business days following entry of the order preliminarily approving this Agreement, which describes the Agreement, informs the Class Members of their right to opt-out or object to the Settlement Agreement and identifies the deadline for doing so.

6. Settlement Administration. The Liquidating Trustee or its designee shall be responsible for distribution of the settlement including, but not limited to, (a) the formation of a qualified settlement fund (the "Qualified Settlement Fund") as authorized by Treasury Regulation 1.486B-1(c) to accept, distribute, and otherwise administer the Settlement, including wiring Class Counsel's Fees and Class Counsel's Expenses to Class Counsel, according to such wiring instructions provided by Class Counsel; (b) the preparation and mailing of settlement checks to each Class member; (c) the preparation and mailing of all tax forms, where applicable, and (d) the processing of returned settlement checks as undeliverable, including re-mailing to forwarding addresses and tracing of current addresses. Within two business days of entry of an Order granting preliminary approval of the settlement, the Debtors shall securely provide the Liquidating Trustee or its designee with a social security number for each Class Member for use in locating any Class Member whose address is stale and/or for use in administration of the settlement. Prior to the Effective Date, the Liquidating Trustee or its designee shall provide the Debtors with wiring instructions for the Qualified Settlement Fund. Should the Liquidating Trustee, in consultation with Class Counsel, choose to designate a Settlement Administrator to establish a Qualified Settlement Fund and administer the settlement, the cost of the settlement administrator shall be borne by the Bankruptcy Estates.

7. Fairness Hearing. The Parties shall request the Court hold a Fairness Hearing to consider final approval of this Settlement Agreement. The form of the Final Approval Order proposed by the Parties is attached hereto as Exhibit C.

8.    Allowed Claim. The Settlement Class shall have an allowed Section 507(a)(4) claim of $3,500,000 (the "Allowed WARN Act Claim Amount") against the Bankruptcy Estates of the Debtors, of which $500,000 shall be paid in cash by the Liquidating Trustee or its designee upon the Effective Date to the Qualified Settlement Fund for distribution to the Class Members (the "Initial Distribution"). The $3,000,000 balance of the Allowed WARN Act Claim Amount shall be paid by Liquidating Trustee or its designee to the Qualified Settlement Fund for distribution to the Class Members from net recoveries of the Liquidating Trust in accordance with the priority scheme set forth in the Bankruptcy Code (the "Remaining Distribution Payments"). The Parties agree that the Initial Distribution and Remaining Distribution Payments shall be inclusive of any and all required payments by the Liquidating Trustee and the Debtors under this Settlement Agreement, including, but not limited to, any employer taxes that might otherwise be due, except for the cost of administering their distribution. For the avoidance of doubt, any costs incurred by the Bankruptcy Estates, the Liquidating Trustee or its designee, in administering the settlement, as set forth in paragraphs 6 and 9, shall not be paid from the Allowed WARN Act Claim Amount.

9.    Settlement Distribution. The Class Members' settlement distributions shall be included under the Class Member's name and social security number on an any IRS Form and any applicable state or local tax form to be distributed by the Liquidating Trustee or its designee. The Service Payments, Class Counsel's Fees and Class Counsel's Expenses shall be reflected on IRS Form 1099s. By accepting his or her portion of the Settlement, each Class Member agrees that he or she will be solely responsible for any and all tax liabilities stemming from the payment of his or her claim under the Settlement Agreement. With respect to any distribution made by the Liquidating Trustee, or its designee, of the Initial Distribution or Remaining Distribution Payments, Class Counsel shall determine the timing of such distributions in consultation with the Liquidating Trustee or its designee, and Class Counsel shall calculate each Class Member's pro-rata share of the distribution.

10.    Mutual Releases. Except for the rights arising out of, provided for, or reserved in this Settlement Agreement, upon the final approval of this Settlement Agreement, the Class Members, for and on behalf of themselves, and their respective predecessors, successors, assigns, affiliates and subsidiaries (collectively, the "Releasing Parties"), do hereby fully and forever release and discharge (a) the Debtors, their estates, their current and former directors, parents, subsidiaries, partners, members, lenders, accountants, attorneys, representatives, the Liquidating Trust, the Liquidating Trustee, and all other agents, respective predecessors, successors and assigns (collectively, the "Released Parties"), of and from any and all claims, obligations, demands, rights, debts, liabilities, liens, actions and causes of action, costs, expenses, attorneys' fees and damages of whatever kind or nature, character, and description, whether in law or in equity, whether sounding in tort, contract, federal, state and/or local law, statute, ordinance, regulation, common law, or other source of law, whether known or unknown, and whether anticipated or unanticipated, suspected or disclosed, which the Releasing Parties may now have against the Released Parties, which relate to or are based on the WARN Act, or any federal, state or local law or regulation applying to plant closings (collectively, the "Released Claims"). The Parties agree, however, that the following claims and/or rights do not fall within the scope of the Released Claims and shall not be affected by this Settlement Agreement: (i) any claim for continuation of health or medical coverage, at the Class Member's expense, or at the expense of a

beneficiary or dependent of a Class Member, to the extent required by the relevant provisions of the Consolidated Omnibus Reconciliation Act of 1985 ("COBRA"); (ii) any pre-petition, non-priority claims for expense reimbursement due individual Class Members; (iii) rights, if any unrelated to the individual Class Members' WARN Act claims, arising under the Debtors' 401(k) retirement plans; and (iv) any claim of individual Class Members which the law clearly states may not be released by settlement. The Released Parties waive the right to assert any avoidance claims against Class Members arising under chapter 5 of the Bankruptcy Code or applicable state law to the extent such claims relate to transfers of less than $15,000.

Upon the final approval of this Settlement Agreement, the Class Members agree that the release of the Class Members' Released Claims shall become effective without further notice or order of the Court and any claims that have been scheduled on behalf of, or filed by, the Class Representatives or the Class Members in the Chapter 11 Cases, on account of any Released Claims are disallowed in their entirety and the Debtors' schedules or claims register may be revised accordingly, as appropriate, without further order of the Court.

11. Plan Voting. The Settlement Class Representatives agree they shall timely submit a ballot voting to accept the Plan, and any Class Member casting a ballot shall vote to accept the Plan. The agreement to vote in favor of the Plan and any ballot submitted by the Settlement Class Representatives or any Class Member are expressly conditioned upon the Bankruptcy Court's approval of this Agreement pursuant to Bankruptcy Rule 9019. In the event the Bankruptcy Court declines to approve this Agreement, the Settlement Class Representatives and Class Members shall have no obligation to vote.

12. Dismissal of WARN Class Adversary. Upon entry of the Final Approval Order, the WARN Class Adversary shall be deemed settled, released and dismissed in its entirety, on the merits, with prejudice, and the Court shall simultaneously, or the Clerk of the Court shall, enter a Notice of Dismissal to that effect in the form attached hereto as Exhibit C, or in substantially similar form acceptable to the Parties.

13. Service Payments to Class Representatives. The Class Representatives shall, subject to final Court approval of this Settlement Agreement, receive an initial combined payment of fifteen thousand dollars ($15,000) from the Initial Distribution for their service on behalf of the Class Members ("Service Payments") to be allocated as follows: $9,000 to Brian Palomino and $6,000 to Luis Santiago. The Class Representatives shall, subject to final approval, receive a supplemental combined payment of Ten Thousand Dollars from the Remaining Distribution Payments to be allocated as follows: $6,000 to Brian Palomino and $4,000 to Luis Santiago. The Service Payments will be made in addition to the Settlement Class Representatives' pro rata share of the settlement.

14. Class Counsel Fees. Class Counsel shall, subject to final Court approval of this Settlement Agreement, receive payment in the amount of one-third (1/3) of any distributions of the Allowed WARN Act Claim Amount ("Class Counsel's Fees"), plus reasonable and documented litigation costs and expenses related to the WARN Claims ("Class Counsel's Expenses"). Class Counsel's Fees and Class Counsel's Expenses shall be payment in full for Class Counsel's work and expenses in connection with this matter.

15. **Authority to Enter into Settlement Agreement.** Any person signing this Settlement Agreement on behalf of an entity or Settlement Class, represents and warrants that, upon final Court approval, the person has the legal capacity and authority to enter into this Settlement Agreement and bind such entity or class in accordance with the terms of this Settlement Agreement.

16. **Integration.** This Settlement Agreement constitutes the entire agreement between the Parties related to the settlement of the WARN Claims and shall be deemed to be a full, final and completed integration of all prior or contemporaneous understandings or agreements between the Parties related thereto.

17. **Amendments.** This Settlement Agreement may be amended or supplemented only by a written instrument signed by all Parties, and, if required, by approval of the Court.

18. **Counterparts.** This Settlement Agreement may be executed in any number of identical counterparts, each of which shall be considered an original, but together shall constitute but one and the same agreement. Facsimile signatures or signatures transmitted by email or other electronic means shall be sufficient to bind the Parties.

19. **Dispute Resolution.** Any dispute arising out of, or related to, this Settlement Agreement shall be decided by the Court.

20. **Governing Law.** This Settlement Agreement shall be governed by and all disputes related hereto shall be determined in accordance with the laws of the State of New Jersey.

21. **Jury Waiver.** Each Party hereby expressly waives trial by jury in any action, proceeding or counterclaim brought by any of the Parties against the other and any rights to a trial by jury under any statute, rule of law or public policy in connection with any matter whatsoever arising out of or in any way relating to this Settlement Agreement.

22. **Construction.** The Parties have participated jointly in the negotiation and drafting of this Settlement Agreement. In the event an ambiguity or question of intent or interpretation arises, this Settlement Agreement shall be construed according to its plain meaning as if drafted jointly by the Parties and no presumption or burden of proof shall arise favoring or disfavoring any Party by virtue of authorship or any provision of this Settlement Agreement

23. **Captions.** The captions or section headings are for convenience and ease of reference only and shall not be construed to limit, modify or alter the terms of this Settlement Agreement.

24. **Severance.** If any provision of this Settlement Agreement is held to be illegal or invalid by a court of competent jurisdiction, such provision shall be deemed to be severed and deleted. Neither such provision, nor its severance and deletion, shall affect the validity of the remaining provisions of this Settlement Agreement.

25. <u>Successors.</u> This Settlement Agreement shall be binding upon the Parties, their respective heirs, administrators, personal representatives, successors and assigns. This Settlement Agreement shall be binding upon the Debtors, the Liquidating Trustee, the Trust, and lenders.

26. <u>Residual Funds.</u> Any distributions from the Qualified Settlement Fund to Class Members that are not deposited or presented for payment within one hundred eighty (180) days of the distribution shall be deemed residual funds (the "<u>Residual Funds</u>") on the 181st day following the distribution and treated as follows. Residual Funds will be: (i) first, used to make Qualified Settlement Fund distributions to additional Class Members, if any, that may be identified after the initial distribution of the Settlement Payment and who fall within the Class definition herein but who did not appear on <u>Schedule 1</u> ("<u>Additional Class Members</u>"); (ii) second, distributed in a supplemental distribution to all Class Members who cashed or negotiated their initial Settlement distribution check, so long as Class Counsel determines that such distribution is feasible; and (iii) if any Residual Funds remain after distributions to Additional Class Members, if any, or as a supplemental distribution, if any, then last, the Residual Funds shall be donated to Towards Justice, a non-profit 501(c)(3) charitable organization which advocates on behalf of employees' rights. No portion of the Residual Funds shall revert to or be retained by Debtor, the Bankruptcy Estates, or Class Counsel for any reason.

27. <u>Third-Party Beneficiaries</u>. This Settlement Agreement is for the benefit of the Parties themselves, along with any heirs, executors or attorneys in fact, and not for the benefit of any third parties, including commercial third parties who purport to obtain claims of the Class Representative or Class Members through assignment, transfer or otherwise. Absent an order from the Bankruptcy Court, Class Counsel or the Defendants, shall be under no obligation to distribute payments from the Settlement Amount or otherwise.

*[Signatures Follow]*

**Signature Page for WARN Act Settlement Agreement**

IN WITNESS WHEREOF, the Parties have executed this Agreement as of November 22, 2025.

**On behalf of the Settlement Class Representatives and the Proposed Settlement Class:**

RAISNER ROUPINIAN LLP

*/s/  René S. Roupinian*_____
Jack A. Raisner
René S. Roupinian
Proposed Class Counsel

THE GARDNER FIRM, PC

*/s/  Mary E. Olsen*_____
Mary E. Olsen
M. Vance McCrary
Proposed Class Counsel

-and-

LANKENAU & MILLER LLP

*/s/ Stuart J. Miller*_____
Stuart J. Miller
Johnathan Miller
Proposed Class Counsel

**AND**

**On behalf of the Debtors and Debtors in Possession:**

*/s/*_____
Gerard Uzzi
Chief Restructuring Officer

## Signature Page for WARN Act Settlement Agreement

IN WITNESS WHEREOF, the Parties have executed this Agreement as of November 22, 2025.

**On behalf of the Settlement Class Representatives and the Proposed Settlement Class:**

RAISNER ROUPINIAN LLP

/s/_____
Jack A. Raisner
René S. Roupinian
Proposed Class Counsel

THE GARDNER FIRM, PC

/s/_____
Mary E. Olsen
M. Vance McCrary
Proposed Class Counsel

-and-

LANKENAU & MILLER LLP

/s/_____
Stuart J. Miller
Johnathan Miller
Proposed Class Counsel

**AND**

**On behalf of the Debtors and Debtors in Possession:**

Signed by:
/s/ *Gerard Uzzi*
C933082321E44B5...
Gerard Uzzi
Chief Restructuring Officer

|    | Name |
|----|------|
| 1  | Abbasalinejad, Armin |
| 2  | Adair, Fallon |
| 3  | Almarales Jr., Wilver |
| 4  | Anderson, Bjorn |
| 5  | Anderson, Colleen D. |
| 6  | Atkinson, Michael |
| 7  | Atwood, Joshua |
| 8  | Babazadehrokni, Hamed |
| 9  | Baker, Mark L. |
| 10 | Baldwin, Evon |
| 11 | Bariagabir, Mussie B. |
| 12 | Barnes, Daniel |
| 13 | Barreto Paez, Lairhe H. |
| 14 | Bartolotta, Garrett |
| 15 | Bates, Bryan P. |
| 16 | Beckers, Matthew |
| 17 | Belvin, Madeline |
| 18 | Benton, Jessie |
| 19 | Bethards, Charles A. |
| 20 | Betournay, Jason |
| 21 | Bettis, Michael |
| 22 | Bird, Matthew |
| 23 | Birney, Jeffrey |
| 24 | Bittleston, Timothy L. |
| 25 | Blake, Lauren |
| 26 | Boman, Jeffrey |
| 27 | Borges, Maverick T. |
| 28 | Bowen, William W. |
| 29 | Bratton, Jeremy |
| 30 | Brody-Moore, Peter |
| 31 | Brown, Kyle |
| 32 | Brown, Matthew |
| 33 | Bushway, Kevin |
| 34 | Bykowsky Jr., Martin D. |
| 35 | Callahan, Lisa |
| 36 | Calsyn, Katherine T. |
| 37 | Canales, Miguel |
| 38 | Carmichael, Cody |
| 39 | Castle, Eric A. |
| 40 | Chen, Chen |
| 41 | Chen, Hailiang |

|    | Name |
|----|------|
| 42 | Chiang, Chihying J. |
| 43 | Chin, Benjamin |
| 44 | Christensen, Jesper |
| 45 | Clark, Carrie Marie |
| 46 | Cole, Desmond |
| 47 | Conrad, Larissa K. |
| 48 | Cool, Thomas |
| 49 | Corcokios, Spiros |
| 50 | Cormier, Donald R. |
| 51 | Cottrell, Shelby |
| 52 | Coyne, Michael |
| 53 | Cross, Chie |
| 54 | Crowell, Susannah |
| 55 | Curtin, John J. |
| 56 | Curtis Palomino, Brian M. |
| 57 | Cutler, Brian |
| 58 | Davis, Grant |
| 59 | Dawson, Ashley N. |
| 60 | Delisio, Samuel T. |
| 61 | Demissie, Eyob |
| 62 | Derla, Reynacia |
| 63 | Dey, Sushmita |
| 64 | Diaz, Christopher |
| 65 | Diep, Steven T. |
| 66 | Dinverno, Remo |
| 67 | Diop, Alexander |
| 68 | Duff, Andrew W. |
| 69 | Eiler, Gregg |
| 70 | Eklund, Joseph R. |
| 71 | Englander, Samuel C. |
| 72 | Ewumi, Olanrewaju |
| 73 | Fabela, Matthew |
| 74 | Fencl, Ramsay A. |
| 75 | Fencl, Richard |
| 76 | Ferrigno, Michael |
| 77 | Ferris, Mercedes |
| 78 | Figueroa, David |
| 79 | Flores, Maria |
| 80 | Frye, Douglas |
| 81 | Fung, Ho C. |
| 82 | Ganta, Abhilash |

|     | Name |
| --- | --- |
| 83  | Garay, Ana |
| 84  | Garcia, Daphne |
| 85  | Gastineau, Amber |
| 86  | Gaubeca, Katriana C. |
| 87  | Gaumer, Samuel |
| 88  | Gilmore, Emma |
| 89  | Glaser, Dylan |
| 90  | Glogoza, James |
| 91  | Goel, Shelley |
| 92  | Gonce Jr., Ricardo |
| 93  | Gonzalez, Ismario G. |
| 94  | Gonzalez-Santos, Jubal |
| 95  | Goodwin, Travis |
| 96  | Gougler, Michael J. |
| 97  | Green, Lauren N. |
| 98  | Greene, Keeley S. |
| 99  | Greenwood, Kevin T. |
| 100 | Gregor, Jason |
| 101 | Gutierrez, Maria D. |
| 102 | Gyorgyfalvy, Gustav |
| 103 | Hamel, Eric |
| 104 | Hamilton, Debra |
| 105 | Harris Johnson, Ursula L. |
| 106 | Heider, Timothy R. |
| 107 | Henderson, Brian |
| 108 | Henry, Isaak |
| 109 | Her, Sarah |
| 110 | Hicks, Leesa |
| 111 | Hiland, Travis |
| 112 | Hoffman, Nathaniel J. |
| 113 | Hofmeister, Ryan J. |
| 114 | Hohenshelt, Cody |
| 115 | Huang, Chen |
| 116 | Hughan, Robert |
| 117 | Huntoon, Sam |
| 118 | Jackson, Tanya |
| 119 | Jaeger, Jonathan |
| 120 | Jebb, Mark |
| 121 | Jedrzejewski, John T. |
| 122 | Jensen-Novak, Nicholai |
| 123 | Jernigan, Simon |

| | Name |
|---|---|
| 124 | Johnigan, Jabo O. |
| 125 | Johnson, Erik K. |
| 126 | Jones, Kathy |
| 127 | Jones, Madeleine C. |
| 128 | Jones, Travis L. |
| 129 | Jordan, Kelsi G. |
| 130 | Joseph, Kendra |
| 131 | Judge, Monica |
| 132 | Kajiya, Mayling |
| 133 | Kessler, Peter J. |
| 134 | Kilgore, Cameron |
| 135 | King, Douglas W. |
| 136 | Kirkpatrick, Jeffrey |
| 137 | Klix, Kedar C. |
| 138 | Koehler, Kolton |
| 139 | Kornilova, Anastasia |
| 140 | Krieger, John |
| 141 | Lanzone, Joseph |
| 142 | Lara-Chrones, Shawna M. |
| 143 | Laskowski, Michael |
| 144 | LaTray, Jeffrey |
| 145 | Latthe, Pooja |
| 146 | Lease, Scott |
| 147 | Lenda, Christopher |
| 148 | Leneway, Matthew |
| 149 | Lenz, Daniel |
| 150 | Leonardi, Angelina |
| 151 | Li, Jiankun |
| 152 | Little, Joshua |
| 153 | Littlehales, Bethany |
| 154 | Lowrance, Jennifer |
| 155 | Macauley, Andrew |
| 156 | Macielinski, Damien |
| 157 | Maclachlan, Mary A. |
| 158 | Madden, Gordon E. |
| 159 | Madrid Aguilera, Beatriz A. |
| 160 | Mantel, Carrie |
| 161 | Mao, Kieu |
| 162 | Marx, Natalie E. |
| 163 | Mayer, Steven B. |
| 164 | McCarragher, Michael |

|     | Name                    |
| --- | ----------------------- |
| 165 | McClendon, Lisa         |
| 166 | McGowan, Mark           |
| 167 | McGuckin, Daniel        |
| 168 | McLeod, Daniel          |
| 169 | Mearns, Taylor          |
| 170 | Mehta, Parita           |
| 171 | Meyer, Michelle         |
| 172 | Mielke, Jeremy          |
| 173 | Moes, Nathan J.         |
| 174 | Mohammednur, Mohammed   |
| 175 | Molvig, Karl            |
| 176 | Moore, Marcus P.        |
| 177 | Morgan, Clayton         |
| 178 | Mueller, Markus         |
| 179 | Murphy, Brittni         |
| 180 | Murray, Sandra          |
| 181 | Mussett, Samuel         |
| 182 | Neal, Cory              |
| 183 | Nevitt, Thomas A.       |
| 184 | Newcomer, Kristen N.    |
| 185 | Nogueira, Raphael Pires |
| 186 | O'Horo, Paul            |
| 187 | Oliver-Paton, Nia       |
| 188 | Palmer, Jason A.        |
| 189 | Panchenko, Olena        |
| 190 | Parkinson, Kai          |
| 191 | Patil, Rajesh           |
| 192 | Perez Salgado, Kelvin   |
| 193 | Pitkin, Jacob           |
| 194 | Powell, Joseph          |
| 195 | Propst, Michelle L.     |
| 196 | Provost, Philip E.      |
| 197 | Raghu, Latha            |
| 198 | Raines-Yilma, Roshan    |
| 199 | Ramirez, Andrew A.      |
| 200 | Ramirez, Gilberto       |
| 201 | Rector, Robert B.       |
| 202 | Rendon-Silva, Luis A.   |
| 203 | Ressler, Kristian       |
| 204 | Riley, Ian R.           |
| 205 | Rimel, Patrick          |

|     | Name |
| --- | --- |
| 206 | Rodriguez II, John |
| 207 | Roelle, Tyler D. |
| 208 | Rogers, Zeke O. |
| 209 | Roldness, Tara |
| 210 | Rose, Anthony |
| 211 | Rossi, Andrew |
| 212 | Rossi, Greggory |
| 213 | Rotundo, Michael |
| 214 | Ryan, John |
| 215 | Saitov, Artem |
| 216 | Sandoval, Lucas |
| 217 | Santiago, Luis |
| 218 | Scartozzi, John P. |
| 219 | Schleusner, Bradley |
| 220 | Schmenk, Jessica |
| 221 | Schoeberle, Derek B. |
| 222 | Schreiber, Daniel |
| 223 | Scully, Michael |
| 224 | Sedig, Joshua A. |
| 225 | Seiberlich, Blair A. |
| 226 | Shankar, Maithreyi |
| 227 | Sharifzadeh Moghadam, Sharareh |
| 228 | Sickinger, Viridiana |
| 229 | Silva, Alexandre |
| 230 | Singh, Nashvinder |
| 231 | Slomski, Andrew R. |
| 232 | Sluder, Evan |
| 233 | Smargiassi, Harper M. |
| 234 | Smith, Angela R. |
| 235 | Snyder, Susan |
| 236 | Spring, Sara |
| 237 | Stageberg, Julie |
| 238 | Stellhorn, Ryan A. |
| 239 | Stepherson, Madison |
| 240 | Stevens, Mark |
| 241 | Stickney, Moses |
| 242 | Sukumar, Vajapeyam |
| 243 | Sutherby, Austyn |
| 244 | Swanson, Michael J. |
| 245 | Takatsuji, Koshu |
| 246 | Taylor, Travis |

|  | Name |
|---|---|
| 247 | Terefe, Tewodros |
| 248 | TerMarsch, Wendy |
| 249 | Tesema, Yonatan T. |
| 250 | Ting, Darren Yaoshun |
| 251 | Torres Guerra, Juan C. |
| 252 | Torres, Aileen E. |
| 253 | Townsend, Yvette A. |
| 254 | Trombley, Robert |
| 255 | Ugorji, Josemaria |
| 256 | Ungerleider, Julie |
| 257 | Vance, Dylan Thomas |
| 258 | Vazquez, Jorge |
| 259 | Viebrock, James |
| 260 | Wagner, Justin |
| 261 | Walton, Rhianna G. |
| 262 | Wan, Chung Man |
| 263 | Weaver, Kristine |
| 264 | West, Shaniqua P. |
| 265 | Weston, Adam |
| 266 | Whiting, Lake P. |
| 267 | Williams, Stephan |
| 268 | Wilson Jr., Ronald |
| 269 | Wood, John C. |
| 270 | Woods, David D. |
| 271 | Wooley, Paul |
| 272 | Wright, Zhane |
| 273 | Wu, Danny |
| 274 | Yadav, Moonmoon |
| 275 | Ybarra, Nicholas |
| 276 | Young, Derrick T. |
| 277 | Zanardi de Camargo, Daniel |
| 278 | Zhang, Chang |
| 279 | Zhao, Yanli |
| 280 | Zimero, Ardonniss |