## **Exhibit B**

(Class Notice)

**DENTONS US LLP**

Tania M. Moyron (admitted *pro hac vice*)
Van C. Durrer, II (admitted *pro hac vice*)
601 S. Figueroa Street #2500
Los Angeles, CA 90017
Telephone: (213) 623-9300
Facsimile: (213) 623-9924
Email: tania.moyron@dentons.com
          van.durrer@dentons.com


John D. Beck (admitted *pro hac vice*)
Sarah M. Schrag (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020-1089
Telephone: (212) 768-6700
Facsimile: (212) 768-6800
Email: john.beck@dentons.com
          sarah.schrag@dentons.com

*Counsel for Debtors and Debtors in
Possession*

**TOGUT, SEGAL & SEGAL LLP**

Frank A. Oswald (admitted)
550 Broad Street, Suite 1508
Newark, NJ 07102
Telephone: (212) 594-5000
Facsimile: (212) 967-4258
Email: frankoswald@teamtogut.com

Albert Togut (admitted *pro hac vice*)
Eitan Blander (admitted *pro hac vice*)
One Penn Plaza, Suite 3335
New York, New York 10119
Telephone: (212) 594-5000
Facsimile: (212) 967-4258
Email: altogut@teamtogut.com
          eblander@teamtogut.com


*Counsel for Debtors and
Debtors in Possession*

**RAISNER ROUPINIAN LLP**

Gail C. Lin, Esquire (Bar No. 036752001)
Jack A. Raisner
René S. Roupinian
270 Madison Avenue, Suite 1801
New York, New York 10016
Telephone: (212) 221-1747
Facsimile: (212) 221-1747
Email: rsr@raisnerroupinian.com
Email: jar@raisnerroupinian.com

**LANKENAU & MILLER, LLP**

Johnathan Miller (New Jersey Bar #:
263592019)
Stuart J. Miller (SJM 4276)
100 Church Street, 8th FL
New York, NY 10007
P: (212) 581-5005
F: (212) 581-2122
Email: stuart@lankmill.com


*Attorneys for Settlement Class
Representatives and the Settlement Class*

**THE GARDNER FIRM, PC**

Mary E. Olsen (OLSEM4818)
M. Vance McCrary (MCCRM4402)
182 St. Francis Street
Suite 103
Mobile, Alabama 36602
P: (251) 433-8100
F: (251) 433-8181
Email: molsen@thegardnerfirm.com


*Attorneys for Settlement Class
Representatives and the Settlement Class*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| Powin, LLC, *et al.*,[1] | Case No. 25-16137 (MBK) |
| Debtors. | (Jointly Administered) |
| BRIAN PALOMINO, on behalf of himself and all others similarly situated, | Adv. Proc. No. 25-01249 (MBK) |
| Plaintiff, | |
| v. | |
| POWIN, LLC, POWIN ENERGY OPERATING HOLDINGS, LLC, and POWIN ENERGY OPERATING, LLC, | |
| Defendants. | |

**NOTICE TO SETTLEMENT CLASS OF (I) PROPOSED SETTLEMENT OF CLASS ACTION CONCERNING WARN ACT CLAIMS; (II) CERTIFICATION OF A SETTLEMENT CLASS; (III) APPOINTMENT OF CLASS COUNSEL AND CLASS REPRESENTATIVES; (IV) DATE OF COURT HEARING FOR FINAL APPROVAL OF PROPOSED WARN ACT SETTLEMENT; (V) RIGHT TO OBJECT TO THE SETTLEMENT AND TO APPEAR AT COURT HEARING, AND (VI) RIGHT OF CLASS MEMBERS TO OPT OUT OF THE CLASS ACTION**

TO:    Employees of one or more of Powin Energy Operating, LLC, Powin Energy Operating Holdings, LLC or Powin, LLC identified by Debtors from their books and records, and specified by individual name on Schedule 1 (attached to the Settlement), who were involuntarily separated from employment on or about June 6, 2025 (each a "Class Member" or "Settlement Class Member"), but excluding any such individuals who timely elect to opt out of the Class (the "Settlement Class").

**INTRODUCTION**

On or about June 9, 2025 (the "Petition Date"), the Debtors each commenced a voluntary Bankruptcy Case for relief under chapter 11 of title 11 of the United States Code, §§ 101 et seq., as amended (the "Bankruptcy Code"), which are being jointly administered as Case No. 25-16137 (MBK).

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are:  (i) Powin Project LLC [1583]; (ii) Powin, LLC [0504]; (iii) PEOS Holdings, LLC [5476]; (iv) Powin China Holdings 1, LLC [1422]; (v) Powin China Holdings 2, LLC [9713]; (vi) Charger Holdings, LLC [5241]; (vii) Powin Energy Ontario Storage, LLC [8348]; (viii) Powin Energy Operating Holdings, LLC [2495]; (ix) Powin Energy Operating, LLC [6487]; (x) Powin Energy Storage 2, Inc. [9926]; (xi) Powin Energy Ontario Storage II LP [5787]; (xii) Powin Canada B.C. Ltd. [2239]; and (xiii) Powin EKS SellCo, LLC [9110].

Prior to the Petition Date, the Debtors operated as a leading energy storage integrator, employing more than 400 employees, including the Settlement Class Members, in their business operations.

On or about June 6, 2025, Debtors terminated the employment of approximately 280 employees.

Following the Petition Date, Luis Santiago filed a class proof of claim on June 10, 2025, against Powin, LLC and related debtors, alleging WARN Act violations and asserting a priority claim in the amount of $5,145,000.00 pursuant to Sections 507(a)(4) and 507(a)(5) of the Bankruptcy Code. (Claim 1, the "WARN Class POC").  On June 12, 2025, Brian Palomino filed a class adversary proceeding against Powin, LLC and related debtors, also alleging WARN violations and asserting sixty days of WARN damages for each putative class member pursuant to Sections 507(a)(4) and 507(a)(5) of the Bankruptcy Code. (Adv. Proc. No. 25-01249, the "WARN Class Adversary," and collectively with the WARN Class POC, the "WARN Claims").

After informal exchanges regarding the underlying facts and applicable law, the Parties determined that further litigation and trial would needlessly result in significant and unnecessary dilution of the assets in the estate. The Settlement Class Representatives and the Debtors reached a settlement through good faith, arms' length negotiations that includes certification of the Settlement Class, and appointment of the Settlement Class Representatives and Class Counsel and allowance of an aggregate 507(a)(4) claim against the Bankruptcy Estates of the Debtors in the total amount of $3,500,000.00, of which $500,000 shall be paid in cash upon the Effective Date. The remaining Allowed WARN Act Claim Amount shall be paid from net recoveries of the Liquidating Trust in accordance with the Liquidating Trust Agreement.

Unless otherwise defined herein, capitalized terms shall have the meanings given to them in the Settlement.

## THE PROPOSED SETTLEMENT

The terms of the *Settlement and Release Agreement* (the "Settlement")[2], entered into between the Debtors and the Settlement Class Representatives, were preliminarily approved by the Court on _____, 2025.  A summary of the essential terms is set out below.  In the event of any discrepancy between this summary and the terms of the Settlement, the terms of the Settlement shall control.  The Settlement shall become effective only if the Bankruptcy Court enters an Order finally approving the Settlement.  You may secure a copy of the complete Settlement Agreement from Class Counsel, Raisner Roupinian LLP, by calling (212) 221-1747, or by emailing at rrllp@raisnerroupinian.com The relevant terms of the Settlement may be summarized as follows:

## SUMMARY OF THE TERMS OF THE SETTLEMENT

As noted above, the Parties have agreed and stipulated that a class should be certified in this matter comprised of the employees of one or more of Powin Energy Operating, LLC, Powin Energy Operating Holdings, LLC or Powin, LLC identified by Debtors from their books and records, and specified by individual name on Schedule 1 (attached to the

---

[2] A copy of the Settlement is attached to the Joint Motion as Exhibit 1.

Settlement), who were involuntarily separated from employment on or about June 6, 2025 (each a "Class Member" or "Settlement Class Member"), but excluding any such individuals who timely elect to opt out of the Class (the "Settlement Class"). The Parties also agree to the appointment of Plaintiffs Brian Palomino and Luis Santiago as the Class Representatives and appointment of Raisner Roupinian LLP, The Gardner Firm, PC, and Lankenau & Miller, LLP as class counsel ("Class Counsel").

The Settlement provides that Settlement Class shall have an allowed Section 507(a)(4) claim of $3,500,000 (the "Allowed WARN Act Claim Amount") against the Bankruptcy Estates of the Debtors, of which $500,000 shall be paid in cash by the Liquidating Trustee or its designee upon the Effective Date to the Qualified Settlement Fund for distribution to the Class Members (the "Initial Distribution"). The $3,000,000 balance shall be paid by Liquidating Trustee or its designee to the Qualified Settlement Fund for distribution to the Class Members from net recoveries of the Liquidating Trust over time, *pari passu* with other administrative or priority claimants that have agreed to accept deferred payments on their claims (the "Remaining Distribution Payments"). The Parties agree that the Initial Distribution and Remaining Distribution Payments shall be inclusive of any and all required payments by the Liquidating Trustee and the Debtors under this Settlement Agreement, including, but not limited to, any employer taxes that might otherwise be due, except for the cost of administering their distribution. For the avoidance of doubt, any costs incurred by the Bankruptcy Estates, the Liquidating Trustee or its designee, in administering the settlement, as set forth in paragraphs 6 and 9 of the Settlement shall not be paid from the Allowed WARN Act Claim Amount.

The Settlement Class Members' settlement distributions shall be included under the Settlement Class Member's name and social security number on an IRS Form and any applicable state or local tax form to be distributed by the Liquidating Trustee or its designee. The Service Payments, Class Counsel's Fees and Class Counsel's Expenses shall be reflected on IRS Form 1099s. By accepting his or her portion of the Settlement, each Class Member agrees that he or she will be solely responsible for any and all tax liabilities stemming from the payment of his or her claim under the Settlement Agreement. With respect to any distribution made by the Liquidating Trustee, or its designee, of the Initial Distribution or Remaining Distribution Payments, Class Counsel shall determine the timing of such distributions in consultation with the Liquidating Trustee or its designee, and Class Counsel shall calculate each Settlement Class Member's pro-rata share of the distribution.

Upon the final approval of the Settlement Agreement, the Class Members agree that the release of the Class Members' Released Claims shall become effective without further notice or Order of the Court and any claims that have been scheduled on behalf of, or filed by, the Class Representatives or the Class Members in the Chapter 11 Cases, on account of any Released Claims are disallowed in their entirety and the Debtors' schedules or claims register may be revised accordingly, as appropriate, without further order of the Court.

The Settlement Class Representatives shall, subject to final Court approval of this Settlement Agreement, receive an initial combined payment of fifteen thousand dollars ($15,000) from the Initial Distribution for their service on behalf of the Settlement Class Members ("Service Payments") to be allocated as follows: $9,000 to Brian Palomino and

$6,000 to Luis Santiago. The Class Representatives shall, subject to final approval, receive a supplemental combined payment of Ten Thousand Dollars from the Remaining Distribution Payments to be allocated as follows: $6,000 to Brian Palomino and $4,000 to Luis Santiago. The Service Payments will be made in addition to the Settlement Class Representatives' pro rata share of the settlement.

Class Counsel shall, subject to final Court approval of this Settlement Agreement, receive payment in the amount of one-third (1/3) of any distributions of the Allowed WARN Act Claim Amount ("Class Counsel's Fees"), plus reasonable litigation costs and expenses related to the WARN Claims ("Class Counsel's Expenses"). Class Counsel's Fees and Class Counsel's Expenses shall be payment in full for Class Counsel's work and expenses in connection with this matter.

Any distributions from the Qualified Settlement Fund to Class Members that are not deposited or presented for payment within one hundred eighty (180) days of the distribution shall be deemed residual funds (the "Residual Funds") on the 181st day following the distribution and treated as follows. Residual Funds will be: (i) first, used to make Qualified Settlement Fund distributions to additional Class Members, if any, that may be identified after the initial distribution of the Settlement Payment and who fall within the Class definition herein but who did not appear on Schedule 1 ("Additional Class Members"); (ii) second, distributed in a supplemental distribution to all Class Members who cashed or negotiated their initial Settlement distribution check, so long as Class Counsel determines that such distribution is feasible; and (iii) if any Residual Funds remain after distributions to Additional Class Members, if any, or as a supplemental distribution, if any, then last, the Residual Funds shall be donated to Towards Justice, a non-profit 501(c)(3) charitable organization which advocates on behalf of employees' rights. No portion of the Residual Funds shall revert to or be retained by Debtor, the Bankruptcy Estates, or Class Counsel for any reason.

Except for the rights arising out of, provided for, or reserved in the Settlement Agreement, upon the final approval of this Settlement Agreement, the Class Members, for and on behalf of themselves, and their respective predecessors, successors, assigns, affiliates and subsidiaries (collectively, the "Releasing Parties"), do hereby fully and forever release and discharge (a) the Debtors, their estates, their current and former directors, parents, subsidiaries, partners, members, lenders, accountants, attorneys, representatives, the Liquidating Trust, the Liquidating Trustee, and all other agents, respective predecessors, successors and assigns (collectively, the "Released Parties"), of and from any and all claims, obligations, demands, rights, debts, liabilities, liens, actions and causes of action, costs, expenses, attorneys' fees and damages of whatever kind or nature, character, and description, whether in law or in equity, whether sounding in tort, contract, federal, state and/or local law, statute, ordinance, regulation, common law, or other source of law, whether known or unknown, and whether anticipated or unanticipated, suspected or disclosed, which the Releasing Parties may now have against the Released Parties, which relate to or are based on the WARN Act, or any federal, state or local law or regulation applying to plant closings (collectively, the "Released Claims"). The Parties agree, however, that the following claims and/or rights do not fall within the scope of the Released Claims and shall not be affected by the Settlement Agreement: (i) any claim for continuation of health or medical coverage, at the Class Member's expense, or at the expense of a beneficiary or dependent of a Class Member,

to the extent required by the relevant provisions of the Consolidated Omnibus Reconciliation Act of 1985 ("COBRA"); (ii) any pre-petition, non-priority claims for expense reimbursement due individual Class Members; (iii) rights, if any unrelated to the individual Class Members' WARN Act claims, arising under the Debtors' 401(k) retirement plans; and (iv) any claim of individual Class Members which the law clearly states may not be released by settlement. The Released Parties waive the right to assert any avoidance claims against Class Members arising under chapter 5 of the Bankruptcy Code or applicable state law to the extent such claims relate to transfers of less than $15,000.

## CLASS COUNSEL'S RECOMMENDATION

Class Counsel recommends the Settlement, believing that it is fair, reasonable and adequate to the Settlement Class.

## RELEASE OF CLAIMS
## AND EFFECT OF APPROVAL OF SETTLEMENT AGREEMENT

As noted above, upon the final approval of the Settlement Agreement, the Class Members agree that the release of the Class Members' Released Claims shall become effective without further notice or Order of the Court and any claims that have been scheduled on behalf of, or filed by, the Class Representatives or the Class Members in the Chapter 11 Cases, on account of any Released Claims are disallowed in their entirety and the Debtors' schedules or claims register may be revised accordingly, as appropriate, without further order of the Court.

## HOW TO OBJECT OR OPT-OUT

If you are satisfied with the proposed Settlement, you need to do nothing and you will receive your share of any Initial Distribution and Remaining Distribution Payments made on the Settlement.

If, on the other hand, you believe that the proposed Settlement is unfair or inadequate or believe that Class Counsel's Fees or Class Counsel's Expenses should not be approved, you may object by mailing, via United States mail, a written statement bearing the caption of this action (shown on the first page of this Notice) with the basis for your objection, to the Clerk of the United States Bankruptcy Court for the District of New Jersey, 402 East State Street, Trenton, NJ 08608, and by sending copies of that statement, also by United States mail, to: 1) Raisner Roupinian LLP, 270 Madison Ave, Room 1801, New York, NY 10016 (Class Counsel); 2) Dentons US LLP, 601 S. Figueroa Street #2500, Los Angeles, CA 90017, attn: Tania M. Moyron (tania.moyron@dentons.com) and Van C. Durrer, II (van.durrer@dentons.com) (Counsel to the Debtors). Objections must be mailed so as to be received by the above no later than _____, 2025, and must include your name, address, and telephone number, together with a statement of whether you wish to be heard personally or by counsel at the final hearing at which the parties will be requesting binding Bankruptcy Court approval of the Settlement, including Class Counsel's Fees and Class Counsel's Expenses, as described above.

You may also appear in person or by counsel at the final hearing described below.

**If you choose not to be bound by this Settlement and do not wish to share in any of the benefits described herein, you may opt out of the Class by filling out the attached "Opt-Out Form," and signing and mailing that form by U.S. Mail to: Class Counsel attn: René S. Roupinian. The completed "Opt-Out Form" must be <u>received</u> no later than_____, 2025. All requests for exclusion received after that date will not be effective, and any person who sends a late request will be a member of the Class.**

## FINAL HEARING TO APPROVE SETTLEMENT

The hearing for final consideration and approval of the Settlement, including Class Counsel's Fees and Class Counsel's Expenses, is scheduled to take place on _____, 2025, at _____ a.m./p.m. at the United States Bankruptcy Court for the District of New Jersey, 402 East State Street, Trenton, NJ 08608, Courtroom #8, before U.S. Bankruptcy Judge Michael B. Kaplan. That hearing may be adjourned without further notice.  If you wish to determine if the hearing is adjourned, you may contact Class Counsel, as shown below.

## OTHER INFORMATION

Any questions from members of the Class concerning this Notice or the WARN Claims should be directed to Raisner Roupinian LLP.  All requests for more information, including a copy of the Settlement should directed to Raisner Roupinian LLP.  Contact information is as follows: Raisner Roupinian LLP, 270 Madison Ave, Room 1801, New York, NY 10016; email: rrllp@raisnerroupinian.com; phone (212) 221-1747.

### <u>PLEASE DO NOT WRITE TO OR CALL THE COURT CONCERNING QUESTIONS ABOUT THIS MATTER</u>

**DENTONS US LLP**

Tania M. Moyron (admitted *pro hac vice*)
Van C. Durrer, II (admitted *pro hac vice*)
601 S. Figueroa Street #2500
Los Angeles, CA 90017
Telephone: (213) 623-9300
Facsimile: (213) 623-9924
Email: tania.moyron@dentons.com
        van.durrer@dentons.com


John D. Beck (admitted *pro hac vice*)
Sarah M. Schrag (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020-1089
Telephone: (212) 768-6700
Facsimile: (212) 768-6800
Email: john.beck@dentons.com
        sarah.schrag@dentons.com

*Counsel for Debtors and Debtors in
Possession*


**TOGUT, SEGAL & SEGAL LLP**

Frank A. Oswald (admitted)
550 Broad Street, Suite 1508
Newark, NJ 07102
Telephone: (212) 594-5000
Facsimile: (212) 967-4258
Email: frankoswald@teamtogut.com


Albert Togut (admitted *pro hac vice*)
Eitan Blander (admitted *pro hac vice*)
One Penn Plaza, Suite 3335
New York, New York 10119
Telephone: (212) 594-5000
Facsimile: (212) 967-4258
Email: altogut@teamtogut.com
        eblander@teamtogut.com


*Counsel for Debtors and
Debtors in Possession*


**RAISNER ROUPINIAN LLP**

Gail C. Lin, Esquire (Bar No. 036752001)
Jack A. Raisner
René S. Roupinian
270 Madison Avenue, Suite 1801
New York, New York 10016
Telephone: (212) 221-1747
Facsimile: (212) 221-1747
Email: rsr@raisnerroupinian.com
Email: jar@raisnerroupinian.com


**LANKENAU & MILLER, LLP**

Johnathan Miller (New Jersey Bar #:
263592019)
Stuart J. Miller (SJM 4276)
100 Church Street, 8th FL
New York, NY 10007
P: (212) 581-5005
F: (212) 581-2122
Email: stuart@lankmill.com


*Attorneys for Settlement Class
Representatives and the Settlement Class*


**THE GARDNER FIRM, PC**

Mary E. Olsen (OLSEM4818)
M. Vance McCrary (MCCRM4402)
182 St. Francis Street
Suite 103
Mobile, Alabama 36602
P: (251) 433-8100
F: (251) 433-8181
Email: molsen@thegardnerfirm.com


*Attorneys for Settlement Class
Representatives and the Settlement Class*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| Powin, LLC, *et al.*,[3] | Case No. 25-16137 (MBK) |
| Debtors. | (Jointly Administered) |
| BRIAN PALOMINO, on behalf of himself and all others similarly situated, | Adv. Proc. No. 25-01249 (MBK) |
| Plaintiff, | |
| v. | |
| POWIN, LLC, POWIN ENERGY OPERATING HOLDINGS, LLC, and POWIN ENERGY OPERATING, LLC, | |
| Defendants. | |

**OPT-OUT FORM**

I, the undersigned, have read the foregoing Class Notice and understand its contents.

I **DO NOT** want to participate or accept any money award related to the WARN Claims and **DO NOT** wish to be bound by the Settlement described herein.

_____                    _____
SIGNATURE                                                                    ADDRESS

_____                    _____
NAME (printed or typed)                                               CITY, STATE and ZIP CODE

_____                    _____
DATE                                                                              TELEPHONE

_____
EMAIL ADDRESS

If you **DO NOT** wish to participate, send this completed form to:

_____

_____

_____

---

[3] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are:  (i) Powin Project LLC [1583]; (ii) Powin, LLC [0504]; (iii) PEOS Holdings, LLC [5476]; (iv) Powin China Holdings 1, LLC [1422]; (v) Powin China Holdings 2, LLC [9713]; (vi) Charger Holdings, LLC [5241]; (vii) Powin Energy Ontario Storage, LLC [8348]; (viii) Powin Energy Operating Holdings, LLC [2495]; (ix) Powin Energy Operating, LLC [6487]; (x) Powin Energy Storage 2, Inc. [9926]; (xi) Powin Energy Ontario Storage II LP [5787]; (xii) Powin Canada B.C. Ltd. [2239]; and (xiii) Powin EKS SellCo, LLC [9110].