**<u>Exhibit 2</u>**

(Final Settlement Order)

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>Powin, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-16137 (MBK)<br><br>(Jointly Administered) |
| BRIAN PALOMINO, on behalf of himself<br>and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>POWIN, LLC, POWIN ENERGY<br>OPERATING HOLDINGS, LLC, and<br>POWIN ENERGY OPERATING, LLC,<br><br>Defendants. | Adv. Proc. No. 25-01249 (MBK) |

## FINAL ORDER APPROVING THE WARN SETTLEMENT
## UNDER FED. R. CIV. P. 23 AND FED. R. BANKR. P. 7023 AND 9019

The relief set forth on the following pages, numbered three [3] through five [5], is

**ORDERED.**

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin Project LLC [1583]; (ii) Powin, LLC [0504]; (iii) PEOS Holdings, LLC [5476]; (iv) Powin China Holdings 1, LLC [1422]; (v) Powin China Holdings 2, LLC [9713]; (vi) Charger Holdings, LLC [5241]; (vii) Powin Energy Ontario Storage, LLC [8348]; (viii) Powin Energy Operating Holdings, LLC [2495]; (ix) Powin Energy Operating, LLC [6487]; (x) Powin Energy Storage 2, Inc. [9926]; (xi) Powin Energy Ontario Storage II LP [5787]; (xii) Powin Canada B.C. Ltd. [2239]; and (xiii) Powin EKS SellCo, LLC [9110].

(Page 2)

| | |
|---|---|
| Debtors: | Powin, LLC, *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Final Order Approving the WARN Settlement Under Fed. R. Civ. P. 23 and Fed. R. Bankr. P. 7023 and 9019 |

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**DENTONS US LLP**

Tania M. Moyron (admitted *pro hac vice*)
Van C. Durrer, II (admitted *pro hac vice*)
601 S. Figueroa Street #2500
Los Angeles, CA 90017
Telephone: (213) 623-9300
Facsimile: (213) 623-9924
Email:  tania.moyron@dentons.com
          van.durrer@dentons.com

John D. Beck (admitted *pro hac vice*)
Sarah M. Schrag (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020-1089
Telephone: (212) 768-6700
Facsimile: (212) 768-6800
Email:  john.beck@dentons.com
          sarah.schrag@dentons.com

*Counsel for Debtors and Debtors in Possession*

**RAISNER ROUPINIAN LLP**

Gail C. Lin, Esquire (Bar No. 036752001)
Jack A. Raisner
René S. Roupinian
270 Madison Avenue, Suite 1801
New York, New York 10016
Telephone: (212) 221-1747
Facsimile: (212) 221-1747
Email: rsr@raisnerroupinian.com
Email: jar@raisnerroupinian.com

**LANKENAU & MILLER, LLP**

Johnathan Miller (NJ Bar #: 263592019)
Stuart J. Miller (SJM 4276)
100 Church Street, 8th FL
New York, NY 10007
P: (212) 581-5005
F: (212) 581-2122
Email:  stuart@lankmill.com

*Attorneys for Settlement Class Representatives
and the Settlement Class*

**TOGUT, SEGAL & SEGAL LLP**

Frank A. Oswald (admitted)
550 Broad Street, Suite 1508
Newark, NJ 07102
Telephone: (212) 594-5000
Facsimile: (212) 967-4258
Email:  frankoswald@teamtogut.com

Albert Togut (admitted *pro hac vice*)
Eitan Blander (admitted *pro hac vice*)
One Penn Plaza, Suite 3335
New York, New York 10119
Telephone: (212) 594-5000
Facsimile: (212) 967-4258
Email:  altogut@teamtogut.com
          eblander@teamtogut.com

*Counsel for Debtors and Debtors in Possession*

**THE GARDNER FIRM, PC**

Mary E. Olsen (OLSEM4818)
M. Vance McCrary (MCCRM4402)
182 St. Francis Street, Suite 103
Mobile, Alabama 36602
P: (251) 433-8100
F: (251) 433-8181
Email:  molsen@thegardnerfirm.com

*Attorneys for Settlement Class Representatives
and the Settlement Class*

(Page 3)

| | |
|---|---|
| Debtors: | Powin, LLC, *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Final Order Approving the WARN Settlement Under Fed. R. Civ. P. 23 and Fed. R. Bankr. P. 7023 and 9019 |

Upon consideration of the Joint Motion[2] of the Parties for entry of an order: (i) preliminarily approving the Settlement, (ii) approving the form and manner of notice to Class Members of the Settlement, (iii) scheduling a fairness hearing to consider final approval of the Settlement, and (iv) granting related relief, all as more fully set forth in the Joint Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of New Jersey dated as of September 18, 2012; and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Joint Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Joint Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Parties' notice of the Joint Motion and opportunity for hearing on the Joint Motion were appropriate under the circumstances and that no other notice need be provided; and this Court having determined that the legal and factual bases set forth in the Joint Motion and at the hearing thereon establish just cause for the relief granted herein; and upon all of the proceedings before this Court; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY**

**ORDERED THAT**

1.     The Joint Motion is GRANTED in its entirety.

2.     All objections to the Joint Motion or the relief requested in the Joint Motion, if any, that have not been withdrawn, waived or settled, and all reservations of rights in such

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Joint Motion.

(Page 4)

| | |
|---|---|
| Debtors: | Powin, LLC, *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Final Order Approving the WARN Settlement Under Fed. R. Civ. P. 23 and Fed. R. Bankr. P. 7023 and 9019 |

objections, if any, shall be and hereby are, OVERRULED in all respects on the merits and

denied.

3.     The Settlement Agreement is approved in all respects as being fair,

reasonable, and adequate for the following reasons:

a.     The Settlement Class Representatives support the Settlement and Class Counsel believe that all of the other Settlement Class Members will have a favorable reaction to the Settlement and will not object to it.

b.     The Settlement was reached through arms' length negotiations between the Parties and after the Parties thoroughly investigated the facts and weighed the importance of efficient resolution versus continued litigation that would significantly reduce the assets in the estate.

c.     When considered in light of the best possible recovery and the attendant risks, the settlement falls well within the range of reasonableness. The settlement provides for allowance of an aggregate 507(a)(4) claim against the Bankruptcy Estates of the Debtors in the total amount of $3,500,000.00, of which $500,000 shall be paid in cash upon the Effective Date Allowed Employee. The amount of the Allowed WARN Act Claim Amount is approximately 75% of the combined priority wages of the Settlement Class as calculated by Class Counsel, from the Debtors' books and records.

4.     The Settlement shall become binding upon the Parties and the Class, as set forth

in the Settlement.

5.     The entry of this Order is without prejudice to the relief granted in the

Preliminary Settlement Order, and entry of this Order shall not serve to extend or stay the time

of filing any appeal regarding any of the relief granted in the Preliminary Settlement Order.

6.     The Parties are hereby authorized and empowered to take such steps and

perform such acts as may be necessary to carry out the terms of this Order and the

Settlement.

(Page 5)

| | |
|---|---|
| Debtors: | Powin, LLC, *et al.* |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Final Order Approving the WARN Settlement Under Fed. R. Civ. P. 23 and Fed. R. Bankr. P. 7023 and 9019 |

7.     Upon the final approval of the Settlement Agreement, the Class Members agree that the release of the Class Members' Released Claims shall become effective and any claims that have been scheduled on behalf of, or filed by, the Settlement Class Representatives or the Class Members in the Chapter 11 Cases, on account of any Released Claims are disallowed in their entirety and the Debtors' schedules or claims register may be revised accordingly, as appropriate, without further notice or Order of the Court.

8.     This Court shall retain jurisdiction over all matters arising from or related to the interpretation and/or implementation of this Order.

9.     This Order is effective immediately upon entry, and the fourteen-day stay otherwise imposed by Bankruptcy Rule 6004(h) is hereby waived.