| | |
|---|---|
| **DENTONS US LLP** | **TOGUT, SEGAL & SEGAL LLP** |
| Tania M. Moyron (admitted *pro hac vice*) | Frank A. Oswald (admitted) |
| Van C. Durrer, II (admitted *pro hac vice*) | 550 Broad Street |
| 601 S. Figueroa Street #2500 | Suite 1508 |
| Los Angeles, CA 90017 | Newark, NJ 07102 |
| Telephone: (213) 623-9300 | Telephone: (212) 594-5000 |
| Facsimile: (213) 623-9924 | Facsimile: (212) 967-4258 |
| Email: tania.moyron@dentons.com | Email: frankoswald@teamtogut.com |
| van.durrer@dentons.com | |
| | Albert Togut (admitted *pro hac vice*) |
| John D. Beck (admitted *pro hac vice*) | Eitan Blander (admitted *pro hac vice*) |
| Sarah M. Schrag (admitted *pro hac vice*) | One Penn Plaza, Suite 3335 |
| 1221 Avenue of the Americas | New York, New York 10119 |
| New York, NY 10020-1089 | Telephone: (212) 594-5000 |
| Telephone: (212) 768-6700 | Facsimile: (212) 967-4258 |
| Facsimile: (212) 768-6800 | Email: altogut@teamtogut.com |
| Email: john.beck@dentons.com | eblander@teamtogut.com |
| sarah.schrag@dentons.com | |
| | *Proposed Counsel for Debtors and* |
| Proposed Counsel for Debtors and | *Debtors in Possession* |
| Debtors in Possession | |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br>Powin, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-16137 (MBK)<br><br>(Jointly Administered) |

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin Project LLC [1583]; (ii) Powin, LLC [0504], (iii) PEOS Holdings, LLC [5476], (iv) Powin China Holdings 1, LLC [1422], (v) Powin China Holdings 2, LLC [9713], (vi) Charger Holdings, LLC [5241], (vii) Powin Energy Ontario Storage, LLC [8348], (viii) Powin Energy Operating Holdings, LLC [2495], (ix) Powin Energy Operating, LLC [6487] (x) Powin Energy Storage 2, Inc. [9926]; (xi) Powin Energy Ontario Storage II LP [5787]; (xii) Powin Canada B.C. Ltd. [2239]; and (xiii) Powin EKS SellCo, LLC [9110].

**DECLARATION OF GERARD UZZI IN SUPPORT OF JOINT MOTION OF DEBTORS AND CLASS REPRESENTATIVES, PURSUANT TO SECTION 105 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 9019 AND 7023 TO: (I) APPROVE THE SETTLEMENT PURSUANT TO BANKRUPTCY RULE 9019,
(II) PRELIMINARILY APPROVE THE SETTLEMENT PURSUANT TO BANKRUPTCY RULE 7023, (III) APPROVE THE FORM AND MANNER OF NOTICE TO CLASS MEMBERS OF THE SETTLEMENT, (IV) SCHEDULE A FAIRNESS HEARING TO CONSIDER FINAL APPROVAL OF THE SETTLEMENT, (V) FINALLY APPROVE THE SETTLEMENT FOLLOWING THE FAIRNESS HEARING,
AND (VI) GRANT RELATED RELIEF**

I, Gerard Uzzi, hereby state and declare as follows:

1. I am the Chief Restructuring Officer (the "CRO") of Powin, LLC ("Powin"). I was appointed as CRO of Powin and the above-referenced affiliated debtors and debtors in possession (collectively, the "Debtors") effective on June 9, 2025.

2. I am also a Managing Partner and Founder of CBMN Advisors LLC d/b/a Uzzi & Lall ("Uzzi & Lall"). I have extensive experience advising companies, boards of directors, senior management, creditors, equity holders, and investors in stressed and distressed situations, including chapter 11, out-of-court work outs, and rescue financings across industries and jurisdictions. I also serve in a number of fiduciary capacities, including presently as the Chairman of the Celsius Litigation Oversight Committee.

3. Prior to co-founding Uzzi & Lall, I was a senior restructuring partner at Milbank LLP and White & Case LLP for over 18 years in the aggregate. During that time, I was personally involved in senior roles in some of the nation's largest and most complex chapter 11 cases, including Lehman Brothers, Washington Mutual, American Airlines, Rescap, Charter Communications, Mirant, Adelphia Communications, Purdue Pharma, and ZAIS. I have been recognized for my work in Chambers, Euromoney's IFLR, The Legal 500, and Expert Guides as one of the World's Leading Insolvency and Restructuring Professionals.

4.On June 9, 2025 (the "Petition Date"),[2] Powin and certain of its subsidiaries (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, §§ 101 *et seq.*, as amended (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of New Jersey (the "Court"). I am knowledgeable and familiar with the Debtors' day-to-day operations, business and financial affairs, and the circumstances leading to the commencement of these chapter 11 cases (the "Chapter 11 Cases").

5.I am authorized to submit this declaration (the "Declaration") and submit it in support of the *Joint Motion of Debtors and Class Representatives, Pursuant to Section 105 of the Bankruptcy Code and Bankruptcy Rules 9019 and 7023 to: (I) Approve the Settlement Pursuant to Bankruptcy Rule 9019, (II) Preliminarily Approve the Settlement Pursuant to Bankruptcy Rule 7023, (III) Approve the Form and Manner of Notice to Class Members of the Settlement, (IV) Schedule a Fairness Hearing to Consider Final Approval of the Settlement, (V) Finally Approve the Settlement Following the Fairness Hearing, And (VI) Grant Related Relief* (the "Joint Motion").[3]

6.Except as otherwise indicated herein, this Declaration is based upon my personal knowledge, my review of relevant documents, information provided to me by employees of the Debtors or the Debtors' advisors, my opinion based upon my experience, knowledge, and information concerning the Debtors' operations and this industry. If called upon to testify, I would testify competently to the facts set forth in this Declaration.

---

[2] Lead Debtor Case No. 25-16137 (MBK) for Debtor Powin Project LLC was filed on June 9, 2025, and the majority of Debtors were filed shortly thereafter on June 10, 2025, *except that*, three additional Debtor-affiliates (Powin Energy Storage 2, Inc., Powin Energy Ontario Storage II LP, and Powin Canada B.C. Ltd.) filed for petitions on June 22, 2025, and Debtor-affiliate Powin EKS SellCo, LLC filed on October 10, 2025.

[3] Terms used but not otherwise described herein shall have the meanings ascribed to them in the Joint Motion.

3

US_ACTIVE\131756825

7. The Class Representatives brought claims against the Debtors for violations of the WARN Act, asserting that Debtors failed to provide the advance written notice required by the WARN Act before terminating them and other employees on or about June 6, 2025. The Debtors disagree with the assertions and believe that they have defenses to such claims.

8. In exchange for the consideration described in the Settlement, the Parties have agreed to fully and finally settle the WARN Act Claims and satisfy, waive, or expunge the Released Claims, all as more fully described in the Settlement.

9. Over the course of these Chapter 11 Cases, the Parties have engaged in discussions to try to resolve the disputes among the Parties. Those discussions ultimately culminated in the execution of the Settlement, which, if approved, would resolve all outstanding issues among the Parties. The terms of the Settlement are set forth in the Settlement Agreement annexed to the Motion as Exhibit 1.

10. For the reasons that follow, the Debtors and I believe that entry into the Settlement provides several direct benefits to the Debtors' estates and is in the best interests of the Debtors' estates and the paramount interests of the Debtors' creditors.

11. Among other things, the Settlement creates certainty to previously disputed and contingent liabilities, reduces the Debtors' claim exposure, and enables confirmation and implementation of the Plan in a value-maximizing manner.

12. The Settlement also provides a clear and efficient mechanism for final resolution of the WARN Act Claims without diverting estate resources from the Debtors' restructuring efforts. Absent the Settlement, the Debtors would likely face protracted and expensive litigation, including potential class-certification proceedings, fact and expert discovery, dispositive motion practice, and trial—each of which would impose significant administrative costs and delay the

Debtors' emergence from chapter 11. By contrast, the negotiated resolution reflected in the Settlement brings finality, removes material impediments to confirmation, and ensures that available estate resources can be preserved for all stakeholders consistent with the Debtors' fiduciary obligations.

13. In sum, the Debtors and I believe the Settlement should be approved.

I declare under penalty of perjury that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct.

Executed this 22nd day of November 2025, at Sea Bright, New Jersey in Monmouth County.

Signed by:
*Gerard Uzzi*
C933082321E44D5...
Gerard Uzzi

5

US_ACTIVE\131756825