# EXHIBIT A

## Proposed Order

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>POWIN, LLC, *et al.*,[1]<br><br>              Debtors. | Chapter 11<br><br>Case No. 25-16137 (MBK)<br>(Jointly Administered)<br><br>Honorable Michael B. Kaplan |

**ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY AND AUTHORIZING**
**<u>ACTIONS CONSISTENT THEREWITH</u>**

The relief set forth on the following pages, numbered one (1) through nine (9), is **ORDERED**.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin Project LLC [1583]; (ii) Powin LLC [0504]; (iii) PEOS Holdings, LLC [5476]; (iv) Powin China Holdings 1, LLC [1422]; (v) Powin China Holdings 2, LLC [9713]; (vi) Charger Holdings, LLC [5241]; (vii) Powin Energy Ontario Storage, LLC [8348]; (viii) Powin Energy Operating Holdings, LLC [2495]; (ix) Powin Energy Operating, LLC [6487]; (x) Powin Energy Storage 2, Inc. [9926]; (xi) Powin Energy Ontario Storage II LP [5787]; (xii) Powin Canada B.C. Ltd. [2239]. The Debtors' mailing address is 20550 SW 115th Avenue, Tualatin, OR 97062.

Page:        2
Debtor:      Powin, LLC, *et al*.
Case No.:    Case No. 25-16137 (MBK)
Caption:     Order Granting Relief from the Automatic Stay and Authorizing Actions
             Consistent Therewith

---

**EVERSHEDS SUTHERLAND (US) LLP**

Sameer M. Alifarag (NJ No. 353692021)
sameeralifarag@eversheds-sutherland.com
The Grace Building, 40th Floor
1114 Avenue of the Americas
New York, New York 10036
Tel: (212) 389-5000

David A. Wender (admitted *pro hac vice*)
davidwender@eversheds-sutherland.com
999 Peachtree Street NE, Suite 2300
Atlanta, Georgia 30309
Tel: (404) 853-8175
Fax: (404) 853-8806

*Counsel to Pulse Clean Energy SPV Watt
Limited*

---

This matter comes before the Court in connection with the *Motion of Pulse Clean Energy SPV Watt Limited for Relief from the Automatic Stay and Authorizing Actions Consistent Therewith* [Docket No. ____] (the "Motion")[2] filed by Pulse Clean Energy SPV Watt Limited ("Pulse") seeking entry of an order granting Pulse relief from the automatic stay and authorizing actions consistent therewith; and the Court having jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of New Jersey dated as of September 18, 2012; and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary or required;

---

[2] Capitalized terms used but not defined herein shall have the respective meanings ascribed to them in the Motion, the ESA, or the Escrow Agreement (each as defined herein), as applicable.

2

Page:        3
Debtor:      Powin, LLC, *et al.*
Case No.:    Case No. 25-16137 (MBK)
Caption:     Order Granting Relief from the Automatic Stay and Authorizing Actions
             Consistent Therewith

---

and upon all proceedings had before the Court; and the Court having determined that the legal and

factual bases set forth in the Motion establish cause under 11 U.S.C. § 362(d)(1) to grant Pulse

relief from the automatic stay; and after due deliberation and good and sufficient cause appearing

therefor;

This Court having **FOUND AND DETERMINED THAT:**

A.      The Debtors and all other parties in interest were properly and timely served with

a copy of the Motion and a notice of hearing thereon.

B.      The Debtors and all parties in interest have been afforded a reasonable opportunity

to respond to, or be heard regarding, the relief requested in the Motion.

C.      The Escrow Agreement created a valid escrow under New York law.

D.      Under New York law, Pulse retains legal title to the Escrow Amount as the

depositor, and the Debtors hold no legal or equitable interest in the Escrow Amount.  The Debtors

held, at most, a contingent future interest in the Escrow Amount as of the Petition Date,

conditioned upon the Powin's satisfaction of the performance milestones and conditions under the

ESA.

E.      The ESA was rejected by order of this Court dated June 17, 2025, constituting a

material breach as of the Petition Date and extinguishing any contingent interest the Debtors may

have held in the Escrow Amount.

F.      The Escrow Amount is not property of the Debtors' estates under 11 U.S.C. §

541(a) or any other applicable or similar governing state law.

G.      Cause exists under 11 U.S.C. § 362(d)(1) to grant Pulse relief from the automatic

Page:       4
Debtor:     Powin, LLC, *et al.*
Case No.:   Case No. 25-16137 (MBK)
Caption:    Order Granting Relief from the Automatic Stay and Authorizing Actions
            Consistent Therewith

---

stay.

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED as set forth herein.

2.      The automatic stay imposed by 11 U.S.C. § 362 and Bankruptcy Rule 4001 is hereby lifted and vacated to permit Pulse to pursue or otherwise recover the Escrow Amount in any manner that Pulse deems necessary, including, without limitation, by issuing a demand to the Escrow Agent in accordance with the terms of the ESA and the Escrow Agreement.

3.      Pulse is authorized to deliver a copy of this Order to the Escrow Agent as evidence of this Court's determination that Pulse is entitled to relief from the automatic stay and that the Escrow Amount is not property of the Debtor's estate.

4.      The Escrow Agent is authorized to release the Escrow Amount to Pulse upon receipt of Pulse's written demand and a copy of this Order, or upon such other method acceptable to the Escrow Agent, net of any unpaid escrow agent fees, expenses, and amounts that may be due and owing under the Escrow Agreement.

5.      The Escrow Agent may rely upon this Order and Pulse's written demand, or upon such other method acceptable to the Escrow Agent, as sufficient authorization and instruction under the Escrow Agreement to release the Escrow Amount to Pulse, and the Escrow Agent shall have no liability to any party for releasing the Escrow Amount in accordance with this Order and Pulse's demand.

6.      Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and the requirements of the Bankruptcy Code, the Federal Rules of Bankruptcy

Page:        5
Debtor:      Powin, LLC, *et al*.
Case No.:    Case No. 25-16137 (MBK)
Caption:     Order Granting Relief from the Automatic Stay and Authorizing Actions
             Consistent Therewith

---

Procedure (the "Bankruptcy Rules"), and the Local Rules of the United States Bankruptcy Court for the District of New Jersey (the "Local Rules") are satisfied by the contents of the Motion.

7.    Notwithstanding any Bankruptcy Rule or Local Rule that might otherwise delay the effectiveness of this Order, including, without limitation, Bankruptcy Rule 4001(a)(2), the terms and conditions of this Order shall be immediately enforceable upon its entry.

8.    Pulse and its agents are authorized to take all steps or actions necessary or appropriate to effectuate the relief granted pursuant this Order.

9.    This Court shall retain exclusive jurisdiction to hear and determine all manners arising from or related to the implementation, interpretation, or enforcement of this Order.