UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-1(b)

**EVERSHEDS SUTHERLAND (US) LLP**

Sameer M. Alifarag (NJ No. 353692021)
sameeralifarag@eversheds-sutherland.com
The Grace Building, 40th Floor
1114 Avenue of the Americas
New York, New York 10036
Tel: (212) 389-5000

David A. Wender (admitted *pro hac vice*)
davidwender@eversheds-sutherland.com
999 Peachtree Street NE, Suite 2300
Atlanta, Georgia 30309
Tel: (404) 853-8175
Fax: (404) 853-8806

*Counsel to Pulse Clean Energy SPV Watt Limited*

| | |
|---|---|
| In re:<br><br>POWIN, LLC, *et al.*,[1]<br><br>                    Debtors. | Chapter 11<br><br>Case No. 25-16137 (MBK)<br>(Jointly Administered)<br><br>Honorable Michael B. Kaplan |

**MOTION OF PULSE CLEAN ENERGY SPV WATT LIMITED (I) TO FILE UNDER SEAL EXHIBITS B AND C TO MOTION OF PULSE CLEAN ENERGY SPV WATT LIMITED FOR RELIEF FROM THE AUTOMATIC STAY AND AUTHORIZING ACTIONS CONSISTENT THEREWITH AND (II) GRANTING RELATED RELIEF**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin Project LLC [1583]; (ii) Powin LLC [0504]; (iii) PEOS Holdings, LLC [5476]; (iv) Powin China Holdings 1, LLC [1422]; (v) Powin China Holdings 2, LLC [9713]; (vi) Charger Holdings, LLC [5241]; (vii) Powin Energy Ontario Storage, LLC [8348]; (viii) Powin Energy Operating Holdings, LLC [2495]; (ix) Powin Energy Operating, LLC [6487]; (x) Powin Energy Storage 2, Inc. [9926]; (xi) Powin Energy Ontario Storage II LP [5787]; (xii) Powin Canada B.C. Ltd. [2239]. The Debtors' mailing address is 20550 SW 115th Avenue, Tualatin, OR 97062.

1

Pulse Clean Energy SPV Watt Limited (the "Movant" or "Pulse"), by and through its undersigned counsel, Eversheds Sutherland (US) LLP, hereby files this motion to seal (the "Motion to Seal"), pursuant to Sections 105 and 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 9013-1 and 9018-1 of the Local Rules of the United States Bankruptcy Court for the District of New Jersey (the "Local Rules"), for the entry of an order substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), (a) authorizing Pulse to file under seal Exhibit B and Exhibit C to the *Motion of Pulse Clean Energy SPV Watt Limited for Relief from the Automatic Stay and Authorizing Actions Consistent Therewith* (the "Stay Relief Motion") filed concurrently herewith (the "Confidential Exhibits"); (b) directing that the Confidential Exhibits shall remain under seal and not be required to be made available to anyone, except to (i) the United States Bankruptcy Court for the District of New Jersey (the "Court"), (ii) the Office of the United States Trustee (the "U.S. Trustee"), (iii) the parties to the ESA and Escrow Agreement (each as defined herein), (iv) on a confidential, professionals' eyes only basis, the professionals retained by the Official Committee of Unsecured Creditors (the "Committee"), and (v) any other party as may be ordered by the Court or agreed to by the parties to the ESA and the Escrow Agreement; and (c) granting related relief. In support of this Motion to Seal, Pulse respectfully submits the *Declaration of Aazzum Yassir in Support of Motion of Pulse Clean Energy SPV Watt Limited (I) to File Under Seal Exhibits B and C to Motion of Pulse Clean Energy SPV Watt Limited for Relief from the Automatic Stay and Authorizing Actions Consistent Therewith and (II) Granting Related Relief*, attached hereto as **Exhibit B** (the "Yassir Declaration"), and respectfully states as follows:

## Jurisdiction

1. The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157

2

and 1334 and the *Standing Order of Reference* from the United States District Court for the District of New Jersey dated as of September 18, 2012. The Movant confirms its consent, pursuant to Bankruptcy Rule 7008, to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue of the chapter 11 cases and related proceedings is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. The statutory bases for the relief requested herein are Sections 105(a) and 107(b)(2) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1.

**Background**

**A. The Energy Equipment Supply Agreement and the Escrow Agreement**

4. On December 22, 2023, the Movant and Debtor Powin, LLC (the "Debtor" or "Powin" and, together with its affiliated chapter 11 debtors, the "Debtors") became parties to, among other contracts, that certain Energy Equipment Supply Agreement, dated December 22, 2023 (as amended, supplemented, or otherwise modified from time to time, the "ESA"), a copy of which is attached to the Stay Relief Motion as Exhibit B.

5. Among other contractual obligations, pursuant to the ESA, the Debtor was required to design, engineer, procure, manufacture, supply, test and commission the Supply and Commissioning Works forming part of the battery energy storage project at Overhill Farm, Rothienorman, Scotland, AB51 8YN (the "Project").

6. The ESA contains express confidentiality restrictions and prohibitions against the public disclosure of the terms, data and other like information, including technical, scientific,

3

business and financial information provided in relation to the ESA or the Project. The public disclosure of the ESA or any of the terms therein could be used by the Movant's competitors, vendors, and other market participants to reverse-engineer the Movant's and Debtor's pricing and risk allocation, including exact milestone pricing, escrow mechanics, capacity and efficiency remedy rates, and other proprietary arrangements, to the Movant's competitive and commercial disadvantage.

7. In accordance with the ESA, the Movant and the Debtor are also parties to that the Escrow Agreement dated October 25, 2023 (the "Escrow Agreement"), a copy of which is attached to the Stay Relief Motion as Exhibit C. The Escrow Agreement itself does not contain any confidentiality restrictions; however, such agreement was expressly contemplated by, executed solely as a result of, and is part and parcel of, the ESA, and for all intents and purposes has been treated by Pulse as a confidential document containing sensitive commercial information.

**B. The Chapter 11 Cases**

8. On June 9, 2025, and thereafter (as applicable, the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the Court, commencing these chapter 11 cases.

9. On June 27, 2025, the U.S. Trustee appointed the Committee.

10. A description of the Debtors, their business, and the reasons for the commencement of the chapter 11 cases are set forth in greater detail in the *Declaration of Gerard Uzzi in Support of Emergency First Day Motions of the Debtors* [Docket No. 13].

11. As set forth herein and in the Yassir Declaration, the ESA and Escrow Agreement contain confidential and commercially sensitive information, which are subject to confidentiality

4

requirements set forth in the ESA, and the disclosure of such information could substantially harm the Movant, the Debtors and their estates.

### Relief Requested

12. By this Motion, Pulse seeks the entry of an order (a) authorizing Pulse to file the Confidential Exhibits under seal; (b) directing that the Confidential Exhibits shall remain under seal and not be required to be made available to anyone, except to (i) the Court, (ii) the U.S. Trustee, (iii) the parties to the ESA and Escrow Agreement, (iv) on a confidential, professionals' eyes only basis, the professionals retained by the Committee, and (v) any other party as may be ordered by the Court or agreed to by the parties to the ESA and the Escrow Agreement; and (c) granting related relief.

### Basis for Relief

13. The Third Circuit has held that the right to information is not absolute and that the court has the power to prevent access to documents where the files might "become a vehicle for improper purposes." *In re A C & S, Inc.*, Case No. 18-1951, 775 Fed. Appx. 78, 80 (3d Cir. Aug. 19, 2019).

14. Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the power to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential information. This section provides, in relevant part, that "[o]n request of a party in interest, the bankruptcy court shall . . . protect an entity with respect to a trade secret or confidential research, development, or commercial information." 11 U.S.C. § 107(b)(1). Section 105(a) of the Bankruptcy Code empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

15. Rule 9018 of the Federal Rules of Bankruptcy Procedure sets forth the procedures for application made pursuant to Section 107 of the Bankruptcy Code. It provides that "[o]n motion or on its own, the court may, with or without notice, issue any order that justice requires to [] protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information." Fed. R. Bankr. P. 9018(a)(1).

16. Unlike its counterpart in Rule 26(c) of the Federal Rules of Civil Procedure, Section 107(b) of the Bankruptcy Code does not require an entity seeking such protection to demonstrate "good cause." *See, e.g., In re Faucett*, 438 B.R. 564, 568 (Bankr. W.D. Tex. 2010) (holding that section 107 does not impose a good cause requirement for sealing documents); *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 28 (2d Cir. 1994) (concluding that the omission of a "good cause" requirement in section 107(b) is significant, particularly because Federal Rule of Civil Procedure 26(c) expressly requires good cause); *Phar-Mor, Inc. v. Defendants Named Under Seal (In re Phar-Mor, Inc.)*, 191 B.R. 675, 679 (Bankr. N.D. Ohio 1995) (recognizing that the mandatory language of section 107(b) negates the need for inquiries into "compelling reasons" or balancing of interests); *see also In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 431 (9th Cir. 2011) (ruling that § 107 supplants the common law right of access in bankruptcy proceedings). Instead, "§ 107 eliminates a court's discretion by making it mandatory for a court to protect documents falling into one of the enumerated exceptions." *Roman Catholic Archbishop*, 661 F.3d at 430 (holding that section 107 speaks directly to and conflicts with significant aspects of the common law right of access). "Under § 107, the strength of the public's interest in a particular judicial record is irrelevant; if the exception pertains, the bankruptcy court must issue a protective order on a motion by the affected

6

person or party. *See* 11 U.S.C. § 107(b) (specifying that 'the bankruptcy court shall' provide specified protections on 'request of a party in interest' (emphasis added))." *Id.* at 431.

17. Bankruptcy courts have defined "confidential commercial information" as information that would cause or result in "an unfair advantage to competitors by providing them information as to the commercial operations of the debtor." *In re FTX Trading Ltd.*, 2025 WL 1600618, at *1 (Bankr. D. Del. May 21, 2025); *In re Alterra Healthcare Corp.*, 353 B.R. 66, 75 (Bankr. D. Del. 2006) (internal citations omitted); *In re Faucett*, 438 B.R. at 567 (applying the definition of confidential commercial information to determine whether customer identifying information in screen shots should be sealed); *In re Northstar Energy, Inc.*, 315 B.R. 425, 428–29 (Bankr. E.D. Tex. 2004) (holding that a debtor's confidential investor list constituted confidential commercial information because disclosure would enable competitors to solicit the same investors); *see also In re Dreier LLP*, 485 B.R. 821, 823–24 (Bankr. S.D.N.Y. 2013) (finding that public disclosure of an investment strategy could place the movant at a competitive disadvantage and granting a motion to seal such information). Section 107(b) "is designed to protect 'business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury.'" *In re Northstar Energy*, 315 B.R. at 429 (citation omitted).

18. Moreover, commercial information need only be confidential and commercial in nature; it need not rise to the level of a trade secret to be protected under Section 107(b) of the Bankruptcy Code. *In re Altegrity, Inc.*, 2015 WL 10963572, at *3; *In re Faucett*, 438 B.R. at 567 (noting that the party opposing disclosure has the burden of proving good cause under Rule 26(c), which requires a showing that specific prejudice or harm will result); *In re Northstar Energy*, 315 B.R. at 428–29 (concluding that a bankruptcy court is required to seal documentary information that is so critical to operations that its disclosure will unfairly benefit competitors, even if it does

7

not rise to the level of a trade secret); *see Orion Pictures*, 21 F.3d at 28 (noting that an interested party has only to show that the information to be sealed is "confidential [and] commercial" in nature, and rejecting the argument that confidential commercial information must be the equivalent of a trade secret before protection is warranted).

19.  Here, the documents sought to be sealed by Pulse contains "commercial information," which, if disclosed publicly, could create a disadvantage with its competitors and affect its existing and future commercial relationships with third parties, such as other vendors, contractors, and project developers, who could use the ESA's detailed milestone payment schedules, performance guarantees, financial and technical data, and recovery and efficiency formulas, in addition to the Escrow Agreement's commercially sensitive risk allocation terms and security mechanisms, as well as other material business terms included in both the ESA and Escrow Agreement that may, if publicly disclosed, be used by market participants and competitors to reverse-engineer the Movant's proprietary pricing structures and performance risk allocation, to the Movant's detriment in negotiations or other business dealings.

20.  Accordingly, Movant respectfully submits that the Confidential Exhibits should be sealed pursuant to Sections 105(a) and 107(b)(1) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1.

## Waiver of Memorandum of Law

21.  Pulse respectfully requests that the Court waive the requirement to file a separate memorandum of law pursuant to Local Rule 9013-1(a)(3) because the legal basis upon which Pulse relies is set forth herein and the Motion to Seal does not raise any novel issues of law.

## No Prior Request

22. No prior request for the relief sought in this Motion to Seal has been made to this Court or any other court.

### Notice

23. The Movant will provide notice of this Motion to Seal to the following parties or their counsel: (a) the U.S. Trustee; (b) counsel to the Committee; (c) counsel to the Debtors; and (d) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Movant submits that no other or further notice is needed.

**WHEREFORE**, the Movant respectfully requests that the Court (i) enter the Proposed Order (a) authorizing Pulse to file the Confidential Exhibits under seal; (b) directing that the Confidential Exhibits shall remain under seal and not be required to be made available to anyone, except to (i) the Court, (ii) the U.S. Trustee, (iii) the parties to the ESA and Escrow Agreement, (iv) on a confidential, professionals' eyes only basis, the professionals retained by the Committee, and (v) any other party as may be ordered by the Court or agreed to by the parties to the ESA and the Escrow Agreement; and (c) such other and further relief that the Court deems just and proper.

[*Signature Page Follows*]

Dated: November 24, 2025
New York, New York

*/s/ Sameer M. Alifarag*

**EVERSHEDS SUTHERLAND (US) LLP**

Sameer M. Alifarag (NJ No. 353692021)
The Grace Building, 40th Floor
1114 Avenue of the Americas
New York, New York 10036
Tel: (212) 389-5000
sameeralifarag@eversheds-sutherland.com

David A. Wender (admitted *pro hac vice*)
999 Peachtree Street NE, Suite 2300
Atlanta, Georgia 30309
Tel: (404) 853-8175
Fax: (404) 853-8806
davidwender@eversheds-sutherland.com

*Counsel to Pulse Clean Energy SPV Watt Limited*