# **EXHIBIT B**

# **Yassir Declaration**

**EVERSHEDS SUTHERLAND (US) LLP**

Sameer M. Alifarag (NJ No. 353692021)
sameeralifarag@eversheds-sutherland.com
The Grace Building, 40th Floor
1114 Avenue of the Americas
New York, New York 10036
Tel: (212) 389-5000

David A. Wender (admitted *pro hac vice*)
davidwender@eversheds-sutherland.com
999 Peachtree Street NE, Suite 2300
Atlanta, Georgia 30309
Tel: (404) 853-8175
Fax: (404) 853-8806

*Counsel to Pulse Clean Energy SPV Watt Limited*

| | |
|---|---|
| In re: | Chapter 11 |
| POWIN, LLC, *et al.*,[1] | Case No. 25-16137 (MBK)<br>(Jointly Administered) |
| Debtors. | Honorable Michael B. Kaplan |

**DECLARATION OF AAZZUM YASSIR IN SUPPORT OF MOTION OF PULSE CLEAN ENERGY SPV WATT LIMITED (I) TO FILE UNDER SEAL EXHIBITS B AND C TO MOTION OF PULSE CLEAN ENERGY SPV WATT LIMITED FOR RELIEF FROM THE AUTOMATIC STAY AND AUTHORIZING ACTIONS CONSISTENT THEREWITH AND (II) GRANTING RELATED RELIEF**

I, Aazzum Yassir, hereby state and declare as follows:

1.  I am the Director of Technology and Operations of Pulse Clean Energy SPV Watt Limited ("Pulse").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin Project LLC [1583]; (ii) Powin LLC [0504]; (iii) PEOS Holdings, LLC [5476]; (iv) Powin China Holdings 1, LLC [1422]; (v) Powin China Holdings 2, LLC [9713]; (vi) Charger Holdings, LLC [5241]; (vii) Powin Energy Ontario Storage, LLC [8348]; (viii) Powin Energy Operating Holdings, LLC [2495]; (ix) Powin Energy Operating, LLC [6487]; (x) Powin Energy Storage 2, Inc. [9926]; (xi) Powin Energy Ontario Storage II LP [5787]; (xii) Powin Canada B.C. Ltd. [2239]. The Debtors' mailing address is 20550 SW 115th Avenue, Tualatin, OR 97062.

1

2. I submit this declaration (the "Declaration") in support of the relief requested in the *Motion of Pulse Clean Energy SPV Watt Limited (I) to File Under Seal Exhibits B and C to Motion of Pulse Clean Energy SPV Watt Limited for Relief from the Automatic Stay and Authorizing Actions Consistent Therewith and (II) Granting Related Relief* (the "Motion to Seal"), filed contemporaneously herewith.[2] The Motion to Seal seeks approval of an order (a) authorizing Pulse to file the Confidential Exhibits under seal; (b) directing that the Confidential Exhibits shall remain under seal and not be required to be made available to anyone, except to (i) the Court, (ii) the U.S. Trustee, (iii) the parties to the ESA and Escrow Agreement, (iv) on a confidential, professionals' eyes only basis, the professionals retained by the Committee, and (v) any other party as may be ordered by the Court or agreed to by the parties to the ESA and the Escrow Agreement; and (c) granting related relief, all as more fully set forth in the Motion to Seal.

3. Except as otherwise indicated herein, this Declaration is based upon my personal knowledge and my review of relevant documents. If called upon to testify, I would testify competently to the facts set forth in this Declaration.

4. In my role, I am familiar with the ESA and the Escrow Agreement that Pulse seeks to file under seal.

5. The ESA is subject to confidentiality requirements set forth therein and contain confidential information regarding the terms of the parties' business arrangements and confidential trade practices. This information must be kept confidential and under seal as such confidential information is critical commercial information and disclosure thereof could materially harm Pulse, the Debtors, and the Debtors' estates.

---

[2] Capitalized terms used but not defined herein shall have the respective meanings ascribed to them in the Motion to Seal.

6. Though the Escrow Agreement itself does not contain any confidentiality restrictions, the Escrow Agreement was expressly contemplated by, executed solely as a result of, and is part and parcel of, the ESA, and for all intents and purposes has been treated by Pulse as a confidential document containing sensitive commercial information. Accordingly, I believe that the Escrow Agreement should likewise be filed under seal.

7. For these reasons, I believe that the Motion to Seal is warranted under the circumstances and should be approved.

I declare under penalty of perjury that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct.

Dated: November 24, 2025

By: */s/ Aazzum Yassir*
Name: Aazzum Yassir
Title: Director of Technology and Operations

3