**RAISNER ROUPINIAN LLP**
Gail C. Lin, Esquire (Bar No. 036752001)
Jack A. Raisner
René S. Roupinian
270 Madison Avenue, Suite 1801
New York, New York 10016
Telephone: (212) 221-1747
Facsimile: (212) 221-1747
Email: rsr@raisnerroupinian.com
Email: jar@raisnerroupinian.com

**LANKENAU & MILLER, LLP**
Johnathan Miller (New Jersey Bar #: 263592019)
Stuart J. Miller (SJM 4276)
100 Church Street, 8th FL
New York, NY 10007
P: (212) 581-5005
F: (212) 581-2122
Email: stuart@lankmill.com

*Attorneys for Settlement Class*
*Representatives and the Settlement Class*

**THE GARDNER FIRM, PC**
Mary E. Olsen (OLSEM4818)
M. Vance McCrary (MCCRM4402)
182 St. Francis Street
Suite 103
Mobile, Alabama 36602
P: (251) 433-8100
F: (251) 433-8181
Email: molsen@thegardnerfirm.com

*Attorneys for Settlement Class*
*Representatives and the Settlement Class*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| Powin, LLC, *et al.*,[1] | Case No. 25-16137 (MBK) |
| Debtors. | (Jointly Administered) |
| BRIAN PALOMINO, on behalf of himself and all others similarly situated, | |
| Plaintiff, | Adv. Proc. No. 25-01249 (MBK) |
| v. | |
| POWIN, LLC, POWIN ENERGY OPERATING HOLDINGS, LLC, and POWIN ENERGY OPERATING, LLC, | |
| Defendants. | |

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin Project LLC [1583]; (ii) Powin, LLC [0504]; (iii) PEOS Holdings, LLC [5476]; (iv) Powin China Holdings 1, LLC [1422]; (v) Powin China Holdings 2, LLC [9713]; (vi) Charger Holdings, LLC [5241]; (vii) Powin Energy Ontario Storage, LLC [8348]; (viii) Powin Energy Operating Holdings, LLC [2495]; (ix) Powin Energy Operating, LLC [6487]; (x) Powin Energy Storage 2, Inc. [9926]; (xi) Powin Energy Ontario Storage II LP [5787]; (xii) Powin Canada B.C. Ltd. [2239]; and (xiii) Powin EKS SellCo, LLC [9110].

**DECLARATION OF BRIAN PALOMINO IN SUPPORT OF
JOINT MOTION OF DEBTORS AND CLASS REPRESENTATIVES,
PURSUANT TO SECTION 105 OF THE BANKRUPTCY CODE AND BANKRUPTCY
RULES 9019 AND 7023 TO: (I) APPROVE THE SETTLEMENT PURSUANT TO
BANKRUPTCY RULE 9019, (II) PRELIMINARILY APPROVE THE SETTLEMENT
PURSUANT TO BANKRUPTCY RULE 7023, (III) APPROVE THE FORM AND
MANNER OF NOTICE TO CLASS MEMBERS OF THE SETTLEMENT, (IV)
SCHEDULE A FAIRNESS HEARING TO CONSIDER FINAL APPROVAL OF THE
SETTLEMENT, (V) FINALLY APPROVE THE SETTLEMENT FOLLOWING THE
FAIRNESS HEARING, AND (VI) GRANT RELATED RELIEF**

I, Brian Palomino, hereby declare the following under penalty of perjury:

1. I am a former employee of Powin, LLC, et al. ("Defendants" "Powin") and the named Plaintiff in the above-captioned class action suit against Defendants to recover pay and benefits under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 *et seq*. (the "WARN Act").

2. I make this declaration based upon my personal knowledge in support of the *Joint Motion of Debtors and Class Representatives, Pursuant to Section 105 of The Bankruptcy Code And Bankruptcy Rules 9019 and 7023 To: (I) Approve The Settlement Pursuant To Bankruptcy Rule 9019, (II) Preliminarily Approve The Settlement Pursuant To Bankruptcy Rule 7023, (III) Approve The Form and Manner of Notice To Class Members Of The Settlement, (IV) Schedule a Fairness Hearing To Consider Final Approval of The Settlement, (V) Finally Approve The Settlement Following The Fairness Hearing, And (VI) Grant Related Relief* (the "Joint Motion").

3. I was employed as a Senior Project Manager by Defendants from August 2023 until my termination without cause on June 6, 2025.

4. I understand that on or about June 6, 2025 and within 30 days of that date, Defendants terminated approximately 300 employees, including me, in the same manner.

5. At no time prior to June 6, 2025, did I receive any advance notice of my termination, no less 60 days' written notice pursuant to the WARN Act, nor, to the best of my knowledge, did

any of the other similarly situated former employees. I believe my WARN rights, as well as the WARN rights of the other terminated employees were violated.

6. I have not received nor, to the best of my knowledge, have any of the other former employees of Defendants received 60 days' pay under the WARN Act.

7. Following my termination, I retained the legal services of Raisner Roupinian LLP as my counsel to assert WARN claims on behalf of myself and the other employees in an adversary proceeding.

8. My claim against Defendants under the WARN Act is approximately $24,000 (not including benefits). The modest size of my claim, my financial situation, and the cost of attorneys' fees leave me unable to pursue this claim as a sole litigant. I believe the other terminated employees are similarly situated and unable to feasibly pursue their rights individually under the WARN Act.

9. Because of the similar circumstances of the terminations, I understand that the factual and legal issues bearing on my WARN claim and the WARN claims of the other employees (except for damages) are the same.

10. I have actively assisted my counsel in the prosecution of this action. I have maintained regular contact with my counsel regarding the status of the class action.

11. I was selected to serve as a member of the Unsecured Creditors' Committee in these Chapter 11 cases. I have actively participated in the meetings and business of the Committee and continue to do so.

12. I have no conflict of interest with other class members.

13. My attorneys have vigorously prosecuted this action. I believe the Raisner Roupinian LLP, The Gardner Firm, and Lankenau & Miller are well-qualified to serve as class counsel.

14. I support the proposed settlement of the WARN class action and believe the other Class Members will support the settlement, as well.

15. In view of the foregoing, I request that the Joint Motion be approved.

16. I declare the foregoing is true and correct to the best of my knowledge and belief.

Executed on November 24, 2025

_____
Brian Palomino

4