**DENTONS US LLP**
Lauren Macksoud (admitted)
101 JFK Parkway
Short Hills, NJ 07078
Telephone: (973) 912-7100
Facsimile: (973) 912-7199
Email: lauren.macksoud@dentons.com


Tania M. Moyron (admitted *pro hac vice*)
Van C. Durrer, II (admitted *pro hac vice*)
601 S. Figueroa Street
Suite 2500
Los Angeles, CA 90017
Telephone: (213) 623-9300
Facsimile: (213) 623-9924
Email: tania.moyron@dentons.com
        van.durrer@dentons.com


John D. Beck (admitted *pro hac vice*)
Sarah M. Schrag (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020-1089
Telephone: (212) 768-6700
Facsimile: (212) 768-6800
Email: john.beck@dentons.com
        sarah.schrag@dentons.com


*Counsel for Debtors and
Debtors in Possession*

**TOGUT, SEGAL & SEGAL LLP**
Frank A. Oswald (admitted)
550 Broad Street
Suite 1508
Newark, NJ 07102
Telephone: (212) 594-5000
Facsimile: (212) 967-4258
Email: frankoswald@teamtogut.com


Albert Togut (admitted *pro hac vice*)
Eitan Blander (admitted *pro hac vice*)
One Penn Plaza, Suite 3335
New York, New York 10119
Telephone: (212) 594-5000
Facsimile: (212) 967-4258
Email: altogut@teamtogut.com
        eblander@teamtogut.com


*Counsel for Debtors and
Debtors in Possession*

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| Powin, LLC, *et al.*,[1] | Case No. 25-16137 (MBK) |
| Debtors. | (Jointly Administered) |

### NOTICE OF FILING SETTLEMENT AGREEMENT
### WITH APPLIED SURETY UNDERWRITERS, SIRIUSPOINT AMERICA INSURANCE
### COMPANY AND PENNSYLVANIA INSURANCE COMPANY

**PLEASE TAKE NOTICE** that Powin, LLC and its affiliated debtors and debtors in possession in the above-captioned chapter 11 cases (the "Debtors") hereby file the Settlement Agreement, attached hereto as **Exhibit "A"**, between the Debtors and Applied Surety Underwriters, Siriuspoint America Insurance Company and Pennsylvania Insurance Company (the "Surety," together with the Debtors, the "Parties").

**PLEASE TAKE FURTHER NOTICE** that the Settlement Agreement resolves the *Limited Objection of Applied Surety Underwriters, SiriusPoint America Insurance Company and Pennsylvania Insurance Company to Joint Combined Disclosure Statement and Chapter 11 Plan of Liquidation of Powin, LLC and Affiliates Thereof and the Official Committee of Unsecured Creditors* [Docket No. 1082].

**PLEASE TAKE FURTHER NOTICE** that the Debtors shall seek approval of the Settlement Agreement in connection with the hearing scheduled on November 25, 2025, at 11:30 a.m. (prevailing Eastern Time), on confirmation of the *Joint Combined Disclosure Statement and Chapter 11 Plan of Liquidation of Powin, LLC and Affiliates Thereof and the Official Committee of Unsecured Creditors* [Docket No. 942].

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are:  (i) Powin Project LLC [1583]; (ii) Powin, LLC [0504]; (iii) PEOS Holdings, LLC [5476]; (iv) Powin China Holdings 1, LLC [1422]; (v) Powin China Holdings 2, LLC [9713]; (vi) Charger Holdings, LLC [15241]; (vii) Powin Energy Ontario Storage, LLC [8348]; (viii) Powin Energy Operating Holdings, LLC [2495]; (ix) Powin Energy Operating, LLC [6487]; (x) Powin Energy Storage 2, Inc. [9926]; (xi) Powin Energy Ontario Storage II LP [5787]; (xii) Powin Canada B.C. Ltd. [2239]; and (xiii) Powin EKS SellCo, LLC [9110].  The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR 97062.

Dated:    November 25, 2025

**DENTONS US LLP,**

*/s/ Lauren Macksoud*
Lauren Macksoud (admitted)
101 JFK Parkway
Short Hills, NJ 07078
Telephone: (973) 912-7100
Facsimile: (973) 912-7199
Email: lauren.macksoud@dentons.com

Tania M. Moyron (admitted *pro hac vice*)
Van C. Durrer, II (admitted *pro hac vice*)
601 S. Figueroa Street #2500
Los Angeles, CA 90017
Telephone:  (213) 623-9300
Facsimile:  (213) 623-9924
Email:  tania.moyron@dentons.com
        van.durrer@dentons.com

John D. Beck (admitted *pro hac vice*)
Sarah M. Schrag (admitted *pro hac vice*)
1221 Avenue of the America
New York, NY 10020
Telephone:  (212) 768-6700
Facsimile:  (212) 768-6800
Email:  john.beck@dentons.com
        sarah.schrag@dentons.com

- and -

TOGUT, SEGAL & SEGAL
Frank A. Oswald
550 Broad Street
Suite 1507
Newark, NJ 07102
Telephone:  (212) 594-5000
Facsimile:  (212) 967-4258
Email:  frankoswald@teamtogut.com

Albert Togut (admitted *pro hac vice*)
Eitan Blander (admitted *pro hac vice*)
One Penn Plaza, Suite 3335
New York, NY 10119
Telephone: (212) 594-5000
Facsimile:  (212) 967-4258
Email:  altogut@teamtogut.com
        eblander@teamtogut.com

*Counsel for Debtors and Debtors-in-Possession*

## Exhibit A

**(Settlement Agreement)**

POWIN, LLC

Term Sheet
Surety Settlement
November 25, 2025

This term sheet (together with the exhibits hereto, the "Term Sheet") describes the principal terms and conditions on which Applied Surety Underwriters, Siriuspoint America Insurance Company and Pennsylvania Insurance Company (together, the "Surety") and those debtors (the "Debtors"), in their capacity as debtors-in-possession in the chapter 11 cases being jointly administered under the case caption In re Powin, LLC, et al., Case No. 25-16137 (MBK) (the "Chapter 11 Cases"), which cases are currently pending in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court") will agree to seek entry of an order establishing an injunction ("Injunction Order") with respect to the $20 million bond issued by Surety to United States Customs and Boarder Control ("Customs"), to effectuate and facilitate prompt administration of the Debtors' estates under the *Joint Combined Disclosure Statement and Chapter 11 Plan of Liquidation of Powin, LLC and Affiliates Thereof and the Official Committee of Unsecured Creditors* (Docket No. 914) (as may be amended, modified, or supplemented from time to time and including all exhibits and supplements thereto, the "Plan").

This Term Sheet shall be a binding agreement from and after, and subject to, the entry of an order confirming the Plan (the "Confirmation Order") (which shall authorize the Debtors to be bound by this Term Sheet), but does not purport to summarize all of the terms, conditions, representations, and other provisions with respect to the Injunction Order. The effectiveness of this Term Sheet is conditioned upon the execution and delivery of signature pages to this Term Sheet by each of the parties hereto and shall be subject to the conditions precedent and other terms and conditions set forth herein.

In the event of any conflict between this Term Sheet and the terms of the Injunction Order, the terms of the Injunction Order (as applicable) shall govern.

| | |
|---|---|
| Principal and Obligees: | Powin, LLC, Powin Energy Intermediate LLC and Powin Energy Holdings LLC. For the avoidance of doubt, Powin LLC has no control or authority over Powin Energy Intermediate LLC and Powin Energy Holdings LLC. |
| Applied Collateral Account: | Account Number Ended -6018 at Vantage Bank. |
| Bond: | $20 million bond issued by Surety to Customs, Bond Number 24C000S0Q. |
| Bond Period: | The period of time covered by the Bond. |
| Customs Escrow: | Escrow established by the Debtors for the benefit of paying any Customs Claim. It is anticipated that an appropriate Customs Escrow will be funded from collateral currently |

|  | remaining with New York Marine & General Insurance Company and Avalon Risk Management Insurance Agency after the return of Excess Cash Collateral of $8,000,000, as requested in *Debtors' Motion for Entry of an Order (I) Estimating the Claims of New York Marine & General Insurance Company and Avalon Risk Management Insurance Agency, LLC at $0; (II) Directing the Turnover and Use of Excess Cash Collateral to be Distributed Pursuant to the Plan; and (III) Approving a Procedure for Consensually Resolving Surety Claims and (IV) Related Relief* (Docket No. 1018) (the "Procedures Motion"). |
|---|---|
| Customs Claim: | Any customs duties, fees, penalties, interest or other amounts that may be sought to be imposed by United States Customs and Border Patrol against the Debtors arising out of or related to the Bond Period, and any claim or right to payment that Customs may have against the Surety arising out of or related to the Bond. |
| Surety's Claim: | The Surety's Claim against the Debtors, as set forth in Proofs of Claim Nos. 384 and 447, including but not limited to any asserted subrogation claim which Surety alleges is entitled to priority pursuant to 11 U.S.C. §§ 507(a)(8)(F) and (d). |
| Estimation of the Surety's Claim: | Subject to entry of the Injunction Order and approval of this Term Sheet, the Surety stipulates and agrees that the Surety's unsecured and any priority Claim shall be allowed in the amount of $0. |
| Terms of Injunction Order: | Within thirty days of the later of (i) entry of the Confirmation Order, and (ii) the Debtors (or the Powin Liquidating Trust, as the case may be) receiving the Customs Escrow, the Debtors and Powin Liquidating Trust (as the case may be) shall seek entry of an Injunction Order in a form reasonably acceptable to the Surety, which terms shall include:<br>(A) Retention by Surety of the balance remaining in the Applied Collateral Account or proceeds thereof ("Collateral") in full and final satisfaction of the secured portion of Applied's Claim, followed by release by the Surety of any and all remaining claims and any causes of action against the Debtors, including but not limited to the Surety's alleged subrogation claim.<br>(B) A release of the Surety by the Debtors, Reorganized Debtors, Powin Liquidating Trust, and Powin Direct |

|  | Claim Trust, from any and all claims and Causes of Action.<br>(C)  Discharge of the Bond.<br>(D) A permanent injunction barring Customs from pursuing any Customs Claim against the Surety, and providing that Customs' sole redress shall be against the Customs Escrow.<br>(E) The Bankruptcy Court shall retain jurisdiction to determine any disputes relating to the Injunction Order.<br><br>Satisfaction of each of the foregoing terms is essential to the Surety's willingness to enter into this Term Sheet.  Surety agrees to cooperate with the Debtors and Powin Liquidating Trust in connection with the prosecution of the Injunction Order, including, but not limited to, making witnesses available and participating at hearings as necessary and appropriate. |
|---|---|
| Fees: | The parties shall bear their own costs, fees and expenses in connection with this Term Sheet and prosecution of the Injunction Order.  For the avoidance of doubt, the Surety may apply Collateral to its costs, fees and expenses. |
| Restriction Lifted: | For the avoidance of doubt, the restrictions on the Surety's access to the Applied Collateral Account pursuant to the *Stipulation and Consent Order Granting Relief from the Automatic Stay with Respect to Customs Bond* (Docket No. 686) shall be lifted. |
| Conditions Precedent: | Other than the obligations to cooperate with the Debtors and Powin Liquidating Trust to prosecute the Injunction Order, the obligations of the Surety under this Term Sheet shall be subject to satisfaction of each of the following conditions precedent:<br>(A) Entry of an Injunction Order consistent with this Term Sheet and satisfactory to the Surety, which Order has not been stayed and as to which the appeal period has passed with no appeal having been filed.<br>(B) Inclusion of the Surety as a "Released Party" under the Plan, to be implemented as part of the order confirming the Plan, except that any such release shall exclude Surety's obligations under this Term Sheet.<br>(C) Inclusion of the following language in the order confirming the Plan: |

| | |
|---|---|
| | "Prior to the Petition Date and in the ordinary course of business, the Applied Surety Underwriters, Siriuspoint America Insurance Company and Pennsylvania Insurance Company (together, the "Surety") issued a surety bond on behalf of the Debtors. Powin, LLC executed an indemnity agreement (the "Surety Bond Agreement") and caused cash collateral to be pledged to the Surety (the "Cash Collateral").  Entry of this Order and confirmation of the Plan shall not modify or affect: (a) the Surety's rights under the Surety Bond Agreement or with respect to the Cash Collateral (or any proceeds thereof), or (b) any right of subrogation of the surety to the rights of a paid claimant, except as provided by the Term Sheet dated November __, 2025 and satisfaction of the conditions precedent set forth therein. |
| | |

[*Signature Page to Follow*]

Agreed, Subject to Bankruptcy Approval:


**POWIN, LLC, et al.**


By:   */s Van C. Durrer, II*
    DENTONS US LLP
    Tania M. Moyron (admitted pro hac vice)
    Van C. Durrer, II (admitted pro hac vice)
    601 S. Figueroa Street #2500
    Los Angeles, CA 90017
    Telephone:  (213) 623-9300
    Facsimile:  (213) 623-9924
    Email:  tania.moyron@dentons.com
        van.durrer@dentons.com

    John D. Beck (admitted pro hac vice)
    Sarah M. Schrag (admitted pro hac vice)
    1221 Avenue of the America
    New York, NY 10020
    Telephone:  (212) 768-6700
    Facsimile:  (212) 768-6800
    Email:  john.beck@dentons.com
        sarah.schrag@dentons.com

*Counsel for Powin, LLC, et al., as Debtors and Debtors-in-Possession*


**APPLIED SURETY UNDERWRITERS, SIRIUSPOINT AMERICA INSURANCE COMPANY AND PENNSYLVANIA INSURANCE COMPANY**


By:   */s/ Lisa Tancredi*
    WOMBLE BOND DICKINSON (US) LLP
    Lisa Tancredi
    100 Light Street, 26th Floor
    Baltimore, MD 21202
    Telephone: (410) 545-58100
    Email:  Lisa.Tancredi@wbd-us.com

*Counsel for Applied Surety Underwriters, Siriuspoint America Insurance Company and Pennsylvania Insurance Company*