UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**FIRST INTERIM FEE APPLICATION COVER SHEET**

| Debtor: Powin, LLC, *et al*,[1] | Applicant: Alvarez & Marsal North America, LLC ("A&M") |
|---|---|
| Case No: 25-16137 (MBK) | Client: Official Committee of Unsecured Creditors |
| Chapter: 11 | Cases Filed: June 9, 2025, June 10, 2025, and June 22, 2025 |

**SECTION I
FEE SUMMARY**

Summary of the Amounts Requested for the Interim Period from
July 1, 2025 through September 30, 2025 (the "Application Period")

**Fee Total:** $2,282,843.00
**Expenses Total:** $703.98

Summary of Amounts Requested for Previous Periods

|  | FEES | EXPENSES |
|---|---|---|
| Total Previous Fees and Expenses Requested: | $2,282,843.00 | $703.98 |
| Total Fees Allowed To Date: | $1,826,274.40 | $703.98 |
| Total Retainer (If Applicable): | N/A | N/A |
| Total Holdback: | $456,568.60 | $0.00 |
| Total Received By Applicant: | $1,826,274.40 | $703.98 |

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin Project LLC [1583]; (ii) Powin, LLC [0504]; (iii) PEOS Holdings, LLC [5476]; (iv) Powin China Holdings 1, LLC [1422]; (v) Powin China Holdings 2, LLC [9713]; (vi) Charger Holdings, LLC [5241]; (vii) Powin Energy Ontario Storage, LLC [8348]; (viii) Powin Energy Operating Holdings, LLC [2495]; and (ix) Powin Energy Operating, LLC [6487]. The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR 97062.

## SECTION I (CONTINUED)
## FEE SUMMARY

| Professional | Position | Billing Rate | Hours | Fees |
|---|---|---:|---:|---:|
| Newman, Rich | Managing Director | $1,375 | 184.9 | $254,237.50 |
| Gonzalez, Andrea | Managing Director | 1,250 | 163.9 | 204,875.00 |
| Negangard, Kevin | Managing Director | 1,195 | 55.6 | 66,442.00 |
| Hamdan, Hassan | Managing Director | 1,050 | 17.9 | 18,795.00 |
| Waschitz, Seth | Senior Director | 1,050 | 438.4 | 460,320.00 |
| Baker, Kevin | Senior Director | 1,000 | 89.4 | 89,400.00 |
| Ragan, Conrad | Director | 900 | 317.3 | 285,570.00 |
| Strollo, Mike | Director | 900 | 14.8 | 13,320.00 |
| Gosau, Tracy | Director | 835 | 4.6 | 3,841.00 |
| Quatinetz, Hilary | Director | 835 | 66.8 | 55,778.00 |
| Guo, Zhangbo | Manager | 725 | 24.1 | 17,472.50 |
| Sinclair, Gibbons | Senior Associate | 775 | 43.9 | 34,022.50 |
| Castillo Zuleta, Angela | Senior Associate | 750 | 34.2 | 25,650.00 |
| Pickering, Slade | Senior Associate | 640 | 40.5 | 25,920.00 |
| Champion, Leigh | Senior Associate | 640 | 26.0 | 16,640.00 |
| Patel, Jugal | Senior Associate | 640 | 39.6 | 25,344.00 |
| Nagle, Tyler | Senior Associate | 640 | 2.1 | 1,344.00 |
| Desai, Bijal | Associate | 650 | 364.5 | 236,925.00 |
| Gomerez, Ana | Associate | 585 | 33.7 | 19,714.50 |
| Luna, Manuel | Analyst | 575 | 373.0 | 214,475.00 |
| Crump, Skye | Analyst | 550 | 376.7 | 207,185.00 |
| Hayes, Elli | Analyst | 485 | 7.7 | 3,734.50 |
| Grussing, Bernice | Operations Manager | 375 | 4.9 | 1,837.50 |
| | | **Total** | **2,724.5** | **$2,282,843.00** |

## SECTION II
## SUMMARY OF SERVICES

| Project Category | Hours | Fees |
|---|---|---|
| Asset Sales | 108.7 | $101,477.50 |
| Case Administration | 13.2 | 14,762.50 |
| Cash Budget | 80.2 | 76,472.50 |
| Claims / Liabilities Subject to Compromise | 178.5 | 147,992.50 |
| Contracts | 53.6 | 49,545.00 |
| Court Attendance / Participation | 10.5 | 10,412.50 |
| Employee Matters | 29.3 | 32,832.50 |
| Fee Application | 51.2 | 33,247.50 |
| Financial & Operational Matters | 235.5 | 211,397.50 |
| Financing Matters (DIP, Exit, Other) | 27.7 | 25,697.50 |
| Firm Retention | 12.8 | 10,525.00 |
| General Correspondence with Debtor & Debtors' Professionals | 8.5 | 9,617.50 |
| General Correspondence with UCC & UCC Counsel | 58.9 | 70,399.50 |
| Insurance Matters | 2.7 | 3,312.50 |
| Miscellaneous Motions | 56.5 | 46,412.50 |
| Plan of Reorganization / Disclosure Statement | 7.5 | 9,132.50 |
| Potential Avoidance Actions / Litigation Matters | 1,693.2 | 1,353,141.00 |
| SOFAs & SOALs | 94.0 | 73,942.50 |
| Tax Matters | 2.0 | 2,522.50 |
| **Total** | **2,724.5** | **$2,282,843.00** |

## SECTION III
## SUMMARY OF DISBURSEMENTS

| Expense Type | Amount |
|---|---|
| Miscellaneous | $703.98 |
| Lodging | 0.00 |
| Meals | 0.00 |
| Airfare | 0.00 |
| Transportation | 0.00 |
| **Total** | **$0.00** |

**SECTION IV**
**CASE HISTORY**

(1)  Date cases filed:  June 9, 2025, June 10, 2025, and June 22, 2025

(2)  Chapter under which cases commenced:  Chapter 11

(3)  Date of Retention:  July 1, 2025

(4)  Summarize in brief the benefits to the estate and attach supplements as needed:

    (a)    A&M analyzed the Debtors' cash flow budgets, weekly budget-to-actual cash variance reports and prepared presentations for the Committee

    (b)    A&M analyzed the Statements of Financial Affairs ("SOFA") and Schedules of Assets and Liabilities ("SOAL") to evaluate the Debtors' financial position and prepared a SOFA/SOAL presentation for the Committee

    (c)    A&M reviewed documentation posted to the Debtors' virtual data room and maintained a due diligence request list to monitor documents requested and received

    (d)    A&M monitored the sale process and analyzed various bids received, including a review of the asset purchase agreement. A&M also attended the auction

    (e)    A&M analyzed the Debtors' proposed KEIP / KERP

    (f)    A&M began preparing a creditor recovery model to assess potential recoveries for unsecured creditors

    (g)    A&M prepared a document request list to support the Committee's review of Powin's prepetition business activities, including the identification of key investigation focus areas

    (h)    A&M analyzed the Debtors' historical financial records to assess, among other matters: significant historical transactions, key financial trends, prior audit and accounting issues, and transactions related to prepetition debt

    (i)    A&M conducted research pertaining to settlement agreements with customers regarding outstanding accounts receivable

    (j)    A&M analyzed the Debtors' initial WARN claims analysis and related documents

    (k)    A&M implemented a process to preserve and extract the Company's electronic books and records, including a review of relevant custodians and coordinated with the Debtors to conduct this process

    (l)    A&M conducted a comprehensive review of documents posted to the Relativity platform, including the review of: management correspondence/presentations, internal financial models, board materials, and other corporate records with a focus on identifying documents relevant to the Committee's investigation of corporate governance/accounting practices and the Debtors' decision-making processes leading up to the bankruptcy filing

    (m)    A&M prepared an initial investigation presentation for the Committee.

    (n)    A&M began an initial review of the filed / scheduled claims register to evaluate the population of claims by category

    (o)    A&M assisted with interviews of Powin executives

    (p)    A&M regularly participated in calls with the Committee, Committee counsel, and the Debtors' professionals

    (q)    To the extent not addressed by the foregoing descriptions, A&M performed other services on behalf of the Committee that were necessary and appropriate during these Chapter 11 cases

In support of this Statement, the following exhibits are annexed hereto:

    Exhibit A – Retention Order
    Exhibit B – A&M's itemized expense records
    Exhibit C – Certification of Richard Newman
    Exhibit D – Proposed Order

I certify under penalty of perjury that the foregoing is true and correct.

Dated: November 19, 2025                  */s/ Richard Newman*
                                                       Richard Newman

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br><br>**Caption in Compliance with D.N.J. LBR 9004-1(b)**<br>**BROWN RUDNICK LLP**<br>Robert J. Stark, Esq.<br>Kenneth J. Aulet, Esq.<br>Ben Silverberg, Esq.<br>Jeffrey L. Jonas<br>Seven Times Square<br>New York, NY 10036<br>Telephone: (212) 209-4924<br>Fax: (212) 938-2924<br>Email: rstark@brownrudnick.com<br>          kaulet@brownrudnick.com<br>          bsilverberg@brownrudnick.com<br>          jjonas@brownrudnick.com<br>*Counsel for the Official Committee of Unsecured Creditors*<br>-and-<br>**GENOVA BURNS LLC**<br>Daniel M. Stolz, Esq.<br>110 Allen Road, Suite 304<br>Basking Ridge, NJ 07920<br>Telephone: (973) 533-0777<br>Fax: (973) 814-4045<br>Email: dstolz@genovaburns.com<br>*Local Counsel for the Official Committee of Unsecured Creditors* | |
| In re:<br><br>POWIN, LLC, *et al.*,[1]<br><br>                    Debtors. | Chapter 11<br><br>Case No: 25-16137 (MBK)<br><br>(Jointly Administered)<br><br>**Objection Deadline: December 3, 2025** |

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin Project LLC [1583]; (ii) Powin, LLC [0504]; (iii) PEOS Holdings, LLC [5476]; (iv) Powin China Holdings 1, LLC [1422]; (v) Powin China Holdings 2, LLC [9713]; (vi) Charger Holdings, LLC [5241]; (vii) Powin Energy Ontario Storage, LLC [8348]; (viii) Powin Energy Operating Holdings, LLC [2495]; and (ix) Powin Energy Operating, LLC [6487]. The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR 97062.

**FIRST INTERIM APPLICATION OF ALVAREZ & MARSAL NORTH AMERICA, LLC, FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM JULY 1, 2025 THROUGH SEPTEMBER 30, 2025**

Alvarez and Marsal North America, LLC ("A&M"), financial advisor to the Official Committee of Unsecured Creditors (the "Committee") appointed in the above-captioned jointly administered chapter 11 cases (the "Chapter 11 Cases") of Powin, LLC, *et al.* (the "Debtors"), hereby submits this first interim application for allowance of compensation and reimbursement of expenses (the "Application") pursuant to sections 330 and 331 of Title 11 of the United States Code, Rule 2016 of the Federal Rules of Bankruptcy Procedure, Local Bankruptcy Rule 2016-1, and the *Administrative Fee Order Establishing Procedures for Allowance and Payment of Interim Compensation and Reimbursement of Expenses of Professionals Retained by Order of This Court* dated July 25, 2025 [Docket 519] (the "Administrative Fee Order"). Pursuant to 11 U.S.C. § 330 *et seq.*, A&M hereby seeks through this Application interim allowance of compensation in the amount of $2,282,843.00 in professionals' fees and $703.98 in expenses for a total award of compensation in the amount of $2,283,546.98 (the "Application Amount") incurred as to the Committee from July 1, 2025 through September 30, 2025 (the "Application Period"). In support hereof, A&M represents as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334, and the Standing Order, dated July 23, 1984, referring all cases under the Bankruptcy Code to the bankruptcy judges for this District, as amended on September 18, 2012. Standing Order of Reference 12 1 (Simandle, C.J.).

2. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution.

4. The statutes and associated rules that form the bases for the relief requested herein are sections 328(a), 330, 331, and 1103 of the Bankruptcy Code, Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Bankruptcy Rule 2016 1.

## BACKGROUND

5. On June 9, 2025 ("the Petition Date")[2], the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

6. The Debtors are currently operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

7. These Chapter 11 Cases are being jointly administered pursuant to the *Order Granting Motion of the Debtors for Entry of an Order (I) Directing Joint Administration of Chapter 11 Cases; and II) Granting Related Relief* [Docket 58], entered on June 13, 2025.

8. On June 27, 2025, Andrew R. Vara, United States Trustee for Regions 3 & 9 (the "U.S. Trustee"), pursuant to section 1102(a) of the Bankruptcy Code, appointed the Committee in these Chapter 11 Cases, effective June 26, 2025 [Docket 174].

9. On July 1, 2025, the Committee selected A&M to serve as financial advisor to represent them in these Chapter 11 Cases.

10. On July 30, 2025, the Committee filed its application to retain A&M as financial advisor (the "Retention Application") [Docket 577].

---

[2] Lead Debtor No. 25-16137 (MBK) for Debtor Powin Project LLC was filed on June 9, 2025, and the remaining Debtors were filed shortly thereafter on June 10, 2025 and June 22, 2025.

11. On August 18, 2025, this Court entered an order granting the Retention Application, authorizing and approving the employment of A&M financial advisor to the Committee effective July 1, 2025 (the "Retention Order") [Docket 750].

12. On, July 25, 2025, the Court entered the Administrative Fee Order. The Administrative Fee Order requires professionals to, among other things, file monthly statements no later than the 25th day of the month following the month for which compensation is sought. The Administrative Fee Order further provides that a "Professional who has received monthly payments under the Order must, at four-month intervals or such other intervals directed by the Court, file and serve on the parties listed in subdivision (a)(1) an interim application under § 331 of the Bankruptcy Code for allowance of the compensation and reimbursement of the expenses sought in the monthly statements issued during the applicable period." It also provides that an "interim fee application must include a summary of the monthly fee statements that are the subject of the request and any other information requested by the Court."

13. Pursuant to the Administrative Fee Order, A&M has submitted three monthly fee statements [Dockets 780, 863, and 912] (the "Fee Statements"). A&M's detailed time sheets have been previously filed with each of the respective Fee Statements; the time sheets state the services rendered by A&M professionals and illustrate the actual time expended in the performances of such services totaling 2,724.5 hours, resulting in fees in the amount of $2,282,843.00. The following table summarizes A&M's prior Fee Statements covering the Application Period:

| Date [Docket] | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses | Fees/Expenses Paid | Holdback/Unpaid Amount |
|---|---|---|---|---|---|---|
| 08/22/25 [780] | $669,902.50 | $13.11 | $535,922.00 | $13.11 | $535,935.11 | $133,980.50 |
| 09/18/25 [863] | $847,050.50 | $45.89 | $677,640.40 | $45.89 | $677,686.29 | $169,410.10 |
| 10/06/25 [912] | $765,890.00 | $644.98 | $612,712.00 | $644.98 | $613,356.98 | $153,178.00 |
| **First Interim Total** | **$2,282,843.00** | **$703.98** | **$1,826,274.40** | **$703.98** | **$1,826,978.38** | **$456,568.60** |

14.     As of the filing of this Application, A&M has received $1,826,274.40 in fees and $703.98 in expenses pursuant to the Administrative Fee Order from the Fee Statement for this Application Period.

## SUMMARY OF SERVICES RENDERED

15.     A&M provided significant services to the Committee in connection with this Chapter 11 case and on behalf of the Committee in accordance with the A&M's professional responsibilities. The services rendered were necessary to the administration of this Chapter 11 case and the representation of the interests of the creditors which comprise the Committee. Such services include, but were not limited to:

*Potential Avoidance Actions / Litigation Matters (1,693.2)*

16.     During the Application Period, A&M obtained and preserved the Debtors' books and records and, utilizing those materials, conducted an investigation into the Debtors' prepetition conduct, including, without limitation, a review of financial records and internal communications. As part of the investigation, A&M conducted a comprehensive review of documents posted to Relativity to assess the Debtors' corporate governance / accounting

practices and events leading up the Company's bankruptcy filing. In coordination with Committee Counsel, A&M also participated in interviews with members of the Debtors' management team. Following this work, A&M, together with Committee Counsel, prepared and presented to the Committee a summary of its investigative findings regarding the Debtors' prepetition activities and potential causes of action.

*Financial & Operational Matters (235.5)*

17. During the Application Period, A&M analyzed financial and operational due diligence for the Debtors. A&M's work included reviewing and analyzing extensive data room materials, such as financial statements, inventory reports, AR/AP registers, and trial balances. A&M prepared and updated its diligence request list based on the diligence received from the Debtors. A&M also prepared a benchmarking study comparing investment banker fees, and other compensation metrics.

*Claims / Liabilities Subject to Compromise (178.5)*

18. During the Application Period, A&M prepared a comprehensive waterfall analysis to evaluate potential creditor recoveries. A&M reviewed and summarized key settlement agreements and analyzed customer contracts for liquidated damage claims. A&M also supported ongoing diligence regarding the Idaho Power and Akaysha claim settlements. A&M also analyzed the KKR loan structure. Additionally, A&M reconciled proofs of claim, reviewed priority and administrative claims, and prepared a claims analysis.

*Asset Sales (108.7)*

19. During the Application Period, A&M conducted a comprehensive review of the Debtors' sale process. This included evaluating bidding procedures, reviewing multiple iterations of the Asset Purchase Agreement ("APA"), and collaborating closely with the

Debtors' investment banker. A&M assessed stalking horse bids, oversaw due diligence activities, compiled and summarized indications of interest, and developed detailed updates and presentations for the Committee. The A&M team participated in the auction and assisted in resolving issues related to inventory and excluded assets. Additionally, A&M supported the closing phase by reviewing revised sale orders and updated APA terms.

*SOFAs & SOALs (94.0)*

20. During the Application Period, A&M conducted a detailed analysis and reconciliation of the Debtors' SOFA/SOAL filings, focusing on unsecured claims, insider payments, and intercompany transactions. A&M also prepared a presentation and presented it to the Committee.

*Cash Budget (80.2)*

21. A&M evaluated the Debtors' cash flow budget and subsequent revisions, analyzed weekly budget to actual variance reports, and prepared update presentations for the Committee.

22. In support of this Application, A&M has provided the following exhibits attached hereto: (i) Exhibit "A" is a copy of the Final Retention Order of Alvarez & Marsal North America, LLC (ii) Exhibit "B" is A&M's itemized expense record (iii) Exhibit "C" is a Certification of Richard Newman in support of this Application and (iv) Exhibit "D" is a proposed order approving the First Interim Application.

23. The time records have been maintained by A&M contemporaneously with the services rendered. The services provided have been itemized at 0.1 hour intervals.

**BASIS FOR RELIEF REQUESTED**

24. Section 331 of the Bankruptcy Code provides that a professional retained under section 327 of the Bankruptcy Code may apply to the Court for an interim award of compensation or reimbursement of expenses not more than once every 120 days, unless the court permits more frequent applications. 11 U.S.C. § 331. This is A&M's first application for an interim award of compensation and expenses.

25. The standards for a final award of compensation and expenses under § 330 also govern an interim application. 11 U.S.C. § 331. Section 330(a)(1) permits an award of either:

   a. "[R]easonable compensation for actual, necessary services rendered"; and
   b. "[R]eimbursement for actual, necessary expenses."

26. Section 330 further provides guidance as to the relevant considerations for analyzing whether the requested compensation is reasonable:

> (3) In determining what constitutes reasonable compensation...the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
> (A) The time spent on such services;
> (B) The rates charges for such services;
> (C) Whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3)(A)–(F)

**RELIEF REQUESTED**

27. A&M seeks an interim award for services rendered and expenses incurred from July 1, 2025, through and including September 30, 2025.

28. Specifically, A&M seeks an interim award of fees in the amount of $2,282,843.00 in professionals' fees and $703.98 in expenses for a total award of compensation in the amount of $2,283,546.98 incurred for professional services rendered during the Application Period. A&M hereby seeks full interim allowance of its fees and expenses incurred during the Application Period and authorization for the Debtors to pay the balance same, less amounts already paid pursuant to the Administrative Fee Order.

29. As set forth within this Application, A&M has maintained records indicating the name of each professional, the time spent working on a matter, and the nature of the work performed. The records were made contemporaneously with the rendition of services.

30. A&M respectfully submits that the hourly rates for each professional involved in this matter, as well as the awards requested herein, are reasonable under the circumstances. Time spent was kept to the minimum reasonably necessary to render effective service. There has been minimal, if any, duplication of services.

31. Various personnel of A&M worked on the matters in this bankruptcy case depending on the expertise required. Richard Newman has served as lead professional in this case, working closely with other personnel of A&M.

32. The Certification of Richard Newman is annexed hereto as **Exhibit D**, which is submitted in accordance with the provisions of Section 504 of the Bankruptcy Code.

33. A&M submits that the fees and expenses requested herein are reasonable and necessary given the issues encountered in this case.

**WHEREFORE**, A&M respectfully requests that the Court:

1. Award interim compensation in the amount of $2,282,843.00 in professionals' fees and $703.98 in expenses for a total award of compensation in the amount of $2,283,546.98;

2. Authorize and direct the Debtors to pay such compensation, less any amount already paid pursuant to the Administrative Fee Order, per 11 U.S.C. §§ 330 and 331;

3. Afford A&M such other and further relief as the Court deems just and proper.

Dated: November 19, 2025

**ALVAREZ & MARSAL NORTH AMERICA, LLC**

By: */s/ Richard Newman*
Richard Newman
540 W. Madison, Suite 1800
Chicago, IL 60661
Telephone: 469.231.6780
rnewman@alvarezandmarsal.com

*Financial Advisor to the Official Committee of Unsecured Creditors*