**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>POWIN LLC, *et al.*[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-16137 (MBK)<br><br>(Jointly Administered)<br><br>Hearing Date: December 17, 2025<br>Hearing Time: 2:00 p.m.<br>Hearing Location: MBK<br>Objection Deadline: |

**SUMMARY COVER SHEET TO THE**
**FIRST INTERIM FEE APPLICATION OF**
**BROWN RUDNICK LLP AS CO-COUNSEL TO**
**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**
**OF POWIN LLC, ET AL., FOR COMPENSATION FOR SERVICES**
**RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED DURING THE**
**PERIOD FROM JUNE 27, 2025 THROUGH AND INCLUDING SEPTEMBER 30, 2025**

| | | |
|---|---|---|
| Name of Applicant: | Brown Rudnick LLP ("Brown Rudnick") | |
| Applicant's Role in Case: | Co-Counsel to the Official Committee of Unsecured Creditors (the "Committee") | |
| Date Order of Employment Signed: | August 14, 2025, effective *Nunc Pro Tunc* as of June 27, 2025 [Docket No. 736] | |
| Interim Application    (X)<br>Final Application      ( ) | First Interim Fee Application | |
| Time period covered by this Application: | 6/27/2025 – 9/30/2025 (the "Application Period") | |
| Time period(s) covered by prior Applications: | N/A | N/A |

---

[1]  The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin Project LLC [1583], (ii) Powin, LLC [0504], (iii) PEOS Holdings, LLC [5476], (iv) Powin China Holdings 1, LLC [1422], (v) Powin China Holdings 2, LLC [9713], (vi) Charger Holdings, LLC [5241], (vii) Powin Energy Ontario Storage, LLC [8348], (viii) Powin Energy Operating Holdings, LLC [2495], and (ix) Powin Energy Operating, LLC [6487]; (x) Powin Energy Storage 2, Inc., [9926]; (xi) Powin Energy Ontario Storage II LP, [5787]; and (xii) Powin Canada B.C. Ltd. [2239]. The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR 97062.

| Compensation Breakdown for the Application Period Covered by the Interim Fee Application | |
|---|---|
| Total fees requested in this Application: | $2,265,111.70[2] |
| Total fees requested in this Application paid to date: | $1,812,089.36[3] |
| Total fees requested in this Application not yet paid: | $453,022.34[4] |
| Total expenses sought in this Application: | $14,219.45[5] |
| Total expenses sought in this Application paid to date: | $14,219.45[6] |
| Total expenses sought in this Application not yet paid: | $0.00 |
| **Total fees and expenses requested in this Application:** | **$2,279,331.15** |
| Total fees and expenses requested in this Application paid to date: | $1,826,308.81 |
| **Total fees and expenses requested in the Application not yet paid:** | **$453,022.34** |
| Total professional hours covered by this Application: | 2,171.60 |
| Blended hourly rate in this Application: | $1,043.06 |

---

[2] During the Application Period, Brown Rudnick reduced its requested fees by $17,606.00. The deduction pertains to, among other things, voluntary reductions for transient timekeepers and certain other fee application preparation time that is non-compensable under the guidelines promulgated by the Office of the United States Trustee.

[3] Includes 80% of fees requested in Brown Rudnick's First, Second, and Third Monthly Fee Applications for the period June 27, 2025 through September 30, 2025.

[4] Includes 20% of fees requested in Brown Rudnick's First, Second, and Third Monthly Fee Applications for the period June 27, 2025 through September 30, 2025.

[5] During the Application Period, Brown Rudnick reduced its requested disbursements by $2,374.58.

[6] Includes 100% of expenses sought in Brown Rudnick's First, Second, and Third Monthly Fee Applications for the period June 27, 2025 through September 30, 2025.

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| In re:<br><br>POWIN LLC, *et al.*[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-16137 (MBK)<br><br>(Jointly Administered)<br><br>Hearing Date: December 17, 2025<br>Hearing Time:  2:00 p.m.<br>Hearing Location: MBK<br>Objection Deadline: |

**FIRST INTERIM FEE APPLICATION**
**OF BROWN RUDNICK LLP AS CO-COUNSEL TO**
**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**
**OF POWIN LLC, ET AL., FOR COMPENSATION FOR SERVICES**
**RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED DURING THE**
<u>**PERIOD FROM JUNE 27, 2025 THROUGH AND INCLUDING SEPTEMBER 30, 2025**</u>

TO:    THE HONORABLE MICHAEL B. KAPLAN
       UNITED STATES BANKRUPTCY JUDGE

Brown Rudnick LLP ("<u>Brown Rudnick</u>"), as Co-Counsel to the Official Committee of

Unsecured Creditors (the "<u>Committee</u>") appointed in the above-captioned matter, hereby files this

first interim fee application (the "<u>Application</u>") for allowance of compensation for professionals

services rendered in the amount of $2,265,111.70 and expenses incurred in the amount of

$14,219.45 for the period of June 27, 2025 through September 30, 2025 (the "<u>Application Period</u>")

pursuant to sections 330(a) and 331 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"),

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin Project LLC [1583], (ii) Powin, LLC [0504], (iii) PEOS Holdings, LLC [5476], (iv) Powin China Holdings 1, LLC [1422], (v) Powin China Holdings 2, LLC [9713], (vi) Charger Holdings, LLC [5241], (vii) Powin Energy Ontario Storage, LLC [8348], (viii) Powin Energy Operating Holdings, LLC [2495], and (ix) Powin Energy Operating, LLC [6487]; (x) Powin Energy Storage 2, Inc., [9926]; (xi) Powin Energy Ontario Storage II LP, [5787]; and (xii) Powin Canada B.C. Ltd. [2239]. The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR 97062.

Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rules 2016-1 and 2016-3 of the Local Rules of Bankruptcy Procedure for the District of New Jersey (the "Local Rules"), the *Administrative Fee Order Establishing Procedures for Allowance and Payment of Interim Compensation and Reimbursement of Expenses of Professionals Retained by Order of this Court* (the "Interim Compensation Order") [Docket No. 519], and the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases,* effective as of November 1, 2013 (the "U.S. Trustee Guidelines").  In support of this Application, Brown Rudnick submits the Declaration of Bennett S. Silverberg (the "Silverberg Declaration") attached hereto as **Exhibit A** and a proposed order granting the Application attached hereto as **Exhibit B**.  In further support of this Application, Brown Rudnick respectfully states as follows:

## JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the District of New Jersey (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief sought herein are sections 330 and 331 of the Bankruptcy Code, Rule 2016 of the Federal Rules, Local Rules 2016-1 and 2016-3, the Interim Compensation Order, and the U.S. Trustee Guidelines.

## BACKGROUND

3.      On June 9, 2025 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under the Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey (the "Court").

4.      The Debtors continue to operate and manage their business as debtors-in-possession pursuant to Bankruptcy Code Sections 1107(a) and 1108.  No trustee or examiner has been requested or appointed in these cases.

5.      On June 27, 2025, the Office of the United States Trustee (the "U.S. Trustee") appointed nine eligible unsecured creditors to the Committee.  *See Notice of Appointment of Official Committee of Unsecured Creditors* [Docket No. 174].

6.      On June 27, 2025, the Committee selected Brown Rudnick to serve as its co-counsel in these cases.

7.      On July 25, 2025, the Committee filed the *Application for Order Authorizing the Employment and Retention of Brown Rudnick LLP as Co-Counsel for the Official Committee of Unsecured Creditors of Powin LLC, et al., Nunc Pro Tunc to June 27, 2025* (the "Retention Application") [Docket No. 528].[2]  On August 14, 2025, the Court entered an order approving the Retention Application (the "Retention Order") [Docket No. 736].

8.      This Application is Brown Rudnick's first interim fee for allowance of compensation for services rendered and for reimbursement of expenses.  Brown Rudnick has previously sought interim compensation through the service of three (3) monthly fee applications covering the period from June 27, 2025 through September 30, 2025 (collectively, the "Monthly Fee Applications").  The Monthly Fee Applications were served upon the Debtors, their counsel, and other notice parties.

---

[2]     On August 14, 2025, Brown Rudnick submitted a supplemental declaration in support of its Retention Application [Docket No. 735] in response to certain questions raised by the United States Trustee.

## SUMMARY OF PROFESSIONAL COMPENSATION
## AND REIMBURSEMENT OF EXPENSES REQUESTED

9.      Pursuant to this Application, Brown Rudnick seeks interim allowance of $2,265,111.70 in fees calculated at the hourly billing rates of Brown Rudnick's personnel who worked on this case, and $14,219.45 in expenses actually and necessarily incurred by Brown Rudnick while providing services to the Committee during the Application Period.  During the Application Period, Brown Rudnick attorneys and paraprofessionals expended a total of 2,171.6 hours for which compensation is requested.

10.     The fees charged by Brown Rudnick in this case are billed in accordance with Brown Rudnick's existing billing rates and procedures in effect during the Application Period. The rates Brown Rudnick charges for the services rendered by its professionals and paraprofessionals in these chapter 11 cases generally are the same rates Brown Rudnick charges for professional and paraprofessional services rendered in comparable bankruptcy and non-bankruptcy-related matters.  Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable bankruptcy and similar complex non-bankruptcy cases.

11.     Attached hereto as **Exhibit C** is a schedule of the total amount of fees incurred under each of Brown Rudnick's internal task codes during the Application Period.

12.     Attached hereto as **Exhibit D** is a summary breakdown of hours and amounts billed by timekeeper.  The summary lists those Brown Rudnick professionals, paraprofessionals, and other non-legal staff who have performed services for the Committee during the Application Period, the capacities in which each individual is employed by Brown Rudnick, the department in which each individual practices, the hourly billing rate charged by Brown Rudnick for services performed by such individual, the year in which each attorney was first licensed to practice law,

4

where applicable, and the aggregate number of hours expended in this matter and fees billed therefor.

13.      Attached hereto as **Exhibit E** is a summary for the Application Period, setting forth the total amount of reimbursement sought with respect to each category of expenses for which Brown Rudnick is seeking reimbursement.

14.      Brown Rudnick maintains computerized records of the time spent by all Brown Rudnick attorneys and paraprofessionals in connection with these chapter 11 cases. Copies of these computerized records were served with the Monthly Fee Statements.

15.      Brown Rudnick reserves the right to request additional compensation for the Application Period to the extent that it is later determined that time or disbursement charges for services rendered or disbursements incurred during such time period have not yet been submitted.

## SUMMARY OF SERVICES RENDERED

16.      The services rendered by Brown Rudnick during these cases can be grouped into the categories set forth below. Brown Rudnick attempted to place the services provided in the category that best related to such services. However, because certain services may relate to one or more categories, services pertaining to one category may in fact be included in another category. The following provides narrative description of project categories to which attorneys and paraprofessionals of Brown Rudnick dedicated the most significant time (*i.e.*, time charges in excess of $50,000 in the aggregate) during the Application Period.

**A.      Committee Investigation (Non-Lenders): Fees: $1,525,682.50; Total Hours: 1,548.10.**

Unsecured creditor recoveries in this case are likely to come primarily from litigation proceeds related to claims and causes of action against certain non-debtor third-parties. Brown Rudnick spent considerable time analyzing these possible claims and causes of action, including conducting legal research and reviewing significant volumes of documents produced in connection

therewith.  Brown Rudnick also spent considerable time providing analysis of its findings to the Committee so that the Committee may make informed decisions as to certain critical issues in the case.

**B.**     **Meetings and Communications with UCC: Fees: $179,440.00; Total Hours: 111.30.**

These fees include time related to preparing for and conducting meetings and communications with the members of the Committee.  Due to the size and complexity of this case, it was necessary for Brown Rudnick to maintain regular communications with the Committee to keep them informed on case developments and strategic decisions and to respond to any questions or concerns from the Committee.  To this end, Brown Rudnick and other Committee professionals conducted standing weekly meetings with the Committee, and also engaged in additional meetings and communications as needed.  Brown Rudnick also prepared supplemental materials for these weekly meetings, including presentations and weekly updates, for the Committee to utilize and refer to in staying apprised of case developments and workstreams.

**C.**     **Asset Sales and Disposition: Fees: $115,127.00; Total Hours: 81.40.**

These fees include all services rendered by Brown Rudnick relating to Powin's asset sale and auction process.  Brown Rudnick carefully reviewed the proposed bidding procedures motion and asset purchase agreement and identified and worked to resolve issues, including those related to bidding procedures. Brown Rudnick was also involved in the auction process, and following such process, worked to resolve documentation issues.

**D.**     **Plan and Disclosure Statement: Fees: $106,025.50; Total Hours: 77.20.**

These fees include all services rendered by Brown Rudnick relating to the planning, preparation, drafting, reviewing, and revising of the *Joint Combined Disclosure Statement and Chapter 11 Plan of Liquidation of Powin, LLC and Affiliates Thereof and the Official Committee of Unsecured Creditors* [Docket No. 942] (the "Plan").  Brown Rudnick worked extensively with

6

the Debtors on the terms of a Plan that had the support of the Committee.  This work also involved numerous meetings with other Committee professionals as well as the Debtors and their advisors to address and resolve plan-related issues and strategize timelines and revisions.

**E.**      **DIP Financing/Cash Collateral: Fees: $68,859.50; Total Hours: 46.90.**

These fees pertain to services rendered by Brown Rudnick concerning the *Final Order (I) Authorizing the Debtors to Obtain Postpetition Operational Cash Flow Financing; (II) Granting Liens and Providing Superpriority Administrative Expense Claims; (III) Modifying the Automatic Stay; and (IV) Granting Related Relief* [Docket No. 520] (the "DIP Order").  Brown Rudnick analzyed the terms of the proposed DIP facility, and worked with the Debtors on appropriate revisions.

**F.**      **Business Operations: Fees: $65,180.50; Total Hours: 65.90.**

These fees pertain primarily to Brown Rudnick's work analyzing "second day" relief immediately following its retention by the Committee.  Brown Rudnick's work included drafting a memorandum summarizing the relief requested and proposed modifications thereto for the benefit of the Committee, as well as working with the Debtors on such modifications.

**G.**      **Case Administration: Fees: $61,796.50; Total Hours: 99.70.**

These fees include all services rendered by Brown Rudnick relating to general administration of the case and may also include specific matters that are not readily classifiable into other more specific matters.  This category includes time expended by Brown Rudnick monitoring the case docket and circulating pertinent filings, coordinating internally to optimize workstreams, preparing materials ahead of upcoming hearings, drafting *pro hac* applications and coordinating with local counsel to ensure compliance with local procedures and practices, and calendaring of pertinent dates and deadlines established during the course of these cases.

H.    **Employee Matters: Fees: $61,162.50; Total Hours: 46.20**.

These fees pertain to the work performed by Brown Rudnick in relation to the Worker Adjustment and Retraining Notification (WARN) Act adversary claims, including analysis thereof and potential defenses thereto.  Brown Rudnick's work included considerable coordination and negotiation with the lead WARN class action plaintiff as well as the Debtors, and ultimately materialized in a resolution of these claims through the Plan embodied in the Plan Supplement [Docket No. 1055].

**SUMMARY OF ACTUAL AND NECESSARY EXPENSES**

17.    Brown Rudnick incurred $14,219.45 as actual and necessary expenses in providing professional services during the Application Period.   None of these expenses exceeds the maximum rate set by the UST Guidelines.  These charges are intended to cover Brown Rudnick's direct costs, which costs are not incorporated into the Brown Rudnick hourly fees.  Only clients who use services of the types for which reimbursement is sought are separately charged for such service.

18.    Brown Rudnick asserts that the foregoing services were necessary to the administration of the cases and were beneficial to the Committee at the time which the services were rendered.  All services were performed within a reasonable amount of time commensurate with the complexity, importance and nature of the problem, issue or task addressed.  A summary of Brown Rudnick's expenses incurred during the Application Period is provided in **Exhibit E**.

**SUPPORTING DOCUMENTATION**

19.    As noted above, Brown Rudnick was retained to serve in the capacity of co-counsel to the Committee by Order of this Court dated August 14, 2025, which retention was effective *nunc pro tunc* as of June 27, 2025.

8

20.    This Application represents Brown Rudnick's first interim fee application as co-counsel to the Committee and covers the period from June 27, 2025, through and including September 30, 2025.

21.    The computerized time sheets included with the Monthly Fee Applications attached hereto as **Exhibit F**, **Exhibit G**, and **Exhibit H** detail the services rendered by the members and associates of Brown Rudnick, the hourly rate charged by each timekeeper, and the actual time expended in the performance of such services.  The aforementioned time sheets reflect that Brown Rudnick has expended 2,171.60 hours in performing services for the Committee, resulting in charges of $2,265,111.70.  The blended hourly rate charged herein is $1,043.06, which Brown Rudnick believes is fair and reasonable in light of the nature of the services rendered and the expertise of the professionals rendering such services.

22.    The Monthly Fee Applications also include a detailed breakdown of all out-of-pocket disbursements incurred by Brown Rudnick in the performance of its duties as co-counsel to the Committee, which total $14,219.45.  In the normal course of Brown Rudnick's practice, expenses are only charged after the expenses are actually incurred by Brown Rudnick.

23.     The following Monthly Fee Applications which comprise this Application are set forth below:

| Date Filed | Filing Period | Total Fees (at 100%) | 20% Holdback | Fees Requested (at 80%) | Expenses Requested (at 100%) |
|---|---|---|---|---|---|
| (First) 08/20/2025 [Dkt No. 757] | June 27, 2025 – July 31, 2025 | $565,520.50 | $113,104.10 | $452,416.40 | $785.04 |
| (Second) 09/17/2025 [Dkt No. 860] | August 1, 2025 – August 31, 2025 | $674,345.20 | $134,869.04 | $539,476.16 | $295.70 |
| (Third) 10/16/2025 [Dkt No. 944] | September 1, 2025 – September 30, 2025 | $1,025,246.00 | $205,049.20 | $820,196.80 | $13,138.71 |
| **TOTAL** | | **$2,265,111.70** | **$453,022.34** | **$1,812,089.36** | **$14,219.45** |

## BASIS FOR THE RELIEF REQUESTED

24.     Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 of the Bankruptcy Code to govern the Court's award of such compensation.  Section 330 of the Bankruptcy Code provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered and reimbursement for actual, necessary expenses."  11 U.S.C. § 330(a)(1).  Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded to ... [a] professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including:
>
> A.     the time spent on such services;
>
> B.     the rates charged for such services;

10

C.      whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

D.      whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

E.      with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

F.      whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

25.      In accordance with these section 330 factors, Brown Rudnick submits that its request for compensation and reimbursement of expenses is for services that were, at the time rendered, believed to be necessary, reasonable, and proper, and that such request should be allowed in the requested amount.  The professional services rendered by Brown Rudnick on behalf of the Committee have required the expenditure of substantial time and effort, as well as a high degree of professional competence and expertise, to deal with the many issues encountered with skill and dispatch.

26.      No previous application for the relief sought herein has been made to this or any other Court.

**WHEREFORE**, Brown Rudnick respectfully requests that the Court: (i) approve the allowance of $2,265,111.70 for compensation for professional services rendered to the Committee by Brown Rudnick during the Application Period; (ii) approve the reimbursement of $14,219.45 for Brown Rudnick's out-of-pocket expenses incurred in connection with the rendering of such services during the Application Period; (iii) authorize and direct the immediate payment to Brown Rudnick the unpaid portion of such allowed fees and expenses totalling $453,022.34; and (iv) award such other relief as the Court deems just and proper.

[*remainder of page left intentionally blank*]

Dated: November 26, 2025

**BROWN RUDNICK**

*/s/  Bennett S. Silverberg*
Robert J. Stark, Esq.
Kenneth J. Aulet, Esq.
Bennett S. Silverberg, Esq.
Jeffrey L. Jonas, Esq.
rstark@brownrudnick.com
kaulet@brownrudnick.com
bsilverberg@brownrudnick.com
jjonas@brownrudnick.com
Seven Times Square
New York, NY 10036
Tel: (212) 209-4800
Fax: (212) 209-4801

Eric R. Goodman, Esq.
601 Thirteenth Street NW Suite 600
Washington, DC  20005
Tel: (202) 536-1740
egoodman@brownrudnick.com

*Counsel to the Official Committee of
Unsecured Creditors*