## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| In re:<br><br>Powin, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-16137 (MBK)<br><br>(Jointly Administered) |

**Order Filed on November 26, 2025
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

## ORDER GRANTING DEBTORS'
## MOTION FOR ENTRY OF AN ORDER
## (I) ESTIMATING THE CLAIMS OF NEW YORK
## MARINE & GENERAL INSURANCE COMPANY
## AND AVALON RISK MANAGEMENT INSURANCE
## AGENCY, LLC AT $0; (II) DIRECTING THE TURNOVER
## AND USE OF EXCESS CASH COLLATERAL TO BE DISTRIBUTED
## PURSUANT TO THE PLAN; (III) APPROVING A PROCEDURE FOR
## CONSENSUALLY RESOLVING SURETY CLAIMS AND (IV) RELATED RELIEF

The relief set forth on the following pages, numbered three [3] through five [5], is

**ORDERED**.

**DATED: November 26, 2025**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin Project LLC [1583]; (ii) Powin, LLC [0504]; (iii) PEOS Holdings, LLC [5476]; (iv) Powin China Holdings 1, LLC [1422]; (v) Powin China Holdings 2, LLC [9713]; (vi) Charger Holdings, LLC [15241]; (vii) Powin Energy Ontario Storage, LLC [8348]; (viii) Powin Energy Operating Holdings, LLC [2495]; (ix) Powin Energy Operating, LLC [6487]; (x) Powin Energy Storage 2, Inc. [9926]; (xi) Powin Energy Ontario Storage II LP [5787]; (xii) Powin Canada B.C. Ltd. [2239]; and (xiii) Powin EKS SellCo, LLC [9110]. The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR 97062.

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**TOGUT, SEGAL & SEGAL LLP**

Frank A. Oswald (admitted)
550 Broad Street
Suite 1508
Newark, NJ 07102
Telephone:  (212) 594-5000
Facsimile:  (212) 967-4258
Email:  frankoswald@teamtogut.com

Albert Togut (admitted *pro hac vice*)
Eitan Blander (admitted *pro hac vice*)
One Penn Plaza, Suite 3335
New York, New York 10119
Telephone:  (212) 594-5000
Facsimile:  (212) 967-4258
Email:  altogut@teamtogut.com
        eblander@teamtogut.com

*Co-counsel for Debtors and
Debtors in Possession*

(Page 3)

| | |
|---|---|
| Debtors: | Powin, LLC, et al |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Order Granting Debtors' Motion For Entry Of An Order (I) Estimating The Claims Of New York Marine & General Insurance Company And Avalon Risk Management Insurance Agency, LLC at $0; (II) Directing The Turnover And Use Of Excess Cash Collateral To Be Distributed Pursuant To The Plan; (III) Approving A Procedure For Consensually Resolving Surety Claims And (IV) Related Relief |

Upon consideration of the Motion[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), among other things:  (i) estimating any claims asserted or that may be asserted against the Debtors by New York Marine & General Insurance (the "NY Marine") and Avalon Risk Management ("Avalon," and referred to with NY Marine as the "Sureties") related to any customs duties, fees or other amounts that may be sought to be imposed by United States Customs and Border Protection at $0; (ii) requiring the turnover to the Debtors and use of an amount of no less than $8,000,000 from the $12,000,000 of cash collateral currently held by Avalon (the "Cash Collateral") and return of the balance of the Cash Collateral after liquidation of the Surety Entries; (iv) approving a procedure for consensually resolving surety claims; and (v) related relief, all as more fully set forth in the Motion; and upon the Declarations attached to the Motion and the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of New Jersey dated as of September 18, 2012; and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and no objections to the Motion having been filed; and this Court having considered the Motion at a hearing held on November 25, 2025 (the "Hearing") where counsel for the Debtors and Avalon advised that they had resolved certain issues and concerns raised by Avalon after the objection deadline upon the terms set forth in this Order; and this Court having found that the relief requested in the Motion is

(Page 4)

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

| | |
|---|---|
| Debtors: | Powin, LLC, et al |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Order Granting Debtors' Motion For Entry Of An Order (I) Estimating The Claims Of New York Marine & General Insurance Company And Avalon Risk Management Insurance Agency, LLC at $0; (II) Directing The Turnover And Use Of Excess Cash Collateral To Be Distributed Pursuant To The Plan; (III) Approving A Procedure For Consensually Resolving Surety Claims And (IV) Related Relief |

in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for hearing on the Motion were appropriate under the circumstances and that no other notice need be provided; and this Court having determined that the legal and factual bases set forth in the Motion, as supplemented and modified on the record at the Hearing establish just cause for the relief granted herein; and upon the prior proceedings before this Court; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

1.    The Motion is GRANTED to the extent provided herein.

2.    The Surety Claims are estimated at $0 for purposes of confirmation of the Plan.

3.    No later than five (5) business days after entry of this Order and upon the timely receipt of wiring instructions to counsel to Avalon, Avalon shall remit the Excess Cash Collateral of $8,000,000, to the Debtors.  Upon such remittance, Avalon shall be deemed to have released any and all claims, known or unknown, as to the returned Excess Cash Collateral.

4.    The Debtors may utilize the Excess Cash Collateral for purposes of the Plan, including distribution and funding the Plan.

5.    Notwithstanding the Sureties having failed to file a proof of claim by the Bar date established by the Court, the Debtors acknowledge that the Sureties assert a contingent, unliquidated claim and Avalon shall be authorized to file a proof of claim as if such claim were timely filed.

6.    The Collateral Agreement dated October 30, 2023 by Powin LLC as Principal and Debtor remains in full force and effect.  The Debtors and the Sureties will cooperate with one

(Page 5)

| | |
|---|---|
| Debtors: | Powin, LLC, et al |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Order Granting Debtors' Motion For Entry Of An Order (I) Estimating The Claims Of New York Marine & General Insurance Company And Avalon Risk Management Insurance Agency, LLC at $0; (II) Directing The Turnover And Use Of Excess Cash Collateral To Be Distributed Pursuant To The Plan; (III) Approving A Procedure For Consensually Resolving Surety Claims And (IV) Related Relief |

another to promptly identify all unliquidated Entries and to facilitate their liquidation.

7.     The Debtors (or the Liquidation Trustee, as the case may be) shall take all reasonable measures to have the bonds related to any Surety Entries discharged, including seeking a channeling injunction to enjoin Customs from pursuing any Customs Claim against Avalon and to only have redress against the applicable Customs Escrow.  Avalon will fully cooperate in all such efforts.

8.     None of the statements made by the Debtors in the Motion shall prejudice Avalon in any future dispute or proceeding, and the factual recitations set forth in the Motion are neither admitted nor denied by Avalon.

9.     Notwithstanding any provision in this Order, and after consultation with the Committee, the Debtors (or the Liquidation Trustee) and the Sureties are authorized to enter into such other and further agreements that may facilitate and expedite the liquidation of the remaining Entries.

10.     Notice of the Motion as provided therein is deemed good and sufficient notice of the Motion and the requirements of the Local Rules are satisfied by such notice.

11.     Notwithstanding any Bankruptcy Rule to the contrary, the terms and conditions of this Order are immediately effective and enforceable upon entry.

12.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order.

(Page 6)

| | |
|---|---|
| Debtors: | Powin, LLC, et al |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | Order Granting Debtors' Motion For Entry Of An Order (I) Estimating The Claims Of New York Marine & General Insurance Company And Avalon Risk Management Insurance Agency, LLC at $0; (II) Directing The Turnover And Use Of Excess Cash Collateral To Be Distributed Pursuant To The Plan; (III) Approving A Procedure For Consensually Resolving Surety Claims And (IV) Related Relief |

13.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order and the Motion.