# EXHIBIT B

# Retention Order

Case 25-16137-MBK    Doc 358-2    Filed 08/19/25    Page 2 of 7
Exhibit B - Dentons Retention Order

**Order Filed on August 19, 2025
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

| | |
|---|---|
| In re:<br>Powin, LLC, et al.,[1]<br>           Debtors. | Chapter 11<br><br>Case No. 25-16137 (MBK)<br><br>(Jointly Administered) |

### ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF DENTONS US LLP AS COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION, EFFECTIVE AS OF THE PETITION DATE

The relief set forth on the following pages, numbered three (3) through six (6), is **ORDERED.**

**DATED: August 19, 2025**

_Honorable Michael B. Kaplan_
United States Bankruptcy Judge

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin Project LLC [1583]; (ii) Powin, LLC [0504], (iii) PEOS Holdings, LLC [5476], (iv) Powin China Holdings 1, LLC [1422], (v) Powin China Holdings 2, LLC [9713], (vi) Charger Holdings, LLC [5241], (vii) Powin Energy Ontario Storage, LLC [8348], (viii) Powin Energy Operating Holdings, LLC [22495], and (ix) Powin Energy Operating, LLC [6487]. The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR 97062.



2516137250819000000000001

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

| | |
|---|---|
| **DENTONS US LLP** | **TOGUT, SEGAL & SEGAL LLP** |
| Tania M. Moyron (admitted *pro hac vice*) | Frank A. Oswald (admitted) |
| Van C. Durrer, II (admitted *pro hac vice*) | 550 Broad Street |
| 601 S. Figueroa Street #2500 | Suite 1508 |
| Los Angeles, CA 90017 | Newark, NJ 07102 |
| Telephone:  (213) 623-9300 | Telephone:  (212) 594-5000 |
| Facsimile:  (213) 623-9924 | Facsimile:  (212) 967-4258 |
| Email:  tania.moyron@dentons.com | Email:  frankoswald@teamtogut.com |
|   van.durrer@dentons.com | |
| | Albert Togut (admitted *pro hac vice*) |
| John D. Beck (admitted *pro hac vice*) | Amanda C. Glaubach (admitted *pro hac vice*) |
| Sarah M. Schrag (admitted *pro hac vice*) | Eitan Blander (admitted *pro hac vice*) |
| 1221 Avenue of the Americas | One Penn Plaza, Suite 3335 |
| New York, NY 10020-1089 | New York, New York 10119 |
| Telephone:  (212) 768-6700 | Telephone:  (212) 594-5000 |
| Facsimile:  (212) 768-6800 | Facsimile:  (212) 967-4258 |
| Email:  john.beck@dentons.com | Email:  altogut@teamtogut.com |
|   sarah.schrag@dentons.com |   aglaubach@teamtogut.com |
| |   eblander@teamtogut.com |
| *Proposed Counsel for Debtors and Debtors in Possession* | *Proposed Counsel for Debtors and Debtors in Possession* |

Upon the application ("Application")[2] of Powin, LLC and its debtor affiliates, as debtors and debtors in possession in the above-captioned Chapter 11 Cases (the "Debtors"), for entry of an order authorizing the Debtors to retain and employ requesting entry of an order authorizing the retention and employment of Dentons US LLP ("Dentons US")[3] as counsel for the Debtors, effective as of the Petition Date, as more fully set forth in the Application; and upon consideration of the Declarations; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and *Standing Order of Reference to the Bankruptcy Court Under Title 11*, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and the Court being able to issue a final order consistent with Article III of the United States Constitution; and the Debtors asserting that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and appropriate notice of and opportunity for hearing on the Application having been given; and the Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor; it is **HEREBY ORDERED THAT**:

1. The Application is **GRANTED** as set forth herein.

2. Pursuant to sections 327(a), 329, and 330 of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Rules 2014-1 and 2016-1, the Debtors are authorized to retain and employ Dentons US as their counsel effective as of the Petition Date, in accordance with the

---

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to them in the Application.

[3] Dentons US is a member of the US Region of Dentons Group (a Swiss Verein) ("Dentons"). Dentons US and other members of Dentons, including within the United States ("Member Firms"), are collectively referred to herein as "Dentons Member Firms."

3

terms and conditions set forth in the Application and in the Engagement Letter attached to the Application as **Exhibit D**, to the extent set forth herein.

3.  Dentons US is authorized to provide the Debtors with the professional services as described in the Application and the Engagement Letter, to the extent set forth herein.

4.  Dentons US shall apply for compensation earned for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in compliance with §§ 330 and 331 of the Bankruptcy Code and the applicable provisions of the Bankruptcy Rules, the Local Rules as then may be applicable, and any other applicable procedures and orders of the Court. Dentons US shall also make a reasonable effort to comply with the requests for information and additional disclosures as set forth in the U.S. Trustee Guidelines, both in connection with the Application and all applications for compensation and reimbursement of expenses filed by Dentons US in these Chapter 11 Cases.

5.  Prior to applying any increases in Dentons US's rates, Dentons US shall file a supplemental affidavit with the Court and provide ten (10) business days' notice to the Debtors, the United States Trustee for the District of New Jersey ("U.S. Trustee"), and any official committee, which supplemental affidavit shall explain the basis for the requested rate increases in accordance with § 330(a)(3)(F) of the Bankruptcy Code and state whether the Debtors have consented to the rate increase. All parties in interest retain all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in § 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to § 330 of the Bankruptcy Code.

6.  Dentons US (i) shall only bill 50% for non-working travel; (ii) shall not seek the reimbursement of any fees or costs, including attorney fees and costs, arising from the defense of

4

any objections to any of Dentons US' fee applications in these cases; (iii) shall use the billing and expense categories set forth in the US Trustee Guidelines (Exhibit D-1 "Summary of Compensation Requested by Project Category"); and (iv) provide any and all monthly fee statements, interim fee applications, and final fee applications in "LEDES" format to the U.S. Trustee.

7. In order to avoid any duplication of effort and provide services to the Debtors in the most efficient and cost-effective manner, Dentons US shall coordinate with Togut, Segal & Segal LLP and any additional firms the Debtors retain regarding their respective responsibilities in these Chapter 11 Cases. As such, Dentons US shall use its best efforts to avoid duplication of services provided by any of the Debtors' other retained professionals in these Chapter 11 Cases.

8. Notwithstanding anything in the Application or the Declarations to the contrary, Dentons US shall seek reimbursement from the Debtors' estates for its engagement-related expenses at the firm's actual cost paid.

9. Notwithstanding anything in the Application and the Declarations to the contrary, Dentons US shall (i) to the extent that Dentons US uses the services of independent contractors or subcontractors other than any Member Firms or Dentons Member Firms (collectively, the "Contractors") in these cases, pass through the cost of such Contractors at the same rate that Dentons US pays the Contractors; (ii) seek reimbursement for actual costs only; (iii) ensure that the Contractors are subject to the same conflicts checks as required for Dentons US; (iv) file with this Court such disclosures required by Bankruptcy Rule 2014; and (v) attach any such Contractor invoices to its monthly fee statements, interim fee applications and/or final fee applications filed in these cases.

5

10. Dentons US shall (i) provide notice to the U.S. Trustee and the Committee with respect to any Member Firm that will render services to the Debtors; (ii) file with the Court separate declarations regarding conflicts checks and disclosures. All rights of the US Trustee, the Committee and parties-in-interest to object to the services of any Member Firm is hereby reserved.

11. The Debtors and Dentons US are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

12. To the extent the Application, the Declarations, or the Engagement Letter is inconsistent with this Order, the terms of this Order shall govern. Notwithstanding any provision to the contrary in the Application or the Engagement Letter, the Right to Arbitration provision is null and void during the pendency of the chapter 11 cases. The Court shall have exclusive jurisdiction over Dentons US's engagement during the pendency of these chapter 11 cases.

13. Notwithstanding any provision to the contrary in the Application or the Engagement Letter, paragraph 34 of the Terms of Business attached to the Engagement Letter is revised to reflect that termination will only be allowed upon entry of an Order by the Bankruptcy Court.

14. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

15. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation and enforcement of this order.