**Order Filed on December 2, 2025
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

In re:

Powin, LLC, *et al.*,[1]

　　　　　Debtors.

Chapter 11

Case No. 25-16137 (MBK)

(Jointly Administered)

### ORDER GRANTING EXPEDITED MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER (I) AUTHORIZING AND APPROVING SETTLEMENT AGREEMENT; AND (II) GRANTING RELATED RELIEF

　　　The relief set forth on the following pages, numbered three [3] through six [6], is

**ORDERED**.

**DATED: December 2, 2025**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin Project LLC [1583]; (ii) Powin, LLC [0504]; (iii) PEOS Holdings, LLC [5476]; (iv) Powin China Holdings 1, LLC [1422]; (v) Powin China Holdings 2, LLC [9713]; (vi) Charger Holdings, LLC [5241]; (vii) Powin Energy Ontario Storage, LLC [8348]; (viii) Powin Energy Operating Holdings, LLC [2495]; (ix) Powin Energy Operating, LLC [6487]; (x) Powin Energy Storage 2, Inc. [9926]; (xi) Powin Energy Ontario Storage II LP [5787]; (xii) Powin Canada B.C. Ltd. [2239]; and (xiii) Powin EKS SellCo, LLC [9110] . The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR 97062.

(Page 2)

Debtors:          Powin, LLC, *et al.*

Case No.          25-16137 (MBK)

Caption of Order: Order Granting Expedited Motion of the Debtors for Entry of an Order
(I) Authorizing and Approving Settlement Agreement; and (II) Granting Related Relief

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**DENTONS US LLP**

Lauren Macksoud (admitted)
101 JFK Parkway
Short Hills, NJ 07078
Telephone: (973) 912-7100
Facsimile: (973) 912-7199
Email: lauren.macksoud@dentons.com

Tania M. Moyron (admitted *pro hac vice*)
Van C. Durrer, II (admitted *pro hac vice*)
601 S. Figueroa Street #2500
Los Angeles, CA 90017
Telephone:  (213) 623-9300
Facsimile:  (213) 623-9924
Email:  tania.moyron@dentons.com
         van.durrer@dentons.com

John D. Beck (admitted *pro hac vice*)
Sarah M. Schrag (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020-1089
Telephone:  (212) 768-6700
Facsimile:  (212) 768-6800
Email:  john.beck@dentons.com
         sarah.schrag@dentons.com

*Counsel for Debtors and
Debtors in Possession*

**TOGUT, SEGAL & SEGAL LLP**

Frank A. Oswald (admitted)
550 Broad Street
Suite 1508
Newark, NJ 07102
Telephone:  (212) 594-5000
Facsimile:  (212) 967-4258
Email:  frankoswald@teamtogut.com

Albert Togut (admitted *pro hac vice*)
Eitan Blander (admitted *pro hac vice*)
One Penn Plaza, Suite 3335
New York, New York 10119
Telephone:  (212) 594-5000
Facsimile:  (212) 967-4258
Email:  altogut@teamtogut.com
         eblander@teamtogut.com

*Counsel for Debtors and
Debtors in Possession*

(Page 3)
Debtors:            Powin, LLC, *et al.*
Case No.            25-16137 (MBK)
Caption of Order: Order Granting Expedited Motion of the Debtors for Entry of an Order
(I) Authorizing and Approving Settlement Agreement; and (II) Granting Related Relief

Upon consideration of the Motion[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"): (i) authorizing and approving that certain settlement agreement (the "Settlement Agreement")[3] under sections 105(a), 362, 363(b), 503(b), and 507(a)(2) of title 11 of the United States Code, §§ 101 *et seq.*, as amended (the "Bankruptcy Code"), Rules 2002, 6004, 6006, and 9019 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), and Rules 9013-1 and 9019-3 of the Local Bankruptcy Rules for the District of New Jersey (the "Local Rules") by and among Powin and the Official Committee of Unsecured Creditors (the "Committee"), on the one hand, and ACE Engineering and Co., Ltd. ("ACE"), on the other hand; and (ii) granting related relief,[4] all as more fully set forth in the Motion; and upon the First Day Declaration and the Uzzi Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of New Jersey dated as of September 18, 2012, as amended on June 6, 2025; and this Court having found that consideration of the Motion and the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b) and this Order is a final order within the meaning of 28 U.S.C. § 158(a); and the Debtors having consented to the entry of a final order with respect to the Motion; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion, opportunity to object, and opportunity for a hearing on the

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

[3] A true and correct copy of the Settlement Agreement is attached to the Order as **Exhibit 1**. Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Settlement Agreement or the Debtors' *Joint Combined Disclosure Statement and Chapter 11 Plan of Liquidation of Powin, LLC and Affiliates Thereof and the Official Committee of Unsecured Creditors* [Docket No. 914] (as amended from time to time, the "Plan"), as applicable.

[4] Each of Powin and ACE are sometimes referred to herein individual as a "Party", and, collectively as the "Parties."

(Page 4)
Debtors:          Powin, LLC, *et al.*
Case No.          25-16137 (MBK)
Caption of Order: Order Granting Expedited Motion of the Debtors for Entry of an Order
(I) Authorizing and Approving Settlement Agreement; and (II) Granting Related Relief

Motion were appropriate under the circumstances and that no other notice need be provided; and

this Court having determined that the legal and factual bases set forth in the Motion, the First Day

Declaration, and the Uzzi Declaration, and at the hearing thereon establish just cause for the relief

granted herein; and all objections, responses, or reservation of rights filed or asserted in response

to the Motion or the relief granted herein, if any, having been withdrawn, resolved, or overruled

on their merits in their entirety; and upon all of the proceedings before this Court; and after due

deliberation and sufficient cause appearing therefor; and after due deliberation and sufficient cause

appearing therefor, it is **HEREBY ORDERED THAT**:[5]

1.      The Motion is granted on a final basis to the extent set forth herein. Pursuant to sections

363(b) and 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019, the Settlement Agreement attached

as **Exhibit 1** is approved in its entirety as entirely fair, equitable, and reasonable, and the terms and conditions

of the Settlement Agreement are incorporated into this Order as if fully set forth herein.

2.      The Debtors and ACE are authorized to enter into, perform, execute, and deliver all

documents, and take all actions necessary to timely and fully implement and consummate the

Settlement Agreement and the relief granted in this Order.

3.      Effective from the Effective Date, and in accordance with the terms set forth in the

Settlement Agreement, the Parties waive all claims as set forth in the Settlement Agreement.

Notwithstanding such waiver, none of the Parties are released from any of the obligations created

or contemplated by the Settlement Agreement.

---

[5] The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such. The Court's findings shall also include any oral findings of fact and conclusions of law made by the Court during or at the conclusion of the Hearing. This Order shall constitute the findings of fact and conclusions of law and shall take immediate effect upon execution hereof.

(Page 5)
Debtors:            Powin, LLC, *et al.*
Case No.            25-16137 (MBK)
Caption of Order: Order Granting Expedited Motion of the Debtors for Entry of an Order
(I) Authorizing and Approving Settlement Agreement; and (II) Granting Related Relief

4.      The Settlement Agreement was entered into without collusion or fraud, in good faith, and at arm's length and was not entered into for the purpose of hindering, delaying, or defrauding creditors of the Debtors under the Bankruptcy Code or under the laws of the United States, any state, territory, possession thereof, or the District of Columbia, or any other applicable law. None of the Parties entered into the Settlement Agreement with any fraudulent or otherwise improper purpose.

5.      The automatic stay pursuant to section 362 of the Bankruptcy Code is hereby modified to the extent necessary, without further order of the Court, to implement the terms and provisions of the Settlement Agreement and this Order.

6.      This Order shall be fully enforceable against each of the Debtors, their estates, and any successors thereto, including, without limitation, any estate representative or trustee appointed in any of the Chapter 11 Cases, or in any case under chapter 7 of the Bankruptcy Code upon conversion of any of the Chapter 11 Cases, or in any other proceedings superseding or relating to any of the foregoing and/or upon the dismissal of any of the Chapter 11 Cases or any such successor cases, in each case, in accordance with the terms of this Order.

7.      Notwithstanding the provisions of Bankruptcy Rules 6004(h), 6006(d) or 7062 or any applicable provisions of the Local Rules, this Order shall not be stayed after the entry hereof, but shall be effective and enforceable immediately upon entry, and the fourteen (14) day stay provided in Bankruptcy Rules 6004(h) and 6006(d) is hereby expressly waived and shall not apply.

8.      In the event that there is a direct conflict between the terms of this Order, the Settlement Agreement, and any documents executed in connection therewith, the provisions contained in this Order, the Settlement Agreement, and any documents executed in connection therewith shall govern, in that order.

(Page 6)
Debtors:              Powin, LLC, *et al.*
Case No.             25-16137 (MBK)
Caption of Order: Order Granting Expedited Motion of the Debtors for Entry of an Order
(I) Authorizing and Approving Settlement Agreement; and (II) Granting Related Relief


9.      This Court shall retain exclusive jurisdiction with respect to all matters arising from or related

to the implementation, interpretation, and/or enforcement of this Order.


10.     All time periods set forth in this Order and the Settlement Agreement shall be calculated in

accordance with Bankruptcy Rule 9006(a).

## EXHIBIT 1

(Settlement Agreement)

*Execution Version*

## SETTLEMENT AGREEMENT

On this 17th day of November, 2025 ("Execution Date"), and subject to approval by order of the Bankruptcy Court (as defined below), Powin, LLC and its affiliated debtors (collectively, the "Debtors"), ACE Engineering and Co., Ltd. ("ACE") and the Official Committee of Unsecured Creditors (the "Committee," and together with Powin and ACE, the "Parties") in the Debtors' Chapter 11 Cases pending in the United State Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court"), jointly administered in Case No. 25-16137 (MBK) (collectively, the "Bankruptcy Case"), and subject to the terms, conditions, and approvals set forth herein, agree to the following (the "Agreement"):

## RECITALS

WHEREAS, on or about June 9, 2025 (the "Petition Date"), the Debtors commenced the a voluntary Bankruptcy Case for relief under chapter 11 of title 11 of the United States Code, §§ 101 *et seq.*, as amended (the "Bankruptcy Code"). The Debtors are authorized to continue operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Chapter 11 Cases.;

WHEREAS, on June 26, 2025, the Office of the United States Trustee appointed the Committee [Docket No. 174];

WHEREAS, the Debtors and ACE entered into that certain Manufacturing Services Agreement dated December 12, 2022 (the "MSA"), pursuant to which ACE supplied the Debtors with shipments primarily composed of power units and electric components;

WHEREAS, prior to the Petition Date, the Debtors purchased various electrical components (the "Goods") from ACE, including Goods ordered between April 4 and April 11, 2025 (the "Final Shipment");

WHEREAS, on June 30, 2025, ACE sent the Debtors a section 546(c)(1) reclamation demand regarding the Goods;

WHEREAS, on September 29, 2025, ACE filed Proof of Claim No. 434 (the "Proof of Claim"), which seeks a total of $110,337,643.48 in various claims, including an administrative priority claim in the amount of $13,520,599.26 pursuant to section 503(b)(9) of the Bankruptcy Code (the "ACE Administrative Claim");

WHEREAS, on October 6, 2025, the Debtors and the Committee filed their *Joint Combined Disclosure Statement and Chapter 11 Plan of Liquidation of Powin, LLC and Affiliates Thereof and the Official Committee of Unsecured Creditors* [Docket No. 914] (as amended from time to time, the "Plan"),[1] which seeks to implement an orderly distribution of the Debtors' estates and the establishment of appropriate claim distribution and reconciliation mechanisms;

---

[1] Any capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Plan.

1

*Execution Version*

WHEREAS, the Debtors and ACE dispute, among other things, when "delivery" of the Final Shipment occurred for purposes of ACE's claims under sections 546(c) and 503(b)(9) of the Bankruptcy Code;

WHEREAS, the Parties agree that this Agreement will be presented to the Bankruptcy Court through a motion under Rule 9019 of the Federal Rules of Bankruptcy Procedure ("Motion"); and

WHEREAS, the Parties agree to resolve all claims between ACE and the Debtors, including, but not limited to, the Proof of Claim, the ACE Administrative Claim, the Final Shipment, Goods, and any causes of action the Debtors have against ACE, pursuant to and conditioned upon Bankruptcy Court approval of the terms of this Agreement.

NOW THEREFORE, the Parties agree as follows:

1.     Recitals.  The Recitals as set forth above are true and correct and are incorporated herein by reference and made a part of this Agreement in all respects.

2.     The Settlement.  In consideration for the mutual promises and consideration hereunder, the Parties agree that:

    a. ACE shall irrevocably contribute all of its Direct Claims (to the extent of any) to the Direct Claims Trust;

    b. The Liquidating Trustee shall be Phoenix Management;

    c. The forms of the Liquidating Trust Agreement and Direct Claims Trust Agreement shall be in a form acceptable to ACE, and it being agreed the documents attached to the Plan Supplement and the Liquidating Trustee identified in the Plan Supplement are acceptable to ACE;

    d. ACE shall receive an Allowed Administrative Claim of $5,000,000.00 (the "Allowed ACE Administrative Claim");

    e. ACE shall receive an allowed unsecured claim in the amount of $105,228,644.71;

    f. ACE shall receive $1,000,000.00 in cash on account of the Allowed ACE Administrative Claim on the Plan Effective Date;

    g. The remaining $4,000,000.00 (the "Liquidating Trust Amount") of the Allowed ACE Administrative Claim shall be recoverable against the Liquidating Trust; and

    h. Distributions from the Liquidating Trust on account of the Liquidating Trust Amount shall be distributed over time, *pari passu* with other administrative claimants that have also agreed to accept deferred payments on their administrative claims, and as follows:

2

*Execution Version*

    i.  ACE shall receive 60% of each distribution from the Liquidating Trust until ACE is paid the full Liquidating Trust Amount; and

    ii.  The remaining 40% of each distribution from the Liquidating Trust shall be shared by Allowed General Unsecured Claims and Allowed Priority Claims at the Liquidating Trustee's discretion.

3.    <u>9019 Motion</u>.

    a.  This Agreement is subject to entry of the 9019 Order;

    b.  The Parties agree that the Agreement will be presented though the Motion in settlement of all claims of ACE; and

    c.  The Parties will use their best efforts to expedite the filing of the Motion and the approval of the Agreement; and

    d.  The Parties agree that the Motion must be heard, subject to the Court's calendar, before a hearing is held on confirmation of the Plan.

4.    <u>Plan Voting</u>. ACE agrees that, in each class of claims under the Plan in which ACE holds a claim and is entitled to vote, ACE shall timely submit a ballot voting to accept the Plan. ACE's agreement to vote in favor of the Plan and any ballot submitted by ACE are expressly conditioned upon the Bankruptcy Court's approval of this Agreement pursuant to Bankruptcy Rule 9019. In the event the Bankruptcy Court declines to approve this Agreement, ACE shall have no obligation to vote.

5.    <u>Mutual Releases</u>.  ACE on the one hand, and the Debtors and the Committee on the other hand, hereby fully, finally, unconditionally, irrevocably, and completely release and forever discharge each other and each of their predecessors, successors (including, without limitation, any chapter 11 or chapter 7 trustee of the Debtors or their estates), assigns, affiliates, subsidiaries, parents, partners, constituents, current officers, directors, employees, attorneys and agents, and each of their respective heirs, successors, and assigns, of and from any and all claims, causes of action, litigation claims, and any other debts, obligations, rights, suits, damages, actions, remedies, judgments, and liabilities whatsoever, whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, fixed or contingent, matured or unmatured, existing, in law or at equity, whether for tort, contract, or otherwise, based in whole or in part upon any act or omission, transaction, event or other occurrence or circumstance existing or taking place prior to or on this date, relating to the Debtors or the Bankruptcy Case; *provided that*, nothing herein shall release the Parties' obligations under this Agreement or ACE's allowed claims provided under section 2 of this Agreement.

6.    <u>Section 1542</u>.  Each Party acknowledges that it is familiar with Section 1542 of the California Civil Code, which states as follows:

    A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT

THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

All rights under Section 1542 of the California Civil Code, or any analogous state or federal law, are hereby expressly WAIVED and RELINQUISHED by each Party.  In connection with such waiver and relinquishment, each of the Parties hereby acknowledges and understands that it is executing and delivering this Agreement with full knowledge of any and all rights that each Party may have with respect to the claims resolved hereby.

7.      No Admission of Liability.  This Agreement does not constitute an admission or concession of liability by Powin, ACE, or the Committee on account of any claim by or other obligations that may be allegedly owed to ACE.

8.      Miscellaneous.

   a.  *One Writing/Integration*.  This Agreement constitutes the full, complete, and entire understanding and agreement between the Parties with respect to the subject matter of this Agreement and supersedes any and all prior oral and written understandings, agreements, and arrangements between them, whether oral or written, express or implied, including, but not limited to the *Notice of Settled Priority Claims* filed by Powin with the Plan Supplement on November 8, 2025.  There are no other agreements, covenants, promises, or arrangements between the Parties other than those set forth herein.  There is no other consideration for this Agreement other than the consideration set forth in this Agreement.

   b.  *Governing Law*.  This Agreement shall be construed in accordance with and governed by the laws of the State of New York and the Bankruptcy Code.

   c.  *Jurisdiction*.  The Parties expressly acknowledge and agree that the Bankruptcy Court shall retain exclusive jurisdiction to hear and determine any and all disputes, claims, controversies, or causes of action arising out of, relating to, or in connection with this Agreement, its negotiation, execution, performance, enforcement, or interpretation, including, without limitation, any dispute concerning the validity, scope, meaning, or effect of any of its provisions.

   d.  *Reservation of Rights*.  The Parties reserve all rights and defenses provided to them under the Bankruptcy Code except as otherwise stated herein.

   e.  *Amendment, Modification, Waiver*.  This Agreement may be amended, altered, modified, or waived, in whole or in part, only in a writing executed by the Parties to this Agreement.  This Agreement may not be orally amended, altered, modified, or waived, in whole or in part.  No failure by any Party to insist upon the strict performance of any covenant, duty, agreement, or condition of this Agreement or to exercise any right or remedy consequent upon a breach thereof

4

*Execution Version*

shall constitute a waiver of any such breach of any other covenant, duty, agreement, or condition.

f.  *Counterparts*.   This Agreement may be executed in one or more original counterparts, all of which together shall constitute one and the same instrument.

g.  *No Third Party Beneficiaries*.   Except as may be specifically set forth in this Agreement, nothing in this Agreement is intended to confer any rights or remedies under or by reason of this Agreement on any persons other than the Parties and their respective permitted successors and assigns, nor is anything in this Agreement intended to relieve or discharge the obligation or liability of any third persons to any Party, nor give any third persons any right of subrogation or action against any Party.

h.  *Authority*.   By executing below, each Party represents that it has the requisite authority to enter into an implement all terms of this Agreement.

i.  *Severability.*   In the event of any invalidity or unenforceability of any portion of this Agreement, as determined by a final judgment of the Bankruptcy Court, the remainder of this Agreement shall remain in full force and effect.


[*remainder of page left intentionally blank*]

*Execution Version*

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed and delivered as of the Execution Date of this Agreement as set forth above.

**Powin, LLC**

By:  Gerard Uzzi
      C93308232IE44B9...
      Name: Gerard Uzzi
      Title:  Chief Restructuring Officer


**ACE Engineering and Co., Ltd.**

By:  _____
      Name:
      Title:


**The Official Committee of Unsecured Creditors of Powin, LLC**

By:  */s/ Kenneth J. Aulet*
      Name: Kenneth J. Aulet
      Title: Counsel to the Committee

6

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed and delivered as of the Execution Date of this Agreement as set forth above.

**Powin, LLC**

By: _____

      Name:

      Title:

**ACE Engineering and Co., Ltd.**

By: _____*Carl Kim*_____

      Name: Carl Kim

      Title: Head of U.S. Operations

**The Official Committee of Unsecured Creditors of Powin, LLC**

By: _____

      Name:

      Title:

6

US_ACTIVE\131637200\V-5