UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-2(b)**

BIELLI & KLAUDER, LLC
Angela L. Mastrangelo, Esq. (No. 239652019)
1905 Spruce Street
Philadelphia, PA 19103
Telephone: (215) 642-8271
Email: mastrangelo@bk-legal.com

*Counsel to Zurich American Insurance Company and its affiliates*

| | |
|---|---|
| In re: | Case No.:  25-16137 |
| POWIN, LLC, *et al.*, | Judge:  MBK |
| Debtor. | Chapter:  11 |

**MOTION OF CREDITOR ZURICH AMERICAN INSURANCE COMPANY TO DEEM TIMELY CERTAIN LATE-FILED PROOF OF CLAIM PURSUANT TO BANKRUPTCY RULE 3002(C)**

Zurich American Insurance Company and its affiliates (collectively referred to as "Zurich")

hereby requests entry of an order deeming timely their late-filed proof of claim pursuant to Rule

3002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and, through their

undersigned counsel, respectfully represent:

**JURISDICTION**

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  This is

a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper pursuant to 28 U.S.C. § 1409.

The statutory predicate for the relief sought is Section 105(a) of the title 11 of the United States

Code (the "Bankruptcy Code") and Rule 3002(c)(6) of the Bankruptcy Rules.

**BACKGROUND**

2.      Prior to this bankruptcy case, Zurich issued workers compensation and property insurance policies to the Debtors.  On June 9, June 10, and June 22, 2025, Powin, LLC and its affiliated debtors (the "Debtors") filed a voluntary petitions for relief (the "Petition") under chapter 11 of the Bankruptcy Code.  At the time these bankruptcy cases were initiated, both policies were not yet expired, as indicated on the Debtors' First Day Insurance Motion [Dkt. 8].

3.      On August 20, 2025, the *Order Establishing Deadlines for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof* [Dkt. 758] (the "Bar Date Notice") established the general claims bar date for September 29, 2025 (the "Bar Date").

4.      On September 9, 2025, the Bar Date Notice certificate of service was filed at Dkt. No. 845 (the "Certificate of Service") indicating that service was made on August 26, 2025, 34 days before the Bar Date.  Zurich did not receive actual notice of the bar date until September 4, 2025, only 26 days before the Bar Date.  Given the nature of the complexity of Zurich's insurance relationship with the Debtors, Zurich did not receive notice with enough time to file a timely proof of claim.

5.      On November 4, 2025, Zurich filed Claim Nos. 484-495 against the Debtors asserting amounts due from pre-petition and post-petition insurance policies (the "Zurich POCs"). Given the number of proofs of claim, they are not attached herein but are available on the claims agent's website.

**REQUESTED RELIEF**

6.      By this Motion, Zurich respectfully requests entry of an order deeming the Zurich POCs as timely filed pursuant to Bankruptcy Rule 3002(c)(6).

2

**BASIS FOR RELIEF**

7.       Bankruptcy Rule 3003, which governs proof of claim filings in chapter 11 cases, provides that Bankruptcy Rule 3002(c)(6) applies in Chapter 11 cases.  Fed. R. Bank. P. 3003(c)(3) (West 2023).  Bankruptcy Rule 3002(c)(6) provides that:

> On motion filed by a creditor before or after the expiration of the time to file a proof of claim, the court may extend the time by not more than 60 days from the date of the order granting the motion. The Motion may be granted if the court finds that ***notice was insufficient under the circumstances*** to give the creditor a reasonable time to file a proof of claim.

Fed. R. Bankr. P. 3002(c)(6) (West 2023) (emphasis added).

8.        The newly amended Bankruptcy Rule 3002(c)(6) expands its application to cases like the case at bar.  The old rule only applied to cases where "the debtor failed to timely file the list of creditors' names and addresses required by Rule 1007(a)".  Fed. R. Bank. P. 3002(c)(6)(A) (West 2021); *see also In re Helios & Matheson Analytics, Inc.*, 629 B.R. 772, 779 (Bankr. S.D.N.Y. 2021).  The plain text and the comments to the current Rule 3002(c)(6) establish that this Court may deem the Zurich POCs as timely filed as long as notice was "insufficient under the circumstances to give the creditor a reasonable time to file a proof of claim."  Fed. R. Bank. P. 3002, 2022 Committee Note.

9.       Here, notice was insufficient under the circumstances.  Zurich did not receive actual notice with enough time to permit it to timely file the Zurich POCs.  As soon as Zurich was able to ascertain the basis for its claim, it moved quickly to file the Zurich POCs so as to ensure no party was prejudiced by the untimely filing.

10.      Counsel for Zurich also reached out to counsel for the Debtors on November 7, 2025 and again on November 19, 2025 to inform them directly about the Zurich POCs and sought their agreement to this Motion.  Counsel for Zurich never received a response.

## CONCLUSION

11.      WHEREFORE, for the foregoing reasons, Zurich respectfully requests that this

Court (a) grant the Motion; (b) deem the Zurich POCs as timely filed; and (c) grant Zurich such

further relief it deems just and proper.

Dated: December 10, 2025

**BIELLI & KLAUDER, LLC**

*/s/ Angela L. Mastrangelo*
Angela L. Mastrangelo (No. 239652019)
1905 Spruce Street
Philadelphia, PA 19103
Phone: (215) 642-8271
Email: mastrangelo@bk-legal.com

-and-

**FOX SWIBEL LEVIN & CARROLL LLP**

Kenneth M. Thomas (*pro hac vice* pending)
200 W. Madison Street, Suite 3000
Chicago, Illinois 60606
Phone: (312) 224-1200
Email: kthomas@foxswibel.com

*Counsel to Zurich American Insurance
Company and its affiliates*