**Order Filed on December 19, 2025
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

|  |  |
|---|---|
| In re:<br>Powin, LLC, *et al.*,[1]<br><br>              Debtors. | Chapter 11<br><br>Case No. 25-16137 (MBK)<br><br>(Jointly Administered) |

**ORDER APPROVING THE FIRST INTERIM AND FINAL APPLICATION OF
HURON TRANSACTION ADVISORY LLC FOR COMPENSATION FOR
PROFESSIONAL SERVICES RENDERED AND REIMBURSEMENT OF ACTUAL
AND NECESSARY EXPENSES INCURRED AS INVESTMENT BANKER
TO THE DEBTORS FROM JUNE 9, 2025 THROUGH AUGUST 31, 2025**

The relief set forth on the following pages, numbered three (3) through four (4), is **ORDERED.**

**DATED: December 19, 2025**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

(page 2)
Debtors:        Powin, LLC, *et al.*
Case No.        25-16137 (MBK)
Caption of Order: Order Approving the First Interim and Final Application of Huron Transaction Advisory
LLC for Compensation for Professional Services Rendered and Reimbursement of Actual and Necessary
Expenses Incurred as Investment Banker to the Debtors from June 9, 2025 through August 31, 2025

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**DENTONS US LLP**

Lauren Macksoud (admitted)
101 JFK Parkway
Short Hills, NJ 07078
Telephone: (973) 912-7100
Facsimile: (973) 912-7199
Email: lauren.macksoud@dentons.com

Tania M. Moyron (admitted *pro hac vice*)
Van C. Durrer, II (admitted *pro hac vice*)
601 S. Figueroa Street #2500
Los Angeles, CA 90017
Telephone:  (213) 623-9300
Facsimile:  (213) 623-9924
Email:  tania.moyron@dentons.com
            van.durrer@dentons.com

John D. Beck (admitted *pro hac vice*)
Sarah M. Schrag (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020-1089
Telephone:  (212) 768-6700
Facsimile:  (212) 768-6800
Email:  john.beck@dentons.com
            sarah.schrag@dentons.com

*Counsel for Debtors and*
*Debtors in Possession*

**TOGUT, SEGAL & SEGAL LLP**

Frank A. Oswald (admitted)
550 Broad Street
Suite 1508
Newark, NJ 07102
Telephone:  (212) 594-5000
Facsimile:  (212) 967-4258
Email:  frankoswald@teamtogut.com

Albert Togut (admitted *pro hac vice*)
Eitan Blander (admitted *pro hac vice*)
One Penn Plaza, Suite 3335
New York, New York 10119
Telephone:  (212) 594-5000
Facsimile:  (212) 967-4258
Email:  altogut@teamtogut.com
            eblander@teamtogut.com

*Counsel for Debtors and*
*Debtors in Possession*

(page 3)
Debtors:        Powin, LLC, *et al.*
Case No.        25-16137 (MBK)
Caption of Order: Order Approving the First Interim and Final Application of Huron Transaction Advisory LLC for Compensation for Professional Services Rendered and Reimbursement of Actual and Necessary Expenses Incurred as Investment Banker to the Debtors from June 9, 2025 through August 31, 2025

Upon consideration of the *First Interim and Final Application of Huron Transaction Advisory LLC for Compensation for Professional Services Rendered and Reimbursement of Actual and Necessary Expenses Incurred as Investment Banker to the Debtors from June 9, 2025 through August 31, 2025* (the "**Final Application**")[1] of Huron Transaction Advisory LLC ("**Huron**"), the investment banker to the above captioned debtors and debtors in possession (collectively, the "**Debtors**"), requesting entry of an order (this "**Order**"), pursuant to §§ 328, 330, and 331 of title 11 of the United States Code, §§ 101 *et seq.* (the "**Bankruptcy Code**"),[2] Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), Rule 2016-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of New Jersey (the "**Local Bankruptcy Rules**"), and the *Administrative Fee Order Establishing Procedures for Allowance and Payment of Interim Compensation and Reimbursement of Expenses of Professionals Retained by Order of this Court* [Docket No. 519] (the "**Interim Compensation Order**"), granting: (a) interim and final allowance of compensation for professional services to the Debtors during the period from June 9, 2025 through and including August 31, 2025 (the "**Compensation Period**") in the amount of $3,401,000.00; (b) interim and final allowance and reimbursement of actual and necessary expenses incurred by Huron during the Compensation Period in connection with such services in the amount of $17,185.96; and (c) payment of all such allowed compensation and expenses, less any amounts previously paid for such compensation and expenses; and the Court

---

[1] Capitalized terms used but not otherwise defined herein have the meanings given to them in the Motion to Seal.

[2] All reference to "section" or "§" shall be to the Bankruptcy Code unless otherwise specified herein.

(page 4)
Debtors:          Powin, LLC, *et al.*
Case No.          25-16137 (MBK)
Caption of Order: Order Approving the First Interim and Final Application of Huron Transaction Advisory
LLC for Compensation for Professional Services Rendered and Reimbursement of Actual and Necessary
Expenses Incurred as Investment Banker to the Debtors from June 9, 2025 through August 31, 2025

having reviewed the Final Application; and the Court finding that:  (a) the Court has jurisdiction

over this matter pursuant to 28 U.S.C. §1334; (b) notice of the Final Application and the hearing

thereon was adequate under the circumstances; (c) all parties with notice of the Final Application

have been afforded the opportunity to be heard on the Final Applications; and (d) all of the

requirements of 11 U.S.C. §§ 327, 328, 330, and 331, as well as Rule 2016 of the Federal Rules

of Bankruptcy Procedure, have been satisfied; and after due deliberation and sufficient and good

cause appearing therefor **IT IS HEREBY ORDERED THAT**:

1.      Huron's Final Application is **APPROVED**.

2.      Huron is granted final allowance of compensation in the total amount of
$3,401,000.00 and reimbursement of expenses in the total amount of $17,185.96.

3.      To the extent the amounts identified in paragraph 2 of this Order have not already
been paid, the Debtors are authorized and directed to remit such payments upon entry of this Order.

4.      This Court shall retain jurisdiction to hear and determine all matters arising from
or related to the implementation, interpretation, or enforcement of this Order.