Order Filed on December 19, 2025
by Clerk
U.S. Bankruptcy Court
District of New Jersey

| | |
|---|---|
| In re:<br>Powin, LLC, *et al.*,[1]<br><br>            Debtors. | Chapter 11<br><br>Case No. 25-16137 (MBK)<br><br>(Jointly Administered) |

### ORDER APPROVING THE FIRST INTERIM AND FINAL APPLICATION OF HURON TRANSACTION ADVISORY LLC FOR COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED AS INVESTMENT BANKER TO THE DEBTORS FROM JUNE 9, 2025 THROUGH AUGUST 31, 2025

The relief set forth on the following pages, numbered three (3) through four (4), is **ORDERED.**

DATED: December 19, 2025

*/s/ Michael B. Kaplan*
Honorable Michael B. Kaplan
United States Bankruptcy Judge

(page 2)
Debtors:       Powin, LLC, *et al.*
Case No.       25-16137 (MBK)
Caption of Order: Order Approving the First Interim and Final Application of Huron Transaction Advisory LLC for Compensation for Professional Services Rendered and Reimbursement of Actual and Necessary Expenses Incurred as Investment Banker to the Debtors from June 9, 2025 through August 31, 2025

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

| **DENTONS US LLP** | **TOGUT, SEGAL & SEGAL LLP** |
|---|---|
| Lauren Macksoud (admitted) | Frank A. Oswald (admitted) |
| 101 JFK Parkway | 550 Broad Street |
| Short Hills, NJ 07078 | Suite 1508 |
| Telephone: (973) 912-7100 | Newark, NJ 07102 |
| Facsimile: (973) 912-7199 | Telephone: (212) 594-5000 |
| Email: lauren.macksoud@dentons.com | Facsimile: (212) 967-4258 |
|  | Email: frankoswald@teamtogut.com |
| Tania M. Moyron (admitted *pro hac vice*) |  |
| Van C. Durrer, II (admitted *pro hac vice*) | Albert Togut (admitted *pro hac vice*) |
| 601 S. Figueroa Street #2500 | Eitan Blander (admitted *pro hac vice*) |
| Los Angeles, CA 90017 | One Penn Plaza, Suite 3335 |
| Telephone: (213) 623-9300 | New York, New York 10119 |
| Facsimile: (213) 623-9924 | Telephone: (212) 594-5000 |
| Email: tania.moyron@dentons.com | Facsimile: (212) 967-4258 |
|           van.durrer@dentons.com | Email: altogut@teamtogut.com |
|  |           eblander@teamtogut.com |
| John D. Beck (admitted *pro hac vice*) |  |
| Sarah M. Schrag (admitted *pro hac vice*) | *Counsel for Debtors and* |
| 1221 Avenue of the Americas | *Debtors in Possession* |
| New York, NY 10020-1089 |  |
| Telephone: (212) 768-6700 |  |
| Facsimile: (212) 768-6800 |  |
| Email: john.beck@dentons.com |  |
|           sarah.schrag@dentons.com |  |
|  |  |
| *Counsel for Debtors and* |  |
| *Debtors in Possession* |  |

(page 3)
Debtors:     Powin, LLC, *et al.*
Case No.    25-16137 (MBK)
Caption of Order: Order Approving the First Interim and Final Application of Huron Transaction Advisory LLC for Compensation for Professional Services Rendered and Reimbursement of Actual and Necessary Expenses Incurred as Investment Banker to the Debtors from June 9, 2025 through August 31, 2025

---

Upon consideration of the *First Interim and Final Application of Huron Transaction Advisory LLC for Compensation for Professional Services Rendered and Reimbursement of Actual and Necessary Expenses Incurred as Investment Banker to the Debtors from June 9, 2025 through August 31, 2025* (the "**Final Application**")[1] of Huron Transaction Advisory LLC ("**Huron**"), the investment banker to the above captioned debtors and debtors in possession (collectively, the "**Debtors**"), requesting entry of an order (this "**Order**"), pursuant to §§ 328, 330, and 331 of title 11 of the United States Code, §§ 101 *et seq.* (the "**Bankruptcy Code**"),[2] Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), Rule 2016-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of New Jersey (the "**Local Bankruptcy Rules**"), and the *Administrative Fee Order Establishing Procedures for Allowance and Payment of Interim Compensation and Reimbursement of Expenses of Professionals Retained by Order of this Court* [Docket No. 519] (the "**Interim Compensation Order**"), granting: (a) interim and final allowance of compensation for professional services to the Debtors during the period from June 9, 2025 through and including August 31, 2025 (the "**Compensation Period**") in the amount of $3,401,000.00; (b) interim and final allowance and reimbursement of actual and necessary expenses incurred by Huron during the Compensation Period in connection with such services in the amount of $17,185.96; and (c) payment of all such allowed compensation and expenses, less any amounts previously paid for such compensation and expenses; and the Court

---

[1] Capitalized terms used but not otherwise defined herein have the meanings given to them in the Motion to Seal.
[2] All reference to "section" or "§" shall be to the Bankruptcy Code unless otherwise specified herein.

(page 4)
Debtors: Powin, LLC, *et al.*
Case No. 25-16137 (MBK)
Caption of Order: Order Approving the First Interim and Final Application of Huron Transaction Advisory LLC for Compensation for Professional Services Rendered and Reimbursement of Actual and Necessary Expenses Incurred as Investment Banker to the Debtors from June 9, 2025 through August 31, 2025

having reviewed the Final Application; and the Court finding that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334; (b) notice of the Final Application and the hearing thereon was adequate under the circumstances; (c) all parties with notice of the Final Application have been afforded the opportunity to be heard on the Final Applications; and (d) all of the requirements of 11 U.S.C. §§ 327, 328, 330, and 331, as well as Rule 2016 of the Federal Rules of Bankruptcy Procedure, have been satisfied; and after due deliberation and sufficient and good cause appearing therefor **IT IS HEREBY ORDERED THAT**:

1. Huron's Final Application is **APPROVED**.

2. Huron is granted final allowance of compensation in the total amount of $3,401,000.00 and reimbursement of expenses in the total amount of $17,185.96.

3. To the extent the amounts identified in paragraph 2 of this Order have not already been paid, the Debtors are authorized and directed to remit such payments upon entry of this Order.

4. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

United States Bankruptcy Court

District of New Jersey

In re:  Case No. 25-16137-MBK

Powin, LLC  Chapter 11

    Debtor

# CERTIFICATE OF NOTICE

District/off: 0312-3      User: admin      Page 1 of 1

Date Rcvd: Dec 19, 2025      Form ID: pdf903      Total Noticed: 1

The following symbols are used throughout this certificate:
**Symbol    Definition**

\+      Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Dec 21, 2025:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | + Powin, LLC, 20550 SW 115th Avenue, Tualatin, OR 97062-6857 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Dec 21, 2025      Signature:      /s/Gustava Winters