# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**GENOVA BURNS LLC**
Daniel M. Stolz, Esq.
Donald W. Clarke, Esq.
Susan A. Long, Esq.
Jaclynn N. McDonnell, Esq.
dstolz@genovaburns.com
dclarke@genovaburns.com
slong@genovaburns.com
jmcdonnell@genovaburns.com
110 Allen Road, Suite 304
Basking Ridge, NJ 07920
Tel: (973) 533-0777
Fax: (973) 814-4045

*Proposed Local Co-Counsel for the Official
Committee of Unsecured Creditors*

**Order Filed on August 12, 2025
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

In re:

POWIN, LLC, *et al.,¹*

                    Debtor.

Chapter 11

Case No.: 25-16137 (MBK)
(Jointly Administered)

Honorable Michael B. Kaplan

**ORDER APPROVING THE EMPLOYMENT AND RETENTION OF GENOVA
BURNS LLC AS LOCAL CO-COUNSEL TO THE OFFICIAL COMMITTEE
OF UNSECURED CREDITORS *NUNC PRO TUNC* TO JUNE 27, 2025**

The relief set forth on the following pages is hereby ORDERED.

**DATED: August 12, 2025**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

(Page 2)

| | |
|---|---|
| Debtors: | POWIN LLC, *et al.* |
| Case No.: | 25-16137(MBK) |
| Caption of Order: | ORDER APPROVING THE EMPLOYMENT AND RETENTION OF GENOVA BURNS LLC AS LOCAL CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS *NUNC PRO TUNC* TO JUNE 27, 2025 |

Upon the application (the "**Application**")[2] of the Official Committee of Unsecured Creditors (the "**Committee**") in the above-captioned chapter 11 cases, pursuant to sections 327(a), 329, and 330 of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1, authorizing the Committee to employ and retain Genova Burns LLC ("**Genova Burns**") as their Local New Jersey counsel in these proceedings; and the Court having jurisdiction to decide the Application and the relief requested therein in accordance with 28. U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title* 11 of the United States District Court for the District of New Jersey, dated September 18, 2012 (Simandle, C.J.); and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. §157(b)(2), and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Application having been given as provided in the Application, and such notice having been adequate and appropriate under the circumstances; and it appearing that no other or further notice of the Application need be provided; and upon the Declaration of Daniel M. Stolz in support thereof; and the Court being satisfied that Genova Burns does not hold or represent any interest adverse to the Committee or the Debtors' estates and is a disinterested person as that term is defined in section101(14) of the Bankruptcy Code, and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

(Page 3)

| | |
|---|---|
| Debtors: | POWIN LLC, *et al.* |
| Case No.: | 25-16137(MBK) |
| Caption of Order: | ORDER APPROVING THE EMPLOYMENT AND RETENTION OF GENOVA BURNS LLC AS LOCAL CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS *NUNC PRO TUNC* TO JUNE 27, 2025 |

1.      The Application is **GRANTED** to the extent set forth herein.

2.      The Committee is authorized, pursuant to sections 328(a)and 1103(a) of the Bankruptcy Code, the Committee is hereby authorized and empowered to employ and retain Genova Burns as Local New Jersey counsel in these chapter 11 cases effective June 27, 2025.

3.      Any and all compensation to be paid to Genova Burns for services rendered on the Committee's behalf shall be fixed by application to this Court in accordance with sections 330 and 331 of the Bankruptcy Code, such Federal Rules and Local Rules as may then be applicable, and any orders entered in these cases governing the compensation and reimbursement of professionals for services rendered and charges and disbursements incurred. Genova Burns also shall make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013 (the "U.S. Trustee Guidelines"), both in connection with the Application and the interim and final fee applications to be filed by Genova Burns in the chapter 11 cases.

4.      In order to avoid any duplication of effort and provide services to the Committee in the most efficient and cost-effective manner, Genova Burns shall coordinate with Brown Rudnick LLP and any additional firms the Committee retains regarding their respective responsibilities in these chapter 11 cases.  As such, Genova Burns shall use its best efforts to avoid duplication of services provided by any of the Committee's other retained professionals in these chapter 11 cases.

5.      Prior to applying any increases in its hourly rates beyond the rates set forth in the Application, Genova Burns shall provide ten (10) business days' prior notice of any such increases to the

(Page 4)

| | |
|---|---|
| Debtors: | POWIN LLC, *et al.* |
| Case No.: | 25-16137(MBK) |
| Caption of Order: | ORDER APPROVING THE EMPLOYMENT AND RETENTION OF GENOVA BURNS LLC AS LOCAL CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS *NUNC PRO TUNC* TO JUNE 27, 2025 |

---

Committee, the Debtors and the United States Trustee and shall file such notice with the Court. All parties in interest retain all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

6.      Genova Burns (i) shall only bill 50% for non-working travel; (ii) shall not seek the reimbursement of any fees or costs, including attorney fees and costs, arising from the defense of any objections to any of Genova Burns' fee applications in these cases ; (iii) shall use the billing and expense categories set forth in the US Trustee Guidelines (Exhibit D-1 "Summary of Compensation Requested by Project Category); and (iv) shall provide any and all monthly fee statements, interim fee applications, and final fee applications in "LEDES" format to the United States Trustee.

7.      Notwithstanding anything in the Application or the Stolz Declaration to the contrary, Genova Burns shall seek reimbursement from the Debtors' estates for its engagement-related expenses at the firm's actual cost paid.

8.      Notwithstanding anything in the Application and the Stolz Declaration to the contrary, Genova Burns shall (i) to the extent that Genova Burns uses the services of independent contractors or subcontractors (collectively, the "Contractors") in these cases, pass through the cost of such Contractors at the same rate that Genova Burns pays the Contractors; (ii) seek reimbursement for actual costs only; (iii) ensure that the Contractors are subject to the same conflicts checks as required for Genova Burns; (iv) file with this Court such disclosures required by Bankruptcy Rule 2014; and (v) attach any such Contractor invoices to its monthly fee statements, interim fee applications and/or final fee applications filed in these cases.

(Page 5)

| | |
|---|---|
| Debtors: | POWIN LLC, *et al.* |
| Case No.: | 25-16137(MBK) |
| Caption of Order: | ORDER APPROVING THE EMPLOYMENT AND RETENTION OF GENOVA BURNS LLC AS LOCAL CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS *NUNC PRO TUNC* TO JUNE 27, 2025 |

9.      No agreement or understanding exists between Genova Burns and any other person, other than as permitted by Bankruptcy Code section 504, to share compensation received for services rendered in connection with these cases, nor shall Genova Burns share or agree to share compensation received for services rendered in connection with these cases with any other person other than as permitted by Bankruptcy Code section 504.

10.     As set forth in Genova Burns' Standard Terms of Engagement for Legal Services, Genova Burns' fees and expenses will be considered "earned" at the time they are incurred, notwithstanding the fact that any such amounts shall only be payable as set forth in that certain Administrative Fee Order Establishing Procedures for the Allowance and Payment of Interim Compensation and Reimbursement of Expenses of Professionals Retained by Order of this Court and shall only be allowed upon entry of a Court order allowing them.

11.     The Committee is authorized to take all actions necessary to carry out this Order.

12.     To the extent the Application, the Stolz Declaration, or any engagement agreement pertaining to this retention is inconsistent with this Order, the terms of this Order shall govern.

13.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.