# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

**COMBINED FEE APPLICATION COVER SHEET FOR (I) THE SIXTH MONTHLY PERIOD OF DECEMBER 1, 2025 THROUGH DECEMBER 5, 2025, AND (II) FOR THE FINAL PERIOD OF JULY 1, 2025 THROUGH DECEMBER 5, 2025**

| | |
|---|---|
| Debtor: Powin, LLC, *et al*,[1] | Applicant: Alvarez & Marsal North America, LLC ("A&M") |
| Case No: 25-16137 (MBK) | Client: Official Committee of Unsecured Creditors |
| Chapter: 11 | Case Filed: June 9, 2025, June 10, 2025, and June 22, 2025 |

## SECTION I
## FEE SUMMARY

Combined ☒ Monthly Fee Application No. 6 and ☒ Final Fee Applications

Summary of the Amounts Requested for the Monthly Period from
December 1, 2025 through December 5, 2025 (the "Monthly Application Period")
and the Final Period from July 1, 2025 through December 5, 2025 (the "Final Application Period")

<u>Summary of Amounts Requested for Previous Periods</u>

| | FEES | EXPENSES |
|---|---|---|
| Total Previous Fees and Expenses Requested: | $2,627,711.50 | $13,262.97 |
| Total Fees Allowed To Date: | $2,558,737.80 | $13,262.97 |
| Total Retainer (If Applicable): | N/A | N/A |
| Total Holdback: | $68,973.70 | $0.00 |
| Unpaid Amount: | $68,973.70 | $0.00 |
| Total Received By Applicant: | $2,558,737.80 | $13,262.97 |

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin Project LLC [1583]; (ii) Powin, LLC [0504]; (iii) PEOS Holdings, LLC [5476]; (iv) Powin China Holdings 1, LLC [1422]; (v) Powin China Holdings 2, LLC [9713]; (vi) Charger Holdings, LLC [5241]; (vii) Powin Energy Ontario Storage, LLC [8348]; (viii) Powin Energy Operating Holdings, LLC [2495]; and (ix) Powin Energy Operating, LLC [6487]. The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR 97062

| SECTION I (CONTINUED) |
| FEE SUMMARY |

| Professional | Position | Billing Rate | Monthly Application Period Hours | Monthly Application Period Fees | Final Application Period Hours | Final Application Period Fees |
|---|---|---|---|---|---|---|
| Newman, Rich | Managing Director | $  1,375 | 0.8 | $  1,100.00 | 216.0 | $  297,000.00 |
| Gonzalez, Andrea | Managing Director | 1,250 | 3.5 | 4,375.00 | 179.1 | 223,875.00 |
| Negangard, Kevin | Managing Director | 1,195 | 8.2 | 9,799.00 | 70.7 | 84,486.50 |
| Hamdan, Hassan | Managing Director | 1,050 | - | - | 17.9 | 18,795.00 |
| Waschitz, Seth | Senior Director | 1,050 | 6.5 | 6,825.00 | 579.8 | 608,790.00 |
| Baker, Kevin | Senior Director | 1,000 | 4.2 | 4,200.00 | 94.8 | 94,800.00 |
| Ragan, Conrad | Director | 900 | - | - | 344.0 | 309,600.00 |
| Strollo, Mike | Director | 900 | - | - | 14.8 | 13,320.00 |
| Gosau, Tracy | Director | 835 | - | - | 4.6 | 3,841.00 |
| Quatinetz, Hilary | Director | 835 | 9.9 | 8,266.50 | 84.1 | 70,223.50 |
| Guo, Zhangbo | Manager | 725 | - | - | 24.9 | 18,052.50 |
| Tapia, Josue | Manager | 725 | - | - | 2.3 | 1,667.50 |
| House, Lydia | Manager | 725 | - | - | 1.3 | 942.50 |
| Sinclair, Gibbons | Senior Associate | 775 | - | - | 44.2 | 34,255.00 |
| Castillo Zuleta, Angela | Senior Associate | 750 | - | - | 34.2 | 25,650.00 |
| Pickering, Slade | Senior Associate | 640 | - | - | 40.5 | 25,920.00 |
| Champion, Leigh | Senior Associate | 640 | - | - | 27.1 | 17,344.00 |
| Patel, Jugal | Senior Associate | 640 | 0.6 | 384.00 | 40.2 | 25,728.00 |
| Nagle, Tyler | Senior Associate | 640 | - | - | 2.1 | 1,344.00 |
| Desai, Bijal | Associate | 650 | 1.6 | 1,040.00 | 440.9 | 286,585.00 |
| Gomerez, Ana | Associate | 585 | 2.5 | 1,462.50 | 42.2 | 24,687.00 |
| Luna, Manuel | Analyst | 575 | 6.9 | 3,967.50 | 450.1 | 258,807.50 |
| Crump, Skye | Analyst | 550 | - | - | 393.9 | 216,645.00 |
| Hayes, Elli | Analyst | 485 | - | - | 7.7 | 3,734.50 |
| Grussing, Bernice | Operations Manager | 375 | 1.6 | 600.00 | 9.7 | 3,637.50 |
| **Subtotal** | | | **46.3** | **$  42,019.50** | **3,167.1** | **$  2,669,731.00** |
| **Plus: Final Fee Application Preparation** | | | | | | **$  15,000.00** |
| **Grand Total** | | | | | | **$  2,684,731.00** |

## Monthly Application Period:

| Monthly Professional Fees: | $42,019.50 |
|---|---|
| Monthly Expenses: | $1,932.51 |
| **Total Monthly Fees and Expenses:** | **$43,952.01** |

## Final Application Period:

| Final Professional Fees: | $2,669,731.00 |
|---|---|
| Final Expenses: | $15,195.48 |
| Final Fee Application Preparation: | $15,000.00 |
| **Total Final Fees and Expenses:** | **$2,699,926.48** |

## SECTION II
## SUMMARY OF SERVICES

| Project Category | Monthly Application Period Hours | Monthly Application Period Fees | Final Application Period Hours | Final Application Period Fees |
|---|---|---|---|---|
| Asset Sales | 0.3 | $ 347.50 | 116.5 | $ 109,297.50 |
| Cash Budget | 1.1 | 795.00 | 138.5 | 127,275.00 |
| Claims / Liabilities Subject to Compromise | - | - | 277.3 | 236,817.50 |
| Contracts | - | - | 53.6 | 49,545.00 |
| Court Attendance / Participation | - | - | 12.8 | 12,827.50 |
| Employee Matters | - | | 29.3 | 32,832.50 |
| Fee Application | 8.3 | 4,850.00 | 105.3 | 66,097.50 |
| Financial & Operational Matters | 0.7 | 455.00 | 257.0 | 229,060.00 |
| Financing Matters (DIP, Exit, Other) | - | - | 27.7 | 25,697.50 |
| Firm Retention | - | - | 12.8 | 10,525.00 |
| General Correspondence with Debtor & Debtors' Professionals | 0.2 | 210.00 | 9.2 | 10,352.50 |
| General Correspondence with UCC & UCC Counsel | - | - | 72.4 | 86,839.50 |
| Insurance Matters | 0.1 | 105.00 | 5.2 | 6,002.50 |
| Miscellaneous Motions | - | - | 61.3 | 51,452.50 |
| Plan of Reorganization / Disclosure Statement | 0.9 | 945.00 | 46.7 | 49,955.00 |
| Potential Avoidance Actions / Litigation Matters | 34.4 | 33,997.00 | 1,828.7 | 1,470,386.50 |
| SOFAs & SOALs | - | - | 95.4 | 75,172.50 |
| Tax Matters | 0.3 | 315.00 | 4.2 | 4,832.50 |
| **Subtotal** | **46.3** | **$ 42,019.50** | **3,167.1** | **$ 2,669,731.00** |
| **Plus: Final Fee Application Preparation** | | | **$** | **15,000.00** |
| **Grand Total** | | | **$** | **2,684,731.00** |

**SECTION III**
**SUMMARY OF DISBURSEMENTS**

| Expense Type | Monthly Application Period Expenses | Final Application Period Expenses |
|---|---|---|
| Miscellaneous | $1,932.51 | $15,195.48 |
| **Total** | **$1,932.51** | **$15,195.48** |

**SECTION IV**
**CASE HISTORY**

(1)   Date cases filed:                               June 9, 2025, June 10, 2025, and June 22, 2025

(2)   Chapter under which cases commenced:            Chapter 11

(3)   Date of Retention:                             July 1, 2025

(4)   Summarize in brief the benefits to the estate and attach supplements as needed during the Monthly Application Period:

    (a)   A&M prepared a draft preference analysis and discussed it with the Trustee

    (b)   A&M analyzed additional documents added to the Relativity database and prepared a transfer plan to the Trust

    (c)   To the extent not addressed by the foregoing descriptions, A&M performed other services on behalf of the Committee that were necessary and appropriate in this Chapter 11 case

In support of this Statement, the following exhibits are annexed hereto:
- Exhibit A – Retention Order
- Exhibit B – Proposed Order
- Exhibit C – A&M's itemized daily time records for the Monthly Application Period
- Exhibit D – A&M's itemized expense records for the Monthly Application Period
- Exhibit E – Certification of Richard Newman

I certify under penalty of perjury that the foregoing is true and correct.

Dated: January 16, 2026                    */s/ Richard Newman*
                                          Richard Newman

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-1(b)
**BROWN RUDNICK LLP**
Robert J. Stark, Esq.
Kenneth J. Aulet, Esq.
Ben Silverberg, Esq.
Jeffrey L. Jonas
Seven Times Square
New York, NY 10036
Telephone: (212) 209-4924
Fax: (212) 938-2924
Email: rstark@brownrudnick.com
         kaulet@brownrudnick.com
         bsilverberg@brownrudnick.com
         jjonas@brownrudnick.com
*Counsel for the Official Committee of
Unsecured Creditors*
-and-
**GENOVA BURNS LLC**
Daniel M. Stolz, Esq.
110 Allen Road, Suite 304
Basking Ridge, NJ 07920
Telephone: (973) 533-0777
Fax: (973) 814-4045
Email: dstolz@genovaburns.com
*Local Counsel for the Official Committee of
Unsecured Creditors*

| | |
|---|---|
| In re:<br><br>POWIN, LLC, *et al.*,[1]<br><br>                 Debtors. | Chapter 11<br><br>Case No: 22-14539-JKS<br><br>(Jointly Administered)<br><br>**Hearing Date: TBD**<br>**Hearing Time: TBD** |

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin Project LLC [1583]; (ii) Powin, LLC [0504]; (iii) PEOS Holdings, LLC [5476]; (iv) Powin China Holdings 1, LLC [1422]; (v) Powin China Holdings 2, LLC [9713]; (vi) Charger Holdings, LLC [5241]; (vii) Powin Energy Ontario Storage, LLC [8348]; (viii) Powin Energy Operating Holdings, LLC [2495]; and (ix) Powin Energy Operating, LLC [6487]. The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR 97062

**COMBINED SIXTH MONTHLY AND FINAL FEE APPLICATION OF ALVAREZ &
MARSAL NORTH AMERICA, LLC, FINANCIAL ADVISOR TO THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS, FOR ALLOWANCE OF
COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR (I) THE SIXTH
MONTHLY PERIOD OF DECEMBER 1, 2025 THROUGH DECEMBER 5, 2025 AND
(II) FOR THE <u>FINAL PERIOD OF JULY 1, 2025 THROUGH DECEMBER 5, 2025</u>**

Alvarez & Marsal North America, LLC ("<u>A&M</u>"), financial advisor to the Official

Committee of Unsecured Creditors (the "<u>Committee</u>") appointed in the above-captioned jointly

administered chapter 11 cases (the "<u>Chapter 11 Cases</u>") of Powin, LLC, et al. (the "<u>Debtors</u>"),

hereby submits this sixth monthly application and final application for allowance of compensation

and reimbursement of expenses (the "<u>Application</u>") pursuant to sections 330 and 331 of Title 11

of the United States Code, Rule 2016 of the Federal Rules of Bankruptcy Procedure, Local

Bankruptcy Rule 2016-1, and the *Administrative Fee Order Establishing Procedures for

Allowance and Payment of Interim Compensation and Reimbursement of Expenses of

Professionals Retained by Order of This Cout* dated July 25, 2025 [Docket 519] (the

"<u>Administrative Fee Order</u>").  Pursuant to 11 U.S.C. § 330 *et seq.*, A&M hereby seeks through

this Application monthly allowance of compensation in the amount of $42,019.50 in professionals'

fees and $1,932.51 in expenses for a total award of compensation and reimbursement of expenses

in the amount of $43,952.01 (the "<u>Monthly Amount</u>") incurred as financial advisor to the

Committee from December 1, 2025 through December 5, 2025 (the "<u>Monthly Application

Period</u>"), and award final compensation in the amount of $2,669,731.00 in professionals' fees,

$15,195.48 in expenses, and $15,000 in preparation for this Final Fee Application, for a total award

of compensation in the Final Amount of $2,699,926.48 (the "<u>Final Amount</u>") incurred as financial

advisor to the Committee from July 1, 2025 through December 5, 2025 (the "<u>Final Application

Period</u>"). In support hereof, A&M represents as follows:

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334, and the Standing Order, dated July 23, 1984, referring all cases under the Bankruptcy Code to the bankruptcy judges for this District, as amended on September 18, 2012.  Standing Order of Reference 12 1 (Simandle, C.J.).

2.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution.

4.      The statutes and associated rules that form the bases for the relief requested herein are sections 328(a), 330, 331, and 1103 of the Bankruptcy Code, Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Bankruptcy Rule 2016 1.

## BACKGROUND

5.      On June 9, 2025 ("the Petition Date")[2], the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

6.      These Chapter 11 Cases are being jointly administered pursuant to *the Order Granting Motion of the Debtors for Entry of an Order (I) Directing Joint Administration of Chapter 11 Cases; and (II) Granting Related Relief* [Docket 58], entered on June 13, 2025.

7.      On June 27, 2025, Andrew R. Vara, United States Trustee for Region 3 & 9 (the "U.S. Trustee"), pursuant to section 1102(a) of the Bankruptcy Code, appointed the Committee in these Chapter 11 Cases, effective June 26, 2025 [Docket 174].

---

[2] Lead Debtor No. 25-16137 (MBK) for Debtor Powin Project LLC was filed June 9, 2025, and the remaining Debtors were filed shortly there after on June 10, 2025, and June 22, 2025.

8.      On July 1, 2025, the Committee selected A&M to serve as financial advisor to represent them in these Chapter 11 Cases.

9.      On July 30, 2025, the Committee filed its application to retain A&M as financial advisor (the "Retention Application") [Docket 577].

10.     On August 18, 2025, this Court entered a revised order granting the Retention Application, authorizing and approving the employment of A&M financial advisor to the Committee effective July 1, 2025 (the "Retention Order") [Docket 750], which is attached hereto as **Exhibit A**.

11.     On July 25, 2025, the Court entered the Administrative Fee Order. The Administrative Fee Order requires professionals to, among other things, file monthly statements no later than the 25th day of the month following the month for which compensation is sought. The Administrative Fee Order further provides that a "Professional who has received monthly payments under the administrative fee Order must, at four-month intervals or such other intervals directed by the Court, file and serve on the parties listed in subdivision (a)(1) an interim application under § 331 of the Bankruptcy Code for allowance of the compensation and reimbursement of the expenses sought in the monthly statements issued during the applicable period." It also provides that an "interim fee application must include a summary of the monthly fee statements that are the subject of the request and any other information requested by the Court."

12.     On November 26, 2025, A&M filed its first interim application for allowance of compensation and reimbursement of expenses [Docket No. 1152] (the "First A&M Interim Fee Application") for the period July 1, 2025 through September 30, 2025, which sought interim allowance of $2,282,843.00 in professionals' fees and $703.98 in expenses.  On December 19,

2025, the Court entered an omnibus order [Docket No. 1232] approving the First A&M Fee

Application, which allowed on an interim basis fees and expenses totaling $2,283,546.98.

13. The Effective Date, as defined in the Plan, occurred on December 5, 2025. On

the Effective Date, the Plan and Confirmation Order established the Liquidation Trust. Pursuant

to Paragraph 13.5 of the Confirmation Order [Docket No. 1165], on the Effective Date, the

Committee was deemed dissolved, and its retention of A&M terminated.

14. Pursuant to the Administrative Fee Order, A&M submitted an Interim Fee

Application, as well as — the Fourth and Fifth Monthly Fee Statements [Docket Nos. 1059 and

1211 (the "Monthly Fee Statements"). The following is a summary of allowances requested in

those Fee Statements:

| Date [Docket] | Filing Period | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses | Fees/Expenses Paid | Holdback / Unpaid |
|---|---|---|---|---|---|---|---|
| **First Interim** | **07/01/2025 – 09/30/2025** | **$2,282,843.00** | **$703.98** | **$2,282,843.00** | **$703.98** | **$2,283,546.98** | **$0.00** |
| 11/14/25 [1059] | 10/01/2025 – 10/31/2025 | $210,597.50 | $8,744.68 | $168,478.00 | $8,744.68 | $177,222.68 | $42,119.50 |
| 12/15/25 [1211] | 11/01/2025 – 11/30/2025 | $134,271.00 | $3,814.31 | $107,416.80 | $3,814.31 | $111,231.11 | $26,854.20 |
| **Sixth Monthly** | **12/01/2025 – 12/05/2025** | **$42,019.50** | **$1,932.51** | **$0.00** | **$0.00** | **$0.00** | **$43,952.01** |
| **Final Fee Application Preparation** | | **$15,000.00** | **$0.00** | **$0.00** | **$0.00** | **$0.00** | **$15,000.00** |
| **GRAND TOTAL** | | **$2,684,731.00** | **$15,195.48** | **$2,558,737.80** | **$13,262.97** | **$2,572,000.77** | **$127,925.71** |

15. As of the filing of this Application, A&M has received $2,588,737.80 in fees and

$13,262.97 in expenses pursuant to the Administrative Fee Order for Fee Statements filed during

this First Interim Application Period and the Fourth and Fifth Monthly Fee Statements.

## <u>SUMMARY OF SERVICES RENDERED</u>

16.     A&M provided significant services to the Committee in connection with this Chapter 11 case and on behalf of the Committee in accordance with the A&M's professional responsibilities during the Monthly and Final Fee Application Periods. The services rendered were necessary to the administration of this Chapter 11 case and the representation of the interests of the investors and creditors which comprise the Committee. Such services include, but were not limited to:

***Potential Avoidance Actions / Litigation Matters (1,828.7)***

17.     During the Final Application Period, A&M secured and preserved the Debtors' books and records and conducted a detailed investigation into potential avoidance actions and litigation claims. This work included an in-depth review of financial records, internal communications, board materials, and corporate governance documentation hosted on the Relativity platform. A&M evaluated the Debtors' accounting practices, management decision-making, and events leading up to the bankruptcy filing. In coordination with Committee counsel, A&M participated in management interviews, synthesized investigative findings, prepared presentations for the Committee, and continued refining its analysis as additional records were produced later in the case.

***Claims / Liabilities Subject to Compromise (277.3)***

18.     During the Final Application Period, A&M prepared and continuously updated a detailed waterfall analysis to evaluate creditor recoveries under various restructuring and liquidation scenarios. A&M reviewed settlement agreements, analyzed customer contracts for potential liquidated damages exposure, and supported diligence related to the Idaho Power and Akaysha claim settlements. A&M also evaluated the KKR loan structure, reconciled filed proofs

of claim, assessed priority and administrative claims, reviewed the claims register by category, and analyzed proposed claim settlements and Plan supplements to confirm consistency with projected recoveries.

### Financial & Operational Matters (257.0)

19.     During the Final Application Period, A&M performed comprehensive financial and operational diligence for the Debtors over the course of the case. This included reviewing and analyzing extensive data room materials such as financial statements, trial balances, inventory reports, and accounts receivable and payable registers. A&M developed and updated diligence request lists as new information became available and benchmarked investment banker fees and compensation structures.

### Cash Budget (138.5)

20.     During the Final Application Period, A&M evaluated the Debtors' cash flow budgets and subsequent revisions throughout the case. This included analyzing weekly budget-to-actual variance reports, reviewing the wind-down budgets, and assessing liquidity trends to understand the Debtors' cash position at emergence. A&M incorporated sources and uses of cash analyses into its cash review, updated the waterfall analysis to reflect actual cash performance, and prepared recurring materials for the Committee.

### Asset Sales (116.5)

21.     During the Final Application Period, A&M conducted a thorough review of the Debtors' asset sale process, including evaluating bidding procedures, reviewing multiple iterations of the Asset Purchase Agreement, and coordinating closely with the Debtors' investment banker. The team assessed stalking horse proposals, oversaw buyer diligence activity, compiled and summarized indications of interest, and prepared detailed updates and

presentations for the Committee. A&M participated in the auction process, assisted in resolving issues related to inventory and excluded assets, and supported the closing phase by reviewing revised sale orders and updated APA terms.

22.     In support of this Application, A&M has provided the following exhibits attached hereto for this Fee Statement:  (i) Exhibit "A" is a copy of the Final Retention Order of Alvarez & Marsal North America, LLC (ii) Exhibit "B" is the proposed order granting the Application, (iii) Exhibit "C"  is the itemized daily time records by project category during the Monthly Application Period, whereby such time records reflect that A&M has expended 46.3 hours for services rendered on behalf of the Committee, resulting in fees in the amount of $42,019.50, (iv) Exhibit "D" is the itemized expense detail during the Monthly Application Period and (v) Exhibit "E" is a Certification of Richard Newman in support of this Application.

23.     A&M also expressly incorporates by reference the Monthly A&M Fee Application, which includes A&M's professional time and expense records for that specific period. The time records have been maintained by A&M contemporaneously with the services rendered. The services provided have been itemized at 0.1-hour intervals.

## BASIS FOR RELIEF REQUESTED

24.     Section 330 of the Bankruptcy Code provides that a professional retained under section 327 of the Bankruptcy Code may apply to the Court for a final award of compensation or reimbursement of expenses on notice to parties in interest and the United States Trustee and a hearing. Section 331 of the Bankruptcy Code provides that a professional retained under section 327 of the Bankruptcy Code may apply to the Court for an interim award of compensation or reimbursement of expenses not more than once every 120 days, unless the court permits more frequent applications. 11 U.S.C. § 331. This is A&M's sixth application for an

monthly award of compensation and expenses, and its final application for compensation and expenses.

25.     The standards for a final award of compensation and expenses under § 330 also govern an interim application. 11 U.S.C. § 331. Section 330(a)(1) permits an award of either:

    i.   "[R]easonable compensation for actual, necessary services rendered"; and
    ii.  "[R]eimbursement for actual, necessary expenses."

26.     Section 330 further provides guidance as to the relevant considerations for analyzing whether the requested compensation is reasonable:

> (3)  In determining what constitutes reasonable compensation...the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
>
> 1.  The time spent on such services;
> 2.  The rates charges for such services;
> 3.  Whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
> 4.  whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
> 5.  with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
> 6.  whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.  11 U.S.C. § 330(a)(3)(A)–(F)

## **RELIEF REQUESTED**

27.     A&M seeks a monthly award for services rendered and expenses incurred from December 1, 2025, through and including December 5, 2025, the Effective Date under the Plan. A&M also seeks a final award for services rendered and expenses incurred for the from July 1, 2025 through December 5, 2025.

28.      Specifically, A&M seeks a monthly award of fees in the amount of $42,019.50 in professionals' fees and $1,932.51 in expenses for a total award of compensation in the amount of $43,952.01 incurred for professional services rendered during the Monthly Application Period.  A&M also seeks a final award of fees in the amount of $2,669,731.00 in professionals' fees, $15,195.48 in expenses, and $15,000 in preparation for this Final Fee Application, for a total award of compensation in the Final Amount of $2,699,926.48 incurred as financial advisor to the Committee from July 1, 2025 through December 5, 2025. A&M hereby seeks full monthly and final allowance of its fees and expenses as detailed above and authorization for the Liquidation Trust to pay the balance same, less amounts already paid pursuant to the Administrative Fee Order.

29.      A&M expressly incorporates by reference the Monthly Application Period, including the exhibits in support thereof, which includes A&M's professional time and expense records for the balance of the Monthly Application Period.

30.      A&M respectfully submits that the hourly rates for each professional involved in this matter, as well as the awards requested herein, are reasonable under the circumstances. Time spent was kept to the minimum reasonably necessary to render effective service. There has been minimal, if any, duplication of services.

31.      Various personnel of A&M worked on the matters in this bankruptcy case depending on the expertise required. Richard Newman has served as the lead professional in this case, working closely with other personnel of A&M.

32.      The Affidavit of Richard Newman is annexed hereto as **Exhibit D**, which is submitted in accordance with the provisions of Section 504 of the Bankruptcy Code.

33.      A&M submits that the fees and expenses requested herein are reasonable and

necessary given the issues encountered in this case.

**WHEREFORE**, A&M respectfully requests that the Court:

34.     Award monthly compensation in the amount of $42,019.50 in professionals' fees and $1,932.51 in expenses for a total award of compensation in the amount of $43,952.01.

35.     Award final compensation in the amount of $2,669,731.00 in professionals' fees, $15,195.48 in expenses, and $15,000 in preparation for this Final Fee Application, for a total award of compensation in the Final Amount of $2,699,926.48.

36.     Authorize and direct the Liquidation Trust to pay such compensation, less any amount already paid pursuant to the Administrative Fee Order, per 11 U.S.C. §§ 330 and 331;

37.     Afford A&M such other and further relief as the Court deems just and proper.


Dated: January 16, 2026                              **ALVAREZ & MARSAL NORTH AMERICA, LLC**

                                                     By: */s/ Richard Newman*
                                                     Richard Newman
                                                     540 W. Madison, Suite 1800
                                                     Chicago, IL 60661
                                                     Telephone: 312.420.5535
                                                     rnewman@alvarezandmarsal.com

                                                     *Financial Advisor to the Official Committee of Unsecured Creditors*

**EXHIBIT A**
ALVAREZ & MARSAL NORTH AMERICA, LLC
RETENTION ORDER

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
Caption in Compliance with D.N.J. LBR 9004-1(b)

**BROWN RUDNICK LLP**
Robert J. Stark, Esq.
Kenneth J. Aulet, Esq.
Ben Silverberg, Esq.
Jeffrey L. Jonas, Esq.
Seven Times Square
New York, NY 10036
Telephone: (212) 209-4924
Fax: (212) 938-2924
rstark@brownrudnick.com
kaulet@brownrudnick.com
bsilverberg@brownrudnick.com
jjonas@brownrudnick.com

*Counsel for the Official Committee of Unsecured*
*Creditors*



**Order Filed on August 18, 2025**
**by Clerk**
**U.S. Bankruptcy Court**
**District of New Jersey**

| In re: | Chapter 11 |
|---|---|
| Powin, LLC, *et al.*,[1] | Case No. 25-16137 (MBK) |
| Debtors. | (Jointly Administered) |

### REVISED ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF ALVAREZ & MARSAL NORTH AMERICA, LLC AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE DEBTORS, POWIN, LLC, *ET AL.*, EFFECTIVE JULY 1, 2025

The relief set forth on the following pages 2 (two) through 6 (six) is hereby **ORDERED.**

**DATED: August 18, 2025**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

2516137250818000000000001

Page 2
Debtors:         POWIN LLC, et al.
Case No.:        25-16137 (MBK)
Caption of Order: REVISED ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF
                 ALVAREZ & MARSAL NORTH AMERICA, LLC AS FINANCIAL ADVISOR TO
                 THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE DEBTORS,
                 POWIN, LLC, ET AL., EFECTIVE JULY 1, 2025

_____

Upon the application (the "Application")[2] of the Official Committee of Unsecured
Creditors (the "Committee") appointed in the Chapter 11 Cases of the above-captioned debtors
and debtors in possession (collectively, the "Debtors"), for entry of an order pursuant to sections
328, and 1103 of title 11 of the United States Code (the "Bankruptcy Code"), authorizing the
employment and retention of Alvarez & Marsal North America, LLC (together with employees of
its affiliates (all of which are wholly-owned by its parent company and employees), its wholly
owned subsidiaries, and independent contractors (collectively, "A&M"), as financial advisor to
the Committee, effective as of July 1, 2025; and upon the Newman Declaration; and due and
adequate notice of the Application having been given; and it appearing that no other notice need
be given; and it appearing that A&M does not represent any adverse interest in connection with
these cases; and it appearing that there is due cause; it is hereby

ORDERED that:

1.      The Application is approved as set forth herein.

2.      In accordance with Bankruptcy Code sections 328 and 1103, the Committee shall
employ and retain A&M effective as of July 1, 2025, as its financial advisor on the terms set forth
in the Application, without the need for any further action on the part of A&M or the Committee
to document such retention.

3.      The terms of A&M's engagement, as set forth in the Application, including, without
limitation, the compensation provisions and the indemnification provisions, are reasonable terms

_____

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Application.

Page 3
Debtors:          POWIN LLC, et al.
Case No.:         25-16137 (MBK)
Caption of Order: REVISED ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF
                  ALVAREZ & MARSAL NORTH AMERICA, LLC AS FINANCIAL ADVISOR TO
                  THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE DEBTORS,
                  POWIN, LLC, ET AL., EFECTIVE JULY 1, 2025

---

and conditions of employment and are hereby approved. However, any of the Debtors' obligations

to indemnify A&M pursuant to the indemnification provisions included in the Application are

subject to the following:

(a) A&M shall not be entitled indemnification, contribution, or reimbursement,

unless such services and the indemnification, contribution, or reimbursement

therefore are approved by the Court.

(b) in no event shall A&M be indemnified for any claim or expense to the extent

that either (i) a court determines by final order (which final order is no longer

subject to appeal) that such claim arose out of A&M's own bad faith, self-dealing,

breach of fiduciary duty (if any), gross negligence or willful misconduct; (ii) is for

a contractual dispute in which it is alleged by the Debtors that A&M breached its

obligations pursuant to the engagement, unless the Court determines that

indemnification, contribution or reimbursement would be permissible pursuant to

*In re United Artists Theater Co.,* 315 F.3d 217 (3d Cir. 2003); or (iii) the claim is

settled prior to a judicial determination as to the exclusions in sub-clauses (i) and

(ii) above, but is determined by this Court, after notice and a hearing pursuant to

subparagraph (c) below to be a claim or expense for which A&M is not entitled to

receive indemnity under the terms of the Application and this Order.

(c) If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in

these cases (that order having become a final order no longer subject to appeal); or

(ii) the entry of an order closing these Chapter 11 Cases, A&M believes that they

are entitled to payment of any amounts by the Debtors on account of

Debtors:         POWIN LLC, et al.
Case No.:        25-16137 (MBK)
Caption of Order: REVISED ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF
ALVAREZ & MARSAL NORTH AMERICA, LLC AS FINANCIAL ADVISOR TO
THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE DEBTORS,
POWIN, LLC, ET AL., EFECTIVE JULY 1, 2025

---

indemnification, contribution and/or reimbursement obligations under the Application (as modified by this Order), including, without limitation, the advancement of defense costs, A&M must file an application with the Court, and the Debtors may not pay any such amounts to A&M before the entry of an order by the Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any requests for fees and expenses by A&M for indemnification, contribution and/or reimbursement, and is not a provision limiting the duration of the Debtors' obligation to indemnify, or make contributions or reimbursements to, A&M. All parties in interest shall retain the right to object to any demand by A&M for indemnification, contribution and/or reimbursement.

(d) In the event that, during the pendency of these chapter 11 cases, A&M requests reimbursement from the Debtors for any attorneys' fees and/or expenses, the invoices and supporting time records from such attorneys shall be billed in one-tenth hour increments and shall be included in A&M's fee applications, both interim and final, and such invoices and time records shall be in compliance with Local Rules, the U.S. Trustee Guidelines, and the standards of section 330 and 331 of the Bankruptcy Code, without regard to whether such attorney has been retained under sections 327 and 1103 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code. Notwithstanding the foregoing, A&M shall not seek reimbursement of any fees incurred defending any of A&M's fee applications in these cases.

Debtors:         POWIN LLC, et al.
Case No.:        25-16137 (MBK)
Caption of Order: REVISED ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF
                 ALVAREZ & MARSAL NORTH AMERICA, LLC AS FINANCIAL ADVISOR TO
                 THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE DEBTORS,
                 POWIN, LLC, ET AL., EFECTIVE JULY 1, 2025

---

4.      A&M shall file applications for interim and final allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in Bankruptcy Code sections 330 and 331, such Bankruptcy Rules as may then be applicable, the Local Bankruptcy Rules, the Guidelines, and the Court's Interim Compensation Order and any amendments or modifications thereto A&M will also provide any and all fees and expenses included in monthly fee statements, interim fee applications, and final fee applications in "LEDES", or similar agreed upon Excel format, to the United States Trustee.

5.      At least ten (10) days before implementing any increases from the rates listed in its Engagement Letter and Application for its professionals in these cases, A&M shall provide written notice of any rate increases to the Committee, the United States Trustee, and the Debtors, and will file a Supplemental Declaration with the Court.  The United States Trustee, retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code. Any material change to the scope of services being provided by A&M, as outlined in the Application, shall require further Court approval.

6.      The Committee will coordinate with A&M and its other retained professionals to minimize unnecessary duplication of the services provided by any of its retained professionals.

7.      To the extent that there may be any inconsistency between the terms of the Application and this Order, the terms of this Order shall govern.

8.      The Committee and A&M are authorized to take all actions it deems necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

Page 6
Debtors:            POWIN LLC, et al.
Case No.:           25-16137 (MBK)
Caption of Order: REVISED ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF
                  ALVAREZ & MARSAL NORTH AMERICA, LLC AS FINANCIAL ADVISOR TO
                  THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE DEBTORS,
                  POWIN, LLC, ET AL., EFECTIVE JULY 1, 2025

_____

9.      This Order shall be immediately effective and enforceable upon its entry.

10.     Notice of the Application as provided therein is deemed to be good and sufficient

notice of such Application, and the requirements of the Bankruptcy Rules and the Local

Bankruptcy Rules are satisfied by the Application.

11.     This Court shall retain jurisdiction with respect to all matters arising or related to

the implementation of this Order or A&M's services for the Committee.

**EXHIBIT B**
PROPOSED ORDER

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** | |
| **GENOVA BURNS LLC**<br>Daniel M. Stolz, Esq.<br>Donald W. Clarke, Esq.<br>Susan A. Long, Esq.<br>Jaclyn N. McDonnell, Esq.<br>dstolz@genovaburns.com<br>dclarke@genovaburns.com<br>slong@genovaburns.com<br>jmcdonnell@genovaburns.com<br>110 Allen Road, Suite 304<br>Basking Ridge, NJ 07920<br>Tel: (973) 533-0777<br>Fax: (973) 814-4045<br><br>*Local Counsel for the Official*<br>*Committee of Unsecured Creditors* | **BROWN RUDNICK LLP**<br>Robert J. Stark, Esq.<br>Kenneth J. Aulet, Esq.<br>Bennett S. Silverberg, Esq.<br>Jeffrey L. Jonas, Esq.<br>rstark@brownrudnick.com<br>kaulet@brownrudnick.com<br>bsilverberg@brownrudnick.com<br>jjonas@brownrudnick.com<br>Seven Times Square<br>New York, NY 10036<br>Tel: (212) 209-4800<br>Fax: (212) 209-4801<br><br>*Counsel for the Official Committee of*<br>*Unsecured Creditors* |
| In re:<br><br>POWIN, LLC, *et al.,* [1]<br><br>                      Debtor. | Chapter 11<br><br>Case No.: 25-16137 (MBK)<br>(Jointly Administered)<br><br>Honorable Michael B. Kaplan |

## ORDER GRANTING THE COMBINED SIXTH MONTHLY AND FINAL FEE APPLICATION FOR ALLOWANCE OF FEES AND REIMBURSEMENT OF EXPENSES OF ALVAREZ AND MARSAL NORTH AMERICA, LLC AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE PERIOD OF JULY 1, 2025 THROUGH AND INCLUDING DECEMBER 5, 2025

The relief requested on the following pages is hereby GRANTED.

---

[1]     The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin Project LLC [1583]; (ii) Powin LLC [0504]; (iii) PEOS Holdings, LLC [5476]; (iv) Powin China Holdings 1, LLC [1422]; (v) Powin China Holdings 2, LLC [9713]; (vi) Charger Holdings, LLC [5241]; (vii) Powin Energy Ontario Storage, LLC [8348]; (viii) Powin Energy Operating Holdings, LLC [2495]; (ix) Powin Energy Operating, LLC [6487]; (x) Powin Energy Storage 2, Inc. [9926]; (xi) Powin Energy Ontario Storage II LP [5787]; (xii) Powin Canada B.C. Ltd. [2239]. The Debtors' mailing address is 20550 SW 115th Avenue, Tualatin, OR 97062.

Upon consideration of the *Combined Sixth Monthly and Final Fee Application for Allowance of Fees and Reimbursement of Expenses of Alvarez and Marsal North America, LLC, as Financial Advisor to the Official Committee of Unsecured Creditors for Services Rendered and Reimbursement of Expenses Incurred for the Period of July 1, 2025 Through and Including December 5, 2025* (the "Application")[2]; and this Court having previously authorized the retention and employment of Alvarez and Marsal North America, LLC to serve as Financial Advisor to the Committee in the above-captioned Chapter 11 Cases;[3] and it appearing that all of the requirements of sections 327, 328, 330, and 331 of the Bankruptcy Code, as well as Rule 2016 of the Bankruptcy Rules and the Local Rules of this Court have been satisfied; and it further appearing that the fees and expenses incurred were reasonable and necessary; and proper and adequate notice of the Application has been given and that no other or further notice is necessary; and no objections or other responses having been filed with regard to the Application,

**IT IS HEREBY ORDERED THAT:**

1.      The Application is hereby approved.

2.      Alvarez and Marsal North America, LLC is hereby granted final compensation in the amount of $2,669,731.00 in professionals' fees, $15,195.48 in expenses, and $15,000 in preparation for this Final Fee Application, for a total award of compensation in the Final Amount of $2,699,926.48.

3.      The Debtors are hereby authorized and directed to remit to Alvarez and Marsal North America, LLC the full amount of the fees and expenses set forth in paragraph 2 of this Order less any and all amounts previously paid on account of such fees and expenses.

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application.

[3] *See Revised Order Authorizing Retention of Alvarez and Marsal North America, LLC for the Official Committee of Unsecured Creditors of Powin, Inc., et al* [Docket No. 750].

4.        This Court shall retain jurisdiction to hear and determine all matters arising

from or related to the implementation or interpretation of this Order.

**EXHIBIT C**
ITEMIZED DAILY TIME RECORDS
FOR THE PERIOD OF DECEMBER 1, 2025 THROUGH DECEMBER 5, 2025

**Exhibit C**

*Powin, LLC, et al.*
*Time Detail by Project Category*
*December 1, 2025 through December 5, 2025*

| Professional | Date | Hours | Time Description |
|---|---|---|---|
| **Asset Sales** | | | |
| Newman, Rich | 12/1/2025 | 0.1 | Review FF&E sale |
| Waschitz, Seth | 12/1/2025 | 0.2 | Correspond with Debtors re: Portland FF&E Bidding Procedures |
| **Subtotal** | | **0.3** | |
| **Cash Budget** | | | |
| Desai, Bijal | 12/2/2025 | 0.9 | Prepare weekly professional fee estimate |
| Waschitz, Seth | 12/2/2025 | 0.2 | Review weekly professional fee estimate |
| **Subtotal** | | **1.1** | |
| **Fee Application** | | | |
| Luna, Manuel | 12/1/2025 | 2.2 | Prepare November fee statement |
| Luna, Manuel | 12/3/2025 | 1.8 | Prepare November fee statement |
| Luna, Manuel | 12/4/2025 | 1.1 | Prepare November fee statement |
| Waschitz, Seth | 12/5/2025 | 0.5 | Review and edit November fee statement |
| Luna, Manuel | 12/5/2025 | 0.9 | Revise November fee statement |
| Newman, Rich | 12/5/2025 | 0.2 | Review November fee statement |
| Grussing, Bernice | 12/5/2025 | 1.6 | Process A&M monthly fee statement |
| **Subtotal** | | **8.3** | |
| **Financial & Operational Matters** | | | |
| Desai, Bijal | 12/3/2025 | 0.3 | Review data room contents re: stored information |
| Desai, Bijal | 12/5/2025 | 0.4 | Review data room contents |
| **Subtotal** | | **0.7** | |
| **General Correspondence with Debtor & Debtors' Professionals** | | | |
| Waschitz, Seth | 12/4/2025 | 0.2 | Correspond with Debtors re: case updates |
| **Subtotal** | | **0.2** | |

*Exhibit C*

*Powin, LLC, et al.*
*Time Detail by Project Category*
*December 1, 2025 through December 5, 2025*

| Professional | Date | Hours | Time Description |
|---|---|---|---|
| **Insurance Matters** | | | |
| Waschitz, Seth | 12/1/2025 | 0.1 | Correspond with Debtors re: insurance policy cancellation |
| **Subtotal** | | **0.1** | |
| | | | |
| **Plan of Reorganization / Disclosure Statement** | | | |
| Waschitz, Seth | 12/1/2025 | 0.9 | Review memorandum of law in support of Plan confirmation re: trust matters |
| **Subtotal** | | **0.9** | |
| | | | |
| **Potential Avoidance Actions / Litigation Matters** | | | |
| Negangard, Kevin | 12/1/2025 | 0.6 | Analyze the additional production materials requested by UCC counsel |
| Waschitz, Seth | 12/1/2025 | 0.1 | Correspond with A&M team re: document production |
| Gonzalez, Andrea | 12/1/2025 | 0.1 | Correspond with A&M team re: trust transition |
| Gonzalez, Andrea | 12/1/2025 | 0.1 | Review correspondence from UCC counsel re: trust transition |
| Quatinetz, Hilary | 12/1/2025 | 2.8 | Prepare incoming re-production volume to review workspace |
| Baker, Kevin | 12/1/2025 | 2.5 | Prepare data transfer plan |
| Waschitz, Seth | 12/2/2025 | 0.3 | Correspond with A&M team re: preference analysis |
| Luna, Manuel | 12/2/2025 | 0.9 | Analyze Relativity contents re: data transfer documents |
| Quatinetz, Hilary | 12/2/2025 | 2.1 | Analyze native files in workspace |
| Baker, Kevin | 12/2/2025 | 1.7 | Collect data summary for transfer plan |
| Waschitz, Seth | 12/3/2025 | 0.2 | Participate on call with A&M team (Newman, Waschitz) re: preference analysis deliverable |
| Newman, Rich | 12/3/2025 | 0.2 | Participate on call with A&M team (Newman, Waschitz) re: preference analysis deliverable |
| Waschitz, Seth | 12/3/2025 | 0.4 | Correspond with Trustee re: preference analysis |
| Waschitz, Seth | 12/3/2025 | 0.3 | Review preference analysis |
| Newman, Rich | 12/3/2025 | 0.2 | Review preference analysis |
| Waschitz, Seth | 12/3/2025 | 0.2 | Correspond with UCC counsel re: document production |
| Negangard, Kevin | 12/3/2025 | 1.8 | Review draft summary to Trust re: data transfer initiatives |
| Quatinetz, Hilary | 12/3/2025 | 2.1 | Remove work product from Relativity workspace |
| Gonzalez, Andrea | 12/4/2025 | 0.4 | Participate on call with A&M team (Gonzalez, Negangard) re: data transition to Trust |
| Negangard, Kevin | 12/4/2025 | 0.4 | Participate on call with A&M team (Gonzalez, Negangard) re: data transition to Trust |

*Exhibit C*

**Powin, LLC, et al.**
*Time Detail by Project Category*
*December 1, 2025 through December 5, 2025*

| Professional | Date | Hours | Time Description |
|---|---|---|---|
| Waschitz, Seth | 12/4/2025 | 0.2 | Participate on call with A&M team (Gonzalez, Waschitz) re: data transition |
| Gonzalez, Andrea | 12/4/2025 | 0.2 | Participate on call with A&M team (Gonzalez, Waschitz) re: data transition |
| Waschitz, Seth | 12/4/2025 | 0.2 | Correspond with Trustee re: preference analysis |
| Newman, Rich | 12/4/2025 | 0.1 | Respond to preference analysis questions |
| Negangard, Kevin | 12/4/2025 | 0.6 | Correspond with Trust regarding the document transfer initiatives |
| Gonzalez, Andrea | 12/4/2025 | 0.2 | Participate on call with UCC counsel and Trustee professionals re: data preservation |
| Negangard, Kevin | 12/4/2025 | 0.6 | Prepare draft inventory of previous data preservation and analysis initiatives |
| Gonzalez, Andrea | 12/4/2025 | 0.5 | Review summary of data collected re: Debtors |
| PATEL, JUGAL | 12/4/2025 | 0.6 | Update the evidence list re: data transfer |
| Negangard, Kevin | 12/4/2025 | 0.5 | Correspond with Trust to confirm the requested corporate data sources |
| Quatinetz, Hilary | 12/5/2025 | 0.5 | Participate on call with A&M team (Gonzalez, Waschitz, Quatinetz) re: data transition |
| Waschitz, Seth | 12/5/2025 | 0.5 | Participate on call with A&M team (Gonzalez, Waschitz, Quatinetz) re: data transition |
| Gonzalez, Andrea | 12/5/2025 | 0.5 | Participate on call with A&M team (Gonzalez, Waschitz, Quatinetz) re: data transition |
| Gonzalez, Andrea | 12/5/2025 | 0.4 | Correspond with A&M team re: data transfers to Trustee |
| Waschitz, Seth | 12/5/2025 | 0.2 | Correspond with A&M team re: data transition |
| Waschitz, Seth | 12/5/2025 | 0.2 | Correspond with A&M counsel re: data transition |
| Waschitz, Seth | 12/5/2025 | 0.2 | Correspond with UCC counsel re: data transition |
| Gonzalez, Andrea | 12/5/2025 | 0.2 | Correspond with UCC counsel re: document transfer to Trustee |
| Negangard, Kevin | 12/5/2025 | 1.2 | Prepare draft summary for Trust regarding the historical data preservation and analysis initiatives |
| Waschitz, Seth | 12/5/2025 | 1.1 | Prepare presentation for Trustee re: summary of document production |
| Gonzalez, Andrea | 12/5/2025 | 0.7 | Review deck summarizing document collection |
| Gonzalez, Andrea | 12/5/2025 | 0.2 | Review Relativity database re: document transition |
| Negangard, Kevin | 12/5/2025 | 0.8 | Review summary in anticipation of custodian media transfer to Trust |
| Gomerez, Ana | 12/5/2025 | 2.5 | Prepare all master evidence drives for delivery |

*Exhibit C*

*Powin, LLC, et al.*
*Time Detail by Project Category*
*December 1, 2025 through December 5, 2025*

| Professional | Date | Hours | Time Description |
|---|---|---|---|
| Negangard, Kevin | 12/5/2025 | 1.7 | Prepare the secure data transfer of requested media to Trust |
| Quatinetz, Hilary | 12/5/2025 | 2.4 | Manage request to archive workspaces / close out project |
| **Subtotal** | | **34.4** | |

| **Tax Matters** | | | |
|---|---|---|---|
| Waschitz, Seth | 12/3/2025 | 0.1 | Correspond with Debtors re: tax identification number |
| Waschitz, Seth | 12/3/2025 | 0.2 | Correspond with Trustee re: tax identification number |
| **Subtotal** | | **0.3** | |

| **Grand Total** | | **46.3** | |

**EXHIBIT D**
ITEMIZED EXPENSE RECORDS
FOR THE PERIOD OF DECEMBER 1, 2025 THROUGH DECEMBER 5, 2025

*Exhibit D*

***Powin, LLC, et al.***
***Expense Detail by Category***
***December 1, 2025 through December 5, 2025***

| Category / Professional | Date | Expenses ($) | Description |
|---|---|---|---|
| **Expenses** | | | |
| Baker, Kevin | 12/1/2025 | $  1,930.00 | Relativity Data Fee – November 2025 |
| Newman, Rich | 12/1/2025 | 1.68 | Wireless usage charges |
| Gonzalez, Andrea | 12/1/2025 | 0.83 | Wireless usage charges |
| **Grand Total** | | **$  1,932.51** | |

**EXHIBIT E**

CERTIFICATION OF RICHARD NEWMAN

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-1(b)
**BROWN RUDNICK LLP**
Robert J. Stark, Esq.
Kenneth J. Aulet, Esq.
Ben Silverberg, Esq.
Jeffrey L. Jonas
Seven Times Square
New York, NY 10036
Telephone: (212) 209-4924
Fax: (212) 938-2924
Email: rstark@brownrudnick.com
        kaulet@brownrudnick.com
        bsilverberg@brownrudnick.com
        jjonas@brownrudnick.com
*Counsel for the Official Committee of
Unsecured Creditors*
**-and-**
**GENOVA BURNS LLC**
Daniel M. Stolz, Esq.
110 Allen Road, Suite 304
Basking Ridge, NJ 07920
Telephone: (973) 533-0777
Fax: (973) 814-4045
Email: dstolz@genovaburns.com
*Local Counsel for the Official Committee of
Unsecured Creditors*

| | |
|---|---|
| In re: | Chapter 11 |
| POWIN, LLC, *et al.*,[1] | Case No: 25-16137 (MBK) |
| Debtors. | (Jointly Administered) |

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin Project LLC [1583]; (ii) Powin, LLC [0504]; (iii) PEOS Holdings, LLC [5476]; (iv) Powin China Holdings 1, LLC [1422]; (v) Powin China Holdings 2, LLC [9713]; (vi) Charger Holdings, LLC [5241]; (vii) Powin Energy Ontario Storage, LLC [8348]; (viii) Powin Energy Operating Holdings, LLC [2495]; and (ix) Powin Energy Operating, LLC [6487]. The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR 97062

## <u>CERTIFICATION OF RICHARD NEWMAN</u>

I, Richard Newman, declare pursuant to 28 U.S.C. § 1746 as follows:

1. I am a Managing Director with Alvarez and Marsal North America, LLC ("A&M"), financial advisor to the Official Committee of Unsecured Creditors in the Chapter 11 proceedings of Powin, LLC, *et al*., and respectfully submit this certification in support of the first interim application for compensation and reimbursement of expenses of A&M, during the period of July 1, 2025 through December 5, 2025.

2. In accordance with 18 U.SC. § 155 and the Rules of this Court, neither I nor any member or associate of this firm has entered into any agreement, either written or oral, express or implied, with the Official Committee of Unsecured Creditors or any other party in interest, or any attorney of such person, for the purpose of fixing the amount of any fees or other compensation to be allowed out of or paid from the assets of the Debtors or its estate.

3. In accordance with Section 504 of the Bankruptcy Code, no agreement or understanding exists between me, this firm, or any member or associate thereof, on the one hand, and any other person, on the other hand, for a division of such compensation as this firm may receive from the Court herein. No division of fees, as prohibited by Section 504 of the Bankruptcy Code, will be made by me or any member or associate of this firm.

I certify, under penalty of perjury, that the foregoing statements made by me are true and correct, to the best of my knowledge, information, and belief.

Dated: January 16, 2026

**ALVAREZ & MARSAL NORTH AMERICA, LLC**

By: _/s/ Richard Newman_
Richard Newman
540 W. Madison, Suite 1800
Chicago, IL 60661
Telephone: 469.231.6720
rnewman@alvarezandmarsal.com

_Financial Advisor to the Official Committee of Unsecured Creditors_