| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** <br> Caption in Compliance with D.N.J. LBR 9004-1(b) | |
| **STEPTOE LLP** <br><br> Timothy W. Walsh (admitted *pro hac vice*) <br> Joseph Archambeau (admitted *pro hac vice*) <br> 114 Avenue of the Americas <br> New York, NY 10036 <br> Tel: (212) 506-3900 <br> Email: twwalsh@steptoe.com <br>  jarchambeau@steptoe.com <br><br> *Counsel for the Powin Liquidating Trust* | **SHERMAN, SILVERSTEIN, KOHL, ROSE & PODOLSKY, P.A.** <br><br> Arthur J. Abramowitz <br> Ross J. Switkes <br> 308 Harper Drive, Suite 200 <br> Moorestown, NJ 08057 <br> Tel: (856) 662-0700 <br> Email:aabramowitz@shermansilverstein.com <br>  rswitkes@shermansilverstein.com <br><br> *Counsel for the Powin Liquidating Trust* |
| In re: <br><br> POWIN, LLC, *et al.*,[1] <br><br>  Debtors. | Chapter 11 <br><br> Case No. 25-16137 (MBK) <br><br> (Jointly Administered) <br><br> Honorable Michael B. Kaplan, U.S.B.J. |

## MOTION OF TRUST SEEKING AUTHORITY TO FILE UNDER SEAL TRUST'S OBJECTION TO MOTION OF PULSE CLEAN ENERGY SPV WATT LIMITED FOR RELIEF FROM THE AUTOMATIC STAY AND AUTHORIZING ACTIONS CONSISTENT THEREWITH

The Powin Liquidating Trust (the "Trust"), successor in interest to Powin, LLC ("Powin") and the above-referenced affiliated debtors and debtors-in-possession (collectively, the "Debtors"), by and through their undersigned counsel, respectfully submits this motion (the "Motion") seeking authority to file under seal the *Trust's Objection to Motion of Pulse Clean*

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin Project LLC [1583]; (ii) Powin, LLC [0504]; (iii) PEOS Holdings, LLC [5476]; (iv) Powin China Holdings 1, LLC [1422]; (v) Powin China Holdings 2, LLC [9713]; (vi) Charger Holdings, LLC [5241]; (vii) Powin Energy Ontario Storage, LLC [8348]; (viii) Powin Energy Operating Holdings, LLC [2495]; (ix) Powin Energy Operating, LLC [6487]; (x) Powin Energy Storage 2, Inc. [9926]; (xi) Powin Energy Ontario Storage II LP [5787]; (xii) Powin Canada B.C. Ltd. [2239]; and (xiii) Powin EKS SellCo, LLC [9110] . The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR 97062.

*Energy SPV Watt Limited for Relief from the Automatic Stay and Authorizing Actions Consistent Therewith* (the "Objection"). In support of the Motion, The Trust respectfully states as follows:

## JURISDICTION AND VENUE

1.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue for this Motion is proper under 28 U.S.C. §§ 1408 and 1409. The basis for the relief requested herein includes section 105(a), 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), Fed. R. Bankr. P. 9018, and D.N.J. LBR 9018-1.

## BACKGROUND

2.  On June 9, 2025 (the "Petition Date"),[2] the Debtors commenced a voluntary case for relief under Title 11 of the United States Code, §§ 101 et seq., as amended (the "Bankruptcy Code").

3.  On December 1, 2025, the Joint Combined Disclosure Statement and Chapter 11 Plan of Liquidation of Powin, LLC and Affiliates Thereof and the Official Committee of Unsecured Creditors [Docket No. 914] (the "Plan") was confirmed pursuant to the Findings of Fact, Conclusions of Law, and Order (I) Approving the Disclosure Statement on a Final Basis and (II) Confirming the Joint Combined Disclosure Statement and Chapter 11 Plan of Liquidation of Powin, LLC and Affiliates Thereof and the Official Committee of Unsecured Creditors [Docket No. 1165] (the "Confirmation Order"). In accordance with the Plan, the Trust was established to, among other things: (1) continue the wind-down of the Debtors; (2) liquidate various assets; (3)

---

[2] Lead Debtor Case No. 25-16137 (MBK) for Debtor Powin Project LLC was filed on June 9, 2025, and the majority of Debtors were filed shortly thereafter on June 10, 2025, except that, three additional Debtor-affiliates (Powin Energy Storage 2, Inc., Powin Energy Ontario Storage II LP, and Powin Canada B.C. Ltd.) filed for petitions on June 22, 2025, and Debtor-affiliate Powin EKS SellCo, LLC filed on October 10, 2025.

2

investigate, prosecute, settle, abandon or compromise the Debtors' remaining causes of action; and (4) make distributions in accordance with the Plan.

4. The Plan went effective on December 5, 2025 [Docket No. 1187] (the "Effective Date"), at which point the Trust succeeded the Debtors in all interests.

5. On November 24, 2025, Pulse filed their *Motion of Pulse Clean Energy SPV Watt Limited for Relief from the Automatic Stay and Authorizing Actions Consistent Therewith* [Docket No. 1127] (the "Pulse Motion"). Pulse simultaneously filed their *Motion of Pulse Clean Energy SPV Limited (I) to File Under Seal Exhibits B and C to Motion of Pulse Clean Energy SPV Watt Limited for Relief from the Automatic Stay and Authorizing Actions Consistent Therewith and (II) Granting Related Relief* [Docket No. 1128] (the "Seal Motion").

6. On December 15, 2025, the Court entered its *Order Authorizing Pulse Clean Energy SPV Watt Limited to File Confidential Exhibits Under Seal*, authorizing Pulse to file the ESA and Escrow Agreement under seal (the "Seal Order").

7. Contemporaneous with the filing of this Motion, the Trust is filing a redacted version of the Objection, due to the nature of the confidential information quoted in that submission.

8. Counsel to Pulse has consented to this Motion.

**LEGAL ARGUMENT**

9. By and through this Motion, the Trust respectfully requests that the Court authorize it to file under seal the unredacted version of the Objection.

10. Section 107(b) of the Bankruptcy Code provides an exception to the general rule that Court records should be publicly accessible by granting Bankruptcy Courts the power to issue orders that will protect parties from potential harm that may result from the disclosure of certain

3

confidential information. Specifically, the section provides, in relevant part, "[o]n request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may – protect an entity with respect to a trade secret or confidential research, development, or commercial information . . ." 11 U.S.C. § 107(b).

11. In addition, section 105(a) of the Bankruptcy Court empowers a Bankruptcy Court under its inherent equitable powers to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

12. Fed. R. Bank. P. 9018, setting forth the procedure that parties must undertake when moving for relief under section 107(b) of the Bankruptcy Code, provides, in relevant part, that on a motion or its own initiative, the Court "may make any order which justice requires . . . to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . ." Fed. R. Bankr. P. 9018. D.N.J. LBR 9018-1 requires parties seeking to file a document under seal to file a motion. D.N.J. LBR 9018-1.

13. Under section 107(b)(1), "if the information fits any of the specified categories, the court is required to protect a requesting interested party and has no discretion to deny the [motion]." *In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994). "[C]ourts must deny access to judicial documents – generally where open inspection may be used as a vehicle for improper purposes." *Id.* (internal citations omitted). The party seeking the sealing of part of the judicial record "bears the burden of showing that the material is the kind of information the courts will protect." *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001) (internal citations omitted). An interested party must only demonstrate that the information it seeks to seal is "confidential" and "commercial" in nature. *Orion Pictures Corp.*, 21 F.3d at 27.

14. Here, the redacted portions of the Objection reference and contain certain material that Pulse designated as "Confidential".

15. Accordingly, the Seal Order requires the Trust to file any reference to, or any copies of, such designated material under seal. The Trust desires to comply with the Seal Order and protect the confidential information referenced in the Objection.

16. Accordingly, the Trust respectfully requests that the Court authorize it to file under seal the unredacted version of the Objection.

## CONCLUSION

17. Based upon the foregoing, the Trust respectfully requests that the Court grant the Motion and enter the proposed Order submitted herewith.

| | |
|---|---|
| Dated: February 12, 2026 | **SHERMAN, SILVERSTEIN,**<br>**KOHL, ROSE & PODOLSKY, P.A.**<br>*/s/ Ross J. Switkes*<br>Arthur J. Abramowitz<br>Ross J. Switkes<br>308 Harper Drive, Suite 200<br>Moorestown, NJ 08057<br>Tel: (856) 662-0700<br>Email: aabramowitz@shermansilverstein.com<br>          rswitkes@shermansilverstein.com<br><br>- and -<br><br>**STEPTOE LLP**<br>Timothy W. Walsh (admitted *pro hac vice*)<br>Joseph Archambeau (admitted *pro hac vice*)<br>1114 Avenue of the Americas<br>New York, NY  10036<br>Telephone: (212) 957-3085<br>Email: twwalsh@steptoe.com<br>          jarchambeau@steptoe.com<br><br>*Co-Counsel for the Powin Liquidating Trust* |