| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** | |
| Caption in Compliance with D.N.J. LBR 9004-1(b)<br>**SHERMAN, SILVERSTEIN,**<br>**KOHL, ROSE & PODOLSKY, P.A.**<br><br>Arthur J. Abramowitz<br>Ross J. Switkes<br>308 Harper Drive, Suite 200<br>Moorestown, NJ 08057<br>Tel: (856) 662-0700<br>Email: aabramowitz@shermansilverstein.com<br>rswitkes@shermansilverstein.com<br><br>*Co-Counsel for the Powin Liquidating Trust* | **STEPTOE LLP**<br><br>Timothy W. Walsh (admitted *pro hac vice*)<br>Joseph Archambeau (*pro hac vice* pending)<br>1114 Avenue of the Americas<br>New York, NY 10036<br>Tel: (212) 506-3900<br>Email:twwalsh@steptoe.com<br>jarchambeau@steptoe.com<br><br>*Co-Counsel for the Powin Liquidating Trust* |
| In re:<br><br>POWIN, LLC, *et al.*,[1]<br><br>    Debtors. | Chapter 11<br><br>Case No. 25-16137 (MBK)<br><br>(Jointly Administered)<br><br>Honorable Michael B. Kaplan, U.S.B.J. |

### NOTICE OF TRUSTEE'S MOTION FOR ENTRY OF A FINAL DECREE AND AN ORDER CLOSING CERTAIN CHAPTER 11 CASES

**PLEASE TAKE NOTICE** that on **July 30, 2026 at 10:00 a.m. (prevailing Eastern Time)** or as soon thereafter as counsel may be heard, J.S. Held LLC as the Liquidating Trustee of the Powin Liquidating Trust (the "**Trustee**" of the "**Trust**"), successor in interest to Powin, LLC and its co-debtors (the "**Debtors**"); by and through undersigned counsel, shall move (the "**Motion**") before the Honorable Michael B. Kaplan, United States Bankruptcy Judge, in Courtroom #8 of the United States Bankruptcy Court for the District of New Jersey (the

---

[1] The Debtors in these "**Chapter 11 Cases**", along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin Project LLC [1583]; (ii) Powin, LLC [0504]; (iii) PEOS Holdings, LLC [5476]; (iv) Powin China Holdings 1, LLC [1422]; (v) Powin China Holdings 2, LLC [9713]; (vi) Charger Holdings, LLC [15241]; (vii) Powin Energy Ontario Storage, LLC [8348]; (viii) Powin Energy Operating Holdings, LLC [2495]; (ix) Powin Energy Operating, LLC [6487]; (x) Powin Energy Storage 2, Inc. [9926]; (xi) Powin Energy Ontario Storage II LP [5787]; (xii) Powin Canada B.C. Ltd. [2239]; and (xiii) Powin EKS SellCo, LLC [9110]. The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR 97062.

"**Bankruptcy Court**"), 402 East State Street, Trenton, New Jersey 08608, or such other physical or virtual location as may be determined by the Court, for entry of an order, substantially in the form submitted herewith.

PLEASE TAKE FURTHER NOTICE the Motion sets forth the relevant factual bases upon which the relief requested should be granted. A Proposed Order granting the relief requested in the Motion is also submitted herewith.

PLEASE TAKE FURTHER NOTICE that objections, if any, to the relief requested in the Motion shall: (i) be in writing, (ii) state with particularity the basis of the objection; and (iii) be filed with the Clerk of the United States Bankruptcy Court electronically by attorneys who regularly practice before the Bankruptcy Court in accordance with the General Order Regarding Electronic Means for Filing Signing, and Verification of Documents dated March 27, 2002 (the "**General Order**") and the Commentary Supplementing Administrative Procedures dated as of March 2004 (the "**Supplemental Commentary**") (the General Order, the Supplemental Commentary and the User's Manual for the Electronic Case Filing System can be found at www.njb.uscourts.gov, the official website for the Bankruptcy Court) and, by all other parties in interest, in Portable Document Format (PDF), and shall be served in accordance with the General Order and the Supplemental Commentary, so as to be received no later than seven (7) days before the hearing date set forth above.

PLEASE TAKE FURTHER NOTICE that copies of all documents filed in these Chapter 11 Cases may be obtained free of charge by visiting the website of Verita Global at https://www.veritaglobal.net/powin; you may also obtain copies of any pleadings by visiting the Court's website at www.njb.uscourts.gov in accordance with the procedures and fees set forth therein.

2

**PLEASE TAKE FURTHER NOTICE** that unless responses are timely filed and served,

the Motion shall be decided on the papers in accordance with D.N.J. LBR 9013-3(d), and the relief

requested may be granted without further notice or hearing.


Dated: July 7, 2026

/s/ Arthur J. Abramowitz
Arthur J. Abramowitz
Ross J. Switkes
**SHERMAN, SILVERSTEIN,**
**KOHL, ROSE & PODOLSKY, P.A.**
308 Harper Drive, Suite 200
Moorestown, NJ 08057
Tel: (856) 662-0700
Email: aabramowitz@shermansilverstein.com
rswitkes@shermansilverstein.com

*Co-Counsel for the Powin Liquidating Trust*

3

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** | |
| Caption in Compliance with D.N.J. LBR 9004-1(b)<br>**SHERMAN, SILVERSTEIN,**<br>**KOHL, ROSE & PODOLSKY, P.A.**<br><br>Arthur J. Abramowitz<br>Ross J. Switkes<br>308 Harper Drive, Suite 200<br>Moorestown, NJ 08057<br>Tel: (856) 662-0700<br>Email: aabramowitz@shermansilverstein.com<br>rswitkes@shermansilverstein.com<br><br>*Co-Counsel for the Powin Liquidating Trust* | **STEPTOE LLP**<br><br>Timothy W. Walsh (admitted *pro hac vice*)<br>Joseph Archambeau (*pro hac vice* pending)<br>1114 Avenue of the Americas<br>New York, NY 10036<br>Tel: (212) 506-3900<br>Email:twwalsh@steptoe.com<br>jarchambeau@steptoe.com<br><br>*Co-Counsel for the Powin Liquidating Trust* |
| In re:<br><br>POWIN, LLC, *et al.*,[1]<br><br>    Debtors. | Chapter 11<br><br>Case No. 25-16137 (MBK)<br><br>(Jointly Administered)<br><br>Honorable Michael B. Kaplan, U.S.B.J. |

### TRUSTEE'S MOTION FOR ENTRY OF A FINAL DECREE AND AN ORDER CLOSING CERTAIN CHAPTER 11 CASES

J.S. Held LLC as the Liquidating Trustee of the Powin Liquidating Trust (the "**Trustee**"

of the "**Trust**"), successor in interest to Powin, LLC and its co-debtors (the "**Debtors**"); by and

through undersigned counsel, pursuant to section 350 of title 11 of the United States Code (the

"**Bankruptcy Code**"), Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy**

**Rules**"), and Rule 3022-1 of the Local Rules of the United States Bankruptcy Court for the District

of New Jersey (the "**Local Rules**"), hereby files this *Trustee's Motion for Entry of a Final Decree*

---

[1] The Debtors in these "**Chapter 11 Cases**", along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin Project LLC [1583]; (ii) Powin, LLC [0504]; (iii) PEOS Holdings, LLC [5476]; (iv) Powin China Holdings 1, LLC [1422]; (v) Powin China Holdings 2, LLC [9713]; (vi) Charger Holdings, LLC [15241]; (vii) Powin Energy Ontario Storage, LLC [8348]; (viii) Powin Energy Operating Holdings, LLC [2495]; (ix) Powin Energy Operating, LLC [6487]; (x) Powin Energy Storage 2, Inc. [9926]; (xi) Powin Energy Ontario Storage II LP [5787]; (xii) Powin Canada B.C. Ltd. [2239]; and (xiii) Powin EKS SellCo, LLC [9110]. The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR 97062.

*and an Order Closing Certain Chapter 11 Cases* (the "**Motion**"). In support of the Motion, the Trustee respectfully represents as follows:

## Relief Requested

1. The Trustee seeks, on behalf of the Trust and the Debtors, entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), closing each of the Chapter 11 Cases except for the following (the "**Remaining Cases**"):

    i.    Powin, LLC [0504], case number 25-16137 (MBK); and
    ii.    Powin Project LLC [1583], case number 25-16136 (MBK).

2. By this Motion, the Trustee respectfully requests entry of the Proposed Order, pursuant to sections 105(a) and 350(a) of the Bankruptcy Code, Bankruptcy Rule 3022, and Local Rules 2002-1(e) and 3022-1(a), and the terms of the Plan and the Confirmation Order, substantially in the form attached hereto as **Exhibit A,** (i) closing the Completed Cases; and (ii) granting related relief.

## Jurisdiction and Venue

3. The United States Bankruptcy Court for the District of New Jersey (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. sections 157 and 1334, Confirmation Order ¶ NN and Plan section 18 (defined below).

4. This matter is a core proceeding within the meaning of 28 U.S.C. section 157(b)(2).

5. Venue in this Court is proper pursuant to 28 U.S.C. sections 1408 and 1409.

6. The statutory predicates for the relief requested herein are sections 105(a) and 350(a) of the Bankruptcy Code, Bankruptcy Rule 3022, and Local Rule 3022-1.

## Background

7.     On June 9, 2025 (the "**Petition Date**"),[2] the Debtors each commenced a voluntary case for relief under chapter 11 of the Bankruptcy Code.

8.     On August 20, 2025, the Court entered the *Order Establishing Deadlines for Filing Proofs of Claim and Approving Notice* [Docket No. 758], setting the general bar for filing proofs of claims as September 29, 2025.

9.     The Court issued the **Confirmation Order**[3] on December 1, 2025. The **Plan**[4] went effective on December 5, 2025 (the "**Effective Date**").

10.     These Chapter 11 Cases were jointly administered under the Lead Debtor Case, numbered 25-16137 (MBK). With the assistance of Verita Restructuring Administration (the "**Claims and Noticing Agent**"), the Debtors served the Solicitation Materials, including the Plan, as well as the Confirmation Order and the Effective Date Notice on the various creditors and parties in interest in the Chapter 11 Cases. *See* Docket Nos. 1020, 1165, 1187.

> Pursuant to the Confirmation Order: Except as otherwise provided in the Plan, the Liquidating Trustee shall have the right to object to Claims on any basis. Subject to further extension by the Bankruptcy Court with or without notice, the Liquidating Trustee may object to the allowance of all Claims on or before the Claim Objection Deadline. From and after the Effective Date, the Liquidating Trust shall succeed to all of the rights, defenses, offsets, and counterclaims of the Debtors and the Estates in respect of all Claims, and in that capacity shall have the exclusive power to prosecute, defend, compromise, settle, and otherwise deal with all such objections.

---

[2] "**Lead Debtor Case**" No. 25-16137 (MBK) for Debtor Powin, LLC filed for voluntary relief under Chapter 11 of the Bankruptcy Code on June 9, 2025. Powin Canada B.C. Ltd., Powin Energy Ontario Storage II LP, and Powin Energy Storage 2, Inc., filed on June 22, 2025. Powin EKS SellCo, LLC filed on October 10, 2025, and the remaining Debtors filed on June 10, 2025.

[3] *Findings of Fact, Conclusions of Law, and Order (I) Approving the Disclosure Statement on a Final Basis and (II) Confirming the Joint Combined Disclosure Statement and Chapter 11 Plan of Liquidation of Powin, LLC and Affiliates Thereof and the Official Committee of Unsecured Creditors* [Docket No. 1165]

[4] *Joint Combined Disclosure Statement and Chapter 11 Plan of Liquidation of Powin, LLC and Affiliates Thereof and the Official Committee of Unsecured Creditors* [Docket No. 942] as amended, modified, or supplemented. The Plan Supplement is filed at Docket No. 1036. The Amended Plan Supplement is filed at Docket No. 1038 and the Amended Exhibits to the Amended Plan Supplement are filed at Docket No. 1055.

Confirmation Order ¶ 31.

11.     Pursuant to the Plan, requests for payment of Administrative Expense Claims arising between the Petition Date and the Effective Date of the Plan had to be filed no later than sixty (60) days after the Effective Date—February 3, 2026.  Confirmation Order ¶ 33.

12.     On June 2, 2026, the Court issued its *Order Extending the Deadline to Object to Claims* [Docket No. 1401], continuing the Claims Objection Deadline to December 7, 2026. Plan § 2 ("the 'Claims Objection Deadline' means the date that is one hundred eighty (180) days after the Effective Date, or such other date as may be fixed by the Bankruptcy Court").

13.     Pursuant to the Plan, the Trustee is to pay holders of Allowed Priority Claims, Allowed Other Secured Claims, and Allowed Other Priority Claims, in full.  Plan §§ 7.1-7.3.

14.     Holders of allowed General Unsecured Claims are to receive their *pro rata* distributions. Plan § 7.5.

15.     Since the Effective Date, the Trustee has paid all required Court fees, United States Trustee fees, and other appropriate Post-Confirmation Expenses, and will continue to pay all required fees and expenses until the relief requested in this Motion is granted.

16.     The Trustee and its professionals continue to maintain possession of the remaining records relating to the Debtors and their prior business operations, including correspondence, records, financial data and other files maintained in connection with claims, plan confirmation and various other matters.

17.     As of the date hereof, and except as otherwise described herein, the Trustee believes that all matters relating to the following cases are complete (the "**Completed Cases**"):

    i.    PEOS Holdings, LLC [5476], case number 25-16144 (MBK);
    ii.    Powin China Holdings 1, LLC [1422], case number 25-16138 (MBK);
    iii.    Powin China Holdings 2, LLC [9713], case number 25-16139 (MBK);
    iv.    Charger Holdings, LLC [15241], case number 25-16140 (MBK);

v.     Powin Energy Ontario Storage, LLC [8348], case number 25-16141 (MBK);
vi.    Powin Energy Operating Holdings, LLC [2495], case number 25-16142 (MBK);
vii.   Powin Energy Operating, LLC [6487] case number 25-16143 (MBK);
viii.  Powin Energy Storage 2, Inc. [9926], case number 25-16558 (MBK);
ix.    Powin Energy Ontario Storage II LP [5787], case number 25-16559 (MBK);
x.     Powin Canada B.C. Ltd. [2239], case number 25-16560 (MBK); and
xi.    Powin EKS SellCo, LLC [9110], case number 25-20757 (MBK).

18.    Accordingly, the Trustee believes that these Completed Cases have been fully administered and should be closed.  As such, the Trustee requests that the Court issue a final decree closing these Completed Cases in order to relieve the Court, the Office of the United States Trustee, and the Trustee of the administrative burdens related to these Completed Cases and to allow the Trust to cease incurring further quarterly fees under 28 U.S.C. section 1930. All expenses arising from the administration of these Completed Cases, including court fees required under 28 U.S.C. section 1930(a)(6), have been paid as of the date hereof or will be paid prior to the hearing on this Motion.

19.    The Trustee does not currently anticipate any significant contested matters related to the Completed Cases. However, miscellaneous motions, applications, pleadings, or other matters or proceedings may arise from time to time (collectively, the "**Remaining Matters**"). Any Remaining Matters related to any of the Debtors can be filed, administered, and adjudicated in the Remaining Cases without any substantive or negative impact on any party in interest.

20.    Since the Effective Date of the Plan, the Trustee has been diligently attending to an extensive list of obligations under the Plan including, without limitation, winding down the Debtors' businesses, settling disputes, liquidating inventory, and addressing numerous motions and requests for payment.

**Basis for Relief**

21.    Section 350(a) of the Bankruptcy Code provides that "[a]fter the estate is fully

5

administered, and the court has discharged the trustee, the court shall close the case." 11 U.S.C. § 350(a). Bankruptcy Rule 3022, which implements section 350 of the Bankruptcy Code, further provides that "[a]fter the estate is fully administered in a Chapter 11 Case, the court must, on its own or a party in interest's motion, enter a final decree closing the case." Fed. R. Bankr. P. 3022.

22. The term "fully administered" is not defined in either the Bankruptcy Code or the Bankruptcy Rules. The Advisory Committee Note to Bankruptcy Rule 3022, however, sets forth the following non-exclusive factors to be considered in determining whether a case has been fully administered:

a. Whether the order confirming the plan has become final;

b. Whether deposits required by the plan have been distributed;

c. Whether the property proposed by the plan to be transferred has been transferred;

d. Whether the debtor or its successor has assumed the business or the management of the property dealt with by the plan;

e. Whether payments under the plan have commenced; and

f. Whether all motions, contested matters, and adversary proceedings have been finally resolved.

Fed. R. Bankr. P. 3022(a), Advisory Committee's Note (1991).

23. Bankruptcy courts have adopted the view that such factors are "but a guide in determining whether a case has been fully administered, and not all factors need to be present before the case is closed." *In re SLI, Inc.*, No. 02-12608, 2005 WL 1668396, at *2 (Bankr. D. Del. June 24, 2005) (citing *In re Mold Makers, Inc.*, 124 B.R. 766, 768-69 (Bankr. N.D. Ill. 1990)); *see also In re Kliegl Bros. Universal Elec. Stage Lighting Co., Inc.*, 238 B.R. 531, 542 (Bankr. E.D.N.Y. 1999) (recognizing that bankruptcy courts weigh these factors when deciding whether to close a case); *In re Jay Bee Enters., Inc.*, 207 B.R. 536, 538 (Bankr. E.D. Ky. 1997) (same);

*Walnut Assocs. v. Saidel*, 164 B.R. 487, 493 (E.D. Pa. 1994) ("[A]ll of the factors in the Committee Note need not be present before the Court will enter a final decree."); *In re Valence Tech., Inc.*, No. 12-11580-CAG, 2014 Bankr. LEXIS 4429, at *7 (Bankr. W.D. Tex. Oct. 17, 2014) (holding that the factors "are not exhaustive nor must all six factors be present to establish that a case should be closed" (citing *In re Union Home & Indus., Inc.*, 375 B.R. 912, 917 (10th Cir. B.A.P. 2007))).

24.     The Trustee does not require that all thirteen (13) cases remain open and pending to complete his obligations under the Plan.

25.     The Debtors have a clear and specific reason to close the Completed Cases as promptly as possible. If the Completed Cases remain open, the Trust will incur substantial additional fees paid to the United States Trustee pursuant to section 1930 of title 28 of the United States Code (the "**Section 1930 Fees**"). Closing the Completed Cases immediately will therefore save the Trust a substantial expense that they would otherwise continue to incur while the Completed Cases unnecessarily remain open. Indeed, the ongoing administrative and financial burden on the Completed Cases provides little corresponding benefit to any party in these Chapter 11 Cases. Moreover, courts have found that entry of a final decree is appropriate to stop the accrual of Section 1930 Fees. *See, e.g., In re Jay Bee Enters., Inc.*, 207 B.R. 536, 539 (Bankr. E.D. Ky. 1997) (concluding that "it seems appropriate to close this case to stop the financial drain on the debtor" due to accrual of Section 1930 Fees).

26.     In total, the factors clearly support a finding that the Completed Cases have been "fully administered" and the Debtors should be permitted to close the Completed Cases.

27.     While the Trustee acknowledges that the payment of certain claims may be pending, such claims will be paid pursuant to the Plan by the Trust. The fact that certain payments to be made pursuant to a plan remain to be distributed should not be an impediment to the issuance

7

of a final decree. *See, e.g., In re Jay Bee Enterprises, Inc.*, 207 B.R. at 539 (finding that Bankruptcy Rule 3022 "does not require that a chapter 11 case be kept open until all awarded fees and allowed claims have been paid in accordance with the confirmed plan or until the statutory fees . . . have been paid"); *In re JMP-Newcor Int'l, Inc.*, 225 B.R. 462, 465 (Bankr. N.D. Ill. 1998) (entering a final decree although the debtors still needed to make certain disbursements). "The court should not keep [a] case open only because of the possibility that the court's jurisdiction may be invoked in the future." Fed. R. Bankr. P. 3022, Advisory Comm. Note (1991).

28.    The Trust will continue to work to resolve any Remaining Matters. To the extent issues arise relating to the Debtors, such matters can be resolved in the Remaining Cases without keeping the dockets of the Completed Cases open. Closing the dockets of the Completed Cases will have no impact on the resolution of any remaining claims or distributions, other legal entitlements under the Plan, or the substantive rights of any party in interest, and would stop the accrual of Section 1930 Fees associated with the Completed Cases.

29.    In the event that the Completed Cases need to be reopened, section 350(b) of the Bankruptcy Code provides a clear process for doing so.

30.    Lastly, courts in this and other jurisdictions have issued final decrees closing chapter 11 cases while retaining jurisdiction over certain pending matters. *See, e.g., In re New Rite Aid, LLC*, No. 25-14861 (MBK) (Bankr. D.N.J. Aug. 2, 2024) [Docket No. 3695] (closing affiliated chapter 11 cases and retaining jurisdiction over the Remaining Cases); *In re Thrasio Holdings, Inc.*, No. 24-11840 (CMG) (Bankr. D.N.J. Aug. 2, 2024) [Docket No. 1983]; *In re WeWork Inc.*, No. 23-19865 (JKS) (Bankr. D.N.J. July 30, 2024) [Docket No. 2259]; *In re Cyxtera Techs., Inc.*, No. 23-14853 (JKS) (Bankr. D.N.J. Mar. 27, 2024) [Docket No. 953]; *In re MVK FarmCo LLC*, No. 23-11721 (LSS) (Bankr. D. Del. May 17, 2024) [Docket No. 995].

31.     Accordingly, entry of the Proposed Order closing the Completed Cases is an appropriate use of the Court's equitable powers pursuant to section 105(a) of the Bankruptcy Code.

### No Prior Request

32.     No prior request for the relief sought in this Motion has been made to this Court or any other court.

### Notice

33.     The Trustee will provide notice of this Motion to the following parties and/or their respective counsel, as applicable: (a) the office of the U.S. Trustee; and (b) any party that has requested notice in the Chapter 11 Cases pursuant to Bankruptcy Rule 2002. The Trustee submits that, in light of the nature of the relief requested, no other or further notice need be given.

**WHEREFORE**, the Trustee respectfully requests entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: July 7, 2026

*/s/ Arthur J. Abramowitz*
Arthur J. Abramowitz
Ross J. Switkes
**SHERMAN, SILVERSTEIN,**
**KOHL, ROSE & PODOLSKY, P.A.**
308 Harper Drive, Suite 200
Moorestown, NJ 08057
Tel: (856) 662-0700
Email: aabramowitz@shermansilverstein.com
         rswitkes@shermansilverstein.com

*Co-Counsel for the Powin Liquidating Trust*

9

**Exhibit A**
Proposed Order

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** | |
| Caption in Compliance with D.N.J. LBR 9004-1(b) **SHERMAN, SILVERSTEIN, KOHL, ROSE & PODOLSKY, P.A.**<br><br>Arthur J. Abramowitz<br>Ross J. Switkes<br>308 Harper Drive, Suite 200<br>Moorestown, NJ 08057<br>Tel: (856) 662-0700<br>Email: aabramowitz@shermansilverstein.com<br>rswitkes@shermansilverstein.com<br><br>*Co-Counsel for the Powin Liquidating Trust* | **STEPTOE LLP**<br><br>Timothy W. Walsh (admitted *pro hac vice*)<br>Joseph Archambeau (*pro hac vice* pending)<br>1114 Avenue of the Americas<br>New York, NY 10036<br>Tel: (212) 506-3900<br>Email:twwalsh@steptoe.com<br>jarchambeau@steptoe.com<br><br>*Co-Counsel for the Powin Liquidating Trust* |
| In re:<br><br>POWIN, LLC, *et al.*,[1]<br><br>        Debtors. | Chapter 11<br><br>Case No. 25-16137 (MBK)<br><br>(Jointly Administered)<br><br>Honorable Michael B. Kaplan, U.S.B.J. |

## FINAL DECREE AND AN ORDER CLOSING CERTAIN CHAPTER 11 CASES

The relief set forth on the following pages, numbered two (2) through six (6), is

**ORDERED**.

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin Project LLC [1583]; (ii) Powin, LLC [0504]; (iii) PEOS Holdings, LLC [5476]; (iv) Powin China Holdings 1, LLC [1422]; (v) Powin China Holdings 2, LLC [9713]; (vi) Charger Holdings, LLC [15241]; (vii) Powin Energy Ontario Storage, LLC [8348]; (viii) Powin Energy Operating Holdings, LLC [2495]; (ix) Powin Energy Operating, LLC [6487]; (x) Powin Energy Storage 2, Inc. [9926]; (xi) Powin Energy Ontario Storage II LP [5787]; (xii) Powin Canada B.C. Ltd. [2239]; and (xiii) Powin EKS SellCo, LLC [9110]. The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR 97062.

(Page | 2)
Debtors:          POWIN, LLC, et al.
Case No.          25-16137 (MBK)
Caption of Order:  FINAL DECREE AND AN ORDER CLOSING CERTAIN CHAPTER
                  11 CASES

---

Upon the *Trustee's Motion for Entry of a Final Decree and an Order Closing Certain Chapter 11 Cases* (the "**Motion**"),[2] pursuant to the Plan, sections 350(a) and 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 3022-1 of the Local Rules of the United States Bankruptcy Court for the District of New Jersey (the "**Local Rules**"); and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. sections 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11*, entered September 18, 2012 (Simandle, C.J.) and amended on June 6, 2025 (Bumb, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. sections 1408 and 1409; and this Court having found that sufficient cause exists for the relief set forth herein; and this Court having found that the Trustee's notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT:**

1.     The Motion is GRANTED as set forth herein.

2.     The following Completed Cases are hereby closed and a final decree is granted effective as of the date of entry of this Final Decree; provided that this Court shall retain jurisdiction as provided in the Plan, the Confirmation Order, and this Final Decree:

    i.     PEOS Holdings, LLC [5476], case number 25-16144 (MBK);
    ii.    Powin China Holdings 1, LLC [1422], case number 25-16138 (MBK);

---

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

(Page | 3)
Debtors:            POWIN, LLC, et al.
Case No.            25-16137 (MBK)
Caption of Order:   FINAL DECREE AND AN ORDER CLOSING CERTAIN CHAPTER
                    11 CASES

iii.   Powin China Holdings 2, LLC [9713], case number 25-16139 (MBK);
iv.    Charger Holdings, LLC [15241], case number 25-16140 (MBK);
v.     Powin Energy Ontario Storage, LLC [8348], case number 25-16141 (MBK);
vi.    Powin Energy Operating Holdings, LLC [2495], case number 25-16142 (MBK);
vii.   Powin Energy Operating, LLC [6487], case number 25-16143 (MBK);
viii.  Powin Energy Storage 2, Inc. [9926], case number 25-16558 (MBK);
ix.    Powin Energy Ontario Storage II LP [5787], case number 25-16559 (MBK);
x.     Powin Canada B.C. Ltd. [2239], case number 25-16560 (MBK); and
xi.    Powin EKS SellCo, LLC [9110], case number 25-20757 (MBK).

3.     The "**Remaining Cases**" of (i) Powin, LLC [0504], case number 25-16137 (MBK); and (ii) Powin Project LLC [1583], case number 25-16136 (MBK) shall remain open pending the entry of a final decree by this Court closing the Remaining Cases.

4.     All Remaining Matters, including claims reconciliation with respect to claims against any Debtor, shall be filed, administered, and adjudicated in the Remaining Cases without the need to reopen any Completed Case, and the Court retains jurisdiction and authority with regard to the Remaining Matters, whether or not they pertain to the Remaining Cases or the Completed Cases. For the avoidance of doubt, nothing herein shall modify the rights or responsibilities of the Trust with respect to the Remaining Matters.

5.     The clerk shall designate on the docket of each Completed Case that the Chapter 11 Cases are now being administered under the Lead Debtor Case. The Debtors shall make a docket entry in each of the Completed Cases substantially similar to the following:

> An order has been entered in this case directing that all further reporting concerning the administration of the assets and liabilities in this case will occur only in the case of Powin, LLC, Case No. 25-16137 (MBK). The docket in Case No. 25-16137 (MBK) should be consulted for all matters affecting this case. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

6.     The Trust shall pay the appropriate sum of quarterly fees due and payable under 28 U.S.C. sections 1930(a)(6)(A) and (B) for the Completed Cases within forty-five (45) days after

3

(Page | 4)
Debtors:              POWIN, LLC, et al.
Case No.              25-16137 (MBK)
Caption of Order:     FINAL DECREE AND AN ORDER CLOSING CERTAIN CHAPTER
                      11 CASES

the date of entry of the Final Decree, subject to further extensions with prior written agreement between the Debtors and the U.S. Trustee (email being sufficient); provided that, for the avoidance of doubt, effective as of the date of entry of the Final Decree, no further quarterly U.S. Trustee fees shall be due and payable by the Debtors of the Completed Cases. This Court shall retain jurisdiction to enforce fees assessed under 28 U.S.C. sections 1930(a)(6)(A) and (B).

7.     Quarterly disbursements for the Remaining Cases will be reported in post-confirmation reports, and quarterly fees will be paid when due and payable under 28 U.S.C. sections 1930(a)(6)(A) and (B) pending the entry of a final decree by this Court closing the Remaining Cases.

8.     Entry of this Final Decree is without prejudice to (a) the rights of the Debtors or any party in interest to seek to reopen any of the Completed Cases for cause pursuant to section 350(b) of the Bankruptcy Code and (b) the rights of the Debtors, the Trustee acting on behalf of the Trust, or any entity authorized pursuant to the Plan, as applicable, to (i) commence, prosecute, and/or resolve any claims filed against any Debtor or any other person in these Chapter 11 Cases, or (ii) object to claims filed against any Debtor.

9.     This Final Decree shall have no effect whatsoever on any contested matter, adversary proceeding, or other matters pending before this Court, as provided in the Plan and the Confirmation Order. Notwithstanding anything to the contrary contained in the Plan, any failure of any Debtor, or any entity authorized pursuant to the Plan, as applicable, to file an objection to a claim against or interest in any Debtor's chapter 11 case shall not constitute allowance of the claim and shall not result in such claim being deemed allowed against any Debtor. Any objections to

4

(Page | 5)
Debtors:          POWIN, LLC, et al.
Case No.          25-16137 (MBK)
Caption of Order:  FINAL DECREE AND AN ORDER CLOSING CERTAIN CHAPTER
                   11 CASES

---

claims against or interests in the Debtors may be filed, administered, and adjudicated in the Remaining Cases.

10.     Notwithstanding entry of this Final Decree, the Trustee acting on behalf of the Trust, shall be entitled to prosecute claims and defenses, make distributions, and attend to other affairs on behalf of each of the other former Debtors as if such former Debtors' estates continued to exist.

11.     Notwithstanding the entry of this Final Decree or 11 U.S.C. section 550(f), the closing of the Completed Cases shall not affect the rights of the Debtors, the Wind-Down Debtors, the Reorganized Debtors, or the Trustee acting on behalf of the Trust granted pursuant to the Plan and the Confirmation Order, including, without limitation, in connection with (a) commencing or maintaining any action, claim, or proceeding, and/or (b) actions, claims, or proceedings to recover from any transferee or any subsequent transferee (in each case to the extent consistent with the Plan and the Confirmation Order).

12.     This Final Decree shall be immediately effective and enforceable upon its entry.

13.     The Trust and any entity authorized pursuant to the Plan and/or the Confirmation Order, and their respective agents, are authorized to take all actions necessary to effectuate the relief granted pursuant to this Final Decree in accordance with the Motion.

14.     Nothing in this Final Decree shall change the amount or nature of any distribution, or any other substantive rights, that any claim against or interest in any Debtor would have been entitled to under the Plan, the Confirmation Order, the Bankruptcy Code, the Bankruptcy Rules, or otherwise, had this Final Decree not been entered.

5

(Page | 6)

| | |
|---|---|
| Debtors: | POWIN, LLC, et al. |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | FINAL DECREE AND AN ORDER CLOSING CERTAIN CHAPTER 11 CASES |

15.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Decree.