**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

Caption in Compliance with D.N.J. LBR 9004-1(b)

**SHERMAN, SILVERSTEIN,**
**KOHL, ROSE & PODOLSKY, P.A.**

Arthur J. Abramowitz
Ross J. Switkes
308 Harper Drive, Suite 200
Moorestown, NJ 08057
Tel: (856) 662-0700
Email: aabramowitz@shermansilverstein.com
rswitkes@shermansilverstein.com

*Co-Counsel for the Powin Liquidating Trust*



Order Filed on July 30, 2026
by Clerk
U.S. Bankruptcy Court
District of New Jersey

| | |
|---|---|
| In re:<br><br>POWIN, LLC, *et al.*,[1]<br><br>      Debtors. | Chapter 11<br><br>Case No. 25-16137 (MBK)<br><br>(Jointly Administered)<br><br>Honorable Michael B. Kaplan, U.S.B.J. |

### Final Decree and an Order Closing Certain Chapter 11 Cases

The relief set forth on the following pages, numbered two (2) through six (6), is

**ORDERED**.

**DATED: July 30, 2026**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

(Page | 2)

| | |
|---|---|
| Debtors: | POWIN, LLC, et al. |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | FINAL DECREE AND AN ORDER CLOSING CERTAIN CHAPTER 11 CASES |

Upon the *Trustee's Motion for Entry of a Final Decree and an Order Closing Certain Chapter 11 Cases* (the "**Motion**"),[2] pursuant to the Plan, sections 350(a) and 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 3022-1 of the Local Rules of the United States Bankruptcy Court for the District of New Jersey (the "**Local Rules**"); and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. sections 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11*, entered September 18, 2012 (Simandle, C.J.) and amended on June 6, 2025 (Bumb, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. sections 1408 and 1409; and this Court having found that sufficient cause exists for the relief set forth herein; and this Court having found that the Trustee's notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED as set forth herein.

2.      The following Completed Cases are hereby closed and a final decree is granted effective as of the date of entry of this Final Decree; provided that this Court shall retain jurisdiction as provided in the Plan, the Confirmation Order, and this Final Decree:

    i.      PEOS Holdings, LLC [5476], case number 25-16144 (MBK);
    ii.     Powin China Holdings 1, LLC [1422], case number 25-16138 (MBK);

---

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

(Page | 3)
Debtors:          POWIN, LLC, et al.
Case No.          25-16137 (MBK)
Caption of Order:  FINAL DECREE AND AN ORDER CLOSING CERTAIN CHAPTER
                   11 CASES

iii.   Powin China Holdings 2, LLC [9713], case number 25-16139 (MBK);
iv.    Charger Holdings, LLC [15241], case number 25-16140 (MBK);
v.     Powin Energy Ontario Storage, LLC [8348], case number 25-16141 (MBK);
vi.    Powin Energy Operating Holdings, LLC [2495], case number 25-16142 (MBK);
vii.   Powin Energy Operating, LLC [6487], case number 25-16143 (MBK);
viii.  Powin Energy Storage 2, Inc. [9926], case number 25-16558 (MBK);
ix.    Powin Energy Ontario Storage II LP [5787], case number 25-16559 (MBK);
x.     Powin Canada B.C. Ltd. [2239], case number 25-16560 (MBK); and
xi.    Powin EKS SellCo, LLC [9110], case number 25-20757 (MBK).

3.     The "**Remaining Cases**" of (i) Powin, LLC [0504], case number 25-16137 (MBK); and (ii) Powin Project LLC [1583], case number 25-16136 (MBK) shall remain open pending the entry of a final decree by this Court closing the Remaining Cases.

4.     All Remaining Matters, including claims reconciliation with respect to claims against any Debtor, shall be filed, administered, and adjudicated in the Remaining Cases without the need to reopen any Completed Case, and the Court retains jurisdiction and authority with regard to the Remaining Matters, whether or not they pertain to the Remaining Cases or the Completed Cases. For the avoidance of doubt, nothing herein shall modify the rights or responsibilities of the Trust with respect to the Remaining Matters.

5.     The clerk shall designate on the docket of each Completed Case that the Chapter 11 Cases are now being administered under the Lead Debtor Case as defined in the Motion. The Debtors and/or the Liquidating Trustee shall make a docket entry in each of the Completed Cases substantially similar to the following:

An order has been entered in this case directing that all further reporting concerning the administration of the assets and liabilities in this case will occur only in the case of Powin, LLC, Case No. 25-16137 (MBK). The docket in Case No. 25-16137 (MBK) should be consulted for all matters affecting this case. This Court retains exclusive jurisdiction with respect to

3

(Page | 4)

| | |
|---|---|
| Debtors: | POWIN, LLC, et al. |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | FINAL DECREE AND AN ORDER CLOSING CERTAIN CHAPTER 11 CASES |

all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

6.      Subject to paragraph 65 of the Confirmation Order (Dkt. 1165), the Trust, the Liquidating Trustee, and the Debtors shall file quarterly reports through the date of entry of the Final Decree and pay the appropriate sum of quarterly fees due and payable under 28 U.S.C. sections 1930(a)(6)(A) and (B) for the Completed Cases within forty-five (45) days after the date of entry of the Final Decree, subject to further extensions with prior written agreement between the Debtors, the Trustee, and/or the Liquidating Trustee and the U.S. Trustee (email being sufficient); provided that, for the avoidance of doubt, effective as of the date of entry of the Final Decree, no further quarterly U.S. Trustee fees shall be due and payable by the Debtors, the Trustee, and/or the Liquidating Trustee of the Completed Cases. This Court shall retain jurisdiction to enforce fees assessed under 28 U.S.C. sections 1930(a)(6)(A) and (B).

7.      Subject to paragraph 65 of the Confirmation Order (Dkt. 1165), the Debtors, the Trustee, and/or the Liquidating Trustee shall report quarterly disbursements for the Remaining Cases in post-confirmation reports, and quarterly fees will be paid when due and payable under 28 U.S.C. sections 1930(a)(6)(A) and (B) pending the entry of a final decree by this Court closing the Remaining Cases.

8.      Entry of this Final Decree is without prejudice to (a) the rights of the Debtors or any party in interest to seek to reopen any of the Completed Cases for cause pursuant to section 350(b) of the Bankruptcy Code and (b) the rights of the Debtors, the Liquidating Trustee acting on behalf of the Trust, or any entity authorized pursuant to the Plan, as applicable, to (i) commence,

4

(Page | 5)

| | |
|---|---|
| Debtors: | POWIN, LLC, et al. |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | FINAL DECREE AND AN ORDER CLOSING CERTAIN CHAPTER 11 CASES |

prosecute, and/or resolve any claims filed against any Debtor or any other person in these Chapter 11 Cases, or (ii) object to claims filed against any Debtor.

9.  This Final Decree shall have no effect whatsoever on any contested matter, adversary proceeding, or other matters pending before this Court, as provided in the Plan and the Confirmation Order. Notwithstanding anything to the contrary contained in the Plan, any failure of any Debtor, or any entity authorized pursuant to the Plan, as applicable, to file an objection to a claim against or interest in any Debtor's chapter 11 case shall not constitute allowance of the claim and shall not result in such claim being deemed allowed against any Debtor. Any objections to claims against or interests in the Debtors may be filed, administered, and adjudicated in the Remaining Cases.

10.  Notwithstanding entry of this Final Decree, the Liquidating Trustee acting on behalf of the Trust, shall be entitled to prosecute claims and defenses, make distributions, and attend to other affairs on behalf of each of the other former Debtors as if such former Debtors' estates continued to exist.

11.  Notwithstanding the entry of this Final Decree or 11 U.S.C. section 550(f), the closing of the Completed Cases shall not affect the rights of the Debtors, or the Liquidating Trustee acting on behalf of the Trust granted pursuant to the Plan and the Confirmation Order, including, without limitation, in connection with (a) commencing or maintaining any action, claim, or proceeding, and/or (b) actions, claims, or proceedings to recover from any transferee or any subsequent transferee (in each case to the extent consistent with the Plan and the Confirmation Order).

(Page | 6)

| | |
|---|---|
| Debtors: | POWIN, LLC, et al. |
| Case No. | 25-16137 (MBK) |
| Caption of Order: | FINAL DECREE AND AN ORDER CLOSING CERTAIN CHAPTER 11 CASES |

12.     This Final Decree shall be immediately effective and enforceable upon its entry.

13.     The Trust and any entity authorized pursuant to the Plan and/or the Confirmation Order, and their respective agents, are authorized to take all actions necessary to effectuate the relief granted pursuant to this Final Decree in accordance with the Motion.

14.     Nothing in this Final Decree shall change the amount or nature of any distribution, or any other substantive rights, that any claim against or interest in any Debtor would have been entitled to under the Plan, the Confirmation Order, the Bankruptcy Code, the Bankruptcy Rules, or otherwise, had this Final Decree not been entered.

15.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Decree.

United States Bankruptcy Court

District of New Jersey

In re:                                                                                 Case No. 25-16137-MBK

Powin, LLC                                                                     Chapter 11

     Debtor

# CERTIFICATE OF NOTICE

District/off: 0312-3                          User: admin                                    Page 1 of 1

Date Rcvd: Jul 30, 2026                    Form ID: pdf903                            Total Noticed: 1

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |
| # | Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update. While the notice was still deliverable, the notice recipient was advised to update its address with the court immediately. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Aug 01, 2026:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | #+ | Powin, LLC, 20550 SW 115th Avenue, Tualatin, OR 97062-6857 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 01, 2026                    Signature:        /s/Gustava Winters