UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-1(a)

**BENESCH, FRIEDLANDER, COPLAN &
ARONOFF LLP**

Kevin M. Capuzzi (NJ No. 173442015)
John C. Gentile, Esq.
Continental Plaza II
411 Hackensack Ave., 3rd Floor
Hackensack, NJ 07601-6323
Telephone: (302) 442-7010
Facsimile: (302) 442-7012
kcapuzzi@beneschlaw.com
jgentile@beneschlaw.com

*Counsel to RH Shipping (USA), L.L.C. and R.H.
Shipping & Chartering, S. de R.L. de C.V.*

In re:

Powin, LLC, *et al.*,[1]

Debtors.

Chapter 11

Case No. 25-16137 (MBK)

Judge: Michael B. Kaplan

(Jointly Administered)

## RH SHIPPING'S MOTION TO COMPEL PAYMENT OF AGREED-UPON STORAGE AND ASSOCIATED FEES

RH Shipping (USA), L.L.C. ("RH USA") and R.H. Shipping & Chartering, S. de R.L. de

C.V. ("RH Mexico" and together with RH USA, "RH Shipping"), by and through their

undersigned counsel, submit this motion (the "Motion") for entry of an order compelling J.S. Held

LLC, as the Liquidating Trustee of the Powin Liquidating Trust (the "Trustee" of the "Trust"),

successor in interest to Powin, LLC and its co-debtors (the "Debtors"), to pay the storage and

---

[1]   The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin Project LLC [1583], (ii) Powin, LLC [0504], (iii) PEOS Holdings, LLC [5476], (iv) Powin China Holdings 1, LLC [1422], (v) Powin China Holdings 2, LLC [9713], (vi) Charger Holdings, LLC [5241], (vii) Powin Energy Ontario Storage, LLC [8348], (viii) Powin Energy Operating Holdings, LLC [2495], (ix) Powin Energy Operating, LLC [6487].  The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR 97062.

associated logistics fees incurred by RH Shipping to store the RH Inventory (as defined herein), and for sanctions against the Trustee for failing to do so, in the form of the costs and attorney's fees incurred in the preparation and submission of the Motion.  In support of the Motion, RH Shipping respectfully states as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction of this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue in this judicial district is proper under 28 U.S.C. §1408 and 1409.

2.      This is a core proceeding within the meaning of 28 U.S.C. § 157(b).

## BACKGROUND[2]

3.      Prior to the commencement of the Debtors' bankruptcy cases on June 10, 2025 (the "Petition Date"), RH Shipping had ongoing business relationships with certain of the Debtors, whereby RH Shipping arranged for the shipment of goods from overseas to North America and provided services ancillary to shipment, including, but not limited to, unloading, drayage, customs clearance, and storage (collectively, the "Services"). These Services continued up to and past the Petition Date, and they continue to the present.

4.      On August 18, 2025, the Court entered that certain Sale Order [D.I. 751] (the "Sale Order"), pursuant to which the Court authorized the Debtors to enter into, with FlexGen Power Systems, LLC ("FlexGen"), an Asset Purchase Agreement, dated July 6, 2025 (the "APA"), under which FlexGen purchased certain assets from the Debtors. Schedule 2.l(a) of the APA lists the "Purchased Inventory," which includes inventory from a variety of warehouses and third-party locations.

---

[2]     RH Shipping hereby incorporates by reference *RH Shipping's Reservation of Rights Regarding Plan Confirmation* [D.I. 1094], including all exhibits thereto.

5.  On December 1, 2025, the *Joint Combined Disclosure Statement and Chapter 11 Plan of Liquidation of Powin, LLC and Affiliates Thereof and the Official Committee of Unsecured Creditors* [D.I. 914] (the "Plan") was confirmed pursuant to the *Findings of Fact, Conclusions of Law, and Order (I) Approving the Disclosure Statement on a Final Basis and (II) Confirming the Joint Combined Disclosure Statement and Chapter 11 Plan of Liquidation of Powin, LLC and Affiliates Thereof and the Official Committee of Unsecured Creditors* [D.I. 1165] (the "Confirmation Order"). In accordance with the Plan, the Trust was established to, among other things: (1) continue the wind-down of the Debtors; (2) liquidate various assets; (3) investigate, prosecute, settle, abandon, or compromise the Debtors' remaining causes of action; and (4) make distributions in accordance with the Plan.

6.  The Plan went effective on December 5, 2025 [D.I. 1187] (the "Effective Date").

7.  The Confirmation Order approved the *Stipulation and Agreed Order Regarding R.H Shipping and Chartering,* S. *DE R.L. DEC.V Claim No. 311 and RH Shipping and Chartering USA, L.L.C Claim No. 312* [Docket No. 1132], pursuant to which the Debtors entered into a settlement with RH Shipping relating to the Debtors' dispute with RH Shipping regarding alleged unpaid storage fees and access to the RH Inventory (defined below).

8.  On January 14, 2026, the Court entered the *Stipulation and Consent Order Resolving Motion and Order Approving Same* [D.I. 1267] (the "Consent Order"), approving the settlement agreement between the Trust and FlexGen regarding certain issues relating to purchased inventory being held in storage by RH Shipping as identified in the Consent Order (the "RH Inventory"). RH Shipping was not a party to the Consent Order and was not consulted regarding its terms.

9.    Pursuant to the Consent Order, the APA's purported transfer of the RH Inventory is null and void as of the APA's effective date of July 6, 2025.  Consent Order ¶ 2. Additionally, FlexGen executed a Bill of Sale transferring any right, title, and interest in the RH Inventory to the Trust on an "as is, where is" basis. *Id*.

10.    The Consent Order further provided that the Trust will pay for the first four (4) months of storage costs to RH Shipping following the Agreement Effective Date (as defined in the Consent Order). Consent Order ¶ 11. If all RH Inventory was not sold or contracted by the end of the four (4) month period, the Consent Order provided that FlexGen could opt, in its sole discretion, to extend the storage agreement or propose an alternative commercial resolution to address the balance of the inventory. Consent Order ¶ 11.

11.    At present, RH Shipping is in possession and control of the RH Inventory at RH Shipping's storage facilities in Mexico.

12.    Under the terms of the Consent Order, *inter alia*, the Trust paid RH Shipping storage charges from December 2025 to March 2026. Since March 2026, RH Shipping has incurred, and continues to incur, storage charges for its retention of the RH Inventory (the "RH Charges") and the Trust has ceased making payments to RH Shipping.

13.    RH Shipping sent detailed information on the RH Charges to the Trust and FlexGen via email, including a breakdown of individual charges in the body of the email for each of the charges that RH Shipping had incurred, including unpaid invoices since at least December 2025. The RH Charges are as follows:

| Month | Invoice | Invoice Date | Outstanding Balance |
|---|---|---|---|
| September 2025 | RHM012422 | November 11, 2025 | $87,660.00 |
| October 2025 | RHM012264 | November 6, 2026 | $87,660.00 |
| November 2025 | RHM012423 | November 11, 2025 | $87,660.00 |
| April 2026 | RHM017065 | April 8, 2026 | $87,660.00 |
| May 2026 | RHM018022 | May 6, 2026 | $87,660.00 |
| June 2026 | RHM019173 | June 3, 2026 | $87,660.00 |
| July 2026 | RHM020381 | July 2, 2026 | $87,660.00 |
| August 2026 | RHM022161 | August 11, 2026 | $87,660.00 |
| | | **Total** | **$701,280.00** |

14. The Trust admits that, as of August 13, 2026, it continues to "market the [RH] [I]nventory… [and] has a current offer for part of the inventory held at RH [Shipping's] facility."

15. In total, the RH Charges owed by the Trust as of August 14, 2026 are not less than $701,280.00. True and correct copies of the RH Charges are attached hereto as **Exhibit A**.

16. Despite the Consent Order, neither the Trust nor FlexGen have paid the RH Charges to RH Shipping.  Counsel for RH Shipping has made multiple attempts to confer with counsel for Trust and FlexGen regarding the RH Charges.  As of the date of this Motion, FlexGen contends that the Trust is responsible for such charges and the Trust has stated that it disagrees with FlexGen's position.

**RELIEF REQUESTED**

17. RH Shipping requests entry of an order compelling the Trust to pay the RH Charges in full.  RH Shipping further requests that the Court impose sanctions on the Trust for the costs and attorneys' fees that RH Shipping has incurred in preparing and submitting this Motion.

## ARGUMENT

I.      **The Trust is in contempt of the Consent Order, and the Court should compel the Trust to carry out its duties under the Consent Order.**

18.     A movant seeking a contempt order must prove, by clear and convincing evidence, that: (i) a valid court order existed, (ii) the party against whom the contempt order is sought had knowledge of the order, and (iii) the party against whom the contempt order is sought disobeyed the order. *Marshak v. Treadwell*, 595 F.3d 478, 485 (3d Cir. 2009). Bankruptcy courts have wide latitude to issue orders "necessary or appropriate" to carry out the provisions of the Bankruptcy Code. 11 U.S.C. § 105(a). This includes the "necessary authority to manage the arguments and conduct of parties to ensure judicial efficiency and to do justice." *The Copley Press, Inc. v. Peregrine Sys., Inc. (In re Peregrine Sys., Inc.)*, 311 B.R. 679, 690 (Bankr. D. Del. 2004) (quoting *In re Johnson*, 236 B.R. 510, 521 (D.D.C. 1999)). An agreement negotiated between parties to a case has the full force and effect of a court order when the court so orders it. *See Interdynamics, Inc. v. Firma Wolf*, 653 F.2d 93, 96 (3d Cir. 1981). A "party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 634 (1962) (internal quotation omitted).

19.     Here, the Trust's failure to pay the RH Charges meets every element necessary for contempt, even by the "clear and convincing evidence" standard imposed by the Third Circuit.

20.     First, the Consent Order is a valid court order. It was entered by this Court on the stipulation and consent of the Trust and FlexGen.

21.     Second, the Trust unquestionably knows that the Consent Order exists, either directly or by the knowledge of its counsel. Counsel for the Trust entered into and signed both the Consent Order and the settlement agreement attached thereto on behalf of the Trust. Under *Link*,

6

370 U.S. at 634, because the Trust's counsel knew of the Consent Order, the Trust therefore knew of the Consent Order.

22. Third, the Trust has not complied with its obligations under the Consent Order.

23. The Consent Order provided that the APA's purported transfer of the RH Inventory to FlexGen was null and void. Consent Order ¶ 2. For the avoidance of doubt, "any right, title, and interest" in the RH Inventory was transferred to the Trust. Consent Order ¶ 2.

24. The Consent Order provided FlexGen and the Trust with time to seek a resolution to the questions surrounding the RH Inventory by providing that the Trust would pay the first four (4) months of storage costs to RH Shipping following the Agreement Effective Date (as defined in the Consent Order). Consent Order ¶ 11. However, the Consent Order failed to address who would pay the RH Charges after those four (4) months, and only states that after those four months, "FlexGen can opt, in its sole discretion, to extend the storage agreement or propose an alternative commercial resolution to address the balance of the inventory." *Id*.

25. Regardless, the Consent Order makes clear that the RH Inventory is the property of the Trust and therefore, the Trust remains responsible for the RH Charges. Despite RH Shipping's multiple attempts to confer with counsel for Trust and FlexGen regarding the RH Charges, the RH Charges remain unpaid.

26. In light of the foregoing, Trust's failure to pay the RH Charges puts the Trust in contempt of the Consent Order. RH Shipping respectfully requests that this Court compel the Trust to immediately pay the RH Charges, plus its fees and costs incurred.

**II.      This Court should award RH Shipping the costs and attorneys' fees it incurred in preparing and filing this Motion as sanctions against the Trust.**

27. A court may award attorney's fees to a party when the opposing party willfully disobeys a court order. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991).

28.     Here, as described *supra*, the Trust has willfully failed to comply with the Consent Order by failing to pay the RH Charges.  RH Shipping has incurred significant attorneys' fees in its counsel's communications with the Trust's counsel and its preparation of this Motion, as well as the costs of submitting this Motion and attendant preparatory expenses.  If counsel for RH Shipping must argue the merits of this Motion, RH Shipping will incur further fees for counsel's preparation for the hearing and attendance at the hearing itself.  It is not just or equitable for RH Shipping to bear this expense as a result of the Trust's willful failure to obey the Consent Order. The Trust, rather than RH Shipping, bearing RH Shipping's attorney's fees and costs incurred for the preparation and submission of this Motion would correct that unfairness.

29.     Therefore, RH Shipping respectfully requests that this Court impose the total costs and attorneys' fees that RH Shipping has incurred, and may incur in the future, concerning the submission of this Motion as sanctions against the Trust.

## **Conclusion**

30.     RH Shipping requests that this Court grant the relief it seeks, in the form of an order attached hereto as **Exhibit B**:

a.  Compelling the Trust to make payment to RH Shipping in an amount not less than $701,280.00,

b.  Awarding to RH Shipping the costs and attorney's fees RH Shipping incurred in preparing and submitting this Motion, and

c.  Granting such other and further relief as this Court deems just and proper.

Dated:  August 14, 2026
       Wilmington, Delaware

Respectfully submitted,

**BENESCH, FRIEDLANDER,
   COPLAN & ARONOFF LLP**

 /s/ *Kevin M. Capuzzi*
Kevin M. Capuzzi (NJ No. 173442015)
John C. Gentile, Esq.
Continental Plaza II
411 Hackensack Ave., 3rd Floor
Hackensack, NJ 07601-6323
Telephone: (302) 442-7010
Facsimile: (302) 442-7012
Email: kcapuzzi@beneschlaw.com
      jgentile@beneschlaw.com

*Counsel to RH Shipping (USA), L.L.C. and R.H.
Shipping & Chartering, S. de R.L. de C.V.*