# EXHIBIT B

## Proposed Form of Order

<table>
<tr><td>

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY**
Caption in Compliance with D.N.J. LBR 9004-1(a)

**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
Kevin M. Capuzzi (NJ No. 173442015)
John C. Gentile
Continental Plaza II
411 Hackensack Ave., 3rd Floor
Hackensack, NJ 07601-6323
Telephone: (302) 442-7010
Facsimile: (302) 442-7012
kcapuzzi@beneschlaw.com
jgentile@beneschlaw.com

*Counsel to RH Shipping (USA), L.L.C. and R.H. Shipping & Chartering, S. de R.L. de C.V.*

</td></tr>
<tr><td>

In re:

Powin, LLC, *et al.*,[1]

       Debtors.

</td></tr>
</table>

Chapter 11

Case No. 25-16137 (MBK)

Judge: Michael B. Kaplan

(Jointly Administered)

**ORDER GRANTING RH SHIPPING'S MOTION TO COMPEL PAYMENT OF
AGREED-UPON STORAGE AND ASSOCIATED FEES**

The relief set forth on the following pages, numbered two (2) through three (3), is **ORDERED**.

DATED: _____, 2026

_____
Honorable Michael B. Kaplan
United States Bankruptcy Judge

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin Project LLC [1583], (ii) Powin, LLC [0504], (iii) PEOS Holdings, LLC [5476], (iv) Powin China Holdings 1, LLC [1422], (v) Powin China Holdings 2, LLC [9713], (vi) Charger Holdings, LLC [5241], (vii) Powin Energy Ontario Storage, LLC [8348], (viii) Powin Energy Operating Holdings, LLC [2495], (ix) Powin Energy Operating, LLC [6487].  The Debtors' mailing address is 20550 SW 115th Avenue Tualatin, OR 97062.

Upon the motion (the "Motion")[2] of RH Shipping to compel payment of the RH Charges by the Trust and for sanctions against the Trust in the form of costs and attorney's fees; and this Court having jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334 and *Standing Order of Reference 12-1* from the United States District Court for the District of New Jersey, dated as of September 18, 2012; and consideration of the Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b); and venue being proper in this district under 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Motion having been given; and no other or further notice being necessary; and the Court having considered the Motion and any objections or responses thereto; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED** that

1. The Motion is **GRANTED** as set forth herein.

2. The Trust shall pay $701,280.00 to RH Shipping to satisfy the RH Charges within ten (10) days of the entry of this order.

3. The Trust shall pay the continuing costs and expenses incurred by RH in connection with storage of the RH Inventory until all of the RH Inventory is removed from RH Shipping's property.

4. The Trust shall be obligated to pay the costs and attorney's fees (the "Sanctions") incurred by RH Shipping in connection with the preparation and submission of the Motion.

5. RH Shipping shall submit an accounting (the "Accounting") of the costs and fees incurred by RH Shipping in connection with the preparation and submission of the Motion within ten (10) days of the entry of this order.

---

[2]   Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Motion.

3

6.     The Trust shall make payment to RH Shipping of the Sanctions within ten (10) days of RH Shipping's submission of the Accounting.

7.     Nothing in this Order modifies the Consent Order.  All parties reserve their rights and remain liable for their outstanding obligations under the Consent Order.

8.     The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or is otherwise waived.

9.     Under the circumstances of this Chapter 11 Case, notice of the Motion is adequate under Bankruptcy Rule 6004(a), or Bankruptcy Rule 6004(a) does not apply to the relief sought by the Motion.

10.     Notwithstanding the provisions of Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

11.     This Order controls over all contrary provisions, if any, under any automatic stay or previous order entered by this, or any other, Court.

12.     The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.