Order Filed on September 10, 2026
by Clerk
U.S. Bankruptcy Court
District of New Jersey

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**SHERMAN, SILVERSTEIN,**
**KOHL, ROSE & PODOLSKY, P.A.**

Arthur J. Abramowitz
Ross J. Switkes
308 Harper Drive, Suite 200
Moorestown, NJ 08057
Tel: (856) 662-0700
Email: aabramowitz@shermansilverstein.com
rswitkes@shermansilverstein.com

*Counsel for the Powin Liquidating Trust*

**JOHNSON VAN KWAWEGEN LLP**

Angela J Somers
Jonathan Zweig
Eric Riedel
485 Madison Avenue 15th floor
New York, NY 10022
Telephone: (646) 836-9630
Email: asomers@jvk-law.com
eric@jvk-law.com
jonathan@jvk-law.com

*Counsel for the Powin Liquidating Trust*

| | |
|---|---|
| In re:<br><br>POWIN, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-16137 (MBK)<br><br>(Jointly Administered)<br><br>Honorable Michael B. Kaplan, U.S.B.J. |

## CONFIDENTIALITY AND PROTECTIVE ORDER

The relief set forth on the following pages, numbered two (2) through fourteen (14), is **ORDERED**.

**DATED: September 10, 2026**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

[1] The Debtors in these "**Chapter 11 Cases**", along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin Project LLC [1583]; (ii) Powin, LLC [0504]; (iii) PEOS Holdings, LLC [5476]; (iv) Powin China Holdings 1, LLC [1422]; (v) Powin China Holdings 2, LLC [9713]; (vi) Charger Holdings, LLC [5241]; (vii) Powin Energy Ontario Storage, LLC [8348]; (viii) Powin Energy Operating Holdings, LLC [2495]; (ix) Powin Energy Operating, LLC [6487]; (x) Powin Energy Storage 2, Inc. [9926]; (xi) Powin Energy Ontario Storage II LP [5787]; (xii) Powin Canada B.C. Ltd. [2239]; and (xiii) Powin EKS SellCo, LLC [9110].

This Confidentiality and Protective Order ("**Order**") is entered into by and among: (a) Phoenix Management, a part of J.S. Held LLC, in his capacity as trustee of the Powin Liquidation Trust and Direct Claims Trust ("**Liquidating Trustee**"); and (b) any other persons or entities who become bound by this Order by signifying their assent through execution of Exhibit A hereto (the "**Declaration**"), and submitted upon the Liquidating Trustee's application filed in support of entry of the Order. Each of the persons or entities identified in the foregoing clauses (a) and (b) shall be referred to herein individually as a "Party," and, collectively, as the "Parties."

WHEREAS, in June 2025 ("**Petition Dates**"),[2] the Powin Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code ("**Bankruptcy Code**"), which cases were jointly administered under case number 25-16137 ("**BK Docket**");

WHEREAS, on December 1, 2025, the U.S. Bankruptcy Court for the District of New Jersey entered the Confirmation Order confirming the *Joint Combined Disclosure Statement and Chapter 11 Plan of Liquidation of Powin, LLC and Affiliates Thereof and the Official Committee of Unsecured Creditors* [BK Docket No. 942] as amended, modified, or supplemented (the "**Plan**"). The Plan became Effective on December 5, 2025, pursuant to a Notice of Confirmation and Effective Date of the Plan. [BK Docket No. 1187];

WHEREAS, Section 13.3 of the Plan provides that the Liquidating Trust and the Direct Claims Trust shall be governed by the Liquidating Trustee in consultation with the Oversight Committee;

[2] This includes Powin Project LLC, Powin Canada B.C. Ltd., Powin Energy Ontario Storage II LP, and Powin Energy Storage 2, Inc., Powin LLC, Powin EKS SellCo, LLC.

WHEREAS, on the Effective Date, pursuant to Section 13.3(a) of the Plan, Phoenix Management was appointed as the Liquidating Trustee, to oversee the Liquidating Trust, the Direct Claims Trust, and the wind-down of the Debtors' estates;

WHEREAS, pursuant to Section 13.3(c) of the Plan, on the Effective Date, the Liquidating Trust Assets, including Causes of Action, vested in the Liquidating Trust, and pursuant to section 13.3(d), the Direct Claims Trust Assets vested in the Direct Claims Trust; and

WHEREAS, pursuant to Section 13.3(f) of the Plan, and pursuant to Section 2.1(c)(vi) of the Liquidating Trust Agreement and Section 2.1(c)(vi) of the Direct Claims Trust Agreement, the Liquidating Trustee has the power to investigate, prosecute, settle, abandon or compromise any Causes of Action the Debtors hold or may hold against any Entity, which constitute Direct Claims Trust Assets.

**IT IS HEREBY ORDERED BY THE COURT THAT:**

1. **Designation of Confidential Information.** Any producer of documents, materials, answers to discovery, testimony, or other information may designate as "**Confidential**" any such information produced in this Case (hereafter "**Confidential Information**"), if the producing Party believes in good faith that such information constitutes or contains nonpublic information that may be protected under Bankruptcy Code section 107(b) or (c), including information that contains a trade secret or confidential research, development or commercial information, or should otherwise be protected under applicable law, regulation, or contract; *provided, however*, that, notwithstanding the foregoing, such designations shall not impact Non-Confidential Information as described more fully in Paragraph 4 below. Any such information designated "**Confidential**" shall bear the label or stamp "**Confidential**" or other similar identifying label or stamp either on

the document itself, in the electronic file name of the document, or in the communication (such as e-mail) transmitting the confidential document or information.

2. In the case of depositions and examinations, if counsel for a Party believes that a portion of the testimony should be designated as Confidential Information, such testimony may be designated as appropriate by:

(a) Stating so orally on the record and requesting that the relevant portion(s) of testimony be so designated; or

(b) Providing written notice within seven (7) days of the Party's receipt of the final transcript from the court reporter that the relevant portion(s) of such transcript or video of a deposition is so designated, except in the event that a hearing on related issues is scheduled to occur within seven (7) days, in which case the foregoing seven (7) day period will be reduced to three (3) business days. Such designation and notice shall be made in writing to the court reporter, with copies to all other counsel present for the deposition or examination, identifying the portion(s) of the transcript that is so designated. Nothing in this Order prevents or diminishes the use or disclosure of any such transcript or the contents thereof, unless and until a designation is made that such transcript or a relevant portion thereof constitutes Confidential Information.

(c) In the event that testimony is designated as Confidential Information, the court reporter shall be instructed to include on the cover page of each such transcript: "This transcript contains information subject to a Protective Order and shall be used only in accordance therewith" and each page of the transcript containing testimony designated as Confidential Information shall be stamped or otherwise denoted as "Confidential."

3. **Highly Confidential Information.** A producing Party may designate documents, materials, answers to discovery, testimony, or other information as "**Highly Confidential**" if such producing Party believes in good faith (or with respect to documents received from another person, has been reasonably advised by such other person) that such material constitutes or includes Highly Confidential Information that is of such a nature that a risk of competitive injury would be created if such information were disclosed to persons other than those identified in Paragraph 11 of this Order, such as trade secrets, sensitive financial or sensitive business information (the "**Highly Confidential Information**").

4. **Non-Confidential Information.** To the extent that any receiving Party has documents or information that (i) were already in its possession or otherwise publicly available at the time the same document or information is received from a producing Party and are not subject to any other confidentiality agreement, non-disclosure agreement, or other confidentiality obligation; (ii) are received or become available to a receiving Party on a non-confidential basis not in violation of an obligation of confidentiality to any other person; (iii) were independently developed by such receiving Party without violating its obligations hereunder; (iv) are published or become publicly available in a manner that is not in violation of this Order or of any obligation of confidentiality to any other person, including a receiving Party; (v) are expressly permitted in writing by the producing Party to be disclosed to third parties on a non-confidential basis (the foregoing (i) through (v), collectively "**Non-Confidential Information**"), nothing in this Order shall limit a receiving Party's ability to use Non-Confidential Information in a deposition, hearing, trial or otherwise.

5. **Non-Waiver/Inadvertent Failure to Designate**. An inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential" does not,

standing alone, waive the designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "Confidential" or "Highly Confidential" after the material was initially produced, the receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order. The treatment of any material that is inadvertently not designated "Confidential" or "Highly Confidential" at the time of production shall be in accordance with the procedures governing inadvertently produced privileged material under Federal Rule 26(b)(5)(B). No Party shall be deemed to have violated this Order if, prior to notification of any later designation, such material was disclosed or used in any manner consistent with its original designation but inconsistent with its later designation.

6. **Challenge to Designation**. A Party shall not be obligated to challenge the propriety of a designation of Confidential Information or Highly Confidential Information at the time such designation is made, and a failure to do so shall not preclude a subsequent challenge to the designation. In the event that any Party disagrees with the designation of any information as confidential, the objecting Party may object in writing, which may be by email, to the Party who designated the document or information as confidential. The designating Party shall then have seven (7) days to move the Court for an order preserving the confidential status of the disputed information. The disputed information shall remain Confidential Information or Highly Confidential Information unless and until the Court orders otherwise. The burden of persuasion as to the confidentiality of the designated material in question shall rest with the producing Party as to why such designation is appropriate under Section 107(b) of the Bankruptcy Code. Failure to move for an order within seven (7) days of receiving written notice from the objecting Party shall constitute a termination of the status of such item as Confidential Information or Highly

Confidential Information. The failure of any Party to challenge the designation of Confidential Information or Highly Confidential Information during the discovery period shall not be a waiver of that Party's right to object to the designation.

7. **Use of Confidential Information; Reservation of Rights**. Confidential Information may be used for the purposes of any investigations, cases, or disputes arising out of the Liquidating Trust Assets, including the Causes of Action, vested in the Liquidating Trust, the Direct Claims Trust Assets vested in the Direct Claims Trust, and/or the chapter 11 cases of the Powin Debtors (together, the "**Disputes**") and not for any other purpose. Neither this Order nor the production of any documents shall limit a Party's rights, if any, to compel or oppose arbitration in any Dispute with the Litigation Trustee, and all Parties reserve all rights with respect to the availability of documents or other discovery obtained pursuant to this Agreement for use in any such arbitration.

8. Information or documents designated as Confidential Information must not be disclosed to any person, except:

(a) The requesting Party and its counsel;

(b) Directors, officers, and other employees of the requesting Party, including in-house counsel, assigned to and necessary to assist the requesting Party in a Dispute;

(c) Insurers for the Parties and counsel to such insurers;

(d) Consultants or experts retained by any Party to the extent deemed necessary by retaining counsel;

(e) Any mediator that the Parties engage or that this Court appoints in connection with a Dispute;

(f) any person who is indicated on the face of a document to have been an author, addressee or copy recipient thereof, an actual or intended recipient thereof, or in the case of meeting minutes, an attendee of the meeting;

(g) Any person, other than persons whose employers have already agreed to be bound by this Order, from whom testimony is taken or is to be taken in this matter and as to whom there is a reasonable basis for such disclosure in connection with such testimony, but such a person may only be shown Confidential Information during and in preparation for testimony and may not retain the Confidential Information;

(h) Any court or arbitration panel hearing a Dispute, including any clerk, stenographer, or other person having access to Confidential Information by virtue of his or her position with such court or arbitration panel, and including any jury at trial or as exhibits to motions;

(i) The U.S. Trustee, provided that any such production is made on the understanding and the basis that the Confidential Information will be kept confidential and not publicly disclosed absent a court order; or

(j) Outside photocopying, graphic production services, or litigation support services, as necessary for use in connection with a Dispute who are informed of the confidential limitations of the materials provided.

9. Prior to disclosing or displaying Confidential Information to any persons identified in Paragraphs 8(a), (b), (c), (d), (e), (f), or (g), counsel must: (i) inform the person of the confidential nature of the information and documents; and (ii) inform the person that this Court has enjoined the use of the information or documents for any purpose other than as provided for in this Order and has enjoined the disclosure of Confidential Information to any other person.

10. Prior to disclosing or displaying Confidential Information to any persons identified in Paragraphs 8(d), (e), or (g), counsel must also provide the person with a copy of this Order and obtain a signed Declaration binding the person to this Order. Any person that executes such an agreement shall be treated as a Party to this Order with all rights and obligations of the signatory Parties hereto. Counsel making a disclosure to a party required to sign a Declaration in the form provided as Exhibit A hereto shall retain the original or PDF acknowledgments described hereinabove, together with the full names and addresses of each signatory.

11. **Use of Highly Confidential Information.** Highly Confidential Information, and any and all information contained therein, may be given, shown, made available to or communicated only to the following, provided that all individuals with access to such Highly Confidential Information (other than individuals identified in Paragraph 11(f) below) have signed a Declaration in the form provided as Exhibit A hereto:

(a) Counsel to the requesting Party on an attorneys'-eyes-only basis;

(b) any person who is indicated on the face of a document to have been an author, addressee or copy recipient thereof, an actual or intended recipient thereof, or in the case of meeting minutes, an attendee of the meeting;

(c) for purposes of document authentication and/or witness preparation, any individual or witness who is to be deposed or is on a witness list for a Court hearing or trial, in preparation for his or her noticed deposition, hearing, or trial testimony where such Highly Confidential Information is determined by counsel in good faith to be necessary to the anticipated subject matter of testimony, and that doing so would not cause competitive harm, provided, however, that such Highly Confidential Information can only be shared with such person in connection with preparation for the anticipated testimony, the persons

identified in this paragraph shall not be permitted to retain copies of such Highly Confidential Information, and any such person shall be informed that the person may not use any Highly Confidential Information for any purpose other than in connection with a deposition or trial testimony;

(d) any adverse witness during the course of deposition or Court testimony (pursuant to Paragraph 12) where counsel questioning the witness reasonably and in good faith believes that questioning the witness regarding the document is necessary and that doing so would not cause competitive harm to the producing Party and would not cause harm to the witness or the witness' employer, for example, by revealing material non-public information to the witness, provided, however, that any such adverse witness must be informed that Highly Confidential Information may not be used for any purpose other than in connection with a deposition or trial testimony;

(e) outside photocopying or image scanning services, graphic production services, data entry or database-related services, data analytics services, or litigation support services, as necessary for use in connection with a Dispute;

(f) the Court, its employees and clerical staff, or court reporters in any judicial proceeding that may result from a Dispute; and

(g) any other person or entity with respect to whom the producing Party may consent in writing.

12. Subject to paragraph 14 below, any filing of Confidential Information or Highly Confidential Information with the Court (or any other court) shall be made under seal. Notwithstanding the foregoing, the entry of this Order shall not restrict or limit the use of any information subject to this Order at any court hearing or court trial; *provided, however*, that as part

of any pretrial conference or any meet and confer regarding the use of exhibits in any evidentiary hearing, and where practicable at least 72 hours prior to the use of any Confidential Information or Highly Confidential Information at any hearing to be held in open court, counsel for any Party who desires to offer or use such Confidential Information or Highly Confidential Information at that hearing shall meet and confer in good faith with the producing Party together with any other Parties who have expressed interest in participating in such meet and confer to discuss ways to handle the Confidential Information or Highly Confidential Information so that the material may be offered or otherwise used by any Party, in accordance with the provisions of the Bankruptcy Code and Bankruptcy Rules. If the Parties are unable to resolve a dispute related to such Confidential Information or Highly Confidential Information, then the producing Party bears the burden of requesting relief from the Court and, in the absence of such relief, there shall be no limitations on the ability of the Parties to offer or otherwise use such Confidential Information or Highly Confidential Information at any hearing held in open court. Any producing Party designating information as Confidential Information or Highly Confidential Information bears the burden of moving the Court prior to trial for an order preserving the confidential status of information. This Order shall not be construed to be a waiver of any objection to the introduction, use or reference to such information at a hearing or trial or of any right to move to limit or restrict such introduction, use or reference at a hearing or trial.

13. **Inadvertent Disclosure**. In the event Confidential Information or Highly Confidential Information is inadvertently disclosed to persons or entities not authorized by this Order to receive such material, the Party that made such disclosure shall, upon learning of the disclosure: immediately notify the person or entity to whom the disclosure was made that the disclosure contains Confidential Information or Highly Confidential Information subject to this

Order; immediately make reasonable efforts to recover the disclosed Confidential Information or Highly Confidential Information as well as preclude further dissemination or use by the person or entity to whom the disclosure was made; and immediately notify the producing Party of the identity of the person or entity to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to recover the disclosed Confidential Information or Highly Confidential Information and ensure against further dissemination or use thereof.

14. **Filing Under Seal**. The Court's approval and entry of this Order shall constitute authority for the Parties to file Confidential Information or Highly Confidential Information under seal without the necessity of filing a separate motion under Local Rule 9037-1(g). Parties filing Confidential Information or Highly Confidential Information under seal pursuant to this Order shall reference this Order in the pleading or filing accompanying such documents. Parties filing documents under seal shall, to the extent feasible, also file redacted documents simultaneously. This Paragraph is without prejudice to the right of any Party, or the U.S. Trustee, to move upon notice to the applicable Party to unseal any papers, or parts thereof, filed under seal if, following conference with the applicable Parties, any Party or the U.S. Trustee is unable to reach agreement regarding access and confidentiality with the party designating such information as Confidential or Highly Confidential.

15. **Destruction or Return/End of Case**. Within ninety (90) days after entry of an order, judgment, or decree finally disposing of a Dispute, including the exhaustion of all possible appeals and other review, each Party to a Dispute must return all Confidential Information, Highly Confidential Information, and any copies to the producing Party or provide certification of its destruction. Each Party's counsel may retain their working files on the condition that those files will remain confidential.

16. **Non-Waiver of Privilege**. The production of privileged or work-product protected documents, electronically stored information, or other information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.

17. **Powin Documents**. To the extent the Debtors previously designated their documents, emails, books, files, and/or records ("**Powin Documents**") as confidential or professionals eyes only under a prior protective order or stipulation entered in this Case, the Debtors' prior designations are not binding on the Liquidating Trustee, the Powin Documents are not confidential or otherwise protected as to the Liquidating Trustee, the Liquidating Trustee is not required, as a result of any prior productions by the Debtors, to designate Powin Documents as Confidential or otherwise in any Dispute, and the Liquidating Trustee may use Powin Documents in any Dispute without filing any such documents under seal. The foregoing does not waive or alter the Liquidating Trustee's rights or powers with respect to asserting or waiving attorney-client privilege or any other privilege or immunity the Debtors possess, as provided in the Plan and/or Liquidating Trust Agreement.

18. The foregoing is without prejudice to the right of any Party to apply to the Court for an order to:

(a) Further protect Confidential Information or Highly Confidential Information;

(b) Seek protection regarding the production of documents or information;

(c) Compel production of documents or information; or

(d) Modify this Order.

19. The provisions of this Order shall survive the final termination of the Disputes for any retained Confidential Information and Highly Confidential Information. The final termination

of the Disputes shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of any Confidential Information or Highly Confidential Information pursuant to this Order, and the Court shall retain jurisdiction to enforce the terms of this Order.

20. The provisions of this Order constitute an Order of this Court and violations of the provisions of this Order are subject to enforcement and the imposition of legal sanctions in the same manner as any other Order of the Court.

**EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT NEW JERSEY**

| | |
|---|---|
| In re:<br><br>Powin, LLC, et al.,<br><br>Debtors. | Chapter 11<br><br>Case No. 25-16137 (MBK) |

**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND BY THE CONFIDENTIALITY AND PROTECTIVE ORDER**

The undersigned hereby acknowledges that [he/she/it] has read the Protective Order dated [INSERT DATE] in the above-captioned case and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States Bankruptcy Court for the District of New Jersey solely with respect to matters relating to the Protective Order and understands that the terms of the Protective Order obligate [him/her/it] to use documents designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in accordance with the Order, solely for the purpose of the above-captioned case, and not to disclose any such documents or information derived directly therefrom to any other person, firm, or concern. By acknowledging these obligations under the Order, the undersigned understands that [he/she/it] is submitting to the jurisdiction of the United States Bankruptcy Court for the District of New Jersey solely for the purpose of any issue or dispute arising hereunder and that willful violation of any term of the Order could subject undersigned to punishment or penalties for contempt of Court.

**Name:** ______________________________________

**Job Title:** ______________________________________

**Business Address:** ______________________________________________

______________________________________________________________________

**Date:** ______________________

______________________________________________________________________
Signature