**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**LATHAM & WATKINS LLP**
Blake T. Denton
David A. Hammerman (admitted *pro hac vice*)
Jason D. Petropoulos (admitted *pro hac vice*)
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Email: blake.denton@lw.com
david.hammerman@lw.com
jason.petropoulos@lw.com

Jeffrey T. Mispagel (admitted *pro hac vice*)
10250 Constellation Blvd. Suite 1100
Los Angeles, CA 90067
Telephone: (213) 485-1234
Email: jeffrey.mispagel@lw.com

*Counsel for FlexGen Power Systems, LLC*

In re:

Powin, LLC, et al.[1]

Debtors.

Chapter 11

Case No. 25-16137 (MBK)

(Jointly Administered)

# FLEXGEN POWER SYSTEMS, LLC'S RESPONSE AND LIMITED RESERVATION OF RIGHTS TO TRUST'S OBJECTION TO RH SHIPPING'S MOTION TO COMPEL PAYMENT OF AGREED-UPON STORAGE AND ASSOCIATED FEES [DOCKET NO. 1451]

[1] The Debtors in these "Chapter 11 Cases", along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin Project LLC [1583]; (ii) Powin, LLC [0504]; (iii) PEOS Holdings, LLC [5476]; (iv) Powin China Holdings 1, LLC [1422]; (v) Powin China Holdings 2, LLC [9713]; (vi) Charger Holdings, LLC [5241]; (vii) Powin Energy Ontario Storage, LLC [8348]; (viii) Powin Energy Operating Holdings, LLC [2495]; (ix) Powin Energy Operating, LLC [6487]; (x) Powin Energy Storage 2, Inc. [9926]; (xi) Powin Energy Ontario Storage II LP [5787]; (xii) Powin Canada B.C. Ltd. [2239]; and (xiii) Powin EKS SellCo, LLC [9110].

FlexGen Power Systems, LLC ("FlexGen"), by and through its counsel, Latham & Watkins LLP, submits this *Response and Limited Reservation of Rights to Trust's Objection to RH Shipping's Motion to Compel Payment of Agreed-Upon Storage and Associated Fees* (the "Response"), pursuant to Local Rule 9014 of the Local Rules of the United States Bankruptcy Court for the District of New Jersey.

RH Shipping (USA), L.L.C. and R.H. Shipping & Chartering, S. de R.L. de C.V. (together, "RH Shipping") filed a motion against J.S. Held LLC as the Liquidating Trustee of the Powin Liquidating Trust (the "Trust") titled *RH Shipping's Motion to Compel Payment of Agreed-Upon Storage and Associated Fees* [Docket No. 1436] (the "Motion"). The Motion relates to a dispute between RH Shipping and the Trust regarding responsibility for alleged unpaid storage fees. On September 17, 2026, the Trust filed its objection to the Motion, titled *Trust's Objection to RH Shipping's Motion to Compel Payment of Agreed-Upon Storage and Associated Fees* [Docket No. 1451] (the "Objection").

As explained below, FlexGen does not take a position on the relief requested in the Motion or the Objection, but does strongly dispute the Objection's contention that the disputed storage costs are FlexGen's responsibility "from April 2026 forward," which is contrary to the parties' Agreement (defined *infra*) and this Court's Consent Order (defined *infra*) (Objection at ¶ 22). Accordingly, FlexGen writes the Court to correct erroneous facts alleged in the Objection that pertain to FlexGen, and to reserve all applicable rights.

1. On June 9, 2025, the Debtors filed voluntary petitions for relief pursuant to Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* in the United States Bankruptcy Court for the District of New Jersey (the "Court").

2. On August 18, 2025, the Court entered that certain Sale Order [Docket No. 751],

pursuant to which the Court authorized the Debtors to enter into, with FlexGen, an Asset Purchase Agreement, dated July 6, 2025 (the "APA"), under which FlexGen purchased certain assets from the Debtors. Schedule 2.1(a) of the APA lists the "Purchased Inventory," which includes inventory from a variety of warehouses and third-party locations, including the RH Shipping storage location (the "RH Inventory"). However, the Debtors failed to satisfy their obligations to deliver to FlexGen the RH Inventory in accordance with the terms and conditions of the APA, despite receiving payment in full from FlexGen for the same at the Closing (as defined in the APA).

3. On November 17, 2025, FlexGen filed a Request for Payment of Administrative Expenses [Docket No. 1062] (the "Administrative Claim"), which, among other things, asserted an administrative claim for the undelivered RH Inventory.

4. On December 1, 2025, the Court entered its *Findings of Fact, Conclusions of Law, and Order (I) Approving the Disclosure Statement on a Final Basis and (II) Confirming the Joint Combined Disclosure Statement and Chapter 11 Plan of Liquidation of Powin, LLC and Affiliates Thereof and the Official Committee of Unsecured Creditors* (the "Confirmation Order") [Docket No. 1165]. In the Confirmation Order, the Court established an escrow of $3,000,000 to address FlexGen's assertions made in its Administrative Claim (the "Reserve"), pending further order from the Court.

5. On December 24, 2025, FlexGen and the Trust executed a Settlement Agreement to resolve all disputes related to the RH Inventory (the "Agreement"), which was approved by the Court on January 14, 2026 via the *Stipulation and Consent Order Resolving Motion and Order Approving the Same* [Docket No. 1267] (the "Consent Order").

6. Under the Agreement and Consent Order, FlexGen's prior purchase of the RH

Inventory became "null and void as of the APA's effective date of July 6, 2025," title of the RH Inventory reverted back to the Trust, and FlexGen was released of "payment, reimbursement, delivery, or other obligations with respect to the RH Inventory, except as specifically set forth in the Agreement." (Consent Order at ¶ 2-3.). The Consent Order explicitly relieved FlexGen of "responsibilities for any storage or maintenance costs of any kind associated with the RH Inventory," and "delivery responsibilities or any other obligations or liabilities of any kind to any party associated with ownership of, or as a purchaser of, RH Inventory." (Consent Order at ¶ 3-5.). The Trust agreed to take "full responsibility for liquidating, monetizing, and/or otherwise disposing of the RH Inventory," and FlexGen retained certain rights to "expressly approve[] or reject[]" potential sales because, among other reasons, FlexGen was to receive a portion of the proceeds from the Trust's sale of the RH Inventory. (Consent Order at ¶ 7, 9-10.).

7. As the Objection acknowledges, the Consent Order required the Trust to pay for up to four months of storage fees, commencing on the Agreement Effective Date, while it attempted to market and sell the RH Inventory. (Objection at ¶ 18; Consent Order at ¶ 4, 11.). In the Agreement, the parties agreed to a formula for sharing the proceeds of any such sale. (Agreement at ¶ 4(h); Consent Order at ¶ 10.).

8. The Consent Order gave FlexGen the **option,** "in its sole discretion, to extend the storage agreement or propose an alternative commercial resolution to address the balance of the inventory," if "all RH Inventory is not sold or contracted by the end of this four (4) month period." (Consent Order at ¶ 11). That period ended on May 14, 2026.[2]

[2] The Objection incorrectly asserts that the 4-month period ended in April 2026 because that is 4-months after the Agreement was executed on December 24, 2025. But the Agreement Effective Date is the *later* of the execution date or the date of the Consent Order, January 14, 2026. (Agreement at ¶ 2.).

9. When the four months passed, **FlexGen did not exercise its discretion** to extend the storage agreement or propose an alternative resolution. In fact, the Trust fails to even identify any such new or revised contract (or even a document or communication showing that FlexGen declared its intent to do so).[3]

10. FlexGen has no title to, or obligations related to, the RH Inventory and is not, and cannot be, responsible for any RH Inventory related costs or fees. To the extent that any party later seeks to hold FlexGen liable for such costs, FlexGen hereby makes a claim and reserves its rights under the Confirmation Order, Agreement, and Consent Order, including with respect to the Reserve held by the Trust for FlexGen's benefit.

11. FlexGen kindly reiterates that it has funded these Chapter 11 Cases, first through the DIP Facility and then through the purchase price under the APA. Even so, FlexGen did not receive certain assets it paid for under the APA, including the RH Inventory. FlexGen entered the Agreement with the understanding that the Trust would actively market and sell the RH Inventory, in hopes that the proceeds of any sale would allow FlexGen to salvage a fraction of the value it actually purchased under the APA. The Trust's attempt to pass costs and fees onto FlexGen is not only unfortunate and wrong, but is a misstatement of the record. FlexGen reserves its rights.

[*Remainder of Page Intentionally Left Blank*]

[3] The Trust alleges that "RH Shipping emailed counsel for the Trust stating '[t]here are over $600K of unpaid warehousing charges, which FlexGen has stopped paying and is now ignoring my client.'" (Objection at ¶ 21.). But, as noted above, FlexGen was not responsible for any of the storage fees in the first place (the Trust was under the Agreement) so it not accurate that FlexGen "stopped" paying fees that it had never paid and was never responsible for paying.

September 29, 2026 Respectfully Submitted,

*/s/ Blake T. Denton*
Blake T. Denton
David A. Hammerman
Jason D. Petropoulos
LATHAM & WATKINS, LLP
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Email: blake.denton@lw.com
david.hammerman@lw.com
jason.petropoulos@lw.com

-and-

Jeffrey T. Mispagel
LATHAM & WATKINS, LLP
355 South Grand Avenue, Suite 100
Los Angeles, CA 90071-1560
Telephone: (213) 485-1234
Email: jeffrey.mispagel@lw.com

*Counsel for FlexGen Power Systems, LLC*

**CERTIFICATE OF SERVICE**

I, Blake T. Denton, certify that on September 29, 2026, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the District of New Jersey on those parties registered to receive electronic notices.

*<u>/s/ Blake T. Denton</u>*
Blake T. Denton