**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**SHERMAN, SILVERSTEIN,**
**KOHL, ROSE & PODOLSKY, P.A.**

Arthur J. Abramowitz
Ross J. Switkes
308 Harper Drive, Suite 200
Moorestown, NJ 08057
Tel: (856) 662-0700
Email: aabramowitz@shermansilverstein.com
rswitkes@shermansilverstein.com

*Co-Counsel for the Powin Liquidating Trust*

**STEPTOE LLP**

Timothy W. Walsh (admitted *pro hac vice*)
Joseph Archambeau (admitted *pro hac vice*)
1114 Avenue of the Americas
New York, NY 10036
Tel: (212) 506-3900
Email:twwalsh@steptoe.com
jarchambeau@steptoe.com

*Co-Counsel for the Powin Liquidating Trust*

| | |
|---|---|
| In re:<br><br>POWIN, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-16137 (MBK)<br><br>(Jointly Administered)<br><br>Honorable Michael B. Kaplan, U.S.B.J. |

**NOTICE OF TRUSTEE'S FIRST OMNIBUS OBJECTION TO CLAIMS**
**(AMENDED AND SUPERSEDED CLAIMS)**

**PLEASE TAKE NOTICE** that on November 12, 2026 at 10:00 a.m. or as soon thereafter as counsel may be heard, J.S. Held LLC as the Liquidating Trustee of the Powin Liquidating Trust (the "**Trustee**" of the "**Trust**"), successor in interest to Powin, LLC and its co-debtors (collectively, the "**Debtors**"), by and through undersigned counsel, shall move for disallowance and expungement of the claims described herein (the "**Objection**") before the Honorable Michael B. Kaplan, United States Bankruptcy Judge, in Courtroom Number 8 of the United States Bankruptcy Court for the District of New Jersey (the "**Court**"), 402 East State Street, Trenton,

---

[1] The Debtors in these "**Chapter 11 Cases**", along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin Project LLC [1583]; (ii) Powin, LLC [0504]; (iii) PEOS Holdings, LLC [5476]; (iv) Powin China Holdings 1, LLC [1422]; (v) Powin China Holdings 2, LLC [9713]; (vi) Charger Holdings, LLC [5241]; (vii) Powin Energy Ontario Storage, LLC [8348]; (viii) Powin Energy Operating Holdings, LLC [2495]; (ix) Powin Energy Operating, LLC [6487]; (x) Powin Energy Storage 2, Inc. [9926]; (xi) Powin Energy Ontario Storage II LP [5787]; (xii) Powin Canada B.C. Ltd. [2239]; and (xiii) Powin EKS SellCo, LLC [9110].

New Jersey 08608, or such other physical or virtual location as may be determined by the Court, for entry of an order, substantially in the form submitted herewith.

**PLEASE TAKE FURTHER NOTICE** that the Objection sets forth the relevant factual bases upon which the relief requested should be granted. Claimants receiving this Objection should locate their names and claims on **Schedule 1** to the Proposed Order. A Proposed Order granting the relief requested in the Objection is attached as **Exhibit A**.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the relief requested in the Objection shall: (i) be in writing, (ii) state with particularity the basis of the objection; and (iii) be filed with the Clerk of the United States Court electronically by attorneys who regularly practice before the Court in accordance with the General Order Regarding Electronic Means for Filing Signing, and Verification of Documents dated March 27, 2002 (the "**General Order**") and the Commentary Supplementing Administrative Procedures dated as of March 2004 (the "**Supplemental Commentary**") (the General Order, the Supplemental Commentary and the User's Manual for the Electronic Case Filing System can be found at www.njb.uscourts.gov, the official website for the Court) and, by all other parties in interest, in Portable Document Format (PDF), and shall be served in accordance with the General Order and the Supplemental Commentary, so as to be received no later than seven (7) days before the hearing date set forth above.

**PLEASE TAKE FURTHER NOTICE** that copies of all documents filed in these Chapter 11 Cases may be obtained free of charge by visiting the website of Verita Global at https://www.veritaglobal.net/powin; you may also obtain copies of any pleadings by visiting the Court's website at www.njb.uscourts.gov in accordance with the procedures and fees set forth therein.

**PLEASE TAKE FURTHER NOTICE** that unless responses are timely filed and served, the Objection shall be decided on the papers in accordance with D.N.J. LBR 9013-3(d), and the relief requested may be granted without further notice or hearing.

Dated: October 13, 2026

*/s/ Arthur J. Abramowitz*
Arthur J. Abramowitz
Ross J. Switkes
**SHERMAN, SILVERSTEIN,**
**KOHL, ROSE & PODOLSKY, P.A.**
308 Harper Drive, Suite 200
Moorestown, NJ 08057
Tel: (856) 662-0700
Email: aabramowitz@shermansilverstein.com
rswitkes@shermansilverstein.com

*Co-Counsel for the Powin Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**SHERMAN, SILVERSTEIN, KOHL, ROSE & PODOLSKY, P.A.**

Arthur J. Abramowitz
Ross J. Switkes
308 Harper Drive, Suite 200
Moorestown, NJ 08057
Tel: (856) 662-0700
Email: aabramowitz@shermansilverstein.com
rswitkes@shermansilverstein.com

*Co-Counsel for the Powin Liquidating Trust*

**STEPTOE LLP**

Timothy W. Walsh (admitted *pro hac vice*)
Joseph Archambeau (admitted *pro hac vice*)
1114 Avenue of the Americas
New York, NY 10036
Tel: (212) 506-3900
Email:twwalsh@steptoe.com
jarchambeau@steptoe.com

*Co-Counsel for the Powin Liquidating Trust*

| | |
|---|---|
| In re:<br><br>POWIN, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-16137 (MBK)<br><br>(Jointly Administered)<br><br>Honorable Michael B. Kaplan, U.S.B.J. |

# TRUSTEE'S FIRST OMNIBUS OBJECTION TO CERTAIN PROOFS OF CLAIM (AMENDED AND SUPERSEDED CLAIMS)

**THIS IS AN OBJECTION TO YOUR CLAIM. THIS OBJECTION ASKS THE COURT TO DISALLOW THE CLAIM THAT YOU FILED IN THESE BANKRUPTCY CASES. IF YOU DO NOT FILE A RESPONSE WITHIN 30 DAYS AFTER THIS OBJECTION WAS SERVED ON YOU, YOUR CLAIM MAY BE DISALLOWED WITHOUT A HEARING.**

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN PROOFS OF CLAIM. CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON SCHEDULE 1 TO THE PROPOSED ORDER FILED WITH THIS OBJECTION.**

[1] The Debtors in these "**Chapter 11 Cases**", along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin Project LLC [1583]; (ii) Powin, LLC [0504]; (iii) PEOS Holdings, LLC [5476]; (iv) Powin China Holdings 1, LLC [1422]; (v) Powin China Holdings 2, LLC [9713]; (vi) Charger Holdings, LLC [5241]; (vii) Powin Energy Ontario Storage, LLC [8348]; (viii) Powin Energy Operating Holdings, LLC [2495]; (ix) Powin Energy Operating, LLC [6487]; (x) Powin Energy Storage 2, Inc. [9926]; (xi) Powin Energy Ontario Storage II LP [5787]; (xii) Powin Canada B.C. Ltd. [2239]; and (xiii) Powin EKS SellCo, LLC [9110].

J.S. Held LLC as the Liquidating Trustee of the Powin Liquidating Trust (the "**Trustee**" of the "**Trust**"), successor in interest to Powin, LLC ("**Powin**") and its co-debtors (collectively, the "**Debtors**"); by and through undersigned counsel, pursuant to sections 105(a), 502(a), and 502(b)(1) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 3007-1, 3007-2, and 9013-1 of the Local Rules of the United States Bankruptcy Court for the District of New Jersey (the "**Local Rules**"), hereby files this *Trustee's First Omnibus Objection to Amended and Superseded Claims* (the "**Objection**"). In support of the Objection, the Trustee respectfully represents as follows:

**Preliminary Statement**

1. The claims identified on **Schedule 1** to the Proposed Order Submitted herewith (each a "**Superseded Claim**" and collectively, the "**Superseded Claims**") have each been amended, restated, and/or superseded by a later-filed proof of claim asserted against the Debtors by the same claimant (each, a "**Surviving Claim**" and, collectively, the "**Surviving Claims**") as identified on Schedule 1.

2. Based on information and belief, each Superseded Claim has been amended, restated, and/or superseded by a later-filed Surviving Claim asserted by the same claimant against the same or a related Debtor, allowance of the Superseded Claims would improperly permit the applicable claimants to recover twice on account of what is, in substance, a single underlying obligation and would improperly dilute distributions available to other creditors and beneficiaries of the Trust. Accordingly, pursuant to Bankruptcy Rule 3007(d)(2)(C), each Superseded Claim should be disallowed and expunged in its entirety, without prejudice to the Surviving Claim asserted by the same claimant, which shall remain on the claims register.

3. Through this Objection, the Trustee seeks entry of an order disallowing and expunging the Superseded Claims identified on Schedule 1 and removing them from the claims

register so that the claims reconciliation process may be completed and distributions to creditors may proceed without the need to reserve for duplicative liabilities.

**Jurisdiction and Venue**

4. The United States Bankruptcy Court for the District of New Jersey (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. sections 157 and 1334, Confirmation Order paragraph NN and Plan section 18 (defined below).

5. This matter is a core proceeding within the meaning of 28 U.S.C. section 157(b)(2).

6. Venue in this Court is proper pursuant to 28 U.S.C. sections 1408 and 1409.

7. The statutory predicates for the relief requested herein are sections 105(a), 502(a), and 502(b)(1) of the Bankruptcy Code, Bankruptcy Rule 3007(d)(2)(C), and Local Rules 3007-1 – 3007-2 and 9013-1.

**Background**

8. On June 9, 2025 (the "**Petition Date**"), the Debtors each commenced a voluntary case for relief under chapter 11 of the Bankruptcy Code.

9. On August 20, 2025, the Court entered the *Order Establishing Deadlines for Filing Proofs of Claim and Approving Notice* [Docket No. 758], setting the general bar date for filing proofs of claim as September 29, 2025, and (ii) the bar date for governmental units as December 8, 2025.

10. Certain claimants timely filed more than one proof of claim against the Debtors, and later filed proofs of claim amending, restating, and/or superseding earlier-filed proofs of claim by the same claimant as reflected on Schedule 1.

11. The Court issued the **Confirmation Order**[2] on December 1, 2025. The **Plan**[3] went effective on December 5, 2025 (the "**Effective Date**").

12. These Chapter 11 Cases were jointly administered under the Lead Debtor Case, numbered 25-16137 (MBK). On July 30, 2026, the Court issued its *Final Decree and an Order Closing Certain Chapter 11 Cases* [Docket No. 1430], closing all of the Chapter 11 Cases except those of Powin, LLC [0504], case number 25-16137 (MBK); and (ii) Powin Project LLC [1583], case number 25-16136 (MBK).

13. Pursuant to the Confirmation Order:

> Except as otherwise provided in the Plan, the Liquidating Trustee shall have the right to object to Claims on any basis. Subject to further extension by the Bankruptcy Court with or without notice, the Liquidating Trustee may object to the allowance of all Claims on or before the Claim Objection Deadline. From and after the Effective Date, the Liquidating Trust shall succeed to all of the rights, defenses, offsets, and counterclaims of the Debtors and the Estates in respect of all Claims, and in that capacity shall have the exclusive power to prosecute, defend, compromise, settle, and otherwise deal with all such objections.

Confirmation Order ¶ 31.

14. On June 2, 2026, the Court issued its *Order Extending the Deadline to Object to Claims* [Docket No. 1401], continuing the Claims Objection Deadline to December 7, 2026. See Plan § 2 ("the 'Claims Objection Deadline' means the date that is one hundred eighty (180) days after the Effective Date, or such other date as may be fixed by the Court").

**<u>The Amended and Superseded Claims</u>**

15. The Trustee and the Trustee's advisors have reviewed the claims and supporting documentation and the claims register and have determined that each of the Superseded Claims

---

[2] *Findings of Fact, Conclusions of Law, and Order (I) Approving the Disclosure Statement on a Final Basis and (II) Confirming the Joint Combined Disclosure Statement and Chapter 11 Plan of Liquidation of Powin, LLC and Affiliates Thereof and the Official Committee of Unsecured Creditors* [Docket No. 1165]

[3] *Joint Combined Disclosure Statement and Chapter 11 Plan of Liquidation of Powin, LLC and Affiliates Thereof and the Official Committee of Unsecured Creditors* [Docket No. 942] as amended, modified, or supplemented. The Plan Supplement is filed at Docket No. 1036. The Amended Plan Supplement is filed at Docket No. 1038 and the Amended Exhibits to the Amended Plan Supplement are filed at Docket No. 1055.

has been amended and/or superseded by a subsequently filed proof of claim identified on Schedule 1 to the Proposed order under "Surviving Claims" (collectively, the "**Surviving Claims**"). The Superseded Claims, therefore, no longer represent valid claims against the Debtors.

16. Failure to disallow and expunge the Superseded Claims could result in the applicable claimants receiving unwarranted recoveries against the Debtors to the detriment of other similarly situated creditors. Accordingly, the Trustee and the Trustee's advisors respectfully request that the Court enter the Proposed Order expunging and disallowing the Superseded Claims identified on Schedule 1.

**Basis for Relief Requested**

15. Section 502 of the Bankruptcy Code provides, in pertinent part, that "[a] claim or interest, proof of which is filed under section 501 of [the Bankruptcy Code], is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). Pursuant to Bankruptcy Rule 3007(a), a party in interest may object to the allowance of a claim in a writing filed with the Bankruptcy Court. Fed. R. Bankr. P. 3007(a).

16. Bankruptcy Rule 3007 provides certain grounds upon which "objections to more than one claim may be joined in an omnibus objection," which include when "the objections are based solely on the grounds that the claims should be disallowed, in whole or in part, because they . . . have been amended by later proofs of claim [.]" Fed. R. Bankr. P. 3007(d)(2)(C).

17. As set forth in Bankruptcy Rule 3001(f), a properly executed and filed proof of claim constitutes prima facie evidence of the validity and the amount of the claim under section 502(a) of the Bankruptcy Code. *See, e.g., In re Jack Kline Co., Inc*., 440 B.R. 712, 742 (Bankr. S.D. Tex. 2010). However, prima facie validity under Bankruptcy Rule 3001(f) "can be overcome by rebuttal evidence . . .." *In re Fidelity Holding Co., Ltd*., 837 F.2d 696, 698 (5th Cir. 1988). "Upon production of this rebuttal evidence, the burden shifts to the claimant to prove its claim by

a preponderance of the evidence." *In re Armstrong*, 347 B.R. 581, 583 (Bankr. N.D. Tex. 2006) (citing *In re Fidelity Holding*, 837 F.2d at 698). Despite the shifting burden during the claim objection process, "the ultimate burden of proof always lies with the claimant." *Id*. (citing *Raleigh v. Ill. Dep't of Rev*., 530 U.S. 15 (2000)).

**Separate Contested Matter**

17. To the extent that a response is filed regarding any Superseded Claim identified on Schedule 1 of the Proposed Order and the Trustee and the Trustee's advisors are unable to resolve such response, each such Superseded Claim and this Objection as it pertains to such Superseded Claim will constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. Further, the Trustee and the Trustee's advisors request that any order entered by the Court regarding an objection or other reply asserted in response to this Objection be deemed a separate order with respect to each such proof of claim.

**Responses to this Objection**

18. Parties Required to File a Response. Any party who disagrees with this Objection must file a Response in accordance with the procedures set forth herein. If the claimant of the Claim does not file a Response in compliance with this Objection, the Court may sustain the Objection with respect to such Claim without further notice to the claimants.

19. Response Contents. Each Response must contain the following (at a minimum):

a. a caption stating the name of the Court, the name of the Debtors, the case number, the title of the Objection to which the Response is directed, and, if applicable, the Proof of Claim number(s) related thereto from the Claims Register;

b. a concise statement setting forth the reasons why the Court should not sustain the Objection with respect to the Claim, including the factual and legal bases

upon which the claimant will rely in opposing the Objection;

c. a copy of any other documentation or other evidence of the Claim, to the extent not already included with the Proof of Claim, upon which the claimant will rely in opposing the Objection; *provided, however,* that the claimant need not disclose confidential, proprietary, or otherwise protected information in the Response; *provided further, however,* that the claimant shall disclose to the Trust all information and provide copies of all documents that the claimant believes to be confidential, proprietary, or otherwise protected and upon which the claimant intends to rely in support of its Claim, subject to appropriate confidentiality constraints; and

d. the following contact information for the responding party:

i. the name, address, telephone number, and email address of the responding claimant or the claimant's attorney or designated representative to whom the attorneys for the Trust should serve a reply to the Response, if any; or

ii. the name, address, telephone number, and email address of the party with authority to reconcile, settle, or otherwise resolve the Objection on the claimant's behalf.

20. Filing and Serving the Response. A Response will be deemed timely only if it is filed with Verita Global and served upon the U.S. Trustee so as to be actually received **by or before 4:00 p.m. (prevailing Eastern Time) on the day that is seven (7) calendar days before the Hearing on the Objection(s) and Response(s)** (the "**Response Deadline**"), unless the Trust consents to an extension in writing:

a. **Trust's Counsel**. (1) Sherman, Silverstein, Kohl, Rose & Podolsky, P.A., 308 Harper Drive, Suite 200 Moorestown, NJ 08057, Attn: Arthur J. Abramowitz,

Esq. (aabramowitz@shermansilverstein.com); and Ross J. Switkes (rswitkes@shermansilverstein.com); and (2) Steptoe LLP, 1114 Avenue of the Americas, Attn: Timothy W. Walsh, Esq. (twwalsh@steptoe.com); and Joseph A. Archambeau, Esq. (jarchambeau@steptoe.com); and

b. **U.S. Trustee**. Office of the United States Trustee for the District of New Jersey, One Newark Center, Suite 2100, Newark, NJ 07102, Attn: Jeffrey Sponder, Esq. (Jeffrey.M.Sponder@usdoj.gov).

21. Hearing on Objection. A hearing (the "**Hearing**") on the Objection will be held on ****** , 2026 at **:** *.m. ET,** before the Honorable Michael B. Kaplan, United States Bankruptcy Judge for the District of New Jersey. The Hearing will be conducted both live and virtually using Zoom for Government. To the extent parties wish to present their argument at the hearing via Zoom, a request for "Presenter Status" must be submitted to the Court at least one (1) business day prior to the Hearing by emailing Chambers (chambers_of_mbk@njb.uscourts.gov) and providing the following information: (a) name of Presenter, (b) email address of Presenter, (c) Presenter's affiliation with the case and/or (d) what party or interest the Presenter represents. If the request is approved, the Presenter will receive appropriate Zoom credentials and further instructions via email. The Hearing may be adjourned to a subsequent date in these cases in the Court's or Trust's discretion. Any party in interest who disagrees with the Objection and has filed a Response that remains unresolved prior to the Hearing must attend the Hearing. If such Claims cannot be resolved and a hearing is determined to be necessary, the Trust shall file with the Court and serve on the affected claimants a notice of the hearing to the extent the Trust did not file a notice of hearing previously.

22. Discovery. If the Trust determines that discovery is necessary in advance of the Hearing, the Trust will serve notice on the affected claimant and its counsel of record (if

applicable) that the scheduled hearing will be treated as a status conference during which the parties will request that the Court issue a scheduling order to facilitate dismissal or resolution of the litigation. Such notice may be incorporated into the initial agenda letter for the hearing or may be provided in a separate notice.

23. Failure to Respond. A Response that is not filed with the Court and served on the Notice Parties on or before the Response Deadline or such other date as agreed with the Trustee, in accordance with the procedures set forth herein, may not be considered at the Hearing before the Court. **Absent reaching an agreement with the Trust resolving the Objection to a Claim, failure to both file and serve a Response timely as set forth herein may result in the Court granting the Objection without further notice or hearing.** Affected creditors will be served with such order once it has been entered.

24. Reply to a Response. The Trust shall be permitted to file a reply to any Response no later than two (2) business days before the hearing with respect to the Objection.

**Reservation of Rights**

25. Nothing contained in this Objection or any actions taken pursuant to any order granting the relief requested by this Objection is intended or should be construed as: (a) an admission as to the validity of any particular claim against the Trust, (b) a waiver of the Trust's rights to dispute any particular claim on any grounds, (c) a promise or requirement to pay any particular claim, (d) an implication or admission that any particular claim is of a type specified or defined in this Objection or any order granting the relief requested by this Objection, (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code, (f) a waiver or limitation of the Trust's rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Trust that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Objection are valid, and the Trust expressly

reserves its rights to contest the extent, validity, or perfection of, or seek avoidance of all such liens.

26. No prior request for the relief sought in this Objection has been made to this Court or any other court.

**Waiver of Memorandum of Law**

27. The Trustee respectfully requests that the Court waive the requirement to file a separate memorandum of law pursuant to Local Rule 9013-1(a)(3) because the legal basis upon which the Trustee relies is set forth herein and the Objection does not raise any novel issues of law.

**Notice**

28. The Trustee will provide notice of this Objection to the following parties and/or their respective counsel, as applicable: (a) the office of the U.S. Trustee; (b) the United States Attorney for the District of New Jersey; (c) the Attorney General of the United States; and (d) any party that has requested notice in the Chapter 11 Cases pursuant to Bankruptcy Rule 2002. The Trustee submits that, in light of the nature of the relief requested, no other or further notice need be given.

**WHEREFORE**, the Trustee respectfully requests entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: October 13, 2026

*/s/ Arthur J. Abramowitz*
Arthur J. Abramowitz
Ross J. Switkes
**SHERMAN, SILVERSTEIN,**
**KOHL, ROSE & PODOLSKY, P.A.**
308 Harper Drive, Suite 200
Moorestown, NJ 08057
Tel: (856) 662-0700
Email:
aabramowitz@shermansilverstein.com
rswitkes@shermansilverstein.com

*Co-Counsel for the Powin Liquidating Trust*

**Exhibit A**

Proposed Order

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**SHERMAN, SILVERSTEIN,**
**KOHL, ROSE & PODOLSKY, P.A.**

Arthur J. Abramowitz
Ross J. Switkes
308 Harper Drive, Suite 200
Moorestown, NJ 08057
Tel: (856) 662-0700
Email: aabramowitz@shermansilverstein.com
rswitkes@shermansilverstein.com

*Co-Counsel for the Powin Liquidating Trust*

**STEPTOE LLP**

Timothy W. Walsh (admitted *pro hac vice*)
Joseph Archambeau (admitted *pro hac vice*)
1114 Avenue of the Americas
New York, NY 10036
Tel: (212) 506-3900
Email:twwalsh@steptoe.com
jarchambeau@steptoe.com

*Co-Counsel for the Powin Liquidating Trust*

| | |
|---|---|
| In re:<br><br>POWIN, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-16137 (MBK)<br><br>(Jointly Administered)<br><br>Honorable Michael B. Kaplan, U.S.B.J. |

**ORDER SUSTAINING TRUSTEE'S FIRST OMNIBUS OBJECTION TO CERTAIN PROOFS OF CLAIM (AMENDED AND SUPERSEDED CLAIMS)**

The relief set forth on the following pages, numbered two (2) through four (4) is **ORDERED**.

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin Project LLC [1583]; (ii) Powin, LLC [0504]; (iii) PEOS Holdings, LLC [5476]; (iv) Powin China Holdings 1, LLC [1422]; (v) Powin China Holdings 2, LLC [9713]; (vi) Charger Holdings, LLC [5241]; (vii) Powin Energy Ontario Storage, LLC [8348]; (viii) Powin Energy Operating Holdings, LLC [2495]; (ix) Powin Energy Operating, LLC [6487]; (x) Powin Energy Storage 2, Inc. [9926]; (xi) Powin Energy Ontario Storage II LP [5787]; (xii) Powin Canada B.C. Ltd. [2239]; and (xiii) Powin EKS SellCo, LLC [9110].

Upon the *Trustee's First Omnibus Objection to Certain Proofs of Claim (Amended and Superseded Claims)* (the "**Objection**"),[2] pursuant to the Confirmation Order, sections 105(a), 502(a), and 502(b) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 3007-1 and 9013-1 of the Local Rules of the United States Bankruptcy Court for the District of New Jersey (the "**Local Rules**"); and the Court having jurisdiction to consider the Objection and the relief requested therein pursuant to 28 U.S.C. sections 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11*, entered September 18, 2012 (Simandle, C.J.) and amended on June 6, 2025 (Bumb, C.J.); and this Court having found that venue of this proceeding and the Objection in this district is proper pursuant to 28 U.S.C. sections 1408 and 1409; and due and proper notice of the Objection having been provided; and it appearing that no other or further notice need be provided; and all responses, if any, to the Objection having been withdrawn, resolved, or overruled; and the Court having found and determined that the relief sought in the Objection is in the best interests of the Debtors, Trust and their beneficiaries; and the Court having determined that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and upon the record herein, and all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, **IT IS HEREBY ORDERED THAT:**

1. The Objection is SUSTAINED as set forth herein.

2. Each Superseded Claim identified on **<u>Schedule 1</u>** is hereby deemed disallowed in its entirety and expunged.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Objection.

3. Verita Global is hereby authorized and directed to modify, disallow, and expunge the Claim.

4. The Trust is authorized to take all steps necessary or appropriate to carry out the relief granted in this Order.

5. The terms, conditions, and provisions of this Order shall be immediately effective and enforceable upon its entry.

6. Nothing contained in this Objection or any actions taken pursuant to any order granting the relief requested by this Objection is intended or should be construed as: (a) an admission as to the validity of any particular claim against the Trust, (b) a waiver of the Trust's rights to dispute any particular claim on any grounds, (c) a promise or requirement to pay any particular claim, (d) an implication or admission that any particular claim is of a type specified or defined in this Objection or any order granting the relief requested by this Objection, (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code, (f) a waiver or limitation of the Trust's rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Trust that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Objection are valid, and the Trust expressly reserves its rights to contest the extent, validity, or perfection or seek avoidance of all such liens.

7. The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Objection or is otherwise waived.

8. This Court retains exclusive jurisdiction with respect to all matters arising from or

related to the implementation, interpretation, and enforcement of this Order.

## Schedule 1

### Amended or Superseded Claims

| Amended/Superseded Claims | | | | | Surviving Claims | | | | |
|---|---|---|---|---|---|---|---|---|---|
| **Claim No.** | **Claimant** | **Debtor** | **Priority** | **Amount** | **Claim No.** | **Claimant** | **Debtor** | **Priority** | **Amount** |
| **434** | ACE Engineering and Co. Ltd. | Powin, LLC | Admin Priority | $5,000,000.00 | **505** | ACE Engineering and Co. Ltd. | Powin, LLC | Admin Priority | $4,000,000.00 |
| | | | Priority | $0.00 | | | | Priority | $0.00 |
| | | | General Unsecured | $105,228,644.71 | | | | General Unsecured | $105,228,644.71 |
| | | | **Total** | **$110,228,644.71** | | | | **Total** | **$109,228,644.71** |
| **504** | ACE Engineering and Co. Ltd. | Powin, LLC | Admin Priority | $5,000,000.00 | | | | | |
| | | | Priority | $0.00 | | | | | |
| | | | General Unsecured | $105,228,644.71 | | | | | |
| | | | **Total** | **$110,228,644.71** | | | | | |
| **Reason for Disallowance:** The Surviving Claim expressly amends and supersedes the Amended/Superseded Claims. | | | | | | | | | |
| **229** | ARAMARK Refreshments Services, LLC | Powin, LLC | Admin Priority | $3,372.47 | **461** | ARAMARK Refreshments Services, LLC | Powin, LLC | Admin Priority | $5,992.25 |
| | | | Priority | $0.00 | | | | Priority | $0.00 |
| | | | General Unsecured | $57,540.87 | | | | General Unsecured | $58,299.34 |
| | | | **Total** | **$60,913.34** | | | | **Total** | **$64,291.59** |
| **Reason for Disallowance:** The Surviving Claim expressly amends and supersedes the Amended/Superseded Claim. | | | | | | | | | |
| **309** | Control Source Inc. | Powin, LLC | Admin Priority | $131,941.60 | **496** | Control Source Inc. | Powin, LLC | Admin Priority | $0.00 |
| | | | Priority | $0.00 | | | | Priority | $0.00 |
| | | | General Unsecured | $0.00 | | | | General Unsecured | $131,941.60 |
| | | | **Total** | **$131,941.60** | | | | **Total** | **$131,941.60** |
| **Reason for Disallowance:** The Surviving Claim expressly amends and supersedes the Amended/Superseded Claim. | | | | | | | | | |
| **13** | Euler Hermes Agent for Clean Energy Services CES LLC | Powin, LLC | Admin Priority | $2,446,706.54 | **499** | Euler Hermes Agent for Clean Energy Services CES LLC | Powin, LLC | Admin Priority | $0.00 |
| | | | Priority | $0.00 | | | | Priority | $0.00 |
| | | | General Unsecured | $6,986,341.56 | | | | General Unsecured | $10,434,245.41 |
| | | | **Total** | **$9,433,048.10** | | | | **Total** | **$10,434,245.41** |
| **483** | Euler Hermes Agent for Clean Energy Services CES LLC | Powin, LLC | Admin Priority | $2,446,706.54 | | | | | |
| | | | Priority | $0.00 | | | | | |
| | | | General Unsecured | $7,987,538.87 | | | | | |
| | | | **Total** | **$10,434,245.41** | | | | | |
| **Reason for Disallowance:** The Surviving Claim expressly amends and supersedes the Amended/Superseded Claims. | | | | | | | | | |
| **76** | Fallon Adair | Powin, LLC | Admin Priority | $17,637.20 | **88** | Fallon Adair | Powin, LLC | Admin Priority | $0.00 |
| | | | Priority | $0.00 | | | | Priority | $5,100.00 |
| | | | General Unsecured | $0.00 | | | | General Unsecured | $0.00 |
| | | | **Total** | **$17,637.20** | | | | **Total** | **$5,100.00** |
| **Reason for Disallowance:** The Surviving Claim expressly amends and supersedes the Amended/Superseded Claim. | | | | | | | | | |

| Amended/Superseded Claims | | | | | Surviving Claims | | | | |
|---|---|---|---|---|---|---|---|---|---|
| **Claim No.** | **Claimant** | **Debtor** | **Priority** | **Amount** | **Claim No.** | **Claimant** | **Debtor** | **Priority** | **Amount** |
| **141** | James Glogoza | Powin Energy Operating, LLC | Admin Priority | $17,150.00 | **338** | James Glogoza | Powin, LLC | Admin Priority | $38,400.70 |
| | | | Priority | $24,580.00 | | | | Priority | $17,150.00 |
| | | | General Unsecured | $0.00 | | | | General Unsecured | $0.00 |
| | | | **Total** | **$41,730.00** | | | | **Total** | **$55,550.70** |
| **Reason for Disallowance:** | | | | | | | | | |
| Superseded Claim replaced by the Surviving Claim. Upon information and belief, the Surviving Claim includes the liabilities reflected in the Amended/Superseded Claim. | | | | | | | | | |
| **391** | Matrix Networks | Powin, LLC | Admin Priority | $459,623.88 | **470** | Matrix Networks | Powin, LLC | Admin Priority | $0.00 |
| | | | Priority | $0.00 | | | | Priority | $0.00 |
| | | | General Unsecured | $11,062.84 | | | | General Unsecured | $445,152.06 |
| | | | **Total** | **$470,686.72** | | | | **Total** | **$445,152.06** |
| **Reason for Disallowance:** | | | | | | | | | |
| The Surviving Claim expressly amends and supersedes the Amended/Superseded Claim. | | | | | | | | | |

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY** | |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br>**SHERMAN, SILVERSTEIN, KOHL, ROSE & PODOLSKY, P.A.**<br><br>Arthur J. Abramowitz<br>Ross J. Switkes<br>308 Harper Drive, Suite 200<br>Moorestown, NJ 08057<br>Tel: (856) 662-0700<br>Email: aabramowitz@shermansilverstein.com<br>rswitkes@shermansilverstein.com<br><br>*Co-Counsel for the Powin Liquidating Trust* | **STEPTOE LLP**<br><br>Timothy W. Walsh (admitted *pro hac vice*)<br>Joseph Archambeau (admitted *pro hac vice*)<br>1114 Avenue of the Americas<br>New York, NY 10036<br>Tel: (212) 506-3900<br>Email:twwalsh@steptoe.com<br>jarchambeau@steptoe.com<br><br>*Co-Counsel for the Powin Liquidating Trust* |
| In re:<br><br>POWIN, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-16137 (MBK)<br><br>(Jointly Administered)<br><br>Honorable Michael B. Kaplan, U.S.B.J. |

**DECLARATION OF SARA BERETTA IN SUPPORT OF TRUSTEE'S FIRST OMNIBUS OBJECTION TO CERTAIN PROOFS OF CLAIM (AMENDED OR SUPERSEDED CLAIMS)**

I, Sara Beretta, hereby declare under penalty of perjury:

1. I am a Managing Director with J.S. Held LLC, the Liquidating Trustee of the Powin Liquidating Trust (the "**Trustee**" of the "**Trust**").

2. I submit this declaration in support of the *Trustee's First Omnibus Objection to Certain Proofs of Claim (Amended or Superseded Claims)* (the "Objection").

[1] The Debtors in these "**Chapter 11 Cases**", along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin Project LLC [1583]; (ii) Powin, LLC [0504]; (iii) PEOS Holdings, LLC [5476]; (iv) Powin China Holdings 1, LLC [1422]; (v) Powin China Holdings 2, LLC [9713]; (vi) Charger Holdings, LLC [5241]; (vii) Powin Energy Ontario Storage, LLC [8348]; (viii) Powin Energy Operating Holdings, LLC [2495]; (ix) Powin Energy Operating, LLC [6487]; (x) Powin Energy Storage 2, Inc. [9926]; (xi) Powin Energy Ontario Storage II LP [5787]; (xii) Powin Canada B.C. Ltd. [2239]; and (xiii) Powin EKS SellCo, LLC [9110].

3. In connection with the claims reconciliation process, I reviewed the claims register, the Debtors' books and records, the bankruptcy docket, and other relevant records maintained by the Trust, as well as documents submitted by the claimants.

4. Upon reviewing the claims register, I identified claims that were later amended or superseded.

5. I determined that the amended or superseded claims identified on Schedule 1 to the Objection have been replaced by later-filed surviving claims.

6. Maintaining both the original and the superseded claims could permit duplicative recovery and would improperly dilute distributions available to other creditors and beneficiaries of the Trust.

7. Based upon my review of the relevant records and discussions with the Trust's advisors, I believe disallowance and expungement of the amended or superseded claims is appropriate, as allowing both claims to remain would lead to multiple recoveries on a single claim, to the detriment of all creditors.

8. I make this declaration in support of the Objection and the relief requested therein.

9. Pursuant to 28 U.S.C. section 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: October 13, 2026

*/s/ Sara Beretta*
Sara Beretta
Managing Director
*J.S. Held LLC as Liquidating Trustee of the Powin Liquidating Trust*