UNITED STATES BANKRUPTCY COURT

DISTRICT OF New Jersey

In re: Powin, LLC

Debtor(s)

Case No. 25-16137

Lead Case No. 25-16137

☒ Jointly Administered

# Post-confirmation Report

Chapter 11

Quarter Ending Date: 09/30/2026

Petition Date: 06/10/2025

Plan Confirmed Date: 12/01/2025

Plan Effective Date: 12/05/2025

This Post-confirmation Report relates to: ◉ Reorganized Debtor

○ Other Authorized Party or Entity: ____________________
Name of Authorized Party or Entity

/s/ Brian Gleason
Signature of Responsible Party

Brian Gleason
Printed Name of Responsible Party

10/16/2026
Date

2700 N Central Ave, Ste 800, Phoenix, AZ 85004
Address

STATEMENT: This Periodic Report is associated with an open bankruptcy case; therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

Debtor's Name Powin, LLC Case No. 25-16137

## Part 1: Summary of Post-confirmation Transfers

| | Current Quarter | Total Since Effective Date |
|---|---|---|
| a. Total cash disbursements | $669 | $5,003,438 |
| b. Non-cash securities transferred | $0 | $0 |
| c. Other non-cash property transferred | $0 | $0 |
| d. Total transferred (a+b+c) | $669 | $5,003,438 |

## Part 2: Preconfirmation Professional Fees and Expenses

| | | | | Approved Current | Approved Cumulative | Paid Current Quarter | Paid Cumulative |
|---|---|---|---|---|---|---|---|
| a. | Professional fees & expenses (bankruptcy) incurred by or on behalf of the debtor | | *Aggregate Total* | $0 | $16,758,576 | $0 | $23,919,407 |
| | *Itemized Breakdown by Firm* | | | | | | |
| | | Firm Name | Role | | | | |
| | i | Dentons US LLP | Lead Counsel | $0 | $6,074,243 | $0 | $6,074,243 |
| | ii | Togut Segal & Segal LLP | Local Counsel | $0 | $1,362,775 | $0 | $1,362,775 |
| | iii | CBMN Advisors LLC | Financial Professional | $0 | $0 | $0 | $6,213,762 |
| | iv | Huron Transaction Advisory LL | Other | $0 | $3,418,186 | $0 | $3,418,186 |
| | v | Brown Rudnick LLP | Other | $0 | $2,769,115 | $0 | $2,794,244 |
| | vi | Genova Burns LLC | Other | $0 | $340,377 | $0 | $340,377 |
| | vii | Alvarez and Marsal | Other | $0 | $2,699,926 | $0 | $2,699,926 |
| | viii | Verita Global LLC | Other | $0 | $93,953 | $0 | $1,003,510 |
| | ix | Stretto Inc. | Other | $0 | $0 | $0 | $12,384 |
| | x | | | | | | |
| | xi | | | | | | |
| | xii | | | | | | |
| | xiii | | | | | | |
| | xiv | | | | | | |
| | xv | | | | | | |
| | xvi | | | | | | |
| | xvii | | | | | | |
| | xviii | | | | | | |
| | xix | | | | | | |
| | xx | | | | | | |
| | xxi | | | | | | |
| | xxii | | | | | | |
| | xxiii | | | | | | |
| | xxiv | | | | | | |
| | xxv | | | | | | |
| | xxvi | | | | | | |
| | xxvii | | | | | | |
| | xxviii | | | | | | |
| | xxix | | | | | | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | xxx | | | | | | |
| | xxxi | | | | | | |
| | xxxii | | | | | | |
| | xxxiii | | | | | | |
| | xxxiv | | | | | | |
| | xxxv | | | | | | |
| | xxxvi | | | | | | |
| | xxxvii | | | | | | |
| | xxxviii | | | | | | |
| | xxxix | | | | | | |
| | xl | | | | | | |
| | xli | | | | | | |
| | xlii | | | | | | |
| | xliii | | | | | | |
| | xliv | | | | | | |
| | xlv | | | | | | |
| | xlvi | | | | | | |
| | xlvii | | | | | | |
| | xlviii | | | | | | |
| | xlix | | | | | | |
| | l | | | | | | |
| | li | | | | | | |
| | lii | | | | | | |
| | liii | | | | | | |
| | liv | | | | | | |
| | lv | | | | | | |
| | lvi | | | | | | |
| | lvii | | | | | | |
| | lviii | | | | | | |
| | lix | | | | | | |
| | lx | | | | | | |
| | lxi | | | | | | |
| | lxii | | | | | | |
| | lxiii | | | | | | |
| | lxiv | | | | | | |
| | lxv | | | | | | |
| | lxvi | | | | | | |
| | lxvii | | | | | | |
| | lxviii | | | | | | |
| | lxix | | | | | | |
| | lxx | | | | | | |
| | lxxi | | | | | | |

Debtor's Name Powin, LLC Case No. 25-16137

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | lxxii | | | | | | |
| | lxxiii | | | | | | |
| | lxxiv | | | | | | |
| | lxxv | | | | | | |
| | lxxvi | | | | | | |
| | lxxvii | | | | | | |
| | lxxviii | | | | | | |
| | lxxix | | | | | | |
| | lxxx | | | | | | |
| | lxxxi | | | | | | |
| | lxxxii | | | | | | |
| | lxxxiii | | | | | | |
| | lxxxiv | | | | | | |
| | lxxxv | | | | | | |
| | lxxxvi | | | | | | |
| | lxxxvii | | | | | | |
| | lxxxvii | | | | | | |
| | lxxxix | | | | | | |
| | xc | | | | | | |
| | xci | | | | | | |
| | xcii | | | | | | |
| | xciii | | | | | | |
| | xciv | | | | | | |
| | xcv | | | | | | |
| | xcvi | | | | | | |
| | xcvii | | | | | | |
| | xcviii | | | | | | |
| | xcix | | | | | | |
| | c | | | | | | |
| | ci | | | | | | |

| | | | | Approved Current | Approved Cumulative | Paid Current Quarter | Paid Cumulative |
|---|---|---|---|---|---|---|---|
| b. | Professional fees & expenses (nonbankruptcy) incurred by or on behalf of the debtor *Aggregate Total* | | | $0 | $945,000 | $0 | $329,249 |
| | *Itemized Breakdown by Firm* | | | | | | |
| | | Firm Name | Role | | | | |
| | i | Beijing Dacheng Law Offices | Special Counsel | $0 | $280,000 | $0 | $126,085 |
| | ii | Clyde & Co LLP | Special Counsel | $0 | $280,000 | $0 | $38,181 |
| | iii | Davis Wright Tremaine LLP | Special Counsel | $0 | $35,000 | $0 | $14,328 |
| | iv | KBF CPAs LLP | Financial Professional | $0 | $210,000 | $0 | $134,118 |
| | v | ArentFox Schiff LLP | Special Counsel | $0 | $140,000 | $0 | $16,537 |
| | vi | | | | | | |

Debtor's Name Powin, LLC Case No. 25-16137

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | vii | | | | | | |
| | viii | | | | | | |
| | ix | | | | | | |
| | x | | | | | | |
| | xi | | | | | | |
| | xii | | | | | | |
| | xiii | | | | | | |
| | xiv | | | | | | |
| | xv | | | | | | |
| | xvi | | | | | | |
| | xvii | | | | | | |
| | xviii | | | | | | |
| | xix | | | | | | |
| | xx | | | | | | |
| | xxi | | | | | | |
| | xxii | | | | | | |
| | xxiii | | | | | | |
| | xxiv | | | | | | |
| | xxv | | | | | | |
| | xxvi | | | | | | |
| | xxvii | | | | | | |
| | xxviii | | | | | | |
| | xxix | | | | | | |
| | xxx | | | | | | |
| | xxxi | | | | | | |
| | xxxii | | | | | | |
| | xxxiii | | | | | | |
| | xxxiv | | | | | | |
| | xxxv | | | | | | |
| | xxxvi | | | | | | |
| | xxxvii | | | | | | |
| | xxxviii | | | | | | |
| | xxxix | | | | | | |
| | xl | | | | | | |
| | xli | | | | | | |
| | xlii | | | | | | |
| | xliii | | | | | | |
| | xliv | | | | | | |
| | xlv | | | | | | |
| | xlvi | | | | | | |
| | xlvii | | | | | | |
| | xlviii | | | | | | |

Debtor's Name Powin, LLC Case No. 25-16137

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | xlix | | | | | | |
| | l | | | | | | |
| | li | | | | | | |
| | lii | | | | | | |
| | liii | | | | | | |
| | liv | | | | | | |
| | lv | | | | | | |
| | lvi | | | | | | |
| | lvii | | | | | | |
| | lviii | | | | | | |
| | lix | | | | | | |
| | lx | | | | | | |
| | lxi | | | | | | |
| | lxii | | | | | | |
| | lxiii | | | | | | |
| | lxiv | | | | | | |
| | lxv | | | | | | |
| | lxvi | | | | | | |
| | lxvii | | | | | | |
| | lxviii | | | | | | |
| | lxix | | | | | | |
| | lxx | | | | | | |
| | lxxi | | | | | | |
| | lxxii | | | | | | |
| | lxxiii | | | | | | |
| | lxxiv | | | | | | |
| | lxxv | | | | | | |
| | lxxvi | | | | | | |
| | lxxvii | | | | | | |
| | lxxviii | | | | | | |
| | lxxix | | | | | | |
| | lxxx | | | | | | |
| | lxxxi | | | | | | |
| | lxxxii | | | | | | |
| | lxxxiii | | | | | | |
| | lxxxiv | | | | | | |
| | lxxxv | | | | | | |
| | lxxxvi | | | | | | |
| | lxxxvii | | | | | | |
| | lxxxvii | | | | | | |
| | lxxxix | | | | | | |
| | xc | | | | | | |

Debtor's Name Powin, LLC Case No. 25-16137

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | xci | | | | | | |
| | xcii | | | | | | |
| | xciii | | | | | | |
| | xciv | | | | | | |
| | xcv | | | | | | |
| | xcvi | | | | | | |
| | xcvii | | | | | | |
| | xcviii | | | | | | |
| | xcix | | | | | | |
| | c | | | | | | |
| | ci | | | | | | |
| c. | All professional fees and expenses (debtor & committees) | | | $0 | $17,703,576 | $0 | $24,248,656 |

**Part 3: Recoveries of the Holders of Claims and Interests under Confirmed Plan**

| | Total Anticipated Payments Under Plan | Paid Current Quarter | Paid Cumulative | Allowed Claims | % Paid of Allowed Claims |
|---|---|---|---|---|---|
| a. Administrative claims | $0 | $0 | $0 | $0 | 0% |
| b. Secured claims | $0 | $0 | $0 | $0 | 0% |
| c. Priority claims | $0 | $0 | $1,502,384 | $0 | 0% |
| d. General unsecured claims | $0 | $0 | $0 | $0 | 0% |
| e. Equity interests | $0 | $0 | $0 | | |

**Part 4: Questionnaire**

a. Is this a final report? Yes ○ No ◉

If yes, give date Final Decree was entered: ____________

If no, give date when the application for Final Decree is anticipated: ____________

b. Are you current with quarterly U.S. Trustee fees as set forth under 28 U.S.C. § 1930? Yes ◉ No ○

**Privacy Act Statement**

28 U.S.C. § 589b authorizes the collection of this information and provision of this information is mandatory. The United States Trustee will use this information to calculate statutory fee assessments under 28 U.S.C. § 1930(a)(6) and to otherwise evaluate whether a reorganized chapter 11 debtor is performing as anticipated under a confirmed plan. Disclosure of this information may be to a bankruptcy trustee when the information is needed to perform the trustee's duties, or to the appropriate federal, state, local, regulatory, tribal, or foreign law enforcement agency when the information indicates a violation or potential violation of law. Other disclosures may be made for routine purposes. For a discussion of the types of routine disclosures that may be made, you may consult the Executive Office for United States Trustee's systems of records notice, UST-001, "Bankruptcy Case Files and Associated Records." *See* 71 Fed. Reg. 59,818 et seq. (Oct. 11, 2006). A copy of the notice may be obtained at the following link: http://www.justice.gov/ust/eo/rules_regulations/index.htm. Failure to provide this information could result in the dismissal or conversion of your bankruptcy case, or other action by the United States Trustee. 11 U.S.C. § 1112(b)(4)(F).

**I declare under penalty of perjury that the foregoing Post-confirmation Report and its attachments, if any, are true and correct and that I have been authorized to sign this report.**

| | |
|---|---|
| /s/ Brian Gleason | Brian Gleason |
| Signature of Responsible Party | Printed Name of Responsible Party |
| Liquidating Trustee | 10/16/2026 |
| Title | Date |

Debtor's Name Powin, LLC Case No. 25-16137

Page 1

Other Page 1

Page 2 Minus Tables

Bankruptcy Table 1-50

Bankruptcy Table 51-100

Non-Bankruptcy Table 1-50

Non-Bankruptcy Table 51-100

Part 3, Part 4, Last Page

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **Case Name:** | **POWIN LLC, et al., Debtors** |
| **Lead Case Number:** | **25-16137** |
| **Petition Date:** | **June 10, 2025** |

***GLOBAL NOTES AND STATEMENTS OF LIMITATIONS AND DISCLAIMERS REGARDING THE DEBTORS' POST-CONFIRMATION REPORT***

On or after June 9, 2021, Powin LLC and its affiliates (collectively, the "Debtors") each filed a voluntary petition under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey (the "Court"), thereby commencing these Chapter 11 cases (collectively, the "Chapter 11 Cases"). On June 13, 2025, the Bankruptcy Court entered an order authorizing the joint administration of these cases pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.

On October 15, 2025, the Court signed the *Findings of Fact, Conclusions of Law, and Order (I) Approving the Disclosure Statement on a Final Basis and (Ii) Confirming the Joint Combined Disclosure Statement and Chapter 11 Plan of Liquidation of Powin, LLC and Affiliates Thereof and the Official Committee of Unsecured Creditors*, which appointed Phoenix Management LLC (a part of J.S. Held LLC) as the Liquidating Trustee to oversee the Liquidating Trust, the Direct Claims Trust, and the wind-down of the Debtors' estates. The Effective Date of the Plan was December 5, 2025 ("Effective Date").

1. **General Methodology.** The Liquidating Trustee is filing the Debtors' Post-Confirmation Reports ("PCRs") in compliance with the quarterly post-confirmation reporting requirements applicable in the Debtors' Chapter 11 cases. The financial information contained herein is unaudited, limited in scope, and not prepared in accordance with accounting principles generally accepted in the United States of America ("GAAP"). There can be no assurance that such information is complete, and the PCR may be subject to revision. The following notes, statements, and limitations should be referred to, and referenced in connection with, any review of the PCR.

2. **Accuracy.** The financial information disclosed herein was not prepared in accordance with federal or state securities laws or other applicable non-bankruptcy law or in lieu of complying with any periodic reporting requirements thereunder. This financial information should be evaluated in light of the purposes for which it was prepared.

3. **Reservation of Rights**. The Liquidating Trustee reserves all rights to amend or supplement the PCR as may be necessary or appropriate but shall be under no obligation to do so. Nothing contained in this PCR shall constitute a waiver of any of the Debtors' rights or an admission with respect to their Chapter 11 cases.

4. **Transactions**. The Liquidating Trustee relied on financial data derived from the Debtors' books and records that was available at the time of preparation and made reasonable efforts to supplement the information concerning transactions that may not have been identified therein. Subsequent information or discovery may result in material changes to the PCR. Notwithstanding any such discovery, the Liquidating Trustee does not undertake any obligation or commitment to update this PCR. As of the report date, the accompanying financial information is subject to change.

5. **Cash Disbursements by Debtor Entity.** The Liquidating Trustee hereby submits a PCR for each Debtor as well as the Powin Liquidating Trust and Powin Direct Claims Trust.

6. **Preconfirmation Professional Fees and Expenses.** For purposes of the PCR and the accurate calculation of U.S. Trustee fees, bankruptcy professional fees shall be deemed incurred upon the disbursement of funds to the Professional Fee Escrow Account, as more fully defined and described in the Final DIP Order. The Debtors did not transfer any funds to the Professional Fee Escrow account during the period referenced in this PCR. Preconfirmation professional fees paid during the current quarter as reported in Part 2 of the PCR were paid from the Professional Fee Escrow account.

7. **Recoveries of the Holders of Claims and Interests under Confirmed Plan.** At this time, the Liquidating Trustee is unable to estimate the total anticipated payments to be made under the Plan or the total claims that will ultimately be allowed. Such estimates would be premature and subject to significant change. Therefore, for the purposes of this PCR, the Liquidating Trustee has entered zeros in the “Total Anticipated Payments Under Plan” and “Allowed Claims” columns of Part 3 of the PCR form.

8. **Anticipated Date of Final Decree.** The Liquidating Trustee is currently unable to anticipate when the application for Final Decree will be filed. Therefore, for the purposes of this PCR, the Liquidating Trustee has left this field blank in Part 4 of the PCR form.