| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
|---|---|
| Caption in Compliance with D.N.J. LBR 9004-1(b)<br>**SHERMAN, SILVERSTEIN,<br>KOHL, ROSE & PODOLSKY, P.A.**<br><br>Arthur J. Abramowitz<br>Ross J. Switkes<br>308 Harper Drive, Suite 200<br>Moorestown, NJ 08057<br>Tel: (856) 662-0700<br>Email: aabramowitz@shermansilverstein.com<br>rswitkes@shermansilverstein.com<br><br>*Co-Counsel for the Powin Liquidating Trust* | **Order Filed on October 7, 2026<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey** |
| In re:<br><br>POWIN, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-16137 (MBK)<br><br>(Jointly Administered)<br><br>Honorable Michael B. Kaplan, U.S.B.J. |

**STIPULATION AND CONSENT ORDER APPROVING SETTLEMENT OF MESA WAREHOUSE SECURITY DEPOSIT AND RECONCILIATION AND ALLOWANCE OF LANDLORD CLAIMS**

The relief set forth on the following pages, numbered two (2) through six (6), shall be and hereby is **ORDERED**.

**DATED: October 7, 2026**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

---

WHEREAS, on June 9, 2025 (the "**Petition Date**"),[2] the Debtors commenced a voluntary case for relief under Title 11 of the United States Code, sections 101 et seq., as amended (the "**Bankruptcy Code**"); and

WHEREAS, on December 1, 2025, the Joint Combined Disclosure Statement and Chapter 11 Plan of Liquidation of Powin, LLC and Affiliates Thereof and the Official Committee of Unsecured Creditors [Docket No. 914] (the "**Plan**") was confirmed pursuant to the Findings of Fact, Conclusions of Law, and Order (I) Approving the Disclosure Statement on a Final Basis and (II) Confirming the Joint Combined Disclosure Statement and Chapter 11 Plan of Liquidation of Powin, LLC and Affiliates Thereof and the Official Committee of Unsecured Creditors [Docket No. 1165] (the "**Confirmation Order**"). In accordance with the Plan, J.S. Held LLC was appointed as the Liquidating Trustee of the Powin Liquidating Trust (the "**Trustee**" of the "**Trust**"), successor in interest to the Debtors; was established to, among other things: (1) continue the wind-down of the Debtors; (2) liquidate various assets; (3) investigate, prosecute, settle, abandon or compromise the Debtors' remaining causes of action; and (4) make distributions in accordance with the Plan; and

WHEREAS, the Plan went effective on December 5, 2025 [Docket No. 1187]; and

WHEREAS, prior to the Petition Date, the Debtors and HUB @ 202 Ownco, LLC (the "**Landlord**" and together, the "**Parties**") entered into that certain *Lease Agreement* (the "**Lease**") for a warehouse located at 7524 East Warner Road, Mesa, Arizona; and

---

[2] Lead Debtor Case No. 25-16137 (MBK) for Debtor Powin Project LLC was filed on June 9, 2025, and the majority of Debtors were filed shortly thereafter on June 10, 2025, except that, three additional Debtor-affiliates (Powin Energy Storage 2, Inc., Powin Energy Ontario Storage II LP, and Powin Canada B.C. Ltd.) filed for petitions on June 22, 2025, and Debtor-affiliate Powin EKS SellCo, LLC filed on October 10, 2025.

WHEREAS, the Lease was supported by a security deposit in the amount of approximately $886,479 (the "**Security Deposit**"); and

WHEREAS, the Lease was rejected pursuant to the Plan, and Landlord timely filed (i) a proof of claim for rejection damages against Powin, LLC in the amount of $1,064,783.72 [Claim No. 521] (the "**Rejection Claim**"), and (ii) an administrative expense claim against Powin, LLC in the amount of $102,607.46 [Docket No. 1273] (the "**Post-Petition Claim**"); and

WHEREAS, the Landlord has maintained and asserted that it is entitled to retain the entire Security Deposit and the Trust disputes that the Landlord is entitled to the full Security Deposit; and

WHEREAS, the Trust and the Landlord engaged in arm's-length negotiations concerning the Security Deposit and the parties' respective rights and claims relating thereto; and

WHEREAS, following negotiations, the Parties have reached a compromise and settlement (the "**Settlement**") pursuant to which (i) the Landlord has agreed to return $300,000.00 of the Security Deposit to the Trust; (ii) the balance of the Security Deposit in the amount of $586,479 (the "**Deposit Balance**") may be setoff and retained against (a) 50% of the Landlord's Post-Petition Claim (in the amount of $51,303.73), leaving an administrative claim of $51,303.73 (the "**Administrative Claim**") and (b) the Landlord's Rejection Claim of $1,064,783.72, leaving a general unsecured claim in the amount of $529,608.45 after application of the Deposit Balance (the "**Unsecured Claim**"), and (iii) Landlord's Administrative Claim and Unsecured Claim shall be allowed in the amounts set forth in section (ii); and

WHEREAS, the Trust believes that the Settlement is in the best interests of the Trust and its beneficiaries because the Settlement provides for the recovery of assets without the additional

expense, delay, uncertainty, and risk associated with litigation concerning the Security Deposit; and

WHEREAS, the Parties desire to obtain Court approval of the Settlement and to resolve fully and finally the dispute concerning the Security Deposit upon the terms set forth herein;

NOW THEREFORE, INTENDING TO BE LEGALLY BOUND, THE PARTIES HEREBY AGREE AND IT IS HEREBY ORDERED AS FOLLOWS:

1. The Settlement between the Trust and the Landlord concerning the Security Deposit is hereby approved in all respects.

2. The Landlord shall pay to the Trust the sum of $300,000 (the "**Settlement Payment**") within ten (10) business days following entry of this *Stipulation and Consent Order Approving Settlement of Mesa Warehouse Security Deposit and Reconciliation and Allowance of Landlord Claims* (the "**Order**"), or such other date as may be agreed upon by the Trust and the Landlord in writing.

3. The Settlement Payment shall be made by check or by wire transfer to an account designated by the Trust in writing.

4. The Trust shall accept the Settlement Payment as the full and final satisfaction of the Trust's claims against the Landlord relating to the Security Deposit.

5. The Landlord shall be entitled to retain the Deposit Balance, which shall be offset first against 50% of the Post-Petition Claim with the balance offset against the Rejection Claim.

6. The Unsecured Claim is allowed in the amount of $529,608.45.

7. The Administrative Claim is allowed in the amount of $51,303.73 and shall be paid at the same time and on the same terms as all other deferred administrative claimants.

8. For the avoidance of doubt, neither the Settlement nor this Order constitutes a judicial determination of the amount of the Security Deposit that either party would have been entitled to absent the Settlement.

9. Although not required, the Trust obtained the approval of the Trust Oversight Committee for the Settlement.

10. Neither the Settlement, this Stipulation and Consent Order, nor any payment made pursuant thereto shall constitute or be construed as an admission of liability, wrongdoing, fault, or responsibility by any party. Except for the claims expressly released pursuant to this Stipulation and Consent Order, each party reserves all rights, claims, defenses, and remedies available to it under applicable law, the Bankruptcy Code, the Plan, the Confirmation Order, the Lease, or otherwise.

11. Except as otherwise set forth herein, the Parties mutually release all claims, whether known or unknown, against one another. The performance in full by the Parties of the Settlement constitutes a full, final, and complete compromise and settlement of all claims or losses of whatsoever kind or character that the Parties have, or may ever have had, against the other Party. Each of the Parties shall bear its own costs, expenses, and attorneys' fees incurred in connection with the negotiation, execution, and performance of this Stipulation and Order and the matters addressed herein.

12. The Court will retain exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Stipulation and Order, and the Parties hereby consent to such jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation and Order.

The undersigned consent to the terms, conditions, and entry of this Stipulation and Consent Order, and represent that they have authority to execute same on behalf of their respective clients.

**STIPULATED AND AGREED TO BY:**

**POLSINELLI PC**
*Counsel to HUB @ 202 Ownco, LLC*

By: */s/ Brett Goodman*
Brett Goodman

Dated: September 29, 2026

**SHERMAN, SILVERSTEIN, KOHL, ROSE, & PODOLSKY, P.A.**
*Co-counsel to the Trustee for the Powin Liquidating Trust*

By: */s/ Arthur J. Abramowitz*
Arthur J. Abramowitz

Dated: September 29, 2026

United States Bankruptcy Court

District of New Jersey

In re: Case No. 25-16137-MBK

Powin, LLC Chapter 11

Debtor

# CERTIFICATE OF NOTICE

District/off: 0312-3 User: admin Page 1 of 1

Date Rcvd: Oct 07, 2026 Form ID: pdf903 Total Noticed: 1

The following symbols are used throughout this certificate:

| **Symbol** | **Definition** |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Oct 09, 2026:**

| **Recip ID** | | **Recipient Name and Address** |
|---|---|---|
| db | + | Powin, LLC, c/o J.S Held LLC, 2700 N Central Ave, Ste 800, Phoenix, NJ 85004-1160 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 09, 2026 Signature: /s/Gustava Winters