Order Filed on October 20, 2026
by Clerk
U.S. Bankruptcy Court
District of New Jersey

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**SHERMAN, SILVERSTEIN,**
**KOHL, ROSE & PODOLSKY, P.A.**

Arthur J. Abramowitz
Ross J. Switkes
308 Harper Drive, Suite 200
Moorestown, NJ 08057
Tel: (856) 662-0700
Email: aabramowitz@shermansilverstein.com
rswitkes@shermansilverstein.com

*Co-Counsel for the Powin Liquidating Trust*

| | |
|---|---|
| In re:<br><br>POWIN, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-16137 (MBK)<br><br>(Jointly Administered)<br><br>Honorable Michael B. Kaplan, U.S.B.J. |

**STIPULATION AND CONSENT ORDER**
**APPROVING SETTLEMENT OF RH SHIPPING'S MOTION TO COMPEL**
**PAYMENT OF STORAGE AND ASSOCIATED FEES [DOCKET NO. 1436]**

The relief set forth on the following pages, numbered two (2) through six (6), shall be and hereby is **ORDERED**.

**DATED: October 20, 2026**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

WHEREAS, prior to the June 9, 2025 "**Petition Date**"[2] RH Shipping (USA), L.L.C. and R.H. Shipping & Chartering, S. de R.L. de C.V. (together, "**RH Shipping**") had ongoing business relationships with certain of the Debtors, whereby RH Shipping arranged for the shipment of goods from overseas to North America and provided services ancillary to shipment, including, but not limited to, unloading, drayage, customs clearance, and storage (collectively, the "**Services**"); and

WHEREAS, on August 18, 2025, the Court entered that certain Sale Order [Docket No. 751] (the "**Sale Order**"), pursuant to which the Court authorized the Debtors to enter into, with FlexGen Power Systems, LLC ("**FlexGen**"), an Asset Purchase Agreement, dated July 6, 2025 (the "**APA**"), under which FlexGen purchased certain assets from the Debtors. Schedule 2.l(a) of the APA lists the "Purchased Inventory," which includes inventory from a variety of warehouses and third-party locations (the "**Warehouses**"); and

WHEREAS, on December 1, 2025, the Joint Combined Disclosure Statement and Chapter 11 Plan of Liquidation of Powin, LLC and Affiliates Thereof and the Official Committee of Unsecured Creditors [Docket No. 914] (the "**Plan**") was confirmed pursuant to the *Findings of Fact, Conclusions of Law, and Order (I) Approving the Disclosure Statement on a Final Basis and (II) Confirming the Joint Combined Disclosure Statement and Chapter 11 Plan of Liquidation of Powin, LLC and Affiliates Thereof and the Official Committee of Unsecured Creditors* [Docket No. 1165] (the "**Confirmation Order**"); and

[2] Lead Debtor Case No. 25-16137 (MBK) for Debtor Powin Project LLC was filed on June 9, 2025, and the majority of Debtors were filed shortly thereafter on June 10, 2025, except that, three additional Debtor-affiliates (Powin Energy Storage 2, Inc., Powin Energy Ontario Storage II LP, and Powin Canada B.C. Ltd.) filed for petitions on June 22, 2025, and Debtor-affiliate Powin EKS SellCo, LLC filed on October 10, 2025.

---

WHEREAS, on November 24, 2025, the Debtors and RH Shipping agreed to the *Stipulation and [Proposed] Agreed Order Regarding R.H. Shipping and Chartering, S. de R.L. de C.V. Claim No. 311 and RH Shipping and Chartering USA, L.L.C. Claim No. 312* [Docket No. 1132] regarding alleged unpaid storage fees and access to the RH Inventory (defined below). The Court approved this stipulation by order dated December 2, 2025, [Docket No. 1174] (the "**RH Consent Order**"); and

WHEREAS, in accordance with the Plan, J.S. Held LLC was appointed as the Liquidating Trustee of the Powin Liquidating Trust (the "**Trustee**" of the "**Trust**," and together with RH Shipping, the "**Parties**"), successor in interest to the Debtors, was established to, among other things: (1) continue the wind-down of the Debtors; (2) liquidate various assets; (3) investigate, prosecute, settle, abandon or compromise the Debtors' remaining causes of action; and (4) make distributions in accordance with the Plan; and

WHEREAS, the Plan went effective on December 5, 2025 [Docket No. 1187] (the "**Effective Date**"); and

WHEREAS, on January 14, 2026, the Court entered the *Stipulation and Consent Order Resolving Motion and Order Approving Same* [Docket No. 1267] (the "**FlexGen Consent Order**"), approving the settlement agreement between the Trust and FlexGen regarding certain issues relating to purchased inventory being held in storage by RH Shipping as identified in the Consent Order (the "**RH Inventory**"); and

WHEREAS, the Trust paid RH Shipping for monthly storage charges from December 2025 to March 2026 in accordance with the FlexGen Consent Order; and

WHEREAS, on August 14, 2026, RH Shipping filed *RH Shipping's Motion to Compel Payment of Agreed-Upon Storage and Associated Fees* [Docket No. 1436] (the "**Motion**")[3] asserting claims for storage charges arising between September and November 2025 and April 2026 and the date of this filing relating to the RH Inventory (the "**RH Charges**"); and

WHEREAS, the Parties engaged in arm's-length negotiations concerning the Motion and the parties' respective rights and claims relating thereto; and

WHEREAS, following negotiations, the Parties have reached a compromise and settlement (the "**Settlement**") as set forth below;

WHEREAS, the Trust believes that the Settlement is in the best interests of the Trust and its beneficiaries; and

WHEREAS, the Parties desire to obtain Court approval of the Settlement, and to fully and finally resolve the dispute described in the Motion upon the terms set forth in this "**Stipulation and Consent Order**";

NOW THEREFORE, INTENDING TO BE LEGALLY BOUND, THE PARTIES HEREBY AGREE AND IT IS HEREBY ORDERED AS FOLLOWS:

1. The Settlement between the Parties is hereby approved in all respects.

2. The Settlement shall not modify any terms of the RH Consent Order, including RH Shipping's Allowed Administrative Claim in the amount of $675,000 as set forth in the RH Consent Order.

3. RH Shipping shall be entitled to an "**Additional Allowed Administrative Claim**"

[3] Capitalized terms not otherwise defined herein have the meaning set forth in the Motion.

in the amount of $250,000, in full and final satisfaction of all RH Shipping's claims against the Trust, including but not limited to the RH Charges.

4. Of RH Shipping's total Allowed Administrative Claim in the amount of $925,000, $250,000 shall be paid to RH Shipping within ten days of the Court's entry of this Stipulation and Consent Order. The remaining $675,000 of RH Shipping's Allowed Administrative Claim will be paid in the same manner and on the terms set forth in the RH Consent Order.

5. The Trust will withdraw its *Notice of Proposed Abandonment* [Docket No. 1452] and use commercially reasonable efforts to remove the inventory set forth on the lists provided by RH Shipping to the Trust on September 28, 2026 and October 12, 2026 from the Warehouses at its own expense and no later than November 30, 2026, unless otherwise agreed by the Parties, in writing, prior to that date.

6. For any inventory remaining in the Warehouse in Mexico after October 30, 2026, the Trust will cover any additional storage costs not otherwise covered by RFE Alpamed SA de C.V. ("**Alpamed**"). Should RH Shipping incur additional storage costs relating to the Warehouse in Mexico after November 30, 2026, the Trust shall reimburse RH Shipping for such costs within five business days after receipt of an invoice from RH Shipping related to such costs. Nothing herein shall prevent the Trust from seeking reimbursement from Alpamed with respect to any amount paid by the Trust to RH Shipping pursuant to this paragraph.

7. For the avoidance of doubt, neither the Settlement nor this Order constitutes a judicial determination of the amount that either party would have been entitled to absent the Settlement.

8. Although not required, the Trust obtained the approval of the Trust Oversight

Committee for the Settlement.

9. Neither the Settlement, this Stipulation and Consent Order, nor any payment made pursuant thereto shall constitute or be construed as an admission of liability, wrongdoing, fault, or responsibility by any party.

10. Except as otherwise set forth herein, the Parties mutually release all claims, whether known or unknown, against one another. The performance in full by the Parties of the Settlement constitutes a full, final, and complete compromise and settlement of all claims or losses of whatsoever kind or character that the Parties have, or may ever have had, against the other Party. Each of the Parties shall bear its own costs, expenses, and attorneys' fees incurred in connection with the negotiation, execution, and performance of this Stipulation and Order and the matters addressed herein.

11. The Court will retain exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Stipulation and Order, and the Parties hereby consent to such jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation and Order.

---

The undersigned consent to the terms, conditions, and entry of this Stipulation and Consent Order, and represent that they have authority to execute same on behalf of their respective clients.

**STIPULATED AND AGREED TO BY:**

**BENESCH FRIEDLANDER COPLAN & ARONOFF LLP**
*Counsel to RH Shipping (USA), L.L.C. and R.H. Shipping & Chartering, S. de R.L. de C.V.*

By: /s/ Kevin M. Capuzzi
Kevin M. Capuzzi

Dated: October 19, 2026

**SHERMAN, SILVERSTEIN, KOHL, ROSE, & PODOLSKY, P.A.**
*Co-counsel to the Trustee for the Powin Liquidating Trust*

By: /s/ Ross J. Switkes
Ross J. Switkes

Dated: October 19, 2026

United States Bankruptcy Court

District of New Jersey

In re: Case No. 25-16137-MBK

Powin, LLC Chapter 11

Debtor

# CERTIFICATE OF NOTICE

District/off: 0312-3 User: admin Page 1 of 1

Date Rcvd: Oct 31, 2026 Form ID: pdf903 Total Noticed: 1

The following symbols are used throughout this certificate:

| **Symbol** | **Definition** |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Nov 01, 2026:**

| **Recip ID** | | **Recipient Name and Address** |
|---|---|---|
| db | + | Powin, LLC, c/o J.S Held LLC, 2700 N Central Ave, Ste 800, Phoenix, NJ 85004-1160 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 01, 2026 Signature: /s/Gustava Winters