UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-1(b)

**SHERMAN, SILVERSTEIN,
KOHL, ROSE & PODOLSKY, P.A.**

Arthur J. Abramowitz
Ross J. Switkes
308 Harper Drive, Suite 200
Moorestown, NJ 08057
Tel: (856) 662-0700
Email: aabramowitz@shermansilverstein.com
rswitkes@shermansilverstein.com

*Co-Counsel for the Powin Liquidating Trust*

**Order Filed on November 12, 2026
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

| | |
|---|---|
| In re:<br><br>POWIN, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-16137 (MBK)<br><br>(Jointly Administered)<br><br>Honorable Michael B. Kaplan, U.S.B.J. |

## ORDER SUSTAINING TRUSTEE'S FIRST OMNIBUS OBJECTION TO CERTAIN PROOFS OF CLAIM (AMENDED AND SUPERSEDED CLAIMS)

The relief set forth on the following pages, numbered two (2) through four (4) is **ORDERED**.

**DATED: November 12, 2026**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

Upon the *Trustee's First Omnibus Objection to Certain Proofs of Claim (Amended and Superseded Claims)* (the "**Objection**"),[2] pursuant to the Confirmation Order, sections 105(a), 502(a), and 502(b) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 3007-1 and 9013-1 of the Local Rules of the United States Bankruptcy Court for the District of New Jersey (the "**Local Rules**"); and the Court having jurisdiction to consider the Objection and the relief requested therein pursuant to 28 U.S.C. sections 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11*, entered September 18, 2012 (Simandle, C.J.) and amended on June 6, 2025 (Bumb, C.J.); and this Court having found that venue of this proceeding and the Objection in this district is proper pursuant to 28 U.S.C. sections 1408 and 1409; and due and proper notice of the Objection having been provided; and it appearing that no other or further notice need be provided; and all responses, if any, to the Objection having been withdrawn, resolved, or overruled; and the Court having found and determined that the relief sought in the Objection is in the best interests of the Debtors, Trust and their beneficiaries; and the Court having determined that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and upon the record herein, and all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, **IT IS HEREBY ORDERED THAT:**

1. The Objection is SUSTAINED as set forth herein.

2. Each Superseded Claim identified on **Schedule 1** is hereby deemed disallowed in its entirety and expunged.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Objection.

3. Verita Global is hereby authorized and directed to modify, disallow, and expunge the Claim.

4. The Trust is authorized to take all steps necessary or appropriate to carry out the relief granted in this Order.

5. The terms, conditions, and provisions of this Order shall be immediately effective and enforceable upon its entry.

6. Nothing contained in this Objection or any actions taken pursuant to any order granting the relief requested by this Objection is intended or should be construed as: (a) an admission as to the validity of any particular claim against the Trust, (b) a waiver of the Trust's rights to dispute any particular claim on any grounds, (c) a promise or requirement to pay any particular claim, (d) an implication or admission that any particular claim is of a type specified or defined in this Objection or any order granting the relief requested by this Objection, (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code, (f) a waiver or limitation of the Trust's rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Trust that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Objection are valid, and the Trust expressly reserves its rights to contest the extent, validity, or perfection or seek avoidance of all such liens.

7. The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Objection or is otherwise waived.

8. This Court retains exclusive jurisdiction with respect to all matters arising from or

related to the implementation, interpretation, and enforcement of this Order.

**Schedule 1**

**Amended or Superseded Claims**

| Amended/Superseded Claims | | | | | Surviving Claims | | | | |
|---|---|---|---|---|---|---|---|---|---|
| **Claim No.** | **Claimant** | **Debtor** | **Priority** | **Amount** | **Claim No.** | **Claimant** | **Debtor** | **Priority** | **Amount** |
| **434** | ACE Engineering and Co. Ltd. | Powin, LLC | Admin Priority | $5,000,000.00 | **505** | ACE Engineering and Co. Ltd. | Powin, LLC | Admin Priority | $4,000,000.00 |
| | | | Priority | $0.00 | | | | Priority | $0.00 |
| | | | General Unsecured | $105,228,644.71 | | | | General Unsecured | $105,228,644.71 |
| | | | **Total** | **$110,228,644.71** | | | | **Total** | **$109,228,644.71** |
| **504** | ACE Engineering and Co. Ltd. | Powin, LLC | Admin Priority | $5,000,000.00 | | | | | |
| | | | Priority | $0.00 | | | | | |
| | | | General Unsecured | $105,228,644.71 | | | | | |
| | | | **Total** | **$110,228,644.71** | | | | | |
| **Reason for Disallowance:** The Surviving Claim expressly amends and supersedes the Amended/Superseded Claims. | | | | | | | | | |
| **229** | ARAMARK Refreshments Services, LLC | Powin, LLC | Admin Priority | $3,372.47 | **461** | ARAMARK Refreshments Services, LLC | Powin, LLC | Admin Priority | $5,992.25 |
| | | | Priority | $0.00 | | | | Priority | $0.00 |
| | | | General Unsecured | $57,540.87 | | | | General Unsecured | $58,299.34 |
| | | | **Total** | **$60,913.34** | | | | **Total** | **$64,291.59** |
| **Reason for Disallowance:** The Surviving Claim expressly amends and supersedes the Amended/Superseded Claim. | | | | | | | | | |
| **309** | Control Source Inc. | Powin, LLC | Admin Priority | $131,941.60 | **496** | Control Source Inc. | Powin, LLC | Admin Priority | $0.00 |
| | | | Priority | $0.00 | | | | Priority | $0.00 |
| | | | General Unsecured | $0.00 | | | | General Unsecured | $131,941.60 |
| | | | **Total** | **$131,941.60** | | | | **Total** | **$131,941.60** |
| **Reason for Disallowance:** The Surviving Claim expressly amends and supersedes the Amended/Superseded Claim. | | | | | | | | | |
| **13** | Euler Hermes Agent for Clean Energy Services CES LLC | Powin, LLC | Admin Priority | $2,446,706.54 | **499** | Euler Hermes Agent for Clean Energy Services CES LLC | Powin, LLC | Admin Priority | $0.00 |
| | | | Priority | $0.00 | | | | Priority | $0.00 |
| | | | General Unsecured | $6,986,341.56 | | | | General Unsecured | $10,434,245.41 |
| | | | **Total** | **$9,433,048.10** | | | | **Total** | **$10,434,245.41** |
| **483** | Euler Hermes Agent for Clean Energy Services CES LLC | Powin, LLC | Admin Priority | $2,446,706.54 | | | | | |
| | | | Priority | $0.00 | | | | | |
| | | | General Unsecured | $7,987,538.87 | | | | | |
| | | | **Total** | **$10,434,245.41** | | | | | |
| **Reason for Disallowance:** The Surviving Claim expressly amends and supersedes the Amended/Superseded Claims. | | | | | | | | | |
| **76** | Fallon Adair | Powin, LLC | Admin Priority | $17,637.20 | **88** | Fallon Adair | Powin, LLC | Admin Priority | $0.00 |
| | | | Priority | $0.00 | | | | Priority | $5,100.00 |
| | | | General Unsecured | $0.00 | | | | General Unsecured | $0.00 |
| | | | **Total** | **$17,637.20** | | | | **Total** | **$5,100.00** |
| **Reason for Disallowance:** The Surviving Claim expressly amends and supersedes the Amended/Superseded Claim. | | | | | | | | | |

| Amended/Superseded Claims | | | | | Surviving Claims | | | | |
|---|---|---|---|---|---|---|---|---|---|
| **Claim No.** | **Claimant** | **Debtor** | **Priority** | **Amount** | **Claim No.** | **Claimant** | **Debtor** | **Priority** | **Amount** |
| **141** | James Glogoza | Powin Energy Operating, LLC | Admin Priority | $17,150.00 | **338** | James Glogoza | Powin, LLC | Admin Priority | $38,400.70 |
| | | | Priority | $24,580.00 | | | | Priority | $17,150.00 |
| | | | General Unsecured | $0.00 | | | | General Unsecured | $0.00 |
| | | | **Total** | **$41,730.00** | | | | **Total** | **$55,550.70** |
| **Reason for Disallowance:** | | | | | | | | | |
| Superseded Claim replaced by the Surviving Claim. Upon information and belief, the Surviving Claim includes the liabilities reflected in the Amended/Superseded Claim. | | | | | | | | | |
| **391** | Matrix Networks | Powin, LLC | Admin Priority | $459,623.88 | **470** | Matrix Networks | Powin, LLC | Admin Priority | $0.00 |
| | | | Priority | $0.00 | | | | Priority | $0.00 |
| | | | General Unsecured | $11,062.84 | | | | General Unsecured | $445,152.06 |
| | | | **Total** | **$470,686.72** | | | | **Total** | **$445,152.06** |
| **Reason for Disallowance:** | | | | | | | | | |
| The Surviving Claim expressly amends and supersedes the Amended/Superseded Claim. | | | | | | | | | |