**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**SHERMAN, SILVERSTEIN,**
**KOHL, ROSE & PODOLSKY, P.A.**

Arthur J. Abramowitz
Ross J. Switkes
6000 Midlantic Drive, Suite 300 South
Mount Laurel, NJ 08054
Tel: (856) 662-0700
Email: aabramowitz@shermansilverstein.com
rswitkes@shermansilverstein.com

*Co-Counsel for the Powin Liquidating Trust*

**STEPTOE LLP**

Timothy W. Walsh (admitted *pro hac vice*)
Joseph Archambeau (admitted *pro hac vice*)
1114 Avenue of the Americas
New York, NY 10036
Tel: (212) 506-3900
Email:twwalsh@steptoe.com
jarchambeau@steptoe.com

*Co-Counsel for the Powin Liquidating Trust*

| | |
|---|---|
| In re:<br><br>POWIN, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-16137 (MBK)<br><br>(Jointly Administered)<br><br>Honorable Michael B. Kaplan, U.S.B.J. |

**STIPULATION AND CONSENT ORDER**
**APPROVING SETTLEMENT CONCERNING IESO SECURITY DEPOSIT AND RECONCILIATION AND ALLOWANCE OF CLAIMS [CLAIM NO. 297]**

The relief set forth on the following pages, numbered two (2) through five (5), shall be and hereby is **ORDERED**.

[1] The "**Debtors**" in these "**Chapter 11 Cases**", along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin Project LLC [1583]; (ii) Powin, LLC [0504]; (iii) PEOS Holdings, LLC [5476]; (iv) Powin China Holdings 1, LLC [1422]; (v) Powin China Holdings 2, LLC [9713]; (vi) Charger Holdings, LLC [5241]; (vii) Powin Energy Ontario Storage, LLC [8348]; (viii) Powin Energy Operating Holdings, LLC [2495]; (ix) Powin Energy Operating, LLC [6487]; (x) Powin Energy Storage 2, Inc. [9926]; (xi) Powin Energy Ontario Storage II LP [5787]; (xii) Powin Canada B.C. Ltd. [2239]; and (xiii) Powin EKS SellCo, LLC [9110].

WHEREAS, prior to the "**Petition Date**"[2], Independent Electricity System Operator ("**IESO**") served as the operator of Ontario's electricity grid and administrator of Ontario's electricity markets; and

WHEREAS, Powin Energy Ontario Storage II LP ("**Powin Ontario**") was a registered market participant that owned and operated a battery energy storage system comprised of four facilities connected to the grid controlled by IESO; and

WHEREAS, on June 10, 2025, Powin Ontario, together with certain Debtors, commenced the Chapter 11 Cases, jointly administered under Case No. 25-16137 (MBK);

WHEREAS, on December 1, 2025, the Joint Combined Disclosure Statement and Chapter 11 Plan of Liquidation of Powin, LLC and Affiliates Thereof and the Official Committee of Unsecured Creditors [Docket No. 914] (the "**Plan**") was confirmed pursuant to the *Findings of Fact, Conclusions of Law, and Order (I) Approving the Disclosure Statement on a Final Basis and (II) Confirming the Joint Combined Disclosure Statement and Chapter 11 Plan of Liquidation of Powin, LLC and Affiliates Thereof and the Official Committee of Unsecured Creditors* [Docket No. 1165] (the "**Confirmation Order**"); and

WHEREAS, in accordance with the Plan, J.S. Held LLC was appointed as the Liquidating Trustee of the Powin Liquidating Trust (the "**Trustee**" of the "**Trust**," and together with IESO, the "**Parties**"), successor in interest to the Debtors, and was established to, among other things: (1) continue the wind-down of the Debtors; (2) liquidate various assets; (3) investigate, prosecute,

[2] Lead Debtor Case No. 25-16137 (MBK) for Debtor Powin Project LLC was filed on June 9, 2025, and the majority of Debtors were filed shortly thereafter on June 10, 2025, except that, three additional Debtor-affiliates (Powin Energy Storage 2, Inc., Powin Energy Ontario Storage II LP, and Powin Canada B.C. Ltd.) filed for petitions on June 22, 2025, and Debtor-affiliate Powin EKS SellCo, LLC filed on October 10, 2025.

settle, abandon or compromise the Debtors' remaining causes of action; and (4) make distributions in accordance with the Plan; and

WHEREAS, the Plan went effective on December 5, 2025 [Docket No. 1187] (the "**Effective Date**"); and

WHEREAS, in connection with electricity services provided to Powin Ontario, IESO holds security in the amount of CAD $65,123.00 (the "**Security Deposit**"); and

WHEREAS, IESO asserts a claim against Powin Ontario in the amount of CAD $61,884.41, exclusive of attorneys' fees (the "**Claim**"); and

WHEREAS, the Parties have agreed that CAD $61,884.41 of the Security Deposit shall be applied to the Claim, that the Claim shall be deemed fully satisfied, and that the remaining CAD $3,238.59 shall be remitted to the Trust; and

WHEREAS, the Parties engaged in arm's-length negotiations concerning the Motion and the parties' respective rights and claims relating thereto; and

WHEREAS, following negotiations, the Parties have reached a compromise and settlement (the "**Settlement**") attached as **Exhibit 1**; and

WHEREAS, the Trust believes that the Settlement is in the best interests of the Trust and its beneficiaries; and

WHEREAS, the Parties desire to obtain Court approval of the Settlement, and to fully and finally resolve the dispute described in the Motion upon the terms set forth in this "**Stipulation and Consent Order**";

NOW THEREFORE, INTENDING TO BE LEGALLY BOUND, THE PARTIES HEREBY AGREE AND IT IS HEREBY ORDERED AS FOLLOWS:

---

1. The Settlement, attached as Exhibit 1, is approved.

2. IESO shall apply CAD $61,884.41 of the Security Deposit to the Claim.

3. Upon application of the Security Deposit as provided herein, the Claim shall be deemed fully paid, satisfied, settled, released, discharged, and extinguished, and IESO shall have no further claim against the Debtors, the Trust, or their respective assets on account of the Claim.

4. Within fifteen (15) business days following the date of this Stipulation, IESO shall remit CAD $3,238.59, representing the remaining balance of the Security Deposit, to the Trust.

5. Upon application of the Security Deposit as provided herein, IESO's proof of claim, filed as Claim Number 297, on the Debtors' claim register, shall be deemed fully paid, satisfied, settled, released, discharged, and extinguished, and the Debtors' claims agent, Verita Global, LLC, is authorized reflect the satisfaction of the Proof of Claim on the claims register. .

6. For the avoidance of doubt, neither the Settlement nor this Order constitutes a judicial determination of the amount that either party would have been entitled to absent the Settlement.

7. Neither the Settlement, this Stipulation and Consent Order, nor any payment made pursuant thereto shall constitute or be construed as an admission of liability, wrongdoing, fault, or responsibility by any party.

8. Except as otherwise set forth herein, the Parties mutually release all claims, whether known or unknown, against one another. The performance in full by the Parties of the Settlement constitutes a full, final, and complete compromise and settlement of all claims or losses of whatsoever kind or character that the Parties have, or may ever have had, against the other Party. Each of the Parties shall bear its own costs, expenses, and attorneys' fees incurred in connection

with the negotiation, execution, and performance of this Stipulation and Order and the matters addressed herein.

9. The Court will retain exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Stipulation and Order, and the Parties hereby consent to such jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation and Order.

The undersigned consent to the terms, conditions, and entry of this Stipulation and Consent Order, and represent that they have authority to execute same on behalf of their respective clients.

**STIPULATED AND AGREED TO BY:**

**BLANK ROME LLP**
*Counsel to The Independent Electricity System Operator*

By: /s/ Evan J. Zucker
Evan J. Zucker

Dated: November 13, 2026

**SHERMAN, SILVERSTEIN, KOHL, ROSE, & PODOLSKY, P.A.**
*Co-counsel to the Trustee for the Powin Liquidating Trust*

By: /s/ Arthur J. Abramowitz
Arthur J. Abramowitz

Dated: November 13, 2026

**<u>Exhibit 1</u>**

The Settlement

# STIPULATION AND MUTUAL RELEASE

This stipulation and mutual release (the "**Settlement**") is made by and between (i) the Powin Liquidating Trust, by and through J.S. Held LLC, solely in its capacity as Liquidating Trustee (the "**Trustee**" of the "**Trust**"), as successor to the interests of Powin Energy Ontario Storage II LP ("**Powin Ontario**"), and (ii) Independent Electricity System Operator ("**IESO**") (collectively, the "**Parties**").

## RECITALS

**WHEREAS**, on June 10, 2025 (the "**Petition Date**"), Powin Energy Ontario Storage II LP ("**Powin Ontario**"), together with certain affiliated debtors (collectively, the "**Debtors**"), commenced chapter 11 cases in the United States Bankruptcy Court for the District of New Jersey, jointly administered under Case No. 25-16137 (MBK) (the "**Chapter 11 Cases**");

**WHEREAS**, on December 1, 2025, the Bankruptcy Court confirmed the Debtors' chapter 11 plan of liquidation, which became effective on December 5, 2025, and pursuant to which the Powin Liquidating Trust was established and the Trustee was appointed to administer the Liquidating Trust and certain assets of the Debtors, including those relating to Powin Ontario;

**WHEREAS**, prior to the Petition Date, IESO provided electricity services to Powin Ontario;

**WHEREAS**, in connection with these services, prior to the Petition Date, Powin Ontario paid IESO a security deposit in the amount of CAD $65,123.00 (the "**Security Deposit**");

**WHEREAS**, IESO filed a proof of claim against Powin Ontario in the amount of CAD $57,182.06, exclusive of attorneys' fees [Claim No. 297] (the "**Proof of Claim**");

**WHEREAS**, IESO now asserts that its claim has since increased to CAD $61,884.41(the "**Claim**");

**WHEREAS**, the Parties have now agreed that CAD $61,884.41 of the Security Deposit shall be applied to the Claim in full satisfaction of the Claim and that the remaining Security Deposit in the amount of CAD $3,238.59 shall be remitted to the Trust; and;

**NOW, THEREFORE**, following arms' length negotiations, and in consideration of the promises and representations contained herein, and for other good and valuable consideration, the Parties agree as follows:

**1. MONETARY TERMS**

1.1 Application of Security Deposit. IESO shall apply CAD $61,884.41 of the Security Deposit to the Claim.

1.2 Satisfaction of Claim. Upon application of the Security Deposit as provided herein, the Claim shall be deemed fully paid, satisfied, settled, released,

discharged, and extinguished, and IESO shall have no further claim against the Debtors, the Trust, or their respective assets on account of the Claim.

1.3 Return of Remaining Security Deposit. Within fifteen (15) business days following the date of this Settlement, IESO shall remit CAD $3,238.59, representing the remaining balance of the Security Deposit, to the Trust.

1.4 Withdrawal of Claim. Upon entry of an Order approving this Settlement, the Proof of Claim shall be deemed fully paid, satisfied, settled, released, discharged, and extinguished and Verita Global, LLC, in its capacity as claims and noticing agent, shall update the claims register to reflect the treatment of the Claim contemplated by this Stipulation.

**2. RELEASES**

2.1 Release by the Trust. Effective upon IESO's remittance of the amount set forth in Paragraph 1.3, the Trust, on behalf of itself, Powin Ontario, the Debtors, their estates, advisors, and their respective successors and assigns, hereby fully, finally, irrevocably, and forever releases, acquits, and discharges IESO and its current and former affiliates, officers, directors, employees, agents, representatives, successors, and assigns from any and all claims, demands, causes of action, liabilities, obligations, damages, losses, costs, expenses, and rights of any nature whatsoever, whether known or unknown, against IESO through the date of this Settlement, including, without limitation, any claims or causes of action arising under chapter 5 of the Bankruptcy Code or analogous state law.

2.2 Release by IESO. Effective upon IESO's remittance of the amount set forth in Paragraph 1.3, IESO, on behalf of itself and its successors and assigns, hereby fully, finally, irrevocably, and forever releases, acquits, and discharges the Trust, Powin Ontario, the Debtors, their estates, advisors, and their respective successors and assigns from any and all claims, demands, causes of action, liabilities, obligations, damages, losses, costs, expenses, and rights of any nature whatsoever, whether known or unknown, against Powin Ontario through the date of this Settlement, including any claim for attorneys' fees, interest, penalties, administrative expenses, or additional charges relating thereto.

2.3 Effect of Releases. The Parties each acknowledge that this general release extends to claims which they do not know or suspect to exist in favor of each of them at the time of executing this Settlement, which if known may have materially affected their decision to enter into this Settlement. It is understood by the Parties that the facts in respect of which this Settlement is given may hereafter turn out to be other than or different from the facts in that connection known or believed to be true. The Parties therefore, expressly assume the risk of the facts turning out to be so different and agree that this Settlement shall be in all respects effective and not subject to termination or rescission by any such difference in facts. Nothing herein is intended to, or shall be construed to, release, waive or otherwise affect the Parties' rights and obligations under this Settlement.

**3. REPRESENTATIONS**

3.1 Each Party represents, certifies and warrants to the other Party that: (a) she or it has obtained all necessary authorizations or consents to enter into this Settlement; (b) no other person or entity has, or has had, any interest in the claims, demands, obligations, or causes of action referred to in this Settlement; (c) she or it has the sole right and exclusive authority to execute this Settlement and to release the claims as set forth herein; (d) the individual signing below on behalf of the Party is the duly authorized agent of the Party, granted express authority by the Party to enter into and be bound by this Settlement; and (e) no portion of any claim, right, action or cause of action that has been released by the Party has been assigned or transferred by or for the Party in any manner.

3.2 Each Party represents, certifies and warrants to the other Party that she or it: (a) has had an opportunity to read all of this Settlement; (b) has been given a fair opportunity to, and have been advised to, discuss and negotiate the terms of this Settlement by and through his legal counsel; (c) has been given a reasonable time to consider the Settlement; (d) understands the provisions of this Settlement; (e) has had ample opportunity to seek and has received advice from an attorney of her or its own choosing or other advisors regarding this Settlement or have otherwise waived his right to do so; (f) has determined that it is in his best interests to enter into this Settlement; (g) has not been influenced to sign this Settlement by any statement or representation by the other Party or its legal counsel or other representation not contained in this Settlement; (h) has had sufficient time to investigate the existence of the claims and other rights covered by the covenants he has given and has satisfied himself with respect to the same based upon his investigation and the advice of counsel; (i) is fully authorized to execute this Settlement in the capacity in which it is executed; and (j) enters into this Settlement knowingly and voluntarily without coercion, duress, or fraud, and without reliance upon any statement of or information received from any other Party or from counsel for any other Party that is not expressly reflected herein. There have been no written or oral representations made to any Party to induce them to execute this Settlement that are not expressly reflected herein.

**4. GENERAL PROVISIONS**

4.1 Integration. This Settlement constitutes a single, integrated written contract expressing the full and entire agreement between the Parties with respect to the subject hereof and supersedes any prior representations, promises or warranties (oral or otherwise) made by any Party and supersedes any prior understandings or written or oral agreements between the Parties. No Party shall be liable or bound to the other Party for any prior representations, promises or warranties except those expressly set forth in this Settlement upon execution.

4.2 Binding Settlement. Upon execution of this Settlement by the Parties, this Settlement, and all of its terms and provisions, shall be applicable to, binding upon, and inure to the benefit of and be enforceable by the respective heirs, legal representatives, successors, transferees, trustees, assigns and licensees of the Parties, including, without limitation, the Debtors' and their estates.

4.3 Modification and Amendment. No word, sentence, term, section, provision or condition of this Settlement may be altered, modified, supplemented, changed or terminated in any way whatsoever except by a writing signed by all of the Parties.

4.4 Costs and Fees. Each Party shall bear its own costs, expenses and attorneys' fees arising out of, or in any way related to the matters covered by this Settlement. However, notwithstanding the foregoing, the prevailing Party in any action for violation of, or to enforce, this Settlement shall be entitled to recover its reasonable costs, expenses and attorneys' fees incurred in that action.

4.5 Governing Law. This Settlement shall in all respects be interpreted, enforced and governed by the United States Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules, where applicable, and under the laws of the State of New Jersey, without regard to or application of conflict of laws rules.

4.6 Venue. Any action, suit or proceeding to enforce or defend any obligation under this Settlement shall be brought in the United States Bankruptcy Court for the District of New Jersey.

4.7 Severability/Invalidity. Whenever possible, each provision of this Settlement shall be interpreted in such manner as to be effective and valid under applicable law, but if any provision of this Settlement is held to be prohibited by or invalid or unenforceable under applicable law, such provision shall be ineffective only to the extent of such prohibition or invalidity or unenforceability, without invalidating the remainder of such provision or the remaining provisions of this Settlement, with said remainder to remain in effect and be interpreted so as best to reasonably effect the intent of the Parties.

4.8 Headings. The headings in this Settlement have been inserted solely for convenience and ease of reference and shall not be considered in the interpretation, construction or enforcement of this Settlement.

4.9 Construction of Settlement. Each Party and/or their respective legal counsel have reviewed and revised this Settlement and have had equal opportunity for input into this Settlement. Neither Party nor their respective legal counsel, if any, shall be considered or construed to be the drafter or primary drafter of this Settlement. In the event of any dispute regarding the construction of this Settlement or any of its provisions, ambiguities or questions of interpretation shall not be construed more in favor of one Party than the other; rather questions of interpretation or construction shall be construed equally as to each Party.

4.10 Good Faith and Arm's Length. Each Party represents and certifies that she or it is voluntarily entering into this Settlement in good faith. Each Party represents that this Settlement was negotiated at arm's length and between persons/entities sophisticated and knowledgeable in matters addressed in this Settlement. Accordingly, any rule of law, statute, legal decision or common law principle that would require interpretation or construction of any ambiguities in this Settlement against the Party that has drafted it is not applicable and is waived. The provisions of this Settlement shall be interpreted in a reasonable manner to effect the purpose and intent of this Settlement.

4.11 Counterparts. The Parties agree that counterparts of this Settlement if signed and dated by the Parties shall be effective and treated as if a single, unitary document had been signed by all of the Parties. The Parties agree that electronic, photocopies or fax copies of original signatures shall be effective and binding in lieu of originals.

4.12 Authority to Execute. Each of the Parties represents and warrants to each other that the individual signing for and on behalf of it/him has complete and full authority to act on such Party's behalf and has the authority to bind all other persons or entities with any right, title or interest in that Party's claims.

4.13 Reservation of Rights. This Settlement is intended solely for the benefit of the Parties, and all rights not expressly released are reserved.

J.S. HELD LLC, SOLELY IN ITS
CAPACITY AS LIQUIDATING TRUSTEE
OF THE POWIN LIQUIDATING TRUST

By:___________________________
Sr. Managing Director

Dated: November 12, 2026

INDEPENDENT ELECTRICITY SYSTEM
OPERATOR

By: ___________________________
Estelle Palao, Legal Counsel

Dated: November 12, 2026