**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**
**SHERMAN, SILVERSTEIN,**
**KOHL, ROSE & PODOLSKY, P.A.**

Arthur J. Abramowitz
Ross J. Switkes
6000 Midlantic Drive, Suite 300 South
Mount Laurel, NJ 08054
Tel: (856) 662-0700
Email: aabramowitz@shermansilverstein.com
rswitkes@shermansilverstein.com

*Co-Counsel for the Powin Liquidating Trust*

**STEPTOE LLP**

Timothy W. Walsh (admitted *pro hac vice*)
Joseph Archambeau (admitted *pro hac vice*)
114 Avenue of the Americas
New York, NY 10036
Tel: (212) 506-3900
Email:twwalsh@steptoe.com
jarchambeau@steptoe.com

*Co-Counsel for the Powin Liquidating Trust*

| | |
|---|---|
| In re:<br><br>POWIN, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-16137 (MBK)<br><br>(Jointly Administered)<br><br>Honorable Michael B. Kaplan, U.S.B.J. |

# NOTICE OF TRUSTEE'S MOTION FOR ENTRY OF AN ORDER EXTENDING THE DEADLINE TO OBJECT TO CLAIMS

**PLEASE TAKE NOTICE** that on **December 10, 2026 at 10 a.m. (prevailing Eastern Time)** or as soon thereafter as counsel may be heard, J.S. Held LLC, as the Liquidating Trustee of the Powin Liquidating Trust (the "**Trustee**" of the "**Trust**"), successor in interest to Powin, LLC and its co-debtors (the "**Debtors**"), by and through undersigned counsel, shall move (the "**Motion**") before the Honorable Michael B. Kaplan, United States Bankruptcy Judge, in Courtroom #8 of the United States Bankruptcy Court for the District of New Jersey (the

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin Project LLC [1583]; (ii) Powin, LLC [0504]; (iii) PEOS Holdings, LLC [5476]; (iv) Powin China Holdings 1, LLC [1422]; (v) Powin China Holdings 2, LLC [9713]; (vi) Charger Holdings, LLC [15241]; (vii) Powin Energy Ontario Storage, LLC [8348]; (viii) Powin Energy Operating Holdings, LLC [2495]; (ix) Powin Energy Operating, LLC [6487]; (x) Powin Energy Storage 2, Inc. [9926]; (xi) Powin Energy Ontario Storage II LP [5787]; (xii) Powin Canada B.C. Ltd. [2239]; and (xiii) Powin EKS SellCo, LLC [9110]. The Debtors' mailing address is c/o J.S. Held LLC, 2700 N Central Ave, Ste 800 Phoenix, AZ 85004.

"**Bankruptcy Court**"), 402 East State Street, Trenton, New Jersey 08608, or such other physical or virtual location as may be determined by the Court, for entry of an order, substantially in the form submitted herewith.

**PLEASE TAKE FURTHER NOTICE** that the Motion sets forth the relevant factual bases upon which the relief requested should be granted. A Proposed Order granting the relief requested in the Motion is also submitted herewith.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the relief requested in the Motion shall: (i) be in writing, (ii) state with particularity the basis of the objection, and (iii) be filed with the Clerk of the United States Bankruptcy Court electronically by attorneys who regularly practice before the Bankruptcy Court in accordance with the General Order Regarding Electronic Means for Filing, Signing, and Verification of Documents dated March 27, 2002 (the "**General Order**") and the Commentary Supplementing Administrative Procedures dated as of March 2004 (the "**Supplemental Commentary**") (the General Order, the Supplemental Commentary and the User's Manual for the Electronic Case Filing System can be found at www.njb.uscourts.gov, the official website for the Bankruptcy Court) and, by all other parties in interest, in Portable Document Format (PDF), and shall be served in accordance with the General Order and the Supplemental Commentary, so as to be received no later than seven (7) days before the hearing date set forth above.

**PLEASE TAKE FURTHER NOTICE** that copies of all documents filed in these Chapter 11 Cases may be obtained free of charge by visiting the website of Verita Global at https://www.veritaglobal.net/powin. You may also obtain copies of any pleadings by visiting the Court's website at www.njb.uscourts.gov in accordance with the procedures and fees set forth therein.

**PLEASE TAKE FURTHER NOTICE** that unless responses are timely filed and served, the Motion shall be decided on the papers in accordance with D.N.J. LBR 9013-3(d), and the relief requested may be granted without further notice or hearing.

Dated: November 19, 2026

*/s/ Arthur J. Abramowitz*
Arthur J. Abramowitz
Ross J. Switkes
**SHERMAN, SILVERSTEIN,**
**KOHL, ROSE & PODOLSKY, P.A.**
6000 Midlantic Drive, Suite 300 South
Mount Laurel, NJ 08054
Tel: (856) 662-0700
Email: aabramowitz@shermansilverstein.com
rswitkes@shermansilverstein.com

*Co-Counsel for the Powin Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**SHERMAN, SILVERSTEIN, KOHL, ROSE & PODOLSKY, P.A.**

Arthur J. Abramowitz
Ross J. Switkes
6000 Midlantic Drive, Suite 300 South
Mount Laurel, NJ 08054
Tel: (856) 662-0700
Email: aabramowitz@shermansilverstein.com
rswitkes@shermansilverstein.com

*Co-Counsel for the Powin Liquidating Trust*

**STEPTOE LLP**

Timothy W. Walsh (admitted *pro hac vice*)
Joseph Archambeau (admitted *pro hac vice*)
114 Avenue of the Americas
New York, NY 10036
Tel: (212) 506-3900
Email:twwalsh@steptoe.com
jarchambeau@steptoe.com

*Co-Counsel for the Powin Liquidating Trust*

| | |
|---|---|
| In re:<br><br>POWIN, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-16137 (MBK)<br><br>(Jointly Administered)<br><br>Honorable Michael B. Kaplan, U.S.B.J. |

**TRUSTEE'S MOTION FOR**
**ENTRY OF AN ORDER EXTENDING THE DEADLINE TO OBJECT TO CLAIMS**

J.S. Held LLC as the Liquidating Trustee of the Powin Liquidating Trust (the "**Trustee**" of the "**Trust**"), successor in interest to Powin, LLC and its co-debtors (the "**Debtors**"), by and through undersigned counsel, hereby files this Trustee's Motion for Entry of an Order Extending the Deadline to Object to Claims (the "**Motion**"). In support of the Motion, the Trustee respectfully represents as follows:

---

[1] The Debtors in these "**Chapter 11 Cases**", along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin Project LLC [1583]; (ii) Powin, LLC [0504], (iii) PEOS Holdings, LLC [5476], (iv) Powin China Holdings 1, LLC [1422], (v) Powin China Holdings 2, LLC [9713], (vi) Charger Holdings, LLC [5241], (vii) Powin Energy Ontario Storage, LLC [8348], (viii) Powin Energy Operating Holdings, LLC [2495], and (ix) Powin Energy Operating, LLC [6487]. The Debtors' mailing address is c/o J.S. Held LLC, 2700 N Central Ave, Ste 800 Phoenix, AZ 85004.

## <u>Relief Requested</u>

1. The Trustee seeks, on behalf of the Trust and the Debtors, entry of an order, substantially in the form attached hereto as **<u>Exhibit A</u>** (the "**Proposed Order**"), extending the Claims Objection Deadline (as defined in the Plan) by a period of one hundred and eighty (180) days to and including June 7, 2027.[2]

## <u>Jurisdiction and Venue</u>

2. The United States Bankruptcy Court for the District of New Jersey (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11*, entered September 18, 2012 (Simandle, C.J.) and amended on June 6, 2025 (Bumb, C.J.). The Trustee confirms its consent, on behalf of the Trust, to the Court entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested herein are sections 502 and 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), rules 3007 and 9006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and rule 3007-1 of the Local Rules of the United States Bankruptcy Court for the District of New Jersey (the "**Local Rules**").

---

[2] One hundred and eighty (180) days after December 7, 2026, is Saturday, June 5, 2027. Consistent with Bankruptcy Rule 9006(a)(1)(C), where the last day of a period falls on a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday. The Trustee therefore requests that the Claims Objection Deadline be extended to Monday, June 7, 2027, so that the deadline does not fall on a weekend.

## Background

5. On June 9, 2025 (the "**Petition Date**"),[3] the Debtors each commenced a voluntary case for relief under chapter 11 of the Bankruptcy Code.

6. The Court issued the **Confirmation Order**[4] on December 1, 2025. The **Plan**[5] went effective on December 5, 2025 (the "**Effective Date**"). These Chapter 11 Cases were formally jointly administered under lead Case No. 25-16137 (MBK).

7. The Trustee was appointed as Trustee of the Trust by approval of the Liquidating Trust Agreement incorporated into and approved by the Confirmation Order, and, as Trustee, serves as the Debtors' sole representative with full and exclusive authority to implement the Plan, exercise trustee powers under the Bankruptcy Code, control and liquidate trust assets, prosecute and settle claims and litigation, make distributions, and act with full power of attorney on behalf of the Debtors. Confirmation Order ¶¶ 7, 12, 18; Plan §§ 13.3(f), 13.4.

8. With the assistance of Verita Global (the "**Claims and Noticing Agent**"), the Debtors served the Solicitation Materials, including the Plan, as well as the Confirmation Order and the Effective Date Notice on the various creditors and parties in interest in the Chapter 11 Cases. *See* Docket Nos. 1020, 1165, 1187.

> Pursuant to the Confirmation Order: Except as otherwise provided in the Plan, the Liquidating Trustee shall have the right to object to Claims on any basis. Subject to further extension by the

---

[3] Lead Debtor Case No. 25-16137 (MBK) for Debtor Powin Project LLC filed for voluntary relief under Chapter 11 of the Bankruptcy Code on June 9, 2025. Powin Canada B.C. Ltd., Powin Energy Ontario Storage II LP, and Powin Energy Storage 2, Inc., filed on June 22, 2025. Powin EKS SellCo, LLC filed on October 10, 2025, and the remaining Debtors filed on June 10, 2025.

[4] *Findings of Fact, Conclusions of Law, and Order (I) Approving the Disclosure Statement on a Final Basis and (II) Confirming the Joint Combined Disclosure Statement and Chapter 11 Plan of Liquidation of Powin, LLC and Affiliates Thereof and the Official Committee of Unsecured Creditors* [Docket No. 1165]

[5] *Joint Combined Disclosure Statement and Chapter 11 Plan of Liquidation of Powin, LLC and Affiliates Thereof and the Official Committee of Unsecured Creditors* [Docket No. 942] as amended, modified, or supplemented. The Plan Supplement is filed at Docket No. 1036. The Amended Plan Supplement is filed at Docket No. 1038 and the Amended Exhibits to the Amended Plan Supplement are filed at Docket No. 1055.

> Bankruptcy Court with or without notice, the Liquidating Trustee may object to the allowance of all Claims on or before the Claim Objection Deadline. From and after the Effective Date, the Liquidating Trust shall succeed to all of the rights, defenses, offsets, and counterclaims of the Debtors and the Estates in respect of all Claims, and in that capacity shall have the exclusive power to prosecute, defend, compromise, settle, and otherwise deal with all such objections.

Confirmation Order ¶ 31.

9. The original Claims Objection Deadline was June 3, 2026. Plan Article I (defining "the 'Claims Objection Deadline' means the date that is one hundred and eighty (180) days after the Effective Date, or such other date as may be fixed by the Bankruptcy Court").

10. On May 11, 2026, the Trust filed a motion seeking to extend the Claims Objection Deadline from June 3, 2026 to December 7, 2026 (the "**First Motion to Extend**") [Docket No. 1398], and on June 3, 2026, this Court entered an order granting the First Motion to Extend (the "**First Extension Order**") [Docket No. 1401].

11. As of the date hereof, 543 Proofs of Claim have been scheduled and/or filed against the Debtors. The Debtors, prior to the Effective Date, and the Liquidating Trust, following the Effective Date, together with their advisors, have commenced and are continuing the claims reconciliation process and have commenced filing objections to claims.

12. To that end, on October 13, 2026, the Trustee filed five omnibus objections to claims [Docket Nos. 1465–1469], addressing amended and superseded claims, satisfied claims, late-filed claims, insufficiently documented claims, and certain employee and vendor claims. These objections were filed in accordance with Bankruptcy Rule 3007(d), which authorizes the Trustee to object to multiple claims in an omnibus fashion based on certain enumerated grounds, and on additional grounds not set forth in Bankruptcy Rule 3007(d). The Trustee anticipates filing additional omnibus objections on the same bases.

13. Since the Effective Date of the Plan, the Trustee has been diligently attending to an

extensive list of obligations under the Plan, including, without limitation, winding down the Debtors' businesses, settling disputes, liquidating inventory, and addressing numerous motions and requests for payment.

**Basis for Relief**

14. Pursuant to section 502(a) of the Bankruptcy Code, "a claim or interest . . . is deemed allowed, unless a party in interest . . . objects." As stated above, the Confirmation Order and Plan established June 3, 2026 as the original Claims Objection Deadline, which the Court subsequently extended to December 7, 2026, pursuant to the First Extension Order. The Plan further provides that the Claims Objection Deadline may be extended by order of the Court, and the First Extension Order expressly provides that "[t]his Order shall be without prejudice to the right of the Liquidating Trustee to seek further extensions of the Claims Objection Deadline." First Extension Order ¶ 3 at 3.

15. Bankruptcy Rule 9006(b) provides that the Court may extend a time period provided under the Bankruptcy Rules or order of the Court, except for time periods provided under certain Bankruptcy Rules that are not applicable here. *See* Fed. R. Bankr. P. 9006(b).

16. In addition, section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." It is also generally recognized that "[s]ection 105(a) authorizes the bankruptcy court, or the district court sitting in bankruptcy, to fashion such orders as are required to further the substantive provisions of the Code." *See In re Morristown & E. R. Co.*, 885 F.2d 98, 100 (3d Cir. 1989) (citing Collier on Bankruptcy ¶ 105.04 at 105–15 & n.5 (15th rev. ed. 1989)).

17. The Trustee respectfully submits that cause exists to extend the Claims Objection Deadline by a period of one hundred and eighty (180) days to June 7, 2027. The Trustee has worked

diligently to address issues as they have arisen but is still in the process of liquidating the Debtors' remaining assets and settling the Debtors' affairs. As described above, the Trustee has filed omnibus objections to certain claims but anticipates filing additional objections, and the requested extension will allow the Trustee to complete the claims reconciliation process. Additionally, the Trust is working to settle certain claim disputes consensually and believes the additional time will be beneficial to allow that process to be completed without the need for court intervention.

## Notice

18. The Trustee will provide notice of this Motion to the following parties and/or their respective counsel, as applicable: (a) the Office of the U.S. Trustee; and (b) any party that has requested notice in the Chapter 11 Cases pursuant to Bankruptcy Rule 2002. The Trustee submits that, in light of the nature of the relief requested, no other or further notice need be given.

**WHEREFORE**, the Trustee respectfully requests entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: November 19, 2026

*/s/ Arthur J. Abramowitz*
Arthur J. Abramowitz
Ross J. Switkes
**SHERMAN, SILVERSTEIN,**
**KOHL, ROSE & PODOLSKY, P.A.**
6000 Midlantic Drive, Suite 300 South
Mount Laurel, NJ 08054
Tel: (856) 662-0700
Email: aabramowitz@shermansilverstein.com
rswitkes@shermansilverstein.com

*Co-Counsel for the Powin Liquidating Trust*

**<u>Exhibit A</u>**

Proposed Order

| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
|---|---|
| Caption in Compliance with D.N.J. LBR 9004-1(b)<br>**SHERMAN, SILVERSTEIN, KOHL, ROSE & PODOLSKY, P.A.**<br><br>Arthur J. Abramowitz<br>Ross J. Switkes<br>6000 Midlantic Drive, Suite 300 South<br>Mount Laurel, NJ 08054<br>Tel: (856) 662-0700<br>Email: aabramowitz@shermansilverstein.com<br>rswitkes@shermansilverstein.com<br><br>*Co-Counsel for the Powin Liquidating Trust* | **STEPTOE LLP**<br><br>Timothy W. Walsh (admitted *pro hac vice*)<br>Joseph Archambeau (admitted *pro hac vice*)<br>114 Avenue of the Americas<br>New York, NY 10036<br>Tel: (212) 506-3900<br>Email:twwalsh@steptoe.com<br>jarchambeau@steptoe.com<br><br>*Co-Counsel for the Powin Liquidating Trust* |
| In re:<br><br>POWIN, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-16137 (MBK)<br><br>(Jointly Administered)<br><br>Honorable Michael B. Kaplan, U.S.B.J. |

**ORDER EXTENDING THE DEADLINE TO OBJECT TO CLAIMS**

The relief set forth on the following pages, numbered two (2) through three (3), is **ORDERED**.

[1] The Debtors in these "**Chapter 11 Cases**", along with the last four digits of each Debtor's federal tax identification number, are: (i) Powin Project LLC [1583]; (ii) Powin, LLC [0504], (iii) PEOS Holdings, LLC [5476], (iv) Powin China Holdings 1, LLC [1422], (v) Powin China Holdings 2, LLC [9713], (vi) Charger Holdings, LLC [5241], (vii) Powin Energy Ontario Storage, LLC [8348], (viii) Powin Energy Operating Holdings, LLC [2495], and (ix) Powin Energy Operating, LLC [6487]. The Debtors' mailing address is c/o J.S. Held LLC, 2700 N Central Ave, Ste 800 Phoenix, AZ 85004.

Upon the *Trustee's Motion for Entry of an Order Extending the Deadline to Object to Claims* (the "Motion"),[2] pursuant to the Plan, sections 502 and 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), rules 3007 and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 3007-1 of the Local Rules of the United States Bankruptcy Court for the District of New Jersey (the "Local Rules"), extending the Claims Objection Deadline; and the Court having previously entered an order on June 3, 2026 [Docket No. 1401] (the "First Extension Order") extending the Claims Objection Deadline from June 3, 2026 to December 7, 2026; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11*, entered September 18, 2012 (Simandle, C.J.) and amended on June 6, 2025 (Bumb, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that sufficient cause exists for the relief set forth herein; and this Court having found that the Trustee's notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"), if any; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, **IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

---

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

2. The Claims Objection Deadline, as set forth in Article IX.E. of the Plan and as previously extended by the First Extension Order from June 3, 2026 to December 7, 2026, is further extended by a period of one hundred and eighty (180) days to and including June 7, 2027.

3. This Order shall be without prejudice to the right of the Liquidating Trustee to seek further extensions of the Claims Objection Deadline.

4. The Trustee is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

5. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.